IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | | |
|---|---|---|
| IN RE: | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **CASE MANAGEMENT** |
| THIS ORDER RELATES TO: | ) | **ORDER NO. 2** |
| ALL CASES | ) | |

The undersigned Judges ("Court"), having appointed Plaintiffs' Lead and Co-Lead Counsel (together, "Plaintiffs' Leadership") to fairly, effectively, and efficiently represent the interests of all Plaintiffs and to work collaboratively with counsel for the Defendant United States, enters this Order in the interest of the just, speedy, and inexpensive determination of issues in this litigation.

**I.     Preamble**

The Court expresses its expectation that professionalism, courtesy, and civility will continue throughout these proceedings. Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The numerous actions filed under the Camp Lejeune Justice Act ("CLJA") "involve common question[s] of law or fact." Fed. R. Civ. P. 42(a). This Court accordingly has authority to consolidate these actions in whole or in part and/or to adopt "other [case management] orders to avoid unnecessary cost or delay." *Id.* In adopting these orders, the Court finds it appropriate to draw by analogy on the procedures recommended for multi-district litigation by the Manual for Complex Litigation Fourth (hereinafter "MCL 4th").

1

**II.     Rights and Privileges Preserved**

The MCL 4th states that "[j]udicial involvement in complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, complex litigation places greater demands on counsel in their dual roles as advocates and officers of the court. The complexity of legal and factual issues makes judges especially dependent on the assistance of counsel." MCL 4th, supra, § 10.21. The Court therefore notes that cooperation by and among Plaintiffs' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege and/or the attorney work product doctrine, if the privilege or doctrine is otherwise applicable, and all of said persons shall maintain the confidentiality of said communications. This provision does not limit the rights of any Party or counsel to assert the attorney-client privilege or attorney work product doctrine. Nor does this provision expand or create a protection or privilege that the Party does not otherwise already enjoy.

**III.    Applicability of Order**

The provisions of this Order shall govern the practice and procedure in the individual actions filed in this Court under the CLJA.

**IV.    Pretrial Coordination**

The civil actions governed by this Order, whether previously filed or to be filed in the future, shall be consolidated under Federal Rule of Civil Procedure 42(a) for purposes of determining common questions of fact and law to actions under the CLJA. The adjudication of common questions of law or fact shall not operate to deny any Party the opportunity to raise non-repetitive issues that uniquely affect individual cases.

### A. Master Docket and File

The Clerk will continue to maintain a master docket case file under the style "In re Camp Lejeune Water Litigation" and the identification "No. 7:23-CV-897." Only Plaintiffs' Leadership and United States shall be permitted to file in the master docket. All orders, pleadings, motions, notices, and other documents will, when filed and docketed in the master docket case file, be deemed filed and docketed in each individual case that is on file to the extent applicable.

### B. Individual Dockets

Each individual Plaintiff case shall maintain its own individual docket and remain assigned to a single Judge of this District. Each Judge assigned to cases on an individual docket shall retain the inherent authority to manage such cases, subject to determinations made on the master docket.

### C. Captions and Separate Filings

Orders, pleadings, motions, notices, and other documents filed in the master docket will bear a caption similar to that of this Order. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master file. Documents that are intended to apply only to a particular case or group of cases (for example, cases set for trial) but that are nonetheless appropriately filed on the master docket (see Part VII, *infra*) will indicate in the caption the case number(s) of the case(s) to which they apply by the words "This document relates to: [individual case(s), group of cases, as identified by this Court's case number(s)]." Documents of this nature should be filed both in the master case file and the specified individual case files.

### D. Stay

All cases on individual dockets asserting any CLJA claim shall be stayed pending selection of Plaintiffs for discovery and trial and further orders of this Court, except as provided otherwise

in this Order. Counsel for the Defendant need not file Notices of Appearance or responsive pleadings in stayed individual cases, subject to further Order of the Court.

