# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | **UNITED STATES' STATEMENT IN** |
| CAMP LEJEUNE WATER LITIGATION ) | **SUPPORT OF THE UNITED STATES'** |
| ) | **PROPOSED SECTION XI OF PROPOSED** |
| This Document Relates To: ) | **CASE MANAGEMENT ORDER,** |
| ALL CASES ) | **"DISCOVERY AND TRIAL PLAN"** |
| ) | |

The United States and Plaintiffs made substantial progress on many preliminary case management issues, including the procedures for master and short form complaints and a short time frame for negotiating and submitting general litigation orders to the Court for its approval. However, despite our efforts, which included numerous meet and confers, counsel were unable to reach agreement on the discovery and trial plan. As a result, Section XI of the proposed order includes competing discovery and trial plan positions of the Plaintiffs and the United States.

The United States' respectfully requests that the Court adopt its discovery and trial plan. The United States' positions are supported by the Manual for Complex Litigation (Fourth ed.) ("MCL"), and Duke Law School Guidelines and Best Practices for Large and Mass-Tort Multi-District Litigations. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass Tort MDLs* (2d ed. Sept. 2018) ("*Duke Best Practices*"), as reflected in the principles below:

**The discovery pool should be partly random:** Some element of randomness in selection of Discovery Plaintiffs is likely to assist the Court in selecting representative plaintiffs that can facilitate global resolution. *See* MCL § 22.315, at 360; *Duke Best Practices*, at 20, 26. *See also* April 5, 2023 Hearing Tr. at 20.

**Plaintiffs should not be permitted to "opt-out" of the discovery pool:** The administrative claims process makes this litigation different from other mass tort litigation. The current plaintiffs may not be representative of all claimants because they represent only the small fraction of claimants who deemed their administrative claims denied and elected to litigate in federal court. CLJA § 804(h); 28 U.S.C. § 2675. Allowing this smaller subset of plaintiffs to "opt-out" of the Discovery Pool after "opting-in" to the litigation will make it very unlikely that the Pool will be comprised of a representative group of plaintiffs that can facilitate global resolution.

**Plaintiffs with non-ATSDR diseases should be included in the discovery pool:** The United States proposes excluding bladder cancer and non-Hodgkin's lymphoma from Track 1 and including prostate cancer and breast cancer as Track 2. The United States agrees with Plaintiffs' Leadership that it is appropriate and manageable to begin discovery with a limited number of diseases. The United States disagrees, however, that the diseases should be limited to those ATSDR has found "sufficient" or "equipoise and above" evidence of causation. Of the diseases in those categories the United States chose one solid cancer (kidney cancer), one blood cancer (leukemia), and one non-cancer (Parkinson's). The two other diseases, prostate cancer and breast cancer, reflect two of the most prominent diseases in the filed cases. Finally, the United States proposes a random selection of twenty cases of individuals who allege diseases that do not appear in a large number of cases. The United States believes spreading the selected claims across the different general categories will provide the court the most comprehensive look at the entire pool of claimants.

**Track 2 discovery should be phased:** Phasing discovery to determine general causation first for cases claiming diseases where no government agency has found evidence of a causal

2

link to the Camp Lejeune water can lead to efficient discovery focused on those cases where recovery is possible.  *See* MCL §11.422, at 54; *Duke Best Practices*, at 5, 7.  *See also* April 5, 2023 Hearing Tr. at 17.

**Additional time is required to adequately prepare cases for trial:** Cases involving complex scientific questions require a discovery schedule with adequate time to prepare expert disclosures that are appropriate under Fed. R. Civ. P. 26 (a)(2)(B).  MCL §23.33, at 499.  The United States has nevertheless proposed an aggressive schedule to allow for this given the number of plaintiffs.  The United States' Track 1 discovery schedule permits a mere 10 months of discovery after the Track 1 Discovery Order, meaning that, contrary to plaintiffs' assertion, trials could be scheduled in 2024.  Plaintiffs' proposed schedule, by contrast, will not provide the Parties adequate time to develop relevant expert testimony essential to resolution of these claims.

**Consolidating cases for trials is premature**: A determination of whether and in what circumstances multiple-plaintiff trials might be appropriate should only be made after the parties have engaged in discovery, and the selection of plaintiffs for trial should focus on which trials can provide useful information for global resolution.  Multiple-plaintiff trials may or may not be appropriate for that purpose.  See MCL § 11.631, at 121-22; Duke Best Practices, at 25.

Given the foregoing issues that remain in dispute, the United States believes that a hearing may be beneficial in finalizing the discovery and trial plan for the joint Case Management Order.

> DATED this 28th day of August, 2023.
>
> Respectfully submitted,
>
> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney General
> Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section


*/s/ Adam Bain*
ADAM BAIN
Senior Trial Counsel, Torts Branch
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209
Fax: (202) 616-4473

LACRESHA A. JOHNSON
HAROON ANWAR
NATHAN J. BU
DANIEL C. EAGLES
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for the Defendants*
*United States of America*

4