IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

IN RE: )
) **CASE MANAGEMENT**
CAMP LEJEUNE WATER LITIGATION ) **ORDER NO. 2**
)

Pursuant to this Court's inherent powers and Federal Rules of Civil Procedure 1, 16(c)(2)(L), and 42(a)(3), the Court appointed Plaintiffs' Lead Counsel and Co-Lead Counsel (collectively, "Plaintiffs' Leadership") to fairly, effectively, and efficiently represent the interests of all Plaintiffs and to work collaboratively with counsel for Defendant, the United States. See [D.E. 10]. The Court enters this Order pursuant to the same inherent powers and Rules.

**I. Preamble**

The Court expects professionalism, courtesy, and civility throughout this litigation. Federal courts possess certain "inherent powers," not conferred by statute or rule, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962). Rule 1 provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 16(c)(2)(L) authorizes the Court to "adopt[] special proceedings for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Fed. R. Civ. P. 16(c)(2)(L). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R.

Civ. P. 42(a). The numerous Camp Lejeune Justice Act ("CLJA") actions filed in this Court "involve common question[s] of law or fact." Id. Accordingly, this Court has authority to adopt "other [case management] orders to avoid unnecessary cost or delay." Id. In adopting the procedures in this Order, the Court draws by analogy, in part, on the procedures recommended for multidistrict litigation in the <u>Manual for Complex Litigation Fourth</u> (hereinafter "MCL 4th").

**II. Applicability of Order**

This Order shall govern the practice and procedure in the individual CLJA actions filed in this Court.

**III. Rights and Privileges Preserved**

"Judicial involvement in complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, complex litigation places greater demands on counsel in their dual roles as advocates and officers of the court. The complexity of legal and factual issues makes judges especially dependent on the assistance of counsel." MCL 4th, supra, § 10.21.

Cooperation by and among Plaintiffs' counsel is essential for expeditiously resolving this litigation. The communication of information among Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product doctrine, if the privilege or doctrine otherwise applies. This Order does not limit the rights of any Party or counsel to assert the attorney-client privilege or attorney work product doctrine. This Order also does not expand or create a protection or privilege that a Party does not otherwise already possess.

**IV. Pretrial Coordination**

Under Federal Rule of Civil Procedure 42(a), the Court may determine common questions of fact and law for CLJA actions filed in this Court, whether filed before today or after today. Determining common questions of fact or law shall not operate to deny any Party the opportunity

2

to raise nonrepetitive issues that uniquely affect each Party in individual CLJA actions.

A. Master Docket and File

The Clerk will continue to maintain a Master Docket case file under the style "In re Camp Lejeune Water Litigation" and the identification "No. 7:23-CV-897." Only Plaintiffs' Leadership and the United States are permitted to file in the Master Docket. All orders, pleadings, motions, notices, and other documents will, when filed and docketed in the Master Docket case file, be deemed filed and docketed in each individual CLJA action that is on file when applicable.

B. Individual Dockets

Each individual Plaintiff's action shall maintain its own individual docket and remain assigned to a single Judge of this District. Each Judge assigned to actions on an individual docket shall retain the inherent power to manage such actions, subject to determinations made on the Master Docket.

C. Captions and Separate Filings

Orders, pleadings, motions, notices, and other documents filed in the Master Docket case file will bear a caption similar to that of this Order. If generally applicable to all actions, the document shall be filed and docketed only in the Master Docket case file, with notation in the caption the document relates to "ALL CASES." Documents that are intended to apply only to a particular action or group of actions (for example, actions set for trial) but that are nonetheless appropriately filed on the Master Docket (see Part VII, infra) will indicate in the caption the case number(s) of the case(s) to which they apply by the words "This document relates to: [individual case(s), group of cases, as identified by this Court's case number(s)]." A Party should file documents of this nature both in the Master Docket case file and the specified individual case files.

