IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| | ) |
| | ) |
| This Document Relates to: | ) |
| ALL CASES | ) |
| | ) |

**STIPULATED RULE 30 DEPOSITION PROTOCOL**
**(CASE MANAGEMENT ORDER NO.      )**

In accordance with Federal Rule of Civil Procedure 26, 30 and 45, as well as the Local Rules of this Court, and subject to Court approval, Plaintiffs, by and through Plaintiffs' Lead and Co-Lead Counsel ("Plaintiffs"), and Defendant United States of America ("Defendant") (together the "Parties") jointly stipulate and agree to the following protocol for conducting depositions (excepting Rule 27 and *de bene esse* trial preservation depositions, which are governed by a separate protocol) pertaining to claims asserted or potentially to be asserted under the Camp Lejeune Justice Act, Pub. L. No. 117-167 § 804 (the "Litigation").

1. **Scope.** This protocol shall apply to all depositions of individual Plaintiffs or other witnesses or deponents pursuant to Fed. R. Civ. P. 30, subject to any modifications by agreement of the Parties or Order of the Court.[1] The application of this protocol shall be triggered by the filing of any CLJA complaint herein.

2. **Duty to meet and confer.** The Parties shall cooperate to agree to procedures where possible that would reduce the costs of depositions or the need for depositions. The

---

[1] This protocol order is not intended to cover any Rule 31 depositions by written questions.

1

Parties shall meet and confer to resolve any disputes about this protocol before involving the Court.

3. **Deposition Scheduling.** The Parties will endeavor to find a mutually agreeable location, date, and time for each deposition.

    a. **Weekly Meet and Confer.** The Parties shall each designate at least one representative to participate in regularly scheduled weekly telephone or video conferences to coordinate the scheduling and logistics of depositions until discovery is complete, or until the Parties agree the weekly call is no longer necessary. The parties shall make reasonable efforts to accommodate attorneys' and witnesses' schedules during the meet and confer process, while completing depositions within time limits established by the Court.

    b. **Notice of Deposition.** No Party shall serve a notice of deposition until after the scheduling of the deposition has been discussed during the weekly call and the parties have reached agreement, or exhausted reasonable efforts to reach agreement, on the location, date, and time for the deposition.

4. **Deposition Notice.** Each deposition notice and subpoena shall comply with Fed. R. Civ. P. 30(b) and 45 as necessary. Unless otherwise agreed, the noticing Party must serve a deposition notice at least 14 days in advance of the deposition. Objections, if any, to a deposition notice must be raised with opposing counsel within 3 business days of service of the deposition notice.

5. **Service of Counsel Copies**. Deposition notices may be served via email and must be copied on Plaintiffs' Leadership Counsel, Defendant's counsel and counsel for the deponent if that is a different counsel.

6. **Deposition Exhibits**. For in-person depositions, the questioning attorney shall bring 4 hard copies of each exhibit anticipated to be used at the deposition. This provision shall not prevent attorneys from deciding during an in-person deposition to use additional exhibits even if 4 hard copies cannot immediately be procured, provided that attorneys share electronic copies of those additional exhibits with opposing counsel and the court reporter. Deposition exhibits should be sequentially numbered using the witness's name, e.g., Smith Ex. 1, Smith Ex. 2, etc.

7. **Remote Depositions**.  Upon agreement of the parties, a deposition may be held remotely using a secure Zoom connection or a similar audio/video conferencing technology platform. In the event that a deposition proceeds remotely ("Videoconference Deposition"), the following shall also apply:

    A. Any Videoconference Deposition taken pursuant to this Court's Order must comply with the requirements in Fed. R. Civ. P. 30.

    B. A Videoconference Deposition taken pursuant to this Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness—as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. The witness may be sworn in remotely with the same effect as an oath administered in person.

    C. The deposition notice for any Videoconference Deposition pursuant to Fed. R. Civ. P. 30 must list the location(s) (city and state) from where the witness will attend, which information the witnesses' counsel must provide upon request of the noticing party.

    D. To host a remote deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (e.g., video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

    E. During the deposition, unless otherwise agreed upon, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition. Deposition exhibits may be made available in physical (hardcopy)

form or via the Remote Deposition Technology, file sharing software, or other electronic means. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis, by itself, to object to the admissibility of that exhibit at trial.

    F.    Before commencing any remote deposition, counsel for each Party shall state on the record that they agree with the following stipulation: "The Parties agree that no communication with the deponent by any means, including but not limited to text messaging, will occur out of the view of the other parties while the deposition is proceeding on the record."

8. **Telephonic Depositions**: The use of telephonic means to take a deposition is authorized only upon agreement of the Parties and where due to the circumstances, the taking of a videoconference or in-person deposition is unavailable or not reasonably feasible. The Parties shall meet and confer to cooperate in this regard to avoid disputes and minimize the need for Court intervention to resolve disputes. If the propounding party serves a notice of a telephonic deposition and the receiving party does not serve an objection to the taking of a telephonic deposition within five days, all objections to the telephonic depositions based on its status as a telephonic in nature shall be deemed waived.

9. **Attendance.** Unless otherwise agreed to by the Parties, depositions may be attended only by the Parties, the Parties' counsel, the deponent, the deponent's attorney (if one exists in addition to other counsel), Plaintiffs' Lead and Co-Lead Counsel or their designee, court reporters, videographers, interpreters, translators, assistants invited by counsel to assist, and any person who is assisting in the Litigation.

