IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CAMP LEJEUNE WATER LITIGATION | ) STIPULATED 502(d) ORDER |
| | ) |
| | ) |
| This ORDER Relates To: | ) |
| ALL CASES | ) |
| | ) |

### SECTION I: ORDER IMPLEMENTING FED. R. EVID. 502(d)

1. Pursuant to the agreement of the parties, the authority granted this Court under Fed. R. Evid. 502(d), and its inherent authority to control its proceedings, it is hereby ordered that a party's disclosure, in connection with and throughout this entire litigation, of any communication or information covered by the attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges such as the deliberative process privilege, or any other applicable privilege, shall not constitute a waiver of such privilege or protection either in this litigation or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d) and Federal Rule of Evidence 502(e). The provisions of Fed. R. Evid. 502(b) do not apply.

2. Nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection. Further, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate, so long as consistent with the parties' discovery schedule or other court order.

## SECTION II: CLAWBACK OF MATERIAL CLAIMED AS PRIVILEGED

3. If any document produced on its face is subject to a legally recognizable privilege or evidentiary protection, the Receiving Party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or hash value range, and (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts, or compilations of the content thereof, within fifteen (15) business days of discovery by the Receiving Party. Where such documents cannot be destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding this provision, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially privileged or work product protected documents.

4. Within fifteen (15) business days of a written notification by the Producing Party that a produced document or part thereof is privileged (hereinafter "clawback notification"), the Receiving Party must return, sequester, or destroy, at the discretion of the Producing Party, the specified document(s) and any copies the Receiving Party has. The Receiving Party may not use or disclose the information until the privilege claim has been resolved except as set forth in Paragraph 8, below. In the case of such a claim of privilege, the Producing Party shall provide an updated privilege log and redacted document (if necessary) within fifteen (15) business days of the clawback notification and pursuant to the Order Establishing Protocol for Document Collection and Production regarding this Action's privilege logging

formats so as to provide sufficient information to assess the basis for the claim of privilege or evidentiary protection.

5. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the Receiving Party, then the Receiving Party will sequester such document(s) until the claim has been resolved. If the Receiving Party disclosed the specified document(s) before being notified of its production, the Receiving Party must take reasonable steps to retrieve it. The Producing Party shall preserve the specified document(s) until the claim is resolved.

6. The Receiving Party shall have five (5) business days from receipt of a clawback notification to determine in good faith whether to contest such claim and to notify the Producing Party in writing of an objection to the claim of privilege and the grounds of that objection

7. The Receiving Party's return, sequestering, or destruction of such privileged or protected document(s) as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered, or destroyed document(s) on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. The Producing Party need make no showing with respect to measures taken to prevent the production of the documents in question in order to be entitled to their return.

8. Either party may submit the specified documents to the Court under seal for a determination of the privilege claim and will provide the Court with the grounds for the asserted privilege or protection. The Receiving Party may not use the documents for any other purpose absent further order of this Court. Any party may request expedited treatment of any request for the Court's determination of the privilege claim.

9. The Court may also order the identification and/or review of documents that have been identified as being potentially subject to a legally recognized privilege or protection claim by search terms or other means.

IT IS SO ORDERED, this _____ day of _____, 2023.

_____  
RICHARD E. MYERS II  
Chief United States District Judge

_____  
TERRENCE W. BOYLE  
United States District Judge

_____  
LOUISE W. FLANAGAN  
United States District Judge

_____  
JAMES C. DEVER III  
United States District Judge

STIPULATED TO BY:

*/s/ Adam Bain*
ADAM BAIN
IN Bar No. 11134-49
Senior Trial Counsel, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209
Fax: (202) 616-4473


Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

*Counsel for Defendant*


*[Plaintiffs' Leadership Counsel's Signatures on Following Page]*

5

| | |
|---|---|
| /s/   J. Edward Bell, III | /s/   Zina Bash |
| J. Edward Bell, III (admitted *pro hac vice*)<br>Bell Legal Group, LLC<br>219 Ridge St.<br>Georgetown, SC 29440<br>Telephone: (843) 546-2408<br>jeb@belllegalgroup.com<br><br>*Lead Counsel for Plaintiffs* | Zina Bash (admitted *pro hac vice*)<br>Keller Postman LLC<br>111 Congress Avenue, Suite 500<br>Austin, TX 78701<br>Telephone: 956-345-9462<br>zina.bash@kellerpostman.com<br><br>*Co-Lead Counsel for Plaintiffs and Government Liaison Counsel* |
| /s/   Elizabeth J. Cabraser | /s/   W. Michael Dowling |
| Elizabeth J. Cabraser (admitted *pro hac vice*)<br>Lieff Cabraser Heimann & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br>ecabraser@lchb.com<br><br>*Co-Lead Counsel for Plaintiffs* | W. Michael Dowling (NC Bar No. 42790)<br>The Dowling Firm PLLC<br>Post Office Box 27843<br>Raleigh, North Carolina 27611<br>Telephone: (919) 529-3351<br>mike@dowlingfirm.com<br><br>*Co-Lead Counsel for Plaintiffs* |
| /s/   Robin L. Greenwald |  /s/   James A. Roberts, III |
| Robin L. Greenwald (admitted *pro hac vice*)<br>Weitz & Luxenberg, P.C.<br>700 Broadway<br>New York, NY 10003<br>Telephone: 212-558-5802<br>rgreenwald@weitzlux.com<br><br>*Co-Lead Counsel for Plaintiffs* | James A. Roberts, III (N.C. Bar No.: 10495)<br>Lewis & Roberts, PLLC<br>3700 Glenwood Avenue, Suite 410<br>P. O. Box 17529<br>Raleigh, NC 27619-7529<br>Telephone: (919) 981-0191<br>jar@lewis-roberts.com<br><br>*Co-Lead Counsel for Plaintiffs* |
| /s/   Mona Lisa Wallace | |
| Mona Lisa Wallace (N.C. Bar No.: 009021)<br>Wallace & Graham, P.A.<br>525 North Main Street<br>Salisbury, North Carolina 28144<br>Tel: 704-633-5244<br>mwallace@wallacegraham.com<br><br>*Co-Lead Counsel for Plaintiffs* | |