IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: )<br>CAMP LEJEUNE WATER LITIGATION )<br> )<br>This Document Relates to: )<br>ALL CASES )<br> ) | PRESERVATION DEPOSITION ORDER<br>(CASE MANAGEMENT ORDER NO. 4) |

In accordance with Case Management Order Number 2, Doc. 23, p. 7, Federal Rule of Civil Procedure 27 and the Local Civil Rule 32.1, Plaintiffs, by and through Plaintiffs' Lead Counsel and Co-Lead Counsel ("Plaintiffs"), and Defendant United States of America ("Defendant") jointly stipulate, subject to the Court's approval, to the following Preservation Deposition Order with regard to Rule 27 and *de bene esse* depositions before the Court and pertaining to claims under the Camp Lejeune Justice Act ("CLJA"), Pub. L. No. 117-167 § 804 (the "Litigation").

I. **GENERAL PROVISIONS**

    **A.**     **Scope.** This Order shall apply to all Rule 27 and *de bene esse* depositions in this Litigation.

    **B.**     **Cooperation.** The parties acknowledge their duty to work together cooperatively in addressing Rule 27 petitions and *de bene esse* issues.

    **C.**     **Disputes.** Disputes arising prior to or during Rule 27 or *de bene esse* depositions that cannot be resolved by agreement shall be presented to the Court. If a dispute arises during a deposition and the Court is not available during the deposition, the deposition shall continue with full reservation of rights by all parties for a ruling at the earliest possible time. Nothing in this

1

Order shall preclude any party from seeking relief with the Court following the deposition, including through the filing of an appropriate request.

## II. DEFAULT PROVISIONS FOR RULE 27 AND *DE BENE ESSE* DEPOSITIONS

Unless otherwise agreed to by the parties or ordered by the Court, the following provisions shall govern:

### A. Procedure Upon Filing of a Petition for Rule 27 Deposition.

1. Any petition to perpetuate testimony under Rule 27 must be accompanied by:

   a. a declaration from a petitioner and/or his or her attorney, stating in good faith, under oath, that due to the relevant individual's health prognosis, the relevant individual has been informed by a healthcare provider that within the next six months he or she is likely to become unable to testify;

   b. a letter from a healthcare provider stating that due to the relevant individual's health prognosis, the healthcare provider believes that the relevant individual within the next six months is likely to become unable to testify; and/or

   c. a declaration as to the petitioner's need for the Rule 27 deposition. Such declaration must be made by petitioner's counsel and shall be guided by Rule 27(a) through (e) and subject to Rule 11.

2. Absent unusual circumstances, opposing counsel will not challenge a Rule 27 petition for lacking good cause if the petition is accompanied by a declaration or a healthcare provider letter as specified in subparagraphs A.1.a or A.1.b above. Opposing counsel reserves the right to challenge a Rule 27 petition accompanied only by a declaration that is made under subparagraph A.1.c above.

3. Upon the filing of any new petition to perpetuate testimony under Rule 27, Plaintiffs' Leadership Counsel and Defendant shall promptly and in any event within ten days meet and confer so as to schedule mutually agreeable arrangements for the Rule 27 deposition and for production of documents before the deposition.

4. The parties shall use their best efforts to resolve issues pertaining to the Rule 27 petition and to present consent orders for the Court's approval, if needed, so as to minimize the need for Court involvement in resolving Rule 27 petitions.

B. **Procedure for *De Bene Esse* Deposition.**

1. Plaintiffs' Leadership Counsel or Defendant's counsel may request to perpetuate *de bene esse* testimony by providing written notice to opposing counsel without the requirement to file a *de bene esse* motion with the Court.

2. Any such *de bene esse* notice, or subsequent motion filed with the Court, shall be accompanied by:

    a. a declaration from a petitioner and/or his or her attorney, stating in good faith, under oath, that due to the relevant individual's health prognosis, the relevant individual has been informed by a healthcare provider that within the next six months he or she is likely to become unable to testify;

    b. a letter from a healthcare provider stating that due to the relevant individual's health prognosis, the healthcare provider believes that the relevant individual within the next six months is likely to become unable to testify;

    c. a declaration as to the petitioner's need for a *de bene esse* deposition. Such declaration must be made by petitioner's counsel and shall be subject to Rule 11.

