IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

IN RE:

CAMP LEJEUNE WATER LITIGATION

This Document Relates to:

ALL CASES

## CAMP LEJEUNE WATER LITIGATION COMMON BENEFIT ATTORNEY PARTICIPATION AGREEMENT

**THIS AGREEMENT** is made this _____ day of _____, 20___, by and between Lead Counsel appointed by the United States District Court for the Eastern District of North Carolina in the Camp Lejeune Water Litigation ("Litigation") and _____ **[ Attorney and Law Firm Executing the Agreement]** (the "Participating Counsel").

**WHEREAS**, the United States District Court for the Eastern District of North Carolina has, as set forth in detail in its Case Management Order No. 1, appointed J. Edward Bell as Lead Counsel for Plaintiffs, and additionally appointed Co-Lead and Liaison Counsel (collectively "Plaintiffs' Leadership"), for the purposes and with the roles and responsibilities set forth therein:

**WHEREAS**, Plaintiffs' Leadership, in association with other attorneys working for the common benefit of plaintiffs pursuant to the provisions and requirements of this Court's Case Management Orders, have developed and are in the process of further developing work product and a record that will be valuable in all proceedings and benefit all plaintiffs alleging injuries or damage caused by Defendant under the Camp Lejeune Justice Act ("CLJA") ("Common Benefit Work Product") pursuant to the provisions and requirements of this Court's Common Benefit Order, which are incorporated by reference as if fully set forth;

**WHEREAS**, Participating Counsel want to acquire the Common Benefit Work Product

and establish a framework for an amicable working relationship with Plaintiffs' Leadership for the mutual benefit of their clients and to secure the just, speedy, and inexpensive determination of their clients' claims by avoiding or reducing duplication of effort and expense in this Litigation;

**NOW THEREFORE**, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the undersigned parties agree as follows:

I.  **SCOPE OF AGREEMENT**

    A.  **Purpose**

1. This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product pursuant to the court's Case Management and Common Benefit Orders. Plaintiffs' attorneys who execute this Participation Agreement are entitled to receive the Common Benefit Work Product created by those attorneys who have also executed, or have been deemed to have executed, the Participation Agreement pursuant to the Common Benefit Order.

2. The intent of this Participation Agreement is to establish, secure, and supervise a fund to promote the purposes and policies of the common benefit doctrine and provide a source for equitable payment of services rendered and costs incurred for the benefit of plaintiffs.

3. The Participation need not be signed by (1) attorneys appointed to various positions in Case Management Order No. 1, or members of the Plaintiffs' Executive Committee, Steering Committee, and subcommittees; or (2) attorneys with a fee interest in any cases now pending or later filed as part of the proceeding known as *In Re Camp Lejeune Water Litigation*, because they are automatically subject to the Common Benefit Order.

4. This Participation Agreement applies to all claims or actions pursuant to the CLJA in which Participating Counsel hold a fee interest, including unfiled and tolled claims ("Covered Claims"); provided, however, Covered Claims shall not include (subject to further Orders of this Court as efforts toward comprehensive resolution continue) any cases that are

settled with the Department of the Navy pursuant to the terms of the Public Guidance on Elective Option for Camp Lejeune Justice Act Claims as existing on September 15, 2023.

    **B.**    **Rights and Obligations of Participating Counsel**

    5.    Upon execution of this Participation Agreement, Plaintiffs' Leadership will provide Participating Counsel with access to the Common Benefit Work Product defined in the Court's Common Benefit Order, and any amendments thereto. This includes access to the document/ESI depository as well as all the coding and summarizing of the documents in the depository, access to all deposition transcripts and summaries, deposition cuts for the purpose of trial, medical and scientific literature library, legal briefing and research, and, as deemed appropriate by Plaintiffs' Leadership, expert witness work product.

    6.    Plaintiffs' Leadership may periodically request that Participating Counsel produce a list setting forth the name of the client for each Covered Claim, together with the docket number of any filed case. Unless otherwise specified, Participating Counsel shall provide such a list within 30 days of such request .

**II.**    **AGREEMENT TO PAY AN ASSESSMENT ON GROSS MONETARY RECOVERY**

    7.    Subject to the terms of this Participation Agreement, and the terms of the Common Benefit Order and any amendments thereto, all clients of Participating Counsel who either agree or have agreed—for a monetary consideration—to settle, compromise, dismiss, or reduce the amount of a Covered Claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, are subject to an assessment on the Gross Monetary Recovery as defined below.

    **A.**    **Gross Monetary Recovery Defined**

    8.    "Gross Monetary Recovery" includes any and all amounts paid to claimants by Defendant through a settlement of the claim or action, or pursuant to a judgment, including the present value of any fixed and certain payments to be made in the future. Gross Monetary Recovery does not apply to court costs that are to be paid by Defendant, or to "offsets",

including payments made directly by Defendant on a formal intervention asserted directly against Defendant by third parties, such as physicians, hospitals , and other health care providers on Court recognized, valid subrogation claims related to treatment of the claimant or plaintiff. The assessment and holdback as defined and described in the Common Benefit Order, and any amendments thereto, shall apply to all Covered Claims.

    **B.**    **Assessment Amount**

9. For Participating Counsel, the Common Benefit assessment, which is a Holdback, as defined in and governed by the common benefit Order, and any amendments thereto, shall be a combined 3% for fees and costs, with the appropriate division between fees and costs to be proposed by Plaintiffs' Leadership and approved by the Court prior to any disbursement from the Holdback Fund established pursuant to the Common Benefit Order. It is assessed upon the Gross Monetary Recovery, and not paid by the claimant or plaintiff, but deducted from the claimant or plaintiff's attorneys' share. This assessment may be adjusted up or down by the Court if and as circumstances make it appropriate to do so, as set forth in the Common benefit Order, and any amendments thereto.

    **C.**    **Attorney Fee Lien**

10. With respect to each Covered Claim, Participating Counsel agree to have Defendant deposit or cause to be deposited into the Holdback Fund a percentage of the Gross Monetary Recovery equal to the assessment amount.

11. In the event Defendant does not deposit the assessment into the Holdback Fund for any Covered Claim, Participating Counsel are required to inform Plaintiffs' Leadership and deposit or cause to be deposited in the Holdback Account a percentage of the Gross Monetary Recovery equal to the assessment amount for each such Covered Claim.

12. Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant Plaintiffs' Leadership a lien upon and a security interest in any fee generated as a result of any recovery by any client who they represent in connection with a

Covered Claim to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Participation Agreement.

13. Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and perfect this lien and/or security interest.

14. **Other Fee Assessments.** This Participation Agreement is without prejudice to such other assessments of or awards of fees and costs as may be ordered by any Court, including under Federal Rule of Civil Procedure 23(h) or any analogous state court procedural rules, the common benefit doctrine, or that may be provided by contract between attorneys and clients.

## AGREEMENT TO BE BOUND

Dated: _____, 20__  _____
                                                **Firm Name**:
                                                **Attorney's Name**:

I hereby agree to be a **Participating Counsel** and certify that I am signing this Participation Agreement voluntarily. I also certify that I have the authority and power to bind my law firm into this Participation Agreement.

**ON BEHALF OF PLAINTIFFS' LEADERSHIP**:

Dated: _____, 20__  _____