IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | |
| ) | **STATUS REPORT ON RESOLUTION** |
| This Document Relates To: ) | **DISCUSSIONS BETWEEN PLAINTIFFS'** |
| ALL CASES ) | **LEADERSHIP AND DEFENDANT** |
| ) | |

Plaintiffs' Lead and Co-Lead Counsel ("Plaintiffs' Leadership") and Defendant jointly provide this Honorable Court this Status Report on Resolution Discussions.

(1) The Court's September 26, 2023, Case Management Order No. 2 instructed the Parties to "meet and confer regarding a process for global resolution and report status of those discussions to the Court within 30 days from the entry" of the Order. (DE 23)

(2) Plaintiffs' Resolution Subcommittee and Defendant met in Washington, DC, on September 20, 2023, to discuss resolution.

(3) At that meeting, the Resolution Subcommittee proposed to Defendant, for consideration, a "resolution roadmap" for global resolution, see Exhibit A, which Defendant has not yet agreed to. The Resolution Subcommittee believes it important to have a roadmap with concrete markers to expedite real progress.

(4) The parties are actively negotiating a questionnaire to establish the data fields that we expect to ultimately populate the resolution matrix. This process first began when Defendant presented an initial draft of the questionnaire to members of Plaintiffs' Leadership on February 23, 2023, before the appointment of Plaintiffs' Leadership. Members of Plaintiffs' Leadership provided feedback to the questionnaire on March 20, 2023, before Defendant paused the process for several months in April 2023, pending the appointment of Leadership. Shortly after Leadership

was appointed on July 19, 2023, Defendant met with members of Plaintiffs' Leadership to re-engage on the questionnaire and other matters.

(5) Aside from negotiating the data fields that could apply to all cases, the parties are currently focused on establishing data fields relevant to the diseases set for trial under Track 1. The Resolution Subcommittee, working with Plaintiffs' Science Subcommittee and medical experts, proposed revisions to Defendant's latest draft of the questionnaire on October 6, 2023. Defendant provided preliminary feedback on October 25, 2023, and plans to provide a complete, revised draft to Plaintiffs' Leadership by November 10, 2023.

(6) The next step for the parties will be to determine the type of documentation that will be needed to answer, or prove, each data field. For example, for the data field regarding duration on base, the parties will negotiate what type of documentation will be sufficient to establish a Plaintiff's time on base.

(7) Relatedly, the parties will also establish which party—Plaintiffs or Defendant—may provide that documentation.

(8) In completing the underlying legal substance of the resolution matrix, the parties will negotiate valuation formulas for the various data fields, to enable parties to ultimately place values on overall claims. Defendant believes that court rulings on Daubert and other motions, and perhaps some bellwether trials, may be required to complete the valuation process.

(9) To prepare for housing the information discussed above, the Database and Resolution Subcommittees have interviewed several vendors to provide the technology and services needed for the ultimate resolution facility. Defendant informed members of Plaintiffs' Leadership on January 20, 2023, of its view regarding the legal requirements related to certification under the Federal Risk and Authorization Management Program, or "FedRAMP," for any vendor

who might supply a database used by the government, in order to safeguard sensitive personal information or personally identifiable information ("PII"). The Government Liaison has met several times with Defendant and, in particular, with the Chief Information Officer for the Civil Division of the Department of Justice, to further understand FedRAMP requirements. The parties are attempting to coordinate the vendor-selection process, while Plaintiffs' Leadership investigates potential workarounds.

(10) While the parties have made progress, as described above, Defendant has not provided Plaintiffs' Leadership with certain information that could help expedite the work of the Resolution Subcommittee. Plaintiffs' Leadership issued Fed. R. Civ. P. 34 Requests for Production ("RFPs") on September 28, 2023, after first requesting the same information informally. In particular, Plaintiffs' Leadership requested that Defendant provide specified data from Agency for Toxic Substances and Disease Registry ("ATSDR") databases, which Plaintiffs' Leadership understands to be readily available and shareable. Rather than providing that information to Plaintiffs' Leadership, Defendant said that it would not respond until required to by the Federal Rules (30 days later). Defendant stated that, because the requested information includes sensitive PII from individuals not involved in this litigation and information that is subject to the Privacy Act, Defendant was working with ATSDR to expeditiously provide the requested relevant information in accordance with applicable laws and ATSDR's legal obligations. Plaintiffs' Leadership then narrowed the request informally, indicating that before receiving a response to the official request, Plaintiffs' Leadership would appreciate receiving the information limited to individuals involved in the litigation. Plaintiffs' Leadership has still not received any information. The Resolution Subcommittee believes that cooperative engagement by Defendant in this matter would expedite the work of the Subcommittee. Defendant's position is that it has sought to

3

Case 7:23-cv-00897-RJ    Document 33    Filed 10/26/23    Page 3 of 5

who might supply a database used by the government, in order to safeguard sensitive personal information or personally identifiable information ("PII"). The Government Liaison has met several times with Defendant and, in particular, with the Chief Information Officer for the Civil Division of the Department of Justice, to further understand FedRAMP requirements. The parties are attempting to coordinate the vendor-selection process, while Plaintiffs' Leadership investigates potential workarounds.

(10) While the parties have made progress, as described above, Defendant has not provided Plaintiffs' Leadership with certain information that could help expedite the work of the Resolution Subcommittee. Plaintiffs' Leadership issued Fed. R. Civ. P. 34 Requests for Production ("RFPs") on September 28, 2023, after first requesting the same information informally. In particular, Plaintiffs' Leadership requested that Defendant provide specified data from Agency for Toxic Substances and Disease Registry ("ATSDR") databases, which Plaintiffs' Leadership understands to be readily available and shareable. Rather than providing that information to Plaintiffs' Leadership, Defendant said that it would not respond until required to by the Federal Rules (30 days later). Defendant stated that, because the requested information includes sensitive PII from individuals not involved in this litigation and information that is subject to the Privacy Act, Defendant was working with ATSDR to expeditiously provide the requested relevant information in accordance with applicable laws and ATSDR's legal obligations. Plaintiffs' Leadership then narrowed the request informally, indicating that before receiving a response to the official request, Plaintiffs' Leadership would appreciate receiving the information limited to individuals involved in the litigation. Plaintiffs' Leadership has still not received any information. The Resolution Subcommittee believes that cooperative engagement by Defendant in this matter would expedite the work of the Subcommittee. Defendant's position is that it has sought to

coordinate with Plaintiffs' Leadership and accommodate reasonable requests under applicable rules and regulations concerning government information.

DATED this 26th day of October 2023.

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs*
*and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Senior Trial Counsel, Torts Branch
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

/s/ Hugh R. Overholt
Hugh R. Overholt (NC Bar No. 016301)
Ward and Smith P.A.
Post Office Box 867
New Bern, NC  28563-0867
Telephone:  (252) 672-5400
hro@wardandsmith.com
*Liaison Counsel for Plaintiffs*

/s/ A. Charles Ellis
A. Charles Ellis (N.C. Bar No.:  010865)
Ward and Smith P.A.
Post Office Box 8088
Greenville, NC  27835-8088
Telephone:  (252) 215-4000
ace@wardandsmith.com
*Liaison Counsel for Plaintiffs*