IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

Plaintiffs' Lead and Co-Lead Counsel ("Plaintiffs"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report pursuant to Case Management Order No. 2, where the Court ordered the Parties to submit a joint status report five days before any status conference. (D.E. 23). The matters required to be addressed prior to each status conference are set forth below:

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to November 14, 2023, 1419 CLJA complaints have been filed in this District. Thirteen cases have been dismissed; eleven of those were voluntary dismissals and the two others were pro se cases. The cases are divided as follows: Judge Dever – 350 cases; Judge Myers – 367 cases; Judge Boyle – 341 cases; and Judge Flanagan – 362 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 129,158 administrative claims on file with the Navy. The Navy is setting up a database that will significantly expedite efforts and will allow it to intake claims, organize claims, and analyze claims for purposes of making decisions on claims. The Navy has entered a Memorandum of Understanding with the Veterans Administration ("VA") that will allow the Navy to gain access to the VA database to obtain information to evaluate claims. The Navy

1

intends to continue communications with Plaintiffs' counsel to coordinate procedures for obtaining information to evaluate claims.

**(3) An update on stipulations entered into between the Parties since the last status conference**

The Parties have proposed stipulations related to the work of the Agency for Toxic Substance and Disease Registry ("ATSDR") and the National Research Council of the National Academy of Sciences, which each studied potential health effects of chemicals detected in the Camp Lejeune water. The United States has agreed to six of Plaintiffs' proposed stipulations related to the work of the ATSDR. Plaintiffs believe that the United States' proposed stipulations related to the National Research Council of the National Academy of Sciences are premature and should be held in abeyance. Based on the allegations of Plaintiffs' Master Complaint, the United States anticipates being able to stipulate to some factual allegations in the Master Complaint close in time to filing an Answer on November 20, 2023.

**(4) A summary of the discovery conducted since the last status conference**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**Plaintiffs' Position:**

Plaintiffs' First Set of Requests for Production was served on September 30, 2023 (the "First Requests").[1] On October 29, 2023, Defendant's Response to the First Requests was served (the "Response to First Requests"). On October 31 and November 6, 2023, Defendant produced certain documents in response to Plaintiffs' First Requests, and Defendant produced certain

---

[1] For purposes of correcting a few typographical errors, Plaintiffs served a Corrected First Set of Requests for Production on October 4, 2023. The said corrections were non-substantive, and the Parties agreed that the deadline for Defendant's responses would be calculated based upon the service date of the initial discovery requests.

privilege logs on November 1, 2023. However, Defendant has not yet produced several categories of documents requested in Plaintiffs' First Requests.

Plaintiffs were concerned that Defendant's Response to First Requests was deficient in several respects, and therefore, on October 30, 2023, Plaintiffs requested a meet-and-confer meeting for purposes of discussing these alleged deficiencies. In response, the Parties have held multiple meet-and-confer meetings concerning Defendant's Response to the First Requests, including on November 1, November 2 and November 13, 2023. In addition, the Parties have exchanged multiple letters concerning Defendant's Response to the First Requests.

Notwithstanding these efforts, Plaintiffs remain concerned about Defendant's Responses to the First Requests. For example, Defendant has not produced all responsive documents, and in many instances, Defendant projects that the production of responsive documents may not occur until "the completion of fact discovery." Plaintiffs contend that Defendant's forecast that document production will not be completed until the conclusion of fact discovery materially frustrates the Parties' ability to conduct depositions and prepare for trial. In response, Defendant contends that the production of the responsive documents requires the participation and consent of multiple government agencies, including their counsel, and therefore, Defendant contends that its document production cannot presently be promised prior to the completion of fact discovery.

Additionally, Defendant has withheld documents on the basis of several privileges which Plaintiffs contend to be inapplicable. Plaintiffs also remain concerned that Defendant's privilege logs allegedly do not comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A) and lack the specificity necessary to enable Plaintiffs and the Court to evaluate the merits of privilege objections. Moreover, Plaintiffs are concerned that Defendant has not produced certain documents or files pursuant to the timelines previously identified by Defendant. For instance, Plaintiffs'

understanding was that Defendant would produce a certain "Database 4" during the week of November 6, 2023. As of the time of the present Joint Status Report, that database has not been produced.

On October 20 and October 27, 2023, Plaintiffs provided Defendant with draft notices of deposition under Fed. R. Civ. P. 30(b)(6) for the following government agencies: (1) Agency for Toxic Substance and Disease Registry, (2) the United States Marine Corp, and (3) the Department of Veterans Affairs. The said draft notices of deposition set forth a list of examination topics for each of the above-listed agencies, and Plaintiffs requested dates for the depositions of Defendant's Rule 30(b)(6) designees concerning each of the proposed deposition topics. As of this Joint Status Report, Defendant has not identified any designees or proposed any deposition dates. Defendant contends that it has not identified deposition designees or proposed deposition dates because of the time-consuming necessity of working with each respective government agency and its counsel concerning which witnesses are best suited to provide testimony on each proposed deposition topic.

