IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

Plaintiffs' Lead and Co-Lead Counsel ("Plaintiffs"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report pursuant to Case Management Order No. 2, where the Court ordered the Parties to submit a joint status report five days before any status conference. (D.E. 23). The matters required to be addressed prior to each status conference are set forth below:

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to November 27, 2023, 1433 CLJA complaints have been filed in this district. Fourteen cases have been dismissed; eleven of those were voluntary dismissals and the three others were pro se cases. The cases are divided as follows: Judge Dever – 357 cases; Judge Myers – 370 cases; Judge Boyle – 343 cases; and Judge Flanagan –363 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 131,697 administrative claims on file with the Navy. The Navy is setting up a database that it says will significantly expedite efforts and will allow it to intake claims, organize claims, and analyze claims for purposes of making decisions on claims. The Navy has entered a Memorandum of Understanding with the Veterans Administration (VA) that will allow the Navy to gain access to the VA database to obtain information to evaluate claims. The Navy

1

intends to continue communications with Plaintiffs' counsel to coordinate procedures for obtaining information to evaluate claims. While the Navy has not yet shown progress on this front, a call with counsel from a firm representing a substantial number of claimants is scheduled for November 30, 2023.

**(3) An update on stipulations entered into between the Parties since the last status conference**

The parties have not proposed or entered any stipulations since the last status conference. The United States will be proposing stipulations based on its Answer to Plaintiffs' Master Complaint, filed on November 20, 2023. [D.E. 50] Plaintiffs are also evaluating which additional stipulations to propose in light of that Answer.

**(4) A summary of the discovery conducted since the last status conference**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**Plaintiffs' Position:**

*Document Production*

Plaintiffs' First Set of Requests for Production was served on September 30, 2023 (the "First Requests").[1] On October 29, 2023, Defendant's Response to the First Requests was served (the "Response to First Requests"). Defendant produced certain documents in response to Plaintiffs' First Requests on October 31, November 6, November 17, November 20 and November 21, 2023. Additionally, Defendant produced certain privilege logs on November 1, 2023.

---

[1] For purposes of correcting a few typographical errors, Plaintiffs served a Corrected First Set of Requests for Production on October 4, 2023. The corrections were non-substantive, and the Parties agreed that the deadline for Defendant's responses would be calculated based upon the service date of the initial discovery requests.

2

Unfortunately, Defendant's document production in response to the First Requests is far from complete. For instance, Defendant has not produced all documents in response to at least the following individually numbered requests within the First Requests: Request Nos. 2, 11, 13, 15, 16, and 17. In addition to the foregoing, substantial categories of electronically stored information ("ESI") will be produced by Defendant only after the parties complete a meet-and-confer conference.

Defendant has failed to indicate that it will produce all documents and ESI responsive to the First Requests within a reasonable time. In fact, Defendant has projected that the production of responsive documents and ESI may not occur until "the completion of fact discovery." Plaintiffs contend that this projection that documents and ESI will be produced at some indefinite time before "the completion of fact discovery" fails to comply with the Federal Rules of Civil Procedure. It prejudices Plaintiffs' efforts to select individual plaintiffs for the Discovery Pool and prepare cases for trial. In fact, at the most recent Status Conference on November 21, 2023, Plaintiffs provided the Court with case law establishing that Defendant's refusal to provide a concrete document-production timeline fails to comply with Fed. R. Civ. P. 34(b)(2)(B). *See NOA, LLC v. Khoury*, No. 5:14-CV-114, 2018 U.S. Dist. LEXIS 112108, at *17 (E.D.N.C. Aug. 23, 2016).

Plaintiffs are concerned that Defendant has declined to produce a new, unpublished Agency for Toxic Substances and Disease Registry ("ATSDR") report related to cancer rates on Camp Lejeune, which was referenced in a recent article published by Reuters on November 10, 2023, and which Defendant has acknowledged.[2] If this study is not produced promptly, Plaintiffs will

---

[2] M.B. Pell, *Unpublished Study Finds Elevated Cancer Rates at US Military Base*, Reuters, *available at* https://www.reuters.com/world/us/unpublished-study-finds-elevated-cancer-rates-us-military-base-2023-11-10 (accessed on November 27, 2023).

likely initiate the protocol for discovery disputes established by the Court on November 21, 2023. [D.E. 55]

In addition to the above-discussed First Requests, Plaintiffs have issued the following additional document production requests: (a) Plaintiffs' Second Set of Requests for Production was served on October 29, 2023, and Defendant's response is due on November 28, 2023; (b) Plaintiffs' Third Set of Requests for Production was served on November 3, 2023, and Defendant's response is due on December 4, 2023; (c) Plaintiffs' Fourth Set of Requests for Production was served on November 24, 2023, and Defendant's response is due on December 27, 2023; and (d) Plaintiffs' Fifth Request for Production was served on November 28, 2023, and Defendant's response is due on December 28, 2023.

