IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **ORDER** |
| CAMP LEJEUNE WATER LITIGATION | ) | **REGARDING DISCOVERY** |
| | ) | **POOL PROFILE FORM** |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL CASES | ) | |

1. The Court approves the Corrected Discovery Pool Profile Form ("DPPF") attached as Exhibit A and the medical records authorizations (SF-180 and VA Form 10-5345) attached as Exhibit B.

2. Each Plaintiff who was selected as a Track 1 Discovery Plaintiff shall complete a DPPF within 45 days of this Order, or their selection as a Track 1 Discovery Plaintiff, whichever is later. See CMO 2, § XI.A.iv.c. [D.E. 23].

3. The DPPF and authorizations shall be served electronically to Defendant by Justice Enterprise File Sharing ("JEFS").

4. Nothing in the DPPF shall be deemed to limit the scope of inquiry at depositions or admissibility of evidence at trial. The Federal Rules of Civil Procedure and Federal Rules of Evidence govern the scope of inquiry at depositions. The Federal Rules of Civil Procedure and Federal Rules of Evidence also govern the admissibility of information in the DPPF. No objections are waived by virtue of any DPPF response.

5. Should any Track 1 Discovery Plaintiff fail to submit substantially complete responses to the DPPF within the deadline set forth above in accordance with Case Management Order 2 [D.E. 23], the United States may request enforcement of this Order through the following means:

    a. **Warning Letter**: If a Track 1 Discovery Plaintiff fails to submit substantially

complete responses to the DPPF within the deadlines set forth above, the United States may send a letter to the Government Liaison Counsel regarding any asserted failure to submit substantially complete responses in a timely manner. The Warning Letter also should advise the Track 1 Discovery Plaintiff that failure to submit substantially complete responses may lead to dismissal of his or her case.

b. **Motion**: If a Track 1 Discovery Plaintiff fails to submit substantially complete responses to the DPPF within 14 days of the date a Warning Letter is sent to Government Liaison Counsel, then the United States may file a motion to dismiss without prejudice. Any such motion shall be filed in that case's individual docket. A Track 1 Discovery Plaintiff shall have 14 days to respond to a motion to dismiss for failure to provide a DPPF.

c. **Dismissal**: If a Track 1 Discovery Plaintiff fails to respond to a motion to dismiss for failure to submit substantially complete responses to the DPPF, the Court may dismiss that case without prejudice.

d. **Reinstatement, sanctions, and other relief**: The Court retains discretion to reinstate a Track 1 Discovery Plaintiff's case following dismissal for failure to submit substantially complete responses to the DPPF, or impose additional sanctions including dismissal with prejudice, in the interests of justice. Failure to provide the United States with a substantially complete response to the DPPF within the deadline set forth above in accordance with Case Management Order 2 may constitute good cause for an extension of deadlines in that case or all cases.

6. "Substantially complete" shall mean that:

a. Each question in the DPPF is responded to (including, where applicable and

asserted in good faith, by indicating "N/A" or "I don't know/recall");

    b. The DPPF is signed by the Plaintiff under penalty of perjury;

    c. All releases and authorizations are properly executed;

7. Track 1 Discovery Plaintiffs shall take reasonable efforts to preserve and maintain, without deletions or alterations, any content of any personal webpage(s) or social media accounts currently held by them, including but not limited to photographs, texts, links, messages and other postings or profile information that is relevant to the subject matter of this litigation. "Social media" includes, but is not limited to, Facebook, Myspace, LinkedIn, X (Twitter), Instagram, TikTok, Snapchat, Reddit and blogs. This provision does not mean that such social media information is relevant or discoverable.

8. Track 1 Discovery Plaintiffs are obligated to supplement or amend the DPPF in a timely manner if he or she learns that in some material respect the DPPF response is incomplete or incorrect. See Fed. R. Civ. P. 26(e).

9. All information disclosed on a DPPF, the DPPF itself, and all related documents (including health care records and information) produced therewith or pursuant to an executed authorization shall be treated as marked Confidential and treated as "Confidential Information" pursuant to the terms of the Stipulated Protective Order [D.E. 36] entered on October 30, 2023.

SO ORDERED. This 29 day of November, 2023.

                                                           ROBERT B. JONES, JR.
                                                           United States Magistrate Judge