# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| | ) |
| This Document Relates to: | ) |
| ALL CASES | ) |
| | ) |
| | ) |

# DEFENDANT UNITED STATES OF AMERICA'S RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, United States of America, hereby responds to Plaintiffs' Second Request for Production of Documents.

## INTRODUCTION

The following responses to Requests for Production are based upon a reasonable inquiry of information known or readily obtainable by the United States.

## GENERAL OBJECTIONS

**1. Privilege:** The United States objects to the Plaintiffs' Second Request for Production that seek materials protected by the attorney-client privilege, the attorney work-product privilege, the deliberative process privilege, the investigative files/law enforcement privilege, or any other privilege or protection. Plaintiff's Requests for Production also seek materials containing confidential business information and personally identifiable information, which can only be protected with certain safeguards. In responding to the Requests for Production, the United States will withhold privileged or protected documents and will identify such documents in a privilege log in conformity with Fed. R. Civ. P. 26(b)(5) or Paragraph 6

1

of the Stipulated Order Establishing Protocol for Document Collection and Production. Nothing contained in these responses or in the production of documents is intended as, nor in any way shall be deemed, a waiver of any of these privileges, or any other applicable privilege.

2. **Locations to Be Searched:** In responding to the Second Requests for Production, the United States will search for responsive materials from custodians and locations that the United States determines are reasonably likely to have responsive material and are proportionate to the needs of the case. Such files will include emails, as well as hard copy and electronic folders or files, that those custodians identify as containing potentially responsive information. If the custodian does not identify specific electronic information on their computers, hard drives, or shared networks as containing potentially responsive information, the United States may collect that custodian's documents and communications using search terms that the United States determines are reasonably likely to return responsive material.

3. **Public Documents:** The United States objects to the Plaintiffs' Second Request for Production that seek materials that are publicly available. Such materials are equally accessible to all the parties, and can be obtained from more convenient, less burdensome, or less expensive publicly available sources.

4. **Definitions and Instructions:** The United States objects to the definitions and instructions in Plaintiffs' Second Request for Production to the extent that they are inconsistent with the Federal Rules of Civil Procedure. The United States will comply with the Federal Rules of Civil Procedure in responding to these requests.

5. **Incorporation:** Each of these General Objections is incorporated into each Response provided, as if fully set forth therein. The inclusion of a specific objection to a

specific demand is neither intended as, nor should be construed as, a limitation or waiver of a General Objection or any other specific objection made in these responses.

## RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION

1. Please produce all Documents and ESI as defined above, including but not limited to all Communications, in Defendant's possession, custody, or control, regarding any past, current, draft, planned or future study or report (including any supporting data), whether completed or uncompleted, published or unpublished, approved for dissemination or not, that examines, in whole or in part, the impact on human health of PCE, TCE, vinyl chloride, benzene, dichloroethylene, and/or any other volatile organic compounds present in the water at Camp Lejeune between August 1, 1953 and December 13, 1987, performed by: (1) a United States governmental entity including but not limited to ATSDR; (2) any state entity for which you have knowledge; (3) an international governmental entity for which you are aware of such existence; and/or (4) a private third party contractor/subcontractor of the Defendant related to Camp LeJeune. This request covers the time period from January 1, 2017 to the present. It also intended to capture amongst other responsive information and documents, all documents and emails related to any unreleased ATSDR studies, and communications with employees related the state, status or approval for publishing including communications sent or received, as well as amongst and between ATSDR and/or CDC employees Frank Bove, Chris Reh, Angela Ragin, and Elizabeth Irvin.

**RESPONSE: Objection. The United States objects to this Request for Production as overbroad, vague and ambiguous, and not proportional to the needs of the case. Specifically, this Request for Production is overbroad, vague and ambiguous with respect to the use of the phrases "impact on human health. and "any other volatile organic compounds" without any**

definition. Additionally, this Request for Production seeks documents protected from disclosure by attorney-client privilege, attorney work product privilege, and/or the deliberative process privilege. In particular, the deliberative process privilege applies to, *inter alia*, the production of any drafts of the ATSDR Cancer Incidence Study and related materials as the study undergoes the agency's standard peer review process. The United States will make a formal privilege assertion related to the deliberative process privilege in conjunction with any other privilege assertions made pursuant to the stipulated ESI protocol. Furthermore, this Request for Production seeks premature expert discovery and does not adhere to the timeline imposed in the Court's Case Management Order No. 2.

Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol, the United States will be producing documents responsive to this Request for Production by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log. The United States has already directed Plaintiffs to the publicly available repositories of responsive documents provided in the United States' Responses to Plaintiffs' Corrected First Request for Production of Documents ("First RFP Response"), Response numbers' 13, 14, 15, 16, and 17, respectively. Please see also the United States' First RFP Response number 6, producing expert reports and declarations previously produced by the United States from all prior civil actions involving allegations of injury due to exposure to trichloroethylene ("TCE"), tetrachloroethylene ("PCE"), and/or benzene, at Camp Lejeune.

2. Please produce all Documents and ESI as defined above, including but not limited to Communications, in Defendant's possession, custody, or control, regarding research funded, in

whole or in part, by Defendant, whether completed or uncompleted, published or unpublished, approved for dissemination or not, that has examined, examines, or will examine, in whole or in part, the impact on human health of PCE, TCE, vinyl chloride, benzene, dichloroethylene, and/or any other volatile organic compounds present in the water at Camp Lejeune between August 1, 1953 and December 13, 1987.

**RESPONSE: Objection. The United States objects to this Request for Production as overbroad, vague and ambiguous, and not proportional to the needs of the case. Specifically, this Request for Production is overbroad, vague and ambiguous with respect to the use of the phrases "impact on human health," "research," and "any other volatile organic compounds" without any definition. Additionally, this Request for Production seeks documents and communications that are not within the possession, custody or control of the United States. Furthermore, this Request for Production seeks documents protected from disclosure by attorney-client privilege, attorney work product privilege, and/or the deliberative process privilege. Additionally, this Request for Production seeks premature expert discovery and does not adhere to the timeline imposed in the Court's Case Management Order No. 2.**

**Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol, the United States will be producing documents responsive to this Request for Production by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log. The United States has already directed Plaintiffs to the publicly available repositories of responsive documents provided in the United States' First RFP Response numbers' 13, 14, 15, 16, and 17, respectively. Please see also the United States' First**

5

RFP Response number 6, producing expert reports and declarations previously produced by the United States from all prior civil actions involving allegations of injury due to exposure to TCE, PCE, and/or benzene, at Camp Lejeune.

3. Please produce all Documents and ESI as defined above, including but not limited to Communications, in Defendant's possession, custody, or control, regarding research funded, in whole or in part, by any state entity, whether completed or uncompleted, published or unpublished, approved for dissemination or not, that has examined, examines, or will examine, in whole or in part, the impact on human health of PCE, TCE, vinyl chloride, benzene, dichloroethylene, and/or any other volatile organic compounds present in the water at Camp Lejeune between August 1, 1953 and December 13, 1987.

**RESPONSE:** Objection. The United States objects to this Request for Production as overbroad, vague and ambiguous, and not proportional to the needs of the case. Specifically, this Request for Production is overbroad, vague and ambiguous with respect to the use of the phrases "any state entity," "research," "impact on human health," and "any other volatile organic compounds" without any definition. Additionally, this Request for Production seeks documents and communications that are not within the possession, custody or control of the United States. Furthermore, this Request for Production seeks documents protected from disclosure by attorney-client privilege, attorney work product privilege, and/or the deliberative process privilege. Additionally, this Request for Production is unduly burdensome to the extent it seeks information that can be obtained from some other source that is more convenient, less burdensome, and less expensive, such as publicly available sources to which the Plaintiffs have equal access.

Without prejudice to the foregoing objections, pending entry and pursuant to the ESI

Protocol, the United States will be producing documents responsive to this Request for Production by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log.

    **4.** Please produce all Documents and ESI, including but not limited to Communications, in Defendant's possession, custody, or control, regarding research funded, in whole or in part, by any international entity, whether completed or uncompleted, published or unpublished, approved for dissemination or not, that has examined, examines, or will examine, in whole or in part, the impact on human health of PCE, TCE, vinyl chloride, benzene, dichloroethylene, and/or any other volatile organic compounds present in the water at Camp Lejeune between August 1, 1953 and December 13, 1987.

    **RESPONSE:** Objection. The United States objects to this Request for Production as overbroad, vague and ambiguous, and not proportional to the needs of the case. Specifically, this Request for Production is overbroad, vague and ambiguous with respect to the use of the phrases "any international entity," "the impact on human health," and "research" without definition. Furthermore, this Request for Production seeks documents protected from disclosure by attorney-client privilege, attorney work product privilege, and/or the deliberative process privilege.

    Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol, the United States will be producing documents related to trichloroethylene ("TCE"), tetrachloroethylene ("PCE"), and/or benzene, that are responsive to this Request for Production by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be

identified on a privilege log. The United States will be reassessing the documents withheld on the basis of the deliberative process privilege to determine whether the agency continues to assert the privilege.

5. Please produce all Documents and ESI, including but not limited to Communications, in Defendant's possession, custody, or control, regarding research funded, in whole or in part, by any private third party, whether completed or uncompleted, published or unpublished, approved for dissemination or not, that has examined, examines, or will examine, in whole or in part, the impact on human health of PCE, TCE, vinyl chloride, benzene, dichloroethylene, and/or any other volatile organic compounds present in the water at Camp Lejeune between August 1, 1953 and December 13, 1987.

**RESPONSE:**

Objection. The United States objects to this Request for Production as overbroad, vague and ambiguous, and not proportional to the needs of the case. Specifically, this Request for Production is overbroad, vague and ambiguous with respect to the use of the phrases "any private third party," "the impact on human health," and "research" without definition. Furthermore, this Request for Production seeks documents protected from disclosure by attorney work product privilege and/or the deliberative process privilege.

Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol, the United States will be producing documents responsive to this Request for Production by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log. The United States will be reassessing the documents withheld on the basis of the deliberative process privilege to determine whether the agency continues

to assert the privilege.

**Additionally, the United States has already directed Plaintiffs to the publicly available National Academies of Sciences ("NAS") report, provided in the United States' First RFP Response number 13.**

6.  Please produce copies of all studies or peer-reviewed publications concerning the Track 1 diseases (kidney cancer, bladder cancer, Parkinson's disease, non-Hodgkin's lymphoma, leukemia) that the Defendant relies on or may rely on for the purposes of contesting the issue of causation under the CLJA.

**RESPONSE: Objection. The United States objects to this Request for Production because it seeks information prepared in anticipation of litigation or trial. In addition, this Request for Production seeks information covered by the attorney-client privilege, the attorney work product doctrine, and/or the deliberative process privilege. Moreover, this Request for Production seeks premature expert discovery and does not adhere to the timeline imposed in the Court's Case Management Order No. 2. In addition, this Request for Production is overbroad, vague and ambiguous with respect to the use of the phrases "studies or peer-reviewed publications concerning the Track 1 diseases."**

7.  Please produce all Documents and ESI, including but not limited to Communications, in Defendant's possession, custody, or control, regarding any studies concerning the Track 1 diseases (kidney cancer, bladder cancer, Parkinson's disease, non-Hodgkin's lymphoma, leukemia) that the Defendant relies on or may rely on for the purposes of contesting the issue of causation under the CLJA.

**RESPONSE:**

**Objection. The United States objects to this Request for Production because it seeks**

**information prepared in anticipation of litigation or trial. In addition, this Request for Production seeks information covered by the attorney-client privilege, the attorney work product doctrine and/or the deliberative process privilege. Moreover, this Request for Production seeks premature expert discovery and does not adhere to the timeline imposed in the Court's Case Management Order No. 2.**

Respectfully submitted this 29 day of November 2023.

                    BRIAN BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Senior Trial Counsel

*/s/ Joseph B. Turner*
JOSEPH B. TURNER
PATRICK J. RYAN
SARA J. MIRSKY
Trial Attorneys
Civil Division, Torts Branch
U.S. Department of Justice
P. O. Box 340, Ben Franklin Station
Washington, D.C. 20044

## CERTIFICATE OF SERVICE

This is to certify that on November 29, 2023, I served a copy of the foregoing document upon counsel for the Plaintiffs by electronic mail at the following electronic mail address:

Edward Bell, III
jeb@belllegalgroup.com

Zina Bash
zina.bash@kellerpostman.com

Elizabeth J. Cabraser
ecabraser@lchb.com

W. Michael Dowling
mike@dowlingfirm.com

Robin L. Greenwald
rgreenwald@weitzlux.com

James A. Roberts, III
jar@lewis-roberts.com

Mona Lisa Wallace
mwallace@wallacegraham.com

*/s/ Joseph B. Turner*
Attorney for the United States