# EXHIBIT F

animals, machinery, tools, implements, and other equipment is hereby extended from June 30, 1925, to June 30, 1935, and said fund is hereby made available for such purposes for ten years from and after June 30, 1925.

<small>Fund available for ten years.</small>

<small>Oklahoma. Royalties from oil lands in, south of Red River, to be retained. Vol. 42, p. 1448.</small>

SEC. 2. The Secretary of the Interior is directed to retain in his custody until otherwise directed by law the 12½ per centum and other royalties heretofore or hereafter received by him in pursuance of Public Act Numbered 500, Sixty-seventh Congress, approved March 4, 1923.

Approved, March 4, 1925.

---

<small>March 4, 1925.
[H. R. 12281.]
[Public, No. 626.]</small>

**CHAP. 551.**—An Act Authorizing the appropriation of $5,000 for the erection of tablets or other form of memorials in the city of Quincy, Massachusetts, in memory of John Adams and John Quincy Adams.

<small>John Adams and John Quincy Adams. Memorial to, in Quincy, Mass., authorized.</small>

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the sum of $5,000, or so much thereof as may be necessary, is hereby authorized to be appropriated, out of any money in the Treasury not otherwise appropriated, to be expended under the direction of the Secretary of War in the erection of tablets or other form of memorials in the city of Quincy, Massachusetts, in memory of John Adams and John Quincy Adams.

Approved, March 4, 1925.

---

<small>March 4, 1925.
[H. R. 12264.]
[Public, No. 627.]</small>

**CHAP. 552.**—An Act Granting the consent of Congress to the State of Minnesota and the counties of Sherburne and Wright to construct a bridge across the Mississippi River.

<small>Mississippi River. Minnesota, etc., may bridge, at Clearwater.</small>

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the consent of Congress is hereby granted to the State of Minnesota and the counties of Sherburne and Wright, and their successors and assigns, to construct, maintain, and operate a bridge and approaches thereto across the Mississippi River at a point suitable to the interests of navigation, at or near the village of Clearwater in the county of Wright, in the State of Minnesota, in accordance with the provisions of the Act entitled "An Act to regulate the construction of bridges over navigable waters," approved March 23, 1906.

<small>Construction. Vol. 34, p. 84.</small>

<small>Amendment.</small>

SEC. 2. The right to alter, amend, or repeal this Act is hereby expressly reserved.

Approved, March 4, 1925.

---

<small>March 4, 1925.
[H. R. 12308.]
[Public, No. 628.]</small>

**CHAP. 553.**—An Act To amend the World War Veterans' Act, 1924

<small>World War Veterans Act amendments.</small>

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That paragraph 3 of section 3 of the World War Veterans' Act, 1924, is hereby amended to read as follows:

<small>Limitation on meaning of "child," Ante, p. 607, amended.</small>

"(3) Except as used in section 300 the terms 'child' and 'grandchild' are limited to unmarried persons either (a) under eighteen years of age, or (b) of any age, if permanently incapable of self-support by reason of mental or physical defect."

<small>Ante, p. 612, amended.</small>

SEC. 2. Section 19 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows:

<small>Jurisdiction conferred on courts to determine insurance contract claims.</small>

"SEC. 19. In the event of disagreement as to claim under a contract of insurance between the Bureau and any person or persons claiming thereunder an action on the claim may be brought against the United

States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. The procedure in such suits shall be the same as that provided in sections 5 and 6 of the Act entitled "An Act to provide for the bringing of suits against the Government of the United States," approved March 3, 1887, and section 10 thereof insofar as applicable. All persons having or claiming to have an interest in such insurance may be made parties to such suit, and such as are not inhabitants of or found within the district in which suit is brought may be brought in by order of the court to be served personally or by publication or in such other reasonable manner as the court may direct. In all cases where the bureau acknowledges the indebtedness of the United States upon any such contract of insurance and there is a dispute as to the person or persons entitled to payment, a suit in the nature of a bill of interpleader may be brought by the bureau in the name of the United States against all persons having or claiming to have any interest in such insurance in the Supreme Court of the District of Columbia or in the district court in and for the district in which any of such claimants reside: *Provided*, That not less than thirty days prior to instituting such suit the bureau shall mail a notice of such intention to each of the persons to be made parties to the suit. The circuit courts of appeal and the Court of Appeals of the District of Columbia shall respectively exercise appellate jurisdiction and, except as provided in sections 239 and 240 of the Judicial Code, the decrees of the circuit courts of appeal and the Court of Appeals of the District of Columbia shall be final. This section shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act as amended, or of the World War Veterans' Act, 1924, and amendments thereto."

