# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **CAMP LEJEUNE WATER LITIGATION** | ) |
| | ) |
| **This Document Relates to:** | ) |
| **ALL CASES** | ) |
| | ) |

## PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs respectfully serve their Second Request for Production of Documents as permitted under Federal Rules of Civil Procedure 26 and 34 as well as Case Management Order No. 2 in the above-captioned matter. These requests are being served by Plaintiffs, through Lead and Co-Lead Counsel, on Defendant United States of America. You are requested to respond to this Second Request within thirty days of email delivery service. Unless otherwise stated, Plaintiffs incorporate the Instructions and Definitions in Plaintiffs' First Request for Production of Documents.

## INSTRUCTIONS

In responding to these Requests, you are requested to follow the following instructions, which Plaintiffs believe are consistent with the Rules:

**1.** Unless otherwise requested, please produce all requested documents and things to Plaintiffs' Lead and Co-Lead Counsel. If the production includes items which cannot be transmitted electronically, please inform counsel signing these Requests in advance or at the time of the production.

**2.** Where no discoverable matter exists which would be responsive to a Discovery Request, please so state.

**3.** Please respond to these Requests by furnishing all responsive discoverable matter

either in your possession, in your control, or accessible to you by reasonable inquiry. This includes discoverable matter in the possession, custody, or control of your (a) agents, (b) employees; (c) attorneys, (d) corporate departments or divisions; (e) your parent or subsidiary corporations; (f) corporate affiliates; and (g) any other persons, firms, or corporations which because of your business relationship would readily respond to your inquiry in the ordinary course of business.

4. Where documents and things exist which fall within the descriptive terms of one of the Plaintiffs' Requests, and production of the same will be made by you, please produce such documents and things in a manner corresponding to the numbered request in which they are described, so that identification with the appropriate request can readily be made.

5. In addition to the original of any such requested documents, any request for a document also includes:

    a. any copy by whatever name called, which relates to the original, specifically including any material underlying, supporting, or used in the preparation of any such original document;

    b. any and all attachments to the original;

    c. any and all documents referred to in the original;

    d. any and all subsequent additions, deletions, substitutions, amendments, or modifications to the original of any sort.

6. If you are unsure of the meaning of a word, phrase, or abbreviation used in any Request, please contact Lead Counsel and Co-Lead Counsel for Plaintiffs in writing, specify the word or phrase whose meaning you claim is unclear, and ask for written clarification of the word or phrase in question before your response due date. To the extent any ambiguity genuinely exists, such clarification will be promptly provided to you.

# DEFINITIONS

Plaintiffs provide the following definitions of words, phrases, and abbreviations used by Plaintiffs in propounding the Requests to help you understand the objectives of Plaintiffs' discovery efforts and to locate and disclose all discoverable matter sought by the Requests without engaging in semantic arguments:

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein, and are deemed to be incorporated in each request:

1. "Agent" means any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

2. "Associated with" and "related to" and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, constituting, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert or contradict (whether legally, factually, or otherwise), in whole or in part.

3. "Camp Lejeune" shall be inclusive of Camp Geiger and New River Air Station.

4. "Communication" means the transmittal (in the form) of facts, ideas, thoughts, opinions, data, inquiries or otherwise and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of any type.

5. "Concerning," as it relates to documents, means any Documents that explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the Request, including all Documents that reflect, refer, record, are in regard to, in connection with, specify, memorialize, relate, describe, discuss, consider, constitute, embody,

evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the Request.

6. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" means the original (or, if the information called for cannot be provided as to the original, each and every copy, duplicate or reproduction) of any medium upon which information can be recorded or retrieved, and shall mean, without limitation, any written, recorded or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tapes, films, computer, electronic storage devices or any other media or ESI and includes, without limiting the generality of the foregoing, papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, contracts, notes, electronic mail ("e-mails"), text messages, instant Electronic Messages, reports, Studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of Meetings, corporate minutes, orders, resolutions, agendas, memorials or notes of oral Communications, whether by telephone or face-to-face, contracts, Agreements, drafts or proposed contracts or Agreements, memoranda of understanding, letters of intent, deal memoranda, transcriptions of audio or video recordings, computer tapes, computer diskettes or disks, or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of Communication or information is recorded or reproduced, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not.

