IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE:<br>CAMP LEJEUNE WATER LITIGATION<br><br>This Document Relates To:<br>ALL CASES | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 7:23-cv-897<br><br>**UNITED STATES' MOTION TO COMPEL PLAINTIFFS' DATES OF BIRTH AND SOCIAL SECURITY NUMBERS** |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 7.1(c)(1), and United States Magistrate Judge Robert B. Jones, Jr.'s Amended Order entered on November 21, 2023 (D.E. 55), the United States hereby moves the Court for an order compelling Plaintiffs' Leadership Group to produce all Plaintiffs' dates of birth and social security numbers within 15 days. The United States further requests the Court to order Plaintiffs' Leadership Group to continue to provide the social security numbers and dates of birth for any additional Plaintiffs on a weekly basis.

In support of this Motion to Compel, the United States submits and relies upon its accompanying Memorandum in Support, the Declaration of Sara J. Mirsky, and the exhibits attached hereto.

Dated: December 12, 2023

                                                                                         Respectfully Submitted,

                                                                                         BRIAN M. BOYNTON
                                                                                         Principal Deputy Assistant Attorney General
                                                                                         Civil Division

                                                                                        J. PATRICK GLYNN

Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Senior Trial Counsel

 /s/ Sara J. Mirsky
SARA J. MIRSKY
New York Bar No. 5147590
Trial Attorney, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: Sara.j.mirsky@usdoj.gov
Telephone: (202) 616-8362
Fax: (202) 616-4473

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

# CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2023, a copy of the foregoing document was served on all counsel of record by operation of the court's electronic filing system and can be accessed through that system.

 /s/ Sara J. Mirsky
SARA J. MIRSKY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: ) <br> CAMP LEJEUNE WATER LITIGATION ) <br> ) <br> ) <br> This Document Relates To: ) <br> ALL CASES ) <br> ) <br> ) <br> ) <br> ) | Case No: 7:23-cv-897 <br><br> **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO COMPEL PLAINTIFFS' DATES OF BIRTH AND SOCIAL SECURITY NUMBERS** |

**INTRODUCTION**

Defendant United States' Motion to Compel seeks an order compelling Plaintiffs' Leadership Group to produce two simple pieces of information for each Plaintiff who has filed a lawsuit: the Plaintiff's or decedent's date of birth and social security number. It cannot be disputed that the United States is entitled to this information. Nor can it be disputed that the earlier the United States has this information, the earlier all Parties can gain access to relevant documents from various agencies, including the Department of Veterans Affairs. Plaintiffs' Leadership Group has likely compiled this information as they entered retention agreements with individual Plaintiffs or prepared to file a lawsuit, and Plaintiffs' Leadership Group has not articulated any burden related to producing this information to the United States upon their receipt of it.

Furthermore, the United States is unquestionably prejudiced by Plaintiffs' Leadership Group's unreasonable delay in producing this information. Plaintiffs' Leadership Group insists it will not agree to provide Plaintiffs' dates of birth or social security numbers until individual Discovery Track Plaintiffs have been selected.[1] This puts

---

[1] Track One Plaintiffs have been selected. But the United States is still missing dates of birth and

1

the United States at an unfair disadvantage both in selecting future Discovery Track illnesses and Plaintiffs, and in obtaining records necessary to complete discovery within very short fact discovery periods. Indeed, without this information, the United States was forced to pick Track 1 Discovery Plaintiffs without important records for almost 90% of potential Track 1 Discovery Plaintiffs. And the United States must pick future Discovery Track illnesses and Plaintiffs without the benefit of confirming the number of Plaintiffs per disease, the dates of diagnoses, or the durations of exposure for potential Discovery Track Plaintiffs through the review of relevant records.

While some of this information relevant to Discovery Track selection may be included in the Short Form Complaints, critical information is sometimes missing, and the assertions that are included can be confirmed by reviewing highly relevant records that can only be retrieved with, among other information, Plaintiffs' dates of birth and social security numbers. To complicate the issue further, the United States must begin depositions, complete fact discovery, and start working with experts, all potentially without access to highly relevant records necessary to determine whether a Plaintiff's alleged condition was "as likely as not" caused by exposure to Camp Lejeune water.[2] The refusal of Plaintiffs' Leadership Group to provide this readily accessible information belies its claim to seek a just, speedy, and inexpensive determination of Plaintiffs' claims. Given the importance of this information and the minimal effort it would take for Plaintiffs' Leadership Group to produce it, the United States respectfully requests the Court to order

---

social security numbers for the vast majority of Track 1 Discovery Plaintiffs, and the United States needs this information for ***all*** Plaintiffs.

[2] *See* Camp Lejeune Justice Act of 2022, Pub. L. No. 117-168, § 804, 136 Stat. 1802, 1803 (2022).

