IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No.: 7:23-CV-897

IN RE:

CAMP LEJEUNE WATER LITIGATION

This Document Relates to:

ALL CASES

**PLAINTIFFS' LEADERSHIP GROUP'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ENFORCE CASE MANAGEMENT ORDER NO. 2**

The Plaintiffs' Leadership Group ("PLG") submits the present Memorandum of Law in Support of its Motion to Enforce Case Management Order No. 2 ("CMO-2") (D.E. 23) by voiding Defendant's selection of certain plaintiffs as Track 1 Discovery Plaintiffs in Defendant's filing titled: Notice of United States' Revised Track 1 Discovery Plaintiffs Selections (D.E. 75) (the "Second Selection").

## Introduction

Defendant's Second Selection marks the second time that Defendant has violated CMO-2 in selecting plaintiffs for the Discovery Pool: First, when Defendant included its selection of Discovery Plaintiffs in the Parties' Joint Notice of Filing – Track 1 Discovery Plaintiffs on December 5, 2023 (the "First Selection"), Defendant included 29 plaintiffs who were ineligible to serve as Discovery Plaintiffs because the plaintiffs had chosen to file Short Form Complaints after the CMO-2 deadline for inclusion in the Discovery Pool. The PLG did not move to strike these plaintiffs but rather offered Defendant the opportunity to replace the improper selections with new

1

ones. Instead of taking the opportunity to pick eligible plaintiffs for the Discovery Pool, however, Defendant violated CMO-2 a second time, this time selecting 16 plaintiffs who were ineligible to serve as Discovery Plaintiffs because the plaintiffs' counsel had expressly opted them out of the Discovery Pool, as prescribed by CMO-2.

Given Defendants' refusal to comply with the procedures agreed to by the Parties—and ultimately adopted by the Court in CMO-2—the PLG respectfully requests that the Court require the Defendant to choose eligible plaintiffs who comply with the Court's Order.

In support of this motion, the PLG states as follows:

## Factual Background

**I. Track 1 Discovery Plaintiff Selection Eligibility Requirements**

CMO-2, entered on September 26, 2023 (D.E. 23) ("CMO 2"), established three criteria that plaintiffs were required to meet to be considered for selection as Track 1 Discovery Plaintiffs.

Those criteria were: (i) that the plaintiff file a Short Form Complaint within 30 days of the filing of the Master Complaint[1]; (ii) that the plaintiff not opt out of the Track 1 Discovery Pool within 30 days of the filing of the Master Complaint;[2] and (iii) that the plaintiff's counsel agree that the PLG would be responsible for overseeing and directing the discovery and trials of plaintiffs who are selected for early discovery and trial.[3]

The Master Complaint was filed on October 6, 2023 (D.E. 23). The thirtieth day following the filing of the Master Complaint was Sunday, November 5, 2023. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the deadline for filing a Short Form Complaint to be in the Discovery Pool and the deadline for opting out of that Pool was carried over to Monday, November 6, 2023.

---

[1] Case Management Order No. 2, Section XI(A)(ii)(a).
[2] Case Management Order No. 2, Section XI(A)(ii)(a) and (b).
[3] Case Management Order No. 2, Section XI(A)(ii)(b).

2

Approximately three hundred plaintiffs filed Short Form Complaints on or before November 6, 2023, making them eligible to serve as Track 1 Discovery Plaintiffs. Several plaintiffs also opted out of the Discovery Pool by that deadline. As relevant here, on November 5, 2023, an attorney representing Camp Lejeune plaintiffs, Mr. James Foster ("Mr. Foster"), opted out the below-listed plaintiffs by emailing members of the PLG and counsel for Defendant, Mr. Adam Bain ("Mr. Bain"):

- Brian Buckley
- Johnny Fredell
- Donna Rojas
- David Topper
- Barbara Reeves
- Russell Redhouse
- Dr. Robert Rothman
- John Mussery
- Donald Wagner
- Rodger Michael
- Ralph Yehle
- Barry Lancette
- Gary Little
- Greg Globus
- Donald Durrett
- William Marshall

*See* Exhibit A (the "Nov. 5 Opt-Out Email").

On November 6, 2023, Mr. Foster sent another email to members of the PLG and Mr. Bain opting out plaintiff Arthur Lovell. *See* Exhibit B (the "Nov. 6 Opt-Out Email," and together with the Nov. 5 Opt-Out Email, the "Foster Emails"). For ease of reference, the plaintiffs listed in the Foster Emails are hereafter referred to as the "Opt-Out Plaintiffs."

