# Exhibit 3

| From: | James Foster |
|---|---|
| To: | J Edward Bell |
| Subject: | Re: Camp Lejeune |
| Date: | Thursday, December 7, 2023 4:32:08 AM |

Ed,

Although we clearly do not agree on this issue, I hope you know I don't have anything against you personally or anyone else on the PLG. I am merely advocating for my clients to have a seat at the table. I genuinely don't believe at least 1 or 2 of our firm's clients were given a fair chance by the committee or else they would have been picked. My belief was solidified yesterday after spending all day reviewing the complaints for cases that were selected ahead of those clients by the committee. I am eager to be persuaded otherwise but that's my honest assessment of the situation.

I hope you and I can break bread one day and get past this situation but in the meantime I have to do what's best for my clients. And if that means requesting a very brief 7 day extension from the court for our cases to be considered by the DOJ as defense picks (which is apparently our only real shot of getting picked), then that's what I have to do. To be perfectly honest, they're all pretty solid cases anyway, so I doubt the government will pick them. But at least they'll have a chance.

All that to say, if our 7 day extension is seriously going to be contested by the PLG (which based on your last email it sounds like it will be), then that doesn't leave me with much of a choice in terms of how I present the situation to the Court. I was truly hoping to keep it vanilla and avoid the appearance of public mud slinging with my own side, which is why I reached out for the PLG's consent in the first place. But you're not really leaving me with any other option here. "Playing ball" on the sidelines isn't much of a choice. At least not for me.

If you ever want to talk on the phone instead of exchanging long emails, feel free to call my cellphone any time (███████). Otherwise, take care.

James

> On Dec 6, 2023, at 11:48 PM, James Foster <James@foster-law.com> wrote:
>
> Ed,
>
> My apologies but I misspoke in my prior email. On the first point, I was referencing your comments at the recent hearing in Wilmington when you proposed doubling the number of claimants for Track 1 bellwethers in order to have a more complete representation of high, medium and low damages cases before each judge. But looking at the filing, it doesn't appear that actually ever happened. Sorry for the confusion on that.
>
> James
>
>> On Dec 6, 2023, at 10:14 PM, James Foster <James@foster-

law.com> wrote:

Mr. Bell,

Thank you for your email. I appreciate you letting me know the PLG intends to object to my request for a 2-week extension. A few points from your email that I would like to briefly respond to.

First, can you please explain to me how the request for a 2-week extension would be "contrary to the interests of the Plaintiffs in this litigation"? We were not aware of the increase from 50 to 100 cases until the time of yesterday evening's Notice of Filing. Certainly *doubling* the number of cases being selected for Track 1 discovery/bellwethers warrants at least some additional time, no?

Regarding my communications with the government, we were expressly told *by the committee* to send Track 1 "opt out" emails directly to Adam Bain. I have a hard time understanding how following the committee's instructions on how to communicate on that topic could somehow violate any Court order. On top of that, I copied the committee on all of my emails, so clearly I was not trying to go behind your back or hide anything from the committee. As for the motion for extension, I will make sure to follow the Court's CMOs before filing anything with the Court, but I do appreciate the reminder on that.

Finally, I do regret my use of profanity with respect to Mr. Abrams. I was extremely frustrated with some of the things Mr. Abrams had represented to me during the Track 1 selection process which later turned out to be untrue. Seeing that the committee failed to follow the same extremely strict criteria that it pushed on us while at the same time not picking a single one of our firm's cases without any offered explanation was a hard pill to swallow. Particularly since we "played ball" like Mr. Abrams insisted. Nonetheless, I should not have used inappropriate language while communicating with Mr. Abrams, and I do apologize for the use of that language. I can assure you it will not happen again with Mr. Abrams or any other member of the committee.

I look forward to working together on this litigation.

Sincerely,

James

--

James Foster
Owner/Attorney
1201 West Peachtree St, NW
Suite 2300
Atlanta, GA 30309
www.Foster-Law.com
Office: (404) 800-0050
Direct: (404) 586-4442
Fax: (404) 493-2322
Cell: (919) 357-7224
Email: James@Foster-Law.com
<image010.jpg>

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

**From:** J Edward Bell <jeb@belllegalgroup.com>
**Sent:** Wednesday, December 6, 2023 9:35 PM
**To:** James Foster <James@foster-law.com>
**Cc:** CL | CO-LEAD & LIAISON COUNSEL <co-lead.liaison.counsel@belllegalgroup.com>
**Subject:** Camp Lejeune

Good evening James,

I have received your email to certain members of the Bellwether Committee dated December 6, 2023 in which you ask the Plaintiffs' Leadership Group (PLG) to consent to a motion to extend the deadline for the designation of Track 1 Discovery Plaintiffs. We do not consent.

Your request is contrary to the interests of the Plaintiffs in this litigation. We understand that you would like to participate in trials, but your particular preferences cannot override the interests of the hundreds of thousands of Marines and military families who have already waited decades for justice. There was no unfairness in the PLG's approach to selecting potential bellwether Plaintiffs. I oversaw the selection process to pick the most representative Plaintiffs. We held true to the directives of the Court.

As you consider your next steps, I'd point you to the Court's Case Management Orders in this litigation. The court has carefully structured the organization of this case so that motions such as yours, with the potential to impact all Plaintiffs, must be carefully considered and filed through the leadership group the Court has designated. In particular, please see Case Management Order No. 1,

pages 8 and 10, as well as Case Management Order No. 2, page 3. Further, I'd ask you that abide by the Court's Order that communications with the Defendant go through the Government Liaison. Your demeaning the PLG and our processes in communications with the Defendant is contrary to the interests of all Plaintiffs.

Finally, I must mention that your recent communications with Bellwether Subcommittee members are ethically troubling. Your profane and aggressive language is inappropriate, and I believe it falls short of the expectations for attorney conduct set by the United States District Court for the Eastern District of North Carolina and the North Carolina Rules of Professional Conduct.

In short, the PLG objects to your unprofessional conduct and objects to your filing a pleading on the Master Docket seeking any extension of any deadlines in this matter.

Sincerely,

Ed Bell

<image011.png>

**<image012.png>**

**Ed Bell**
*Founding Partner*
*President | Charleston School of Law*
**219 Ridge Street**
**Georgetown, SC 29440**
*o:* **843.546.2408**
*f:* **843.546.9604**
jeb@belllegalgroup.com
www.belllegalgroup.com
www.charlestonlaw.edu

<image013.png>

<image014.png>

<image015.png>

<image016.png>
<image017.png>
<image018.png>