# EXHIBIT 2

Plaintiffs' Corrected First Request for Production of Documents

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

IN RE: )
)
CAMP LEJEUNE WATER LITIGATION )
)
This Document Relates to: )
ALL CASES )
)

## PLAINTIFFS' CORRECTED FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs respectfully serve their Corrected[1] First Request for Production of Documents as permitted under Federal Rules of Civil Procedure 26 and 34 as well as Case Management Order No. 2 in the above-captioned matter. These requests are being served by Plaintiffs, through Lead and Co-Lead Counsel, on Defendant United States of America.

## INSTRUCTIONS

In responding to these Requests, you are requested to follow the following instructions, which Plaintiffs believe are consistent with the Rules:

1. Unless otherwise requested, please produce all requested documents and things to Plaintiffs' Lead and Co-Lead Counsel. If the production includes items which cannot be transmitted electronically, please inform counsel signing these Requests in advance or at the time of the production.

2. Where no discoverable matter exists which would be responsive to a Discovery Request, please so state.

3. Please respond to these Requests by furnishing all responsive discoverable matter

---

[1] This document merely corrects certain "typo" style errors in the original set of requests dated September 28, 2023. Plaintiffs request that Defendant respond to the discovery by the original 30-day deadline since the corrections are not substantive.

1

either in your possession, in your control, or accessible to you by reasonable inquiry. This includes discoverable matter in the possession, custody, or control of your (a) agents, (b) employees; (c) attorneys, (d) corporate departments or divisions; (e) your parent or subsidiary corporations; (f) corporate affiliates; and (g) any other persons, firms, or corporations which because of your business relationship would readily respond to your inquiry in the ordinary course of business.

4. Where documents and things exist which fall within the descriptive terms of one of the Plaintiffs' Requests, and production of the same will be made by you, please produce such documents and things in a manner corresponding to the numbered request in which they are described, so that identification with the appropriate request can readily be made.

5. In addition to the original of any such requested documents, any request for a document also includes:

    a. any copy by whatever name called, which relates to the original, specifically including any material underlying, supporting, or used in the preparation of any such original document;

    b. any and all attachments to the original;

    c. any and all documents referred to in the original;

    d. any and all subsequent additions, deletions, substitutions, amendments, or modifications to the original of any sort.

6. If you are unsure of the meaning of a word, phrase, or abbreviation used in any Request, please contact Lead Counsel and Co-Lead Counsel for Plaintiffs in writing, specify the word or phrase whose meaning you claim is unclear, and ask for written clarification of the word or phrase in question before your response due date. To the extent any ambiguity genuinely exists, such clarification will be promptly provided to you.

2

Case 7:23-cv-00897-RJ   Document 81-3   Filed 12/14/23   Page 3 of 19

## DEFINITIONS

Plaintiffs provide the following definitions of words, phrases, and abbreviations used by Plaintiffs in propounding the Requests to help you understand the objectives of Plaintiffs' discovery efforts and to locate and disclose all discoverable matter sought by the Requests without engaging in semantic arguments:

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein, and are deemed to be incorporated in each request:

1. "Agent" means any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

2. "Associated with" and "related to" and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, constituting, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert or contradict (whether legally, factually, or otherwise), in whole or in part.

3. "Camp Lejeune" shall be inclusive of Camp Geiger and New River Air Station.

4. "Communication" means the transmittal (in the form) of facts, ideas, thoughts, opinions, data, inquiries or otherwise and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of any type.

5. "Concerning," as it relates to documents, means any Documents that explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the Request, including all Documents that reflect, refer, record, are in regard to, in connection with, specify, memorialize, relate, describe, discuss, consider, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter

3

of the Request.

6. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" means the original (or, if the information called for cannot be provided as to the original, each and every copy, duplicate or reproduction) of any medium upon which information can be recorded or retrieved, and shall mean, without limitation, any written, recorded or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tapes, films, computer, electronic storage devices or any other media or ESI and includes, without limiting the generality of the foregoing, papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, contracts, notes, electronic mail ("e-mails"), text messages, instant Electronic Messages, reports, Studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of Meetings, corporate minutes, orders, resolutions, agendas, memorials or notes of oral Communications, whether by telephone or face-to-face, contracts, Agreements, drafts or proposed contracts or Agreements, memoranda of understanding, letters of intent, deal memoranda, transcriptions of audio or video recordings, computer tapes, computer diskettes or disks, or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of Communication or information is recorded or reproduced, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not.

8. "Electronic Media" means any magnetic, optical, or other storage media device used to record ESI including, without limitation, computer memory, hard disks, floppy disks, flash memory devices, CDs, DVDs, Blu-ray disks, cloud storage (e.g., DropBox, Box, OneDrive, and SharePoint),

4

tablet computers (e.g., iPad, Kindle, Nook, and Samsung Galaxy), cellular or smart phones (e.g., BlackBerry, iPhone, Samsung Galaxy), personal digital assistants, magnetic tapes of all types or any other means for digital storage and/or transmittal.

9. "ESI," "Electronically Stored Information," or "Electronic Data" means the original (or identical copies when originals are not available) and any copies of Electronic Data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such data may include, but is not limited to, all text files (including word processing documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mails (including electronic mail receipts and/or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, .PDF and .TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in an active file, deleted file, or file fragment. ESI includes, but is not limited to, any and all items stored on any electronic media, computers, networks or "cloud" computing services and all backup files containing electronically stored data. The term "ESI" also includes the file, folder tabs, metadata, personal electronic backup media, including thumb drives, and/or containers and labels appended to or associated with any physical storage device associated with each such original and/or copy. In addition, the term "ESI" includes all text messages, instant messages, internet messages, intranet messages, electronic bulletin board messages, blog entries, website postings of any nature, and all other methods

5

by which messages may be transmitted by or through electronic means.

10. "Meeting" means the contemporaneous presence, whether in person or through any means of communication, of any natural Persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal, or occurred in connection with some other activity.

11. "Refer," "Regarding," "Referring to," "Relate," or "Relating to" means "Concern" or "Concerning," as defined above.

12. United States of America, "USA", or "US" means and refers to the Defendant in this case, including any and all agencies, departments, and divisions of the United States federal government, and including but not limited to the Department of the Navy (the "DON" or "Navy"), the Department of Veteran's Affairs ("VA") and the Unites States Marine Corps ("USMC").

13. "You" or "Your" means the person or entity responding to these Requests.

## RULES OF CONSTRUCTION

1. "Any," "All," and "Each" shall be construed as any, all and each.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring all responses within the scope of these Requests.

3. The singular form of a noun or pronoun includes the plural form and vice versa.

4. The masculine shall be construed to include the feminine and vice versa.

5. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

6. A term or word defined herein is meant to include both the lower and upper case reference to such term or word.

## RELEVANT TIME PERIOD

The relevant time period for each request stated hereinbelow is from August 1, 1953 to the present (the "Relevant Time Period"), unless otherwise specifically indicated, and shall include all documents and ESI concerning such period, even though prepared or published outside of the Relevant Time Period. If a document or ESI item prepared before the Relevant Time Period is necessary for a correct or complete understanding of any document or ESI covered by a request, you must produce the earlier or subsequent document or ESI as well. If a document or ESI item is undated, the date of its preparation cannot be ascertained, and the document or ESI is otherwise responsive to the request, the document or ESI shall be produced.

## REQUESTS FOR PRODUCTION

1. All Agency for Toxic Substances and Disease Registry ("ATSDR") ESI as defined herein, and data sources, including but not limited to the following:

**Data Source 1**: *ATSDR DMDC-identified "Active Duty" cohort*: This Dataset includes 210,222 Marines and Navy personnel stationed at the base anytime between June 1975 and December 1985. ATSDR collected data from the following fields:
    a.    Name: (Partial 1975–1976; Full starting in 1977)
    b.    DOB (Date of Birth)
    c.    Sex
    d.    Race/ethnicity
    e.    Home of Record
    f.    Marital status
    g.    Educational level attained
    h.    Number of dependents
    i.    Social Security Number (SSN)
    j.    Rank/Pay Grade
    k.    Unit Code: assignment/deployment
    l.    Dates of Service
    m.    Length of service

