# EXHIBIT 5

Defendant's Discovery Letter to Plaintiffs of
November 4, 2023



U.S. Department of Justice

Civil Division, Torts Branch
Environmental Torts

*Patrick J. Ryan, Trial Attorney*
*Email: Patrick.J.Ryan@usdoj.gov*

**VIA EMAIL**     November 4, 2023

Lead Counsel for Plaintiffs
& Co-Lead Counsel for Plaintiffs

   Re:   *Camp Lejeune Water Litigation – United States' Production of Documents*

Counsel:

This letter is (1) in response to your October 31, 2023, deficiency letter regarding the United States' Responses to Plaintiffs' Corrected First Request for Production of Documents and (2) in follow-up to our meet and confer meetings regarding the same on November 1, 2023, and November 2, 2023. Please allow this letter to memorialize our discussions and provide an update on the United States' good faith efforts to respond to Plaintiffs' Corrected First Request for Production of Documents (the "Requests") and Plaintiffs' Draft Fed. R. Civ. P. 30(b)(6) Notices.

Note that we just received your letter dated November 3, 2023, but sent to us November 4, 2023, characterizing the conferences of last week, and we intend to address that letter in a separate correspondence next week.

### Plaintiffs' Corrected First Request for Productions

As of the date this letter, the United States has produced numerous documents in response to Plaintiffs' Requests and pointed you to several public repositories of documents with information relevant to this litigation. In addition to the documents already produced, the United States continues its efforts to collect and produce responsive documents and information as outlined below.

**Request No. 1**: **Datasets held by ATSDR.** Plaintiffs clarified that this Request seeks DMDC datasets in ATSDR's possession in their entirety, including data about individuals who were not stationed at Camp Lejeune, such as those stationed at Camp Pendleton who were used as a control group in an ATSDR study regarding Camp Lejeune. The United States agreed to ask ATSDR to produce this information. The United States anticipates being able to produce the requested datasets in November on a rolling basis in the coming weeks and subject to the Protective Order for Confidential Information. The United States anticipates producing Dataset No. 4 first and then producing Datasets Nos. 1, 2, 3 and 5 after ATSDR provides the required notice to the federal agency that "owns" the information, including DMDC and USMC. ATSDR is also working to determine whether Dataset No. 6 remains in its possession.

In addition to seeking the requested datasets, Plaintiffs clarified that they also are seeking other electronically stored information (ESI), such as emails, memorandums, and other documents related to the requested datasets. Such information is subject to the jointly proposed ESI protocol pending before the Court. The parties agreed to discuss the collection of ESI from ATSDR at a future meet and confer.

Finally, although this Request seeks "All Agency for Toxic Substances and Disease Registry ESI," and not hardcopy documents, Plaintiffs requested the United States to produce from ATSDR existing hardcopy documents related to Camp Lejeune to the extent not already produced. The United States acknowledges that hardcopy documents from ATSDR are requested in Request No. 8. The United States will confer with ATSDR about the existence of hardcopy documents and will produce the same to the extent they exist and are not subject to privilege.

**Request No. 2: Muster rolls from the 1940 to 1958.** The United States advised during its meet and confer meetings that certain muster roll records between 1953-1957 are currently in the possession and custody of Ancestry.com. The United States is continuing to work with NARA to have these records requested and obtained from Ancestry.com and produced to Plaintiffs.

**Request No. 3: Muster rolls from the 1950s to 1971.** The United States is continuing to work with the United States Marine Corps to determine accessibility of the historic legacy system that contains digitized muster rolls. Records responsive to this Request are available in hard copy format, and the United States will permit the Plaintiffs to inspect and copy these documents at a mutually agreeable time.

**Request No. 5: Deposition Transcripts.** Upon reconsideration, the United States withdraws its relevance objection for deposition transcripts of all Plaintiffs. Accordingly, the United States produces deposition transcripts of plaintiffs from all prior civil actions involving allegations of injury due to exposure to trichloroethylene ("TCE"), tetrachloroethylene ("PCE"), and/or benzene, at Camp Lejeune. These documents bear Bates stamp USPROD 0000000018-0000000719.

**Request No. 7: CLW Database.** The United States will produce documents responsive to this Request for Production and anticipates this production will occur within the next week.

**Request No. 9: Housing records.** Plaintiffs clarified that the reference to the "Naval Archives" was an attempt to obtain the Camp Lejeune digitized housing records. The United States will produce the records contained within the Camp Lejeune Family Housing Card Database for the following locations: Berkley Manor, Courthouse Bay, Hospital Point, Knox Trailer Park, Midway Park, NRAS, Paradise Point, Rifle Range, Tarawa Terrace, and Watkins Village.

