# EXHIBIT 6

Plaintiffs' Discovery Deficiency Letter to Defendant of November 6, 2023



# BELL LEGAL GROUP

November 6, 2023

**Via Email to:**
Adam Bain
Senior Trial Counsel, Torts Branch
Environmental Tort Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washinton, D.C. 20044
Adam.Bain@usdoj.gov

  Re: *In re* **Camp Lejeune Water Litigation**

Dear Adam:

  We received your letter of November 4, 2023 (the "Defendant's letter") to memorialize our meet-and-confer videoconferences held on November 1 and 2, 2023 concerning Defendant United States of America's ("Defendant") Responses to Plaintiffs' Corrected First Request for Production of Documents. As you know, shortly before your letter was sent, my office sent a letter dated November 3, 2023 ("Plaintiffs' letter") concerning the same matters. In Plaintiffs' letter, we set forth a number of requests for discovery supplementations and document productions. Hence, we believe it extremely important that the Government respond to Plaintiffs' letter promptly. We ask that you please provide a written response by Wednesday, November 8, 2023, so that we can discuss the parties' positions and try to reach agreements in our teleconference scheduled for Friday, November 10, 2023, at 11 am.

  We are concerned that Defendant's letter omitted several elements of our discussions on November 1 and 2, 2023 (the "meetings"), including but not limited to the follows:

- **Request for Production No. 1:** Plaintiffs do not agree that there is any requirement to get "agency approval" before producing documents demanded in discovery in this action, which are in ATSDR's possession and clearly relevant, and where Defendant has not filed a motion for protective order to limit production, and where a Stipulated Protective Order exists to protect personal information. Additionally, during the meetings, there was no agreement to limit database sets in possession of DMDC. Plaintiffs simply want the complete set of all identified database sets regardless of the "owner" of the data, or whom has possession. We agree with a rolling production, provided the parties agree that all responsive data is produced within the next

BELL LEGAL GROUP | 219 NORTH RIDGE STREET | GEORGETOWN, SC 29440
office: 843.546.2408 fax: 843.546.9604 | www.BellLegalGroup.com

Case 7:23-cv-00897-RJ Document 81-7 Filed 12/14/23 Page 2 of 4

21 days. We agree to meet and confer on related ESI issues after the Court enters an ESI order.

- **Request for Production No. 3:** Defendant's letter omitted a key component from our discussion during the meetings: namely, the 61 million pages of documents that have been digitized, but Defendant indicated that the license to these digital documents has expired. As a result, during the meetings, Plaintiffs asked that Defendant promptly work through this licensing issue so that the digital files can be produced, and identify the vendor and their contact information, for which the license issue exists. If Defendant cannot resolve these licensing issues and promptly produce the digital files, we have asked that Defendant provide us with sufficient information about the third-party custodian of the files and the license agreement so that Plaintiffs can seek a court order compelling production of the files from the third party. Finally, while the private vendor may have restricted access, we feel certain that the Government has some of the files/documents in its possession and would like to obtain copies that the Government has in its possession.

- **Request for Production No. 10:** We are deeply concerned that Defendant's letter promised production of responsive documents "by the completion of fact discovery." As stated in Plaintiffs' letter, production at such a late date would materially frustrate Plaintiffs' ability to prepare expert witnesses, conduct fact witness depositions, and prepare for trial. As set forth in Plaintiffs' letter, we ask that all fact document production be completed by December 8, 2023.

- **Request for Production Nos. 4, 6, 8, 14 & 15:** During the meetings, the parties discussed Request for Production Nos. 4, 6, 8, 14 & 15, but Defendant's letter failed to address these discussions. We refer Defendant to Plaintiffs' letter for our understanding of the discussions and agreements with respect to Request for Production Nos. 4, 6, 8, 14 & 15.

- **Privilege Logs:** Defendant's letter indicated that it reviewed certain case law on the requirements of privilege logs under the Federal Rules of Civil Procedure. *E.g., Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D.W.Va. 2015). We remain concerned that Defendant's privilege logs produced on November 1, 2023 failed to comply with the discovery rules and applicable case law. Therefore, we agree with your request, as stated in Defendant's letter, to hold a meet-and-confer concerning privilege log issues. We are available for such a meeting this week. Please let us know when you are available.

- **Rule 30(b)(6) Notices:** Plaintiffs recently clarified and provided more detail related to the three deposition notices provided in drafts over the last several weeks. These notices seek depositions of ATSDR, the VA and the USMC. Defendant agreed to provide dates in November (prior to Thanksgiving) to

BELL LEGAL GROUP | 219 NORTH RIDGE STREET | GEORGETOWN, SC | 29440
office: 843.546.2408 | fax: 843.546.9604 | www.BellLegalGroup.com

complete all three depositions. Please provide the dates for the depositions prior to Friday, this week.

As stated in Plaintiffs' letter, I am hopeful that we can work through these discovery issues. We look forward to receiving your response.

Regards,

BELL LEGAL GROUP

J. Edward Bell, III

cc: Plaintiffs' Co-Lead Counsel

BELL LEGAL GROUP | 219 NORTH RIDGE STREET | GEORGETOWN, SC | 29440
office: 843.546.2408 | fax: 843.546.9604 | www.BellLegalGroup.com