# EXHIBIT 9

Plaintiffs' Discovery Deficiency Letter to
Defendant of December 4, 2023



December 4, 2023

**VIA EMAIL ONLY**
Adam Bain, Esquire
Senior Trial Counsel, Torts Branch
Joseph Turner, Esquire
Trial Attorney, Torts Branch
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washinton, D.C. 20044
Adam.Bain@usdoj.gov
Joseph.B.Turner@usdoj.gov

  Re: *In re* **Camp Lejeune Water Litigation**

Dear Adam and Joseph:

  We received your letter of November 27, 2023 (the "Defendant's letter") concerning Defendant United States of America's ("Defendant") document production efforts in response to Plaintiffs' Corrected First Set of Request for Production (the "First Requests"). Specifically, Defendant's letter stated that it "is writing to provide an update on those efforts, and to confirm that the Parties are in agreement on the status of various Requests." *See* Def. Letter, at p. 1. Unfortunately, Defendant's efforts to produce documents in response to the First Requests fail to satisfy the requirements of the Federal Rules of Civil Procedure. Furthermore, Plaintiffs do not agree with several of Defendant's characterizations of the status of its document production. The purpose of the present letter is to respond to these issues in the hopes that we can resolve any discrepancies without the need for court intervention.

### Timeline for the Production of Documents

  Defendant's letter stated that "the United States will continue to produce documents on a rolling basis **through the end of the discovery period.**" *See* Def. Letter, at p. 1 (emphasis added). Defendant's position that it will produce responsive documents at some indefinite period before "the end of the discovery period" clearly fails to comply with the Federal Rules of Civil Procedure.

  Rule 34 provides that document production "must be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). Judicial decisions by the Eastern District of North Carolina establish that

BELL LEGAL GROUP | 219 NORTH RIDGE STREET | GEORGETOWN, SC | 29440
office: 843.546.2408 | fax 843.546.9604 | www.BellLegalGroup.com
Case 7:23-cv-00897-RJ Document 81-10 Filed 12/14/23 Page 2 of 8

Adam Bain, Esquire
Joseph Turner, Esquire
December 4, 2023
Page 2

"'there are only three appropriate responses to a request for production of documents': 1) an objection; 2) 'an answer agreeing to the requested scope, time, place and manner of production'; or 3) 'a response offering a good faith, reasonable alternative [to the proponent's requested time, place or manner of] production, **which is definite in scope, time, place or manner.**'" *NOA, LLC v. Khoury*, No. 5:14-CV-114, 2018 U.S. Dist. LEXIS 112108, at \*17 (E.D.N.C. Aug. 23, 2016) (emphasis added) (quoting *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997)).

As you are aware, Plaintiffs' First Requests sought the production of all responsive documents by October 30, 2023. Defendant's indefinite promises to produce documents prior to "the end of the discovery period" fail to comply with the above-quoted mandates of Rule 34 and the judicial decisions of this District. "[A] response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b). *Id.* at \*17-18 (*citing Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 240-41 (M.D.N.C. 2010)).

In Plaintiffs' letter of November 3, 2023, we proposed that Defendant's document production be conducted on a rolling basis and completed by Defendant no later than December 29, 2023. This is a reasonable compromise proposal, and we ask that Defendant promptly confirm in writing that it will produce all documents responsive to Plaintiffs' First Requests by December 29, 2023.

## Status of Defendant's Document Production

As stated above, Plaintiffs are concerned that Defendant's letter inaccurately characterized the status of Defendant's document production in response to the First Requests. Below, we set forth our understanding of Defendant's document production. As we continue to review Defendant's document production, we reserve the right to identify additional deficiencies with its response to Plaintiffs' First Requests.

**Request No. 1: Datasets Held by ATSDR.** In response to RFP No. 1 requesting six (6) identified databases, upon information and belief, Defendant has produced in native form datasets 1, 2, 3, 5, and 6. Upon information and belief, Defendant has not produced Data Source No. 4. We acknowledge that Defendant made a production which purported to be Data Source No. 4. However, the production was not in the .sav file format, and the accompanying Word files did not reflect the corresponding database/dataset. We request that Defendant promptly re-produce Data Source No. 4, including in an accessible native form.

