# EXHIBIT 10

Chart Summarizing Deficiencies with
Defendant's Discovery Responses

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

IN RE:                                  )
CAMP LEJEUNE WATER LITIGATION           )
THIS PLEADING RELATES TO:               )
ALL CASES                               )

# SUMMARY OF DEFENDANTS' DEFICIENT DOCUMENT PRODUCTION IN RESPONSE TO PLAINTIFFS' FIRST SET OF CORRECTED REQUESTS FOR PRODUCTION

December 13, 2023

| Plaintiffs' First Set of Corrected Requests for Production | Defendant's Response to Plaintiffs' First Set of Corrected Requests for Production | Deficiency with Defendants' Response[1] | Notes |
|---|---|---|---|
| Request No. 1: Datasets Held by ATSDR | Will produce by completion of fact discovery pursuant to ESI Protocol, Protective Order, and privilege review. | 1. Defendant has not produced responsive hardcopy documents possessed by ATSDR. 2. Defendant has not produced responsive datasets with bates-labeling. On December 12, 2023, Defendant promised to | |

[1] The present chart does not attempt to summarize all deficiencies.

| | | produce these datasets "within the next week." |
|---|---|---|
| Request No. 2:<br><br>Digitized United States Marine Corps ("USMC") Muster Rolls and Unit Diaries from 1940 to 1958 Generated with Ancestry.com | Will produce by completion of fact discovery pursuant to ESI Protocol, Protective Orders, and privilege review. | 1. Defendant has not produced all responsive digitized muster rolls.<br>2. Defendant is working with Ancestry.com to obtain the missing documents. Defendant promises to produce "documents responsive to this Request from Ancestry.com" by December 20, 2023. |
| Request No. 3:<br><br>Digitized Muster Rolls from the 1950s to 1971 | Will produce by completion of fact discovery pursuant to ESI Protocol, Protective Order, and privilege review. Offered to allow inspection of 61 million pages of hardcopy muster rolls. | 1. Defendant has produced no responsive documents.<br>2. Defendant indicates that these records are being digitized on two fronts: (a) by the National Archives and Records Administration ("NARA") and (b) the USMC is digitizing these records. The first set of digitized records will be produced.<br>3. Defendant estimates a production on a rolling basis in early 2024. |
| Request No. 4: | Will produce: | 1. Defendant has withheld substantial documents on |

2

| | | |
|---|---|---|
| All Documents Previously Produced in the Prior Civil Action Captioned *In re Camp Lejeune, North Carolina Water Contamination Litigation*, MDL No. 2218 | 1. Marine Corps documents with bates stamp prefix CLW<br>2. Drinking Water Fact-Finding Panel report to MC Commandant<br>3. Documents collected by Government Accountability Office<br>4. Documents produced in *Laura Jones v. US*. | the basis of the deliberative process privilege and other privileges. Defendant is presently evaluating whether to revoke these privilege objections.<br>2. Defendant has failed to produce privilege logs which comply with Rule 26 and applicable case law. |
| Request No. 5:<br><br>All Deposition Transcripts from Prior Civil Actions | Will produce Rule 30(b)(6) witnesses but will withhold individual plaintiff transcripts absent a showing of relevance.<br><br>Note: Defendant eventually agreed to produce all requested deposition transcripts. | Defendant's document production failed to include several responsive deposition transcripts and exhibits. Defendant promises to provide the missing documents by December 15, 2023. |
| Request No. 6:<br><br>Written and Recorded Statements | Will produce expert reports and declarations produced by the Government in prior civil actions. | Defendant produced expert reports and declarations disclosed in prior civil actions, but Defendant refuses to produce **all** written and recorded statements concerning water contamination at Camp Lejeune. Defendant claims that the production of additional statements would be burdensome, not calculated to lead to |

3

| | | | admissible evidence, and "likely involves a large number of privilege drafts and communications." |
|---|---|---|---|
| Request No. 7: All Documents and ESI in the "CLW Database" | | Will produce responsive documents but withhold privileged documents and produce a privilege log. Actively considering whether to reverse decision to withhold documents on basis of the deliberative process privilege. | In its letter of December 13, 2023, Defendant stated that it "has produced all non-privileged documents, as well as those documents previously withheld under het deliberative process privilege." However, Defendant previously asserted several objections in addition to the deliberative process privilege, and it is not clear whether **all** responsive documents have been produced. |
| Request No. 8: Documents and ESI in Possession of the ATSDR Related to Water Contamination at Camp Lejeune | | Will produce responsive documents but withhold privileged documents and produce privilege log. Actively considering whether to reverse decision to withhold documents on basis of the deliberative process privilege. | 1. Defendant has produced no responsive documents, including the 131 files identified on Mr. Baker's index. 2. Defendant has failed to provide a timeframe for production, other than an indefinite promise to produce documents before |

