IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| IN RE: | ) | |
|---|---|---|
| CAMP LEJEUNE WATER LITIGATION | ) | Case No: 7:23-cv-897 |
| | ) | |
| | ) | **OPPOSITION TO PLAINTIFFS'** |
| This Document Relates To: | ) | **LEADERSHIP GROUP'S** |
| ALL CASES | ) | **MOTION TO ENFORCE** |

## INTRODUCTION

The Court should deny Plaintiffs' Leadership Group's ("PLG's") Motion to Enforce Case Management Order No. 2, D.E. 78, because the United States' Track 1 Discovery Plaintiff selections comply with Case Management Order No. 2 ("CMO-2"), D.E. 23. Although CMO-2 established a deadline for opting out of Track 1 Discovery, CMO-2 does not preclude a plaintiff who wishes to litigate from opting back in. Permitting the United States and these individual plaintiffs to litigate these cases is consistent with CMO-2, and will facilitate resolution by including a more representative pool of plaintiffs in Track 1 Discovery.

## BACKGROUND

Although litigation under the Camp Lejeune Justice Act ("CLJA") involves potentially hundreds of thousands of claimants, the Court and the Parties have all recognized that it is not feasible to try hundreds of thousands of cases. Accordingly, in CMO-2, the Court permitted the filing of a Master Complaint and Short Form Complaints to help organize this litigation. In its order, the Court directed that "[a]ny Plaintiff who filed a Complaint in this Court before the filing of the Master Complaint and who wishes to pursue their CLJA action in accordance with [CMO 2] (including the Discovery and Trial Plan in section XI of [CMO 2]) shall file a Short Form Complaint in the Plaintiff's individual docket within 45 days of this Order [i.e., by November 13, 2023]." D.E. 23 at 5.

The Court also crafted a Discovery and Trial Plan to guide the Parties toward resolution. The Court ordered PLG and the United States to "each select ten Plaintiffs to be included in the Discovery Pool," with those selections coming from plaintiffs who (1) "filed his or her Short Form complaint within 30 days of the filing of the Master Complaint [i.e., November 6, 2023]" and (2) did not "opt[] out of the Discovery Pool." As PLG asserts, approximately 300 plaintiffs filed Short Form Complaints by November 6, 2023. *See* D.E. 79 at 3. More than one-third of those plaintiffs, however, either (1) did not allege a Track 1 illness; or (2) affirmatively opted out of the Discovery Pool. Only approximately 187 plaintiffs who never opted out also filed a Short Form Complaint by November 6, 2023 alleging a Track 1 illness. *See* Bu Decl., Ex. A.

On December 5, 2023, the United States and PLG submitted a Joint Filing with their ten respective selections for each disease. Earlier that day, both Parties were informed that approximately 56 plaintiffs who had previously "opted-out" now wished to be included in Track 1 selection. *See* D.E. 78-4 (PLG Mot., Ex. C). Each of these plaintiffs is represented by Foster Law LLC, a firm that is not associated with PLG. Due to the closeness to filing, none of these plaintiffs were included in the United States' original selections. *See* D.E. 78-5 (PLG Mot., Ex. D).

On December 6, 2023, PLG objected to several of the United States' selections, asserting that they were ineligible for selection because the Short Form Complaint was filed between November 7 and November 13. PLG asserted that those plaintiffs who filed Short Form Complaints between November 7 and November 13 were not interested in litigation and had intended to opt-out of discovery by filing after November 6. Accepting PLG's representation that these plaintiffs had intended to opt-out, the United States agreed to substitute the selections to which PLG had objected.

On December 11, 2023, the United States provided its substitute selections, including 17 plaintiffs represented by Foster Law. That day, the Parties met and conferred regarding substitutions. PLG objected to the inclusion of plaintiffs represented by Foster Law. The United States filed its Notice of Revised Track 1 Discovery Plaintiffs Selection, noting PLG's objection. *See* D.E. 75.[1]

## DISCUSSION

The Court should reject PLG's attempts to artificially manipulate the discovery pool, to control the United States' Track 1 Discovery selections, and to preclude litigation by non-Leadership attorneys. Including the United States' proposed selections is consistent with the spirit of CMO-2 and will help advance the Parties towards resolution.

