# EXHIBIT A



113TH CONGRESS
2D SESSION

# H. R. 5375

To amend title 38, United States Code, to improve the enforcement of employment and reemployment rights of members of the uniformed services, and for other purposes.

––––––––––––––

## IN THE HOUSE OF REPRESENTATIVES

JULY 31, 2014

Ms. SCHWARTZ (for herself, Mr. DOYLE, Mr. CONNOLLY, Mr. CARTWRIGHT, Mr. BRADY of Pennsylvania, Mr. FATTAH, Mr. COURTNEY, and Ms. BONAMICI) introduced the following bill; which was referred to the Committee on Veterans' Affairs, and in addition to the Committees on Armed Services and Oversight and Government Reform, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned

––––––––––––––

# A BILL

To amend title 38, United States Code, to improve the enforcement of employment and reemployment rights of members of the uniformed services, and for other purposes.

1 *Be it enacted by the Senate and House of Representa-*

2 *tives of the United States of America in Congress assembled,*

3 **SECTION 1. SHORT TITLE.**

4 This Act may be cited as the "Servicemembers Access

5 to Justice Act of 2014".

SEC. 2. WAIVER OF SOVEREIGN IMMUNITY UNDER THE ELEVENTH AMENDMENT WITH RESPECT TO ENFORCEMENT OF EMPLOYMENT AND REEM-PLOYMENT RIGHTS OF MEMBERS OF THE UNIFORMED SERVICES.

(a) IN GENERAL.—Section 4323 of title 38, United States Code, is amended—

(1) in subsection (b), by striking paragraph (2) and inserting the following new paragraph:

"(2) In the case of an action against a State (as an employer) by a person, the action may be brought in the appropriate district court of the United States or State court of competent jurisdiction.";

(2) by redesignating subsection (i) as subsection (j); and

(3) by inserting after subsection (h) the following new subsection:

"(i) WAIVER OF STATE SOVEREIGN IMMUNITY.—(1) A State's receipt or use of Federal financial assistance for any program or activity of a State shall constitute a waiver of sovereign immunity, under the eleventh amendment to the Constitution or otherwise, to a suit brought by—

"(A) a person who is or was an employee in that program or activity for the rights or benefits authorized the person by this chapter;

Case 7:23-cv-00897-RJ   Document 84-1   Filed 12/18/23   Page 3 of 17

1        ''(B) a person applying to be such an employee

2   in that program or activity for the rights or benefits

3   authorized the person by this chapter; or

4        ''(C) a person seeking reemployment as an em-

5   ployee in that program or activity for the rights or

6   benefits authorized the person by this chapter.

7     ''(2) In this subsection, the term 'program or activity'

8 has the meaning given that term in section 309 of the

9 Age Discrimination Act of 1975 (42 U.S.C. 6107).''.

10     (b) APPLICATION.—The amendments made by sub-

11 section (a) shall apply to—

12        (1) any failure to comply with a provision of or

13   any violation of chapter 43 of title 38, United States

14   Code, that occurs before, on, or after the date of the

15   enactment of this Act; and

16        (2) to all actions or complaints filed under such

17   chapter 43 that are commenced after the date of the

18   enactment of this Act.

19 **SEC. 3. UNENFORCEABILITY OF AGREEMENTS TO ARBI-**

20           **TRATE DISPUTES REGARDING EMPLOYMENT**

21           **AND REEMPLOYMENT RIGHTS OF MEMBERS**

22           **OF THE UNIFORMED SERVICES.**

23     (a) IN GENERAL.—Subchapter III of chapter 43 of

24 title 38, United States Code, is amended by adding at the

25 end the following new section:

Case 7:23-cv-00897-RJ   Document 84-1   Filed 12/18/23   Page 4 of 17

1 **"§ 4328. Unenforceability of agreements to arbitrate**
2 **disputes**

3     "(a) PROTECTION OF EMPLOYEE RIGHTS.—Notwith-
4 standing any other provision of law, any clause of any
5 agreement between an employer and an employee that re-
6 quires arbitration of a dispute arising under this chapter
7 shall not be enforceable.

8     "(b) EXCEPTIONS.—(1) Subsection (a) shall not
9 apply with respect to any dispute if, after such dispute
10 arises, the parties involved knowingly and voluntarily
11 agree to submit such dispute to arbitration.

12     "(2) Subsection (a) shall not preclude the enforce-
13 ment of any of the rights or terms of a valid collective
14 bargaining agreement.

