IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No.: 7:23-CV-897

IN RE:

CAMP LEJEUNE WATER LITIGATION

This Document Relates to:

ALL CASES

**PLAINTIFFS' LEADERSHIP GROUP'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFFS' DATES OF BIRTH AND SOCIAL SECURITY NUMBERS**

For the following reasons, the Plaintiffs' Leadership Group ("PLG") opposes Defendant United States of America's Motion to Compel Plaintiffs' Dates Of Birth and Social Security Numbers ("Motion to Compel") (D.E. 77).

## Introduction

This issue has been brought up twice before with Judge Jones and in both instances, PLG stated it would provide date of birth and Social Security number information shortly after the selection of Track 1 Discovery Plaintiffs even though Defendant had never made a formal request for production. Despite these assurances, Defendant filed this Motion to Compel.

In addition to being moot as a practical matter, Defendant's Motion to Compel is overly broad and premature.

On the first point, to the extent Defendant is seeking dates of birth and Social Security numbers (information that is inherently individual in nature) for plaintiffs not selected as Track 1 Discovery Plaintiffs, Defendant runs afoul of Case Management Order No. 2 which only authorizes individual discovery for those selected as Track 1 Discovery Plaintiffs. As noted above and previously stated on the record, Plaintiffs' Leadership will provide dates of birth and Social

Security numbers for Track 1 Discovery Plaintiffs and will continue to do so for future tracks of individuals selected as discovery plaintiffs.

On the second point, the Motion to Compel is premature. Defendant has not served any formal discovery request seeking dates of birth or Social Security numbers and Defendant entitled to such information under Federal Rule of Civil Procedure 26.[1] Pursuant to Local Rule 7.1(c)(2) the lack of a formal discovery request or right to the information renders the Motion to Compel baseless. Relevant caselaw regarding the local rule makes clear that, as a general rule, motions to compel should be denied where the deadline for a response has not expired. Here there has not even been a request, let alone a missed deadline.

The Motion to Compel, lacking practical and legal effect, appears to an attempt to circumvent the carefully structured process the Court has created for management of bellwether cases specifically, and the matter more broadly: plaintiffs file short form complaints, both parties select bellwethers, then individual discovery begins. By making this broad request for information about individual plaintiffs Defendant seeks to obtain a tactical advantage over the Plaintiffs while at the same time, denying access to the Plaintiffs own records. Defendant's request does not advance the litigation, it merely tilts the data imbalance further towards Defendant.

## **Argument**

As it has consistently stated, the PLG will provide Defendant with the dates of birth and Social Security numbers of Plaintiffs selected as Track 1 Discovery Plaintiffs. This would be accomplished through the Discovery Pool Profile Form ("DPPF"). Nevertheless, Defendant now

---

[1] The purpose of Defendant's submission of an email exchange with Ms. Zina Bash is unclear. If it was intended to convey the PLG's agreement to provide dates of birth and Social Security numbers, that is wrong. Defendant had asked that all Plaintiffs' counsel send this information to Defendant for several purposes, including to gauge eligibility for "Elective Option" settlement offers. Ms. Bash noted that, while she would agree to do so for her own clients, it would be up to individual counsel whether they would provide that information to Defendant at that point in time. Now that most of the Track 1 Discovery Plaintiffs have been selected, the PLG will submit the relevant information for those Plaintiffs.

moves to compel the production of this information without ever having made a formal request for the information. The PLG therefore opposes the Motion to Compel as premature and baseless.

**I.      The Motion to Compel Is Without Legal Merit.**

   **A.  Rule 26 Does Not Provide a Basis for a Motion to Compel.**

Defendant's Motion to Compel is based on Federal Rule of Civil Procedure 26 but Rule 26 does not provide a basis for the motion. That said, even if the Motion were based on the relevant federal rule, Federal Rule of Civil Procedure 37, it would fail as premature. Federal Rule of Civil Procedure 37(a)(3)(B) sets forth a list of "Specific Motions" that may be brought to compel discovery, including the failure to make Rule 26(a) disclosures, the failure to answer interrogatories, and the failure to produce requested documents. Defendant, however, has failed to avail itself of any of these formal discovery procedures, and therefore, Defendant's motion is not supported by the Federal Rules.[2]

   **B.  Defendant's Motion to Compel is Overly Broad**

Defendant desires dates of birth and Social Security numbers for "Plaintiffs". However, Defendant does not define what it means by "Plaintiffs". Plaintiffs' Leadership agrees that pursuant to Case Management Order No. 2 Defendant is entitled to seek individual discovery for those individuals selected as Track 1 Discovery Plaintiffs. As noted above, Plaintiffs' Leadership will provide Defendant with the dates of birth and Social Security numbers for those individuals selected as Track 1 Discovery Plaintiffs through the DPPF process. However, to the extent

