IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

Plaintiffs' Lead and Co-Lead Counsel ("Plaintiffs"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report pursuant to the Court's Text Order of December 11, 2023. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) are set forth below:

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to December 18, 2023, 1,471 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Fourteen cases have been dismissed; eleven of those were voluntary dismissals and the three others were pro se cases. The cases are divided as follows: Judge Dever – 363 cases; Judge Myers – 379 cases; Judge Boyle – 355 cases; and Judge Flanagan – 374 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 147,428 administrative claims on file with the Department of Navy ("Navy"). The Navy has set up a secure storage system capable of receiving personally identifiable information and substantiating documents to intake, organize, and analyze claims for purposes of making decisions on CLJA claims. The Navy has established two pathways for

1

assessing CLJA claims. Under one pathway, the Navy will receive substantiating information directly from claimants or counsel. On November 30, 2023, the Navy invited law firms to submit fully developed claims for manual review. Under the other pathway, the Navy accesses information developed through benefits determinations by the Veterans Administration ("VA"). The Navy recently entered an agreement with the VA that allows Navy personnel direct access to VA databases for purposes of obtaining information to assess CLJA claims. An update on the status of the Navy's settlement of CLJA administrative claims is included in section (5).

**(3) An update on stipulations entered into between the Parties since the last status conference**

On December 18, 2023, the United States proposed four additional stipulations since the last status conference, which the Plaintiffs are considering. The United States has agreed to six stipulations proposed by Plaintiffs. The United States will be proposing additional stipulations based on its Answer to Plaintiffs' Master Complaint, filed on November 20, 2023. (D.E. 50) Plaintiffs are also evaluating which additional stipulations to propose in light of that Answer.

**(4) A summary of the discovery conducted since the last status conference**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**Plaintiffs' Position:**

***The First Request and the Motion to Compel Document Production***

Plaintiffs' First Request for Production of Documents (the "First Request") was served on September 28, 2023.[1] Despite the passage of over two-and-a-half months, Defendant has failed to

---

[1] For purposes of correcting a few non-substantive typographical errors, the PLG served a Corrected First Set of Request for Production on October 4, 2023.

produce several categories of responsive documents. By way of example but not limitation, Defendant has failed to produce the following documents responsive to the First Request:

- Request No. 8 – documents possessed by the Agency for Toxic Substances and Disease Registry ("ATSDR") related to water contamination at Camp Lejeune,
- Request No. 11 – Department of Veterans Affairs ("VA") documents on the standards for awarding benefits for persons injured by water at Camp Lejeune;
- Request No. 14 – certain Government Accountability Office ("GAO") documents on contamination at Camp Lejeune; and
- Request No. 16 – Department of the Navy ("DON" or "Navy") records of third-party vendors or consultants working on water contamination issues at Camp Lejeune.

Defendant has not contested the discoverability of these requested documents—instead, the documents simply have not been produced. Further, in violation of this Court's precedents, Defendant has not identified a reasonable and definite date by which several categories of responsive documents will be produced. In many instances, Defendant stated that it will not produce responsive documents until an unknown point before "the completion of fact discovery."

Defendant's failure to timely produce documents responsive to the First Request is inexcusable. Plaintiffs know of 131 files related to Camp Lejeune, for example, which for the most part have not been produced—despite the documents' having already been identified and indexed by the Chief Records Officer of the ATSDR, James D. Baker Jr. Plaintiffs learned of these documents while taking Mr. Baker's deposition on December 5, 2023, when Defendant provided the PLG an index of these 131 files. What's more, Mr. Baker disclosed that two boxes of discoverable documents are sitting in his office unattended. Mr. Baker notified his superiors about

3

the existence of the boxes approximately *one month* before his deposition, yet those records have not been produced.

