IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | |
| ) | ORDER |
| ) | |
| This Document Relates to: ) | |
| ALL CASES ) | |

This matter is before the court on Defendant's motion to compel production of all Plaintiffs' dates of birth and social security numbers. [DE-77]. Plaintiffs oppose the motion. [DE-87]. The motion is ripe and referred to the undersigned for disposition. For the reasons stated below, Defendant's motion is granted in part.

I. Background

This litigation concerns the more than one thousand individual lawsuits filed under the Camp Lejeune Justice Act ("CLJA") in this district. *See* Pub. L. No. 117-168, § 804, 135 Stat. 1759, 1802-04. With the CLJA, Congress created a new federal cause of action permitting "appropriate relief for harm that was caused by exposure to the water at Camp Lejeune" for individuals who resided, worked, or were otherwise exposed for not less than 30 days during the period between August 1, 1953, and December 31, 1987. *See id.* § 804(b). To better manage this litigation, the court appointed a Plaintiffs' Leadership Group ("Plaintiffs"), *see* [DE-10], and entered case management orders streamlining pretrial procedures in all CLJA cases. *See e.g.,* [DE-23]. The court also established a discovery dispute protocol. [DE-55].

In the instant dispute, Defendant asserts that it is entitled to "two [ ] pieces of information

for each Plaintiff who filed a lawsuit: the Plaintiff's or decedent's date of birth and social security number" (collectively, "Plaintiffs' PII"). [DE-77] at 3. Defendant states it needs Plaintiffs' PII promptly so it can make decisions about "future Discovery Track illnesses" and "obtain[ ] records necessary to complete discovery within very short fact discovery periods." *Id.* at 4. Defendant alleges it requested Plaintiffs' PII via email on several occasions, and Plaintiffs have refused to provide it. The Plaintiff PII issue has been discussed at multiple status conferences. *See* [DE-76] at 8:5-10, 8:17-9:3; [DE-70] at 6:6-7:24. Plaintiffs respond that Defendant is entitled to Plaintiffs' PII only for individuals selected for the Track 1 Discovery Pool. [DE-87] at 3-4. Defendant says that to date Plaintiffs have provided "dates of birth and/or social security numbers" for "approximately 32%" of litigants in this action. [DE-77] at 7.

II.     Standard of Review

The general rule regarding the scope of discovery is found in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Prasad v. Nallapati*, 597 F. Supp. 3d 842, 846 (E.D.N.C. 2022) (first quoting *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); then citing *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'")

2

(quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). Nevertheless, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Walls v. Ford Motor Co.*, No. 1:20CV98, 2021 WL 1723154, at *4 (M.D.N.C. Apr. 30, 2021) (citations omitted).

"Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Simply because "requested information is discoverable under Rule 26 does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). District courts must limit "'the frequency or extent of discovery otherwise allowed' if . . . '(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).'" *Page v. Bragg Communities, LLC*, No. 5:20-CV-336-D, 2023 WL 5418716, at *2 (E.D.N.C. Aug. 22, 2023) (quoting Fed. R. Civ. P. 26(b)(2)(C)).

III.     Discussion

Plaintiffs' PII is best understood as falling under the 26(a)(1) initial disclosures umbrella, rather than information responsive to a specific discovery request. Fed. R. Civ. P. 26(a)(1). Of course, Rule 26(a)(1)(A)(1)–(4) lists specific categories of information, including "name and, if known, the address and telephone number of each individual likely to have discoverable information"; dates of birth and social security numbers are not included on the list. *Id.* Still, "[t]he purpose of initial disclosures under FRCP 26(a) is 'to accelerate the exchange of basic

3

information . . . and to eliminate the paper work involved in requesting such information.'" *Van Buren v. Emerson*, No. 1:13-CV-01273-LJO, 2014 WL 6804056, at *2 (E.D. Cal. Dec. 2, 2014) (quoting Fed. R. Civ. P. 26(a)(1) advisory committee note (1993)) (upholding magistrate judge's order "requiring a party to identify witnesses and evidence it may use to support its claims or defenses" as part of 26(a)(1) disclosures). Plaintiffs' PII is "basic information," and must be exchanged eventually "in the ordinary course of investigating [each] complaint." *Id.*

Rule 26 does not stand alone; it must be read in context of Rule 1. "The Federal Rules of Civil Procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.' The rules recognize the 'affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay.'" *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009) (quoting Fed. R. Civ. P. 1; Fed R. Civ. P. 1 advisory committee's note (1993)). As the Fifth Circuit explained:

> [T]he scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense. This principle is also to be understood in light of Rule 1, which directs that the rules should be construed and administered to secure the just, speedy, and inexpensive determination of every action. We have explained that there probably is no provision in the federal rules that is more important than this mandate.

