# EXHIBIT 3

December 19, 2023, TRACK ONE PLAINTIFFS' RESPONSES TO
DEFENDANT UNITED STATES OF AMERICA'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DISCOVERY POOL PLAINTIFFS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
# No. 7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | TRACK ONE PLAINTIFFS' |
| ) | RESPONSES TO DEFENDANT |
| ) | UNITED STATES OF AMERICA'S |
| This Document Relates To: ) | FIRST SET OF REQUESTS FOR |
| ALL TRACK I DISCOVERY POOL ) | PRODUCTION TO DISCOVERY |
| CASES ) | POOL PLAINTIFFS |

The Plaintiffs' Leadership Group ("PLG"), on behalf of all Track One Plaintiffs ("Plaintiffs"), provide the below responses to Defendant United States of America's ("Defendant") First Set of Requests for Production to Discovery Pool Plaintiffs ("First RFPs"). All of the below responses are subject to objections on the basis of attorney-client privilege and the work-product doctrine.

## REQUESTS FOR PRODUCTION

1. All Documents and things in your possession, custody, or control that are identified in or relied upon to formulate Plaintiff's answers to the Discovery Profile Form for this case.

**RESPONSE: Plaintiffs will produce on a rolling basis non-privileged documents in their possession, custody or control that are relevant and responsive to this request, to the extent they have them.**

2. All identification cards in your possession, custody, or control of Plaintiff and/or Decedent, including, but not limited, to driver's licenses, state identification cards, military-issued identification cards, passports, social security cards, and any other government-issued identification cards.

**RESPONSE: Plaintiffs will be deposed by the Defendant and, at the time of the deposition, if there is any suggestion that the Plaintiff is not who he/she purports to be, then the information requested herein will be produced.**

3. All documents in your possession, custody, or control that relate to any of the facts, allegations, injuries, physical symptoms, or damages referred to in the Complaint, as defined to include Plaintiffs' Master Complaint and the Short Form Complaint of the individual Track 1 Discovery Pool Plaintiff responding to subject of the discovery requests.

**RESPONSE: Plaintiffs will complete and produce a medical authorization relating to the diagnosis and treatment of the disease(s) for which they seek damages.**

4. All documents in your possession, custody, or control related to the examination or treatment of injuries and physical symptoms alleged by Plaintiff and/or Decedent in the Complaint.

**RESPONSE: Plaintiffs will produce on a rolling basis medical records in their possession, custody or control, to the extent they have them, and Plaintiffs will also complete and produce a medical authorization relating to their diagnosis and treatment of the disease(s) for which they seek damages.**

5. All photographs, videotapes, or recordings in your possession, custody, or control that identify, depict, or relate to the facts, allegations, injuries, physical symptoms, or damages referred to in the Complaint.

**RESPONSE: Plaintiffs will produce on a rolling basis the requested items in their possession, custody or control.**

6. All documents in your possession, custody, or control related to the examination, evaluation, diagnosis, and treatment of the injuries or physical symptoms alleged in the Complaint or otherwise related to exposure to contaminated water at Camp Lejeune, including but not limited to, chart notes, correspondence, radiography or any other medical imaging, pathology samples and reports, other test results, operative notes and reports, referrals, medical releases and consents, procedure descriptions, office notes, and documentation of surgeries, therapies, treatments, or procedures related to Plaintiff and/or Decedent.

**RESPONSE: Plaintiffs will produce on a rolling basis documents in their possession, custody or control that are related to their examination or treatment of injuries and physical symptoms for which they seek damages in this action, to the extent they have them, and Plaintiffs will also complete and produce a medical authorization relating to their diagnosis and treatment of the disease(s) for which they seek damages.**

7. Any documentation in your possession, custody, or control supporting a contention the Plaintiff has experienced emotional or mental suffering.

