# Exhibit E

May 23, 2023 U.S. Letter Brief, *Feindt v. United States*,
No. 1:22-cv-00397-LEK-KJM (D. Haw.)



**U.S. Department of Justice**, Civil Division

Honorable Kenneth J. Mansfield   May 23, 2023
United States Magistrate Judge
300 Ala Moana Boulevard
Honolulu, HI 96850

    Re:    *Feindt v. United States,* 1:22-cv-397-LEK-KJM - Scope of Discovery

Dear Judge Mansfield,

    The United States respectfully submits this letter brief regarding the scope of discovery that can be completed within the current case schedule. The parties met and conferred on May 16 and 19, 2023 and agreed to submit simultaneous briefs on May 23, 2023, at 5:00 p.m. HT. *See* L.R. 37.1. Fact discovery closes August 22, 2023, and trial is set for March 25, 2024.

    Since January 2023, the United States has produced nearly 250,000 pages of documents, responded to 145 Requests for Production (RFPs), and answered 12 interrogatories and 15 Requests for Admissions. The United States is also currently responding to pending requests for 25 more RFPs, 95 Rule 30(b)(6) deposition topics, and 30 fact witness depositions. Until a week ago, Plaintiffs also demanded that the United States produce "all relevant documents" from every current or former U.S. employee who may have relevant information, even though this would include over a thousand individuals and millions of documents. Such a demand (or even their more recent demand) is impossible under the current case schedule and is not "proportional to the needs of the case," Rule 26(a)(1), especially since the United States has stipulated to several elements of liability, ECF No. 98.

    The current case schedule was derived from Plaintiffs' repeated representations that this case "is not complicated" and that Plaintiffs are "ready to try this case right now." *See, e.g.*, Tr. of April 20, 2023 Hr'g 11:8-9, 12:25, 13:2-3. If that remains true, Plaintiffs' discovery demands are disproportional to the needs of the case. If, however, Plaintiffs in fact need more expansive discovery comparable to that found in other large-scale mass tort cases, then the case schedule would need to be adjusted to be commensurate with the scope of discovery. The United States has attempted to reach a practicable solution with Plaintiffs, to no avail.

Hon. Kenneth J. Mansfield
May 23, 2023
Page - 2 -

## I.  Relevant Background

On February 8, 2023, the United States responded to Plaintiffs' First Set of RFPs (Nos. 1-68). As part of that response, the United States objected to numerous requests seeking "all documents" or "all communications" on broad subjects, and asked Plaintiffs to narrow those requests by custodian. *Agerbrink v. Model Serv. LLC*, No. 14CIV7841, 2017 WL 933095, at *2 (S.D.N.Y. Mar. 8, 2017) ("Courts have long held that requests for 'any and all' documents are generally improper."). That same day, the United States produced unredacted Navy investigation reports about the 2021 spills, which would aid Plaintiffs in narrowing their requests. **For over three months**, Plaintiffs did not respond to the United States' invitations to narrow the objectionable requests. On April 19, 2023, the United States responded to Plaintiffs' Second Set of RFPs (Nos. 69-145). The United States has continued to respond to the RFPs, including producing over 228,000 pages of documents and over 14,000 pages of medical records. However, the remaining discovery responses require production of custodial data, which is why the United States has requested repeatedly that Plaintiffs engage on custodians.

On April 21, 2023, after Plaintiffs began noticing depositions of U.S. employees, Plaintiffs inquired whether the deponents' custodial files had been produced. On April 25, 2023, the United States responded that they had not, reminded Plaintiffs of its written RFP responses, and again invited Plaintiffs to engage in a process to reach agreement on custodians and search terms. The United States also reiterated that U.S. deponents would sit for depositions only once in this case, even if Plaintiffs decided to proceed with depositions before completing their custodial document discovery. *See* Rule 30(a)(2)(ii).

In response, Plaintiffs contended that: (1) the United States "is obliged to produce responsive discovery (other than email) from all witnesses known to have responsive information;" (2) if the United States did not do so before depositions, including those a week away, Plaintiffs reserve their rights to re-depose the deponents; and (3) Plaintiffs would not suggest document custodians because the United States must produce "all relevant documents, custodial files or otherwise, for all noticed deponents, all those identified in initial disclosures, and for any individual who is the subject of a particular Request for Production." May 11, 2023 Letter From K. Hermiz to E. Rey.

Faced with Plaintiffs' intransigence, the United States responded on May 15, 2023 that it was proceeding with a collection from 15 specified document

Hon. Kenneth J. Mansfield
May 23, 2023
Page - 3 -

custodians and then would test and propose search terms. On May 16, 2023, Plaintiffs countered with productions of: (1) non-email files from 25 custodians before depositions, including those days or a couple of weeks away; and (2) email files from 25 (potentially distinct) custodians before the close of fact discovery. After reviewing this proposal, the United States replied on May 18, 2023, that it was not possible within the current case schedule. The parties met and conferred again on May 19, 2023, but to no avail. Plaintiffs then provided their "priority list" of 28 custodians whose non-email files they want per their proposal above. It is unclear whether and when Plaintiffs will demand additional non-email custodians.

## II.     Argument

The parties fundamentally disagree as to the scope of discovery obligations and the time required to complete them.

