IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | **UNITED STATES' SUBMISSION FOR** |
| CAMP LEJEUNE WATER LITIGATION ) | **TRACK 3 DISEASES** |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

Counsel for the United States make this submission regarding Track 3 Disease selection pursuant to Case Management Order 2, Section XI.B.ii, which requires the parties to submit "an agreed upon group or competing groups of five additional illnesses for purposes of Track 3" within 30 days after proposing Track 2 conditions. Dkt. 23 at 12. The parties met and conferred about respective Track 3 proposals and did not reach agreement.

**United States' Proposed Diseases for Track 3.**

The United States proposes the following illnesses for Track 3:

1. The Court should select for Track 3, any of the 5 diseases which were not selected from the United States' proposed diseases for Track 2: (1) prostate cancer, (2) breast cancer, (3) lung cancer, (4) pancreatic cancer, and (5) esophageal cancer. As the United States described in the submittal for Track 2, the Agency for Toxic Substances and Disease Registry ("ATSDR") did not include these diseases within the categories of "Sufficient" or "Equipoise and Above" in its 2017 *Assessment of the Evidence* regarding connections reported in the scientific literature between chemicals detected in the Camp Lejeune water and various diseases. These diseases are prevalent in the general population cohort and are not included in the United States' Camp Lejeune Elective Option settlement program. A significant number of Camp Lejeune cases and

1

administrative claims allege that one of these diseases is related to exposure to Camp Lejeune water. Consequently, discovery and litigation on these diseases can greatly assist in the global resolution of the litigation.

2. To the extent that any of the United States' proposed diseases were selected for Track 2 and the Court wishes to select additional diseases or claims for Track 3, the United States proposes that the Court make the following selections for Track 3:

    (1) The Court should select cases that allege no specific disease related to exposure to Camp Lejeune water but claim medical monitoring as a result of an increased risk of disease. The United States understands that a significant number of administrative claims filed with the Navy seek medical monitoring without alleging any specific injury related to exposure to Camp Lejeune water. An early resolution of the issue of whether plaintiffs can maintain a medical monitoring claim without any present injury related to the Camp Lejeune water can assist with global resolution of the litigation. The United States believes that there are likely cases among the many lawsuits filed that do not allege a specific injury related to Camp Lejeune water that seek medical monitoring. PLC should identify those cases for the Court's selection.

    (2) The Court should also select the following four diseases: (1) cervical cancer; (2) miscarriage; (3) non-cardiac birth defects; (4) neurobehavioral effects.

    (3) Alternatively, the Court should defer consideration of Track 3 selections until PLC provides the Court with a list of diseases alleged in this litigation.

The United States does not have the information that is in the possession of the PLC regarding the prevalence of diseases among the plaintiff population. The United States believes that there are many CLJA cases alleging diseases that have not been identified by ATSDR as related to chemicals detected in the Camp Lejeune water. Litigation of those disease claims can assist with global resolution of the litigation.

**United States' Proposed Procedures for Track 3.**

Track 3 should be bifurcated so that general causation is adjudicated first. At the October 30, 2023, status hearing, Chief Judge Myers expressed interest in bifurcating discovery for non-Track 1 cases on general causation and determining general causation first "so that we can know where we are and if we're moving forward, before we spend a lot of attorney time and a lot of plaintiff time as well as the Government's time on individualized cases." October 30, 2023 Hr'g Tr. at 6-7. Phasing discovery to determine general causation first for cases claiming diseases where no government agency reviewing the scientific literature has found sufficient evidence of a causal link to chemicals detected in the Camp Lejeune water can limit discovery to cases where recovery is possible. *See* Manual for Complex Litigation (Fourth ed.) ("MCL") 11.422, at 54; Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass Tort MDLs* (2d ed. Sept. 2018) at 5-7 ("*Duke Best Practices*"). *See also* April 5, 2023 Hr'g Tr. at 17. The United States submits the following proposed procedure for Track 3 Diseases:

1. Within 90 days of the date of the Order, Plaintiffs shall disclose an expert opinion or opinions demonstrating that chemicals in the Camp Lejeune water are capable of causing the disease as a matter of general causation. The Plaintiffs shall supply

3

a disclosure for their experts meeting the requirements of Fed. R. Civ. P. 26(a)(2)(B).

2. Within 45 days of the Plaintiffs' disclosure, the Defendant shall disclose its expert opinions on the general causation issue.

3. Any rebuttal witness shall be disclosed within 15 days of Defendant's disclosure.

4. Expert discovery on general causation shall close within 45 days of Defendant's disclosure.

5. The Parties may take the deposition of any individual disclosed as an expert witness.

6. At the appropriate time the Court and the Parties shall discuss the schedule for submission of dispositive motions or trial on the general causation issue.

7. If general causation is established for a Track 3 disease, all Plaintiffs with that Track 3 disease must file a Short Form Complaint within 30 days of the Order unless another deadline for Short Form Complaints has been established. There shall not be an opt-out option. Within 60 days of the Order, the parties will each select 3 Plaintiffs alleging that Track 3 disease for a Track 3 Discovery and Trial Schedule. After the parties' selections, the Court will randomly select 3 additional Plaintiffs for the Track 3 disease for the Track 3 Discovery and Trial Schedule.

DATED this 27th day of December, 2023.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

4

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

ADAM BAIN
Senior Trial Counsel, Torts Branch
Environmental Torts Litigation Section


*/s/ Haroon Anwar*
HAROON ANWAR
Trial Attorney, Torts Branch
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: haroon.anwar@usdoj.gov
Telephone: (202) 305-3661
Fax: (202) 616-4473

LACRESHA A. JOHNSON
NATHAN J. BU
DANIEL C. EAGLES
ALLISON O'LEARY
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for the Defendants*
*United States of America*

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2023, a copy of the foregoing was filed via the Court's ECF system and served on counsel of record through the ECF system and can be accessed through that system.

                                                          */s/ Haroon Anwar*
                                                          HAROON ANWAR