IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | **JOINT STATUS REPORT** |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

Plaintiffs' Lead and Co-Lead Counsel ("Plaintiffs"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report pursuant to the Court's Text Order of December 11, 2023. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) are set forth below:

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to December 29, 2023, 1,476 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Fourteen cases have been dismissed; eleven of those were voluntary dismissals and the three others were pro se cases. The cases are divided as follows: Judge Dever – 365 cases; Judge Myers – 380 cases; Judge Boyle – 355 cases; and Judge Flanagan – 376 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 152,377 administrative claims on file with the Department of Navy ("Navy"). The Navy has set up a secure storage system capable of receiving personally identifiable information and substantiating documents to intake, organize, and analyze claims for purposes of making decisions on CLJA claims. The Navy has established two pathways for

1

assessing CLJA claims. Under one pathway, the Navy will receive substantiating information directly from claimants or counsel. On November 30, 2023, the Navy invited law firms to submit fully developed claims for manual review and approximately five firms are in the process of submitting claims packages under this pathway. Under the other pathway, the Navy accesses information developed through benefits determinations by the Veterans Administration ("VA"). The Navy recently entered an agreement with the VA that allows Navy personnel direct access to VA databases for purposes of obtaining information to assess CLJA claims. Navy personnel completed the training required for access to the VA database and are currently awaiting database access account creation by the VA. An update on the status of the Navy's settlement of CLJA administrative claims is included in section (5).

**(3) An update on stipulations entered into between the Parties since the last status conference**

On December 18, 2023, the United States proposed four additional stipulations since the last status conference. Plaintiffs do not agree that the United States' proposed stipulations are accurate. However, Plaintiffs believe that there is potential common ground arising from the proposed stipulations of December 18, 2023. Thus, Plaintiffs intend to propose counter-stipulations in response.

The United States has agreed to six stipulations proposed by Plaintiffs. The United States will be proposing additional stipulations based on its Answer to Plaintiffs' Master Complaint, filed on November 20, 2023. (D.E. 50). Plaintiffs are also evaluating which additional stipulations to propose in light of that Answer.

**(4) A summary of the discovery conducted since the last status conference**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**Plaintiffs' Position:**

*Electronically Stored Information*

Over the course of several meet and confers, the government has objected to the majority of Plaintiffs' Electronically Stored Information ("ESI") discovery requests and, when it has not objected, it has stated that it could take up to a year to produce the materials. Plaintiffs cannot experience further delay.[1]

As to scope, the government's argument that Plaintiffs' requests for ESI seek irrelevant materials amounts to an implicit admission by the government that the only issue in dispute is damages. To be specific, Defendant vehemently opposes discovery relating to materials underlying government agency studies and evaluations of the contamination at Camp Lejeune relating both to the fate and transport of the chemicals of concern at Camp Lejeune and the health impacts from such exposures. In light of the government's positions – that such discovery *is irrelevant to the issues to be adjudicated under the Camp Lejeune Justice Act* – Plaintiffs have decided to withdraw the entirety of their pending discovery requests for ESI. In lieu of that discovery, Plaintiffs will limit its document discovery to identified documents via a traditional document request pursuant to Rule 34. This withdrawal is without prejudice to requesting ESI at a later date if circumstances change.

---

[1] By way of background, Plaintiffs have conferred with the government regarding ESI on several occasions since their initial December 4, 2023 meeting, including most recently on December 28, 2023. This meet-and-confer process initially caused Plaintiffs to narrow their proposed list of custodians from more than 80 for the Agency for Toxic Substances and Disease Registry ("ATSDR")—Defendant's scientific agency in possession of decades of scientific data regarding exposure and causation of Plaintiffs' injuries—down to just six. Plaintiffs made similar concessions with respect to search terms. As of December 28, 2023, Plaintiffs had agreed to sixteen search terms to be applied at the agency level prior to collection. Further, the Plaintiffs agreed to limit the custodial ESI searches from January 1, 2010 to the present.

