IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | |
| ) | **ORDER** |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

This matter is before the court on Plaintiffs' Leadership Group's ("Plaintiffs") motion to enforce Case Management Order No. 2 ("CMO 2"). [DE-78]. Plaintiffs ask the court to strike 16 ineligible plaintiffs from Defendant's revised Track 1 Discovery Pool. *See id.*; *cf.* [DE-75]. Defendant opposes the motion. [DE-83]. In addition, plaintiff counsel James Foster has sought leave to file a brief in opposition to Plaintiffs' motion. [DE-86]. Pursuant to this court's inherent powers, Federal Rules of Civil Procedure 1, 16(c)(2)(L), 42(a)(3), and CMO 2, [DE-23] at XI.A.ii, the court grants Plaintiffs' motion.

I. Background

This litigation concerns the nearly fifteen hundred individual lawsuits filed under the Camp Lejeune Justice Act ("CLJA") in this district. *See* Pub. L. No. 117-168, § 804, 135 Stat. 1759, 1802-04. With the CLJA, Congress created a new federal cause of action permitting "appropriate relief for harm that was caused by exposure to the water at Camp Lejeune" for individuals who resided, worked, or were otherwise exposed for not less than 30 days during the period between August 1, 1953, and December 31, 1987. *See id.* § 804(b). To better manage this litigation, the court solicited submissions regarding the creation of a plaintiffs' leadership structure. [DE-1]. After considering these submissions, the court appointed the Plaintiffs' Leadership Group, *see* [DE-10], and entered case management orders streamlining pretrial procedures in all CLJA cases.

*See e.g.*, [DE-23].

As part of streamlining pretrial procedures, the court is phasing this litigation into separate "Tracks." [DE-23] at 8. Each Track comprises several different illnesses and proceeds on its own pretrial timeline. The court established the Track 1 illnesses in CMO 2, specifically (1) bladder cancer, (2) kidney cancer, (3) leukemia, (4) Parkinson's disease, and (5) non-Hodgkin's lymphoma ("Track 1 Illnesses"). The parties were ordered to submit 20 plaintiffs for Track 1 Illnesses by December 5, 2023. [DE-23] at XI.A.iii.a. Together, these 100 plaintiffs will comprise the Track 1 Discovery Pool. *Id*. at XI.A.

In order for to be eligible for the Track 1 Discovery Pool, a plaintiff "(1) must have filed his or her Short Form complaint within 30 days of the filing of the Master Complaint [November 6, 2023]; and (2) not opted out of the Discovery Pool . . . ." *Id*. at XI.A.ii.a. The court described the opt-out procedures as follows:

> Plaintiffs' Leadership is responsible for overseeing and directing the discovery and trials of Plaintiffs who are selected for early discovery and trial pursuant to this Order. If any Plaintiff chooses not to proceed in a manner consistent with this Order, such individual Plaintiffs may remove themselves from consideration of selection into the Discovery Pool by notifying Plaintiffs' Leadership and counsel for the United States within 30 days of the filing of the Master Complaint [November 6, 2023].

*Id*. at XI.A.ii.b.

The parties jointly submitted 100 Track 1 Discovery Pool Plaintiffs on December 5, 2023. [DE-69]. Post-submission, Plaintiffs informed Defendant that 29 of its selections were ineligible because they had filed Short Form complaints after the November 6, 2023 deadline. [DE-79] at 1. That same day, plaintiff counsel James Foster emailed Plaintiffs' Leadership Group and counsel for Defendant informing them that 56 of his clients wished to "opt . . . back in for Track 1 [Discovery Pool] consideration." [DE-78-4] at 2 ("Foster Email"). The parties dispute whether the Foster Email made Mr. Foster's 56 clients re-eligible for the Track 1 Discovery Pool.

2

On December 11, 2023, Defendant filed a revised Track 1 Discovery Pool selection. [DE-79]. In its amended selection, Defendant removed the 29 ineligible selections and replaced them in part with 16 of Mr. Foster's previously opted-out clients ("Opt-Out Selections"). [DE-75]. Plaintiffs filed the instant motion to strike the Opt-Out Selections from Defendant's revised selection. [DE-78]. Mr. Foster has also moved for leave to file a brief in opposition to Plaintiffs' motion. [DE-86].

II. Discussion

A. The Opt-Out Provision and Court's Inherent Powers

The court entered CMO 2 pursuant to its inherent powers "to manage its own affairs and achieve the orderly and expeditious disposition of cases" as well as Federal Rules of Civil Procedure 1, 16(c)(2)(L), and 42(a)(3). *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Rule 1 states that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 16(c)(2)(L) authorizes the court to "adopt[] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Fed. R. Civ. P. 16(c)(2)(L). As the Committee Note states, Rule 16(c)(2) authorizes courts to use "special pretrial procedures to expedite the adjudication of potentially difficult or protracted cases . . . . No particular techniques have been described; the Committee felt that experience and flexibility are the keys to efficient management of complex cases." Advisory Committee's 1983 Notes to Fed. R. Civ. P. 16(c). Federal Rule of Civil Procedure 42(a)(3) states that "[i]f actions before the court involve a common question of law or fact," the court "may . . . issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3).

