UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

**IN RE:**

**CAMP LEJEUNE WATER LITIGATION**

**This Document Relates to:**

| | |
|---|---|
| 7:23-CV-00569-BO; | 7:23-CV-01482-BO |
| 7:23-CV-00096-BO; | 7:23-CV-00885-BO |
| 7:23-CV-00742-BO; | 7:23-CV-01534-BO |
| 7:23-CV-00277-BO; | 7:23-CV-01058-BO |
| 7:23-CV-01044-BO; | 7:23-CV-00899-BO |
| 7:23-CV-01553-BO; | 7:23-CV-00242-BO |
| 7:23-CV-01529-BO; | 7:23-CV-01528-BO |
| 7:23-CV-00280-BO; | 7:23-CV-00957-BO |
| 7:23-CV-00043-BO; | 7:23-CV-00063-BO |
| 7:23-CV-01458-BO; | 7:23-CV-00905-BO |
| 7:23-CV-01173-BO; | 7:23-CV-01551-BO |
| 7:23-CV-01368-BO; | 7:23-CV-00894-BO |
| 7:23-CV-00023-BO; | 7:23-CV-01031-BO |
| 7:23-CV-01586-BO; | 7:23-CV-00535-BO |
| 4:23-CV-00062-BO; | 7:23-CV-00452-BO |
| | 7:23-CV-01310-BO |

# PLAINTIFF LEADERSHIP GROUP'S RULE 16 STATEMENT

This Court ordered a hearing to be held in the above-listed Track 1 cases, to inquire as to the prospect of intermediate settlement in these cases. The Plaintiff Leadership Group ("PLG") respectfully submits this pretrial statement under Fed. R. Civ. P. 16(a) and (c) to bring to the Court's attention matters and issues as to which expedited judicial determination will inform the parties' settlement positions in individual cases and promote more comprehensive resolution of this litigation. This Statement and the proposals herein are submitted with respect to those cases in the caption above, which remain in the Track 1 Discovery Pool pursuant to the Court's January 19, 2024 Order [Dkt. 116].

This Court has consistently invoked Rule 1 to stress the need for the just, speedy, and inexpensive adjudication of the thousands of cases and claims that comprise the Camp Lejeune Litigation and noted Rule 16's and Rule 42's utility in implementing Rule 1's goals. Most recently, in its January 19, 2024 Order [Dkt. 116], the Court re-emphasized both its own inherent authority, and the parties' corresponding responsibilities, to apply these Rules flexibly and proactively in adopting procedures that avoid unnecessary cost and delay, expressly citing Rules 16(a), 16 (c)(2), and 42 (a)(3). These Rules provide a detailed template for achieving the goals of this Litigation through active pretrial case management, and pretrial determinations that discourage wasteful and unnecessary pretrial activities, improve the quality of trials, and facilitate settlement.

Rule 16(c)(2)(A), (C), (D), and (E) authorize the Court to simplify the issues pending before it, to use the admissions of the government's own studies to eliminate the need for additional, unnecessary proof, and to limit the use of expert testimony. These techniques are especially relevant—and needed—in this litigation, where tens of thousands of veterans have

waited decades for justice.

Toward the same end, on January 15, 2024, the PLG filed a Motion for Partial Summary Judgment on the question of proof of causation under the Camp Lejeune Justice Act ("CLJA") [D.E. 111]. At its core, the motion argues that the CLJA sets out a method for Plaintiffs to establish causation that deviates from the norm under the common law of torts and, in particular, eliminates the need for establishing specific causation. Instead, the CLJA requires only a statutorily defined exposure (30-day presence on base) and general causation (a relationship between disease and the water at Camp Lejeune that is at least as likely as not causal).

The DOJ's response to the PLG's motion is not yet due, and the PLG does not expect an immediate ruling. However, the PLG notes that Rule 16(c)(2)(E) enables the Court to determine "the appropriateness and timing of summary adjudication under Rule 56," and given the significant impact on this litigation, urges the Court to consider an expedited briefing schedule. A ruling in Plaintiffs' favor would save thousands of hours on expert discovery and millions of dollars on experts themselves, and, as mentioned above, would materially shorten the duration of each trial.

Other provisions of Rule 16(c)(2), notably subsections (L), (M), (N), and (O), further enable the Court to promote efficiency and cost-savings by, for example, expediting trials and otherwise providing the parties with predictability as to trial structure and timing. The Court may also set multi-plaintiff trials pursuant to Rule 42. As the Fourth Circuit stated in approving the use of multi-plaintiff trials in a complex multi-district litigation, "[b]oth plaintiffs and defendants benefit from lessened litigation costs and the reduced need for expert testimony. Witnesses benefit from reduced demands on their time by limiting the need for them to provide repetitive testimony. The community as a whole benefits from reduced demands on its resources, including

3

reduced demands for jurors. The judicial system benefits from the freedom consolidation affords judges to conscientiously resolve other pending cases." *Campbell v. Boston Scientific Co.*, 882 F.3d 70, 76 (4th Cir. 2018). These benefits are pronounced in this litigation, where—unlike in ordinary MDLs—trials are limited to a single District and, in turn, a single jury pool. The resources are scarce and using every available tool to conserve them—consistent with the CLJA and the Federal Rules of Civil Procedure—is imperative.

Invoking Rule 16 in these ways will also advance settlement discussions both by giving the parties more information about the alternative to settling before trial, and by producing more trial outcomes sooner with less expense.

