UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: CAMP LEJEUNE WATER LITIGATION** | |
| **This Document Relates to:** | |
| 7:23-CV-00569-BO; | 7:23-CV-01482-BO |
| 7:23-CV-00096-BO; | 7:23-CV-00885-BO |
| 7:23-CV-00742-BO; | 7:23-CV-01534-BO |
| 7:23-CV-00277-BO; | 7:23-CV-01058-BO |
| 7:23-CV-01044-BO; | 7:23-CV-00899-BO |
| 7:23-CV-01553-BO; | 7:23-CV-00242-BO |
| 7:23-CV-01529-BO; | 7:23-CV-01528-BO |
| 7:23-CV-00280-BO; | 7:23-CV-00957-BO |
| 7:23-CV-00043-BO; | 7:23-CV-00063-BO |
| 7:23-CV-01458-BO; | 7:23-CV-00905-BO |
| 7:23-CV-01173-BO; | 7:23-CV-01551-BO |
| 7:23-CV-01368-BO; | 7:23-CV-00894-BO |
| 7:23-CV-00023-BO; | 7:23-CV-01031-BO |
| 7:23-CV-01586-BO; | 7:23-CV-00535-BO |
| 4:23-CV-00062-BO; | 7:23-CV-00452-BO |
| | 7:23-CV-01310-BO |

**PLAINTIFFS' LEADERSHIP GROUP'S REPLY TO UNITED STATES' RESPONSE TO PLAINTIFFS' LEADERSHIP GROUP'S RULE 16 STATEMENT**

Congress created a unique statute in the Camp Lejeune Justice Act ("CLJA"), as required by the circumstances prompting its enactment. Hundreds of thousands of Marines and family members were poisoned by the water on Camp Lejeune over a period of 34 years that began more than 70 years ago. The Plaintiffs' Leadership Group ("PLG") believes that the statute itself evinces an intent to expedite these cases relative to ordinary environmental-tort cases brought under the common law, and—consistent with that intent—the PLG's Rule 16 Statement proposes case-management procedures that will similarly result in an expeditious resolution of individual trials and, eventually, a global resolution.

1

*Meet and confer.* It is true that the PLG did not meet and confer with Defendant United States immediately before filing its Rule 16 Statement, but the PLG had previously discussed the issues raised in the Statement with Defendant on numerous occasions. Both parties were aware of each other's positions. And as Defendant stated in its response, if the parties had conferred, Defendant would simply have told the PLG that none of these requests were proper because they required amendments to CMO-2. That is incorrect. CMO-2 itself directs that any Order by a Judge of this District will supersede CMO-2. And, of course, even without that statement in CMO-2, each Judge in this district retains the inherent authority to manage the cases before him or her.

*On the substance.* Each proposal made by the PLG in its Rule 16 Statement is proper under both the CLJA and the Federal Rules of Civil Procedure. As discussed in the Statement and previous briefing, the PLG's view is that the CLJA dictates a particular rule for establishing causation that differs from ordinary rules of causation under state common law. A ruling on what the CLJA requires in terms of causation will dramatically alter the way the parties prepare for trials, deploy resources, and otherwise negotiate various issues. Given the importance and urgency of the question, the Court would be within its right to expedite briefing. As to the PLG's recommendation of multi-plaintiff trials, the PLG proposes this approach to generate more jury damages determinations in less time and at lower cost, again, to expedite resolution—the common goal of Congress, the parties, and the Court. And with regard to the PLG's suggestion that Plaintiffs could be ready for trial as early as 60 days after the close of fact discovery, the PLG was responding to the need for a speedy resolution of CLJA cases. The PLG's proposal does not "conflict" with CMO-2. Rather, it recognizes that cases are not resolving within the

2

Case 7:23-cv-00897-RJ   Document 120   Filed 01/24/24   Page 2 of 6

time this Court might have contemplated, and it recognizes that each Judge preserved the right to propose case-management schedules in accordance with his or her preferences.

***Defendant's statements regarding Lead Counsel.*** Defendant seeks to divert the Court's attention from the issues in the PLG's Rule 16 Statement by criticizing Lead Counsel, Ed Bell. Defendant states, "[w]hile many plaintiffs have accepted the United States' Elective Option ("EO") settlement offers, Plaintiffs' Lead Counsel has stated to the Court that his clients will not accept EO settlements given the government's position on attorneys' fees. D.E. 44-2 at 39:9-21 ("I'm not going to do it.")." [D.E. at Pg. 5] That takes Mr. Bell's comments out of context. Here is the relevant statement, in full:

> What makes it interesting, Judge -- and I think it's something that, to me, is ethically controlling -- is when you have an Elective Option, that they're making offers which they have admitted is drastically reduced offers -- they've admitted that. That doesn't bother me so much. We can handle that. But in order to accept the offer, the lawyer has to sign an agreement that this is being made under the Federal Tort Claims Act. Which I think is wrong. I think that's illegal. I think it's improper, and I'm not going to do it. Because this is what we fought this case all about. This is why Congress said we're not going to do it.
> If you fill in the gaps like they talk about, what they're doing is just bringing into play what they've for 12 years told these courts was not in play. And I would be surprised if -- if Congress knew at the time they were drafting this bill that this would bring it back under what the Government had already said didn't apply. So I just bring that up to Your Honor.

D.E. 44-2 at 39:9-25 and 40:1-3.

The transcript makes it clear that Mr. Bell was referring to Defendant's attempt to import the Federal Tort Claims Act ("FTCA") into the CLJA. It was the FTCA that resulted in tens of thousands of claims by Marines being dismissed over a decade ago; it was the deficiencies in the FTCA's ability to offer relief to these Marines that prompted Congress to enact the CLJA. Mr. Bell was simply stating the position that the PLG has previously briefed: That he would not accept Defendant's attempt to import the FTCA's rules and standards into the CLJA. *See*

3

Plaintiffs' Motion for Partial Summary Judgment and Memorandum in Support [D.E. 41 and 42].[1]

The PLG reiterates the principal point of its Rule 16 Statement: If, as appears to be the case, damages verdicts are essential to the universal goal of achieving just resolutions for as many claimants as possible as quickly as possible, then trials should proceed on the most expeditious and economical bases allowed by the CLJA and the Federal Rules of Civil Procedure, and approved by the Court.

Respectfully submitted, this 24th day of January, 2024,

/s/ *J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ *Zina Bash*
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: (956) 345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel and Government Liaison*

/s/ *Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel*

/s/ *W. Michael Dowling*
W. Michael Dowling (N.C. Bar No.: 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, NC 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel*

/s/ *Robin Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: (212) 558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel*

/s/ *James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619
Telephone: (919) 981-0191
jar@lewis-roberts.com
*Co-Lead Counsel*

---

[1] The PLG also notes that the government's public disclosure of deposition testimony is in violation of CMO-6, the Parties Stipulated Protective Order. Dkt. # 36.

/s/ *Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144
Telephone: (704) 633-5244
mwallace@wallacegraham.com
*Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that the foregoing document was electronically filed on the Court's CM/ECF system on this date, and that all counsel of record will be served with notice of the said filing via the CM/ECF system.

This the 24th day of January, 2024.

                                                 */s/ J. Edward Bell, III*
                                                 J. Edward Bell, III