IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| THIS PLEADING RELATES TO: | ) |
| ALL CASES | ) |

**PLAINTIFFS' LEADERSHIP GROUP'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION TO RESPOND TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Plaintiffs' Leadership Group ("PLG") opposes the government's Motion for Extension to Respond to the PLG's Motion for Partial Summary Judgment (the "Motion") for one reason: these cases need to be resolved as quickly as possible, and resolution of the PLG's summary judgment motion will govern the course of discovery and how cases will be tried. [D.E. 121]. In support of this opposition, the PLG says as follows:

On several prior occasions, the PLG has agreed to extensions of time requested by the government on other deadlines. Most recently, on January 22, 2024, the government requested that the PLG agree to an extension of time of two weeks on the government's deadline to respond to the PLG's Motion for Partial Summary Judgment on the Issue of Specific Causation (the "Partial SJ Motion"). [D.E. 110]. The PLG responded that it could not consent to an extension due to the urgency of resolving the Partial SJ Motion.

During the hearing before Judge Boyle on January 24, 2024, the PLG repeatedly articulated its position that Camp Lejeune Justice Act ("CLJA") civil actions should be set for trial as quickly as possible. Indeed, the Court has repeatedly stated that CLJA civil actions must be litigated expeditiously. For example, in Case Management Order No. 2, the Court established a series of

discovery deadlines and made clear that it "expects the Parties to conduct discovery efficiently" and for the first trials to be held in 2024. [D.E. 23, at § XI].

The Court has expressed that CLJA civil actions must be handled efficiently because of the volume of such civil actions and the need to avoid litigation lasting for the life of the Roman Empire. *E.g.*, [Tr. of 4/5/23 Hr'g, at p 8:21]. The Court's goal is laudable and the PLG certainly agrees. However, there is another pressing need for expedience: the contamination at Camp Lejeune dates back to at least 1953, Marines and their families have been waiting decades for justice, and in many cases, clients who were poisoned by the government are literally dying. The delay of justice must stop. It's the PLG's job to clear the government's repeated roadblocks to justice.

As discussed with Judge Boyle on January 24, 2024, a decision on the PLG's Partial SJ Motion is necessary prior to holding trials, and holding trials is necessary before this CLJA litigation can be resolved. With these facts in mind, the PLG considered the need for professional courtesy but that consideration is outweighed by the need to resolve substantive motions without unnecessary delay. It should be emphasized that the PLG's Partial SJ Motion is a pure issue of law, requires no litigation over the possible existence of factual disputes, and can therefore be efficiently briefed.

The PLG will always grant professional courtesies where such courtesies do not cause undue prejudice to those injured by the poisoned water at Camp Lejeune. However, in the present context, a decision on the PLG's Partial SJ Motion is an essential stepping stone toward the

resolution or trial of CLJA claims. Hence, the government's requested extension should be denied.[1]

*[Signatures Follow on Next Page]*

---

[1] In a footnote, the government's Motion criticized the PLG for not scheduling a meet and confer concerning the Partial SJ Motion. The PLG acknowledges the provisions of Case Management Order No. 2 indicating that parties should meet and confer prior to motions raising global issues, and the PLG will certainly follow this mandate. It is important to note, however, that a meet and confer on the PLG's Partial SJ Motion could never have resulted in any sort of agreement and is completely irrelevant to the government's request for an extension of time. Perhaps for these reasons, the government's gratuitous criticism was relegated to a footnote.

Respectfully submitted this 27th day of January, 2024.

| | |
|---|---|
| */s/ J. Edward Bell, III* | */s/ Zina Bash* |
| J. Edward Bell, III (admitted *pro hac vice*) | Zina Bash (admitted *pro hac vice*) |
| Bell Legal Group, LLC | Keller Postman LLC |
| 219 Ridge St. | 111 Congress Avenue, Suite 500 |
| Georgetown, SC 29440 | Austin, TX 78701 |
| Telephone: (843) 546-2408 | Telephone: 956-345-9462 |
| jeb@belllegalgroup.com | zina.bash@kellerpostman.com |
| | |
| *Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs and Government Liaison Counsel* |
| | |
| */s/ Elizabeth J. Cabraser* | */s/ W. Michael Dowling* |
| Elizabeth J. Cabraser (admitted *pro hac vice*) | W. Michael Dowling (NC Bar No. 42790) |
| Lieff Cabraser Heimann & Bernstein, LLP | The Dowling Firm PLLC |
| 275 Battery Street, 29th Floor | Post Office Box 27843 |
| San Francisco, CA 94111 | Raleigh, North Carolina 27611 |
| Telephone: (415) 956-1000 | Telephone: (919) 529-3351 |
| ecabraser@lchb.com | mike@dowlingfirm.com |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |
| | |
| */s/ Robin L. Greenwald* | */s/ James A. Roberts, III* |
| Robin L. Greenwald (admitted *pro hac vice*) | James A. Roberts, III |
| Weitz & Luxenberg, P.C. | Lewis & Roberts, PLLC |
| 700 Broadway | 3700 Glenwood Ave., Ste. 410 |
| New York, NY 10003 | Raleigh, NC 27612 |
| Telephone: 212-558-5802 | Telephone: (919) 981-0191 |
| rgreenwald@weitzlux.com | jar@lewis-roberts.com |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that the foregoing document was electronically filed on the Court's CM/ECF system on this date, and that all counsel of record will be served with notice of the said filing via the CM/ECF system.

This the 27th day of January, 2024.

*/s/ J. Edward Bell, III*
J. Edward Bell, III