IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report pursuant to the Court's Minute Entry of January 23, 2024. [D.E. 118]. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) are set forth below:

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to January 30, 2024, 1,492 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Fifteen cases have been dismissed; twelve of those were voluntary dismissals and the three others were pro se cases. The cases are divided as follows: Judge Dever – 368 cases; Judge Myers – 384 cases; Judge Boyle – 359 cases; and Judge Flanagan – 381 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 164,136 administrative claims on file with the Department of Navy ("Navy"). The Navy has set up a secure storage system capable of receiving personally identifiable information and substantiating documents to intake, organize, and analyze claims for purposes of making decisions on CLJA claims. The Navy continues to utilize two pathways for

1

assessing CLJA claims. Under one pathway, the Navy invited law firms to submit fully developed claims for manual review and approximately 15 firms are in the process of submitting claims packages under this pathway. Under the other pathway, the Navy accesses information developed through benefits determinations by the Veterans Administration ("VA") to substantiate CLJA claims and attempt to settle as many of those claims as possible. The Navy is on track to have direct access to the VA database in February. During the week of January 29, 2024, the Navy is inviting the first eight law firms based on chronological order of bulk-filed claims into the new Claims Management System to validate existing claims data and begin uploading substantiation directly into the claims management system. Once the initial eight law firms are in the system validating their claims data, the Navy will phase in additional claimants and open claims filing in the system to the public over the coming months. The Director of the Department of Navy Camp Lejeune Claims Unit is expected to attend the February 6, 2024, conference to answer any questions the Court has about the claims system.

**(3) An update on stipulations entered into between the Parties since the last status conference**

On December 18, 2023, the United States proposed four additional stipulations since the last status conference. The PLG does not agree that the United States' proposed stipulations are accurate. However, the PLG believes that there is potential common ground arising from the proposed stipulations of December 18, 2023. Thus, the PLG intends to propose counter-stipulations in response.

The United States has agreed to six stipulations proposed by the PLG. The United States will be proposing additional stipulations based on its Answer to the PLG's Master Complaint, filed on November 20, 2023. (D.E. 50). The PLG is also evaluating which additional stipulations to propose in light of that Answer.

**(4) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to believe that discovery is progressing reasonably well and that the Parties are on track to meet the deadlines set forth in Case Management Order No. 2.

During prior Status Conferences, the Parties have discussed the PLG's Motion to Compel Document Production in Response to Corrected First Set of Request for Production [D.E. 81] and the government's Cross-Motion for Protective Order. [D.E. 93]. In an effort to resolve this discovery dispute, the Parties have engaged in multiple meet-and-confer videoconferences and exchanged several letters. The Parties' discussions have resulted in material, constructive progress. In light of the Parties' constructive progress in resolving this discovery dispute, the Court has held the above-referenced motions in abeyance. [D.E. 118].

In general terms, the most significant present impediment to resolution of this discovery dispute involves the PLG's request that the government immediately produce the Agency for Toxic Substances and Disease Registry's ("ATSDR") "water modeling" and "health effects" complete project files on contamination at Camp Lejeune (collectively, the "ATSDR project files"). As discussed during the Status Conference on January 23, 2024, the ATSDR's project files could be produced immediately with little burden by simply uploading the same to an external hard drive. However, the government has raised several objections to this streamlined production. For example, the government has stated that it is necessary to delay production of the ATSDR's project files so that the files can be processed pursuant to the ESI Protocol and thereby bates-labeled. The PLG believes that the Parties' discussions are nearing a point where either agreement will be

3

reached or it will be necessary to request that the Court resolve this dispute. That said, the Parties participated in a videoconference on January 29, 2024, and the PLG remains hopeful that the matter can be informally resolved in the near future without seeking intervention by the Court.

The Parties are presently engaged in the depositions of Track 1 Plaintiffs. The PLG is defending multiple depositions of Track 1 Plaintiffs every week. Further, the government has requested dates for the depositions of nearly every Track 1 Plaintiff, and the PLG is promptly providing dates for each deposition requested by the government. Some issues have arisen during these depositions. However, at present, the PLG believes that all of these issues will be resolved informally among the Parties.

The government has also requested dates for the depositions of several treating providers for the Track 1 Plaintiffs. The Parties have agreed to a preliminary procedure pursuant to which the PLG will have seven days to contact a treating physician's office and attempt to schedule a deposition. While the arrangement of treating physician depositions presents several complexities, the PLG is dedicating substantial time and resources to arranging the treating physician depositions as requested by the government, and the PLG believes that these depositions will be scheduled in a reasonable timeframe.

The PLG's Corrected First Set of Requests for Production sought production of certain muster rolls digitized by the United States Marine Corps ("USMC"). The USMC has experienced technical difficulties with production of these digitized muster rolls, and the Parties have constructively worked together to overcome these difficulties and accomplish production of the digitized muster rolls. On January 30, 2024, the Parties' respective technical consultants are meeting in Quantico (a) to observe a demonstration of the USMC's retrieval efforts and (b) inspect the "Network Attached Storage" on which the digitized muster rolls are stored. The Parties were

able to work together to arrange a general protocol for this inspection in Quantico. At the next Status Conference, the PLG will provide the Court with an update concerning the results of the inspection at Quantico.

