IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| | ) |
| THIS PLEADING RELATES TO: | ) |
| | ) |
| *McBrine v. United States*, No. 7:23-cv-532-M | ) |
| *Petrie v. United States*, No. 7:23-cv-00202-D | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY FOR APPEAL THE ORDER GRANTING THE UNITED STATES' MOTION TO STRIKE THE DEMAND FOR A JURY TRIAL**

On February 6, 2024, this Court granted the government's motion to strike all plaintiffs' jury-trial demand, ruling that plaintiffs who have filed claims against the government under the Camp Lejeune Justice Act (CLJA), 28 U.S.C. ch. 171 note, are not entitled to jury trials as a matter of law. ECF 133 ("Order"). The Plaintiffs' Leadership Group (PLG) now moves on behalf of plaintiffs Susan McBrine (No. 7:23-cv-00532-M-RJ) and David L. Petrie (No. 7:23-cv-00202-D-BM) for certification of an interlocutory appeal of that order under 28 U.S.C. § 1292(b).

Section 1292(b) provides that interlocutory orders involving "a controlling question of law as to which there is substantial ground for difference of opinion" can be immediately appealed if doing so "may materially advance the ultimate termination of the litigation." The Court's Order meets all of those criteria. First, the decision answers a pure, "controlling question of law" as to the meaning of the CLJA. Second, there is "substantial ground for difference of opinion" on that question because it is a novel question of great importance that involves competing canons and methods of statutory interpretation and the application of largely undeveloped precedents, and it appears to be the first decision ever holding that a statute that grants a right of action against the

United States and expressly refers to the right to a jury trial is insufficient to authorize jury trials. Third, resolving this question in an immediate appeal would "materially advance the ultimate termination of the litigation" because many of the thousands of CLJA cases tried over the ensuing years without a jury may have to be retried—wasting tremendous amounts of judicial and party resources—in the event that the Fourth Circuit or the Supreme Court reverses this Court's ruling.

The PLG therefore respectfully requests that the Court certify its decision for immediate appellate review under 28 U.S.C. § 1292(b).

## QUESTION TO BE CERTIFIED FOR APPEAL

Whether a plaintiff pursuing a cause of action against the United States under the Camp Lejeune Justice Act has the right to a trial by jury.

## ARGUMENT

Especially given the large number of affected cases, this Court's resolution of the jury-trial issue is appropriate for interlocutory appeal under Section 1292(b). Immediate appeal of an interlocutory order is warranted under Section 1292(b) if (1) the order presents "a controlling question of law" that (2) involves "substantial ground[s] for difference of opinion" and where (3) an immediate appeal "may materially advance the ultimate termination of the litigation." "The purpose of § 1292(b) is to allow for an early appeal of an order when appellate-level resolution of issues addressed by that order may provide more efficient disposition of the litigation." *North Carolina ex rel. Howes v. W.R. Peele, Sr. Tr.*, 889 F. Supp. 849, 851-52 (E.D.N.C. 1995) (citing *Ford Motor Credit Co. v. S.E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir. 1981)); 16 Fed. Prac. & Proc. § 3930 ("The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal.").

One common reason that courts certify decisions under Section 1292(b) is "to secure review of orders . . . determining the mode of trial." 16 Fed. Prac. & Proc. § 3931 (citing, among other cases, *Pons v. Lorillard*, 549 F.2d 950 (4th Cir. 1977) (order striking demand for jury trial); *E.E.O.C. v. Brown & Root, Inc.*, 725 F.2d 348, 349 (5th Cir. 1984) (order striking demand for jury trial)). And "[w]hen a district court determines that the statutory criteria are present, . . . it has a 'duty . . . to allow an immediate appeal to be taken.'" *In re Trump*, 928 F.3d 360, 369 (4th Cir. 2019), *on reh'g en banc*, 958 F.3d 274 (4th Cir. 2020), *cert. granted, judgment vacated sub nom. Trump v. District of Columbia*, 141 S. Ct. 1262 (2021) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)).

All three statutory criteria are met here. This Court should accordingly certify the question.

## I. Whether The CLJA Permits Jury Trials Against The United States Is A Controlling Question Of Law

The appeal indisputably involves a controlling question of law. A controlling question of law is "an abstract legal issue that the court of appeals can decide quickly and cleanly" and that does not require the appellate court "to delve beyond the surface of the record in order to determine the facts." *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340-41 (4th Cir. 2017) (quoting *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). As noted, courts have previously certified the question whether a plaintiff has the right to a jury trial. *See* pp. 2-3, *supra*.

