# Exhibit 7



117TH CONGRESS
1ST SESSION

# H. R. 2192

To provide for recovery by individuals who were stationed, lived, or worked at Camp Lejeune, for certain actions of omissions by the United States.

——————————

## IN THE HOUSE OF REPRESENTATIVES

MARCH 26, 2021

Mr. CARTWRIGHT (for himself, Mr. MURPHY of North Carolina, Mr. PRICE of North Carolina, Ms. ADAMS, Mr. BUDD, Mr. BUTTERFIELD, Mr. HASTINGS, Mr. HUDSON, Mr. LIEU, Ms. MANNING, Mr. MCHENRY, Ms. NORTON, Mr. RASKIN, Ms. ROSS, and Mr. ROUZER) introduced the following bill; which was referred to the Committee on the Judiciary

——————————

# A BILL

To provide for recovery by individuals who were stationed, lived, or worked at Camp Lejeune, for certain actions of omissions by the United States.

1    *Be it enacted by the Senate and House of Representa-*

2  *tives of the United States of America in Congress assembled,*

3  **SECTION 1. SHORT TITLE.**

4    This Act may be cited as the "Camp Lejeune Justice

5  Act of 2021".

## SEC. 2. FEDERAL CAUSE OF ACTION RELATING TO WATER AT CAMP LEJEUNE.

(a) IN GENERAL.—An individual, including a veteran, or the legal representative of such an individual, who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning August 1, 1953, and ending December 31, 1987, to water at Camp Lejeune that was supplied by the United States or on its behalf may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm which—

(1) was caused by exposure to the water;

(2) was associated with exposure to the water;

(3) was linked to exposure to the water; or

(4) the exposure to the water increased the likelihood of such harm.

(b) BURDEN AND STANDARD OF PROOF.—

(1) IN GENERAL.—The burden of proof shall be on the party filing the action to show one or more relationship between the water and the harm described in paragraphs (1) through (4) of subsection (a) by a preponderance of the evidence.

(2) USE OF STUDIES.—A study conducted on humans or animals, or from an epidemiological study, which ruled out chance and bias with reason-

able confidence and which concluded, with sufficient evidence, that exposure to the water described in subsection (a) is one possible cause of the harm, shall be sufficient to satisfy the burden of proof described under paragraph (1).

(c) EXCLUSIVE JURISDICTION AND VENUE.—The district court for the Eastern District of North Carolina shall have exclusive jurisdiction over any action under this section, and shall be the exclusive venue for such an action. Nothing in this subsection shall impair any party's right to a trial by jury.

(d) EXCLUSIVE REMEDY.—

(1) IN GENERAL.—An individual who brings an action under this section for an injury, including a latent disease, may not thereafter bring a tort action pursuant to any other law against the United States for such harm.

(2) NO EFFECT ON DISABILITY BENEFITS.— Any award under this section shall have not impede or limit the individual's continued or future entitlement to disability awards, payments, or benefits under any Veteran's Administration program.

(e) IMMUNITY LIMITATION.—The United States may not assert any claim to immunity in an action under this

Case 7:23-cv-00897-RJ   Document 139-8   Filed 02/19/24   Page 4 of 6

1 section which would otherwise be available under section

2 2680(a) of title 28, United States Code.

3     (f) NO PUNITIVE DAMAGES.—Punitive damages may

4 not be awarded in any action under this Act.

5     (g) DISPOSITION BY FEDERAL AGENCY RE-

6 QUIRED.—An individual may not bring an action under

7 this section prior to complying with section 2675 of title

8 28, United States Code.

9     (h) ATTORNEY FEES.—Attorney fees for services

10 provided to an individual seeking a remedy under this sec-

11 tion shall be in accordance with section 2678 of title 28,

12 United States Code.

13     (i) EXCEPTION FOR COMBATANT ACTIVITIES.—This

14 section does not apply to any claim or action arising out

15 of the combatant activities of the Armed Forces.

16     (j) PERIOD FOR FILING.—

17         (1) IN GENERAL.—The statute of limitations

18     for an action under this section is the later of—

19             (A) 2 years from the date on which the

20         harm occurred or was discovered, whichever is

21         later; or

22             (B) 180 days from the date on which the

23         claim is denied under section 2675 of title 28,

24         United States Code.

1       (2) SPECIAL RULE.—In the case of harm which
2  was discovered prior to the date of the enactment of
3  this section, the statute of limitations is the later
4  of—

5          (A) 2 years after the date of the enactment
6        of this section; or

7          (B) 180 days from the date on which the
8        claim is denied under section 2675 of title 28,
9        United States Code.

10      (3) STATUTE OF REPOSE.—Any applicable stat-
11  ute of repose does not apply to claims under this
12  Act.

13  (k) EFFECTIVE DATE.—This Act shall apply to—

14      (1) a claim arising on or after the date of the
15  enactment of this Act; and

16      (2) a claim arising before the date of the enact-
17  ment of this Act, if filed within two years of the date
18  of enactment.

○

Case 7:23-cv-00897-RJ   Document 139-8   Filed 02/19/24   Page 6 of 6