# EXHIBIT 4

January 12, 2024

Lead Counsel for Plaintiffs
& Co-Lead Counsel for Plaintiffs

   **Re:** *Camp Lejeune Water Litigation – United States' Response to Plaintiffs January 8, 2024, Discovery Letter*

Counsel:

This letter provides an initial response to Plaintiffs' January 8, 2024, Discovery Letter. In an effort to continue our ongoing communications and move forward with discovery, we are providing this preliminary update to Plaintiffs now, but anticipate having additional information to provide next week. In addition, while the United States does not agree with all of the characterizations in Plaintiffs' January 8, 2024 letter, we believe it is best to address the substantive issues and keep discovery moving. This letter therefore does not consent to characterizations or issues that are not addressed in the current letter, and this letter does not prevent the United States from raising related issues at a later date.

## Production of Documents

As of this letter, the United States has produced over 500,000 files in response to Plaintiffs' requests for production, along with pointing Plaintiffs to numerous publicly available resources that provide extensive documentation in response to several of the below Requests. In addition to the documents already produced, the United States continues its efforts to collect and produce responsive documents and information as outlined below.

## Plaintiffs' Corrected First Request for Production

**Request No. 1 (RFP Set No. 1):** The United States has asked the ATSDR whether any filtering was applied to the previously produced datasets. We hope to have further information on this matter within the next week.

**Request No. 2 (RFP Set No. 1):** As detailed in previous discovery letters, the United States has produced nearly two terabytes of muster roll images responsive to this Request, some of which is located at NAID 602065 Muster Rolls and Personnel Diaries, January 1941–December 1980 and within the series https://catalog.archives.gov/search-within/602065. NARA has also created bulk download links for the images, which the United States attached to its December 22, 2023 letter. The United States' Response to this Request also produced a link containing responsive records. *See* https://catalog.archives.gov/search-within/602065?page=2&q=ancestry&sort=naId%3Aasc.

At this time, it is the United States' understanding that NARA has produced all digitized images ancestry.com created. NARA does not believe that there are any remaining hard copy documents upon which the digitized images were based. To the extent Plaintiffs determine there are any "gaps in the production" related to this Request, Plaintiffs may raise such issues with the United States, but the United States does not believe it will have any documents available to correspond to any perceived "gaps."

In addition, NARA does not have any "tabular data" created by ancestry.com following the digitization of the relevant muster rolls. Nor does NARA have any lists, tables, indices, etc. of personal information regarding individual service members from ancestry.com. Furthermore, the metadata provided by ancestry.com did not contain any personal information regarding individual service members. NARA is working to determine if there are any spreadsheets available of the metadata it did receive from ancestry.com, and we will update Plaintiffs on that front once more information is available. To the extent ancestry.com may have created any "tabular" file, Plaintiffs may wish to contact ancestry.com directly to inquire as to any such proprietary information.

**Request No. 3 (RFP Set No. 1):** As stated previously, the United States will permit the Plaintiffs to inspect and copy hardcopy documents responsive to this Request in Alexandria, VA. In its December 12, 2023 letter, the United States advised Plaintiffs that the agency requires at least ten-days' notice for this inspection. To date, the United States has not received any requested inspection dates.

Regarding digitized records responsive to this Request, the United States Marine Corps is continuing its efforts to access the previously digitized muster rolls. The United States is receiving weekly updates relating to these efforts and will continue to share the updates with Plaintiffs as the work proceeds. As of today, the Marine Corps was able to stabilize the hardware on which the data resides and regain access to the database that sits between the proprietary software and the muster roll images located on the external Network-Attached Storage (NAS). The Marine Corps successfully accessed the hardware and operating systems and installed the proprietary software. There is now access and ability to view select files within the NAS database. Several test queries were performed and provided confirmation that the system appears to be working properly. Muster roll data access and file validation efforts continue.

Depending on the update we get from the Marine Corps early next week, the United States is prepared to offer a meet and confer with the individuals working on the technical aspects of this project. We have asked the Marine Corps to investigate whether any "tabular data" or index was created with the prior digitization efforts. We will report back with further information when available.

As Plaintiffs know, a separate digitization effort, potentially concerning the muster rolls on the server as well as other records, is currently ongoing. We have asked the Marine Corps for an update on the progress of the digitization efforts, and for a projected completion timeline. It is our understanding that the Marine Corps is not creating "tabular data" as a

part of this project. We expect to be able to provide Plaintiffs with an update on this next week.

**Request No. 4 (RFP Set No. 1):** The only outstanding production to be made in response to this Request are documents previously withheld by the ATSDR. ATSDR is reviewing the privilege log produced in the prior litigation to determine whether they still intend to assert the deliberative process privilege over certain entries on the log. We anticipate producing a subset of these documents within the next two weeks.

**Request No. 5 (RFP Set No. 1):** The only remaining documents to be produced in response to this Request are Exhibits 1 and 2 from the Deposition of Ingrid Perez-Jacir. The United States is working to promptly produce these two remaining exhibits.

