# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| | ) |
| This Pleading Relates to: | ) |
| ALL CASES | ) |

**<u>DECLARATION OF WILLIAM A WILLIAMS IN SUPPORT OF THE PLAINTIFFS'
LEADERSHIP GROUP'S MOTION TO COMPEL PRODUCTION OF THE ATSDR'S
WATER MODELING PROJECT FILE IN NATIVE FORMAT</u>**

I, William A Williams, declare as follows:

1. I am an e-discovery consultant, and I am commonly retained by law firms to assist with technology, database and document production issues that commonly arise in complex litigation. I have been engaged in the fields of e-discovery consulting and litigation-based technology support for nearly 20 years, as well as other related expert consulting fields. I have been retained by the Plaintiffs' Leadership Group as a non-testifying consultant to assist with e-discovery and other technical issues in this action. I have personal knowledge of all matters stated in this declaration. If called as a witness, I could competently testify to the facts and my work as set forth herein.

2. On behalf of several law firms comprising the Plaintiffs' Leadership Group, I have been involved with discovery, research and the general litigation involving Camp Lejeune for many years. I have thoroughly reviewed the Agency for Toxic Substances and Disease Registry's ("ATSDR") publicly available materials on Camp Lejeune, including but not limited to the ATSDR's use of water modeling to reconstruct the contaminant levels and locations within the groundwater at Camp Lejeune. Based on the public record, I am aware that the ATSDR maintained a single, cohesive file commonly referred to as a "water modeling project file."

3.      I am aware that the ATSDR's water modeling project file consists of thousands or tens of thousands of files. Moreover, I am familiar with the fact that many of the files within the overall water modeling project file cross-reference or "link to" other portions of the project file. For these cross-references to function, the file must be intact so that the said cross-references correspond to actual data sources contained within the project file.

4.      For example, I am familiar with the fact that the project file contains a Geographical Information System ("GIS") that the ATSDR used in constructing its water modeling of Camp Lejeune. That GIS relies upon a database of pathways or links to other portions of the project file. When a layer of a map is displayed in the GIS, the GIS will use the pathways in the database to access data sources within the project file to buildout the map layer displayed to the user. If the project file is deconstructed, the pathways will not be accurate, and the GIS will not be capable of drawing upon the data sources necessary to display the map layer.

5.      In short, the ATSDR's water modeling project file does not function unless it is used in its currently existing native format.

6.      I am familiar with most industry standard electronically stored information ("ESI") platforms. I am familiar with the ESI Protocol entered by the Court in this action and have read it in its entirety. I am also familiar with the manner in which the government proposes to produce the ATSDR's project file pursuant to the ESI Protocol, and I have participated with the Plaintiffs' Leadership Group in multiple meet and confer meetings with counsel for the government related to the matters discussed herein.

7.      The government's proposal to produce the ATSDR project file pursuant to the ESI Protocol would involve the deconstruction of the project file into disorganized pieces. The files produced by the government pursuant to the ESI Protocol would not contain the logical structure

and organization of the actual ATSDR native project file. The government's proposal would change the names of the thousands or tens of thousands of files within the overall project file. For these reasons, the cross-references (*i.e.*, "links") within the project file would not correspond to actual data sources and would thus not function. In short, the government's proposal would render the project file largely unusable and could result in missed or lost files.

8. The government is providing "tree-sized directories" with its productions, and those directories serve as a map that could be used to reconstruct the project file. Indeed, it would be absolutely necessary for the Plaintiffs' Leadership Group to reconstruct the project file. Otherwise, the project file would lack the functionality that was created by the ATSDR over many years in conducting water modeling.

9. Reconstructing the project file would be a work-intensive process. It would be necessary to use the "tree-sized directories" provided by the government to create folders and sub-folders (and sub-sub-folders, etc.), re-name individual files, and then embed such files within their proper directories. While this reconstruction process can be performed using batch processing, it introduces an unnecessary step that will increase the likelihood that errors could be generated during the rebuilding process. More importantly, even with batch processing, it will require considerable time to restore the project file to its original form.

10. From a technical standpoint, the most efficient approach is to perform the ESI processing on the project file which results in a bates numbered version of all files in the project file pursuant to the ESI Protocol, while at the same time providing the project file in its original form by cloning the drive or folder where it resides. This approach complies with the agreed upon ESI Protocol while at the same time providing the Plaintiffs' Leadership Group with a functioning copy of the original project file.

11. I have prepared a slide deck that uses graphics and bullet-pointed text to illustrate the concepts described herein. That slide deck will be filed as Exhibit 2 to the Plaintiffs' Leadership Group's Motion to Compel Production of the ATSDR's Water Modeling Project File in Native Format. I incorporate that slide deck as if fully stated herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: February 19th, 2024.

/s/ William A Williams
William A Williams
219 N. Ridge Street
Georgetown, SC 29440
843-546-9400