# EXHIBIT 4

| From: | Mirsky, Sara J. (CIV) |
|---|---|
| To: | Matthew D. Quinn; Lipscomb, Bridget (CIV); Bain, Adam (CIV); Ryan, Patrick J. (CIV); Turner, Joseph B. (CIV); Adams, Jennifer E (CIV) |
| Cc: | Kevin Dean; jeb@belllegalgroup.com; Zina Bash; Debbie R. Whaley |
| Subject: | RE: Camp Lejeune - Meet and Confer on January 19, 2024 |
| Date: | Monday, January 22, 2024 6:25:47 PM |
| Attachments: | image001.png<br>image002.png |

All,

We are in receipt of your email. While the United States does not agree with all of Plaintiffs' characterizations of the meet and confer, we are in agreement overall with the substance. We would like to provide clarification, however, regarding some of the statements pertaining to the muster rolls. First, we stated during the meet and confer that it is our understanding that the Marine Corps does not believe at this time that it will be able to retrieve digitized muster rolls from the NAS. That has not been fully confirmed, but we wanted to provide Plaintiffs with the most-recent update on Friday. Second, we did not agree that "technical consultants could participate in a conference regarding the generation of data during this digitization effort" as it pertains to NARA's files. We do not believe that there is further information available regarding this effort, and as discussed on Friday, any remaining questions regarding the data created during the NARA/ancestry.com project should be directed to ancestry.com. Further, the individuals who will be present during the meeting in Quantico were not involved in the project involving NARA/ancestry.com, and as such, a discussion with them regarding the NARA/ancestry.com would not be appropriate.

As to the in-person muster roll review, the USMC team is available on Tuesday, January 30 for this visit. They have requested the names of any attendees, so please send those as soon as possible. The address is:

James W Marsh Building
3280 Russell Road
5th Floor, Room 563A
Quantico, VA 22134

Please confirm that this date works, and send the requested information, and we can get this set up with the USMC team. In addition, the USMC team is still looking into whether information for specific individuals can be pulled from the ongoing muster roll digitization efforts. We believe any questions related to the muster roll data and storage are best answered by the technical teams at the meeting next week, but it is our understanding that the software is a proprietary program developed for the Marine Corps that is connected to a SQL Server database.

As to the ATSDR, and as your email indicated, we are still working with ATSDR to provide a substantive update on Plaintiffs' requests for certain "project files," but wanted to reach out with some additional information that we have at this point. We suggest having an additional meet and confer later in the week – we can suggest a date and time once we have a better sense of when we will have more information to share.

First, per Plaintiffs' request, ATSDR can produce lists of the sub-folder trees to the parent folders on the EDRP spreadsheet. We request that Plaintiffs send us a list of the top 20 folders they would like to prioritize for review at this point, and we will ask ATSDR to prepare the sub-folder trees. We note that ATSDR has represented that the first parent folder (\\cdc.gov\project\CCEHIP_ATSDR_EDRP01\Camp LeJeune.NC) contains over 4,000 sub-folders within it.

Second, the United States reiterates its request that Plaintiffs review the publicly available reports and the data and documents produced to date in this litigation in an effort to identify categories or specific documents that Plaintiffs are seeking. We are not suggesting that such a list would preclude the production of additional documents, but the identification of such documents could significantly narrow the remaining documents Plaintiffs are seeking.

Third, ATSDR is working to collect the parent folders for the "health effects" studies, and we will send a list of those to Plaintiffs as soon as it is available. It is our understanding that these files contain at least 1.7TB of data – it could be much more. ATSDR is also working to identify certain datasets that can be produced quickly, and we will provide Plaintiffs with an update on that as soon as it is available.

Finally, given the above and the limited time prior to tomorrow's status conference, the United States suggests that the Parties inform the Court during the status conference that progress is continuing on discovery efforts at this time. Please let us know if Plaintiffs are amenable to that plan.

We look forward to continuing these discussions later this week.

