# EXHIBIT 6

# Matthew D. Quinn

**From:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>
**Sent:** Friday, January 26, 2024 5:36 PM
**To:** Matthew D. Quinn; jeb@belllegalgroup.com; Bain, Adam (CIV); Lipscomb, Bridget (CIV); Ryan, Patrick J. (CIV); Kevin Dean; James A. Roberts; Zina Bash; Turner, Joseph B. (CIV); Adams, Jennifer E (CIV)
**Subject:** RE: Camp Lejeune-Discovery

All,

The United States is making the following proposal regarding the production of ATSDR's "project files," as previously requested by Plaintiffs. As an initial matter, the United States wants to confirm its commitment to complying with its discovery obligations and complying with the procedures put in place in the jointly submitted ESI Protocol. Producing the project files as they exist on ATSDR's servers, however, would create a host of issues related to document identification at depositions and further on in the litigation. It could also implicate statutory concerns and create complications related to future clawback requests that can be expediently addressed now.

Because these productions will necessarily include a large number of native files, we would request that the Parties meet and confer as to the best way to label and organize the produced files to ensure the data is trackable and easily identifiable as we move forward in the litigation

As to the water modeling "project files," we propose that ATSDR use the folder trees in the "project files" to identify folders that house data-related files and produce those immediately in a native format. This would involve identifying near-parent folders that contain, or likely contain, data files (such as SAP or GIS files). To the extent some "non-data" files are produced natively in this process, the United States reserves its rights to reproduce those files in accordance with the ESI Protocol or claw them back pursuant to CMO 5. The United States would then have the remaining "non-data" files processed, reviewed, and produced on a rolling basis in compliance with the ESI Protocol. If any additional data files are uncovered during this process, they will be produced natively as well.

We are also working with ATSDR on production of the "project files" for the health effects studies. We expect to be able to produce the files for some of the health studies expeditiously and in a manner similar to the water modeling "project files." For other studies, we are working with ATSDR to quickly address certain legal issues with respect to the underlying data. We think it would benefit everyone to have a discussion about this on Monday. **Please let us know if Plaintiffs are available for a discussion on Monday at 4pm.** In the interim, ATSDR has identified certain datasets from health effect studies that can be produced shortly after we reach agreement on the best way to label and track the production of native files.

In addition, the United States strenuously asserts that these productions will be designated as confidential and produced under the strongest protections possible under the Protective Order. This is particularly the case for any data or information related to well locations or other water sources, which implicate national security concerns. The United States expects that Plaintiffs will not permit the release of any of these materials to non-parties, and that those individuals to whom Plaintiffs provide this information will understand the confidential nature of these documents. The United States will seek immediate Court intervention should any release of "project file" materials occur. The United States is also maintaining all possible privileges over the documents that will be produced as part of the "project files," and reserves its right to clawback any documents following production. Plaintiffs will also be expected to conform to their obligations under CMO 5 for all "project file" documents, including notifying the United States immediately upon he identification of any privileged document.

1

Overall, we believe this proposal will give Plaintiffs access to the data files that are seemingly of the highest priority from Plaintiffs' request. It will also allow the Parties to reasonably proceed with the remainder of discovery in accordance with the ESI Protocol. To the extent there are water modeling folders Plaintiffs want ATSDR to prioritize for the production of native files, please let us know. And as previously discussed, if there are categories of documents that Plaintiffs know they want to review, please send those to us and we will try to locate them.

If you have any additional questions, please let us know.

Thank you,
Sara



Sara J. Mirsky
Trial Attorney
Environmental Torts Litigation
U.S. Department of Justice
202.616.8362 (Office)
202.451.7726 (Mobile)
sara.j.mirsky@usdoj.gov

This email and any attachments may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify the sender immediately and delete or destroy the original transmission and any copies (electronic or paper).

