# EXHIBIT 9

| From: | Mirsky, Sara J. (CIV) |
|---|---|
| To: | jeb@belllegalgroup.com; Ryan, Patrick J. (CIV); Matthew D. Quinn; Gabrielle Anna Sulpizio; Kevin Dean; Lipscomb, Bridget (CIV); Zina Bash; Eric Flynn; Bain, Adam (CIV); Turner, Joseph B. (CIV) |
| Subject: | RE: ATSDR files |
| Date: | Tuesday, January 30, 2024 9:07:52 PM |
| Attachments: | image010.png |
| | image011.png |
| | image012.png |
| | image013.png |
| | image014.png |
| | image015.png |
| | image016.png |
| | image017.png |
| | image018.png |
| | image019.png |

Ed,

The United States generally agrees with the representations in your email, and in an effort to move forward, will not address smaller disputes. We have conferred with ATSDR, and have a modified proposal that we believe will streamline the production of the "project files" while complying with the ESI Protocol.

The United States stresses its position that the "project files" are unquestionably "electronically stored information" and subject to the ESI Protocol. Section 2 of the ESI Protocol, entitled "Purpose," states: "This Order will govern the discovery, collection, and production of documents, including ESI, in the Action. . . . This Order shall supersede any instructions in existing or future discovery requests, except as modified by written stipulations of the Parties and approved by the Court. To the extent that instructions in existing or future discovery requests conflict with this Order, the Order shall govern." The United States and Plaintiffs agreed to the contents of the ESI Protocol, and the United States believes the ESI Protocol should govern Plaintiffs' request for a significant amount of data to help ensure the orderly and dispute-free use of this data moving forward. To date, Plaintiffs have not articulated any reason why the production specifications agreed to by the Parties and entered by the Court should not be followed. Nevertheless, the United States is willing to do what it can to expeditiously produce this data to Plaintiffs.

To that end, the United States is willing to produce the full water modeling project files pursuant to the ESI Protocol (as opposed to the United States' prior proposal to separate data files from non-data files and then process and produce them). Collection of these documents is already underway, and the United States is planning to produce these documents on a rolling basis. We hope to begin producing the files next week, and are projecting completion of this production within 45 days (for context, this would result in the processing and production of over 1.5TB of data in approximately two months from the date of PLG's request, which is incredibly expeditious). We will of course update you if any delays or disruptions are encountered along the way. And again, if there are certain parent folders that Plaintiffs wish to be prioritized for production, please let us know as soon as possible. The United States reiterates that these files are being produced pursuant to the Protective Order to the strictest extent possible with respect to confidentiality. Within that estimated time frame, the United States will screen for facially privileged materials, which will add a negligible amount of time to the overall production schedule and will prevent the production of obviously privileged documents. The United States reiterates that it is not waiving any privilege or

other protection over these documents and all provisions of the Stipulated Protective Order (ECF No. 36) and the Stipulated 502(d) Order (ECF No. 30) remain in full force and effect. The United State will perform a more thorough review of these documents after the productions are made, and will seek the clawback of documents as necessary. Per Plaintiffs' representations, we expect Plaintiffs will be amenable to clawback requests that are made subject to this review.

As you know, we are also currently working on the best way to approach the health effects project files. We hope to have more to report on that front later this week. But in the interim, we are preparing for production certain key datasets and additional files from the following health effects studies:

1. Adverse Birth Outcomes Study
2. Birth Defects and Childhood Cancers Study
3. Male Breast Cancer Study
4. Morbidity Study

These do not constitute the full "project files" for these ATSDR Camp Lejeune health effects studies. But we nonetheless plan to produce these selected files in the next week to give Plaintiffs access to the key datasets for these studies as quickly as possible while the other issues, including the handling of statutorily protected materials and confidential data, are being sorted out.

The United States is considering Plaintiffs' request for a "tree-size report," and will respond separately to that request. The United States is also awaiting PLG's "virtual bates-labeling" proposal, and will consider it upon receipt (although the United States believes the above proposal and compliance with the ESI Protocol would obviate the need for such bates stamping).

Overall, the United States believes this is a very reasonable and efficient approach, and has worked hard to get to this position. We hope the Plaintiffs agree that this is a workable solution, and that it will result in Plaintiffs receiving all of the producible "project files" in an expeditious manner that complies with the jointly submitted ESI Protocol.

