IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CAMP LEJEUNE WATER LITIGATION | ) ORDER ON MOTION TO AMEND |
| | ) CASE MANAGEMENT ORDER NO. 2 |
| This Document Relates to: | ) (CASE MANAGEMENT ORDER NO. 10) |
| ALL CASES | ) |

This matter is before the court on Defendant's motion to amend Case Management Order No. 2 ("CMO 2") [D.E. 23]. [D.E. 95]. Plaintiffs oppose the motion. [D.E. 114]. Pursuant to this court's inherent powers, the Federal Rules of Civil Procedure 1, 16(c)(2)(L), 42(a)(3), and CMO 2 [D.E. 23], the court grants Defendant's motion in part. *See* Fed. R. Civ. P. 1, 16(c)(2)(L), 42(a)(3).

## I.  Background

This litigation concerns the more than fifteen hundred individual lawsuits filed under the Camp Lejeune Justice Act ("CLJA") in this district. *See* Pub. L. No. 117-168, § 804, 135 Stat. 1759, 1802–04. With the CLJA, Congress created a new federal cause of action permitting "appropriate relief for harm that was caused by exposure to the water at Camp Lejeune" for individuals who resided, worked, or were otherwise exposed for not less than 30 days during the period between August 1, 1953, and December 31, 1987. *See id.* § 804(b). To better manage this litigation, the court solicited submissions regarding the creation of a plaintiffs' leadership structure. [D.E. 1]. After considering these submissions, the court appointed the Plaintiffs' Leadership Group, *see* [D.E. 10], and entered case management orders streamlining pretrial procedures in all CLJA cases. *See, e.g.*, CMO 2 [D.E. 23].

As part of streamlining pretrial procedures, the court is phasing this litigation into separate

"Tracks." [D.E. 23] 8. Each Track comprises several different illnesses and proceeds on its own pretrial timeline. The court established the "Track 1 Illnesses" in CMO 2, specifically (1) bladder cancer, (2) kidney cancer, (3) leukemia, (4) Parkinson's disease, and (5) non-Hodgkin's lymphoma. [D.E. 23] XI.A. The parties were ordered to submit 20 plaintiffs for Track 1 Illnesses. [D.E. 23] XI.A.iii.a. From those submissions, the court set 100 Plaintiffs as the Track 1 Discovery Pool. *See* [D.E. 130].

Defendant now moves the court to amend portions of the CMO 2 consolidated pretrial procedure. [D.E. 95]. First, Defendant requests the court extend the Track 1 fact discovery window by 45 days.[1] [D.E. 129] 6–9. The court granted this extension when it established pretrial deadlines in the Track 1 Order. *See* [D.E. 130] A.iii.

Second, Defendant asks the court to strike the "opt-out" provision from CMO 2 for all future Tracks. [D.E. 95] 8. Defendant explicitly excluded Track 1 from its request. *Id.* The court described the opt-out procedure as follows:

> Plaintiffs' Leadership is responsible for overseeing and directing the discovery and trials of Plaintiffs who are selected for early [Track] discovery and trial pursuant to this Order. If any Plaintiff chooses not to proceed in a manner consistent with this Order, such individual Plaintiffs may remove themselves from consideration of selection into the Discovery Pool by notifying Plaintiffs' Leadership and counsel for the United States within 30 days of the filing of the Master Complaint [November 6, 2023].

[D.E. 23] XI.A.ii.b.

Third, and in conjunction with its second request, Defendant asks the court to require that every plaintiff file a Short Form Complaint. [D.E. 95] 8. CMO 2 included a Short Form Complaint "negotiated between Plaintiffs' Lead Counsel and counsel for Defendant to assist in assessing the Discovery Plaintiff pool." [D.E. 23] VI, 14–18. The court ordered that "[a]ny Plaintiff who filed

---

[1] Defendant previously sought a 90-day extension but reduced its request to 45 days. *See* [D.E. 129] 6–9.

