IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report pursuant to the Court's Minute Entry of February 7, 2024. [D.E. 134]. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) are set forth below:

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to February 27, 2024, 1,530 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Fifteen cases have been dismissed; twelve of those were voluntary dismissals and the three others were pro se cases. The cases are divided as follows: Judge Dever – 374 cases; Judge Myers – 396 cases; Judge Boyle – 368 cases; and Judge Flanagan – 392 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 170,502 administrative claims on file with the Department of Navy ("Navy"). The Navy has set up a secure storage system capable of receiving personally identifiable information and substantiating documents to intake, organize, and analyze claims for purposes of making decisions on CLJA claims. The Navy expects to have its claims management

1

system available for direct access to firms and pro se claimants on March 1, 2024, and to complete ingestion of its existing claims inventory into the system by the end of March. The Navy continues to utilize two pathways for assessing CLJA claims. Under one pathway, the Navy receives fully developed claims from law firms for manual review. Under the other pathway, the Navy accesses information developed through benefits determinations by the Veterans Administration ("VA") to substantiate and settle CLJA claims. The Navy's claims management system will facilitate the organization, management, and evaluation of claims.

**(3) An update on stipulations entered into between the Parties since the last status conference**

On December 26, 2023, the government filed a Motion to Amend and Correct Case Management Order No. 2. [D.E. 95]. Among other things, the government asked the Court to amend Case Management Order No. 2 for purposes of requiring the PLG to provide the government with notice of examinations conducted of individual plaintiffs by certain retained testifying expert witnesses. The Parties were able to negotiate the terms of a Stipulation that would eliminate the need for the Court to decide this specific issue within the government's Motion to Amend and Correct Case Management Order No. 2. [D.E. 95]. The Parties' Stipulation was filed with the Court on February 26, 2024. [D.E. 145]. In limited circumstances, the Stipulation would entitle the government to an additional 15 days to designate certain expert witnesses, and therefore, the Parties' filing of February 26, 2024 requested an amendment of Case Management Order No. 2 solely for purposes of allowing this additional 15 days, as discussed more fully in the Parties' Stipulation.

In an effort to facilitate the efficient production of documents, the PLG is providing the government, on behalf of every Track 1 Discovery Pool Plaintiff, with a Health Insurance Portability and Accountability Act (HIPAA) compliant authorization form for the release of patient

2

information from private third-party medical providers pursuant to 45 CFR § 164.508 (the "HIPAA form"). The Parties expect that a similar arrangement will be consummated for future discovery tracks. The government is using the HIPAA form to obtain private third-party medical records for discovery pool plaintiffs (the "Medical Records"). In addition, for every plaintiff deposed by the government, the PLG is providing the government with a completed Social Security Administration SSA-7050-F4 form requesting and authorizing the release of social security earning information ("Social Security Records"). The Parties are close to achieving an agreement to the terms of a stipulation which would require the government to provide the PLG with all Medical Records and Social Security Records generated as a result of the above-described authorization forms.

**(4) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to believe that discovery is progressing reasonably well and that the Parties are on track to meet the deadlines set forth in Case Management Order No. 2.

During prior Status Conferences, the Parties have discussed the PLG's Motion to Compel Document Production in Response to Corrected First Set of Request for Production [D.E. 81] and the government's Cross-Motion for Protective Order. [D.E. 93]. In an effort to resolve this discovery dispute, the Parties have engaged in multiple meet-and-confer videoconferences and exchanged several letters. The Parties' discussions resulted in material, constructive progress. However, there are three issues involved with the Parties' negotiations that have not been resolved:

(1) <u>ATSDR's Water Modeling Project File</u>. The Agency for Toxic Substances and Disease Registry ("ATSDR") performed water modeling that reconstructed the historic contamination levels at Camp Lejeune. As a result, the ATSDR generated a water modeling project file (the "project file"). The ATSDR's water modeling project file is clearly discoverable. In fact, the government has agreed to produce the entirety of the project file (subject to privilege objections) pursuant to the electronically stored information ("ESI") guidelines of the Stipulated Order Establishing Protocol for Document Collection and Production (the "ESI Protocol"). [D.E. 52]. Unfortunately, production of the project file pursuant to the ESI Protocol will involve breaking apart the project file into many separate pieces, completely destroying the file's organization and thereby rendering significant portions of the file unusable. The project file consists of thousands or perhaps tens of thousands of individual files. Many of these individual files cross-reference—or "link"—to other individual files within the overall water modeling project file. If the file is deconstructed, those links will not lead to actual data sources, and the file will not function in the same manner intended by the ATSDR.

