IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | STIPULATED ORDER REGARDING |
| CAMP LEJEUNE WATER LITIGATION ) | EXPERT EXAMINATIONS OF |
| ) | PLAINTIFFS |
| This Document Relates to: ) | (CASE MANAGEMENT ORDER NO. 11) |
| ALL CASES ) | |

Plaintiffs' Leadership Group ("PLG") and the Defendant United States of America (collectively, the "Parties") jointly stipulate to the following in the above-captioned matter pursuant to Fed. R. Civ. P. 29, and the Court orders:

1. Given the extensive number of Camp Lejeune Justice Act ("CLJA") civil actions pending in this District, the Parties recognize the need to reach certain stipulations designed to facilitate the efficient performance of discovery. This Stipulated Order is intended to provide Defendant with sufficient opportunity to request independent medical examinations of those Plaintiffs who undergo a medical examination by a Fed. R. Civ. P. 26(a)(2)(B) expert retained by the PLG for purposes of providing testimony ("Testifying Experts").

2. In the interest of efficiency in this large-scale litigation, the United States is willing, unless good cause is shown, to forgo expert medical examinations of a given Plaintiff if that Plaintiff will also forgo such examinations for purposes of expert testimony.

3. In the same interest of efficiency, the PLG is willing to provide advance notice of medical examinations of individual Plaintiffs by Testifying Experts, so that the United States does not need to begin requesting large numbers of potentially unnecessary defense expert examinations of Plaintiffs before the PLG's expert disclosures are due.

4.      To that end, the PLG will provide Defendant with prompt notice once the PLG becomes reasonably certain that an expert who will conduct or has conducted a medical examination of a Plaintiff will be a Testifying Expert on that Plaintiff's behalf. For clarity, this notice must be provided in advance of the medical examination if the PLG is reasonably certain that the expert will be a Testifying Expert on the Plaintiff's behalf. Conversely, if the PLG reasonably believes that the expert is a consulting expert (*i.e.*, non-testifying expert) on that Plaintiff's behalf, then no notice is required. However, if the PLG subsequently determines that a consulting expert who conducted a medical examination should be converted to a Testifying Expert, the PLG must promptly provide notice of the prior medical examination. In all events, Defendant's deadline to designate an expert whose opinions may be based upon a defense independent medical examination of the relevant Plaintiff shall be the later of (a) Defendant's pre-existing expert disclosure deadline, or (b) forty-five days after receipt of any such notice from PLG.

5.      Plaintiffs' treating healthcare providers who are providing ongoing care are excluded from this Stipulated Order. Similarly, the PLG's consulting expert witnesses are excluded from this Stipulated Order, except as referenced in paragraph 4 above.

6.      This Stipulated Order shall apply to any "physical or mental examination" as defined in Fed. R. Civ. P. 35, or the substantive equivalent of a Rule 35 examination, regardless of whether such examination is ordered by the Court under Rule 35. This Stipulated Order shall not apply to an expert's meeting with a Plaintiff that does not involve such a "physical or mental examination."

SO ORDERED. This 29th day of February, 2024.

_____
RICHARD E. MYERS II
Chief United States District Judge

_____
TERRENCE W. BOYLE
United States District Judge

_____
LOUISE W. FLANAGAN
United States District Judge

_____
JAMES C. DEVER III
United States District Judge