IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | Case No: 7:23-cv-897 |
| | ) | |
| | ) | UNITED STATES' OPPOSITION TO |
| This Document Relates To: | ) | PLAINTIFFS' MOTION TO COMPEL |
| ALL CASES | ) | PRODUCTION OF CERTAIN |
| | ) | DIGITIZED MUSTER ROLLS |

## INTRODUCTION

Plaintiffs ask this Court to compel immediate production of "whatever digital muster rolls are on the NAS," and "any database or other data necessary to render the muster rolls searchable by name." D.E. 141 at 7. The United States informed the plaintiffs that the original non-digitized records are available for their review and has repeatedly advised Plaintiffs that there is no "database or other data" in its possession that would render muster rolls more easily searchable by name. The Court should deny Plaintiffs' motion because the United States has already committed to, and is in the process of, producing existing digitized muster rolls and the database on the Network Attached Storage ("NAS") device by the end of March in compliance with the Parties' agreed-to ESI protocol. *See, e.g.*, *Boykin Anchor Co. v. Wong*, No. 5:10-CV-591-FL, 2011 U.S. Dist. LEXIS 132799, at *16 (E.D.N.C. Nov. 17, 2011) (denying motion to compel as to "documents produced or those Defendants have agreed to produce").[1]

## BACKGROUND

Plaintiffs first requested digitized muster rolls in their First Set of Requests for Production ("RFP"), specifically RFP No. 3. Upon receiving this First Set of RFPs, the United States began the process of identifying, processing, and producing records responsive to these requests. In a November 4, 2023, letter to Plaintiffs, the United States advised that it was still investigating the

---

[1] *See also Wonderland Switzerland AG v. Britax Child Safety, Inc.*, No. 0:19-CV-02475-JMC, 2020 WL 6365382, at *6 (D.S.C. Oct. 29, 2020) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot."); *United States v. Berkeley Heartlab, Inc.*, Civil Action No. 9: 14-cv-00230-RMG, 2017 U.S. Dist. LEXIS 63707, at *20 (D.S.C. Apr. 27, 2017) (denying as moot a motion to compel where the Government "agreed to produce documents that are responsive to [the] RFPs"); *Am. Silver LLC v. Gen. Resonance LLC*, No. MJG-07-2807, 2010 U.S. Dist. LEXIS 158188, at *4 (D. Md. May 14, 2010) (denying motion to compel as moot, "as plaintiffs have agreed to produce all requested documents that have not already been produced"); *Young v. Verizon's Bell Atl. Cash Balance Plan*, No. 05 C 7314, 2007 U.S. Dist. LEXIS 88392, at *11 (N.D. Ill. Dec. 3, 2007) (denying motion to compel "to the extent it requires Defendants to produce more than what they already agreed to produce").

1

availability of the digitized muster roll records, and offered to make the hardcopy muster roll records available for inspection and copying at a mutually agreeable time.

The United States determined that the United States Marine Corps ("USMC") possessed a NAS device, which potentially housed digitized muster rolls sought by RFP No. 3, but was initially inaccessible due to technological issues. Based upon reasonable inquiry, this is the only potential location of digitized muster rolls from the USMC 2013 to 2015 digitization project referenced in Plaintiff Leadership Group's ("PLG") brief. D.E. 141 at 2. The United States expended considerable resources to determine whether the information on the NAS could be made accessible, and to identify what the data contained. In its January 12, 2024 letter to Plaintiffs, the United States explained that the "[USMC] is continuing its efforts to access the previously digitized muster rolls." D.E. 141-5 at 2. The United States provided Plaintiffs with weekly updates of the status of its efforts to restore the accessibility of the information on the NAS device. *Id.* In these updates, the United States repeatedly emphasized that the NAS restoration effort may or may not result in the production of searchable digitized muster rolls responsive to this request.

On January 30, 2024, Plaintiffs visited the USMC base at Quantico, VA for the purpose of inspecting digitized muster rolls through the NAS. During the inspection, the USMC restoration team provided a demonstration of the query functionality of the NAS[2]. Contrary to the inference in PLG's brief, the United States never represented to Plaintiffs that the individuals working on the NAS restoration effort were the same individuals who initially attempted to digitize these records between 2013 and 2015. During the NAS demonstration, the restoration team performed several example queries of the NAS. Pursuant to their requests, Plaintiffs were provided the

---

[2] The USMC's work in restoring access to the NAS, and what data is present, is detailed in the Declaration of Marc Woolson, United States' Exhibit 1.

opportunity to run specific queries as well. When Plaintiffs learned that they could not search the NAS by a veteran's name, they terminated their inspection.

