IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| CAMP LEJEUNE WATER LITIGATION ) | Case No: 7:23-cv-897 |
| ) | |
| ) | UNITED STATES' RESPONSE TO |
| This Document Relates To: ) | PLAINTIFFS' MOTION TO CERTIFY |
| *McBrine v. United States*, No. 7:23-cv-00532-M ) | FOR APPEAL |
| *Petrie v. United States,* No. 7:23-cv-00202-D ) | |

## INTRODUCTION

The Court's Order granting the United States' Motion to Strike the jury trial demand in Plaintiffs' master complaint applied long-standing Supreme Court precedent holding that there is no right to a jury trial against the United States unless Congress affirmatively and unambiguously grants that right. The Court correctly concluded that Congress did not do so in the Camp Lejeune Justice Act ("CLJA"). Because there are no "substantial grounds for a difference of opinion" on that question, Plaintiff Leadership Group's ("PLG's") motion should be DENIED.

## STANDARD OF REVIEW

A district court may certify an order for interlocutory appeal if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, a party seeking interlocutory appeal pursuant to § 1292(b) "must 'show (1) that a controlling question of law exists (2) about which there is a substantial basis for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 452 (D. Md. 2015) (quoting *Riley v. Dow Corning Corp.*, 876 F. Supp. 728, 731 (M.D.N.C. 1992)). "Unless *all* of the statutory criteria are satisfied . . . the district court may not and should not certify its order for an immediate appeal under section 1292(b)." *Id.*

(internal quotation and citation omitted) (emphasis in original). If the three statutory criteria *are* satisfied, then "[t]he decision to certify an interlocutory appeal is firmly in the district court's discretion." *Goodman v. Archbishop Curley High Sch.*, 195 F. Supp. 3d 767, 772 (D. Md. 2016) (quoting *Butler*, 307 F.R.D. at 452); *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").[1]

## ARGUMENT

The Court should deny PLG's motion for interlocutory appeal because there is no substantial ground for a difference of opinion on the question that PLG seeks to appeal, and a party seeking interlocutory appeal must satisfy all three statutory factors. The rule for jury trials against the United States is both long-standing and clear: there is no right to a jury trial unless "Congress has 'unequivocally expressed' and 'affirmatively and unambiguously' granted the right to a trial by jury in the CLJA and 'clearly and unequivocally' departed from its usual practice of not permitting a jury trial against the United States." D.E. 133 at 11–12 (quoting *Lehman v. Nakshian*, 453 U.S. 156, 161–62, 168 (1981)). The Court correctly applied this rule to the CLJA's statutory text, and further supported its conclusion by rigorously examining the CLJA's structure. D.E. 133

---

[1] PLG appears to contest the scope of the Court's discretion to decline certification, asserting that a district court has a "duty" to allow interlocutory appeal when the § 1292(b) factors are satisfied. D.E. 138 at 3 (citing *In re Trump*, 928 F.3d 360, 369 (4th Cir. 2019)). But the panel decision in *In re Trump* that PLG cites is neither precedent nor persuasive. First, the Supreme Court vacated the judgment in that case after the case became moot on appeal. *See Trump v. District of Columbia*, 141 S. Ct. 1262 (2021) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)). That vacatur "strip[ped] the decision below of its binding effect." *Camreta v. Greene*, 563 U.S. 692, 713 (2011) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988)). Second, even if the panel decision in *In re Trump* had some persuasive appeal, it is outweighed by the subsequent en banc decision disagreeing with the original panel. *See In re Trump*, 958 F.3d 274, 282–83 (4th Cir. 2020) (en banc). The en banc court specifically recognized "the matter of certification to be vested first *in the discretion* of the district court." *Id.* at 283 (emphasis added).

at 1-31. The only text in the CLJA that mentions jury trials provides that "[n]othing in this subsection shall impair the right of any party to a trial by jury." CLJA § 804(d). As the Court explained, that language "does not itself establish the right to a trial by jury against the United States," and there is no "unequivocal, affirmative, and unambiguous right to a trial by jury in the text of some other part of the CLJA." D.E. 133 at 15 (quotation marks and emphasis omitted). PLG nonetheless asserts "a number of reasons" for questioning the Court's analysis. D.E. 138 at 4. None of these reasons is persuasive.

**First**, PLG asserts that "the jury-trial question is a 'novel and difficult question[] of first impression." *Id.* (quoting *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019)) (alteration in original). Although the CLJA is a recently enacted statute, that alone is not a basis for certifying interlocutory appeal. As this Court has stated, "[t]he mere presence of a disputed issue that is a question of first impression" does not warrant interlocutory appeal. *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 527 (E.D.N.C. 2010) (Dever, J.) (quoting *Flor v. BOT Fin. Corp (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996)).

