IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | O R D E R |
| ) | |
| ) | |
| This Document Relates to: ) | |
| ALL CASES ) | |

This matter is before the court on Plaintiffs' motion to compel production of digitized Camp Lejeune muster rolls allegedly generated during a 2013-2015 digitization project by the United States Marine Corps ("USMC") and the Veteran's Administration ("VA"), (the "digitization project"). [DE-140]. Plaintiffs also seek the database or other data sources generated by the digitization project. [DE-140] at ¶ 4. Defendant opposes the motion on the ground that Defendant has already committed to producing the existing digitized muster rolls and related database in its possession by the end of March 2024. [DE-150]. This motion is ripe and referred to the undersigned for disposition. For the reasons stated below, Plaintiffs' motion to compel is denied as moot.

I. Background

This litigation concerns the more than one thousand five-hundred individual lawsuits filed under the Camp Lejeune Justice Act ("CLJA") in this district. *See* Pub. L. No. 117-168, § 804, 135 Stat. 1759, 1802-04. With the CLJA, Congress created a new federal cause of action permitting "appropriate relief for harm that was caused by exposure to the water at Camp Lejeune" for individuals who resided, worked, or were otherwise exposed for not less than 30 days during the period between August 1, 1953, and December 31, 1987. *See id.* § 804(b). To better manage this

litigation, the court appointed a Plaintiffs' Leadership Group ("Plaintiffs"), *see* [DE-10], and entered case management orders streamlining pretrial procedures in all CLJA cases. *See, e.g.*, [DE-23]. The court also established a discovery dispute protocol. [DE-55].

In the instant dispute, Plaintiffs assert that they previously "requested production of all digitized muster rolls" relating to the digitization project in their First Set of Requests for Production, RFP No. 3, and "[t]o date, [Defendant] has failed to produce . . . these digitized muster rolls." [DE-140] at ¶ 3. Plaintiffs also request the court compel production of any "database or other data sources . . . [that] may enable [Plaintiffs] to search the contents of the muster rolls." [DE-140] at ¶ 4. In response, Defendant, relying upon the declaration of Marc W. Woolson, a deputy director in the USMC's Manpower Information Systems Division, asserts that it "has made available the responsive documents and will produce the database . . . even though doing so may not reduce the inconvenience related to locating and identifying muster rolls related to specific individuals or units." [DE-150] at 6.[1] Therefore, Defendant argues the court should deny the motion to compel as moot as it has responded completely to Plaintiffs' RFP No. 3.

II.  Standard of Review

The general rule regarding the scope of discovery is found in Fed. R. Civ. P. 26(b)(l):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Prasad v. Nallapati*, 597

---

[1]  Throughout this order, the page numbers cited refer to the page numbers in the document CM/ECF footer.

F. Supp. 3d 842, 846 (E.D.N.C. 2022) (first quoting *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); then citing *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). Nevertheless, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Walls v. Ford Motor Co.*, No. 1:20CV98, 2021 WL 1723154, at *4 (M.D.N.C. Apr. 30, 2021) (citations omitted).

"Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Simply because "requested information is discoverable under Rule 26 does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). District courts must limit "'the frequency or extent of discovery otherwise allowed' if . . . '(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).'" *Page v. Bragg Communities, LLC*, No. 5:20-CV-336-D, 2023 WL 5418716, at *2 (E.D.N.C. Aug. 22, 2023) (quoting Fed. R. Civ. P. 26(b)(2)(C)).

III. Discussion

Defendant does not dispute the relevance or discoverability of the materials sought by Plaintiffs. *See generally* [DE 150]. Instead, Defendant argues that the court should deny Plaintiffs'

3

motion to compel as moot because Defendant has agreed to produce the existing digitized muster rolls and the database on the NAS device by the end of March. Since Defendant has made a sufficient showing that they will produce all discovery responsive to Plaintiffs' RFP No. 3 within its "possession, custody, or control," the court agrees.

"Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot." *Wonderland Switzerland AG v. Britax Child Safety, Inc.*, No. 0:19-CV-02475, 2020 WL 6365382, at *6 (D.S.C. Oct. 29, 2020); *see Page*, 2023 WL 5418716, at *2 ("Defendants responded that they have started rolling productions of documents, . . . and accordingly, the motion to compel . . . is denied as moot."); *see also Stultz v. Virginia Dep't of Motor Vehicles*, No. 7:23CV00589, 2014 WL 12775011, at *4 (W.D. Va. Oct. 8, 2014) (same). Here, Defendant has agreed to produce "the responsive documents" and the related database "natively and in its entirety" by the end of March 2024. [DE-150] at 6.

Furthermore, "[i]n general, Rule 34 only requires a party to produce documents and information already in existence." *Frasier Healthcare Consulting, Inc. v. Grant Mem'l Hosp. Reg'l Healthcare Ctr.*, No. 2:12-CV-87, 2014 WL 12701042, at *4 (N.D.W. Va. Jan. 9, 2014). In addition, "[a] party cannot be compelled to create, or cause to be prepared, new documents solely for their production." *Causey v. Williams*, No. 4:22-cv-1475, 2023 WL 4851196, at *2 (D.S.C. July 28, 2023) (quoting 7 James Wm. Moore, et al., Moore's Federal Practice § 30.12[2] (3d ed. 2014)).

Plaintiffs, relying on two reports authored by the VA and the Department of Defense ("DoD") in 2014 and 2015, appear to assert that Defendant is withholding the digitized muster rolls and searchable database allegedly produced during the digitization project. *See* [DE-141] at 5–7. Plaintiffs are additionally unsatisfied with Defendant's planned production as, during a prior inspection of the NAS in Quantico, Virginia, Plaintiffs concluded that the NAS "did not contain the

digitized muster rolls requested by [Plaintiffs]." [DE-141-7] at 2. But the reports authored by the VA and the DoD and referenced by Plaintiffs do not show that the digitization project was ever completed in the manner asserted by Plaintiffs. *See* [DE 141-3] at 16 ("There are about 59 million pages of records *to be* computerized.") (emphasis added); *see also* [DE 141-4] at 19 ("Almost 61 million pages of record *will be* digitized in December 2015 and *will enable* the USMC to perform searches for individual [v]eterans for VA.") (emphasis added).

Moreover, Defendant avers in a sworn declaration that its forthcoming production will include "all of the data and the associated database ... from the NAS that was responsive to Plaintiffs' counsel's request." [DE 150-1] at ¶ 5. While the materials on the NAS may not include all of what Plaintiffs seek, "Rule 34 only requires a party to produce documents and information already in existence," and Defendant has sworn under the penalty of perjury that it will produce all existing documents on the NAS responsive to Plaintiffs' RFP No. 3. Accordingly, the court denies Plaintiffs' motion to compel as moot.[2]

IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to compel, [DE-140], is denied as moot.

So ordered, the 8th day of March 2024.

Robert B. Jones, Jr.
United States Magistrate Judge

---

[2] In the event Plaintiffs obtain additional information showing that Defendant is in possession, custody, or control of muster rolls or databases generated by the digitization project, Plaintiffs may bring another motion to compel that discovery.