IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| **CAMP LEJEUNE WATER LITIGATION** | ) | Case No: 7:23-cv-897 |
| | ) | |
| | ) | **UNITED STATES' MEMORANDUM** |
| **This Document Relates To:** | ) | **IN SUPPORT OF MOTION FOR** |
| **ALL CASES** | ) | **AN EXTENSION TO RESPOND** |
| | ) | **TO PLAINTIFFS' DISCOVERY** |
| | ) | **REQUESTS** |

## INTRODUCTION

On March 28, 2024, Plaintiff Leadership Group ("PLG") served three sets of numerous and broad discovery requests on the United States. These discovery requests include: (i) 20 Requests for Production, (ii) 20 Interrogatories, and (iii) 129 Requests for Admission.[1] (collectively, "Discovery Requests").[2] The Discovery Requests seek information and/or documentation from multiple federal agencies, including – but not limited to – the Agency for Toxic Substances and Disease Registry ("ATSDR"), the Environmental Protection Agency ("EPA"), the Department of the Navy ("Navy"), the United States Marine Corps ("USMC"), the Department of Veterans Affairs ("VA"), the National Oceanic and Atmospheric Administration ("NOAA"), the National Weather Service ("NWS"), and the United States Geological Survey ("USGS").

Given the breadth and volume of the Discovery Requests, the United States asked PLG for a 30-day extension for its responses.[3] This extension would require responses to the Discovery Requests to be served by May 28, 2024. Under CMO-2, this is well before the scheduled end of fact discovery, and almost two months before PLG's expert reports are due. Although the request for this extension was reasonable under the circumstances, PLG denied the request, with the exception that it would "consider granting extensions on an as needed basis if there are particular issues that make it difficult to accomplish."[4]

---

[1] At the same time PLG made a request to supplement "all discovery requests previously served in this action," which includes six Interrogatories and six Requests for Production served on behalf of each of the 100 Track 1 Plaintiffs. *See* Ex. 1.

[2] The Discovery Requests are attached as Exs. 2-4.

[3] *See* Ex. 5 (Apr. 4, 2024 email from S. Mirsky to E. Bell), at 2-3.

[4] *See id.* at 1.

1

The United States has been strenuously working to gather and produce documents over the course of fact discovery.[5] To date, the United States has produced over a million records and over 12 million pages of documents. These efforts are ongoing, and the United States is committed to completing its discovery obligations by the close of fact discovery. PLG has not offered any good reason to deny the request for a 30-day extension, which will not impact any current discovery deadlines. Therefore, the United States respectfully requests that the Court grant this Motion and allow the United States until May 28, 2024 to respond to the Discovery Requests.

## BACKGROUND

PLG began serving their discovery requests in late September 2023. Prior to serving the recent Discovery Requests, PLG had served a total of 38 general Requests for Production to the United States (many with multiple sub-parts), and six Requests for Production served on behalf of each of the 100 Track 1 Plaintiffs. These requests have required the Department of Justice to work with many federal agencies to identify, collect, process, and produce over 12 million of pages of responsive documents. These documents have included everything from massive troves of technical data from ATSDR to individual sets of Plaintiff health records from the VA. Consistent with its commitment to broad disclosure in this litigation, the United States is continuing to produce documents in response to PLG's prior discovery requests on a near-daily basis.

On March 28, 2024, PLG served three new sets of Discovery Requests that seek information, admissions, and documents pertaining to a wide array of agency-related topics. The topics among the 129 Requests for Admission range from the development of specific water

---

[5] *See, e.g.,* Ex. 6 (chart of documents produced in response to certain Requests for Production as of Apr. 5, 2024).

modeling tools[6] to broad assertions related to numerous federal agencies, including the ATSDR, EPA, Navy, USMC, VA, and NWS.[7] Similarly, the Requests for Production and Interrogatories cover a broad range of topics and involve numerous federal agencies. All told, PLG served 169 broad discovery requests all requiring responses by the United States in 30 days while the United States simultaneously continues its ongoing discovery efforts.

The United States sought a 30-day extension to respond to the Discovery Requests, citing the "volume and breadth" of the Requests.[8] PLG responded that it did "not consent" to the United States' request, although PLG noted it would "consider granting extensions on an as needed basis if there are particular issues that make it difficult to accomplish."[9] PLG did not provide any reasonable justification for this denial.

**ARGUMENT**

The Court should grant the United States' Motion and allow the United States sufficient time to provide responses to the Discovery Requests. Considering the extent of the investigation and coordination amongst multiple federal agencies that will be necessary to respond to the Discovery Requests, the Court should exercise its discretion under Federal Rule of Civil Procedure 6(b)(1) and Local Rule 6.1(a) and allow the United States an additional 30 days to respond to the Discovery Requests. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the [C]ourt may, for good cause, extend the time . . . ."); Local Rule 6.1(a) (permitting an extension of time to perform an act upon a showing of good cause).[10]

---

[6] Ex. 4 at Request for Admission 21 (p.5).

