IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | Case No. 7:23-cv-897 |
| | ) | |
| | ) | UNITED STATES' MOTION FOR |
| | ) | RECONSIDERATION OF ORDER |
| This Document Relates To: | ) | ON MOTION TO AMEND CASE |
| ALL CASES | ) | MANAGEMENT ORDER NO. 2 |

Pursuant to Federal Rule of Civil Procedure 16, Local Rule 7.1, and Case Management Order No. 2 (D.E. 23), the United States respectfully moves the Court to reconsider its Order of February 26, 2024 (D.E. 146), declining to strike the opt-out provision from future discovery tracks. The Court should disallow opt-outs for plaintiffs represented by Plaintiffs' Leadership Group (PLG), and all PLG-represented plaintiffs who opted out of Track 2 should remain eligible for selection.

In support of this Motion, the United States submits and relies upon its accompanying Memorandum in Support and exhibits attached hereto.

The United States conferred with PLG, who remains opposed to the relief sought herein.

A Proposed Order is attached.

Dated: April 17, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Special Litigation Counsel

*/s/ Daniel C. Eagles*
DANIEL C. EAGLES
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
Environmental Torts Litigation Section
1100 L Street NW
Washington, DC 20005
E-mail: daniel.c.eagles@usdoj.gov
Phone: (202) 305-0253
Fax: (202) 616-4473

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | Case No. 7:23-cv-897 |
| | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| | ) | UNITED STATES' MOTION FOR |
| | ) | RECONSIDERATION OF ORDER |
| This Document Relates To: | ) | ON MOTION TO AMEND CASE |
| ALL CASES | ) | MANAGEMENT ORDER NO. 2 |

The United States respectfully requests that the Court reconsider its Order of February 26, 2024 (D.E. 146), declining to strike the opt-out provision from future discovery tracks. The Court should disallow opt-outs for plaintiffs represented by Plaintiffs' Leadership Group (PLG) because PLG has used the opt-out provision to dramatically limit plaintiffs who can be selected for discovery and trial, severely limiting the potential representativeness of the bellwether cases.

Motions for reconsideration of interlocutory orders are allowed only in "limited circumstances," such as "newly discovered evidence," but not simply to reargue "what the Court had already thought through." *Georgia-Pacific Consumer Prods. v. Von Drehle Corp.*, 815 F. Supp. 2d 927, 929 (E.D.N.C. 2011). Here, two pieces of new information warrant the Court's reconsideration of its Order.

First, after the Court's February 26 order, PLG opted out more than two-thirds of eligible cases from Track 2, despite representing to the Court that it did not anticipate needing the opt-out provision for future discovery tracks. In its opposition (D.E. 114) to the United States's motion to amend CMO 2 to strike the opt-out provision from future discovery tracks (D.E. 95), PLG made the following representations:

> **Absent changed circumstances, the PLG does not anticipate relying on the opt-out provision for any future Tracks.**

> However, it would not be proper to completely eliminate the opt-
> out provision. Indeed, there are many circumstances in which, in
> all fairness, a plaintiff should be able to opt out of discovery pool
> consideration. For example, a plaintiff may become severely
> incapacitated or near the point of death, and it would therefore be
> unfair and potentially impossible for that plaintiff to participate in
> discovery. Therefore, the PLG does not intend to use the opt-out
> provision absent changed circumstances, but that opt-out provision
> should not be eliminated.
>
> . . .
>
> **The PLG does not presently anticipate using the opt-out
> provision for further Tracks.** However, the opt-out provision
> serves an important purpose and should not be removed at this
> time.
>
> Indeed, there are many circumstances in which fairness will dictate
> that a plaintiff should be able to exercise the opt-out provision. For
> example, a plaintiff might be in extremis and have only months to
> live. It is only fair and just to allow that plaintiff to opt out of the
> discovery pool selection process. Similarly, a plaintiff might be
> elderly, wheelchair bound, and/or undergoing treatment and
> traveling to North Carolina for trial is near impossible without
> grave hardship. These scenarios, and other extreme situations,
> warrant the opt out.
>
> **While the PLG does not anticipate opting out filed SFCs going
> forward because it will take these issues into account before
> filing a CLJA action**, the opt out process likely is still needed for
> non-PLG litigants as well as PLG clients whose circumstances
> change after their case is filed.

D.E. 114 at 3, 8 (Jan. 16, 2024) (emphases added).

Yet only two months after stating that PLG "does not anticipate relying on the opt-out provision for any future tracks," members of PLG[1] notified the United States of their intent to opt out no fewer than 703 cases from Track 2 discovery and trial. *See* Ex. A, List of Track 2 Opt-

---

[1] Bell Legal Group, Keller Postman, The Dowling Firm, Wallace and Graham, Weitz & Luxenberg.

