IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>CAMP LEJEUNE WATER LITIGATION<br><br>This Document Relates to:<br>ALL CASES | Case No. 7:23-CV-897<br><br>ORDER ESTABLISHING EVIDENCE<br>DEPOSITORY PROTOCOL |

## I. PURPOSE AND SCOPE

1. **General**. This Litigation relates to events of as long as over 70 years ago, and relevant evidence may include tangible items, records, and documents existing or stored in a wide array of physical and virtual media, old and new. While much information exchanged in discovery and preserved as potential evidence will be in the form of or converted to ESI, which may be maintained in databases and accessed virtually, the conversion of other documents and evidence, currently in tangible form, may be infeasible or unduly costly and time-consuming. There is thus a need for a single Depository, under the ongoing jurisdiction of this Court, to which Plaintiffs may produce such evidence for use in this litigation. The Manual for Complex Litigation, Fourth (Federal Judicial Center 2004) ("MCL") recognizes the importance and utility of depositories in these circumstances. MCL Section 11.444.

This Order governs the establishment of such a Depository for use of the PLG. This Order does not supersede prior Pretrial Orders issued in this Action, which will remain in effect except to the extent inconsistent with the provisions herein.

2. **Scope**. Nothing in this Order is intended to be an exhaustive list of discovery obligations or rights of the Party producing Discoverable Information ("Producing Party") or a Party requesting Discoverable Information ("Requesting Party"), or any other Party or Non-Party.

1

To the extent additional obligations or rights not addressed in this Order arise under the Federal Rules of Civil Procedure, local rules, or applicable state and federal statutes, they will be applied with due consideration.

3. **Limitations and Non-Waiver**. The Parties and their attorneys do not intend by this Order to waive their rights to any protection or privilege, including the attorney-client privilege and work-product doctrine, or their rights to object to any discovery requests.

4. **Variations**. In light of the varying and disparate data systems and architectures employed by the Parties, variation from this Order may be required. In the event that any Party identifies a circumstance where application of this Order is not technologically possible or reasonably practicable, the Producing Party will disclose to the Requesting Party the reason(s) for, and circumstances surrounding, the need to vary from this Order, and the Parties will meet and confer in an effort to reach agreement on an appropriate deviation from this Order. In the event that the Parties cannot reach agreement, the matter may be submitted to the Magistrate Judge for adjudication.

## II. COOPERATION

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Orders on Discovery.

## III. DOCUMENT DEPOSITORY PROTOCOL

a. Plaintiffs' Lead Counsel shall establish and maintain a depository (the "Depository") to house all originals or true copies of all hard copy documents produced by or to a party in the Camp Lejeune Water Litigation (together, "hard evidence") collected by or on behalf of the PLG for the prosecution of this litigation. All such hard evidence shall be housed in the

PLG's Depository. The Depository shall be maintained at the PLG's expense, and can only be dissolved by Court Order.

      b.      Plaintiffs' Depository shall be located in the offices[1] of Lead Counsel J. Edward Bell III.

      c.      The costs of maintenance of and access to the Plaintiff's Depository shall be a common benefit expense pursuant and subject to Case Management Order No. 7.

      d.      The hard evidence in the Depository shall be stored in an orderly and logical fashion at the discretion of the PLG in such a way that the hard evidence can be easily identified and segregated. A ledger will contain a list of all hard evidence, indicating the date of their transportation into the Depositories.

      e.      Using a Chain of Custody Form, the PLG shall be responsible for providing all pieces of hard evidence's original location, transportation, storage, or any such movement as it pertains to delivering to the depository any hard evidence produced in this litigation pursuant to Fed. R. Civ. P. 45.

      f.      A log will be kept of all persons who enter and leave the Depository. The Depository will contain equipment for producing copies, such as hardware for scanning book pages or taking photographs of other physical objects, and a printer for printing the scanned items. Only duplicate copies of such scanned documents may be removed from the Depository, and such duplicate copies must also be logged using the appropriate unique alphanumeric identifier(s) corresponding to them per the ESI Protocol (*see* D.E. 52, 52-1).[2]

---

[1] Lead Counsel has office locations in Georgetown, SC and Raleigh, NC.
[2] For hard evidence not contemplated by the ESI Protocol (*see* D.E. 42), the Parties shall meet and confer regarding an appropriate way to identify such evidence.

g. Counsel appearing for any party in this litigation and the staffs of their respective law firms working on these cases shall provide advanced written notice of the hard evidence they wish to examine in the Depository by alphanumeric identifier(s) per the ESI Protocol (*see* D.E. 52, 52-1) so that the Parties can facilitate their viewing. Reasonable access to the hard evidence so identified shall be granted during business hours, where applicable in a designated reading room ("Reading Room") within the Depository where the requested hard evidence can be appropriately segregated.[3] Such inspection shall not be subject to monitoring by any party.

h. A log shall also be kept of all persons who enter and leave the Reading Rooms and of all documents temporarily placed in them, separate and apart from the log kept of all hard evidence and persons who enter and leave the Depository.

i. Counsel appearing for any party in this litigation and the staffs of their respective law firms working on these cases seeking access to the Depository must sign the agreement regarding rules of usage, protection of confidential documents, and payment of fees.

IT IS SO ORDERED, this _____ day of _____, 2024.

_____
RICHARD E. MYERS II
Chief United States District Judge

_____
TERRENCE W. BOYLE
United States District Judge

_____
LOUISE W. FLANAGAN
United States District Judge

_____
JAMES C. DEVER III
United States District Judge

---

[3] Certain large pieces of physical evidence might not be able to be moved into the Reading Rooms, and will be viewed in the Depositories themselves.