# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

IN RE:           )
              )
CAMP LEJEUNE WATER LITIGATION  )
              )
This Document Relates to:     )
ALL CASES         )
              )
            __)

## DEFENDANT UNITED STATES OF AMERICA'S RESPONSES TO PLAINTIFFS' CORRECTED FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, United States of America, hereby responds to Plaintiffs' Corrected First Requests for Production of Documents.

## INTRODUCTION

The following responses to Requests for Production are based upon a reasonable inquiry of information known or readily obtainable by the United States.

## GENERAL OBJECTIONS

1. **Privilege:** The United States objects to the Plaintiffs' Requests for Production (Set One) that seek materials protected by the attorney-client privilege, the attorney work-product privilege, the deliberative process privilege, the investigative files/law enforcement privilege, or any other privilege or protection. Plaintiff's Requests for Production also seek materials containing confidential business information and personally identifiable information, which can only be protected with certain safeguards. In responding to the Requests for Production, the United States will withhold privileged or protected documents and will identify such documents in a privilege log in conformity with Fed. R. Civ. P. 26(b)(5). Nothing contained in

1

these responses or in the production of documents is intended as, nor in any way shall be deemed, a waiver of any of these privileges, or any other applicable privilege.

2. **Locations to Be Searched:** In responding to the Requests for Production, the United States will search for responsive materials from custodians and locations that the United States determines are reasonably likely to have responsive material and are proportionate to the needs of the case. Such files will include emails, as well as hard copy and electronic folders or files, that those custodians identify as containing potentially responsive information. If the custodian does not identify specific electronic information on their computers, hard drives, or shared networks as containing potentially responsive information, the United States may collect that custodian's documents and communications using search terms that the United States determines are reasonably likely to return responsive material.

3. **Public Documents:** The United States objects to the Plaintiffs' First Requests for Production that seek materials that are publicly available. Such materials are equally accessible to all the parties, and can be obtained from more convenient, less burdensome, or less expensive publicly available sources.

4. **Definitions and Instructions:** The United States objects to the definitions and instructions in Plaintiffs' First Requests for Production to the extent that they are inconsistent with the Federal Rules of Civil Procedure. The United States will comply with the Federal Rules of Civil Procedure in responding to these requests.

5. **Incorporation:** Each of these General Objections is incorporated into each Response provided, as if fully set forth therein. The inclusion of a specific objection to a specific demand is neither intended as, nor should be construed as, a limitation or waiver of a General Objection or any other specific objection made in these responses.

2

<u>**RESPONSE TO PLAINTIFFS' CORRECTED**</u>
<u>**FIRST REQUEST FOR PRODUCTION**</u>

1.        All Agency for Toxic Substances and Disease Registry ("ATSDR") ESI as defined

herein, and data sources, including but not limited to the following:

<u>**Data Source 1**</u>:        ***ATSDR DMDC-identified "Active Duty" cohort***: This Dataset includes 210,222 Marines and Navy personnel stationed at the base anytime between June 1975 and December 1985.  ATSDR collected data from the following fields:

a.        Name: (Partial 1975–1976; Full starting in 1977)
b.        DOB (Date of Birth)
c.        Sex
d.        Race/ethnicity
e.        Home of Record
f.        Marital status

g.        Educational level attained
h.        Number of dependents
i.        Social Security Number (SSN)
j.        Rank/Pay Grade
k.        Unit Code: assignment/deployment
l.        Dates of Service
m.        Length of service

<u>**Data Source 2**</u>:        ***ATSDR Camp Lejeune Family Housing Dataset***: Camp Lejeune maintained family housing records on index cards from 1942 to 1994. ATSDR computerized 74,980 of 90,000 potential records. The data fields collected were:

a.        Name of "Sponsor" (active-duty Marine/Navy)
b.        Street address
c.        Move-in date
d.        Move-out date

