UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| IN RE: CAMP LEJEUNE TOXIC WATER EXPOSURE LITIGATION | PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR AN EXTENSION TO RESPOND TO DISCOVERY REQUESTS |
|---|---|
| This document relates to: ALL CASES | |

## INTRODUCTION

Throughout this litigation, Plaintiffs have endeavored to heed the Court's admonitions regarding speed and efficiency in moving cases toward trial. *See* CMO 2 at 1 (quoting Fed. R. Civ. Pro. 1); *id* at 8 (noting that "[t]he Court expects the Parties to conduct discovery efficiently"). Accordingly, Plaintiffs have sought to avoid unnecessary disputes, and have met and conferred regularly with the DOJ to reach agreements, or narrow issues, wherever possible. Plaintiffs would normally not oppose extension requests, as a matter of courtesy. To that end, Plaintiffs now agree to the Government's request for a 30-day extension to respond to *three* of the four requests at issue in the Government's motion: (1) Plaintiffs' Second Set of RFP for Track 1 Discovery Plaintiffs; (2) Plaintiffs' Second Set of Interrogatories for Track 1 Discovery Plaintiffs; and (3) Plaintiffs' Requests for Admission.

But Plaintiffs simply cannot agree to the Government's request for an extension to respond to Plaintiffs' Request for Supplementation.[1] The reason is simple: Plaintiffs request for

---
[1] The Request in full reads: "Plaintiffs, through Plaintiffs' Leadership Counsel, hereby request that Defendant supplement all discovery requests previously served in this action or any other disclosure obligations pursuant to Fed. R. Civ. P. 26(e)(1), including but not limited to Defendant's responses to requests for production Nos. 19 and 20 of Plaintiffs' corrected first requests for production served on October 4, 2023 which had been previously held in abeyance until Track 1 Plaintiffs were chosen, which has now occurred. Plaintiffs request that Defendant timely supplement with any new information not previously disclosed, information developed since the last disclosure/response, as well as any information previously requested and not yet produced, including documents you withheld under claims of privilege. Also, Plaintiffs request updated and consolidated detailed Privilege Logs for all documents withheld to date." Dkt. 168-3, Ex. 1.

1

supplementation is not a new request at all. It simply requests what Rule 26 requires: that the Government supplement its responses. This Court has expressly held the same. *See Lightfoot v. Georgia-Pac. Wood Prod. LLC*, No. 7:16-CV-244-FL, 2017 WL 11611001, at *4 (E.D.N.C. Nov. 2, 2017) (reiterating that the obligation to supplement extends to "amend a prior response to discovery"). Plaintiffs simply cannot agree to the Government's request for a 30-day extension to amend responses that have been due and owing for many months.

## **BACKGROUND**

The request to supplement discovery most at issue here involves Plaintiffs' discovery requests served on October 4, 2023. These include three requests critical to the prosecution of Track 1 Plaintiffs' claims. Request Number 18 seeks documents that the Government may rely on to deny allegations in the Complaint. Request Number 19 seeks "documents in the Government's possession, custody and control related to Track 1 Plaintiffs, following their selection pursuant to [CMO] 2, including military records, VA records, medical records, their claims file, and any other records relevant to their claim." Request Number 20 seeks "documents or access to relevant ESI … related to the entry of civilians onto Camp Lejeune from August 1, 1953 to December 31, 1987, including any written or computerized logs or base pass system[,] historical documents[,] and databases." There are other examples.[2] The point is that Plaintiffs have requested documents in the Government's possession that are plainly relevant to their claims and needed now to efficiently and effectively prosecute their cases.

The Government's response on October 30, 2023 was not helpful. The Government issued largely boilerplate objections that the requests were "overbroad, unduly burdensome, and not proportional to the needs of the case." Bell Decl. Ex. 1 at, *e.g.*, p. 12-19. Specifically, the Government refused to produce documents in response to Requests 18, 19, and 20. The Government claimed that Requests 18 and 19 were premature because they did not comply with

---

[2] Other examples include documents regarding water contamination issues at Camp Lejeune in the control of the Atlantic Division Naval Facilities Engineering Command (Request 17), and documents that the Government previously produced in response to FOIA requests (Request 12). *See* Exhibit 1 to the concurrently-filed Declaration of James Edward Bell III ("Bell Decl.") attached hereto. Exhibit 1 is the Government's October 30, 2023 Responses.

