IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report pursuant to the Court's Notice of Hearing issued on April 3, 2024. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) are set forth below:

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to April 19, 2024, 1,740 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Twenty-five cases have been dismissed; twenty-one of those were voluntary dismissals and the four others were pro se cases. The cases are divided as follows: Judge Dever – 434 cases; Judge Myers – 445 cases; Judge Boyle – 423 cases; and Judge Flanagan – 438 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 190,561 administrative claims on file with the Department of Navy ("Navy"). The Navy publicly announced the CLJA claims management portal on April 10, 2024. The Navy is now focused on intake and processing of CLJA claims in parallel with efforts to ingest the remaining inventory of existing claims into the portal. All new claims are now

1

received through the claims management portal resulting in a higher level of claim data and enhanced communication between filers and the Navy. For the near term, the Navy will continue utilizing two pathways for assessing CLJA claims. Under one pathway, the Navy receives fully developed claims from law firms for review. This pathway is now facilitated by claims management portal functionality (e.g., secure file upload capability and robust claims review capabilities for Navy personnel). To date, the Navy has received approximately 489 fully substantiated CLJA claims for review under this pathway. Under the other pathway, the Navy accesses information developed through benefits determinations by the Veterans Administration to substantiate and settle CLJA claims. Between the two pathways, the Navy has extended approximately 63 CLJA claim settlement offers so far under the Elective Option program. To date, 29 of the CLJA claim settlement offers extended by the Navy have been accepted.

**(3) An update on stipulations entered into between the Parties since the last status conference**

On April 17, 2024, the Parties agreed to the terms of a stipulation concerning the government's production of certain medical records and Social Security documents. The Parties expect that stipulation to be filed at or about the time of the present Joint Status Report. Further, the PLG proposed a set of stipulations based upon the government's Answer to the Master Complaint on April 4, 2024, and the government has not yet indicated its position on those stipulations. On April 5, 2024, the government proposed a set of damages-related stipulations where plaintiffs and plaintiffs' counsel have disclaimed certain categories of damages in written discovery or at deposition, and the Parties held a meet and confer about the proposed damages-related stipulations on April 17, 2024. At this time, the PLG is not able to agree to the damages-related stipulations proposed by the government.

**(4) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter, and the PLG is committed to taking all actions necessary to meet the deadlines set forth in the Court's various scheduling orders. Since the most recent telephonic Status Conference on April 2, 2024, the PLG has been defending depositions on a near daily basis, scheduling treating physician depositions, and otherwise conducting discovery. The PLG believes that the discovery process is on pace to meet all applicable deadlines. What follows is a brief description of some recent discovery issues.

<u>Status of Document Production</u>

During prior Status Conferences, the Parties have discussed the PLG's Motion to Compel Document Production in Response to Corrected First Set of Request for Production [D.E. 81] and the government's Cross-Motion for Protective Order. [D.E. 93]. These motions related to the PLG's First Set of Corrected Requests for Production. On March 29, 2024, the government sent a letter to the PLG concerning the status of its document production in response to the Corrected First Set of Request for Production. The parties held a meet and confer concerning the status of the government's pertinent document production on April 17, 2024. While the Parties do not agree to all issues involved with this production, the PLG believes that the Parties' discussions remain constructive and productive. However, the PLG is significantly concerned that the government is now projecting that certain materials will not be produced until May 2024. For instance, during the referenced meet and confer on April 17, 2024, the government indicated that the ATSDR's

3

health effects project file will not be produced until May 2024. Further, the government indicated that it will not be producing privilege logs concerning the ATSDR's water modeling project file until May 2024. These productions of long-requested files and privilege logs in May 2024 is perilously close to the fact discovery deadline and prejudices the PLG's ability to conduct fact discovery and prepare expert designations.

ATSDR Water Modeling Project Files

The government has not completed production of the ATSDR's water modeling project file. However, the PLG has conducted a thorough review of those portions of the water modeling project file that have been produced, and the PLG believes that this review confirms that the project file cannot be reconstructed because it was produced pursuant to the ESI Protocol. In due course, the PLG intends to request a meet and confer with the government to discuss these issues.

Depositions

The Parties are presently engaged in depositions related to Track 1. As the result of tremendous effort, nearly every Track 1 Plaintiff has been deposed. Further, the government has requested the depositions of numerous treating physicians and other third-party witnesses, which are taking place on a near-daily basis. Unfortunately, the government has insisted that certain third-party witnesses be deposed in person as opposed to remotely. The conduct of third-party witness depositions in person causes both the PLG and the government – and thus the taxpayers – to incur substantial travel and other expenses. The PLG's position is that, absent unique and compelling circumstances, third-party witness depositions should be handled remotely. In fairness, the government has been conducting and scheduling the majority of third-party witness depositions remotely.

Pretrial Conference on Discovery

On March 7, 2024, the PLG filed a Notice of Filing of the PLG's Proposed Track 2 Scheduling Order (the "Notice"). [D.E. 155]. In that Notice, the PLG requested a Fed. R. Civ. P. 16 pretrial conference for purposes of discussing procedures that would significantly reduce the scope and expense of discovery and trials and thereby speed up this litigation and promote a global resolution.

