IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | O R D E R |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| ALL CASES | ) | |
| | ) | |

This matter is before the court on Defendant's motion for a 30-day extension to respond to certain written discovery requests ("Motion"). [DE-168]. For good cause shown, the Motion is granted.

I.  Background

This litigation concerns the more than seventeen hundred individual lawsuits filed under the Camp Lejeune Justice Act ("CLJA") in this district. *See* Pub. L. No. 117-168, § 804, 135 Stat. 1759, 1802-04. With the CLJA, Congress created a new federal cause of action permitting "appropriate relief for harm that was caused by exposure to the water at Camp Lejeune" for individuals who resided, worked, or were otherwise exposed for not less than 30 days during the period between August 1, 1953, and December 31, 1987. *See id.* § 804(b). To better manage this litigation, the court appointed a Plaintiffs' Leadership Group ("Plaintiffs"), *see* [DE-10], and entered case management orders streamlining pretrial procedures in all CLJA cases. *See, e.g.,* [DE-23].

As part of streamlining pretrial procedures, the court is phasing this litigation into separate "Tracks." [DE-23] 8. Each Track comprises several different illnesses and proceeds on its own pretrial timeline. The court established the "Track 1 Illnesses" in CMO 2, specifically (1) bladder

cancer, (2) kidney cancer, (3) leukemia, (4) Parkinson's disease, and (5) non-Hodgkin's lymphoma. [DE-23] XI.A. The court entered the Track 1 Discovery Order setting deadlines and procedures for the Track 1 Discovery Pool; Track 1 fact discovery closes on June 17, 2024. [DE-130] A.iii.

In its Motion, Defendant requests a 30-day extension to respond to Plaintiffs' (i) Second Set of Requests for Production for Track 1 Discovery Plaintiffs [DE-168-3]; (ii) Second Set of Interrogatories for Track 1 Discovery Plaintiffs [DE-168-4]; and (iii) Requests for Admission for Track 1 Discovery Plaintiffs (collectively, "New Written Discovery"). [DE-168-5]. Additionally, Plaintiffs have requested that:

> Defendant supplement all discovery requests previously served in this action or any other disclosure obligations pursuant to Fed. R. Civ. P. 26(e)(1), including but not limited to Defendant's responses to requests for production Nos. 19 and 20 of Plaintiffs' corrected first requests for production served on October 4, 2023 which had been previously held in abeyance until Track 1 Plaintiffs were chosen, which has now occurred. Plaintiffs request that Defendant timely supplement with any new information not previously disclosed, information developed since the last disclosure/response, as well as any information previously requested and not yet produced, including documents you withheld under claims of privilege. Also, Plaintiffs request updated and consolidated detailed Privilege Logs for all documents withheld to date.

[DE-168-3] ("Rule 26(e) Request"). Plaintiffs oppose Defendant's Motion, but only as it relates to Plaintiffs' Rule 26(e) Request. [DE-174] 1. However, Plaintiffs' Rule 26(e) Request is not referenced in Defendant's Motion. *See* [DE-168] (requesting extension to respond to "[Plaintiffs'] recent discovery requests, including: (i) 20 Requests for Production, (ii) 20 Interrogatories, and (iii) 129 Requests for Admission"); [DE-168-1] (referencing "three sets of numerous and broad discovery requests on [Defendant]").

II. Standard of Review

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act . . . must be done

2

within a specified time, the court may, for good cause, extend the time . . . if a request is made [ ] before the original time or its extension expires." *Knechtges v. NC Dep't of Pub. Safety*, No. 5:21-CV-225-BO, 2023 WL 8440219, at *2 (E.D.N.C. Dec. 5, 2023) (quoting Fed. R. Civ. P 6(b)(1)(A)).

Rule 26(e) requires a party to supplement its discovery responses when "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

III. Discussion

Defendant has demonstrated good cause for a 30-day extension. [DE-168-1] 3–6. Plaintiffs do not oppose an extension for the New Written Discovery. [DE-174] 1. Thus, the court will grant one.

Additionally, Plaintiffs state they "simply cannot agree to the [Defendant's] request for an extension to respond to Plaintiffs' [Rule 26(e) Request]." [DE-174] 1. Although the Rule 26(e) Request applies to "all discovery requests previously served in this action . . . ," Plaintiffs seem particularly interested in Defendant's responses to Requests 18 (documents Defendant may rely on to deny allegations in Master Complaint), 19 (documents related to Track 1 Plaintiffs), and 20 (documents related to entry of civilians onto Camp Lejeune) from its October 4, 2023 First Set of Requests for Production. *See* [DE-168-3] 2; [DE-174] 2. Defendant objected to all three Requests and refused to produce responsive documents; Plaintiffs dispute the veracity of Defendant's objections. *See* [DE-174] 2–3 (citing [DE 174-1] 20–21). Still, the Parties agreed to hold Requests 18–20 in abeyance until the selection of Track 1 Plaintiffs (according to Plaintiffs, December 22, 2023). *See id*. at 3. Plaintiffs state they have still not received any documents in response to these

3

Requests, necessitating the Rule 26(e) Request. *Id*.

Plaintiffs misunderstand Defendant's Motion, which only applies to the New Written Discovery. If Defendant intended to cover the Rule 26(e) Request in its Motion, it has not so indicated.[1] Indeed, Defendant makes only one explicit reference to Plaintiffs' Rule 26(e) Request, which occurs in a memorandum footnote isolated from the New Written Discovery listed in the body text. [DE-168-1] n1. Defendant represents it is "in the process of providing *supplemental* responses to PLG's specific discovery requests seeking individual information regarding . . . [the] Track 1 Plaintiffs," but does not specify if these are responsive to Requests 18–20. [DE-168-1] 5 (emphasis added).

Regardless, extending Defendant's time to supplement discovery requests conflicts with its apparent refusal to produce responsive documents. Defendant must either maintain its objections, *see, e.g.,* [DE-174-1] 20–21, requiring Plaintiffs to move to compel production, or produce the responsive documents in its possession. The court cannot discern Defendant's posture from its Motion. After confirming Defendant's stance on Requests 18–20, Plaintiffs may file any necessary motion under the Discovery Dispute Protocol. *See* [DE-55].

IV. Conclusion

For the foregoing reasons, Defendant's Motion is GRANTED as follows:

A. Defendant must respond to the New Written Discovery on or before May 28, 2024.

B. Plaintiffs may file any motion necessary to enforce Requests 18–20 from its October 4, 2023 First Set of Requests for Production. *See* [DE-55].

---

[1] While Defendant references the Rule 26(e) Request in an attached email to Plaintiffs' Lead Counsel, *see* [DE-168-3] 63, it has not included the request in its Motion. *See* [DE-168].

SO ORDERED. This 24 day of April, 2024.

                                                          Robert B. Jones, Jr.
                                                          United States Magistrate Judge