UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| IN RE: CAMP LEJEUNE TOXIC WATER EXPOSURE LITIGATION | PLAINTIFFS' NOTICE OF PROPOSED TRACK 3 ILLNESSES |
|---|---|
| This document relates to: ALL CASES | |

Plaintiffs' Leadership Group ("PLG") respectfully submits the following five serious illnesses as their Track 3 proposal: multiple myeloma, pancreatic cancer, esophageal cancer, aplastic anemia/myelodysplastic syndromes (MDS), and scleroderma. Each of the diseases has life-threatening potential and were proposed previously by the parties.

**Background**

On December 27, 2023, the PLG submitted the following five illnesses for Track 3: liver cancer, sclerosis / scleroderma, multiple myeloma, kidney disease, and aplastic anemia. (D.E. 97). In that same filing, the PLG proposed that the Defendant's submission for Track 2 illnesses be designated as the Track 3 illnesses. Id. In a competing submission filed on the same day, the Defendant advised that "[t]he Court should select for Track 3, any of the 5 diseases which were not selected from the United States' proposed diseases for Track 2": prostate cancer, breast cancer, lung cancer, pancreatic cancer, and esophageal cancer as the Track 2 illnesses. (D.E. 96). On February 26, 2024, the Court entered an order designating prostate cancer, kidney disease; lung cancer; liver cancer; and breast cancer as the Track 2 illnesses.

Eliminating the five illnesses selected as the Track 2 illnesses from the PLG's and the Defendant's competing December 2023 filings, the following illnesses remain: pancreatic cancer,

esophageal cancer, sclerosis / scleroderma, multiple myeloma and aplastic anemia. As noted above, the PLG proposes these five illnesses for Track 3.

**Argument**

There are important reasons the Court should select Plaintiffs' Track 3 proposal. First, selection of Plaintiffs' proposed diseases would guarantee that the diseases that both parties believed were important for selection for Track 2 are litigated next.

Second, the PLG's proposed Track 3 diseases were selected using a combination of severity of disease and the likely number of cases. As to severity of disease, each of the Plaintiffs' proposed Track 3 conditions are often life-threatening.[1] Thus, these Plaintiffs' trial needs are pressing; these Plaintiffs might not be alive if their trials do not take place in the next track; their trials should be expedited over non-life-threatening conditions, such as those proposed by the Defendant (see below). What's more, there are large numbers of several of the diseases that Plaintiffs propose. The selection of Plaintiffs' Track 3 diseases, therefore, has the potential to resolve a large number of cases and prioritizes Plaintiffs with serious, often life-threatening diseases.

In contrast, the majority of the conditions proposed by Defendant are not life-threatening (ie., medical monitoring unrelated to a specific disease, miscarriage, dental effects and hypersensitivity skin disorder) and, moreover, are not necessarily the Plaintiffs' primary disease. Using the list referenced in footnote 3, for example, the Defendant apparently assumes that there

---

[1] The survival rates for PLG's proposed Track 3 diseases are described in the following links: multiple myeloma, https://www.cancer.org/cancer/types/multiple-myeloma/detection-diagnosis-staging/survival-rates.html; pancreatic cancer, https://amp.cancer.org/cancer/types/pancreatic-cancer/detection-diagnosis-staging/survival-rates.html; esophageal cancer, https://www.cancer.org/cancer/types/esophagus-cancer/detection-diagnosis-staging/survival-rates.html; aplastic anemia/MDS, https://www.cancer.gov/types/myeloproliferative/hp/myelodysplastic-treatment-pdq#_293_toc; and scleroderma, https://rheumatology.org/patients/scleroderma#.

2

are a large number of Plaintiffs who have brought cases for "dental effects." But that is not necessarily the case; it is equally likely that the dental effects is secondary to cancer treatment; at the present time, the PLG does not know how many of the dental effects Plaintiffs are pursuing are brought as a primary condition. Because it is common for Plaintiffs who have radiation and/or chemotherapy treatment for their cancer to have tooth decay or other dental issues as a secondary condition to their cancer, it is not surprising there are a large number of those cases. But it is also indisputable that dental effects are not life threatening, and there is no rush to try these cases. In that same vein, medical monitoring unrelated to a specific disease is not time sensitive and should not be included over cancers and other serious conditions for Track 3. The same is true for miscarriage; as a negative birth outcome from many years ago, it is not life-threatening for the surviving parent. Hypersensitivity skin disorder, similarly is not life threatening; that is why the Plaintiffs propose scleroderma, a serious skin disorder that can be life threatening and that the ATSDR identified as a condition as likely as not caused by the chemicals at Camp Lejeune. Finally, medical monitoring unrelated to a specific disease should not take precedent over trial of Plaintiffs who have been diagnosed with a serious, potentially life-threatening disease.

As to the Defendant's fifth proposal for Track 3 – esophageal cancer – Plaintiffs agree that this cancer should be included in the Track 3 diseases.

Finally, multiple myeloma and scleroderma are included in the Defendant's Elective Option program. Trial of cases for these illnesses should be efficient in light of the Defendant's willingness to offer settlements for them and will help inform individuals afflicted with these conditions about the merits of the Elective Option program.

For the foregoing reasons, Plaintiffs respectfully request that the Court adopt Plaintiffs' Track 3 proposal.

DATED this 25th day of April, 2024.                    Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted pro hac vice)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted pro hac vice)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ Robin Greenwald
Robin L. Greenwald (admitted pro hac vice)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

/s/ A. Charles Ellis
A. Charles Ellis (N.C. Bar No.: 010865)
Ward and Smith P.A.
Post Office Box 8088
Greenville, NC 27835-8088
Telephone: (252) 215-4000
ace@wardandsmith.com
*Liaison Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted pro hac vice)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs and Government Liaison*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

/s/ Hugh R. Overholt
Hugh R. Overholt (NC Bar No. 016301)
Ward and Smith P.A.
Post Office Box 867
New Bern, NC 28563-0867
Telephone: (252) 672-5400
hro@wardandsmith.com
*Liaison Counsel for Plaintiffs*