UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: CAMP LEJEUNE TOXIC WATER EXPOSURE LITIGATION<br><br>This document relates to:<br><br>ALL CASES | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO AMEND TRACK 1 ORDER TO PRIORITIZE TRIALS OF TRACK 1 SINGLE DISEASE PLAINTIFFS** |

The Plaintiffs' Leadership Group (the "PLG") respectfully opposes the Defendant's Motion to Amend Track 1 Order to Prioritize Trials of Track 1 Single Disease Plaintiffs (the "Motion").

As set forth in Case Management Order No. 2 (D.E. 23) ("CMO 2") and the Track 1 Order (D.E. 130) (the "Track 1 Order"), "At the appropriate time, the court and the Parties shall discuss the selection of certain Track 1 Discovery Plaintiffs for a Bellwether trial or trials." We agree with the Defendant that the time has come to have those discussions. Indeed, the interests of plaintiffs, the Defendant, and the Court are identical: to conduct a series of bellwether trials that are efficient, cost-effective, representative of the larger claimant population, and hence informative to the global-resolution process without unduly delaying or burdening that process.

While the PLG agrees that it is "the appropriate time" to discuss the selection of Plaintiffs for bellwether trials, it is premature to set limits on that selection before knowing how trials will proceed—for example, whether trials will be single-plaintiff trials or multi-plaintiff trials, or a mix, or whether multiple judges will conduct trials for the same set of diseases. It may be true that the best approach would be to prioritize a particular "Single Disease" plaintiff, as the Defendant describes the term, but that decision should be made after we have more information about trial

1

processes, and—if the Court agrees it would be fruitful—a discussion among the Court and the parties.

Additionally, the deposition transcripts the Defendant attached to the Motion, and the Defendant's references to Track 1 Discovery Pool Profile Forms make clear that the Defendant has ample information about the illness(es) alleged by each Track 1 Discovery Pool Plaintiff to have been caused by the water on Camp Lejeune. Given the ample amount of data it has collected to date, the Defendant should be ready to engage in discussions to select bellwether trial Plaintiffs. As an aside, the allegations of Plaintiffs Mr. Cagiano, Mr. Hunt, Mr. Doup and Mr. McTiernan that the water on Camp Lejeune caused various diseases are representative of a great many individuals seeking justice under the Camp Lejeune Justice Act. Indeed, an informal survey of cases indicates that potentially half of individuals with Track 1 or Track 2 illnesses have multiple diseases caused by the Camp Lejeune water (unsurprising given that exposure to toxic chemicals attacks the body as a whole, not a single organ or function). Trying their cases will help, not hinder, resolution.

Given the above, the PLG proposes that—if the Court is amenable to it—the Court convene the parties to discuss trial process and the bellwether Plaintiffs to be tried. By selecting the individuals who will proceed to trial, the parties will be able to focus their discovery and expert efforts on those cases, accomplishing a goal the parties appear to share. Selecting individuals for trial can help the parties identify which experts will be needed, how many experts will be needed on a given subject matter (for example if there are three trials on Parkinson's disease scheduled on the same day, the parties may need three Parkinson's experts), what those experts will need to focus on, and trial logistics (e.g. trial location, technology, accommodations, etc.).

For the foregoing reasons, the PLG respectfully requests that the Court deny the Defendant's Motion to Amend Track 1 Order to Prioritize Trials of Track 1 Single Disease

Plaintiffs and set a schedule to discuss the selection of certain Track 1 Discovery Plaintiffs for a bellwether trial or bellwether trials.

*Signature Page on Following Page*

Date: April 29, 2024                                             Respectfully Submitted

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted pro hac vice)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted pro hac vice)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ Robin Greenwald
Robin L. Greenwald (admitted pro hac vice)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

/s/ Hugh R. Overholt
Hugh R. Overholt (NC Bar No. 016301)
Ward and Smith P.A.
Post Office Box 867
New Bern, NC 28563-0867
Telephone: (252) 672-5400
hro@wardandsmith.com
*Liaison Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted pro hac vice)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs and Government Liaison*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

/s/ A. Charles Ellis
A. Charles Ellis (N.C. Bar No.: 010865)
Ward and Smith P.A.
Post Office Box 8088
Greenville, NC 27835-8088
Telephone: (252) 215-4000
ace@wardandsmith.com
*Liaison Counsel for Plaintiffs*