IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE ) | **PLAINTIFFS' RULE 56.1(a)(1)** |
| WATER LITIGATION ) | **STATEMENT OF** |
| ) | **UNDISPUTED MATERIAL FACTS** |
| This Document Relates to: ) | |
| ALL CASES ) | |
| ) | |

Plaintiffs, through counsel, in support of the accompanying motion for partial summary judgment on the legal representative procedure, and pursuant to E.D.N.C. Local Civil Rule 56.1(a)(1), submit this statement of material facts as to which there is no genuine dispute.

1. Plaintiff Carol A. Bassano is the widow of Thomas A. Bassano. (Bassano Aff. ¶¶ 3-4).

2. Thomas Bassano served in the United States Marine Corps at Camp Lejeune from May 15, 1958 through January 31, 1959 and from May 8, 1959 through February 14, 1961. (Bassano Aff. ¶ 3, Ex. A).

3. Thomas Bassano died on May 26, 2017, in New Jersey from non-Hodgkin's lymphoma. He also had a history of prostate and colon cancer. (Bassano Aff. ¶ 4, Ex. B).

4. After Mr. Bassano's death, Carol Bassano qualified as the executor for his estate in Ocean County, New Jersey. (Yost Decl. ¶ 5).

2992193.4

5. Mr. Bassano's will was probated in New Jersey and his estate was subsequently closed. (Yost Decl. ¶ 5).

6. Paula Yost is a licensed attorney in North Carolina and operates a law practice, the Law Office of Paula J. Yost, in Mount Pleasant, North Carolina. (Yost Decl. ¶ 2).

7. Since the passage of the Camp Lejeune Justice Act, Ms. Yost has worked with families to help them get a legal representative appointed for a deceased family member so that the representative can pursue claims under the CLJA on behalf of the relative. As part of that process, Ms. Yost has assisted many clients open estates in Onslow County, North Carolina, including Plaintiffs Bassano and Armstrong. (Yost Decl. ¶ 3).

8. On behalf of Ms. Bassano, Ms. Yost obtained a certified document from the Surrogate and Clerk of the Superior Court of Ocean County, New Jersey which certified that the letters testamentary issued to Ms. Bassano and the documents admitting Mr. Bassano's will to probate are true and correct. (Yost Decl. ¶ 6, Ex. A).

9. On behalf of Ms. Bassano, Ms. Yost prepared application documents for Ms. Bassano to open an ancillary estate in North Carolina. (Yost Decl. ¶ 7, Ex. B).

10. The Onslow County Clerk of Superior Court stamped Ms. Bassano's application documents as received and filed on January 26, 2023. (Yost Decl. ¶ 8).

11. On January 26, 2023, the Onslow County Clerk of Superior Court issued letters testamentary to Carol Bassano. (Bassano Aff. ¶ 6, Ex. C).

12. The Onslow County Clerk charged Ms. Bassano initial fees of $135.00 to open an ancillary estate for purposes of a CLJA action. (Yost Decl. ¶ 10).

13. In Ms. Yost's experience, the time it has taken for foreign clerks and probate courts to respond to her requests for certified or exemplified copies of the estate documentation necessary to open an ancillary estate in Onslow County has varied from less than a week to as long as four months. (Yost Decl. ¶ 9).

14. On May 25, 2023, Ms. Bassano filed an administrative claim under the CLJA with the Department of the Navy as her husband's legal representative. (Bassano Aff. ¶ 7).

15. Ms. Bassano's claim on behalf of her husband included a request for money damages in a sum certain. (Wallace Decl. re Bassano ¶4 ).

16. Plaintiff Eddie Mae Miller is the widow of James Earl Miller. (Miller Aff. ¶¶ 3-4).

17. James Earl Miller served in the United States Marine Corps at Camp Lejeune from November 4, 1974 to June 30, 1975 and from January 1, 1976 to March 31, 1976. (Miller Aff. ¶ 3).

18. On March 3, 2015, Mr. Miller died at the age of 67 from Parkinson's disease, among a number of other medical problems. (Miller Aff. ¶ 4, Ex. A).

19. James Miller was a resident of Mississippi at the time of his death. (Miller Aff. ¶ 4).

20. Ms. Miller is 73 years old and lives on a fixed income. (Miller Aff. ¶ 5).

21. Ms. Miller has not opened an estate for her husband in Mississippi or any other state. (Miller Aff. ¶ 7).

22. Eddie Mae Miller filed an administrative claim under the CLJA with the Department of the Navy on behalf of Ms. Miller as her husband's legal representative. (Segars Decl. ¶ 3).

23. Ms. Miller's claim on behalf of her husband included a request for money damages in a sum certain. (Segars Decl. ¶ 4 ).

24. Plaintiff Rachael H. Armstrong is the widow of Everette C. Armstrong, Jr. (Armstrong Decl. ¶¶ 3-4).

25. Everette Armstrong served in the United States Marine Corps at Camp Lejeune from April 9, 1965 through January 25, 1966, from May 24, 1967 through June 21, 1967, and from June 2, 1969 through September 18, 1969. (Armstrong Decl. ¶ 3, Ex. A).

26. Everette Armstrong was diagnosed with kidney cancer in 2018 and died later that year, on December 3, 2018, at the age of 71 in New York. (Armstrong Decl. ¶ 4, Ex. B).

27. Rachael Armstrong did not open an estate in New York after her husband's death. (Armstrong Decl. ¶ 5).

28. On behalf of Ms. Armstrong, Ms. Yost prepared an Affidavit of No Prior Estate, in which she attested that she had done an appropriate inquiry and determined that no estate was opened following Mr. Armstrong's death. (Yost Decl. ¶ 12, Ex. D). Ms. Yost also submitted for Ms. Armstrong an application for letters of administration. (Yost Decl. ¶ 13, Ex. E).

