DocuSign Envelope ID: 7E357B59-59C2-4954-AD13-3CDE107AD493

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE | ) | **DECLARATION OF** |
| WATER LITIGATION | ) | **EMMIE L. SCHULTE** |
| | ) | |
| This Document Relates to: | ) | |
| ALL CASES | ) | |

I, Emmie L. Schulte, declare as follows:

1. I am over the age of 18 years and qualified to make this declaration. I am a resident of the State of Texas, and I make this declaration based on my own personal knowledge and professional experience.

2. I am a licensed attorney in Texas and Kentucky.

3. I am the founding owner of Schulte Consulting Services. I am experienced in United States probate laws and analysis, especially regarding appointments of legal representatives in various states for the purpose of pursuing actions for deceased injured persons (referred to herein as "decedents" or "deceased persons"). I serve as a subject-matter expert and analyst to plaintiff firms, settlement administration companies, defense counsel, and families of decedents nationwide. I have served in this role for approximately nine (9) years. I use my personal and professional experiences as an attorney in both probate and personal

injury law to provide opinions on necessary probate procedures, as well as best practices, to ensure that family members are granted proper legal authority to pursue, litigate, and ultimately settle or accept an award for damages for injuries to the family members and the decedent's estate, while also ensuring proper distribution of all funds.

4. I have the knowledge and experience to reliably and accurately analyze probate procedures required for each family based on the family dynamic, state of residence of the decedent, available jurisdictions for probate, and causes of action under which the family is seeking relief.

5. I have been retained for probate consulting and analyses services by plaintiff firms representing families who wish to pursue claims for deceased persons under the Camp Lejeune Justice Act (CLJA). As part of these services, I obtain information to determine a family member's capacity to be appointed as a representative for the purpose of bringing claims for appropriate relief for harm under the CLJA in the context of death. As part of that process, I have explored the options in the state in which the decedent resided at the time of death. In so doing, I have encountered several challenges with opening estates in the states of decedents' residence due to statutory or other legal, practical and monetary impediments. In some cases, there have been legal obligations that are impossible to meet due to timing of the decedent's death, inability or refusal of family members to participate, or due to extreme expense associated with probate in that jurisdiction. The following are current, and not exhaustive, examples of these challenges:

DocuSign Envelope ID: 7E357B59-59C2-4954-AD13-3CDE107AD493

a. In Virginia, a person seeking appointment as representative of an estate must appear in person to be appointed. VA. Code § 64.2-511. I am currently working on a matter where the decedent's state of residence at death was Virginia. This decedent's surviving heirs, an adult son and an adult daughter with disabilities, are not Virginia residents. The son, who is the candidate to serve as the representative, resides in Texas. He is not able to travel to Virginia for appointment as the representative. Virginia will not allow the probate attorney to appear on his behalf as a registered agent. As such, I am working with a North Carolina probate attorney to obtain his appointment from the court in Onslow County, North Carolina since that is where the claim originated.

b. In Alabama, a personal representative of an intestate estate must be an Alabama resident. *See* Ala. Code 1975 § 43-2-22. If they are not Alabama residents, they cannot serve in that position unless they have been appointed as executor or administrator over the estate in a different jurisdiction. *Id*. This often requires the probate attorney or a county administrator to step in and serve as the representative when a decedent dies intestate and the family member who is in a position to serve is not an Alabama resident. This results in high attorney's fees and court costs, especially when the estate must remain open and active during the entire pendency of the claim. I have seen an attorney fee reach in excess of $10,000 due to the attorney serving as the representative in place of a non-resident family member and difficulty of estate. Ohio also has a similar rule regarding residence of the personal representative, and for these families, I have

also turned to Onslow County, North Carolina, as an alternative jurisdiction for appointment. *See* Ohio Rev. Code § 2109.21(A).

      c.     In Missouri, family members attempting to apply for this appointment may be time-barred due to date of death as many CLJA victims died decades ago. A personal representative cannot be appointed if application for appointment is not brought within one year from date of death of the decedent. Mo. Rev. Stat. § 473.050(5) & (6) (Supp. 2023). The family may petition the court for an appointment after that time based on need to preserve a claim, but that requires the court to appoint a plaintiff ad litem for a limited purpose of pursuing a personal injury claim. *See* Mo. Rev. Stat. § 537.021 (Supp. 2023). This proceeding requires a hearing and can be costly.

