DocuSign Envelope ID: D3443333-C5A8-48CB-8102-8AD5B2DD1354

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE | ) | |
| WATER LITIGATION | ) | **DECLARATION OF PAULA J. YOST** |
| | ) | |
| This Document Relates to: | ) | |
| ALL CASES | ) | |

I, Paula J. Yost, declare as follows:

1. I am over the age of 18 years and qualified to make this declaration. I am a resident of Mount Pleasant, North Carolina, and I make this declaration based on my own personal knowledge and professional experience.

2. I am a licensed attorney in North Carolina (N.C. State Bar No. 51166). I operate a law practice, the Law Office of Paula J. Yost, in Mount Pleasant, North Carolina.

3. Since the passage of the Camp Lejeune Justice Act (CLJA), I have been working with families to help them get a legal representative appointed for a deceased family member so that the representative can pursue claims under the CLJA on behalf of the relative. As part of that process, I have assisted many clients open estates in Onslow County, North Carolina.

4. Based on my experience assisting these families, the Onslow County Clerk of Superior Court has been and is using two different procedures to appoint personal representatives to pursue CLJA claims on behalf of decedents who died in states other than North Carolina. The Onslow County Clerk uses the first procedure when the family opened an estate for the decedent in the state where the decedent was domiciled at the time of death, but that estate is now closed. The Onslow County Clerk uses the second procedure when no estate was ever opened for the non-North Carolina decedent.

5. I used the first procedure to assist Plaintiff Carol A. Bassano in obtaining appointment as the personal representative of her husband, Thomas A. Bassano. After Mr. Bassano died in May 2017, Ms. Bassano qualified as the executor for his estate in Ocean County, New Jersey, where he was domiciled at the time of his death. Mr. Bassano's will was probated and his estate was subsequently closed.

6. N.C. Gen. Stat. § 28A-26-3 provides that a domiciliary personal representative of a nonresident decedent may be granted ancillary letters in North Carolina upon the filing of a certified or exemplified copy of letters of appointment with the North Carolina clerk of superior court with venue—here, the Onslow County Clerk. Thus, my first step in assisting Ms. Bassano was to obtain a certified document from the Surrogate and Clerk of the Superior Court of Ocean County, New Jersey. This document certifies that the letters testamentary issued to Ms.

DocuSign Envelope ID: D3443333-C5A8-48CB-8102-8AD5B2DD1354

Bassano and the documents admitting Mr. Bassano's will to probate are true and correct. Attached as Exhibit A is a true and correct copy of this certified document.

7. I then prepared application documents for Ms. Bassano to open an ancillary estate in North Carolina. These documents included the Ancillary Application for Probate and Letters Testamentary (AOC E-201), the Oath of Executor, Appointment of Resident Process Agent, Inventory for Decedent's Estate, (indicating that Ms. Bassano is filing a claim for death proceeds), and Addendum to Application for Probate of Out-of-State Will or Codicil (indicating that Mr. Bassano's will was executed in compliance with the laws of New Jersey and was probated there). Attached as Exhibit B are true and correct copies of these application documents.

8. The Onslow County Clerk of Superior Court stamped these application documents as received and filed on January 26, 2023. On that same date, the Onslow County Clerk entered an Order Authorizing Issuance of Letters and a Certificate of Probate and issued Letters Testamentary to Ms. Bassano as ancillary executor of her husband's estate for the purpose of pursuing a CLJA action. Attached as Exhibit C are true and correct copies of these documents.

9. The time it has taken for foreign clerks and probate courts to respond to my requests for certified or exemplified copies of the estate documentation necessary to open an ancillary estate in Onslow County has varied from less than a week to as long as four months. Given the lengthy wait time in some jurisdictions, I am worried about the rapidly approaching second anniversary of the passage of the

DocuSign Envelope ID: D3443333-C5A8-48CB-8102-8AD5B2DD1354

CLJA (August 10, 2024) and what impact it could have on claims. But even though the response times of foreign jurisdictions are variable and unpredictable, using the procedure offered by Onslow County to open an ancillary estate is still generally more efficient, faster, and cheaper than reopening the original estate in the foreign jurisdiction (if that is even an option given the laws of that jurisdiction).

10. As evidence of this efficiency, the Onslow County Clerk issued letters testamentary to Ms. Bassano the same day the Clerk received Ms. Bassano's application documents. And as evidence of the relatively low cost, the Onslow County Clerk charged Ms. Bassano initial fees of only $135.00 to open an ancillary estate for purposes of a CLJA action. Of course, there are other fees later in the process depending on how long the estate is open.

11. I used the second Onslow County procedure to assist Plaintiff Rachael Armstrong in obtaining appointment as the personal representative of her deceased husband, Everette C. Armstrong, Jr., to pursue a CLJA claim on his behalf. Ms. Armstrong represented to me, and my own investigation confirmed, that no estate was ever opened for Mr. Armstrong in New York, where he died in 2018, or any other state.

12. Based on my experience, the Onslow County Clerk will use this second procedure only when no estate has ever been opened for the decedent, and the Clerk requires an affidavit from the applicant or her attorney to that effect. Accordingly, I prepared an Affidavit of No Prior Estate, in which I attested that I had done an appropriate inquiry with the appropriate officials and determined that no estate

DocuSign Envelope ID: D3443333-C5A8-48CB-8102-8AD5B2DD1354

was opened following Mr. Armstrong's death. Based on this inquiry, I attested that I believed no estate had ever been opened for Mr. Armstrong. Attached as Exhibit D is a true and correct copy of this Affidavit.

13. The second procedure also requires the submission of an application for letters testamentary (AOC-E-201) or of administration (AOC-E-202). Because Mr. Armstrong died intestate, I completed an Application for Letters of Administration for Ms. Armstrong. Attached as Exhibit E is a true and correct copy of this Application.

14. My office filed Ms. Armstrong's Application for Letters of Administration and my Affidavit of No Prior Estate with the Onslow County Clerk's Office on October 7, 2022. On that same date, the Clerk's Office issued Letters of Administration to Ms. Armstrong for the purpose of pursuing a CLJA action. Attached as Exhibit F is a true and correct copy of the Letters of Administration.

15. The Onslow County Clerk's Office charged Ms. Armstrong an initial fee of $135.00 for this process, the same initial fee as to open an ancillary estate.

16. This second Onslow County procedure is often simpler and more efficient than the ancillary estate procedure because it can all be completed within the Onslow County Clerk's office and mostly with AOC forms (application for letters testamentary or of administration, an oath, inventory, resident process form for out-of-state residents and renunciations if there is no surviving spouse). An affidavit from the applicant or her attorney is required affirming that no estate has ever been opened for the deceased relative.

DocuSign Envelope ID: D3443333-C5A8-48CB-8102-8AD5B2DD1354

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: 4/9/2024 | 10:48:44 PDT

DocuSigned by:

*Paula J. Yost*

51745582196A4F0...

Paula J. Yost