UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: CAMP LEJEUNE TOXIC WATER EXPOSURE LITIGATION<br><br>This document relates to:<br><br>ALL CASES | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF ATSDR WATER MODELING PROJECT FILE IN NATIVE FORMAT** |

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Plaintiffs' Leadership Group ("PLG") respectfully submits this Memorandum in Support of its Motion to Reconsider Order Granting in Party and Denying In Part Plaintiffs' Motion to Compel Production of ATSDR Water Modeling Project File in Native Format.

## Background

On March 12, 2024, the Court entered an Order [D.E. 159] (the "Order") granting in part and denying in part the PLG's Motion to Compel. Specifically, the Order denied the PLG's request for a "mirror image" of the Water Modeling Project File created by the Agency for Toxic Substances and Disease Registry ("Modeling Files"). The PLG filed a memorandum in support of the Motion to Compel, to which it attached various exhibits. [D.E. 143].

The Motion to Compel sought the production of what was termed the Modeling Files in a "mirror image" native format as opposed to a format processed through the ESI protocol. The PLG's concern was that two types of Modeling Files are particularly vulnerable to ESI processing: Geographic Information System ("GIS") files and water modeling files (together, "Exotic

1

Modeling Files"). [D.E. 143] at 8. "The [GIS] portion of the project draws upon a database of pathways connecting various parts of the overall project file" to properly display "map layers created and relied upon by the ATSDR." *Id*. According to the PLG, "[i]f the project file is broken apart, these links will not function, and the GIS will not display the map layers . . . ." *Id*.

In its opposition to the Motion to Compel [D.E. 151], Defendant disputed that all the Modeling Files become "unusable" when produced under the ESI Protocol. [D.E. 143] at ¶ 6; [D.E. 151-9] at ¶ 19. Defendant asserted that the Modeling Files contain "a substantial amount of more standard ESI," such as PDFs and Word files. [D.E. 151-9] at ¶ 19. According to Defendant, these files retain their usefulness after processing under the ESI Protocol. However, Defendant "acknowledges" that some "exotic" Modeling Files "may not be amenable to certain Protocol specifications," and commits to "produce [such data] natively pursuant to the Protocol." [D.E. 151] at 1.

Since the Court's Order, Defendant has produced the following databases, organized by the date produced and a summary of the data contained therein:

- EDRP01 - CLJA_WATERMODELING_01-0000000001-854197
- EDRP02 – CLJA_WATERMODELING-0000000001-117
- EDRP03 – CLJA_WATERMODELING-0000000118-209307
- EDRP04 – CLJA_WATERMODELING_04-0000000001-117996
- CLJA_WATERMODELING_05-0000000001-1394405;
- EDRP07 – CLJA_WATERMODELING_07-0000000001-1738892
- EDRP08 – CLJA_WATERMODELING_08-0000000001-193508
- EDRP09 – CLJA_WATERMODELING_09-0000000001-547124
- Native production of the "exotic" ATSDR water modeling project files hard drive.
- EDRP01: ATSDR_WATERMODELING_01-0000854198-936235
- EDRP05: ATSDR_WATERMODELING_05-0001394406-1394413
- EDRP09: ATSDR_WATERMODELING_09-0000547125-568329

Collectively, these databases are referred to herein as the "Produced Data."

## Statement of Law

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b)." "Compared to post-judgment Rule 59(e) motions, Rule 54(b) gives district courts 'broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light.'" *Best v. Butterball, LLC*, No. 4:22-cv-147, 2024 U.S. Dist. LEXIS 17245, at *2 (E.D.N.C. Jan. 31, 2024) (*quoting Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

Only the following circumstances will support a motion under Rule 54(b): (1) "a subsequent trial produc[ing] substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson*, 856 F.3d at 325. This Court has recognized the following factors that support motions to reconsider based upon new evidence:

> (1) the evidence must be newly discovered; (2) the movant [*4] must have exercised due diligence to discover the new evidence; (3) the evidence is not cumulative or merely impeaching; (4) the evidence is material; and (5) the evidence is likely to produce a new outcome if the case were retried, or would require the judgment to be amended.

*Best v. Butterball, LLC*, No. 4:22-cv-147, 2024 U.S. Dist. LEXIS 17245, at *3-4 (E.D.N.C. Jan. 31, 2024) ("District courts within this circuit, including this one, have followed a similar approach and applied this test to motions under Rule 54.").

## Argument

The Court should grant the present motion because new evidence – namely, the PLG's diligent but failed effort to ensure that the ATSDR's water modeling file has been accurately reconstructed – justifies production of a "mirror image' of the file. As this Court stated in the Order:

> This court has previously applied the "organiz[ational]" requirements of Rule 34(b)(2)(E)(i) to ESI. *See, e.g.*, *Spilker*, 2015 WL 1643258 at *4. The ESI Protocol complements but does not supersede the requirements of Rule 34(b)(2)(E)(i). *See City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 581–82 (C.D. Cal. 2011) (holding ESI agreement did not supersede Rule 34 obligations). The parties must produce all documents "as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the requests" separate and apart from their obligations under the ESI Protocol. *Restated, documents processed according to the ESI Protocol that, for whatever reason, result in a "[dis]organize[d]" production run afoul of Rule 34.*

Order at Pg. 5 (emphasis added).

Through diligent effort, the PLG and its consultants were able to build *a* model using the Produced Data. However, the PLG is unable to confirm that the model it has built is *the same model* used by the ATSDR. The PLG simply has no way to know, for example, whether it is missing datapoints, if links for data points are broken or misdirected/matched, or if we are putting datapoints in the right spot to create the intended outcome in the ATSDR's water model. To illustrate the complexities and potential issues that may arise in rebuilding the data, the PLG attaches here, as Exhibit A, Exhibit 2 to the Memorandum in Support (D.E. 143-2) of the Motion to Compel; a PowerPoint presentation that illustrates the technical challenges of rebuilding the model from the data produced by Defendant. For example, pages 19-22 of the slide deck show the complexities of the naming conventions in the ESI process and the steps needed to rebuild the naming conventions to the pre-ESI process status.

The only way to be certain that both parties are playing with the same deck of cards, or model in this case, is to have a "mirror image" of the ATSDR's water modeling project file in native format. Given the importance of the ATSDR's water modeling project file to the PLG's prosecution of this litigation, and the cases of those not before the Court, resolving this issue now as opposed to later in the life of this case is critically important.

The PLG understands Defendant's concerns about privileged materials being contained in the "mirror image." However, the protections of Case Management Order No. 5 [D.E. 30] (the "Clawback Order") are in effect and can be utilized.

WHEREFORE, the PLG respectfully requests that the Court compel the government to produce a clone or mirror copy of the ATSDR's water modeling project file in native format, and for such other and further relief as the Court deems just and proper.

*Signatures on Following Page*

Date: May 3, 2024                                              Respectfully Submitted

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted pro hac vice)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted pro hac vice)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ Robin Greenwald
Robin L. Greenwald (admitted pro hac vice)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted pro hac vice)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs and Government Liaison*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that the foregoing document was electronically filed on the Court's CM/ECF system on this date, and that all counsel of record will be served with notice of the said filing via the CM/ECF system.

This the 3rd day of May, 2024.

>/s/ J. Edward Bell, III
>
> J. Edward Bell, III