UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: CAMP LEJEUNE TOXIC WATER EXPOSURE LITIGATION<br><br>This document relates to:<br><br>ALL CASES | PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO AMEND CASE MANAGEMENT ORDER NO. 2 |

Plaintiffs Leadership Group (the "PLG") respectfully opposes the United States' ("Defendant") *Motion For Reconsideration of Order on Motion to Amend Case Management Order No. 2* (the "Motion") asking the Court to strike the opt-out provision for Track 2 and future discovery tracks.

## Introduction

As Defendant notes, motions for reconsideration of interlocutory orders are allowed only in "limited circumstances," such as "newly discovered evidence," but not simply to reargue "what the Court had already thought through." *Georgia-Pacific Consumer Prods. v. Von Drehle Corp.*, 815 F. Supp. 2d 927, 929 (E.D.N.C. 2011). There is no such evidence here.

Once distilled, the data Defendant relies on shows careful management and caution by plaintiff's individual counsel to opt cases out of consideration for the Track 2 Discovery Pool to promote efficient case management; not gamesmanship.

Furthermore, Defendant does not present any evidence to support its contention that the existing pool of eligible Track 2 plaintiffs cannot yield a representative discovery pool. Indeed, the two hundred forty-four Track 2 Short Form Complaints currently on the docket numerically cover the need for one hundred discovery pool plaintiffs (if the Track 1 process is used) and more

1

than cover the need for twenty discovery pool plaintiffs (if Defendant's proposal for a Track 2 Scheduling Order is adopted). Moreover, the eligibility period for Track 2 has not formally closed. The parties have submitted competing scheduling orders for Track 2 that each appear to push the cut-off date for Track 2 eligibility to a later date; keeping the door open for more Track 2 Short Form Complaints to be filed.

The court addressed Defendant's positions in CMO 10 and there is no basis or need to revisit the issues again.

## Argument

### I. The Increase in Overall Number of Short Form Complaints Filed

The Order on Motion to Amend Case Management Order No. 2 (Case Management Order No. 10) (D.E. 146) ("CMO 10") required all plaintiffs with active CLJA cases to file a Short Form Complaint within 30 days of CMO 10. Page 7, Order on Motion to Amend Case Management Order No. 2 (Case Management Order No. 10) (D.E. 146). Over one thousand short form complaints were filed.

### II. The Data Presented in the Motion is Incomplete

The data appended to the Motion does not paint a complete picture. For example, at least three firms, out of an abundance of caution, opted 204 cases out of consideration for Track 2 because they did not allege a Track 2 illness.

Despite the limited number of Track 2 illness Short Form Complaints opted out, there are still two hundred and forty-four Short Form Complaints alleging a Track 2 illness for the parties to choose from. Importantly, those two hundred and forty-four are those on the docket *now*.

2

### III. Defendant's Motion is Premature: The Eligibility Period for the Track 2 Discovery Pool Remains Open

Both parties have submitted competing proposed scheduling orders for Track 2 illnesses which appear to set a future eligibility cut-off date for the Track 2 Discovery Pool. Under the PLG's proposed scheduling order, Short Form Complaints must be filed within sixty days from the entry of the scheduling order to be eligible for the Track 2 Discovery Pool. (D.E. 155-1).

Defendant's proposed scheduling order requires reference to both CMO 10 and Track 2 Discovery Plan Order (Case Management Order No. 9) (D.E. 144) (the "Track 2 Order"). CMO 10 provides, in relevant part:

> Plaintiffs who would otherwise be eligible for those Tracks' Discovery Pools may "opt-out" of selection by notifying Plaintiffs' Leadership and counsel for the United States within 30 days of the court's order setting the respective Track.

Page 6, Order on Motion to Amend Case Management Order No. 2 (Case Management Order No. 10) (D.E. 146). The Track 2 Order setting the respective track was entered on February 26, 2024. The thirtieth day from February 26, 2024 is March 27, 2024. Defendant's proposed Track 2 scheduling order provides that "Any Track 2 Plaintiff who elects to opt out of Track 2 Discovery must do so by April 15, 2024." (D.E. 156). Defendant's proposed Track 2 scheduling order provides a nineteen-day extension for plaintiffs to opt Track 2 eligible cases out of consideration for the Track 2 Discovery Pool which appears to act as an eligibility cut-off date. As the deadline to opt plaintiffs out of the Track 2 Discovery Pool under Defendant's proposed scheduling order has passed, it may be that Defendant would reset that deadline to reflect the date any scheduling order is entered.

The foregoing illustrates that neither party contemplated the March 27, 20204 date to be the cut-off for Track 2 eligibility. Accordingly, Defendant's concern that there are not enough

3

eligible plaintiffs in Track 2 is premature since the eligibility deadline for inclusion in the Track 2 Discovery Pool has not yet been set.

IV. **The Current Pool is Sufficient to Provide a Representative Discovery Pool, Even More so Under Defendant's Proposed Scaled Down Discovery Pool.**

In addition to being premature, Defendant's concern about the number of plaintiffs yielding a non-representative sample size is also belied by the data above and Defendant's own positions. Assuming the Court adopts a procedure like the one used in Track 1 and allows each party to choose ten plaintiffs per illness, there are currently two hundred and forty-four plaintiffs for, at most, one hundred possible slots. Defendant has not provided any evidence to support its position that the two hundred and forty-four current plaintiffs are insufficient to provide one hundred plaintiffs for Track 2. Moreover, as noted above, the number of eligible plaintiffs may increase depending on the eligibility cut-off date set by the Court.

Additionally, Defendant's concerns about representativeness are further called into question considering Defendant's proposal to reduce the number of plaintiffs each party chooses per disease from ten to four. (D.E. 156). Under Defendant's proposal, the maximum number of individuals in the Track 2 Discovery Pool would be *twenty*. Defendant has not proffered any evidence that the current pool of two hundred and forty-four plaintiffs is insufficient to provide twenty representative plaintiffs for Track 2.

## Conclusion

The data regarding the Short Form Complaints that have been filed and opted-out of consideration for the Track 2 Discovery Pool does not support Defendant's concerns about gamesmanship or a lack of representativeness. Similarly, Defendant has not proffered any evidence that the current pool of two hundred and forty-four plaintiffs is insufficient to populate the one hundred Track 2 discovery pool allocations under the current Track 1 process or the twenty

allocations Defendant proposes. Additional filings are possible once the Court enters a Track 2 scheduling order. There is no basis to support reconsideration of CMO 10 and Defendant's Motion should be denied.

Date: May 6, 2024                                                                 Respectfully Submitted

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted pro hac vice)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted pro hac vice)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ Robin Greenwald
Robin L. Greenwald (admitted pro hac vice)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted pro hac vice)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs and Government Liaison*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that the foregoing document was electronically filed on the Court's CM/ECF system on this date, and that all counsel of record will be served with notice of the said filing via the CM/ECF system.

This the 6th day of May, 2024.

                                            */s/ J. Edward Bell, III*

                                            J. Edward Bell, III