IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | Case No. 7:23-cv-897 |
| | ) | |
| | ) | UNITED STATES' RESPONSE TO |
| | ) | PLAINTIFFS' PROPOSAL OF |
| This Document Relates To: | ) | TOPICS FOR CONSIDERATION |
| ALL CASES | ) | RELATED TO TRACK 1 TRIALS |

Plaintiff Leadership Group's proposed topics "for potential discussion should the Court desire to hold conferences under Federal Rule of Civil Procedure 16" are largely premature for resolution at this time. *See* Dkt. 191. Determination of these issues now would be inconsistent with Case Management Order No. 2, which is based largely on the Parties' recommendations after robust negotiations, and on which the Parties have relied since it was entered for the planning, scheduling, and execution of Track 1 discovery matters, and general case planning.

CMO 2 lays out in sequential fashion a timeline and procedures for completing fact and expert discovery, motions practice, and the selection of bellwether trials in Track 1 cases. Dkt. 23, pp. 9-11. This sequence contemplates that the earlier stages of litigation will inform the Court and the Parties' approach to later stages. For example, immediately following the provisions in CMO 2 setting a discovery schedule is a provision entitled "Motion Practice Specific to Track 1," which provides that "[a]t the appropriate time, the Court and the Parties shall discuss the pretrial schedule for submission of dispositive motions and for any other pretrial motions or other matters regarding Track 1 Discovery Plaintiffs." *Id*. at 11. Many of these dispositive and pretrial motions, including motions for summary judgment, will be informed by the facts and opinions disclosed during discovery. Additionally, immediately following that motion practice provision is a provision entitled "Track 1 Trials," which provides that "[a]t the

appropriate time, the Court and the Parties shall discuss the selection of a certain Track 1 Discovery Plaintiff or Plaintiffs for a Bellwether trial or trials." *Id*. The "Track 1 Trials" provision also specifically provides that "[e]ach member of this Court will be responsible for scheduling procedures of the trials in actions assigned to them." *Id*. These trial processes may be informed by how dispositive and pretrial motions are resolved.

The United States is willing to discuss issues that may guide the Parties' ongoing discovery. The majority of PLG's proposed topics for discussion, however, relate to legal issues that should be resolved in pretrial motions, trial procedures, trial structure, and bellwether selection. *See* Dkt. 191, *passim* (e.g., "presentation to the Court regarding CLJA foundational issues," "Trial structure considerations," "Selection of Trial Plaintiffs," "Trial Logistics"). Other proposed topics like "[e]xpediting or prioritizing trials" directly contradict the timeline, procedures, and purpose of CMO 2. *Id*. at 2. The United States respectfully submits that under CMO 2, the more appropriate time for a Rule 16 conference to determine issues like motions practice, trial procedures, trial structure, and eventual bellwether selection is (1) after the completion of fact discovery and (2) after the completion of expert discovery. Indeed, the purpose of working up a wide discovery pool, rather than simply selecting a smaller number of bellwether cases for trial from the outset, was to allow the parties to conduct discovery to ascertain which cases would be best suited for trial and most informative for resolution. As the United States has argued in other filings, future tracks would benefit from a smaller discovery pool. But for purposes of Track 1, consistent with CMO 2, the parties have dedicated considerable efforts to completing hundreds of depositions of fact witnesses and millions of pages of document productions during Track 1 fact discovery. The Court should reserve judgment on these issues at this time.

The United States, however, welcomes discussions on issues that are ripe for discussion now, such as the selection and use of a settlement master to work on a global resolution framework (which the Parties are continuing to discuss) and, especially, the prioritization of Track 1 "Single Disease Plaintiffs" for trial (which will significantly affect expert discovery, as the Parties cannot complete expert discovery on the "Multiple Disease Plaintiffs" under the timeline currently set out in CMO 2). *See* Dkt. 167.

Dated: May 8, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Special Litigation Counsel

*/s/ Haroon Anwar*
HAROON ANWAR
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
Environmental Torts Litigation Section
1100 L Street NW
Washington, DC 20005
E-mail: haroon.anwar@usdoj.gov
Phone: (202) 305-3661
Fax: (202) 598-3946

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2024, a copy of the foregoing United States' Response to Plaintiffs' Proposal of Topics for Consideration Related to Track 1 Trials was served on all counsel of record via the Court's electronic filing system.

/s/ Haroon Anwar
HAROON ANWAR