IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **ORDER** |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL CASES | ) | |

On February 6, 2024, this court granted the United States of America's ("United States" or "defendant") motion to strike plaintiffs' jury trial demand. See [D.E. 133]. On February 14, 2024, Plaintiffs' Leadership Group ("PLG") on behalf of plaintiffs Susan McBrine and David L. Petrie ("plaintiffs") moved to certify for immediate appellate review this court's order granting defendant's motion to strike plaintiffs' jury trial demand [D.E. 137] and filed a memorandum in support [D.E. 138]. See 28 U.S.C. § 1292(b). On March 4, 2024, the United States responded in opposition [D.E. 153]. On March 11, 2024, plaintiffs replied [D.E. 158]. As explained below, the court denies plaintiffs' motion to certify.

I.

"Finality as a condition of review is an historic characteristic of federal appellate procedure." Cobbledick v. United States, 309 U.S. 323, 324 (1940). Since 1958, however, a district court may certify an order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) requires a movant to show: (1) a controlling question of law where there is substantial ground for difference of opinion, (2) that the order may materially advance the ultimate termination of the litigation, and (3) "that exceptional

circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (quotation omitted), superseded in part on other grounds by Fed. R. Civ. P. 23(f); see 28 U.S.C. § 1292(b); Caterpillar v. Lewis, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress'[s] design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." (quotation omitted)); Hogans v. Charter Commc'ns, Inc., No. 5:20-CV-566, 2022 WL 1500859, at *1–2 (E.D.N.C. May 12, 2022) (unpublished); Eshelman v. Puma Biotechnology, Inc., No. 7:16-CV-18, 2017 WL 9440363, at *1–2 (E.D.N.C. May 24, 2017) (unpublished); Stillwagon v. Innsbrook Golf & Marina, LLC, No. 2:13-CV-18, 2014 WL 5871188, at *9 (E.D.N.C. Nov. 12, 2014) (unpublished).

Certification under section 1292(b) is the exception, not the rule. See, e.g., Caterpillar, 519 U.S. at 74; Hill v. Robeson Cnty., No. 7:09-CV-5, 2010 WL 2680555, at *1 (E.D.N.C. July 6, 2010) (unpublished). Section "1292(b) should be used sparingly and thus . . . its requirements must be strictly construed." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989). Unless the movant satisfies the three statutory criteria under section 1292(b), "the district court may not and should not certify its order for an immediate appeal under section 1292(b)." Butler v. DirectSAT USA, LLC, 307 F.R.D. 445, 452 (D. Md. 2015) (cleaned up); see Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 676–77 (7th Cir. 2000). If the movant satisfies the three statutory criteria, then the "decision to certify an interlocutory appeal is firmly in the district court's discretion." Goodman v. Archbishop Curley High Sch., 195 F. Supp. 3d 767, 772 (D. Md. 2016) (quotation omitted); see Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 47 (1995) (Congress

2

"chose to confer on district courts first line discretion to allow interlocutory appeals"); Manion v. Spectrum Healthcare Res., 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013).

As for the first factor, the "movant must state 'the precise nature of the controlling question of law involved.'" Stillwagon, 2014 WL 5871188, at *9 (quoting Fannin v. CSX Transp., Inc., 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) (per curiam) (unpublished table decision)); see United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340–41 (4th Cir. 2017); Eshelman, 2017 WL 9440363, at *1. A "controlling question of law" well-adapted to discretionary interlocutory review is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." Fannin, 1989 WL 42583, at *5; see Univ. of Va. Pat. Found. v. Gen. Elec. Co., 792 F. Supp. 2d 904, 910 (W.D. Va. 2011). A controlling issue of law must dispose of the litigation no matter how it is resolved, and "a question of law would not be controlling if the litigation would necessarily continue regardless of how that question were decided." Wyeth v. Sandoz, Inc., 703 F. Supp. 2d 508, 525 (E.D.N.C. 2010) (quotation omitted); see Fannin, 1989 WL 42583, at *5; Feinberg v. T. Rowe Price Grp., Inc., Civ. No. 17-0427, 2021 WL 2784614, at *2 (D. Md. July 2, 2021) (unpublished); Long v. CPI Sec. Sys., Inc., No. 3:12-CV-396, 2013 WL 3761078, at *2 (W.D.N.C. July 16, 2013) (unpublished).

A "substantial ground for a difference of opinion must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order." Wyeth, 703 F. Supp. 2d at 527 (quotation omitted). A substantial ground for difference of opinion does not occur when a party merely believes that the district court wrongly decided the issue or incorrectly applied the governing legal standard. See Ahrenholz, 219 F.3d at 676–77; Nat'l Interstate Ins. Co. v. Morgan & Sons Weekend Tours, Inc., No. 1:11CV1074, 2016 WL 1228622, at *2 (M.D.N.C.

Mar. 28, 2016) (unpublished); Butler, 307 F.R.D. at 454–55; McDaniel v. Mehfoud, 708 F. Supp. 754, 756 (E.D. Va. 1989). Merely because two courts may have "appl[ied] the same straightforward legal standard to similar facts and reach[ed] different results . . . does not mean that the standard itself (or the analysis courts must undertake in applying the standard) is in any way unclear." Hall v. Greystar Mgmt. Servs., L.P., 193 F. Supp. 3d 522, 527 (D. Md. 2016). A substantial ground for disagreement may also exist "if there is a novel and difficult issue of first impression." Adams v. S. Produce Distribs., Inc., No. 7:20-CV-53, 2021 WL 394842, at *3 (E.D.N.C. Feb. 4, 2021) (unpublished) (quotation omitted); see Karanik v. Cape Fear Acad., Inc., No. 7:21-CV-169, 2022 WL 16556774, at *5 (E.D.N.C. Oct. 31, 2022) (unpublished); United States ex rel. A1 Procurement, LLC v. Thermcor, Inc., 173 F. Supp. 3d 320, 323 (E.D. Va. 2016).

