| | |
|---|---|
| **From:** | Bain, Adam (CIV) |
| **To:** | Camporoto, Joshua G. (CIV); Koperowski, Agatha (CIV); Adams, Jennifer F (CIV); Minsky, Sara J. (CIV); Lipscomb, Bridget (CIV) |
| **Subject:** | Fwd: [EXTERNAL] Deposition of Dr. Portier |
| **Date:** | Sunday, May 19, 2024 1:40:24 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png<br>image006.png<br>image007.png<br>image008.png<br>image009.png |

Sent from my iPhone

Begin forwarded message:

> **From:** J Edward Bell <jeb@belllegalgroup.com>
> **Date:** May 19, 2024 at 12:19:18 PM EDT
> **To:** "Bain, Adam (CIV)" <Adam.Bain@usdoj.gov>, "Lipscomb, Bridget (CIV)" <Bridget.Lipscomb@usdoj.gov>, Zina Bash <zina.bash@kellerpostman.com>, Robin Greenwald <rgreenwald@weitzlux.com>, Dawn Bell <DBell@belllegalgroup.com>
> **Subject:** [EXTERNAL] Deposition of Dr. Portier

Adam and Bridgett

I am responding to your email about the deposition notice for Dr. Portier. You raise two issues – that the deposition of Dr. Portier would not comply with Italian law and whether the deposition is relevant.

**Hague/Italian law:**

Dr. Portier is a U.S citizen who is voluntarily sitting for a deposition. As such, Italy allows for the deposition to occur in Italy without prior approval. Your email reaches the same result, as we are proceeding under Article 15.

The following links makes clear that Dr. Portier's deposition is authorized in Italy. Italy Judicial Assistance Information (state.gov) (U.S. Department of State Bureau of Consular Affairs). The tab for "Taking Voluntary Depositions of Willing Witnesses" states the following:

**Voluntary depositions may be taken of willing witnesses. Such depositions may be taken on notice or pursuant to a commission or court order before any Consular Officer of the United States. Consular involvement is optional for all depositions. Consular depositions may be conducted in certain cases governed by Articles 15 through 18 of the Convention. Article 15 permits a Consular Officer of the United States to take the voluntary testimony of a U.S. citizen in Italy. Article 16 pertains to the voluntary testimony of an Italian or third country national. Either a Consular Officer or a commissioner (for example, a private American attorney) appointed by the American court may take the testimony of a witness of any nationality without compulsion. The U.S. consular officer abroad or commissioner (through local counsel) would have to secure the permission of the Court of Appeals with jurisdiction over the deponent in the case of non - U.S. citizens and arrange for someone authorized under Italian law to administer oaths to do so. No prior permission is required for the depositions of American citizens.**

Thus, because Dr. Portier is a U.S. citizen who is voluntarily sitting for a deposition, the deposition of Dr. Portier **can** be taken **without prior permission.**

**Relevance:**

Dr. Portier's testimony is highly relevant to the issues in the Camp Lejeune litigation. First, Dr. Portier, as director of the ATSDR at the time of the 2009 NRC report, was highly critical of it, wrote a letter to the Deputy Assistant Secretary of the Navy and the Deputy Commandant, Installations and Logistics, at the time, and has relevant testimony on behalf of the Plaintiffs. This is especially the case in light of your stated purpose of deposing Plaintiffs' consultant Dr. Savitz. As you stated to the Plaintiffs' Leadership Group, the United States has noticed his fact deposition in his capacity chair of the NRC report.

Second, Dr. Portier oversaw the water modeling performed for Camp Lejeune. Just last week you informed Judge Jones that you would be challenging aspects of the water model. Dr. Portier's testimony about the water model is relevant to Plaintiffs' defense of the model.

Third, Dr. Portier is a biostatistician. He spent over thirty years in government service, including as ATSDR director, addressing the carcinogenicity of chemicals and other public health issues. He has relevant testimony about the ATSDR health assessment for Camp Lejeune as well as the recent Cancer Incident Study.

Last, you mention that the attorney defending the deposition has to obtain a diplomatic passport to travel for this deposition. We could not locate a regulation that such passport is required; will you please provide that to us. Also, if required, it appears that such passports can be obtained on an expedited basis and obtained in 2-3 weeks. Thus, if a diplomatic passport is required, please start the process immediately. Finally, if the DOJ prefers not to travel to Italy for the deposition, the DOJ can defend the deposition remotely. We would agree not to be in the room with Dr. Portier when he is testifying.

We suggest that we schedule a meet and confer immediately so that we can find a new date for Dr. Portier's deposition. Because of Dr. Portier's health issues, we prefer to take his deposition as soon as possible.

Please advise

Thanks
Ed Bell



**Ed Bell**
*Founding Partner*
*President | Charleston School of Law*
219 Ridge Street
Georgetown, SC 29440
o: 843.546.2408
f: 843.546.9604
jeb@belllegalgroup.com
www.belllegalgroup.com
www.charlestonlaw.edu



