IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Southern Division

| | | |
|---|---|---|
| IN RE: | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | 7:23-cv-00897 |
| | ) | |
| | ) | MEMORANDUM IN SUPPORT |
| This Document Relates To: | ) | OF CONSENT MOTION TO |
| | ) | COMPEL PLAINTIFF ANDREW |
| *Andrew Przenkop v. United States of America*) | | PRZENKOP'S DEPOSITION |
| Case No. 7:23-cv-1435 | ) | TESTIMONY |

## INTRODUCTION

The Court should issue an order compelling Mr. Przenkop to testify regarding the reason he left his position with the Polk County Sheriff's Office (the "Sheriff's Office"), including testimony related to a settlement with the Sheriff's Office that included a confidentiality agreement. An order from this Court will clarify that such an agreement does not prohibit Mr. Przenkop from answering relevant questions during discovery in civil litigation.

The Parties have met and conferred on this issue. The issue was also discussed at the May 16, 2024 Status Conference Hearing. May 16, 2024 Hr'g. Tr., at 12:19-14:7 (D.E. 207). The United States is authorized to represent that Plaintiff consents to the relief requested.

## FACTUAL BACKGROUND

Plaintiff Andrew Przenkop is seeking damages for lost wages allegedly related to an injury he suffered from exposure to water at Camp Lejeune. The United States deposed Mr. Przenkop on March 26, 2024. At his deposition, Mr. Przenkop declined to answer certain questions related to his former employment with, and departure from, the Sheriff's Office because he is subject to a confidential settlement agreement with the Sheriff's office. The Parties agree, however, that an order from this Court will permit Mr. Przenkop to testify, the settlement agreement notwithstanding.

1

## ARGUMENT

The decision to grant or deny a motion to compel is generally left to the "substantial discretion of the district court." *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir. 1995); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988). Under Federal Rule of Civil Procedure 26(b), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" And, it is well-established that a non-disclosure agreement is not privileged. *See, e.g., Shvarster v. Lekser*, 270 F. Supp. 3d 96, 98 (D.D.C. 2017) ("As a general rule, 'confidentiality agreements will not stand as a barrier to discovery between two parties in litigation.'") (quoting *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 922 (D. Nev. 2006) *Micron Tech. Inc. v. Factory Mut. Ins. Co.*, 3:18-cv-07689-LB, 2022 WL 1687156, at *2 (N.D. Cal. May 26, 2022) ("Courts in this district and others have recognized that [a non-disclosure agreement] cannot be used to shield information from discovery.") (collecting cases).

An order from this Court will clarify that Mr. Przenkop is required to testify, his confidential settlement agreement notwithstanding. As the Fourth Circuit explained: "There is an important distinction between privilege and protection of documents, the former operating to shield the documents from production in the first instance, with the latter operating to preserve confidentiality when produced. An appropriate protective order can alleviate problems and concerns regarding both confidentiality and scope of the discovery material produced in a particular case." *Virmani v. Novant Health, Inc.*, 259 F.3d 284, 288 n.4 (4th Cir. 2001); *see also Cadmus Comm'ns Corp. v. Goldman*, No. 3:05-CV-257, 2006 WL 3359491, at *3 (W.D.N.C. 2006) ("[T]he Court has held that in the context of settlement agreements the mere fact that the settling parties agree to maintain the confidentiality of their agreements does not serve to shield

the agreement from discovery. Simply put, litigants may not shield otherwise discoverable information from disclosure to others merely by agreeing to maintain its confidentiality."). Here, an "appropriate protective order" exists; thus, the parties agree that deposition testimony can be designated as "confidential," obviating any concerns that a non-disclosure agreement seeks to address. *See* D.E. 36 (Stipulated Protective Order, Case Management Order No. 6) ¶ 3(e) (providing a procedure for designating depositions or pages thereof confidential).

## CONCLUSION

Based on the foregoing, the Court should grant the Parties' Consent Motion to Compel and compel Mr. Przenkop to testify to the circumstances surrounding his departure from the Sheriff's Office.

Dated: May 23, 2024                                  Respectfully Submitted,

**THE UNITED STATES OF AMERICA**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Special Litigation Counsel

KAILEY SILVERSTEIN
Trial Attorney

*/s/ Nathan J. Bu*
NATHAN J. BU
Trial Attorney, Torts Branch
Environmental Torts Litigation Section

U.S. Department of Justice
P. O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: nathan.j.bu@usdoj.gov
Telephone: (202) 705-5938
Fax: (202) 616-4989
*Counsel for the United States*

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2024, a copy of the foregoing document was served on all counsel of record by operation of the court's electronic filing system and can be accessed through that system.

<u>*/s/ Nathan J. Bu*</u>
Nathan J. Bu