# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
## Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: CAMP LEJEUNE WATER LITIGATION<br><br>This document relates to:<br><br>ALL CASES | **JOINT MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ENTRY OF CASE MANAGEMENT ORDER – TRACK 1 TRIAL PLAINTIFF SELECTION PROTOCOL** |

The Plaintiffs' Leadership Group (the "PLG") and the United States of America ("Defendant," and together with the PLG, the "Parties") respectfully submit this memorandum in support of the Motion for Entry of Case Management Order – Track 1 Trial Plaintiff Selection Protocol.

## Introduction

As set forth in CMO 2, entered on September 26, 2023 [D.E. 23], and the Track 1 Order, entered on February 2, 2024, [D.E. 130], "[a]t the appropriate time, the court and the Parties shall discuss the selection of certain Track 1 Discovery Plaintiffs for a Bellwether trial or trials." The Parties respectfully submit that this is the appropriate time to select Plaintiffs for bellwether trials, and that the following process should be used to identify the Plaintiffs among the Track 1 Discovery Pool Plaintiffs who should proceed to trial (the "Track 1 Trial Plaintiffs").

## Argument

The Parties have agreed to select Trial Plaintiffs from Plaintiffs who will be alleging only that one or more Track 1 illnesses—kidney cancer, bladder cancer, leukemia, Non-Hodgkins' Lymphoma, or Parkinson's Disease—were caused by the water on Camp Lejeune, along with other

1

injuries or conditions stemming from a Track 1 illness or its treatment ("Trial Plaintiff Pool"). The Track 1 Trial Plaintiffs will be waiving their rights to allege that any other illnesses or injuries besides Track 1 illnesses (and those injuries or conditions stemming from a Track 1 illness or treatment) were caused by the water on Camp Lejeune.

## I. Trial Plaintiff Selection

The Parties propose that, within five (5) days from the entry of the proposed order attached to this Motion, but no sooner than June 15, 2024, the PLG will propose to the Court the names of three (3) Plaintiffs from the Trial Plaintiff Pool for each of the Track 1 illnesses to serve as Track 1 Trial Plaintiffs, and within five days of the PLG's submission, the United States will propose to the PLG the names of two (2) Plaintiffs from the Trial Plaintiff Pool for each of the Track 1 illnesses to serve as Track 1 Trial Plaintiffs; the PLG will then have five (5) days to obtain any necessary waivers from said individuals. If the PLG cannot secure a waiver for any of Defendant's selected plaintiffs, Defendant shall be entitled, at its option, to select a new Plaintiff, until a Plaintiff who agrees to any necessary waivers is selected. Those five (5) Trial Plaintiffs for each Track 1 illness (twenty-five (25) Plaintiffs in total) would proceed through complete fact discovery, expert discovery, and trial. Discovery and all deadlines for non-Track 1 Trial Plaintiffs would be stayed, though discovery could be resumed in any of those cases upon leave of Court.

Defendant agrees to withdraw its Motion To Amend Track 1 Order To Prioritize Trials of Track 1 Single Illness Plaintiffs [D.E. 167]. The PLG agrees to withdraw its Motions to Expedite Trials [7:23-cv-1576, D.E. 18; 7:23-CV-1368, D.E. 29; 7:23-cv-1364, D.E. 18] and agrees not to file any additional motions to expedite trials for any Track 1 Discovery Pool Plaintiff.

## II. Discovery Protocol

The Parties agree that fact discovery, including general discovery, shall conclude forty-five (45) days after the PLG obtains the necessary waivers for every selected Track 1 Trial Plaintiff.

