UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: CAMP LEJEUNE TOXIC WATER EXPOSURE LITIGATION<br><br>This document relates to:<br><br>ALL CASES | REPLY MEMORANDUM OF LAW IN SUPPORT OF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF PLAINTIFFS JAMES KEY, II, CAROL BASSANO, EDDIE MAE MILLER, AND RACHAEL ARMSTRONG ON CLJA LEGAL REPRESENTATIVE PROCEDURE |

In response to Plaintiffs' Leadership Group's ("PLG") Motion for Partial Summary Judgment of Plaintiffs James Key, II, Carol Bassano, Eddie Mae Miller, and Rachael Armstrong on CLJA Legal Representative Procedure, Defendant United States of America ("Defendant") concedes that partial summary judgment in favor of Carol Bassano and Rachael Armstrong is appropriate because both Ms. Bassano and Ms. Armstrong filed administrative claims as legal representatives of the individuals whose harms they allege. United States' Response to Plaintiffs' Motion for Partial Summary Judgment [D.E. 208]. The government further concedes that the Court should also grant PLG's motion as it applies to James Key, II and Patricia Key (the "Key Siblings"), because although the Key Siblings did not file administrative claims as legal representatives, they have since been appointed as legal representatives with respect to the claim they had filed. *Id*. In light of the government's concessions, the PLG respectfully requests that the Court enter an order granting the PLG's Motion with respect to Ms. Bassano, Ms. Armstrong and the Key Siblings.

As set forth in more detail in the PLG's Memorandum in Support [D.E. 185], Ms. Miller qualifies as a "legal representative" under the Camp Lejeune Justice Act ("CLJA") by virtue of her

1

qualification under Miss. Code Ann. § 11-7-13 (permitting wrongful death beneficiaries to assert a claim for damages "whether an estate has been opened or not"). The government places undue reliance on section 11-7-13's distinction between a "personal representative" and a narrowly defined beneficiary like Ms. Miller to support its argument that Ms. Miller must be appointed by a court of competent jurisdiction to be a "legal representative" under the CLJA. The clear thrust of section 11-7-13 is that as a practical matter, there are a number of specific people that can seek justice for the death of a loved one, including a widow like Ms. Miller. That concept readily qualifies those individuals as "legal representatives" under the CLJA because they are designated by state law to seek vindication of the wrongful death of a deceased person. .

The government expresses the concern that recognizing a person appointed under the Mississippi statute may lead to the filing of duplicate claims with the Department of the Navy. Duplicate claims, however, are an administrative issue that can be handled in a variety of ways. Indeed, the PLG is working on a system to identify and resolve duplicate claims and would welcome the Department of the Navy's assistance with such effort. But concerns over duplicate claims are not a justifiable basis to deny Ms. Miller recognition as a "legal representative" under the CLJA

The PLG disagrees with Defendant's position that this Court lacks the power to clarify issues raised in the PLG's Memorandum in Support regarding equitable tolling and the statute of limitations. There is obviously a case in controversy between the plaintiffs and the government. As set forth in the Memorandum in Support, should the Court conclude that Ms. Miller or the other plaintiffs do not currently qualify as legal representatives, that holding threatens to engender widespread confusion and concern in light of the government's position that the CLJA's statute of limitations, Section 804(j)(2), bars any plaintiff who does not file an administrative claim by

August 10, 2024, from pursuing CLJA relief. In reaching legal holdings, federal courts routinely explain the practical consequences of their decisions. Especially in massive litigation like this, where every legal decision that this Court reaches may affect hundreds or even thousands of people, the Court has ample authority to provide guidance. Clarifying that the CLJA does not bar claims filed after August 10, 2024, would aid plaintiffs in understanding the practical consequences of a ruling for the government (in whole or in part) on the instant motion.

Finally, all of the foregoing matters implicate the Veterans' Canon. The Supreme Court has repeatedly applied "the canon that provisions for benefits to members of the Armed Services are to be construed in the beneficiaries' favor." *Henderson v. Shinseki*, 562 U.S. 428, 441 (2011) (quoting *King v. St. Vincent's Hospital*, 502 U.S. 215, 220 n.9 (1991)). The CLJA is designed to benefit members of the Armed Services as compensation for the government's deadly mismanagement of Camp Lejeune. It thus must be construed broadly in favor of the injured veterans and applied in a way so as not to create unnecessary hardships or burdens on veterans.

For the foregoing reasons and the reasons stated in the PLG's Memorandum in Support, the PLG respectfully requests that the Court grant the PLG's Motion for Partial Summary Judgment of Plaintiffs James Key, II, Carol Bassano, Eddie Mae Miller, and Rachael Armstrong on CLJA Legal Representative Procedure.

*Signatures on Following Page*

Date: June 5, 2024                                              Respectfully Submitted

/s/ J. Edward Bell, III                                         /s/ Zina Bash
J. Edward Bell, III (admitted pro hac vice)                     Zina Bash (admitted pro hac vice)
Bell Legal Group, LLC                                           Keller Postman LLC
219 Ridge St.                                                   111 Congress Avenue, Ste. 500
Georgetown, SC 29440                                            Austin, TX 78701
Telephone: (843) 546-2408                                       Telephone 956-345-9462
jeb@belllegalgroup.com                                          zina.bash@kellerpostman.com
*Lead Counsel for Plaintiffs*                                   *Co-Lead Counsel for Plaintiffs and Government Liaison*


/s/ Elizabeth Cabraser                                          /s/ W. Michael Dowling
Elizabeth Cabraser (admitted pro hac vice)                      W. Michael Dowling (NC Bar No. 42790)
Lieff Cabraser Heimann & Bernstein, LLP                         The Dowling Firm PLLC
275 Battery Street, Suite 2900                                  Post Office Box 27843
San Francisco, CA 94111                                         Raleigh, North Carolina 27611
Phone (415) 956-1000                                            Telephone: (919) 529-3351
ecabraser@lchb.com                                              mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*                                *Co-Lead Counsel for Plaintiffs*

/s/ Robin Greenwald                                             /s/ James A. Roberts, III
Robin L. Greenwald (admitted pro hac vice)                      James A. Roberts, III (N.C. Bar No.: 10495)
Weitz & Luxenberg, P.C.                                         Lewis & Roberts, PLLC
700 Broadway                                                    3700 Glenwood Avenue, Suite 410
New York, NY 10003                                              P. O. Box 17529
Telephone: 212-558-5802                                         Raleigh, NC 27619-7529
rgreenwald@weitzlux.com                                         Telephone: (919) 981-0191
*Co-Lead Counsel for Plaintiffs*                                Fax: (919) 981-0199
                                                                jar@lewis-roberts.com
/s/ Mona Lisa Wallace                                           *Co-Lead Counsel for Plaintiffs*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that the foregoing document was electronically filed on the Court's CM/ECF system on this date, and that all counsel of record will be served with notice of the said filing via the CM/ECF system.

This the 5th day of June, 2024.

/s/ J. Edward Bell, III

J. Edward Bell, III