IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-897

IN RE:                                          )
                                                )
CAMP LEJEUNE WATER LITIGATION                   )
                                                )      O R D E R
This Document Relates to:                       )
                                                )
*Andrew Przenkop v. United States of America*   )
Case No. 7:23-CV-1435                           )

This matter is before the court on the parties' consent motion to compel plaintiff Andrew Przenkop's deposition testimony ("Motion") regarding his prior employment. [DE-214]. Specifically, the parties move to compel Mr. Przenkop's testimony regarding the circumstances surrounding his departure from the Polk County Sheriff's Office ("Sheriff's Office"), including testimony related to a confidential settlement agreement with the Sheriff's Office ("Confidential Settlement Agreement"). Although the Motion is made with consent of the parties, there has been no objection made by any non-party and the time by which to do so has expired. For good cause shown, the Motion is granted.

I.      Background

This litigation concerns the more than eighteen hundred individual lawsuits filed under the Camp Lejeune Justice Act ("CLJA") in this district. *See* Pub. L. No. 117-168, § 804, 135 Stat. 1759, 1802–04. With the CLJA, Congress created a new federal cause of action permitting "appropriate relief for harm that was caused by exposure to the water at Camp Lejeune" for individuals who resided, worked, or were otherwise exposed for not less than 30 days during the period between August 1, 1953, and December 31, 1987. *See id.* § 804(b). To better manage this

litigation, the court appointed a Plaintiffs' Leadership Group ("PLG" or "Plaintiffs"), *see* [DE-10], and entered case management orders streamlining pretrial procedures in all CLJA cases. *See, e.g.*, [DE-23].

As part of streamlining pretrial procedures, the court is phasing this litigation into separate "Tracks." [DE-23] 8. Each Track comprises several different illnesses and proceeds on its own pretrial timeline. The court established the "Track 1 Illnesses" in CMO 2, specifically (1) bladder cancer, (2) kidney cancer, (3) leukemia, (4) Parkinson's disease, and (5) non-Hodgkin's lymphoma. [DE-23] XI.A.

Mr. Przenkop is a Track 1 Plaintiff. *See* [DE-130]. Mr. Przenkop was deposed by Defendant on March 26, 2024, during which he declined to answer questions related to his employment with the Sheriff's Office or the Confidential Settlement Agreement. [DE-215] 1.

The parties state that an order from this Court will permit Mr. Przenkop to testify regarding the circumstances surrounding his departure from the Sheriff's Office. [DE-215] 1. The parties further agree that Mr. Przenkop's testimony can be designated as "confidential" under the Stipulated Protective Order (Case Management Order No. 6). *Id* at 2 (citing [DE-36] ¶ 3(e)).

II. Standard of Review

The general rule regarding the scope of discovery is found in Fed. R. Civ. P. 26(b)(l):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Prasad v. Nallapati*,

597 F. Supp. 3d 842, 846 (E.D.N.C. 2022) (first quoting *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); then citing *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). Nevertheless, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Walls v. Ford Motor Co.*, No. 1:20CV98, 2021 WL 1723154, at *4 (M.D.N.C. Apr. 30, 2021) (citations omitted).

"Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

III.   Discussion

The parties evidently believe that Mr. Przenkop's testimony regarding his employment with and departure from the Sheriff's Office are relevant to his case. *See generally* [DE-214]; [DE-215]; Fed. R. Civ. P. 26(b)(l); *see Prasad*, 597 F. Supp. 3d at 846. Therefore, the crux of the Motion is whether the Confidential Settlement Agreement bars Mr. Przenkop's testimony. It does not.

Fed. R. Evid. Rule 408 provides that:

> Evidence of the following is not admissible . . . either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in

3

> compromising or attempting to compromise the claim; and
>
> > (2) conduct or a statement made during compromise negotiations about the claim . . . .

Fed. R. Evid. Rule 408. But Rule 408 "does not bar discovery of information concerning a settlement." *City of Jacksonville v. Shoppes of Lakeside, Inc.*, No. 3:12-CV-850-J-25MCR, 2016 WL 3447383, at *3 (M.D. Fla. June 23, 2016); *see United States v. White*, No. 2:23-CV-1-BO, 2024 WL 2164683, at *5 (E.D.N.C. May 14, 2024) ("[C]ourts addressing the issue have found that there is no blanket immunity from discovery for settlement-related matters.") (citing *Attys Liab. Prot. Soc'y, Inc. v. Wooddy*, No. 2:12-cv-3605-RMG, 2013 WL 11328456, at *5 (D.S.C. Oct. 1, 2013)). And Rule 408 "clearly only limits the use of [settlement documents] at trial when it is offered to prove liability." *In re Denture Cream Prods. Liab. Litig.*, 2011 WL 1979666, *4 (S.D. Fla. May 2, 2011). Neither the Sheriff Office nor Mr. Przenkop's liability is at issue here.

Likewise, the "confidentiality" of the Confidential Settlement Agreement does not prevent Mr. Przenkop's testimony.[1] The Fourth Circuit in *Virmani* provided the following discussion of confidentiality:

> There is an important distinction between privilege and protection of documents, the former operating to shield the documents from production in the first instance, with the latter operating to preserve confidentiality when produced. An appropriate protective order can alleviate problems and concerns regarding both confidentiality and scope of the discovery material produced in a particular case.

---

[1] Indeed, most confidentiality agreements contain carve-outs for court ordered testimony. If the Confidential Settlement Agreement does not include such a carve-out, it likely conflicts with public policy. *See, e.g., Chambers v. Capital Cities/ABC*, 159 F.R.D. 441, 444 (S.D.N.Y. 1995) ("Absent possible extraordinary circumstances not involved here, it is against public policy for parties to agree not to reveal, at least in the limited contexts of depositions or pre-deposition interviews concerning litigation arising under federal law, facts relating to alleged or potential violations of such law."); *In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1137 (N.D. Cal. 2002) ("To the extent that [the confidentiality] agreements preclude former employees from assisting in investigations of wrongdoing that have nothing to do with trade secrets or other confidential business information, they conflict with public policy in favor of allowing even current employees to assist in securities fraud investigations.").

4

*Virmani v. Novant Health Inc.*, 259 F.3d 284, 288 n.4 (4th Cir. 2001). The Stipulated Protective Order, Case Management Order No. 6, details how the parties handle confidential discovery materials in this litigation. *See* [DE-36]. The parties agree that Mr. Przenkop's testimony regarding his employment with and departure from the Sheriff's Office may be designated "confidential" pursuant to the Stipulated Protective Order. *See* [DE-151] at 2 (citing [DE-36] ¶ 3(e)). With confidentiality concerns thus alleviated, Mr. Przenkop may testify without issue.

IV. Conclusion

For the foregoing reasons, the Motion [DE-214] is GRANTED.

So ordered, the 6th day of June 2024.

Robert B. Jones, Jr.
United States Magistrate Judge