IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | **JOINT STATUS REPORT** |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to June 20, 2024, 1,825 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Twenty-five cases have been dismissed; twenty-one of those were voluntary dismissals and the four others were pro se cases. The cases are divided as follows: Judge Dever – 459 cases; Judge Myers – 465 cases; Judge Boyle – 439 cases; and Judge Flanagan – 462 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 261,293 administrative claims on file with the Department of Navy ("Navy"). The Navy completed automated ingestion efforts and is currently focused on completing final manual data entry and QA/QC before making all ingested claims available to filers in the Navy's CLJA Claims Management Portal ("portal"). Once the final tranche of claims is ready for filer review, the Navy will notify law firms and work with filers to reconcile the Claims

1

Management Portal to address discrepancies (e.g., incorrect claims data or missing claims). In addition to ingestion efforts, the Navy is focused on intake and processing of CLJA claims and developing the intake and presentment review process to ensure the Navy is positioned to complete that review as quickly as possible. For the past 10 weeks, the portal was live, and all new incoming claims were received through the portal resulting in a higher level of claim data quality and enhanced communication between filers and the Navy. The Navy continues to review feedback from filers on the filing experience and is working with its contractors to resolve a large volume of filing and user interface issues. Enhancements and fixes are implemented as quickly as possible to facilitate the filing process where feasible. Of all substantiated CLJA claims received to date, the Navy identified 136 CLJA claims that may be eligible for a settlement offer. The Navy extended 105 settlement offers to date.

**(3) An update on stipulations entered into between the Parties since the last status conference**

The parties had a meet and confer on June 12, 2024, wherein they discussed the possibility of negotiating a set of "global" proposed stipulations to be filed in the Master Docket and will continue substantive negotiations and edits to these global stipulations. The parties intend to comply with the Court's mandate in Case Management Order No. 2 to confer at least on a monthly basis regarding stipulations. (DE 23 p. 7). The Parties will continue to evaluate and discuss potential stipulations for purposes of promoting the efficiency of discovery and trials in this matter.

**(4) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

2

The PLG continues to dedicate significant time and resources to conducting discovery in this matter, and the PLG is committed to taking all actions necessary to meet the deadlines set forth in the Court's various scheduling orders. Since the most recent Status Conference the PLG has been defending depositions on a near daily basis, scheduling treating physician depositions, and otherwise conducting discovery. The PLG believes that the selection of Track 1 Trial Plaintiffs will assist both parties with concentrating discovery efforts. What follows is a brief description of some recent discovery issues.

Subpoena of the National Academy of Sciences

The National Academy of Sciences ("NAS") is a private, nonprofit institution established for purposes of providing expert advice to the nation on scientific issues. The National Research Council ("NRC") is a research committee of the NAS. The Navy sponsored a study by the NRC concerning associations between adverse health effects and the contaminated water at Camp Lejeune (the "NRC 2009 Report"). The PLG has issued and properly served a Subpoena upon the NAS requiring production of the NRC 2009 Report and related documents. As a basis for withholding document, the NAS has cited to certain dubious privileges that have never been recognized by this Court. The PLG has filed a motion to compel compliance with the referenced Subpoena of the NAS and a motion to transfer the matter to the Eastern District of North Carolina. The NAS has opposed the Motion to Compel and the PLG has filed a reply in support of its Motion to Compel. Similarly, the NAS has opposed the motion to transfer and the PLG has filed a reply in support of its motion. Both motions are now ripe for decision by the United States District Court for the District of Columbia.

Claims Management Portal

During the Status Conference on April 26, 2024, the PLG discussed with the Court certain difficulties with the government's new "Claims Management Portal" for CLJA administrative claims (the "Claims Portal"). The Parties are engaged in discussions to improve the Claims Portal process.

Access to Housing Records

The Parties remain engaged on discussions to address access to Camp Lejeune "Occupant Housing Records" and resolve the issues raised in the May 9, 2024 status report without the need for motions practice. We remain concerned about the potential for government bueracracy standing in the way of the efficient delivery of critical data to claimants. That claimants who have filed in court have access to these vital records while those who have not filed in court are deneied that access (though willing to sign a Participation Agreement and Protective Order subjecting them to the Court's jurisdiction) make little logical sense, incentivizes unnecessary court filings and only serves to slow this case and its eventual resolution.

