IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | ORDER |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

This matter is before the court *sua sponte* regarding certain pretrial issues in the Camp Lejeune Water Litigation.[1] *See* Fed. R. Civ. P. 1, 16(c)(2)(L), 42(a)(3); CLJA, Pub. L. No. 117-168, § 804, 136 Stat. 1759, 1802–04.

The court is phasing this litigation into separate "Tracks." [DE-23] 8 (Case Management Order No. 2 or "CMO 2"). Each Track includes several different illnesses and proceeds on its own pretrial timeline. The "Track 1 Illnesses" are (1) bladder cancer, (2) kidney cancer, (3) leukemia, (4) Parkinson's disease, and (5) non-Hodgkin's Lymphoma. *Id.* XI.A; *see also* [DE-232].

Before Track 1 Trials commence, the court will resolve two threshold issues: (1) toxic chemical exposure from the water at Camp Lejeune and (2) general causation for the Track 1 Illnesses. As the court recently observed, "this case is about water[.]" [DE-207] 9:8–11. Moreover, "individuals pursuing actions under the [CLJA] bear the burden of demonstrating their harm was caused by exposure, necessitating they establish both general and specific causation." [DE-227] 1. Plaintiffs must present sufficient proof to conclude that exposure to the water at Camp Lejeune can cause a particular type of harm, e.g., a Track 1 Illness. *Id.* at 4 (citing *Nix v. Chemours Co.*, No. 7:17-CV-189, 2023 WL 6471690, at *8 (E.D.N.C. Oct. 4, 2023) (unpublished)); Fed. R.

---

[1] The court has discussed in prior orders its inherent powers and those in the Federal Rule to efficiently manage its docket. *See* [DE-116] 3; [DE-146] 3.

Evid. 702.

First, Plaintiffs must establish the alleged chemicals in the water at Camp Lejeune from 1953 to 1987. *See* CLJA § 804(b). For example, what were the levels of benzene, TCE, PCE, and vinyl chloride present at the Hadnot Point, Holcomb Boulevard, and Tarawa Terrace water distribution systems in 1977? Defendant will not stipulate to such facts. Thus, Plaintiffs must prove them. *Cf.* [DE-207] 7:18–8:5; *see also* [DE-50] 1–2. The court must understand the chemicals in the water at Camp Lejeune during the operative period.

Second, Plaintiffs must satisfy their general causation burden for each Track 1 Illness. Restated, Plaintiffs must prove a "causal relationship" between exposure to the chemicals in the water at Camp Lejeune and each Track 1 Illness generally. CLJA § 804(c)(2); *see* [DE-227] 4–8.

To resolve these issues, the court will order an expedited period of expert discovery limited to those Track 1 issues followed by *Daubert* and dispositive motion briefing, if necessary. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591–95 (1993).

ACCORDINGLY, IT IS SO ORDERED THAT:

A. The parties shall meet and confer regarding resolution of these Track 1 issues; and

B. Not later than July 12, 2024, the parties shall jointly submit a proposed pretrial schedule for these Track 1 issues, including timelines for limited expert discovery as well as *Daubert* and dispositive motion briefing.

SO ORDERED. This 28 day of June, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge