IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | |
|---|---|
| In re ) | |
| Camp Lejeune Water Litigation ) | SETTLEMENT MASTER AND |
| ) | SETTLEMENT LIAISON |
| This document applies to: ) | APPOINTMENT ORDER |
| ALL CASES ) | (CASE MANAGEMENT ORDER NO. 14) |

This Court earlier requested that the Plaintiffs, through the Plaintiffs' Leadership Group ("PLG"), and Defendant United States of America ("Defendant") (Plaintiffs and Defendant are referred to collectively as the "Parties" and individually as a "Party") submit "names of individuals to be considered for . . . appointment" as Settlement Master in this litigation. Text Ord. (Dec. 11, 2023). In a status report filed on January 16, 2024, the Parties jointly recommended that the Court appoint Thomas J. Perrelli of Jenner & Block, LLP. [D.E. 113] 7. The Court itself identified as a candidate Christopher G. Oprison of DLA Piper. Nonetheless, following up on its request to the Parties for multiple nominees, the Court directed the Parties to provide the names of three additional candidates. Status Conf. [D.E. 166] 10:4-15 (Apr. 2, 2024). The Parties submitted additional candidates for consideration by email on April 25, 2024. The Court interviewed Mr. Perrelli, Mr. Oprison, and another candidate on June 21, 2024.

The Court has determined after careful consideration that at this time settlement of this litigation would best be served by appointment of both Mr. Perrelli and Mr. Oprison as Settlement Masters. They have advised the Court that they agree to serve jointly. Mr. Perrelli and Mr. Oprison are therefore appointed as Settlement Masters pursuant to Fed. R. Civ. P. 16(a)(5); 16(c)(2)(H); and 53. The appointment is conditioned on the PLG and the Defendant entering into contracts for the payment of Mr. Perrelli and Mr. Oprison as Settlement Masters, and each Mr. Perrelli and Mr. Oprison filing the affidavit required by Fed. R. Civ. P. 53(b)(3)(A), stating that there are no grounds

for disqualification under 28 U.S.C. § 455.

The court has also determined that settlement would be furthered by appointing Magistrate Judge James E. Gates (who is not encompassed in the term "Court") as Settlement Liaison to work with Mr. Perrelli and Mr. Oprison. He is therefore appointed as Settlement Liaison. Fed. R. Civ. P. 16(a)(5); 16(c)(2)(H).

## I. Settlement Masters' Duties.

Pursuant to Fed. R. Civ. P. 53(a)(1)(A), the Settlement Masters (which term includes Mr. Perrelli and Mr. Oprison individually and collectively) shall assist with facilitating discussions directly related to the Parties' establishing a settlement structure for Camp Lejeune Justice Act ("CLJA") cases. *See* CLJA, Pub. L. No. 117-168, § 804, 136 Stat. 1759, 1802–04. They may take all appropriate measures to perform their duties fairly and efficiently. They must not act as an advocate, representative, fiduciary, or counsel for any Party and have no formal coercive authority to compel the making of any agreement or the granting of any concession. The Settlement Masters, in consultation with the Defendant, Plaintiffs' Government Liaison, and the Settlement Liaison, have the authority to schedule at their discretion any settlement discussions between the Parties and to choose where and how the discussions are to take place. The Settlement Masters shall "proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2).

The Settlement Masters' authority is limited to facilitating settlement discussions. They shall not adjudicate, or assist the Court with adjudicating, any issues in this litigation.

The Settlement Masters shall carry out their duties in consultation and cooperation with each other and the Settlement Liaison. Specifically, the Settlement Masters shall work with each other and the Settlement Liaison as a team in developing and executing a common, unified approach to global settlement of this litigation, including keeping the Settlement Liaison apprised of the status of settlement proceedings. If there is a disagreement between the Settlement Masters over settlement

2

proceedings that they cannot resolve themselves, they shall apprise the Settlement Liaison of the disagreement and he shall resolve it. Should the Parties request the Settlement Masters to perform any duties pursuant to Fed. R. Civ. P. 53 (a)(1)(B) or (a)(1)(C), the Parties may seek amendment of this Order. Fed. R. Civ. P. 53(b)(4).

The Settlement Masters may obtain the assistance of others at their respective firms. However, their appointments are of a personal nature. Each is personally responsible for the performance of his duties. No other persons, including attorneys at the Settlement Masters' respective firms, may substitute for a Settlement Master in the fulfillment of his duties as Settlement Master.

## II. Settlement Masters' Record.

The Court may periodically request formal reports or recommendations from the Settlement Masters regarding any matter. If the Court makes such a request, the Settlement Masters shall promptly submit to the Court under seal any reports or recommendations and serve a copy on each Party, unless the Court orders otherwise.

## III. Confidential Settlement Information; Communications with the Parties and the Court.

The Settlement Masters, the Defendant, and the PLG shall treat as confidential information ("Confidential Settlement Information") the contents of any written settlement statements or other settlement-related communications, and any occurrences, positions taken, or views expressed in connection with any settlement conference or discussion. To the extent any other persons participate in settlement-related communications and conferences, they too shall treat the above as Confidential Settlement Information. Confidential Settlement Information shall not be:

(a) Disclosed to anyone not involved in the settlement discussions;

(b) Disclosed to the Court; or

(c) Used for any purpose, including impeachment, in any pending or future proceedings.

