IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to July 5, 2024, 1,851 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Twenty-five cases have been dismissed; twenty-one of those were voluntary dismissals and the four others were pro se cases. The cases are divided as follows: Judge Dever – 471 cases; Judge Myers – 465 cases; Judge Boyle – 439 cases; and Judge Flanagan – 476 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 285,484 administrative claims on file with the Department of Navy ("Navy"). The Navy completed automated ingestion efforts and is currently focused on completing final manual data entry and QA/QC of remaining hardcopy and emailed claims. As claims are entered and reviewed for accuracy by Navy personnel, claims are made available to filers in the Navy's CLJA Claims Management Portal ("portal"). Once the final tranche of claims

1

is ready for filer review, the Navy will notify law firms and work with filers to reconcile the Claims Management Portal to address discrepancies (e.g., incorrect claims data or missing claims) and duplicate/near duplicate claims in the portal.

In addition to ingestion efforts, the Navy is focused on intake and processing of CLJA claims and developing the intake and presentment review process to ensure the Navy is positioned to complete that review as quickly as possible. Since the portal was opened to the public, all new incoming claims are received through the portal resulting in a higher level of claim data quality and enhanced communication between filers and the Navy. The Navy continues to review feedback from filers on the filing experience and is working with its contractors to resolve a large volume of filing and user interface issues and enhancement requests. Enhancements and fixes are implemented as quickly as possible to facilitate the filing process where feasible.

Of all substantiated CLJA claims received to date, the Navy identified 137 CLJA claims that may be eligible for a settlement offer. The Navy was able to extend 109 settlement offers to date. 59 of those offers resulted in CLJA administrative claim settlement.

**(3) An update on stipulations entered into between the Parties since the last status conference**

The Parties have begun the meet and confer process set forth in the June 28, 2024 Order [D.E. 247] to resolve two threshold issues: (1) toxic chemical exposure from the water at Camp Lejeune and (2) general causation for the Track Illnesses. The Parties have set additional dates for further conferences to provide the Court, not later than July 12, 2024, a proposed pretrial schedule for these Track 1 issues, including timelines for limited expert discovery as well as Daubert and dispositive motion briefing. Additionally, the Parties continue to evaluate and discuss potential stipulations for purposes of promoting the efficiency of discovery and trials in this matter.

**(4) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter, and the PLG is committed to taking all actions necessary to meet the deadlines set forth in the Court's various scheduling orders. The PLG believes that the discovery process is on pace to meet all applicable deadlines.

The recent Order entered by the Court on June 28, 2024, calls into sharp relief a critical timing concern the PLG has voiced before: the Defendant's position to provide all responses to the PLG's propounded discovery by the end of fact discovery stymies the PLG's ability to efficiently process any provided material and distill it into actionable information for purposes of the litigation. The need to efficiently and expeditiously establish toxicity matters related to the water and general causation, as set forth in the Court's order, is hampered by the pace with which such related materials are provided by the Defendant. While the PLG continues to engage with the Defendant on these matters, the PLG is compelled to state its concerns again.

In addition to the general concerns above, what follows is a brief description of some recent discovery issues.

<u>Subpoena of the National Academy of Sciences</u>

The National Academy of Sciences ("NAS") is a private, nonprofit institution established for purposes of providing expert advice to the nation on scientific issues. The National Research Council ("NRC") is a research committee of the NAS. The Navy sponsored a study by the NRC concerning associations between adverse health effects and the contaminated water at Camp

3

Lejeune (the "NRC 2009 Report"). The PLG has issued and properly served a Subpoena upon the NAS requiring production of the NRC 2009 Report and related documents. As a basis for withholding documents, the NAS cited to certain dubious privileges that have never been recognized by this Court. The PLG has filed a motion to compel compliance with the referenced Subpoena in the District Court for the District of Columbia, as well as a motion to transfer the matter to the Eastern District of North Carolina. The dispute is fully briefed in the District Court for the District of Columbia.

Access to Certain Datasets

On June 22, 2024, the Parties filed a Joint Motion to Amend Stipulated Protective Order for purposes of facilitating access to certain Defense Manpower Data Center data for PLG-affiliated counsel who represent claimants in the administrative process only ("outside counsel"). (D.E. 244). The Court granted that Joint Motion and entered Case Management Order No. 13 on June 26, 2024. (D.E. 245). Subsequently, the Parties began discussing access by outside counsel to additional datasets, including a health dataset maintained by the ATSDR. The Parties conducted meet-and-confer conferences about these additional datasets on June 25 and 27, 2024. The PLG's understanding is that the Department of Justice is engaged in conversations with the ATSDR about whether outside counsel can be permitted access to these additional datasets. This access to additional datasets by outside counsel may require the Parties to request an additional amendment to the Stipulated Protective Order.

