IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | **ORDER** |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ALL CASES ) | |

On December 26, 2023, the United States of America ("United States" or "defendant") moved to amend Case Management Order No. 2 to (1) require every plaintiff to file a short form complaint, (2) remove the opt-out provision for Track 2 and future track plaintiffs, (3) extend Track 1 fact discovery by 90 days, and (4) require all discovery plaintiffs to notify the United States promptly if the plaintiff has or will undergo any expert examination. See [D.E. 95] 1. On January 16, 2024, the Plaintiffs' Leadership Group ("PLG") responded in opposition [D.E. 114]. On January 30, 2024, the United States replied [D.E. 129]. On February 26, 2024, this court issued Case Management Order No. 10 [D.E. 146], granting in part and denying in part the United States' motion. The court (1) required every plaintiff to file a short form complaint, (2) declined to strike the opt-out provision for Track 2 and future track plaintiffs, (3) declined to extend Track 1 fact discovery, and (4) deferred ruling on the expert issue. See [D.E. 146] 6–7.

On April 17, 2024, the United States moved for reconsideration concerning the court's decision to decline to strike the opt-out provision in Case Management Order No. 10 [D.E. 169]. On May 6, 2024, the PLG responded in opposition [D.E. 197]. As explained below, court denies the United States' motion for reconsideration.

I.

The United States cites "two pieces of new information" warranting the court's reconsideration of the opt-out provision in Case Management Order No. 10: (1) following the entry of that order on February 26, 2024, the PLG opted-out 703 eligible cases (i.e., about 66% of "available cases") from Track 2, despite telling the court on January 16, 2024, that the PLG did not anticipate further use of the opt-out provision, and (2) the PLG inconsistently uses the opt-out provision concerning plaintiffs who are medically unable to participate in discovery or trial. [D.E. 169] 3–6.

As for opting-out approximately 66% of eligible Track 2 cases, the United States argues that the pool in Track 2 is no longer "a representative sample." Id. at 5. Furthermore, the United States argues that due process concerns do not warrant the opt-outs because plaintiffs voluntarily filed lawsuits, and the court can direct mass tort litigation through its inherent powers. See id. at 5–6.

The PLG responds that (1) an increase in filed short form complaints creates a larger pool, (2) there are still 244 cases to choose from in Track 2, (3) the Track 2 discovery pool remains open to new plaintiffs, and (4) the current pool in Track 2 provides a representative sample. See [D.E. 197] 2–4. In support of its fourth argument, the PLG asserts that the United States has provided no evidence to support its position. See id. at 4.

The United States replies that the parties have (1) agreed to accommodate ill plaintiffs by agreeing not to call such a plaintiff as a trial witness and instead having such witnesses only answer interrogatories and (2) used text-to-speech software for a deposition and interrogatories for another plaintiff. See [D.E. 169] 6. Moreover, the United States argues the parties could accommodate all

2

plaintiffs; therefore, the opt-out provision is not necessary. See id. Alternatively, the United States suggests that the court could permit opt-outs upon the PLG showing good cause. See id.

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." Am. Canoe Ass'n, 326 F.3d at 514–15. The standard for reconsidering a non-final order is less demanding than the standard for reconsidering a final judgment. See, e.g., Carlson, 856 F.3d at 325. A court may revise an interlocutory order if substantially new facts come to light, if the applicable law changes, or if the court determines it made a clear error resulting in a manifest injustice. See id.; Valencell, Inc. v. Apple Inc., No. 5:16-CV-1, 2017 WL 2819768, at *1 (E.D.N.C. June 28, 2017) (unpublished).

The United States has not proven that the court should reconsider Case Management Order No. 10. The court cannot determine whether the reduced Track 2 pool is representative or not. If the pool is not, then the trials will not help the parties reach a global resolution, and the court will have to hold more trials. The court declines to try to control that possible scenario. Rather, if needed, the court can address the prospect of holding numerous trials in non-representative cases in others ways, such as changing the PLG.

3

The United States also fails to show a plaintiff who opted-out because the parties refused to provide accommodations. The United States also fails to show that substantially new facts warrant changing Case Management Order No. 10. Finally, the court finds that it did not make a clear error when exercising its inherent powers in Case Management Order No. 10. See Fed. R. Civ. P. 1, 16(c)(2)(L), 42(a); Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962).

II.

In sum, the court DENIES defendant's motion for reconsideration [D.E. 169].

SO ORDERED. This 17 day of July, 2024.

RICHARD E. MYERS II
Chief United States District Judge

TERRENCE W. BOYLE
United States District Judge

LOUISE W. FLANAGAN
United States District Judge

JAMES C. DEVER III
United States District Judge