IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **UNITED STATES' NOTICE OF FILING** |
| | ) | **OF REVISED PROPOSED PRETRIAL** |
| This Document Relates To: | ) | **SCHEDULING ORDER FOR CERTAIN** |
| ALL CASES | ) | **TRACK 1 TRIAL ISSUES** |
| | ) | |

The United States hereby submits its Revised Proposed Pretrial Scheduling Order for Certain Track 1 Trial Issues, pursuant to the Court's July 16, 2024 Order. The United States offers the following in support of its proposal:

1. On July 12, 2024, the Plaintiffs' Leadership Group ("PLG") and the United States (collectively, the "Parties"), filed a Joint Proposed Pretrial Scheduling Order. D.E. 254. The Parties' joint proposal reflected the Parties' agreement to discovery and briefing deadlines for expert discovery related to (1) water contamination and (2) general causation. The joint proposal did not address discovery for other experts, including specific causation and damages.

2. At a Status Conference held on July 16, 2024, the Court instructed the Parties to submit a revised proposal including discovery of all other experts. The Parties' met and conferred to discuss a revised proposal.

3. The United States' revised proposal retains all previously negotiated discovery and briefing deadlines; it only adds a residual expert discovery phase to address the Court's concern that expert discovery not be reopened, and makes minor stylistic changes for clarity. Like the Parties' prior joint proposal, the United States' revised proposal appropriately balances the need to fully explore common scientific issues with the need to advance cases towards trial in an efficient and expeditious manner. The United States' revised proposal does not prolong discovery

from the prior agreed joint proposal, which contemplated discovery on specific causation and damages proceeding at an appropriate time *after* discovery on water contamination and general causation had concluded. The United States' revised proposal requires discovery of specific and damages experts to begin *before* discovery on water contamination and general causation has concluded, consistent with Judge Jones' request at the July 16 status conference.

4. The PLG's proposal departs significantly from previously negotiated discovery and briefing deadlines to its unfair advantage. For example, PLG continues to propose 75 days for it to disclose experts in the water contamination phase, but shortens the United States' time to disclose responsive experts from 45 to 30 days. PLG would also impose a briefing schedule on *Daubert* and dispositive motions that is inconsistent with the Local Rule, which allows 14 days for reply briefs for non-discovery motions. *See* Local Civil Rule 7.1. Additionally, PLG proposes to disclose its specific causation and damages experts for an individual plaintiff "at any time on or before November 19, 2004," while requiring the United States to disclose its responsive experts at some uncertain date and within 30 days of PLG's disclosures for that plaintiff.

DATED this 23rd day of July, 2024.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General
                Civil Division

                J. PATRICK GLYNN
                Director, Torts Branch
                Environmental Torts Litigation Section

                BRIDGET BAILEY LIPSCOMB
                Assistant Director, Torts Branch
                Environmental Torts Litigation Section

*/s/ Adam Bain*
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*