IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | **JOINT STATUS REPORT** |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) are set forth below.

### (1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina

From February 11, 2023 to July 26, 2024, 1,895 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Twenty-seven cases have been dismissed; twenty-three of those were voluntary dismissals and the four others were pro se cases. The cases are divided as follows: Judge Dever – 492 cases; Judge Myers – 465 cases; Judge Boyle – 443 cases; and Judge Flanagan – 495 cases.

### (2) An update on the number and status of administrative claims with the Department of Navy

There are approximately 323,135 administrative claims on file with the Department of Navy ("Navy"). The Navy completed automated ingestion efforts and is currently focused on completing final manual data entry, QA/QC of remaining hardcopy and emailed claims, and identification and resolution of duplicate claims. The Navy is addressing and resolving a number of general technical and claim-specific issues identified by filers. There is a ticketing process to

1

ensure the Navy and its contractors are tracking, prioritizing, and resolving claims as quickly as resources allow.

In addition to ingestion efforts, the Navy is focused on intake and processing of CLJA claims and developing the intake and presentment review process to ensure the Navy is positioned to complete that review as quickly as possible. Since the portal was opened to the public, all new incoming claims are received through the portal resulting in a higher level of claim data quality and enhanced communication between filers and the Navy. The Navy continues to review feedback from filers on the filing experience and is working with its contractors to resolve a large volume of filing and user interface issues and enhancement requests. As stated above, enhancements and fixes are implemented as quickly as possible to facilitate the filing process where feasible.

Of all substantiated CLJA claims received to date, the Navy identified 137 CLJA claims that may be eligible for a settlement offer. The Navy was able to extend 109 settlement offers to date. 64 of those offers resulted in CLJA administrative claim settlement.

**(3) An update on stipulations entered into between the Parties since the last status conference**

As required by Case Management Order No. 2, the Parties are meeting regularly to discuss potential stipulations. (DE 23 p. 7). The Parties will continue to evaluate and discuss potential stipulations for purposes of promoting the efficiency of discovery and trials in this matter. However, the Parties have not agreed to any evidentiary stipulations since the last Status Conference on July 16, 2024.

**(4) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

2

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter, and the PLG is committed to taking all actions necessary to meet the deadlines set forth in the Court's various scheduling orders. What follows is a brief description of some recent discovery issues.

<u>Subpoena of the National Academy of Sciences</u>

The National Academy of Sciences ("NAS") is a private, nonprofit institution established for purposes of providing expert advice to the nation on scientific issues. The National Research Council ("NRC") is a research committee of the NAS. The Navy sponsored a study by the NRC concerning associations between adverse health effects and the contaminated water at Camp Lejeune (the "NRC 2009 Report"). The PLG has issued and properly served a Subpoena upon the NAS requiring production of the NRC 2009 Report and related documents. As a basis for withholding documents, the NAS cited to certain dubious privileges that have never been recognized by this Court. The PLG has filed a motion to compel compliance with the referenced Subpoena in the District Court for the District of Columbia ("USDC"), as well as a motion to transfer the matter to the Eastern District of North Carolina.

On July 10, 2022, the USDC granted the PLG's motion to transfer this discovery dispute with the NAS to the present Court. The USDC's Clerk's Office formally transferred the file materials to this Court on July 22, 2024. On August 15, 2024, the PLG is taking the deposition (with the government's consent) of Susan Martel, who was the Project Director for the NAS's referenced NRC 2009 Report. The materials sought by the PLG's motion to compel compliance with the subpoena of the NAS will be highly relevant to this deposition. Should the Court believe

3

it appropriate, the PLG is available for a hearing on this motion to compel at the Court's convenience.

Access to Certain Datasets

On June 22, 2024, the Parties filed a Joint Motion to Amend Stipulated Protective Order for purposes of facilitating access to certain Defense Manpower Data Center data for PLG-affiliated counsel who represent claimants in the administrative process only ("outside counsel"). (D.E. 244). The Court granted that Joint Motion and entered Case Management Order No. 13 on June 26, 2024. (D.E. 245). Subsequently, the Parties began discussing access by outside counsel to additional datasets, including a health dataset maintained by the ATSDR. For purpose of facilitating this access, the Parties filed a Joint Motion to Amend Stipulated Protective Order on July 23, 2024. (D.E. 263).

Discovery Relevant to Economic Damages

The Parties engaged in extensive discussions about practical means of providing discoverable information to the government about the economic damages alleged by Track 1 Trial Plaintiffs. The Parties ultimately reached an agreement about the format and means of producing this information to the government, and the PLG is presenting working with Track 1 Trial Plaintiffs to provide all information consistent with the Parties' agreement.

