IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | O R D E R |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

This matter is before the court *sua sponte* regarding the resolution of certain global pretrial issues in the Camp Lejeune Water Litigation.[1]  *See* Fed. R. Civ. P. 1, 16(c)(2)(L), 42(a)(3); CLJA, Pub. L. No. 117-168, § 804, 136 Stat. 1759, 1802–04.

The court previously solicited a joint proposed pretrial scheduling order related to discovery and briefing deadlines for expert discovery on (1) toxic chemical exposure over time via the water at Camp Lejeune; and (2) general causation. *See* [DE-262]. After discussion at the July 16, 2024 status conference, the court asked the parties to consider a single period of expert discovery covering exposure, general causation, specific causation, and damages, as opposed to "reopening" expert discovery on specific causation and damages later. [DE-258] 2:17–10:14. The parties submitted updated pretrial scheduling proposals separately. [DE-261]; [DE-262].

After carefully considering the submissions of the parties, the court hereby enters the following pretrial schedule to govern expert discovery as well as *Daubert* and dispositive motion briefing in the Track 1 Trial Plaintiff cases. *See* [DE-250].

1) Pursuant to the Order entered on July 9, 2024, [DE-250], fact discovery related to the Track 1 Trial Plaintiffs ("Plaintiffs") closes on August 11, 2024.

---

[1] The court has discussed in prior orders its inherent powers, and those in the Federal Rules, to efficiently manage its docket. *See* [DE-116] 3; [DE-146] 3.

2) The Plaintiffs will disclose their experts relating to the "toxic chemical exposure from the water at Camp Lejeune" (the "Water Contamination Phase") 75 days after the close of fact discovery.

3) The United States will disclose its experts relating to the Water Contamination Phase 45 days after the Plaintiffs disclose their experts relating to the Water Contamination Phase.

4) The Plaintiffs will disclose their rebuttal experts relating to the Water Contamination Phase 21 days after the United States discloses its experts relating to the Water Contamination Phase.

5) The Plaintiffs will disclose their experts relating to "general causation for Track 1 illnesses" (the "General Causation Phase") 120 days after the close of fact discovery.

6) The United States will disclose its experts relating to the General Causation Phase 45 days after the Plaintiffs disclose their experts relating to the General Causation Phase

7) The Plaintiffs will disclose their rebuttal experts relating to the General Causation Phase 21 days after the United States discloses its experts relating to General Causation Phase.

8) The Plaintiffs will disclose their experts relating to specific causation, damages, and any other expert discipline not covered by an earlier phase (the "Residual Expert Phase"), 165 days after the close of fact discovery.

9) The United States will disclose its experts relating to the Residual Expert Phase 45 days after the Plaintiffs disclose all of their experts relating to the Residual Expert Phase.

10) The Plaintiffs will disclose their rebuttal experts relating to the Residual Expert Phase 21 days after the United States discloses all of its experts relating to the Residual Expert Phase.

11) Following the expert disclosures relating to each phase, the Parties will have 45

days to complete expert discovery relating that phase.

12) Following the completion of expert discovery relating to each phase, the Parties will have 30 days to serve motions to exclude any experts ("*Daubert* motions") and motions for summary judgment relating to that phase. The Parties will have 21 days to file oppositions to the motions and 14 days to file replies to the oppositions.

13) The Parties will disclose expert reliance files within 7 days of the initial expert disclosure for that expert.

14) Expert witness depositions will be presumptively limited to 7 hours per expert for these phases absent agreement of the Parties or court order for good cause.

15) Each Party will pay for the time that any opposing Party's expert spends under oath in deposition, at the same rate paid by the Party that retained the expert; otherwise, the Parties are responsible for the fees of the experts they retain.

SO ORDERED. This 7 day of August, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge