IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | O R D E R |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

This matter is before the court *sua sponte* regarding future status conferences related to the Camp Lejeune Water Litigation.[1] *See* Fed. R. Civ. P. 1, 16(c)(2)(L), 42(a)(3); CLJA, Pub. L. No. 117-168, § 804, 136 Stat. 1759, 1802–04.

The court has been conducting status conferences with the parties on a regular basis. *See* [DE-23] 4–5; [DE-38]. As part of the parties' Status Report filed in advance of each conference, the parties have been providing the court with information, including "[u]pdate[s] on individual and global settlement efforts." [DE-27] 1. Considering the recent appointment of the Settlement Masters and Settlement Liaison, *see* Case Management Order No. 14 [DE-251], and order regarding disclosure of Confidential Settlement Information, *see* [DE-264], this information is no longer to be included in the parties' Status Reports or discussed at status conferences. *See* [DE-264].

As part of the regular status conferences, the parties have also been providing the court with "[u]pdate[s] on the stipulations entered into between the Parties since the last status conference[.]" [DE-27] 1. To date, based on the parties' representations, it appears the stipulations have been less than robust. *See, e.g.*, [DE-258] 27:17–24, 29:5–15; [DE-269] 3:12–20.

---

[1] The court has discussed in prior orders its inherent powers, and those in the Federal Rules, to efficiently manage its docket. *See* [DE-116] 3; [DE-146] 3.

In part because of these ongoing difficulties, the court has entered a pretrial schedule for expert discovery and briefing for certain Track 1 threshold issues. [DE-270]; *see* [DE-250] 2 ("Defendant will not stipulate to such facts. Thus, Plaintiffs must prove them."). In anticipation of Track 1 dispositive motion briefing, the court believes the parties would benefit from a thorough and detailed discussion of the order of proof for CLJA bench trials. Specifically, the court asks the parties to meet and confer on this topic and inform the court what agreements have been reached regarding the elements of a CLJA claim and the general framework for trial. The parties shall provide an initial report on their progress to the court in the next Status Report, due Tuesday, August 20, 2024.

The next status conference is scheduled for Tuesday, August 27 at 11:00 a.m. in Wilmington.

SO ORDERED, the 8th day of August 2024.

_____
Robert B. Jones, Jr.
United States Magistrate Judge