# EXHIBIT 2

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| | ) |
| This Document Relates to: | ) |
| ALL CASES | ) |

# DEFENDANT UNITED STATES OF AMERICA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant United States of America serves these responses and objections to Plaintiffs' Seventh Request for Production of Documents ("Request").

## INTRODUCTION

The following responses are based upon a reasonable inquiry of information known or readily obtainable by the United States.

## GENERAL OBJECTIONS

**1.** **Privilege:** The United States objects to any Request that seeks materials protected by the attorney-client privilege, the attorney work-product privilege, the deliberative process privilege, the investigative files/law enforcement privilege, or any other privilege or protection. The Request also seeks materials containing confidential business information and personally identifiable information, which can only be protected with certain safeguards. In responding to the Request, the United States will withhold privileged or protected documents and will identify such documents in a privilege log in conformity with Fed. R. Civ. P. 26(b)(5) or Paragraph 6 of the

1

Stipulated Order Establishing Protocol for Document Collection and Production ("ESI Protocol"). Nothing contained in these responses or in the production of documents is intended as, nor in any way shall be deemed, a waiver of any of these privileges, or any other applicable privilege.

2. **Locations to Be Searched:** In responding to the Request, the United States will search for responsive materials in locations that the United States determines are reasonably likely to have responsive material and are proportionate to the needs of the case.

3. **Public Documents:** The United States objects to any Request that seeks materials that are publicly available. Such materials are equally accessible to all the parties, and can be obtained from more convenient, less burdensome, or less expensive publicly available sources.

4. **Definitions and Instructions:** The United States will comply with the Federal Rules of Civil Procedure in responding to the Request.

5. **Incorporation:** Each of these General Objections is incorporated into each Response provided, as if fully set forth therein. The inclusion of a specific objection to a specific demand is neither intended as, nor should be construed as, a limitation or waiver of a General Objection or any other specific objection made in these responses.

## RESPONSES AND OBJECTIONS TO PLAINTIFFS' SEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS

1. After interviewing the below government employees, please identify and produce all relevant documents (including hard copies), emails, native files, power-points, research materials, spreadsheets, maps, diagrams, working drafts, memorandums, communications, notes and any other file materials contained on any computer storage device these employees saved their working materials or these files, regardless if an office computer or personal laptop/home computer, related to Camp Lejeune Water Contamination issues:

Patricia Hasting[s]

Frank Bove
Christopher Re[h]
Ron Burke
Dan Waddill
Scott Williams
Chris Rennix
Tim Reisch
Jason Sautner
René Suárez-Soto

**RESPONSE: Objection. The United States objects to this Request for Production as overbroad, vague, and ambiguous, and not proportional to the needs of the case. Specifically, the United States objects to the following vague and ambiguous terms used without definition: "documents (including hard copies)," "native files," "power-points," "research materials," "spreadsheets," "maps," "diagrams," "working drafts," "memorandums," "communications," "notes," "any other file materials" "contained on any computer storage device these employees saved their working materials or these files," "office computer," and "related to Camp Lejeune Water Contamination issues."**

**Taking these terms at face value would require searching the many information systems of multiple federal agencies for materials spanning more than two decades of work, as well as numerous document repositories and potential file locations where hard copy materials may reside. This is true regardless of Plaintiffs' semantic attempt to minimize the scope of this Request for Production in footnote 2. Given the minimal time left to complete fact discovery, the extensive discovery already produced in this matter, and the extraordinarily broad scope of these terms, requesting the United States to perform such searches at this time is disproportionate to the needs of this case. The searches: (1) would require significant amounts of agency and DOJ resources to complete, distracting from both the merits of this litigation and important agency missions; (2) would be unlikely to return**

3

information that is more than tangentially relevant to the causation issues in dispute in this litigation; and (3) would necessarily capture a vast swath of potentially privileged or protected information and necessitate a burdensome review process. The information already produced in this litigation, much of which was prioritized because of its closer relevance to the issues in the litigation, demonstrates that these efforts will result largely in information of minimal importance to resolving the litigation.

Further, the United States objects to this Request for Production as unduly burdensome considering the extraordinarily broad scope of this Request, particularly in light of Plaintiffs' prior agreement to withdraw all ESI requests, save for requests for <u>discrete</u> documents or targeted sets of documents. As is detailed in the United States' May 24, 2024, letter, this Request unquestionably seeks ESI and would require a significant amount of time and resources to conduct reasonable and defensible searches and collections, followed by a resource-intensive review and production process, which would necessarily extend many months beyond the time currently allocated for fact discovery. Plaintiffs have failed to articulate with any particularity why these searches are necessary, or even likely, to produce relevant or non-duplicative information related to either general or specific causation (especially given the nearly 18 million pages already produced).

In addition, and as detailed in the United States' May 24, 2024, letter, the United States objects to any further requests for ESI or "hard copy documents" from ATSDR. Following Plaintiffs' January 8, 2024, letter, to satisfy Request No. 8 from Plaintiffs' First Requests for Production, and the entirety of Plaintiffs' Second Requests for Production, the United States agreed to produce the entirety of the ATSDR water modeling and health effects studies project files (with the exception of privileged and/or statutorily protected materials)

and hard copy documents that Plaintiffs selected for scanning following an inspection.

