IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to August 20, 2024, 2,037 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Fifty cases have been dismissed; forty-five of those were voluntary dismissals and the five others were pro se cases. The cases are divided as follows: Judge Dever – 512 cases; Judge Myers – 505 cases; Judge Boyle – 504 cases; and Judge Flanagan – 516 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 546,500 administrative claims on file with the Department of Navy ("Navy"). The Navy completed automated ingestion efforts and is currently focused on completing final manual data entry of several thousand CLJA claims received up to August 10, 2024. The Navy has identified several thousand duplicate CLJA claims filed since the passage of

1

the statute. For that reason, the Navy's immediate focus after manual entry of claims is resolution of duplicate claims.

### (3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial.

In its August 8, 2024 Order (DE 271), the Court directed the parties to meet and confer regarding "the order of proof for CLJA bench trials," and to "inform the court what agreements have been reached regarding the elements of a CLJA claim and the general framework for trial." *Id.* at p. 2. Counsel for PLG and DOJ met and conferred on August 14, 2024 in compliance with the Court's order, and now report regarding the status of those discussions.

- **Elements of a CLJA Claim**

For the Track 1 Trial Plaintiffs to satisfy their burden of proof, each Plaintiff must establish these three elements of a CLJA claim:

**(1)** Plaintiff is an individual, including a veteran (as defined in section 101 of title 38, United States Code), or the legal representative of such an individual, who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States;

**(2)** Plaintiff suffered harm; and

**(3)** Plaintiff's harm was caused by exposure to the water at Camp Lejeune.

The parties agree that to satisfy the burden of proof as to the third element, Plaintiff must produce evidence showing that the relationship between exposure to the water at Camp Lejeune and the harm is either (A) sufficient to conclude that a causal relationship exists or (B) sufficient to conclude that a causal relationship is at least as likely as not.

The parties agree and shall stipulate (subject to Court approval) that each of the 25 Track 1 Trial Plaintiffs has satisfied his or her burden of production and persuasion regarding the first element, and that the fact finder may conclusively accept as proven that each of the Track 1 Trial Plaintiffs is an individual, including a veteran (as defined in section 101 of title 38, United States Code), or the legal representative of such an individual, who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States. The parties further agree that no further proof regarding such element shall be required of any Track 1 Trial Plaintiff unless ordered by the Court.

The parties also agree and shall stipulate (subject to Court approval) that each of the 25 Track 1 Trial Plaintiffs complied with section 2675 of title 28, United States Code before bringing their action under the CLJA.

Except as expressly set forth herein, the parties have not reached any further agreement on the scope, quantum, nature, or means required to prove the elements of a claim under the CLJA, and the parties expressly reserve the right to offer and argue such matters in the course of these proceedings.

- **The general framework for trial**

Based on recent Scheduling Orders, the parties understand that the Court wishes to adjudicate the "threshold" issue of the water contamination at Camp Lejeune (the "Water Contamination Phase") before assigning Track 1 cases by disease to the individual judges for determination of general causation (the "General Causation Phase"), and then trials on exposure, specific causation, and damages.

3

The parties understand that the first phase is a determination of the chemicals in the water at Camp Lejeune from 1953 to 1987 (DE 247 at p. 2) (Water Contamination Phase) and will follow a period of expert disclosure and discovery (DE 270 ¶¶ 2, 3, 4), followed by *Daubert* and summary judgment motions practice (*Id.* at ¶ 12).[1] Following motions practice and any rulings on those motions, the parties will be prepared, at the convenience of the Court, to present evidence and offer argument at a pre-trial evidentiary hearing regarding chemicals in the water at Camp Lejeune from 1953 to 1987. The parties understand that this evidentiary hearing would be made to the full court in the interests of efficiency and judicial economy, such that evidence regarding the chemicals in the water at Camp Lejeune from 1953 to 1987 would be presented only once to all of the judges, and not at the trials for each of the 25 Track 1 Trial Plaintiffs. The parties anticipate and agree to separately submit proposed findings of fact and conclusions of law, as necessary, within 21 days of the conclusion of the Water Contamination Phase hearing.

The parties understand that "the court is considering reassigning the cases by disease, by judge[, and that] . . . general causation hearings will be held before the individual judges." (DE 249 p. 16:19). As with the Water Contamination Phase, the General Causation Phase will include a period of expert disclosures and discovery (DE 270 ¶¶ 5,6,7), followed by *Daubert* and summary judgment motions practice (*Id.* at ¶ 12).

