IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | **ORDER AND NOTICE OF POSSIBLE** |
| CAMP LEJEUNE WATER LITIGATION ) | **AMENDMENTS TO CASE** |
| ) | **MANAGEMENT ORDER NO. 14** |
| This document applies to: ) | |
| ALL CASES ) | |

Pursuant to Federal Rule of Civil Procedure 53(b)(4)[1], the court hereby gives notice that it is considering amendment of Case Management Order No. 14 [D.E. 251], entitled "Settlement Master and Settlement Liaison Appointment Order" ("Appointment Order"), to facilitate the efficient and expeditious conduct of settlement proceedings in this litigation. IT IS ORDERED that any comments on these amendments under consideration be filed no later than one week after entry of this order and notice.

One portion of the Appointment Order the court is considering amending is Section VI.2 [D.E. 251 at 6], which reads:

> **2.  Data Security.**
>
> To the extent the Settlement Masters and their associates need to access Department of Justice data, the Settlement Masters shall use equipment provided by the Department of Justice to ensure secure access. The Settlement Masters shall follow the standard Department of Justice rules of behavior for this equipment.

The amendments under consideration would provide that to the extent the Settlement Masters and their staff, in fulfilling their responsibilities under the Appointment Order, need to access any information provided by the Department of Justice ("DOJ Information"), the Settlement Masters

---

[1] Federal Civil Rule 53(b)(4) provides that "[t]he order [appointing special masters] may be amended at any time after notice to the parties and an opportunity to be heard." The court, of course, retains the discretion to word any amendments subject to this order and notice as it deems appropriate.

would be subject to the same restrictions and requirements imposed by the Amended Protective Order [D.E. 266], along with other provisions of law pertaining to the handling of information, that apply to the parties in this litigation. In addition, under the amendment the Settlement Masters could use technology and equipment as to which they have in place reasonable and appropriate security measures to ensure compliance with the Amended Protective Order. Further, all requirements pertaining to reporting of an actual or suspected security breach implicating DOJ Information would apply to the Special Masters to the same extent as they would apply to the parties. As a result of these amendments, the Settlement Masters would not be required to use equipment provided by the DOJ to access DOJ Information and the equipment the Special Masters chose to use would not be subject to DOJ rules purportedly applicable to equipment from the DOJ (including, without limitation, the Federal Acquisition Regulations, 48 C.F.R. § 1.000 *et seq.*).

Also under consideration is amendment of the provision in the Appointment Order stating that the "appointment [of Mr. Perrelli and Mr. Oprison as Settlement Masters] is conditioned on the PLG [*i.e.*, Plaintiffs' Leadership Group] and the Defendant entering into contracts for the payment of Mr. Perrelli and Mr. Oprison as Settlement Masters." [D.E. 251 at 1]. The amendment would provide that this provision does not, expressly or otherwise, encompass terms relating to the type, features, or source of the technology or equipment the Settlement Masters use or may use to access DOJ Information, as opposed to payment of the Settlement Masters, and that the Settlement Masters' appointment is therefore not conditioned on agreement to any such technology- or equipment-related terms. The effect of the amendment would be to eliminate agreement on technology- or equipment-related terms as a potential impediment to entry into a contract by any party with the Settlement Masters and the undertaking of substantive discussions on settlement with the Settlement Masters .

This 3rd day of September 2024.

James E. Gates
United States Magistrate Judge