IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to September 17, 2024, 2,089 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Sixty-six cases have been dismissed; sixty-one of those were voluntary dismissals and the four others were pro se cases. The cases are divided as follows: Judge Dever – 526 cases; Judge Myers – 517 cases; Judge Boyle – 514 cases; and Judge Flanagan – 532 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are more than 550,000 administrative claims on file with the Department of the Navy ("Navy"). The Navy completed automated ingestion efforts and is currently focused on completing final manual data entry of several thousand CLJA claims received up to August 10, 2024. So far, the Navy has identified several thousand duplicate CLJA claims filed since the

1

passage of the statute. For that reason, the Navy's immediate focus after manual entry of claims is reconciling claims records to address situations where multiple claims were filed by or on behalf of a single claimant.

### (3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial

In its August 8, 2024 Order (DE 271), the Court directed the Parties to meet and confer regarding "the order of proof for CLJA bench trials," and to "inform the court what agreements have been reached regarding the elements of a CLJA claim and the general framework for trial." *Id.* at p. 2. In the Joint Status Report of August 20, 2024, counsel for PLG and DOJ informed the Court of their understanding of the elements of a CLJA claim that the Track 1 Trial Plaintiffs must prove, and their agreement that the Track 1 Trial Plaintiffs had met the first element, and exhausted administrative remedies under the statute. The Parties have continued to meet and confer regarding the nature of the proof to be presented in each phase, including a conference on September 13, 2024. As a result of that conference, the Parties report:

(1) The Parties will continue to meet and confer to present a proposal regarding the nature of proof to be presented at each phase. By the date of the next Joint Status Report, the Parties intend to submit a joint proposal for the nature of proof for the Water Contamination Phase and the General Causation Phase. To the extent the Parties cannot agree on the nature of proof for these phases, the Parties will submit brief arguments supporting their respective positions.

(2) The Parties have agreed to propose that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be tried before the same judge given the nature of those cases. These two diseases may raise common questions of fact, *see* Fed. R. Civ. P. 42(a), including the reclassification of certain subtypes from "leukemias" to "lymphomas." The Parties

have further agreed to propose that those ten cases be divided into logical subgroups for purposes of trials. By the date of the next Joint Status Report, the Parties intend to submit a joint proposal for sub-groupings of the Leukemia and Non-Hodgkin's Lymphoma cases for trial.

**(3) An update on stipulations entered into between the Parties since the last status conference**

Factual Stipulations

The Parties met and conferred to discuss stipulations on September 13, 2024. The Parties discussed the United States' August 16, 2024 proposals for developing stipulations relevant to the Water Contamination Phase. The Parties agreed to exchange additional proposals and responses by September 27, 2024, and to hold an additional meet and confer in October 2024, consistent with CMO-2.

Although the Parties have not committed to additional stipulations since the last status conference, they continue to make progress towards narrowing the areas of dispute for this Court to resolve, and towards more clearly defining the areas actually in dispute. The Parties expect that the areas of agreement and dispute will continue to sharpen as expert discovery progresses. The Parties also agree that the fairest way to present the Water Contamination Stipulations is through a single pleading, rather than piecemeal as agreement is reached, which alleviates both Parties' concerns that individual stipulations might otherwise be taken out of context. Presenting the Water Contamination Stipulations in a single pleading also allows the Parties to consider the most effective way to articulate agreed-upon facts, such as through the assistance of demonstratives rather than listing individual facts.

Expert Discovery

3

The Parties have reached an agreement in principle regarding the matters to be disclosed as "reliance files" (i.e. all facts or data considered by the expert in forming opinions) for retained expert witnesses who must provide disclosures under Fed. R. Civ. P. 26(a)(2)(B). The Parties have agreed that these witnesses need not produce copies of previously produced documents, as long as those documents are identified by bates-number, or published literature that is appropriately identified and readily available. The Parties have further agreed that demonstrative exhibits to be used at a hearing or trial need not be disclosed as part of the Fed. R. Civ. P. 26(a)(2)(B) disclosures as reliance files or as an exhibit to be used to summarize or support an opinion. The Parties intend to negotiate a separate timeline for disclosure of demonstrative exhibits. The parties intend to file a formal protocol on these matters.

The Parties met and conferred on September 13, 2024, about Plaintiffs' request that their neurologist expert conduct independent medical evaluations on certain Parkinson's Disease Bellwether Plaintiffs. The United States expressed interest in having its expert also conduct independent medical evaluations on all of the Parkinson's Disease Bellwether Plaintiffs. The Parties discussed the need for a stipulation to define the contours of the examinations, including who may be examined, whether the exams will be in-person or remote, the presence of counsel at the examinations, and the exchange of materials to be used before or during the examinations. Plaintiffs will provide its initial proposal to the United States. The Parties intend to continue discussions on the matter and will file a joint proposal on the matter to the Court.

**(4) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter, and the PLG is committed to taking all actions necessary to meet the deadlines set forth in the Court's various scheduling orders. The PLG believes that the discovery process is on pace to meet all applicable deadlines. What follows is a brief description of some recent discovery issues.

Subpoena of the National Academy of Sciences

In docket number 7:24-mc-00005-RJ, the Court held a status conference concerning the PLG's discovery dispute with the National Academy of Sciences' ("NAS"). As discussed during that status conference, the PLG and the NAS intend to propose a Protective Order for purposes of determining whether the PLG will continue to request production of the documents on the NAS's privilege log. The PLG expects that the proposed Protective Order will be filed today.

