UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

IN RE: Case No. 7:23-CV-897

CAMP LEJEUNE WATER LITIGATION

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

SEPTEMBER 24, 2024
STATUS CONFERENCE
BEFORE THE HONORABLE ROBERT B. JONES, JR.
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S**:

On Behalf of the Plaintiffs:

J. Edward Bell III, A. Charles Ellis, Eric W. Flynn

Appearing via telephone:

Hugh Overholt, Mona Lisa Wallace, Michael Dowling

On Behalf of the Defendant:

John Adam Bain, Sara Mirsky, Bridget Bailey Lipscomb

AMY M. CONDON, CRR, RPR, CSR
Official Court Reporter
United States District Court
Raleigh, North Carolina
Stenotype with computer-aided transcription

(Tuesday, April 4, 2024, commencing at 10:00 a.m.)

P R O C E E D I N G S

THE COURT: Good morning.

What is the status -- where are the parties on tying up loose ends in fact discovery?

MR. BELL: I'll try, Your Honor. We're pretty close. We have a deposition this Thursday of one of the ATSDR folks.

THE COURT: Is that one of the 30(b)(6)'s?

MR. BELL: Well, Judge, no, sir, it's not. This is a deposition of the head water model of Mr. Maslia. He will eventually be an expert witness as well so he'll be re-deposed for that.

THE COURT: Okay.

MR. BELL: Dr. Bove, who is the head of the ATSDR, will be deposed I think the 16th or 17th of next month, and that's been agreed upon and ready to go.

The 30(b)(6) that was out there the Government has said we may get as much information out of Dr. Bove as we need, so we've agreed to wait and see after that depo to see if there are any loose ends that need to be tied up.

There's pending a Rule 27 that I'm aware of, Your Honor, preservation deposition that's in the works. But generally I think we have two depositions, I think, from the NRC issue that are being scheduled. There's an inspection

that's been schedules, I don't recall the date, but it's been scheduled to go to Washington for two of the lawyers to look at those documents. I think -- and then after that, there will be two depositions of individuals. I think that's it, Your Honor.

THE COURT: Is Martel one of those.

MR. BELL: I'm sorry?

THE COURT: Is Martel one of those?

MR. BELL: I think so.

MR. BAIN: Yes, Your Honor. The inspection is going to take place on Monday. So we're hoping that those two depositions, Scott Williams and Susan Martel, can be scheduled before the end of the month.

THE COURT: Okay. Now, you guys are -- you guys are doing your discovery on a rolling basis. What's left?

MS. MIRSKY: Your Honor, Sara Mirsky for the United States. We have completed practically all of our productions at this point. There are a few documents that were produced natively at the beginning of discovery that we're now producing in compliance with the ESI protocol and a few other small bits of documents here and there, but otherwise we have completed all of the major productions.

And there is a document depository that the plaintiffs have set up in Raleigh that has a number of hard copy documents and tangible items that the plaintiffs have

indicated may be responsive to certain of the United States' request for production and we have a date scheduled, October 3rd, for the United States to inspect the depository, look at the contents, and we can go from there to figure out whether items need to be scanned or otherwise electronically produced.

THE COURT: Okay.

Mr. Bell, I don't really want to get too much into this because I don't -- I don't know whether they're on the call or need to be heard on it, but can you just give me a thumbnail sketch of the status of the NAS discovery? I entered a protective order.

MR. BELL: Judge, that's the inspection for Monday.

THE COURT: Okay.

MR. BELL: And the -- the documents that were withheld are going to be inspected by two attorneys that have been designated. They have -- they are operating under your protective order you signed. And if there are any issues involving that inspection, they'll be brought to the Court's attention through probably an informal process, Your Honor, since we wouldn't want to indicate what their nature of the documents are in a filing, but we'll get the Court's instructions of that.

THE COURT: All right. When do the parties envision submitting joint proposals for the nature of proof on the

water contamination phase and general causation phase?

MR. BAIN: So, Your Honor, we're very close on reaching an agreement on the language regarding Phase One. We've been sending language back and forth, and I think we're pretty close.

On Phase Two, we're ready to send some proposed language to the plaintiffs later this week for them to consider; and then if we can't reach an agreement, we can, in the next status report, put forth our positions on why we think our language should be entered on that.

THE COURT: Mr. Bell.

MR. BELL: That's correct, Your Honor.

THE COURT: Is there any update on the IME?

MR. BELL: Yes, sir. We are talking about IMEs. We think that maybe the -- initially, Your Honor, I think -- I mentioned this to Mr. Bain this morning -- our concern over an IME versus a call by a physician to talk to the party is different, maybe we miscommunicated on that, but we're talking about it. They sent -- the Government sent us a proposal, we've responded, and we're talking. We'll be setting up a meet-and-confer this week.

