IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | **JOINT STATUS REPORT** |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to October 30, 2024, 2,223 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Seventy-four cases have been dismissed; sixty-nine of those were voluntary dismissals and the five others were pro se cases. The cases are divided as follows: Judge Dever – 559 cases; Judge Myers – 554 cases; Judge Boyle – 548 cases; and Judge Flanagan – 562 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are more than 550,000 administrative claims on file with the Department of the Navy ("Navy"). The Navy completed automated ingestion efforts and final manual data entry of several thousand CLJA claims received up to August 10, 2024. The Navy identified several thousand duplicate CLJA claims filed since the passage of the statute and is focused on reconciling claims

1

records to address situations where multiple claims were filed by or on behalf of a single claimant. The Navy recently announced multiple strategies to accelerate claims review and settlement progress. Since announcing those strategies, the Navy accelerated review of all claims containing some substantiation and the first tranche of resulting settlement efforts have been approved by DOJ.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties' Joint Status Report of October 15, 2024 (D.E. 291) set forth competing proposals for the types of proof required to satisfy the PLG's burdens under Phase I (water contamination) and Phase II (general causation). The Parties' respective proposals were consistent in some ways, although the Joint Status Report of October 15, 2024 discussed certain differences.

Further, the Joint Status Report of October 15, 2024 included a joint proposal that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be tried before the same judge. The Parties further proposed that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be divided into logical subgroups for purposes of trials.

The Parties await further direction from the Court, if necessary, regarding these tracks.

To the extent necessary, the Parties will continue discussions concerning the types of proof required to satisfy the PLG's burdens under Phase III (specific causation and residual experts).

**(4) An update on stipulations entered into between the Parties since the last status conference**

<u>Factual Stipulations</u>

The Parties continue to meet and confer on a monthly basis regarding stipulations, consistent with CMO-2. The Parties expect that the areas of agreement and dispute will continue to sharpen as expert discovery progresses. Now that the PLG has disclosed its Phase I experts, the

2

United States hopes to propose additional stipulations relevant to the Water Contamination Phase. The Parties also continue to determine if there are other topics or subjects that warrant stipulation negotiations.

Expert Discovery

The Parties have engaged in extensive negotiations concerning the terms of a proposed Stipulated Order Regarding Expert Discovery. In general terms, the proposed stipulation would control the matters to be disclosed as "reliance files" for retained testifying expert witnesses who must provide disclosures under Fed. R. Civ. P. 26(a)(2)(B). On October 29, 2024, the PLG provided a revised draft of the proposed stipulation to the government, and on October 30, 2024, the United States responded with some questions regarding PLG's proposed revisions.

The PLG informed the United States in mid-September of their neurologist's intent to conduct medical examinations of certain Parkinson's Disease Bellwether Plaintiffs. The Parties have met and conferred on multiple occasions regarding the procedure for independent medical examinations of Trial Plaintiffs more broadly. Following these efforts, the Parties were able to achieve an agreement to a proposed amendment to CMO-11 concerning independent medical examinations of Trial Plaintiffs. The Parties anticipate promptly submitting the proposed amendment to CMO-11 for the Court's consideration.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter, and the PLG is committed to taking all actions necessary to meet the deadlines set

3

Case 7:23-cv-00897-RJ    Document 295    Filed 10/30/24    Page 3 of 11

forth in the Court's various scheduling orders. The PLG believes that the discovery process is on pace to meet all applicable deadlines. What follows is a brief description of some recent discovery issues.

Depositions

With the agreement of all Parties, the PLG is in the process of completing a few final fact-witness depositions. Frank Bove's deposition was completed on October 18, 2024. The Parties previously conducted substantial negotiations concerning a Rule 30(b)(6) Deposition of the ATSDR and a Rule 34(a) Request for Inspection related to the ATSDR's Cancer Incidence Study (the "Notice and Request"). On October 8, 2024, the Parties achieved a compromise that resolved their differences concerning the Notice and Request. In light of this compromise, the Parties agreed that the PLG could request this deposition on certain topics over which Mr. Bove lacked knowledge during his own deposition. On October 25, 2024, the PLG sent the government an email seeking clarification about one issue that may eliminate the need for the Rule 30(b)(6) Deposition of the ATSDR, and the Parties are scheduled to hold a meet and confer on November 1, 2024.

The depositions of Susan Martel and Scott Williams were previously withdrawn pending resolution of certain document production disputes with the National Academy of Sciences. Susan Martel's deposition is now re-scheduled for November 12, 2024, and Scott Williams' deposition is scheduled for November 15, 2024. The PLG's Notice of Deposition of Scott Williams included a document production request pursuant to Fed. R. Civ. P. 30(b)(1). On October 23, 2024, the government objected to the document production request. The PLG is presently evaluating the government's objection and may request a meet and confer.

