IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | AMENDED STIPULATED ORDER |
| CAMP LEJEUNE WATER LITIGATION | ) | REGARDING EXPERT EXAMINATIONS |
| | ) | OF PLAINTIFFS |
| This Document Relates to: | ) | (CASE MANAGEMENT ORDER NO. 16) |
| ALL CASES | ) | |

Plaintiffs' Leadership Group ("PLG") and the Defendant United States of America (collectively, the "Parties") jointly move to amend the stipulated order regarding expert examinations of plaintiffs (Case Management Order No. 11). [DE-149]; [DE-298]. Accordingly, the Parties stipulate to the following pursuant to Fed. R. Civ. P. 29, and the court orders:

1.      The court previously entered a stipulated order regarding expert examinations of plaintiffs (Case Management Order No. 11) in this litigation. *See* [DE-149].

2.      Given the extensive number of Camp Lejeune Justice Act ("CLJA") civil actions pending in this District, the Parties recognize the need to reach certain stipulations designed to facilitate the efficient performance of discovery. This Stipulated Order is intended to provide Defendant with sufficient opportunity to request independent medical examinations of those Plaintiffs who undergo a medical examination by a Fed. R. Civ. P. 26(a)(2)(B) expert retained by the PLG for purposes of providing testimony ("Testifying Experts").

3.      In the interest of efficiency in this large-scale litigation, the United States is willing, unless good cause is shown, to forgo expert medical examinations of a given Plaintiff if that Plaintiff will also forgo such examinations for purposes of expert testimony.

4.      In the same interest of efficiency, the PLG is willing to provide advance notice of medical examinations of individual Plaintiffs by Testifying Experts, so that the United States

does not need to begin requesting large numbers of potentially unnecessary defense expert examinations of Plaintiffs before the PLG's expert disclosures are due.

5. To that end, the PLG will provide Defendant with prompt notice once the PLG becomes reasonably certain that an expert who will conduct or has conducted a medical examination of a Plaintiff will be a Testifying Expert on that Plaintiffs behalf. For clarity, this notice must be provided in advance of the medical examination if the PLG is reasonably certain that the expert will be a Testifying Expert on the Plaintiffs' behalf. Conversely, if the PLG reasonably believes that the expert is a consulting expert (*i.e.*, nontestifying expert) on that Plaintiffs behalf, then no notice is required. However, if the PLG subsequently determines that a consulting expert who conducted a medical examination should be converted to a Testifying Expert, the PLG must promptly provide notice of the prior medical examination. In all events, Defendant's deadline to designate an expert whose opinions may be based upon a defense independent medical examination of the relevant Plaintiff shall be the later of (a) Defendant's preexisting expert disclosure deadline, or (b) forty-five days after receipt of any such notice from PLG.

6. In the event that the PLG provides notice of a mental or physical examination of a Plaintiff by an expert, the Parties will meet and confer on the duration, scope, and procedures of the Plaintiff's examination. The agreed upon procedures will apply to both the United States' and the PLG's experts. In general, the duration, scope, and procedures of one Party's examination of the Plaintiff will not preclude the other Party from seeking adjustments to these terms either through agreement of the Parties or court order.

7. Defense counsel shall provide individual plaintiff counsel and Co-Lead Counsel with the name, qualifications, and curriculum vitae of the examiner for each plaintiff at least five

(5) days before each scheduled examination.

8.        The examinations shall be a remote examination limited in scope to the injuries claimed by the Plaintiffs in this case, unless otherwise agreed upon by the Parties.

9.        The examination may be recorded by the consent of both Parties.

10.       Each party may have one attorney or non-attorney (i.e., paralegal) present at the examination. Additionally, Plaintiff may have a family member attend the examination. However, any attorney, non-attorney, or family member who attends shall observe only and not interfere in any way with the examination or communicate with Plaintiffs (or on behalf of Plaintiffs) while the examination is taking place, unless asked to do so by the examiner.

11.       All attendees are expected to conduct themselves professionally. Nothing in this agreement precludes Plaintiff's counsel from exercising the right to terminate the examination and seek a protective order pursuant to the Federal Rules of Civil Procedure, if appropriate.

12.       Both Parties' examiner's reports under this CMO shall be included in the examiner's report under Federal Rule of Civil Procedure 26(a)(2)(B). The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests.

13.       The Parties agree that there shall be no physically invasive testing procedures employed for any physical or mental examination subject to this Stipulated Order. For example, and without limitation, invasive testing prohibited by this Stipulated Order shall include blood draws, MRIs, CAT scans, DaT scans, PET scans, and other similar procedures or interventions.

14.       Plaintiffs' treating healthcare providers who are providing ongoing care are excluded from this Stipulated Order. Similarly, the PLG's consulting expert witnesses are excluded from this Stipulated Order, except as referenced in paragraph 4 above.

15. This Stipulated Order shall apply to any "physical or mental examination" as defined in Fed. R. Civ. P. 35, or the substantive equivalent of a Rule 35 examination, regardless of whether such examination is ordered by the court under Rule 35, including but not limited to interviews and all meetings between a Testifying Expert and a Plaintiff regarding a disease or condition at issue. This Stipulated Order is limited to medical experts and also applies to vocational rehabilitation experts and life care planners, or other damages experts who meet with a Plaintiff regarding a disease or condition at issue. This Stipulated Order shall not apply to an economist meeting with a Plaintiff.

16. Furthermore, the PLG agrees that the United States has a reciprocal right to have its medical experts conduct "a physical or mental examination" as set forth in Paragraphs 5 and 14 above.

SO ORDERED. This **6** day of November, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge

4