IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | **JOINT STATUS REPORT** |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to November 12, 2024, 2,252 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. 84 cases have been dismissed; 79 of those were voluntary dismissals. The cases are divided as follows: Judge Dever – 569 cases; Judge Myers – 558 cases; Judge Boyle – 556 cases; and Judge Flanagan – 569 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are more than 550,000 administrative claims on file with the Department of the Navy ("Navy"). The Navy completed automated ingestion efforts and is currently focused on completing final manual data entry of several thousand CLJA claims received up to August 10, 2024. So far, the Navy has identified several thousand duplicate CLJA claims filed since the passage of the statute. For that reason, the Navy's immediate focus after manual entry of claims

1

is reconciling claims records to address situations where multiple claims were filed by or on behalf of a single claimant.

### (3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial

The Parties' Joint Status Report of October 15, 2024 (D.E. 291) set forth competing proposals for the types of proof required to satisfy the PLG's burdens under Phase I (water contamination) and Phase II (general causation). The Parties' respective proposals were consistent in some ways, although the Joint Status Report of October 15, 2024 discussed certain differences.

Based on correspondence exchanged since that time, the United States understands that PLG do not anticipate quantifying groundwater vapor issues in the general causation reports. The United States also understands that PLG is reserving its right to address exposure resulting from vapor intrusion in the future. The United States' position is that PLG should provide notice if it will be offering any opinions regarding quantitative vapor intrusion in the future so that the United States may respond as is appropriate.

The Parties are also working to come to an agreement on language related to PLG's burdens under Phase II. The Parties are hopeful that they will be able to reach an agreement on this proposed language.

Further, the Joint Status Report of October 15, 2024 included a joint proposal that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be tried before the same judge. The Parties further proposed that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be divided into logical subgroups for purposes of trials.

The Parties await further direction from the Court, if necessary, regarding these tracks.

To the extent necessary, the Parties will continue discussions concerning the types of proof required to satisfy the PLG's burdens under Phase III (specific causation and residual experts).

**(4) An update on stipulations entered into between the Parties since the last status conference**

Factual Stipulations

The Parties continue to meet and confer on a monthly basis regarding stipulations, consistent with CMO-2. The Parties expect that the areas of agreement and dispute will continue to sharpen as expert discovery progresses. Now that the PLG has disclosed its Phase I experts, the United States hopes to propose additional stipulations relevant to the Water Contamination Phase. The Parties plan to meet this month to discuss the aspects of PLG's Phase I disclosures that are likeliest to lead to stipulations. The Parties also continue to determine if there are other topics or subjects that warrant stipulation negotiations.

Expert Discovery

The Parties have engaged in extensive negotiations concerning the terms of a proposed Stipulated Order Regarding Expert Discovery. In general terms, the proposed stipulation would control the timing and scope of matters to be disclosed as "reliance files" for retained testifying expert witnesses who must provide disclosures under Fed. R. Civ. P. 26(a)(2)(B). The PLG is presently evaluating the government's most recent proposal.

Relatedly, the United States and PLG have exchanged correspondence regarding the "reliance files" PLG produced for its Phase I experts. The Parties are continuing to meet and confer on whether all facts, data, and ~~the~~ documents considered by PLG's experts have been identified or produced pursuant to Federal Rule 26 and the proposed Stipulated Order.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

3

The PLG continues to dedicate significant time and resources to conducting discovery in this matter, and the PLG is committed to taking all actions necessary to meet the deadlines set forth in the Court's various scheduling orders. The PLG believes that the discovery process is on pace to meet all applicable deadlines. What follows is a brief description of some recent discovery issues.

Depositions

With the agreement of all Parties, the PLG is in the process of completing a few final fact-witness depositions. Frank Bove's deposition was completed on October 18, 2024. The depositions of Susan Martel and Scott Williams were previously withdrawn pending resolution of certain document production disputes with the National Academy of Sciences. Susan Martel's deposition was re-scheduled and completed on November 12, 2024, and Scott Williams' deposition is scheduled for November 15, 2024. The PLG's Notice of Deposition of Scott Williams included a document production request pursuant to Fed. R. Civ. P. 30(b)(1). On October 23, 2024, the government objected to the document production request. The PLG is evaluating the government's objection and will request a meet and confer as necessary.

Claw Back Issues

Following substantial discussions, the Parties were able to resolve their dispute concerning the government's prior claw back notices on November 5, 2024.

The PLG has dedicated substantial time and resources to the discovery process, including both paper discovery and depositions. The PLG believes that discovery is progressing at a reasonable pace and that the Parties will be able to meet all deadlines set by the Court.

**United States' Position:**

The United States has completed substantially all of its general discovery responses. The United States will continue to produce any Track 1 Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies on a rolling basis.

Depositions

The United States confirms that almost all fact depositions have been taken at this point. The United States recognizes additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Susan Martel, formerly of the National Academy of Sciences, was deposed on November 12, 2024. Scott Williams of the United States Marine Corps is scheduled to be deposed on November 15, 2024. The United States stands on its objections and responses to PLG's Notice of Deposition and Subpoena for this deposition. This will conclude all of the outstanding non-plaintiff fact depositions.

With respect to discovery from the ATSDR, the Parties reached an agreed compromise regarding PLG's requested Fed. R. Civ. P. 34(a) search of certain ATSDR data related to the Cancer Incidence Study and PLG's requested ATSDR Fed. R. Civ. P. 30(b)(6) deposition. PLG has therefore withdrawn its Fed. R. Civ. P. 34(a) search request and 30(b)(6) deposition notice.

Clawback of UST02 Documents and Scott Williams Notebook Entries

In the last Joint Status Report, Plaintiffs notified the Court of a dispute between the Parties concerning the United States' clawback of various documents under Case Management Order No. 5 (D.E. 30). The United States and Plaintiffs subsequently met-and-conferred on numerous occasions concerning the clawbacks from the UST02 production and other productions. On

November 5, 2024, the Parties successfully negotiated a compromise under which the Parties agreed that all clawback disputes to date have been fully resolved.

PLG's Request Regarding *Raymond v. United States*

PLG recently requested that *Raymond v. United States*, No. 7:23-cv-00546-BO, be withdrawn as a Track 1 Trial Plaintiff case in light of the plaintiff's current medical condition. The United States acknowledges that this is a difficult time for the plaintiff and his family, and does not wish to impose any excess burden upon them. It is the United States' position, however, that the *Raymond* case should remain in the Track 1 Trial pool. The United States is working with PLG to come to an agreeable path forward for this plaintiff and his litigation.

**(6) Any other issues that the parties wish to raise with the Court:**

At present, the following motions are pending before the Court:

a. The PLG's request for a Rule 16 conference (D.E. 155), and

b. The Parties' respective proposed discovery plans for Track 2 illnesses (D.E. 155 & 156).

*[Signatures follow on next page]*

DATED this 13th day of November, 2024.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs*
*and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*