IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | STIPULATED ORDER REGARDING |
| CAMP LEJEUNE WATER LITIGATION | ) | EXPERT DISCOVERY |
| | ) | (CASE MANAGEMENT ORDER NO. 17) |
| This Document Relates to: | ) | |
| ALL CASES | ) | |

Plaintiffs' Leadership Group ("PLG") and the Defendant United States of America (collectively, the "Parties") jointly stipulate to the following pursuant to Fed. R. Civ. P. 29, and the court orders:

1. Given the scope, breadth, and complexity of the Camp Lejeune Water Litigation, the Parties recognize the need to reach certain stipulations designed to facilitate efficient expert discovery. This Stipulated Order is intended to govern the procedures for expert disclosures in this case pursuant to Fed. R. Civ. P. 26(a)(2)(B).

2. <u>Fed. R. Civ. P. 26(a)(2)(B) Disclosure of Retained, Testifying Experts</u>. The disclosure of retained, testifying experts must be accompanied by a written report that complies with Federal Rule of Civil Procedure 26(a)(2)(B), unless otherwise specified in this Stipulated Order.

 (a) Expert reliance files will be disclosed within 7 days of the initial expert report for a retained, testifying expert;

 (b) Notwithstanding Fed. R. Civ. P. 26(a)(2)(B)(ii), the facts or data considered by a retained, testifying expert in forming the opinions in his or her final report shall not include materials protected from disclosure under this Stipulated Order (¶ 3);

(c) Notwithstanding Fed. R. Civ. P. 26(a)(2)(B)(iii), demonstrative exhibits that a retained, testifying expert intends to use to accompany his or her testimony need not be disclosed with his or her written report. The Parties will meet and confer regarding the timeline and process for exchange of demonstrative exhibits to be used to accompany expert testimony following the setting of a hearing or trial in which the expert may testify.

3. <u>Fed. R. Civ. P. 26(a)(2)(B) Expert Reliance Files—Materials Protected from Disclosure</u>. The following information and documents are not discoverable and need not be preserved, logged, or disclosed for purposes of complying with Fed. R. Civ. P. 26(a)(2), or any other rule, unless involving a communication between a retained, testifying expert and an attorney identified in one or more of the exceptions specified in Fed. R. Civ. P. 26(b)(4)(C):

(a) Any form of oral or written communications, correspondence, or work product shared only between:

(i) A retained expert and any persons employed by the expert or employed by the expert's firm;

(ii) Plaintiffs' counsel and Plaintiffs' retained experts, or between any agent or employee of Plaintiffs' counsel and Plaintiffs' retained experts;

(iii) The United States' counsel and the United States' retained experts, or between any agent or employee of the United States' counsel and the United States' retained experts;

(iv) Retained testifying and non-testifying experts;

(v) Retained non-testifying experts; and/or

(vi) Retained testifying experts;

(b) Any retained, testifying expert's notes, unless the notes constitute (i) the only record of a fact or data considered or an assumption relied upon by the expert in formulating an opinion in this case, or (ii) interview notes of persons on any Party's witness list if the retained expert participated in or conducted the interview and considered the notes in forming the opinions in his or her final report; and

(c) Drafts of expert reports, affidavits, or declarations or comments, markups, or edits prepared in connection with such drafts, in accordance with Fed. R. Civ. P. 26 (b)(4)(B).

4. <u>Fed. R. Civ. P. 26(a)(2)(B) Expert Reliance Files—Materials to Be Disclosed</u>. Subject to the limitations of the prior paragraph, the Parties agree that facts and data considered by a retained, testifying expert in forming the opinions in his or her final report will be disclosed or produced pursuant to the Stipulated Order Establishing Protocol For Document Collection and Production (CMO 8) as follows:

(a) Within 7 days of each expert report being served or disclosed:

(i) A list of all facts and data considered by the retained, testifying expert in forming the opinions in his or her report, including identification of facts and data previously produced in the case by bates-numbers of documents where they appear; and

(ii) Copies of all facts and data not already produced in the case but considered by the retained, testifying expert in forming the opinions in his or her report, unless the facts and data are accessible, in which

3

                case identification is sufficient; and

        (iii)    A list of all publications authored by the retained, testifying expert in the previous 10 years.

    (b)    Upon reasonable request, copies of all publications authored by a retained, testifying expert in the previous 10 years and that are not otherwise accessible will be produced within 7 days of the request.

5.    Other Expert Testimony. All other expert testimony shall be disclosed in the appropriate expert discovery phase, *see* [DE-270], in a manner that complies with Fed. R. Civ. P. 26(a)(2)(C).

6.    Expert Depositions. Unless otherwise agreed by the Parties, depositions of each side's experts will be conducted only after disclosure of all expert reports in a particular phase and accompanying materials for the reports. Expert witness depositions will be presumptively limited to 7 hours per expert absent agreement of the Parties or court order for good cause.

7.    Supplementation. Nothing in this Stipulated Order shall be construed to limit the Parties' duty to supplement their disclosures of experts. *See* Fed. R. Civ. P. 26(a)(2)(E), (e).

SO ORDERED. This 22 day of November, 2024.

                                                      Robert B. Jones, Jr.
                                                      United States Magistrate Judge

STIPULATED TO BY:

*/s/ Adam Bain*
Adam Bain
IN Bar No. 11134-49
Special Litigation Counsel
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209
Fax: (202) 616-4473

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426
*Counsel for Defendant*


*/s/ J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
Fax: (843) 546-9604
jeb@belllegalgroup.com
S.C. State Bar No. 631
*Lead Attorney for Plaintiffs'
Leadership Group*