IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to January 3, 2025, 2,298 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. Ninety-five (95) cases have been dismissed; ninety (90) of those were voluntary dismissals and five (5) others were pro se cases. The cases are divided as follows: Judge Dever – 580 cases; Judge Myers – 567 cases; Judge Boyle – 565 cases; and Judge Flanagan – 586 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 480,000 de-duplicated administrative claims on file with the Department of the Navy ("Navy"). The Navy completed manual data entry of several thousand CLJA claims received through August 10, 2024 and is working to publicly launch an enhanced Claims Management Portal improving every filer's ability to effectively manage their CLJA claim

1

online. The Navy will continue to work with law-firm filers to reconcile claim records and advance "Draft" claims through the review process toward settlement. Since the Navy announced multiple strategies to accelerate claims review and settlement progress, thousands of filers submitted documentation supporting their claim. The Navy accelerated review of any claim containing supporting documentation and is working to extend settlement offers as quickly as possible.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties' Joint Status Reports of October 15 and December 10, 2024 (D.E. 291 & 306) set forth competing proposals for the types of proof required to satisfy the PLG's burdens under Phase I (water contamination) and Phase II (general causation). The Parties' respective proposals were consistent in some ways, although the above-referenced Joint Status Reports discussed certain differences.

The Parties had exchanged language related to PLG's burdens under Phase I and Phase II, and, reported in the last Joint Status Report that they were hopeful in being able to reach an agreement on the proposed language for Phase I and Phase II to submit to the Court. The PLG believes that the need to submit the language is no longer necessary given the Parties' expert disclosures; the United States disagrees and believes that having language specifying the nature of proof for Phase I and Phase II would be helpful for the Parties and the Court.

Further, the Joint Status Reports of October 15 and December 10, 2024 included a joint proposal that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be tried before the same judge. These cases have now been assigned to Judge Dever. The Parties further proposed that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be divided into logical subgroups for

purposes of trials. The Parties may make additional proposals for subgroups of other diseases for purposes of trials.

The Parties await further direction from the Court, if necessary, regarding these tracks.

To the extent necessary, the Parties will continue discussions concerning the types of proof required to satisfy the PLG's burdens under Phase III (specific causation and residual experts).

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties continue to meet and confer on a monthly basis regarding stipulations, consistent with CMO-2. The Parties expect that the areas of agreement and dispute will continue to sharpen as expert discovery progresses.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. On December 9, 2024, the PLG designated general causation experts and the government designated water contamination experts. On December 16, 2024, the Parties designated reliance files for their said experts. Pursuant to the Court's Order of January 2, 2025 [D.E. 312], the PLG is preparing to designate rebuttal experts on water contamination on January 14, 2025 and residual experts on February 7, 2025.

In the Joint Status Report of December 10, 2024 [D.E. 306], the Parties discussed certain disagreements concerning physical and mental examinations by retained testifying experts of Track 1 Trial Plaintiffs. On December 11, 2024, the Parties were able to reach a compromise that resolved their disagreements and avoided the necessity of motions practice.

3

On January 8, 2025, the government is conducting a second inspection of the PLG's Document Depository that was established pursuant to the Court's Order of April 29, 2024 [D.E. 180].

**United States' Position:**

General Discovery

The United States has completed substantially all of its general discovery responses. The United States will continue to produce any Track 1 Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies on a rolling basis.

The United States confirms that all scheduled fact depositions have been taken at this point. The United States recognizes additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Independent Medical Examinations

The United States contacted PLG on November 22, 2024, to request dates for the examination of several plaintiffs, pursuant to CMO 16. Following the updated expert disclosure deadlines, including the new Phase III Residual Expert disclosure deadline, the United States reached out again on January 3, 2025, to request dates for these examinations within the first two weeks after PLG's February 7, 2025, Residual Expert disclosure deadline. To date, PLG has provided dates for 4 of the 7 plaintiffs requested by the United States in its January 3rd email. PLG has indicated that the dates for the remaining plaintiffs will be provided once their availability is confirmed. Pursuant to CMO 16, the United States will continue to schedule any exams as notifications are received from PLG.

Scanning of Depository Documents

Per agreement of the Parties, starting January 8, 2025, a member of the United States' processing team will begin scanning two boxes of documents located at PLG's depository in Raleigh. These two boxes of evidence were not produced by PLG, although PLG represented that everything in the depository was responsive to the United States' discovery requests. The United States does not anticipate any discovery dispute arising from this issue.

PLG's Production of Phase II Expert Reliance Files

Pursuant to CMO 17, "[e]xpert reliance files will be disclosed within 7 days of the initial expert report for a retained, testifying expert." The United States has encountered several deficiencies and delays in PLG's production of certain Phase II expert reliance files. Certain reliance files are otherwise deficient in meeting the requirements of Federal Rule of Civil Procedure 26.

The Parties are exchanging correspondence on the deficiencies in the reliance files production and hope the issue can be resolved without Court intervention. The United States notes, however, that it may be required to seek relief from any prejudice caused by these issues.

PLG's Production of a Co-Authored Expert Report

The United States has also requested that, pursuant to Rule 26(a)(2)(B), PLG delineate the opinions in a joint report authored by Noman Jones and Jeffrey Davis as part of PLG's Phase I disclosures in advance of the experts' depositions. The United States hopes that this issue can be resolved without Court intervention, but the depositions are currently scheduled for the end of January.

**(6) Any other issues that the parties wish to raise with the Court:**

At present, the following motions are pending before the Court:

a. The PLG's request for a Rule 16 conference [D.E. 155], and

b.  The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156].

*[Signatures follow on next page]*

DATED this 6th day of January, 2025.

Respectfully submitted,

*/s/ J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

*/s/ Zina Bash*
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs*
*and Government Liaison*

/s/ *Robin Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

*/s/ Adam Bain*
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*