# PLG's Summary of Discovery Dispute and Request for Enforcement of CMO 16's Reciprocity Provision

On November 6, 2024, the Court entered a stipulated order entitled *Amended Stipulated Order Regarding Expert Examinations of Plaintiffs* (CMO 16) (DE 300). CMO 16 outlines the procedures governing mental and physical examinations (and their functional equivalents) in cases arising under the Camp Lejeune Justice Act.

CMO 16 is the product of extensive negotiations between PLG and Defendant. Pursuant to CMO 16, the parties agreed that instead of litigating many individual motions for medical examinations pursuant to Rule 35 of the Federal Rules of Civil Procedure, Plaintiffs would grant Defendant a right to a reciprocal or mirrored examination in any case where a mental or physical examination was conducted by a testifying expert for Plaintiffs.

The mirrored nature of all physical and mental examinations reflected in CMO 16 was an essential element of the parties' compromise and a critical inducement for Plaintiffs to forego the procedural and substantive protections of Fed. R. Civ. P. 35, which would otherwise require Defendant to make the case for each examination request and allow Plaintiffs to dispute that request, shielding Plaintiffs from unnecessary or unreasonable physical examinations. Without CMO 16, Plaintiffs would and could litigate the scope of any physical or mental examination, including issues as to the length of any such examination. Under CMO 16, Plaintiffs agreed to forego the right to individualized determinations in exchange for a standardized, reciprocal approach to examinations that would ensure fairness while avoiding additional litigation.

After the entry of CMO 16, Plaintiffs began notifying Defendant of physical or mental examinations by testifying experts for Plaintiffs, along with the amount of time spent by Plaintiffs' testifying experts in conducting such examinations. The times associated with each examination are noted below, and were provided to Defendant.

## Examination Times of Plaintiff Testifying Experts

Life Care Planners

| | |
|---|---|
| Cagiano Case: 1 hour examination | Welch Case: 1 hour examination |
| Hill Case: 1 hour examination | Dyer Case: 1.4 hour examination |
| Peterson case: 2.3 hour examination | Sparks Case: 1 hour examination |
| McElhiney case: 2.6 hour examination | Rothchild Case: 1.4 hour examination |

Specific Causation Neurologists

| | |
|---|---|
| Sparks Case: 70 minute examination | Rothchild Case: 65 minute examination |
| Welch Case: 50 minute examination | McElhiney Case: 35 minute examination |
| Peterson Case: 40 minute examination | |

Defendant has refused to agree to reciprocal time limits, notwithstanding CMO 16, and the parties' intent in entering CMO 16.

The Court should reject the Defendant's position and enforce CMO 16's reciprocal-examination provision for multiple reasons.

First, the purpose of CMO 16, as is clear from the text, is to provide Defendant's experts with a mirrored or reciprocal examination. PLG will not quibble with the exact time of Defendant's expert examinations

1

down to the second, but Defendant's examinations should be approximately the same length as those of PLG and certainly not materially longer.

Second, the reciprocal-examination provision works no unfairness on Defendant. Defendant's testifying medical experts have the same access to the voluminous discovery in these cases as PLG's experts.

Third, multiple hours of expert medical examinations will cause an undue hardship on this aged and infirm Plaintiff population. Medical examinations are physically and mentally exhausting for Plaintiffs and they are sensitive and personal in nature. Submitting to such an exam is uncomfortable and stressful particularly when it is being conducted by an unfamiliar and opposing expert without personal counsel present.  This delicate form of discovery should be limited to the greatest extent possible out of respect for this class of Plaintiffs. Approximately one hour of questioning should provide ample time to solicit any additional information that Defendant's experts believe is needed.

Fourth, Defendant's requests for extended expert medical examinations would violate the principles of proportionality that lie at the core of Rule 26. Simply because "requested information is discoverable under Rule 26 does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). District courts must limit "the frequency or extent of discovery otherwise allowed if (i) ***the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome***, or less expensive; (ii) ***the party seeking discovery has had ample opportunity to obtain the information by discovery in the action***; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *In re Camp Lejeune Water Litig.*, No. 7:23-CV-897, 2024 WL 1080141, at *2 (E.D.N.C. Mar. 8, 2024) (cleaned up) (emphasis added).

Here, a reciprocal or mirrored limitation on Defendant's expert examinations is amply justified under Rule Fed. R. Civ. P. 26(b)(2)(C). For the 25 Track 1 Trial Plaintiffs, PLG has produced over 154,000 pages of documents to Defendant. These materials include thousands of pages of medical, military, financial, personal, and other records related to Plaintiffs' exposure to contaminated water at Camp Lejeune, and the physical, emotional, and economic harm each has suffered as a result. Plaintiffs have provided Defendant with signed releases for VA, military, tax, and medical records. Plaintiffs have provided Defendant with a completed 91-question Discovery Pool Profile Form for each Plaintiff, signed under oath. Every Plaintiff has been subjected to extensive deposition examination. In many cases, Defendant has also deposed each Plaintiff's friends, family members, employers, treating physicians, and other witnesses. Under the circumstances, the discovery that Defendant seeks through excessively long medical examinations is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient [or] less burdensome," and Defendant has had "ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C).

PLG therefore respectfully requests that the Court enter an order enforcing CMO 16's reciprocal-examination provision and further order that Defendant's examinations under CMO 16 shall be approximately the same length as those of PLG.