IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to January 31, 2025, 2,458 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. One hundred and three (103) cases have been dismissed; ninety-seven (97) of those were voluntary dismissals and the other six (6) others were pro se cases. The cases are divided as follows: Judge Dever – 633 cases; Judge Myers – 595 cases; Judge Boyle – 640 cases; and Judge Flanagan – 590 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 408,000 de-duplicated administrative claims on file with the Department of the Navy ("Navy"). The Navy is working to publicly launch an enhanced Claims Management Portal improving every filer's ability to effectively manage their CLJA claim online. The Navy will continue to work with law-firm filers to reconcile claim records and

1

advance "Draft" claims through the review process toward settlement. Navy plans to advance every draft claim currently contained in the Claims Management System after February 14, 2025. Approximately 30,000 CLJA claims currently contain at least one supporting document. Of those 30,000 claims, approximately 6,000 allege an injury type that may be settled under the Elective Option framework. The Navy accelerated review of those claims and is working to extend settlement offers to as many claimants as possible as quickly as possible.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties' Joint Status Reports of October 15 and December 10, 2024 (D.E. 291 & 306) set forth competing proposals for the types of proof required to satisfy the PLG's burdens under Phase I (water contamination) and Phase II (general causation). The Parties' respective proposals were consistent in some ways, although the above-referenced Joint Status Reports discussed certain differences.

The Parties had exchanged language related to PLG's burdens under Phase I and Phase II, however, the Parties have not been able to reach agreement on all such issues. The PLG believes that the need to submit the language is no longer necessary given the Parties' expert disclosures; the United States disagrees and believes that having language specifying the nature of proof for Phase I and Phase II would be helpful for the Parties and the Court. Given the Court's comments at the last Status Conference, the Parties await further direction from the Court on submitting positions on the Phase I and Phase II burdens.

Further, the Joint Status Reports of October 15 and December 10, 2024 included a joint proposal that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be tried before the same judge. These cases have now been assigned to Judge Dever. The Parties further proposed that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be divided into logical subgroups for

2

purposes of trials. The Parties may make additional proposals for subgroups of other diseases for purposes of trials, and intend to meet after the conference to discuss this further.

The Parties are also discussing the nature of the hearing on Phase I issues. Given the need to schedule the hearing subject to the availability of the District Judges and the Parties' experts, the Parties intend to seek further direction from the Court and may submit a joint or competing proposals for the hearing.

To the extent necessary, the Parties will continue discussions concerning the types of proof required to satisfy the PLG's burdens under Phase III (specific causation and residual experts).

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties discuss their positions on stipulations on a monthly basis. The Parties expect that the areas of agreement and dispute will continue to sharpen as expert discovery progresses.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. On December 9, 2024, the PLG designated general causation experts and the government designated water contamination experts. On December 16, 2024, the Parties designated reliance files for their said experts. Pursuant to the Court's Order of January 2, 2025 [D.E. 312], the PLG designated rebuttal experts on water contamination on January 14, 2025, and the PLG will designate residual experts on February 7, 2025.

**United States' Position:**

3

The United States has completed substantially all of its general discovery responses. The United States will continue to produce any Track 1 Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies on a rolling basis.

The United States confirms that all scheduled fact depositions have been taken at this point. The United States recognizes additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Expert Discovery Disclosures

The United States will be making its Phase II expert disclosures on February 7, 2025. PLG's Phase III expert disclosures are also due on February 7, 2025. The United States will review these reports as quickly as possible to confirm whether they comply with Federal Rule of Civil Procedure 26 requirements, and work the PLG on any issues that may arise.

Independent Medical Examinations

The Court heard the Parties' dispute regarding the length of time permitted for the United States' Independent Medical Examinations ("IME") by life care and neurology experts on January 31, 2025. The Court issued a ruling on February 3, 2025 [Dkt. 321], which held that the United States' reciprocal expert examinations may be scheduled for up to four hours each. The United States maintains its commitment to making these examinations as brief as possible.

The Parties have agreed on dates for seven of the eight United States' life care examinations previously noticed by PLG. These examinations are schedule to begin on February 10, 2025. The United States has asked PLG for a date for the eighth life care IME, and is awaiting PLG's response so that it may be scheduled.

