# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
## No. 7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| | ) |
| | ) |
| This Document Relates To: | ) |
| *ALL CASES* | ) |

## JOINT NOTICE REGARDING HEARING ON MARCH 25, 2025

Pursuant to the Court's direction, the Parties submit this Joint Notice regarding the upcoming hearing on March 25, 2025.

1. The Parties are available to address any topic the Court wishes the Parties to address at the hearing. The Parties will in particular be prepared to address inquiries by the Court with regard to issues arising in Phase One, or the Water Contamination Phase.

2. The Parties respectfully advise the Court that as of the date of this filing, they have exchanged all expert reports in the Water Contamination Phase and will have completed most of the depositions for this phase before the March 25 hearing. The only experts in the Water Contamination Phase who will not have been deposed by March 25 will be the Parties' historians: Defendant expert Dr. Brigham and Plaintiff expert Dr. Longley; their depositions are scheduled for March 27 and April 3, respectively.

3. Under the existing schedule, opening briefs on the Water Contamination Phase are due April 29, 2025, and briefing will be completed on those motions by July 3, 2025. Expert discovery for Phase Two (General Causation) and Phase Three (Specific Causation) is in progress and briefing for those phases is scheduled to be completed by October 31, 2025. Order of January 2, 2025 (D.E. 312).

1

4. The Parties have agreed on the following language summarizing the nature of evidence presented by experts in the Water Contamination Phase:

> In Phase 1, the Court will be presented with evidence pertaining to the concentration levels for the chemicals in drinking (finished) water at Camp Lejeune from 1953 to 1987. To help the Court "understand the chemicals in the water at Camp Lejeune during the operative period," D.E. 247 at 2, the Parties may present evidence from experts in fields such as history, engineering, hydrology, environmental sciences and mathematical modeling pertinent to the fate and transport of contaminants in groundwater and in drinking (finished) water for family housing areas and other facilities at Camp Lejeune from 1953 to 1987. The evidence will include the contamination sources, the fate and transport of the contaminants within the groundwater underlying Camp Lejeune, the supply of water through wells to the various treatment plants at Camp Lejeune, and the distribution of the water from the treatment plants to relevant areas of Camp Lejeune during this time frame.

5. For the hearing on March 25, the Parties will be prepared for each side to give a statement, first by Plaintiffs then by Defendant, of no longer than 20 minutes each. Both sides would then be prepared to answer questions from the Court.

6. With regard to the need for a live evidentiary hearing for Phase One, the Parties' positions are as follows:

   A. **Plaintiffs' position**: The Plaintiffs' position is that there is no need for an evidentiary hearing in Phase One. As is ordinarily the case in tort litigation, the Court here can readily resolve any *Daubert* motions or dispositive motions based on the Parties' briefing without an evidentiary hearing, which would inevitably be time-consuming and resource-intensive. That approach is particularly fitting here, where Plaintiffs are relying on the federal government's own water model of the flow and transport of contaminated water on Camp Lejeune, which was developed by the federal Agency for Toxic Substances and Disease Registry for non-litigation purposes. That model establishes reasonable estimates of the toxin levels in the water available throughout the areas served by the contaminated water

systems, and the determination of those levels is all that is at issue for Phase One. To the extent questions exist relating to individual Plaintiffs who did not live or work in the areas served by the contaminated water systems, such that there are additional disputes about the Plaintiffs' possible exposure to contaminated water, those questions are not suited to be resolved in an *en banc* proceeding. Rather, those questions are best left to the particular Judge overseeing each Plaintiff's trial, where each Judge can assess the facts surrounding how the Plaintiff was exposed to contaminated water despite not living or working in the areas served by the contaminated water systems. Those are issues of specific causation. In short, in the Court's Order dated June 28, 2024 (D.E. 247, p.2), this Court stated that there would be "an expedited period of expert discovery . . . followed by *Daubert* and dispositive motion briefing, if necessary," with no mention of an evidentiary hearing. Plaintiffs agree with that approach.

