IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJUENE WATER LITIGATION ) | **SETTLEMENT MASTER** |
| ) | **STATUS REPORT** |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

**STATUS REPORT TO THE COURT RE:
CAMP LEJEUNE WATER LITIGATION SETTLEMENT STRATEGY
BY SETTLEMENT MASTERS THOMAS J. PERRELLI (JENNER & BLOCK, LLP)
AND CHRISTOPHER G. OPRISON (DLA PIPER LLP (US))**

Pursuant to Fed. R. Civ. P. 16(a)(5), 16(c)(2)(H), and 53, this Court appointed Settlement Masters Thomas J. Perrelli of Jenner & Block, LLP and Christopher G. Oprison of DLA Piper LLP (US) on July 9, 2024 to facilitate the development of a global settlement framework between the parties, the Department of Justice ("DOJ") and the Plaintiffs' Leadership Group ("PLG") (collectively the "Parties"), for all outstanding claims brought under the Camp Lejeune Justice Act ("CLJA"). Pursuant to direction of the Court, the Settlement Masters are filing the attached status memo as *Exhibit A*. As set forth therein, the Parties have agreed to the process outlined in the attached status memo and the Parties' most recent, ongoing discussions and are committed to participating in global settlement discussions in good faith based on the information resulting from that process.

*[Signatures follow on next page.]*

DATED this 21st day of March, 2025.

Respectfully submitted,

*/s/Thomas J. Perrelli*
Thomas J. Perrelli
Jenner & Block, LLP
1099 New York Ave NW
Suite #900
Washington, DC 20001
Telephone: (202)-639-6004
tperrelli@jenner.com

*/s/Christopher G. Oprison*
Christopher G. Oprison
DLA Piper LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
Telephone: (305)-423-8522
chris.oprison@dlapiper.com

*Settlement Masters*

# EXHIBIT A

 

**REPORTING MEMORANDUM**

| | |
|---|---|
| TO: | The Court |
| FR: | CLJA Settlement Masters |
| CC: | Plaintiffs' Leadership Group |
| | U.S. Department of Justice |
| DATE: | March 21, 2025 |
| RE: | Settlement Master Update: *In Re Camp Lejeune Water Litigation*, Case No. 7:23-cv-897 |

## I. BACKGROUND

- On July 9, 2024, this Court appointed Thomas J. Perrelli of Jenner & Block, LLP and Christopher G. Oprison of DLA Piper LLP (US) as joint Settlement Masters ("SMs") pursuant to Fed. R. Civ. P. 16(a)(5), 16(c)(2)(H), and 53 to develop a global settlement framework for all claims filed under the Camp Lejeune Justice Act ("CLJA"). This appointment was conditioned upon the parties, the Department of Justice ("DOJ") and the Plaintiffs' Leadership Group ("PLG") (collectively the "Parties"), effectuating contracts with the SMs to work through data security issues and compensate them for the work they would do as joint SMs.

- By September 18, 2024, the predicate contracts were effectuated and the SMs were permitted to proceed under the July 9, 2024 Order. In the interim, the SMs held several preliminary discussions with each party regarding the process of developing a global settlement framework.

- In an effort to increase the number of claims settled outside of traditional adjudication, the SMs have been working diligently with the PLG and DOJ to determine and proceed on a path toward global settlement. The settlement process operates in parallel with the litigation, which is ongoing.

  - These efforts include but are not limited to leading numerous in-person/virtual discussions; working with the parties in generating a questionnaire and other documents relevant to the settlement process; and otherwise driving the process and timeline toward global resolution.

## II. STATUS OF DISCUSSIONS WITH PARTIES

- Since appointment, subject to a few exceptions due to scheduling conflicts, the SMs have participated in weekly status calls each Friday with the Hon. James Gates, U.S. Magistrate, who was appointed by the Court to serve as liaison to the SMs.

- Since appointment, the SMs have also participated in numerous meetings, zoom calls, and discussions with each party in furtherance of settlement. In person or virtual strategy and planning meetings with the parties include the following:




1. July 15, 2024: SMs and DOJ
2. July 17, 2024: SMs and PLG
3. July 22, 2024: SMs and DOJ
4. July 31, 2024: SMs and PLG
5. August 30, 2024: SMs and PLG
6. September 5, 2024: SMs and DOJ
7. September 13, 2024: SMs and DOJ
8. September 19, 2024: SMs and DOJ
9. October 16, 2024: SMs, DOJ, and PLG
10. October 18, 2024: SMs and PLG
11. October 24, 2024: SMs and DOJ
12. October 29, 2024: SMs and PLG
13. November 13, 2024: SMs, DOJ, and PLG
14. November 25, 2024: SMs, DOJ, and PLG
15. December 4, 2024: SMs and DOJ
16. December 13, 2024: SMs, DOJ, and PLG
17. January 27, 2025: SMs and DOJ
18. January 27, 2025: SMs and PLG
19. February 5, 2025: SMs and DOJ
20. February 25, 2025: SMs and DOJ
21. March 20, 2025: SMs, DOJ and PLG

- During these meetings, the Parties discussed in depth the development of a settlement path that would seek a resolution of a broad range of cases, including cases that are in the administrative process.

- A key component of any such settlement would be a matrix that would define compensation based on a set of factors. To inform such a matrix, the Parties continue to develop a questionnaire to be administered to some subset of the claimants and expect agreement on that by on or before March 21, 2025.

- SMs also expect to begin bellwether mediations no later than the summer of 2025, which will inform the matrix.

- Based on the above, the goal would be to start synthesizing the information from the questionnaire, bellwether mediations, and interim legal rulings into a settlement, including a matrix for assigning values to claims and claimants, in the fall of 2025 such that a global settlement and settlement process could be agreed upon and claims administration ready to begin by the end of the year.

III. SETTLEMENT STRATEGY DEVELOPMENT

- The Parties have tentatively agreed to the following processes:

    1. Divide the universe of injuries/conditions that would be part of a resolution.

2




2. Extract a random sample of 2500 claimants from those potentially eligible claimants who have filed cases in court or with the Navy.

3. Finalize a questionnaire and then seek responses from the random sample to provide information to the parties that would facilitate settlement.

4. In parallel with the questionnaire process, commence a bellwether mediation process to allow the Parties to value individual cases and understand the impact of factual differences, confounders, etc. with a target mediation start date no later than the summer of 2025.

5. As Track 1 litigation progresses, identify and negotiate a narrow set of legal rulings that will assist the parties in developing a matrix of factors and evaluating the values of certain types of claims. To the extent the Parties identify legal rulings that will assist in global resolution but might not be raised in the Track 1 litigation, the parties would seek approval from the Court on how to raise the issue and then develop the approved approach, including relevant timelines and briefing schedules.

6. Negotiate a global (or at least broad) matrix-style settlement.

- Further details related to this generalized agreement are being negotiated by and between the Parties, and the SMs will provide the Court with greater details when developed.

## IV. CONCLUSION

- The SMs continue to seek a resolution of a large number of the present claims within eighteen (18) months of the appointment, that is, by the end of 2025, although implementation of such a settlement will require additional time. Meeting this time frame will require the Parties' continued commitment to reaching a resolution.

### 

3