# EXHIBIT 13

 

**U.S. Department of Justice**
Civil Division, Torts Branch
Environmental Torts Litigation

---

*Hanley W. Gibbons, Trial Attorney*
*Telephone: (202) 856-8254*
*Facsimile: (202) 616-4989*
*Email: Hanley.W.Gibbons@usdoj.gov*

**VIA EMAIL**                                                                      January 09, 2025

Ed Bell
Bell Legal Group
751 Corporate Center Drive
Raleigh, NC 27607

Zina Bash
Keller Postman
1101 Connecticut Ave
Washington, DC 20036

Devin Bolton
Weitz & Luxenberg
700 Broadway
New York, NY 10003

      **Re:**    *In re Camp Lejeune – Expert Reliance Materials*

Counsel,

      The reliance materials produced for Dr. Longley's December 9, 2024 Report remain deficient. My December 20, 2024 letter raised a number of deficiencies which were not addressed by your December 27, 2024 letter, the three declarations you produced, or the reliance list provided 18 days after the Report. As outlined in my initial letter, Rule 26 and CMO 17 set out the materials an expert must produce. Nonetheless, the United States still has not received the complete reliance materials now 31 days past the Report's deadline and 22 days past when the reliance materials were due.

      First, PLG has still not provided all materials related to the declarations and oral histories Dr. Longley cites in his report.[1] Dr. Longley cites to the "Oral Historian statement, Retired Master Sergeant Jerry Ensminger," Report at 19, 43, but he has not provided a transcript, recording, or other memorialization of this statement. Similarly, Dr. Longley cites to a "Oral History via Zoom with Allan Howard, 30 August 2024," Report at 10, 32, but no memorialization of this call has

---

[1] On December 27, in response to my initial letter, PLG provided only the declarations of Plaintiffs Gary McElhiney, Allan Howard, and Jacqueline Tukes, all of which are cited in the report.

been provided. Please produce all memorializations of these oral histories including all transcripts and recordings. Additionally, my December 20, 2024 letter requested that you confirm "that Dr. Longley does not have any notes from phone calls, declarations from plaintiffs or other individuals," which you have not yet provided. *See also* Report at 48 ("I have also been provided with oral history interview information from one or more individuals as indicated below."). We again request that you provide all documentation and notes related to the three Plaintiff declarations, two oral histories, and any other communications between Dr. Longley and the Plaintiffs or other individuals that Dr. Longley relied upon, and confirm that all materials have been provided or that no such documents exist.

Second, Dr. Longley relies on many documents not readily available in the public sphere and not otherwise produced in the litigation. The United States has conducted a reasonable search for all the materials Dr. Longley identified, but has been unable to find numerous cited sources. Dr. Longley relies on numerous materials that appear to reside within archival collections without sufficient detail to identify the location or information regarding the source to determine whether the materials are publicly available. For example, number 112 of Dr. Longley's reliance list is "U.S. Marine Corps, Black Marines Reference Collection, 5958, A/33/K/3/3 Box 3 of 6" but the entry does not specify where this collection is located, and we have not been able to locate such a collection through the description provided. Other items such as number 154, "Water babies video (still shots)" have no identified source at all. Additional materials we have not been able to locate in the public domain are included in Attachment 1. Please produce all such documents listed in Attachment 1.

Third, Dr. Longley's Reliance List, which was provided on December 27, 2024 in response to my initial letter, does not comply with CMO 17 because it does not identify produced documents by bates-number. CMO 17 requires "[a] list of all facts or data considered by the retained, testifying expert…*including identification of documents previously produced in the case by bates-number*…[.]" *Id.* (emphasis added). Dr. Longley's list does not. *Compare* Reliance List No. 12 (" The Camp Lejeune Globe, Camp Lejeune, N.C., 26 June 1952.") *with* No. 13 ("The Globe, Camp Lejeune, N.C., Jan. 8, 1953, Bates 00897_PLG_0000053480 to 00897_PLG_0000053486.") Further, number 119 in Dr. Longley's Reliance List is "U.S. Marine Corps, "Master Plan for the Development and Utilization of the Camp Lejeune Area," 24 March 1970 [CLJ0257940]," however, "CLJ0257940" does not appear to be a valid bates number. Additional documents with missing or deficient bates numbers are included in Attachment 1. Please produce an Amended Reliance List that complies with CMO 17.

Fourth, PLG has not complied with the requirement of Federal Rule of Civil Procedure 26(a)(2)(B)(v) that expert reports contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Dr. Longley lists by name one case in Oregon and 17 "Immigration Cases [provided declarations and sometimes testimony on

country conditions via Zoom in immigration court in New York, Pennsylvania, New Mexico, and Texas].” This list does not allow the United States to locate the cases. Dr. Longley does not even note the filing state (New York, Pennsylvania, New Mexico, or Texas) for each case. Further, after listing the 17 immigration cases, Dr, Longley states, "This listing is based on a reasonable search, and I reserve the right to amend at a future date should it become necessary." Please provide a complete list of all cases in which Dr. Longley has testified as an expert at trial or by deposition including the specific court of each proceeding and sufficient information to allow the United States to locate the case.

The deficiencies in Dr. Longley's reliance materials continue to prejudice the United States' ability to respond. Please remedy these deficiencies no later than January 16, 2025. We are available to meet and confer as needed on this issue. If we do not receive the information that Dr. Longley is required to disclose under Fed. R. Civ. P. 26, we will consider pursuing remedies available to us under the federal rules, including moving to exclude Dr. Longley's opinions under Fed. R. Civ. P. 37.

The United States continues to review the voluminous records provided in your expert disclosures and reserves the right to raise additional deficiencies should they become apparent.

Respectfully,

*/s/ Hanley W. Gibbons*
Hanley W. Gibbons
Trial Attorney
U.S. Department of Justice
Environmental Torts Litigation

Enclosures:
Attachment 1 – Deficient Reliance Materials