| | |
|---|---|
| IN RE: | ) |
| | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| | ) |
| This Pleading Relates to: | ) |
| ALL CASES | ) |
| _____ | ) |

**PLAINTIFFS' LEADERSHIP GROUP'S MOTION TO COMPEL**
**SSPA BILLING RECORDS**

Plaintiffs, by and through the undersigned Lead Counsel and Co-Lead Counsel (collectively, "Plaintiffs' Leadership Group"), move this Court for an Order compelling the production of S.S. Papadopulos & Associates, Inc.'s ("SSPA") billing records, pursuant to Federal Rules of Civil Procedure 26, 37(a)(3)(B), and 45, Local Civil Rule 7.1(c)(1), and United States Magistrate Judge Robert B. Jones, Jr.'s Amended Order entered on November 21, 2023.[1] Plaintiffs exchanged a good faith letter with the Department of Justice ("DOJ"), to no avail on April 16, 2025, that addressed the PLG's subpoena for pre-2022 documents. Further, there was discussion by the Parties at the status conferences on April 7, 2025; April 28, 2025; and May 5, 2025, where the Court authorized the filing of the instant Motion via email.

In support of this Motion, Plaintiffs rely on the Memorandum and exhibits attached and offer the following:

---

[1] The request at issue was originally part of Plaintiffs' Notice of Rule 30(b)(1) Individual Deposition Notice and requests for Production of Documents to Dr. Hennet, with an accompanying subpoena, Exhibit A, request Nos. 6 & 7, which were served on February 12, 2025. The PLG took Dr. Hennet's depositions on March 20, 2025. Following several good faith letters and emails, meet and confers, and status conferences, where counsel worked to resolve this discovery dispute, the Parties are unable to reach a resolution for the full disclosure of documents.

1

1. Plaintiffs' Deposition notice, subpoena, and Attachment A for Dr. Hennet was served on February 12, 2025. Plaintiffs' Leadership Group ("PLG") sought basic discoverable documents about when Dr. Hennet started working for the DOJ on Camp Lejeune water contamination.

2. The DOJ has produced billing records for SSPA for services rendered from August 2022 through January 2025 but no records regarding pre-2022 work related to Camp Lejeune.

3. On April 16, 2025, the PLG sent a letter to the DOJ to request the production of pre-2022 SSPA compensation records.

4. The PLG believes the substantive work done by SSPA at Camp Lejeune (i.e., selecting the wells, directing which wells be drilled, and taking samples at particular wells during the time frame that the ATSDR was conducting its modeling work; mapping water level gradients and groundwater flow direction around Camp Lejeune; and shutting down water supply wells based on contaminants in the soil) is discoverable as it is relevant, proportional to the needs of this case, and not unduly burdensome.

5. Dr. Hennet testified in his deposition that he and SSPA have performed work related to Camp Lejeune since at least 2005 and such records are searchable through a billing software program. Hennet Deposition at 16-17, 25-26, and 93.

6. On April 21, 2025, the DOJ answered the PLG letter and claimed to be "working to determine if and to what extent compensation information or documents still exist related to SSPA's work for DOJ in past Camp Lejeune litigation. The United States will supplement its production with 'basic' compensation information or documents related to SSPA's work for DOJ in past Camp Lejeune litigation to the extent it exists."

2

7. The Parties outlined this same argument in the Joint Status Report filed on April 21, 2025.

8. The PLG continued its efforts to resolve these matters without court intervention by emailing the DOJ twice on April 24. The two electronic mail communications maintained the PLG's request for this "basic" compensation information (e.g., the identity of the person doing the work, the work being performed, and the number of hours worked per task or per day) related to SSPA's work for the DOJ in the past.

9. On April 25, 2025, the DOJ responded by email, stating: "We're also working to identify and gather available compensation information related to past Camp Lejeune litigation and will supplement our production once we have it."

10. At the status conference on April 28, 2025, the Parties addressed the Court, in relevant part, by stating that the billing records provide information underlying the issue of water contamination investigation and remediation at Camp Lejeune in early 2005 and thereafter.

11. After considerable discovery delay, on May 1, 2025 the DOJ emailed the PLG that "the United States has confirmed through internal documentation that Dr. Remy Hennet was retained by the Department of Justice as of February 25, 2005 in *Gros v. Unites States*, No. CIV.A.H-04-4665 (S.D. Tex.), an action under the Federal Tort Claims Act claiming personal injury as a result of exposure to contaminated water at Camp Lejeune."

12. Plaintiffs have communicated via electronic mail, in meet and confers, and in person at status conferences with opposing counsel in a good faith attempt to resolve these

3

Case 7:23-cv-00897-RJ    Document 381    Filed 05/12/25    Page 3 of 6

continued requests for production of documents. Such previous attempts at resolution of this matter have been similarly unsuccessful.

13. The discovery is relevant, proportional to the needs of this case, and reasonable to assess bias; thus, this Motion is proper and immediately warranted.

14. As required by Local Rule 7.2 of the Local Civil Rules of Practice and Procedure, the present motion is accompanied by a supporting Memorandum of Law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant this Motion pursuant to Fed. R. Civ. P. 37.

*[Signature page to follow.]*

DATED this 12th day of May 2025.

| | |
|---|---|
| */s/   J. Edward Bell, III* | */s/   Zina Bash* |
| J. Edward Bell, III (admitted *pro hac vice*) | Zina Bash (admitted *pro hac vice*) |
| Bell Legal Group, LLC | Keller Postman LLC |
| 219 Ridge St. | 111 Congress Avenue, Suite 500 |
| Georgetown, SC 29440 | Austin, TX 78701 |
| Telephone: (843) 546-2408 | Telephone: 956-345-9462 |
| jeb@belllegalgroup.com | zina.bash@kellerpostman.com |
| | |
| *Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs and Government Liaison Counsel* |
| */s/   Elizabeth J. Cabraser* | */s/   W. Michael Dowling* |
| Elizabeth J. Cabraser (admitted *pro hac vice*) | W. Michael Dowling (NC Bar No. 42790) |
| Lieff Cabraser Heimann & Bernstein, LLP | The Dowling Firm PLLC |
| 275 Battery Street, 29th Floor | Post Office Box 27843 |
| San Francisco, CA 94111 | Raleigh, North Carolina 27611 |
| Telephone: (415) 956-1000 | Telephone: (919) 529-3351 |
| *ecabraser@lchb.com* | mike@dowlingfirm.com |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |
| */s/   Robin L. Greenwald* | */s/   James A. Roberts, III* |
| Robin L. Greenwald (admitted *pro hac vice*) | James A. Roberts, III |
| Weitz & Luxenberg, P.C. | Lewis & Roberts, PLLC |
| 700 Broadway | 3700 Glenwood Ave., Ste. 410 |
| New York, NY 10003 | Raleigh, NC 27612 |
| Telephone: 212-558-5802 | Telephone: (919) 981-0191 |
| rgreenwald@weitzlux.com | jar@lewis-roberts.com |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |

*/s/   Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that the foregoing document was electronically filed on the Court's CM/ECF system on this date, and that all counsel of record will be served with notice of the said filing via the CM/ECF system.

This the 12th day of May 2025.

*/s/ J. Edward Bell, III*_____

J. Edward Bell, III