IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No.: 7:23-CV-00897

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| | ) |
| This Pleading Relates to: | ) |
| ALL CASES | ) |
| | ) |

**PLAINTIFFS' LEADERSHIP GROUP'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF SSPA'S BILLING RECORDS**

**SUMMARY OF THE NATURE OF THE CASE**

This matter comes before the Court on Plaintiffs' Leadership Group's ("PLG") Motion to Compel the production of S. S. Papadopulos & Associates, Inc.'s ("SSPA") billing records prior to 2022, before the Camp Lejeune Justice Act was enacted, but at a time the Department of Justice ("DOJ") claims SSPA was contracted to work on the DOJ's defense of litigation related to Camp Lejeune. The DOJ opposes this motion and improperly withholds such documents based on their belief that they have satisfied Rule 26 and compliance with the subpoena would be overly broad, unduly burdensome, and not proportional to the needs of the case. The DOJ's refusal to produce the documents is unreasonable, prejudicial, and impedes the PLG's ability to adequately and effectively litigate the water contamination issues at Camp Lejeune.

Plaintiffs respectfully request this Court to enter an Order compelling the production of documents from SSPA pursuant to Federal Rules of Civil Procedure 26 and 45 and other applicable law. In support of this motion, Plaintiffs show as follows:

**INTRODUCTION**

The DOJ has designated Remy Hennet, Ph.D., PG, CPG as a water modeling expert in this

1

litigation. Dr. Hennet is employed by SSPA. The PLG's Notice of Rule 30(b)(1) Individual Deposition Notice and Request for Production of Documents to Dr. Hennet, with an accompanying subpoena pursuant to Rule 45, Attachment A, request Nos. 6 & 7, was served on February 12, 2025. (**Exhibit 1**). Counsel for the PLG took the deposition of Dr. Hennet on March 20, 2025, and after the deposition, the PLG reiterated the subpoena request, clarifying the scope of the request dating back to billing records from the initial DOJ contract with SSPA related to Camp Lejeune, to the extent they exist. The DOJ's current productions in response to Dr. Hennet's subpoena are inadequate. The Parties have met and conferred and exchanged several good faith letters and emails in an attempt at resolution, but the Parties now seek Court resolution.

## FACTUAL AND PROCEDURAL BACKGROUND

The PLG has met and conferred and exchanged numerous letters and emails with the DOJ to address this discovery dispute, yet the Parties have been unable to resolve certain disagreements regarding the production of documents in response to a subpoena served with the deposition notice of DOJ expert Dr. Hennet. On March 28, 2025, the parties met and conferred regarding the DOJ's inadequate document production in response to the PLG's Notice of Rule 30(b)(1) Individual Deposition Notice and Request for Production of Documents to Dr. Hennet. The PLG followed up by letter on April 16, 2025, regarding the deficient billing production. (**Exhibit 2**). The PLG maintained its argument for such documents: the billing records are relevant to establish the substantive work done by SSPA at Camp Lejeune (**Exhibits 3 & 4**); and the billing records for Camp Lejeune-related work since at least 2005 are accessible to SSPA, which were testified to in Dr. Hennet's deposition. (**Exhibit 5**).

On April 21, 2025, the DOJ answered that PLG letter and claimed to be "working to determine if and to what extent compensation information or documents still exist related to

SSPA's work for DOJ in past Camp Lejeune litigation. The United States will supplement its production with 'basic' compensation information or documents related to SSPA's work for DOJ in past Camp Lejeune litigation to the extent it exists." (**Exhibit 6**).

This same argument was presented to the Court in the Joint Status Report filed on April 21, 2025. (**Exhibit 7**). Thereafter, the PLG continued its efforts to resolve these matters without court intervention by emailing the DOJ twice on April 24. Those emails (1) reminded the DOJ that it had agreed to produce documents "with 'basic' compensation information or documents related to SSPA's work for DOJ in the past" (**Exhibit 8**); and (2) explained that PLG asserts that the past billing records are relevant because it appears that SSPA (and specifically Dr. Hennet) was doing work for the Navy regarding investigations related to Camp Lejeune in the 2005 time frame. (**Exhibit 9**).

On April 25, 2025, the DOJ responded by email, stating: "We're also working to identify and gather available compensation information related to past Camp Lejeune litigation and will supplement our production once we have it." (**Exhibit 10**).

At the status conference on April 28, 2025, the Parties addressed the Court, in relevant part, by stating that the billing records provide information underlying the issue of water contamination investigation and remediation at Camp Lejeune in early 2005 and thereafter. (**Exhibit 11 at 12-14**).

After considerable discovery delay, on May 1, 2025 the DOJ emailed the PLG that "the United States has confirmed through internal documentation that Dr. Remy Hennet was retained by the Department of Justice as of February 25, 2005 in *Gros v. Unites States*, No. CIV.A.H-04-4665 (S.D. Tex.), an action under the Federal Tort Claims Act claiming personal injury as a result of exposure to contaminated water at Camp Lejeune." (**Exhibit 12**).

