IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

IN RE: )
)
CAMP LEJEUNE WATER LITIGATION )
)
This Document Relates to: )
ALL CASES )
_____ )

### PLAINTIFFS' AMENDED NOTICE OF RULE 30(b)(1) INDIVIDUAL DEPOSITION NOTICE

TO: Defendant United States of America
c/o Adam Bain, U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26 and 30(b)(1), the stenographic and video-recorded deposition of the following witness will be taken as set forth below, and thereafter by adjournment until the same shall be completed:

**WITNESS:** Remy J.-C. Hennet
**TIME and DATE:** 3/20/2025 at 9:00am EST
**LOCATION:** 401 9th St. NW, Ste. 630, Washington, DC, 20004
**MANNER OF TAKING:** In-Person

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The deposition will be recorded via stenographic transcription and videotape for purposes of discovery and use at trial.

Deponent(s) who are parties, are required by this notice to be present for their depositions. The attendance of the deponent(s) who are not parties will be secured by subpoenas (copy attached), unless the deponent has agreed to be present for his/her/its deposition, is a present or former employee or expert retained by a defendant and the party will make the witness available without Plaintiffs' counsel contacting this witness and discussing the case and securing his attendance at this deposition. If you

1

do not agree to make such person available for this deposition to which you have certain control, please advise within five (5) days of the date of this notice so that contact may be made with the witness to discuss their testimony and their attendance secured.

Please take further notice that the person to be examined is required to produce, ten (10) business days before the date of the deposition, any document relied upon by the deponent, prior to the commencement of the deposition, including but not limited to all documents requested on Exhibit A attached hereto.

You are invited to attend and take such part as is fit and proper.

Respectfully submitted this 18th day of March, 2025.

*/s/  J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com

*Lead Counsel for Plaintiffs*

*/s/  Elizabeth J. Cabraser*
Elizabeth J. Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com

*Co-Lead Counsel for Plaintiffs*

*/s/  Robin L. Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

*/s/  Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*

*/s/  Zina Bash*
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com

*Co-Lead Counsel for Plaintiffs and Government Liaison Counsel*

*/s/  W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com

*Co-Lead Counsel for Plaintiffs*

*/s/  James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
jar@lewis-roberts.com

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Amended Notice of Videotaped Deposition to Remy J.-C. Hennet was sent to Counsel for Defendant on the 18th day of March 2025, by electronic mail at the following electronic mail address: adam.bain@usdoj.gov.

                                                   */s/ J. Edward Bell, III*
                                                   J. Edward Bell, III
                                                   *Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

| | |
|---|---|
| In RE: Camp Lejeune Water Litigation ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 7:23-CV-897 |
| United States of America ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Remy J.-C. Hennet
5901 Overlea Road, Bethesda, MD, 20816-2455

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Motley Rice LLC, 401 9th St. NW, Ste. 630, Washington, DC, 20004 | Date and Time: 3/20/2025 at 9:00am EST |
|---|---|

The deposition will be recorded by this method: stenographic, video, and audio

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/18/2025

CLERK OF COURT

OR

_____        /s/ Kevin Dean
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Camp Lejeune Water Litigation, who issues or requests this subpoena, are:

Kevin Dean, Esq. 28 Bridgeside Blvd., Mt. Pleasant, SC, 29464; kdean@motleyrice.com; (843) 216-9152

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 7:23-CV-897

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

The items below must be produced to Plaintiffs' Counsel no later than ten (10) days before your deposition:

1) Your current curriculum vitae and bibliography.

2) All materials in your possession, custody, or control, including but not limited to: data, electronic or paper documents, letters, correspondence, text messages, conversations, chats, voicemails, technical files, emails, memoranda, calendars, PowerPoints, spreadsheets, and any other documents or communications in any format related to any work by performed by you, S.S. Papadopulos, or any principals or agents of S.S. Papadopulos related in any way to Camp Lejeune water contamination or any other water quality issues at Camp Lejeune from 2004 to the present.

