

# WEITZ & LUXENBERG
### A PROFESSIONAL CORPORATION
• LAW OFFICES •

**700 BROADWAY • NEW YORK, NY 10003-9536**
**TEL. 212-558-5500 • FAX 212-344-5461**
**WWW.WEITZLUX.COM**

PERRY WEITZ
ARTHUR M. LUXENBERG

BENNO ASHRAFI ‡
JAMES J. BILSBORROW ††
CHARLES M. FERGUSON
ALANI GOLANSKI †
ROBIN L. GREENWALD §§
GARY R. KLEIN ††
JERRY KRISTAL ••§
ELLEN RELKIN ≈ ££ ʏ
MICHAEL P. ROBERTS
NICHOLAS WISE ºº
GLENN ZUCKERMAN

MEREDITH ABRAMS
ASHLEY S. ARRARAS § º
ANDREW L. BACKING ✱
LAURA J. BAUGHMAN ∆∆ *
RETT BERGMARK ‡
DEVIN BOLTON ¶
ERIN M. BOYLE ¶
AMBRE J. BRANDIS
RORY P. BUCKLEY
PATTI BURSHTYN ††
ALICIA D. BUTLER ♦♦
NANCY M. CHRISTENSEN ††
GABRIEL D. CLENDENNING
BENJAMIN T. CLINTON

THOMAS COMERFORD ≈
EDWARD M. COSTELLO,III ❖
TERESA A. CURTIN ¶¶
BENJAMIN DARCHE
JUSTINE K. DELANEY
EMMA DIETZ
ADAM S. DREKSLER
JASON B. DUNCAN ¶
BRANDON DUPREE +
F. ALEXANDER EIDEN ¶
MICHAEL FANELLI ††
LEONARD F. FELDMAN ¶
AARON S. FREEDMAN
STUART R. FRIEDMAN *
MARY GRABISH GAFFNEY ¶
ERICARAE GARCIA ✱✱
ANDREW J. GAYOSO ~
DIANA GJONAJ ✱
DANIELLE M. GOLD ††
LAWRENCE GOLDHIRSCH * º
NICHOLAS A. GONSALVES
ROBERT J. GORDON •††
LAURA GREEN ††
CODY M. GREENES ¶
MATTHEW A. GRUBMAN ¶
NICOLE A. HYATT
MARIE L. IANNIELLO † º •

ERIK JACOBS
A. NAOMI JAWAHAR
JEFFREY S. KANCA ❖❖ Ω
DAVID M. KAUFMAN ††
SEAN K. KERLEY Φ
CHANTAL KHALIL
ILYA KHARKOVER
SUZANNE KRIEGER ~~
JARED LACERTOSA
MILENA M. LAI *
DEBBI LANDAU
LAUREN S. LINSENBACH ~~
ELIZABETH J. LUXENBERG
JOSEPH J. MANDIA ¶
COLIN MARKEL
JAMIE MATTERA
BRENDAN A. MCDONOUGH ††
SARA MERRILL º
MICHELLE C. MURTHA ¶
MELINDA DAVIS NOKES ‡‡
PAUL F. NOVAK ✱
JOSEPH T. OSBORNE º
JOSIAH W. PARKER ‡
MICHAEL E. PEDERSON
BRANDON H. PERLMAN
MICHAEL P. PIGGINS ✱
ROBERT J. QUIGLEY ‡

ADAM C. RAFFO
ALLISON H. RAJMAN
PIERRE RATZKI
CHRIS ROMANELLI ††
BRITTANY A. RUSSELL ••
ALEXANDER C. SCHWARZ ʏ
JARED SCOTTO
BHARATI O. SHARMA ¶
ALEXANDRA SHEF ‡
FALLON S. SHERIDAN
EDUARDO R. SOTOMAYOR ††
SAMANTHA E. STAHL
GREGORY STAMATOPOULOS✱
TYLER R. STOCK ‡
PETER TAMBINI ††
JAMES S. THOMPSON ††
BENJAMIN VANSLYKE ✱
CASEY THAL VERVILLE ◇
JASON M. WEINER ××
JASON P. WEINSTEIN
MARK S. WEINSTEIN ⊕ F
LAUREN A. WEITZ
JUSTIN J. WEITZ
MARK WEITZ
MARC WILLICK ‡
IILANA S.WOLK ††

\* Of Counsel
❖ Admitted only in NJ and PA
‡ Admitted only in CA
§§ Admitted only in IL
✱ Admitted only in MI
✱✱ Admitted only in OH
~~ Admitted only in PA
♦♦ Admitted only in TX
✢ Admitted only in CO, IN, UT & WI
∆∆ Also admitted in CA, TX, MO
ºº Also admitted in CO
§ Also admitted in DC
º Also admitted in FL
❖❖ Also admitted in MA
♦ Also admitted in IL
†† Also admitted in NJ
ʏ Also admitted in PA
Φ Also admitted in SC
~ Also admitted in WI
‡‡ Admitted only in CA & UT
¶ Admitted only in NJ & PA
◇ Admitted only in OR & MI
×× Also admitted in DC & MD
† Also admitted in NJ & CT
≈ Also admitted in NJ & DC
¶¶ Also admitted in NJ & ME
•• Also admitted in NJ & PA
Ω Also admitted in CT & RI
F Also admitted in NJ & PA
££ Certified Atty. NJ Supreme Court
⊕ Also admitted in CA
~~ Admitted only in PA

April 16, 2025

<u>Via E-Mail</u>

Allison O'Leary, Esq.
Haroon Anwar, Esq.
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340
Ben Franklin Station
Washington, D.C. 20044
Allison.o'leary@usdoj.gov
Haroon.Anwar@usdoj.gov

   Re: *In re Camp Lejeune* – Documents related to Drs. Hennet and Spiliotopoulos

Counsel:

I am writing to follow up on our March 28th meet and confer regarding certain materials related to Drs. Hennet and Spiliotopoulos which were requested via Plaintiffs' Notices of Rule 30(b)(1) Individual Deposition Notice and Requests for Production of Documents to Alex Spiliotopoulos, Ph.D. and Remy Hennet, Ph.D., with accompanying subpoenas with attached Exhibit A which were served on Feb. 12, 2025.

