# **EXHIBIT 14**

Case 7:23-cv-00897-RJ    Document 398-15    Filed 06/04/25    Page 1 of 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 14-1043-RGA |
| BRECKENRIDGE PHARMACEUTICAL, INC., | : : : : | |
| Defendant. | : : | |

| | | |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 14-1196-RGA |
| ROXANE LABORATORIES INC., | : : | |
| Defendant. | : : | |

| | | |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 14-1289-RGA |
| PAR PHARMACEUTICAL INC., | : : | |
| Defendant. | : : | |

**ORDER DENYING MOTIONS TO PRECLUDE**

Plaintiff has moved to exclude one of Defendants' experts, Dr. Partridge. (D.I. 119).[1] Defendants have moved to exclude one of Plaintiff's experts, Dr. Roush. (D.I. 121). Briefing was completed on July 5, 2016.

While I acknowledge the "gate-keeper" function of a federal trial judge, it is not so important that it be done pretrial when the trial is a bench trial. *See In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006); *United States v. Brown*, 415 F.3d 1257, 1269-70 (11th Cir. 2005); *Warner Chilcott Labs. v. Impax Labs., Inc.*, 2012 WL 1551709, *23-24 (D.N.J. Apr. 30, 2012). Live testimony and cross-examination are much more likely to result in a correct decision from me about whether the experts are giving appropriate scientific testimony. Thus, while I am denying the motions for now, each side may make (and, indeed, in order to preserve the issue, must make) objections at appropriate times. I expect the parties will lay appropriate foundations for these two experts as parts of their cases. Failure to make a timely appropriate objection will result in the objection being waived. The Court will only consider evidence actually adduced at trial (whether through cross-examination or testimony from other witnesses) in ruling on any renewed motion.

A few comments on the two motions:

Partridge. I think Dr. Partridge can testify about whether a POSA would have been motivated to pick the C40 position. Simply because he could not identify where all his data came from at deposition does not mean he will be unable to do so at trial. I am rather dubious of the use of the drawing to calculate a distance (D.I. 130 at p.9) if it is offered to prove what the distance actually is, but, if that is what Plaintiffs are trying to do, they are welcome to try. I think

---

[1] Citations are only to the docket in Civ. Act. No. 14-1043. The same motions have been filed in the other two cases.

Dr. Partridge can testify about how a POSA would have interpreted skin graft assay data. Lastly, Dr. Partridge is not an oncologist or an expert on immunology, but the line between what a medicinal chemist can testify about, and what an expert in a related discipline can testify about, is something best resolved in the context of the trial testimony upon a timely objection.

<u>Roush</u>. Defendants argue that Dr. Roush can not testify about non-obviousness unless he conducts his own lead compound analysis, in particular, whether rapamycin would be a lead compound. As I understand it, Plaintiffs have another expert, Dr. Fung, who will testify that rapamycin was a lead compound. Dr. Roush's testimony is about whether "the prior art would have supplied [a POSA] with a reason or motivation to modify a lead compound [rapamycin] to make the claimed compound [everolimus] with a reasonable expectation of success." *Otsuka Pharm. Co. v. Sandoz, Inc.*, 678 F.3d 1280, 1292 (Fed. Cir. 2012). Defendants have the burden of proof. Thus, I do not understand why Dr. Roush cannot conclude that there was not a "reason or motivation" or there was not a "reasonable expectation of success," and, having so concluded, call this "non-obviousness." I note also that I am the one who is going to have to make the legal conclusion of whether Defendants proved obviousness. What will be important is what Dr. Roush has to say about the facts (that is, "reason or motivation" and "reasonable expectation of success"). [I imagine that Dr. Fung can testify that rapamycin is not a lead compound and call that non-obviousness too].

Defendants also pick a few pieces of deposition testimony by Dr. Roush, and argue that he so misunderstands the law that his opinions relating to "non-obviousness" are unreliable. The deposition passages (quoted at D.I. 122, pp. 13, 14, 16-17) are quite opaque. I cannot say he misstated the law at the time of his deposition. And, even if he did, that is not a reason to

exclude his trial testimony.

The Motions to Preclude (D.I. 119, 121) are **DENIED** without prejudice.

August 18, 2016
Date

/s/ Richard G. Andrews
United States District Judge