# EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIFOR FRESENIUS MEDICAL CARE RENAL PHARMA LTD. and VIFOR FRESENIUS MEDICAL CARE RENAL PHARMA FRANCE S.A.S., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 20-911-MN |

## ORDER

At Wilmington, this 16th day of May 2022,

WHEREAS, between them, the parties have filed three motions seeking to preclude the testimony of three experts at trial (D.I. 222, 223, 224), and Plaintiffs additionally moved to strike portions of two of Defendant's experts' Supplemental Rebuttal Reports (D.I. 227);

WHEREAS, should this case proceed to trial, it will be a bench trial (*see* D.I. 32);

WHEREAS, "[w]hen the role of the gatekeeper to admit or exclude evidence (the judge) and the role of the factfinder to assess and weigh the evidence . . . (the jury) are one and the same, the judge who becomes the factfinder as well as the gatekeeper . . . should not be required to waste judicial time." *In re Unisys*, 173 F.3d 145, 155–58 (3d Cir. 1999).

WHEREAS, having reviewed the motions to preclude, the Court has determined that it can better address the issues in context at trial when the Court can hear testimony and better understand the bases for the experts' opinions;

WHEREAS, with respect to Plaintiffs' motion to strike (D.I. 227), the Court agrees with Defendant that, although the change to correct the errant citation may appear small, the effect of it may have had a material effect on the response from Defendant's experts;

WHEREAS, the *Pennypack* factors weigh in favor of denying Plaintiffs' motion to strike because Plaintiffs suffer no unfair prejudice as a result of Defendant being able to squarely address a corrected version of Dr. Wright's report, Plaintiffs may cure any prejudice in a supplemental reply report, admitting the contested portions of the report would not disrupt the Court's orderly proceedings, and the contested portions of Defendant's reports were not produced in bad faith;

THEREFORE, IT IS HEREBY ORDERED that

1) the motions to preclude (D.I. 222, 223, 224) are DENIED with leave to renew during trial to the extent appropriate.[1]

2) Plaintiffs' motion to strike (D.I. 227) is DENIED.[2]

*[signature: Maryellen Noreika]*
The Honorable Maryellen Noreika
United States District Judge

---

[1] A district court "may conditionally admit the expert testimony subject to a later Rule 702 determination." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 833 (3d Cir. 2020). Accordingly, at trial, the parties may submit and test contested expert testimony. The parties may then reraise their respective *Daubert* motions at or after trial, with the Court's permission.

[2] To the extent that Plaintiffs need to reply to the new reports, the parties shall meet and confer and agree to a procedure for Plaintiffs to do so.