# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL DAVIS III | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-874-SRF |
| | ) |
| LOGAN SPICER, *et al*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

As part of the parties' Proposed Pretrial Order (D.I. 46), the Plaintiff filed two motions *in limine* and the Defendants filed three motions *in limine*. This order provides my rulings on those motions.

I.  **Legal Standard**

A motion *in limine* is filed pretrial and requests that the Court "prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." *Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co.*, 2012 WL 1458209, at *1 (W.D. Pa. Apr. 27, 2012). The purpose of a motion *in limine* is to bar "irrelevant, inadmissible, and prejudicial" issues from being introduced at trial, thus "narrow[ing] the evidentiary issues for trial[.]" *Id.* Evidence should not be excluded pursuant to a motion *in limine*, unless it is clearly inadmissible on all potential grounds. *See Laws v. Stevens Transport, Inc.*, 2013 WL 4858653, at *1 (S.D. Ohio Sept. 11, 2013); *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5393864, at *1 (W.D. La. Dec. 22, 2010); *Knowles Elec., LLC v. Microtronic U.S., Inc.*, 2000 WL 310305, at *1 (N.D. Ill. Mar. 24, 2000). The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, and the court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded. *See Berry v. Mission Grp.*

*Kan., Inc.*, 2010 WL 2160897, at *1 (D. Kan. May 28, 2010); *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 1996 WL 284940, at *3 (N.D. Ill. May 23, 1996). Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context. *See Looney Ricks Kiss Architects*, 2010 WL 5393864, at *1; *Diehl v. Blaw-Knox*, 2002 WL 34371510, at *1 (M.D. Pa. July 15, 2002); *Knowles Elec.*, 2000 WL 310305, at *1; *Leonard v. Stemtech Health Sciences, Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

## II. Plaintiff's Motions *in Limine*

### 1. Past Criminal History

Based on the parties' representations at the Pretrial Conference on February 16, 2023, this motion is moot as it relates to use of criminal convictions for impeachment under Federal Rule of Evidence 609. To the extent Defendants propose to admit evidence of Plaintiff's criminal history for any other purpose, for example, Plaintiff's damages claims, then the court will address further objections at the Final Pretrial Conference.

### 2. Bribes Allegedly Made by Sweigart

In Plaintiff's second motion *in limine*, he seeks to preclude the Defendants from mentioning, offering evidence, or eliciting testimony regarding Shawn Sweigart's alleged bribes of individuals who paid Sweigart not to repossess their vehicles. (D.I. 46 at 20) Plaintiff argues that the only evidence supporting the proposition that Sweigart made bribes comes from inadmissible hearsay testimony of Brandon Mullins. (*Id.*) Mullins testified that individuals whose vehicles were subject to repossession told him they gave Sweigart money so he would not repossess their vehicle. (*Id.*, Ex. 1 at 68:19–72:16) Plaintiff requested that Defendants produce

evidence to substantiate Mullins' testimony, but such evidence has not been discovered and produced. (*Id.*, Ex. 3)

Relying on Federal Rule of Evidence 406, Defendants argue that Mullins' deposition testimony is relevant to Plaintiff's conspiracy claim because it establishes that Sweigart had a habit of taking bribes. (*Id.* at 54–55)

Federal Rule of Evidence 406 states:

> Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

Plaintiff's argument rests on the fact that the Defendants were unable to provide evidence substantiating Mullins' statements. Defendants state they will not seek to admit such evidence of Sweigart's alleged habit of taking bribes unless the Plaintiff attempts to introduce Sweigart's recorded statement regarding the alleged conspiracy to destroy the video recording of the repossession. (D.I. 46 at 55)

Given that this issue is not ripe, the court denies Plaintiff's motion *in limine* #2 without prejudice to renew depending on the evidence introduced at trial and whether such evidence opens the door for further consideration of the admissibility of Mullins' testimony concerning Sweigart's alleged habit.

### III. Defendants' Motions *in Limine*

1. <u>Plaintiff's damages, medical treatment, and causation of injuries</u>

Plaintiff alleges that the "Defendants' conduct caused [him] to suffer physical injuries, pecuniary loss, mental and emotional distress, aggravation, stress, worry, humiliation, and embarrassment." (D.I. 31 at ¶ 49) He seeks nominal, compensatory, and punitive damages. (*Id.* at ¶ 65)

3

Defendants first motion *in limine* seeks exclusion of evidence of the Plaintiff's damages, medical treatment and/or causation of injuries. (D.I. 46 at 57) They argue that the Plaintiff has provided no records documenting medical treatment nor has he provided an expert opinion causally relating his alleged injuries to the Defendants' conduct. (*Id.*) Plaintiff argues that expert medical evidence is not required to prove emotional distress in section 1983 cases. (*Id.* at 61) He asserts that he and his friend from the apartment complex will testify about the physical, mental, and emotional toll the incident had on him. (*Id.*)

In section 1983 cases, a plaintiff "cannot recover for emotional distress unless he or she presents evidence of actual injury." *Bolden v. Se. Pennsylvania Transp. Auth.*, 21 F.3d 29, 34 (3d Cir. 1994). "[E]xpert medical evidence is not required to prove emotional distress in section 1983 cases." *Id.* at 36. However, the plaintiff must present competent evidence showing emotional distress. *See Chainey v. Street*, 523 F.3d 200, 216 (3d Cir. 2008).

Plaintiff intends to introduce photos of his injuries from the incident. (D.I. 46 at 10) Plaintiff and another fact witness will testify about the extent of his physical injuries and emotional distress. The court finds such evidence admissible to support his claim for compensatory damages. The Plaintiff will not be permitted to testify about any permanent injuries, his medical prognosis, or the need for any future medical care as such opinions would require medical expert testimony. Therefore, Defendants' motion *in limine* #1 is denied without prejudice.

2. Disposition of Plaintiff's criminal charges

Based on the parties' representations at the Pretrial Conference on February 16, 2023, this motion is moot in light of the court's issuance of the Memorandum Opinion (D.I. 47) denying Defendants' Motions for Partial Summary Judgment.

4

3. Precluding the term "turned over"

In Defendants' final motion *in limine*, they argue that the term "turned over" suggests a negative connotation in that they did it reluctantly and they want to preclude use of the phrase at trial. (D.I. 46 at 59) Plaintiff argues that the Defendants have cited no case authority where the term "turned over" implies a negative connotation or where courts have limited a parties' speech in this manner at trial. (*Id.* at 61) Plaintiff argues that caselaw shows "turned over" is a common phrase in reference to document production. (*Id.* at 62)

The court finds no negative connotation inherent in the phrase "turned over." In the court's view, it is equivalent to "produced", "provided" or "disclosed". Regardless, the court can address objections to form or phrasing of questions as they arise at trial. Therefore, the court denies without prejudice Defendants' motion *in limine* #3.

IV.  **Conclusion.** For the foregoing reasons, the Court orders the following:

Plaintiff's Motion *in Limine* #1 is MOOT.

Plaintiff's Motion *in Limine* #2 is DENIED WITHOUT PREJUDICE.

Defendants' Motion *in Limine* #1 is DENIED WITHOUT PREJUDICE.

Defendants' Motion *in Limine* #2 is MOOT.

Defendants' Motion *in Limine* #3 is DENIED WITHOUT PREJUDICE.

SO ORDERED,

Dated: February 17, 2023

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE