THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | **JOINT STATEMENT TO COURT** |
| ) | **FOLLOWING SUPPLEMENTAL** |
| This Document Relates To: ) | **DEPOSITION OF DR. REMY J.-C.** |
| ALL CASES ) | **HENNET, PH.D.** |
| ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), file this Joint Statement to the Court following the Supplemental Deposition of the United States' expert Dr. Remy Hennet setting out relevant updates and the Parties' respective positions on impacts to briefing and/or discovery deadlines as requested in the Court's May 8, 2025, Order. *See* D.E. 380. at 11 ("Within seven days of the Supplemental Deposition, the parties shall submit a joint statement to the court of no more than five pages apprising it of any relevant updates, including any potential impacts to briefing and/or discovery deadlines.").

**(1) Relevant Updates**

On June 4, 2025, at the offices of Motley Rice LLC in Washington, DC, PLG deposed Dr. Hennet for approximately four hours.

On June 9, 2025, PLG proposed via email that the United States agree to PLG filing a new *Daubert* motion to exclude an additional opinion for Dr. Hennet with the following proposed schedule:

- July 3, 2025: Due date for PLG's supplemental *Daubert* motion on Dr. Hennet

- July 17, 2025: Due date for the United States to respond

1

- July 24, 2025: Due date for PLG's replies to both its opening and supplemental *Daubert* motions

On June 10, 2025, the Parties met and conferred via video conference. PLG stated that it intends to seek the Court's permission to file a supplemental *Daubert* motion to exclude another opinion of Dr. Hennet related to well HP-651 in the Hadnot Point – Holcomb Boulevard system. The Parties agreed to jointly submit their respective positions on whether there should be changes to briefing and/or discovery deadlines.

**(2) The Parties' Positions on Potential Impacts to Briefing and/or Discovery Deadlines**

**The PLG's Position:**

As the Court is aware, Defendant violated its scheduling orders for expert discovery and the violation prejudiced the PLG by preventing it from completing its questions at Dr. Hennet's deposition. D.E. 380 at 9-10. The Court ordered Defendant to produce Dr. Hennet for an additional four hours to allow the PLG to complete its examination and, following the deposition, ordered the parties to apprise it of any potential impacts to briefing deadlines. *Id.* at 11. Having had the opportunity to complete its questioning of Dr. Hennet on June 4th, the PLG now respectfully requests the Court's permission to file a limited supplemental *Daubert* motion to further support its prior motion and to exclude Dr. Hennet's opinions regarding Hadnot Point supply well operations and their impact on finished water delivered on base. The relief is both contemplated by the Court's order and necessary due to the Defendant's conduct. It also ensures the Court has a complete record when evaluating the admissibility of expert testimony concerning a central issue in one of the largest toxic torts in United States history.

Defendant's insistence that the PLG should have moved to exclude Dr. Hennet's opinions regarding Hadnot Point's water supply wells sooner is unavailing and ignores the timing of its own

2

actions. The PLG was clear from outset of this dispute that it did not and could not fully vet and clarify Dr. Hennet's opinions due to the amount of deposition time needed to inquire about Defendant's untimely site visit and related disclosures. The PLG raised this prejudice in its motion to exclude the evidence, the hearing for which was the day before *Daubert* motions were due. It was also the basis for the Court's decision to sanction Defendant. *Id.* at 11. It is not for Defendant to determine whether the PLG completed its examination of Dr. Hennet regarding his opinions, what constitutes sufficient or "extensive" questioning, or whether PLG has a "sufficient basis" for a *Daubert* challenge. Instead, having had the chance to fully vet and clarify Dr. Hennet's opinions, the PLG believes it has a good faith basis to supplement its prior motion and to move to exclude his opinions regarding water supply well operations and their impact on finished water delivered on base. The PLG is requesting a very modest extension to do so. Had Defendant made Dr. Hennet available prior to June 4th, the PLG could have made the request sooner, but Defendant instead chose to wait to produce him until as close to the last day possible under the Court's order. More important, Defendant does not get to determine the admissibility of expert testimony in this litigation.

The PLG's initial proposal, which Defendant rejected, consisted of filing a limited supplemental *Daubert* motion for Dr. Hennet on July 3rd (in lieu of filing a reply to Defendant's pending opposition), allowing Defendant two weeks to oppose the motion, and then filing a reply for both its opening and supplemental motions a week later. To minimize the delay, PLG is willing to move the revised schedule for Hennet up a week, with briefing for all other witnesses remaining the same. This moves the close of Phase 1 briefing a mere 14 days – and is the result of Defendant's violation of the Court's scheduling order in the first place. Because Defendant now insists that Dr. Hennet's testimony alone should guide exposure determinations for nearly 500,000 claimants (*see*

D.E. 368 at 29–30), the need for the Court to have a complete record concerning the reliability of this expert's opinions cannot be understated. Therefore, the PLG respectfully submits that a supplemental *Daubert* motion is both warranted and necessary.

**United States' Position:**

The Court should not permit PLG to file a late Phase I *Daubert* motion on Dr. Hennet's opinion regarding well HP-651 because PLG could have done so by the April 29, 2025, deadline for Phase I *Daubert* motions. D.E. 312 at 3. There is nothing that PLG learned in the additional June 4, 2025, questioning that provides a basis for a *Daubert* challenge beyond what it has already raised, and the Court has already said that PLG may "include any relevant portions of [Dr. Hennet's] supplemental testimony in its reply brief for its [pending] motion to exclude certain opinions of Dr. Hennet." D.E. 380 at 11. PLG's request is nothing more than an attempt to get a second bite at the apple and additional time to make arguments, and it came shortly after PLG suggested to the Court that the Parties forego future *Daubert* motions entirely. PLG's claim that it "could not fully vet" Dr. Hennet's opinions is vague and notable for failing to show how an appropriate basis to file its supplemental *Daubert* motion arose only after Dr. Hennet's first deposition.

