IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. _____

| | |
|---|---|
| DONALD JOHNSON, | ) |
| Petitioner, | ) **PETITION FOR DEPOSITION TO** |
| | ) **PERPETUATE TESTIMONY WITH** |
| v. | ) **REGARD TO PROSPECTIVE CAUSES** |
| | ) **OF ACTION UNDER THE CAMP** |
| UNITED STATES OF AMERICA, | ) **LEJEUNE JUSTICE ACT** |
| Respondent. | ) |

COMES NOW, Donald Johnson, by and through the undersigned counsel, pursuant to Rule 27 of the Federal Rules of Civil Procedure, and hereby respectfully moves this Court for an order authorizing the pre-suit deposition of Petitioner in order to perpetuate his testimony, and respectfully shows as follows:

1. Petitioner Donald Johnson is a citizen and resident of Guilford County, North Carolina. His street address is 119 Dove Meadows Drive, Archdale, North Carolina 27263.

2. The Respondent herein is the United States of America.

3. This Court has subject matter jurisdiction with regard to this petition and/or with regard to the prospective cause of action under Fed. R. Civ. P. 27, 28 U.S.C. § 1331 and under the Camp Lejeune Justice Act of 2022 ("CLJA") § 804(d), because this matter arises under and/or the prospective future merits causes of action arise under the Constitution and laws of the United States.

4. This Court has venue with regard to this petition and/or with regard to the prospective causes of action under Fed. R. Civ. P. 27, and CLJA § 804(b) and (d).

5. Pursuant to Fed. R. Civ. P. 27(a)(1)(A), the Petitioner shows that Petitioner expects to be a party Plaintiff to actions cognizable in a United States Court, specifically, the instant District Court but he cannot presently bring his merit claim or cause them to be brought. Specifically, Petitioner was during the pertinent times a military servicemember who asserts and states for the purposes of this Petition, and will in due course allege in his prospective merits claim, that he was stationed in relevant areas at Camp Lejeune, was exposed to contaminated water at Camp Lejeune during relevant times, that he has since been diagnosed with relevant illnesses, and that he otherwise intends to allege merits claims under the CLJA in due course upon the appropriate exhaustion of the administrative pre-suit claims process that is now commenced or is shortly to commence for each of said servicemember Petitioner herein. However, Petitioner cannot bring such merits claims against the United States Respondent in Court at this time, due to the requirement under the CLJA with regard to first exhausting the pre-suit administrative claims process. *See* CLJA § 804(h). That pre-suit process has not yet been exhausted.

6. Pursuant to Fed. R. Civ. P. 27(a)(1)(B), the Petitioner shows that the subject matter of the expected action is expected in due course to consist of a merits claim, brought by Petitioner on his own behalf and/or by his Estate. The claim is contemplated to consist of a claim for appropriate relief for harm that was allegedly caused by exposure to the water at Camp Lejeune, to be alleged in the form of a subsequent Lawsuit Complaint filing in this Court alleging the pertinent substantive elements of the cause of action provided for under the CLJA. The Petitioner's interest in the claim consists of the fact that Petitioner Mr. Johnson asserts, and plans to allege (or, in the event of his death, his Estate representatives plan to allege on his behalf) a claim for relief under the CLJA.

Unfortunately, the Petitioner has been diagnosed with illnesses and medical conditions that have made his health precarious and are likely to lead to his inability to verbally communicate in the near future. (Please see Exhibit A).

7. Petitioner Donald Johnson is a 70-year old veteran with the diagnoses of Parkinson's disease, alopecia, and a history of strokes. In or around June 2025, his treating physician at the VA advised him that his Parkinson's disease will continue to progress and is likely to affect his memory, speech, and mobility.

8. Petitioner's desire is to effectuate the prompt preservation of his testimony for the record and for evidentiary purposes with regard to his future CLJA claim.

9. Pursuant to Fed. R. Civ. P. 27(a)(1)(C), the Petitioner show as follows facts that the Petitioner wants to establish by the proposed testimony are that he was on base during the relevant period; that he did have exposure to the water at Camp Lejeune during his time there; his own lay testimony as to his understanding of his medical history and his pertinent medical conditions and illness diagnoses; and his own lay testimony with regard to his allegations of harm, injury and damages caused by his relevant water exposure at Camp Lejeune. The reasons why he desires to have his testimony perpetuated are so that his claim is supported and evidenced to the maximum extent possible under the law and so that in the extent it is ultimately found and determined that there is liability and that damages and other appropriate relief is to be awarded, that he, or in the event of his likely death, his surviving spouse and relevant family members and his Estate, may benefit from any appropriate outcome and recovery.

