IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to June 27, 2025, 3,397 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. One hundred and twenty-three (123) cases have been dismissed; one hundred and fourteen (114) of those were voluntary dismissals and the other nine (9) were pro se cases. The cases are divided as follows: Judge Dever – 845 cases; Judge Myers – 821 cases; Judge Boyle – 869 cases; and Judge Flanagan – 862 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 401,000 de-duplicated administrative claims on file with the Department of the Navy ("Navy"). The Navy's enhanced Claims Management Portal allows filers to effectively manage their CLJA claim online. Approximately 153,006 CLJA claims currently contain at least one supporting document with approximately 48,026 of those claims *alleging* an

1

injury type that may be considered for settlement under the Elective Option framework. Law firms and claimants are aware they must provide evidence of a medical diagnosis and evidence a claimant was present on Camp Lejeune before the Navy makes a settlement determination. The Camp Lejeune Claims Unit ("CLCU") continues to encourage filers to submit substantiating documentation so that the CLCU can confirm substantiation of those alleged Elective Option injuries and extend settlement offers to as many claimants who qualify for the EO as possible given workforce impacts.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Joint Status Reports of October 15 and December 10, 2024 included a joint proposal that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be tried before the same judge. These cases have now been assigned to Judge Dever. The Parties further proposed that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be divided into logical subgroups for purposes of trials. The Parties may make additional proposals for subgroups of other diseases for purposes of trials.

On March 3, 2025, the Parties filed a Joint Notice Regarding Hearing on March 25, 2025. [D.E. 329]. In the Joint Notice, the Parties proposed mutually agreed upon language concerning the nature of evidence to be presented by experts in the Water Contamination Phase (Phase One) of this litigation. *Id.* ¶ 4. Further, the Parties set forth competing positions concerning whether there should be a live evidentiary hearing during the Water Contamination Phase. *Id.* ¶¶ 6(A)-(B). At the Court's convenience, the Parties will be prepared to answer the Court's questions concerning these issues.

To the extent necessary, the Parties will continue discussions concerning the types of proof required to satisfy the PLG's burdens under Phases II (general causation) and III (specific causation and residual experts).

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties discuss their positions on stipulations on a monthly basis. As forecasted in prior Joint Status Reports, the Parties have found that the areas of dispute have sharpened as expert discovery progressed.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues.

<u>Expert Disclosures</u>

On February 7, 2025, the PLG designated Phase III experts on specific causation, damages and other expert disciplines not covered by previous phases ("Residual Experts"). Further, the PLG disclosed rebuttal experts on Phase II (General Causation) on March 15, 2025.

On April 8, 2025, with the exception of Parkinson's disease, the government disclosed its Phase III Residual Experts and produced Phase III expert reports, including reports on specific causation, damages, and offsets. On April 15, 2025, DOJ produced materials considered by its Residual Experts. On May 14, 2025, the PLG disclosed rebuttal reports on specific causation. The PLG's deadline for disclosure of rebuttal life care reports was extended to July 2, 2025 pursuant to the Court's June 25, 2025 Order. [D.E. 414].

3

On May 8, 2025, the government designated its Residual Experts on Parkinson's disease consistent with the deadlines established by the Court's March 11, 2025 Order. [D.E. 332.]

As discussed in prior Joint Status Reports, Track 1 Trial Plaintiff Frank Mousser ("Mr. Mousser") was diagnosed with a recurrence of his kidney cancer after the PLG disclosed Residual Expert reports on February 7, 2025. [D.E. 354 at p 5]. The PLG supplemented three Residual Expert Reports concerning the reoccurrence of Mr. Mousser's kidney cancer on April 9, 2025. Pursuant to the Parties' agreement, the government served responsive supplemental reports on May 23, 2025 for DOJ experts Walter Stadler and Harold Bursztajn, and the government served responsive supplemental reports by DOJ experts Michael Shahnasarian, Henry Miller and Tricia Yount on June 6, 2025.

