IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-00897

| | |
|---|---|
| IN RE: ) | DEFENDANT UNITED STATES |
| CAMP LEJEUNE WATER LITIGATION ) | OF AMERICA'S MOTION TO STRIKE |
| ) | PLG'S LATE SUPPLEMENTAL |
| **This Document Relates To:** ) | DAUBERT MOTION, OR |
| *All Cases* ) | ALTERNATIVELY, FOR LEAVE TO |
| ) | FILE A SUR-REPLY |

## INTRODUCTION

The Court should strike from PLG's reply brief its late supplemental arguments to exclude additional opinions of Dr. Hennet related to Hadnot Point supply well HP-651 because PLG's request for leave to file a supplemental *Daubert* motion on these opinions was denied. June 13, 2025, Text Order ("The court orders that Plaintiffs' request to file a supplemental Daubert motion is denied."). The Court should also strike PLG's late, supplemental arguments to exclude opinions related to HP-651 because including those requests to exclude opinions for the first time in a reply brief violates Local Civil Rule 7.1, which limits the scope of replies to "matters initially raised in a response to a motion." Because PLG's requests to exclude new opinions exceed that scope, they are "not before the court." *Tyndall v. Maynor*, 288 F.R.D. 103, 108 (M.D.N.C. Jan. 7, 2013) (quoting *Triad Int'l Maint. Corp. v. Aim Aviation, Inc.*, 473 F. Supp. 2d 666, 670 n.1 (M.D.N.C. 2006)). Alternatively, and at a minimum, the Court should grant the United States leave to file a sur-reply to give the United States an opportunity to respond to PLG's late and specious arguments.

## BACKGROUND

This Court methodically structured expert discovery in this litigation into three phases, with the first (Phase I) intended to resolve the key threshold issue of historical water contamination

1

issues at Camp Lejeune that is applicable to all plaintiffs. (*See* D.E. 270, 312, 332[1]). Motions related to Phase I were due on April 29, 2025, and on that date, PLG filed a motion seeking to exclude only four of Dr. Hennet's opinions. PLG's Hennet *Daubert* Mot., D.E. 373, at 1.

The Court's May 8, 2025, Order ("May 8th Order"), granted PLG a limited supplemental deposition of Dr. Hennet and provided that "PLG c[ould] include any relevant portions of that supplemental testimony in its reply brief for its separate motion to exclude certain opinions of Dr. Hennet [DE-373]." May 8th Order, D.E. 380, at 11. This did not mean that PLG could raise new arguments to exclude additional opinions that were not challenged it its motion without seeking relief from the Court. Instead, the May 8th Order instructed the Parties to submit a joint statement on impacts to briefing deadlines after the supplemental deposition. *Id.*

Dr. Hennet's supplemental deposition took place on June 4, 2025, and the United States and PLG ("the Parties") subsequently filed a Joint Statement setting out their respective positions on impacts of the supplemental deposition. Joint Statement, D.E. 404, at 1. PLG specifically sought "the Court's permission to exclude another opinion of Dr. Hennet related to well HP-651 in the Hadnot Point – Holcomb Boulevard System." *Id.* at 2. The United States opposed this request because it was merely "an attempt to get a second bite at the apple." *Id.* at 4. The United States explained that the June 4, 2025, supplemental deposition provided no new basis to exclude Dr. Hennet's opinions regarding HP-651 that had not been explored during his earlier deposition. *Id.* The United States also pointed out that PLG failed to show any appropriate basis for filing a supplemental *Daubert* motion regarding well HP-651 that "arose only after Dr. Hennet's first deposition." *Id.*

---

[1] D.E. 332 established extended deadlines for the United States' Phase III expert disclosures for the Parkinson's Disease Plaintiffs.

