IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| | ) |
| This Document Relates To: | ) |
| ALL CASES | ) |

**UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION
REQUESTING LEAVE TO FILE SURREPLY REGARDING THE UNITED STATES'
WATER MODELING MOTION [D.E. 428]**

After being granted leave to file a nearly 40-page opposition brief to the United States' Motion to Exclude PLG's Phase I Expert Testimony in Support of Using ATSDR's Water Models to Determine Exposure Levels for Individual Plaintiffs (the "Water Modeling Motion"), PLG now seeks leave to file an additional 7-page sur-reply purportedly to address "new arguments, citation to new authority, and muddling of the factual record… ." D.E. 428 at 3. However, sur-replies generally are only permitted when necessary to respond to arguments raised for the first time in a reply brief. The United States did not raise any new arguments in the reply brief it filed in support of the Water Modeling Motion. Rather, PLG simply wants to have the last word on the evidence. Accordingly, the Court should deny PLG's request for leave to file a sur-reply.[1]

## BACKGROUND

On April 29, 2025, the United States filed its Water Modeling Motion seeking to exclude the broad and sweeping opinions of PLG's Phase I experts about the correctness, accuracy,

---

[1] While PLG wrongly claims that the United States raised new arguments in the reply brief it filed in support of the Water Modeling Motion, PLG did in fact make late supplemental arguments in a reply brief to exclude additional opinions of Dr. Hennet related to Hadnot Point supply well HP-651. The United States has moved to strike those late arguments, or in the alternative, to be granted leave to file its own sur-reply. D.E. 423.

reliability, and soundness of ATSDR's water models and to preclude use of ATSDR's water models for individual exposure determinations in this litigation. D.E. 367; D.E. 368. As explained in the Water Modeling Motion, ATSDR's water models relied on conservative, health-protective assumptions for determining relative exposure levels for epidemiology studies. *Id*. The water models are not reliable, scientifically valid, or sufficiently accurate for the litigation-focused purpose of determining exposure levels for individual plaintiffs. *Id*.

On May 29, 2025, PLG filed a motion seeking leave to file an opposition brief to the United States' Water Modeling Motion in excess of the 30-page and 8400-word limits set by Local Rule 7.2(f). D.E. 389. The United States did not oppose that motion, and the Court granted PLG's request on June 3, 2025. D.E. 389; D.E. 392. PLG filed a 39-page and 13,871-word opposition brief on June 4, 2025. D.E. 397.

On July 3, 2025, the United States filed its reply brief in support of the United States' Water Modeling Motion and responded directly to arguments raised in PLG's opposition brief. D.E. 425.

On July 8, 2025, PLG requested leave to file a 7-page and 2008-word sur-reply to the United States' Water Modeling Motion. D.E. 428. PLG wrongly claims that "the Government made a number of incorrect assertions in its reply brief" and that "the Government's reply cites new evidence (five new exhibits plus new citations/quotations from previous exhibits) and makes new arguments." *Id.* at 2.

## LEGAL STANDARD

"Sur-replies are not authorized under the Federal Rules of Civil Procedure or Local Civil Rule 7.1." *Issa v. U.S. Dep't of State*, No. 5:24-cv-137-D, 2024 WL 2093177, at *1 (E.D. N.C. Sept. 5, 2024) (Dever, J.). "Generally [sur-replies] are authorized only when necessary to respond to arguments raised for the first time in the reply." *Id.*; *see also Neighborhood Networks Publ'g*,

*Inc. v. Lyles*, No. 7:19-cv-89-BO, 2021 WL 328844, at *2 (E.D.N.C. Jan. 31, 2021) ("[C]ourts generally allow a party to file a surreply only when fairness dictates based on new arguments raised in the previous rely.") (Boyle, J.); *Estate of Richard Myers ex rel. Myers v. Wal-Mart Stores, Inc.*, No. 5 :09-cv-549-FL, 2011 WL 1366459, at *1 n.1 (E.D.N.C. Apr. 11, 2011) ("[T]he court generally allows a party to file a sur-reply only when necessary to respond to arguments raised for the first time in the reply.") (Flanagan, J.).

## ARGUMENT

I.  **Fairness Does Not Dictate Allowing PLG to File a Sur-Reply Where the United States Did Not Raise New Arguments in its Reply Brief and Where PLG Simply Wants to Have the Last Word on the Evidence.**

PLG wrongly claims that the United States made "new arguments" in its reply brief in support of the Water Modeling Motion. D.E. 428 at 2. The arguments in the United States' reply brief are not new, but rather were made directly in response to PLG's opposition brief and in support of the United States' overarching arguments that ATSDR's water models are unreliable and scientifically invalid for determining exposure levels for individual plaintiffs in this litigation. Every example that PLG provides of purported "new arguments" consists of arguments on evidence where PLG is simply seeking to offer the last word.

For example, PLG claims that "the Government argues for the first time that the data are not sufficiently accuracy to estimate *daily* levels of contaminants." D.E. 428 at 2 (emphasis within). However, the United States argued in its Water Modeling Motion that "ATSDR's water models are based on insufficient contaminant concentration sampling data, which prevents them from providing reliable or accurate estimate contaminant concentrations… ." D.E. 368 at 2. In its reply brief, the United States simply pointed out that PLG's Phase III experts are relying on the

results of ATSDR's water models for a purpose for which ATSDR itself stated that there is insufficient data. D.E. 425 at 4-5.

