IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-00897

| | | |
|---|---|---|
| IN RE: CAMP LEJEUNE WATER LITIGATION | ) ) ) | PLAINTIFFS' LEADERSHIP GROUP'S RESPONSE TO DEFENDANT UNITED STATES' |
| This Pleading Relates to: ALL CASES | ) ) ) ) | MOTION TO STRIKE, OR ALTERNATIVELY, FOR LEAVE TO FILE A SUR-REPLY |

Plaintiffs' Leadership Group (PLG) submits this response to Defendant United States' Motion to Strike, or alternatively, for Leave to File a Sur-reply (D.E. 434).

This case is distinguishable from every case cited by the Government in its motion to strike. Unlike those cases, here the Government was sanctioned for violating the Court's scheduling order by engaging in "improper supplementation" of its expert's opinions, which disrupted the flow of discovery and set this process in motion. Order, May 8, 2025, D.E. 380 at 7-8. The PLG does not dispute that two of its arguments related to HP-651 in its reply brief are new. However, these two new arguments are consistent with and directly responsive to the Court's decision to allow PLG to "address any developments from Dr. Hennet's supplemental deposition" in its reply brief. June 13, 2025 Text Order. PLG agrees that the Government should be allowed to file a sur-reply – in fact, PLG agreed to this in the parties' meet and confer. The Government, however, should not be permitted to benefit from its sanctionable conduct by preventing this Court from having a complete record concerning the reliability of key opinions that the Government contends should guide exposure determinations for nearly half a million claimants in this litigation. See D.E. 368 at 29-30.

I.     **FACTS**

Per this Court's order sanctioning the Government, the Plaintiffs took a supplemental deposition of the Government's litigation expert Dr. Remy Hennet on June 4, 2025. Among other topics, the Plaintiffs used this additional time to explore whether Dr. Hennet's opinions regarding how often supply well HP-651 was pumped and the concentration levels at the Hadnot Point WTP when HP-651 was pumping are based on sufficient facts and data and are the product of reliable principles and methods. Plaintiffs were not able to complete their questioning on these topics at the first deposition of Dr. Hennet due to timing constraints related to the necessity of questioning Dr. Hennet regarding his February 2025 site visit and the voluminous late-produced photographs, videos and notes related to same. D.E. 380 at 9-11.

Consistent with the Court's scheduling order, the Plaintiffs filed their motion to exclude certain of Dr. Hennet's opinions on April 29, 2025, more than a month before the supplemental deposition. D.E. 373 & 374 (Hennet *Daubert* motion and memorandum in support). Plaintiffs timely filed their reply brief on July 3, 2025. D.E. 423. Plaintiffs agree with the Government that their reply brief contains two new arguments – namely, section B.1, titled "Dr. Hennet's Opinion that HP-651 Pumped 39% of the Time is Speculative and Unreliable," and section B.2, titled "Dr. Hennet's Opinion that the concentration of TCE in water at the HP WTP when HP-651 was pumping was 582 ug/L is Speculative and Unreliable." D.E. 423 at 7-11. The Government does not contend that any other arguments raised in the Plaintiffs' reply brief are new. *See* D.E. 434 at 3-4. Indeed, they are not.

The entire basis for the two new arguments contained in the Plaintiffs' reply brief is the testimony of Dr. Hennet from the June 4, 2025 supplemental deposition and the exhibits used to question him on that day. In fact, other than Dr. Hennet's report, Plaintiffs did not cite to anything

other than the new deposition testimony and related exhibits in support of these two new bases for exclusion.

## II. ARGUMENT

Plaintiffs agree with the Government that this Court "methodically structured expert discovery in this litigation." D.E. 434 at 1. That structure was disrupted when the Government violated the Court's scheduling order by having its litigation expert Dr. Remy Hennet conduct a third site visit to Camp Lejeune in February 2025, two months after submission of his expert report. Order, May 8, 2025, D.E. 380 at 8 ("Defendant has violated the pretrial scheduling order.") As a sanction for this violation, the Court permitted Plaintiffs to take a supplemental deposition of Dr. Hennet. The deposition was allowed because the Court recognized that Plaintiffs had been prejudiced by Defendant's scheduling order violation, including, *inter alia*, because Plaintiffs' counsel was unable to ask all of the questions they had planned to ask due to the inordinate amount of time taken up by the necessity of asking questions about the one hundred photographs and videos that were produced a few weeks after the out-of-time site visit. *Id*. at 9-11.

In addition to granting Plaintiffs a supplemental deposition to remedy the prejudice caused by the Government's conduct, the Court's May 2025 order allowed Plaintiffs to "include any relevant portions of that supplemental testimony in its reply brief for its separate motion to exclude certain opinions of Dr. Hennet." *Id*. After completion of the second Hennet deposition, the parties submitted a joint statement regarding how to proceed. D.E. 404. Although the Court denied PLG's request to file a supplemental *Daubert* motion, the Court granted Plaintiffs an additional 3,000 words for its reply brief and explained that "The court expects this additional length **will allow Plaintiffs to adequately address any developments from Dr. Hennet's supplemental deposition**." June 13, 2025 Text Order (emphasis added).

