IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | **JOINT STATUS REPORT** |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to August 1, 2025, 3,488 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. 140 cases have been dismissed; 127 of those were voluntary dismissals and the 13 others were pro se cases. The cases are divided as follows: Judge Dever – 878 cases; Judge Myers – 841 cases; Judge Boyle – 893 cases; and Judge Flanagan – 886 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

There are approximately 408,000 de-duplicated administrative claims on file with the Department of the Navy ("Navy"). The Navy's enhanced Claims Management Portal allows filers to effectively manage their CLJA claim online. Approximately 158.680 CLJA claims currently contain at least one supporting document with approximately 51,298 of those claims alleging an

1

injury type that may be settled under the EO framework. The time between filing a claim and settlement is dependent upon timely receipt of relevant supporting documents. Law firms and claimants are aware that under the CLJA, they must provide evidence of a medical diagnosis and presence at Camp Lejeune before a settlement determination can be made. The Camp Lejeune Claims Unit ("CLCU") continues to encourage filers to submit substantiating documentation expeditiously so that the CLCU can confirm substantiation of those alleged EO injuries and extend settlement offers to as many claimants who qualify for the EO as possible.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Joint Status Reports of October 15 and December 10, 2024 included a joint proposal that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be tried before the same judge. These cases have now been assigned to Judge Dever. The Parties further proposed that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be divided into logical subgroups for purposes of trials. The Parties may make additional proposals for subgroups of other diseases for purposes of trials.

On March 3, 2025, the Parties filed a Joint Notice Regarding Hearing on March 25, 2025. [D.E. 329]. In the Joint Notice, the Parties proposed mutually agreed upon language concerning the nature of evidence to be presented by experts in the Water Contamination Phase (Phase One) of this litigation. *Id.* ¶ 4. Further, the Parties set forth competing positions concerning whether there should be a live evidentiary hearing during the Water Contamination Phase. *Id.* ¶¶ 6(A)-(B). At the Court's convenience, the Parties will be prepared to answer the Court's questions concerning these issues.

To the extent necessary, the Parties will continue discussions concerning the types of proof required to satisfy the PLG's burdens under Phases II (general causation) and III (specific causation and residual experts).

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties discuss their positions on stipulations on a monthly basis. As forecasted in prior Joint Status Reports, the Parties have found that the areas of dispute have sharpened as expert discovery progressed.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues.

<u>Expert Depositions and Motions</u>

All expert witnesses for Phase I (Water Contamination) have been both disclosed and deposed by the Parties, and the deadline for Phase I motions has expired. The Parties have completed the depositions of all expert witnesses for Phase II (General Causation), and the deadline to file motions related to Phase II is September 10, 2025. All expert witness depositions for Phase III (Residual Experts), except those witnesses who fall within the separate track for expert discovery related to damages and offsets, have been completed with the exception of one expert whose deposition is scheduled for August 6, 2025 and another expert whose deposition will be continued for an hour and a half on August 8, 2025. In accordance with the Order entered June

3

25, 2025 [D.E. 414], the deadline to file motions related to Phase III (except with respect to the experts being deposed according to the revised schedule) is September 10, 2025.

### Dr. Hoppe's Deposition Errata Sheet

The United States has raised an issue with respect to the errata to the deposition of Dr. Hoppe, PLG's specific causation expert for non-Hodgkin's lymphoma in the Davis and Howard cases. PLG disputes the issue raised by the United States and the parties have scheduled a met and confer on the matter for Tuesday, August 4 at 10:00 am.

### Discovery Pertaining to Damages and Offsets

In accordance with the Court's June 25, 2025 Order [D.E. 414], fact discovery related to the Parties' offset information and potentially corresponding damages information is to be completed by September 2, 2025. Plaintiffs will then produce amended damage assessment forms and disclose their expert reports relating to damages and offsets by no later than October 13, 2025.

### Future Expert Supplementations

On April 11, 2025, the United States proposed amendments to the Court's schedule to address supplemental expert opinions and impose a deadline after which new medical developments or diagnoses could not be presented at trial. The PLG has rejected such proposal and strongly disagrees that any limitations should be imposed with respect to ongoing medical treatment and new developments/diagnoses. Given the Track 1 Trial Plaintiffs' serious health issues, it is to be expected that their conditions will continue to worsen, new diagnoses may arise, and medical treatment will be required up through trial. Such issues can be addressed through the normal course, on a case by case basis, and in accordance with applicable procedures. The United

States agreed at the last status conference that it was premature for the Court to address this issue at this time.

**United States' Position:**

The United States has completed substantially all of its general discovery responses. The United States will continue to produce on a rolling basis any Track 1 Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies.

