IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

### (1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina

From February 11, 2023 to August 22, 2025, 3,580 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. 144 cases have been dismissed; 130 of those were voluntary dismissals and the 14 others were pro se cases. The cases are divided as follows: Judge Dever – 898 cases; Judge Myers – 884 cases; Judge Boyle – 893 cases; and Judge Flanagan – 905 cases.

### (2) An update on the number and status of administrative claims with the Department of Navy

Of 409,986 de-duplicated claims, approximately 162,340 claims contain at least one supporting document. Approximately 63,129 of those claims allege an injury type that may be considered for settlement under the Elective Option (EO) framework. The time between filing a

1

claim and settlement is dependent upon timely receipt of relevant supporting documents. Per the statutory burden of proof, law firms and claimants must provide evidence of a medical diagnosis and presence at Camp Lejeune before a settlement determination can be made. Filers are encouraged to submit substantiating documentation expeditiously so that the Camp Lejeune Claims Unit can confirm substantiation of those alleged EO injuries and the DOJ can approve settlement offers to as many claimants who qualify for the EO as possible.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Joint Status Reports of October 15 and December 10, 2024 included a joint proposal that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be tried before the same judge. These cases have now been assigned to Judge Dever. The Parties further proposed that the Track 1 Leukemia and Non-Hodgkin's Lymphoma cases be divided into logical subgroups for purposes of trials. The Parties may make additional proposals for subgroups of other diseases for purposes of trials.

On March 3, 2025, the Parties filed a Joint Notice Regarding Hearing on March 25, 2025. [D.E. 329]. In the Joint Notice, the Parties proposed mutually agreed upon language concerning the nature of evidence to be presented by experts in the Water Contamination Phase (Phase One) of this litigation. *Id.* ¶ 4. Further, the Parties set forth competing positions concerning whether there should be a live evidentiary hearing during the Water Contamination Phase. *Id.* ¶¶ 6(A)-(B). At the Court's convenience, the Parties will be prepared to answer the Court's questions concerning these issues.

To the extent necessary, the Parties will continue discussions concerning the types of proof required to satisfy the PLG's burdens under Phases II (general causation) and III (specific causation and residual experts).

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties discuss their positions on stipulations on a monthly basis. As forecasted in prior Joint Status Reports, the Parties have found that the areas of dispute have sharpened as expert discovery progressed.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues.

<u>Expert Depositions and Motions</u>

All expert witnesses for Phase I (Water Contamination) have been both disclosed and deposed by the Parties, and the deadline for Phase I motions has expired. The Parties have completed the depositions of all expert witnesses for Phase II (General Causation), and the deadline to file motions related to Phase II is September 10, 2025. All expert witness depositions for Phase III (Residual Experts) have been completed, with the following two exceptions: (1) Dr. Hoppe will sit for a supplemental deposition concerning his prior deposition errata on September 2, 2025, and (2) expert depositions related to damages and offsets will proceed according to the separate track described in the next paragraph. In accordance with the Order entered June 25, 2025 [D.E. 414], the deadline to file motions related to Phase III (except with respect to the experts being deposed according to the revised schedule) is September 10, 2025.

Expert depositions related to damages and offsets will be conducted after expert reports related to damages and offsets are submitted. Plaintiffs' deadline for submission of amended

3

damage assessment forms and expert reports related to damages and offsets is October 13, 2025. Defendant's reports are due by no later than 45 days after Plaintiffs' disclosure. Plaintiffs' disclosure of rebuttal expert reports relating to damages and offsets are due by no later than 35 days after the United States discloses all of its experts. The Parties will then have 45 days to complete expert discovery on damages and offsets, life care planning and home renovation. [D.E. 414, ¶¶ 4, 5].

Discovery Pertaining to Damages and Offsets

According to the Court's June 25, 2025 Order [D.E. 414], fact discovery related to the Parties' offset information and potentially corresponding damages information is to be completed by September 2, 2025. In connection with this period of fact discovery, the PLG has requested and the government has produced data pertaining to alleged offsets from the Veterans Health Administration ("VHA"), Integrated Veterans Care ("IVC" also referred to as Community Care), TriWest, and TRICARE. The government is still waiting to receive, and therefore has not yet produced, unfiltered data from the Centers for Medicare & Medicaid Services ("CMS"). [D.E. 414, ¶¶ 4, 5]. As allowed by the Court's Order, the following depositions have been scheduled to occur remotely:

August 26, 2025: Kimberly Rivas, TriWest Director of Claims Administration

August 27, 2025: Nicholas Tackaberry, Lead Data Analyst and individual with knowledge of VBA offset data

August 28, 2025: Diana Zakaryan, Operations Research Analyst with Department of Defense, Defense Health Agency, Office of Data Analytics, Analytics & Evaluation Division

August 29, 2025: Carla Ryan, Assistant Director, Military Exposures Team, and individual with knowledge of VBA offset data

> September 3, 2025: Daniel Clarke, Acting Associate CFO – Managerial Cost Accounting Office for the VHA Office of Finance.

