IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to September 8, 2025, 3,616 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. One hundred and forty-four (144) cases have been dismissed; one hundred and thirty (130) of those were voluntary dismissals and the other fourteen (14) were pro se cases. The cases are divided as follows: Judge Dever – 906 cases; Judge Myers – 905 cases; Judge Boyle – 893 cases; and Judge Flanagan – 912 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

Of 409,987 de-duplicated claims, approximately 165,455 claims contain at least one supporting document. Approximately 63,633 of those claims allege an injury type that may be considered for settlement under the Elective Option (EO) framework. The time between filing a claim and settlement is dependent upon timely receipt of relevant supporting documents. Per the

1

statutory burden of proof, law firms and claimants must provide evidence of a medical diagnosis and presence at Camp Lejeune before a settlement determination can be made. Filers are encouraged to submit substantiating documentation expeditiously so that the Camp Lejeune Claims Unit can confirm substantiation of those alleged EO injuries and the DOJ can approve settlement offers to as many claimants who qualify for the EO as possible.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties have nothing further to report on this item and refer to prior Joint Status Reports. *E.g.*, [D.E. 458 at 2; D.E. 449 at 2-3].

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties have nothing further to report on this item and refer to prior Joint Status Reports. *E.g.*, [D.E. 458 at 3; D.E. 449 at 3].

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues.

Expert Depositions and Motions

All expert witnesses for Phase I (Water Contamination) have been both disclosed and deposed by the Parties, and the deadline for Phase I motions has expired. The Parties have completed the depositions of all expert witnesses for Phase II (General Causation), and the deadline to file motions related to Phase II is September 10, 2025. All expert witness depositions

2

for Phase III (Residual Experts), except those witnesses who fall within the separate track for expert discovery related to damages and offsets, have been completed. In accordance with the Order entered June 25, 2025 [D.E. 414], the deadline to file motions related to Phase III (except with respect to the experts being deposed according to the revised schedule) is September 10, 2025.

Expert depositions related to damages and offsets will be conducted after expert reports related to damages and offsets are submitted.  Plaintiffs' deadline for submission of amended damage assessment forms and expert reports related to damages and offsets currently is October 13, 2025.  The need for a brief extension of that deadline is discussed in more detail below. Defendant's reports are due by no later than 45 days after Plaintiffs' disclosure.  Plaintiffs' disclosure of rebuttal expert reports relating to damages and offsets are due by no later than 35 days after the United States discloses all of its experts.  The Parties will then have 45 days to complete expert discovery on damages and offsets, life care planning and home renovation.  [D.E. 414, ¶¶ 4, 5].

Discovery Pertaining to Damages and Offsets

Per the agreement of the Parties and the Court's June 25, 2025 Order [D.E. 414], fact discovery related to the Parties' offset information and potentially corresponding damages information was to be completed by September 2, 2025. Thus, by that date, the United States was to (i) produce underlying offset data and materials from VHA (including IVC) TriWest, CMS, TRICARE and any other entity from which the government intends to utilize information to support its claimed offsets and (ii) work with those agencies to identify the individuals responsible for each agency's provided data and explanation, and provide those individuals for remote depositions.  The depositions were to be performed on a rolling basis via remote means in a manner

3

that provided PLG sufficient time prior to each deposition to analyze the information pertinent to each deposition. [D.E. 413, p. 3]

As of the last joint status report, the government had produced underlying data pertaining to alleged offsets from the Veterans Health Administration ("VHA"), Integrated Veterans Care ("IVC" also referred to as Community Care), TriWest, and TRICARE. Since the last status report, the government also produced, on August 25, 2025, unfiltered data from the Centers for Medicare & Medicaid Services ("CMS").

