# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### No. 7:23-CV-897

IN RE:

**CAMP LEJEUNE WATER LITIGATION**

**This Document Relates To:**

<u>Leukemia Cases:</u>
*Amsler v. United States* **7:23-cv-00284**
*Connard v. United States* **7:23-cv-01557**
*Fiolek v. United States* **4:23-cv-00062**
*Gleesing v. United States* **7:23-cv-01486**
*Hill v. United States* **7:23-cv-00028**

<u>NHL Cases:</u>
*Carter v. United States* **7:23-cv-01565**
*Davis v. United States* **7:23-cv-00043**
*Howard v. United States* **7:23-cv-00490**
*Keller v. United States* **7:23-cv-01501**
*Kidd v. United States* **7:23-cv-01489**
*Vidana v. United States* **7:23-cv-01575**

**UNITED STATES' LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS**

**(LEUKEMIA AND NON-HODGKIN'S LYMPHOMA)**

1

**INTRODUCTION**

Pursuant to Local Civil Rule 56.1(a)(2), the United States respectfully submits this Statement of Material Facts in support of its Motion for Summary Judgment. The materials cited herein have been filed with the United States' Appendix to Local Civil Rule 56.1 Statement of Material Facts and the Parties' Joint Appendix.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

### I. Legislative, Factual, and Procedural History

1. The Camp Lejeune Justice Act ("CLJA") was signed into law on August 10, 2022. Pub. L. No. 117-168, § 804, 136 Stat. 1759, 1802–04 (2022).

2. Under the CLJA, any individual that resided, worked, or was otherwise exposed to water at Marine Corps Base Camp Lejeune ("Base") in Onslow County, North Carolina for not less than 30 days between August 1, 1953, and December 31, 1987, is permitted to bring a cause of action seeking damages against the United States in the Eastern District of North Carolina. § 804(b), (d).

3. In the early 1980s, volatile organic compounds ("VOCs") were found in two drinking water distribution systems on the Base: Hadnot Point and Tarawa Terrace.

4. A third water distribution system on the Base, Holcomb Boulevard, began operating in June 1972 and used contaminated water from Hadnot Point for limited periods of time.

5. The VOCs in the three water distribution systems at issue included perchloroethylene, or PCE; trichloroethylene, or TCE; benzene; trans-1,2-dichloroethylene; and vinyl chloride.

6. Plaintiffs have filed actions for personal injury and wrongful death related to exposure to contaminated water on Base pursuant to the CLJA.

7. The litigation began with 100 "Discovery Pool Plaintiffs"—20 Plaintiffs for each of five "Track 1" diseases. D.E. 23 (CMO-2); D.E. 130 (Track 1 Order).

2

8. The five Track 1 diseases are bladder cancer, kidney cancer, leukemia, non-Hodgkin's lymphoma, and Parkinson's Disease.

9. The Court sequenced Track 1 litigation into three phases: Phase 1—Water Contamination, Phase 2—General Causation, and Phase 3—Residual Experts (i.e. specific causation).

10. On July 9, 2024, the Court ordered 25 cases for Track 1 Bellwether Trials and stayed the remaining 75 discovery pool cases. D.E. 250 (Trial Order Confirming the Track 1 Trial Plaintiffs).

11. Pertinent to this Motion and the United States' concurrently filed *Daubert* motions, the Court issued a June 5, 2024 Order finding that "individuals pursuing actions under the [CLJA] bear the burden of demonstrating their harm was caused by exposure, necessitating they establish both general and specific causation." *In re Camp Lejeune Water Litig.*, 736 F. Supp. 3d 311, 317 (E.D.N.C. 2024).

12. Therein, the Court found that to prevail on a claim under the CLJA, a Plaintiff must "show their harm was 'caused by exposure to the water at Camp Lejeune.'" *Id.* at 319.

13. It further stated that "[o]rdinarily, toxic exposure torts proceed in two steps—an expert demonstrates that a particular type of harm can be caused by the exposure to a degree of scientific certainty (general causation) and an expert opines that this plaintiff's exposure was a cause in fact of his or her harm (specific causation)." *Id.*

## II. Plaintiffs' General Causation Expert Reports

14. On December 9, 2024, Plaintiffs disclosed Phase II (General Causation) reports on leukemia and NHL from Dr. Steven Bird, Dr. Lukasz Gondek, Dr. Kathleen Gilbert, Dr. Dean Felsher, Dr. Timothy Mallon, and Dr. Howard Hu. PLG Phase II Exp. Discl. (JA Ex. 63, D.E. 463-2).

3

15. **Dr. Steven Bird**, an emergency room physician, opined that TCE, PCE, and benzene "more likely than not" cause both leukemia and NHL. *See* Bird GC Rep. (NHL-Leuk) (JA Ex. 103, D.E. 465-8).

16. **Dr. Lukasz Gondek**, a physician and professor of oncology, opined that TCE, and PCE "at least as likely as not" cause leukemia, and that benzene, even at the low levels that may have been present at Camp Lejeune, "at least a likely as not" causes leukemia. *See* Gondek GC Rep. (JA Ex. 96, D.E. 465-1).

