IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

IN RE:

CAMP LEJEUNE WATER LITIGATION

**This Document Relates To:**
*Jefferson Criswell v. USA*, 7:23-CV-1482
*Terry F. Dyer v. USA*, 7:23-CV-357
*Mark A. Cagiano v. USA*, 7:23-CV-569
*Jimmy Laramore v. USA*, 7:23-CV-594
*Edward Raymond v. USA*, 7:23-CV-546[1]

MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION FOR
SUMMARY JUDGMENT FOR LACK
ADMISSIBLE EXPERT TESTIMONY
Fed. R. Civ. P. 56(a); L. Civ. R. 56.1(a)(1)

(BLADDER CANCER)

## INTRODUCTION

The United States files this Memorandum in Support of its Motion for Summary Judgment on General and Specific Causation as it relates to the Plaintiffs in the above-referenced Track 1 Bladder Cancer cases. As outlined in the United States' concurrently filed (1) Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer), (2) United States' Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion"), (3) Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Improper Differential Motion"), the Plaintiffs' Leadership Group's ("PLG") only expert testimony on the critical issue of causation is unreliable and inadmissible. Absent expert testimony on general and specific causation,

---

[1] The Parties have reached agreement in principle on a settlement amount in *Raymond*. The Parties are currently finalizing the terms of the settlement. The United States will notify the Court and withdraw this motion as to *Raymond* once the settlement is final.

Plaintiffs' claims under the CLJA fail as a matter of law. Accordingly, the Court should grant summary judgment in favor of the United States in the above-referenced cases.

## NATURE OF THE CASE

Plaintiffs have filed actions for personal injury related to exposure to contaminated water pursuant to the Camp Lejeune Justice Act of 2022 ("CLJA"). Pub. L. No. 117-168, § 804, 136 Stat. 1759, 1802–04 (2022).

## STATEMENT OF FACTS

On December 9, 2024, Plaintiffs disclosed Phase II (General Causation) reports on bladder cancer from Dr. Laura Plunkett[2], Dr. Steven Bird[3], Dr. Benjamin Hatten, Dr. Kathleen Gilbert, and Dr. Stephen Culp in the above-referenced cases to offer general causation opinions on the relationship between exposure to Camp Lejeune water and bladder cancer. (*See* Statement of Material Facts ("SOMF") ¶ 14). Apart from Dr. Laura Plunkett, Dr. Steven Bird, Dr. Benjamin Hatten, Dr. Kathleen Gilbert, and Dr. Stephen Culp, Plaintiffs have not disclosed other expert opinions on general causation as it relates to bladder cancer. *Id*. at *passim*.

On February 7, 2025, Plaintiffs disclosed Phase III (Specific Causation) reports on bladder cancer from Dr. Vincent Bivins, Dr. Thomas Longo, and Dr. John Sfakianos to offer specific causation opinions that exposure to Camp Lejeune water was at least as likely as not the cause of each of the above-captioned Plaintiffs' bladder cancer.[4] (SOMF ¶ 16). Apart from Dr.

---

[2] Dr. Plunkett also authored an amended general causation report dated April 17, 2025. See SOMF ¶ 14, fn 1.

[3] Dr. Bird also authored a supplemental general causation report dated February 5, 2025. *See* SOMF ¶14, fn 2.

[4] Dr. Bivins opined as to Plaintiff Raymond, Dr. Longo opined as to Plaintiffs Criswell and Dyer, and Dr. Sfakianos opined as to Plaintiff Laramore. *See* SOMF ¶ 16.

Bivins, Dr. Longo, and Dr. Sfakianos, Plaintiffs have not disclosed other expert opinions on specific causation as it relates to bladder cancer. *Id.* at *passim*.

The expert testimony of Plaintiffs' Phase II experts on general causation and Phase III experts on specific causation is unreliable and inadmissible. (SOMF ¶¶ 18, 18a-d.)