V.      **Regular Status Conferences**

The Court will hold regular status conferences. The first conference shall be held on a date amenable to the Court. In addition, each undersigned Judge may also hold additional status conferences as needed for individual cases.

Lead Counsel, the Government Liaison, Co-Lead Counsel, Liaison Counsel, and/or their designees, and counsel for the Defendant will be designated to argue motions and actively participate in status conferences and will appear in person. Plaintiffs' Lead Counsel, Co-Lead Counsel, and Liaison Counsel may attend any status conference, hearing, or other proceeding in this matter even if not designated to argue a particular motion or issue.

Except for the first conference, Lead Counsel, the Government Liaison, and/or their designees must meet and confer with counsel for Defendant before each status conference. They must then submit a joint status report five (5) business days before the conference. This joint status report should be filed via ECF and may include any items or issues that may be the subject of pretrial conferences under Fed. R. Civ. P. 16(c)(2), and should include (i) an update on the number of cases filed in the District; (ii) a status on the stipulations entered into between the Parties since the last status conference; (iii) a summary of the discovery conducted since the last status conference; and (iv) any other issues that the Parties wish to raise to the Court. If the Parties have differing views on issues raised to the Court, their respective positions on each issue should be set forth in the report.

**VI.     Master and Short Form Complaints and Defendant's Answer**

The Court orders Plaintiffs' Leadership to file a Master Complaint no later than seven (7) days after the date of this Order. The Master Complaint will contain allegations that would be suitable for adoption by reference in individual cases. All individual Plaintiffs shall use the Short Form Complaint to commence their actions, which will allow the Parties to assess which portions of the Master Complaint apply in each individual action. Individual plaintiff-specific information to be included in the Short Form Complaint is attached to this Order, which has been negotiated between Plaintiffs' Lead Counsel and counsel for the Defendant to assist in assessing the Discovery Plaintiff pool (see Part XII.A, *infra*). Any Plaintiff who filed a Complaint in this Court prior to the filing of the Master Complaint shall file a Short Form Complaint in the Plaintiff's individual docket within forty-five (45) days of this Order.

The Short Form Complaint may be filed without a JS 44 civil cover sheet and without the disclosure form ordinarily required by Local Rule 7.3(a). By filing a Short Form Complaint, plaintiffs' counsel is deemed to have appeared and submitted to the jurisdiction of this Court. For purposes of efficiency, Plaintiffs' counsel are required to file a Notice of Appearance or Notice of Special Appearance only in counsel's first filing. Similarly, Plaintiffs' counsel not admitted to practice before this Court are required to file the *pro hac vice* motion attached to the Court's April 24th order only once. These lawyers will be deemed admitted *pro hac vice* in all subsequent CLJA cases provided they follow ordinary procedures to pay the Camp Lejeune Justice Act Pro Hac Vice Fee in each case.

Notwithstanding any Local Rule to the contrary, all Short Form Complaints are to be filed in the Southern Division of this District.

5

The Defendant shall file a Responsive Pleading to the Master Complaint within forty-five (45) days of the filing of the Master Complaint. Defendant shall not be obligated to answer the allegations in the Short Form Complaints. In any individual case filed by a Discovery Plaintiff in which Defendant intends to assert an affirmative defense that is not already identified in its Responsive Pleading to the Master Complaint, Defendant will provide notice of such affirmative defense to Plaintiffs' Leadership in a timely manner so as not to prejudice the Plaintiff.

## VII. Motions Practice

All motions that are currently pending, except those seeking preservation of evidence under Federal Rule of Civil Procedure 27, in any actions asserting CLJA claims are DENIED WITHOUT PREJUDICE and with leave to refile in accordance with the procedures of this Order. Motions raising global issues in the litigation may be filed by Plaintiffs' Leadership or counsel for the Defendant in the Master Docket after counsel have met and conferred regarding the motion.