3

D. Stay

Except as provided otherwise in this Order, all CLJA actions on individual dockets are stayed pending selection of Plaintiffs for discovery and trial and further orders of this Court. See Link, 370 U.S. at 630–31; Landis v. N. Am. Co., 299 U.S. 248, 254–56 (1936). Counsel for Defendant need not file Notices of Appearance or responsive pleadings in stayed individual CLJA actions, subject to further Order of the Court.

**V. Regular Status Conferences**

The Court will hold regular status conferences. The first status conference shall be held on a date amenable to the Court. In addition, each undersigned Judge also may hold additional status conferences as needed for individual CLJA actions.

Lead Counsel, the Government Liaison, Co-Lead Counsel, Liaison Counsel, or their designees, and counsel for Defendant will be designated and appear in person both to argue motions and actively participate in status conferences. Plaintiffs' Lead Counsel, the Government Liaison, Co-Lead Counsel, and Liaison Counsel may attend any status conference, hearing, or other proceeding in this litigation, even if not designated to argue a particular motion or issue.

Except for the first status conference, Lead Counsel, the Government Liaison, or their designees must meet and confer with counsel for Defendant before each status conference. They must then submit a joint status report five business days before the status conference. This joint status report shall be filed via ECF. It may include any items or issues that may be the subject of pretrial conferences under Fed. R. Civ. P. 16(c)(2) and should include: (i) an update on the number of CLJA actions filed in the District; (ii) an update on the stipulations entered into between the Parties since the last status conference; (iii) a summary of the discovery conducted since the last status conference; and (iv) any other issues that the Parties wish to raise with the Court. If the Parties

4

have differing views on issues raised with the Court, each Party should state their respective positions on each issue in the report.

**VI. Master and Short Form Complaints and Defendant's Answer**

The Court orders Plaintiffs' Leadership to file a Master Complaint no later than ten days after the date of this Order. The Master Complaint will contain allegations that are suitable for adoption by reference in individual CLJA actions. All individual Plaintiffs who wish to pursue their CLJA action in accordance with this Order (including the Discovery and Trial Plan in section XI of this Order) shall use the Short Form Complaint to pursue their CLJA actions. This process will allow the Parties to assess which portions of the Master Complaint apply in each individual CLJA action. Individual Plaintiff-specific information to be included in the Short Form Complaint is attached to this Order, which has been negotiated between Plaintiffs' Lead Counsel and counsel for Defendant to assist in assessing the Discovery Plaintiff pool (see Part XI.A, infra). Any Plaintiff who filed a Complaint in this Court before the filing of the Master Complaint and who wishes to pursue their CLJA action in accordance with this Order (including the Discovery and Trial Plan in section XI of this Order) shall file a Short Form Complaint in the Plaintiff's individual docket within 45 days of this Order. The stay referenced in section IV.D of this Order shall remain operative for any Plaintiff who decides not to file a Short Form Complaint.

A Plaintiff may file the Short Form Complaint without a JS 44 civil cover sheet and without the disclosure form ordinarily required by Local Civil Rule 7.3(a). By filing a Short Form Complaint, Plaintiff's counsel is deemed to have appeared and submitted to the jurisdiction of this Court. For efficiency, Plaintiff's counsel are required to file a Notice of Appearance or Notice of Special Appearance only in counsel's first filing. Similarly, Plaintiff's counsel not admitted to practice before this Court are required to file the pro hac vice motion attached to the Court's April

24, 2023 order only once. These lawyers will be deemed admitted pro hac vice in all subsequent CLJA actions provided they follow ordinary procedures to pay the CLJA pro hac vice fee in each action.

Notwithstanding any Local Civil Rule to the contrary, all Short Form Complaints shall be filed in the Southern Division of this District.

Defendant shall file a Responsive Pleading to the Master Complaint within 45 days of the filing of the Master Complaint. Defendant is not obligated to answer the allegations in the Short Form Complaints. In any individual CLJA action filed by a Discovery Plaintiff in which Defendant intends to assert an affirmative defense that is not already identified in Defendant's Responsive Pleading to the Master Complaint, Defendant shall provide notice of such affirmative defense to Plaintiffs' Leadership in a timely manner so as not to prejudice the Plaintiff.