10. **Sequence of Examinations Generally.** The Parties agree to be reasonably guided by the principle that the party that first issued the deposition notice or subpoena will proceed first, followed by the cross-noticing party or subsequent noticing party. The court reporter will provide the original transcript to the first examining attorney.

4

11. **Number of attorneys with speaking roles.** Absent extraordinary circumstances or prior agreement of the Parties, a presumptive limitation of one examining and/or defending attorney for Plaintiffs and one examining and/or defending attorney for Defendant shall apply at each deposition (i.e., each side will have only one attorney with a speaking role at each deposition).

12. **Objections.** Deposition objections will be limited to "form" and "foundation."

13. **Length of depositions**. Unless otherwise stipulated or ordered by the Court, a deposition is limited to one day of seven hours of on-the-record time. The Court shall allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination. The Parties recognize that some expert depositions may present a need for additional time beyond 7 hours; the Parties agree to discuss such needs on a witness-by-witness basis.

14. **Court reporting firm**. In the interest of efficiency and coordination, the Parties shall endeavor to agree on a single court reporting firm for all depositions if possible.

15. **Video recording**. Except for any depositions that the Parties have agreed to conduct telephonically, and unless otherwise agreed by the Parties, all depositions will be recorded on video.

16. **Deposition costs**. The noticing Party shall bear the fees charged by the court reporter and videographer, as well as (for in-person depositions) any costs associated with the physical space where the deposition is taken. Each Party shall bear its own costs for transcript orders, video orders, and real-time transcription if requested.

17. **Rule 30(b)(6) deposition provisions.**

    a. **Rule 30(b)(6) witnesses and fact witnesses.** The Parties may take consecutive depositions of an individual who is both a fact witness and a Rule 30(b)(6) designee. One deposition will be taken in his or her individual capacity (as a fact witness) and a separate deposition will be taken in his or her capacity as a designee.

    b. **Production of documents for Rule 30(b)(6) depositions.** Unless otherwise agreed by the Parties or ordered by the Court, documents relevant to and required to be produced at any Rule 30(b)(6) deposition shall be produced prior to the date of the deposition.

IT IS SO ORDERED, this _____ day of _____, 2023.

_____  
RICHARD E. MYERS II  
Chief United States District Judge

_____  
TERRENCE W. BOYLE  
United States District Judge

_____  
LOUISE W. FLANAGAN  
United States District Judge

_____  
JAMES C. DEVER III  
United States District Judge

STIPULATED TO BY:

*/s/ Adam Bain*
ADAM BAIN
IN Bar No. 11134-49
Senior Trial Counsel, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209
Fax: (202) 616-4473

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

*Counsel for Defendant*

*[Plaintiffs' Leadership Counsel's Signatures on Following Page]*

| | |
|---|---|
| /s/   J. Edward Bell, III | /s/   Zina Bash |
| J. Edward Bell, III (admitted *pro hac vice*)<br>Bell Legal Group, LLC<br>219 Ridge St.<br>Georgetown, SC 29440<br>Telephone: (843) 546-2408<br>jeb@belllegalgroup.com<br><br>*Lead Counsel for Plaintiffs* | Zina Bash (admitted *pro hac vice*)<br>Keller Postman LLC<br>111 Congress Avenue, Suite 500<br>Austin, TX 78701<br>Telephone: 956-345-9462<br>zina.bash@kellerpostman.com<br><br>*Co-Lead Counsel for Plaintiffs and Government Liaison Counsel* |
| /s/   Elizabeth J. Cabraser | /s/   W. Michael Dowling |
| Elizabeth J. Cabraser (admitted *pro hac vice*)<br>Lieff Cabraser Heimann & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br>ecabraser@lchb.com<br><br>*Co-Lead Counsel for Plaintiffs* | W. Michael Dowling (NC Bar No. 42790)<br>The Dowling Firm PLLC<br>Post Office Box 27843<br>Raleigh, North Carolina 27611<br>Telephone: (919) 529-3351<br>mike@dowlingfirm.com<br><br>*Co-Lead Counsel for Plaintiffs* |
| /s/   Robin L. Greenwald |  /s/   James A. Roberts, III |
| Robin L. Greenwald (admitted *pro hac vice*)<br>Weitz & Luxenberg, P.C.<br>700 Broadway<br>New York, NY 10003<br>Telephone: 212-558-5802<br>rgreenwald@weitzlux.com<br><br>*Co-Lead Counsel for Plaintiffs* | James A. Roberts, III (N.C. Bar No.: 10495)<br>Lewis & Roberts, PLLC<br>3700 Glenwood Avenue, Suite 410<br>P. O. Box 17529<br>Raleigh, NC 27619-7529<br>Telephone: (919) 981-0191<br>jar@lewis-roberts.com<br><br>*Co-Lead Counsel for Plaintiffs* |
| /s/   Mona Lisa Wallace | |
| Mona Lisa Wallace (N.C. Bar No.: 009021)<br>Wallace & Graham, P.A.<br>525 North Main Street<br>Salisbury, North Carolina 28144<br>Tel: 704-633-5244<br>mwallace@wallacegraham.com<br><br>*Co-Lead Counsel for Plaintiffs* | |