3. Absent unusual circumstances, opposing counsel will not challenge a *de bene esse* notice for lacking good cause if the notice is accompanied by a declaration or a healthcare provider letter as specified in subparagraphs B.2.a or B.2.b above. Opposing counsel reserves the right to challenge a *de bene esse* petition accompanied only by a declaration that is made under subparagraph B.2.c above.

4. Upon the emailing of any such notice, the parties shall then within ten days meet and confer so as to schedule a mutually agreeable date and time and other arrangements for the *de bene esse* deposition (and for any related production of documents).

5. The parties will cooperate in an effort to minimize the need for Court intervention or expenditure of Court resources in facilitating *de bene esse* depositions.

6. *De bene esse* depositions shall be governed by Local Civil Rule 32.1 and generally applicable case law. *See generally In re NC Swine Farm Nuisance Litig.,* Master Case No. 5:15-CV-00013-BR, 2016 U.S. Dist. LEXIS 89074, *156-157 (E.D.N.C. July 7, 2016) (citing cases).

C. **Rule 27 or *De Bene Esse* Deposition Protocol.** Each Rule 27 and *de bene esse* deposition shall comply with Fed. R. Civ. P. 30. Additionally, the parties hereby incorporate by

3

reference the notice, logistics, and scheduling protocol contained within the Deposition Protocol Order agreed upon by the parties to the extent not inconsistent herewith.

    **D.**     **Pre-Deposition Production of Documents for the Deponent.** The parties intend for the Rule 27 or *de bene esse* deposition witness's relevant records and medical, military and custodial files to be produced sufficiently in advance of the noticed deposition to permit adequate time to review such documents before the deposition. Provided that the witness furnishes the necessary release at the time of the deposition request and to the extent the records are reasonably available, and absent agreement to the contrary, the parties must mutually produce the aforementioned documents no later than three (3) days prior to the scheduled deposition date.

**IV.**     **CONDUCT OF DEPOSITIONS**

    **A.**     **Attendance.** Unless otherwise agreed to by the parties, Rule 27 and *de bene esse* depositions may be attended only by the parties, the parties' counsel, the deponent, the deponent's attorney (if one exists in addition to other counsel), court reporters, videographers, interpreters, translators, assistants invited by counsel to assist, and any person who is assisting in the litigation and whose presence is reasonably required by counsel of record.

    **B.**     **Sequence of Examinations Generally.** The parties agree to be reasonably guided by the principle that the party that first issued the deposition notice or subpoena will proceed first, followed by the cross-noticing party or subsequent noticing party. If the parties cannot reach agreement regarding the sequence of examination, they must submit their dispute to the Court, who will determine the sequence of examination.

IT IS SO ORDERED, this __22__ day of __October__, 2023.

_Richard E Myers II_
RICHARD E. MYERS II
Chief United States District Judge

_Terrence W. Boyle_
TERRENCE W. BOYLE
United States District Judge

_Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge

_James C. Dever_
JAMES C. DEVER III
United States District Judge

STIPULATED TO BY:

/s/ Adam Bain
ADAM BAIN
IN Bar No. 11134-49
Senior Trial Counsel, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209
Fax: (202) 616-4473

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

*Counsel for Defendant*

*[Plaintiffs' Leadership Counsel's Signatures on Following Page]*

6

Case 7:23-cv-00897-RJ   Document 29   Filed 10/23/23   Page 6 of 7

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com

*Lead Counsel for Plaintiffs*


/s/ Elizabeth J. Cabraser
Elizabeth J. Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com

*Co-Lead Counsel for Plaintiffs*


/s/ Robin L. Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*


/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*


/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com

*Co-Lead Counsel for Plaintiffs and Government Liaison Counsel*


/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com

*Co-Lead Counsel for Plaintiffs*


/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
jar@lewis-roberts.com

*Co-Lead Counsel for Plaintiffs*