In short, Plaintiffs are concerned that Defendant's document production and identification of Rule 30(b)(6) designees has been materially delayed by unnecessary bureaucratic red tape and formalities. Plaintiffs furthermore contend that these bureaucratic complexities should not absolve Defendant from its duties under this Court's orders to "conduct discovery efficiently." (Case Management Order No. 2, D.E. 23, at § XI). Moreover, Plaintiffs contend that any of the bureaucratic issues confronting Defendant do not relieve Defendant from its obligations under the Federal Rules of Civil Procedure to conduct discovery promptly. Therefore, Plaintiffs intend to imminently file a motion designed to expedite Defendant's participation in discovery. Plaintiffs anticipate that the motion will request that the Court require that Defendant, both presently and in

the future, produce documents and identify deposition designees under a more reasonable timeframe which recognizes the need to expeditiously prosecute CLJA civil actions. Furthermore, during the Status Conference set for November 21, 2023, Plaintiffs will ask the Court to hear arguments about these issues and provide the Parties with immediate guidance concerning the need for prompt and efficient discovery.

Additionally, the Parties have engaged in successful discussions concerning the production of certain medical records possessed by the Department of Veterans Affairs (the "VA"). Specifically, the Parties have agreed that Defendant will produce the VA medical records of persons asserting CLJA claims where legal counsel submits a HIPAA authorization form with an affidavit, electronically signed by counsel, indicating that counsel has the authority to request and obtain the records. The Parties anticipate providing the Court with a draft proposed order setting forth this procedure during the Status Conference scheduled for November 21, 2023.

As the Court is aware, the Parties submitted a Joint Proposed Protocol for Document Collection and Production, including a proposed Electronically Stored Information Protocol (the "ESI Protocol"), on October 26, 2023. (D.E. 32). As of the time of the present Joint Status Report, the ESI Protocol has not been approved. However, in an effort to be efficient, the Parties are presently in the process of scheduling a meeting to discuss ESI custodians and search terms.

**Defendants' Position:**

As of the date of this Joint Statement, Plaintiffs have served the United States with three sets of document requests: (1) Plaintiffs' First Request for Production was served on September 28, 2023; (2) Plaintiffs Second Request for Production was served on October 29, 2023; and (3) Plaintiffs Third Request for Production was served on November 3, 2023. Collectively, Plaintiffs have served the United States with 30 document requests seeking electronic and hardcopy

information and documents, including historical documents, from multiple federal government agencies spanning several decades in time, beginning August 1, 1953.

The United States has made enormous efforts to respond in good faith and produce documents and information in a timely manner responsive to Plaintiffs' Requests. The United States served its written Responses and Objections to Plaintiffs' First Request for Production on October 30, 2023 and began producing documents shortly thereafter.

To date, the United States has produced numerous documents in response to Plaintiffs' Corrected First Request for Production and directed Plaintiffs to several public repositories of documents with information relevant to this litigation. As of Tuesday, November 14, the United States has produced more than 4,000 documents consisting of 25,029 pages to Plaintiffs. In addition to these productions, the United States has provided Plaintiffs with an additional 10 documents consisting of 2,196 pages of publicly available records and reports, in addition to 8,787 files accessible via the supplied URL's. In addition to the documents already produced, the United States continues its efforts to collect and produce responsive documents and information. These efforts include working with the relevant agencies to gain access to historic documents, some of which are contained in inactive and/or decommissioned historic legacy systems.

In addition to the three sets of document requests request for production of documents, the Plaintiffs sent three draft notices seeking 30(b)(6) depositions from three separate federal agencies: the Agency for Toxic Substances and Disease Registry (ATSDR) on October 31, 2023; the United States Marine Corps (USMC) on October 27 2023; and the Department of Veterans Affairs (VA) also on October 27, 2023. Since receiving the notices, the United States has been coordinating with the agencies to identify appropriate agency witnesses and their availability. The United States has expressed concern about the topics identified in the 30(b)(6) notices and the appropriateness

of the topics for the organizations identified. Nevertheless, the USMC, VA, and ATSDR have identified possible 30(b)(6) witnesses and are coordinating with those witnesses on their availability for depositions taking place shortly after Thanksgiving.

The Parties held meet and confers about the aforementioned document requests and 30(b)(6) notices on November 1, 2023, and November 2, 2023, and have exchanged multiple meet and confer letters regarding the same.

**(5) Update on individual and global settlement efforts:**

The Parties continue to negotiate a resolution questionnaire and resolution roadmap. The Department of Justice ("DOJ") sent to Plaintiffs their turn of the questionnaire draft on November 10, 2023, and the Parties intend to discuss the questionnaire within a week.

Regarding the DOJ's Elective Option ("EO"), as of November 14, 2023, DOJ has determined that ten (10) cases in litigation meet the EO criteria for settlement through documentary verification. Two (2) offers were rejected by plaintiffs. The other eight (8) settlement offers are pending. Further, the Department of the Navy sent eighteen (18) administrative claims to DOJ for settlement approval pursuant to the EO. In reliance on the information provided by the Navy, DOJ determined that thirteen (13) claimants met the criteria of the EO. Of the 13, four (4) settlement offers were accepted. Payments have been sent in all four cases, totaling one million dollars. One (1) offer was rejected, and the other eight (8) claims are pending.

**(6) Any other issues that the Parties wish to raise with the Court**

None at this time.

7

Case 7:23-cv-00897-RJ    Document 45    Filed 11/14/23    Page 7 of 9

DATED this 14th day of November 2023.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs
and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Senior Trial Counsel, Torts Branch
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*