*Status of ESI*

On November 21, 2023, the Court entered a Stipulated Order Establishing Protocol for Document Collection and Production (Case Management Order No. 8), which included an ESI Protocol. [D.E. 52] Pursuant that that Order, the parties exchanged lists of proposed ESI custodians and search terms on November 27, 2023, and the parties scheduled a meeting concerning the production of ESI for December 4, 2023. After ESI custodians and search terms are identified, the parties agree that Defendant will be producing ESI in response to several of Plaintiffs' discovery requests, including the First Requests.

*Notices of Rule 30(b)(6) Depositions*

Under Fed. R. Civ. P. 30(b)(6), Plaintiffs have noticed the following depositions of the United States' agencies: (1) United States Marine Corp for November 30, 2023; (2) Agency for Toxic Substances and Disease Registry for December 5, 2023; and (3) Department of Veterans Affairs for December 6, 2023.

4

Defendant has objected to certain examination topics identified by Plaintiffs. However, Plaintiffs fully complied with the Stipulated Rule 30 Deposition Protocol (Case Management Order No. 3) approved by this Court on October 23, 2023. [D.E. 28] In that protocol, the parties agreed as follows:

> No Party shall serve a notice of deposition until after the scheduling of the deposition has been discussed during the weekly call and the parties have reached agreement, or exhausted reasonable efforts to reach agreement, o the location, date and time for the deposition.

[D.E. 28, at ¶ 3.b.]

As required, Plaintiffs and Defendant agreed to the dates, times and locations for these depositions. Furthermore, Plaintiffs actually *exceeded* the requirements of the Stipulated Rule 30 Deposition Protocol by providing draft deposition notices with examination topics on October 20 and October 27, 2023. Defendant claims, however, that Plaintiffs' final notices of deposition contain deposition topics which are different from the draft notices. Nothing in the Stipulated Rule 30 Deposition Protocol or Fed. R. Civ. P. 20(b)(6) required that the parties agree to all examination topics prior to service of a deposition notice, furthermore, the topics in the final notices of deposition are substantially similar to the drafts provided to Defendant on October 20 and October 27, 2023. In any event, the parties held a meet-and-confer on November 28, 2023. During that meet-and-confer, Plaintiffs agreed that to the extent Defendant's witness-designee is not able to address topics which were not agreed to in advance, that designee can simply testify that he/she does not possess responsive knowledge, and the parties can address the subject in a subsequent deposition or bring the matter to the Court's attention for resolution.

*Plaintiff Records*

In the present Status Report, Defendant argues that Plaintiffs have failed to provide sufficient information (*i.e.*, Social Security Numbers, dates of birth and releases) to enable

Defendant to produce individual plaintiff medical and service records. Defendant's argument is premature, inaccurate, and should be disregarded.

As an initial matter, the records requested are contained in *databases* of individuals tied to Camp Lejeune. It is these general *databases* that the Plaintiffs have sought through their requests for production. This is in keeping with Case Management Order No. 2, in which this Court authorized Plaintiffs to begin *generalized discovery* on September 26, 2023. [D.E. 23, at p. 8]. Plaintiffs have not sought individualized records from Defendant. Indeed, to do so would be premature since the parties have not yet selected which individual plaintiffs will proceed to discovery and trial. Rather, Defendant appears to conflate individual plaintiff-specific discovery with general discovery the Plaintiffs have sought through their requests which, as this Court has previously observed, is protected under a Stipulated Protective Order and thus, the Plaintiffs contend, do not require *individualized* authorizations. Therefore, Defendant's argument is both flawed and premature.

In the present Status Report, Defendant also argues that Plaintiffs have failed to provide releases permitting the production of plaintiff-specific health information. Such releases should be unnecessary because the Court previously entered a Stipulated Protective Order that covers precisely the type of information for which Defendant argues the government needs these releases. [D.E. 36] Defendant, therefore, is fully authorized and required to produce generalized datasets which happen to contain information about specific plaintiffs.