SEC. 3. Section 23 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows:

"SEC. 23. The discharge or dismissal of any person from the military or naval forces on the ground that he was guilty of mutiny, treason, spying, or any offense involving moral turpitude, or willful and persistent misconduct, of which he was found guilty by a court-martial, or that he was an alien, conscientious objector who refused to perform military duty or refused to wear the uniform, or a deserter, shall bar all rights to any compensation under Title II, or any training, or any maintenance and support allowance under Title IV: *Provided*, That this section shall not apply to an alien who volunteered or who was drafted into or who served in the Army, Navy, or Marine Corps of the United States during the World War, who was discharged subsequent to November 11, 1918, or who was not discharged from the service on or prior to November 11, 1918, on his own application or solicitation by reason of his being an alien, and whose service was honest and faithful: *Provided further*, That in case any person has been discharged or dismissed from the military or naval forces as a result of a court-martial trial, and it is thereafter established to the satisfaction of the director that at the time of the commission of the offense resulting in such court-martial trial and discharge such person was insane, such person shall be entitled to the compensation and vocational training benefits under Titles II and IV hereof: *Provided further*, That discharge or dismissal or finding of guilt for any of the offenses specified in this section shall not affect the payment of compensation or maintenance and support allowance for disabilities incurred in or aggravated by service in

*Marginal notes:*
Procedure. Vol. 24, p. 505. Post, p. 1618.
Intervenors allowed.
Interpleader in case of dispute as to person entitled to receive acknowledged indebtedness.
*Proviso.* Notice to parties.
Appeal to courts of appeal.
Ante, p. 938.
Applicable to pending suits.
Ante, p. 613, amended.
Persons discharged for specified causes, barred from compensation, etc., benefits.
Post, p. 1304. Ante, p. 627.
*Provisos.* Alien in United States service during World War, entitled to compensation, etc.
Allowance if discharged by court martial and subsequently found to have been insane.
Discharge, etc., not to affect benefits for disabilities in prior or subsequent enlistments.

Case 7:23-cv-00897-RJ   Document 66-8   Filed 12/04/23   Page 3 of 12

*No compensation, etc., if death inflicted as punishment.*

any prior or subsequent enlistment: *Provided further*, That no compensation or insurance shall be payable for death inflicted as a lawful punishment for crime or military offense, except when inflicted by the enemy: *Provided*, That as to converted insurance the cash surrender value hereof, if any, on the date of such death shall be paid to the designated beneficiary if living, or if there be no designated beneficiary alive at the death of the insured the said value shall be paid to the estate of the insured: *Provided further*, That the discharge of a person for having concealed the fact that he was a minor at the time of his enlistment shall not bar him from the benefits of this Act if his service was otherwise honorable: *Provided further*, That this section, shall be deemed to be in effect as of April 6, 1917, and the director is hereby authorized and directed to make provision by bureau regulation for payment of any insurance claim or adjustment in insurance premium account of any insurance contract which would not now be affected by this section as amended."

*Cash surrender value of converted insurance payable to beneficiary.*

*Person discharged for concealing minority to have benefits if service honorable.*

*In effect as of April 6, 1917, and payment of insurance claims directed.*

*Conscientious objectors, etc. Ante, p. 615, repealed.*

SEC. 4. Section 31 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby repealed.

*New matter. Ante, p. 615.*

SEC. 5. A new section is hereby added to Title I of the World War Veterans' Act, 1924, approved June 7, 1924, to be known as section 32:

*Telephone field service allowed medical Bureau officers.*

"SEC. 32. Payment may be made for official telephone service and rental in the field wherever incurred in case of official telephones for medical officers of the Bureau where such telephones are installed in private residences or private apartments or quarters when authorized under regulations established by the director."

*Compensation, etc. Ante, p. 615, amended.*

SEC. 6. Section 200 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows:

*Officers, enlisted men, etc., entitled to, for injury or disease in service after April 6, 1917.*