8. "Electronic Media" means any magnetic, optical, or other storage media device used to

4

Case 7:23-cv-00897-RJ   Document 74-3   Filed 12/11/23   Page 5 of 13

record ESI including, without limitation, computer memory, hard disks, floppy disks, flash memory devices, CDs, DVDs, Blu-ray disks, cloud storage (e.g., DropBox, Box, OneDrive, and SharePoint), tablet computers (e.g., iPad, Kindle, Nook, and Samsung Galaxy), cellular or smart phones (e.g., BlackBerry, iPhone, Samsung Galaxy), personal digital assistants, magnetic tapes of all types or any other means for digital storage and/or transmittal.

9. "ESI," "Electronically Stored Information," or "Electronic Data" means the original (or identical copies when originals are not available) and any copies of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such data may include, but is not limited to, all text files (including word processing documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mails (including electronic mail receipts and/or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, .PDF and .TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in an active file, deleted file, or file fragment. ESI includes, but is not limited to, any and all items stored on any electronic media, computers, networks or "cloud" computing services and all backup files containing electronically stored data. The term "ESI" also includes the file, folder tabs, metadata, personal electronic backup media, including thumb drives, and/or containers and labels appended to or

associated with any physical storage device associated with each such original and/or copy. In addition, the term "ESI" includes all text messages, instant messages, internet messages, intranet messages, electronic bulletin board messages, blog entries, website postings of any nature, and all other methods by which messages may be transmitted by or through electronic means.

10. "Meeting" means the contemporaneous presence, whether in person or through any means of communication, of any natural Persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal, or occurred in connection with some other activity.

11. "Refer," "Regarding," "Referring to," "Relate," or "Relating to" means "Concern" or "Concerning," as defined above.

12. United States of America, "USA", or "US" means and refers to the Defendant in this case, including any and all agencies, departments, and divisions of the United States federal government, and including but not limited to the Department of the Navy (the "DON" or "Navy"), the Department of Veteran's Affairs ("VA") and the Unites States Marine Corps ("USMC").

13. "You" or "Your" means the person or entity responding to these Requests.

## RULES OF CONSTRUCTION

1. "Any," "All," and "Each" shall be construed as any, all and each.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring all responses within the scope of these Requests.

3. The singular form of a noun or pronoun includes the plural form and vice versa.

4. The masculine shall be construed to include the feminine and vice versa.

5. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

6. A term or word defined herein is meant to include both the lower and upper case reference to such term or word.

**RELEVANT TIME PERIOD**

The relevant time period for each request stated hereinbelow is from August 1, 1953 to the present (the "Relevant Time Period"), unless otherwise specifically indicated, and shall include all documents and ESI concerning such period, even though prepared or published outside of the Relevant Time Period. If a document or ESI item prepared before the Relevant Time Period is necessary for a correct or complete understanding of any document or ESI covered by a request, you must produce the earlier or subsequent document or ESI as well. If a document or ESI item is undated, the date of its preparation cannot be ascertained, and the document or ESI is otherwise responsive to the request, the document or ESI shall be produced.

**REQUESTS FOR PRODUCTION**

1. Please produce all Documents and ESI as defined above, including but not limited to all Communications, in Defendant's possession, custody, or control, regarding any past, current, draft, planned or future study or report (including any supporting data), whether completed or uncompleted, published or unpublished, approved for dissemination or not, that examines, in whole or in part, the impact on human health of PCE, TCE, vinyl chloride, benzene, dichloroethylene, and/or any other volatile organic compounds present in the water at Camp Lejeune between August 1, 1953 and December 13, 1987, performed by: (1) a United States governmental entity including but not limited too ATSDR; (2) any state entity for which you have knowledge; (3) an international governmental entity for which you are aware of such existence; and/or (4) a private third party contractor/subcontractor of the Defendant related to Camp LeJeune. This request covers the time period from January 1, 2017 to the present.  It also intended to capture

amongst other responsive information and documents, all documents and emails related to any unreleased ATSDR studies, and communications with employees related the state, status or approval for publishing including communications sent or received, as well as amongst and between ATSDR and/or CDC employees Frank Bove, Chris Reh, Angela Ragin, and Elizabeth Irvin.