Plaintiffs' Leadership Group to produce all Plaintiffs' dates of birth and social security numbers within 15 days.³ The United States further requests the Court to order Plaintiffs' Leadership Group to continue to provide the social security numbers and dates of birth for any additional Plaintiffs on a weekly basis.

## FACTUAL BACKGROUND

The United States has been asking Plaintiffs' Leadership Group to produce dates of birth and social security numbers of all Plaintiffs since August 2023 at the latest.⁴ The United States also raised the need for this information during the November 21, 2023 and December 5, 2023 Status Conferences. *See* Nov. 21, 2023 Hr'g. Tr. at 8:5-10, 8:17-9:3 (D.E. 76); Dec. 5, 2023 Hr'g. Tr., at 6:6-7:24 (D.E. 70).⁵ As Plaintiffs well know, dates of birth and social security numbers are among the bare-minimum necessary information for the United States to retrieve any prospective Plaintiff's records from various agencies, including the Department of Veterans Affairs (the "VA").⁶ The VA houses medical and

---

³ The United States has met its meet and confer obligations, and the issue was raised in the November 29, 2023 Status Conference Report and discussed at the December 5, 2023 Status Conference Hearing. *See* Nov. 28, 2023 Joint Status Report, at 6-7 (D.E. 60) ("The United States has sought to work with Plaintiffs to collect individual plaintiff medical and service records, but have been unable to collect records for many plaintiffs, including many in the Track 1 Disease pool, without the necessary identifying information, including date of birth and social security number, as well as necessary releases. Without dates of birth and social security number for individual plaintiffs, the United States is unable to retrieve an individual plaintiffs' military service and VA records."); Dec. 5, 2023 Hr'g. Tr., at 9:12-15 (D.E. 70) (The Court: "[I]f it's a matter of a discovery dispute or altering the structure of the case management order, I think the parties should file a motion.").

⁴ *See, e.g.,* Ex. 1 (Aug. 8, 2023 N. Bu email to Z. Bash and E. Bell, and excerpt of accompanying attachment requesting dates of birth and social security numbers); Ex. 2 (Sept. 22, 2023 A. Bain email to Z. Bash et al., requesting "information from plaintiffs (in particular DOB and SSN) needed to pull VA records").

⁵ Although some of these discussions were in the context of the Elective Option settlement program, the overarching point is the same: the United States needs the Plaintiffs' dates of birth and social security numbers as soon as possible.

⁶ During the November 21, 2023, Status Conference, Plaintiffs' Leadership Group stated that the

3

service records that are vital to any evaluation of an individual Plaintiff's ability to prove his or her illness was as likely as not caused by his or her exposure to contamination at Camp Lejeune.[7] Without these records, both Parties will be working off of incomplete information regarding a Plaintiff's potential exposure and medical history.

Plaintiffs' Leadership Group's refusal to timely produce this information has impeded the United States' ability to: (1) determine the eligibility of Plaintiffs for the government's Elective Option settlement program, (2) select appropriate Plaintiffs for Track 1 discovery, and (3) obtain records quickly to conduct discovery over a short period of time for 100 Track 1 Discovery Plaintiffs. The Court has organized this litigation to be tried in multiple tracks, with different illnesses and Plaintiffs represented in each track. *See* Case Management Order No. 2 ("CMO 2"), at 8 (D.E. 23). CMO 2, which was entered on September 26, 2023, laid out the five Track 1 Illnesses. In the weeks following the entry of CMO 2, 424 Short Form Complaints for potentially eligible Discovery Track Plaintiffs were filed. The United States would have required that each Plaintiff's date of birth and social security number be included in the Short Form Complaints, but such "personal identifiable information" cannot be publicly filed. *See* Fed. R. Civ. P. 5.2; Local Civil Rule 5.1(g). As such, the United States is reliant on Plaintiffs' Leadership Group for each Plaintiff's date of birth and social security number.

---

United States can obtain the necessary information with just the Plaintiffs' names. But that is not the case. Due to the personal nature of the information sought, the relevant federal agencies require dates of birth and social security numbers to prevent inadvertent disclosure of private information of a non-party plaintiff with a similar name. Certain agencies will also require the additional information requested in the Corrected Discovery Pool Profile Form to locate Plaintiffs' records. (*See* D.E. 62-1).

[7] The United States notes that many of the relevant records are kept by the Veterans Benefit Administration, which can produce available service records and medical records with a Plaintiff's date of birth and social security number.