II. **Selection of Track 1 Discovery Plaintiffs**

In addition to establishing eligibility criteria, CMO-2 directed the parties to, within sixty days of the filing of the Master Complaint, each select ten plaintiffs from each of the Track 1 illnesses to be included in the Discovery Pool.[4] The sixtieth day following the filing of the Master Complaint was Tuesday, December 5, 2023.

On December 5, 2023, the parties filed a Joint Notice of Filing – Track 1 Discovery Plaintiffs Selection ("First Selection"). After the First Selection was filed with the Court, the PLG

---

[4] Case Management Order No. 2, Section XI(A)(iii).

assessed Defendant's selections and identified 29 plaintiffs whose Short Form Complaints had been filed after November 6, 2023, making them ineligible to serve as Discovery Plaintiffs under CMO-2. On December 6, 2023, the PLG alerted Defendant of their non-compliance with CMO-2 in selecting Discovery Plaintiffs; in the spirit of collaboration, the PLG did not move to strike the problematic selections but rather granted Defendant leave to replace those selections with new, conforming plaintiffs.

### III. New Ineligible Selections

After the parties had filed the First Selection on the evening of December 5, Mr. Foster emailed representatives of the PLG and Mr. Bain at 8:05 pm EST, purporting to rescind his previous decision to opt out the Opt-Out Plaintiffs from consideration for Track 1 Discovery Plaintiffs. *See* Exhibit C (the "Rescission Email").

The next day, on December 6, 2023, Mr. Bain responded to the Rescission Email stating:

> *Thanks for reaching out, but, unfortunately, our deadline for selecting Track 1 Discovery Plaintiffs was yesterday.* May we ask why we did not receive your decision to rescind your clients' opt-out until shortly after the Track 1 selections had been filed on the docket? The United States did not have a sufficient opportunity to consider including these cases among its Track 1 discovery selections and thus did not include them. If you and PLG were to file a motion to extend all deadlines in the CMO so that we could have some time to reassess our Track 1 discovery picks to consider your cases, we may not oppose that motion.

*See* Exhibit D (emphasis added). Neither Mr. Foster nor the PLG filed a motion to extend all deadlines in CMO-2.

On December 11, 2023, members of the PLG and Defendant met and conferred about the propriety of including the Opt-Out Plaintiffs in Defendant's new selection. The PLG pointed out that because Mr. Foster had opted out the Opt-Out Plaintiffs they were not eligible under CMO-2. Defendant stated that it would not reconsider its selection. And on December 11, 2023, Defendant filed a new list of Track 1 Discovery Plaintiffs (D.E. 75), which included all the Opt-Out Plaintiffs.

4

## Argument

### I. The Opt-Out Plaintiffs are Ineligible for Consideration as Track 1 Discovery Plaintiffs

At the December 11 conference, Mr. Bain asserted that Mr. Foster's Rescission Email reinstated the Opt-Out Plaintiffs, making them eligible for selection as Track 1 Discovery Plaintiffs. The PLG disagrees with Defendant's position.

CMO-2 is clear. In order to be considered as a Track 1 Discovery Plaintiff, the plaintiff must file a Short Form Complaint by November 6, 2023, and *must not opt out of the Discovery Pool by that same date*. There is no process for rescinding such an opt out. Mr. Foster unequivocally opted out all Opt-Out Plaintiffs from consideration for the Track 1 Discovery Pool on or before November 6, 2023. Thus, the Opt-Out Plaintiffs are ineligible for consideration as Track 1 Discovery Plaintiffs. Mr. Bain stated as much in his email response to Mr. Foster on December 6, 2023. *See* Exhibit D. Neither Mr. Foster's change of mind nearly a month after the eligibility deadline, nor Mr. Bain's change of position the week after selections were due to the Court, can alter the clear language of CMO-2 and render the Opt-Out Plaintiffs suddenly eligible for selection as Track 1 Discovery Plaintiffs.

Accordingly, the inclusion of the Opt-Out Plaintiffs is in contravention of CMO-2 and those plaintiffs should be struck from Defendant's Second Selections.