**Data Source 2:** *ATSDR Camp Lejeune Family Housing Dataset*: Camp Lejeune maintained family housing records on index cards from 1942 to 1994. ATSDR computerized 74,980 of 90,000 potential records. The data fields collected were:
    a. Name of "Sponsor" (active-duty Marine/Navy)
    b. Street address
    c. Move-in date
    d. Move-out date

**Data Source 3:** *ATSDR DMDC-identified civilian occupational cohort*: Dataset includes 8,085 civilians who worked at Camp Lejeune anytime December 1972 to December 1985. The ATDSR collected data from the following fields:
    a. Name: (Full starting December 1971)
    b. DOB: Date of Birth
    c. Sex
    d. Race/ethnicity
    e. Home of Record
    f. Marital status
    g. Education level attained
    h. Number of dependents
    i. Social Security Number (SSN)
    j. Occupational Code
    k. Pay Grade
    l. Dates of Service
    m. Length of employment

**Data Source 4:** *ATSDR CHAMPS (Career History Archival Medical and Personnel System) dataset*: Captures disease requiring hospitalization among active-duty personnel Data on active-duty marines begins on January 1, 1976. ATSDR CHAMPS Dataset includes 125,000 Marines in the database who were stationed at Lejeune at some time before 1986. Captured field list not available at this time but potential field list can be used.

**Data Source 5**: *ATSDR Health Survey (2011-2012) Dataset*: 76,058 completed surveys of the 247,479 surveys mailed. The ATSDR Health Survey includes over 200 data fields for each respondent. See sample form available on request.

**Data Source 6**: *ATSDR 1999-2002 Survey Dataset*: 12,598 respondents and their spouses who participated in the telephone survey conducted from September 1999 to January 2002 as part of the current case-control study of specific childhood cancers and birth defects. NOTE: Dataset field list has not been located to date. Plaintiffs would request all dataset fields be included.

**RESPONSE:**

2. Please produce the ESI, as defined herein, and data created as a result of the digitizing of the USMC Muster Rolls and Unit Diaries from 1940 to 1958 which occurred during the partnership between the National Archives and Ancestry.com.[2]

**RESPONSE:**

---

[2] https://www.archives.gov/research/military/marine-corps/muster-rolls -- The USMC muster rolls are on microfilm. The 1798-1958 Marine Corps Muster Rolls, which were on microfilm and are arranged monthly, have now been digitized and are available online through a partnership with Ancestry.com. These rolls can be viewed via Ancestry and are searchable by name.

3. Please produce the ESI, as defined herein, and data created as a result of the digitizing of the 61 million pages of USMC Camp Lejeune Muster Rolls representing over 5 million unique Service Members who were stationed at Camp Lejeune from the 1950s to 1971 which was performed by the USMC via contract beginning in 2013 and completed by December 2015 based on the 2013, 2014 and 2015 VA/DoD Executive Committee Annual Reports.[3]

**RESPONSE:**

4. Please produce all documents as defined herein, and data previously produced by Defendant in the matter styled as *In re Camp Lejeune, North Carolina Water Contamination Litigation*, MDL No. 2218.

**RESPONSE:**

5. Please produce all depositions transcripts from all prior civil actions involving allegations of injury due to exposure to contaminated water at Camp Lejeune.

**RESPONSE:**

---

[3] Available online.

6. Please produce all written or recorded witness statements in the possession of Defendant from all prior civil actions involving allegations of injury due to exposure to contaminated water at Camp Lejeune.

**RESPONSE:**

7. Please produce unredacted copies of all documents and ESI as defined herein, contained in the Camp Lejeune Water document database, otherwise known as the "CLW" database.

**RESPONSE:**

8. Please produce unredacted copies of all documents and ESI, as defined herein, relied upon by or in the possession, custody or control of the ATSDR related to any publication, report, or study concerning water contamination issues at Camp Lejeune, including drafts. This category includes but is not limited to the six ATSDR ESI and data sources in Request Number 1 above.