**Request No. 10: Underground Storage Tank (UST) program records.** Plaintiffs inquired regarding the availability of the entire collection of UST records separate from the ESI protocol. The United States agreed to confer with the USMC regarding the existence of these records as a collection and the ability to produce them or make them available for inspection or copying separate from the ESI protocol. With respect to the existence of UST records as ESI, the United States anticipates producing the ESI responsive to this Request pursuant to the ESI protocol by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log.

**Request No. 11: Veteran Affairs (VA) records, files, guidelines, and decisions.** Plaintiffs clarified that this Request is not for all Veteran Affairs disability and benefit decisions relating to Camp Lejeune. Rather, the Plaintiffs are requesting that the United States produce the policy and procedure documents that guided the VA in its disability and benefit claim decisions. Plaintiffs agreed to provide the United States with an updated written description of what specifically Request No. 11 seeks that reflects this change in scope. The United States will continue to work with the VA to obtain records responsive to Request No. 11.

**Request No. 12: Freedom of Information Act requests.** The Plaintiffs agreed to withdraw this Request.

**Request No. 13: National Research Council (NRC) publications, reports or studies.** The United States advised that the NRC is not an agency of the federal government. Rather, the NRC is the operating arm of the United States National Academies of Sciences, Engineering, and Medicine, all of which are private, nonprofit institutions. Plaintiffs maintained that the United States had an obligation to produce NRC material by virtue of government contracts with NRC for Camp Lejeune work. The United States will investigate the extent of any contract between the NRC and the Department of the Navy for matters related to contaminated water at Camp Lejeune and the United States' ability pursuant to those contracts to obtain NRC information. The United States will also investigate what information within the government's possession regarding the NRC work and produce that information.

**Request No. 16: Department of the Navy (DON) third party vendors.** Plaintiffs clarified that this Request was intended to capture documents relating to any Camp Lejeune water contamination investigations that were conducted by a third-party vendor or consultant on behalf of the DON. The United States informed Plaintiffs that most of these documents responsive to this Request are already publicly available as part of the DON's environmental restoration program. The United States will investigate whether there is additional information responsive to this request that is not publicly available and continue to work with the DON to obtain records response to Request No. 16.

**Request No. 17: LANTDIV's (Atlantic Division Naval Facilities Engineering Command) Camp Lejeune documents.** The United States will permit the Plaintiffs to inspect and copy documents responsive to this Request at a mutually agreeable time.

**Request No. 18 - 20.** The Plaintiffs agreed to hold these Requests in abeyance at the present time given the timeline set in the Court's Case Management Order No. 2.

In addition to the foregoing, the Parties further discussed the following:

**Privilege Logs:** Regarding the two privilege logs that were produced in prior litigation, bearing Bates stamp USPROD_0000000001-0000000017, the United States will contact individual federal agencies to determine whether the agency continues to assert the deliberative process privilege. The United States anticipates that some or all of those objections can be withdrawn and material produced. The United States will also withdrawal relevancy objections asserted on the ATSDR privilege logs and produce that material. The Plaintiffs referenced Fourth Circuit law regarding

the contents of a privilege log. The United States has reviewed the district court case that Plaintiffs have cited and the ESI protocol and believe the parties should engage in further discussions regarding privilege logs in connection with document and ESI production.

**Release of VA Documents:** Records containing sensitive health information, relating to drug abuse, alcohol abuse, human immunodeficiency virus, or sickle cell anemia are protected by 38 U.S.C. § 7332. The United States informed Plaintiffs that these records can be provided upon receipt of a signed written release. The signature on the release form must be from the service member the records are being requested for; it may be a digital signature so long as it is accompanied by an affidavit certifying the signature's authenticity. Shortly following the meeting, the United States provided Plaintiffs with an example affidavit and model VA release form (VA form 10-5345).

Plaintiffs' counsel requested that they be permitted to sign the VA release form on behalf of their clients. This request was based upon pre-existing medical release waivers that they received from their clients. Plaintiffs provided the United States with two medical release waivers as examples. The United States sent the examples to the VA for review. The United States will continue to work with the VA to determine whether a signature from counsel satisfies the VA's release requirements.

**Clarification for United States Production on October 31, 2023:** During our meet and confer meeting on November 2, 2023, Plaintiffs' counsel advised that the manner in which the United States produced certain documents on October 31, 2023, resulted in confusion. Specifically, the United States served its initial discovery production through its Justice Enterprise Files Sharing (JEFS) system, in shared file folders titled "1" and "2." Folder "1" included a subfolder titled "US production," which contained 11 subfolders titled "RFP__' with corresponding numbers. Plaintiffs' counsel advised their belief that these RFP subfolders contained documents that corresponded to the Requests for Production numbers served in the Camp Lejeune Litigation.