Defendant has stated that it is currently searching for hardcopy documents possessed by the Agency for Toxic Substances and Disease Registry ("ATSDR") and responsive to Request No. 1. Moreover, we understand that Defendant will presumably start to produce electronically stored information ("ESI"), including emails, memorandums and other documents, once search terms and ESI custodians are identified pursuant to the procedures established in the Stipulated Order

BELL LEGAL GROUP | 219 NORTH RIDGE STREET | GEORGETOWN, SC | 29440
office: 843.546.2408 | fax: 843.546.9604 | WWW.BELLLEGALGROUP.COM

Case 7:23-cv-00897-RJ   Document 81-10   Filed 12/14/23   Page 3 of 8

Establishing Protocol for Document Collection and Production ("ESI Protocol"). [D.E. 52]. Further, Defendant has indicated that it anticipates re-producing the responsive datasets with bates-labeling and certain confidentiality designations.

**Request No. 2: Muster Rolls from 1940 to 1958.** RFP No. 2 seeks digitized muster rolls from 1940 to 1958. Thus far, Defendant has only provided a link to publicly available documents and has further indicated that the National Archives and Records Administration ("NARA") is working with Ancestry.com to collect additional documents responsive to this request which will be produced "as soon as they are available." *See* Def. Letter, at p. 2. This response is inadequate. For the above-stated reasons, we ask that the responsive documents be produced by December 29, 2023.

**Request No. 3: Muster Rolls from the 1950s to 1971.** In response to RFP No. 3 asking for digitized muster rolls between 1950 and 1971, Defendant has indicated that the hardcopies of these muster rolls are available for an in-person inspection. However, our understanding is that the relevant hardcopy muster rolls would comprise over 61 million pages. Therefore, access to the **digital** muster rolls, as requested by RPD No. 3, is of the utmost importance.

In fact, Defendant has indicated that it is working with the United States Marine Corps to access the historic legacy system that contains previously digitized muster rolls responsive to the present request. Further, Defendant has indicated that the United States Marine Corps is simultaneously digitizing records in response to this request. Of note, upon information and belief, these documents are already available on microfilm – which can be digitized – at NARA.[1] For the foregoing reasons, among others, Plaintiffs continue to request that these documents be produced in digitized form by December 29, 2023.

Further, Defendant's letter failed to mention the licensing issues discussed during the parties' meet-and-confer videoconferences held on November 1 and 2, 2023. These licensing issues were discussed in Plaintiffs' letter of November 3, 2023. In short, Defendant had indicated that a digital copy of the responsive records may have been created at some point from 2013 to December 2015, but that the digital records are unavailable because a license to the digital records expired. In Plaintiffs' letter of November 3, 2023, we asked that Defendant promptly work through this licensing issue and produce the digitized records, or alternatively, provide Plaintiffs with certain information about the third-party custodian of the files and the license agreement so that Plaintiffs can seek a court order compelling production. Please provide Plaintiffs with an update concerning these licensing issues and digitized production.

**Request No. 4: MDL Production.** Plaintiffs disagree with Defendant's statement that "there are no other open issues related to this Request." Specifically, Plaintiffs remain concerned that Defendant has withheld documents based upon several privileges, including but not limited to the deliberative process privilege. Moreover, Plaintiffs remain concerned that Defendant's privilege logs fail to meet the requirements of Fed. R. Civ. P. 26(b)(5)(A) and applicable case law,

---

[1] See https://www.archives.gov/research/military/marine-corps/muster-rolls.

BELL LEGAL GROUP | 219 NORTH RIDGE STREET | GEORGETOWN, SC | 29440
office: 843.546.2408 | fax: 843.546.9604 | WWW.BELLLEGALGROUP.COM

including *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D.W.Va. 2015). As requested in Defendant's letter, we are available to discuss these matters during the parties' meeting on December 4, 2023. However, we have raised these concerns in several prior letters, including but not limited to Plaintiffs' letters of November 3 and November 6, 2023. We ask that Defendant promptly produce revised privilege logs which conform with the requirements of Rule 26(b)(5)(A) and applicable case law, and we furthermore ask that Defendant withdraw its objections based upon the deliberative process privilege and produce all responsive documents.

**Request No. 5: Deposition Transcripts.** In response to RFP No. 5 asking for deposition transcripts from prior civil actions involving allegations of injury due to exposure to contaminated water at Camp Lejeune, Plaintiffs have reviewed the production provided and have noted the following deficiencies:

- Deposition of Betz, Elizabeth – The transcript was not provided.
- Deposition of Perez, Leandro – The transcript identifies Exhibits 1 through 10, which were not provided.
- Deposition of Wooten, Julian – Exhibit 12 was not provided.
- Deposition of Perez-Jacir, Ingrid – The transcript identifies Exhibits 1 and 2, which were not provided.
- Deposition of Jones, Laura – The transcript identifies Exhibits 1 through 10, which were not provided.

Plaintiffs ask that Defendant promptly produce the documents referenced above.