4

| | | the completion of fact discovery. |
|---|---|---|
| Request No. 9:<br><br>Housing Records for Servicemembers at Camp Lejeune from 8/1/53 to 12/31/87 | Will produce records from Family Housing Card Database related to Berkely Manor, Courthouse Bay, Hospital Point, Knox Trailer Park, Midway Park, NRAS, Paradise Point, Rifle Range, Tarawa Terrace, and Watkins Village. | Defendant states that it has produced all responsive documents. |
| Request No. 10:<br><br>Underground Storage Tank Program Records | Will produce by completion of fact discovery pursuant to ESI Protocol, Protective Order, and privilege review | 1. Defendant has produced no responsive documents.<br>2. Defendant states that it will "begin producing documents within the next few weeks." |
| Request No. 11:<br><br>Veteran Affairs Records, Publications, Etc., Concerning Standards for Award of Benefits for Persons Injured by Water at Camp Lejeune[2] | Gave URL link to certain publicly available sources of information. Will produce additional responsive document at a later date. | 1. Other than the said publicly available website, Defendant has produced no responsive documents.<br>2. Defendant states that it "will be producing documents responsive to this request by the end of December 2023." |

---

[2] Note: The above-stated scope of Request No. 11 is the product of negotiation with Defendant and confirmed in Plaintiffs' letter to Defendant of November 3, 2023.

5

| | | |
|---|---|---|
| Request No. 12:<br><br>Withdrawn | Withdrawn | Withdrawn |
| Request No. 13:<br><br>National Research Council ("NRC") Publications, Reports or Studies | Gave URL link to certain publicly available sources of information. Otherwise, Defendants states that it does not have possession, custody or control of any of these documents because the NRC is the operating arm of private nonprofit institutions. | 1. Other than the said publicly available website, Defendant has not produced responsive documents possessed by the NRC.<br>2. Further, Defendant has indicated that other governmental agencies may possess additional relevant, responsive documents, but Defendant has failed to state that this investigation is complete, and Defendant has failed to produce documents collected during this investigation (if any). |
| Request No. 14:<br><br>Government Accountability Office ("GAO") Reports or Studies on Camp Lejeune Water Contamination | Gave URL link to certain publicly available documents. Otherwise, the United States is evaluating whether to revoke its assertion of privilege under the Speech and Debate Clause of the U.S. Constitution. | 1. Defendant is working with the GAO to produce additional documents.<br>2. Defendant has failed to provide a timeline for the production of additional responsive documents.<br>3. Moreover, Defendant has baselessly withheld documents in reliance upon the Speech and Debate |

6

| | | |
|---|---|---|
| | | Clause of the U.S. Constitution. |
| Request No. 15:<br><br>Environmental Protection Agency ("EPA") Publications, Reports or Studies on Camp Lejeune Water Contamination | Gave URL links to publicly available documents. Will produce remainder of responsive documents by completion of fact discovery pursuant to ESI Protocol, Protective Order, and privilege review. | Other than the said publicly available websites, Defendant has not produced responsive documents. Defendant states that it "anticipates producing documents responsive to this request by the end of December 2023." |
| Request No. 16:<br><br>Department of the Navy Records of Third-Party Vendors or Consultants Working on Water Contamination Issues at Camp Lejeune | Gave URL link to publicly available documents. Will produce remainder of responsive documents by completion of fact discovery pursuant to ESI Protocol, Protective Order, and privilege review. | 1. Other than the said publicly available website, Defendant has not produced responsive documents.<br>2. Defendant has failed to provide a timeframe for production, other than an indefinite promise to produce documents before the completion of fact discovery. |
| Request No. 17:<br><br>Documents Possessed by the Atlantic Division Naval Facilities Engineering Command ("LANTDIV") Concerning Water | Gave URL link to publicly available documents. Will permit inspection and copying of hardcopy documents at the Naval Facilities Engineering Systems Command in Norfolk, VA. | Defendant has not produced substantial responsive documents. Defendant promises to produce responsive documents by the end of December 2023. |

7

| Contamination at Camp Lejeune | Note: Defendant subsequently stated that there was a box of responsive documents that were being digitized and would be produced. | | |
|---|---|---|---|
| Request No. 18: Held in Abeyance Temporarily | Initially held in abeyance. Request reinstated pursuant to email of Leadership on December 13, 2023. | Initially held in abeyance. Request reinstated pursuant to email of Leadership on December 13, 2023. | |
| Request No. 19: Held in Abeyance Temporarily | Initially held in abeyance. Request reinstated pursuant to email of Leadership on December 13, 2023. | Initially held in abeyance. Request reinstated pursuant to email of Leadership on December 13, 2023. | |
| Request No. 20: Held in Abeyance Temporarily | Initially held in abeyance. Request reinstated pursuant to email of Leadership on December 13, 2023. | Initially held in abeyance. Request reinstated pursuant to email of Leadership on December 13, 2023. | |

8