### I. The United States' Selections Are Permitted by CMO-2.

CMO-2 does not describe a process for objecting to, or replacing, a Party's Track 1 Discovery selections. Nor does it preclude a plaintiff from reconsidering his or her decision to "opt out" of discovery. In the absence of any prior order to amend, the Court retains "broad discretion . . . to manage its docket." *Marryshow v. Flynn*, 986 F.2d 689, 693 (4th Cir. 1993) (recognizing that courts may "allow amendments in order to do substantial justice"); *see also Knox Energy LLC v. Gasco Drilling, Inc.*, 738 F. App'x 122, 127 (4th Cir. 2018) (recognizing "a trial court's broad discretion to manage litigation").

---

[1] The United States understood PLG to also object to the inclusion of *Downs v. United States*, 7:23-cv-01145-FL, but that case is not included in PLG's motion. *See* D.E. 79 at 6, n. 5. The United States also understood PLG to object to the inclusion of *Lovell v. United States*, 7:23-cv-01502-D, but PLG does not refer to *Lovell* in its motion. Instead, PLG's memorandum identifies "Donna Rojas" as an "Opt-Out Plaintiff." *See* D.E. 79 at 3. *Rojas v. United States*, 7:23-cv-01328-FL, was not selected by the United States. *See* D.E. 75.

Page 3 of 9

Case 7:23-cv-00897-RJ   Document 83   Filed 12/18/23   Page 3 of 9

Here, inclusion of the United States' selections is consistent with CMO-2's respect for the Parties' interests in selecting discovery pool cases. In CMO-2, the Court declined to adopt random case selection or select cases itself. The Court instead directed the Parties to each pick a slate of cases. The United States and PLG each selected their own cases. The United States agreed to revise its selections to accommodate the interests of individual plaintiffs in avoiding litigation, though it is unclear why nearly 100 plaintiffs, including those represented by attorneys in PLG, would file Short Form Complaints when they did not want to participate in discovery.[2] PLG now seeks to constrain the United States' selections further by precluding cases where the individual plaintiffs themselves are interested in litigating.

PLG asserts that CMO-2 is "clear" that to be eligible for selection, a plaintiff "*must not opt out of the Discovery Pool by that same date [November 6, 2023]*." D.E. 79 at 5. But that is not the language that CMO-2 uses. Rather, CMO-2 explains that plaintiffs "may remove themselves from consideration of selection into the Discovery Pool by notifying Plaintiffs' Leadership and counsel for the United States [by November 6, 2023]." D.E. 23 at 9. Thus, a plaintiff who wishes

---

[2] Although the issue is not before the Court because the United States has agreed to substitute those selections, plaintiffs who submitted a Short Form Complaint before November 13, 2023 remain subject to this Court's trial and discovery orders. *See* D.E. 23 at 5. CMO-2's "opt out" provision was ostensibly for the benefit of *non-Leadership* attorneys. Yet, nearly half of the purported "opt outs" are represented by firms associated with PLG. *See* Bu Decl., Ex. B.

Additionally, although PLG asserts that "the plaintiff must file a Short Form Complaint by November 6, 2023," D.E. 79 at 5, several of PLG's picks rely on amended Short Form Complaints that were filed as late as November 20, 2023. These amendments included additional information critical to case selection, such as the years of the alleged exposures. *Compare Boggess v. United States*, 7:23-cv-00242-BO-RJ (E.D.N.C. Nov. 6, 2023), ECF No. 20 at 2 (Short Form Complaint alleging exposures from "June" to "August"), *with id.*, 7:23-cv-00242-BO-RJ (E.D.N.C. Nov. 20, 2023), ECF No. 21 at 2 (Amended Short Form Complaint alleging exposures from "June 1970" to "August 1972"). PLG apparently takes the position that a Short Form Complaint filed by November 13, 2023 cannot establish eligibility for selection, but a Short Form Complaint that is not completed until November 20, 2023 can.

to opt-out must do so by November 6, 2023. This deadline prevents a plaintiff from strategically removing himself or herself from selection if additional information were to come to light—for example, by "opting-out" if investigation after November 6 showed the case might be "defense picked." *Cf.* D.E. 78-6 (PLG Mot., Ex. E) (plaintiff's counsel assuring PLG that "[i]f there were serious concerns, we could have dismissed those cases without prejudice to ensure they weren't defense picked[.]"). But a plaintiff who wishes *to litigate* is not constrained by CMO-2's opt-out provision or the November 6 deadline.