15     "(c) VALIDITY AND ENFORCEMENT.—Any issue as to
16 whether this section applies to an arbitration clause shall
17 be determined by Federal law. Except as otherwise pro-
18 vided in chapter 1 of title 9, the validity or enforceability
19 of an agreement to arbitrate referred to in subsection (a)
20 or (b)(1), shall be determined by a court, rather than the
21 arbitrator, irrespective of whether the party resisting arbi-
22 tration challenges the agreement to arbitrate specifically
23 or in conjunction with other terms of the agreement.

24     "(d) APPLICATION.—This section shall apply with re-
25 spect to all contracts and agreements between an employer

Case 7:23-cv-00897-RJ    Document 84-1    Filed 12/18/23    Page 5 of 17

1 and an employee in force before, on, or after the date of

2 the enactment of this section.''.

3     (b) CLERICAL AMENDMENT.—The table of sections

4 for such chapter is amended by inserting after the item

5 relating to section 4326 the following new item:

"4328. Unenforceability of agreements to arbitrate disputes.''.

6     (c) APPLICATION.—The provisions of section 4328 of

7 title 38, United States Code, as added by subsection (a),

8 shall apply to—

9         (1) any failure to comply with a provision of or

10        any violation of chapter 43 of title 38, United States

11        Code, that occurs before, on, or after the date of the

12        enactment of this Act; and

13        (2) to all actions or complaints filed under such

14        chapter 43 that are pending on or after the date of

15        the enactment of this Act.

16 **SEC. 4. ENHANCED REMEDIES FOR ENFORCEMENT OF EM-**

17              **PLOYMENT AND REEMPLOYMENT RIGHTS OF**

18              **MEMBERS OF THE UNIFORMED SERVICES.**

19     (a) STATE AND PRIVATE EMPLOYERS.—Section

20 4323(d) of title 38, United States Code, is amended—

21        (1) by redesignating paragraphs (2) and (3) as

22        paragraphs (4) and (5), respectively;

23        (2) in paragraph (4) (as so redesignated)—

24             (A) by inserting ''or damages'' after ''com-

25             pensation'' each place it appears;

1          (B) by striking "subparagraph (B) or (C)

2     of paragraph (1)" the first place it appears and

3     inserting "paragraph (1) or (3)"; and

4          (C) by striking "subparagraph (B) or (C)

5     of paragraph (1)" the second place it appears

6     and inserting "paragraph (1) or (3)"; and

7     (3) by striking the subsection enumerator and

8     heading and paragraph (1) and inserting the fol-

9     lowing:

10     "(d) REMEDIES.—(1) A State or private employer

11 who violates the provisions of this chapter shall be liable

12 to any person affected—

13          "(A) for damages in the amount of—

14               "(i) any wages, salary, benefits, or other

15          compensation denied or lost by such person by

16          reason of the violation; or

17               "(ii) in a case in which wages, salary, ben-

18          efits, or other compensation have not been de-

19          nied or lost to the person, any actual monetary

20          losses sustained by the person as a result of the

21          violation;

22          "(B) the interest on the amount described in

23     subparagraph (A) calculated at the prevailing inter-

24     est rates over the period of time for which the dam-

25     ages are due; and

1        ''(C) an additional amount as liquidated dam-

2      ages equal to the sum of the amount described in

3      subparagraph (A) and the interest described in sub-

4      paragraph (B), or $10,000, whichever is greater ex-

5      cept that, if the employer proves to the satisfaction

6      of the court that the act or omission giving rise to

7      the person's action was in good faith and that the

8      employer had reasonable grounds for believing the

9      act or omission was not a violation of the provisions

10     of this chapter, the court may award, in its discre-

11     tion, no liquidated damages or award any amount of

12     liquidated damages not to exceed 100 percent of the

13     compensation or damages awarded under subpara-

14     graph (A) and the interest described in subpara-

15     graph (B).

16    ''(2) In any action under this section, the court may

17 require the employer to comply with the provisions of this

18 chapter.''.

19    (b) PUNITIVE DAMAGES.—Section 4323(d) of such

20 title is further amended by inserting after paragraph (2)

21 (as inserted by subsection (a)(3) of this section) the fol-

22 lowing new paragraph:

23    ''(3) In the case of a violation of this chapter by a

24 State or private employer with 25 or more employees, the

25 court shall require the employer to pay the person affected

Case 7:23-cv-00897-RJ   Document 84-1   Filed 12/18/23   Page 8 of 17

1 punitive damages if the court determines that the employ-

2 er's violation of this chapter was done with malice or reck-

3 less indifference to the rights of the person under this

4 chapter.''.

5 (c) RIGHT TO JURY TRIAL.—Section 4323(d) of such

6 title is further amended by adding at the end the fol-

7 lowing:

8 ''(6) A person who commences an action under this

9 section shall be entitled to a trial by jury.''.