---

[2] *Nunn v. N.C. Legislation*, No. 5:14-CT-3190-FL, 2014 WL 7336864 (E.D.N.C. Dec. 22, 2014) ("Plaintiff seeks a court order directing defendants to produce certain documents. Defendants have not yet been served with the summons and complaint in this action, and likewise have not been served with plaintiff's discovery requests. Accordingly, any discovery request at this point in the proceedings is premature. Thus, plaintiff's motion to compel is DENIED as premature."); *see also*, *Ledbetter v. U.S.*, No. 3:96CV-0678X, 1996 WL 739036 (N.D. Tex. Dec. 18, 1996); *Braun v. Walz*, No. 20-333 (DSD/BRT), 2021 WL 268321 (D. Minn. Jan. 27, 2021), *report and recommendation adopted*, No. 20-333 (DSD/BRT), 2021 1171693 (D. Minn. Mar. 29, 2021); *Thermal Surgical, LLC v. Brown*, Nos. 2:15-cv-220, 2:19-cv-75, 2022 WL 474299 (D. Vt. Feb. 16, 2022).

Defendant seeks dates of birth and Social Security numbers (information that is inherently individual in nature) for individuals beyond those selected as bellwether plaintiffs then such a request is outside the permitted boundaries of Case Management Order No. 2. As such, to the extent the Motion to Compel seeks information beyond the scope of discovery permitted by Case Management Order No. 2, the Motion to Compel should be denied.

### C. Defendant's Motion to Compel Should be Denied Pursuant to Local Rule.

In previous status hearings, the PLG has repeatedly stated that it would provide dates of birth and Social Security numbers for those plaintiffs selected as Track 1 Discovery Plaintiffs. (D.E. 70, Tr. of 12/5/23 Hr'g, at pp 5:8 to 5:15). Plaintiffs' Leadership reaffirms its commitment to do so through the DPPF process that both Plaintiffs' Leadership and Defendant agreed to.

To the extent Defendant seeks something more, the Motion to Compel suffers from a fatal flaw: It does not cite a single discovery request propounded by Defendant pursuant to any Federal Rule of Civil Procedure or Local Rule seeking the relevant information.

Local Rule 7.1(c)(1) states:

> For purposes of these Local Civil Rules, a discovery motion is any motion or other request to the court that seeks to enforce, use, regulate, extend, modify, nullify, or limit any of the procedures described in any of Rules 26 through 37 of the Federal Rules of Civil Procedure or in any of Local Civil Rules 26.1, 30.1, 33.1, 34.1, or 36.1. A motion or other request to the court that seeks to enforce, use, regulate, extend, modify, quash, or limit any pretrial civil subpoena is likewise a discovery motion.

Local Rule 7.1(c)(1). The clear meaning of Local Rule 7.1(c)(1) is that there must have been an underlying procedure under "any of Rules 26 through 37 of the Federal Rules of Civil Procedure or in any of Local Civil Rules 26.1, 30.1, 33.1, 34.1, or 36.1." Stated otherwise, for Local Rule 7.1(c) to apply, there must first have been a discovery request made pursuant to the Federal Rules of Civil Procedure.

Defendant has not made any formal discovery request for dates of birth or Social Security numbers. Defendant is not entitled to this information under Federal Rule of Civil Procedure 26. As a result, Local Rule 7.1(c)(2) applies:

> No discovery motion will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed and any objection made along with the grounds supporting or in opposition to the objection.

Local Rule 7.1(c)(2). Accordingly, the Motion to Compel cannot be considered and should be denied.

In support of its position, Defendant cites two cases. Neither case is in the Eastern District of North Carolina and neither case helps Defendant's position.

First, in *Karn v. PTS of Am., LLC*,[3] although the Maryland court granted a motion to compel to provide Social Security numbers, the plaintiff had previously asked for that information in a formal discovery request. Here, that is not the case. Similarly, in *Alberts v. Wheeling Jesuit Univ.*,[4] the defendant had propounded an interrogatory seeking Social Security information. Again, for that reason, the case is inapposite.

## **Conclusion**

For the foregoing reasons, Plaintiffs' Leadership respectfully requests that the Court deny Defendant's Motion to Compel.

---

[3] No. GJH-16-3261, 2021 WL 307412, at *2 (D. Md. Jan. 29, 2021)
[4] No. CIV.A. 5:09-CV-109, 2010 WL 1539852, at *3 (N.D.W. Va. Apr. 19, 2010)

DATED this 19th day of December 2023.     Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann &
Bernstein, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

/s/ A. Charles Ellis
A. Charles Ellis (N.C. Bar No.: 010865)
Ward and Smith P.A.
Post Office Box 8088
Greenville, NC 27835-8088
Telephone: (252) 215-4000
ace@wardandsmith.com
*Liaison Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs and Government Liaison*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

/s/ Hugh R. Overholt
Hugh R. Overholt (NC Bar No. 016301)
Ward and Smith P.A.
Post Office Box 867
New Bern, NC 28563-0867
Telephone: (252) 672-5400
hro@wardandsmith.com
*Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023, a copy of the foregoing document was served on all counsel of record by operation of the court's electronic filing system and can be accessed through that system.

*/s/ J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