Additionally, Defendant withheld production of numerous documents on the basis of several privileges, including attorney-client privilege, the deliberative-process privilege, the attorney work-product privilege, the Privacy Act, and the Speech and Debate Clause of the U.S. Constitution. Defendant has not, however, produced a privilege log specifically related to the present action. Instead, on November 1, 2023, Defendant produced two privilege logs that were generated during prior litigation over water contamination at Camp Lejeune. It is therefore impossible for Plaintiffs to evaluate whether the documents withheld in the present matter match exactly the privilege logs produced by the government. Further, Defendant's privilege logs lack sufficient detail to enable Plaintiffs or the Court to evaluate the merits of asserted privileges.

In short, Defendant's response to the First Request is deficient. Therefore, Plaintiffs filed a Motion to Compel Document Production in Response to First Set of Request for Production on December 14, 2023. (D.E. 81) In the said motion to compel, Plaintiffs asked that the Court order Defendant to (a) produce all documents responsive to the First Request by December 29, 2023, including the index of ATSDR documents related to Camp Lejeune and identified during Mr. Baker's deposition, (b) state objections, if any, to all future discovery requests within 15 days of service of the request, and (c) provide specific dates by which documents will be produced in response to all future discovery requests. Prior to the next status conference, Plaintiffs anticipate filing a motion to compel concerning Defendant's failure to produce privilege logs.

### *Plaintiffs' Other Discovery Requests and Motion to Compel Production of CIS*

Plaintiffs' Second Set of Requests for Production ("Second Request") was served on October 29, 2023, and Defendant's response was served on November 29, 2023. The Second

Request sought certain publications, studies and reports concerning the impact upon human health of the contaminants in the water at Camp Lejeune. Further, the Second Request sought certain studies and publications concerning the Track 1 diseases that Defendant may rely on for purposes of contesting causation.

Unfortunately, Defendant has produced no documents in response to the Second Request, despite those requests having been served over one-and-a-half months ago. On December 18, 2023, Plaintiffs sent a letter to Defendant concerning its deficient responses to the Second Request. If the Parties cannot resolve these disputes, Plaintiffs will file a motion to compel concerning the Second Request.

Plaintiffs' Third Set of Requests for Production (the "Third Request") was served on November 3, 2023, and Defendant's response was served on December 4, 2023. The Third Request requested documents concerning Defendant's efforts to preserve evidence relevant to Camp Lejeune water contamination. In response, Defendant asserted a number of objections to each request. Plaintiffs are presently evaluating Defendant's objections and anticipate sending a discovery deficiency letter.

In addition to the above, Plaintiffs have served the following discovery requests: (a) Plaintiffs' Fourth Set of Requests for Production was served on November 24, 2023, and Defendant's response is due on December 27, 2023; and (b) Plaintiffs' Fifth Request for Production was served on November 28, 2023, and Defendant's response is due on December 28, 2023.

***Defendant's Contention Interrogatories and Requests for Production***

On December 5, 2023, Defendant served a First Set of Contention Interrogatories. Plaintiffs' response to the First Set of Contention Interrogatories is due on January 4, 2023.

Plaintiffs are presently evaluating whether the timing of Defendant's First Set of Contention Interrogatories is objectionable. "Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—*typically, at the end of the discovery period.*" *Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486 (W.D.N.C. 1998) (emphasis added). This litigation is in the beginning phases of discovery, and furthermore, Defendant has withheld numerous categories of requested documents that might be relevant to Plaintiffs' responses to Defendant's contention interrogatories. Therefore, Defendant's First Set of Contention Interrogatories may be premature and completely objectionable.

On December 11, 2023, Defendant served a First Set of Requests for Production to Discovery Pool Plaintiffs. Defendant's First Set of Requests for Production to Discovery Pool Plaintiffs seeks a separate response from every Track 1 Discovery Pool Plaintiff and contains 39 individual requests for production. Given that there will be 100 Track 1 Discovery Pool Plaintiffs, Defendant has functionally served 3,900 individual document production requests. Further, many of Defendant's document production requests seek documents that are irrelevant, documents that are already in Defendant's possession, or documents that are otherwise not discoverable. Nonetheless, Plaintiffs have started the process of collecting documents and preparing a response to Defendant's First Set of Requests for Production to Discovery Pool Plaintiffs.