*U.S., ex rel., Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 467–68 (5th Cir. 2015), *aff'd sub nom. State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 580 U.S. 26 (2016).

In the spirit of Rule 1, courts have wide discretion to manage discovery and, more specifically, "modify the Rule 26(a)(1) disclosures in a particular case." *Synergetics, Inc. v. Lumpkin*, No. 4:04CV1650 TCM, 2005 WL 2179648, at *1 (E.D. Mo. Sept. 9, 2005). "As explained by the Advisory Committee Notes, Rule 26(a)(1)(A) empowers a court to 'eliminate or modify the disclosure requirements in a particular case . . . .'" *Nyambal v. Alliedbarton Sec. Servs.,*

4

*LLC*, No. 14-1904-EGS-ZMF, 2021 WL 6773002, at *2 (D.D.C. Sept. 29, 2021) (quoting Fed. R. Civ. P. 26(a)(1) advisory committee's note (1993)). "The disclosure obligations specified in paragraph (1) will not be appropriate for all cases, and it is expected that changes in these obligations will be made by the court or parties when the circumstances warrant." Fed. R. Civ. P. 26 advisory committee's note (1993).

Modifying the Rule 26(a)(1) requirements in this case to include Plaintiffs' PII and mandating its expedited disclosure falls squarely within the court's prerogative to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Defendant has represented, both in its motion, [DE-77], and at multiple status conferences, that Plaintiffs' PII will assist Defendant with selecting future disease Tracks, discovery pool plaintiffs, and "a streamlined process to get [individual claimant] records and . . . get them to the plaintiffs." [DE-76] at 7:24-5. As the parties are aware, the court is interested in bellwether plaintiffs who are representative of the claimant pool. *Id.* at 2:19-25; 50:21-51:8. And it is undeniably more difficult for Defendant to choose representative diseases and plaintiffs if they cannot obtain records "for almost 90% of potential" discovery pool plaintiffs. [DE-77] at 4.

Plaintiffs have not identified a persuasive reason why Plaintiffs' PII should not be provided now. Rather, when asked by the court at a previous status conference "[w]hat's the holdup?" in producing Plaintiffs' PII, Plaintiffs could not identify any prejudice and stated, "[b]e glad to give it to them." [DE-76] at 18:1-19:23. Indeed, Plaintiffs have expressed frustration at Defendant's delays at responding to discovery requests. *See, e.g.*, [DE-81]. Exchanging Plaintiffs' PII now rather than later will better "streamline" individual discovery under a condensed timeline and move the litigation more quickly towards resolution, trial or otherwise. Plaintiffs' argument that it will suffer "tactical [dis]advantage" from disclosure is unavailing. [DE-87] at 2. Again, the court is

5

interested in the "just, speedy, and inexpensive determination" of this burgeoning litigation.

The court will mandate only Plaintiffs' PII disclosure for plaintiffs who have filed or will file Short Form Complaints. Those who file Short Form Complaints are eligible for discovery pool selection, either for Track 1 or future Tracks. [DE-23] at 5, 9. Defendant does not have as strong an interest in Plaintiffs' PII for ineligible plaintiffs, as they cannot be considered for present or future disease Tracks. Additionally, the court takes seriously Plaintiffs' concern that "a lot of [claimants] are old . . . [s]ome of them don't have computers. A lot of this has to be done in person or on the phone, snail mail, things like that." [DE-70] at 8:8-21. Thus, Plaintiffs who do not file a Short Form Complaint are not required to disclose Plaintiff PII pursuant to this order.

IV. Conclusion

For the foregoing reasons, Defendant's motion to compel, [DE-77], is granted in part. Upon the filing of a Short Form Complaint, *see* [DE-23], unless otherwise in the Defendant's possession, each Plaintiff shall provide Defendant with their date of birth and social security number. Any Plaintiff who previously filed a Short Form Complaint, *see* [DE-23], unless otherwise in the Defendant's possession, shall provide Defendant with their date of birth and social security number within 20 days of this order.

So ordered, the 21st day of December 2023.

Robert B. Jones, Jr.
United States Magistrate Judge