**RESPONSE: Please see answers above.**

8. All documents in your possession, custody, or control relating to the prescription, issuance, or purchase of any drugs or other medications or treatment protocols by Plaintiff and/or Decedent for the period ten (10) years before the onset of the injury or injuries allegedly caused by exposure to contaminated water or a chemical agent at Camp Lejeune to the present.

3

Case 7:23-cv-00897-RJ   Document 92-3   Filed 12/21/23   Page 4 of 19

**RESPONSE: To the extent the Plaintiff has this information, it will be produced on a rolling basis.**

9. All documents or things in your possession, custody, or control given or shown to Plaintiff and/or Decedent by any physician, surgeon or Healthcare Provider related to the injuries, physical symptoms, or damages alleged in the Complaint.

**RESPONSE: Plaintiffs do not understand what documents Defendant seeks. Plaintiffs will produce on a rolling basis documents in their possession, custody or control that are related to their examination or treatment of injuries and physical symptoms for which they seek damages in this action, to the extent they have them, and Plaintiffs will also complete and produce a medical authorization relating to their diagnosis and treatment of the disease(s) for which they seek damages.**

10. All documents and things in your possession, custody, or control relating to any lawsuit, workers' compensation proceeding or benefit, Social Security claim, Veteran Administration disability compensation claim, VA benefits claim or request, insurance claim, or claim for personal injury made or received by Plaintiff/Decedent for the period ten (10) years before the onset of the injury or injuries allegedly caused by exposure to contaminated water or a chemical agent at Camp Lejeune to the present.

**RESPONSE: Plaintiffs will produce relevant materials in their possession on a rolling basis.**

11. Any notes, diaries, calendars, correspondence, memoranda, journals, photographs, video tapes, or other documents in your possession, custody, or control relating to the injuries, physical symptoms, or damages alleged in the Complaint or any claim asserted by Plaintiff and/or Decedent in this lawsuit.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

12. If representing someone else, (a) the Decedent's long-form death certificate stating cause of death (if applicable); (b) all documents in your possession, custody, or control relating to the represented person's incapacity (if applicable); (b) all documents in your possession, custody, or control relating to Plaintiff's representation, including but not limited to wills, letters testamentary, powers of attorney, or any documents related to state probate court proceedings.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody, or control, to the extent they have them.**

13. All records in your possession, custody, or control of expenses incurred by Plaintiff and/or Decedent, or paid on behalf of Plaintiff and/or Decedent by any insurance carrier or health plan, as the result of injuries, physical symptoms, or damages alleged in the Complaint, including but not limited to documents relating to any charges or fees by any hospital, medical facility, or medical provider for procedures, therapies, surgeries, treatments, or home or life care; letters of protection; funeral expenses; and burial expenses.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them, and will**

**complete and produce a medical authorization relating to the diagnosis and treatment of the disease(s) for which they seek damages.**

14. All records in your possession, custody, or control of life care planning services conducted for the Plaintiff and/or Decedent, including the frequency, anticipated duration, and estimated cost per occurrence of projected expenses under the plan.

**RESPONSE: Plaintiffs will produce reports of expert witnesses, including life-care planners, pursuant to Case Management Order No. 2 or any other scheduling order entered by the Court.**

15. All documents in your possession, custody, or control referring or relating to any claim of subrogation or lien by any third party on any expenses paid on behalf of Plaintiff and/or Decedent for the period ten (10) years before the onset of the injury or injuries allegedly caused by exposure to contaminated water or a chemical agent at Camp Lejeune to the present.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

16. All documents in your possession, custody, or control relating to any witness that Plaintiff intends to call as a fact witness at trial, including but not limited to reports, notes, files, and other documents and things created, received, or examined by the witness.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

17. All documents in your possession, custody, or control that Plaintiff contends support or prove that the injuries, physical symptoms, or damages alleged in the Complaint were caused by exposure to contaminated water or a chemical agent at Camp Lejeune.