First, Plaintiffs' position that the United States must provide all relevant information from all current or former U.S. employees is untenable and defies Rule 26(b)(1)'s proportionality requirement. There are more than a thousand U.S. personnel across multiple agencies who were involved in one form or another in the May 2021 or November 2021 spills at Red Hill, including the response thereto. Producing all their "relevant documents" is both not required under Fed. R. Civ. P. 26(b)(1) and impossible under the current case schedule. *McAllister v. Adecco Grp. N.A.*, No. CV 16-00447 JMS-KJM, 2017 WL 11151276, at *2 (D. Haw. Nov. 28, 2017) (under Rule 26(b)(1), "relevancy alone is insufficient to obtain discovery") (Mansfield, M.J.); *Prolo v. Blackmon*, No. CV215118JFWPVCX, 2022 WL 2189643, at *3 (C.D. Cal. Mar. 25, 2022) ("because discovery must be both relevant and proportional to the needs of the case, the right to discovery, even plainly relevant discovery, is not limitless").

Second, Plaintiffs have improperly conflated the duty to *preserve* potentially relevant information with an obligation to *produce* all relevant information and are of the mistaken impression that the United States' preservation efforts included only issuing a memo. *Griffith v. Brannick*, No. 117CV00194TWPMJD, 2019 WL 1597948, at *6 (S.D. Ind. Apr. 15, 2019) ("Defendants' duty to preserve the relevant evidence from [Redacted] is separate and distinct from the parties' duties to produce in compliance with the rules of discovery.").

This case is a good example for why these obligations are distinct because a determination of what information is relevant and proportional—and therefore

Hon. Kenneth J. Mansfield
May 23, 2023
Page - 4 -

subject to production—will necessarily evolve as the case proceeds. *See Liguria Foods, Inc. v. Griffith Lab'ys, In*c., 320 F.R.D. 168, 183 (N.D. Iowa 2017) ("a party is wrong to suppose 'that the concepts of materiality, relevancy, and discoverability are fixed rather than fluid . . . .'") (citation omitted). Indeed, the scope of discovery here has significantly narrowed since the outset of this case. Most notably, the United States has stipulated to several elements of liability, obviating the need for discovery on those elements. *Ayat v. Societe Air France*, No. C 06-1574 JSW (JL), 2008 WL 114936, at *1 (N.D. Cal. Jan. 8, 2008) ("Since Defendants no longer assert any affirmative defense to liability, discovery into this subject is no longer relevant."). In addition, Plaintiffs' recent Third Amended Complaint narrows the scope of Plaintiffs asserting medical negligence claims from all six bellwether families to just one (ECF No. 103 ¶ 280), which reduces the scope of discovery needed for this first bellwether.

Third, Plaintiffs' position that they can serve improper requests for "any and all documents" related to the Red Hill 2021 spills and then refuse to engage with the United States for months regarding custodians and search terms is unreasonable and ignores their obligation to cooperate in eDiscovery. *See* ECF No. 31 ¶ 27 ("the Parties shall meet and confer in a good faith attempt to resolve [discovery] disputes"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013) ("[t]he proper and most efficient course of action would have been agreement by [the parties] as to search terms and data custodians prior to . . . electronic document retrieval;" "[s]electing search terms and data custodians should be a matter of cooperation and transparency among parties . . .") (quoting *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 929 (N.D. Ill. 2010)); United States District Court District of Hawaii, [Model] Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation ¶ 7 ("When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the following sources and custodians . . . .").

Fourth, Plaintiffs greatly understate the time and burden required for the United States to complete Plaintiffs' requested discovery. The United States' e-discovery vendor, Deloitte, estimates that an average individual's non-email custodial files would consist of 60-150 GBs of data—*i.e.*, 1,680 – 4,200 GBs of data for Plaintiffs' "priority list" of 28 custodians. Processing this data would take approximately three weeks, and loading would take an additional 5-7 business days. Likewise, email collection for 25 custodians would entail approximately 250 GBs of data, which would similarly take 5-7 business days to process and then

- 4 -

Hon. Kenneth J. Mansfield
May 23, 2023
Page - 5 -

another 3 days to load the data to make it available for review. The parties would then need to determine appropriate search terms and validate such terms. For both sets (email and non-email), the United States also needs to review the documents for any appliable privileges, especially since Plaintiffs' custodian list includes high-ranking government officials (*e.g.*, five admirals) and medical providers who have sensitive documents that cannot be reliably screened by search terms. This review alone could take at least four months. Given that there are less than three months remaining in fact discovery and that Plaintiffs have yet to name their proposed email custodians, such a request is simply unworkable.

### III.     Proposed Solution

Fact discovery closes in this case in three months. Proportional to the needs of the case, including the existing schedule, the United States seeks the following discovery limits: (1) Plaintiffs may not serve any additional RFPs (they have served 170); (2) the United States will produce relevant email and non-email files from 5 custodians; (3) Plaintiffs are limited to 5 Rule 30(b)(6) topics; and (4) deponents cannot be re-deposed. The United States bases the 5-custodian limit on the additional information it has regarding the size of the collections and review required (*e.g.*, one deponent's shared drive alone is over 800 GBs; one relatively uninvolved deponent has over 14,000 emails responsive to basic search terms).

Discovery closer to what Plaintiffs now demand requires an extension of the case schedule. The United States estimates that it would take 6 months to complete production of custodial files for 25 custodians in response to the 170 RFPs served to date. To avoid the parties' dispute regarding re-opening depositions, the United States proposes conducting the depositions (including Rule 30(b)(6) depositions) after the completion of document discovery.

The United States remains amenable to considering alternative limitations and necessary extensions, but Plaintiffs' position that they get everything they want, on the schedule they want, without engaging in the discovery process defies the Federal Rules of Civil Procedure, caselaw, and discovery best practices.

                                                Respectfully submitted,

                                                *s/Eric Rey*

                                                Eric Rey
                                                Trial Attorney, U.S. Department of Justice