Plaintiffs' Corrected First Set of Requests for Production sought the production of certain ESI. Plaintiffs have never contended that ESI must be produced until after the mandatory meet-and-confer process set out in the ESI Protocol. (D.E. 52) However, Defendant filed a Cross-Motion for Protective Order seeking, among other things, an order barring ESI discovery until the meet and confer process concluded. Defendant's Cross-Motion for Protective Order was unnecessary and should not have been filed. In any event, Plaintiffs' above-described withdrawal of pending requests for ESI moots all portions of Defendant's Cross-Motion for Protective Order concerning ESI.

### *Corrected First Set of Requests for Production*

Plaintiffs' First Request for Production of Documents (the "First Request") was served on September 28, 2023.[2] As a result of Defendant's agonizingly slow responsive document production, Plaintiffs filed a Motion to Compel Response to First Set of Request for Production on December 14, 2023. (D.E. 81). The Court has not ruled upon the said motion. However, seemingly in response to Plaintiffs' motion, the United States has produced several categories of responsive documents during the last half of December 2023.

Defendant's limited document production in response to the First Request is concerning. For example, on December 21, 2023, Defendant informed Plaintiffs for the first time that the Government Accountability Office, which possesses substantial responsive documents, is supposedly a non-party to this litigation and will make a document production only in response to a subpoena. This position appears baseless, because the Government Accountability Office's own website—*i.e.*, a .gov website—indicates that it "is an independent agency in the legislative branch

---

[2] For purposes of correcting a few non-substantive typographical errors, the PLG served a Corrected First Set of Request for Production on October 4, 2023.

of the federal government."³ In any event, Plaintiffs could have issued a subpoena months ago had Defendant provided this basic information in a timely manner. Additionally, Defendant has repeatedly indicated, including as recently as December 21, 2023, that it has withheld substantial documents on the basis of privilege objections, but that Defendant is evaluating the merits of the privilege objections and may produce additional responsive documents. Defendant has failed to complete this review and the documents remain outstanding. Moreover, Defendant has not produced the 131 files identified by the ATSDR's Chief Records Officer, James D. Baker, Jr., concerning Camp Lejeune.

Plaintiffs respectfully contend that Defendant's delayed response to the First Request requires attention from the Court. Consistent with Plaintiffs' Motion to Compel Response to First Set of Request for Production of December 14, 2023, Plaintiffs respectfully request that the Court direct Defendant to (a) produce all documents responsive to the First Request promptly,⁴ including the index of ATSDR files related to Camp Lejeune and identified during Mr. Baker's deposition, (b) state objections, if any, to all future discovery requests within 15 days of service of the request, and (c) provide specific dates by which documents will be produced in response to the previously requested and all future discovery requests.

### *Plaintiffs' Other Discovery Requests*

Plaintiffs have served, and Defendant has recently responded to, the following document production requests: (a) Second Set of Requests for Production, (b) Third Set of Requests for Production, (c) Fourth Set of Requests for Production, and (d) Fifth Set of Requests for Production.

---

³ https://www.gao.gov/assets/2023-08/About-GAO_Brochure_2023.pdf
⁴ Plaintiffs' motion suggested December 29, 2023 as a reasonable deadline. That date has expired, and Defendant's production remains outstanding.

Plaintiffs are presently reviewing and evaluating Defendant's responses to these document production requests.

Additionally, on December 22, 2023, Plaintiffs served the following discovery requests: (a) Plaintiffs' First Set of Interrogatories to Defendant Concerning Track 1 Plaintiffs, and (b) Plaintiffs' First Set of Requests for Production to Defendant Concerning Track 1 Plaintiffs. In an effort to reduce any purported burden from these requests, Plaintiffs' discovery requests sought the absolute bare minimum of information and documents. To be specific, Plaintiffs' First Set of Interrogatories to Defendant Concerning Track 1 Plaintiffs contained only six individual interrogatory requests, and Plaintiffs' First Set of Requests for Production to Defendant Concerning Track 1 Plaintiffs contained only six individual requests for production.