With these powers and responsibilities in mind, the court determined that "staging discovery and trials by 'track' of illnesses is the most efficient way to advance the CLJA litigation and support a global resolution of CLJA claims." [DE-23] at 8. The court was also considerate of individuals who did not want to participate in streamlined pretrial procedures. Thus, the court allowed plaintiffs otherwise eligible for the Track 1 Discovery Pool to "remove themselves from consideration . . . by notifying Plaintiffs' Leadership and counsel for the United States [by November 6, 2023]." *Id*. at XI.A.ii.b ("Opt-Out Option").

The court did not contemplate plaintiffs opting back into consideration for the Track 1 Discovery Pool after exercising the Opt-Out Option. First, there is no explicit language in CMO 2, or any other applicable order, allowing plaintiffs to renege and opt back in after using the Opt-Out Option. Nor does the language of the Opt-Out Option provision create an implicit allowance to opt back in. The Opt-Out Option is first and foremost, optional: "Plaintiffs *may* remove themselves from consideration . . . ." *Id*. (emphasis added). Plaintiffs trigger the option by "notifying Plaintiffs' Leadership and counsel for the United States" on or before November 6, 2023 that they are "remov[ing] themselves from consideration of selection into the Discovery Pool". *Id*. If plaintiffs do so, they are "remove[d] . . . from consideration." Whether plaintiffs used the Opt-Out Option on November 6, 2023 or before is irrelevant to the effect of the opt-out. Once the Opt-Out Option is exercised, plaintiffs are "remove[d] from consideration" and thus ineligible for the Track 1 Discovery Pool.

The court is cognizant of Defendant's concerns about Discovery Pool representativeness. *See generally* [DE-83]. For example, Defendant points out that plaintiffs eligible for the Track 1 Discovery Pool had, on average, more than a year of additional exposure to water at Camp Lejeune than plaintiffs who opted out. *Id*. at 6; [DE-83-3]. The court maintains that proceeding with a

4

Case 7:23-cv-00897-RJ   Document 116   Filed 01/19/24   Page 4 of 6

Discovery Pool and early trials that are representative of the universe of CLJA claimants remains paramount to eventual global resolution of this litigation. However, the court cannot force claimants who have already exhausted their administrative claims with the Department of Navy to initiate federal litigation. *See* Pub. L. No. 117–168, § 804(h); 28 U.S.C. § 2675. Ultimately, those plaintiffs who choose to file federal lawsuits in this district and participate in current consolidated pretrial procedures are self-selecting.

This reading is consistent with the court's power to manage its own affairs and achieve the orderly and expeditious disposition of cases, as well as its responsibilities under the Federal Rules. *Link*, 370 U.S. at 630-31. The Opt-Out Provision exists to allow plaintiffs who do not want to participate in consolidated Track 1 pretrial procedures to remove themselves from those procedures. It does not allow plaintiffs the opportunity to continuously reevaluate their Discovery Pool eligibility. Such continued reevaluation defeats the purpose of a case management order intended to streamline and expedite this litigation.[1]

B.  The Opt-Out Selections are Removed from Consideration

The Opt-Out Selections all exercised the Opt-Out Provision via Mr. Foster's November 5, 2023 email. [DE-78-3]. In his email, Mr. Foster writes that he "hereby opt[s] out the following cases from consideration of Selection for the Track 1 Discovery Pool" and proceeds to list out 56 of his clients. *Id*. at 2-4. Mr. Foster addressed the email to representatives of Plaintiffs' Leadership Group as well as counsel for the Defendant. *Id*. at 3. Mr. Foster met the requirements of the Opt-Out Provision and successfully removed his 56 clients from consideration for the Track 1 Discovery Pool.

---

[1] The court is aware that Defendant has proposed several amendments to CMO 2 in a separate motion, including removal of the "Opt-Out Provision" for future Tracks. [DE-95]. That motion is not yet ripe for adjudication.

Accordingly, the Opt-Out Selections were made ineligible for the Track 1 Discovery Pool as of November 5, 2023. *See supra* II.A. Defendant may not now include any Opt-Out Selections in its revised Track 1 Discovery Pool selections. [DE-75].

III. Conclusion

For the foregoing reasons, Plaintiffs' motion for enforcement of CMO 2, [DE-78], is GRANTED. Plaintiffs who previously opted out of consideration for the Track 1 Discovery Pool are ineligible for selection. Mr. Foster's motion for leave to file, [DE-86], is DENIED as moot. In accordance with this holding, Defendant SHALL SUBMIT a second notice of revised Track 1 Discovery Plaintiffs selection within seven days from the entry of this order.

SO ORDERED. This *18* day of January, 2024.

RICHARD E. MYERS II
Chief United States District Judge

TERRENCE W. BOYLE
United States District Judge

LOUISE W. FLANAGAN
United States District Judge

JAMES C. DEVER III
United States District Judge

6

Case 7:23-cv-00897-RJ  Document 116  Filed 01/19/24  Page 6 of 6