In light of the above, the PLG respectfully requests the Court's consideration of the following proposal for discussion at the January 24, 2024 hearing. The proposal's objective is to set the above-captioned case for trial in short order, and thereby get to trials expeditiously while prompting settlement discussions in the shadow of those trials. The proposal is based on the following understanding of the Track 1 cases in the caption—the list includes:

- Five (5) Plaintiffs diagnosed with non-Hodgkin lymphoma (NHL);
- Six (6) Plaintiffs diagnosed with bladder cancer;
- Eight (8) Plaintiffs are diagnosed with kidney cancer;
- Five (5) Plaintiffs are diagnosed with Parkinson's disease; and
- Five (5) Plaintiffs are diagnosed with leukemia.

**PRETRIAL AND TRIAL PROPOSAL**

1. The PLG requests that the Court consider consolidating the cases for trial by disease. Using this efficient method of docket management, the Court would be able to resolve all Track 1 cases pending before it with only five trials. The proposal is designed to ease the

burden on the Court's calendar, as no trial will be more than eight Plaintiffs and because most causation issues could be resolved pretrial. The PLG's streamlined approach would therefore enable all of the selected Track 1 Plaintiffs' trials to be completed in substantially less time than if each were tried individually.

2.  The PLG also requests that the Court consider pretrial procedures that would include a directive that causation is presumed for Track 1 diseases based on the 2017 ATSDR Report. ATSDR, Assessment of the Evidence for the Drinking Water Contaminants at Camp Lejeune and Specific Cancers and Other Diseases, at 2 (2017), https://www.atsdr.cdc.gov/sites/lejeune/docs/atsdr_summary_of_the_evidence_for_causality_tce_pce-508.pdf. In other words, this approach would recognize that there is no dispute that the chemicals in the water at Camp Lejeune – benzene, TCE, PCE, and vinyl chloride -- can cause the Track 1 diseases provided a Plaintiff resided at Camp Lejeune for 30 days or more during the relevant time-period because the United States, the author of the ATSDR Report, reached that conclusion already. Such a presumption would further reduce the burden on the Court and result in earlier trials because it would dispense with the need for the Court to rule on Track 1 causation *Daubert* motions.

3.  Similarly, the PLG asks the Court to consider pretrial procedures to include a directive that the ATSDR assessment regarding the chemicals in the water at Camp Lejeune during the relevant time-period -- benzene, TCE, PCE, and vinyl chloride – as well as the concentrations of those chemicals during the relevant time-period, are presumed for Track 1 cases and, in fact, for all CLJA cases. ATSDR, Assessment of the Evidence for the Drinking Water Contaminants at Camp Lejeune and Specific Cancers and Other Diseases, at 2 (2017), https://www.atsdr.cdc.gov/sites/lejeune/docs/atsdr_summary_of_the_evidence_for_causality_tce

[pce-508.pdf](_pce-508.pdf).  In other words, there would be no dispute at trial that these chemicals were in the water at Camp Lejeune during the relevant time-period at least at the concentration identified by the ATSDR Water Report because the United States, the author of the ATSDR Water Report, reached those conclusions already. Such a presumption would further reduce the burden on the Court and result in earlier trials because it dispenses with the need for the Court to rule on ***Daubert*** motions relating to the ATSDR water model.

    b.  NHL

Plaintiffs estimate that all five (5) Plaintiffs could be tried in seven (7) trial days. Subject to the Court's calendar, the trial could begin within 60 days of the close of fact discovery for the discovery plaintiffs.

    c.  Bladder Cancer

Plaintiffs estimate that all six (6) Plaintiffs could be tried in six (6) trial days. The trial could begin any time after the first trial depending on the Court's availability.

    c.  Kidney cancer

Plaintiffs estimate that all eight (8) Plaintiffs could be tried in eight (8) trial days. The trial could begin any time after the second trial depending on the Court's availability.

    d.  Parkinson's Disease

Plaintiffs estimate that all five Plaintiffs could be tried in seven (7) days. Trials for this disease in particular are expected to take longer, even for Scenario 1, given Parkinson disease's unique, complex, and extraordinary damages. The trial could begin any time after the third trial depending on the Court's availability.

    e.  Leukemia

Plaintiffs estimate that all five Plaintiffs could be tried in five (5) days. The trial could

begin any time after the fourth trial depending on the Court's availability.

Plaintiffs believe that this Rule 16 proposal would incentivize the parties to more quickly resolve more cases, either by incentivizing resolutions through settlement or by expediting trials.

Respectfully submitted,

/s/ J. Edward Bell
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge Street
Georgetown, SC 29440
Phone (843) 546-2408
Fax (843) 546-9604
jeb@belllegalgroup.com
*Lead Counsel*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue
Suite 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel and Government Liaison*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP 275 Battery Street, Suite 2900
San Francisco, CA 94111 Phone (415) 956-1000
Fax (415) 956-1008
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ John. F. Bash
John F. Bash (admitted *pro hac vice*) Quinn Emanuel Urquhart & Sullivan LLP
300 W. 6th St., Suite 2010
Austin, TX 78701
Phone (737) 667-6100
johnbash@quinnemanuel.com
*Member, Plaintiffs' Executive Committee Co-Chair, Law and Briefing Subcommittee*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
Fax: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
Fax: 704-633-9434
*Co-Lead Counsel*

7

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, a copy of the foregoing document was served on all counsel of record by operation of the court's electronic filing system and can be accessed through that system.

 /s/ J. Edward Bell  
J. Edward Bell III