The government has produced muster roll images generated from a separate digitization project conducted in partnership with Ancestry.com. The PLG believes that certain tabular data may have been generated during this digitization project. Production of the tabular data would make the muster rolls searchable and far more useful. Therefore, the PLG is presently investigating whether such tabular data exists.

The government's Motion to Amend Case Management Order No. 2 requested that the Court require the PLG to notify the government if the PLG decides to conduct a medical or other expert examinations of a discovery plaintiff. [D.E. 95]. The PLG's response indicated that it does not anticipate expert medical examinations of discovery pool plaintiffs, but that the PLG will notify the government "in the rare event that any individual plaintiff undergoes a medical examination by an expert witness." [D.E. 114, at 2]. The Parties are presently engaged in constructive discussions over a stipulation that would provide the government with notice of medical examinations by testifying expert witnesses of discovery pool plaintiffs. The PLG is hopeful that the Parties will be able to reach agreement on a stipulation and thereby avoid the need for the Court to resolve this issue.

The PLG has dedicated substantial time and resources to the discovery process, including both paper discovery and depositions. The PLG believes that discovery is progressing at a reasonable pace and that the Parties will be able to meet all deadlines set forth in Case Management Order No. 2.

**United States' Position:**

The United States also continues to believe that discovery is progressing reasonably well, and the parties are making good progress, but believe that some additional time may be necessary to complete fact discovery as set forth in the United States' motion to amend Case Management Order No. 2.

On December 22, 2023, Plaintiffs served the United States with Interrogatories and Requests for Production regarding the Track 1 Discovery Pool Plaintiffs. The United States provided initial responses on January 22, 2024 and will supplement as necessary. The United States also continues to produce documents on a rolling basis in response to Plaintiffs' other outstanding Requests for Production and believes it will be able to complete its responses to several of those Requests for Production by the end of February 2024.

The Parties are continuing their discussions regarding the Marine Corps' digitized muster rolls requested in Plaintiffs' RFP Nos. 2 and 3 (First Set). The United States has made a complete production of the relevant files from the National Archives in response to RFP No. 2. The United States does not agree with Plaintiffs' representation that the Parties continue to identify tabular data that Plaintiffs believe may have been generated during the digitization project. The United States has advised Plaintiffs that it has no knowledge or possession of any tabular data created during the digitization project, and therefore will not be producing any such data in response to Plaintiffs' discovery request.

As to RFP No. 3, the Marine Corps has worked diligently to access potentially available muster rolls through a proprietary, legacy system. Despite these efforts, it does not appear that the Marine Corps will be able to retrieve the muster rolls through this system. To address any outstanding questions regarding this endeavor, the United States organized an on-site inspection

6

of the legacy system, which Plaintiffs conducted at Quantico on January 30, 2024. The United States provided Plaintiffs with a demonstration of the functionality of the legacy system and ran several queries, with search terms provided directly by Plaintiffs.

The United States is also working with the Marine Corps and Plaintiffs to set up an on-site inspection of hardcopy versions of muster rolls in Alexandria, VA. In addition, and separate from this litigation, the Marine Corp's efforts to digitize hardcopy military records, including the relevant muster rolls, is ongoing. Furthermore, the United States has also pointed Plaintiffs to certain housing records that have already been produced, which may provide the relevant information Plaintiffs are allegedly seeking through the muster rolls.

On January 8, 2024, Plaintiffs submitted a "proposal to resolve certain discovery disputes" arising from eight of Plaintiffs' Requests for Production. Specifically, Plaintiffs requested production of "the ATSDR's 'water modeling' and 'health effects' complete project files," which would satisfy Request No. 8 from Plaintiffs' First Set of Requests for Production and the entirety of Plaintiffs' Second Set of Requests for Production. Plaintiffs would also agree to withdraw their December 14, 2023 Motion to Compel (D.E. 81). The United States and Plaintiffs have exchanged multiple proposals and conducted several meet and confers regarding the production of the "project files." These files consist of over 3.2TB of data. Negotiations between the Parties is ongoing, and the United States is hopeful that the Parties will be able to reach a reasonable agreement that will allow for an efficient production of the relevant files pursuant to the jointly submitted ESI Protocol. The United States believes the ESI Protocol should govern this request for a significant amount of data because, *inter alia*, it would help to ensure the orderly and dispute-free use of this data moving forward. The United States will work with PLG to produce this information as expeditiously as possible.

As of the date of this Report, the United States has requested 74 depositions of Tier 1 Discovery Plaintiffs. To date, the Parties have confirmed mutually agreeable dates for 67 Plaintiffs, and deposition have been completed for 11 Plaintiffs.

The United States has dedicated substantial time and resources to the discovery process, including, written discovery, document productions, and depositions. The United States believes that discovery is progressing expeditiously.