Here, the question of whether the CLJA permits jury trials against the United States is purely legal and involves no factual issues; neither side cited any disputed factual material in their briefing on the issue. It is thus a controlling question of law under Section 1292(b).

## II. There Are Substantial Grounds For A Difference Of Opinion On Whether The CLJA Provides For Jury Trials Against The United States

There are substantial grounds for a difference of opinion on the question whether CLJA plaintiffs have the right to a jury trial. Courts find substantial grounds for a difference of opinion under Section 1292(b) if "novel and difficult questions of first impression are presented." *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)); *Ekstrom v. Cong. Bank*, 2021 WL 119000, at *3 (D. Md. Jan. 13, 2021) ("[T]his element is met 'when there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue'" (citing *Bush v. Adams*, 629 F. Supp. 2d 468, 478 (E.D. Pa. 2009))). Importantly, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." 16 Fed. Prac. & Proc. § 3930. Thus, "[i]f proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt." *Id.* Indeed, the Fourth Circuit has recently clarified that "'district courts should not hesitate to certify an interlocutory appeal' under § 1292(b) when a decision 'involves a new legal question or is of special consequence.'" *In re Trump*, 928 F.3d at 369 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)) (emphasis added).

Here, for a number of reasons, there are substantial grounds for a difference of opinion on whether CLJA plaintiffs have the right to a jury trial.

*First*, the jury-trial question is a "novel and difficult question[] of first impression." *Int'l Refugee Assistance Project*, 404 F. Supp. 3d at 950. The question is novel because this is the first case dealing with it in interpreting the new CLJA. And the question is difficult because it involves various competing canons and methods of statutory interpretation. For example, the Court's decision turns on the interplay of the canons against implied waivers of sovereign immunity, Order

14, 31, against rendering text null, Order 21, and against imposing magic-words tests, Order 30-31.  It also relies in critical part on construing the second sentence of CLJA Section 804(d) to preserve the right to a jury trial for time-barred third-party claims and for counterclaims for fraud, despite the fact that such claims are not mentioned in the text of the statute and the first sentence of Section 804(d) exclusively addresses "action[s] filed under subsection (b)" of the CLJA.  Order 18-21.  In addition, the Order examines whether to consider legislative history in interpreting the CLJA and if so, what the implication of that history is.  Order 31-34.  And it depends critically on the precise interpretation of multiple Supreme Court precedents that have not been subject to extensive judicial analysis and development.  Order 22 (citing, for example, *Galloway v. United States*, 319 U.S. 372 (1943); *Lehman v. Nakshian*, 453 U.S. 156 (1981)).

*Second*, this "new legal question" is one "of special consequence."  *In re Trump*, 928 F.3d at 369.  The Court's order noted that nearly fifteen hundred CLJA cases have been instituted and 164,000 administrative claims have been filed with the Navy.  Order 6.  Each of those plaintiffs and claimants has an interest in a final resolution of whether he or she is entitled to a jury trial.  Indeed, it is doubtful that any previous resolution of a jury-trial right issue has had such immediate consequences for so many litigants.

*Third*, to the PLG's knowledge, the Order is the first decision ever to hold that a statute that creates a cause of action specifically against the government and that refers to the right to a jury trial is not sufficiently clear to authorize jury trials.  *Lehman* and its progeny have addressed statutes that use substantially more ambiguous language, such as generally authorizing "legal or equitable relief."  Order 10.  This case therefore presents a far closer question than any other decision in which a statute has been construed not to permit jury trials against the government.

*Finally*, the general legal standards governing whether a statute waives the United States' sovereign immunity, which includes the subsidiary question of whether the United States has consented to jury trials, *see* Order 9 (citing *Lehman*, 453 U.S. at 160), are in a state of flux. Two days after this Court issued its order, the Supreme Court announced its unanimous opinion in *Department of Agriculture Rural Development Rural Housing Service v. Kirtz*, No. 22-846, 2024 WL 478567 (U.S. Feb. 8, 2024). *Kirtz* held that a consumer may sue a federal agency for violations of the Fair Credit Reporting Act of 1970. *See id.* at *6-7. In the course of its analysis, the Court noted that the mere fact that other statutes "address the question of sovereign immunity in different and arguably even more obvious terms" is not a basis to decline to find a waiver. *Id.* at *6. That holding undercuts at least some of the arguments that the government has advanced in this case. *See* Order 13 ("[T]he United States . . . contrasts the language of the second sentence of subsection 804(d) with two statutes where Congress unequivocally, affirmatively, and unambiguously granted a jury trial in a civil action against the United States.").

In short, the question whether CLJA plaintiffs have a right to trial by jury is novel and presents grounds on which reasonable jurists could disagree. The second Section 1292(b) factor thus favors certification of the question.