**Request No. 6 (RFP Set No. 1):** At this time, it is the United States' understanding that there are no open issues related to this Request.

**Request No. 7 (RFP Set No. 1):** At this time, it is the United States' understanding that there are no open issues related to this Request.

**Request No. 8 (RFP Set No. 1):** The ATSDR made the non-privileged, hard-copy documents in the boxes referenced in the ATSDR 30(b)(6) deposition available for Plaintiffs' inspection. The ATSDR is working to scan and produce the documents Plaintiffs flagged during their in-person review. Although the United States was under the impression that the in-person review had been completed, Plaintiffs recently expressed potential interest in returning to review the boxes again. Please let us know as soon as possible whether and when Plaintiffs request this additional review.

Plaintiffs' new request for "project files" and the documents listed on Exhibit 4 to the ATSDR 30(b)(6) deposition are discussed further below.

**Request No. 9 (RFP Set No. 1):** At this time, it is the United States' understanding that there are no open issues related to this Request.

**Request No. 10 (RFP Set No. 1):** As stated in prior discovery letters, the United States has agreed to make available to Plaintiffs the Camp Lejeune UST records and requested that Plaintiffs provide available dates for this inspection beginning in January 2024. To date, the United States has not received any requested inspection dates.

In addition, on December 21, 2022, the United States produced native versions of "UST Portal" files to Plaintiffs. The United States will produce these files pursuant to the ESI Protocol within the next two weeks. The United States anticipates producing the rest of the UST-related files within the next two weeks as well.

**Request No. 11 (RFP Set No. 1):** The United States has made an initial production related to this Request. The VA is gathering any remaining responsive documents now, and the United States will produce these documents as soon as possible. The United States is

3

working to produce these documents in February 2024. We will keep you updated on this timeline as additional information becomes available.

The VA has also confirmed that it is not in possession of any muster rolls, nor are there muster rolls regularly kept in claimants' files with the VBA.

**Request No. 13 (RFP Set No. 1):** The United States disagrees with Plaintiffs' characterization that the National Research Council ("NRC") has taken an "erroneous position" with respect to this Request. As the United States has advised, the NRC is not an agency of the federal government. Rather, the NRC is the operating arm of the United States National Academies of Sciences, Engineering, and Medicine, all of which are private, nonprofit institutions. Indeed, we have learned that NAS has retained outside counsel with respect to your recent subpoena for records.

The United States's Response produced a link containing information responsive to this Request. *See* https://www.nationalacademies.org/our-work/contaminated-drinking-water-at-camp-lejeune#sectionPublications. At this time, the United States is not aware of any further responsive documents and thus, there are no other open issues related to this Request.

**Request No. 14 (RFP Set No. 1):** The United States disagrees with Plaintiffs' characterization that the Government Accountability Office ("GAO") has taken an "erroneous position" with respect to this Request.

As Plaintiffs are aware, the United States has produced responsive documents related to Camp Lejeune in the possession of the Department of Justice and produced in the prior litigation. The GAO, which is an independent part of the legislative branch and not an executive agency, has advised that GAO is a non-party to the Camp Lejeune Litigation and will not be producing documents to discovery requests served on the United States in the Camp Lejeune Litigation. A subpoena or request from a court for records of the GAO may be made pursuant to 4 CFR 82.1.

**Request No. 15 (RFP Set No. 1):** The United States is working with the EPA to identify additional responsive, non-privileged documents relating to this Request. The United States is working to complete production of these documents in February 2024. We will keep you updated on that timeline as more information is available.

**Request No. 16 (RFP Set No. 1):** The United States reiterates that a significant number of documents responsive to this Request are already publicly available as part of the DON's environmental restoration program, which the United States included in its Response to Plaintiffs' Corrected First Request for Production.

The DON has identified additional responsive documents that it will be sending to the Department of Justice soon. The United States is working to produce these documents in February 2024.

**Request No. 17 (RFP Set No. 1):** As Plaintiffs know, an inspection of documents responsive to this Request was held on January 3-4, 2024. We are currently working on scanning and producing the documents selected by Plaintiffs. We understand that Plaintiffs may wish to return to Norfolk to finish their review of the hardcopy documents. If this is the case, please provide dates for inspection as soon as possible.

In addition, the Navy has confirmed that any older, hardcopy documents that would have been stored at LANTDIV have been scanned. These documents will be produced in response to Request No. 16. If Plaintiffs request to inspect any hardcopy versions of these documents, there could be a significant cost to retrieve and restock these files. Please let us know whether Plaintiffs are requesting an inspection of the hardcopy documents, and the Navy will provide an estimate for Plaintiffs' review and payment.

**Request No. 18 (RFP Set No. 1):** The United States has a different understanding of the Parties' discussion in the meet and confer on January 5, 2024 than is represented in Plaintiffs' January 8, 2024 letter with respect to this Request.

The United States reiterates its objection to this Request because it seeks information prepared in anticipation of litigation or trial, and seeks information covered by the attorney-client privilege and/or the work product doctrine. This Request also calls for speculation and is premature given the current posture of discovery. The United States reserves the right to rely on any non-privileged documents produced in discovery thus far, and any others that will be produced as a part of fact and expert discovery. The United States believes its position on this Request has been clear and consistent and that further discussion is not warranted at this time.

**Request No. 19 (RFP Set No. 1):** The United States is working on retrieving documents responsive to this Request as quickly as possible now that dates of birth and social security numbers have been provided by Plaintiffs. However, because of Plaintiffs' delay in submitting dates of birth and social security numbers for the vast majority of Plaintiffs until this week, agencies' retrieval of these records will take additional time. In addition, records cannot be produced to Plaintiffs until the United States has received all relevant VA and HIPAA releases for a particular Plaintiff.

**Request No. 20 (RFP Set No. 1):** The United States will consider any of Plaintiffs' proposals to narrow this Request.

## Plaintiffs' Second Request for Production

Please see the United States' response below in the section titles "Plaintiffs' Proposal to Resolve Certain Discovery Disputes."

### Plaintiffs' Third Request for Production

**Request No. 1 (RFP Set No. 3):** As previously stated, the United States has produced all documents responsive to this request.

**Request No. 2 (RFP Set No. 3):** The United States objected to this Request as overbroad, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses in this litigation. The United States reiterates its additional objections, particularly that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine, is "discovery on discovery," and disregards the Parties' agreed-upon ESI Protocol.

### Plaintiffs' Fourth Request for Production

As Plaintiffs noted, the VA is working to collect the documents produced in the "Yale case." Once the Department of Justice has had the opportunity to receive and review these documents, a production of the documents produced in the "Yale case" will be made. The United States is working to produce these documents in February 2024.

### Plaintiffs' Fifth Request for Production

**Request No. 1 (RFP Set No. 5):** The United States has produced a document responsive to this request and will produce additional responsive documents by the end of February 2024.

**Request No. 2 (RFP Set No. 5):** The United States has produced a document responsive to this request and will produce additional responsive documents by the end of February 2024..

**Request No. 3 (RFP Set No. 5):** The United States previously produced documents responsive to this request, covering the time period between 1971 and 1987. The United States will produce additional responsive documents by the end of February 2024.

**Request No. 4 (RFP Set No. 5):** The United States previously produced documents responsive to this request, covering the time period between 1971 and 1987. The United States will produce additional responsive documents by the end of February 2024.

**Request No. 5 (RFP Set No. 5):** The United States previously produced items (a) through (c). The United States will be producing the remaining item, item (d), by January 31, 2024.

### Plaintiffs' Proposal to Resolve Certain Discovery Disputes

The United States is in receipt of Plaintiffs' new proposal to "resolve certain discovery disputes." The United States appreciates the proposal to narrow the burden of discovery on the United States and to focus discovery on information most likely to be relevant to

resolution of issues in litigation. The United States has sent the new proposal to the ATSDR for their review and consideration.

With respect to this new proposal, however, there are certain issues that we would like to address. As an initial matter, the United States disagrees that Plaintiffs' requests for the items on Exhibit 4 to the ATSDR 30(b)(6) deposition is not a request for "ESI." To the contrary, the items on that index are almost entirely electronically stored information. This is why the Parties had not discussed searching for and producing these items prior to this week – they are subject to meet and confer requirements within the ESI Protocol. We appreciate your proposal to dispense with collection of ESI through custodian collections and application of search terms. Nevertheless, the collection, processing, review and production of the ESI identified on Exhibit 4 of the ATSDR 30(b)(6) deposition will take time and effort that we need to investigate.

The United States also notes that Plaintiffs' January 8, 2024 letter indicates that Plaintiffs' requests for the index and "project files" is being driven by any filtering that may or may not have been done to the datasets produced in response to RFP 1, Request No. 1. Does this mean that if the ATSDR is able to produce "unfiltered" datasets (to the extent it has not already done so and can do so now), producing documents pursuant to the rest of the proposal is unnecessary? Please advise on this as soon as possible.

In furtherance of your proposal, the ATSDR is working to determine (i) where the items on the index are located, (ii) the nature and size of any "project files" for "water modeling" and "health effects" studies, (iii) whether any files overlap between the index and the "project files," and (iv) the feasibility of producing the files related to Plaintiffs' request. We hope to have additional information to provide to you on at least some of these fronts next week. We would be happy to set up a meet and confer for later in the week to discuss the ATSDR's efforts to obtain this information and hopefully determine a path forward.

## Conclusion

Again, the United States is pleased with the progress achieved to date to reach resolution on the outstanding issues related to Plaintiffs' five sets of Requests for Production. We anticipate providing additional information next week, and look forward to discussing further at that time. In the interim, please let us know if you have any questions or concerns.

Best Regards,

*/s/ Sara J. Mirsky*
Sara J. Mirsky
Trial Attorney
U.S. Department of Justice
Environmental Torts Litigation

cc: Counsel of Record in *Camp Lejeune Water Litigation*