Thanks,
Sara



**Sara J. Mirsky**
Trial Attorney
Environmental Torts Litigation
U.S. Department of Justice
**202.616.8362 (Office)**
**202.451.7726 (Mobile)**
**sara.j.mirsky@usdoj.gov**

*This email and any attachments may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify the sender immediately and delete or destroy the original transmission and any copies (electronic or paper).*

**From:** Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>
**Sent:** Monday, January 22, 2024 5:03 PM
**To:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>
**Cc:** Kevin Dean <kdean@belllegalgroup.com>; jeb@belllegalgroup.com; Zina Bash <zina.bash@kellerpostman.com>; Debbie R. Whaley <DebbieWhaley@lewis-roberts.com>
**Subject:** [EXTERNAL] Camp Lejeune - Meet and Confer on January 19, 2024

Counsel –

I am writing to confirm our discussion held on January 19, 2024 at 12:00 pm. Present for the Plaintiffs' Leadership Group ("PLG") were Ed Bell, Gabby Reynolds, Kevin Dean, Matt Quinn and Zina Bash. Present for the government were Jen Adams, Lena Yueh, Joseph Turner, Patrick Ryan, and Sara Mirsky. In general terms, we discussed four topics:

1. <u>ATSDR Datasets</u> – The PLG's letter of January 8, 2024 stated that we have become concerned that the ATSDR datasets produced in response to RFP1, Request No. 1, may have been filtered. During the referenced meet and confer, you stated that the ATSDR's understanding is that the datasets produced to the PLG are not filtered. Instead, the ATSDR's understanding is that the datasets produced to the PLG are the same datasets that the ATSDR received from the DMDC. The government stated that, if the PLG wants other data, the data would need to come from the DMDC.

2. <u>ATSDR Project Files</u> – The PLG's letter of January 8, 2024 proposed a compromise to resolve the PLG's Motion to Compel [D.E. 81] and the government's Cross-Motion for Protective Order [D.E. 93] (the "discovery dispute"). That compromise would involve production of the ATSDR's "water modeling" and "health effects" complete project files (the "project files"). In response, the government provided a spreadsheet of pathways for the "water modeling" portion of the project files on January 17, 2024. During the subject meet and confer, the government sought clarification about whether the PLG's request for the project files included incidental documents such as drafts, notes and correspondence. The government contended that the production of such incidental documents would present certain challenges. In response, the Kevin Dean recommended that the parties consider the following approach: the government should share a list of the subfiles within the "pathways" shared on the government's above-referenced spreadsheet of the "water modeling" portion of the project files. A similar index of subfiles within the "health effects" segment of the project files should also be shared. Upon receipt of these indexes of subfiles, the PLG may be able to prioritize production of certain subfiles. Depending upon the nature of the subfiles, and the speed of production, the parties may be able to resolve their above-referenced discovery dispute. The government agreed to speak with the ATSDR about whether a list of

these subfiles can be shared as requested.

3.   Muster Rolls – The government reported that the Marine Corps cannot retrieve the digitized muster rolls from the Network Attached Storage ("NAS"). The government volunteered to arrange for its technical consultants to meet with the PLG's technical consultants regarding the problems with retrieving the referenced digitized muster rolls. The government also agreed to permit a meeting or inspection in Quantico concerning the NAS. The parties also discussed whether any data (including data in tabular format) was generated during the digitization of the muster rolls pursuant to the NARA/Ancestry.com project. The government stated that some sort of data was generated but that it does not contain helpful information such as names or dates. Shortly after the meet and confer, the government provided a sample for our evaluation. The government also agreed that its technical consultants could participate in a conference regarding the generation of data during this digitization effort.

In a separate email sent on January 19, 2024, Kevin Dean proposed January 30 or January 31, 2024 for a meeting among the parties' technical consultants in Quantico regarding muster rolls. So that our consultants can be prepared for the meeting, Kevin also asked for information about file types and program identifications. We look forward to receiving your feedback on these issues. We also ask that you confirm whether, during the meeting in Quantico, the parties can discuss the existence and nature of data generated during the NARA/Ancestry.com digitization project.

4.   Notice to the Court. The parties agreed that, during the Status Conference on January 9, 2024, the Court requested that the parties provide an update on the above-referenced discovery dispute within 14 days (*i.e.*, January 23, 2024). The parties agreed to touch base shortly about the content of that notice, including whether a joint notice is feasible. We indicated that a joint notice reporting that the parties are making constructive progress would be more likely if the government can provide a list of the subfiles within the project files, as discussed above.

Please let me know if any of this is inaccurate. Thank you.

Matt Quinn

Lewis & Roberts

**Matthew D. Quinn**
Partner
mdq@lewis-roberts.com

3700 Glenwood Ave.
Suite 410
Raleigh, NC 27612

Direct: 919.719.8538
Office: 919.981.0191
Fax: 919.981.0199

**Confidentiality Notice:** This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and delete the original message and destroy all copies.

**From:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>
**Sent:** Friday, January 19, 2024 1:22 PM
**To:** Kevin Dean <kdean@belllegalgroup.com>; jeb@belllegalgroup.com; Zina Bash <zina.bash@kellerpostman.com>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>
**Cc:** Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>
**Subject:** RE: Camp Lejeune - letter about defendant's document production

Kevin,

We have asked ATSDR whether they can provide screenshots of the sub-folder trees for the "health effects" project file as well.

Joey is reaching out to the Marines and we will get back to you with more information on that front as soon as we hear.

Thanks,
Sara



Sara J. Mirsky
Trial Attorney
Environmental Torts Litigation
U.S. Department of Justice
**202.616.8362 (Office)**
**202.451.7726 (Mobile)**
sara.j.mirsky@usdoj.gov

*This email and any attachments may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify the sender immediately and delete or destroy the original transmission and any copies (electronic or paper).*

**From:** Kevin Dean <kdean@belllegalgroup.com>
**Sent:** Friday, January 19, 2024 1:17 PM

**To:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>; J Edward Bell <jeb@belllegalgroup.com>; Zina Bash <zina.bash@kellerpostman.com>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>
**Cc:** Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>
**Subject:** [EXTERNAL] Re: Camp Lejeune - letter about defendant's document production

Sara/Jey:

Two quick items, as I just spoke to our IT experts:

1. IT Muster Meeting:

   1. We can probably plan something around Jan 30-31 at Quantico on the IT meeting, if that is acceptable: and

   2. Can we get any information about "file type" or "program identification" or identification information about the "legacy system", so they can do research and be prepared for the meeting?

   B: Health Project File Listing

I forgot to mention, but just as the water modeling project file subfolder "views" for the folders identified, if we can do the same for the health file when you send that, would speed our assessment and possible resolution of these issues and target based on priority files/folders.

Thanks for the call today.


Kevin R. Dean
Member, Motley Rice LLC
Operating today at Bell Legal Group through Secure Email Server
Cell: 843-834-1130
Get Outlook for iOS

---

**From:** Kevin Dean <kdean@belllegalgroup.com>
**Sent:** Friday, January 19, 2024 11:49:48 AM
**To:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>; J Edward Bell <jeb@belllegalgroup.com>; Zina Bash <zina.bash@kellerpostman.com>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>
**Cc:** Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>
**Subject:** Re: Camp Lejeune - letter about defendant's document production

Good morning Sara. For our call at noon, I thought I would give you heads up on the below which we likely will reference in our call related to production of the "complete project files/folders" for water modeling and health studies publiclly released to date and those referenced in the water modeling excel spreadsheet you sent this week:

The first is a statute under CERCLA:

**(A)** Any records, reports, or information obtained from any person under this section (including records, reports, or information obtained by representatives of the President) shall be available to the public, except that upon a showing satisfactory to the President (or the State, as the case may be) by any person that records, reports, or information, or particular part thereof (other than health or safety effects data), to which the President (or the State, as the case may be) or any officer, employee, or representative has access under this section if made public would divulge information entitled to protection under section 1905 of Title 18, such information or particular portion thereof shall be considered confidential in accordance with the purposes of that section, except that such record, report, document or information may be disclosed to other officers, employees, or authorized representatives of the United States concerned with carrying out this chapter, or when relevant in any proceeding under this chapter.
**42 U.S.C. § 9604**

Also,

42 C.F.R. § 90.13
**§ 90.13 Recordkeeping requirements.**
(a) ATSDR shall maintain a record of all health assessments and health effects studies. The Administrator shall, at his or her discretion, determine the contents of the record. At a minimum, the record shall include:
(1) The final ATSDR report of the health assessment or health effects study;
(2) Nonconfidential data and other information upon which that report is based or which was considered by ATSDR;
(3) Nonconfidential data or other information submitted by interested persons pertaining to the health assessment or health effects study;
(4) The protocol for the health effects study;
(5) A list of the individuals responsible for external peer review of the report of a health effects study, their comments, and ATSDR's response to the comments; and
(6) For health effects study, the notice announcing the availability of a draft final report for public review and comment, all comments received in response to the notice, and any responses to the comments by ATSDR.
(b) The record may contain a confidential portion which shall include all information determined to be confidential by the Administrator under this part.
(c) The Administrator may determine other documents are appropriate for inclusion in the record for health assessments or health effects studies.
(d) Predecisional documents, including draft documents, are not documents upon which ATSDR bases its conclusions in health assessments or health effects studies, and are not usually included in the record for health assessments or health effects studies.
==(e) The record for ATSDR health assessments and health effects studies will be available==

<mark>for review, upon prior request, at ATSDR headquarters in Atlanta, Georgia.</mark>
(f) Nothing in this section is intended to imply that ATSDR's decisions to conduct health assessments or health effects studies, or the reports of health assessments or health effects studies, are subject to judicial review.
SOURCE: 55 FR 5138, Feb. 13, 1990, unless otherwise noted.
AUTHORITY: 42 U.S.C. 9615; 42 U.S.C. 6939a(c).
Current through Jan. 18, 2024, 89 FR 3532. Some sections may be more current. See credits for details.

Kevin R. Dean
Member, Motley Rice LLC
Operating today at Bell Legal Group through Secure Email Server
Cell: 843-834-1130
Get Outlook for iOS

---

**From:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>
**Sent:** Thursday, January 18, 2024 10:25:02 AM
**To:** Kevin Dean <kdean@belllegalgroup.com>; J Edward Bell <jeb@belllegalgroup.com>; Zina Bash <zina.bash@kellerpostman.com>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>
**Cc:** Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>
**Subject:** RE: Camp Lejeune - letter about defendant's document production

Kevin,

We can discuss this further during the meet and confer. Does noon ET tomorrow (Friday) work for Plaintiffs? Let me know and I'll send out an invite.

Thanks,
Sara



**Sara J. Mirsky**
Trial Attorney
Environmental Torts Litigation
U.S. Department of Justice
**202.616.8362 (Office)**
**202.451.7726 (Mobile)**
sara.j.mirsky@usdoj.gov

*This email and any attachments may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this transmission or its contents is strictly prohibited.*

*If you have received this transmission in error, please notify the sender immediately and delete or destroy the original transmission and any copies (electronic or paper).*

**From:** Kevin Dean <kdean@belllegalgroup.com>
**Sent:** Wednesday, January 17, 2024 2:21 PM
**To:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>; J Edward Bell <jeb@belllegalgroup.com>; Zina Bash <zina.bash@kellerpostman.com>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>
**Cc:** Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>
**Subject:** [EXTERNAL] Re: Camp Lejeune - letter about defendant's document production

Sara, I can be available as suggested, but will await instruction/proposal from Ed.

I think a call would be very well worth the time to try to simply this as much as possible as I thought we did in the last call. Simply, we are shooting in the dark at misc files and folders, both of us. We both know both of our sides experts will be relying upon, commenting or making reference to these studies work and conclusions. Therefore, BOTH our experts will need access to the entire working "project file" for what the ATSDR scientist review, utilized and relied upon in reaching their conclusions. So, it's ONLY 1.5TB of data, and studies already related to the public, so ATSDR can right click and copy the file structure you sent and save to a hard drive and send it. It will then be the original project files used for this work, and will be in native format. Finally, it should include cohort master data, that is not "filtered", which is all we have to date. The point is piece-miling the data to either of us, is unproductive, incomplete and will result in confusion and future ask. Let's do it right now.

Look forward to the meet and confer.

Kevin R. Dean
Member, Motley Rice LLC
Operating today at Bell Legal Group through Secure Email Server
Cell: 843-834-1130
Get Outlook for iOS

---

**From:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>
**Sent:** Wednesday, January 17, 2024 9:12:24 AM
**To:** J Edward Bell <jeb@belllegalgroup.com>; Zina Bash <zina.bash@kellerpostman.com>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>; Kevin Dean <kdean@belllegalgroup.com>
**Cc:** Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>
**Subject:** RE: Camp Lejeune - letter about defendant's document production

All,

We write to provide an update and seek clarification on Plaintiffs' proposal regarding ATSDR "project files" for the "water modeling" and "health effects" studies.

Plaintiffs' January 8, 2024 letter indicates that Plaintiffs' requests for the index and "project files" are being driven by concerns that some of the datasets produced in response to RFP 1, Request No. 1 may not contain all of the data that Plaintiffs were expecting to receive. As requested in our January 12, 2024 letter, could Plaintiffs please confirm that if ATSDR produces additional data responsive to Plaintiffs' concerns, or confirms that the datasets have not been "filtered" by ATSDR, producing "project files" pursuant to the rest of the proposal is unnecessary?

Regarding the "water modeling" files, ATSDR has identified the "project file" pathways as represented in the attached spreadsheet. As you can see, these files total over 1.5TB. ATSDR is currently assessing the nature of the documents to determine the extent to which the content of these files may have already been produced or made available to Plaintiffs. A number of these folders will also need to be reviewed for privilege prior to production. Given the large size of these files, it would be very helpful if Plaintiffs could indicate whether there are folders that Plaintiffs are either not requesting or, conversely, prioritizing. Notably, the United States has already produced a significant volume of information related to ATSDR's water modeling reports. Files and information related to the 2007/2009 ATSDR water modeling report for Tarawa Terrace were produced on December 28, 2023, and files and information related to the 2013 ATSDR water modeling report for Hadnot Point/Holcomb Boulevard were produced on January 16, 2024. Can Plaintiffs please confirm whether receipt of these sets of files satisfy Plaintiffs' discovery requests, such that the additional "water modeling" files need not be produced?

Regarding the "health effects" files, ATSDR is still identifying the relevant "project file" pathways. We will provide an update with the size of those files when available. At this point, we can report that there may be some underlying datasets from prior studies that can be produced relatively easily. These are the key datasets that ATSDR would have examined and relied upon in publishing certain health studies. Can Plaintiffs confirm whether they are seeking anything beyond these datasets in asking for "project files"?

We would like to have a meet and confer to discuss Plaintiffs' ATSDR proposal, along with other discovery updates, later this week. Does Friday, January 19 at noon ET work for Plaintiffs? If that works, the United States requests that Plaintiffs respond to the questions herein prior to Friday's discussion.

Please let us know if you have any other questions or concerns in the interim.

Thank you,
Sara

Sara J. Mirsky
Trial Attorney
Environmental Torts Litigation



U.S. Department of Justice
**202.616.8362 (Office)**
**202.451.7726 (Mobile)**
sara.j.mirsky@usdoj.gov

*This email and any attachments may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify the sender immediately and delete or destroy the original transmission and any copies (electronic or paper).*

**From:** Mirsky, Sara J. (CIV)
**Sent:** Friday, January 12, 2024 4:16 PM
**To:** 'J Edward Bell' <jeb@belllegalgroup.com>; Zina Bash <zina.bash@kellerpostman.com>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>; Kevin Dean <kdean@belllegalgroup.com>
**Cc:** Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>
**Subject:** RE: Camp Lejeune - letter about defendant's document production

All,

Please see the attached letter in response to Plaintiffs' January 8, 2024 letter.

Thank you, and have a good weekend,
Sara



Sara J. Mirsky
Trial Attorney
Environmental Torts Litigation
U.S. Department of Justice
**202.616.8362 (Office)**
**202.451.7726 (Mobile)**
sara.j.mirsky@usdoj.gov

*This email and any attachments may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify the sender immediately and delete or destroy the original transmission and any copies (electronic or paper).*

**From:** J Edward Bell <jeb@belllegalgroup.com>
**Sent:** Monday, January 8, 2024 12:44 PM
**To:** Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>; Zina Bash <zina.bash@kellerpostman.com>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>; Kevin Dean <kdean@belllegalgroup.com>
**Subject:** [EXTERNAL] FW: Camp Lejeune - letter about defendant's document production

Good Afternoon

Attached please find confirming correspondence in regard to recent "Meet & Confer" on Friday, January 5,2024.

Please see Plaintiffs' proposal to resolve these issues as set forth in the letter.

Thank you
Ed Bell