**From:** Mirsky, Sara J. (CIV)
**Sent:** Friday, January 26, 2024 9:17 AM
**To:** Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>; jeb@belllegalgroup.com; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Kevin Dean <kdean@belllegalgroup.com>; James A. Roberts <JimRoberts@lewis-roberts.com>; Zina Bash <zina.bash@kellerpostman.com>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>
**Subject:** RE: Camp Lejeune-Discovery

Matt,

Thank you for your email. We agree that it is best to move forward with the inspection on January 30, and believe that Plaintiffs will be able to have any additional questions answered during that time. To that end, we have received the following information from the USMC in response to Plaintiffs questions from January 24. The answers below are as provided by USMC in red.

*The PLG requests that the inspection consist of the following two components:*

*(a)    During the meeting at Quantico, the PLG requests that the government's consultants conduct a demonstration of this level of functionality by duplicating the queries already run.*
    YES

*(b)    The PLG requests that its consultants conduct an inspection of the NAS following the government's above-referenced demonstration. Among other things, this inspection will involve queries for specific clients of the law firms encompassing the PLG.*
    This appears supportable.

2

In addition, PLG is also requesting the following:

(a) We ask that the government identify the specific Database Management System ("DBMS") employed for accessing the muster roll database and the referenced proprietary software.
   *the database is accessed using Microsoft SQL server*

(b) Please identify the file size of the muster roll database.
   *The muster roll "database" appears to currently consist of 371 GB (399,111,297,979 bytes) of information.*

(c) Please identify the format of muster roll images stored on the NAS.
   *The images are stored as PaperVision pdf files. The PaperVision software is proprietary*

(d) Please identify the technical reasons underlying the government's claim that "[i]t does not appear that the USMC will be able to retrieve the muster rolls from this legacy system."
   *The initial report that the USMC was unable to retrieve the files stemmed from the fact that the NAS device, where this data was stored, was not operational. Since that initial report, the system has been restored to an operational status and information indicates that the files that were transferred to our datacenter have been successfully restored.*

(e) In a recent letter, Ms. Mirsky stated that "[s]everal test queries were performed and provided confirmation that the system appears to be working properly." See Ms. Mirsky's Letter of 1/12/24, at p 2. Please provide a copy of the output for each of the referenced test queries.
   *See Attachment: PaperVision_screencap.docx*

```
MONTHLY   PERSONNEL  ROSTER
HQ CO 2D ARMORED AMPH BN        CMC            3471

31 OCTOBER 1950
CAMP LEJEUNE


                         SERVICE
     NAME                NUMBER    RANK  MOS   CC  S        04
BARTON TAYLOR            044962    1LT   1803  JR
BLEDSOE HARLEY F         043632    1LT   1803  01           4560
BOLLINGER WILLIAM        046024    1LT   1801  PR           1803
DAVIS DAVID JR           030264    1LT   1803  PR           0302
GEARY EDWARD T           035205    1LT   1803  PR  1        0302
MCALINN JOHN F           06743     CLT   0802  01           0840
NASH CAMILLUS A          019106    MAJ   1010  PR
```

```
AS OF 09/30/86                              H I S T O R I C A L   T R A N S A C T I O N

                                                    UD      ACTION   EFF
      SSN          LAST NAME      INIT UD NUM   RUC DATE    DATE     DATE   DIARY ST
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 BILMOS 99
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 A1RED SPO

                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 A2RED SPO

                   KRALOVEC III   GW   003-37  54026 860728 860728  860724 CHAN VHA
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 DDLB 8607
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 DGLC 220
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 STOP OPFL
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 TO PLT TR
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 RIFLE NOT
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 F10 F98
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 F11 TDC-1
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 F12 00000
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 F25 00000
                   KRALOVEC III   GW   003-37  54026 860728 860728  860728 F28 00000
                   KRALOVEC III   GW   003-82  54026 860822 860809  860809 ON ANN LV
                   KRALOVEC III   GW   003-67  54026 850912 870912  860912 PREF DUTY
                   KRALOVEC III   GW   004-00  54026 860904 860904  860902 CHAN VHA
                   KRALOVEC III   GW   001-24  6091  860904 860725  860725 SIRT IPCS-
```

*(f)   Please provide the names of the government's IT employees involved in this retrieval operation, as well as the ames of the government's outside consultants involved in this retrieval operation. In an effort to ensure that the inspection is productive, we may take their depositions <u>prior to the inspection.</u> Additionally, we need to depose the outside vendor's representative that has been involved in challenging the system. That way, we can learn more about the software, the system platform that was utilized and other technical aspects to more fully understand the system prior to the inspection.*

Daniel Holsinger – Government
Hugo Guerrero – Government
Dan Zuniga – Dell
Mark Boyce – Dell
Aaron Zaharias – Dell

Generally speaking, the United States disagrees that additional depositions of any individuals involved in this project are necessary or appropriate. The USMC has undertaken great efforts to retrieve any available data from the legacy system, and the United States has provided and continues to provide answers to all of Plaintiffs' questions about this effort. To the extent Plaintiffs have additional questions before or after the inspection, please send them to us.

The United States believes it is worth repeating that it was never clear whether this legacy system would provide responsive documents to Plaintiffs' RFPs. Despite the USMC's best efforts, it appears that it will not. There continue to be additional avenues for retrieving the muster rolls, including the inspection of hard copy documents and the ongoing digitization efforts. We hope that Plaintiffs' inspection at Quantico will satisfy any remaining issues related to this matter.

lease let us know if you have any questions or would like to discuss. Also, please let us know who will be attending on January 30 so that we can finalize the relevant logistics.

Thanks,
Sara



**Sara J. Mirsky**
Trial Attorney
Environmental Torts Litigation
U.S. Department of Justice
**202.616.8362** (Office)
**202.451.7726** (Mobile)
sara.j.mirsky@usdoj.gov

*This email and any attachments may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify the sender immediately and delete or destroy the original transmission and any copies (electronic or paper).*

**From:** Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>
**Sent:** Thursday, January 25, 2024 7:24 PM
**To:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>; jeb@belllegalgroup.com; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Kevin Dean <kdean@belllegalgroup.com>; James A. Roberts <JimRoberts@lewis-roberts.com>; Zina Bash <zina.bash@kellerpostman.com>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>
**Subject:** [EXTERNAL] RE: Camp Lejeune-Discovery

Sara –

We appreciate your below statement that the PLG's request for information concerning the Quantico muster rolls, as set forth in our January 24, 2024 email (the "information requests"), have been forwarded to the Marine Corps. In our email of January 24, 2024, the PLG stated that the inspection of the NAS at Quantico on January 30, 2024 should be delayed until the referenced information requests have been answered. However, upon further reflection, we think it important to conduct the inspection as initially planned so that the parties can continue to make progress on these muster roll issues.

Therefore, we would like to retain the inspection date of January 30, 2024 in Quantico. Further, we request that the inspection proceed as set forth in the PLG's below email of January 24, 2024.

In order to maximize the effectiveness of the inspection, we request that the government provide answers to the PLG's information requests prior to the inspection. But, in any event, we would like to move forward with the inspection on January 30, 2024 in Quantico.

We look forward to your response. Thank you,

Matt



Matthew D. Quinn
Partner
mdq@lewis-roberts.com

5

3700 Glenwood Ave.   Direct: 919.719.8538
Suite 410            Office: 919.981.0191
Raleigh, NC 27612    Fax: 919.981.0199

**Confidentiality Notice:** This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and delete the original message and destroy all copies.

**From:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>
**Sent:** Wednesday, January 24, 2024 4:35 PM
**To:** jeb@belllegalgroup.com; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>; Kevin Dean <kdean@belllegalgroup.com>; James A. Roberts <JimRoberts@lewis-roberts.com>; Zina Bash <zina.bash@kellerpostman.com>; Turner, Joseph B. (CIV) <Joseph.B.Turner@usdoj.gov>
**Subject:** RE: Camp Lejeune-Discovery

Ed,

We understand Plaintiffs' position with respect to the ATSDR project files. We are discussing this with ATSDR, and expect to have a response by Friday as to whether or not the United States will agree to the production of the project files as Plaintiffs are requesting.

As to the Quantico muster rolls, the United States has sent Plaintiffs' requests to the Marine Corps. We will report back as soon as we have additional information. Our general understanding, however, is that Plaintiffs' request regarding the two components of the in-person inspection can be accomplished. The United States will also provide answers to Plaintiffs' listed questions as soon as possible.

The United States is considering Plaintiffs' request with respect to the NARA muster rolls and will respond further when additional information is available.

Thank you,
Sara



Sara J. Mirsky
Trial Attorney
Environmental Torts Litigation
U.S. Department of Justice
202.616.8362 (Office)
202.451.7726 (Mobile)
sara.j.mirsky@usdoj.gov

This email and any attachments may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify the sender immediately and delete or destroy the original transmission and any copies (electronic or paper).

**From:** J Edward Bell <jeb@belllegalgroup.com>
**Sent:** Wednesday, January 24, 2024 10:34 AM

To: Bain, Adam (CIV) <Adam.Bain@usdoj.gov>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>; Kevin Dean <kdean@belllegalgroup.com>; James Roberts <jimroberts@lewis-roberts.com>; Zina Bash <zina.bash@kellerpostman.com>
Subject: [EXTERNAL] Camp Lejeune-Discovery

Good Morning

I am writing in response to Sara Mirsky's emails of January 22 and January 23, 2024, concerning three subjects: (a) the USMC muster roll project at Quantico, (b) the NARA/Ancestry.com muster roll project, and (c) the ATSDR's "health effects" and "water modeling" complete project files.

The ATSDR's Project Files

The PLG's letter of January 8, 2024, proposed a compromise to resolve the PLG's Motion to Compel [D.E. 81] and the government's Cross-Motion for Protective Order [D.E. 93]. That compromise would involve production of the ATSDR's "water modeling" and "health effects" complete project files (the "project files"). Following several email exchanges, the government most recently requested that the PLG "send us a list of the top 20 folders they would like to prioritize for review at this point, and we will ask ATSDR to prepare the sub-folder trees." *See* Ms. Mirsky's Email of 1/22/24.

We cannot agree to the government's proposal. The project files could be conveniently produced with little burden by simply uploading the same to an external hard drive and mailing the hard drive to the PLG. The contents of the project files—which formed the basis of the ATSDR's water modeling of Camp Lejeune—are clearly relevant. During the Status Conference of January 23, 2024, Magistrate Judge Jones expressed skepticism about the government's claim that the production of the project files must be delayed pending a privilege review. Magistrate Judge Jones noted that the Court has entered a Stipulated 502(d) Order, which permits the parties to "claw back" privileged documents that are inadvertently produced. [D.E. 30] Accordingly, there is no basis for delaying the production of these clearly relevant project files.

The ATSDR's "water modeling" and "health effects" complete project files are relevant and should be produced promptly. Please let us know your position on this matter.

Muster Rolls – Quantico

The Plaintiffs' Leadership Group ("PLG") would like to discuss the nature of the meeting in Quantico concerning the USMC's efforts to retrieve digitized muster rolls from a NAS. For this meeting to be constructive, it is important that the PLG's technical consultants be allowed to inspect/query the NAS at issue. Without this inspection, it will be difficult for the PLG's consultants to evaluate the government's statement that "[i]t does not appear that the USMC will be able to retrieve the muster rolls from this legacy system." *See* Ms. Mirsky's Email of 1/23/24. You will recall that, during the Status Conference of January 23, 2024, Magistrate Judge Jones provided guidance concerning the nature of the pertinent inspection in Quantico. Among other things, Magistrate Judge Jones clearly indicated that the PLG's technical consultants should be permitted to inspect the NAS that contains the digitized muster rolls.

The PLG requests that the inspection consist of the following two components:

(a) In a recent letter, Ms. Mirsky stated that, "As of today, the Marine Corps was able to stabilize the hardware on which the data resides and regain access to the database that sits between the proprietary software and the muster roll images located on the external Network-Attached Storage (NAS)." *See* Ms. Mirsky's Letter of 1/12/24, at p 2. During the meeting at Quantico, the PLG requests that the government's consultants conduct a demonstration of this level of functionality by duplicating the queries already run.

(b) The PLG requests that its consultants conduct an inspection of the NAS following the government's above-referenced demonstration. Among other things, this inspection will involve queries for specific clients of the law firms encompassing the PLG.

So that the PLG's technical consultants can be prepared for the meeting in Quantico, we also request that the government provide the following information:

(a) In a recent email from the government, Jennifer Adams stated the following: "The tech team has also successfully regained access to the database that interfaces with the proprietary software and the muster roll images." *See* Ms. Adams' Email of 1/8/24. We ask that the government identify the specific Database Management System ("DBMS") employed for accessing the muster roll database and the referenced proprietary software.

(b) Please identify the file size of the muster roll database.

(c) Please identify the format of muster roll images stored on the NAS.

(d) Please identify the technical reasons underlying the government's claim that "[i]t does not appear that the USMC will be able to retrieve the muster rolls from this legacy system." *See* Ms. Mirsky's Email of 1/23/24.

(e) In a recent letter, Ms. Mirsky stated that "[s]everal test queries were performed and provided confirmation that the system appears to be working properly." *See* Ms. Mirsky's Letter of 1/12/24, at p 2. Please provide a copy of the output for each of the referenced test queries.

(f) Please provide the names of the government's IT employees involved in this retrieval operation, as well as the names of the government's outside consultants involved in this retrieval operation. In an effort to ensure that the inspection is productive, we may take their depositions prior to the inspection. Additionally, we need to depose the outside vendor's representative that has been involved in challenging the system. That way, we can learn more about the software, the system platform that was utilized and other technical aspects to more fully understand the system prior to the inspection..

We appreciate your providing answers to these questions promptly. Based on the volume of work necessary prior to this inspection, we would like to postpone the January 30, 2024 date previously identified for this inspection. We can reschedule the inspection once the parties address the above-described issues. Finally, the government requested the names of persons attending the meeting in Quantico. We will provide responsive information once the inspection is rescheduled.

Muster Rolls – NARA/Ancestry.com

The PLG's email of January 22, 2024 expressed our belief that "[t]he government also agreed that its technical consultants could participate in a conference regarding the generation of data during this digitization effort" by NARA and Ancestry.com. In response, the government stated that it does "not believe that there is further

8

information available regarding this effort," and "any remaining questions regarding the data created during the NARA/Ancestry.com project should be directed to Ancestry.com." *See* Ms. Mirsky's Email of 1/22/24.

The PLG reserves all rights to contact Ancestry.com about these matters or issue a subpoena to Ancestry.com. However, the PLG does not agree with the government's position that further meetings between the parties, including the parties' technical consultants, could not be fruitful. The PLG prefers to concentrate immediate efforts on the above-referenced inspection in Quantico. After that inspection, the PLG may renew its request for a meeting among the parties' respective technical consultants concerning the NARA/Ancestry.com digitization efforts. In the interim, we ask that the government provide the names of its IT personnel involved in the NARA/Ancestry.com digitization project, and we also ask that the government provide the names of any outside consultants with Ancestry.com or other organizations involved with this digitization project.

I look forward to your response to the above-referenced matters.

Thank you,
Ed Bell



BELL
LEGAL
GROUP

CHARLESTON

Ed Bell
*Founding Partner*
*President – Charleston School of Law*
219 Ridge Street
Georgetown, SC 29440
o: 843.546.2408
f: 843.546.9604
jeb@belllegalgroup.com
www.belllegalgroup.com
www.charlestonlaw.edu