Please let us know if you would like to discuss further.

Thanks,
Sara



**Sara J. Mirsky**
Trial Attorney
Environmental Torts Litigation
U.S. Department of Justice
**202.616.8362 (Office)**
**202.451.7726 (Mobile)**
<u>sara.j.mirsky@usdoj.gov</u>

*This email and any attachments may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify the sender immediately and delete or destroy the original transmission and any copies (electronic or paper).*

**From:** J Edward Bell <jeb@belllegalgroup.com>
**Sent:** Monday, January 29, 2024 8:43 PM
**To:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>; Ryan, Patrick J. (CIV) <Patrick.J.Ryan@usdoj.gov>; Matthew D. Quinn <MatthewQuinn@lewis-roberts.com>; Gabrielle Anna Sulpizio <GSulpizio@belllegalgroup.com>; Kevin Dean <kdean@belllegalgroup.com>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Zina Bash <zina.bash@kellerpostman.com>; Eric Flynn <EFlynn@belllegalgroup.com>
**Subject:** [EXTERNAL] ATSDR files

I am writing to confirm our discussion held on January 29, 2024, at 4:00 pm.

The parties' discussion involved the PLG's request that the government produce the ATSDR's "water modeling" and "health effects" **complete project files (the "project files").** In an email of January 26, 2024, the government proposed a procedure for production of the project files (the "government's proposal"). On January 28, 2024, the PLG proposed an alternative that, in our judgment, would speed up the government's production of the project files (the "PLG's proposal"). Today's meet and confer involved a discussion of the various issues raised in the parties' emails of January 26 and 28, 2024.

Our understanding is that the government's most significant objection to the PLG's proposal is that it would depart from the ESI Protocol. [D.E. 52]. The PLG disagrees that the ESI Protocol is applicable to the PLG's proposal. However, the PLG noted that paragraph 9(c) allows for amendments to the ESI Protocol **"by stipulation of the Parties approved by the Court, or by order of the Court, on noticed motion."** The PLG contended that production pursuant to the PLG's protocol would be most efficient while avoiding any alteration of metadata. The Government agreed to determine the length of time it would take to produce the entire ATSDR requested files and share that information on Tuesday, January 30th.

Furthermore, the PLG indicated that it had consulted technology experts, who proposed a means of **virtually bates-labeling the project files quickly without alteration of**

**metadata.** We agreed to share this alternative means of production tomorrow, and the government indicated that it would consider the suggestion. This would allow the government to produce the requested files without delay and without the possibility of damage to the files.

The government indicated that there are certain confidentiality issues with production of the entire "health effects" portion of the project files. The government specifically identified the "cancer incidence" and "morbidity" studies as presenting confidentiality issues. For instance, the government stated that the underlying data was obtained from death certificate information pursuant to 42 U.S.C. § 242m(d), which may impose restrictions upon the production in this litigation of the underlying data.

Further, the government stated that certain data was procured through "Data Usage Agreements" with several states. Those Data Usage Agreements, according to the government, may impose further restrictions on the production of this data. PLG requested copies of the "Data Usage Agreements".

The government is presently investigating alternatives that would address the above-referenced confidentiality issues with respect to the "health effects" portion of the project files. Where such confidentiality issues are not pertinent, the government's proposal would be to produce those materials in the same manner as the "water modeling" portion of the project files. The government agreed to investigate production to the PLG of an example Data Usage Agreement.

The PLG is concerned that some provisions of the government's proposal could be interpreted as not providing a full and complete production set of the project files.

Therefore, the PLG requests that the government **produce a report, such as a Tree-size report, of each project files, detailing the name and size of all items contained in the project files.** Producing this report is not burdensome, as it can be generated easily through the computer, and will allow the PLG to see all folders, subfolders, and files are included in the ATSDR's "water modeling" and "health effects" complete project files.

Regards
Ed Bell



# BELL LEGAL GROUP



CHARLESTON
SCHOOL OF LAW

**Ed Bell**
*Founding Partner*
*President | Charleston School of Law*
**219 Ridge Street**
**Georgetown, SC 29440**
*o:* **843.546.2408**
*f:* **843.546.9604**
jeb@belllegalgroup.com
www.belllegalgroup.com
www.charlestonlaw.edu

  

R GLOBAL- MEMBER FIRM