2

a Complaint in this court before the filing of the Master Complaint and who wishes to pursue their CLJA action in accordance with this Order . . . shall file a Short Form Complaint in the Plaintiff's individual docket within 45 days of this order." *Id.* at VI. And "[t]o be eligible for selection in the Track 1 Discovery Pool, a Plaintiff [ ] must have filed his or her Short Form Complaint within 30 days of the filing of the Master Complaint." *Id.* at XI.A.ii.

Finally, Defendant requests the court order "[P]laintiffs in Track 1 and all future tracks to notify defendant promptly if they choose to conduct (or have conducted) a medical or other expert examination of a discovery plaintiff." [D.E. 95] 15. The parties represent they are close to "reach[ing] agreement on a stipulation" regarding this issue. [D.E. 128] 5.

## II. Discussion

### A. The Court's Power to Manage its Docket

The court has discussed in prior orders its inherent powers, and those in the Federal Rules, to efficiently manage its docket:

> The court entered CMO 2 pursuant to its inherent powers "to manage its own affairs and achieve the orderly and expeditious disposition of cases" as well as Federal Rules of Civil Procedure 1, 16(c)(2)(L), and 42(a)(3). *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). Rule 1 states that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 16(c)(2)(L) authorizes the court to "adopt[] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Fed. R. Civ. P. 16(c)(2)(L). As the Committee Note states, Rule 16(c)(2) authorizes courts to use "special pretrial procedures to expedite the adjudication of potentially difficult or protracted cases . . . . No particular techniques have been described; the Committee felt that experience and flexibility are the keys to efficient management of complex cases." Advisory Committee's 1983 Notes to Fed. R. Civ. P. 16(c). Federal Rule of Civil Procedure 42(a)(3) states that "[i]f actions before the court involve a common question of law or fact," the court "may . . . issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3).

[D.E. 116] 3. Accordingly, the court measures each of Defendant's requests against the "orderly

3

and expeditious disposition of [CLJA] cases." *Link*, 380 U.S. at 630–31.

### B. Request for Extension

The court granted Defendant's request for a 45-day extension of Track 1 fact discovery. *See* [D.E. 130] A.iii. This request is now moot.

### C. Strike "Opt-Out" Provision

Defendant asks the court to strike the "opt-out" provision from CMO 2 for any future discovery tracks. [D.E. 95] 8. The court explained its intention in creating the "opt-out" provision for Track 1:

> With [its inherent powers and those contained in the Federal Rules] in mind, the court determined that "staging discovery and trials by 'track' of illnesses is the most efficient way to advance the CLJA litigation and support a global resolution of CLJA claims." [D.E. 28] 8. The court was also considerate of individuals who did not want to participate in streamlined pretrial procedures. Thus, the court allowed plaintiffs otherwise eligible for the Track 1 Discovery Pool to "remove themselves from consideration of selection . . . by notifying Plaintiffs' Leadership and counsel for the United States [by November 6, 2023]." *Id.* at XI.A.ii.b.

[D.E. 116] 4.

As the parties are aware, "Congress did not dictate any case-management structure in the CLJA." [D.E. 22] 2. This is not a class action or multidistrict litigation.[2] Rather, the court has created certain consolidated pretrial procedures, including optional "discovery and trials by '[T]racks[,]'" [D.E. 23] XI, for more than fifteen hundred *individual* cases involving "common question[s] of law or fact." Fed. R. Civ. P. 42(a)(3). Counsel to individual plaintiffs "shall

---

[2] Even so, the Track structure shares features with both. And the Supreme Court has found "opt-outs" useful to avoid potential due process problems when otherwise forcing plaintiffs to participate in consolidated litigation. *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (holding in class action context that "due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court[]").

4

continue to be responsible for each individual plaintiff's case." [D.E. 10] 10. And individual plaintiffs retain "the right . . . to present any non-repetitive positions that uniquely affect an individual plaintiff." *Id.* at 2. Retaining the "opt-out" provision remains essential to preserving the individuality of CLJA lawsuits in this district.

CMO 2 provided an "opt-out" provision for Track 1 only. *See* [D.E. 23] XI.A. The court will extend the "opt-out" option to Plaintiffs not covered by Track 1. As additional Tracks are set by court order, Plaintiffs who would otherwise be eligible for those Tracks' Discovery Pools may "opt-out" of selection by notifying Plaintiffs' Leadership and counsel for the United States within 30 days of the court's order setting the corresponding Track.

### D. Requiring Short Form Complaints

In conjunction with its request to strike the "opt out" provision, Defendant also asks the court to require all Plaintiffs with CLJA lawsuits to file Short Form Complaints. *See* [D.E. 95] 6.

Unlike the "opt-out" provision, requiring all Plaintiffs to fill out Short Form Complaints does not affect the individual integrity of each CLJA case. Plaintiffs can still "opt-out" of consolidated Track proceedings even after filing a Short Form Complaint. *See supra* C.

Moreover, the Short Form Complaint was "negotiated between Plaintiffs' Lead Counsel and counsel for Defendant to assist in assessing the [Track] Discovery Plaintiff pool." [D.E. 23] VI, 14–18. It contains bare minimum information in an easily searchable format that helps the parties and the court assess the state of active CLJA lawsuits. Additionally, having all Plaintiffs file Short Form Complaints may avoid some of the vague injury allegations contained in the initial complaints.[3] It may also dissuade Plaintiffs from making superfluous allegations already in the Master Complaint. *See* [D.E. 25].

---

[3] Examples include "multiple serious life-threatening illnesses," "one or more serious illnesses," "illnesses identified in his administrative claim," and "diagnosis with serious illnesses, defects and other maladies[.]"

Requiring all Plaintiffs to fill out Short Form Complaints is consistent with the court's power to manage its own affairs and achieve the orderly and expeditious disposition of cases, as well as its responsibilities under the Federal Rules. *Link*, 370 U.S. at 630–31.

All Plaintiffs with active CLJA cases shall file a Short Form Complaint within 30 days of this order. Any Plaintiffs who file CLJA lawsuits after the date of this order shall file a Short Form Complaint within 30 days of the date their initial complaint was filed.

### E. Notice for Medical Expert Examination

Finally, Defendant asks the court to require that Plaintiffs provide "prompt notice of all future expert examinations of plaintiffs (and of any examinations that have already taken place)." [D.E. 95] 15. The parties are engaged in "constructive discussions" over a stipulation that would address this request. [D.E. 128] 5. The court will defer ruling on the medical expert issue to allow the parties to resolve it themselves. If the parties reach an impasse, the court will take up the issue at the appropriate time.

### III. Conclusion

For the foregoing reasons, Defendant's motion to amend CMO 2, [D.E. 95], is granted in part as follows:

A. Defendant's request to extend Track 1 fact discovery is DENIED as moot.

B. Defendant's request to strike the "opt-out" provision from CMO 2 is DENIED. The court will extend the "opt-out" option to Plaintiffs not covered by Track 1. As additional Tracks are set by court order, Plaintiffs who would otherwise be eligible for those Tracks' Discovery Pools may "opt-out" of selection by notifying Plaintiffs' Leadership and counsel for the United States within 30 days of the court's order setting the respective Track.

C. Defendant's Short Form Complaint request is GRANTED. All Plaintiffs with active CLJA lawsuits shall file a Short Form Complaint within 30 days of this order. Any Plaintiffs who file CLJA lawsuits after the date of this order shall file a Short Form Complaint within 30 days of the date their initial complaint was filed.

D. The court will defer ruling on the medical expert issue until the parties resolve their stipulation negotiations.

SO ORDERED. This 26th day of February, 2024.

RICHARD E. MYERS II
Chief United States District Judge

TERRENCE W. BOYLE
United States District Judge

LOUISE W. FLANAGAN
United States District Judge

JAMES C. DEVER III
United States District Judge