For these reasons, the PLG asked the government to produce a "mirror" copy of the water modeling project file as it exists in its native format. This mirror copy could be compared to the government's own mirror copy to ensure the integrity of any data used by the PLG. The government has declined to produce a "mirror" copy of the project file. Therefore, on February 20, 2024, the PLG filed a Motion to Compel Production of the ATSDR's Water Modeling Project File in Native Format. [D.E. 142].

(2) <u>Digitized Muster Rolls</u>. The phrase "muster rolls" refers to reports that document the military personnel attached to a particular unit or station within the United States Marine Corps ("USMC"). If you know a Marine's unit or station, it is possible to access the applicable muster

rolls and identify where the Marine was physically present during certain periods of time. Muster rolls are especially important to CLJA litigation, because the muster rolls will frequently reveal where a Marine was present on Camp Lejeune, and when.

Conveniently, the USMC and the Veteran's Administration ("VA") recently partnered on a muster roll digitization project specifically related to Camp Lejeune. The digitization project took place from 2013 to 2015 and involved the digitization of almost 61 million pages of muster rolls generated from 1940 to 2005 and specific to Camp Lejeune (the "Project"). The critical importance of these digital files to the CLJA litigation is self-evident.

The PLG's First Set of Requests for Production, RFP No. 3, specifically referenced the Project and requested production of all digitized muster rolls. To date, the government has failed to produce these digitized muster rolls generated during the Project. The parties have a disagreement concerning whether the pertinent muster rolls were present on a Network Attached Storage ("NAS") inspected by the PLG in Quantico, Virginia on January 30, 2024. On February 20, 2024, the PLG filed a Motion for Production of Certain Digitized Muster Rolls. [D.E. 140]. That motion requests that the Court compel the government to produce the digitized muster rolls generated as a result of the Project, as well as any data that would make the said muster rolls searchable. During a meet and confer videoconference held on February 27, 2024, the government informed the PLG that the contents of the NAS will be produced by the end of March 2024.

(3) <u>ATSDR's Health Effects Project File</u>. The ATSDR studied the impacts to human health of the chemicals identified in the groundwater at Camp Lejeune. As a result, the ATSDR created a health effects project file. Some data that makes up the health effects project file may be subject to contractual or statutory confidentiality protections. The Parties are presently involved in

5

discussions about how to address these confidentiality issues, and the PLG believes that these discussions have a reasonable possibility of success.

The Parties are presently engaged in the depositions of Track 1 Plaintiffs. The PLG is defending multiple depositions of Track 1 Plaintiffs every week. The government has requested dates for the depositions of nearly every Track 1 Plaintiff, and the PLG is promptly providing dates for each deposition requested by the government.

The government has also requested dates for the depositions of several treating providers for the Track 1 Plaintiffs. In several instances, the government has requested the depositions of multiple treating providers for each Track 1 Plaintiff. While the arrangement of treating physician depositions presents several complexities, the PLG is dedicating substantial time and resources to arranging the treating physician depositions as requested by the government, and the PLG believes that these depositions will be scheduled in a reasonable timeframe.

The PLG has dedicated substantial time and resources to the discovery process, including both paper discovery and depositions. The PLG believes that discovery is progressing at a reasonable pace and that the Parties will be able to meet all deadlines set forth in Case Management Order No. 2.

**United States' Position:**

The United States continues to make significant progress in producing documents in response to Plaintiffs' Requests for Production on a rolling basis. The United States is working with various agencies to ensure the timely production of relevant documents.

<u>ATSDR Water Modeling Project Files</u>:  The United States will be filing its Opposition to Plaintiffs' Motion to Compel the Water Modeling Project Files on Friday, March 1. Briefly, the United States contends that Plaintiffs have not shown good cause to produce these files outside of

the negotiated, agreed-to, and jointly submitted ESI Protocol [D.E. 52] and require a "mirrored" production of the water modeling project files. As will be explained further in the Opposition, the United States is producing certain exotic files natively pursuant to the ESI Protocol, and has been – and continues to be – willing to produce certain subfolders natively as well. Producing the entire project files "as is," however, will likely cause significant confusion in the litigation for years to come because an "as is" production does not facilitate clear identification or tracking of produced data.

Muster Rolls: Muster Rolls: The United States will be filing its Opposition to Plaintiffs' Motion to Compel the Muster Rolls on Friday, March 1. The United States has agreed to produce the electronic information present on the USMC's NAS system, including muster rolls, by the end of March 2024.

ATSDR Health Effects Studies Project Files: The United States agrees that it is working with Plaintiffs to reach a mutually agreeable position on the production of the ATSDR health effects studies project files.

Depositions: As of February 27, 2024, the United States has requested dates for 90 depositions of Track 1 Discovery Plaintiffs, scheduled 83 of those depositions, and taken 49 of those depositions. The United States has also requested dates for 16 fact witnesses and 11 treating physicians.

**(5) Update on individual and global settlement efforts:**

As of February 27, 2024, the Torts Branch has determined that forty-eight (48) cases in litigation meet the Elective Option ("EO") criteria through documentary verification. The case breakdown by injury includes: 13 Bladder Cancer, 12 Kidney Cancer, 10 non-Hodgkin's Lymphoma, 5 Kidney Disease, 3 Parkinson's Disease, 3 Leukemia and 2 Multiple Myeloma.

7

Seventeen (17) offers have been accepted by plaintiffs on 5 cases of Bladder Cancer ($150,000; $150,000; $300,000; $300,00; $450,000), 3 cases of Kidney Disease (End Stage Renal Disease) ($250,000; $100,000; $100,000), 5 cases of Kidney Cancer ($300,000; $300,000; $300,00; $300,000; $150,000), 2 cases of non-Hodgkin's Lymphoma ($150,000; $150,000), 1 case of Multiple Myeloma ($250,000) and 1 case of Parkinson's Disease ($400,000). Seven (7) offers were rejected by plaintiffs, including 4 cases of Bladder Cancer, 1 case of Kidney Cancer, 1 case of Multiple Myeloma, and 1 case of Kidney Disease. Eight (8) offers have expired, including 3 cases of Kidney Cancer, 2 cases of non-Hodgkin's Lymphoma, 2 cases of Bladder Cancer and 1 case of Leukemia. The other sixteen (16) settlement offers are pending. Further, the DOJ has approved offers for fifty-eight (58) claimants in reliance on information provided by the Navy. Twenty-four (24) settlement offers have been accepted. Two (2) offers have been rejected. Nineteen (25) offers have expired, and the other seven (7) offers are pending.

Payments have been sent for eight accepted settlement offers made by the Navy and seven accepted settlement offers from DOJ, totaling $3,600,000. Five cases of Bladder Cancer resulted in two payments of $300,000 and three payments of $150,000. Four cases of Leukemia resulted in three payments of $300,000 and one payment of $150,000. Two cases of non-Hodgkin's Lymphoma resulted in a $300,000 payment and a $150,000 payment. Two cases of Parkinson's Disease resulted in a $400,000 and a $250,000 payment. One case of Kidney Cancer resulted in a $300,000 payment. One case of Kidney Disease resulted in a $100,000 payment.

The Parties have had several preliminary discussions regarding the possibility of a global resolution of claims that remain in the administrative and legal processes. The Parties continue to negotiate a resolution questionnaire and resolution roadmap. On January 16, 2024, the parties jointly recommended Tom Perrelli of Jenner & Block to serve as Special Settlement Master. The

Parties have agreed to a budget with Mr. Perrelli and the United States is continuing to work with Mr. Perrelli to finalize terms of a contract. Assuming a Court appointment and agreement to contract terms, the Parties anticipate having an initial substantive meeting with Mr. Perrelli before the end of March.

**(6) Any other issues that the parties wish to raise with the Court:**

At present, the Parties have filed the following motions that will be ripe for decision at the time of the Status Conference on March 5, 2024: (a) Joint Motion to Amend/Correct Case Management Order No. 2 Regarding Expert Examinations [D.E. 145], (b) the PLG's Motion to Compel Production of the ATSDR's Water Modeling Project File in Native Format [D.E. 142], and (c) the PLG's Motion for Production of Certain Digitized Muster Rolls [D.E. 140].

While not ripe for decision, the following motions are also pending before the Court: (a) the PLG's Motion for Partial Summary Judgment on the Issue of Specific Causation [D.E. 110], and (b) the PLG's Motion to Certify for Appeal the Order Granting Defendant's Motion to Strike the Demand for a Jury Trial [D.E. 137]. Briefing on these motions will close after the Status Conference on March 5, 2024.

*[Signatures follow on next page]*

DATED this 27th day of February 2024.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs*
*and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*