Although not responsive to RFP No. 3, as a courtesy, the United States has shared details with Plaintiffs regarding an ongoing muster roll digitization project by the USMC that is unrelated to the Camp Lejeune Justice Act ("CLJA") litigation. This project includes the digitization of not only muster rolls, but also unit diaries, personnel records, and other documents. The United States has provided Plaintiffs with a general timeline for completion of this work and will make this information available to Plaintiffs upon the project's completion.

**ARGUMENT**

Plaintiffs' Motion to Compel asks the Court to compel production of two things: (1) "the Digitized Muster Rolls Generated During the Project"; and (2) "any Database Generated during the Project." D.E. 141 at 1. The Court should deny Plaintiffs' Motion to Compel, as the United States has already agreed to produce the digitized muster rolls and the database stored on the NAS.

**I.    The United States Will Produce All Digitized Muster Rolls Resident on the USMC NAS**

Plaintiffs highlight that their discovery request was made over 146 days ago. However, on September 28, 2023, when RFP No. 3 was served, the data on the NAS was inaccessible at that time. Plaintiffs have been aware of this, as the United States provided regular updates to Plaintiffs regarding the USMC's NAS restoration progress. As soon as the data was accessible (due to the laborious efforts of the USMC restoration team), the United States worked with Plaintiffs to schedule the January 30, 2024 inspection[3]. Since that inspection, the United States has obtained

---

[3] On January 17, 2024, Plaintiffs requested an in-person inspection of the NAS at Quantico and proposed January 30 or 31 as potential dates. However, on January 24, after the inspection had been scheduled, Plaintiffs informed the United States of their intention to postpone the inspection, pending the United States' responses to certain discovery requests. After receiving the United States' responses, on January 25, Plaintiffs renewed the request for the January 30 inspection.

3

the data from the NAS, and is actively working to produce the entirety of the data stored on the NAS. The United States expects to make this production to Plaintiffs by the end of March 2024.

## II. The United States Will Produce the Database on the USMC NAS

In addition to any digitized muster rolls contained on the NAS, the United States has agreed to produce the entirety of the database present on the NAS needed to access the muster rolls.

The United States does not agree with Plaintiffs' characterizations of the database on the NAS which is used to access USMC muster rolls. Plaintiffs point to the 2014[4] and 2015[5] VA/DoD Joint Executive Committee Annual Reports ("Joint Reports") as support for their assertion that searches for muster rolls "would most likely be run through a database of the key contents of the digitization of muster rolls". D.E. 141 at 7. However, the 2014 Joint Report was referencing a contemplated database for muster rolls that was never created, stating "[t]his work should take about 18 months, at which time the USMC will share the database with the VA." D.E. 141-3 at 16. The 2015 Joint Report completely removed the language referencing the creation of this database for accessing digitized muster roll through "key contents." D.E. 141-4 at 19. Plaintiffs offer no additional support for their speculation that any such database exists, let alone its supposed search capabilities. In any case, the United States will be producing the complete contents of the restored NAS, including its database.

Contrary to PLG's expectation, the present muster rolls on the NAS are not searchable by name. Moreover, there are no expectations that the current USMC digitization project will produce a database that is searchable by name to readily produce muster roll information (without multiple searches or selections). Plaintiffs' exhibit, which provides an example electronic muster roll search using Ancestry.com, demonstrates this. D.E. 141-2 at 6-7. This search result provided a list of

---

[4] D.E. 141-3.
[5] D.E. 141-4.

4

potentially relevant electronic muster rolls. In order for Plaintiffs' counsel to obtain information on a specific Plaintiff, they must repeatedly select electronic muster rolls from the list and review each one manually until they locate an individual Plaintiff's name. *Id.* at 7-15. In addition, Plaintiffs' counsel must have a start and end date for a Plaintiff's service in order to capture a particular Plaintiff's complete set of electronic muster roll records. *Id.* at 9-14.

The United States has made available the responsive documents and will produce the database present on the NAS even though doing so may not reduce the inconvenience related to locating and identifying muster rolls related to specific individuals or units. Plaintiffs have available to them other options for obtaining this information, such as the Defense Manpower Data Center ("DMDC") data. Nevertheless, the United States is actively working to process and produce this database, natively and in its entirety, to Plaintiffs by the end of March 2024.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel should be denied.

Dated: March 1, 2024

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Special Litigation Counsel

SARA MIRSKY
PATRICK RYAN
Trial Attorneys

*/s/ Joseph B. Turner*
JOSEPH B. TURNER
DC Bar No. 1766124
Trial Attorney, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: Joseph.B.Turner@usdoj.gov
Telephone: (202) 436-6895

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2024, a copy of the foregoing document was served on all counsel of record by operation of the court's electronic filing system and can be accessed through that system.

           */s/ Joseph B. Turner*
           JOSEPH B. TURNER