Nor is the question "difficult." As this Court has previously observed, "the 'substantial ground for a difference of opinion' must arise 'out of a genuine doubt as to whether the district court applied the correct legal standard in its order.'" *Wyeth*, 703 F. Supp. 2d at 527 (quoting *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007)). No such doubt exists here, because PLG has acknowledged the applicable legal standard: that the right to a jury trial "must be 'unequivocally expressed.'" D.E. 66 at 4 (quoting *Lehman*, 453 U.S. at 160–61). PLG merely disputes how *Lehman* should apply here in light of certain "canons and methods of statutory interpretation." *Id.* But nothing about these supposedly "competing" canons renders the question here a "difficult" one. This Court correctly concluded that each of these

canons and methods points to the same conclusion—there is no grant of a jury trial right. *See, e.g.*, D.E. 133 at 15 (finding no "unequivocal, affirmative, and unambiguous right to a trial by jury" after examining "the CLJA's entire text"); *id.* at 18 (rejecting PLG's surplusage argument and concluding that Congress only intended to "clarify that the exclusive jurisdiction and venue provision . . . does nothing to impair the right of any party to a trial by jury that may exist outside subsection 804(d)") (internal quotations and alterations omitted); *id.* at 31 ("Thus, far from applying a 'magic words' test in this case, the United States and this court properly rely on an unbroken sovereign immunity clear statement canon and its corollary that have applied since the founding.").

**Second**, PLG asserts that the jury trial issue is a "new legal question" and "of special consequence." D.E. 138 at 5 (citing *In re Trump*, 928 F.3d at 369). The United States agrees that interlocutory appeal may be appropriate for difficult legal issues whose resolution would affect the tens of thousands of pending CLJA claims. But where, as here, the legal analysis is straightforward, interlocutory appeal is not warranted.

**Third**, PLG asserts that this case presents a "closer question" than prior decisions interpreting other statutes. D.E. 138 at 5. But interlocutory review is not necessary whenever a court applies settled law to a new situation. The Court correctly identified *Lehman* as resolving the issue here. And although PLG disputes *how Lehman* should apply to the CLJA, they concede that the right to a jury trial "must be 'unequivocally expressed.'" D.E. 66 at 4 (quoting *Lehman*, 453 U.S. at 160–61).

**Fourth**, PLG cites a recent Supreme Court decision holding that a federal agency may be sued under the Fair Credit Reporting Act of 1996 ("FCRA"). D.E. 138 at 6 (citing *Dep't of Agriculture Rural Dev. Hous. Serv. v. Kirtz*, 144 S. Ct. 457, No. 22-86, 2024 WL 478567 (U.S.

Feb. 8, 2024)).[2] However, *Kirtz* did not examine the question of whether jury trials are permitted against the United States. And regardless, *Kirtz* reaffirmed that "a waiver of sovereign immunity must be 'unmistakably clear in the language of the statute.'" *Id*. at 466 (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)); *see also id.* at 471 ("[O]ur task is to look for a 'clear statement in the text of the statute.'") (quoting *Sossamon v. Texas*, 563 U.S. 277, 290 (2011)). *Kirtz* found such an explicit waiver in the statute's text, noting that the FCRA "authorize[d] consumer suits for money damages against '[a]ny person' who willfully or negligently fails to comply with" one of the statute's terms and that the statute "define[d] the term '"person"' to include 'any . . . governmental . . . agency." *Id.* at 467 (quoting 15 U.S.C. §§ 1681n(a), 1681*o*(a), 1681a(b)). Here, by contrast, as this Court observed, the CLJA's statutory text does not contain any language that subjects the United States to jury trials in CLJA actions.

## **CONCLUSION**

In short, the Court's Order is correct, and there is no reason to review that analysis on interlocutory appeal. Because there is no "substantial ground for a difference of opinion," the Court need not address the other § 1292(b) factors. *Butler*, 307 F.R.D. at 452. The Court and the Parties should instead proceed with bench trials, which will likely provide insight into key issues and assist with global resolution.[3]

---

[2] The 1970 version of the FCRA requires that a "person," including a "government or governmental subdivision or agency" comply with certain regulatory requirements. 84 Stat. 1128; *see* 15 U.S.C. § 1681a(b). But the 1970 version did not authorize a suit against a person. That changed with the 1996 version, which added new remedial provisions allowing consumer suits against a "person." 110 Stat. 3009-446; *see* 15 U.S.C. §§ 1681n(a), 1681o(a). The issue in *Kirtz* was whether the remedial provisions in the 1996 version waived sovereign immunity because of their reference to "government" in the earlier 1970 version.

[3] In a footnote, PLG asserts that "this Court could employ advisory juries under Federal Rule of Civil Procedure 39(c)(1) to avoid having to retry cases should the Fourth Circuit or the Supreme Court reverse the Order." D.E. 138 at 7, n. 1. The use of advisory juries is not presently before the Court, and advisory juries are inappropriate in cases where the United States is the only

Respectfully submitted on March 4, 2024.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

ADAM BAIN
Special Litigation Counsel, Torts Branch
Environmental Torts Litigation Section

HAROON ANWAR
Trial Attorney
Environmental Torts Litigation Section


*/s/ Nathan Bu*
NATHAN BU
Trial Attorney, Torts Branch
Environmental Torts Litigation Section
U.S. Department of Justice
P. O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: nathan.j.bu@usdoj.gov
Telephone: (202) 705-5938
Fax: (202) 616-4989

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

---

defendant. *See, e.g.*, *Touko v. United States*, 20-cv-01113-LKG, 2023 WL 595750, at *5 (D. Md. Sept. 13, 2023) ("[C]ourts have found the use of an advisory jury in a FTCA case to be problematic, given the Court's responsibility to act as a fact finder in such cases.").

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2024, a copy of the foregoing document was filed via the Court's ECF system and served on counsel of record through the ECF system.

                                      */s/ Nathan Bu*
                                      NATHAN BU