[7] *See, e.g., id.* at Request for Admission 26, (p.6), 92 (p.20), 95 (p.22).

[8] Ex. 5 (Apr. 4, 2024 Email from S. Mirsky to E. Bell) at 2-3.

[9] *Id.* at 1.

[10] In its email denying the request for an extension, PLG stated, "[f]rankly, if the United States had fully and timely responded to our prior requests, most of what is in these new requests would have already been

Requests for reasonable discovery extensions are routinely sought and the party serving the discovery will often grant the request. *See, e.g., Martin v. Seabolt*, 2022 U.S. Dist. LEXIS 105620, at *10 (M.D.N.C. June 14, 2022) ("the Court regularly receives similar extension requests and the undersigned can only recall one or two occasions in more than a dozen years of handling such matters when an attorney opposed a first 30-day extension of time to respond to written discovery requests"); *Moore v. Dan Holdings, Inc.*, 2012 U.S. Dist. LEXIS 149952, at *10 (M.D.N.C. Oct. 18, 2012). Indeed, the North Carolina Rules of Professional Conduct infer that such reasonable requests will be granted. *See* N.C. R. Prof. Cond. Rule 0.1(13) (encouraging attorneys to "foster civility among members of the bar by acceding to reasonable requests that do not prejudice the interests of the client").

Here, the United States has good cause to request the extension. The new Discovery Requests include 129 Requests for Admission, 20 Requests for Production, and 20 Interrogatories.[11] Responding to the Discovery Requests will require the Department of Justice to seek information from a multitude of federal agencies ranging from the Navy to NOAA. Moreover, the United States is continuing its rolling productions to PLG's general discovery requests and is in the process of providing supplemental responses to PLG's specific discovery requests seeking individual information regarding each of the 100 Track 1 Plaintiffs. The United States needs a reasonable amount of additional time to complete this process and respond to the new requests. In such a circumstance, "requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith or prejudice to the adverse

---

addressed." *Id*. This statement is confusing. The United States has produced over 12 million pages of documents in response to PLG's prior discovery requests. If there was a specific issue that PLG had with the United States' productions, it could have raised these concerns in the context of the requests that were already served rather than serving over 150 new discovery requests.

[11] *See* Exs. 2-4.

4

party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (3d ed. 2004)).

PLG has not shown that the United States' request is in bad faith, nor has it demonstrated that it will be prejudiced by the grant of a 30-day extension. The United States has produced over 12 million pages of documents to date and is committed to completing production of fact discovery documents before the present deadline.[12] The United States is simply seeking an additional 30 days to respond to PLG's voluminous and broad Discovery Requests. This extension will still allow the United States to make any responses prior to the close of fact discovery and will not require the amendment of any existing deadlines.[13]

**CONCLUSION**

For the foregoing reasons, the United States' Motion should be granted and the United States should be permitted to respond to the Discovery Requests by May 28, 2024.

---

[12] PLG made a vague statement in its email denying the extension that it was "concerned that DOJ has never answered our concerns about the Government's discovery responses that indicate that the discovery will be accomplished prior to the end of fact discovery." Ex. 5 at 1. This concern is not well-founded. The United States has consistently updated PLG on its progress of producing documents over the course of fact discovery and has attended numerous meet and confers with PLG to discuss any outstanding issues. As a result of the United States' efforts to fulfill its commitment to its discovery obligations, PLG has requested that the Court hold a prior motion to compel in abeyance for months.

[13] In a letter accompanying the Discovery Requests, PLG states that it "should not have to wait until the Government discloses its experts to understand what the Government's positions are on basic merits issues and what documents or witnesses the Government intends to rely on." Ex. 7 at 1-2. PLG has not and will not need to wait to understand the United States' position on basic merit issues – the United States' Answer to the Master Complaint lays out those positions in detail. And as is the case in any litigation, both parties will have the right to rely on any produced documents in support of their various positions.

5

Dated: April 10, 2024
Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Special Litigation Counsel

  /s/ *Sara J. Mirsky*
SARA J. MIRSKY
NY Bar No. 5147590
Trial Attorney, Torts Branch
Environmental Torts Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: sara.j.mirsky@usdoj.gov
Telephone: (202) 616-8362

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, a copy of the foregoing document was served on all counsel of record by operation of the court's electronic filing system and can be accessed through that system.

/s/ Sara J. Mirsky  
SARA J. MIRSKY