Outs by Firm. Other non-PLG firms submitted an additional 88 opt-outs from Track 2. *See id.*[2] By the United States' count, only 244 cases remain eligible for Track 2 selection. *See* Ex. D, Remaining Cases Eligible for Track 2 Selection.[3]

The United States has repeatedly advocated the importance of a representative pool of cases for discovery and trial, *see, e.g.*, D.E. 5-2, 17-3, 56, 83, 95, 129, and need not repeat those arguments here. Suffice it to say that if PLG opts out more than two-thirds of the available cases, there is little reason to think that the cases that PLG allowed to remain in the pool are a representative sample. Such expansive use of the opt-out provision undermines the Court's efforts to advance toward global resolution as quickly and efficiently as possible. *See* CMO 2, D.E. 23 at 8. A skewed discovery pool will reduce the informational value of early cases and hamper efforts at resolution.

The United States acknowledges the Court's concern for avoiding any "potential due process problems" with the consolidated pretrial procedures that the Court has established. *See* D.E. 146 at 4 (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)). The United States respectfully suggests that the personal-jurisdiction-based due process concerns present in *Shutts*, a class action case involving out-of-state class members, are not present here. The Court has well-established authority under the Federal Rules of Civil Procedure to appoint lead counsel

---

[2] Of the 791 total cases opted out of Track 2, 151 had Short Form Complaints filed before February 26, 2024, and another 19 were cases filed for the first time after February 26, 2024— meaning that for those 170 cases, PLG cannot invoke the Court's February 26 order for all plaintiffs to file Short Form Complaints as "changed circumstances" causing plaintiffs to opt out of Track 2. *See* Ex. B, Track 2 Opt-Outs with SFCs Filed Before Feb. 26, 2024; Ex. C, Track 2 Opt-Outs Filed After Feb. 26, 2024.

[3] If the vast majority of Track 2-eligible plaintiffs are willing to sit on the sidelines, the Court should adopt the United States' Track 2 proposal that would lessen discovery burdens on the parties: wait to select the Track 2 discovery pool until after Track 1 bellwether trial selection, phase discovery to put general causation first, and select a much smaller number of discovery pool plaintiffs.

to direct a mass tort litigation on behalf of all plaintiffs who individually filed cases in this district. *See* United States Letter to Court on Selection of Plaintiff Leadership (June 27, 2023) (collecting authorities). Even setting that issue aside, the Court could further obviate any due process concerns by narrowing the opt-out provision to allow opt-outs only by plaintiffs whose attorneys are not part of PLG. At minimum, there is no due process problem with requiring a plaintiff to participate in his or her own voluntarily filed lawsuit that is being directed by plaintiff's own chosen counsel.

Second, as Track 1 discovery has progressed, it has become apparent that PLG did not exercise the opt-out provision in some cases that met PLG's stated rationale for needing to opt out—plaintiffs who are medically unable to participate in discovery or trial. The parties have subsequently reached agreements to accommodate these plaintiffs. *See, e.g.*, *Petrie v. United States*, No. 7:23-cv-202, D.E. 21, D.E. 21-1, D.E. 21-2 (April 5, 2024) (parties agree not to call as a trial witness Track 1 plaintiff who cannot sit for deposition and agree that plaintiff will answer interrogatories); Ex. E, *Peterson v. United States*, No. 7:23-cv-1576, Dep. Tr. 6:22-25, 31:21-32:22 (Track 1 plaintiff used text-to-speech software to communicate during deposition, with many unintelligible responses, and the parties agreed to follow-up interrogatories and the potential for a second deposition). The fact that the parties and Court have found ways to accommodate these plaintiffs illustrates why PLG's medical rationale for the opt-out provision does not bear scrutiny. If a plaintiff's ill health prevents him from participating in his own case, the parties and Court can make appropriate arrangements. Additionally, the Court could allow individual opt-outs based on a showing of good cause. But permitting unfettered opt-outs has allowed PLG to dramatically reduce the pool of plaintiffs for discovery, virtually ensuring that the selected plaintiffs will be unrepresentative of the larger plaintiff population.

4

* * *

In sum, new information makes apparent that PLG has not consistently used, and does not actually need, the opt-out provision in the sole circumstance—plaintiffs' ill health—where PLG hypothesized that opt-outs might be necessary. Meanwhile, PLG has instead used the opt-out provision to shield from discovery the vast majority of Track 2-eligible cases in a manner PLG represented would not be necessary. The United States respectfully requests that the Court reconsider its prior ruling and strike the opt-out provision for Tracks 2 and beyond with respect to plaintiffs who are PLG clients. All PLG clients who have opted out of Track 2 should remain eligible for selection.

Dated: April 17, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Special Litigation Counsel

*/s/ Daniel C. Eagles*
DANIEL C. EAGLES
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
Environmental Torts Litigation Section
1100 L Street NW
Washington, DC 20005
E-mail: daniel.c.eagles@usdoj.gov
Phone: (202) 305-0253
Fax: (202) 616-4473

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2024, a copy of the foregoing Motion for Reconsideration of Order on Motion to Amend Case Management Order No. 2 and Memorandum in Support was served on all counsel of record via the Court's electronic filing system.

*/s/ Daniel C. Eagles*
DANIEL C. EAGLES