<u>**Data Source 3**</u>:        ***ATSDR DMDC-identified civilian occupational cohort***: Dataset includes 8,085 civilians who worked at Camp Lejeune anytime December 1972 to December 1985. The ATDSR collected data from the following fields:

a.        Name: (Full starting December 1971)
b.        DOB: Date of Birth
c.        Sex
d.        Race/ethnicity
e.        Home of Record
f.        Marital status
g.        Education level attained

3

| h. | Number of dependents |
| i. | Social Security Number (SSN) |
| j. | Occupational Code |
| k. | Pay Grade |
| l. | Dates of Service |
| m. | Length of employment |

**Data Source 4**:    ***ATSDR CHAMPS (Career History Archival Medical and Personnel System) dataset***: Captures disease requiring hospitalization among active-duty personnel Data on active-duty marines begins on January 1, 1976. ATSDR CHAMPS Dataset includes 125,000 Marines in the database who were stationed at Lejeune at some time before 1986. Captured field list not available at this time but potential field list can be used.

**Data Source 5**:    ***ATSDR Health Survey (2011-2012) Dataset***: 76,058 completed surveys of the 247,479 surveys mailed. The ATSDR Health Survey includes over 200 data fields for each respondent. See sample form available on request.

**Data Source 6**:    ***ATSDR 1999-2002 Survey Dataset***: 12,598 respondents and their spouses who participated in the telephone survey conducted from September 1999 to January 2002 as part of the current case-control study of specific childhood cancers and birth defects. NOTE: Dataset field list has not been located to date. Plaintiffs would request all dataset fields be included.

**RESPONSE:**

Objection. The United States objects to this Request for Production, which seeks "all Agency for Toxic Substances and Disease Registry (ATSDR) ESI" without any limitation with respect to subject-matter, as overbroad, unduly burdensome, and not proportional to the needs of the case. Additionally, this request for production seeks documents protected from disclosure by the Privacy Act, the attorney-client privilege, and the deliberative process privilege. Furthermore, the United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation.

Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents

4

**responsive to this Request for Production by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log.**

2.      Please produce the ESI, as defined herein, and data created as a result of the digitizing of the USMC Muster Rolls and Unit Diaries from 1940 to 1958 which occurred during the partnership between the National Archives and Ancestry.com.

**<u>RESPONSE:</u>**

**Objection. The United States objects to this Request for Production as overbroad, vague and ambiguous, and not proportional to the needs of the case. Additionally, the United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation. Furthermore, this Request for Production is unduly burdensome to the extent it seeks information that can be obtained from some other source that is more convenient, less burdensome, and less expensive, such as publicly available sources to which the Plaintiffs have equal access.** *See* **https://catalog.archives.gov/search-within/602065?page=2&q=ancestry&sort=naId%3Aasc Upon request, counsel for the United States is willing to meet and confer to provide further instruction on accessing responsive documents from publicly available sources.**

**Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request for Production by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log.**

**3.** Please produce the ESI, as defined herein, and data created as a result of the digitizing of the 61 million pages of USMC Camp Lejeune Muster Rolls representing over 5 million unique Service Members who were stationed at Camp Lejeune from the 1950s to 1971 which was performed by the USMC via contract beginning in 2013 and completed by December 2015 based on the 2013, 2014 and 2015 VA/DoD Executive Committee Annual Reports.

**RESPONSE:**

**Objection. The United States objects to this Request for Production as overbroad, not proportional to the needs of the case, and vague and ambiguous with respect to the use of the term "unique." Additionally, the United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation. Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request for Production by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log.**

**4.** Please produce all documents as defined herein, and data previously produced by Defendant in the matter styled as *In re Camp Lejeune, North Carolina Water Contamination Litigation*, MDL No. 2218.

**RESPONSE:**

**Pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request for Production, including the following document collections: (1) documents collected by the Marine Corps and containing bate stamp numbers with the prefix CLW, (2) documents collected by the**

6

"Drinking Water Fact-Finding Panel for Camp Lejeune" for its report to the Commandant of the United States Marine Corps, (3) documents collected by the Government Accountability Office ("GAO") relating to the Camp Lejeune contamination, and (4) additional documents collected by client agencies and provided to plaintiff's counsel in *Laura Jones v. United States*, Civ. No. 1:11-cv-00771-JOF pursuant to Requests for Production in that case.

**5.** Please produce all depositions transcripts from all prior civil actions involving allegations of injury due to exposure to contaminated water at Camp Lejeune.

**RESPONSE:**

Objection. The United States objects to this Request for Production as not proportional to the needs of this case, as overbroad, as vague, and ambiguous. Additionally, the United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation.

Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request for Production, including deposition transcripts of all fact witness and Federal Rule 30(b)(6) witnesses from all prior civil actions involving allegations of injury due to exposure to trichloroethylene ("TCE"), tetrachloroethylene ("PCE"), and/or benzene, at Camp Lejeune. The United States will be withholding production of individual plaintiff deposition transcripts absent a showing that those transcripts are relevant to the claims and defenses of any current claimants in this litigation.

7

**6.** Please produce all written or recorded witness statements in the possession of Defendant from all prior civil actions involving allegations of injury due to exposure to contaminated water at Camp Lejeune.

**RESPONSE:**

**Objection. The United States objects to this Request for Production as not proportional to the needs of this case, as overbroad, as vague, and ambiguous. Additionally, the United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation. Furthermore, this Request for Production seeks documents protected from disclosure by the attorney-client privilege, the attorney work product privilege, and/or the deliberative process privilege.**

**Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request for Production, including expert reports and declarations produced by the United States from all prior civil actions involving allegations of injury due to exposure to TCE, PCE, and/or benzene, at Camp Lejeune.**

**7.** Please produce unredacted copies of all documents and ESI as defined herein, contained in the Camp Lejeune Water document database, otherwise known as the "CLW" database.

**RESPONSE:**

**Objection. The United States objects to this Request for Production as not proportional to the needs of this case, as overbroad, as vague, and ambiguous with respect to the use of the term "unredacted." Additionally, this Request for Production seeks documents protected from disclosure by the attorney-client privilege, the attorney work product privilege, and/or the deliberative process privilege.**

8

Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request for Production. The United States will be withholding documents for privilege and will attach the privilege log that was produced in prior litigation. The United States will be reassessing the documents withheld on the basis of the deliberative process privilege to determine whether the agency continues to assert the privilege.

8. Please produce unredacted copies of all documents and ESI, as defined herein, relied upon by or in the possession, custody or control of the ATSDR related to any publication, report, or study concerning water contamination issues at Camp Lejeune, including drafts. This category includes but is not limited to the six ATSDR ESI and data sources in Request Number 1 above.

**RESPONSE:**

Objection. The United States objects to this Request for Production as vague, and ambiguous with respect to the use of the terms and phrases "unredacted" and "water contamination issues." Additionally, this Request for Production seeks documents protected from disclosure by the attorney-client privilege, the attorney work product privilege, and/or the deliberative process privilege. Furthermore, this Request for Production is unduly burdensome to the extent it seeks information that can be obtained from some other source that is more convenient, less burdensome, and less expensive, such as publicly available sources to which the Plaintiffs have equal access.

Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request for Production. The United States will be withholding documents

9

for privilege and will attach a privilege log that was produced in prior litigation. The United States may also produce additional privilege logs pursuant to the Production Protocol for ESI and Scanned Images. The United States will be reassessing the documents previously withheld on the basis of the deliberative process privilege to determine whether the agency continues to assert the privilege.

9. Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the Naval Archives of the DON, including all Camp Lejeune related housing records or other servicemember records for servicemembers at Camp Lejeune from August 1, 1953 to December 31, 1987, not already covered by another request served herewith.

**RESPONSE:**

Objection. The United States objects to this Request for Production as not proportional to the needs of this case, as overbroad, as vague, and ambiguous with respect to the use of the terms and phrases "unredacted," and "Naval Archives." Additionally, the United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation.

Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request for Production, including records contained within the Camp Lejeune Family Housing Card Database for the following locations: Berkley Manor, Courthouse Bay, Hospital Point, Knox Trailer Park, Midway Park, NRAS, Paradise Point, Rifle Range, Tarawa Terrace, and Watkins Village.

**10.** Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the DON related to the Navy's underground storage tank (UST) program records and contents of the UST electronic portal relating to Camp Lejeune.

**RESPONSE:**

**Objection. The United States objects to this Request for Production as not proportional to the needs of this case, as overbroad, as vague, and ambiguous with respect to the use of the term and phrases "unredacted" and "Navy's underground storage tank (UST) program." Furthermore, the United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation.**

**Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request for Production by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log.**

**11.** Please produce all documents and ESI, as defined herein, related to VA records, files, guidelines and decisions pertaining to Camp Lejeune VA disability and benefits claims, including as pertaining to all VA activity or claims related to Camp Lejeune for the period August 1, 1953 to December 31, 1987.

**RESPONSE:**

**Objection. The United States objects to this Request for Production as overbroad, unduly burdensome, and not proportional to the needs of the case. Additionally, the United States objects to this Request for Production as vague and ambiguous in its use of the phrases "pertaining to all VA activity" or "claims related to Camp Lejeune." Furthermore, the**

United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation. Moreover, this Request for Production seeks documents protected from disclosure by the Privacy Act and attorney-client privilege.

Furthermore, this Request for Production is unduly burdensome to the extent it seeks information that can be obtained from some other source that is more convenient, less burdensome, and less expensive, such as publicly available sources to which the Plaintiffs have equal access. See https://www.knowva.ebenefits.va.gov/system/templates/selfservice/va_ssnew/help/customer/locale/en-US/portal/554400000001018/topic/554400000004049/M21-1-Adjudication-Procedures-Manual.

12. Please produce unredacted copies of all documents and ESI, as defined herein, previously produced in response to Freedom of Information Act requests related to Camp Lejeune contaminated water issues since January 1, 1990.

**RESPONSE:**

Objection. The United States objects to this Request for Production as overbroad, unduly burdensome, and not proportional to the needs of the case. Additionally, the United States objects to this Request for Production as vague and ambiguous in its use of the term and phrases "unredacted" and "contaminated water issues" without definition or identification of the agency to whom the FOIA request was made. Furthermore, the United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation. This Request for Production also seeks

12

information covered by the attorney-client privilege, the attorney work product privilege, and/or the deliberative process privilege.

**13.** Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the National Research Council (NRC) with regard to any publications, reports or studies concerning water contamination at Camp Lejeune, including drafts.

**RESPONSE:**

**Objection. The United States objects to this Request for Production as overbroad, unduly burdensome, and not proportional to the needs of the case. Additionally, the United States objects to this Request for Production as vague and ambiguous in its use of the term "unredacted" without definition. This Request for Production is unduly burdensome to the extent it seeks information that can be obtained from some other source that is more convenient, less burdensome, and less expensive, such as publicly available sources to which the Plaintiffs have equal access. See https://www.nationalacademies.org/our-work/contaminated-drinking-water-at-camp-lejeune#sectionPublications.**

**Furthermore, the United States does not have possession, custody, or control of any documents that are responsive to this request. The NRC is the operating arm of the United States National Academies of Sciences, Engineering, and Medicine, all of which are private, nonprofit institutions.**

**14.** Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the Government Accountability Office (GAO) related to any report or study concerning water contamination at Camp Lejeune, including drafts.

**RESPONSE:**

13

Objection. The United States objects to this Request for Production as overbroad, unduly burdensome, and not proportional to the needs of the case. Additionally, the United States objects to this Request for Production as vague and ambiguous in its use of the term "unredacted" without definition. This Request for Production is unduly burdensome to the extent it seeks information that can be obtained from some other source that is more convenient, less burdensome, and less expensive, such as publicly available sources to which the Plaintiffs have equal access. The GAO performed an investigation of Camp Lejeune Groundwater Contamination pursuant to the National Defense Authorization Act of 2005. As part of its investigation, the GOA obtained and reviewed hundreds of documents and interviewed many individuals. The investigation resulted in a report entitled "Activities Related to Past Drinking Water Contamination at Marine Corps Base Camp Lejeune," which is publicly available. See **https://www.gao.gov/products/gao-07-276**.

Additionally, this Request for Production seeks documents potentially protected from disclosure by the United States Constitution's Speech or Debate clause. *See Chapman v. Space Qualified Systems Corp.*, 647 F. Supp. 551 (N.D. Fla. 1986). The United States is reassessing the documents previously withheld on the basis of the Speech and Debate clause to determine whether the agency continues to assert the privilege.

15.    Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the Environmental Protection Agency (EPA) related to any publication, report, or study concerning water contamination at Camp Lejeune, including drafts.

**RESPONSE:**

Objection. The United States objects to this Request for Production as overbroad, unduly burdensome, and not proportional to the needs of the case.  Additionally, the United

States objects to this Request for Production as vague and ambiguous in its use of the term "unredacted" without definition. Moreover, this Request for Production is unduly burdensome to the extent it seeks information that can be obtained from some other source that is more convenient, less burdensome, and less expensive, such as publicly available sources to which the Plaintiffs have equal access. Documents related to Camp Lejeune water contamination are publicly available through the EPA's website, particularly through links to National Priority list sites designated as "Camp Lejeune," https://www.epa.gov/fedfacts/federal-facility-cleanup-sites-searchable-list. To access, select "North Carolina" from the provided docket map. Once selected, click on the "2" located under the caption "NPL Sites." From there, Camp Lejeune-related materials can be viewed by selecting "Camp Lejeune Military Res. (USNAVY)" from the list. See also https://cumulis.epa.gov/supercpad/cursites/csitinfo.cfm?id=0403185, EPA's Superfund Site with records relating to ABC One-Hour Cleaners located at 2127 Lejeune Boulevard in Jacksonville, North Carolina.

Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request of Production from the relevant period of time by the completion of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log.

15

16.     Please produce unredacted copies of all documents and ESI, as defined herein, in the possession, custody, or control of the Department of the Navy related to third party vendors or consultants that performed or were contracted to perform work related to water contamination issues at Camp Lejeune, including drafts.

**RESPONSE:**

**Objection. The United States objects to this Request for Production as overbroad, unduly burdensome, and not proportional to the needs of the case. Moreover, the United States objects to this Request for Production as vague and ambiguous in its use of the term and phrases "unredacted" and "water contamination issues" without definitions. Furthermore, this Request for Production seeks documents protected from disclosure by the attorney-client privilege and the attorney work product privilege.**

**The United States Department of the Navy has records related to Camp Lejeune at various locations, including, but not limited to: (1) Marine Corps Base Camp Lejeune, (2) the Atlantic division of the Naval Facilities Engineering Command (LANTDIV NAVFAC), Norfolk, VA, and (3) the Navy and Marine Corps Public Health Center (NMCPHC), Portsmouth, VA. These documents include historic documents, analytical data, maps, reports, contracts, and other documents. Information related to Camp Lejeune groundwater contamination is also publicly available on the Internet. See https://www.navfac.navy.mil/Divisions/Environmental/Products-and-Services/Environmental-Restoration/Mid-Atlantic/Camp-Lejeune-MCB/Site-Descriptions/.**

**Without prejudice to the foregoing objections, pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will be producing documents responsive to this Request for Production from the relevant period of time by the completion**

16

of fact discovery and will do so as documents are collected, processed, and reviewed for privilege. Documents being withheld for privilege will be identified on a privilege log.

17.     Please produce unredacted copies of all documents and ESI as defined herein, in the possession, custody, or control of LANTDIV (Atlantic Division Naval Facilities Engineering Command) relating to any work, investigation, research, discussion, or correspondence, memos or documents or data of any form regarding any water contamination issues at Camp Lejeune, including drafts.

**RESPONSE:**

**Objection. The United States objects to this Request for Production as overbroad, unduly burdensome, and not proportional to the needs of the case. This Request for Production is unduly burdensome to the extent it seeks information that can be obtained from some other source that is more convenient, less burdensome, and less expensive, such as publicly available sources to which the Plaintiffs have equal access. The United States Department of the Navy has records related to Camp Lejeune at various locations, including, but not limited to: Atlantic division of the Naval Facilities Engineering Command (LANTDIV NAVFAC), Norfolk, VA. These documents include historic documents, analytical data, maps, reports, contracts, and other documents. Information related to Camp Lejeune groundwater contamination is publicly available on the Internet. NAVFAC has established an Environmental Restoration Program (ERP) Public Web Site for these documents.     See     https://www.navfac.navy.mil/Divisions/Environmental/Products-and-Services/Environmental-Restoration/Mid-Atlantic/Camp-Lejeune-MCB/Administrative-Record/. To access these documents, click the "Administrative Record File" at the middle of the page.**

17

Additionally, the United States objects to this Request for Production as vague and ambiguous in its use of the term and phrases "unredacted" and "water contamination issues" without definition.

Pending entry and pursuant to the ESI Protocol and appropriate protective orders, the United States will permit the Plaintiffs to inspect and copy documents responsive to this request at Naval Facilities Engineering Systems Command, Atlantic, Norfolk, VA, at a mutually agreeable time.

18.     Please produce all documents as defined herein, that Defendant may rely on to support its denial of any allegation alleged in the Master Complaint.

**RESPONSE:**

**Objection. The United States objects to this Request for Production because it seeks information prepared in anticipation of litigation or trial. In addition, this Request for Production seeks information covered by the attorney-client privilege and/or the work product doctrine. Moreover, to the extent that non-privileged information could be responsive, this Request for Production is premature, calls for speculation, and does not adhere to the Court's Case Management Order No. 2 because it does not comply with the timeline imposed in that order.**

19.     Please produce all documents as defined herein, in your possession, custody, or control related to Track 1 Plaintiffs, following their selection pursuant to Case Management Order 2, including military records, VA records, medical records, their claims file, and any other records relevant to their claim.

**RESPONSE:**

**Objection. The United States objects to this Request for Production as overbroad,**

unduly burdensome, and not proportional to the needs of the case. Additionally, the United States objects to this Request for Production as vague and ambiguous in its use of the phrases "related to Track 1 Plaintiffs," "their claims filed," and "any other records" without definition. Furthermore, this Request for Production seeks information covered by the attorney-client privilege and/or the work product doctrine. Moreover, to the extent that non-privileged information could be responsive, this Request for Production is premature, calls for speculation, and does not adhere to the Court's Case Management Order No. 2 because it does not comply with the timeline imposed in that order.

20. Please produce all documents or access to relevant ESI as defined herein, related to the entry of civilians onto Camp Lejeune from August 1, 1953 to December 31, 1987, including any written or computerized logs or base pass system historical documents and databases.

**RESPONSE:**

**Objection. The United States objects to this Request for Production as overbroad, unduly burdensome, and not proportional to the needs of the case. Additionally, this Request for Production seeks documents protected from disclosure by the Privacy Act. Furthermore, the United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation.**

19

Respectfully submitted this 30th day of October 2023.

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Senior Trial Counsel

*/s/ Adam Bain*
Senior Trial Counsel
Civil Division, Torts Branch
U.S. Department of Justice
P. O. Box 340, Ben Franklin Station
Washington, D.C. 20044

**CERTIFICATE OF SERVICE**

This is to certify that on October 30, 2023, I served a copy of the foregoing document

upon counsel for the Plaintiffs by electronic mail at the following electronic mail address:

Edward Bell, III
jeb@belllegalgroup.com

Zina Bash
zina.bash@kellerpostman.com

Elizabeth J. Cabraser
ecabraser@lchb.com

W. Michael Dowling
mike@dowlingfirm.com

Robin L. Greenwald
rgreenwald@weitzlux.com

20

James A. Roberts, III
jar@lewis-roberts.com

Mona Lisa Wallace
mwallace@wallacegraham.com

*/s/ Adam Bain*
Attorney for the United States