2

the timeline proposed in CMO 2. *Id.* at 18-19. As to Request 20, the Government claimed that civilian documents were not relevant to Plaintiffs' claims.

Plaintiffs disagreed that Requests 18 and 19 were premature per CMO 2, because CMO 2 recognizes that "there are issues common to all CLJA Plaintiffs, and Plaintiffs' Leadership is permitted to engage in general discovery upon the entry of this Order." CMO 2 at 23 (entered on September 26, 2023). As to Request 18, Plaintiffs continue to take the position that documents the Government may rely on to deny allegations in the Master Complaint are indeed "issues common to all CLJA Plaintiffs." *Id*. As to Request 19, Plaintiffs of course understood that the Government could not produce documents specific to Track 1 Plaintiffs before such Plaintiffs were selected. This is why Plaintiffs specified that they sought such documents "following the[] selection [of Track 1 Plaintiffs] pursuant to Case Management Order No. 2," which has now occurred. Ex. 1 at 18. As to the relevance of civilians at Camp Lejeune (Request 20), Plaintiffs continue to maintain that this information is relevant, since civilians who lived at or visited Camp Lejeune were exposed to the contaminated water.

In an attempt to compromise and avoid judicial intervention, Plaintiffs had agreed to hold "in abeyance Request Nos. 18-20" pending the selection of Track 1 Plaintiffs. Bell Decl. Ex. 2.[3] Since the Track 1 Plaintiffs were selected by December 22, 2023, Plaintiffs indicated in meet and confer and in follow-on written correspondence to the Government that those requests "are now ripe." *Id*. Plaintiffs expected a supplemental response and an immediate production. That did not happen.

Accordingly, an in a final effort to avoid judicial intervention, Plaintiffs served the supplemental request at issue here, requesting the Government to perform what the Rule 26 requires: a supplemental response and production. Given that the Government has been aware of these Requests since October 4, 2023, and presumably is well aware of its duty to supplement, Plaintiffs believe that the Government has no good cause to seek an additional extension to

---

[3] Exhibit 2 is an email from Mr. Bell from December 22, 2023 to the Government memorializing the positions express by Plaintiffs on a meet and confer from that day.

3

2984746.2
Case 7:23-cv-00897-RJ   Document 174   Filed 04/19/24   Page 3 of 7

respond to long-pending requests.

## ARGUMENT

**I. The Government has failed to establish good cause for departing from the Rules.**

Under Fed. R. Civ. P. 6(b)(1) and Local Rule 6.1(a), the Court may depart from the default rule to respond to discovery within 30 days for "good cause." Examples of good cause in this district include when "counsel was ill," *Knechtges v. NC Dep't of Pub. Safety*, No. 5:21-CV-225-BO, 2023 WL 8440219, at *2 (E.D.N.C. Dec. 5, 2023), or when response deadlines are inadvertently not calendared. *See Knechtges v. NC Dep't of Pub. Safety*, No. 5:21-CV-225-BO, 2023 WL 5967588, at *2 (E.D.N.C. Aug. 1, 2023). That is not the Government's argument here, and, importantly, the Government does not declare that it lacks the resources to timely comply with its discovery obligations. The Government's argument is that these requests are new and complex, so it needs more time to respond to them.

But as described above, the requests at issue here were made on October 4, 2023, so the Government has been aware of these requests for over six months. Accordingly, having failed to explain why it cannot comply with the Rules by supplementing long-pending Responses and producing documents expeditiously, the Government has not and cannot demonstrate good cause. Had the Government sought a 30-day extension in October, of course Plaintiffs would have accommodated. Indeed, Plaintiffs previously agreed to hold the discovery in abeyance for over two months, until late December. In other words, Plaintiffs already agreed to a 60-day extension.

As this Court has noted, parties have a "continuing obligation to supplement discovery responses pursuant to Rule 26(e) should additional responsive material come to light." *Weare v. Bennett Bros. Yachts, Inc.*, No. 7:17-CV-155-FL, 2019 WL 12267845, at *3 (E.D.N.C. June 12, 2019) (citation omitted) (ordering compliance). As this Court has also noted, this obligation extends to "amend a prior response to discovery." *Lightfoot v. Georgia-Pac. Wood Prod. LLC*, No. 7:16-CV-244-FL, 2017 WL 11611001, at *4 (E.D.N.C. Nov. 2, 2017).

In other words, the Government is wrong to claim that the Request to Supplement is a new request, which is the only basis for its motion. By formally requesting supplementation, Plaintiffs simply put the Government on notice of its obligations. Plaintiffs did this to give the Government a last chance to comply with its obligations to avoid Court intervention. The Government has not responded in kind. Instead, it seeks yet another delay. If granted, the Government's real response to discovery served in early October 2023 will effectively come approximately *eight months* later, on May 28, 2024. Mot. at 1. Properly understood, the Government seeks a court-sanctioned delay of 8-months through the instant motion. Plaintiffs are aware of no authority that supports such a motion, and the Government has not provided any.

As this Court is well aware, the clock is ticking toward trial and the Track 1 fact discovery cut-off is Monday, June 17, 2024. *See* D.E. 130 A, iii. Accordingly, if the Government is granted a 30-day extension to do what the Rules require as a matter of course, the risk is real that Plaintiffs will not have adequate time to analyze the documents produced (whenever they finally come), serve potential follow-up discovery, engage in potential discovery motion practice, including in relation to privilege logs not yet provided, and question witnesses about the documents. For this reason, the Government's self-serving assertion that the requested "extension will still allow the United States to make any responses prior to the close of fact discovery and will not require the amendment of any existing deadlines," (D.E. 168-1 at 5) is simply not true.[4]

The Government repeatedly touts its "commitment to broad disclosure," claiming that it is "continuing to produce documents in response to PLG's prior discovery requests on a near-daily basis," and has produced over 12 million pages of documents. Mot. at 2. It is the quality, not the quantity, of documents produced in litigation that counts. The Government has produced largely irrelevant documents to date. In this context, producing 12 million documents does not

---

[4] Plaintiffs note, in this context, that it was the Government that requested the Court extend the fact discovery deadline to June 1, 2024. See D.E. 146 at p. 2. Each time the Government request and receives an extension the risk of prejudice to Plaintiffs increases because they have less time to prepare for trial.

5

2984746.2

mean that the government is fulfilling its obligations; it just means it is producing a lot of irrelevant documents. Moreover, Plaintiffs need the highly relevant documents they seek (again) through their Request for Supplementation now, not in a slow drip over the next months – or worse, a large production of the important documents on the deadline (or not at all).

Finally, while Camp Lejeune is a unique case, the Government's apparent delay strategy is not. For example, in *Bistline v. Ditech Fin. LLC*, No. CV188995MWFPLAX, 2019 WL 8065857 (C.D. Cal. Nov. 21, 2019), the plaintiff was concerned that the defendant was attempting to "run out the clock on the discovery deadline cut-off date by failing to produce responsive documents at issue in a deposition, in violation of its duty to supplement." *Id*. at *1 (quotations omitted). Expressing "concerns about defendant's continued refusal to produce documents," the Court ordered the defendant to produce the disputed documents at issue or have its counsel affirm that it had already produced all documents. *Id*. This Court could require the same affirmations here.

There are many examples of cases in which a party "run[s] out the clock [until discovery closes] with vague assurances of forthcoming productions and incomplete, deficient productions." *Warner Bros. Ent. Inc. v. Random Tuesday, Inc*., No. CV 20-2416-SB (PLAX), 2021 WL 6882166, at *1 (C.D. Cal. Dec. 8, 2021). Plaintiffs are concerned that the same fact pattern could occur here. Granting a further extension would only further "impair[ Plaintiffs'] ability to prepare for and conduct depositions and serve any necessary follow-up discovery." *Id*. at *7.

## **CONCLUSION**

Through this Opposition, Plaintiffs have made another accommodation and now only oppose the Government's motion with respect to Plaintiffs' Request for Supplementation. and In this narrow instance, Plaintiffs urge the Court to deny the Government's request for an effective eight-month extension and require prompt and complete responses and production, prioritizing documents responsive to Requests 18-20. Rule 26 and CMO 2 require nothing less.

6

2984746.2

Case 7:23-cv-00897-RJ   Document 174   Filed 04/19/24   Page 6 of 7

DATED this 19th day of April, 2024.   Respectfully submitted,

*/s/ J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

*/s/ Zina Bash*
Zina Bash (admitted *pro hac vice*) Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs and Government Liaison*

 s/ *Robin Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*