The PLG has dedicated substantial time and resources to the discovery process, including both paper discovery and depositions. The PLG believes that discovery is progressing at a reasonable pace and that the Parties will be able to meet all deadlines set forth in Case Management Order No. 2.

**United States' Position:**

The United States continues to provide rolling productions of documents in response to Plaintiffs' discovery requests, and is producing documents to Plaintiffs on a near-daily basis. To date, in response to these discovery requests, the United States has produced over one million files, totaling over 12 million pages of records. The United States provided supplemental responses to Plaintiffs' Five Sets of general Requests for Production on or before April 12, 2024. The United States is also producing supplemental responses to Plaintiffs' Requests for Production and the Interrogatories issued on behalf of each of the 100 Track 1 Plaintiffs.

Production of ATSDR Water Modeling Project Files

The United States has completed its production of nearly all of the ATSDR water modeling project files. The United States completed its native production of "exotic" files from the ATSDR's water modeling files by the Court-issued deadline of April 11, 2024. The United States is now conducting a privilege review of a small fraction of non-technical, non-exotic files that

were withheld from prior productions for a privilege review. The United States will be making rolling productions of the documents that are determined to be not privileged, along with privilege logs of documents confirmed to be privileged. The first production of this subset of documents and the related privilege log is scheduled to be produced next week. The United States aims to complete this production by early May. The United States understand that Plaintiffs may have identified alleged issues with the functionality of the water modeling project files produced to date. The United States has requested that Plaintiffs identify such issues while the privilege review is ongoing in an effort to ameliorate any identified issues prior to the completion of the production of the water modeling project files.

Production of ATSDR Health Effects Studies Project Files

The United States has also gathered the relevant ATSDR Health Effects Studies project files, and anticipates beginning a rolling production of non-privileged files next week. The United States is also segregating privileged documents, as well as documents that are protected by certain statutory or contractual requirements, from the documents being produced on a rolling basis. The United States will review these segregated documents while the other rolling productions are ongoing, and is aiming to complete production of all relevant, non-privileged or otherwise protected documents by mid-May. Plaintiffs have indicated that they may be interested in conducting a search of otherwise protected data. Plaintiffs have indicated they do not intend to put forth a proposal for any such search until after the production of the Health Effects Studies project files is complete.

Production of Hardcopy ATSDR Files

The United States will also be producing a set of documents previously withheld from Plaintiffs' inspection of ATSDR hardcopy documents within the next two weeks. This includes

6

previously withheld documents from the two boxes Plaintiffs prioritized for the ATSDR's review related to the National Academy of Sciences study of potential health effects related to the Camp Lejeune water. The United States will be producing a privilege log for the few remaining documents from these two boxes that are still being withheld for privilege. ATSDR is continuing its review of the remaining boxes of documents with withheld documents, and the United States will either be producing documents from these boxes or putting them on a privilege log as soon as possible.

Production of Individual Plaintiff Files

The United States is also continuing to produce any agency records that the Department of Justice possesses relating to individual Plaintiffs by Wednesday of the week prior to any individual Plaintiff's deposition, so long as the Plaintiffs have provided the United States with properly executed releases. The United States is also producing documents it receives as a result of third-party subpoenas to Plaintiffs on a rolling basis.

Timing of United States' Productions

Given the broad nature of the numerous Requests for Production, the number of agencies involved in transmitting voluminous records, and the resources necessary to process and produce responsive documents, the United States is making good faith efforts to ensure Plaintiffs receive records as expeditiously as possible. However, the United States is entitled to continue producing records through the end of fact discovery. It is the United States' intention to complete its productions by that date.

Depositions

As of April 16, 2024, the United States has requested dates for 100 depositions of Track 1 Discovery Plaintiffs, scheduled 100 of those depositions, and taken 85 of those depositions. The

United States has also requested dates for 204 fact witness and treating physician depositions, has scheduled 168 of those depositions, and taken 30 of those depositions.

The parties have agreed that depositions of third-party fact witnesses, including treating physicians, may be conducted remotely. As PLG notes, the United States "has been conducting and scheduling the majority of third-party witness depositions remotely." However, in a very small fraction of cases, the United States has elected to conduct these depositions in person, which it has the right to do under the federal rules. Counsel for Plaintiffs are certainly welcome to defend depositions remotely if they so choose, but the United States should not be required to do so simply because it causes PLG to incur "travel and other expenses." The vast majority of Track 1 Plaintiffs are demanding between 25 and 50 million dollars. Further, the United States has agreed to limit itself to three fact depositions (excluding treating physicians) in each case. *See* D.E. 17-1 at 14; D.E. 23 at 10. The limited in-person depositions that the United States has requested are proportional with the needs of this litigation.

Clawback of Inadvertently Produced Privileged Document

On April 9, 2024, PLG served the United States with interrogatories, requests for production, and requests for admission, all of which relate to a one-page privileged document that was inadvertently produced to PLG. The privilege log entry for the document was included in the discovery requests, as was the text of the document. The United States promptly advised PLG of the need to comply with the Parties' Stipulated 502(d) Order [D.E. 30] which, with respect to inadvertently released privilege document, requires the Parties to "refrain from reading the document any more closely than is necessary to ascertain that it is privileged" and "immediately notify" the producing party of the production of the potentially privileged document. D.E. 30 at 2. The United States also asserted its right under the Order to clawback the document.

Upon receipt of the United States' "clawback notification," PLG responded by email that they disagreed that any portion of the document could be considered privileged. PLG is incorrect. The document is protected by the attorney-client privilege. It is an email addressed to the Camp Lejeune Staff Judge Advocate and several other high-ranking military leaders and decisionmakers, with numerous other attorneys copied. The e-mail informs the recipients of arising legal issues and seeks assistance with preparation for potential publicity and litigation. Therefore, the United States respectfully requests that the Court order PLG to return or destroy the privileged document, withdraw the April 9 discovery requests, and refrain from any further use or consideration of the privileged document.

**(5) Update on individual and global settlement efforts:**

As of April 19, 2024, the Torts Branch has determined that sixty (60) cases in litigation meet the Elective Option ("EO") criteria through documentary verification. The case breakdown by injury includes: 16 Bladder Cancer, 16 Kidney Cancer, 12 non-Hodgkin's Lymphoma, 6 Kidney Disease, 4 Parkinson's Disease, 4 Leukemia and 2 Multiple Myeloma. Twenty-two (22) offers have been accepted by plaintiffs on 5 cases of Bladder Cancer ($150,000; $150,000; $300,000; $300,000; $450,000), 4 cases of Kidney Disease (End Stage Renal Disease) ($250,000; $250,000; $100,000; $100,000), 5 cases of Kidney Cancer ($300,000; $300,000; $300,00; $300,000; $150,000), 4 cases of non-Hodgkin's Lymphoma ($150,000; $150,000; $300,000; $300,000), 1 case of Multiple Myeloma ($250,000), 2 cases of Parkinson's Disease ($400,000; $100,000) and 1 case of Leukemia ($300,000). Nine (9) offers were rejected by plaintiffs, including 4 cases of Bladder Cancer, 2 cases of Kidney Cancer, 1 case of Multiple Myeloma, 1 case of Kidney Disease, and 1 case of Parkinson's Disease. Seventeen (17) offers have expired,

including 5 cases of Kidney Cancer, 6 cases of non-Hodgkin's Lymphoma, 4 cases of Bladder Cancer and 2 cases of Leukemia. The other twelve (12) settlement offers are pending.

Further, the DOJ has approved offers for sixty-two (62) claimants in reliance on information provided by the Navy. Twenty-nine (29) settlement offers have been accepted. Two (2) offers have been rejected. Twenty-five (25) offers have expired, and the other six (6) offers are pending.

Payments have been sent for twenty-two (22) accepted settlements offers made by the Navy and eighteen (18) accepted settlement offers from DOJ, totaling $9,600,000. Nine cases of Bladder Cancer resulted in four payments of $300,000, four payments of $150,000 and one payment of $450,000. Eight cases of Leukemia resulted in six payments of $300,000 and two payments of $150,000. Six cases of non-Hodgkin's Lymphoma resulted in three payments of $300,000 and three payments of $150,000. Five cases of Parkinson's Disease resulted in a $400,000 payment, two payments of $250,000, and two payments of $100,000. Eight cases of Kidney Cancer resulted in six $300,000 payments and two $150,000 payments. Three cases of Kidney Disease resulted in two $100,000 payment and a $250,000 payment. One case of Multiple Myeloma resulted in a payment of $250,000.

With respect to the Settlement Master, the Parties will be interviewing additional candidates to propose as potential Settlement Masters and will submit additional names to the Court by April 26, 2024.

10

Case 7:23-cv-00897-RJ   Document 175   Filed 04/19/24   Page 10 of 13

**(6) Any other issues that the parties wish to raise with the Court:**

Track Three Disease Selection

**PLG's Position:**

The PLG continues to evaluate diseases for selection as Track 3 illnesses. Like the Government, the PLG is evaluating those illnesses which cover broad numbers of claimants. However, the PLG, in accordance with the Court's order appointing leadership, is also undertaking reasonable scientific evaluations, such as considering the recently published Cancer Incidence Study, to select diseases that have the most meaningful impact on the Marines and their families. The PLG contends that the Government's selections will not meaningfully advance resolution. Pursuant to this Court's directive at the April 2, 2024 Status Hearing, PLG will submit its proposal for Track 3 prior to the April 26, 2024 status conference. Indeed, the PLG is convening in person on Tuesday, April 23, 2024 to consider this exact issue.

**The United States Position:**

The United States submits the following diseases should be selected for Track 3: (1) esophageal cancer; (2) medical monitoring unrelated to a specific disease; (3) miscarriage; (4) dental effects; and (5) hypersensitivity skin disorder. Given the number of claims that fall into each of these categories, the United States believes that including these claims in Track 3 can materially advance the litigation. Additionally, with respect to medical monitoring that is unrelated to a specific disease, there is a significant legal issue regarding whether those damages can be recovered under the statute.

*[Signatures follow on next page]*

DATED this 19th day of April, 2024.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs
and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*