29. Ms. Yost's office filed Ms. Armstrong's application and Ms. Yost's affidavit with the Onslow County Clerk's office on October 7, 2022. (Yost Decl. ¶ 14).

30. On October 7, 2022, the Onslow County Clerk's office issued Letters of Administration to Ms. Armstrong for the purpose of pursuing a CLJA action. (Yost Decl. ¶ 14, Ex. F).

31. The Onslow County Clerk's office charged Ms. Armstrong an initial fee of $135.00. (Yost Decl. ¶ 15).

32. On November 14, 2022, Attorney Mona Lisa Wallace filed an administrative claim under the CLJA with the Department of the Navy on behalf of Ms. Armstrong as her husband's legal representative. (Wallace Decl. re Armstrong ¶ 3).

33. Ms. Armstrong's claim on behalf of her husband included a request for money damages in a sum certain. (Wallace Decl. re Armstrong ¶ 4).

34. Plaintiff James Franklin Key, II and his sister Patricia Key are the children of James Key, Sr. and Patricia Key. (James Key Decl. ¶¶ 3, 13, Ex. D).

35. The Key Siblins' Father James Key, Sr. and mother Patricia Key lived at Camp Lejeune from 1961 through 1963. (Key Decl. ¶ 6).

36. Patricia Key died on March 31, 2022. She suffered from non-Hodgkin's lymphoma and an autoimmune disorder. (Key Decl. ¶ 9, Ex. B).

37. James Key, Sr. was appointed to serve as the personal representative for Patricia's estate on May 5, 2023. (Key Decl. ¶ 10, Ex. C).

38. On August 10, 2022, Attorney Aaron Jophlin filed an administrative claim under the CLJA with the Department of the Navy on behalf of Plaintiffs James Key, II and (daughter) Patricia Key as their mother's legal representatives. (Jophlin Decl. ¶ 3).

39. The Key Siblings' claim on behalf of their mother included a request for money damages in a sum certain. (Jophlin Decl. ¶ 4).

40. James Key, Sr. died on January 21, 2024. He suffered from Parkinson's disease. (Key Decl. ¶ 12).

41. On April 18, 2024, James Key, II and his sister, Patricia Key, were appointed as co-executors of their mother's estate. (Key Decl. ¶ 13, Ex. D). On April 30, 2024, Plaintiff James Key, II, filed a Short Form Complaint in this Court in the Camp Lejeune Water Litigation.

42. The Onslow County Clerk of Court opened or re-opened 2,579 CLJA-related estate proceedings in 2023 and 1,102 such proceedings through March 2024. (White Decl. ¶¶ 7-11).

43. The influx of CLJA-related applications has placed a burden on the limited staff in the Onslow County Clerk's office and resulted in a backlog of some 250 additional CLJA cases. (White Decl. ¶ 10).

44. Emmie L. Schulte is a licensed attorney in Texas and Kentucky and is the founding owner of Schulte Consulting Services. (Schulte Decl. ¶¶ 2-3).

45. Ms. Schulte has been retained for probate consulting and analysis services by plaintiff firms representing families who wish to pursue claims for decedents under the CLJA. (Schulte Decl. ¶ 5).

46. As part of these services, Ms. Schulte obtains information to determine a family member's capacity to be appointed as a representative for the purpose of bringing claims under the CLJA. (Schulte Decl. ¶ 5). As part of that process, Ms. Schulte explores the options in the state in which the decedent resided at the time of death. (*Id.*).

47. Ms. Schulte has encountered several challenges with opening estates in the states of decedents' residence due to statutory or other legal, practical, and monetary obstacles. (Schulte Decl. ¶ 5). In some of Ms. Schulte's cases, there have been legal obligations that were impossible to meet due to the timing of the decedent's death, family members who were unable or refused to participate, or extreme expense associated with probate in the particular jurisdiction. (*Id.*).

48. In Ms. Schulte's experience, obtaining qualification as estate representative and letters testamentary or of administration in states other than

North Carolina may take from four months to a year depending on the court and the estate circumstances. (Schulte Decl. ¶ 7(a)).

49. On April 3, 2024, Attorney Whitney Wallace Williams emailed Danielle P. Bianchi, Deputy Director, Headquarters Element, Camp Lejeune Claims Unit, Office of the Judge Advocate General, Department of the Navy to ask her questions concerning the Navy's rules and procedures for submitting CLJA claims and supporting documents for those claims to the Navy. (Williams Decl. ¶ 5, Ex. A).

50. On April 11, 2024, Attorney Bianchi emailed Ms. Williams with her responses to Ms. Williams' questions. (Williams Decl. ¶ 8, Ex. A).

51. In attorney Mona Lisa Wallace's experience handling CLJA claims, the government may produce records upon submission of a Standard Form 180 without a showing of an estate having been opened for a deceased service member. (Wallace Decl. ¶ 4).

This the 1st day of May, 2024.

*/s/ J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge Street
Georgetown, SC 29440
*Lead Counsel for Plaintiffs*

*/s/ Elizabeth Cabraser*
Elizabeth Cabraser
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
*Co-Lead Counsel*

*/s/ Robin Greenwald*
Robin Greenwald
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
*Co-Lead Counsel*

*/s/ Mona Wallace*
Mona Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144
*Co-Lead Counsel*

*/s/ Zina Bash*
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Suite 500
Austin, TX 78701
*Co-Lead Counsel and Government Liaison*

*/s/ Mike Dowling*
Mike Dowling
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, NC 27611
*Co-Lead Counsel*

*/s/ Jim Roberts*
Jim Roberts
Lewis & Roberts, PLLC
Post Office Box 17529
Raleigh, NC 27619-7529
*Co-Lead Counsel*