      d.     In Texas, a will cannot be probated more than four years from the date of death. Tex. Est. Code §§ 256.003, 301.002. Any person seeking appointment after four years could apply to be administrator of an intestate estate for the purpose of receiving or recovering the decedent's "personal property" as stated in Tex. Est. Code § 301.002(b)(1) and defined in Tex. Est. Code § 22.028. An application for administration of an intestate estate requires an heirship proceeding and appointment of an attorney ad litem to represent the interests of heirs whose names or locations are unknown. Tex. Est. Code §§ 202.002, 202.009. In the event of family discord, the estate proceedings may require court supervision. *See* Tex. Est. Code § 202.001 *et seq.* If there are missing heirs, uncooperative heirs, or minor children involved, Texas requires a dependent administration. *See* Tex. Est. Code §§

4

Case 7:23-cv-00897-RJ    Document 187-2    Filed 05/01/24    Page 4 of 10

DocuSign Envelope ID: 7E357B59-59C2-4954-AD13-3CDE107AD493

53.104, 301.001 *et seq* and 401.001 *et seq*. In a dependent administration, the personal representative can perform only a few transactions without seeking a court's permission. *See, e.g.*, *In re Allen*, 658 S.W.3d 772, 778 (Tex. App. 2022). Dependent administrations are extremely costly and may require attorney fee retainers in the range of $7,000.00 to $10,000.00. This fee does not include court costs, publication fees, ad litem fees, fees associated with searching for heirs, or any other fees that may be required.

   e. An additional issue in Texas arises when a decedent did leave a will, and the family only submitted the will to the probate court as a muniment of title. This proceeding is available in Texas to avoid appointment of a representative and administration, when not necessary, and to allow title of estate assets to vest in the beneficiaries of the will. *See* Tex. Est. Code § 257.001 *et seq*. If a family later asks the court to convert the muniment of title to an administration, the decision to do so is solely at the court's discretion. *Id*. Generally, the four-year time limit will apply, and the family may not be able to convert and obtain appointment of a representative if the request is outside the original time for probating a will. Tex. Est. Code §§ 257.151, 257.152. In this situation, if the court will not allow the conversion, the family members will only be allowed to pursue an heirship judgment per Tex. Est. Code 202.001 *et seq*. This heirship judgment will solidify their status as wrongful death beneficiaries and as heirs at law. In Texas, such judgment allows those persons to pursue both wrongful death and survival claims in those capacities. *See* Tex. Civ. Prac. & Rem. Code §§ 71.002, 71.004, 71.021.

DocuSign Envelope ID: 7E357B59-59C2-4954-AD13-3CDE107AD493

    f. In South Dakota, an estate cannot be opened more than three years from the date of death, whether by will or intestate proceeding. S. D. Codified Law § 29A-3-108. For these families, the only alternative is to seek an heirship judgment. S.D. Codified Law § 29A-3-402. The South Dakota wrongful death statute further requires that a personal representative bring those claims. S.D. Codified Law §§ 21-5-1, 21-5-5. Without ability to obtain that appointment, those claims are lost. However, the South Dakota survival statute allows claims to be brought by a personal representative or the successor(s) in interest. S.D. Codified Law § 15-4-1. The South Dakota heirship judgment establishes those successors, and the families can bring those claims in that capacity. *See* S.D. Codified Law § 29A-3-402.

    g. In Minnesota, a representative will not be appointed if the application is not made within three years of the date of death. Minn. Stat. § 524.3-108 (2023). Under Minnesota law a special administrator can be appointed for the purpose of pursuing the claim after 3 years, but that requires a hearing and a potential third party to act as special administrator. Minn. Stat. §§ 524.3-614, 524.2-803 (2023). Again, this process is more time consuming and costly (minimum of $7,000.00) than what is required prior to the expiration of the 3 year period. As an alternative, Minnesota law will allow a decree of descent. Minn. Stat. § 525.312 (2023). This procedure results in a court order that provides for descent of property to the persons entitled to receive that property. *Id.*

    h. In Mississippi, a wrongful death claim may be brought by either a personal representative or a listed wrongful death beneficiary. Miss. Code § 11-7-

13. I am currently working on a matter where the son is trying to pursue the claim on behalf of himself, his deceased father, and all other beneficiaries, but he is unable to obtain an appointment as the representative. At the time of death, decedent was married to a woman who is client's stepmother. Decedent allegedly left a will, and the will potentially names Decedent's sister to serve as the executor. Upon speaking with the sister, I learned that she did not want to be involved in any capacity, and she did not have the original or a copy of the alleged will. The sister and client believe that his stepmother has the will, and the client states he attempted to communicate with the stepmother and his half-sister multiple times to secure their involvement with the claim and probate. Despite his outreach attempts, his stepmother and sister refuse to participate. Based on Mississippi intestacy laws, the surviving spouse has priority to serve as the representative if there is no will and, thus, can oppose appointment of anyone else. Miss. Code § 91-7-63. The quote obtained from a Mississippi probate attorney to start this process for the client was $15,000.00 due to the anticipated challenges. It is important to note that in Mississippi, a wrongful death claim can be pursued in the individual name of a beneficiary for the benefit of all beneficiaries. *See* Miss. Code § 11-7-13.

6. In addition to the foregoing examples where personal representatives are not required to be appointed to pursue wrongful death and survival claims, the following states also allow for wrongful death and survival claims to be pursued without appointment of a representative:

    a. California law allows named wrongful death beneficiaries to file claims in their capacity as beneficiary. Ca. Code Civ. Proc. § 377.60. Further, California allows a survival action to be pursued by either a personal representative or the successor(s) in interest. *See* Ca. Code Civ. Pro. §§ 377.11, 377.32. The successor(s) in interest can be solidified by a declaration that is notarized, and it is not required to be filed with the court. *Id*.

    b. Louisiana statutes are similar to California, and the named beneficiaries and heirs may pursue claims in those capacities. *See* La. Civ. Code Proc. Art. 2315.1, 2315.2. These capacities may be proved by proof of relationship to the decedent, such as a marriage or birth certificate, or by a judgment declaring heirs.

  7. For matters where decedents resided in jurisdictions that require a personal representative of an estate to serve as the plaintiff in a wrongful death and/or survival cause of action, I have been working with local probate counsel to secure appointments where it is legally and practically possible.

    a. When appointment is legally possible in those jurisdictions, the probate work is completed there. However, the timing of the appointment may vary based on the court procedures, and there are instances where orders appointing representatives may not issue for many months after the appointment is granted. For families in these jurisdictions, there will be clients that don't obtain appointment orders before the expiration of the 2 year time period set forth in the CLJA. For instance, I am monitoring cases that are currently pending in California,

DocuSign Envelope ID: 7E357B59-59C2-4954-AD13-3CDE107AD493

New York, Illinois, and Texas in which we are at the mercy of each court to appoint an ad litem if needed, set a hearing date for appointment of a representative, and/or issue letters of authority once a representative has qualified to serve. Obtaining qualifications and letters in these states may take anywhere from four months to over a year depending on the court and estate circumstances.

        b.     When an appointment is legally possible but practically impossible, a family may not be able to proceed whether probate is pursued in state of original jurisdiction or another court with competent jurisdiction. I am currently assisting a spouse of a decedent who was a resident of Indiana at his time of death. Per Indiana law, the spouse is able to be appointed as the intestate estate administrator. Ind. Code § 29-1-10-1 (2021). However, the decedent is also potentially survived by five adult children who had been estranged from him before his marriage to the surviving spouse. The surviving spouse has not ever had contact with those heirs, and she does not know how to locate them. I obtained a quote from an agency that attempts to locate missing heirs, and they typically will charge between $800 and $1,000/heir at a minimum. For this spouse to proceed with seeking an appointment as the representative in the Indiana court, she is facing $10,000.00 in attorney's fees, court costs, and heir search services to start. For this spouse, Onslow County, North Carolina is not an available court of competent jurisdiction, either.

    8.     For matters where appointments are not available in the decedents' states of residence but are available per the Onslow County Clerk of Superior

Court, I have been working with a North Carolina probate attorney, with the permission of the plaintiff firms and families, to seek appointments for the purpose of bringing all claims allowed per the CLJA. These appointments are timely (generally issuing orders and letters within three weeks of filing the application). Additionally, the probate attorney fees and court costs are often significantly less expensive.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: 4/9/2024 | 10:34:04 PDT

DocuSigned by:

*Emmie L. Schulte*
95B508D7572043B...

Emmie L. Schulte