As for the second factor, resolving the controlling legal question must materially advance the ultimate termination of the litigation. See Coopers & Lybrand, 437 U.S. at 466 n.5. This factor focuses on whether resolving the controlling legal question would avoid a trial or otherwise substantially shorten the litigation. See, e.g., Agape Senior Cmty., Inc., 848 F.3d at 340–41. "[P]iecemeal review of decisions that are but steps toward final judgment[] on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgment[]." James v. Jacobson, 6 F.3d 233, 237 (4th Cir. 1993); see Caterpillar, 519 U.S. at 74; cf. Switz. Cheese Ass'n v. Horne's Mkt., Inc., 385 U.S. 23, 25 (1966) ("Orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not . . . 'interlocutory' within the meaning of § 1292(a)(1).").

As for the third factor, exceptional circumstances exist when an interlocutory appeal "would avoid protracted and expensive litigation." Fannin, 1989 WL 42583, at *2 (quotation

4

omitted); see Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc., 317 F.2d 741, 743 (4th Cir. 1963).

Plaintiffs argue that the jury-trial issue is a "novel and difficult" question of "first impression." [D.E. 138] 4. Although the jury-trial issue is one of first impression because Congress recently enacted the Camp Lejeune Justice Act ("CLJA"), that an issue is one of first impression does not alone warrant interlocutory appeal under section 1292(b). See, e.g., Flor v. BOT Fin. Corp. (In re Flor), 79 F.3d 281, 284 (2d Cir. 1996) (per curiam); Wyeth, 703 F. Supp. 2d at 527. Moreover, the court disagrees that the jury-trial issue is novel and difficult. Furthermore, the "substantial ground for a difference of opinion must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order." Wyeth, 703 F. Supp. 2d at 527 (quotations omitted). Here, the court applied the correct legal standard under Lehman v. Nakshian, 453 U.S. 156, 161–62, 168 (1981), and other applicable precedent and canons of construction. See [D.E. 133] 7–34.

Plaintiffs also argue that the jury-trial issue is a "new legal question" and has "special consequence." [D.E. 138] 5. The court agrees that the question is "new" because the CLJA is new, but disagrees that the question has "special consequence." This court is prepared to proceed expeditiously with bench trials. If a party is unhappy with the result of the bench trial, the party may appeal once the court enters final judgment. As part of any such appeal, the party can challenge this court's ruling concerning jury trials. If the court incorrectly held that plaintiffs are not entitled to a jury trial under the CLJA, the court then can hold jury trials. In the meantime, however, this court will resolve countless cases under the CLJA.

Next, plaintiffs argue that the jury-trial issue presents a "closer question" than decisions interpreting other statutes. Id. The court disagrees and believes that it properly analyzed the CLJA, Lehman, and other relevant precedent.

Finally, plaintiffs cite Department of Agriculture Rural Development Rural Housing Service v. Kirtz, 601 U.S. 42 (2024), and argue that Kirtz supports the conclusion that the CLJA permits a jury trial against the United States. See [D.E. 138] 6; [D.E. 158] 6. In Kirtz, the Supreme Court reaffirmed that "a waiver of sovereign immunity must be unmistakably clear in the language of the statute." Kirtz, 601 U.S. at 49 (quotation omitted); see Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000). The Supreme Court observed that in order to determine whether Congress waived sovereign immunity, a court must focus on "statutory text rather than legislative history." Kirtz, 601 U.S. at 49. "[N]o amount of legislative history can supply a waiver that is not clearly evident from the language of the statute." Id. (quotation omitted). Likewise, "when an unmistakably clear waiver of sovereign immunity appears in a statute, no amount of legislative history can dislodge it." Id. (quotations omitted). Applying these principles, the Supreme Court held that the Fair Credit Reporting Act of 1996 ("FCRA") unmistakably abrogated sovereign immunity against a federal agency because the FCRA "authorize[d] consumer suits for money damages against '[a]ny person' who willfully or negligently fails to comply with" the FCRA and defined "'person' to include 'any . . . governmental . . . agency.'" Kirtz, 601 U.S. at 51 (quoting 15 U.S.C. §§ 1681n(a), 1681o(a), 1681a(b)).

This court's February 6, 2024 analysis comports with Kirtz. See [D.E. 133] 7–34. Moreover, this court's analysis rejecting plaintiffs' reliance on the CLJA's legislative history and cases such as Galloway v. United States, 319 U.S. 372 (1943), and Pence v. United States, 316

6

U.S. 332 (1942), comports with Kirtz. See Kirtz, 601 U.S. at 49, 52–58; cf. [D.E. 158] 2, 5. Thus, Kirtz supports this court's decision striking plaintiffs' jury trial demand and does not support plaintiffs' motion to certify.

II.

In sum, the court DENIES plaintiffs' motion to certify for appeal the order granting defendant's motion to strike the demand for a jury trial [D.E. 137].

SO ORDERED. This 13 day of May, 2024.

RICHARD E. MYERS II
Chief United States District Judge

TERRENCE W. BOYLE
United States District Judge

LOUISE W. FLANAGAN
United States District Judge

JAMES C. DEVER III
United States District Judge

7