The Parties agree that, to most efficiently manage expert discovery, the expert discovery deadlines set forth in CMO 2 and the Track 1 Order should be stayed for Track 1 Trial Plaintiffs pending entry of an Order by the Court that establishes the trial process and the ordering in which the Track 1 Trial Plaintiff trials will proceed. Upon entry of an Order establishing the date for commencement of expert discovery for any Track 1 Trial Plaintiff, the relevant Plaintiff shall disclose expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2) within 45 days from the date that expert discovery commences for the relevant Track 1 Trial Plaintiff. Within 45 days of that disclosure, Defendant shall disclose its expert witnesses for the relevant Track 1 Trial Plaintiff, pursuant to Fed. R. Civ. P. 26(a)(2). And within 30 days of Defendant's disclosure, the relevant Plaintiff will disclose rebuttal expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2). Within 60 days of Defendant's disclosure of its expert witnesses, expert discovery will close. Pursuant to CMO 2 and the Track 1 Order, at the appropriate time, the Court and the Parties shall discuss the pretrial schedule for submission of dispositive motions and for any other pretrial motion or other matters regarding the Track 1 Trial Plaintiffs. Deposition limits set forth in CMO 2 would remain in effect.

The Parties propose that discovery for all Track 1 Discovery Pool Plaintiffs not included in the Track 1 Trial Plaintiff Pool be stayed immediately.

## III. Selection of Trial Plaintiffs Benefits the Court and the Parties

The selection of Trial Plaintiffs at this juncture will benefit the Parties and the Court. First, the Parties will be able to focus the significant resources currently being expended on only those

Plaintiffs whose cases will be tried. For example, the Parties will reduce the number of experts they must retain to fit the needs of the limited number of Trial Plaintiffs. The Parties will also focus their remaining fact-discovery efforts on those Trial Plaintiffs.

Second, selection of the Trial Plaintiffs would allow the Court to determine how to allocate its resources for trials, with each Judge able to determine the necessary resources based on the number of Trial Plaintiff cases pending before each Judge.

Third, Trial Plaintiff selection will benefit individual Plaintiffs by giving them all certainty—those not selected will know not to expect a trial imminently and will no longer be subject to further discovery, and those selected will begin to prepare logistically, mentally, emotionally and physically for the trial process.

Finally, selection of the Trial Plaintiffs will benefit the resolution process by focusing efforts and identifying relevant criteria and information needed for resolution. The trials of the Trial Plaintiff cases would likely provide the Parties with information to work towards a global resolution. If additional information is needed for that, the Court could order the completion of discovery and additional trials for additional Track 1 Plaintiffs.

Time is of the essence on this matter as, with each passing day, the Parties incur significant costs in having their experts review voluminous records and prepare expert reports for all 100 Track 1 Discovery Pool Plaintiffs, most of whose cases will not be tried. In compliance with Case Management Order 2, the Parties have expended substantial time and resources on discovery for all 100 Track 1 Discovery Plaintiffs. Fact discovery has shown the challenges with working up 100 Plaintiffs at the same time, so the Parties see value in limiting expert discovery to 25 Trial Plaintiffs based on information obtained from Track 1 fact discovery.

Such an early trial-plaintiff selection process is also consistent with the bellwether processes followed by multi-district litigations with large numbers of plaintiffs across the country. In those litigations, exhaustive, individualized discovery is reserved for those plaintiffs selected for bellwether trials upon the review of plaintiff fact sheets for a larger pool of plaintiffs; in this litigation, the Discovery Pool Profile Form, already submitted for all 100 Track 1 Discovery Pool Plaintiffs, serves the same purpose.

By contrast, to continue on the path of taking multiple fact depositions for each of the 100 Track 1 Discovery Pool Plaintiffs and preparing expert reports for all of them will be of little use, and will be disproportionately and unnecessarily costly for the majority of Plaintiffs who will not be selected to serve as Trial Plaintiffs.

For the foregoing reasons, the Parties respectfully request the entry of the Case Management Order attached to the Motion setting forth the process for the Parties to select the Trial Plaintiffs.

DATED this 3rd day of June, 2024.

Respectfully submitted,

*/s/ J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

*/s/ Zina Bash*
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs
and Government Liaison*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

*/s/ Adam Bain*
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*