Pretrial Conference on Discovery

On March 7, 2024, the PLG filed a Notice of Filing of the PLG's Proposed Track 2 Scheduling Order (the "Notice"). [D.E. 155]. In that Notice, the PLG requested a Fed. R. Civ. P. 16 pretrial conference for purposes of discussing procedures that would significantly reduce the scope and expense of discovery and trials and thereby speed up this litigation and promote a global resolution.

The PLG has dedicated substantial time and resources to the discovery process, including both paper discovery and depositions. The PLG believes that discovery is progressing at a reasonable pace and that the Parties will be able to meet all deadlines set forth in Case Management Order No. 2.

**United States' Position:**

The United States continues to provide rolling productions of documents in response to Plaintiffs' discovery requests, and is producing documents to Plaintiffs on a daily basis. To date, in response to these discovery requests, the United States has produced more than 1.2 million files, totaling almost 18 million pages of records. The United States is working diligently to produce all responsive, non-privileged documents prior to the close of fact discovery.

ATSDR Water Modeling Project Files

The United States has completed its production of nearly all of the ATSDR water modeling project files, with less than 400 files withheld for privilege review. Following such review, the remaining water modeling project files will be produced or identified in accordance with the ESI Protocol (CMO 8), ¶ 6.

ATSDR Health Effects Project Files

The United States continues to work with ATSDR to produce documents from the Health Effects Studies Project Files, anticipating its next production within the next week. The United States is producing documents that are neither privileged nor contractually or statutorily protected on a rolling basis.

National Academy of Sciences Discovery

The United States understands that on May 8, 2024, the National Academy of Sciences ("NAS") filed in the United States District Court for the District of Columbia a motion to quash or modify PLG's subpoena, or in the alternative for a protective order. The United States also understands that additional motion practice has taken place regarding this subpoena. The United States has not coordinated with the NAS counsel with respect to the NAS's responses to PLG's discovery requests, other than to request copies of documents produced. On June 10, 2024, the

United States took the deposition of Dr. David Savitz, the chairman of the NAS Committee on Contaminated Drinking Water at Camp Lejeune. That deposition remains open, and the deposition of Susan Martel, the project manager for that committee's work, will be rescheduled upon resolution of the subpoena issue.

Depositions for Track 1 Discovery Plaintiffs

As of June 20, 2024, the United States has requested dates for 100 depositions of Track 1 Discovery Plaintiffs, scheduled and taken 100 of those depositions. The United States has also requested 361 fact witness and treating physician depositions, has taken 249 of those depositions, and has scheduled future deposition dates for 7 of those requests. Upon selection of the Track 1 Trial Plaintiffs, the United States will cancel depositions relevant to those plaintiffs not selected, and focus on completing discovery for the the twenty-five selected plaintiffs.

Access to Defense Manpower Data Center Data

Plaintiffs continue to reference a collection of Camp Lejeune "Occupant Housing Records" in their statement, to which the United States again reasserts its belief that Plaintiffs are actually referring to certain non-housing datasets provided by the Defense Manpower Data Center ("DMDC") that were produced as confidential under the Protective Order in this litigation, and for purposes of this litigation only. Notwithstanding the United States' concerns noted in the June 5, 2024 status report, the Parties have finalized a proposed Amended Stipulated Protective Order for filing that would allow claimants' counsel to use Defense Manpower Data Center ("DMDC") datasets (specifically, CLJA_ATSDRSUPP-0000000105, CLJA_ATSDRSUPP-0000000106, CLJA_ATSDRSUPP-0000000107, CLJA_ATSDRSUPP-0000000108, and CLJA_ATSDRSUPP-0000000110) outside this litigation.

6

Discovery Relevant to Economic Damages

The parties continue to discuss the scope of PLG's obligation to respond to the United States' requests for discovery for information related to plaintiffs' economic damages claims. PLG proposed providing a fact sheet for each of the twenty-five Track 1 Trial Plaintiffs. The United States agreed to review a proposed fact sheet but reserved its right to seek individual discovery responses regarding the Trial Plaintiffs' alleged economic damages.

Pretrial Conference

On May 8, 2024, the United States filed its response to PLG's proposed topics for a Rule 16 conference, explaining why it would be premature to resolve many of the issues at this time, as well as inconsistent with the procedures established in Case Management Order 2. Under Case Management Order 12, expert discovery is stayed "pending entry of an order establishing the order in which the Track 1 Trial Plaintiffs trial will proceed (the "Trial Order")." Case Management Order 12 also states that upon entry of the Trial Order, the parties will confer with the Court to confirm the start of the expert discovery period for each Track 1 Trial Plaintiff. The United States submits that establishing an order for Track 1 trials and the schedules for expert discovery is the most appropriate subject for a pretrial conference at this time.

**(5) Update on individual and global settlement efforts:**

The Parties' respective perspectives on the resolution process, including both individual and global, appear below.

**The PLG's Position:**

Many of the PLG's concerns regarding the settlement process noted in the May 9, 2024 status report remain. The PLG is hopeful that the appointment of a settlement master will help the Parties make progress towards resolution and push this matter forward.

**United States' Position:**

The United States continues to make progress in settling cases where the Agency for Toxic Substances Disease Registry has identified evidence that diseases may be related to chemicals in the Camp Lejeune water. As of June 18, 2024, the Torts Branch has determined that seventy-nine (79) cases in litigation meet the Elective Option ("EO") criteria through documentary verification. The case breakdown by injury includes: 21 Bladder Cancer, 21 Kidney Cancer, 13 non-Hodgkin's Lymphoma, 6 Kidney Disease, 6 Parkinson's Disease, 9 Leukemia and 3 Multiple Myeloma. Thirty-five (35) offers have been accepted by plaintiffs on 11 cases of Bladder Cancer (five offers of $150,000; five offers of $300,000; one offer of $450,000), 5 cases of Kidney Disease (End Stage Renal Disease) (two offers of $100,000; three offers of $250,000), 9 cases of Kidney Cancer (two offers of $150,000; seven offers of $300,000), 5 cases of non-Hodgkin's Lymphoma (two offers of $150,000; three offers of $300,000), 1 case of Multiple Myeloma ($250,000), 2 cases of Parkinson's Disease ($400,000; $100,000) and 2 cases of Leukemia ($300,000; $300,000). Nine (9) offers were rejected by plaintiffs, including 4 cases of Bladder Cancer, 2 cases of Kidney Cancer, 1 case of Multiple Myeloma, 1 case of Kidney Disease, and 1 case of Parkinson's Disease. Twenty (20) offers have expired, including 7 cases of Kidney Cancer, 7 cases of non-Hodgkin's Lymphoma, 2 cases of Bladder Cancer, 3 cases of Leukemia and one case of Parkinson's Disease. The other fifteen (15) settlement offers are pending.

Further, the DOJ has approved offers for one hundred-nine (109) claimants in reliance on information provided by the Navy. Thirty-seven (37) settlement offers have been accepted. Three (3) offers have been rejected. Twenty-three (23) offers have expired, and forty-six (46) offers are pending.

Payments have been sent for thirty-three (33) accepted settlements offers made by the Navy and twenty-six (26) accepted settlement offers from DOJ, totaling $14,700,000. Sixteen cases of Bladder Cancer resulted in total payments of $4,050,000. Eight cases of Leukemia resulted in total payments of $2,100,000. Eight cases of non-Hodgkin's Lymphoma resulted in total payments of $1,950,000. Five cases of Parkinson's Disease resulted total payments of $1,100,000. Fifteen cases of Kidney Cancer resulted total payments of $4,200,000. Six cases of Kidney Disease resulted in total payments of $1,050,000. One case of Multiple Myeloma resulted in a payment of $250,000.

**(6) Any other issues that the parties wish to raise with the Court:**

The following motions are presently pending before the Court:

(a)  the PLG's request for a Rule 16 conference [D.E. 155];

(b)  the Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156];

(c)  the United States' Motion for Reconsideration of Case Management Order No. 10 Regarding Opt-Out Provision [D.E. 169];

(d)  the PLG's Motion for Partial Summary Judgment on CLJA Legal Representative Procedure [D.E. 184];

*[Signatures follow on next page]*

DATED this 20th day of June, 2024.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs
and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail:  adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*