3

To facilitate settlement discussions, the Settlement Masters may have *ex parte* communications with the Defendant and the PLG. If either the Defendant or the PLG requests that the Settlement Masters not share any of the contents of an *ex parte* communication with the other Party and/or the Court, the Settlement Masters shall not disclose the contents of the *ex parte* communication, as requested by the relevant Party.

Notwithstanding paragraph (b) above, upon the agreement of all relevant Parties, the Settlement Masters may communicate Confidential Settlement Information to the Court without violating this Order or the rules governing confidentiality of settlement discussions. The Settlement Masters shall, at the Court's direction, communicate with the Court regarding matters such as procedural and logistical issues, the nature of the Settlement Masters' activities, and general updates on the progress of settlement communications.

The Settlement Masters may also communicate with third parties (*i.e.*, those who are not Defendant, the PLG, or the Court) when the communication is pre-authorized in writing by both Defendant and Plaintiffs' Government Liaison.

### IV. Compensation of the Settlement Masters.

The PLG and the Defendant shall jointly and promptly compensate the Settlement Masters and any personnel working under their direction at their normal and customary hourly rates via the Prompt Payment Act. *See* 5 C.F.R. § 1315.1 *et seq.* The Settlement Masters shall maintain billing records with general descriptions of the activities undertaken. The Settlement Masters may incur reasonably necessary fees, costs, and expenses at reasonable amounts to fully fulfill their duties. The PLG and the Defendant shall jointly reimburse the Settlement Masters for such fees, costs, and expenses. Reasonably necessary costs and expenses may consist of, but are not limited to, the engagement of additional necessary personnel, including any outside experts. However, the Settlement Masters shall obtain the prior written approval of Defendant and Plaintiffs' Government

4

Liaison before the engagement of personnel outside of their respective firms. The PLG shall pay 50% of the incurred fees, costs, and expenses, and the Defendant shall pay 50% of such fees, costs, and expenses. Any disputes regarding compensation, costs, and expenses, or the allocation of payment of such fees, costs, and expenses among the Parties, shall be brought to the Court's attention.

## V.   Settlement Liaison's Duties.

The duties of the Settlement Liaison are to assist the Settlement Masters in carrying out their duties and to keep the Court apprised of the status of settlement proceedings, subject to the restrictions on Confidential Settlement Information. The activities of the Settlement Liaison in furtherance of his duties may include, without limitation, conferring *ex parte* with the Settlement Masters regarding settlement proceedings, participating in meetings with counsel regarding settlement, attending settlement sessions presided over by the Settlement Masters, holding status conferences with the Settlement Masters on a weekly or other regular basis, and issuing orders to facilitate settlement proceedings. The Settlement Liaison retains his authority as a Magistrate Judge to issue directives to the Settlement Masters and the Parties if and when appropriate to carry out his duties as Settlement Liaison, including, as provided in Section I above, resolving disputes between the Settlement Masters.

## VI.   Other Matters.

### 1.   Notice.

"Before appointing a master, the court must give the parties notice and an opportunity to be heard. Any party may suggest candidates for appointment." Fed. R. Civ. P. 53(b)(1). The Court asked the PLG and the Defendant to recommend individuals for consideration for appointment as Settlement Master, as explained above. No Party filed an objection to the appointment of Mr. Perrelli or Mr. Oprison.

## 2. Data Security.

To the extent the Settlement Masters and their associates need to access Department of Justice data, the Settlement Masters shall use equipment provided by the Department of Justice to ensure secure access. The Settlement Masters shall follow the standard Department of Justice rules of behavior for this equipment.

## 3. Term.

The Settlement Masters' appointment is for an initial term of one year, but may be extended by agreement of the Parties and further order of the Court. In the event that a Settlement Master's appointment is terminated, confidentiality obligations shall continue and remain binding on the Parties, and the Parties shall remain liable for payment of the Settlement Master's fees, expenses, and costs.

## 4. Discovery.

The Parties may not attempt to compel testimony or discovery in a civil proceeding, including depositions or document discovery, from the Settlement Masters or any personnel working under their direction at any time during or after the litigation, regarding services provided as Settlement Masters in this litigation. In the unlikely event a Settlement Master is called to testify at a hearing, trial or deposition, or to produce documents, in any civil proceeding regarding services provided as a Settlement Master in this litigation, the fees and costs associated with the testimony or document production shall be payable by the Parties.

SO ORDERED this  9th  day of July, 2024.

_____
RICHARD E. MYERS II
Chief United States District Judge

_____
LOUISE W. FLANAGAN
United States District Judge

_____
TERRENCE W. BOYLE
United States District Judge

_____
JAMES C. DEVER III
United States District Judge

7

Case 7:23-cv-00897-RJ   Document 251   Filed 07/09/24   Page 7 of 7