Discovery Relevant to Economic Damages

The Parties are engaged in discussions about practical means of providing discoverable information to the government about the economic damages alleged by Track 1 Trial Plaintiffs. The PLG recently proposed a fact sheet intended to facilitate the process of providing discoverable

4

information about economic damages, and the Parties are otherwise engaged in discussions about this issue. The Parties' discussions have been constructive, and the PLG is confident that the Parties will achieve agreement concerning a means for Track 1 Trial Plaintiffs to efficiently provide discoverable information about economic damages.

**United States' Position:**

The United States continues to provide rolling productions of documents in response to Plaintiffs' discovery requests, and is producing documents to Plaintiffs on a daily basis. To date, in response to these discovery requests, the United States has produced almost 1.5 million files, totaling almost 18.5 million pages of records. The United States is working diligently to produce all responsive, non-privileged documents prior to the close of fact discovery.

The United States notes that Plaintiffs have continued to issue expansive Requests for Production since the fact discovery deadline was extended. While the United States is using all good faith efforts to respond to these Requests as expeditiously as possible, it should be noted that Plaintiffs are seeking production of extremely broad categories of documents – some with minimal if any relevance to the causation issues pending before the Court – very close to the end of fact discovery. This is diverting limited time and resources from completing prior discovery productions and obligations. Nevertheless, the United States is trying to complete all outstanding productions as quickly as possible.

ATSDR Water Modeling Project Files

The United States has completed its production of nearly all of the ATSDR water modeling project files, with fewer than 400 non-technical, non-exotic files withheld for privilege review. Following such review, the remaining water modeling project files will be produced or identified in accordance with the ESI Protocol (CMO 8), ¶ 6.

ATSDR Health Effects Studies Project Files

The United States continues to work with ATSDR to produce documents from the Health Effects Studies Project Files. The vast majority of documents have been produced at this point. The United States will finish its production of documents that are neither privileged nor contractually or statutorily protected as soon as possible. Following the review of potentially privileged materials, the remaining health effects studies project files will be produced or identified in accordance with the ESI Protocol (CMO 8), ¶ 6.

National Academy of Sciences Discovery

The United States understands that on May 8, 2024, the National Academy of Sciences ("NAS") filed in the United States District Court for the District of Columbia a motion to quash or modify PLG's subpoena, or in the alternative, for a protective order. The United States also understands that additional motion practice has taken place regarding this subpoena. The United States has not coordinated with the NAS counsel with respect to the NAS's responses to PLG's discovery requests, other than to request copies of documents produced. On June 10, 2024, the United States took the deposition of Dr. David Savitz, the chairman of the NAS Committee on Contaminated Drinking Water at Camp Lejeune. That deposition remains open, and the deposition of Susan Martel, the project manager for that committee's work, will be rescheduled upon resolution of the subpoena issue.

Depositions for Track 1 Discovery Plaintiffs

As of July 9, 2024, the United States has requested dates for 100 depositions of Track 1 Discovery Plaintiffs, scheduled and taken 100 of those depositions. The United States has also requested 390 fact witness and treating physician depositions, has taken 255 of those depositions, and has scheduled future deposition dates for 7 of those requests. The United States has canceled

depositions relevant to those plaintiffs not selected as Trial Plaintiffs, and is focused on completing discovery for the twenty-five selected Trial Plaintiffs.

Access to Defense Manpower Data Center Data

Notwithstanding the United States' concerns noted in the June 5, 2024, status report, the Parties submitted, and the Court entered, an Amended Stipulated Protective Order that will allow claimants' counsel to use DMDC datasets (specifically, CLJA_ATSDRSUPP-0000000105, CLJA_ATSDRSUPP-0000000106, CLJA_ATSDRSUPP-0000000107, CLJA_ATSDRSUPP-0000000108, and CLJA_ATSDRSUPP-0000000110) outside this litigation. The United States has also agreed to further amend the Protective Order to include Housing Card data from the United States Marine Corps.

Plaintiffs recently requested that claimants' counsel also be permitted to use a dataset from ATSDR that includes the results of surveys sent to approximately 70,000 people. The United States questions the extent to which this data can be used for purposes substantiating claims, but is determining whether such data can be used by claimants' counsel through a further amendment of the Protective Order given ATSDR's obligations under Privacy Act and assurances provided to survey participants.

Discovery Relevant to Economic Damages

The parties have met and conferred to discuss the scope of PLG's obligation to respond to the United States' requests for discovery for information related to plaintiffs' economic damages claims. PLG proposed providing a fact sheet for each of the twenty-five Track 1 Trial Plaintiffs in lieu of responding to the United States' formal requests. The United States agreed to review a proposed fact sheet but reserved its right to seek individual discovery responses regarding the Track 1 Trial Plaintiffs' alleged economic damages. PLG has provided a draft fact sheet and the

7

United States has agreed in principle to the use of the fact sheet. The parties are currently working on an initial draft of the fact sheet and are close to finalizing but have yet to do so. The United States has reserved its right to object to the fact sheet responses in the same manner it would be permitted to object to responses and objects to its original written discovery requests.

**(5) Update on individual and global settlement efforts:**

The Parties' respective perspectives on the resolution process, including both individual and global, appear below.

**The PLG's Position:**

Many of the PLG's concerns regarding the settlement process noted in the May 9, 2024 Joint Status Report remain. The PLG is hopeful that the appointment of a settlement master will help the Parties make progress towards resolution and push this matter forward.

**United States' Position:**

As of July 9, 2024, the Torts Branch has determined that ninety-three (93) cases in litigation meet the Elective Option ("EO") criteria through documentary verification. The case breakdown by injury includes: 24 Bladder Cancer, 24 Kidney Cancer, 17 non-Hodgkin's Lymphoma, 6 Kidney Disease, 7 Parkinson's Disease, 11 Leukemia and 4 Multiple Myeloma.

Thirty-seven (37) offers have been accepted by plaintiffs on 11 cases of Bladder Cancer (five offers of $150,000; five offers of $300,000; one offer of $450,000), 5 cases of Kidney Disease (End Stage Renal Disease) (two offers of $100,000; three offers of $250,000), 9 cases of Kidney Cancer (two offers of $150,000; seven offers of $300,000), 5 cases of non-Hodgkin's Lymphoma (two offers of $150,000; three offers of $300,000), 1 case of Multiple Myeloma ($250,000), 3 cases of Parkinson's Disease ($400,000; $100,000; $250,000) and 3 cases of Leukemia (2 offers of $300,000; 1 offer of $150,000). Nine (9) offers were rejected by plaintiffs, including 4 cases of

Bladder Cancer, 2 cases of Kidney Cancer, 1 case of Multiple Myeloma, 1 case of Kidney Disease, and 1 case of Parkinson's Disease. Twenty-one (21) offers have expired, including 8 cases of Kidney Cancer, 7 cases of non-Hodgkin's Lymphoma, 2 cases of Bladder Cancer, 3 cases of Leukemia and 1 case of Parkinson's Disease. The other twenty-six (26) settlement offers are pending.

Further, the DOJ has approved offers for one hundred-eleven (111) claimants in reliance on information provided by the Navy. Of these, 58 offers were accepted, 3 were rejected, 24 have expired, and 26 are pending.

Payments have been sent for forty-five (45) accepted settlements offers made by the Navy and thirty-six (36) accepted settlement offers from DOJ. Payments for accepted settlements total $20,000,000. Twenty- three cases of Bladder Cancer resulted in total payments of $5,700,000. Twelve cases of Leukemia resulted in total payments of $3,000,000. Ten cases of non-Hodgkin's Lymphoma resulted in total payments of $2,400,000. Seven cases of Parkinson's Disease resulted total payments of $1,600,000. Twenty-two cases of Kidney Cancer resulted total payments of $6,000,000. Six cases of Kidney Disease resulted in total payments of $1,050,000. One case of Multiple Myeloma resulted in a payment of $250,000.

**(6) Any other issues that the parties wish to raise with the Court:**

The following motions are presently pending before the Court:

(a) the PLG's request for a Rule 16 conference [D.E. 155];

(b) the Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156];

(c) the United States' Motion for Reconsideration of Case Management Order No. 10 Regarding Opt-Out Provision [D.E. 169]; and

(d) the PLG's Motion for Partial Summary Judgment on CLJA Legal Representative Procedure [D.E. 184].

*[Signatures follow on next page]*

DATED this 9th day of July, 2024.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs*
*and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*