**United States' Position:**

The United States continues to provide rolling productions of documents in response to Plaintiffs' discovery requests, and is producing documents to Plaintiffs on a daily basis. To date, in response to these discovery requests, the United States has produced almost 2 million files, totaling over 22.6 million pages of records. The United States is working diligently to produce all responsive, non-privileged documents prior to the close of fact discovery.

National Academy of Sciences Discovery

The United States understands that on May 8, 2024, the National Academy of Sciences ("NAS") filed in the United States District Court for the District of Columbia a motion to quash or modify PLG's subpoena, or in the alternative, for a protective order, and that this motion has been transferred to this Court. The United States has not coordinated with the NAS counsel with respect to the NAS's responses to PLG's discovery requests, other than to request copies of documents produced. On June 10, 2024, the United States took the deposition of Dr. David Savitz, the chairman of the NAS Committee on Contaminated Drinking Water at Camp Lejeune. That deposition was completed on July 17, 2024. As Plaintiffs note, the deposition of Susan Martel is scheduled for August 15, 2024, and the United States believes the deposition should move forward on this date, regardless of whether there is resolution on the NAS subpoena issue at that time.

Depositions

As of July 30, 2024, the United States has completed all 100 depositions of the Track 1 Discovery Plaintiffs. Additionally, the United States has taken 271 depositions of fact witnesses, including treating physicians, and has scheduled 17 depositions to occur before the end of fact discovery.

On July 23, 2024, PLG served a Notice to Take 30(b)(6) Deposition of Defendant's Agency for Toxic Substance and Disease Registry ("ATSDR") and Rule 34(a) Request for Inspection ("Deposition Notice and Request for Inspection") related to the Cancer Incidence Study. The United States served its initial objections on July 29, 2024, and the Parties met and conferred on July 30, 2024.

The United States is determining whether Plaintiffs' requested search of one all-encompassing dataset for names of certain Plaintiffs and claimants is feasible. The United States

also confirmed that per certain language in the Data Use Agreements that ATSDR signed with individual jurisdictional cancer registries, the ATSDR must alert registries of the Deposition Notice and Request for Inspection, which may object to use of the registries in litigation given the scope of the use agreements, including any searches of data. PLG agreed to narrow the scope of the Request for Inspection, and agreed to review the noticed topics in the Notice of Deposition to determine whether any topics could also be narrowed.

The Parties agreed that the depositions of Dr. Frank Bove, who may be able to provide some of the information included in the noticed topics, and an ATSDR 30(b)(6) witness would be scheduled in September.

Discovery Relevant to Economic Damages

Between May 11 and May 14, 2024, the United States served discovery requests seeking information related to Plaintiffs' economic damages claims. The Parties met and conferred on June 20, 2024, to discuss the scope of PLG's obligation to respond to the United States' requests, and PLG proposed providing a fact sheet for each of the twenty-five Track 1 Trial Plaintiffs in lieu of responding to the United States' formal requests and agreed to provide that requested information by the end of fact discovery. The parties met and conferred again on July 5, 2024, and agreed to the use of an agreed-upon fact sheet for each of the twenty-five Track Trial Plaintiffs. To date, the United States has not received any completed fact sheets and PLG has informed the United States that they are still in the process of completing the fact sheets and will start to provide them on a rolling basis within the next week or so. Due to the impending fact discovery deadline, the United States continues to reserve its right to object and respond to the fact sheet responses, to conduct permissible follow-up discovery and, if necessary, file any appropriate discovery motion in the same manner permitted in response to its original written discovery requests.

Access to Certain Datasets

As Plaintiffs note, the Court previously entered an Amended Stipulated Protective Order that will allow claimants' counsel to use DMDC datasets (specifically, CLJA_ATSDRSUPP-0000000105, CLJA_ATSDRSUPP-0000000106, CLJA_ATSDRSUPP-0000000107, CLJA_ATSDRSUPP-0000000108, and CLJA_ATSDRSUPP-0000000110) in the administrative claims process.

The Parties also agreed that the Protective Order could be further amended to provide claimants' counsel with use of the U.S. Marine Corps' Camp Lejeune Family Housing Card Database (CLJA_Housing-000000001 through CLJA_Housing-0000237866). The Amended Protective Order includes PLG's assurances that each claimant's counsel will need to certify that he or she is only reviewing records related to their client(s). PLG will be providing the United States with further information regarding how that certification is confirmed, and the existing safeguards that exist to prevent individuals from accessing data that does not belong to their client(s).

**(5) Update on individual and global settlement efforts:**

The Parties' respective perspectives on the resolution process, including both individual and global, appear below.

**The PLG's Position:**

Many of the PLG's concerns regarding the settlement process noted in the May 9, 2024 Joint Status Report remain. The PLG is hopeful that the Court's recent settlement master and settlement liaison appointments will help the Parties make progress towards resolution and push this matter forward.

**United States' Position:**

7

As of July 29, 2024, the Torts Branch has determined that ninety-five (95) cases in litigation meet the Elective Option ("EO") criteria through documentary verification.

The case breakdown by injury includes: 25 Bladder Cancer, 24 Kidney Cancer, 17 non-Hodgkin's Lymphoma, 6 Kidney Disease, 7 Parkinson's Disease, 11 Leukemia, 4 Multiple Myeloma and 1 Liver Cancer. Forty-four (44) offers have been accepted by plaintiffs on 12 cases of Bladder Cancer (five offers of $150,000; six offers of $300,000; one offer of $450,000), 5 cases of Kidney Disease (End Stage Renal Disease) (two offers of $100,000; three offers of $250,000), 12 cases of Kidney Cancer (three offers of $150,000; nine offers of $300,000), 7 cases of non-Hodgkin's Lymphoma (four offers of $150,000; two offers of $300,000 and one offer of $450,000), 1 case of Multiple Myeloma ($250,000), 3 cases of Parkinson's Disease ($400,000; $100,000; $250,000) and 4 cases of Leukemia (2 offers of $300,000; 2 offers of $150,000). Nine (9) offers were rejected by plaintiffs, including 4 cases of Bladder Cancer, 2 cases of Kidney Cancer, 1 case of Multiple Myeloma, 1 case of Kidney Disease, and 1 case of Parkinson's Disease. Twenty-four (24) offers have expired, including 8 cases of Kidney Cancer, 7 cases of non-Hodgkin's Lymphoma, 3 cases of Bladder Cancer, 5 cases of Leukemia and 1 case of Parkinson's Disease. The other eighteen (18) settlement offers are pending.

Eighty-eight (88) offers were made to veteran plaintiffs, four (4) offers were made to civilian plaintiffs, and three (3) offers were made to estate representatives. Forty (40) veteran plaintiffs accepted EO offers, twenty-two (22) veteran plaintiffs allowed the offer to expire, and eight (8) veteran plaintiffs declined the offer. Eighteen (18) offers are pending for veteran plaintiffs. Three (3) civilian plaintiffs accepted an EO offer, while one (1) civilian plaintiff allowed the offer to expire. One (1) estate representative accepted the EO offer, one (1) declined, and one (1) offer expired.

Further, the DOJ has approved offers for one hundred-thirteen (113) claimants in reliance on information provided by the Navy. Of these, 70 offers were accepted, three were rejected, 24 have expired, and 16 are pending.

Payments have been sent for fifty-eight (58) accepted settlements offers made by the Navy and thirty-eight (38) accepted settlement offers from DOJ. Payments for accepted settlements total $23,400,000. Twenty-four cases of Bladder Cancer resulted in total payments of $6,000,000. Sixteen cases of Leukemia resulted in total payments of $4,050,000. Fourteen cases of non-Hodgkin's Lymphoma resulted in total payments of $3,150,000. Eight cases of Parkinson's Disease resulted total payments of $1,850,000. Twenty-seven cases of Kidney Cancer resulted total payments of $7,050,000. Six cases of Kidney Disease resulted in total payments of $1,050,000. One case of Multiple Myeloma resulted in a payment of $250,000. To date, more than 46% of the offers made for cases in litigation have been accepted and more than 61% of the offers made for claims with the Navy have been accepted.

**(6) Any other issues that the parties wish to raise with the Court:**

The following motions are presently pending before the Court:

- (a) the PLG's request for a Rule 16 conference [D.E. 155];
- (b) the Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156];
- (c) the PLG's Motion for Partial Summary Judgment on CLJA Legal Representative Procedure [D.E. 184];
- (d) the Parties' Joint Motion to Amend Stipulated Protective Order [D.E 263]; and

(e) The PLG's Superseding Proposed Pretrial Scheduling Order for Certain Track 1 Issues [D.E. 261] and the government's alternative Revised Proposed Pretrial Scheduling Order for Certain Track 1 Trial Issues [D.E. 262].

*[Signatures follow on next page]*

DATED this 30th day of July, 2024.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs*
*and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*