The United States is in the process of completing the production of the agreed-to water modeling and health effects studies project files. As such, any requests for documents from ATSDR custodians are outside the agreed-upon scope of discovery. The water modeling and health effects studies project files contain relevant materials that are also likely to be in the possession of the custodians identified in this Request, making this Request cumulative and unreasonably duplicative. Reviewing any newly collected documents to determine whether they contain privileged or confidential materials will be a burdensome task in terms of time and resources, especially considering the minimal time remaining before the close of discovery.

The United States further objects to Plaintiffs' characterizations of the United States' efforts thus far to respond to Plaintiffs' various Requests for Production. As the United States noted and explained in detail in its May 24, 2024, letter, given the extreme breadth of Plaintiffs' prior Requests for Production, and "[i]n the interest of cooperation and expediency, the United States thus proceeded to cast a wide net by conducting reasonable searches for all potentially responsive documents. The United States has done so as quickly as possible in order to comply with the existing fact discovery deadline." The United States has worked directly with agency employees, agency technical staff, and agency counsel to compile a comprehensive collection of responsive documents that have been produced to Plaintiffs – documents that total nearly 18 million pages to date.

Further, custodians would not necessarily know whether files in share drives or other ESI locations would have been searched for relevant documents. As is explained in the United States' May 24, 2024, letter, custodial self-identification and self-collection is disfavored

5

under standard e-discovery practice. The United States has therefore endeavored to defensibly collect as many responsive documents as possible, and objects both to Plaintiffs' suggestion that the United States has not adequately investigated custodial data sources and their assertion that these suggested custodians' files should have been searched and collected long ago. As discussed above, after Plaintiffs rescinded their ESI requests, the United States moved forward with a reasonable search and collection process in conjunction with relevant agencies. Finally, as Plaintiffs' shifting lists of proposed custodians highlights, undertaking the time-consuming and burdensome full searches of agency ESI would have resulted in wasted effort as the custodians targeted by Plaintiffs have changed throughout the course of discovery.

Subject to, and without waiving these objections, the United States has produced the documents from Dr. Patricia Hastings identified in the United States' May 24, 2024, letter, bates stamped CLJA_VA-RFP11-0000033415-615.

Subject to, and without waiving these objections, the United States is also producing non-privileged emails to and from Dr. Frank Bove related to Camp Lejeune (including attachments). The first production of these documents was made on June 25, 2024, with bates numbers CLJA_ATSDR_BOVE-0000000001-111803. The United States will also be producing "hard copy documents" that were in Dr. Bove's custody, possession, and control in accordance with the ESI Protocol (CMO No. 8).

Subject to, and without waiving these objections, the United States will also be producing non-privileged emails to and from Chris Rennix related to Camp Lejeune (including attachments). The United States will also be producing additional ESI already collected from Mr. Rennix's files.

**In addition, and without waiving these objections, the United States will make "hard copy documents" related to Camp Lejeune in Scott Williams's custody, possession, and control available for Plaintiffs' inspection at an agreed-upon date and time. The United States is also investigating whether custodian Dan Waddill has any "hard copy documents" in his custody, possession, or control related to Camp Lejeune and will inform Plaintiffs of any such documents as soon as more information is available. The United States is not aware of any "hard copy documents" that would be responsive to this Request in any of the other requested custodians' custody, possession, or control.**

Respectfully submitted this the 8th day of July, 2024.

> BRIAN BOYNTON
> Principal Deputy Assistant Attorney General
> Civil Division
>
> J. PATRICK GLYNN
> Director, Torts Branch
>
> BRIDGET BAILEY LIPSCOMB
> Assistant Director
>
> ADAM BAIN
> Special Litigation Counsel
>
> /s/ Sara J. Mirsky
> JENNIFER E. ADAMS
> MICHAEL W. CROMWELL
> CINDY M. HURT
> SARA J. MIRSKY
> DAVID R. ORTIZ
> PATRICK J. RYAN
> Trial Attorneys
> Civil Division, Torts Branch
> U.S. Department of Justice
> P. O. Box 340, Ben Franklin Station
> Washington, D.C. 20044

# CERTIFICATE OF SERVICE

This is to certify that on July 8, 2024, I served a copy of the foregoing document upon counsel for the Plaintiffs by electronic mail at the following electronic mail addresses:

Edward Bell, III
jeb@belllegalgroup.com

Zina Bash
zina.bash@kellerpostman.com

Elizabeth J. Cabraser
ecabraser@lchb.com

W. Michael Dowling
mike@dowlingfirm.com

Robin L. Greenwald
rgreenwald@weitzlux.com

James A. Roberts, III
jar@lewis-roberts.com

Mona Lisa Wallace
mwallace@wallacegraham.com

/s/ Sara J. Mirsky
Attorney for the United States