---

[1] In the August 7, 2024 Scheduling Order (DE 270), the Court characterized the scope of the "threshold" Water Contamination Phase as "toxic chemical exposure from the water at Camp Lejeune." Id. at ¶ 2. The parties contend that the question of what chemicals were present in the water at Camp Lejeune between 1953 and 1987 is distinct from the question of how individuals were exposed (inhalation, ingestion, dermally, or otherwise) to those chemicals over time. The parties believes that the latter issue—how individuals were exposed to the chemicals over time— is more appropriately and efficiently addressed in connection with individual Plaintiff cases, and should therefore be deferred to the Residual Expert Phase, or each Track 1 Trial. To the extent necessary, the parties can move the court for amendment or clarification of the August 7, 2024 Scheduling Order to reflect this request.

Upon the conclusion of the Water Contamination Phase and the reassignment of the cases by disease, the parties envision and will be prepared for further proceedings in which the Court will incorporate and rely upon the evidence adduced (and judicial findings) from the Water Contamination Phase. The parties understand that the second threshold issue to be addressed is "general causation for the Track 1 illnesses." (DE 247 at p.1) (the "General Causation Phase"). Following motions practice related to general causation and any ruling on those motions, the parties will be prepared to address general causation at evidentiary hearings before individual judges, if necessary.

Once the threshold issues are determined, the parties can conduct streamlined individual trials where Plaintiffs will present evidence regarding causation (individual exposure and specific causation), harm and any residual issues, and where Defendants will present evidence, regarding those issues, if necessary, and any affirmative defenses (if any).[2] The parties are amenable to combining Track 1 Trial Plaintiffs in the same disease category during this phase in the interests of judicial economy.

The parties anticipate preparing proposed pretrial orders for the Court's consideration in advance of the Water Contamination Phase, the General Causation Phase, and the Track I trials for individual plaintiffs. Such orders would be prepared in accordance with Rule 26(a)(3)(A) and (B) of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of North

---

[2] Pursuant to Fed R. Civ. P 32(c), Plaintiffs reserve all rights to move for trials with advisory juries on the issues of specific causation, harm, damages, affirmative defenses and/or any residual issues. Plaintiffs have proposed to the DOJ, and will propose for the Court's consideration, techniques to provide information and facilitate global resolution, including advisory juries for damages, reverse bifurcation (damages first) trials, or as Alternative Dispute Resolution tools for the Settlement Masters.

The DOJ opposes the use of advisory juries and reverse bifurcation (damages trials) and can brief the court on these issues.

Carolina at the times specified in the pretrial orders. At the Court's direction, the parties will prepare and submit a binder of Joint Exhibits in advance of the evidentiary hearings on water contamination, general causation, and the Track I trials relating to specific causation, harm, and any affirmative defenses.

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties have not agreed to any new stipulations since the last status conference. The Parties last met and conferred on July 25, 2024. On August 16, 2024, the United States submitted to PLG several proposals for developing stipulations relevant to the Water Contamination Phase. The Parties intend to meet and confer on stipulations before the end of the month, consistent with their obligations under CMO 2.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter, and the PLG is committed to taking all actions necessary to meet the deadlines set forth in the Court's various scheduling orders. The PLG believes that the discovery process is on pace to meet all applicable deadlines. What follows is a brief description of some recent discovery issues.

<u>Subpoena of the National Academy of Sciences</u>

Pursuant to the Court's Order of August 6, 2024, the National Academy of Sciences' ("NAS") privilege log is due on August 20, 2024. The PLG will promptly review the privilege log and confer with the NAS in an effort to address any deficiencies with its production in response to

6

Case 7:23-cv-00897-RJ   Document 277   Filed 08/20/24   Page 6 of 12

the PLG's Subpoena of the NAS. The PLG withdrew its notice of deposition of the NAS's Susan Martel pending resolution of these issues.

Discovery Relevant to Economic Damages

In prior Status Reports, the Parties discussed the government's requests for discovery concerning the economic damages alleged by Track 1 Trial Plaintiffs. Following several meet and confers, the Parties agreed to an economic damages disclosure form, and the PLG is in the process of completing the producing these economic damages disclosure forms for each Track 1 Trial Plaintiff.

Depositions

With the agreement of all Parties, the PLG is in the process of completing a few final fact-witness depositions. However, certain discovery disputes have delayed the completion of certain fact witness depositions. For example, the deposition of Susan Martel was withdrawn pending production of the NAS's privilege log, as discussed above. The PLG continues to work cooperatively with the government in an effort to resolve these issues and finalize fact witness depositions.

On July 23, 2024, the PLG issued a Notice to take 30(b)(6) Deposition of the ATSDR and a Rule 34(a) Request for Inspection related to the Cancer Incidence Study (the "Notice and Request"). The government objected to the Notice and Request, and the parties held a meet and confer in an effort to result their disagreements about the Notice and Request. As a result of the meet and confer, the PLG proposed an Amended Notice and Request on August 9, 2024, to which the government also objected. However, it appears that the Parties are making constructive progress on this issue, and the PLG hopes that their differences concerning the Amended Notice and Request can be resolved.

7

The PLG has dedicated substantial time and resources to the discovery process, including both paper discovery and depositions. The PLG believes that discovery is progressing at a reasonable pace and that the Parties will be able to meet all deadlines set by the Court.

**United States' Position:**

The United States continues to provide rolling productions of documents in response to PLG's discovery requests, and is producing documents to PLG on a daily basis. The United States has completed substantially all of its general discovery responses, and has alerted PLG to a few outstanding productions that will be completed in the next few weeks. The United States will continue to produce any Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies on a rolling basis.

<u>Depositions</u>

As of July 30, 2024, and outside of any additional agreement between the Parties, the United States has completed all 100 depositions of the Track 1 Discovery Plaintiffs. Additionally, the United States has taken 295 depositions of fact witnesses, including treating physicians, and has scheduled 2 depositions to occur in the next few weeks.

On July 23, 2024, PLG served a Notice to Take 30(b)(6) Deposition of Defendant's Agency for Toxic Substance and Disease Registry ("ATSDR") and Rule 34(a) Request for Inspection ("Deposition Notice and Request for Inspection") related to the Cancer Incidence Study. The United States served its initial objections on July 29, 2024, and the Parties met and conferred on July 30, 2024.

Following this discussion, PLG served an amended Deposition Notice and Request for Inspection on August 9, 2024, and the United States served additional objections on August 12, 2024. The Parties are continuing to meet and confer on the topics and scope of the deposition, and

whether any requested search of protected data is feasible and/or permissible. The Parties have agreed that the depositions of Dr. Frank Bove, who may be able to provide some of the information included in the noticed topics, and an ATSDR 30(b)(6) witness, will be scheduled in September.

The Parties are completing the depositions that PLG formally noticed prior to the close of fact discovery. These depositions should be completed as soon as is practicably possible based on the Parties' and deponents' schedules. The United States does not believe that any depositions should be delayed pending resolution of either (1) issues regarding documents that the National Academy of the Sciences withheld from the subpoena production, or (2) the Motion to Compel the Seventh RFPs. The United States reserves its right to file a motion for a protective order should there be any unnecessary delays in completing the remaining depositions.

Discovery Relevant to Economic Damages

Between May 11 and May 14, 2024, the United States served discovery requests seeking information related to Plaintiffs' economic damages claims. The Parties met and conferred on June 20, 2024, to discuss the scope of PLG's obligation to respond to the United States' requests. PLG proposed providing a fact sheet for each of the 25 Track 1 Trial Plaintiffs in lieu of responding to the United States' formal requests and agreed to provide that requested information by the end of fact discovery. The parties met and conferred again on July 5, 2024, and agreed to the use of an agreed-upon fact sheet for each of the 25 Track 1 Trial Plaintiffs.

To date, the United States has received 18 of the 25 fact sheets. Given that the United States has not yet received fact sheets from seven Trial Plaintiffs, and that the majority were received just before the August 11 close of fact discovery, the United States continues to reserve its right to object and respond to the fact sheet responses, to conduct permissible follow-up

9

discovery, and, if necessary, file any appropriate motions in the same manner permitted in response to its original written discovery requests.

Technical Deficiencies in PLG's Productions

The United States has raised concerns regarding certain technical deficiencies in PLG's productions to date. The Parties met and conferred on these issues on August 16, particularly as to the lack of "source"- and "custodian"-related coding and/or metadata in PLG's productions. PLG committed to producing a "corrected" .dat file on a timeline yet to be established. The Parties continue to discuss this issue.

**(6) Any other issues that the parties wish to raise with the Court:**

The following motions are presently pending before the Court:

- (a) the PLG's request for a Rule 16 conference [D.E. 155];
- (b) the Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156];
- (c) the PLG's Motion for Partial Summary Judgment on CLJA Legal Representative Procedure [D.E. 184]; and
- (d) the PLG's Motion to Compel Document Production in Response to Seventh Set of Request for Production [D.E. 272].

*[Signatures follow on next page]*

DATED this 20th day of August, 2024.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs
and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*