Depositions

With the agreement of all Parties, the PLG is in the process of completing a few final fact-witness depositions. However, certain discovery disputes have delayed the completion of certain fact witness depositions. For example, the deposition of Susan Martel was withdrawn pending resolution of the above-referenced dispute with the NAS. The Parties have held discussions about resetting that deposition of Ms. Martel.

Frank Bove was the epidemiologist who was principally responsible for the ATSDR's Camp Lejeune health studies. Dr. Bove's deposition was previously scheduled for September 19-20, 2024. However, on September 4, 2024, the government mailed a hard drive to the PLG containing additional portions of the ATSDR's health effects project file. As a result of the voluminous files contained on that hard drive, the deposition of Dr. Bove has been rescheduled for October 17-18, 2024.

The Parties are in discussions concerning a Rule 30(b)(6) Deposition of the ATSDR and a Rule 34(a) Request for Inspection related to the ATSDR's Cancer Incidence Study (the "Notice and Request"). The government has objected to the Notice and Request, and the Parties have conducted extensive discussions designed to resolve their dispute. The government recently proposed a compromise to resolve this dispute, and the PLG is actively considering this proposed compromise. It appears that the Parties have made material, constructive progress on this dispute, and the PLG hopes that their differences concerning the Notice and Request will be resolved imminently.

The PLG has dedicated substantial time and resources to the discovery process, including both paper discovery and depositions. The PLG believes that discovery is progressing at a reasonable pace and that the Parties will be able to meet all deadlines set by the Court.

**United States' Position:**

The United States has completed substantially all of its general discovery responses, and is in the processing of finishing a small number of remaining document productions. The United States will continue to produce any Track 1 Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies on a rolling basis.

Depositions

The United States confirms that almost all fact depositions have been taken at this point. It is the United States' position that all remaining generally-applicable fact depositions must be completed by October 31, 2024 absent agreement of the Parties or order of the Court. The United States recognizes there may also be exceptions for depositions related to certain Track 1 Trial Plaintiffs based on changing conditions between now and trial, subject to agreement of the Parties or order of the Court.

The Parties have agreed that Dr. Frank Bove's deposition will be rescheduled for October 17-18, 2024. The United States disagrees that its September 4, 2024 production of residual Health Effects Study project files constituted a proper reason for rescheduling the deposition. PLG has had the most-relevant documents from the Health Effects Studies for months. However, in the interest of resolving issues between the Parties, the United States agreed to reschedule the deposition to mid-October.

The United States submitted a proposed compromise to PLG regarding PLG's requested Fed. R. Civ. P. 34(a) search of certain ATSDR data related to the Cancer Incidence Study. The compromise would provide PLG with the most complete dataset with personal identifiable information that the United States can provide without violating the protections of relevant Data Use Agreements and compromising ATSDR's relationships with cancer registries. The United States anticipates conducting a further meet and confer with PLG on this matter, which will include further discussion of the ATSDR Fed. R. Civ. P. 30(b)(6) deposition topics. The United States believes that the ATSDR Fed. R. Civ. P. 30(b)(6) deposition should take place after Dr. Bove's deposition, as some of the topics listed in the most-recent Fed. R. Civ. P. 30(b)(6) notice may be covered by Dr. Bove's testimony.

<u>Discovery Relevant to Economic Damages</u>

Between May 11 and May 14, 2024, the United States served discovery requests seeking information related to Plaintiffs' economic damages claims. The Parties met and conferred on June 20, 2024, to discuss the scope of PLG's obligation to respond to the United States' requests. PLG proposed providing a fact sheet for each of the 25 Track 1 Trial Plaintiffs in lieu of responding to the United States' formal requests and agreed to provide that requested information by the end of

7

fact discovery. The parties met and conferred again on July 5, 2024, and agreed to the use of an agreed-upon fact sheet for each of the 25 Track 1 Trial Plaintiffs.

The United States has now received all 25 fact sheets. The United States continues to reserve its right to object and respond to the fact sheet responses, to conduct permissible follow-up discovery, and, if necessary, file any appropriate motions in the same manner permitted in response to its original written discovery requests. On September 9, 2024, the Parties reached an agreement concerning Social Security Administration (SSA) earnings and benefits information to be requested from the SSA. PLG has agreed to execute the necessary releases to request SSA earnings information for the 11 cases in which lost earnings are claimed as a category of damages in the completed damages fact sheets. The earnings requests will cover a period of 5 years before an individual's date of diagnosis through the 2023 tax year. PLG also agreed to execute the necessary releases to request SSA benefits information in all 25 cases. The benefits requests will cover a period of 10 years before an individual's date of diagnosis through the 2023 tax year. The United States provided PLG with the necessary prefilled SSA forms on September 10th and asked that the signed forms be returned on a rolling basis but no later than October 11, 2024, to give the agency sufficient time to return the information so that the Parties' experts can consider it for their opinions.

PLG's Document Depository

The United States has requested to visit the document depository PLG maintains in Raleigh, NC. PLG has made varying representations regarding: (1) the volume of documents in the depository, (2) what portion of the documents in the depository are responsive to the United States' Requests for Production, (3) whether a log of the documents in the depository will be produced in the near future, and (4) whether there will be any subsequent ESI productions of

hardcopy documents stored within the depository. The United States hopes to visit the depository in the next week and will raise any related issues as necessary.

**(6) Any other issues that the parties wish to raise with the Court:**

At present, the following motions are pending before the Court:

(1) the PLG's request for a Rule 16 conference [D.E. 155].

(2) the Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156];

*[Signatures follow on next page]*

DATED this 17th day of September, 2024.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs*
*and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*