THE COURT: All right. Mr. Bain?

MR. BAIN: That's essentially correct, Your Honor.

THE COURT: Okay. Anything else the parties want to talk about?

MR. BELL: Nothing that's not in the status report, Your Honor, from the plaintiffs.

THE COURT: Mr. Bain?

MR. BAIN: Just in the status report, we're talking about -- starting to talk about expert discovery and when things should be produced with respect to expert witnesses.

I think we pretty much reached an agreement as to what an expert's reliance files will be and when those should be produced. We'll going to reduce that to writing and submit something formal to the Court.

We've also carved out demonstrative exhibits from the experts' disclosures and we'll be setting up a separate timeline for those. There might be some other expert issues that we include in that. So I'm hoping that we can work through those issues and get something to the Court before the next status conference on that.

And other than that, we put a statement regarding stipulations in the status report. We have been talking with the plaintiffs regarding stipulations, and I think we are going to have a further discussion later this week.

We've essentially agreed that we should keep working on them but try to put something together that we would submit to the Court that has all of the stipulations that we've agreed to prior to the water contamination phase that related to that phase.

THE COURT: Mr. Bell.

MR. BELL: That's -- we agree with that, Your Honor.

THE COURT: Okay. And then what are you waiting for the Court to rule on? What's -- what's ripe?

MR. BELL: Judge, there's an issue with the scheduling order on Track 2. I think maybe not ready, maybe not ripe yet. Of course, the Rule 16 is probably not ripe as well, so I think there's nothing that I'm aware of today that needs immediate attention.

THE COURT: Mr. Bain, what do you think?

MR. BAIN: I think that's correct. There are the things that Mr. Bell mentioned that are at the end of the status report. We do have competing proposals for Track 2 discovery that have been pending for some time, but that's I think the only thing that's essential.

THE COURT: Oh, yeah. The cancer datasets, I think there's -- is there a Rule 34 request for those?

MR. BELL: We've been told, Your Honor, that there's some cancer datasets that have been withheld. Those datasets contain only personal information of the individuals who are part of the survey that was done. We're still talking about it, but I think we'll probably be okay on that.

THE COURT: Okay. That's not going to come here for any kind of court action?

MR. BELL: If something comes up, we'll let you

know, but I think we're working on it.

THE COURT: All right. Mr. Bain, any thoughts on that one?

MR. BAIN: I'm going to ask Ms. Mirsky to handle that and one other issue.

MS. MIRSKY: Yes, Your Honor.

We agree with Mr. Bell. We made a proposed compromise to give plaintiffs a list of the cohort that was sent to the registries in advance of the study and we're hopeful that we'll be able to agree that this will be an appropriate substitute for their original 34(a) request.

And one other small piece. The parties have agreed that certain Social Security earnings and benefit forms will be signed by plaintiffs who are trial plaintiffs at this point, and they are being executed and produced on a rolling basis.

The agreed due date is October 11th, and to date we have received 4 out of the 11 executed earning forms and 9 out of the 25 executed benefit forms.

THE COURT: Mr. Bell; is that right?

MR. BELL: I don't have that data in front of me, Your Honor. But I don't doubt it.

THE COURT: Okay. And that was -- part of that, at least, was in the status report, right?

MS. MIRSKY: That's correct. Just providing an

update on where we are.

THE COURT: Thank you. All right.

Unless there's anything else, did y'all have any thoughts of our next meeting date?

MR. BELL: Judge, we would -- I took my phone out and put it in my briefcase, but we would request sometime after the 16th of October.

THE COURT: After the 16th?

MR. BELL: Yes, sir.

THE COURT: How about -- is that because you're doing a lot of work between now and then?

MR. BELL: Well, there's some other things that are interfering, Your Honor, with those dates, so...

THE COURT: Mr. Bain, what do you think?

MR. BAIN: We could do October 22nd. We do have depositions that prior week.

THE COURT: I've got a criminal term that week and mediations. How about -- I'm available Tuesday the 22nd, Wednesday the 23rd, or Friday the 25th.

MR. BAIN: I think the 22nd would be the best for us.

MR. BELL: The 22nd.

THE COURT: 22nd. Okay.

Our next conference will be Tuesday, October 22nd at 11:00 a.m.

Okay. Thank you very much.

* * *

(The proceedings concluded at 11:21 a.m.)

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

CERTIFICATE OF OFFICIAL REPORTER

I, Amy M. Condon, CRR, RPR, CSR, Federal Official Court Reporter, in and for the United States District Court for the Eastern District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 25th day of September, 2024.

Amy M. Condon
_____________________________

/s/ Amy M. Condon
Amy M. Condon, CRR, CSR, RPR
U.S. Official Court Reporter