Supplementations

4

Case 7:23-cv-00897-RJ    Document 295    Filed 10/30/24    Page 4 of 11

As discussed in previous Joint Status Reports (*e.g.*, D.E. 291 at p 12), the PLG served several amended and supplemented Damages Assessment Forms in full compliance with Fed. R. Civ. P. 26(e). In fact, the PLG's understanding is that such supplementations are required by Fed. R. Civ. P. 26(e). The government, however, expressed concerns about these supplementations and requested the right to conduct additional discovery in response. The PLG's position is that these disclosures were consistent with Fed. R. Civ. P. 26(e), and in any event, the government has not suffered any prejudice as a result of these supplementations because the relevant expert disclosure deadlines pertinent to damages are many months off and no trial dates have been set. Following extensive discussions, the PLG agreed on October 17, 2024 to consider on a case-by-case basis short, supplemental remote depositions limited to matters covered in the supplemented Damages Assessment Forms. In response, the government stated on October 22, 2024 that it will consider its purported need for supplemental discovery on a case-by-case basis, however, the government declined to agree that the additional discovery should be short and supplemental.

Also on October 22, 2024, the government served seven (7) sets of supplemental responses to the PLG's prior document production requests. Further, on October 25, 2024, the government requested that the PLG supplement its responses to the United States' First Set of Contention Interrogatories served on January 4, 2024.

Claw Back Issues

The government has issued at least five (5) claw back notices since July 31, 2024, and the government has clawed back approximately 3,100 documents. In order to meet the 5-day deadline for objections under CMO-5, the PLG dedicated multiple lawyers and substantial time and resources toward reviewing and analyzing the government's claw back logs and appropriately sequestering clawed back documents. Further, in order to develop the PLG's strategy with respect

5

to these voluminous claw backs and subsequently to conduct negotiations with the government, the PLG dedicated additional substantial resources and multiple lawyers who had the requisite experience to deal with these complex claw back issues. In short, the government's claw back of approximately 3,100 documents required the dedication of material resources.

The Parties have engaged in active and substantial negotiations concerning the government's claw backs. On September 17, 2024, the PLG narrowed the Parties' dispute to 63 specific documents. In that same communication, the PLG also requested that the government provide additional details concerning 272 specific documents. Subsequently, the Parties held a meet and confer and exchanged additional communications. Following these negotiations, the government produced 27 documents in redacted form on October 21, 2024. Further, on October 23, 2024, the government provided additional details concerning several clawed back documents.

On October 26, 2024, the PLG attempted to resolve this dispute by proposing to the government that the Parties request that the Court receive 7 documents for *in camera* review. The PLG's reduction of this dispute from approximately 3,100 documents down to merely 7 documents is the result of extensive negotiations and concessions. This morning, the government responded to the PLG with a counterproposal, and the Parties held a meet and confer this afternoon. PLG is presently evaluating the government's offer. These 7 documents are potentially relevant to the depositions of Susan Martel on November 12, 2024 and Scott Williams on November 15, 2024. Hence, if the Parties are not able to informally resolve these issues promptly, the PLG expects that it will respectfully request that the Court conduct an *in camera* review of these 7 documents, and in that event, the PLG would also respectfully request that the Parties be permitted to submit short position statements about each of the 7 documents submitted for *in camera* review.

The PLG has dedicated substantial time and resources to the discovery process, including both paper discovery and depositions. The PLG believes that discovery is progressing at a reasonable pace and that the Parties will be able to meet all deadlines set by the Court.

**United States' Position:**

The United States has completed substantially all of its general discovery responses, and is in the processing of finishing a small number of remaining document productions. The United States will continue to produce any Track 1 Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies on a rolling basis.

Depositions

The United States confirms that almost all fact depositions have been taken at this point. The United States recognizes additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Dr. Frank Bove, formerly ATSDR's health studies epidemiologist, was deposed on October 17-18, 2024. Susan Martel, formerly of the National Academy of Sciences, is scheduled to be deposed on November 12, 2024. Scott Williams of the United States Marine Corps is scheduled to be deposed on November 15, 2024. The United States objected to the document request included in the Notice of Deposition and Subpoena issued to Mr. Williams on October 23, 2024. The United States objected because, *inter alia*, the document request is overly broad and seeks ESI the Court already held PLG is not entitled to pursuant to the Parties' prior agreements. The United States is willing to meet and confer on this should PLG request a further discussion. Regardless, the United States believes that these depositions should proceed on the agreed-to dates.

This will conclude all of the outstanding non-plaintiff fact depositions, with the exception of the 30(b)(6) ATSDR witness PLG may still be seeking as addressed below.

With respect to discovery from the ATSDR, the Parties reached an agreed compromise regarding PLG's requested Fed. R. Civ. P. 34(a) search of certain ATSDR data related to the Cancer Incidence Study. The Parties are now discussing whether a related ATSDR Fed. R. Civ. P. 30(b)(6) deposition should take place following Dr. Bove's deposition. PLG asked Dr. Bove, the most knowledgeable person on this matter (now former ATSDR epidemiologist), a number of questions on the collection of data used in the Cancer Incidence Study, which was the subject of PLG's original Fed. R. Civ. P. 30(b)(6) deposition notice to ATSDR. PLG has since identified a potential question about the cohort lists provided to various registries. The Parties will be discussing this issue later this week, and the United States anticipates that no further deposition will be necessary following this discussion.

Discovery Relevant to Economic Damages

The United States has received all 25 Damages Assessment forms. Recently, PLG has been sending amended Damages Assessment forms for certain Track 1 Trial Plaintiffs. The United States understands that some supplementation of these forms may be necessary and appropriate. The United States continues to reserve its right to object and respond to any Amended Damages Assessment forms, to conduct permissible follow-up discovery, and, if necessary, file any appropriate motions in the same manner permitted in response to its original written discovery requests. The United States does not intend for any supplemental discovery to be broader than is necessary in light of the amended supplemental Damages Assessment forms. The United States, however, objected to PLG unilaterally limiting the United States' discovery on these new issues to PLG's proposed 10-20 minute deposition time limit.

Clawback of UST02 Documents and Scott Williams Notebook Entries

The United States began identifying documents that required claw back from a large production (the "UST02 production") of documents via a clawback log on July 31, 2024. All told, the United States is seeking the clawback of less than 1% of the UST02 production. The three clawback logs related to the UST02 production were properly made in compliance with CMO 5. The United States agrees that the Parties have met and conferred multiple times to narrow the dispute, including a meet and confer on October 30, 2024. There are now only two UST02 documents that are being discussed, and the United States hopes that the Parties will be able to resolve any issues related to these documents without Court intervention.

The United States also is seeking the clawback of five individual entries in Scott Williams's personal notebooks memorializing work and discussions with the DOJ related to ongoing litigation. The Parties met and conferred on these documents on October 30, 2024. The United States hopes that the Parties will be able to resolve any issues related to these documents without Court intervention.

**(6) Any other issues that the parties wish to raise with the Court:**

At present, the following motions are pending before the Court:

a. The PLG's request for a Rule 16 conference (D.E. 155), and
b. The Parties' respective proposed discovery plans for Track 2 illnesses (D.E. 155 & 156).

*[Signatures follow on next page]*

9

DATED this 30th day of October, 2024.

Respectfully submitted,

| | |
|---|---|
| */s/ J. Edward Bell, III* | BRIAN M. BOYNTON |
| J. Edward Bell, III (admitted *pro hac vice*) | Principal Deputy Assistant Attorney General |
| Bell Legal Group, LLC | Civil Division |
| 219 Ridge St. | |
| Georgetown, SC 29440 | J. PATRICK GLYNN |
| Telephone: (843) 546-2408 | Director, Torts Branch |
| jeb@belllegalgroup.com | Environmental Torts Litigation Section |
| *Lead Counsel for Plaintiffs* | |
| | BRIDGET BAILEY LIPSCOMB |
| */s/ Zina Bash* | Assistant Director, Torts Branch |
| Zina Bash (admitted *pro hac vice*) | Environmental Torts Litigation Section |
| Keller Postman LLC | |
| 111 Congress Avenue, Ste. 500 | */s/ Adam Bain* |
| Austin, TX 78701 | ADAM BAIN |
| Telephone: 956-345-9462 | Special Litigation Counsel |
| zina.bash@kellerpostman.com | Environmental Torts Litigation Section |
| *Co-Lead Counsel for Plaintiffs* | U.S. Department of Justice |
| *and Government Liaison* | P.O. Box 340, Ben Franklin Station |
| | Washington, D.C. 20044 |
| */s/ Robin Greenwald* | E-mail: adam.bain@usdoj.gov |
| Robin L. Greenwald (admitted *pro hac vice*) | Telephone: (202) 616-4209 |
| Weitz & Luxenberg, P.C. | |
| 700 Broadway | LACRESHA A. JOHNSON |
| New York, NY 10003 | HAROON ANWAR |
| Telephone: 212-558-5802 | DANIEL C. EAGLES |
| rgreenwald@weitzlux.com | NATHAN J. BU |
| *Co-Lead Counsel for Plaintiffs* | Trial Attorneys, Torts Branch |
| | Environmental Torts Litigation Section |
| */s/ Elizabeth Cabraser* | *Counsel for Defendant United States of America* |
| Elizabeth Cabraser (admitted *pro hac vice*) | |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | |
| 275 Battery Street, Suite 2900 | |
| San Francisco, CA 94111 | |
| Phone (415) 956-1000 | |
| ecabraser@lchb.com | |
| *Co-Lead Counsel for Plaintiffs* | |

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*