Efforts are ongoing to schedule the United States' examinations for the five Plaintiffs who were examined by PLG's neurologist, all of which are Plaintiffs with Parkinson's Disease. As the United States previously reported, its Parkinson's Disease expert recently became unavailable to serve as the United States' expert due to unexpected health issues. The United States is working diligently to bring its new expert up to speed, and will schedule the neurology IMEs as soon as possible.

As referenced above, PLG's Phase III "residual" expert disclosures are due February 7, 2025. While PLG is obligated to provide notice of examinations by testifying experts, the United States will review these disclosures to determine whether additional IMEs are warranted.

Phase I Expert Depositions

The Parties have met and conferred on the dates for Phase I expert depositions. Dates have been proposed for all of the experts' depositions. Dates have been accepted and set for all but one expert deposition. The United States anticipates that the depositions will move forward without any issues.

PLG's Supplemental Responses to Contention Interrogatories and Profile Forms

On December 4, 2023, the United States served Contention Interrogatories on PLG. PLG stated at the time that it was reserving its right to supplement certain responses pending the close of fact discovery. On October 25, 2024, the United States wrote to PLG, seeking a supplementation of these responses, given that fact discovery closed in August 2024. That letter went unanswered. On January 16, 2025, the United States wrote to PLG again to seek supplementation of PLG's initial responses. PLG responded on January 31, 2025, and stated that it would be providing supplemental responses by February 16, 2025.

In the same January 16, 2025 letter, the United States also requested that PLG provide updated Discovery Pool Profile Forms ("DPPF") pursuant to PLG's ongoing discovery disclosure obligations under Federal Rule of Civil Procedure 26(e) and the Court's Order Regarding DPPFs [Dkt. 62]. PLG responded on January 31 that PLG's ongoing production of medical records satisfied its obligations under Rule 26. The United States is assessing this response and will seek to meet and confer with PLG on this issue if necessary.

**(6) Any other issues that the parties wish to raise with the Court:**

At present, the following motions are pending before the Court:

a. The PLG's request for a Rule 16 conference [D.E. 155], and

b. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156].

*[Signatures follow on next page]*

DATED this 3rd day of February, 2025.

Respectfully submitted,

| | |
|---|---|
| */s/ J. Edward Bell, III* | BRETT A. SHUMATE |
| J. Edward Bell, III (admitted *pro hac vice*) | Acting Assistant Attorney General |
| Bell Legal Group, LLC | Civil Division |
| 219 Ridge St. | |
| Georgetown, SC 29440 | J. PATRICK GLYNN |
| Telephone: (843) 546-2408 | Director, Torts Branch |
| jeb@belllegalgroup.com | Environmental Torts Litigation Section |
| *Lead Counsel for Plaintiffs* | |
| | BRIDGET BAILEY LIPSCOMB |
| */s/ Zina Bash* | Chief, Camp Lejeune Unit |
| Zina Bash (admitted *pro hac vice*) | Environmental Torts Litigation Section |
| Keller Postman LLC | |
| 111 Congress Avenue, Ste. 500 | */s/ Adam Bain* |
| Austin, TX 78701 | ADAM BAIN |
| Telephone: 956-345-9462 | Special Litigation Counsel |
| zina.bash@kellerpostman.com | Environmental Torts Litigation Section |
| *Co-Lead Counsel for Plaintiffs* | U.S. Department of Justice |
| *and Government Liaison* | P.O. Box 340, Ben Franklin Station |
| | Washington, D.C. 20044 |
| /s/ *Robin Greenwald* | E-mail: adam.bain@usdoj.gov |
| Robin L. Greenwald (admitted *pro hac vice*) | Telephone: (202) 616-4209 |
| Weitz & Luxenberg, P.C. | |
| 700 Broadway | LACRESHA A. JOHNSON |
| New York, NY 10003 | HAROON ANWAR |
| Telephone: 212-558-5802 | DANIEL C. EAGLES |
| rgreenwald@weitzlux.com | NATHAN J. BU |
| *Co-Lead Counsel for Plaintiffs* | Trial Attorneys, Torts Branch |
| | Environmental Torts Litigation Section |
| */s/ Elizabeth Cabraser* | *Counsel for Defendant United States of America* |
| Elizabeth Cabraser (admitted *pro hac vice*) | |
| LIEFF CABRASER HEIMANN & | |
| BERNSTEIN, LLP | |
| 275 Battery Street, Suite 2900 | |
| San Francisco, CA 94111 | |
| Phone (415) 956-1000 | |
| ecabraser@lchb.com | |
| *Co-Lead Counsel for Plaintiffs* | |

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*