B. **Defendant's position**: The United States' position is that for purposes of efficiency, the Court should hold an evidentiary hearing on the water contamination phase so that the results of that phase could be applied to all cases, as the Court has already ordered. *See* Transcript June 27, 2024, status hearing at p.8 (the Court stated it was interested in "resolving two threshold issues" including "[t]oxic chemical exposure over time through the water at Camp Lejeune" which would involve a "hearing on the issue of exposure" to "be held before the entire court"); D.E. 247, p.1 ("Before Track 1 Trials commence, the court will resolve two threshold issues: (1) toxic chemical exposure from the water at Camp Lejeune and (2) general causation for the Track 1 Illnesses.").

The Court has discretion to join the Track 1 cases for an evidentiary hearing on the common Phase One issues. *See* Fed. R. Civ. P. 42(a)(1). Holding a single evidentiary

hearing would avoid unnecessary cost and delay by eliminating the need to present duplicative evidence at multiple trials. It would also avoid the risk of inconsistent findings at those trials. And it would materially advance global resolution by helping the Parties assess the strengths and weaknesses of different cases.

The cost and delay savings from a single evidentiary hearing would be significant. The issues involved in determining chemical exposure at Camp Lejeune over the thirty-four-year period of the statute are complex. This complexity is demonstrated in the number of experts the parties have disclosed in Phase One: PLG disclosed six experts in water modeling and one historian, and the United States disclosed two experts in water modeling and one historian.

At the proposed evidentiary hearing, the United States would present evidence regarding the purpose of the water model developed by the Agency for Toxic Substances and Disease Registry to inform epidemiological studies and the limitations of its use in the context of the Camp Lejeune Justice Act. The United States would also present evidence regarding areas of Camp Lejeune that were not impacted by contaminated Camp Lejeune water systems and the limited opportunities for contaminant exposure to those who did not live or work in areas served with contaminated water.

The results of the evidentiary hearing would help the Parties assess the strengths and weaknesses of different cases by establishing early how the Court determines the chemical exposure levels present during the statutory period. This would provide a framework for deciding issues of general causation and specific causation for individual cases and for global resolution of the litigation.

7. The Parties agree that no expert or fact witnesses will be presented at the March 25 hearing. The Parties agree, subject to the Court's approval at the hearing, that each side may use limited demonstrative exhibits. The Parties will exchange any demonstrative exhibits that they will seek to present no later than March 18.

8. In addition to responding to the Court's questions on the Water Contamination Phase, the Parties will be prepared to respond to questions regarding the status of the litigation, including the progress on other phases of litigation, the status of settlements, the Parties' work with the Settlement Masters, subsequent litigation tracks, and the timing for when the Parties anticipate that Track One cases will be ready for trial.

DATED this 3rd day of March, 2025.

Respectfully submitted,

| | |
|---|---|
| /s/ J. Edward Bell, III<br>J. Edward Bell, III (admitted *pro hac vice*)<br>Bell Legal Group, LLC<br>219 Ridge St.<br>Georgetown, SC 29440<br>Telephone: (843) 546-2408<br>jeb@belllegalgroup.com<br>*Lead Counsel for Plaintiffs* | MICHAEL D. GRANSTON<br>Deputy Assistant Attorney General<br><br>J. PATRICK GLYNN<br>Director, Torts Branch<br>Environmental Torts Litigation Section<br><br>BRIDGET BAILEY LIPSCOMB<br>Chief, Camp Lejeune Unit |
| /s/ Zina Bash<br>Zina Bash (admitted *pro hac vice*)<br>Keller Postman LLC<br>111 Congress Avenue, Ste. 500<br>Austin, TX 78701<br>Telephone: 956-345-9462<br>zina.bash@kellerpostman.com<br>*Co-Lead Counsel for Plaintiffs*<br>*and Government Liaison* | /s/ Adam Bain<br>ADAM BAIN<br>Special Litigation Counsel<br>Environmental Torts Litigation Section<br>U.S. Department of Justice<br>P.O. Box 340, Ben Franklin Station<br>Washington, D.C. 20044<br>E-mail: adam.bain@usdoj.gov<br>Telephone: (202) 616-4209 |
| /s/ Robin Greenwald<br>Robin L. Greenwald (admitted *pro hac vice*)<br>Weitz & Luxenberg, P.C.<br>700 Broadway<br>New York, NY 10003 | LACRESHA A. JOHNSON<br>HAROON ANWAR<br>DANIEL C. EAGLES |

Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*