As of the date of filing of this Motion, the DOJ has not produced any time records for Dr. Hennet's or anyone from SSPA's work on Camp Lejeune matters prior to August 2022.

## LEGAL STANDARD

Relevance is broadly construed, and "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "[W]hile Rule 26 mandates certain expert disclosures and provides certain discovery protections, it nowhere expressly precludes expert discovery pursuant to the catchall discovery Rule, Rule 26(b)(1)." *Noveletsky v. Metropolitan Life Ins. Co.*, No. 2:12-cv-21-NT, 2012 WL 11802597, at *2 (D. Me Oct. 19, 2012). The Federal Rules set a floor—they prescribe the minimum types of expert billing records that are required to be produced. Nothing in the Rules prevents parties from seeking additional, relevant documents from expert witnesses. *Id*. at *2-4; *Burris v. Ethicon, Inc.*, No. 2:14-CV-24320, 2019 WL 13195497, at *1 (S.D.W.Va. Nov. 7, 2019) (requiring production of "all invoices and payment documents related to [expert's] services rendered in generating a report or testifying as an expert witness in any pelvic mesh case during the past five years"). Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." The SSPA billing records that date back to 2005 are relevant in that the records make the fact of consequence, the investigation of water modeling by SSPA and reliability of the associated water and soil tests, more or less probable.

The records are also proportional to the needs of this case and are not overly burdensome. In addressing proportionality, as part of a totality-of-circumstances analysis, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative

4

access to *relevant* information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) There is a high probability that SSPA's billing records are relevant to water modeling disputes regarding the reliability of the Agency for Toxic Substances and Disease Registry's ("ATSDR") work. During Dr. Hennet's deposition, he testified that he and SSPA have performed work related to Camp Lejeune since at least 2005 and such records are searchable through a billing software program. Hennet Deposition at 16-17, 25-26, and 93. Further, the billing records do not contain sensitive information. Rather, the PLG seeks the "basic" compensation information or documents related to SSPA's work for the DOJ in the relevant time period of work performed at Camp Lejeune. These documents are discoverable because they relate to substantive work done by SSPA at Camp Lejeune for decades.

Independently, the records are discoverable because they go to bias—SSPA (and Dr. Hennet, in particular) has been billing the DOJ for work related to Camp Lejeune for twenty years, but has only produced records for approximately two years (during which they billed over $2 million). *See, e.g., Burris v. Ethicon, Inc.*, No. 2:14-CV-24320, 2019 WL 13195497, at *1 (S.D.W.Va. Nov. 7, 2019) ("an expert's financial gain from testimony in a particular type of case, or on behalf of a specific law firm or party, is relevant to credibility and is appropriate subject matter for impeachment.")

To the extent that the DOJ claims that this discovery is irrelevant, overly broad, unduly burdensome or unreasonable, which the PLG denies, it is the DOJ's burden to demonstrate this, and the DOJ cannot do so. *Ashmore v. Allied Energy, Inc*. 2016 WL 301169, at *3 (D.S.C. Jan. 25, 2016) ("'Generally, the party resisting discovery bears the burden of showing that the requested discovery is irrelevant to the issues or is overly broad, unduly burdensome, unreasonable, or

5

oppressive.'"). The DOJ has been investigating the issues before this Court for over twenty years and the work performed, the experts retained to perform it, and the opinions rendered are highly relevant.

## ARGUMENT

### A. Pre-CLJA Billing Records are Relevant and Discoverable.

The PLG seeks billing records for SSPA's work on Camp Lejeune-related matters conducted before Dr. Hennet was retained for this specific CLJA litigation. These documents were requested via Rule 45 subpoena which sought relevant documents *in addition to* the documents that are automatically required to be produced pursuant to Federal Rules of Civil Procedure 26(b)(4)(C)(i) and 26(a)(2)(vi).[1]

The documents sought by PLG are relevant, proportional, and discoverable because they relate to substantive work done by SSPA at Camp Lejeune (*i.e.*, selecting the wells, directing which wells be drilled, and taking samples at particular wells during the time frame that the ATSDR was conducting its modeling work; mapping water level gradients and groundwater flow direction around Camp Lejeune; and remediating water supply wells with contaminants) and therefore are relevant to the assessment of the SSPA experts' opinions in this case. The PLG requests the historic billing records so as to evaluate what SSPA did at Camp Lejeune during the time frame that PLG's expert, Morris Maslia, was evaluating the water contamination for the ATSDR.

Billing records recently produced by the DOJ state that Dr. Hennet spent time right after he was hired for the CLJA case "dearchiving" and that Saul Allen at SSPA spent time on "inquiries

---

[1] Federal Rule of Civil Procedure 26(b)(4)(C)(i) provides that communications that "relate to compensation for the expert's study or testimony" are discoverable. A witness must provide a written report with "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(vi). Furthermore, Federal Rule of Civil Procedure 45(e) outlines the duty to respond to a subpoena with the documents "kept in the ordinary course of business," such as from SSPA's billing software program.

6

about past RH expert reports, summary of things that were done in the past, etc." (**Exhibit 13**). Mr. Allen also "review[ed] old materials and beg[a]n listing data sources." (**Exhibit 14**). These documents support the contention that the SSPA experts relied on and reviewed their pre-2022 work and other SSPA pre-2022 work; thus, it is relevant to this case and the PLG is entitled to know what work SSPA did in the past.

DOJ has failed to produce pertinent information of which it is impracticable for the PLG to obtain facts or opinions on the same subject by other means. Dr. Hennet has been working since early 2005 to consult with the DOJ, access data, and propose well locations for sampling and remediation. The historic knowledge of Underground Storage Tank data that Dr. Hennet had access to in 2005 means he had years to consider his opinions and report disagreements with ATSDR, if he had them. Any opinions Dr. Hennet is now expressing may well be contradicted by his past work. In fact, Dr. Hennet adopted ATSDR's model in the *Washington v. Dep't of the Navy*, 446 F. Supp. 3d 20, 23 (E.D.N.C. 2020) case and now disavows ATSDR's model for the current litigation. The billing records with their accompanying descriptions are the only method to recover this information on what substantive work was done by whom and when—an exceptional circumstance. Producing only Dr. Hennet's past two years of billing records at Camp Lejeune misrepresents the scope of Dr. Hennet's work related to Camp Lejeune and the work the DOJ has contracted this expert firm to perform at Camp Lejeune. Thus, communications both within SSPA that relate to hours billed (time records), and communications from SSPA to the DOJ regarding what work was performed that is reflected on the bills are proportional to the discovery needs.

SSPA's pre-2022 billing records are also discoverable because they go to reliability, credibility, and bias. SSPA has been billing the DOJ for work related to Camp Lejeune for twenty years, but has only produced records for approximately two years (during which they billed over

$2 million). The billing records are relevant fodder for impeachment of an expert witness' credibility, and as such, the PLG is entitled to this discovery for use at trial.

Moreover, the production of "basic" compensation records pertaining to and reflecting the DOJ's work with and contracts with SSPA is relevant, proportional to the needs of this case, and reasonable to assess bias.

## **CONCLUSION**

For the foregoing reasons, the PLG respectfully requests the Court to Order the DOJ to produce the SSPA billing records that are responsive to its discovery request made via subpoena.

*[Signature page to follow]*

DATED this 12th day of May 2025.

| | |
|---|---|
| */s/ J. Edward Bell, III* | */s/ Zina Bash* |
| J. Edward Bell, III (admitted *pro hac vice*) | Zina Bash (admitted *pro hac vice*) |
| Bell Legal Group, LLC | Keller Postman LLC |
| 219 Ridge St. | 111 Congress Avenue, Suite 500 |
| Georgetown, SC 29440 | Austin, TX 78701 |
| Telephone: (843) 546-2408 | Telephone: 956-345-9462 |
| jeb@belllegalgroup.com | zina.bash@kellerpostman.com |
| | |
| *Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs and Government Liaison Counsel* |
| | |
| */s/ Elizabeth J. Cabraser* | */s/ W. Michael Dowling* |
| Elizabeth J. Cabraser (admitted *pro hac vice*) | W. Michael Dowling (NC Bar No. 42790) |
| Lieff Cabraser Heimann & Bernstein, LLP | The Dowling Firm PLLC |
| 275 Battery Street, 29th Floor | Post Office Box 27843 |
| San Francisco, CA 94111 | Raleigh, North Carolina 27611 |
| Telephone: (415) 956-1000 | Telephone: (919) 529-3351 |
| *ecabraser@lchb.com* | mike@dowlingfirm.com |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |
| | |
| */s/ Robin L. Greenwald* | */s/ James A. Roberts, III* |
| Robin L. Greenwald (admitted *pro hac vice*) | James A. Roberts, III |
| Weitz & Luxenberg, P.C. | Lewis & Roberts, PLLC |
| 700 Broadway | 3700 Glenwood Ave., Ste. 410 |
| New York, NY 10003 | Raleigh, NC 27612 |
| Telephone: 212-558-5802 | Telephone: (919) 981-0191 |
| rgreenwald@weitzlux.com | jar@lewis-roberts.com |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that the foregoing document was electronically filed on the Court's CM/ECF system on this date, and that all counsel of record will be served with notice of the said filing via the CM/ECF system.

This the 12th day of May 2025.

*/s/ J. Edward Bell, III*_____

J. Edward Bell, III