3) All materials in your possession, custody, or control, including but not limited to: data, electronic or paper documents, letters, correspondence, text messages, conversations, chats, voicemails, technical files, emails, memoranda, calendars, PowerPoints, spreadsheets, and any other documents or communications in any format related to any work by performed by you, S.S. Papadopulos, or any principals or agents of S.S. Papadopulos related in any way to Camp Lejeune water contamination remediation.

4) All emails, letters, correspondence, text messages, conversations, chats, voicemails, data, technical files, or other communications pertaining to Camp Lejeune sent or received prior to your retention as an expert in In Re: Camp Lejeune Water Litigation, 7:23-cv-00897-RJ, including but not limited to, from, or with:

    a. Morris Maslia,

    b. Robert Faye,

    c. Jason Sautner,

    d. David Savitz,

    e. Rene Suarez-Soto,

    f. Susan Martel,

    g. Scott Williams,

    h. Frank Bove,

    i. Mike Partain,

    j. Jerry Ensminger,

k. Lori Freshwater.

5) All bills, invoices, or other documents related to payments from the United States or any of its agencies to you, S.S. Papadopulos, or any principals or agents of S.S. Papadopulos relating in any way to work completed by Remy J.-C. Hennet and Alexandros Spiliotopoulos.

6) All bills, invoices, or other documents relating to payments from the United States or any of its agencies to you, S.S. Papadopulos, or any principals or agents of S.S. Papadopulos relating in any way to Camp Lejeune water contamination, the CLJA litigation, remediation related to Camp Lejeune or any other water quality issues related to Camp Lejeune from 2004 through the present. FRCP 26(a)(2)(B)(vi) & 26(b)(4)(C)(1).

7) All timekeeping and billing records related to time that you, S.S. Papadopulos, or any principals or agents of S.S. Papadopulos spent working on any projects related to Camp Lejeune and the CLJA litigation from the time you or your employer first were retained, hired or contracted. FRCP 26(a)(2)(B)(vi) & 26(b)(4)(C)(1).

8) All communications between or among any employee of S.S. Papadopulos and the United States or any of its agencies related to Camp Lejeune water contamination, the CLJA litigation, remediation related to Camp Lejeune or any other water quality issues related to Camp Lejeune from 2004 through the date of your retention for this matter, including all emails located following a complete electronic search for such communications, hard copies etc.

9) All emails, letters, correspondence, text messages, conversations, chats, voicemails, or other communications to, from, or with any individual who has filed a claim with the Department of the Navy or the Eastern District of North Carolina pursuant to the Camp Lejeune Justice Act of 2022.

10) All communications involving any employee of S.S. Papadopulos and the United States or any of its agencies related to water contamination, remediation, water modeling or any other water quality issues related to any other military base.

11) All water testing, modeling, calculations, computations or any other analyses, including computer or mathematical water modeling, performed by or for you, S.S. Papadopulos, or any principals or agents of S.S. Papadopulos for evaluation of water quality issues at Camp Lejeune, including all raw data files and native files.

12) All water testing, modeling, calculations, computations or any other analyses, including computer or mathematical water modeling, in your possessions, custody or control, for evaluation of water quality issues at Camp Lejeune, including all raw data files and native files.

13) All files and data provided by the United States or any of its agencies (including the Department of Justice, the Department of the Navy, and ATSDR) as well as any related documents reflecting when such materials were received and how transmitted, related to any work done by you concerning water contamination at Camp Lejeune for any period when such work began through the present.

14) All photographs or video taken by you, S.S. Papadopulos, or any principals or agents of S.S. Papadopulos that relate in any way to Camp Lejeune water contamination or any other water quality issues at Camp Lejeune since 2004.

15) All emails, letters, correspondence, text messages, conversations, chats, voicemails, or other communications that you sent or received regarding any expert panels or other meetings related to Camp Lejeune that you attended prior to your retention for this litigation.

16) All emails, letters, correspondence, text messages, conversations, chats, voicemails, or other communications that you sent or received related to any National Research Council (NRC) report related to Camp Lejeune, including who would be on the NRC panel and including any drafts of any report(s).