220 LAKE DRIVE EAST, SUITE 210 • CHERRY HILL, NJ 08002 • TEL 856-755-1115
1880 CENTURY PARK EAST, SUITE 700 • LOS ANGELES, CA 90067 • TEL 310-247-0921
3011 WEST GRAND BLVD., 24TH FLOOR • DETROIT, MI 48202 • TEL 313-800-4170

Case 7:23-cv-00897-RJ   Document 382-3   Filed 05/12/25   Page 1 of 3
2179-123

First, the compensation records that you have produced for both experts are inadequate. These documents were requested via Plaintiffs' subpoena, Exhibit A, Request Nos. 6 & 7. You produced billing records from S. S. Papadopulos & Associates, Inc. ("SSPA") for services rendered from August 2022 through January 2025 that contain limited information – namely, the number of hours per month billed for general types of employees (as opposed to individuals). *See* CLJA_SSPA_INVOICESP_0000000001 – 42. For example, these records tell us that the "Employee Type" of "Senior Principal" billed 75 hours and the "Employee Type" of "Senior Scientist/Engineer" billed 20.5 hours in November 2022. Federal Rule of Civil Procedure 26(b)(4)(C) provides that communications that "relate to compensation for the expert's study or testimony" are discoverable. Thus, communications both within SSPA that relate to hours billed (time records), and communications from SSPA to DOJ regarding what work was performed that is reflected on the bills are discoverable. *See, e.g.*, *Noveletsky v. Metropolitan Life Ins. Co.*, No. 2:12-cv-21-NT, 2012 WL 11802597 (D. Me Oct. 19, 2012). Plaintiffs are entitled to billing records that identify the number of hours each testifying expert worked each day and describe the work that was performed, to the extent these records exist. Dr. Spiliotopoulos testified that such records do in fact exist. Spiliotopoulos Deposition at 137-38. Furthermore, the pdf file name of the generic SSPA invoices that were produced is "1817 invoices through 013125 without backup.pdf". Plaintiffs are entitled to the backup. Dr. Hennet testified that this exists. Hennet Deposition at 105. Notably, Plaintiffs have produced such records to DOJ with respect to their experts.

Second, and related to the first issue, you have failed to produce compensation records related to work performed by SSPA for DOJ prior to August 2022 related to Camp Lejeune. These documents were requested via Plaintiffs' subpoena, Exhibit A, Request Nos. 6 & 7. Dr. Hennet testified that he and SSPA have performed such work since at least 2005. Hennet Deposition at 25-26, 93. These bills and time records are discoverable. *See, e.g.*, *Burris v. Ethicon, Inc.*, No. 2:14-CV-24320, 2019 WL 13195497, at *1 (S.D.W.Va. Nov. 7, 2019) ("an expert's financial gain from testifying in a particular type of case, or on behalf of a specific law firm or party, is relevant to credibility and is appropriate subject matter for impeachment.").

Third, Dr. Spiliotopoulos's notes, memoranda and any related documents regarding his attendance at the 2005 ATSDR Expert Panel meeting are not protected work product and must be produced. *See In re Application of Republic of Ecuador*, 280 FRD 506, 512-15 (N.D. Ca. 2012). These documents were requested via Plaintiffs' subpoena, Exhibit A, Request No. 15. Dr. Spiliotopoulos testified that he attended this meeting as an observer and that he reported back to his SSPA supervisors as to what was said. Spiliotopoulos Deposition at 115; 120-21; 123-25. Dr. Spiliotopoulos had not been retained as an expert at that time, he was not aware of who his client was (if any) when he attended this meeting, and to this day he does not know if he attended that meeting for a reason related to litigation. Spiliotopoulos Deposition at 115; 118-121. In addition, DOJ has not identified the specific litigation matter that Dr. Spiliotopoulos was allegedly working on that provides the claimed work product protection.

Fourth, Dr. Spiliotopoulos's interview notes and summaries should be produced. On page 1 of his report, Dr. Spiliotopoulos states that he reviewed interview summaries as part of his expert work on this case. In deposition, he indicated that these documents were prepared in connection with his visit to Camp Lejeune and interview of employees at the base. Spiliotopoulos Deposition at 110-12; 128. These documents fall within 3(b) of CMO 17 and Plaintiffs are entitled to them. In our prior meet and confer on March 28, we were told that you would search for these documents, but we have heard nothing further from you.

If you do not agree to produce the documents requested herein, we believe these issues should be included in the Joint Status Report due April 21. We are available for an additional meet and confer any time this week, to the extent you believe that many assist in resolving any or all of these issues. Thank you.

                Very truly yours,

                Laura J. Baughman