Dr. Hennet opined that TCE contamination from HP-651 contributed "a TCE long-time average concentration of 227" micrograms per liter for the Hadnot Point Water Treatment Plant. D.E. 373-3 at 63. Dr. Hennet's report explains the basis of this opinion in detail, and at Dr. Hennet's original deposition on March 20, 2025, PLG questioned Dr. Hennet extensively about his method for arriving at this opinion and its basis in fact. *See* D.E. 374-3 at 56-64; D.E. 374-2 at 190:4—191:10, 246:25—255:13. At Dr. Hennet's supplemental deposition, PLG again asked Dr. Hennet about this opinion, but its questions focused on (1) records it presented as contradicting

4

records upon which Dr. Hennet had relied and (2) a disagreement with Dr. Hennet's assumptions about disputed historical facts on the setup of the Hadnot Point- Holcomb Boulevard water distribution system. *See, e.g.*, Ex. 1, Rough Transcript Hennet Supplement Dep., at 131:2-133:9, 139:12-142:16 (questions about Dr. Hennet's assumption that reservoir did not have "check valves"); 135:5-139:2 (questions about assumptions on source of contaminated water from reservoir); 170:21-177:7 (questions about efforts to verify historical records). Such "'questions regarding the factual underpinnings of the [expert witness'] opinion affect the weight and credibility' of the witness' assessment, 'not its admissibility[,]'" so they are not a legitimate basis to exclude an opinion under the *Daubert* standard. *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 195 (4th Cir. 2017) (quoting *Structural Polymer Grp. V. Zoltek Corp.*, 543 F.3d 987, 997 (8th Cir. 2008)). Accordingly, PLG has no *new* basis to file a late *Daubert* motion on Dr. Hennet's opinion about well HP-651.

If the Court is inclined to allow PLG to file a late *Daubert* motion to exclude Dr. Hennet's opinion about well HP-651, it should do so with a briefing schedule that is fair to both parties. At a minimum, the United States should have the same time to respond to such a motion as PLG has to file it, counting from Dr. Hennet's June 4, 2025, supplemental deposition, rather than PLG's original proposal of 29 days for their motion, 14 days for the United States, and 50 days for PLG to file a reply to their already-pending *Daubert* motion. There is also no reason for PLG to delay its reply to its pending *Daubert* motion on Dr. Hennet, which is due July 3, 2025. D.E. 312 at 3. Delaying PLG's reply to its pending *Daubert* motion unjustifiably deprives the Court of its ability to begin considering one of the many pending *Daubert* motions.

5

DATED this 11th day of June, 2025.

Respectfully submitted,

| | |
|---|---|
| /s/ J. Edward Bell, III | BRETT SHUMATE |
| J. Edward Bell, III (admitted *pro hac vice*) | Assistant Attorney General |
| Bell Legal Group, LLC | Civil Division |
| 219 Ridge St. | |
| Georgetown, SC 29440 | JONATHAN GUYNN |
| Telephone: (843) 546-2408 | Deputy Assistant Attorney General |
| jeb@belllegalgroup.com | Torts Branch Civil Division |
| *Lead Counsel for Plaintiffs* | |
| | J. PATRICK GLYNN |
| /s/ Zina Bash | Director, Torts Branch |
| Zina Bash (admitted *pro hac vice*) | Environmental Torts Litigation Section |
| Keller Postman LLC | |
| 111 Congress Avenue, Ste. 500 | BRIDGET BAILEY LIPSCOMB |
| Austin, TX 78701 | Chief, Camp Lejeune Unit |
| Telephone: 956-345-9462 | Environmental Torts Litigation Section |
| zina.bash@kellerpostman.com | |
| *Co-Lead Counsel for Plaintiffs* | /s/ Adam Bain |
| *and Government Liaison* | ADAM BAIN |
| | Special Litigation Counsel |
| /s/ Robin Greenwald | Environmental Torts Litigation Section |
| Robin L. Greenwald (admitted *pro hac vice*) | U.S. Department of Justice |
| Weitz & Luxenberg, P.C. | P.O. Box 340, Ben Franklin Station |
| 700 Broadway | Washington, D.C. 20044 |
| New York, NY 10003 | E-mail: adam.bain@usdoj.gov |
| Telephone: 212-558-5802 | Telephone: (202) 616-4209 |
| rgreenwald@weitzlux.com | |
| *Co-Lead Counsel for Plaintiffs* | LACRESHA A. JOHNSON |
| | HAROON ANWAR |
| /s/ Elizabeth Cabraser | DANIEL C. EAGLES |
| Elizabeth Cabraser (admitted *pro hac vice*) | NATHAN J. BU |
| LIEFF CABRASER HEIMANN & | Trial Attorneys, Torts Branch |
|   BERNSTEIN, LLP | Environmental Torts Litigation Section |
| 275 Battery Street, Suite 2900 | *Counsel for Defendant United States of America* |
| San Francisco, CA 94111 | |
| Phone (415) 956-1000 | |
| ecabraser@lchb.com | |
| *Co-Lead Counsel for Plaintiffs* | |
| | |
| /s/ W. Michael Dowling | |
| W. Michael Dowling (NC Bar No. 42790) | |
| The Dowling Firm PLLC | |
| Post Office Box 27843 | |

Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*


*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*