10. Pursuant to Fed. R. Civ. P. 27(a)(1)(D), the Petitioner shows as follows with regard to the names or a description of the persons whom the Petitioners expect to be adverse parties

and their addresses, so far as known: under the CLJA, the sole adverse party is expected to be the United States, i.e. the Respondent herein.

11. Pursuant to Fed. R. Civ. P. 27(a)(1)(E), the Petitioner shows as follows with regard to the name, address, and expected substance of the testimony of each deponent: As to names and addresses, please see paragraphs 1 and 2 above. As to the expected substance of the testimony, please see paragraphs 11(a) and (b) above.

12. Pursuant to Fed. R. Civ. P. 27(a)(2), the Petitioner shows that he intends to serve the United States with the instant Petition and duly coordinate with counsel for the Respondent to ensure that any necessary hearing date with regard to this Petition is duly and timely requested.

WHEREFORE, Petitioner respectfully requests that this Honorable Court enter an Order granting his petition and request:

1. Grant this motion to perpetuate testimony under Rule 27;
2. Issue an order authorizing the Petitioner to be deposed for the purpose of perpetuating his testimony;
3. That the subject matter of the examination shall consist of the scope of subject matter outlined by this Petition, inclusive of all deposition topics that the Petitioner, or the Respondent, deem to be relevant for purposes of the prospective CLJA claims; That the depositions shall take place orally;
4. That the Department of Justice contact the Petitioner through undersigned counsel to designate an appropriate time, place, and manner of deposition within ten days;
5. And such other remedies as this Court deems fair and proper.

Respectfully submitted,

                                  **LANIER LAW GROUP, P.A.**

                                  */s/ Robert O. Jenkins*
                                  Robert O. Jenkins
                                  NC State Bar No. 19102
                                  6518 Airport Center Drive
                                  Greensboro, NC 27409
                                  Tel: 919-314-3356
                                  rjenkins@lanierlawgroup.com

                                  */s/ Ashley Sappenfield*
                                  Ashley Sappenfield
                                  Attorney for Petitioner
                                  NC Bar No. 52687
                                  6518 Airport Center Drive
                                  Greensboro, NC 27409
                                  Telephone: 336-855-8554
                                  asappenfield@lanierlawgroup.com

# CERTIFICATE OF SERVICE

I, Ashley Sappenfield, hereby certify that a copy of the foregoing **MOTION TO PERPETUATE TESTIMONY** was electronically filed with the Clerk of the Court using the CM/ECF system and I hereby certify that a copy or copies of the document was served by email on the following:

**ADAM BAIN**
IN Bar No. 11134-49
Senior Trial Counsel, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209
Fax: (202) 616-44 73

This the 30th day of June, 2025.

/s/ *Ashley Sappenfield*
Ashley Sappenfield
Attorney at Law

# EXHIBIT A



**W.G. (BILL) HEFNER
DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER
1601 Brenner Avenue
Salisbury, North Carolina 28144**

Alton Bryant, MD
Neurology Clinic

June 17, 2025

Re: Donald Jeffrey Johnson (June 13, 1955)

To Whom It May Concern:

Mr. Johnson is a patient here in the neurology clinic. He does have Parkinson's disease. I diagnosed him with Parkinson's disease in August of 2020. At that time, he had slowness of gait, tremor, and difficulty with speech. The tremor had started roughly 18 months before then.

He is on treatment for Parkinson's disease with two different medicines, but his condition has worsened over time. His speech has become softer and less well enunciated. While it is always difficult to predict exactly how an individual will progress in terms of Parkinson's disease, I do believe it is very likely that his speech will worsen over the next 6 months. I think the speech could easily worsen to the point that Mr. Johnson would have difficulty providing testimony in six months.

Parkinson's disease, which he definitely has, is on the list of presumptive conditions for exposure to the toxic water at Camp Lejeune. I do think it is at least as likely as not that his Parkinson's disease was caused by this toxic exposure.

Sincerely,

*Alton Bryant MD*
Alton Bryant, MD