Expert Depositions

All expert depositions for Phase I ("Water Contamination Experts") have been completed. All depositions of Phase II experts on general causation ("General Causation Experts") also have been completed. The Parties have completed the process of scheduling all depositions of Phase III experts on specific causation ("Residual Experts"). Phase III expert depositions are in progress and should be complete by mid-July.

Future Expert Supplementations

On April 11, 2025, the United States proposed amendments to the Court's schedule to address supplemental expert opinions and impose a deadline after which new medical developments or diagnoses could not be presented at trial. The PLG has rejected such proposal and strongly disagrees that any limitations should be imposed with respect to ongoing medical treatment and new developments/diagnoses. Given the Track 1 Trial Plaintiffs' serious health issues, it is to be expected that their conditions will continue to worsen, new diagnoses may arise,

and medical treatment will be required up through trial. Such issues can be addressed through the normal course and in accordance with applicable procedures.

The Government's Late Production of Offset/Lien Data

As set forth in the past two joint status reports, a dispute arose with respect to the DOJ's late production of information pertaining to alleged offsets which prejudiced Plaintiffs with respect to its damages presentation and impacted the parties' expert discovery on the issues of damages and offsets. After multiple meet and confers the parties submitted a joint motion to amend pretrial deadlines which was granted by Order entered June 25, 2025. [D.E. 414]

United States' Assertion that Specific Cause Expert Reports Should Not Include Opinions Related to General Causation

On June 10, 2025, the government sent the PLG a letter asserting that certain of the PLG's Phase III specific causation experts improperly offered opinions on general causation. The PLG disputes the assertions in the government's letter. The PLG has not offered any new general causation opinions in Phase III reports. Instead, the PLG's Phase III experts thoroughly reviewed the strength of the evidence for each particular toxin in an effort to determine weight to give to each risk factor in a differential diagnosis. This is not the same as the PLG's sponsoring new general causation opinions. Meet and confers on the issue have not resolved the dispute so the government filed a Motion to Exclude Untimely General Causation Opinions on June 23, 2025. [D.E. 409] The PLG is preparing its response.

**United States' Position:**

The United States has completed substantially all of its general discovery responses. The United States will continue to produce on a rolling basis any Track 1 Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies.

Fact Depositions

5

The United States confirms that all previously scheduled fact depositions have been taken at this point. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Recent Developments in Track 1 Trial Plaintiffs' Cases

As has been previously reported, PLG agreed to provide quarterly updates via spreadsheet to the Discovery Plaintiff Pool Forms. PLG also agreed to produce medical records as soon as they received them. PLG's next spreadsheet is due on July 10, 2025.

Future Expert Supplementations

In prior Status Conferences, the United States discussed the proposal it raised with PLG regarding a deadline for final expert report supplementation. The United States' proposal would establish a final supplementation deadline for expert causation opinions; that deadline would not affect the overall discovery schedule and would not preclude the introduction of additional information through fact witnesses at trial. PLG has indicated that setting a final deadline for expert supplementation may be beneficial, but that establishing such a date at this time is premature. The Parties will continue to discuss this matter.

Expert Discovery Disclosures

PLG's Phase III expert disclosures were made on February 7, 2025. On April 8, 2025, the United States served all of its Phase III expert disclosures, with the exception of disclosures for the Parkinson's disease cases. On April 15, 2025, the United States served its materials considered lists for all Phase III expert disclosures, with the exception of the Parkinson's disease cases. The United States served its Phase III expert disclosures for Parkinson's disease cases on May 8, 2025. Materials considered lists for the United States' Parkinson's disease experts were served on

May 15, 2025. PLG's Phase III rebuttal expert disclosures were served on May 14, 2025, with the exception of rebuttal disclosures for the Parkinson's disease cases.

Phase I Motions

On April 29, 2025, the Parties filed their respective opening briefs in Phase I. The Parties' filed opposition briefs on June 4, 2025. The Court denied PLG's request for a late Phase I *Daubert* motion on Dr. Remy Hennet and allowed an additional 3,000 words for PLG's reply brief due July 3, 2025. Text Order of June 13, 2025.

Phase I Expert Depositions

All Phase I expert depositions have been taken. Pursuant to the Court's May 9, 2025 Order, Dr. Remy Hennet's supplemental deposition took place on June 4, 2025. The Parties agreed that Plaintiffs' Phase I expert Mr. Morris Maslia would sit for a supplemental deposition related to PLG's late disclosure of a supplemental report served on April 24, 2025. Mr. Maslia's deposition was completed on May 29, 2025.

Phase II Expert Depositions

The Parties have completed all Phase II expert depositions. Pursuant to the Court's June 25, 2025 Order (D.E. 414), opening briefs related to Phase II are due on September 10, 2025.

Phase III Expert Depositions

The Parties have been working collaboratively to schedule the Phase III expert depositions. All of the depositions have been set, and the Parties are working to complete all non-damages depositions in the next six weeks. Pursuant to the Court's June 25, 2025 Order (D.E. 414), opening briefs related to Phase III are due on September 10, 2025.

Phase III Specific Causation Experts' Opinions on General Causation

On June 10, 2025, the United States objected to the untimely disclosure of general

7

causation opinions—which were due on or before December 9, 2024—in several of PLG's Phase III reports, which were served on February 7, 2025. On June 16, 2025, the Parties held a meet-and-confer but were unable to resolve the dispute. On June 23, 2025, the United States filed a Motion to Exclude Untimely General Causation Opinions (D.E. 409) and a Memorandum of Law in Support (D.E. 410). The United States notes that PLG's response to the Motion was due on Monday, June 30, but no timely response has been filed. See D.E. 55. The United States respectfully requests to be heard on the merits of the Motion at the Status Conference scheduled for July 8.

United States' Supplemental Offset Data

On April 8, 2025, the United States timely produced expert witness reliance materials related to offsets pursuant to section 804(e)(2) of the Camp Lejeune Justice Act of 2022. On May 13, 2025, PLG asserted, for the first time, that the United States' production of offsets expert witness reliance materials was untimely and prejudicial. The parties met and conferred on this topic multiple times to address PLG's alleged claim of prejudice. On June 25, 2025, the Court entered a Stipulated Order modifying previous scheduling orders to, in part, allow the Parties to engage in fact discovery limited to the Parties' offset information and potentially corresponding damages information. *See* D.E. 414. To date, the United States has produced underlying offset information from the VA (including VHA and IVC), TriWest, and TRICARE. The United States is working with PLG and the Centers for Medicare & Medicaid Services (CMS) to obtain and produce additional relevant data. Furthermore, the Parties have agreed, and the Court ordered, that any related depositions conducted in relation to these productions will be performed on a rolling basis (remotely) in a manner that provides the Parties with sufficient time prior to each deposition to analyze the information pertinent to each deposition.

<u>Update Regarding PLG's Use of a Privileged Document During Dr. Hennet's Deposition</u>

In accordance with the Court's May 8, 2025 Order (D.E. 379) finding that document CLJA_UST02-0000657182-83 is privileged, was properly clawed back under CMO No. 5, and may not be used in this litigation, the United States requested confirmation that PLG had destroyed all copies of the document and the related confidential portion of Dr. Hennet's deposition transcript. On June 6, 2025, PLG confirmed that both the document and the transcript excerpt referencing the document had been destroyed.

**(6) Any other issues that the parties wish to raise with the Court:**

At present, the following motions are pending before the Court:

a. the Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156];

b. the United States' Motion to Exclude Untimely General Causation Opinions [D.E. 409].

*[Signatures follow on next page]*

DATED this 1st day of July, 2025.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs*
*and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRETT A. SHUMATE
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Unit
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*