The Court denied PLG's request to file a supplemental *Daubert* motion but allowed PLG additional words in its reply to address developments from Dr. Hennet's supplemental deposition. Specifically, the Court's Order stated:

> The court has reviewed the parties' joint notice and accompanying transcript [DE-404] and no further briefing is required to render a decision. ***The court orders that Plaintiffs' request to file a supplemental Daubert motion is denied.*** However, Plaintiffs are granted an additional 3,000 words for their reply brief in support of the motion to exclude [DE- 373]. See Local Civil Rule 7.2(f). The court expects this additional length will allow Plaintiffs to adequately address any developments from Dr. Hennet's supplemental deposition.

June 13, 2025 Text Order (emphasis added).

PLG ignored the Court's Order and filed a reply brief that includes what is in essence a supplemental *Daubert* motion by seeking to exclude Dr. Hennet's opinions "related to well HP-651 in the Hadnot Point – Holcomb Boulevard System." PLG's reply asks the Court to exclude Dr. Hennet's opinion that (1) pumping records reflect that well HP-651 pumped 39% of the time and (2) sampling records reflect that the average TCE concentration in the Hadnot Point Water Distribution System when HP-651 was pumping was 582 micrograms per liter. PLG obscures the fact that it is asking the Court to exclude additional opinions by including their arguments in the section of their brief on Dr. Hennet's opinion on well HP-634, a matter that was raised in PLG's opening brief. *Compare* PLG's Reply, D.E. 423, at 7–13 (seeking exclusion of Dr. Hennet's opinions on Hadnot Point supply-wells HP-634 *and* HP-651), *with* PLG's Mot., D.E. 373, at 1 (seeking exclusion *only* of Dr. Hennet's opinions on Hadnot Point supply-well HP-634).

The United States has had no opportunity to respond to either of PLG's arguments about Dr. Hennet's opinions on well HP-651. The Parties met and conferred about this motion on July 8, 2025. PLG indicated that it would not withdraw its late arguments but would not oppose a request for the United States to file a sur-reply.

# ARGUMENT

PLG's late arguments to exclude additional opinions are not properly before the Court because they were included for the first time in a reply brief. It is axiomatic that reply briefs may not raise new arguments, as reflected in Local Rule of Civil Procedure 7.1(g)(1)'s requirement that replies, which are disfavored, be limited to "matters initially raised in a response to a motion." New arguments raised in reply briefs are therefore not properly before the Court. *See Cavallo v. Star Enterprise*, 100 F.3d 1150, 1152 n.2 (4th Cir. 1996) ("Under the decisions of this and the majority of circuits, an issue first argued in a reply brief is not properly before a court of appeals."); *Tyndall v. Maynor*, 288 F.R.D. 103, 108 (M.D.N.C. Jan. 7, 2013) (quoting *Triad Int'l Maint. Corp. v. Aim Aviation, Inc.*, 473 F. Supp. 2d 666, 670 n.1 (M.D.N.C. 2006)) ("Members of this Court, however, have consistently held that reply briefs may not inject new grounds and that an argument that was not contained in the main brief is not before the court.") (cleaned up)).

Here, PLG's reply included entirely new arguments seeking to exclude two of Dr. Hennet's opinions on well HP-651 that were not challenged in PLG's opening brief. *Compare* PLG's Reply, D.E. 423 (seeking exclusion of six of Dr. Hennet's opinions, including two about well HP-651), *with* PLG's Motion, D.E. 373, at 1 (seeking exclusion of four of Dr. Hennet's opinions). It follows that PLG's supplemental *Daubert* motion is not properly before the Court.

Because new arguments raised in reply briefs are not properly before the Court, the appropriate remedy is to strike them. *See Penguin Restoration, Inc. v. Nationwide Mut. Ins., Co.*, No. 5:13-cv-63-BO, 2014 WL 715123, at *2 (E.D.N.C. Feb. 21, 2014) ("The Court has ample authority to strike arguments made for the first time in a reply brief."); *Clean Juice Franchising, LLC v. Charleston Juicing, LLC*, No. 3:23-cv-00894, 2024 WL 1842174, at *1 (W.D.N.C. Apr. 26, 2024) (quoting *Hesk Corp. v. Qorvo US, Inc.*, No. 1:19-cv-1108, 2020 WL 5821078, at *2–3

(M.D.N.C. Sept. 30, 2020)) ("Local Rule 7.1 provides that '[a] reply brief should be limited to a discussion of matters newly raised in the response.' LCvR 7.1(e). But when new arguments are raised in the reply brief, the brief may be stricken."). That remedy is particularly appropriate here because the Court already entered an Order denying PLG's request to file a supplemental *Daubert* motion. Here, PLG's new arguments are, in essence, a supplemental *Daubert* motion, because they seek to exclude opinions that were not covered by PLG's motion. PLG's *Daubert* motion specifically identified the opinions of Dr. Hennet it was seeking to exclude:

- Contaminant volatilization when water buffaloes are filled via the manhole;

- Alleged contaminant losses from disposal of spent spiractor solids, sand filter backwash water and suspended solids;

- "Anomalous" HP-634 contaminant concentration data; and

- "Representative" flow paths and travel time at TT-26.

D.E. 373 at 1. The *Daubert* motion did not seek to exclude the opinions now covered in the reply brief. Neither did the opening memorandum address those opinions at all. By including those arguments in the reply, PLG has blatantly ignored the Court's Order. *See* June 13, 2025, Text Order ("The court orders that Plaintiffs' request to file a supplemental *Daubert* motion is denied."). The Court issued this Order after the United States pointed out PLG's extensive pre-*Daubert* questioning of Dr. Hennet about his well HP-651 opinions at his first deposition. D.E. 404 at 1. The Court should therefore strike PLG's supplemental arguments challenging opinions about well HP-651 that were not the subject of PLG's *Daubert* motion.

Alternatively, and at a minimum, the Court should allow the United States to file a sur-reply of up to 15 pages within 10 days of an order granting leave to file. Sur-replies are generally permitted "when fairness dictates based on new arguments raised in the previous reply." *Norton v.*

5

*Rosier*, No. 7:14-CV-00260-FL, 2017 WL 4399194, at *4 (E.D.N.C. Sept. 29, 2017) (quoting *DiPaulo v. Potter*, 733. F. Supp. 2d 666, 670 (M.D.N.C. 2010)). Fairness dictates that the United States have an opportunity to respond to PLG's new arguments. Because PLG increased the scope of its *Daubert* motion by half in seeking to exclude two additional opinions, it is also fair to accord the United States' the same proportional increase in its opportunity to respond. *Compare* PLG's Mot., D.E. 373, at 1 (seeking exclusion of four opinions), with PLG's Reply, D.E. 423, at 7–13 (seeking exclusion of six opinions); *see* Local Civ. R. 7.2(f)(2)(A) (setting a 30-page limit on oppositions to motions). However, permitting the United States to file a sur-reply rather than striking PLG's late requests to exclude additional opinions will incentivize PLG to continue violating the Court's orders whenever they determine there is a strategic advantage in doing so.

## CONCLUSION

For the foregoing reasons, the United States moves this Court to strike PLG's supplemental *Daubert* motion on Dr. Hennet's opinions about Hadnot Point well HP-651 that were first filed in PLG's reply brief. Alternatively, the United States requests leave to file a sur-reply of up to 15 pages within 10 days of an order granting leave to file.

Dated: July 14, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General,
Torts Branch

J. PATRICK GLYNN
Director,
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Unit

HAROON ANWAR
Acting Assistant Director

ADAM BAIN
Special Litigation Counsel

GIOVANNI ANTONUCCI
ALANNA HORAN
KAILEY SILVERSTEIN
Trial Attorneys

*/s/ Allison M. O'Leary*
ALLISON M. O'LEARY
MI Bar No. P78427
Trial Attorney, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: allison.o'leary@usdoj.gov
Telephone: (202) 374-0045

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2025, I electronically filed the foregoing using the Court's Electronic Case Filing system, which will send notice to all counsel of record.

*/s/ Allison M. O'Leary*
ALLISON M. O'LEARY