PLG also claims that "the Government invokes the ATSDR's Public Health Assessment for the first time as alleged evidence, health protective assumptions made in ATSDR's modeling." D.E. 428 at 2. However, it is PLG that pointed to ATSDR's 2017 Public Health Assessment in their opposition brief. D.E. 397 at 6-7. In its reply brief, the United States simply pointed out that the language in ATSDR's 2017 Public Health Assessment supports the United States' arguments, not PLG's arguments; namely, the Public Health Assessment reaffirmed that ATSDR relies on conservative, health-protective assumptions. D.E. 425 at 5.

PLG further claims that "[t]he Government also (erroneously) argues for the first time that the PLG expert reports do not address error rates, confidence intervals or the results of uncertainty analyses" and that "[t]he Government argues for the first time that the 330 unviable realizations in the Monte Carlo analysis raise 'concerns about the accuracy of the model and the representativeness of the input model parameters.'" D.E. 428 at 2. However, PLG argued "ATSDR's methodology has an acceptable rate of error" in its opposition brief. D.E. 397 at 27-29. In its reply brief, the United States simply pointed out that in making that argument, PLG failed to address error rates or error bounds, confidence intervals, or the results of the uncertainty analyses performed on ATSDR's water models for simulated concentration levels into the past. D.E. 425 at 7-8.

Finally, PLG claims that "the Government also argues for the first time that ATSDR epidemiologists did not use the water model results for the 2024 Mortality and Cancer Incidence Study." D.E. 428 at 2. However, the fact that ATSDR stopped relying on the water models, even for the limited purpose of estimating relative levels of exposure for epidemiological studies,

Page 4 of 8
Case 7:23-cv-00897-RJ    Document 438    Filed 07/14/25    Page 4 of 8

responds to PLG's arguments regarding ATSDR's use of the water models and supports the United States' arguments that the water models are unreliable and scientifically invalid for determining exposure levels in individual plaintiffs.

In short, the United States did not raise new arguments in its reply brief. PLG simply wants the last word on evidence that has already been fully discussed in the briefing. A sur-reply is not warranted under these circumstances, and PLG's request for a sur-reply should be denied. *See*, *e.g.*, *Neighborhood Networks Publ'g, Inc.*, 2021 WL 328844, at *2 ("Here, a sur-reply brief is not appropriate because defendant Lifestyle did not raise new arguments in its reply.") (Boyle, J.); *Holden v. Raleigh Restaurant Concepts, Inc.*, No. 5:14-cv-348-F, 2014 WL 6609774, at *2 (E.D. N.C. Nov. 20, 2014) ("Holden does not seek to file a sur-reply in response to new arguments raised by RRC in its reply. Rather, she requests leave in order 'to provide full briefing to the Court so that it can make an informed decision.' Holden may not file a sur-reply merely to supply the court with additional explanation and commentary.") (Fox, J.) (citation omitted).

## II. PLG's Proposed Sur-Reply Does Not Change the Fact that ATSDR's Water Models Are Unreliable and Scientifically Invalid for Determining Exposure Levels in Individual Plaintiffs.

Even in their proposed sur-reply, PLG fails to clearly and directly address the level of uncertainty in ATSDR's water models and fails to identify any error rates, error bounds, or confidential intervals. D.E. 428-1 at *passim*. Instead, PLG once again hides behind the complexity of ATSDR's water models and obfuscates by pointing to the expert reports of Mr. Maslia and Dr. Konikow, which likewise attempt to mask the level of uncertainty in ATSDR's water models. *Id*.

PLG would also have this Court believe that as a federal public health agency, ATSDR used conservative, health-protective assumptions and data-interpretation methods for epidemiological studies that relied on ATSDR's water models but did not rely on conservative,

health-protective assumptions in developing the water models themselves. D.E. 428-1 at 2-3. Not only does that argument defy logic, but it also contradicts Mr. Maslia's own acknowledgement about conservative, health-protective assumptions being used when ATSDR's water models were being developed. D.E. 369-4, 49:20-50:4 ("MR. MASLIA: Then from a standpoint of being conservative, from a public health standpoint… .").

Finally, the present-day *ipse dixit* statement of PLG's experts cannot save them from the contemporaneous statements they made while developing the ATSDR's water models, which demonstrate that the water models are not reliable or scientifically valid for determining exposure levels in individual plaintiffs.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests the Court to deny PLG's request for leave to file a sur-reply.

Dated: July 14, 2025                               Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Unit

ADAM BAIN
Special Litigation Counsel

ALLISON O'LEARY
GIOVANNI ANTONUCCI
ALANNA HORAN
KAILEY SILVERSTEIN
Trial Attorneys

<u>/s/ Haroon Anwar</u>
HAROON ANWAR
Acting Assistant Director
United States Department of Justice
Civil Division, Torts Branch
Environmental Torts Litigation
1100 L Street, NW
Washington, DC 20005
(202) 305-2661
Fax (202) 616-4473
Haroon.Anwar@usdoj.gov

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

*Attorneys for Defendant,*
*United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I electronically filed the foregoing using the Court's Electronic Case Filing system, which will send notice to all counsel of record.

*/s/ Haroon Anwar*
HAROON ANWAR