3

Contrary to the Government's contention, this Court did not place any restrictions on the subject matter of the Plaintiffs' supplemental deposition or reply brief regarding same. The Court found that Plaintiffs were prejudiced because they spent significant time at the first Hennet deposition discussing the February Site Visit "in lieu of other questions." Order, May 8, 2025, D.E. 380 at 10. Those other questions were asked at the second deposition. The Court then granted Plaintiffs 3,000 additional words to address "**any developments** from Dr. Hennet's supplemental deposition." June 13, 2025 Text Order (emphasis added). To limit the reply brief to the content of the April 29, 2025 opening brief, as the Government suggests, would gut the relief afforded Plaintiffs for the Government's scheduling order violation because at the time of filing Plaintiffs' counsel could not have known how Dr. Hennet would testify five weeks later on June 4, 2025.

This Court should deny the Government's motion to strike for the same reasons it declined Plaintiffs' request to exclude evidence related to Dr. Hennet's February 2025 site visit (and instead granted the lesser sanction of a supplemental deposition). In reaching its decision regarding the appropriate sanction for the Government's misconduct, the Court considered the *Akeva* factors. Order, May 8, 2025, D.E. 380 at 8-11. Application of those factors here weighs in favor of allowing the Government a sur-reply as opposed to granting its motion to strike.[1] Specifically, the explanation for how the parties got here is that *the Government* violated the scheduling order. The importance of this Court reaching the correct outcome regarding well HP-651 is immense – HP-651 is the driver of contamination at Hadnot Point, is "squarely relevant to this litigation," and "directly inform[s] the causal analysis." *Id*. at 9; *see also* D.E. 423 at 7-11. The Government is not

---

[1] The *Akeva* factors, which are employed to determine appropriate sanctions for noncompliance with pretrial orders and procedures, are: "(1) the explanation for the failure to obey the order; (2) the importance of the expert opinion; (3) the prejudice to the opposing party by allowing the disclosures; (4) the availability of alternative or lesser sanctions; (5) the interest in expeditious resolution of litigation; (6) a court's need to manage its docket; and (7) public policy favoring disposition of cases on the merits." Order, May 8, 2025, D.E. 380 at 8.

prejudiced because it can address the new issues in a sur-reply. And there will be minimal delay as the Government has indicated that it can file its sur-reply within ten days of the Court's order on this motion. D.E. 434 at 5-6.

Most important is the seventh *Akeva* factor – public policy favors disposition of these cases on the merits. Plaintiffs adamantly maintain that Dr. Hennet's opinions regarding how often HP-651 pumped and the contaminant levels at the Hadnot Point Water Treatment Plant when HP-651 was pumping are unreliable. D.E. 423 at 7-11 (§§ B.1 & B.2). In seeking to exclude ATSDR's water models, the Government represented to this Court that such exclusion "will not preclude the CLJA litigation from moving forward because the United States is offering expert testimony from Dr. Remy Hennet … on what can reliably be said about the extent and timing of water contamination at Camp Lejeune to determine whether a plaintiff was 'substantially exposed' to contaminated water at Camp Lejeune." D.E. 368 at 30. The Court should rule on the reliability of Dr. Hennet's opinions – which potentially effect the claims of hundreds of thousands of veterans – with a complete record, which includes the entirety of Plaintiffs' reply brief.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to deny the Government's motion to strike. The PLG agrees with the Government that a sur-reply is warranted. DATED this 18th day of July, 2025.

| /s/  J. Edward Bell, III | /s/  Zina Bash |
|---|---|
| J. Edward Bell, III (admitted *pro hac vice*) | Zina Bash (admitted *pro hac vice*) |
| Bell Legal Group, LLC | Keller Postman LLC |
| 219 Ridge St. | 111 Congress Avenue, Suite 500 |
| Georgetown, SC 29440 | Austin, TX 78701 |
| Telephone: (843) 546-2408 | Telephone: 956-345-9462 |
| jeb@belllegalgroup.com | zina.bash@kellerpostman.com |
| | |
| *Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs and Government Liaison Counsel* |

| | |
|---|---|
| /s/ Elizabeth J. Cabraser | /s/ W. Michael Dowling |
| Elizabeth J. Cabraser (admitted *pro hac vice*)<br>Lieff Cabraser Heimann & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br>ecabraser@lchb.com<br><br>*Co-Lead Counsel for Plaintiffs* | W. Michael Dowling (NC Bar No. 42790)<br>The Dowling Firm PLLC<br>Post Office Box 27843<br>Raleigh, North Carolina 27611<br>Telephone: (919) 529-3351<br>mike@dowlingfirm.com<br><br>*Co-Lead Counsel for Plaintiffs* |
| /s/ Robin L. Greenwald | /s/ James A. Roberts, III |
| Robin L. Greenwald (admitted *pro hac vice*)<br>Weitz & Luxenberg, P.C.<br>700 Broadway<br>New York, NY 10003<br>Telephone: 212-558-5802<br>rgreenwald@weitzlux.com<br><br>*Co-Lead Counsel for Plaintiffs* | James A. Roberts, III<br>Lewis & Roberts, PLLC<br>3700 Glenwood Ave., Ste. 410<br>Raleigh, NC 27612<br>Telephone: (919) 981-0191<br>jar@lewis-roberts.com<br><br>*Co-Lead Counsel for Plaintiffs* |
| /s/ Mona Lisa Wallace | |
| Mona Lisa Wallace (N.C. Bar No.: 009021)<br>Wallace & Graham, P.A.<br>525 North Main Street<br>Salisbury, North Carolina 28144<br>Tel: 704-633-5244<br>mwallace@wallacegraham.com<br><br>*Co-Lead Counsel for Plaintiffs* | |