Fact Depositions

The United States confirms that all previously scheduled fact depositions have been taken at this point. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Recent Developments in Track 1 Trial Plaintiffs' Cases

PLG previously agreed to provide quarterly updates via spreadsheet to the Discovery Plaintiff Pool Forms. PLG also agreed to produce medical records as soon as they received them. PLG's latest spreadsheet was produced on July 10, 2025. The United States contacted PLG with specific questions regarding some of the spreadsheet entries on July 31, 2025. The United States is waiting for PLG's response, as well as medical records PLG indicated it would be producing for certain Track 1 Trial Plaintiffs.

Future Expert Supplementations

In prior Status Conferences, the United States discussed the proposal it raised with PLG regarding a deadline for final expert report supplementation. The United States' proposal would establish a final supplementation deadline for expert causation opinions; that deadline would not affect the overall discovery schedule and would not preclude the introduction of additional

information through fact witnesses at trial.  The Parties will continue to discuss this matter.

Expert Discovery Disclosures

On June 25, 2025, the Court entered an Order modifying previous scheduling orders to, in part, allow the Parties to engage in limited fact discovery related to the Parties' offset information. [D.E. 414]. Accordingly, PLG will produce their expert reports relating to damages and offsets by October 13, 2025. The United States will disclose its expert reports relating to damages and offsets by no later than 45 days after PLG's initial disclosure. PLG will disclose their rebuttal reports no later than 35 days after the United States' disclosure. The Parties will then have 45 days to complete expert discovery of damages and offsets, life care planning, and home renovation reports.

Phase I Motions

The Phase I *Daubert* motions are now fully briefed with the exception of two outstanding issues.  The United States filed a motion to strike, or in the alternative motion to file a sur-reply brief, related to arguments seeking to exclude opinions of the United States' expert, Dr. Remy Hennet, that were raised for the first time in PLG's reply brief.  Additionally, PLG has filed a motion to file a sur-reply brief on the United States' motion to exclude the water modeling opinions of PLG's Phase I experts.  The United States has opposed that motion.

In addition, on July 15, 2025, Judge Jones issued a Memorandum and Recommendations granting in part the United States' Motion *in Limine* to Exclude Vapor Intrusion Evidence and Testimony. On July 29, 2025, PLG filed an Objection to the Memorandum and Recommendations. The United States will file its response to PLG's Objection by August 12, 2025. In short, there was nothing erroneous or contrary to law about Judge Jones' decision, and the United States will urge the Court to overrule PLG's Objection.

The full list of pending Phase I motions are included in Section 6 below.

Phase I Expert Depositions

The Parties have completed all Phase I expert depositions.

Phase II Expert Depositions

The Parties have completed all Phase II expert depositions. Pursuant to the Court's June 25, 2025 Order [D.E. 414], opening briefs related to Phase II are due on September 10, 2025.

Phase III Expert Depositions

The Parties have been working collaboratively to schedule the Phase III expert depositions. All of the depositions have been set, and the final Phase III depositions will be completed by early August. Pursuant to the Court's June 25, 2025 Order [D.E. 414], opening briefs related to Phase III are due on September 10, 2025.

Amendment to CMO-2

In light of the upcoming September 10, 2025 deadline for Phase II and III *Daubert* motions and motions for summary judgment, the Parties have been discussing ways to streamline the filing of these motions. The Parties believe they will reach an agreement on an efficient path forward and will be filing proposed amendments to CMO-2 shortly.

Dr. Hoppe's Deposition Errata Sheet

On July 24, 2025, PLG disclosed an errata sheet to the transcript from the United States' deposition of Dr. Hoppe, PLG's specific causation expert for non-Hodgkin's lymphoma in the *Davis* and *Howard* cases. The errata sheet exceeds the permissible scope of changes to deposition testimony under Rule 30(e) by making substantive material changes to Dr. Hoppe's testimony that are not based on errors in the reporting of that testimony. The United States has contacted PLG to confer about this matter and, depending on the outcome of that conference, may file a motion to strike improper portions of Dr. Hoppe's errata sheet.

### Phase III Specific Causation Experts' Opinions on General Causation

On June 10, 2025, the United States objected to the untimely disclosure of general causation opinions—which were due on or before December 9, 2024—in several of PLG's Phase III reports, which were served on February 7, 2025. On June 23, 2025, the United States filed a Motion to Exclude Untimely General Causation Opinions [D.E. 409] and a Memorandum of Law in Support [D.E. 410]. The Court granted the United States' Motion in part on July 23, 2025 [D.E. 444], holding that, "Plaintiffs' Phase III experts may not introduce new, independent general causation analyses, including but not limited to fresh literature reviews, novel threshold calculations, or any general causation methodologies that were not timely disclosed in Phase II." The United States is analyzing PLG's Phase III expert reports and related deposition testimony to determine which opinions fall within the Court's Order. The United States will be reaching out to PLG to meet and confer on implementation of the Court's Order.

### United States' Supplemental Offset Data

On June 25, 2025, the Court entered an Order modifying previous scheduling orders to, in part, allow the Parties to engage in fact discovery limited to the Parties' offset information and potentially corresponding damages information. [D.E. 414]. On July 3, 2025, PLG corresponded with the United States about outstanding inquiries and issues related to offset data. On July 16, 2025, the United States responded with substantive answers.

As outlined in the United States July 16 correspondence, the United States has produced underlying offset information from the VA (including VHA and IVC), TriWest, and TRICARE, and the United States is working with the Centers for Medicare & Medicaid Services (CMS) to obtain and produce relevant data as outlined in the United States' July 16 correspondence. Furthermore, the Parties have agreed, and the Court ordered, that any related depositions will be

conducted remotely on a rolling basis in a manner that provides the Parties sufficient time prior to each deposition to analyze the information pertinent to each deposition. To-date, the United States has provided the names of some, but not all, of the potential deponents from the respective government agencies or programs. The Parties are in the process of scheduling these depositions.

**(6) Any other issues that the parties wish to raise with the Court:**

At present, the following motions are pending before the Court:

a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156];

b. The Parties' Phase I briefing:

  i. The United States' Motion to Exclude the Opinion Testimony of Mr. R. Jeffrey Davis and Dr. Norman L. Jones [D.E. 356]

  ii. The United States' Motion to Exclude Unreliable and Irrelevant Expert Opinions of Mustafa Aral [D.E. 358]

  iii. The United States' Motion to Exclude the Testimony of Dr. Rodney Kyle Longley [D.E. 360]

  iv. The United States' Motion to Exclude Plaintiffs' Phase I Expert Testimony in Support of Using ATSDR's Water Models to Determine Exposure Levels for Individual Plaintiffs [D.E. 367]

    1. PLG's Motion Requesting Leave to File Surreply to Defendant United States' Reply in Support of Motion to Exclude PLG's Phase I Expert Testimony in Support of Using ATSDR's Water Models to Determine Exposure Levels for Individual Plaintiffs [D.E. 428]

v. Plaintiffs' Motion in Limine to Exclude Certain Opinions of Remy, J.-C. Hennet, Ph.D. [D.E. 373]

1. The United States' Motion to Strike PLG's Late Supplemental *Daubert* Motion, or Alternatively, for Leave to File a Sur-Reply [D.E. 434]

vi. Plaintiffs' Motion for an Order Excluding Certain Opinions of Alexandros Spiliotopoulos, Ph.D. [D.E. 375]

c. The Parties' Joint Motion to Amend CMO-14 [D.E. 446]; and

d. The PLG's Objection to Memorandum and Recommendations on Vapor Intrusion [D.E. 447].

DATED this 1st day of August, 2025.

Respectfully submitted,

| | |
|---|---|
| */s/ J. Edward Bell, III*<br>J. Edward Bell, III (admitted *pro hac vice*)<br>Bell Legal Group, LLC<br>219 Ridge St.<br>Georgetown, SC 29440<br>Telephone: (843) 546-2408<br>jeb@belllegalgroup.com<br>*Lead Counsel for Plaintiffs*<br><br>*/s/ Zina Bash*<br>Zina Bash (admitted *pro hac vice*)<br>Keller Postman LLC<br>111 Congress Avenue, Ste. 500<br>Austin, TX 78701<br>Telephone: 956-345-9462<br>zina.bash@kellerpostman.com<br>*Co-Lead Counsel for Plaintiffs*<br>*and Government Liaison* | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br><br>JONATHAN GUYNN<br>Deputy Assistant Attorney General<br>Torts Branch, Civil Division<br><br>BRIDGET BAILEY LIPSCOMB<br>Chief, Camp Lejeune Unit<br><br>*/s/ Adam Bain*<br>ADAM BAIN<br>Special Litigation Counsel<br>U.S. Department of Justice<br>P.O. Box 340, Ben Franklin Station<br>Washington, D.C. 20044<br>E-mail: adam.bain@usdoj.gov<br>Telephone: (202) 616-4209 |

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

SARA MIRSKY
HAROON ANWAR
Acting Assistant Directors
Torts Branch, Civil Division
*Counsel for Defendant United States of America*