The Parties are still coordinating regarding depositions for IVC/Community Care Network and CMS. The scheduling of the CMS deposition is contingent on CMS producing the unfiltered data that has been requested. The Parties are working together to complete these depositions as expeditiously as possible but a brief extension of the September 2, 2025 deadline is necessary to complete these depositions.

**United States' Position:**

The United States has completed substantially all of its general discovery responses. The United States will continue to produce on a rolling basis any Track 1 Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies.

Fact Depositions

The United States confirms that all previously scheduled fact depositions have been taken at this point. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Recent Developments in Track 1 Trial Plaintiffs' Cases

PLG previously agreed to provide quarterly updates via spreadsheet to the Discovery Plaintiff Pool Forms. PLG also agreed to produce medical records as soon as they received them. PLG's latest spreadsheet was produced on July 10, 2025. PLG has indicated it would be producing medical records for certain Track 1 Trial Plaintiffs, and the United States is tracking the production of said documents.

Future Expert Supplementations

In prior Status Conferences, the United States discussed the proposal it raised with PLG regarding a deadline for final expert report supplementation. The United States' proposal would establish a final supplementation deadline for expert causation opinions; that deadline would not affect the overall discovery schedule and would not preclude the introduction of additional information through fact witnesses at trial. The Parties will continue to discuss this matter.

Phase I Motions

The Phase I *Daubert* motions are now fully briefed with the exception of two outstanding issues. The United States filed a motion to strike, or in the alternative motion to file a sur-reply brief, related to arguments seeking to exclude opinions of the United States' expert, Dr. Remy Hennet, that were raised for the first time in PLG's reply brief. Additionally, PLG has filed a motion to file a sur-reply brief on the United States' motion to exclude the water modeling opinions of PLG's Phase I experts. The United States has opposed that motion.

In addition, on July 15, 2025, Judge Jones issued a Memorandum and Recommendations granting in part the United States' Motion *in Limine* to Exclude Vapor Intrusion Evidence and Testimony. On July 29, 2025, PLG filed an Objection to the Memorandum and Recommendations. The United States filed its response to PLG's Objection on August 12, 2025.

On August 19, 2025, the United States also filed a Suggestion of Subsequently Decided Controlling Authority Related to the United States' Motion in Limine to Exclude Plaintiffs' Phase I Expert Testimony in Support of Using ATSDR's Water Models to Determine Exposure Levels for Individual Plaintiffs, to notify the Court of a recent opinion published by the Fourth Circuit Court of Appeals. [D.E. 457]. The United States is willing to provide briefing regarding whether the recent opinion impacts pending motions, including explaining that the new opinion does not affect the United States' argument that the ATSDR's water model cannot be used to determine

exposure levels for individuals because it was not intended for that purpose and is not reliable for that purpose.

The full list of pending Phase I motions is included in Section 6 below.

Phase I Expert Depositions

The Parties have completed all Phase I expert depositions.

Phase II Expert Depositions

The Parties have completed all Phase II expert depositions. Pursuant to the Court's June 25, 2025 Order [D.E. 414], opening briefs related to Phase II are due on September 10, 2025.

Phase III Expert Depositions

The Parties worked collaboratively to schedule the Phase III expert depositions. All of the depositions have been taken, except the supplemental deposition of Dr. Hoppe, which is set for September 2, 2025.

Pursuant to the Court's June 25, 2025 Order [D.E. 414], opening briefs related to Phase III are due on September 10, 2025.

Amendment to CMO-2

The Court entered the Parties' proposed amendment to CMO-2 on August 19, 2025, which implemented changes to the ECF filing requirements for the Phase II and III *Daubert* motions and motions for summary judgment. [D.E. 456]. Accordingly, the Parties are working on the Joint Appendices to be filed by August 27, 2025. In addition, the Parties will file the motions, memoranda of support, and any exhibits not included on the Joint Appendices in the Master Docket by September 10, 2025. Pursuant to the Amended CMO-2, "[m]otions will be filed both in the Master Docket and the specified individual case files. Notices will be filed in each individual,

7

applicable docket for filings, other than motions, that have been filed in the Master Docket, such as supporting memoranda or exhibits."

United States' Supplemental Offset Data

On June 25, 2025, the Court entered an Order modifying previous scheduling orders to, in part, allow the Parties to engage in limited fact discovery related to the Parties' offset information and potentially corresponding damages information. [D.E. 414]. The United States has produced underlying offset information from the VA (including VHA and IVC), TriWest, and TRICARE, and the United States is working with the Centers for Medicare & Medicaid Services (CMS) to obtain and produce relevant data. This CMS data will be produced shortly.

Furthermore, the Parties have agreed, and the Court ordered, that any related depositions will be conducted remotely on a rolling basis in a manner that provides the Parties sufficient time prior to each deposition to analyze the information pertinent to each deposition. The United States has provided names and dates for all agencies except CMS. The Parties are negotiating dates and times for these depositions and have confirmed a number of depositions that will be taking place the weeks of August 25 and September 1.

Expert Discovery Disclosures

On June 25, 2025, the Court entered an Order modifying previous scheduling orders to, in part, allow the Parties to engage in limited fact discovery related to the Parties' offset information. [D.E. 414]. Accordingly, PLG will disclose their expert reports relating to damages and offsets by October 13, 2025. The United States will disclose its expert reports relating to damages and offsets by no later than 45 days after PLG's initial disclosure. PLG will disclose their rebuttal reports no later than 35 days after the United States' disclosure. The Parties will then have 45 days to complete expert discovery of damages and offsets, life care planning, and home renovation

reports.

<u>The United States' Subpoena to Dr. Samuel Goldman</u>

During the course of expert discovery, the United States learned that several of PLG's experts who offered general causation and specific causation opinions regarding Parkinson's disease had been in communication with Dr. Samuel Goldman, an epidemiologist at the University of California San Francisco ("UCSF") who authored studies on Parkinson's disease that were relied upon by certain PLG experts. The United States issued subpoenas to PLG's experts, which sought, *inter alia*, correspondence between the experts and Dr. Goldman. PLG produced some responsive correspondence, and several of the responsive email chains indicated that additional correspondence had been exchanged between the experts and Dr. Goldman. PLG subsequently stated on behalf of certain experts that they did not have further correspondence in their possession. The United States thereafter issued a subpoena directly to Dr. Goldman.

Following a series of meet and confers, the Parties and Dr. Goldman/UCSF agreed to a revised subpoena, which the United States issued on August 21, 2025. The United States believes that this issue should be resolved, but reserves its rights to pursue additional discovery as permitted by the Federal Rules of Civil Procedure and applicable Court orders.

**(6) Any other issues that the parties wish to raise with the Court:**

At present, the following motions are pending before the Court:

a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156]

b. The Parties' Phase I briefing:

   i. The United States' Motion to Exclude the Opinion Testimony of Mr. R. Jeffrey Davis and Dr. Norman L. Jones [D.E. 356]
   ii. The United States' Motion to Exclude Unreliable and Irrelevant Expert

Opinions of Mustafa Aral [D.E. 358] iii. The United States' Motion to Exclude the Testimony of Dr. Rodney Kyle Longley [D.E. 360] iv. The United States' Motion to Exclude Plaintiffs' Phase I Expert Testimony in Support of Using ATSDR's Water Models to Determine Exposure Levels for Individual Plaintiffs [D.E. 367]

    1. PLG's Motion Requesting Leave to File Surreply to Defendant United States' Reply in Support of Motion to Exclude PLG's Phase I Expert Testimony in Support of Using ATSDR's Water Models to Determine Exposure Levels for Individual Plaintiffs [D.E. 428]

v. Plaintiffs' Motion in Limine to Exclude Certain Opinions of Remy, J.-C. Hennet, Ph.D. [D.E. 373]

    1. The United States' Motion to Strike PLG's Late Supplemental *Daubert* Motion, or Alternatively, for Leave to File a Sur-Reply [D.E. 434]

vi. Plaintiffs' Motion for an Order Excluding Certain Opinions of Alexandros Spiliotopoulos, Ph.D. [D.E. 375]

c. The PLG's Objection to Memorandum and Recommendations on Vapor Intrusion [D.E. 447].

*[Signatures follow on next page]*

DATED this 22nd day of August, 2025.

                                          Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC 219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701  Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs and Government Liaison*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*


/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC

BRETT A. SHUMATE
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Unit
Environmental Torts Litigation Section

/s/ Adam Bain
ADAM BAIN
Special Litigation Counsel
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

LACRESHA A. JOHNSON
HAROON ANWAR
DANIEL C. EAGLES
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529

Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com *Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

ND:4922-6132-4129, v. 1