As allowed by the Court's Order, the PLG requested depositions of the individuals responsible for each agency's data and explanation. The DOJ has presented the following individuals for deposition:

August 26, 2025: Kimberly Rivas, TriWest Director of Claims Administration

August 27, 2025: Nicholas Tackaberry, Lead Data Analyst and individual with knowledge of VBA offset data

August 28, 2025: Diana Zakaryan, Operations Research Analyst with Department of Defense, Defense Health Agency, Office of Data Analytics, Analytics & Evaluation Division

August 29, 2025: Carla Ryan, Assistant Director, Military Exposures Team, and individual with knowledge of VBA offset data

The following depositions have been scheduled for the following dates:

September 3, 2025: Daniel Clarke, Acting Associate CFO – Managerial Cost Accounting Office for the VHA Office of Finance

September 8, 2025: Kathleen Hunter, Task Manager of Correspondence Processing for Benefits Coordination and Recovery Center (BCRC), Medicare contractor that supports the Medicare Secondary Payer (MSP) program

September 9, 2025: Andrea Hartwell, Supervisory Analyst, Oversight Data, Integrated Informatics and Analytics, Department of Veterans Affairs

September 18, 2025: Kaitlin Band, Supervisor, Program Integrity, TriWest Healthcare Alliance

Because the appropriate individuals were not presented for deposition by the September 2, 2025 deadline (and the CMS data was just produced on August 25, 2025), four depositions now are scheduled to occur over two weeks after the September 2, 2025 deadline. The Parties have therefore agreed to extend the remaining deadlines for offsets and damages accordingly. The Parties will be filing a joint motion to extend those deadlines as follows:

1. PLG will produce amended damage assessment forms and expert reports on damages/offsets by no later than October 29, 2025 [the current deadline is October 13, 2025].

2. The United States will produce expert reports on damages/offsets by no later than 45 days after PLG completes its production under #1 [by December 15, 2025 instead of December 1, 2025].

3. PLG will produce rebuttal expert reports on damages/offsets by no later than 35 days after the United States completes its production under #2 [by January 19, 2026 instead of January 5, 2026].

4. The Parties will complete expert discovery on damages/offsets by no later than 45 days after PLG completes its production under #3 [by March 5, 2026 instead of February 19, 2026].

This modification to the Court's current scheduling order is necessary to prevent Plaintiffs from being unduly prejudiced by the government's late completion of fact discovery on its claimed offsets.

Mental Health Records

For use during Phase I-III motions, the Parties submitted a multi-volume Joint Appendix on August 24-26, 2025. [D.E. 459-511] The vast majority of the Joint Appendix was not filed under seal. However, there are three Track 1 Trial Plaintiffs whose mental health records will be cited during Phase III motions, and those mental health records contain deeply personal and confidential information. Therefore, these mental health records were filed provisionally under

5

seal as part of a proposed Sealed Joint Appendix. [D.E. 511] On August 27, 2025, the PLG filed a Motion to Seal the said mental health records. [D.E. 512]

An issue has arisen concerning whether all plaintiffs' lawyers on the Master Docket will have access to these mental health records, or alternatively, whether access will be limited to the PLG only. Given the confidential nature of these records, the PLG's position is that only the PLG have access. However, it may be necessary to request an amendment to the Court's Protective Order in order to restrict access to the PLG only. The Parties have engaged in constructive discussions about this matter, and the PLG expects that it will file an unopposed motion on this subject. For clarity, in all events the government's lawyers will continue to have access to these mental health records.

Deposition of Dr. Hoppe

Below, the government raises concerns that a PLG lawyer directed Dr. Richard Hoppe to not answer a question during his supplemental deposition. The Court allowed the government to take a supplemental deposition of Dr. Hoppe limited to his errata sheet to his initial deposition. However, during Dr. Hoppe's supplemental deposition, the government strayed far beyond the limited scope of the supplemental deposition and instead resumed questioning on issues that could have been probed during Dr. Hoppe's initial deposition. After the government engaged in this impermissible line of questioning for a significant period of time, the PLG lawyer defending the deposition finally objected, instructed Dr. Hoppe to not answer merely one question, and most importantly, asked the government's lawyer to clarify how the question was related to Dr. Hoppe's errata sheet. In fact, the PLG's lawyer indicated that, if the question was somehow related to the errata sheet, then the objection would be withdrawn. Instead of discussing these concerns and

6

addressing this matter cooperatively, the government's lawyer moved to other deposition questions.

Document Production by Dr. Barbano

Below, the government indicates that PLG expert Dr. Richard Barbano allegedly failed to produce certain emails responsive to a subpoena. In fact, the government's document production request was overly broad, unduly burdensome, disproportionate to the government's discovery needs in this matter, and otherwise objectionable. Dr. Barbano is a decades-long practicing neurologist who has treated an unknown but extensive volume of patients with Parkinson's disease. Despite this history, the government has demanded, among other things, that Dr. Barbano run searches through his email account for terms like "Parkinson's Disease" without any type of limiting terms. Such searches would likely contain confidential, irrelevant materials about Dr. Barbano's patients and matters completely unrelated to this litigation. Hence, the government's document production requests are far beyond the permissible scope of discovery. That said, the Parties have engaged in discussions about this dispute, and the PLG hopes that this matter can be resolved without having to involve the Court with a discovery dispute.

**United States' Position:**

The United States has completed substantially all of its general discovery responses. The United States will continue to produce on a rolling basis any Track 1 Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies.

Fact Depositions

The United States confirms that all previously scheduled fact depositions have been taken at this point. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to

7

agreement of the Parties or Order of the Court.

Recent Developments in Track 1 Trial Plaintiffs' Cases

PLG previously agreed to provide quarterly updates via spreadsheet to the Discovery Plaintiff Pool Forms. PLG also agreed to produce medical records as soon as they received them. PLG's latest spreadsheet was produced on July 10, 2025. PLG has indicated it would be producing medical records for certain Track 1 Trial Plaintiffs, and the United States is tracking the production of said documents.

Future Expert Supplementations

In prior Status Conferences, the United States discussed the proposal it raised with PLG regarding a deadline for final expert report supplementation. The United States' proposal would establish a final supplementation deadline for expert causation opinions. That deadline would not affect the overall discovery schedule and would not preclude the introduction of additional information through fact witnesses at trial. The September 10, 2025, *Daubert* motions deadline makes this proposal even more important. The Parties will continue to discuss this matter.

Phase I Motions

The Phase I *Daubert* motions are now fully briefed with the exception of two outstanding issues. The United States filed a motion to strike, or in the alternative motion to file a sur-reply brief, related to arguments seeking to exclude opinions of the United States' expert, Dr. Remy Hennet, that were raised for the first time in PLG's reply brief. Additionally, PLG has filed a motion to file a sur-reply brief on the United States' motion to exclude the water modeling opinions of PLG's Phase I experts. The United States has opposed that motion.

In addition, on July 15, 2025, Judge Jones issued a Memorandum and Recommendations granting in part the United States' Motion *in Limine* to Exclude Vapor Intrusion Evidence and

Testimony. On July 29, 2025, PLG filed an Objection to the Memorandum and Recommendations. The United States filed its response to PLG's Objection on August 12, 2025.

On August 19, 2025, the United States also filed a Suggestion of Subsequently Decided Controlling Authority Related to the United States' Water Modeling Motion, to notify the Court of a recent opinion published by the Fourth Circuit Court of Appeals. [D.E. 457].

The full list of pending Phase I motions is included in Section 6 below.

Phase I Expert Depositions

The Parties have completed all Phase I expert depositions.

Phase II Expert Depositions

The Parties have completed all Phase II expert depositions. Pursuant to the Court's June 25, 2025 Order [D.E. 414]; opening briefs related to Phase II (general causation) are due on September 10, 2025.

Phase III Expert Depositions

The Parties worked collaboratively to schedule the Phase III expert depositions. All of the depositions have been taken. The United States took the supplemental deposition of Dr. Hoppe on September 2, 2025. PLG instructed Dr. Hoppe not to answer a question about the impact of changes in his errata on his reasoning, claiming unilaterally that it was outside the scope of the Court's order. Counsel for the United States explained the errata change related to its question. The United States is evaluating whether any further action is necessary.

Pursuant to the Court's June 25, 2025 Order [D.E. 414], opening briefs related to Phase III (specific causation) are due on September 10, 2025.

Phase III Expert Discovery

On June 3, 2025, the United States served a subpoena on PLG's Phase III Parkinson's

disease expert, Dr. Richard Barbano. The subpoena included a request for deposition and a request for production that sought, in part, communications related to topics covered in Dr. Barbano's expert reports. PLG asserted its objections to the subpoena on June 24, 2025, and stated that there were no responsive documents. Yet, at his deposition, Dr. Barbano testified that he in fact had responsive communications. The United States subsequently reiterated its request that PLG produce all responsive communications, but, to date, PLG has not produced any communications.

During a conference with PLG, and in subsequent written communications, PLG confirmed that Dr. Barbano has over 700 potentially responsive emails based on four search terms PLG proposed. In an effort to reach a compromise, the United States requested production of the responsive communications and proposed further discussion of search terms to resolve this matter and reasonably limit the request. However, in response, PLG stated that they would not agree to the production of any emails. The United States will continue discussions with PLG in hopes of resolving the issue without court intervention.

<u>Plaintiffs' Motion to Apply the Court's July 22 Order to All Experts [D.E. 515]</u>

On September 2, 2025, PLG filed a motion [D.E. 515] seeking to expand the scope of the Court's July 22, 2025, Order [D.E. 444] to apply to all experts. The United States' response to that motion is due on September 12, 2025.

<u>Phase II and III Motions Filed Under Seal</u>

Per PLG's request, the United States agreed to the filing of certain psychology/psychiatry-related expert reports and transcripts as a sealed portion of the Joint Appendix (D.E. 511). PLG further requested that these records only be accessible to PLG counsel. Due to ECF restrictions, PLG was not able to restrict access through the docket to PLG counsel, and as such, only provided the United States and the Court access to these documents. On August 29, 2025, the United States

sought confirmation as to whether PLG was further requesting that any psychology/psychiatry-related briefs or exhibits that the United States might file related to motions on September 10, 2025, only be accessible to PLG attorneys. PLG confirmed that it was making that request on September 4, 2025. The United States does not object to this request, provided that there is a feasible ECF option to restrict the access of these records. The United States understands that PLG may be filing a Motion with the Court to this effect. If the issue is not resolved by September 10, 2025—the filing date for *Daubert* motions and motions for summary judgment—the United States will need to proceed with filing psychology/psychiatry-related briefs and exhibits under seal with access to all Plaintiffs' counsel pursuant to the Protective Order [D.E. 36].

United States' Supplemental Offset Data

On June 25, 2025, the Court entered an Order modifying previous scheduling orders to, in part, allow the Parties to engage in limited fact discovery related to the Parties' offset information and corresponding damages information. [D.E. 414]. Over the past three months, the United States has produced the underlying and/or unfiltered offset information from the VA (including VHA and IVC), TriWest, TRICARE, and the Centers for Medicare & Medicaid Services (CMS). This information and data is in addition to the previously provided offset information and data produced by the United States in conjunction with the production of Phase III expert reports in April and May 2025. Furthermore, the Parties have taken or scheduled all depositions of fact witnesses related to the United States' offset data. Given deposition scheduling constraints, including witness and counsel availability, the United States expects that these depositions will not conclude until September 18, 2025.

Expert Discovery Disclosures

Under the Court's June 25, 2025 Order allowing the Parties to engage in limited fact

discovery related to the Parties' offset information, [D.E. 414], PLG is currently scheduled to disclose their expert damages reports by October 13, 2025. The United States understands that PLG intends to file a motion to extend the deadline for their initial disclosure of damages expert reports to October 29, 2025. The United States does not oppose this request provided that the timing of the subsequent deadlines remains as set forth in that Order: (1) the United States will disclose its expert reports relating to damages and offsets by no later than 45 days after PLG's initial disclosure; (2) PLG will disclose their rebuttal reports no later than 35 days after the United States' disclosure; and (3) the Parties will complete expert discovery of damages and offsets, life care planning, and home renovation reports within 45 days of PLG's rebuttal disclosures.

Preparations for Trials

As stated during the August 29, 2025, Status Conference, it is the United States' position that resolution of *Daubert* motions and summary judgment motions related to Phase II (general causation) and Phase III (specific causation)—which will all be filed by September 10, 2025—will help narrow the issues in the litigation and will assist with the ultimate global resolution of this litigation and the Navy claims. In the Court's June 28, 2024, Order, the Court stated that "[b]efore Track 1 trials commence, the court will resolve two threshold issues: (1) toxic chemical exposure from the water at Camp Lejeune and (2) general causation for the Track 1 illnesses." [D.E. 247 at 1]. The United States is prepared to work with the PLG and the Court to resolve these threshold issues expeditiously, and proceed, if necessary, to try Track 1 cases in 2026. To the extent this process involves scheduling evidentiary hearings and trials, the United States is prepared to work with the PLG and the Court on scheduling these matters. The United States notes that both Parties have several experts who address multiple diseases. As such, if disease-specific general causation issues are heard before different judges, some schedule coordination will be

required. As with resolution of the Parties' Daubert motions and summary judgment motions, resolution of the threshold issues of water contamination and general causation, along with any necessary Track 1 trials in 2026, will assist with global resolution of the litigation and Navy claims.

**(6) Any other issues that the parties wish to raise with the Court:**

At present, the following motions are pending before the Court:

a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156]

b. The Parties' Phase I briefing:

    i. The United States' Motion to Exclude the Opinion Testimony of Mr. R. Jeffrey Davis and Dr. Norman L. Jones [D.E. 356]

    ii. The United States' Motion to Exclude Unreliable and Irrelevant Expert Opinions of Mustafa Aral [D.E. 358]

    iii. The United States' Motion to Exclude the Testimony of Dr. Rodney Kyle Longley [D.E. 360]

    iv. The United States' Motion to Exclude Plaintiffs' Phase I Expert Testimony in Support of Using ATSDR's Water Models to Determine Exposure Levels for Individual Plaintiffs [D.E. 367]

        1. PLG's Motion Requesting Leave to File Surreply to Defendant United States' Reply in Support of Motion to Exclude PLG's Phase I Expert Testimony in Support of Using ATSDR's Water Models to Determine Exposure Levels for Individual Plaintiffs [D.E. 428]

    v. Plaintiffs' Motion in Limine to Exclude Certain Opinions of Remy, J.-C. Hennet, Ph.D. [D.E. 373]

13

1. The United States' Motion to Strike PLG's Late Supplemental *Daubert* Motion, or Alternatively, for Leave to File a Sur-Reply [D.E. 434]

   vi. Plaintiffs' Motion for an Order Excluding Certain Opinions of Alexandros Spiliotopoulos, Ph.D. [D.E. 375]

c. The PLG's Objection to Memorandum and Recommendations on Vapor Intrusion [D.E. 447]

d. The PLG's Motion to Seal [D.E. 512]

e. The PLG's Motion to Apply the Court's July 22, 2025 Order to All Experts [D.E. 515]

*[Signatures follow on next page]*

14

DATED this 8th day of September, 2025.

Respectfully submitted,

*/s/ J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

*/s/ Zina Bash*
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs*
*and Government Liaison*

/s/ *Robin Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*


*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC

BRETT A. SHUMATE
Principal Deputy Assistant Attorney General
Civil Division

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section
Environmental Torts Litigation Section

*/s/ Adam Bain*
ADAM BAIN
Special Litigation Counsel
Camp Lejeune Justice Act Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail:  adam.bain@usdoj.gov
Telephone: (202) 616-4209

SARA J. MIRSKY
HAROON ANWAR
NATHAN J. BU
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section
*Counsel for Defendant United States of America*

15

Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*