17. **Dr. Kathleen Gilbert**, an immunologist, opined that TCE only "more likely than not" causes both leukemia and NHL. *See* Gilbert Rep. (NHL-Leuk) (JA Ex. 108, D.E. 466-2).

18. **Dr. Timothy Mallon**, an occupational medicine physician, opined that TCE, and benzene "more likely than not" cause leukemia, and that PCE "at least as likely as not" causes leukemia. *See* Mallon GC Rep. (Leukemia) (JA Ex. 98, D.E. 465-3).

19. **Dr. Dean Felsher**, a professor of oncology, opined that TCE and benzene "more likely than not" cause hematopoietic cancers, including leukemia and NHL and that PCE "at least as likely as not cause hematopoietic cancers, including leukemia and NHL. *See* Felsher GC Rep. (NHL-Leuk) (JA Ex. 107, D.E. 466-1).

20. **Dr. Howard Hu**, a physician and epidemiologist, opined that TCE, PCE and benzene exposure "more likely than not" cause NHL. *See* Hu GC Rep. (JA Ex. 111, D.E. 466-8).

21. On January 31, 2025, Plaintiffs submitted a Supplemental General Causation Report authored by Dr. Hu, in which he discussed "peer-reviewed literature that [he] did not have an opportunity to incorporate into [his] earlier report." *See* Hu GC Suppl. Rep. (JA Ex. 114, D.E. 466-8).

4

22. On February 5, 2025, Plaintiffs submitted a Supplemental General Causation Report authored by Dr. Bird, in which he discussed the Environmental Protection Agency's recent regulations banning the use of TCE and most use of PCE. *See* Bird GC Suppl. Rep. (JA Ex. 137, D.E. 468-3).

23. On March 15, 2025, PLG disclosed rebuttal reports from Dr. David Savitz and Dr. David Madigan in response to the February 7, 2025 general causation opinions on leukemia and NHL authored by United States' expert Dr. Julie Goodman. *See* Madigan Rebuttal (JA Ex. 142, D.E. 468-8); Savitz Rebuttal (JA Ex. 144, D.E. 468-10).

24. Neither Dr. Savitz nor Dr. Madigan opined on the question of general causation and leukemia or NHL.

25. Plaintiffs have not disclosed any other expert opinions on the general causation of leukemia or NHL.

### III. Plaintiffs' Specific Causation Expert Reports

26. On February 7, 2025, Plaintiffs submitted their specific causation expert reports. *See* PLG Phase III 2d Am. Exp. Discl. (JA Ex. 326, D.E. 487-2).

27. Dr. Gondek opined that Plaintiffs Karen Amsler's and Stephen Connard's exposure to contaminated water at Camp Lejeune caused their leukemia. *See* Gondek SC Rep. (Amsler) (JA Ex. 455, D.E. 496-7); Gondek SC Rep. (Connard) (JA Ex. 456, D.E. 496-8).

28. Dr. Felsher opined that Plaintiff Bruce Hill's exposure to contaminated water at Camp Lejeune caused his leukemia. *See* Felsher SC Rep. (Hill) (JA Ex. 450, D.E. 496-2); Felsher Am. SC Rep. (Hill) (JA Ex. 451, D.E. 496-3).

29. Dr. Felsher also opined that Plaintiff Scott Keller's exposure to contaminated water at Camp Lejeune caused his NHL and that Plaintiff Scott Keller's NHL treatment caused his

chronic kidney disease and cardiomyopathy. Felsher SC Rep. (Keller) (JA Ex. 482, D.E. 498-1).

30. Dr. Laber opined that Plaintiffs Robert Fiolek's and Joseph Gleesing's exposure to contaminated water at Camp Lejeune caused their leukemia. *See* Laber Rep. (Fiolek) (JA Ex. 459, D.E. 496-11); Laber Rep. (Gleesing) (JA Ex. 461, D.E. 496-13).

31. Dr. Hu opined that Plaintiffs Ronald Carter's and Robert Kidd's exposure to contaminated water at Camp Lejeune caused their NHL. *See* Hu SC Rep. (Carter) (JA Ex. 490, D.E. 498-9); Hu SC Rep. (Kidd) (JA Ex. 496, D.E. 499-1).

32. Dr. Richard Hoppe opined that Plaintiff Cometto Davis's exposure to contaminated water at Camp Lejeune caused his NHL. *See* Hoppe Rep. (Davis) (JA Ex. 486, D.E. 498-5).

33. Dr. Paul Michaels opined that Plaintiff Jose Vidana's exposure to contaminated water at Camp Lejeune caused his NHL. *See* Michaels Rep. (Vidana) (JA Ex. 502, D.E. 499-7).

34. Dr. Kelly Reynolds, an exposure scientist, used a forecasting model to estimate the cumulative consumption values of VOCs for each of the leukemia and NHL bellwether Plaintiffs. *See* Reynolds Rep. (JA Ex. 569, D.E. 506-2).

35. Dr. Reynolds did not opine on the cause of Plaintiffs' specific illnesses. *See id.* at 2 (defining scope of assignment as "reconstructing potential water ingestion models for Marines and civilians who worked and/or lived at Marine Corps base Camp Lejeune during the period of water contamination between 1953 and 1987").

36. Plaintiffs have not disclosed any other specific causation opinions regarding their leukemia or NHL.

## IV. The United States' Motions to Exclude Plaintiffs' Proffered Expert Testimony

37. On September 9 and 10, 2025, the United States filed several motions to exclude the general and specific causation expert testimony proffered by Plaintiffs in support of their CLJA claims.[1]

38. The general causation opinions of Dr. Steven Bird, Dr. Lukasz Gondek, Dr. Kathleen Gilbert, and Dr. Timothy Mallon are inadmissible under Federal Rule of Evidence 702 because they improperly used the "at least as likely as not" *legal* standard when purportedly conducting their *scientific* analyses, *see* D.E. 539.

39. The general causation opinions of Dr. Steven Bird, Dr. Lukasz Gondek, Dr. Kathleen Gilbert, Dr. Timothy Mallon, and Dr. Howard Hu are inadmissible under Federal Rule of Evidence 702 because they used unreliable search methodologies and cherry-picked among epidemiological studies and results to support their opinions. *See* D.E. 559.

40. The general causation opinions of Plaintiffs' experts are inadmissible under Federal Rule of Evidence 702 because they improperly analyzed leukemia and NHL generally, rather than each Plaintiff's particular disease subtype; relied on a speculative and hypothetical

---

[1] *See* United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard (D.E. 539); United States' Motion to Exclude the Testimony of Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) (D.E. 559); United States' Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology (D.E. 553); United States' Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(c) (D.E. 555); United States' Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek (Leukemia) (D.E. 530); United States' Motion to Exclude the Opinions of Damian Laber, M.D., FACP (D.E. 533); United States' Motion to Exclude Specific Causation Opinion of Dr. Dean Felsher (D.E. 537); United States' Motion to Exclude the Testimony of Dean W. Felsher M.D., Richard T. Hoppe M.D., Howard Hu M.D., and Paul J. Michaels, M.D. Under Federal Rule of Evidence 702(d) for Failing to Reliably Employ a Differential Etiology (D.E. 557); United States' Motion to Exclude the Expert Opinions of Paul J. Michaels, M.D. (D.E. 535).

theory that a mixture of VOCs at Camp Lejeune had a synergistic effect; and relied on the inadmissible, consistently-rejected theory that "any exposure" to TCE, PCE, and benzene can cause NHL or leukemia. *See* D.E. 555.

41. The general causation opinions of Plaintiffs' experts are inadmissible under Federal Rule of Evidence 702 because they skipped the important step of identifying an association between a VOC and leukemia or NHL, which resulted in a misapplication of the Bradford Hill criteria. *See* D.E. 553.

42. The specific causation opinions of Drs. Gondek, Felsher, and Laber are inadmissible under Federal Rule of Evidence 702 because they conducted improper differential etiology analyses and ignored significant factors that contradicted their opinions that Plaintiffs' exposure at Camp Lejeune caused their leukemias. *See* D.E. 530; D.E. 533; D.E. 537.

43. The specific causation opinions of Drs. Felsher, Hoppe, Hu, and Michaels are inadmissible under Federal Rule of Evidence 702 because they conducted unreliable differential etiology analyses to conclude that exposure to contaminated water at Camp Lejeune caused the Plaintiffs' NHL. *See* D.E. 557.

44. The specific causation opinion of Dr. Felsher that Plaintiff Scott Keller's NHL treatment caused his chronic kidney disease and cardiomyopathy is also inadmissible under Federal Rule of Evidence 702 because Dr. Felsher conducted an unreliable differential etiology analysis to reach this conclusion. *Id.*

45. The specific causation opinion of Dr. Michaels on the cause of Plaintiff Jose Vidana's NHL is also inadmissible because Dr. Michaels had no reliable basis to conclude that Mr. Vidana's exposure to contaminated water at Camp Lejeune was sufficient to cause NHL,

8

and Dr. Michaels's opinion was based on historical analysis outside Dr. Michaels's expertise and inadmissible late general causation opinions. *See* D.E. 535.

Dated: September 10, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief
Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Acting Assistant Directors
Camp Lejeune Justice Act Section

ADAM BAIN
Special Litigation Counsel

JENNIFER E. ADAMS
GIOVANNI ANTONUCCI
MATTHEW ELLIOTT
ALANNA R. HORAN
AMY A. KLIMEK
WILLIAM V. KLOTZBUCHER
TRACI C. MCKEEVER
ALLISON M. O'LEARY
DAVID R. ORTIZ
PATRICK J. RYAN
MARCUS O. TUBIN
Trial Attorneys

*/s/ Jennifer E. Adams*
JENNIFER E. ADAMS
Virginia Bar No. 80149
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Act Section
1100 L Street NW
Washington, DC 20005
(202) 702-4998
jennifer.e.adams@usdoj.gov

10

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

*Counsel for Defendant,*
*United States of America*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing using the Court's Case Management/Electronic Case Files system, which will send notice to all counsel of record.

<u>/s/ *Jennifer E. Adams*</u>
JENNIFER E. ADAMS