## LEGAL STANDARD

Summary judgment is appropriate when the court finds that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating the absence of a factual dispute or the absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After the moving party meets this burden, it is the nonmoving party's responsibility to affirmatively demonstrate the existence of a genuine issue of material fact requiring trial. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court draws inferences in the light most favorable to the non-moving party when determining this motion. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). The court, when making its decision, must examine "both the materiality and the genuineness of the alleged fact issues." *Faircloth v. United States*, 837 F. Supp. 123, 125 (E.D.N.C. 1993).

## ARGUMENT

To prevail on a claim under the CLJA, a plaintiff must "show their harm was 'caused by exposure to the water at Camp Lejeune.'" *In re Camp Lejeune Water Litig.*, 736 F. Supp. 3d 311, 319 (E.D.N.C. 2024). "Ordinarily, toxic exposure torts proceed in two steps—an expert demonstrates that a particular type of harm can be caused by the exposure to a degree of scientific certainty (general causation) and an expert opines that this plaintiffs exposure was a cause in fact of his or her harm (specific causation)." *Id.* Plaintiffs have failed to offer expert

3

testimony showing their harm was caused by exposure to the water at Camp Lejeune. Accordingly, there is no genuine dispute as to a material fact on the issue of the general causation of bladder cancer as well as on the critical issue of the cause of Plaintiffs' Track 1 disease.

### I. Reliable Expert Testimony is Required to Prove Causation in Toxic Tort Cases.

To prove causation, "all jurisdictions require expert testimony at least where the issues are medically complex and outside common knowledge and lay experience." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 227 F. Supp. 3d 452, 469 (D.S.C. 2017), *aff'd sub nom. In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig. (No II) MDL 2502*, 892 F.3d 624 (4th Cir. 2018); *see also In re NC Swine Farm Nuisance Litig.*, No. 5:15-CV-00013-BR, 2017 WL 11575366, at *1 (E.D.N.C. June 16, 2017) ("Regarding testimony concerning the cause of complex health effects, North Carolina, like most jurisdictions, requires medical expert testimony."). Because "the health effects of toxic exposure to chemicals are beyond the knowledge and experience of the average layperson," plaintiffs in toxic tort actions "must offer relevant and reliable expert testimony" regarding causation. *Zellers v. NexTech Ne.*, LLC, 533 F. App'x 192, 200 (4th Cir. 2013); *see also Nix v. Chemours Co. FC*, No. 7:17-CV-189-D, 2023 WL 6471690, at *8 (E.D.N.C. Oct. 4, 2023) ("In toxic tort cases, causation generally will depend on a qualified expert witness establishing both 'general causation and specific causation.'") (quoting *Rhyne v. United States Steel Corp.*, 474 F. Supp. 3d 733, 743 (W.D.N.C. 2020)).

In *In re Lipitor*, the Fourth Circuit affirmed the District of South Carolina's finding that a party's "admissions can[not] substitute for expert evidence of causation, 'given the widely held principle that expert testimony is required in cases involving a complex or technical question outside the ken of the average lay juror.'" 892 F.3d at 646–47 (quoting *In re Mirena IUD Prods.*

4

*Liab. Litig.*, 202 F. Supp. 3d 304, 314 (S.D.N.Y. 2016), *aff'd*, 713 F. App'x 11 (2d Cir. 2017)). The Fourth Circuit acknowledged that expert testimony would not be required "to determine that a gunshot wound to the head of an otherwise healthy person who died shortly thereafter was the proximate cause of her death." *In re Lipitor*, 892 F.3d at 646 (internal quotation omitted). However, in cases where the issues are more medically complex, expert testimony is required. *Id.*

This Court has already made clear that it expects to hear expert testimony on the medically complex issues of causation that are in dispute in this case. *In re Camp Lejeune Water Litig.*, 736 F. Supp. 3d at 319 ("Ordinarily, toxic exposure torts proceed in two steps—an expert demonstrates that a particular type of harm can be caused by the exposure to a degree of scientific certainty (general causation) and an expert opines that this plaintiffs exposure was a cause in fact of his or her harm (specific causation)."). Whether exposure to a contaminant, such as PCE, TCE, or benzene, can cause a given disease in humans, or did in fact cause a specific plaintiff's disease, is unquestionably outside the ken of the layperson. *See Nix*, 2023 WL 6471690 at *8–9. Expert testimony is therefore required to prove the essential element of causation in any CLJA case.

II. **Absent Admissible Expert Testimony Phase II and Phase III Experts, Plaintiffs' CLJA Claims Fail as a Matter of Law.**

For the reasons outlined in the United States concurrently filed (1) Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer), (2) United States' Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion"), and (3) Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing

5

Improper Differential Etiologies ("Improper Differential Motion"), PLG has failed to offer relevant and reliable expert testimony on the issue of the general and specific causation in the above-referenced Track 1 Bladder Cancer cases. The general causation opinions of Drs. Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp should be excluded in their entirety because the methodologies on which their general causation opinions are based are unreliable. Additionally, the specific causation opinions of Drs. Vincent Bivins, Thomas Longo, and John Sfakianos should be excluded in their entirety because the differential etiologies these experts performed in forming their specific causation opinions are unreliable. Thus, all general and specific causation opinions of PLGs' Phase II and Phase III experts are inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrel Down Pharms., Inc.*, 509 U.S. 579, 597 (1993). Without admissible expert testimony, there is no genuine dispute of material fact as to general and specific causation. Plaintiffs' claims fail as a matter of law, and the United States is entitled to summary judgment.

Summary judgment in a toxic tort case is proper where, as here, there is no genuine dispute of material fact as to causation after the exclusion of a plaintiff's causation experts. *In re Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation (No II) MDL 2502*, 892 F.3d 624, 647 (4th Cir. 2018) (upholding summary judgment where the plaintiffs' causation experts were excluded under Fed. R. Evid. 702 and no genuine dispute of material fact remained as to the element of causation). In *Zellers*, the Fourth Circuit upheld the district court's grant of summary judgment where the plaintiff's causation experts were excluded. 533 F. App'x at 199–200. The Fourth Circuit reasoned that, because expert testimony on causation is required in toxic tort cases, and because all the plaintiff's causation expert

opinions were excluded, there was a "complete failure of proof on the critical element of causation." *Id.* Accordingly, summary judgment was proper. *Id.*

As in *Zellers*, PLG has failed to offer relevant and reliable expert testimony as to general and specific causation of bladder cancer. *Id.* Without the testimony of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, Stephen Culp and Plaintiffs' Phase III Bladder Cancer For Performing Improper Differential Etiologies, Plaintiffs lack expert testimony as to necessary elements of their CLJA claims– general and specific causation. *See* SOMF ¶¶ 18, 18a-d. This Court should accordingly grant summary judgment in the United States' favor.

## CONCLUSION

Expert testimony is required to prove causation in toxic tort cases such as this. The United States has concurrently (1) Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer), (2) United States' Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion"), and (3) Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Improper Differential Motion"). Absent this testimony, Plaintiffs lack any admissible expert testimony on the medically complex issue of the causation in this toxic tort case. Accordingly, the above-referenced Plaintiffs' claims fail as a matter of law, and the Court should grant summary judgment in the United States' favor.

Dated: September 10, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief
Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Acting Assistant Directors
Camp Lejeune Justice Act Section

ADAM BAIN
Special Litigation Counsel

MICHAEL CROMWELL
MEGAN GADDY
MELANIE KONSTANTOPOULOS
Trial Attorneys

/s/ Nancy Tinch
NANCY TINCH
D.C. Bar No. 1046814
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Act Section
1100 L Street NW
Washington, DC 20005
(202) 532-5990
Nancy.Tinch@usdoj.gov

Attorney inquiries to DOJ regarding the Camp Lejeune Justice Act:
(202) 353-4426

*Attorneys for Defendant,*
*United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, I electronically filed the foregoing using the Court's Case Management/Electronic Case Files system, which will send notice to all counsel of record.

                                                 */s/ Nancy Tinch*
                                                 Nancy Tinch