No motions will be filed or discovery or other action or work in this litigation undertaken by or on behalf of any individual Plaintiff, including pro se plaintiffs, except with permission from Plaintiffs' Leadership or leave of Court for good cause shown. Provided leave of Court or permission is obtained, non-repetitive positions that uniquely affect an individual Plaintiff shall not be filed in the master docket but shall instead be filed in the Plaintiff's individual case.

## VIII. Pretrial Orders

Plaintiffs' Leadership and counsel for the Defendant will provide to the Court proposed pretrial orders for the following issues, within fifteen (15) days of the Court's Order: (1) a Preservation Deposition Order; (2) a Deposition Protocol Order; (3) a Protective Order for Protection of Privileged Information; and (4) a Protective Order for Protection of Confidential Information. Within thirty (30) days of the Court's Order, Plaintiffs' Leadership and counsel for

the Defendant will provide to the Court a proposed pretrial Electronic Discovery Order. If the Parties cannot reach agreement on any of the orders, competing orders must be submitted along with supporting memoranda of no more than ten (10) double-spaced pages.

## IX.     Stipulations

The Court believes that stipulations regarding certain issues will streamline the discovery process and the overall efficiency of this case, including but not limited to stipulations regarding the findings of scientific and environmental studies and the authenticity of government and medical records. To this end, the Court orders the Lead Counsel, the Government Liaison, and/or their designees to meet and confer with counsel for the Defendant at least on a monthly basis regarding stipulations and to report to the Court regarding the progress on stipulations at each status conference.

## X. Self-Authentication and Admissibility of Certain Records

All government records, documents, data and studies (including, but not limited to, those within the custody and control of Defendant or any government agencies, hospitals, departments or other similar entity) are self-authenticating and admissible subject to relevance and/or Federal Rule of Evidence 403 grounds, absent a specific dispute as to authenticity or admissibility and including a notice of such dispute prior to the close of fact discovery.

Any medical records from an individual Plaintiff's private health care providers are self-authenticating and admissible, subject to relevance and/or Federal Rule of Evidence 403 grounds, absent a specific dispute as to authenticity or admissibility and including a notice of such dispute prior to the close of fact discovery.

## XI. Discovery and Trial Plan

**PLAINTIFFS' PROPOSAL**

The Court recognizes the significant burden created by the number of cases already filed and expected to be filed and the costs that Plaintiffs' Leadership must advance to be able to fulfill its responsibilities. The Court also recognizes that there are matters of fact that may be common to all claimants, and that Plaintiffs' Leadership is permitted to engage in general discovery upon entry of this Order.

The Court expects the Parties to conduct discovery in an efficient manner in order to begin trying cases promptly. The Court further believes that staging discovery and trials by "tracks" of diseases is the most efficient way to advance the litigation and support a global resolution of CLJA claims. The Court believes that holding multi-plaintiff trials, grouped by disease (or combinations of diseases) is appropriate under the Federal Rules of Civil Procedure and promotes efficient resolution of these matters.

    A. **Procedures for Track 1 Trials**

        i. Trial preparation should begin promptly regarding a selected Discovery Pool, which shall be composed of cases in which the Plaintiffs allege that they contracted 1) bladder cancer, 2) kidney cancer, 3) leukemia, 4) Parkinson's disease, or 5) non-Hodgkin's lymphoma as a result of exposure to contaminated water at Camp Lejeune. The selection of these cases does not reflect any assessment of the merits of these or other claims but, rather, is intended to focus on injuries for which early trials may help promote early resolution for common injuries.

ii. <u>Discovery Pool Eligibility</u>:

    a. To be eligible for selection in the Discovery Pool a Plaintiff: 1) must have filed his/her Short Form complaint within thirty (30) days of the filing of the Master Complaint; and 2) not opted out of the Discovery Pool as set out below.

    b. Plaintiffs' Leadership is responsible for overseeing and directing the discovery and trials of plaintiffs who are selected for early discovery and trial pursuant to this Order. If any Plaintiff chooses not to proceed in a manner consistent with the above, such individual can remove themselves from consideration of selection into the Discovery Pool by notifying Plaintiffs' Leadership and counsel for the United States within forty-five (45) days of the filing of the Master Complaint.

iii. <u>Selection of "Track 1 Discovery Plaintiffs"</u>

    a. Within sixty (60) days of the filing of the Master Complaint, for each illness listed in subsection XII.A.i, Plaintiffs' Leadership and the Defendant will each select 10 Plaintiffs to be included in the Discovery Pool. If less than 20 Plaintiffs for an individual disease are eligible for selection, all Plaintiffs alleging that disease shall be selected.

    b. The selected Plaintiffs out of the Discovery Pool shall be designated as "Track 1 Discovery Plaintiffs."

iv. <u>Track 1 Discovery</u>

    a. Fact discovery in every Track 1 Discovery Plaintiff's case will begin immediately upon selection of the Track 1 Discovery Plaintiffs.

    b. Within thirty (30) days of the filing of the Master Complaint, the Parties shall submit to the Court an agreed upon plan or competing proposals for a Discovery Pool Profile Form, which shall streamline written discovery regarding the Track 1 Discovery Plaintiffs.

    c. Each Track 1 Discovery Plaintiff shall complete the Discovery Pool Profile Form within forty-five (45) days of it being finalized or their selection as a Track 1 Discovery Plaintiff, whichever is later.

    d. Absent a showing of good cause or agreement of the Parties, Defendant shall be allowed to take no more than three (3) fact depositions (in addition to treating physicians) for any individual case.

    e. Plaintiffs and Defendants shall disclose their expert witnesses within forty-five (45) days of the selection of Track 1 Discovery Plaintiffs. At the time of disclosure, the Parties shall provide two dates on which the expert is available for deposition.

    f. Within fifteen (15) days of the Parties' disclosure of experts, Plaintiffs shall name any rebuttal experts.

    g. The Parties may take the deposition of any individual disclosed as an expert witness under Fed. R. Civ. P. 26(a)(2)(B) & (C).

    h. Absent agreement of the Parties or a subsequent Order of this Court, depositions shall be conducted pursuant to the Federal Rules of Civil

Procedure. The deposition of a witness may be used for any purpose appropriate under the Federal Rules of Civil Procedure and Federal Rules of Evidence for any Discovery Plaintiff's case. Expert discovery will close sixty (60) days before trial.

    i. Fact discovery shall end thirty (30) days prior to trial. Any trial depositions may be taken, absent good cause, within ten (10) days prior to trial.

v. <u>Motion Practice Specific to Track 1</u>

    a. At the appropriate time, the Court and the Parties shall discuss the pretrial schedule for submission of dispositive motions and for any other pretrial motions or other matters regarding Track 1 Discovery Plaintiffs.

vi. <u>Track 1 Trials</u>

    a. The Parties should be prepared to commence trials for some of the above diseases beginning in the first quarter of 2024. To accomplish this, the Track 1 discovery dates for certain Plaintiffs selected for early trials may be shortened.

    b. Within thirty (30) days after the deadline to complete Discovery Pool Profile Forms, the parties shall submit to the Court an agreed upon plan, or competing proposals for, the specific trial procedures for conducting multi-plaintiff trials for the Track 1 Discovery Plaintiffs, or a subset of those Plaintiffs.

    c. Notwithstanding the above, each member of this Court will be responsible for scheduling procedures for the trials in cases assigned to

them, and any decisions regarding trial procedures, selection, structure, timing, or any other issue(s) that are different from or contrary to the provisions of this Order shall supersede this Order.

B. **Procedures for non-Track 1 Diseases**

    i. To promote efficient litigation of the many additional cases that do not involve Track 1 injuries, the Parties should be prepared to advance additional trial tracks promptly after the selection of the Track 1 Discovery Pool. These additional Tracks shall follow similar procedures to those governing Track 1. Within sixty (60) days from the entry of this Order, the Lead Counsel, Government Liaison, counsel for the Defendant and/or their designees shall submit to the Court an agreed upon group, or competing groups, of five (5) additional diseases for the purposes of Track 2. This proposal may also suggest any potential revisions to the procedures governing Track 1.

    ii. Within thirty (30) days after proposing Track 2 conditions, the Lead Counsel, Government Liaison, counsel for the Defendant and/or their designees shall submit to the Court an agreed upon group or competing groups of five (5) additional diseases for the purposes of Track 3. This proposal may also suggest any potential revisions to the procedures governing Track 1 and 2.

12

Case 7:23-cv-00897-RJ   Document 17-1   Filed 08/28/23   Page 12 of 18

**UNITED STATES' PROPOSAL**

The Court recognizes the significant burden created by the number of cases already filed and expected to be filed and the costs that Leadership must advance to be able to fulfill its responsibilities. The Court also expects the Parties to conduct discovery in an efficient manner. The Court further believes that staging discovery and trials by "tracks" of diseases is the most efficient way to advance the litigation and support a global resolution of CLJA claims.

A. **Procedures for Track 1 Diseases**

    i. Discovery regarding Initial Discovery Pool Plaintiffs will commence upon entry of this Order in cases in which the Plaintiffs allege that they contracted 1) kidney cancer, 2) leukemia, or 3) Parkinson's disease as a result of exposure to contaminated water at Camp Lejeune.

    ii. <u>Discovery Pool Eligibility</u>: To be eligible for selection in the Discovery Pool a Plaintiff: must have filed his/her Short Form complaint within thirty (30) days of the filing of the Master Complaint.

    iii. Plaintiffs' Leadership is responsible for overseeing and directing the discovery and trials of plaintiffs who are selected pursuant to this Order.

    iv. <u>Selection of "Track 1 Discovery Plaintiffs"</u>:
For each of the Track 1 diseases, Plaintiffs Leadership and the Defendant will each select 5 Plaintiffs out of the Discovery Pool. Ten (10) additional Plaintiffs represented by counsel shall be selected randomly by the Court. Within seven (7) days of the Court's random selection, the Parties will submit a joint status report identifying the selected Plaintiffs out of the Discovery Pool.

The selected Plaintiffs out of the Discovery Pool shall be designated as "Track 1 Discovery Plaintiffs" in a "Track 1 Order" to be issued by the Court.

v. <u>Rules Governing Discovery and Pretrial for Discovery Pool Plaintiffs</u>

    a.    Fact discovery in every Track 1 Discovery Plaintiff's case may begin immediately upon entry of the Track 1 Order.

    b.    Absent a showing of good cause or agreement of the Parties, Defendant shall be allowed to take no more than three (3) fact depositions for any individual case (with the exception of treating physicians). Absent a showing of good cause or agreement of the Parties, Plaintiffs shall be allowed to collectively take no more than 20 depositions of a current or former government employees and no more than 10 depositions of any other fact witness. Absent a showing of good cause or agreement of the Parties, Plaintiffs will be unable to depose a current or former government employee more than one time.

    c.    The parties will complete fact discovery within 120 days of the Track 1 Order. Within 45 days of completion of the fact discovery, Plaintiffs shall disclose their expert witnesses under Fed. R. Civ. P. 26(a)(2)(B) & (C)). Within 45 days of the Plaintiffs' disclosures of their expert witnesses the Defendant shall disclose its expert witnesses under Fed. R. Civ. P. 26(a)(2)(B) &

(C)). Within 90 days of the Defendants' disclosure of its expert witnesses, expert discovery will close.

    d.    Absent agreement of the Parties or a subsequent Order of this Court, depositions shall be conducted pursuant to the Federal Rules of Civil Procedure. The deposition of a witness may be used for any purpose appropriate under the Federal Rules of Civil Procedure and Federal Rules of Evidence for any Discovery Plaintiff's case.

    f.    At the appropriate time, the Court and the Parties shall discuss the pretrial schedule for submission of dispositive motions and for any other pretrial motions or other matters.

    e.    At the appropriate time, the Court and the Parties shall discuss the selection of a certain Track 1 Discovery Plaintiff or Plaintiffs for a Bellwether Trial or Trials.

**B.**     **Procedures for Track 2 Diseases**

    i.    Track 2 Discovery Disease Plaintiffs will consist of plaintiffs claiming (1) prostate cancer or (2) breast cancer as a result of exposure to contaminated water at Camp Lejeune.

    ii.    Within 90 days of the date of this Order, Plaintiffs shall disclose an expert opinion or opinions demonstrating that chemicals in the Camp Lejeune water are capable of causing the disease as a matter of general causation. The Plaintiffs shall supply a disclosure for their experts meeting the requirements of Fed. R. Civ. P. 26(a)(2)(B).

iii. Within 45 days of the Plaintiffs' disclosure, the Defendant shall disclose its expert opinions on the general causation issue.

iv. At the appropriate time the Court and the Parties shall discuss the schedule for submission of dispositive motions or trial on the general causation issue.

v. If general causation is established, the parties and the Court will select Track 2 Discovery Plaintiffs for a Track 2 Discovery and Trial Schedule.

C. **Procedures for Track 3 Diseases**

i. Track 3 Discovery Disease Plaintiffs will consist of plaintiffs claiming diseases that appear in fewer than 15 filed cases based on the Short Form Complaints that are filed forty-five days after the filing of a Master Complaint. The Court shall randomly select twenty of these cases.

ii. Within 90 days of the date of this Order, Plaintiffs in Discovery Track 3 must disclose an expert opinion under oath that the claimant's disease was caused by exposure to chemicals in the water at Camp Lejeune. The Plaintiffs shall supply a disclosure for these experts meeting the requirements of Fed. R. Civ. P. 26(a)(2)(B).

iii. Within 30 days after the disclosure of expert opinions for Discovery Track 3 Plaintiffs, the parties will propose a discovery and motions schedule for these Plaintiffs.

D. **Additional Discovery Tracks**

At the appropriate time, the Court and the Parties shall discuss the establishment of additional discovery tracks for Plaintiffs not covered by Track 1, Track 2 or Track 3.

**XII. Ongoing Procedures for Global Resolution**

Discussions regarding a global resolution are imperative and, therefore, the Parties shall meet and confer regarding a process for global resolution and report status of those discussions to the Court within thirty (30) days from the entry of this or the date on which the first Joint Status Report is due, whichever is earlier.

**XIII. Other Matters**

**A. Common Benefit**

The Administrative and Common Benefit Committee shall submit a proposed protocol within thirty (30) days of this Order, which will establish further rules and procedures beyond those contained in the Court's Order appointing Plaintiffs' Leadership, dated July 19, 2023, ECF No. 10, that govern eligibility, record-keeping, submission, and reimbursement of costs and fees incurred for the common benefit of all Plaintiffs.

**B. Litigation-Management Database**

Plaintiffs' Leadership and counsel for Defendant shall meet and confer on and propose to the Court a litigation-management database within sixty (60) days from the entry of this Order.

**C. Amendment of this Order**

The Parties will meet and confer to recommend adjustments to this Case Management Order provision should the Plaintiffs' Leadership Group or the Defendant determine that it has caused prejudice to either party.

SO ORDERED this _____ day of _____, 2023.

_____
RICHARD E. MYERS II
Chief United States District Judge

_____
TERRENCE W. BOYLE
United States District Judge

_____
LOUISE W. FLANAGAN
United States District Judge

_____
JAMES C. DEVER III
United States District Judge