### VII. Motions Practice

All motions that are pending in any CLJA actions, except those motions seeking preservation of evidence under Federal Rule of Civil Procedure 27, are DENIED WITHOUT PREJUDICE and with leave to refile in accordance with the procedures of this Order. Motions raising global issues in the CLJA litigation may be filed by Plaintiffs' Leadership or counsel for Defendant in the Master Docket after counsel have met and conferred regarding the motion.

No Plaintiff, including pro se Plaintiffs, will file motions or discovery in any CLJA action, except with permission from Plaintiffs' Leadership or leave of Court for good cause shown. Provided leave of Court or permission from Plaintiffs' Leadership is obtained, non-repetitive positions that uniquely affect an individual Plaintiff shall not be filed in the Master Docket but shall instead be filed in the Plaintiff's individual CLJA action.

6

**VIII. Pretrial Orders**

Within 15 days of this Order, Plaintiffs' Leadership and counsel for Defendant will provide to the Court proposed pretrial orders for the following issues: (1) a Preservation Deposition Order; (2) a Deposition Protocol Order; (3) a Protective Order for Protection of Privileged Information; and (4) a Protective Order for Protection of Confidential Information. Within 30 days of this Order, Plaintiffs' Leadership and counsel for Defendant will provide to the Court a proposed pretrial Electronic Discovery Order. If the Parties cannot reach agreement on any of the orders, each party must submit proposed competing orders along with supporting memoranda of no more than ten double-spaced pages.

**IX. Stipulations**

Stipulations regarding certain issues will streamline the discovery process and the overall efficiency of the CLJA litigation, including but not limited to stipulations regarding the findings of scientific and environmental studies and the authenticity of government records and medical records. To this end, the Court orders the Lead Counsel, the Government Liaison, or their designees to meet and confer with counsel for Defendant at least on a monthly basis regarding stipulations and to report the progress on stipulations at each status conference to the Court.

**X. Self-Authentication and Admissibility of Certain Records**

All government records, documents, data, and studies (including, but not limited to, those within the custody and control of Defendant or any government agencies, hospitals, departments, or other similar entity) are self-authenticating and admissible, subject to relevance and Federal Rule of Evidence 403, absent a specific dispute concerning authenticity or admissibility and including a notice of such dispute before the close of fact discovery.

Any medical records from an individual Plaintiff's private health care providers are self-authenticating and admissible, subject to relevance and Federal Rule of Evidence 403, absent a specific dispute concerning authenticity or admissibility and including a notice of such dispute before the close of fact discovery.

**XI. Discovery and Trial Plan**

The Court expects the Parties to conduct discovery efficiently. The Court recognizes the significant burden created by the number of CLJA actions already filed, the anticipated additional filings, and the costs that Plaintiffs' Leadership must advance to fulfill its responsibilities. The Court also recognizes that there are issues common to all CLJA Plaintiffs, and Plaintiffs' Leadership is permitted to engage in general discovery upon entry of this Order.

Staging discovery and trials by "tracks" of illnesses is the most efficient way to advance the CLJA litigation and support a global resolution of CLJA claims. The staging approach in this Order comports with the Federal Rules of Civil Procedure and this Court's inherent powers. See, e.g., Link, 370 U.S. at 630–31; Fed. R. Civ. P. 1, 16(c)(2)(L), 42(a)(3). The staging approach also recognizes that this Court has four United States District Judges and a heavy docket of CLJA and non-CLJA actions.

**A. Procedures for Track 1 Illnesses**

    i.     The Discovery Pool for Track 1 shall be composed of CLJA actions in which the Plaintiffs allege that they contracted: (1) bladder cancer, (2) kidney cancer, (3) leukemia, (4) Parkinson's disease, or (5) non-Hodgkin's lymphoma as a result of exposure to the water at Camp Lejeune. The selection of these actions does not reflect any assessment of the merits of these or other CLJA actions. Rather, the selection focuses on illnesses for which early trials may help to promote early

8

resolution for common illnesses.

ii. Discovery Pool Eligibility:

 a. To be eligible for selection in the Track 1 Discovery Pool, a Plaintiff: (1) must have filed his or her Short Form complaint within 30 days of the filing of the Master Complaint; and (2) not opted out of the Discovery Pool as discussed below.

 b. Plaintiffs' Leadership is responsible for overseeing and directing the discovery and trials of Plaintiffs who are selected for early discovery and trial pursuant to this Order. If any Plaintiff chooses not to proceed in a manner consistent with this Order, such individual Plaintiffs may remove themselves from consideration of selection into the Discovery Pool by notifying Plaintiffs' Leadership and counsel for the United States within 30 days of the filing of the Master Complaint.

iii. Selection of Track 1 Discovery Plaintiffs

 a. Within 60 days of the filing of the Master Complaint, for each illness listed in subsection XI.A.i, Plaintiffs' Leadership and Defendant will each select ten Plaintiffs to be included in the Discovery Pool. If fewer than 20 Plaintiffs for an individual illness are eligible for selection, all Plaintiffs alleging that illness shall be selected.

 b. The selected Plaintiffs in the Discovery Pool shall be designated as "Track 1 Discovery Plaintiffs."

iv. Track 1 Discovery

 a. Fact discovery in every Track 1 Discovery Plaintiff's action may begin upon

9

selection of the Track 1 Discovery Plaintiffs.

b. Within 30 days of the filing of the Master Complaint, the Parties shall submit to the Court an agreed upon plan or competing proposals for a Discovery Pool Profile Form, which shall streamline written discovery regarding the Track 1 Discovery Plaintiffs.

c. Each Track 1 Discovery Plaintiff shall complete the Discovery Pool Profile Form within 45 days of it being finalized or their selection as a Track 1 Discovery Plaintiff, whichever is later.

d. Absent a showing of good cause or agreement of the Parties, Defendant shall be allowed to take no more than three fact depositions (in addition to treating physicians) for any individual CLJA action. Absent a showing of good cause or agreement of the Parties, Plaintiffs will be unable to depose a current or former government employee more than one time.

e. The parties will complete fact discovery within 90 days of the Track 1 Order. Within 30 days of completion of fact discovery, Plaintiffs shall disclose their expert witnesses. See Fed. R. Civ. P. 26(a)(2)(B) & (C). Within 30 days of Plaintiffs' disclosure of their expert witnesses, Defendant shall disclose its expert witnesses. See id. Within 15 days of Defendant's disclosure of their expert witnesses, Plaintiffs shall disclose their rebuttal expert witnesses. Within 45 days of Defendant's disclosure of its expert witnesses, expert discovery will close.

f. The Parties may take the deposition of any individual disclosed as an expert witness.

10

g.  Absent agreement of the Parties or a subsequent Order of this Court, depositions shall be conducted pursuant to the Federal Rules of Civil Procedure. The deposition of a witness may be used for any purpose appropriate under the Federal Rules of Civil Procedure and Federal Rules of Evidence for any Discovery Plaintiff's action.

v. Motion Practice Specific to Track 1

a.  At the appropriate time, the Court and the Parties shall discuss the pretrial schedule for submission of dispositive motions and for any other pretrial motions or other matters regarding Track 1 Discovery Plaintiffs.

vi. Track 1 Trials

a.  At the appropriate time, the Court and the Parties shall discuss the selection of a certain Track 1 Discovery Plaintiff or Plaintiffs for a Bellwether trial or trials. The Parties should be prepared to commence trials for the Track 1 Discovery Plaintiffs in 2024.

b.  Each member of this Court will be responsible for scheduling procedures for the trials in actions assigned to them. Any decisions regarding trial procedures, selection, structure, timing, or any other issues that are different from or contrary to the provisions of this Order shall supersede this Order.

**B. Procedures for non-Track 1 Illnesses**

i.  To litigate efficiently the numerous CLJA actions that do not involve Track 1 illnesses, the Parties should be prepared to advance additional trial tracks promptly after the selection of the Track 1 Discovery Pool. These additional Tracks shall follow similar procedures to those governing Track 1. Within 60 days from the entry

11

of this Order, Lead Counsel, the Government Liaison, counsel for Defendant, or their designees shall submit to the Court an agreed upon group or competing groups of five additional illnesses for Track 2. This proposal also may suggest potential revisions to the procedures governing Track 1.

    ii.    Within 30 days after proposing Track 2 conditions, Lead Counsel, the Government Liaison, counsel for Defendant, or their designees shall submit to the Court an agreed upon group or competing groups of five additional illnesses for the purposes of Track 3. This proposal also may suggest any potential revisions to the procedures governing Track 1 or 2.

**C. Additional Discovery Tracks**

At the appropriate time, the Court and the Parties shall discuss the establishment of additional discovery tracks for Plaintiffs not covered by Track 1, Track 2, or Track 3.

**D. Effect of Earlier Rulings**

Each United States District Judge on this Court intends to apply the holdings in Track 1 cases and ensuing Track cases to other parties who litigate their CLJA actions after Track 1, unless the Party shows cause why the Court's holdings should not apply. See, e.g., Home Depot USA, Inc. v. Lafarge N. Am., Inc., 59 F.4th 55, 66–68 (3d Cir. 2023).

**XII. Ongoing Procedures for Global Resolution**

Discussions regarding a global resolution are imperative. Thus, the Parties shall meet and confer regarding a process for global resolution and report status of those discussions to the Court within 30 days from the entry of this Order or the date on which the first Joint Status Report is due, whichever is earlier.

12

Case 7:23-cv-00897-RJ   Document 23   Filed 09/26/23   Page 12 of 18

The Court is considering the appointment of a Settlement Master. See Fed. R. Civ. P. 53(a)(1). The Parties may suggest candidates to the Court for appointment. See Fed. R. Civ. P. 53(b)(1). The Court will discuss this topic at the first status conference.

## XIII. Other Matters

### A. Common Benefit

The Administrative and Common Benefit Committee shall submit a proposed protocol within 30 days of this Order, establishing rules and procedures beyond those contained in the Court's Order appointing Plaintiffs' Leadership [D.E. 10] that govern eligibility, record-keeping, submission, and reimbursement of costs and fees incurred for the common benefit of all Plaintiffs.

### B. Litigation-Management Database

Plaintiffs' Leadership and counsel for Defendant shall meet and confer and propose to the Court a litigation-management database within 60 days from the entry of this Order.

### C. Amendment of this Order

The Parties will meet and confer to recommend adjustments to this Case Management Order should the Plaintiffs' Leadership Group or Defendant determine that it has caused prejudice to either party or that the Court could improve the Case Management Order.

SO ORDERED. This 26 day of September, 2023.

_____
RICHARD E. MYERS II
Chief United States District Judge

_____
TERRENCE W. BOYLE
United States District Judge

_____
LOUISE W. FLANAGAN
United States District Judge

_____
JAMES C. DEVER III
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. _____

IN RE: CAMP LEJEUNE  \
WATER LITIGATION

_____/

THIS DOCUMENT RELATES TO:          JURY TRIAL DEMANDED

_____  _____  _____  _____
Plaintiff First   Middle    Last      Suffix

## SHORT-FORM COMPLAINT

The Plaintiff named below, or Plaintiff's representative, files this Short Form Complaint against Defendant United States of America under the Camp Lejeune Justice Act of 2022 ("CLJA"). Pub. L. No. 117-168, § 804, 136 Stat. 1802, 1802–04 (2022). Plaintiff or Plaintiff's representative incorporates by reference the allegations contained in the Master Complaint (DE ____) on file in the case styled *In Re: Camp Lejeune Water Litigation*, Case No. 7:23-cv-897, in the United States District Court for the Eastern District of North Carolina. Plaintiff or Plaintiff's representative files this Short-Form Complaint as permitted by Pretrial Order No. ___.

Plaintiff or Plaintiff's representative alleges as follows:

### I. INSTRUCTIONS

| 1. On THIS FORM, are you asserting a claim for injuries to YOU or to SOMEONE ELSE you legally represent?<br>☐ To me<br>☐ Someone else | This form may only be used to file a complaint for ONE PERSON'S injuries. If you intend to bring claims for multiple individuals' injuries—for example, a claim for yourself and one for a deceased spouse—you must file ONE FORM FOR EACH INJURED PERSON. |
|---|---|

## II. PLAINTIFF INFORMATION

If you checked "To me" in Box 1, YOU are the Plaintiff. Complete this section with information about YOU.

If you checked "Someone else" in Box 1, THAT PERSON is the Plaintiff. Complete this section with information about THAT PERSON.

| 2. First name: | 3. Middle name: | 4. Last name: | 5. Suffix: |
|---|---|---|---|
| 6. Sex:<br>☐ Male<br>☐ Female<br>☐ Other | | 7. Is the Plaintiff deceased?<br>☐ Yes<br>☐ No<br><br>*If you checked "To me" in Box 1, check "No" here.* | |
| Skip (8) and (9) if you checked "Yes" in Box 7. | | | |
| 8. Residence city: | | 9. Residence state: | |
| Skip (10), (11), and (12) if you checked "No" in Box 7. | | | |
| 10. Date of Plaintiff's death: | 11. Plaintiff's residence state at the time of their death: | 12. Was the Plaintiff's death caused by an injury that resulted from their exposure to contaminated water at Camp Lejeune?<br>☐ Yes<br>☐ No | |

## III. EXPOSURE INFORMATION

If you checked "To me" in Box 1, complete this section with information about YOU.

If you checked "Someone else" in Box 1, complete this section with information about THAT PERSON.

| 13. Plaintiff's first month of exposure to the water at Camp Lejeune: | 14. Plaintiff's last month of exposure to the water at Camp Lejeune: |
|---|---|
| 15. Estimated total months of exposure: | 16. Plaintiff's status at the time(s) of exposure (please check all that apply):<br>☐ Member of the Armed Services<br>☐ Civilian (includes in utero exposure) |
| 17. If you checked Civilian in Box 16, check all that describe the Plaintiff at the time(s) of exposure:<br>☐ Civilian Military Dependent<br>☐ Civilian Employee of Private Company<br>☐ Civil Service Employee<br>☐ In Utero/Not Yet Born<br>☐ Other | 18. Did Plaintiff at any time live or work in any of the following areas? Check all that apply.<br>☐ Berkeley Manor<br>☐ Hadnot Point<br>☐ Hospital Point<br>☐ Knox Trailer Park<br>☐ Mainside Barracks<br>☐ Midway Park<br>☐ Paradise Point<br>☐ Tarawa Terrace<br>☐ None of the above<br>☐ Unknown |

## IV. INJURY INFORMATION

If you checked "To me" in Box 1, complete this section with information about YOU.

If you checked "Someone else" in Box 1, complete this section with information about THAT PERSON.

19. Identify the illnesses or conditions the Plaintiff suffered as a result of exposure to contaminated water at Camp Lejeune.

| Injury | Approximate date of onset |
|---|---|
| ☐ Adverse birth outcomes (Plaintiff is the PARENT of an individual who died in utero or was stillborn or born prematurely) | |
| ☐ ALS (Lou Gehrig's Disease) | |
| ☐ Aplastic anemia or myelodysplastic syndrome | |
| ☐ Bile duct cancer | |
| ☐ Bladder cancer | |
| ☐ Brain / central nervous system cancer | |
| ☐ Breast cancer | |
| ☐ Cardiac birth defects (Plaintiff was BORN WITH the defects) | |
| ☐ Cervical cancer | |
| ☐ Colorectal cancer | |
| ☐ Esophageal cancer | |
| ☐ Gallbladder cancer | |
| ☐ Hepatic steatosis (Fatty Liver Disease) | |
| ☐ Hypersensitivity skin disorder | |
| ☐ Infertility | |
| ☐ Intestinal cancer | |
| ☐ Kidney cancer | |
| ☐ Non-cancer kidney disease | |
| ☐ Leukemia | |
| ☐ Liver cancer | |
| ☐ Lung cancer | |
| ☐ Mutliple myeloma | |
| ☐ Neurobehavioral effects | |
| ☐ Non-cardiac birth defects (Plaintiff was BORN WITH the defects) | |
| ☐ Non-Hodgkin's Lymphoma | |
| ☐ Ovarian cancer | |
| ☐ Pancreatic cancer | |
| ☐ Parkinson's disease | |
| ☐ Prostate cancer | |
| ☐ Sinus cancer | |
| ☐ Soft tissue cancer | |
| ☐ Systemic sclerosis / scleroderma | |
| ☐ Thyroid cancer | |

The Camp Lejeune Justice Act does not specify a list of covered conditions.

If the Plaintiff suffers or previously suffered from a condition not listed above, and the Plaintiff alleges that the condition was caused by exposure to the water at Camp Lejeune as required under the Act, please check "Other" and describe the condition on the following lines.

Note in particular that the Board of Veterans' Appeals of the U.S. Department of Veterans Affairs (the "VA") has approved benefits in connection with Camp Lejeune for conditions beyond those listed above.

| ☐ Other: | Approximate date of onset |
|---|---|
| | |
| | |
| | |
| | |

## V. REPRESENTATIVE INFORMATION

If you checked "To me" in Box 1, **SKIP THIS SECTION** and proceed to section VI. ("Exhaustion").

If you checked "Someone else" in Box 1, complete this section with information about YOU.

| 20. Representative First Name: | 21. Representative Middle Name: | 22. Representative Last Name: | 23. Representative Suffix: |
|---|---|---|---|
| 24. Residence City: | | 25. Residence State: <br> ☐ Outside of the U.S. | |
| 26. Representative Sex: <br> ☐ Male <br> ☐ Female <br> ☐ Other | | | |
| 27. What is your familial relationship to the Plaintiff? <br> ☐ They are/were my spouse. <br> ☐ They are/were my parent. <br> ☐ They are/were my child. <br> ☐ They are/were my sibling. <br> ☐ Other familial relationship: They are/were my _____ <br> ☐ No familial relationship. ||||
| **Derivative claim** ||||
| 28. Did the Plaintiff's death or injury cause the Plaintiff's spouse, children, or parents mental anguish, loss of financial support, loss of consortium, or any other economic or non-economic harm for which you intend to seek recovery? <br> ☐ Yes <br> ☐ No ||||

- 4 -

Case 7:23-cv-00897-RJ   Document 23   Filed 09/26/23   Page 17 of 18

## VI. EXHAUSTION

| 29. On what date was the administrative claim for this Plaintiff filed with the Department of the Navy (DON)?<br><br>*mm/dd/yyyy* | 30. What is the DON Claim Number for the administrative claim?<br><br>_____<br><br>☐ DON has not yet assigned a Claim Number |
|---|---|

## VII. CLAIM FOR RELIEF

Plaintiff respectfully requests that pursuant to subsection 804(b) of the CLJA the Court enter judgment against the Defendant and award damages and all other appropriate relief for the harm to Plaintiff that was caused by exposure to the water at Camp Lejeune.

## VIII. JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and subsection 804(d) of the CLJA.

Dated: *mm/dd/yyyy*

[Signature block]