**United States' Position:**

*Plaintiff Records*

The United States has sought to work with Plaintiffs to collect individual plaintiff medical and service records, but have been unable to collect records for many plaintiffs, including many in

6

the Track 1 Disease pool, without the necessary identifying information, including date of birth and social security number, as well as necessary releases. Without dates of birth and social security number for individual plaintiffs, the United States is unable to retrieve an individual plaintiff's military service and VA records.

Furthermore, despite the Stipulated Order for Document Collection providing that Plaintiffs will complete and return to the Government any forms or releases necessary to collect information, Plaintiffs have not agreed to provide a HIPPA release needed for the United States to collect records from private health providers.

*Requests for Production*

As of the date of this Joint Statement, Plaintiffs have served the United States with five sets of document requests: (1) Plaintiffs' First Request for Production was served on September 28, 2023; (2) Plaintiffs' Second Request for Production was served on October 29, 2023; and (3) Plaintiffs Third Request for Production was served on November 3, 2023 (4) Plaintiffs' Fourth Request for Production was served on November 24, 2023; (5) Plaintiffs' Fifth Request for Production was served on November 28, 2023. Collectively, Plaintiffs have served the United States with 39 document requests seeking electronic and hardcopy information and documents, including historical documents, from multiple federal government agencies spanning several decades in time, beginning August 1, 1953.

The United States has made enormous efforts to respond in good faith and produce documents and information in a timely manner responsive to Plaintiffs' Requests. The United States served its written Responses and Objections to Plaintiffs' First Requests for Production on October 30, 2023 and began producing documents shortly thereafter. The United States will serve

7

Case 7:23-cv-00897-RJ   Document 60   Filed 11/28/23   Page 7 of 12

its written Responses and Objections to Plaintiffs' Second Requests for Production on November 29, 2023.

To date, the United States has produced numerous documents in response to Plaintiffs' Corrected First Request for Production and directed Plaintiffs to several public repositories of documents with information relevant to this litigation. As of Tuesday, November 28, the United States has produced 5,449 documents consisting of 43,160 pages to Plaintiffs. In addition to these productions, the United States has provided Plaintiffs with an additional 10 documents consisting of 2,196 pages of publicly available records and reports, in addition to 8,787 files accessible via the supplied URL's.

The United States has also produced several databases used by the Agency for Toxic Substances Disease Registry to perform its studies. In addition to the documents already produced, the United States continues its efforts to collect and produce responsive documents and information. These efforts include working with the relevant agencies to gain access to historic documents, some of which are contained in inactive and/or decommissioned historic legacy systems.

The parties are scheduled to meet and confer on December 4, 2023, regarding custodians and search terms for the collection and production on electronically stored information that would be responsive to Plaintiffs' document requests. The parties have exchanged lists of government custodians for negotiation. In particular, Plaintiffs proposed a list of over 60 custodians from ATSDR, some of whom do not appear to be current or former ATSDR employees.

*Requests for Depositions*

In addition to the five sets of document requests request for production of documents, the Plaintiffs sent three draft notices seeking 30(b)(6) depositions from three separate federal agencies:

the Agency for Toxic Substances and Disease Registry (ATSDR) on October 31, 2023; ( the United States Marine Corps (USMC) on October 27 2023; and the Department of Veterans Affairs (VA) also on October 27, 2023. Additionally, on November 20, 2023, Plaintiffs indicated an intent to take a 30(b)(6) deposition of the National Archives and Records Administration. Since receiving the notices, the United States has been coordinating with the agencies to identify appropriate agency witnesses and their availability. The United States has expressed concern about the topics identified in the 30(b)(6) notices and the appropriateness of the topics for the organizations identified. Nevertheless, the USMC, VA, and ATSDR have identified possible 30(b)(6) witnesses and coordinated with the witnesses on their availability for deposition. Depositions were scheduled for November 30 (USMC), December 5 (ATSDR), and December 6 (VA).

The parties held meet and confers about the aforementioned document requests and 30(b)(6) notices on November 1, 2023, and November 2, 2023, and the United States sent follow-up correspondence on November 9, 2023, and November 13, 2023, again raising concerns about the topics, requesting clarification, and offering to meet and confer. The United States followed-up again on November 17, 2023, providing dates for the requested 30(b)(6) depositions based on its understanding of the topics from prior discussions and proposed modified topics to reflect the United States' concerns about the original proposed topics. In response to the United States' November 17 letter proposing modified topics and dates for the 30(b)(6) depositions, on November 21, 2023, Plaintiffs confirmed dates for the modified 30(b)(6) depositions offered by the United States, and the United States confirmed the same on November 22, 2023. However, when the United States received the final 30(b)(6) notices of deposition on November 24, 2023, the notices included topics not previously identified and retained topics that the United States has explained were not within the knowledge of the agency identified. For that reason, the parties met and

conferred on November 28, 2023 and agreed to go forward with the depositions with the understanding that the witness would not be speaking on behalf of the agency with respect to topics not agreed to in advance.

**(5) Update on individual and global settlement efforts:**

As of November 27, 2023, the Department of Justice (DOJ) has determined that sixteen (16) cases in litigation meet the EO criteria for settlement through documentary verification. The case breakdown by injury includes: 5 Kidney Cancer, 4 Bladder Cancer, 3 non-Hodgkin's Lymphoma, 2 Kidney Disease, 1 Leukemia, 1 Multiple Myeloma. Of the 16 offers, two (2) offers were rejected by plaintiffs, six (6) offers have expired, and the other eight (8) offers remain pending.

Further, the Department of the Navy sent sixty-two (62) administrative claims to DOJ for settlement approval pursuant to the EO. Forty-four (44) are pending review with the DOJ. Of the remaining eighteen (18) administrative claims, DOJ determined that thirteen (13) claimants met the criteria of the EO in reliance on the information provided by the Navy, and offers were made for those claims. Of the 13 offers, four (4) offers were accepted, one (1) offer was rejected, and the other eight (8) claims remain pending.

For the four accepted offers, payments have been made in all four cases, totaling one million dollars. One case alleging Parkinson's Disease resulted in a $250,000 payment. One case of non-Hodgkin's Lymphoma resulted in a $300,000 settlement. Two cases of Leukemia resulted in payments of $300,000 and $150,000.

The parties have had several preliminary discussions regarding the possibility of a global resolution of claims that remain in the administrative and legal processes. The Parties continue to

negotiate a resolution questionnaire and resolution roadmap. The parties most recently discussed these matters on November 17, 2023.

**(6) Any other issues that the parties wish to raise with the Court**

Plaintiffs' Leadership anticipates that by the time of the next Status Conference, Defendant will have formally rejected Plaintiffs' request that Defendant produce the latest, still-unpublished ATSDR study related to the water on Camp Lejeune. Defendant has indicated that the government intends to assert that the study is privileged. If this happens, Plaintiffs will likely file a motion to compel and might ask the Court for an expedited briefing schedule, given the importance to this litigation of any ATSDR study relating to Camp Lejeune.

DATED this 28th day of November 2023.

Respectfully submitted,

| | |
|---|---|
| /s/ J. Edward Bell, III | BRIAN M. BOYNTON |
| J. Edward Bell, III (admitted *pro hac vice*) | Principal Deputy Assistant Attorney General |
| Bell Legal Group, LLC | Civil Division |
| 219 Ridge St. | |
| Georgetown, SC 29440 | J. PATRICK GLYNN |
| Telephone: (843) 546-2408 | Director, Torts Branch |
| jeb@belllegalgroup.com | Environmental Torts Litigation Section |
| *Lead Counsel for Plaintiffs* | |
| | BRIDGET BAILEY LIPSCOMB |
| /s/ Zina Bash | Assistant Director, Torts Branch |
| Zina Bash (admitted *pro hac vice*) | Environmental Torts Litigation Section |
| Keller Postman LLC | |
| 111 Congress Avenue, Ste. 500 | /s/ Adam Bain |
| Austin, TX 78701 | ADAM BAIN |
| Telephone: 956-345-9462 | Senior Trial Counsel, Torts Branch |
| zina.bash@kellerpostman.com | Environmental Torts Litigation Section |
| *Co-Lead Counsel for Plaintiffs* | U.S. Department of Justice |
| *and Government Liaison* | P.O. Box 340, Ben Franklin Station |
| | Washington, D.C. 20044 |
| /s/ Robin Greenwald | E-mail: adam.bain@usdoj.gov |
| Robin L. Greenwald (admitted *pro hac vice*) | Telephone: (202) 616-4209 |
| Weitz & Luxenberg, P.C. | |
| 700 Broadway | LACRESHA A. JOHNSON |
| New York, NY 10003 | HAROON ANWAR |

Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*