"SEC. 200. For death or disability resulting from personal injury suffered or disease contracted in the military or naval service on or after April 6, 1917, and before July 2, 1921, or for an aggravation or recurrence of a disability existing prior to examination, acceptance, and enrollment for service, when such aggravation was suffered or contracted in, or such recurrence was caused by, the military or naval service on or after April 6, 1917, and before July 2, 1921, by any commissioned officer or enlisted man, or by any member of the Army Nurse Corps (female) or of the Navy Nurse Corps (female) when employed in the active service under the War Department or Navy Department, the United States shall pay to such commissioned officer or enlisted man, member of the Army Nurse Corps (female) or of the Navy Nurse Corps (female) or, in the discretion of the Director, separately to his or her dependents, compensation as hereinafter provided; but no compensation shall be paid if the injury, disease, aggravation, or recurrence has been caused by his own willful misconduct: *Provided*, That no person suffering from paralysis, paresis, or blindness shall be denied compensation by reason of willful misconduct, nor shall any person who is helpless or bedridden as a result of any disability be denied compensation by reason of willful misconduct. That for the purposes of this section every such officer, enlisted man, or other member employed in the active service under the War Department or Navy Department who was discharged or who resigned prior to July 2, 1921, and every such officer, enlisted man, or other member employed in the active service under the War Department or Navy Department on or before November 11, 1918, who on or after July 2, 1921, is discharged or resigns, shall be conclusively held and taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, disorders, or infirmities made of record in any manner by proper authorities of the United States at the time of, or prior to, inception of active service, to the

*Payment to person or dependents.*

*Misconduct exception. Provisos. Paralysis, etc., allowance.*

*Soundness on entrance inferred if in active service prior to July 2, 1921, and on or before November 11, 1918.*

*Recorded defects excepted.*

extent to which any such defect, disorder, or infirmity was so made of record: *Provided*, That an ex-service man who is shown to have or, if deceased, to have had, prior to January 1, 1925, neuropsychiatric disease, an active tuberculosis disease, paralysis agitans, encephalitis lethargica, or amoebic dysentery developing a 10 per centum degree of disability or more in accordance with the provisions of subdivision (1) of section 202 of this Act shall be presumed to have acquired his disability in such service between April 6, 1917, and July 2, 1921, or to have suffered an aggravation of a preexisting neuropsychiatric disease, tuberculosis, paralysis agitans, encephalitis lethargica, or amoebic dysentery in such service between said dates, and said presumption shall be conclusive in cases of active tuberculous disease, but in all other cases said presumption shall be rebuttable by clear and convincing evidence; but nothing in this proviso shall be construed to prevent a claimant from receiving the benefits of compensation and medical care and treatment for a disability due to these diseases of more than 10 per centum degree (in accordance with the provisions of subdivision (4) section 202, of this Act) on or subsequent to January 1, 1925, if the facts in the case substantiate his claim."

Sec. 7. Section 201 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows:

"Sec. 201. That if death results from injury—

"If the deceased leaves a widow or child, or if he leaves a mother or father either or both dependent upon him for support, the monthly compensation shall be the following amounts:

"(a) If there is a widow but no child, $30.
"(b) If there is a widow and one child, $40, with $6 for each additional child.
"(c) If there is no widow, but one child. $20.
"(d) If there is no widow, but two children, $30.
"(e) If there is no widow, but three children, $40, with $5 for each additional child.
"(f) If there is a dependent mother (or dependent father), $20, or both, $30. The amount payable under this subdivision shall not exceed the difference between the total amount payable to the widow and children and the sum of $75. Such compensation shall be payable, whether the dependency of the father or mother or both arises before or after the death of the person, but no compensation shall be payable if the dependency arises more than five years after the death of the person.

"(1) If death occur or shall have occurred subsequent to April 6, 1917, and before discharge or resignation from the service, the United States Veterans' Bureau shall pay for burial and funeral expenses and the return of body to his home a sum not to exceed $100, as may be fixed by regulation. Where a veteran of any war, including those persons who served honorably as Army nurses under contracts for ninety days or more during the Spanish-American War, who was not dishonorably discharged dies after discharge or resignation from the service and does not in the judgment of the director leave sufficient assets to meet the expenses of burial and funeral and the transportation of the body, the United States Veterans' Bureau shall pay the following sums: For a flag to drape the casket, and after burial to be given to the next of kin of the deceased, a sum not exceeding $7; also, for burial and funeral expenses and the transportation of the body (including preparation of the body) to the place of burial, a sum not exceeding $100 to cover such items and to be paid to such person or persons as may be fixed by regulations: *Provided*, That when such person dies while receiving from the bureau compensation or vocational training, the

*Side notes:*
Specified diseases developed prior to January 1, 1925, presumed as incurred in service.
*Ante*, p. 618.
Claim may be allowed later for ratable disability.
*Ante*, p. 619.
Death allowances. *Ante*, p. 616, amended.
Resulting from injury.
Monthly compensation to relatives.
Widow and children.
Dependent parents. Limitation.
Burial expenses. In the service.
Veterans of any war, including contract nurses during Spanish-American war.
Specified allowances.
*Proviso.*
Bureau beneficiaries.

| | |
|---|---|
| Dying away from home, etc., allowances paid in addition to transporting body, etc. | above benefits shall be payable in all cases: *Provided further*, That where such person, while receiving from the bureau medical, surgical, or hospital treatment or vocational training, dies away from home and at the place to which he was ordered by the bureau, or while traveling under orders of the bureau, the above benefits shall be payable in all cases and in addition thereto the actual and necessary cost of the transportation of the body of the person (including preparation of the body) to the place of burial, within the continental limits of the United States, its Territories or possessions and including also, in the discretion of the director, the actual and necessary cost of transportation of an attendant: *And provided further*, That no accrued pension, compensation, or insurance due at the time of death shall be deducted from the sum allowed. |
| Cost of attendant. | |
| No deduction of accrued pension, etc. | |
| Payment to widow, and parent. | "(2) The payment of compensation to a widow shall continue until her death or remarriage, and the payment of compensation to a parent shall continue to the death of such parent. |
| To children. | "(3) The payment of compensation to or for a child shall continue until such child reaches the age of eighteen years or marries, or if such child be permanently incapable of self-support by reason of mental or physical defect, then during such incapacity. |
| Termination of rates. | "(4) Whenever the compensation payable to or for the benefit of any person under the provisions of this section is terminated by the happening of the contingency upon which it is limited, the compensation thereafter for the remaining beneficiary or beneficiaries, if any, shall be the amount which would have been payable to them if they had been the sole original beneficiaries. |
| Children not with mother. | "(5) As between the widow and the children not in her custody, and as between children, the amount of compensation shall be apportioned as may be prescribed by regulation. |
| Widow restriction. | "(6) The term 'widow,' as used in this section, shall not include one who shall have married the deceased later than ten years after July 2, 1921, and shall include widower whenever his condition is such that if the deceased person were living he would have been dependent upon her for support. |
| Effective April 6, 1917.<br>*Provisos.*<br>Receipt of pension on account of another person, no bar to other benefits. | "(7) That this section shall be deemed to be in effect as of April 6, 1917: *Provided, however*, That the receipt of a gratuity, pension, or compensation, including adjusted compensation, by widow, child, or parent, on account of the death, disability, or service of any person shall not bar the payment of compensation on account of the death or disability of any other person: *Provided*, That before compensation under this section shall be paid the claimant shall first surrender all claim to any gratuity or pension payable under any other law on account of the death of the same person: *Provided further*, That no changes in rates or compensation made by this Act shall be retroactive in effect." |
| Surrender of gratuity claim, etc. | |
| Changes not retroactive. | |
| Disability compensation.<br>*Ante, p. 617, amended.* | Sec. 8. Paragraphs 6, 7, and 9 of section 202 of the World War Veterans' Act, 1924, approved June 7, 1924, are hereby amended to read as follows: |
| Bureau to furnish medical services, surgical appliances, etc., in addition to compensation. | "(6) In addition to the compensation above provided, the injured person shall be furnished by the United States Veterans' Bureau such reasonable governmental care or medical, surgical, dental, and hospital services, including payment of court costs and other expenses incident to proceedings heretofore or hereafter taken for the commitment of mentally incompetent persons to institutions for the care or treatment of the insane, and shall be furnished with such supplies including dental appliances, wheel chairs, artificial limbs, trusses, and similar appliances, including special clothing made necessary by the wearing of prosthetic appliances prescribed by the bureau, as the director may determine to be useful and reasonably necessary, which dental appliances, wheel chairs, artificial limbs, |

trusses, special clothing, and similar appliances may be procured by the bureau in such manner, either by purchase or manufacture, as the director may determine to be advantageous and reasonably necessary: *Provided*, That nothing in this Act shall be construed to affect the necessary military control over any member of the Military or Naval Establishments before he shall have been discharged from the military or naval service. *Proviso. Army or Navy status before discharge not affected.*

"(7) Where any disabled person having neither wife, child, nor dependent parent shall, after July 1, 1924, have been maintained by the bureau for a period or periods amounting to six months in an institution or institutions, and shall be deemed by the director to be insane, the compensation for such person shall thereafter be $20 per month so long as he shall thereafter be maintained by the bureau in an institution; and such compensation may, in the discretion of the director, be paid to the chief officer of said institution to be used for the benefit of such person: *Provided, however*, That if such person shall recover his reason and shall be discharged from such institution as competent, an additional amount of $60 per month shall be paid to him for each month the rate of compensation was $20 per month as provided by this subdivision. *Compensation for patients in insane institutions. Proviso. Additional allowance on recovery.*

"All or any part of the compensation, of any mentally incompetent inmate of an institution, may, in the discretion of the director, be paid to the chief officer of said institution to be properly accounted for and to be used for the benefit of such inmate, or may in the discretion of the director be apportioned to wife, child, or children, or dependent parents, in accordance with regulations. *Payment of compensation to hospital director. Or dependent relatives.*

"After June 30, 1927, the monthly rate of compensation for all veterans (other than those totally and permanently disabled), who are being maintained by the bureau in an institution of any description and who are without wife, child, or dependent parent, shall not exceed $40. *Rate for veterans in hospitals, if without dependents, after June 30, 1927.*

"(9) In addition to the care, treatment, and appliances now authorized by law, said bureau shall also provide, without charge therefor, hospital, dental, medical, surgical, and convalescent care and treatment and prosthetic appliances (including such dental appliances as may be found reasonably necessary by the director) for any member of the military or naval forces of the United States, not dishonorably discharged, disabled by reason of any wound or injury received or disease contracted, or by reason of any aggravation of a preexisting injury or disease, specifically noted at examination for entrance into or employment in the active military or naval service while in the active military or naval service of the United States on or after April 6, 1917, and before July 2, 1921: *Provided*, That the wound or injury received or disease contracted or aggravation of a preexisting injury or disease, for which such hospital, dental, medical, surgical, and convalescent care and treatment and prosthetic appliances (including such dental appliances as may be found reasonably necessary by the director) shall be furnished, was incurred in the military or naval service and not caused by his own willful misconduct: *Provided*, That where a beneficiary of the bureau suffers or has suffered an injury or contracted a disease in service entitling him to the benefits of this subdivision, and an emergency develops or has developed requiring immediate treatment or hospitalization on account of such injury or disease, and no bureau facilities are or were then feasibly available and in the judgment of the director delay would be or would have been hazardous, the director is authorized to reimburse such beneficiary the reasonable value of such service received from sources other than the bureau. *Free treatment, etc., to discharged persons disabled in active service since April 6, 1917, and before July 2, 1921. Dental appliances added. Provisos. If disability not caused by willful misconduct. Reimbursement for immediate treatment, if no Bureau facilities available.*

SEC. 9. Paragraph 10 of section 202 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended by adding at the end thereof the following: *Hospital facilities. Public Laws, 1st sess., p. 621 amended.*

Case 7:23-cv-00897-RJ Document 66-8 Filed 12/04/23 Page 7 of 12

| | |
|---|---|
| Insular possessions treatment. | "In the insular possessions of the United States, the director is further authorized to furnish hospitalization in other than Government hospitals." |
| *Ante*, p. 622, amended. | Sec. 10. That section 208 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows: |
| Officers authorized to make arrests, etc. | "For the purpose of maintaining law and order and of protecting persons and property at United States Veterans' Bureau Hospitals the Director is hereby authorized to designate at such hospitals persons who shall have authority to make arrests for any crime or offense against the United States committed on the hospital reservation. |
| Jurisdiction of commissioners. | Any person so arrested shall be taken forthwith before the nearest United States Commissioner, within whose jurisdiction the hospital is located. Travel and transportation expenses incident to carrying out the provisions of this section shall be paid from the appropriation for administrative expenses." |
| *Ante*, p. 623, amended. | Sec. 11. Section 213 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows: |
| Benefits for injuries, etc., resulting from training, treatment, etc. | "Sec. 213. Where any beneficiary suffers or has suffered an injury or an aggravation of an existing injury as the result of training, hospitalization, or medical or surgical treatment, awarded to him under the Vocational Rehabilitation Act as amended, the War Risk |
| From examinations. Vol. 40, p. 406. *Ante*, p. 622. | Insurance Act as amended, or this Act, or as a result of having submitted to examination under authority of section 303 of the War Risk Insurance Act or section 203 of this Act, and not the result of his misconduct, and such injury or aggravation of an existing injury results in additional disability to or the death of such beneficiary, the benefits of this title shall be awarded in the same manner as though such disability, aggravation, or death was the result of |
| In lieu of compensation for injuries to Government employees. Vol. 39, p. 742. | military service during the World War. The benefits of this section shall be in lieu of the benefits under the Act entitled 'An Act to provide compensation for employees of the United States suffering injuries while in the performance of their duties, and for other |
| *Provisos.* Time for application. | purposes,' approved September 7, 1916: *Provided*, That application be made for such benefits within two years after such injury or aggravation was suffered or such death occurred or after the passage |
| Subrogation if injury from other source. Vol. 40, p. 613. | of this Act whichever is the later date: *Provided further*, That the provisions of section 313 of the War Risk Insurance Act as amended, relating to subrogation, shall be applicable to beneficiaries under this section." |
| Insurance. *Ante*, p. 624, amended. | Sec. 12. Section 300 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows: |
| Granted to all persons under service of War or Navy Departments, upon application. | "Sec. 300. In order to give to every commissioned officer and enlisted man and to every member of the Army Nurse Corps (female) and of the Navy Nurse Corps (female) when employed in active service under the War Department or Navy Department protection for themselves and their dependents, the United States, upon application to the bureau and without medical examination, shall grant United States Government life insurance (converted insurance) against the death or total permanent disability of any such person in any multiple of $500, and not less than $1,000 or more than $10,000, upon the payment of the premiums as hereinafter |
| Time for making. | provided. Such insurance must be applied for within one hundred and twenty days after enlistment or after entrance into or employment in the active service and before discharge or resignation. |
| Beneficiaries allowed. | "The insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece brother-in-law or sister-in-law, or to any or all of them, and also during total and permanent disability to the injured person. |

Case 7:23-cv-00897-RJ   Document 66-8   Filed 12/04/23   Page 8 of 12

"Where a beneficiary at the time of designation by the insured is within the permitted class of beneficiaries and is the designated beneficiary at the time of the maturity of the insurance because of the death of the insured, such beneficiary shall be deemed to be within the permitted class even though the status of such beneficiary shall have been changed. <span style="float:right">*Beneficiary recognized if within permitted class when designated.*</span>

"The United States shall bear the expenses of administration and the excess mortality and disability cost resulting from the hazards of war. The premium rates shall be the net rates based upon the American Experience Table of Mortality and interest at 3½ per centum per annum. This section shall be deemed to be in effect as of June 7, 1924." <span style="float:right">*Expenses borne by United States. Premium rates. In effect as of June 7, 1924.*</span>

SEC. 13. Section 301 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows: <span style="float:right">*Converted insurance. Ante, p. 624, amended.*</span>

"SEC. 301. Not later than July 2, 1926, all term insurance held by persons who were in the military service after April 6, 1917, shall be converted, without medical examination, into such form or forms of insurance as may be prescribed by regulations and as the insured may request. Regulations shall provide for the right to convert into ordinary life, twenty-payment life, endowment maturing at age sixty-two, and into other usual forms of insurance, and shall prescribe the time and method of payment of the premiums thereon, but payments of premiums in advance shall not be required for periods of more than one month each and may be deducted from the pay or deposit of the insured or be otherwise made at his election. <span style="float:right">*Term insurance to be converted into other forms. Conversion rights.*</span>

"All term insurance shall cease on July 2, 1926, except when death or total permanent disability shall have occurred before July 2, 1926. <span style="float:right">*Term insurance to cease July 2, 1926.*</span>

"In case where an insured whose yearly renewable term insurance has matured by reason of total permanent disability is found and declared to be no longer permanently and totally disabled, and where the insured is required under regulations to renew payment of premiums on said term insurance, and where this contingency is extended beyond the period during which said yearly renewable term insurance otherwise must be converted, there shall be given such insured an additional period of two years from the date on which he is required to renew payment of premiums in which to convert said term insurance as hereinbefore provided. <span style="float:right">*Insurance matured by total disability. Renewal authorized if no longer disabled.*</span>

"The insurance except as provided herein shall be payable in two hundred and forty equal monthly installments. Provisions for maturity at certain ages, for continuous installments during the life of the insured or beneficiaries, or both, for cash, loan, paid up and extended values, dividends from gains and savings, and such other provisions for the protection and advantage of and for alternative benefits to the insured and the beneficiaries as may be found to be reasonable and practicable, may be provided for in the contract of insurance, or from time to time by regulations. All calculations shall be based upon the American Experience Table of Mortality and interest at 3½ per centum per annum, except that no deduction shall be made for continuous installments during the life of the insured in case his total and permanent disability continues more than two hundred and forty months. Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries without the consent of such beneficiary or beneficiaries, but only within the classes herein provided. <span style="float:right">*Mode of payment. Other provisions authorized. Calculations, etc. Change of beneficiaries allowed.*</span>

"If no beneficiary within the permitted class be designated by the insured as beneficiary for converted insurance granted under the provisions of Article IV of the War Risk Insurance Act, or Title III of this Act, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, then <span style="float:right">*Payment to estate, if no beneficiary designated.*</span>

Case 7:23-cv-00897-RJ   Document 66-8   Filed 12/04/23   Page 9 of 12

On death of beneficiary without receiving all installments.

there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments; or if the designated beneficiary survives the insured and dies before receiving all of the installments of converted insurance payable and applicable, then there shall be paid to the estate of such beneficiary the present value of the remaining unpaid monthly installments: *Provided*, That no payments shall be made to any estate which under the laws of the residence of the insured or the beneficiary, as the case may be, would escheat, but same shall escheat to the United States and be credited to the United States Government life-insurance fund.

*Proviso.*
Escheat to United States and credit to fund.

Optional lump sum, etc., payments.

"The bureau may make provision in the contract for converted insurance for optional settlements, to be selected by the insured, whereby such insurance may be made payable either in one sum or in installments for thirty-six months or more. The bureau may also include in said contract a provision authorizing the beneficiary to elect to receive payment of the insurance in installments for thirty-six months or more, but only if the insured has not exercised the right of election as hereinbefore provided; and even though the insured may have exercised his right of election the said contract may authorize the beneficiary to elect to receive such insurance in installments spread over a greater period of time than that selected by the insured. This section shall be deemed to be in effect as of June 7, 1924."

Other installment periods.

Effective, June 7, 1924.

Term insurance. *Ante*, p. 625, amended.
Payment to estate, if no surviving beneficiary of term insurance.

SEC. 14. Section 303 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows:

"SEC. 303. If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: *Provided*, That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this Act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: *Provided further*, That no award of yearly renewable term insurance which has been made to the estate of a last surviving beneficiary shall be affected by this amendment: *Provided further*, That in cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917."

*Provisos.*
Continuance of paying awards.

Awards to estates not affected.

Escheat to United States and credited to fund.

Effective October 6, 1917.

Reinstated insurance.
*Ante*, p. 625, amended.
Approval of application for, without medical examination.

SEC. 15. Section 304 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows:

"SEC. 304. In the event that all provisions of the rules and regulations other than the requirements as to the physical condition of the applicant for insurance have been complied with an application for reinstatement, in whole or in part, of lapsed or canceled yearly renewable term insurance or United States Government life insurance (converted insurance) hereafter made may be approved if made within one year after the passage of this Act or within two years

after the date of lapse or cancellation: *Provided*, That the applicant's disability is the result of an injury or disease, or of an aggravation thereof, suffered or contracted in the active military or naval service during the World War: *Provided further*, That the applicant during his lifetime submits proof satisfactory to the director showing that he is not totally and permanently disabled. As a condition, however, to the acceptance of an application for the reinstatement of lapsed or canceled yearly renewable term insurance, where the requirements as to the physical condition of the applicant have not been complied with, or, for the reinstatement of United States Government life insurance (converted insurance), the applicant shall be required to pay all the back monthly premiums which would have become payable if such insurance had not lapsed, together with interest at the rate of 5 per centum per annum, compounded annually, on each premium from the date said premium is due by the terms of the policy: *And provided further*, That no term insurance shall be reinstated after July 2, 1926."  <span style="float:right">*Provisos.* If disability from World War service. Proof of not totally disabled. Back premiums to be paid. None allowed after July 2, 1926.</span>

Sec. 16. A new section be added to Title IV of the World War Veterans' Act, 1924, approved June 7, 1924, to be known as section 407, and to read as follows: <span style="float:right">Vocational rehabilitation. *Ante*, p. 628, amended.</span>

"Sec. 407. The director is authorized to make provisions by regulation whereby trainees of the United States Veterans' Bureau who have successfully completed their courses or such part of their courses as enables them to enter employment or business in line with their training shall be allowed to retain such equipment, supplies, and books as the director may by regulation prescribe." <span style="float:right">Trainees allowed to retain part of equipment, etc.</span>

Sec. 17. Section 500 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows: <span style="float:right">Penalties. *Ante*, p. 628, amended.</span>

"Sec. 500. Except in the event of legal proceedings under section 19 of Title I of this Act, no claim agent or attorney except the recognized representatives of the American Red Cross, the American Legion, the Disabled American Veterans, and Veterans of Foreign Wars, and such other organizations as shall be approved by the director shall be recognized in the presentation or adjudication of claims under Titles II, III, and IV of this Act, and payment to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers in any application to the bureau shall not exceed $10 in any one case: *Provided, however*, That wherever a judgment or decree shall be rendered in an action brought pursuant to section 19 of Title I of this Act the court, as a part of its judgment or decree, shall determine and allow reasonable fees for the attorneys of the successful party or parties and apportion same if proper, said fees not to exceed 10 per centum of the amount recovered and to be paid by the bureau out of the payments to be made under the judgment or decree at a rate not exceeding one-tenth of each of such payments until paid. Any person who shall, directly or indirectly, solicit, contract for, charge, or receive, or who shall attempt to solicit, contract for, charge, or receive any fee or compensation, except as herein provided, shall be guilty of a misdemeanor, and for each and every offense shall be punishable by a fine of not more than $500 or by imprisonment at hard labor for not more than two years, or by both such fine and imprisonment." <span style="float:right">Restriction on recognizing claim agents, etc. *Ante*, p. 1302. Pay for services limited. *Proviso.* Determination of fee by the court in insurance cases. Punishment for soliciting, receiving, etc., unauthorized fees.</span>

Sec. 18. Section 503 of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows: <span style="float:right">*Ante*, p. 629, amended.</span>

"Sec. 503. That whoever shall obtain or receive any money, check, compensation, insurance, or maintenance and support allowance under the War Risk Insurance Act as amended, the Vocational Rehabilitation Act as amended, or the World War Veterans' Act, 1924, and any amendments thereto without being entitled to the same, <span style="float:right">Punishment for fraudulently receiving money, etc.</span>

Case 7:23-cv-00897-RJ   Document 66-8   Filed 12/04/23   Page 11 of 12

and with intent to defraud the United States or any beneficiary of the United States Veterans' Bureau shall be punished by a fine of not more than $2,000 or by imprisonment for not more than one year, or by both such fine and imprisonment."

*Ante*, p. 629, amended.

Presenting false affidavits, statements, etc., in claims for compensation, payment of money, etc., a misdemeanor.

SEC. 19. Section 504, Title V, of the World War Veterans' Act, 1924, approved June 7, 1924, is hereby amended to read as follows:

"SEC. 504. Any person who shall knowingly make or cause to be made, or conspire, combine, aid, or assist in, agree to, arrange for, or in any wise procure the making or presentation of a false or fraudulent affidavit, declaration, certificate, statement, voucher, or paper, or writing purporting to be such, concerning any claim or the approval of any claim for compensation or maintenance and support allowance, or the payment of any money, for himself or for any other person, under Titles II or IV hereof, shall forfeit all rights, claims, and benefits under said titles, and, in addition to any and all other penalties imposed by law, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or by both such fine and imprisonment, for each such offense."

Forfeiture of all rights, etc.

Punishment for.

Fiduciaries.
*Ante*, p. 629, amended.

SEC. 20. That a new section be added to the World War Veterans' Act, 1924, approved June 7, 1924, to be known as section 505, and to read as follows:

Punishment for embezzling money of minor or incompetent by guardian, curator, etc.

"SEC. 505. Every guardian, curator, conservator, committee, or person legally vested with the responsibility or care of the claimant or his estate, having charge and custody in a fiduciary capacity of money paid, under the War Risk Insurance Act as amended, or under the World War Veterans' Act, 1924, for the benefit of any minor or incompetent claimant, who shall embezzle the same in violation of his trust or fraudulently convert the same to his own use, shall be punished by fine not exceeding $2,000 or imprisonment at hard labor for a term not exceeding five years, or both."

Approved, March 4, 1925.

---

March 4, 1925.
[H. R. 12344.]
[Public, No. 629.]

CHAP. 554.—An Act To extend the time for the commencement and completion of the bridge of the Valley Transfer Railway Company, a corporation, across the Mississippi River in the State of Minnesota.

Mississippi River.
Time extended for bridging, by Valley Transfer Railway Company.
*Ante*, p. 2, amended.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the times for commencing and completing the construction of the bridge of the Valley Transfer Railway Company, a corporation, authorized by Act of Congress, approved January 30, 1924, to be built across the Mississippi River between Hennepin and Ramsey Counties, Minnesota, are hereby extended one and three years, respectively, from the date of approval hereof.

Amendment.

SEC. 2. The right to alter, amend, or repeal this Act is hereby expressly reserved.

Approved, March 4, 1925.

---

March 4, 1925.
[H. R. 12376.]
[Public, No. 630.]

CHAP. 555.—An Act To extend the times for the commencement and completion of the bridge of the county of Norman and the town and village of Halstad, in said county, in the State of Minnesota, and the county of Traill and the town of Herberg, in said county, in the State of North Dakota, across the Red River of the North on the boundary line between said States.

Red River of the North.
Time extended for bridging, between Halstad, Minn., and Herberg, N. Dak.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the times for commencing and completing the construction of the bridge of the county of Norman and the town and village of Halstad, in said

Case 7:23-cv-00897-RJ Document 66-8 Filed 12/04/23 Page 12 of 12