**RESPONSE:**

2. Please produce all Documents and ESI as defined above, including but not limited to Communications, in Defendant's possession, custody, or control, regarding research funded, in whole or in part, by Defendant, whether completed or uncompleted, published or unpublished, approved for dissemination or not, that has examined, examines, or will examine, in whole or in part, the impact on human health of PCE, TCE, vinyl chloride, benzene, dichloroethylene, and/or any other volatile organic compounds present in the water at Camp Lejeune between August 1, 1953 and December 13, 1987.

**RESPONSE:**

3. Please produce all Documents and ESI as defined above, including but not limited to Communications, in Defendant's possession, custody, or control, regarding research funded, in whole or in part, by any state entity, whether completed or uncompleted, published or unpublished, approved for dissemination or not, that has examined, examines, or will examine, in whole or in part, the impact on human health of PCE, TCE, vinyl chloride, benzene, dichloroethylene, and/or any other volatile organic compounds present in the water at Camp Lejeune between August 1, 1953 and December 13, 1987.

**RESPONSE:**

4. Please produce all Documents and ESI, including but not limited to Communications, in Defendant's possession, custody, or control, regarding research funded, in whole or in part, by any international entity, whether completed or uncompleted, published or unpublished, approved for dissemination or not, that has examined, examines, or will examine, in whole or in part, the impact on human health of PCE, TCE, vinyl chloride, benzene, dichloroethylene, and/or any other volatile organic compounds present in the water at Camp Lejeune between August 1, 1953 and December 13, 1987.

**RESPONSE:**

5. Please produce all Documents and ESI, including but not limited to Communications, in Defendant's possession, custody, or control, regarding research funded, in whole or in part, by any private third party, whether completed or uncompleted, published or unpublished, approved for dissemination or not, that has examined, examines, or will examine, in whole or in part, the impact on human health of PCE, TCE, vinyl chloride, benzene, dichloroethylene, and/or any other volatile organic compounds present in the water at Camp Lejeune between August 1, 1953 and December 13, 1987.

**RESPONSE:**

6. Please produce copies of all studies or peer-reviewed publications concerning the Track 1 diseases (kidney cancer, bladder cancer, Parkinson's disease, non-Hodgkin's lymphoma, leukemia) that the

Defendant relies on or may relay on for the purposes of contesting the issue of causation under the CLJA.

**RESPONSE:**

7. Please produce all Documents and ESI, including but not limited to Communications, in Defendant's possession, custody, or control, regarding any studies concerning the Track 1 diseases (kidney cancer, bladder cancer, Parkinson's disease, non-Hodgkin's lymphoma, leukemia) that the Defendant relies on or may relay on for the purposes of contesting the issue of causation under the CLJA.

**RESPONSE:**

Respectfully submitted this 29th day of October, 2023.

/s/ *J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com

*Lead Counsel for Plaintiffs*

/s/ *Elizabeth J. Cabraser*
Elizabeth J. Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com

*Co-Lead Counsel for Plaintiffs*

/s/ *Robin L. Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

/s/ *Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*

/s/ *Zina Bash*
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com

*Co-Lead Counsel for Plaintiffs and Government Liaison Counsel*

/s/ *W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com

*Co-Lead Counsel for Plaintiffs*

/s/ *James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
jar@lewis-roberts.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on the below-indicated date, I served a copy of the foregoing document upon counsel for the Defendant by electronic mail at the following electronic mail address: adam.bain@usdoj.gov.

/s/ J. Edward Bell, III

J. Edward Bell, III
*Lead Counsel for Plaintiffs*

Date: October 29, 2023