The United States has asked Plaintiffs' Leadership Group for Plaintiffs' dates of birth and social security numbers several times, beginning even before entry of CMO 2 and continuing to the present.[8] Despite the obvious relevancy and import of this information, Plaintiffs' Leadership Group's general response (if any was provided) was that dates of birth and social security numbers would not be turned over until ***after*** the selection of each Track's Discovery Plaintiffs. *See, e.g.,* Dec. 5, 2023 Status Hrg. Tr. at 6-9 (D.E. 70). Plaintiffs' Leadership Group's position was not based on any undue burden, privacy concern, or significant administrative challenge.

As a result of Plaintiffs' Leadership Group's refusal to provide this information, the United States has only collected a fraction of the relevant Plaintiffs' records. Indeed, prior to the selection of Track 1 Discovery Plaintiffs on December 5, 2023, Plaintiffs' Leadership Group had only produced 459 Plaintiffs' dates of birth and/or social security numbers for the 1,444 Plaintiffs in this action, or approximately 32%.[9] Of the 471 Plaintiffs who filed Short Form Complaints, Plaintiffs' Leadership Group produced 58 Plaintiffs' dates of birth and/or social security numbers, or approximately 12%.[10] And of the 325 Plaintiffs who potentially qualify as Track 1 Discovery Plaintiffs, Plaintiffs' Leadership Group produced 35 Plaintiffs' dates of birth and/or social security numbers, or approximately 11%.[11] This means that the United States was forced to pick Track 1

---

[8] *See, e.g.,* Exs. 1, 2.

[9] Mirsky Decl. at ¶2.

[10] *Id.* at ¶3.

[11] *Id.* at ¶4.

Discovery Plaintiffs with access to, at most, 11% of the potential Track 1 Discovery Plaintiffs' records.

The Parties are now engaging in active discovery on the selected Track 1 Discovery Plaintiffs, and the Plaintiffs' Leadership Group has failed to produce any additional dates of birth and social security numbers for Track 1 Discovery Plaintiffs since December 5, 2023.[12] Each day's delay on this front is another unnecessary delay in the Parties' access to records that are crucial to this case. Nevertheless, the United States must start requesting depositions for the Plaintiffs, given that CMO 2 allows for only three months for completion of fact discovery for 100 Track 1 Discovery Plaintiffs.

As the United States explained during the December 5, 2023 Status Conference Hearing, Plaintiffs' Leadership Group's refusal to timely produce social security numbers and dates of birth is continuing to prejudice the United States. *See* Dec. 5, 2023 Status Hr'g. Tr. at 6:6-7:24 (D.E. 70). Without any additional Plaintiffs' dates of birth or social security records, the United States will be picking the next two Tracks' illnesses and individual Discovery Plaintiffs without an understanding of how potential illnesses are represented among the total pool of remaining Plaintiffs. Plaintiffs' Lead Counsel's response during the hearing was that the process of Plaintiffs' counsel's initial collection of their clients' data was sometimes "done in person or on the phone, snail mail, things like that." *Id.* at 8:15-16. But Plaintiffs' Lead Counsel did not articulate any true burden Plaintiffs' Leadership Group would face to produce this simple identifying information for their own clients expediently.

---

[12] Mirsky Decl. at ¶5.

6

Case 7:23-cv-00897-RJ    Document 77    Filed 12/12/23    Page 8 of 14

Given Plaintiffs' Leadership Group's unwavering position on this issue and the critical need for these simple pieces of information, the United States requests the Court grant its Motion to Compel Plaintiffs' Leadership Group to provide Plaintiffs' social security numbers and dates of birth within 15 days. Plaintiffs' Leadership Group should continue to provide the social security numbers and dates of birth for additional Plaintiffs on a weekly basis.

## **ARGUMENT**

The decision to grant or deny a motion to compel is generally left to the "substantial discretion" of the district court. *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988). Under Federal Rule of Civil Procedure 26(b)(2)(C)(iii), the Court must determine "whether the burden or expense of the proposed discovery outweighs its likely benefit," and may do so by "considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues . . . ." *See also Anker v. G.D. Searle & Co.*, 126 F.R.D. 515, 518 (M.D.N.C. 1989) (noting the balancing test in a motion to compel requires a court to "weigh the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice or burden to the other party") (citations omitted).

Courts in the Fourth Circuit have granted motions to compel parties' social security numbers and other "personal identifiable information" when such information is necessary to obtain additional, relevant evidence, pursuant to Federal Rule of Civil Procedure 26. *See, e.g., Karn v. PTS of Am., LLC*, 2021 U.S. Dist. LEXIS 17471, at *18-19 (D. Md. Jan.

29, 2021) (granting motion to compel social security numbers for individuals that movant was "unable to locate using the information already available"); *Alberts v. Wheeling Jesuit Univ.*, 2010 U.S. Dist. LEXIS 42875, at *8-9 (N.D.W.Va. Apr. 19, 2020) (ordering disclosure of plaintiff's social security number and driver's license number because it was "relevant under the broad discovery standards"). Such is certainly the case here, where the dates of birth and social security numbers are a minimum threshold requirement for the United States to request records from various agencies, including from the VA.

Furthermore, Plaintiffs cannot argue in good faith that (1) the United States is not entitled to this information, as Plaintiffs have agreed to produce it (albeit on their own delayed timeline); (2) the information cannot be produced because of privacy concerns, given the Protective Order in place in this case (CMO No. 6, D.E. 36); or (3) this information is not highly relevant to the claims at issue in this action. All of these factors weigh heavily in favor of requiring Plaintiffs' Leadership Group to produce dates of birth and social security numbers for each prospective Plaintiff.

This need is magnified by the prejudice the United States suffers in light of any delay. As detailed above, the United States was required to select its Track 1 Discovery Plaintiffs with an unnecessarily small percentage of records available for the United States' review. The United States is now in a position of having to take depositions of hundreds of Track 1 Discovery Plaintiffs and other fact witnesses in a three-month period without information that is highly relevant to these Plaintiffs' claims. Whenever it eventually receives the dates of birth and social security numbers, the United States will have to ask agencies like the VA to obtain records on an expedited basis while the agencies also work strenuously to comply with Plaintiffs' Leadership Group's broad discovery demands

8

propounded in their requests for production. This is an unnecessary strain, as the process of requesting individual Plaintiff records could have begun long ago. Furthermore, the United States is now being asked to select additional Discovery Track illnesses and plaintiffs without the benefit of record-related information.

And Plaintiffs themselves are being harmed by Plaintiffs' Leadership Group's delay. The more time that passes before the United States can produce the relevant records within the fact discovery period, the less time Plaintiffs' counsel will also have to review these records in advance of fact depositions, expert discovery, and trial. Certain Plaintiffs' counsel also recently complained that the United States is seeking to immediately schedule depositions for their Track 1 Discovery Plaintiffs because of the "bind timing-wise" it would apparently place upon those Plaintiffs' counsel who have already provided dates of birth and social security numbers for their clients.[13] However, the United States cannot wait to move forward with depositions while it waits for the social security numbers and dates of birth for other Plaintiffs.

Furthermore, Plaintiffs' Leadership Group has failed to articulate any true burden they would face by collecting and producing this information. While Plaintiffs' Lead Counsel referenced the fact that the initial collection of their clients' data was sometimes "done in person or on the phone, snail mail, things like that," Dec. 5, 2023 Status Hrg. Tr. at 8:15-16 (D.E. 70), there is no reason Plaintiffs' Leadership Group cannot simultaneously take the information it gathers (and should already possess) and put it into a spreadsheet

---

[13] *See* Ex. 3 (Dec. 8, 2023 email from Z. Bash to B. Lipscomb and A. Bain). Indeed, it can be said that the delay of some of Plaintiffs' counsel in producing the relevant dates of birth and social security numbers is unfairly prejudicing more diligent Plaintiffs' counsel that have already produced their clients' social security numbers and dates of birth.

9

(that is, to the extent this is not already being done). Entering this information into a spreadsheet would not be an overly burdensome task for Plaintiffs' Leadership Group to undertake given the importance of the information.[14]

Taken together, the necessity of this information vastly outweighs any perceived burden Plaintiffs' Leadership Group suggests. Because of the relevance of this information, the Protective Order that is in place, and the urgency for the United States to receive this data as quickly as possible, the United States' Motion to Compel should be granted pursuant to Federal Rule of Civil Procedure 26, and Plaintiffs' Leadership Group should be required to produce all social security numbers and dates of birth within 15 days. Plaintiffs' Leadership Group should also continue to provide the social security numbers and dates of birth for any newly retained Plaintiffs on a weekly basis.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests the Court order Plaintiffs' Leadership Group to produce all dates of birth and social security numbers within 15 days. The United States further requests the Court to order Plaintiffs' Leadership Group to continue to provide the social security numbers and dates of birth for any additional Plaintiffs on a weekly basis.

Dated: December 12, 2023

Respectfully Submitted,

BRIAN M. BOYNTON

---

[14] This is true even though the United States is seeking this information for all Plaintiffs (currently totaling over 1,400). If Plaintiffs' counsel had acted on the United States' request when it was first made, it would not be such a purportedly burdensome task right now.

Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Senior Trial Counsel


 /s/ Sara J. Mirsky
SARA J. MIRSKY
New York Bar No. 5147590
Trial Attorney, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: Sara.j.mirsky@usdoj.gov
Telephone: (202) 616-8362
Fax: (202) 616-4473

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2023, a copy of the foregoing document was served on all counsel of record by operation of the court's electronic filing system and can be accessed through that system.

 */s/ Sara J. Mirsky*
 SARA J. MIRSKY