### II. Mr. Foster's Lack of Decorum

Beyond the violations of CMO-2 by DOJ described above, the PLG has additional concerns about the inclusion of plaintiffs represented by Mr. Foster in Track 1 trials. Mr. Foster has demonstrated an inability to work collaboratively and congenially with the PLG. The Court's careful selection of the PLG and the responsibilities with which the Court entrusted the PLG were meant to efficiently and judiciously advance the claims of all plaintiffs seeking redress under the

Camp Lejeune Justice Act. To that end, the Court ordered in CMO-2 that counsel seeking to be involved in Track 1 trials "agree that [the PLG] is responsible for overseeing and directing the discovery and trials of plaintiffs who are selected for early discovery and trial."

Collaboration among plaintiffs' counsel is imperative for the well-being of all plaintiffs in this litigation—and all those injured by the water on Camp Lejeune. In fact, the *Manual for Complex Litigation* provides that "[t]he added demands and burdens of complex litigation place a premium on attorney professionalism, and the judge should encourage counsel to act responsibly." *See Manual for Complex Litigation*, Fourth, § 10.21.

Mr. Foster's actions to date demonstrate that he would not work cooperatively and professionally with the PLG. Specifically, after the PLG filed the First Selection, Mr. Foster—in discourteous and uncivil language—indicated to a member of the Plaintiffs' Steering Committee that he no longer wanted to work with anybody in Plaintiffs' Leadership. *See* Exhibit E. What is more, Mr. Foster complained about the PLG to Mr. Bain and other members of Defendant's legal team. *See* Exhibit F.

Mr. Foster's public attack on the PLG's strategic decision-making process to the Plaintiffs' adversary runs directly counter to the interests of over 100,000 Marines and claimants in this litigation. Mr. Foster's conduct threatens to destabilize the relief sought by thousands of Marines and their families. These concerns were previously expressed by the PLG directly to Mr. Foster. *See* Exhibit G. For the above reasons, the PLG requests that the Court void Defendant's selection of Mr. Foster's plaintiffs for the Track 1 Discovery Pool.[5]

---

[5] Mr. Foster represents the Opt-Out Plaintiffs and an additional plaintiff named Mr. David Downs.

## Conclusion

For the reasons set forth above, the PLG respectfully requests that the Court strike the plaintiffs represented by Mr. Foster selected by Defendant and that the Court order any additional relief the Court deems proper.

*[Signatures follow on next page]*

DATED this 12th day of December, 2023.

| | |
|---|---|
| /s/ J. Edward Bell, III | /s/ Zina Bash |
| J. Edward Bell, III (admitted *pro hac vice*)<br>Bell Legal Group, LLC<br>219 Ridge St.<br>Georgetown, SC 29440<br>Telephone: (843) 546-2408<br>jeb@belllegalgroup.com | Zina Bash (admitted *pro hac vice*)<br>Keller Postman LLC<br>111 Congress Avenue, Suite 500<br>Austin, TX 78701<br>Telephone: 956-345-9462<br>zina.bash@kellerpostman.com |
| *Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs and Government Liaison Counsel* |
| /s/ Elizabeth J. Cabraser | /s/ W. Michael Dowling |
| Elizabeth J. Cabraser (admitted *pro hac vice*)<br>Lieff Cabraser Heimann & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br>ecabraser@lchb.com | W. Michael Dowling (NC Bar No. 42790)<br>The Dowling Firm PLLC<br>Post Office Box 27843<br>Raleigh, North Carolina 27611<br>Telephone: (919) 529-3351<br>mike@dowlingfirm.com |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |
| /s/ Robin L. Greenwald | /s/ James A. Roberts, III |
| Robin L. Greenwald (admitted *pro hac vice*)<br>Weitz & Luxenberg, P.C.<br>700 Broadway<br>New York, NY 10003<br>Telephone: 212-558-5802<br>rgreenwald@weitzlux.com | James A. Roberts, III<br>Lewis & Roberts, PLLC<br>3700 Glenwood Ave., Ste. 410<br>Raleigh, NC 27612<br>Telephone: (919) 981-0191<br>jar@lewis-roberts.com |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |

/s/ Mona Lisa Wallace

Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*

8
Case 7:23-cv-00897-RJ   Document 79   Filed 12/12/23   Page 8 of 9

## CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that the foregoing document was electronically filed on the Court's CM/ECF system on this date, and that all counsel of record will be served with notice of the said filing via the CM/ECF system.

This the 12th day of December, 2023.

/s/ J. Edward Bell, III

J. Edward Bell, III