**RESPONSE:**

9. Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the Naval Archives of the DON, including all Camp Lejeune related housing records or other servicemember records for servicemembers at Camp Lejeune from August 1, 1953 to December 31, 1987, not already covered by another request served herewith.[4]

**RESPONSE:**




10. Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the DON related to the Navy's underground storage tank (UST) program records and contents of the UST electronic portal relating to Camp Lejeune.

**RESPONSE:**

---

[4] This request is not intended to be duplicative, but rather, simply to broaden the scope of potential document sources, as, to be clear, Plaintiffs' counsel is currently uncertain regarding the multitude of locations and sources of information and documents in Defendant's possession, custody and control. As of the date of these requests, there has not yet been an exhaustive Rule 26(f) conference on this topic nor have there been Defendant disclosures related hereto formally provided at this stage of the litigation.

11. Please produce all documents and ESI, as defined herein, related to VA records, files, guidelines and decisions pertaining to Camp Lejeune VA disability and benefits claims, including as pertaining to all VA activity or claims related to Camp Lejeune for the period August 1, 1953 to December 31, 1987.[5]

**RESPONSE:**

12. Please produce unredacted copies of all documents and ESI, as defined herein, previously produced in response to Freedom of Information Act requests related to Camp Lejeune contaminated water issues since January 1, 1990.

**RESPONSE:**

13. Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the National Research Council (NRC) with regard to any publications, reports or studies concerning water contamination at Camp Lejeune, including drafts.

**RESPONSE:**

---

[5] Counsel for Plaintiffs will cooperate with the Defendant to meet and confer with regard to this request to provide for an agreement to prioritize certain responsive information and to permit and allow time for other responsive information to the extent the Defendant claims any "burdensome" objection, given that the Defendant is the only party who has sole custody of this highly relevant information, documents and data.

13

Case 7:23-cv-00897-RJ    Document 81-3    Filed 12/14/23    Page 14 of 19

14. Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the Government Accountability Office (GAO) related to any report or study concerning water contamination at Camp Lejeune, including drafts.

**RESPONSE:**

15. Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the Environmental Protection Agency (EPA) related to any publication, report, or study concerning water contamination at Camp Lejeune, including drafts.

**RESPONSE:**

16. Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the Department of the Navy related to third party vendors or consultants that performed or were contracted to perform work related to water contamination issues at Camp Lejeune, including drafts.

**RESPONSE:**

17. Please produce unredacted copies of all documents and ESI as defined herein, in the possession, custody, or control of LANTDIV (Atlantic Division Naval Facilities Engineering Command) relating to any work, investigation, research, discussion, or correspondence, memos or documents or data of any form regarding any water contamination issues at Camp Lejeune, including drafts.

**RESPONSE:**

18. Please produce all documents as defined herein, that Defendant may rely on to support its denial of any allegation alleged in the Master Complaint.

**RESPONSE:**

19. Please produce all documents as defined herein, in your possession, custody, or control related to Track 1 Plaintiffs, following their selection pursuant to Case Management Order 2, including military records, VA records, medical records, their claims file, and any other records relevant to their claim.

**RESPONSE:**

20. Please produce all documents or access to relevant ESI as defined herein, related to the entry of civilians onto Camp Lejeune from August 1, 1953 to December 31, 1987, including any written or computerized logs or base pass system historical documents and databases.

**RESPONSE:**

Respectfully submitted this 4th day of October, 2023.

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com

*Lead Counsel for Plaintiffs*

/s/ Elizabeth J. Cabraser
Elizabeth J. Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com

*Co-Lead Counsel for Plaintiffs*

/s/ Robin L. Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com

*Co-Lead Counsel for Plaintiffs and Government Liaison Counsel*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com

*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
jar@lewis-roberts.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on the below-indicated date, I served a copy of the foregoing document upon counsel for the Defendant by electronic mail at the following electronic mail address: adam.bain@usdoj.gov.

/s/ J. Edward Bell, III
J. Edward Bell, III
*Lead Counsel for Plaintiffs*

Date: October 4, 2023