To be certain, the United States could have been clearer as it did not intend for the RFP subfolders to correspond to the Requests for Production numbers served in the Camp Lejeune Litigation. Rather, the RFP subfolders were provided in the manner in which discovery was served pursuant to Requests for Production in prior litigation, *Laura Jones v. United States*, Civ. No. 1:11- cv-00771-JOF. To clarify any confusion, the United States will produce a new JEFS file containing all production in a clearer manner. We will also include the United States' Response to the Request for Production in *Laura Jones v. United States*, Civ. No. 1:11- cv-00771-JOF, for further clarification. The new JEFS file will contain the following:

   i. In Response to **Request for Production No. 4**, The United States produces the following document collections: (1) documents collected by the Marine Corps and containing bate stamp numbers with the prefix CLW, (2) documents collected by the "Drinking Water Fact-Finding Panel for Camp Lejeune" for its report to the Commandant of the United States Marine Corps, (3) documents collected by the Government Accountability Office ("GAO") relating to the Camp Lejeune contamination- the password for such documents is "CampLejeune123", and (4) additional documents collected by client agencies and provided in *Laura Jones v. United States*, Civ. No. 1:11- cv-00771-JOF pursuant to Requests for Production in that case. These documents bear Bates stamp GAO 00001-

06518; ATSDR 01 06886 – 00001; USMC01 00001-00009.pdf; USMC02 00001-00093.pdf; USMC03 00001-00069.pdf; USMC04 00001-00034.pdf; and are located in the JEFS folder titled "Prior U.S. Production. The United States continues to research document collections produced in prior litigations and will supplement this response as required.

ii. In Response to **Request for Production No. 5**, the United States produces deposition transcripts of all fact witnesses, Federal Rule 30(b)(6) witnesses, and plaintiffs, from all prior civil actions involving allegations of injury due to exposure to TCE, PCE, and/or benzene, at Camp Lejeune. These documents bear Bates stamp CLDEP0000000001-000001942, USPROD 0000000018-0000000719, and are located in the JEFS folder titled "Deposition Transcripts and Exhibits."

iii. In response to **Request for Production No. 6**, the United States further produces expert reports and declarations produced by the United States from all prior civil actions involving allegations of injury due to exposure to TCE, PCE, and/or benzene, at Camp Lejeune. These documents bear Bates stamp CLDEP000001943-000002630, and are located in the JEFS folder titled "Expert Reports".

iv. The United States' Response to the Request for Production in *Laura Jones v. United States*, Civ. No. 1:11- cv-00771-JOF, bearing Bates stamp USPROD0000000720-0000000738.

v. Privilege logs that were produced in prior litigation, bearing Bates stamp USPROD_0000000001-0000000017.

We will provide the JEFS link under separate cover.

**ESI Protocol Discussions:** Even though the ESI Protocol Order has not been entered yet, we offered to begin engaging with counsel for Plaintiffs on identification of agency custodians and search methodology for collection and production of ESI.

## Rule 30(b)(6) Notices

**ATSDR 30(b)(6) Notice**: On October 20, 2023, Plaintiffs emailed to counsel for the United States a draft 30(b)(6) deposition notice to produce a witness from ATSDR to testify about "the existence, accessibility and location" of ESI at ATSDR. As discussed, ATSDR is working to identify a witness and dates for such a deposition and anticipates that deposition taking place before Thanksgiving.

**VA 30(b)(6) Notice**: On October 27, 2023, Plaintiffs emailed to counsel for the United States a draft 30(b)(6) deposition notice to produce a witness from the VA to testify about two topics: "the existence and accessibility of all VA data and database[s]" and "the existence and accessibility of all United States government agency and military databases known or available to the VA." As discussed, the VA is working to identify a witness and dates for such a deposition and anticipates that deposition taking place in November or December.

5

**United States Marine Corps 30(b)(6) Notice**: On October 27, 2023, Plaintiffs emailed to counsel for the United States a draft 30(b)(6) deposition notice to produce a witness from the United States Marine Corps to testify about three topics. The United States informed Plaintiffs that Topic 1 concerning the "digitization of USMC Muster Rolls and Unit Diaries from 1940 to 1958 which occurred during the partnership between the National Archives and Ancestry.com" does not pertain to the United States Marine Corps. The United States also informed Plaintiffs that the websites identified by Plaintiffs in Topic 3 are not maintained by the United States Marine Corps. The United States is working with its agencies to determine which agency or agencies can appropriately address Topics 1 and 3. The United States Marine Corps is working to identify a witness and dates for a deposition on Topic 2 concerning the digitization of USMC Camp Lejeune muster rolls from 1950s to 1971. The United States anticipates that the USMC 30(b)(6) deposition taking place in November or December.

Should you have any questions or further comments regarding the foregoing, please do not hesitate to contact the undersigned.

Best Regards,

*/s/ Adam Bain*
ADAM BAIN
Senior Trial Counsel

PATRICK J. RYAN
JOSEPH B. TURNER
HAROON ANWAR
CINDY M. HURT
Trial Attorneys
U.S. Department of Justice
Civil Division, Torts Branch

Enclosures: As Stated

cc: Counsel of Record in *Camp Lejeune Water Litigation*