**Request No. 6: Written/Recorded Statements.** During the parties' meet-and-confer videoconferences on November 1 and 2, 2023, Plaintiffs notified Defendant that the present request sought **any** statements concerning contaminated water at Camp Lejeune, irrespective of whether the statements were produced by Defendant in prior litigation related to Camp Lejeune. However, Defendant's letter indicated that it has fully complied with the present request by merely producing "expert reports and declarations produced by the United States from all prior civil actions involving allegations of injury due to exposure to TCE, PCE, and/or benzene, at Camp Lejeune." *See* Def. Letter, at p. 3. As discussed during our said meet-and-confer videoconferences, and as further clarified in Plaintiffs' letter of November 3, 2023, please produce **any** statements concerning contaminated water at Camp Lejeune, whether or not previously produced in discovery.

**Request No. 7: CLW Database.** Plaintiffs disagree with Defendant's statement that "there are no other open issues related to this Request." Defendant has withheld responsive documents in reliance upon several privileges, and Defendant has supported these privilege objections with deficient privilege logs. These issues were discussed in more detail above. We ask that Defendant promptly produce revised privilege logs which conform with the requirements of Rule 26(b)(5)(A) and applicable case law, and we furthermore ask that Defendant withdraw its objections based upon the deliberative process privilege and produce all responsive documents.

BELL LEGAL GROUP | 219 NORTH RIDGE STREET | GEORGETOWN, SC | 29440
office: 843.546.2408 | fax: 843.546.9604 | www.BellLegalGroup.com

Case 7:23-cv-00897-RJ  Document 81-10  Filed 12/14/23  Page 5 of 8

**Request No. 8: Documents/ESI Possessed by ATSDR.** RFP No. 8 requested unredacted copies of all documents and ESI related to any ATSDR publication, report, or study concerning water contamination issues at Camp Lejeune. Upon information and belief, no documents have been produced in response to this request. Defendant has indicated that it is presently working with ATSDR concerning the existence and timing for production of responsive hardcopy documents. Regarding the relevant ESI production, Defendant's letter states that "the parties have agreed to meet on December 4, 2023, to begin discussion on custodian and search terms for collection and production of the information."

**Request No. 9: Housing Records.** In response to RFP No. 9 requesting housing records, Defendant has produced certain responsive documents in native format, but Defendant has promised to supplement with "OCR-ed documents where necessary at a later date." *See* Def. Letter, at p. 4. Moreover, Defendant has indicated that "additional relevant, responsive document" may exist and "will be produced in response to this Request as soon as possible." *Id.* We again ask that Defendant provide us with a date certain when these documents will be produced.

**Request No. 10: Underground Storage Tank ("UST") Program Records.** Upon information and belief, no documents have been produced in response to this request. Therefore, Plaintiffs disagree with Defendant's statement that "there are no other open issues related to this Request." Defendant has indicated that it is in the process of consulting with the Marine Corp about the present request and that "[r]elevant, responsive hardcopy and ESI documents will be produced as soon as possible." *See* Def. Letter, at p. 4.

**Request No. 11: Veteran Affairs ("VA") Records, Files, Guidelines, and Decisions.** In Plaintiffs' letter of November 3, 2023, we agreed to limit the scope of the present request. However, Defendant has not produced any documents in response to this request, despite Defendant's statements that it "will continue to work with the VA to obtain records responsive to this Request." *See* Def. Letter, at p. 4. We again ask that Defendant provide us with a date certain when these documents will be produced.

**Request No. 12: Freedom of Information Act Requests.** We agree with Defendant's letter that the present request has been withdrawn.

**Request No. 13: National Research Council ("NRC") Publications, Reports or Studies.** Again, Plaintiffs disagree with Defendant's statement that "there are no other open issues related to this Request." Defendant's letter acknowledges that responsive documents are possessed by the NRC. *See* Def. Letter, at pp. 4-5. However, Defendant has failed to produce any responsive documents because the NRC is allegedly "an independent non-governmental entity" and that "a requesting agency does not have any right to NAS internal documentation aside from the final report." *See* Def. Letter, at p. 4. Based upon Defendant's representation that it cannot obtain these records from NRC, Plaintiffs intend to issue a subpoena upon NRC for the responsive records. Finally, Defendant has also stated that it "is determining whether any government agencies have responsive documents the United States may obtain for production." *See* Def. Letter, at p. 5. We

BELL LEGAL GROUP | 219 NORTH RIDGE STREET | GEORGETOWN, SC | 29440
office: 843.546.2408 | fax: 843.546.9604 | www.BellLegalGroup.com

Case 7:23-cv-00897-RJ   Document 81-10   Filed 12/14/23   Page 6 of 8

request that Defendant provide us with a date certain when it will advise us of the existence of any requested documents and when those documents will be produced.

**Request No. 14: Government Accountability Office ("GAO") Reports or Studies.** Upon information and belief, the only documents produced by Defendant in response to this request are in the form of a URL link provided in Defendant's Response to the First Request. Again, Plaintiffs disagree with Defendant's statement that "there are no other open issues related to this Request." In fact, Defendant's letter indicated that it was "continuing to work with GAO to determine whether the agency has non-privileged responsive records." *See* Def. Letter, at p. 5. Further, Defendant's response to Plaintiffs' First Requests asserted an objection on the basis of the Speech and Debate Clause of the U.S. Constitution. We ask that Defendant withdraw this objection and produce all responsive documents.

**Request No. 15: Environmental Protection Agency ("EPA") Publications, Reports, or Studies.** Again, Plaintiffs disagree with Defendant's statement that "there are no other open issues related to this Request." In fact, Defendant's letter indicated that it is working "with EPA to investigate responsive records" and that an initial production will be made "as soon as possible." *See* Def. Letter, at p. 5. Further, Defendant will produce responsive ESI once search terms and ESI custodians are identified pursuant to the procedures established in the ESI Protocol.

**Request No. 16: Department of the Navy ("DON") Third-Party Vendors.** Again, Plaintiffs disagree with Defendant's statement that "there are no other open issues related to this Request." In fact, Defendant's letter indicated that it is "working with the DON to obtain any relevant, responsive documents in response to this Request." *See* Def. Letter, at p. 5. Further, Defendant will produce responsive ESI once search terms and ESI custodians are identified pursuant to the procedures established in the ESI Protocol.

**Request No. 17: LANTDIV's (Atlantic Division Naval Facilities Engineering Command) Camp Lejeune Documents.** Again, Plaintiffs disagree with Defendant's statement that "there are no other open issues related to this Request." During the parties' meet-and-confer videoconferences on November 1 and November 2, 2023, Defendant indicated that one box of responsive documents was being scanned and would be produced electronically. We have not received that electronic document production and ask that it be provided promptly. Also, the parties are working to schedule the inspection of certain responsive hardcopies.

**Request Nos. 18-20.** Plaintiffs agree that these requests have been held in abeyance for discussion at a later date.

### Request for Clarification of Document Production

During prior meet-and-confer conferences, Plaintiffs expressed concern that Defendant did not accurately identify the request to which certain documents produced by Defendant were responsive. For example, on October 31, 2023, Defendant produced a letter concerning toxicological profiles for unregulated hazardous substances (bates number USMC03 1-8) in a

BELL LEGAL GROUP | 219 NORTH RIDGE STREET | GEORGETOWN, SC | 29440
office: 843.546.2408 | fax: 843.546.9604 | www.BellLegalGroup.com

Case 7:23-cv-00897-RJ   Document 81-10   Filed 12/14/23   Page 7 of 8

folder labeled "RFP 2." Since Request No. 2 sought the production of certain muster rolls, which would not encompass the letter referenced above, Plaintiffs expressed concern that the documents within the "RFP 2" folder were not actually responsive to Request No. 2. In a letter dated November 4, 2023, Defendant confirmed that its document production "could have been clearer," and Defendant acknowledged that the 11 subfolders titled "RFP ___" did not actually correspond to Plaintiffs' individually numbered requests for production. Plaintiffs have spent considerable time reviewing Defendant's document productions in the attempts to properly categorize and recategorize Defendant's production.

In light of the above, Plaintiffs request that Defendant provide a chart which identifies precisely the RFP No. to which each category of bates numbered documents produced by Defendant are responsive. Further, Plaintiffs continue to request that all future document production clearly identify the request and bates numbers to which the production is responsive.

## Conclusion

It is clear that substantial categories of documents and ESI have not been produced and other insufficiencies addressed herein remain an issue. We ask that all documents and ESI be produced by December 29, 2023 and other concerns be addressed, or we will need to initial the discovery dispute process set forth in the Court's Amended Order of November 21, 2023. [D.E. 55]

I am hopeful that we can work through these discovery issues in an effort to avoid seeking relief from the Court.

With kindest regards, I am

Yours very truly,

J. Edward Bell, III, Lead Counsel

JEBIII/djb
cc:     Plaintiffs' Co-Lead Counsel

BELL LEGAL GROUP | 219 NORTH RIDGE STREET | GEORGETOWN, SC | 29440
office: 843.546.2408 | fax: 843.546.9604 | www.BellLegalGroup.com