Additionally, there is no cause to enforce any opt-out provision here because the individual plaintiffs at issue do not desire to "opt-out"—they desire to litigate. Despite PLG's frequent complaint that CLJA plaintiffs "were barred from any legal recourse" for years, D.E. 25 at ¶ 13 (Master Compl.), PLG now seeks to preclude 16 non-Leadership plaintiffs from their day in court. PLG also vaguely implies that litigating these particular cases might "override the interests of the hundreds of thousands of Marines and military families who have already waited decades for justice." D.E. 78-8 at 2 (PLG Mot., Ex. G). But these cases will be included among *the United States'* picks and would not take away from PLG's selections. PLG's proposal to exclude these 16 cases—and reduce the Track 1 Discovery Pool to 84 cases—serves no real purpose other than to manipulate the pool of plaintiffs from which the United States can choose cases for discovery.

Rather than advance this litigation, PLG's reading of CMO-2 would hinder resolution by increasing uncertainty regarding the Discovery Pool's representativeness. By November 2023, tens of thousands of administrative claims were ripe for litigation. Indeed, the attorneys on PLG cited their large inventories when seeking appointment as Leadership. Yet, of tens of thousands of potential claims, PLG implies that only 187 plaintiffs were eligible for selection in Track 1. Bu Decl., Ex A.

It is unlikely that this pool of 187 plaintiffs came together by mere chance. Plaintiffs can strategically keep certain cases before the Navy and out of litigation. *See* D.E. 80-3 (Non-Leadership Plaintiffs' Br., Ex. 3) (implying that PLG's Selection Committee imposed "extremely strict criteria" on the filing of cases by non-Leadership attorneys). Notably, every CLJA plaintiff—including the "opt outs"—voluntarily elected to enter litigation by "deeming" his or her administrative claim denied. *See* 28 U.S.C. 2675(a). Nonetheless, CMO-2 allows a plaintiff who chooses to litigate to then strategically "opt out" of discovery by affirmatively notifying PLG and the United States or, according to PLG, by strategically waiting to file a Short Form Complaint until a certain date. Doubt regarding the representativeness of the Track 1 Discovery Pool in turn casts doubt regarding the value that a judgment in any one of those cases might have for the ultimate resolution of this litigation.

Indeed, the Short Form Complaints filed thus far raise concerns that the Track 1 Discovery Pool is not at all representative of the plaintiff pool, let alone the thousands of claims before the Navy. For example, of the 187 plaintiffs who filed Short Form Complaints and did not opt out before November 6, the average alleged duration of exposure to water at Camp Lejeune nearly 41 months. Bu Decl., Ex. A. But for those plaintiffs who assert they are "opted out" of discovery, the average alleged duration of exposure was more than a year shorter—less than 26 months. Bu Decl., Ex. B. Excluding cases that the United States has selected will exacerbate concerns that the Track 1 Discovery Selections are not representative and have little value for resolving the litigation.

## II. PLG Concerns Regarding Particular Counsel Do Not Justify Exclusion of That Counsel's Clients from This Litigation.

The *only* prejudice that PLG identifies in permitting the United States' selections is its concern that it cannot work "cooperatively and professionally" with certain counsel. D.E. 79 at 6.

The United States takes no position on PLG's ability to work with particular counsel, but notes that the Court appointed PLG to "fairly, effectively, and efficiently represent the interests of *all* plaintiffs before this Court," D.E. 10 at 1 (emphasis added), and that PLG is "responsible for overseeing and directing the discovery and trials of plaintiffs who are selected for early discovery and trial pursuant to [CMO-2]." D.E. 23 at 9.

## CONCLUSION

Non-Leadership plaintiffs have expressed a desire to litigate their cases. The United States also seeks to litigate those cases. PLG's motion to exclude these cases from Track 1 Discovery should be denied.

Respectfully submitted on December 18, 2023.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

ADAM BAIN
Senior Trial Counsel, Torts Branch
Environmental Torts Litigation Section

HAROON ANWAR
Trial Attorney
Environmental Torts Litigation Section

*/s/ Nathan Bu*
NATHAN BU
Trial Attorney, Torts Branch
Environmental Torts Litigation Section
U.S. Department of Justice
P. O. Box 340, Ben Franklin Station

Washington, D.C. 20044
E-mail: nathan.j.bu@usdoj.gov
Telephone: (202) 705-5938
Fax: (202) 616-4989

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 18, 2023, a copy of the foregoing document was filed via the Court's ECF system and served on counsel of record through the ECF system.

                                            */s/ Nathan Bu*
                                            NATHAN BU