10 (d) FEDERAL GOVERNMENT EMPLOYERS.—Para-

11 graph (2) of section 4324(c) of such title is amended to

12 read as follows:

13 ''(2) If the Board determines that a Federal executive

14 agency or the Office of Personnel Management has vio-

15 lated the provisions of this chapter relating to the employ-

16 ment or reemployment of a person by the agency, the

17 Board shall enter an order requiring the agency or Office

18 to comply with such provisions and to compensate such

19 person—

20 ''(A) for damages in the amount of—

21 ''(i) any wages, salary, benefits, or other

22 compensation denied or lost by such person by

23 reason of the violation; or

24 ''(ii) in a case in which wages, salary, ben-

25 efits, or other compensation has not been de-

1        nied or lost to the person, any actual monetary

2        losses sustained by the person as a result of the

3        violation;

4        ''(B) the interest on the amount described in

5    subparagraph (A) calculated at the prevailing inter-

6    est rates over the period of time for which the dam-

7    ages are due; and

8        ''(C) an additional amount as liquidated dam-

9    ages equal to the sum of the amount described in

10    subparagraph (A) and the interest described in sub-

11    paragraph (B), or $10,000, whichever is greater; ex-

12    cept that, if the Federal executive agency or the Of-

13    fice of Personnel Management proves to the satisfac-

14    tion of the Board that the act or omission giving rise

15    to such person's complaint was in good faith and

16    that the agency or Office had reasonable grounds for

17    believing that the act or omission was not a violation

18    of the provisions of this chapter, the Board may

19    award, in the discretion of the Board, no liquidated

20    damages or award any amount of liquidated dam-

21    ages not to exceed 100 percent of the compensation

22    or damages awarded under subparagraph (A) and

23    the interest described in subparagraph (B).''.

24    (e) APPLICATION.—The amendments made by this

25 section shall apply to—

1    (1) any failure to comply with a provision of or
2    any violation of chapter 43 of title 38, United States
3    Code, that occurs before, on, or after the date of the
4    enactment of this Act; and
5    (2) to all actions or complaints filed under such
6    chapter 43 that are commenced after the date of the
7    enactment of this Act.

**SEC. 5. REQUIRED AWARD OF ATTORNEY FEES IN ACTIONS**
**      TO ENFORCE EMPLOYMENT AND REEMPLOY-**
**      MENT RIGHTS OF MEMBERS OF THE UNI-**
**      FORMED SERVICES.**

12   (a) ENFORCEMENT OF RIGHTS WITH RESPECT TO
13   A STATE OR PRIVATE EMPLOYER.—Section 4323(h)(2) of
14   title 38, United States Code, is amended by striking
15   ''may'' and inserting ''shall''.
16   (b) ENFORCEMENT OF RIGHTS WITH RESPECT TO
17   FEDERAL EXECUTIVE AGENCIES.—Section 4324(c)(4) of
18   such title is amended by striking ''the Board may, in its
19   discretion, award'' and inserting ''the Board shall award''.
20   (c) APPLICATION.—The amendments made by sub-
21   sections (a) and (b) shall apply to—
22   (1) any failure to comply with a provision of or
23   any violation of chapter 43 of title 38, United States
24   Code, that occurs before, on, or after the date of the
25   enactment of this Act; and

1    (2) all actions or complaints filed under such
2    chapter 43 that are pending on or after the date of
3    the enactment of this Act.

**SEC. 6. REQUIRING EQUITABLE RELIEF WHEN APPRO-**
**PRIATE.**

6    (a) IN GENERAL.—Section 4323(e) of title 38,
7    United States Code, is amended—

8        (1) by striking ''The court shall use,'' and in-
9        serting ''(1) The court shall use,''; and

10       (2) by adding at the end the following new
11       paragraph:

12   ''(2) Notwithstanding rule 65 of the Federal Rules
13   of Civil Procedure or any other provision of law, for pur-
14   poses of determining whether to issue an injunction or re-
15   straining order pursuant to paragraph (1)—

16       ''(A) an employer's denial of reemployment or
17       retention in employment shall constitute irreparable
18       harm to a person who is denied reemployment or re-
19       tention in employment if an injunction to reinstate
20       such person is not issued, and such person shall be
21       considered to have no adequate remedy at law;

22       ''(B) if the court balances the hardships be-
23       tween the parties, there shall be a rebuttable pre-
24       sumption that the balance of harm to a person who
25       is denied reemployment or retention in employment

1    if an injunction to reinstate such person is not

2    issued outweighs the harm to such person's employer

3    or former employer if an injunction is issued to rein-

4    state such person; and

5        ''(C) if the court considers the public interest or

6    public policy, there shall be a rebuttable presumption

7    that the issuance of an injunction to reinstate a per-

8    son who is denied reemployment or retention in em-

9    ployment is in the public interest and advances pub-

10    lic policy.''.

11    (b) APPLICATION.—The amendments made by sub-

12    section (a) shall apply to—

13        (1) any failure to comply with a provision of or

14    any violation of chapter 43 of title 38, United States

15    Code, that occurs before, on, or after the date of the

16    enactment of this Act; and

17        (2) to all actions or complaints filed under such

18    chapter 43 that are pending on or after the date of

19    the enactment of this Act.

20    **SEC. 7. REQUIREMENT THAT FEDERAL AGENCIES PROVIDE**

21            **NOTICE TO CONTRACTORS OF POTENTIAL**

22            **OBLIGATIONS RELATING TO EMPLOYMENT**

23            **AND REEMPLOYMENT RIGHTS OF MEMBERS**

24            **OF THE UNIFORMED SERVICES.**

25    (a) CIVILIAN AGENCIES.—

1    (1) IN GENERAL.—Chapter 47 of title 41,
2    United States Code, is amended by adding at the
3    end the following new section:

4    **"§ 4713. Notice to contractors of potential obligations**
5    **relating to employment and reemploy-**
6    **ment rights of members of the uniformed**
7    **services**

8    "Each contract for the procurement of property or
9    services that is entered into by the head of an executive
10   agency shall include a notice to the contractor that the
11   contractor may have obligations under chapter 43 of title
12   38, United States Code.".

13   (2) CLERICAL AMENDMENT.—The table of sec-
14   tions at the beginning of chapter 47 of such title is
15   amended by inserting after the item relating to sec-
16   tion 4712 the following new item:

"4713. Notice to contractors of potential obligations relating to employment and
        reemployment rights of members of the uniformed services.".

17   (b) ARMED FORCES.—

18   (1) IN GENERAL.—Chapter 137 of title 10,
19   United States Code, is amended by adding at the
20   end the following new section:

1 **"§ 2338. Notice to contractors of potential obligations**

2     **relating to employment and reemploy-**

3     **ment rights of members of the uniformed**

4     **services**

5   "Each contract for the procurement of property or

6 services that is entered into by the head of an executive

7 agency shall include a notice to the contractor that the

8 contractor may have obligations under chapter 43 of title

9 38.".

10     (2) CLERICAL AMENDMENT.—The table of sec-

11    tions for such chapter is amended by adding at the

12    end the following new item:

  "2338. Notice to contractors of potential obligations relating to employment and reemployment rights of members of the uniformed services.".

13 **SEC. 8. CLARIFYING THAT PROVISIONS OF SECTION 4302**

14     **OF TITLE 38, UNITED STATES CODE, APPLY**

15     **TO BOTH SUBSTANTIVE AND PROCEDURAL**

16     **RIGHTS.**

17   Section 4302 of title 38, United States Code, is

18 amended by inserting "substantive or procedural" before

19 "right or benefit" each place it occurs.

SEC. 9. COMPTROLLER GENERAL OF THE UNITED STATES STUDY ON EFFECTIVENESS OF FEDERAL PROGRAMS OF EDUCATION AND OUTREACH ON EMPLOYER OBLIGATIONS REGARDING EMPLOYMENT AND REEMPLOYMENT RIGHTS OF MEMBERS OF THE UNIFORMED SERVICES.

(a) STUDY REQUIRED.—The Comptroller General of the United States shall conduct a study on the effectiveness of Federal programs of education and outreach on employer obligations under chapter 43 of title 38, United States Code.

(b) CONTENTS OF STUDY.—In carrying out the study required by subsection (a), the Comptroller General shall—

(1) assess current practices and procedures of Federal agencies for educating employers about their obligations under chapter 43 of title 38, United States Code;

(2) identify best practices for bringing the employment practices of small businesses into compliance with such chapter;

(3) determine whether the Employer Support for the Guard and Reserve, the Small Business Administration, or other agencies could collaborate to develop a program to educate employers regarding their obligations under such chapter; and

1       (4) determine the effect on recruitment and re-
2   tention in the National Guard and Reserves of the
3   failure of employers to meet their reemployment ob-
4   ligations under such chapter.

5   (c) REPORT TO CONGRESS.—Not later than Decem-
6   ber 31, 2015, the Comptroller General shall submit to
7   Congress a report on the study conducted under sub-
8   section (a), including the following:

9       (1) The findings of the Comptroller General
10      with respect to such study.

11      (2) The recommendations of the Comptroller
12      General for the improvement of education and out-
13      reach for employers with respect to their obligations
14      under chapter 43 of title 38, United States Code.

○