### *Defendant's Motion to Compel*

On December 12, 2023, Defendant filed a Motion to Compel Plaintiffs' Dates of Birth and Social Security Numbers. (D.E. 77) Plaintiffs' response will be filed on the same date as the present Joint Status Report.

This issue has been brought up twice before with Judge Jones and in both instances, Plaintiffs stated that social security number and dates of birth on Track 1 Discovery Pool Plaintiffs

6

will be provided to Defendant despite the lack of any formal request for production. Notwithstanding these assurances, Defendant filed a motion to compel.

Plaintiffs oppose Defendant's motion to compel as it is premature and should be summarily denied. Defendant has not served any formal discovery request seeking social security numbers or dates of birth. Local Rule 7.1(c)(2) presumes that a formal discovery request has been served prior to the filing of a motion to compel. That local rule is reflected in a legion of case law providing that, as a general rule, motions to compel should be denied where the deadline for response has not expired, let alone where no such request has ever been lodged. Accordingly, Defendant's motion to compel is premature and should be denied.

### *Depositions*

Plaintiffs have completed depositions under Fed. R. Civ. P. 30(b)(6) of the ATSDR, VA and the United States Marine Corps. Further, Plaintiffs have requested that Defendant provide dates for the depositions of three fact witness depositions, and Defendants have requested dates for the depositions of seventeen Track 1 Discovery Pool Plaintiffs. The Parties are working to schedule these depositions.

### *Track 1 Discovery Pool Plaintiffs*

The Parties filed a Joint Notice of Filing – Track 1 Discovery Plaintiffs Selection on December 5, 2023 (the "First Selection"). (D.E. 68) On December 11, 2023, Defendant filed a Notice of Revised Track 1 Discovery Plaintiffs Selection (the "Second Selection"). (D.E. 75)

The Second Selection marks the second time that Defendant has violated Case Management Order No. 2 ("CMO-2") in selecting plaintiffs for the Discovery Pool: First, when Defendant included its selection of Discovery Plaintiffs in the First Selection, Defendant included 29 plaintiffs who were ineligible to serve as Discovery Plaintiffs because the plaintiffs had chosen

to file Short Form Complaints after the CMO-2 deadline for inclusion in the Discovery Pool. Plaintiffs did not move to strike these plaintiffs but rather offered Defendant the opportunity to replace the improper selections with new ones. Instead of taking the opportunity to pick eligible plaintiffs for the Discovery Pool, however, Defendant, in the Second Selection, violated CMO-2 a second time, this time selecting 16 plaintiffs who were ineligible to serve as Discovery Plaintiffs because the plaintiffs' counsel had expressly opted them out of the Discovery Pool, as prescribed by CMO-2.

Therefore, Plaintiffs filed a Motion to Enforce CMO-2 on December 12, 2023. (D.E. 78) In that motion, Plaintiffs asked the Court to require Defendant to choose eligible plaintiffs who comply with CMO-2. Defendant filed a response to Plaintiffs' Motion to Enforce CMO-2 on December 18, 2023.

### *Electronically Stored Information*

Plaintiffs have conferred with the United States regarding electronically stored information ("ESI") on several occasions since their initial December 4, 2023 meeting, and Plaintiffs will continue their good-faith efforts to efficiently conduct discovery consistent with the ESI Protocol. (D.E. 52) In fact, Plaintiffs anticipate agreeing to most of Defendant's recent ESI proposal, although Plaintiffs will propose a few additional search terms on Track 1 Plaintiffs and 2-3 additional custodians. In other words, the ESI meet-and-confers between the Parties have resulted in substantial progress. However, Plaintiffs' most significant concern relates to the extensive timeframe that Defendant estimates for the completion of ESI discovery. To illustrate this point, it is necessary to describe the history of the Parties' ESI discussions.

Plaintiffs have made remarkable efforts to compromise by narrowing the number of ESI custodians and materials to which Plaintiffs would otherwise be entitled given the number of

8

Plaintiffs and lengthy history of events giving rise to this litigation. For example, the meet-and-confer process has caused Plaintiffs to narrow their proposed list of custodians from more than 80 for ATSDR—Defendant's scientific agency in possession of decades of scientific data regarding exposure and causation of Plaintiffs' injuries—down to just 16, and Plaintiffs anticipate further reducing the number of proposed custodians.

Unfortunately, the United States has been uncompromising in its own positions: the United States repeatedly asserted that any additional custodian beyond the mere 4 that it initially proposed will cause the United States to fail to meet its discovery deadline. Yet, Defendant has had substantial time since the enactment of the CLJA to collect relevant ESI and interview potential ESI custodians. Further, in contravention of its own discovery obligations, Defendant advised that it had not conducted any search of potential non-custodial sources of discoverable ESI and requested that Plaintiffs suggest the sources from which ESI should be collected. Plaintiffs advised Defendant that it was Defendant's own obligation to investigate responsive materials from discoverable sources.

Further complicating matters, during the above negotiations regarding ESI custodians and non-custodial sources of ESI, the United States unilaterally changed its position regarding discovery of its own agencies' ESI. Initially, the United States advised Plaintiffs that it would only begin collecting ESI from custodians whom the parties agreed to and then it would apply the parties' agreed-upon search terms. Then, on December 7, 2023, Defendant advised Plaintiffs that it would begin conducting a "broad sweep" of its agencies and proposed only searching 14 terms—effectively rejecting the thoughtful search terms Plaintiffs had spent considerable time crafting, though the Parties continue to confer on these issues.

Lastly, Plaintiffs lack the documents, witnesses, and historical knowledge that the United States has of its own agencies regarding Camp Lejeune ESI custodians and data sources. Plaintiffs have advised Defendant of custodians from various agencies from which Plaintiffs seek discoverable information, but Defendant has delayed collection and production on the basis that it requires additional information from Plaintiffs regarding its own custodians. Plaintiffs do not agree that Defendant needs additional information in order to fulfill its discovery obligations, especially in light of its unilateral decision to conduct broad sweeps of the agencies.

In any event, Plaintiffs continue to meet and confer on these issues, and as forecasted above, Plaintiffs anticipate agreement to most of Defendant's recent ESI proposals. Plaintiffs are committed to working through these issues and accomplishing discovery, including ESI discovery, within the deadlines set by CMO-2.

**United States' Position:**

*United States' Responses to Plaintiffs' Discovery*

As of the date of this Joint Statement, Plaintiffs have served the United States with five sets of document requests: (1) Plaintiffs' First Request for Production was served on September 28, 2023; (2) Plaintiffs' Second Request for Production was served on October 29, 2023; (3) Plaintiffs' Third Request for Production was served on November 3, 2023; (4) Plaintiffs' Fourth Request for Production was served on November 24, 2023; and (5) Plaintiffs' Fifth Request for Production was served on November 28, 2023. Collectively, Plaintiffs have served the United States with 39 document requests seeking electronic and hardcopy information and documents, including historical documents, from multiple federal government agencies spanning several decades in time, beginning August 1, 1953.

The United States has made enormous efforts to respond in good faith and produce documents and information in a timely manner responsive to Plaintiffs' Requests. The United States served its written Responses and Objections to Plaintiffs' First Requests for Production on October 30, 2023, and began producing documents shortly thereafter. Since the last Joint Status Report, the United States, on November 29, 2023, served its written Responses and Objections to Plaintiffs' Second Requests for Production, and on December 4, 2023, served its written Responses and Objections to Plaintiffs' Third Requests for Production.

To date, the United States has produced over 415,000 files in response to Plaintiffs' requests for production and directed Plaintiffs to several public repositories of documents with extensive information relevant to this litigation. As of December 18, 2023, the United States has produced 415,685 files consisting of 307,486 pages to Plaintiffs. (Some files, such as housing records, have been produced in native format and thus are not reflected in page numbers).

The United States has also produced six databases used by the Agency for Toxic Substances Disease Registry ("ATSDR") to perform its studies. In addition to the documents already produced, the United States continues its efforts to collect and produce responsive documents and information. These efforts include working with the relevant agencies to gain access to historic documents, some of which are contained in inactive and/or decommissioned historic legacy systems. For example, the United States will soon be producing almost 2 terabytes of information from the National Archives and Records Administration in response to just one of Plaintiffs' 39 Requests for Production. The Department of Justice, various agencies, and litigation support personnel are working every day to produce as many records as possible as quickly as possible in advance of the fact discovery deadline, which could be as soon as 90 days away.

Pursuant to the Stipulated Order Establishing Protocol for Document Collection and Production, the Parties held an initial meet and confer on December 4, 2023, regarding custodians and search terms for the collection and production on electronically stored information ("ESI") that would be responsive to Plaintiffs' document requests. Prior to this meeting, the United States proposed 13 individuals across four agencies as the proposed custodians for ESI collection. Plaintiffs initially proposed 80 custodians just for the ATSDR. At the December 4 meeting, Plaintiffs were not prepared to discuss custodians or search terms other than those from the ATSDR, and revised their proposed list to 24 custodians exclusive to the ATSDR, along with five pages of search terms. The United States reiterated multiple times that producing ESI from the Plaintiffs' proposed custodian and search terms by the end of the discovery period would be extremely challenging, if not impossible. After lengthy discussions, the Parties agreed to additional meet and confers to negotiate proposed ATSDR custodians and discuss the remaining agency-specific custodians and search terms.

The day before the next meet and confer, Plaintiffs provided a revised list of proposed custodians, including 50 custodians from six government agencies, and containing four pages of proposed search terms. The parties held an additional meet and confer on December 8, 2023, specifically concerning custodians relating to the United States Marine Corp, the Navy, and VA. After lengthy discussions, the Parties agreed to focus initial efforts on the collection of ESI from those individuals more likely to have relevant ESI. To this end, the United States has provided initial hit reports on certain proposed custodians to determine the size of their custodial data, and is continuing to run additional hit report to provide the Parties with an accurate view of how much data there is to be collected, reviewed, and produced pursuant to the ESI Protocol. The United States has continued to engage on the negotiation of custodians and search terms with Plaintiffs.

Subsequently, on December 12, 2023, the United States asked Plaintiffs to provide the United States with additional information so that the United States could properly consider Plaintiffs' proposed custodians. As of December 18, 2023, the United States has not received a response. In addition, the United States has requested dates to begin meet and confers on non-custodial ESI collections. Plaintiffs have not yet proposed a date for these discussions. Given these issues, along with issues regarding obtaining records for individual plaintiffs, the United States expects to file a motion to amend CMO-2 to allow additional time to complete discovery. While the United States disagrees with Plaintiffs' characterizations of the ESI meet and confer process, the United States is committed to continuing with the negotiations and hopes to reach resolution between the Parties.

With respect to depositions requested by Plaintiffs, since the last joint statement, Plaintiffs have completed depositions of government Fed. R. Civ. P. 30(b)(6) witnesses from the ATSDR, the United States Marine Corps, and the VA. Plaintiffs have expressed interest in requesting additional Fed. R. Civ. P. 30(b)(6) depositions of the Navy and the Environmental Protection Agency, but Plaintiffs have yet to provide the United States with specific matters of examination or serve formal 30(b)(6) deposition notices. Plaintiffs have also requested three additional fact witness depositions. The Parties are in the process of scheduling these depositions.

### *Track 1 Discovery Pool Plaintiff Selection*

The United States used November 13, 2023, as the cutoff date for Track One Discovery Plaintiff selection pursuant to Case Management Order 2, Section XI, which set 45-day deadline for Plaintiffs who filed a Complaint before the Master Complaint was filed to file Short Form Complaints to participate in discovery. Plaintiffs' counsel did not explain why the Plaintiffs who filed their Short Form Complaints within the Court's 45-day deadline should be excluded from the

13

discovery process. Nonetheless, even though Plaintiffs' counsel may have misinterpreted the Case Management Order 2, in the interest of moving the case forward and based on Plaintiffs' counsel's representation that plaintiffs who filed Short Form Complaints between November 6, 2023 and November 13, 2023, did not want to participate in discovery process, the United States agreed to substitute for those selections to which Plaintiffs' counsel objected. Certain selections of Plaintiffs' counsel also conflict with a strict interpretation of Case Management Order 2. Plaintiffs' counsel selected Plaintiffs who filed incomplete Short Form Complaints before November 6, 2023, but subsequently filed amended Short Form Complaints that provided the critical information that had been missing from the earlier submissions. The United States current selections strictly comply with Case Management Order as detailed in its submission of December 17, 2023 (D.E. 83).

### *United States' Discovery to Plaintiffs*

On December 5, 2023, the United States served its First Set of Contention Interrogatories on Plaintiffs; responses are due on January 4, 2023. On December 11, 2023, the United States served its First Requests for Production of Documents on Track 1 Discovery Plaintiffs; responses are due on January 10, 2023.

The United States continues to seek identifying information, social security numbers and dates of birth, from all Plaintiffs, which are necessary to retrieve certain Plaintiff records from government agencies. Because the United States has only received this information for only a relatively small number of Plaintiffs from certain Plaintiffs' counsel, on December 12, 2023, the United States filed a motion to compel this information from all Plaintiffs. The response is due on December 19, 2023. The United States is also waiting to receive Plaintiff record releases, VA-specific releases, and the Discovery Pool Profile Forms for a majority of Track 1 Discovery

Plaintiffs. Given issues in obtaining records for individual Plaintiffs, along with issues in producing information responsive to Plaintiffs' broad discovery requests, the United States expects to file a motion to amend CMO-2 to allow additional time to complete discovery.

As of the date of this Joint Statement, the United States has requested 17 depositions of Track 1 Discovery Plaintiffs. To date, the Parties have confirmed mutually agreeable dates for 10 Plaintiff depositions to proceed in January 2024. The United States has provided availability for the 7 pending Plaintiff deposition requests and is awaiting response from Plaintiffs' counsel confirming dates. Plaintiffs' counsel have indicated that they will not be providing available dates to proceed on one pending Plaintiff deposition request on the basis that the Plaintiff was ineligible and disputed in Plaintiffs' Motion to Enforce Case Management Order No. 2. (D.E. 78)

**(5) Update on individual and global settlement efforts:**

As of December 18, 2023, the Department of Justice (DOJ) has determined that twenty-six (26) cases in litigation meet the EO criteria for settlement through documentary verification. The case breakdown by injury includes: 9 Bladder Cancer, 7 Kidney Cancer, 4 non-Hodgkin's Lymphoma, 4 Kidney Disease, 1 Leukemia, 1 Multiple Myeloma. Two (2) offers have been accepted by plaintiffs on cases of Bladder Cancer and Kidney Cancer. Two (2) offers were rejected by plaintiffs on cases of Bladder Cancer and Kidney Cancer. Six (6) offers have expired, including 3 cases of Kidney Cancer, 2 cases of non-Hodgkin's Lymphoma, and 1 case of Leukemia. The other sixteen (16) settlement offers are pending.

Further, the DOJ has approved offers for fifty-two (52) claimants in reliance on information provided by the Navy. Eight (8) settlement offers have been accepted. One (1) offer has been rejected. Ten (10) offers have expired, and the other thirty-three (33) offers are pending.

Payments have been sent in six cases, totaling $1,450,000. One case alleging Parkinson's Disease resulted in a $250,000 payment. One case of non-Hodgkin's Lymphoma resulted in a $300,000 payment. Three cases of Leukemia resulted in two payments of $300,000 and one payment of $150,000. One case of Bladder Cancer resulted in a $150,000 payment. The remaining two cases require payment processing through the Department of the Treasury's Judgment Fund.

The Parties have had several preliminary discussions regarding the possibility of a global resolution of claims that remain in the administrative and legal processes. The Parties continue to negotiate a resolution questionnaire and resolution roadmap. The Parties are exploring the use of a Special Master to help resolve issues regarding global settlement information and procedures and are in the process of identifying candidates for that position.

**(6) Any other issues that the parties wish to raise with the Court**

The Parties have raised a dispute regarding the composition of the Track 1 Discovery Pool. On December 12, 2023, the Plaintiffs filed a motion to enforce the CMO-2 with respect to Track 1 Discovery Pool Plaintiffs. On December 18, 2023, the United States filed a responsive brief.

On November 29, 2023, the Court entered an Order Regarding Discovery Pool Profile Form. (D.E. 62) Among other things, the said Order approved a corrected Discovery Pool Profile Form ("DPPF") that must be completed by all Track 1 Discovery Pool Plaintiffs. CMO-2 contemplates that a "Track 1 Order" will be entered, and the Parties' understanding is that the Track 1 Order will formally approve a list of Track 1 Discovery Pool Plaintiffs. (D.E. 23, at ¶ XI.A.iv.e) The deadline for completion of the DPPF by the Track 1 Discovery Pool Plaintiffs is also set by CMO-2, which states as follows: "Each Track 1 Discovery Plaintiff shall complete the Discovery Pool Profile Form within 45 days of it being finalized or their selection as a Track 1

16

Discovery Plaintiffs, whichever is later ." (D.E. 23, at ¶ XI.A.iv.c) The Track 1 Order has not been entered.

Finally, at the Status Conference on December 5, 2023, Judge Jones asked that Plaintiffs provide information regarding the number of claims available to be filed for each disease proposed by Plaintiffs and Defendant for the Track II Discovery Pool. Plaintiffs will provide this data to the Court in a separate submission.

DATED this 19th day of December 2023.

Respectfully submitted,

| | |
|---|---|
| /s/ J. Edward Bell, III<br>J. Edward Bell, III (admitted *pro hac vice*)<br>Bell Legal Group, LLC<br>219 Ridge St.<br>Georgetown, SC 29440<br>Telephone: (843) 546-2408<br>jeb@belllegalgroup.com<br>*Lead Counsel for Plaintiffs*<br><br>/s/ Zina Bash<br>Zina Bash (admitted *pro hac vice*)<br>Keller Postman LLC<br>111 Congress Avenue, Ste. 500<br>Austin, TX 78701<br>Telephone: 956-345-9462<br>zina.bash@kellerpostman.com<br>*Co-Lead Counsel for Plaintiffs*<br>*and Government Liaison*<br><br>/s/ Robin Greenwald<br>Robin L. Greenwald (admitted *pro hac vice*)<br>Weitz & Luxenberg, P.C.<br>700 Broadway<br>New York, NY 10003<br>Telephone: 212-558-5802<br>rgreenwald@weitzlux.com<br>*Co-Lead Counsel for Plaintiffs* | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division<br><br>J. PATRICK GLYNN<br>Director, Torts Branch<br>Environmental Torts Litigation Section<br><br>BRIDGET BAILEY LIPSCOMB<br>Assistant Director, Torts Branch<br>Environmental Torts Litigation Section<br><br>/s/ Adam Bain<br>ADAM BAIN<br>Senior Trial Counsel, Torts Branch<br>Environmental Torts Litigation Section<br>U.S. Department of Justice<br>P.O. Box 340, Ben Franklin Station<br>Washington, D.C. 20044<br>E-mail: adam.bain@usdoj.gov<br>Telephone: (202) 616-4209<br><br>LACRESHA A. JOHNSON<br>HAROON ANWAR<br>DANIEL C. EAGLES<br>NATHAN J. BU<br>Trial Attorneys, Torts Branch<br>Environmental Torts Litigation Section<br>*Counsel for Defendant United States of America* |

*/s/ Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*