**RESPONSE: Plaintiffs will produce on a rolling basis documents in their possession, custody or control that are related to their examination or treatment of injuries and physical symptoms for which they seek damages in this action, to the extent they have them, and Plaintiffs will also complete and produce a medical authorization relating to their diagnosis and treatment of the disease(s) for which they seek damages.**

18. All documents in your possession, custody, or control that Plaintiff/Decedent contends support or prove that Plaintiff/Decedent was exposed to contaminated water or a chemical agent at Camp Lejeune.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

19. All documents in your possession, custody, or control that reflect Plaintiff and/or Decedent's presence at Camp Lejeune Marine Corps Base for the period starting August 1, 1953 to the present.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody and control, to the extent they have them.**

20. All photographs, videotapes, or other graphic depictions in your possession, custody, or control of the interior or exterior of the residence in which Plaintiff and/or Decedent was present at Camp Lejeune Marine Corps Base, during occupancy of those quarters.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody and control, to the extent they have them.**

21. All photographs, videotapes, or other graphic depictions in your possession, custody, or control of the interior or exterior of the building or place of employment where Plaintiff and/or Decedent worked while at Camp Lejeune Marine Corps Base (if applicable).

**RESPONSE: Plaintiffs will produce relevant and responsive documents in their possession, custody or control, to the extent they have them.**

22. For each place in which Plaintiff and/or Decedent lived or worked during the period ten (10) years before the onset of the injury or injuries allegedly caused by exposure to contaminated water at Camp Lejeune to the present, all documents in your possession, custody, or control relating to any inspection and/or testing of the premises, including, but not limited to, the drinking water, for any chemical agents – including pesticides, heavy metals, solvents, poisons, mold, radon, lead or lead-based paint – by any individual, agency, or organization, whether public or private, including the United States Department of the Navy or its agent, representative, or employee.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

23. All documents or information in your possession, custody, or control related to Plaintiff and/or Decedent's occupancy in housing within the military base at Camp Lejeune, including DEERS dependency information furnished, information furnished by the Marine Corps' housing office or housing inspectors and any records of communications and complaints lodged by Plaintiff and/or Decedent or any member of their household during any time that either of them occupied housing within the military base at Camp Lejeune.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

24. All documents and photographic material in your possession, custody, or control relating to all military service of Plaintiff and/or Decedent including any training deployments, foreign deployments, temporary additional duty, hazardous duty, or special assignments.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

25. All statements in your possession, custody or control made by any agent, servant or employee of a governmental entity, including, but not limited to the United States or any state or local government entity regarding the subject matter of this lawsuit, including any admissions or statements against interest. For the purpose of this request, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, that is a substantially verbatim recital of any oral statement by the person making it and contemporaneously recorded.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents, that are not publicly available, in their possession, custody or control, to the extent they have them.**

26. All statements in your possession, custody, or control made by any person regarding the subject matter of this lawsuit other than those referred to in response to the previous request for production. For the purpose of this request, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, that is a substantially verbatim recital of any oral statement by the person making it and contemporaneously recorded.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them**

27. Any and all documents in your possession, custody, or control and from whatever source that indicate the presence of any chemical agents – including heavy metals, pesticides, solvents, poisons, mold, radon, lead or lead-based paint – at any premises where Plaintiff and/or Decedent lived, for the period ten (10) years before the onset of the injury or injuries allegedly caused by exposure to contaminated water or a chemical agent at Camp Lejeune to the present.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

28. All information and documents in your possession, custody, or control, including but not limited to letters, voice mails and emails, reflecting any communication Plaintiff and/or

Decedent had with any person, including federal or state government officials, concerning the subject matter of this lawsuit excluding any privileged communications. Without waiving their general and specific objections, Plaintiffs will produce relevant and responsive documents in their possession, custody or control, to the extent they have them.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

29. All information and documents in your possession, custody, or control that Plaintiff and/or Decedent obtained from state or federal government agencies, including but not limited to, information and documents obtained through requests made under the Freedom of Information Act, relating in any way to the subject matter of this action.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

30. All news reports, advertisements, or publications in your possession, custody, or control relating to contamination or environmental investigations at or near Camp Lejeune Marine Corps Base that Plaintiff/Decedent reviewed or received.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

31. All documents in your possession, custody, or control reflecting Plaintiff's employment (including military service), self-employment, and total compensation for the period ten (10) years before the onset of the injury or injuries allegedly caused by exposure to

11

contaminated water or a chemical agent at Camp Lejeune to the present, including but not limited to, the following:

    a. All documents reflecting the names and addresses of all employers.

    b. All documents which relate to income, work schedules, and earnings, and profits derived from work activities and earnings from any source, including state and federal tax returns, business tax returns for any business owned by Plaintiff or Decedent, Form W-2s, Form 1099s, other wage statements or documents, and all accompanying schedules, statements, and itemizations.

    c. All documents relating to any period(s) of unemployment experienced by Plaintiff.

    d. All documents reflecting any dates of Plaintiff's absence from work for any reason.

    e. All documents pertaining to Plaintiff's membership in any labor unions or trade organizations.

    f. All documents reflecting any employer-provided fringe benefits received in connection with employment prior to alleged injury and after alleged injury.

    g. All documents evincing the dates, if any, the Plaintiff was unable to work or was in any way impaired from pursuing his or her career development as a result of the alleged injury or injuries and the earnings which the Plaintiff allegedly lost as a result of that absence, use of paid time off, delay in pursuing career development, and any other event allegedly causing monetary damages.

    h. All documents reflecting that the Plaintiff searched for another job after leaving employment because of the alleged injury.

    i. All documents evincing the date, if applicable, the Plaintiff retired from work and annual value of any retirement benefit or pension payments made to the Plaintiff

12

Case 7:23-cv-00897-RJ   Document 92-3   Filed 12/21/23   Page 13 of 19

from the date of retirement to the present time, and copies of the pension plan documents for each type of pension benefit received by Plaintiff.

j. All documents reflecting workers' compensation, unemployment insurance, welfare, and applications for assistance from any government agency because of unemployment or ill health.

**RESPONSE: Plaintiffs who are seeking compensation for lost income will produce on a rolling basis relevant and responsive documents in their possession, custody or control that identify the place(s) they worked, including self-employment, for the period ten (10) years before the onset of the injury or injuries caused by exposure to contaminated water or a chemical agent at Camp Lejeune, to the extent they have them.**

32. All documents in your possession, custody, or control pertaining to damages claimed related to household services, including but not limited to:

a. Documents reflecting household chores or services performed prior to and after alleged impairment/disability, including frequency and time duration per year.

b. All records of expenses incurred in connection with household chores or services no longer performed since alleged impairment/disability.

**RESPONSE: Plaintiffs who are seeking monetary damages for expenses incurred in connection with household chores or services will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

33. All documents in your possession, custody, or control pertaining to benefits, awards, or payments related to the alleged injury or injuries, including but not limited to:

13

a. Veterans Administration records pertaining to the alleged injury or injuries, including any documents connected to a service-connected disability rating and any benefits or payments related to the alleged injury or injuries.

b. Records of workers' compensation, unemployment insurance, disability awards, payments, benefits, welfare and other assistance from any governmental agency, public or private sector employer or union because of unemployment or lost earnings related to the alleged injury or injuries.

c. Records of any other disability award, Medicare or Medicaid payment, or other benefit provided to the Plaintiff and his/her legal representative as a result of the alleged injury or injuries.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

34. All text messages and posts (text, photographs, or video), conversations, chats, or other communications on social media websites or messaging applications in your possession, custody, or control, including but not limited to Facebook, Instagram, Snapchat, Signal, and Whatsapp, related to the facts, allegations, injuries, or claims alleged in the Complaint, posted, sent, or received by Plaintiff and/or Decedent, or included in a social media page or group to which Plaintiff and/Decedent belongs, or upon which Plaintiff and/or Decedent relied. This request is not limited to publicly posted materials and includes any private messages, profiles, direct messages, or archived data on social media and chat sites.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control that relate specifically to the existence of**

**or activity in their respective Camp Lejeune Justice Act civil actions, to the extent they have them.**

35. All documents in your possession, custody, or control related to any concerns that you have or complaints that you made about contaminated water at Camp Lejeune, including but not limited to the United States' response thereto. This includes all statements given to the media, on social media, during town halls, or by other means of communication or dissemination.

**RESPONSE: Plaintiffs will produce on a rolling basis formal, written complaints they have made to federal, state and/or local government officials or media disseminated at a town hall meeting, to the extent they have them.**

36. All communications in your possession, custody, or control made between you and the United States related to contaminated water or a chemical agent at Camp Lejeune.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

37. All documents in your possession, custody, or control related to your interaction with the United States about contaminated water or a chemical agent at Camp Lejeune.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

38. All documents in your possession, custody, or control, including communications, related to your participation or contribution to any reports, studies, assessments, or evaluations related to contaminated water or a chemical agent at Camp Lejeune.

**RESPONSE: Plaintiffs will produce on a rolling basis relevant and responsive documents in their possession, custody or control, to the extent they have them.**

39. Signed and dated authorizations for the release of medical records by each health care provider from whom Plaintiff has received health care and treatment for the period ten (10) years before the onset of the injury or injuries allegedly caused by exposure to contaminated water at Camp Lejeune to the present.

**RESPONSE: Plaintiffs will provide a signed and dated legally appropriate medical authorization for health care providers from whom they received health care and/or treatment for any the illnesses, diseases or conditions for which they seek compensation in their respective civil actions.**

*[Signatures Follow on Next Page]*

DATED this __19___ day of December, 2023.

| | |
|---|---|
| */s/    J. Edward Bell, III* | */s/    Zina Bash* |
| J. Edward Bell, III (admitted *pro hac vice*) | Zina Bash (admitted *pro hac vice*) |
| Bell Legal Group, LLC | Keller Postman LLC |
| 219 Ridge St. | 111 Congress Avenue, Suite 500 |
| Georgetown, SC 29440 | Austin, TX 78701 |
| Telephone: (843) 546-2408 | Telephone: 956-345-9462 |
| jeb@belllegalgroup.com | zina.bash@kellerpostman.com |
| | |
| *Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs and Government Liaison Counsel* |
| | |
| */s/    Elizabeth J. Cabraser* | */s/    W. Michael Dowling* |
| Elizabeth J. Cabraser (admitted *pro hac vice*) | W. Michael Dowling (NC Bar No. 42790) |
| Lieff Cabraser Heimann & Bernstein, LLP | The Dowling Firm PLLC |
| 275 Battery Street, 29th Floor | Post Office Box 27843 |
| San Francisco, CA 94111 | Raleigh, North Carolina 27611 |
| Telephone: (415) 956-1000 | Telephone: (919) 529-3351 |
| *ecabraser@lchb.com* | mike@dowlingfirm.com |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |
| | |
| */s/    Robin L. Greenwald* | */s/    James A. Roberts, III* |
| Robin L. Greenwald (admitted *pro hac vice*) | James A. Roberts, III |
| Weitz & Luxenberg, P.C. | Lewis & Roberts, PLLC |
| 700 Broadway | 3700 Glenwood Ave., Ste. 410 |
| New York, NY 10003 | Raleigh, NC 27612 |
| Telephone: 212-558-5802 | Telephone: (919) 981-0191 |
| rgreenwald@weitzlux.com | jar@lewis-roberts.com |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |

*/s/    Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*

17

# CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that on this day the foregoing document was served by electronic mail upon the following counsel of record for Defendant:

    Adam Bain
    Adam.Bain@usdoj.gov

    Bridget Lipscomb
    Bridget.Lipscomb@usdoj.gov

    Joseph B. Turner
    Joseph.B.Turner@usdoj.gov

This the __19___ day of December, 2023.

                                      */s/ J. Edward Bell, III*_____
                                      J. Edward Bell, III