### *Defendant's Contention Interrogatories and Requests for Production*

On December 5, 2023, Defendant served a First Set of Contention Interrogatories. Plaintiffs' response to the First Set of Contention Interrogatories is due on January 4, 2023, and Plaintiffs will be providing substantive responses on or before that date. However, Plaintiffs' responses are without prejudice to certain objections. Specifically, "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—*typically, at the end of the discovery period.*" *Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486 (W.D.N.C. 1998) (emphasis added). This litigation is in the beginning phases of discovery, and furthermore, Defendant has withheld numerous categories of requested documents that might be relevant to Plaintiffs' responses to Defendant's contention interrogatories. Therefore, Defendant's First Set of Contention Interrogatories may be premature and objectionable in its entirety.

6

Case 7:23-cv-00897-RJ    Document 102    Filed 01/02/24    Page 6 of 18

On December 11, 2023, Defendant served a First Set of Requests for Production to Discovery Pool Plaintiffs. Defendant's First Set of Requests for Production to Discovery Pool Plaintiffs seeks a separate response from every Track 1 Discovery Pool Plaintiff and contains 39 individual requests for production. Given that there will be 100 Track 1 Discovery Pool Plaintiffs, Defendant has functionally served 3,900 individual document production requests. Many of Defendant's document production requests seek documents that are irrelevant, documents that are already in Defendant's possession, or documents that are otherwise not discoverable. Moreover, Defendant's document production requests are particularly burdensome because all Track One Plaintiffs must complete an extensive Discovery Pool Profile Form that duplicates many portions of Defendant's document production requests.

Nonetheless, Plaintiffs served their Response to Defendant's First Set of Requests for production to Discovery Pool Plaintiffs on December 19, 2023. In their response, Plaintiffs only asserted attorney-client and work-production objections; otherwise, Plaintiffs agreed to produce all responsive documents on a rolling basis. In fact, Plaintiffs have already begun working with the Track 1 Plaintiffs (through their counsel) in an effort to collect all responsive documents.

### *Depositions*

Plaintiffs have completed depositions under Fed. R. Civ. P. 30(b)(6) of the ATSDR, the Veteran's Administration, and the United States Marine Corps. Further, Plaintiffs have noticed the depositions of two government agencies under Fed. R. Civ. P. 30(b)(6) and three facts witnesses. These deposits are scheduled to take place in January 2024.

Defendant has begun noticing the depositions of several Track One Plaintiffs. While the parties cooperated on the dates of these Track One Plaintiff depositions, Defendant unilaterally selected the locations of these depositions without input from Plaintiffs, some a substantial distance

from their homes. For instance, the DOJ demanded that a certain Track One Plaintiff's deposition take place at a U.S. Attorney's Office that is 141.7 miles from that plaintiff's residence. For any plaintiff, and in particular an elderly, ill plaintiff which is the case for most of the CLJA plaintiffs, the location is unreasonable and improper.

Case Management Order No. 3 ("CMO-3") states that the parties must "endeavor to find a *mutually agreeable location*, date, and time for each deposition." (D.E. 28, at p. 2) In light of this Court's direction in CMO-3, the parties held two meet and confer videoconferences concerning deposition locations. Plaintiffs and Defendant agreed that Defendant will give Plaintiffs a proposed location for depositions, and Plaintiffs will have 48 hours to provide feedback concerning the location.

Plaintiffs have dedicated a substantial amount of time to cooperating with Defendant on the location of depositions. Nonetheless, following the above-referenced meet and confers, Defendant has again noticed a deposition—over Plaintiffs' objection—at a location that is an unreasonable distance from the subject plaintiff's residence and is scheduled to take place at a U.S. Attorney's Office. At the next status conference, Plaintiffs would like to discuss these and related deposition location issues with the Court.

**United States' Position:**

*United States' Responses to Plaintiffs' Discovery*

As an initial matter, the United States has not objected to requests for information about contaminant levels and health impacts based on relevance. Rather, information about what the United States knew or did not know at particular times is irrelevant. The United States does not agree that this case is limited to damages. If Plaintiffs are withdrawing the entirety of their pending discovery requests for ESI based on the belief that the CLJA litigation is only about damages,

8

Case 7:23-cv-00897-RJ   Document 102   Filed 01/02/24   Page 8 of 18

Plaintiffs are mistaken. Among other things, the issues of general causation and specific causation are central to the CLJA litigation.

As of the date of this Joint Statement, Plaintiffs have served the United States with five general sets of document requests: (1) Plaintiffs' First Request for Production was served on September 28, 2023; (2) Plaintiffs' Second Request for Production was served on October 29, 2023; (3) Plaintiffs' Third Request for Production was served on November 3, 2023; (4) Plaintiffs' Fourth Request for Production was served on November 24, 2023; and (5) Plaintiffs' Fifth Request for Production was served on November 28, 2023. Collectively, Plaintiffs have served the United States with 39 document requests seeking electronic and hardcopy information and documents, including historical documents, from multiple federal government agencies spanning several decades in time, beginning August 1, 1953. The United States has provided written responses to all Requests for Production, and as is discussed below, has begun production and/or offered inspection in response to each of the Requests in Plaintiffs' First Set of Requests for Production.

On December 22, 2023, Plaintiffs served an additional set of contention Interrogatories and Requests for Production "Concerning Track 1 Discovery Pool Plaintiffs." In the Interrogatories and Requests for Production, Plaintiffs "request[] a separate response from Defendant concerning each of the Track 1 Discovery Pool Plaintiffs." The United States will formally respond to the Interrogatories and Requests for Production separately. But under Plaintiffs' theory, Plaintiffs recently served the United States with an additional 600 Requests for Production and 600 Interrogatories for both hard-copy documents and ESI.

The United States has made enormous efforts to respond in good faith and produce documents and information in a timely manner responsive to Plaintiffs' Requests. To date, the United States has produced over 500,000 files in response to Plaintiffs' Requests for Production

and directed Plaintiffs to several public repositories of documents with extensive information relevant to this litigation. This includes over 2 terabytes of data from the National Archives and Records Administration in response to just one Request for Production related to muster rolls. As is also discussed below, the United States has offered Plaintiffs the opportunity to inspect hard-copy documents that are responsive to several of their Requests for Production.

In addition to the documents already produced, the United States continues its efforts to collect and produce responsive documents and information. These efforts include working with the relevant agencies to gain access to historic documents, some of which are contained in inactive and/or decommissioned historic legacy systems. The Department of Justice, various agencies, and litigation support personnel are working every day to produce as many records as possible as quickly as possible in advance of the fact discovery deadline, which could be as soon as 90 days away.

Despite the United States' diligent efforts, Plaintiffs filed a Motion to Compel Production of Documents on December 14, 2023 (D.E. 82). The United States filed its Opposition on December 21, 2023 (D.E. 90). In its Opposition, the United States highlighted the vast overbreadth of the Requests in the First Set of Requests for Production, which the United States had also noted in its written responses and objections to the Requests. The United States argued in its Opposition that stating that it would be producing responsive documents by the end of fact discovery was entirely reasonable given the short discovery timeline and the breadth of Plaintiffs' requests, which all include requests for electronically stored information ("ESI").

Due to the breadth of the First Requests for Production, the irrelevancy of the documents sought, and the burden responding to those Requests placed on the United States, the United States also moved for a protective order to bar (1) the discovery of overly broad and irrelevant documents,

and (2) the discovery of ESI sources until the Parties complete the necessary meet and confers under the ESI Order.

### *ESI Discovery*

Pursuant to the Stipulated Order Establishing Protocol for Document Collection and Production, and beginning in early December 2023, the Parties have held numerous meet and confers regarding custodians and search terms for the collection and production of ESI that would be responsive to Plaintiffs' document requests.

The United States has maintained a list of potential custodians that the United States believes would provide the most relevant, unique ESI. Plaintiffs' list of proposed custodians has varied widely, and the United States has tried to work cooperatively with Plaintiffs to determine a list of reasonable custodians to be searched, reviewed, and produced in advance of the end of fact discovery. Because of the time and effort necessary to gather ESI data just from the United States' list of custodians, as well as the time required to respond to Plaintiffs other discovery requests, the United States filed a Motion to Amend Case Management Order No. 2 (D.E. 95), which seeks, *inter alia*, a 90-day extension of fact discovery.

On December 28, Plaintiffs indicated that they may be revising their requests for ESI searches for both custodial and non-custodial data. On January 2, Plaintiffs submitted the following proposal:

> "1.   Plaintiffs withdraw requests to have the government custodians or agencies conduct ESI searches and productions of proposed ESI search terms which are currently pending, except that information that has already been compiled and identified. (This withdrawal is related to the recent multiple 'meet & confers' on ESI).
>
> 2.   Plaintiffs withdraw the three currently pending 30-B-6 deposition notices.
>
> 3.   Plaintiffs reserve the right to make further, targeted requests for specific ESI information.

4. Plaintiffs continue to request the Government to identify the name of the Vendor and the Vendor representative who is working on obtaining the digitized muster rolls.

5. The government has agreed to three (3) in person inspections of 'document' collections and are in the process of being scheduled."

The Parties will be conducting a meet and confer on these issues on January 3, 2024.

Notably, the majority of files identified in the ATSDR index related to Camp Lejeune and during Mr. Baker's deposition constitute ESI and are subject to the ESI protocol. Hardcopy documents are being made available for inspection.[5]

***United States' Discovery to Plaintiffs***

On December 5, 2023, the United States served its First Set of Contention Interrogatories on Plaintiffs; responses are due on January 4, 2024. On December 11, 2023, the United States served its First Requests for Production of Documents on Track 1 Discovery Plaintiffs, seeking basic, threshold information about each Track 1 Discovery Plaintiff's claims, including medical records or other documents related to the alleged injuries. On December 19, 2023, Plaintiffs provided their written responses to the Requests for Production but did not produce a single responsive document from any Track 1 Discovery Plaintiff. The written responses consisted of one consolidated response on behalf of all Track 1 Discovery Plaintiffs with no individualized objections, and often simply stated that "Plaintiffs will produce on a rolling basis non-privileged documents in their possession, custody or control that are relevant and responsive to this request,

---

[5] The United States notes that the inspection of documents at the ATSDR office will be held on January 8, 2024. The inspection of documents at the Navy base in Norfolk, VA will be held on January 3, 2024. Plaintiffs have declined to review the hard copy muster rolls that are responsive to Plaintiffs' Request for Production No. 3 at this time. The United States is working diligently with the Marine Corps to retrieve and produce any previously digitized versions of these muster rolls. To that end, the United States is working to set up a call between Plaintiffs' and the Marine Corps' contractor at Dell that is working on this project.

12

to the extent they have them." The United States is preparing a letter to formally meet and confer with Plaintiffs about the deficiencies in their responses in hopes of avoiding motion practice.

The United States continues to seek identifying information, social security numbers and dates of birth, from many Plaintiffs, which are necessary to retrieve certain Plaintiff records from government agencies. Because the United States had received this information for only a relatively small number of Plaintiffs from certain Plaintiffs' counsel, on December 12, 2023, the United States filed a motion to compel this information from all Plaintiffs. On December 21, 2023, the Court granted the United States' Motion to Compel. Plaintiffs have sent some Social Security numbers and dates of birth for Plaintiffs that have filed short form complaints since that time, but the United States is still waiting for the majority of Plaintiffs' information. Per the Court's order, this information must be provided by January 10, 2024.

The United States is also waiting to receive Plaintiff record releases, VA-specific releases, and the Discovery Pool Profile Forms for a majority of Track 1 Discovery Plaintiffs. Given issues in obtaining records for individual Plaintiffs, along with issues in producing information responsive to Plaintiffs' broad discovery requests, the United States filed a motion to amend CMO-2 to allow additional time to complete discovery (D.E. 95).

As of the date of this Joint Statement, the United States has requested 31 depositions of Track 1 Discovery Plaintiffs. To date, the Parties have confirmed mutually agreeable dates for 17 Plaintiff depositions to proceed in January 2024. The United States has provided availability for the 14 pending Plaintiff deposition requests and is awaiting a response from Plaintiffs' counsel confirming dates. Plaintiffs' counsel have indicated that they will not be providing available dates for one pending Plaintiff's deposition request on the basis that the Plaintiff was ineligible and disputed in Plaintiffs' Motion to Enforce Case Management Order No. 2. (D.E. 78)

During a meet and confer on December 28, 2023, the Parties agreed that the United States will propose location for depositions, and Plaintiffs will provide feedback concerning the location in 48 hours. The United States informed the Plaintiffs that due to the limited amount of time allotted to complete the depositions, access to U.S. Attorney's Offices across the country free of charge, budgetary concerns, and safety for DOJ attorneys, the default proposed location will be the local U.S. Attorney's Office. If the Plaintiff objects to the U.S. Attorney's Office in 48 hours and provides an alternate location and a reasonable basis for the alternate location, the DOJ attorney assigned to the deposition would be reasonable in finalizing the deposition location.

**(5) Update on individual and global settlement efforts:**

As of January 2, 2024, the Torts Branch has determined that twenty-eight (28) cases in litigation meet the Elective Option ("EO") criteria through documentary verification. The case breakdown by injury includes: 9 Bladder Cancer, 8 Kidney Cancer, 4 non-Hodgkin's Lymphoma, 4 Kidney Disease, 1 Leukemia, and 2 Multiple Myeloma. Two (2) offers have been accepted by plaintiffs on cases of Bladder Cancer and Kidney Cancer ($150,000 and $300,000). Payment has been requested through the Judgement Fund. Two (2) offers were rejected by plaintiffs on cases of Bladder Cancer and Kidney Cancer. Six (6) offers have expired, including 3 cases of Kidney Cancer, 2 cases of non-Hodgkin's Lymphoma, and 1 case of Leukemia. The other eighteen (18) settlement offers are pending.

Further, the DOJ has approved offers for fifty-two (52) claimants in reliance on information provided by the Navy. Eight (8) settlement offers have been accepted. One (1) offer has been rejected. Ten (10) offers have expired, and the other thirty-three (33) offers are pending.

Payments have been sent for the eight accepted settlement offers made by the Navy, totaling $2,050,000. Four cases of Leukemia resulted in three payments of $300,000 and one

14

payment of $150,000. Two cases of Bladder Cancer resulted in payments of $300,0000 and $150,000. One case of non-Hodgkin's Lymphoma resulted in a $300,000 payment. One case of Parkinson's Disease resulted in a $250,000 payment.

The Parties have had several preliminary discussions regarding the possibility of a global resolution of claims that remain in the administrative and legal processes. The Parties continue to negotiate a resolution questionnaire and resolution roadmap. The Parties are exploring the use of a Special Master to help resolve issues regarding global settlement information and procedures and are in the process of identifying candidates for that position.

**(6) Any other issues that the parties wish to raise with the Court**

In a text Order on December 11, 2023, the Court stated: "[W]here counsel appears to be contemplating the appointment of a Settlement Master in these cases, the Court requests counsel submit names of individuals to be considered for such appointment. Counsel may include these in either of the aforementioned status reports," due December 19, 2023 and January 2, 2024. Plaintiffs have solicited recommendations from leadership counsel and are actively evaluating several candidates. Defendant has received a recommendation from the U.S. Attorney's office. In a Joint Motion for Extension of Time (D.E. 99), Plaintiffs and Defendant jointly requested that the Court grant the parties an additional two weeks, until January 16, 2024, to assess candidates, exchange names with each other, and attempt to reach agreement on submissions to the Court. The parties will make best efforts to provide proposed Settlement Master suggestions before the January 9, 2024 conference.

Section XI. A. iv. e. of the Discovery and Trial Plan section of this Court's September 26, 2023 Case Management Order No. 2 (D.E. 23) provides that "[t]he parties will complete fact discovery within 90 days of the Track 1 Order." This Track 1 Order would advance this litigation

15

toward initial bellwether trials by triggering the fact discovery and other deadlines. Therefore, the parties respectfully request that the Court enter a Track 1 Order. Plaintiffs intend to provide a proposed Track 1 Order for Defendant's consideration within the next several days, and the parties expect to submit a proposed Track 1 Order (or competing proposed Track 1 Orders) prior to the next status conference.

Finally, at the Status Conference on December 5, 2023, Magistrate Judge Jones asked that Plaintiffs provide information regarding the number of claims available to be filed for each disease proposed by Plaintiffs and Defendant for the Track 2 Discovery Pool. The information requested by Magistrate Judge Jones is below[6]. The data represents Track 2 cases that are legally eligible to be filed, but this data is approximate and does not necessarily correlate to the number of plaintiffs who are willing to serve as Track 2 Discovery Pool Plaintiffs.

| **Plaintiff's Proposed Track 2** | |
|---|---|
| Liver Cancer | 1114 |
| Multiple Myeloma | 1363 |
| Systemic Sclerosis/Scleroderma | 672 |
| Other Kidney Diseases | 6414 |
| Aplastic Anemia | 906 |

| **Defendant's Proposed Track 2** | |
|---|---|
| Prostate Cancer | 5981 |
| Breast Cancer | 1740 |
| Lung Cancer | 2394 |
| Pancreatic Cancer[7] | 243 |
| Esophageal Cancer | 1159 |

On November 27 and December 27, 2023, Plaintiffs filed certain recommendations for Track 2 and Track 3 diseases. (D.E. 58 & 97). Assuming the Court accepts Plaintiffs' recommendations, Plaintiffs anticipate filing 50-100 claims per Track 2 and Track 3 diseases, which would allow for a representative sample.

---

[6] These numbers were compiled from a number of firms involved in the litigation (members of PEC and PSC and Leadership).

[7] Plaintiffs have proposed to substitute Pancreatic Cancer with Childhood Leukemia.

DATED this 2nd day of January, 2024.

Respectfully submitted,

| | |
|---|---|
| */s/ J. Edward Bell, III* | BRIAN M. BOYNTON |
| J. Edward Bell, III (admitted *pro hac vice*) | Principal Deputy Assistant Attorney General |
| Bell Legal Group, LLC | Civil Division |
| 219 Ridge St. | |
| Georgetown, SC 29440 | J. PATRICK GLYNN |
| Telephone: (843) 546-2408 | Director, Torts Branch |
| jeb@belllegalgroup.com | Environmental Torts Litigation Section |
| *Lead Counsel for Plaintiffs* | |
| | BRIDGET BAILEY LIPSCOMB |
| */s/ Zina Bash* | Assistant Director, Torts Branch |
| Zina Bash (admitted *pro hac vice*) | Environmental Torts Litigation Section |
| Keller Postman LLC | |
| 111 Congress Avenue, Ste. 500 | */s/ Adam Bain* |
| Austin, TX 78701 | ADAM BAIN |
| Telephone: 956-345-9462 | Senior Trial Counsel, Torts Branch |
| zina.bash@kellerpostman.com | Environmental Torts Litigation Section |
| *Co-Lead Counsel for Plaintiffs* | U.S. Department of Justice |
| *and Government Liaison* | P.O. Box 340, Ben Franklin Station |
| | Washington, D.C. 20044 |
| /s/ *Robin Greenwald* | E-mail: adam.bain@usdoj.gov |
| Robin L. Greenwald (admitted *pro hac vice*) | Telephone: (202) 616-4209 |
| Weitz & Luxenberg, P.C. | |
| 700 Broadway | LACRESHA A. JOHNSON |
| New York, NY 10003 | HAROON ANWAR |
| Telephone: 212-558-5802 | DANIEL C. EAGLES |
| rgreenwald@weitzlux.com | NATHAN J. BU |
| *Co-Lead Counsel for Plaintiffs* | Trial Attorneys, Torts Branch |
| | Environmental Torts Litigation Section |
| */s/ Elizabeth Cabraser* | *Counsel for Defendant United States of America* |
| Elizabeth Cabraser (admitted *pro hac vice*) | |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | |
| 275 Battery Street, Suite 2900 | |
| San Francisco, CA 94111 | |
| Phone (415) 956-1000 | |
| ecabraser@lchb.com | |
| *Co-Lead Counsel for Plaintiffs* | |

17

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*