**(5) Update on individual and global settlement efforts:**

As of January 30, 2024, the Torts Branch has determined that forty-four (44) cases in litigation meet the Elective Option ("EO") criteria through documentary verification. The case breakdown by injury includes: 13 Bladder Cancer, 12 Kidney Cancer, 7 non-Hodgkin's Lymphoma, 5 Kidney Disease, 3 Parkinson's Disease, 2 Multiple Myeloma and 2 Leukemia. Eight (8) offers have been accepted by plaintiffs on 3 cases of Bladder Cancer ($150,000; $150,000; $300,000), 2 cases of Kidney Disease (End Stage Renal Disease) ($100,000; $100,000), non-Hodgkin's Lymphoma ($150,000), Kidney Cancer ($300,000), and Parkinson's Disease ($400,000). Six (6) offers were rejected by plaintiffs, including 3 cases of Bladder Cancer, 1 case of Kidney Cancer, 1 case of Multiple Myeloma, and 1 case of Kidney Disease. Six (6) offers have expired, including 3 cases of Kidney Cancer, 2 cases of non-Hodgkin's Lymphoma, and 1 case of Leukemia. The other twenty-four (24) settlement offers are pending. Further, the DOJ has approved offers for fifty-two (52) claimants in reliance on information provided by the Navy. Eight (8) settlement offers have been accepted. Two (2) offers have been rejected. Nine (9) offers have expired, and the other thirty-three (33) offers are pending.

Payments have been sent for the eight accepted settlement offers made by the Navy, and two accepted offers made by DOJ, totaling $2,500,000. Four cases of Leukemia resulted in three

payments of $300,000 and one payment of $150,000. Three cases of Bladder Cancer resulted in two payments of $150,000 and one payment of $300,000. One case of Kidney Cancer resulted in a $300,000 payment. One case of non-Hodgkin's Lymphoma resulted in a $300,000 payment. One case of Parkinson's Disease resulted in a $250,000 payment.

The Parties have had several preliminary discussions regarding the possibility of a global resolution of claims that remain in the administrative and legal processes. The Parties continue to negotiate a resolution questionnaire and resolution roadmap.

On January 16, 2024, the parties jointly recommended Tom Perrelli of Jenner & Block to serve as Special Settlement Master—subject to the Parties' reaching agreement with Mr. Perrelli on a reasonable fee structure. The Parties have scheduled a call with Mr. Perrelli for February 1, 2024, to discuss the potential terms of his appointment. The Parties will submit a proposed order for the Court's consideration by the time of the February 6, 2024 Conference.

**(6) Any other issues that the parties wish to raise with the Court:**

None at this time.

*[Signatures follow on next page]*

DATED this 30th day of January 2024.

Respectfully submitted,

| | |
|---|---|
| */s/ J. Edward Bell, III* | BRIAN M. BOYNTON |
| J. Edward Bell, III (admitted *pro hac vice*) | Principal Deputy Assistant Attorney General |
| Bell Legal Group, LLC | Civil Division |
| 219 Ridge St. | |
| Georgetown, SC 29440 | J. PATRICK GLYNN |
| Telephone: (843) 546-2408 | Director, Torts Branch |
| jeb@belllegalgroup.com | Environmental Torts Litigation Section |
| *Lead Counsel for Plaintiffs* | |
| | BRIDGET BAILEY LIPSCOMB |
| */s/ Zina Bash* | Assistant Director, Torts Branch |
| Zina Bash (admitted *pro hac vice*) | Environmental Torts Litigation Section |
| Keller Postman LLC | |
| 111 Congress Avenue, Ste. 500 | */s/ Adam Bain* |
| Austin, TX 78701 | ADAM BAIN |
| Telephone: 956-345-9462 | Special Litigation Counsel |
| zina.bash@kellerpostman.com | Environmental Torts Litigation Section |
| *Co-Lead Counsel for Plaintiffs* | U.S. Department of Justice |
| *and Government Liaison* | P.O. Box 340, Ben Franklin Station |
| | Washington, D.C. 20044 |
| /s/ Robin Greenwald | E-mail: adam.bain@usdoj.gov |
| Robin L. Greenwald (admitted *pro hac vice*) | Telephone: (202) 616-4209 |
| Weitz & Luxenberg, P.C. | |
| 700 Broadway | LACRESHA A. JOHNSON |
| New York, NY 10003 | HAROON ANWAR |
| Telephone: 212-558-5802 | DANIEL C. EAGLES |
| rgreenwald@weitzlux.com | NATHAN J. BU |
| *Co-Lead Counsel for Plaintiffs* | Trial Attorneys, Torts Branch |
| | Environmental Torts Litigation Section |
| */s/ Elizabeth Cabraser* | *Counsel for Defendant United States of America* |
| Elizabeth Cabraser (admitted *pro hac vice*) | |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | |
| 275 Battery Street, Suite 2900 | |
| San Francisco, CA 94111 | |
| Phone (415) 956-1000 | |
| ecabraser@lchb.com | |
| *Co-Lead Counsel for Plaintiffs* | |

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*