### III. Immediate Appeal Would Materially Advance the Termination of the Litigation

An interlocutory appeal of the jury-trial issue would materially advance the termination of CLJA litigation. An immediate appeal "materially advance[s]" a case when it helps "avoid protracted and expensive litigation." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). This third requirement "tends to blend" with the controlling-question-of-law requirement because

both standards are satisfied when an immediate appeal answers legal questions that save judicial resources. *State of N.C. ex rel. Howes*, 889 F. Supp. at 852 (citing 16 Fed. Prac. & Proc. § 3930).

Here, immediate appeal of the CLJA jury-trial question would be highly efficient. Delaying appellate review until after a final judgment would mean that many CLJA cases tried without a jury would likely need to be retried should the Fourth Circuit or the Supreme Court ultimately rule that the CLJA does provide for jury trials against the United States—potentially many years from now. Certifying the question for appeal now could thus save an enormous amount of time and resources for the Court and all parties involved.

Importantly, this is not a case where the legal question may ultimately never need to be resolved depending on the outcome of proceedings in the district court. Given the sheer number of CLJA cases, the jury-trial issue will inevitably reach the Fourth Circuit. The only question is when. It would be far more efficient for the Court and all parties for that question to be resolved as soon as possible.[1]

The PLG will continue to litigate these cases efficiently while an interlocutory appeal is pending and will not seek a stay of any proceedings. To avoid any question about whether this Court would be divested of jurisdiction to proceed with trials during the pendency of the appeal, the PLG has sought certification only on behalf of plaintiffs Susan McBrine and David L. Petrie—without, of course, waiving the rights of any other plaintiffs to appeal the Order after final judgment. Moreover, even as to the appealing plaintiffs, the better view is that the Court would lose jurisdiction only to reconsider the Order but would retain jurisdiction to proceed with trials.

---

[1] To be sure, this Court could employ advisory juries under Federal Rule of Civil Procedure 39(c)(1) to avoid having to retry cases should the Fourth Circuit or the Supreme Court reverse the Order. But that would still favor immediate appellate review of the jury-trial issue to minimize the number of cases in which the Court would need to employ that device.

*See Groves v. United States*, 941 F.3d 315, 320 (7th Cir. 2019) ("A petition for permissive appeal does not stay the proceedings in the district court, and the district court retains jurisdiction over the case even if the petition is granted.") (citing 28 U.S.C. § 1292(b)); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 (2023) ("[C]ourts have held that [district courts are divested of jurisdiction only over] those aspects of the case involved in a certified interlocutory appeal under 28 U.S.C. § 1292(b)."); 28 U.S.C. § 1292(b) ("[A]pplication for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."). For all of these reasons, an interlocutory appeal would not slow the pace of proceedings in this Court.

## CONCLUSION

For the foregoing reasons, the PLG respectfully requests on behalf of plaintiffs Susan McBrine and David L. Petrie that the Court certify its decision to strike the jury-trial demand for immediate review under 28 U.S.C. § 1292(b).

February 14, 2024

/s/ *John. F. Bash*
John F. Bash (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan LLP
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100
johnbash@quinnemanuel.com

*Member, Plaintiffs' Executive Committee*
*Co-Chair, Law and Briefing Subcommittee*

Respectfully submitted,

/s/ *J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge Street
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com

*Lead Counsel*

/s/ *Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com

*Co-Lead Counsel*

/s/ *W. Michael Dowling*
W. Michael Dowling (N.C. Bar No.: 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, NC 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com

*Co-Lead Counsel*

/s/ *James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619
Telephone: (919) 981-0191
jar@lewis-roberts.com

*Co-Lead Counsel*

/s/ *Hugh R. Overholt*
Hugh R. Overholt (NC Bar No. 016301)
Ward and Smith P.A.
Post Office Box 867
New Bern, NC 28563-0867
Telephone: (252) 672-5400
hro@wardandsmith.com
*Liaison Counsel for Plaintiffs*

/s/ *A. Charles Ellis*
A. Charles Ellis (N.C. Bar No.: 010865)
Ward and Smith P.A.
Post Office Box 8088
Greenville, NC 27835-8088
Telephone: (252) 215-4000
ace@wardandsmith.com
*Liaison Counsel for Plaintiffs*

/s/ *Zina Bash*
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: (956) 345-9462
zina.bash@kellerpostman.com

*Co-Lead Counsel and Government Liaison*

/s/ *Robin Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: (212) 558-5802
rgreenwald@weitzlux.com

*Co-Lead Counsel*

/s/ *Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144
Telephone: (704) 633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel*