IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

IN RE:

CAMP LEJEUNE WATER LITIGATION

**This Document Relates To:**
*Downs v. United States*, 7:23-cv-01145
*Fancher v. United States*, 7:23-cv-00275
*Howard v. United States*, 7:23-cv-00490
*Mousser v. United States*, 7:23-cv-0067
*Tukes v. United States*, 7:23-cv-01553

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR SUMMARY JUDGMENT**
Fed. R. Civ. P. 56
**(KIDNEY CANCER)**

## TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................2
INTRODUCTION.............................................................................................................3
NATURE OF THE CASE .................................................................................................4
STATEMENT OF FACTS ................................................................................................4
LEGAL STANDARD……………………………………………………………………..6
ARGUMENT......................................................................................................................6
   I.   Reliable Expert Testimony Is Required to Prove Causation in Toxic Tort Cases.............7
   II.  Absent the Testimony of Plaintiffs' General Causation Experts Regarding PCE, VC, and Benzene, Plaintiffs' CLJA Claims as to Those Chemicals Fail as a Matter of Law. ..............8
   III.  Absent the Testimony of Plaintiffs' Specific Causation Experts, Plaintiffs' CLJA Claims Fail as a Matter of Law…………………………………………….............................10
   IV. Plaintiff Mousser Failed to Disclose Expert Testimony to Support That Certain Conditions Are Secondary to His Kidney Cancer, Treatment, and Chronic Kidney Disease…………..10
CONCLUSION……………………………………………………………………..11
CERTIFICATE OF SERVICE………………………………………………………...13

## INTRODUCTION

The United States files this Memorandum in Support of its Motion for Summary Judgment ("MSJ"). The five kidney cancer bellwether Plaintiffs[1] allege that, while at Marine Corps Base Camp Lejeune ("Camp Lejeune") between 1953 and 1987, they were exposed to water contaminated with trichloroethylene ("TCE"), perchloroethylene ("PCE"), benzene, vinyl chloride ("VC"), and dichloroethylene ("DCE").[2] They further allege that such exposure caused their kidney cancers. In order to recover under the Camp Lejeune Justice Act of 2022 ("CLJA"), Plaintiffs must demonstrate both that kidney cancers "can be caused by the exposure to a degree of scientific certainty (general causation)," as well as that the "exposure was a cause in fact of his or her harm (specific causation)." June 5, 2024 Order, D.E. 227, at 4.

With this MSJ, the United States concurrently files three relevant motions (collectively, the "Motions to Exclude") challenging the reliability of the methodologies of Plaintiffs' specific and general causation experts: (1) Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard, D.E. 539; (2) Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride (general causation), D.E. 609; and (3) Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases (specific causation), D.E 569. As outlined in these Motions to Exclude, because Plaintiffs' experts' analyses are unreliable and their opinions inadmissible, Plaintiffs do not have sufficient evidence to prove that their alleged exposures to Camp Lejeune water caused their kidney cancers as either a matter

---

[1] The five kidney cancer bellwether plaintiffs are David Downs, David Fancher, Allan Howard, Frank Mousser, and Jacqueline Tukes.

[2] Plaintiffs filed no general causation expert reports regarding DCE. Accordingly, the United States filed a motion for summary judgment as to this chemical on September 9, 2025. *See* D.E. 520.

of general causation or specific causation. Absent expert testimony on general and specific causation, Plaintiffs' claims under the CLJA fail as a matter of law. Accordingly, the Court should grant summary judgment in favor of the United States in the above cases.

## NATURE OF THE CASE

Plaintiffs have filed actions for personal injury and wrongful death related to exposure to contaminated water pursuant to the CLJA. Pub. L. No. 117-168, § 804, 136 Stat. 1759, 1802–04 (2022).

## STATEMENT OF FACTS

On December 9, 2024, Plaintiffs disclosed Phase II (General Causation) reports regarding kidney cancer from Dr. Steven Bird, Dr. Michael Freeman, Dr. Kathleen Gilbert, Dr. Benjamin Hatten, and Dr. Timothy Mallon. *See* Statement of Undisputed Material Facts ("SOMF") ¶¶ 14. Their opinions are summarized as follows:

1. **Dr. Steven Bird**, an emergency room physician, opined that TCE, PCE, VC, and benzene can cause kidney cancer and that the levels of exposure to these chemicals at Camp Lejeune "as likely as not" cause kidney cancer. SOMF ¶ 15.

2. **Dr. Michael Freeman**, a Professor and Chair of Forensic and Legal Medicine at the Royal College of Physicians in London, UK, opined that sufficient evidence existed to establish a causal relationship between TCE and kidney cancer; PCE and urothelial carcinoma of the renal pelvis; and exposure to the combination of the four chemical contaminants and kidney cancer. SOMF ¶ 16.

3. **Dr. Kathleen Gilbert**, an immunologist, opined that, *inter alia*, TCE causes kidney cancer and that the TCE levels at Camp Lejeune are known to cause kidney cancer. SOMF ¶ 17.

4. **Dr. Benjamin Hatten**, a medical toxicologist, emergency physician, and epidemiologist, opined that epidemiological data provides "compelling evidence" that is sufficient to conclude that exposure to TCE, PCE, and the Camp Lejeune water causes kidney cancer and that the data provides "substantial evidence" that it is at least as likely as not that exposure to VC and benzene cause kidney cancer. SOMF ¶ 18.

5. **Dr. Timothy Mallon**, an occupational medicine physician, opined that "more likely than not" there is a causal relationship between kidney cancer and each of TCE, PCE,

4

and the water at Camp Lejeune, and that there is at least as likely as not a causal relationship between kidney cancer and benzene and VC. SOMF ¶ 19.

Plaintiffs did not disclose any other general causation experts regarding kidney cancer in Phase II.[3] SOMF ¶ 20.

On February 7, 2025, Plaintiffs disclosed Phase III (Specific Causation) reports regarding their kidney cancers from Dr. Joseph Del Pizzo, Dr. David Josephson, Dr. Yair Lotan, Dr. Timothy Mallon, Dr. Armine Smith, and Dr. Matthew Weiss.[4] SOMF ¶ 21. These experts opined that exposure to the water at Camp Lejeune caused each Plaintiff's kidney cancer. SOMF ¶ 22. Plaintiffs have not disclosed any other specific causation opinions regarding Plaintiffs' kidney cancers. SOMF ¶ 23.

Finally, on May 14, 2025, Plaintiffs submitted rebuttal reports by Dr. Del Pizzo, Dr. Lotan, and Dr. Smith to respond to the United States' expert's reports. SOMF ¶ 22. Dr. Del Pizzo argued that the kidney cancers of Plaintiffs Fancher and Mousser were not idiopathic and that the United States' expert underemphasized the significant and sustained exposures to known carcinogens that Plaintiffs had during their times at Camp Lejeune. *Id.* Dr. Lotan opined that kidney cancer is not idiopathic by definition because it has known causes. *Id.* Lastly, Dr. Smith opined that the Plaintiffs

---

[3] Many of Plaintiffs' specific causation experts also provided general causation opinions. This Court, however, on July 22, 2025 granted a motion filed by the United States and held that while Phase III experts may reference general causation evidence, including Phase II expert opinions, those experts "may not introduce new, independent general causation analyses[.]" D.E. 444, at 8. Thus, Plaintiffs are limited to the general causation opinions of their identified Phase II experts. SOMF ¶ 14.

[4] At this time, Plaintiffs also submitted the specific causation reports of Dr. Matthew Cooper, Dr. Richard Hoppe, and Dr. Vitaly Margulis. Drs. Cooper and Margulis withdrew their specific causation opinions, and Dr. Hoppe's specific causation opinion pertained only to the cause of Plaintiff Howard's non-Hodgkin Lymphoma ("NHL"), not his kidney cancer. SOMF ¶ 23. Accordingly, the unreliability of Dr. Hoppe's opinion will be addressed in separate motions to exclude and in the United States' Motion for Summary Judgment regarding leukemia and NHL.

Howard's and Tukes' cancers are more likely than not related to toxic exposures at Camp Lejeune and cannot be dismissed as idiopathic without additional consideration. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate when the court finds that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating the absence of a factual dispute or the absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After the moving party meets this burden, it is the nonmoving party's responsibility to affirmatively demonstrate the existence of a genuine issue of material fact requiring trial. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court draws inferences in the light most favorable to the non-moving party when determining this motion. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). The court, when making its decision, must examine "both the materiality and the genuineness of the alleged fact issues." *Faircloth v. United States*, 837 F. Supp. 123, 125 (E.D.N.C. 1993).

## ARGUMENT

To prevail on a claim under the CLJA, a plaintiff must "show their harm was 'caused by exposure to the water at Camp Lejeune.'" *In re Camp Lejeune Water Litig.*, 736 F. Supp. 3d 311, 319 (E.D.N.C. 2024). "Ordinarily, toxic exposure torts proceed in two steps—an expert demonstrates that a particular type of harm can be caused by the exposure to a degree of scientific certainty (general causation) and an expert opines that this plaintiffs exposure was a cause in fact of his or her harm (specific causation)." *Id.* As discussed in the Motions to Exclude, Plaintiffs failed to offer reliable expert testimony showing: (1) PCE, VC, and benzene generally can cause kidney cancer, or (2) that their kidney cancers were in fact caused by exposure to the water at

6

Camp Lejeune. Additionally, their experts inappropriately applied the legal standard of at least as likely as not when rendering their opinions. Accordingly, there is no genuine dispute as to a material fact on the issues of general causation regarding PCE, VC, and benzene or specific causation.

## I. Reliable Expert Testimony Is Required to Prove Causation in Toxic Tort Cases.

To prove causation, "all jurisdictions require expert testimony at least where the issues are medically complex and outside common knowledge and lay experience." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 227 F. Supp. 3d 452, 469 (D.S.C. 2017), *aff'd sub nom. In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig. (No II) MDL 2502*, 892 F.3d 624 (4th Cir. 2018); *see also In re NC Swine Farm Nuisance Litig.*, No. 5:15-CV-00013-BR, 2017 WL 11575366, at *1 (E.D.N.C. June 16, 2017) ("Regarding testimony concerning the cause of complex health effects, North Carolina, like most jurisdictions, requires medical expert testimony."). Because "the health effects of toxic exposure to chemicals are beyond the knowledge and experience of the average layperson," plaintiffs in toxic tort actions "must offer relevant and reliable expert testimony" regarding causation. *Zellers v. NexTech Ne.*, LLC, 533 F. App'x 192, 200 (4th Cir. 2013); *see also Nix v. Chemours Co. FC*, No. 7:17-CV-189-D, 2023 WL 6471690, at *8 (E.D.N.C. Oct. 4, 2023) ("In toxic tort cases, causation generally will depend on a qualified expert witness establishing both 'general causation and specific causation.'") (quoting *Rhyne v. United States Steel Corp.*, 474 F. Supp. 3d 733, 743 (W.D.N.C. 2020)).

In *In re Lipitor*, the Fourth Circuit affirmed the District of South Carolina's finding that a party's "admissions can[not] substitute for expert evidence of causation, 'given the widely held principle that expert testimony is required in cases involving a complex or technical question outside the ken of the average lay juror.'" 892 F.3d at 646–47 (quoting *In re Mirena IUD Prods. Liab. Litig.*, 202 F. Supp. 3d 304, 314 (S.D.N.Y. 2016), *aff'd*, 713 F. App'x 11 (2d Cir. 2017)).

7

The Fourth Circuit acknowledged that expert testimony would not be required "to determine that a gunshot wound to the head of an otherwise healthy person who died shortly thereafter was the proximate cause of her death." *In re Lipitor*, 892 F.3d at 646 (internal quotation omitted). However, in cases where the issues are more medically complex, expert testimony is required. *Id.*

This Court has already made clear that it expects to hear expert testimony on the medically complex issues of causation that are in dispute in this case. *In re Camp Lejeune Water Litig.*, 736 F. Supp. 3d at 319 ("Ordinarily, toxic exposure torts proceed in two steps—an expert demonstrates that a particular type of harm can be caused by the exposure to a degree of scientific certainty (general causation) and an expert opines that this plaintiffs exposure was a cause in fact of his or her harm (specific causation)."). Whether exposure to a contaminant, such as PCE, TCE, VC, or benzene, can cause a given disease in humans, or did in fact cause a specific plaintiff's disease, is unquestionably outside the ken of the layperson. *See Nix*, 2023 WL 6471690 at *8–9. Expert testimony is therefore required to prove the essential element of causation in any CLJA case.

## II. Absent the Testimony of Plaintiffs' General Causation Experts Regarding PCE, VC, and Benzene, Plaintiffs' CLJA Claims as to Those Chemicals Fail as a Matter of Law.

The United States general causation Motions to Exclude filed concurrently with this MSJ and referenced in this memorandum would resolve portions of Plaintiffs' claims because it would exclude general causation opinions as to whether PCE, VC, and benzene can cause kidney cancer. It would also exclude general causation opinions that apply the legal standard "at least as likely as not" when rendering causation opinions. Thus, even if this Court concludes that Plaintiffs' specific causation experts' opinions are sufficiently reliable under Rule 702, as discussed below, if this Court grants the United States' Motions to Exclude certain general causation opinions, then Plaintiffs would have no expert testimony regarding general causation for PCE, VC, and benzene. *See* SOMF ¶ 26. Because there would be a complete lack of proof as to general causation of kidney

8

Case 7:23-cv-00897-RJ     Document 615     Filed 09/10/25     Page 8 of 13

cancer by these chemicals, this Court should grant the United States' Motion for Partial Summary Judgment as to general causation and PCE, VC, and benzene. *Id.*; *see* SOMF ¶¶ 14-20.

Summary judgment in a toxic tort case is proper where, as here, there is no genuine dispute of material fact as to causation after the exclusion of a plaintiff's causation experts. *In re Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation (No II) MDL 2502*, 892 F.3d 624, 647 (4th Cir. 2018) (upholding summary judgment where the plaintiffs' causation experts were excluded under Fed. R. Evid. 702 and no genuine dispute of material fact remained as to the element of causation). In *Zellers*, the Fourth Circuit upheld the district court's grant of summary judgment where the plaintiff's causation experts were excluded. 533 F. App'x at 199–200. The Fourth Circuit reasoned that, because expert testimony on causation is required in toxic tort cases, and because all the plaintiff's causation expert opinions were excluded, there was a "complete failure of proof on the critical element of causation." *Id.* Accordingly, summary judgment was proper. *Id.*

As in *Zellers*, PLG has failed to offer relevant and reliable expert testimony as to whether exposure to PCE, VC, and benzene in the water at Camp Lejeune could cause kidney cancer. *Id.* Without the testimony of Plaintiffs general causation experts regarding these chemicals, Plaintiffs have not offered any expert testimony as to whether PCE, VC, and benzene can cause kidney cancer. *See* SOMF ¶¶ 14-20. There is, therefore, a complete failure of proof on general causation regarding those three chemicals. This Court should accordingly grant the United States' Motion for Partial Summary Judgment and dismiss Plaintiffs' claims that PCE, VC, and benzene caused their kidney cancers.

**III.   Absent The Testimony of Plaintiffs' Specific Causation Experts, Plaintiffs' CLJA Claims Fail as a Matter of Law.**

For the reasons outlined in the United States concurrently filed Motions to Exclude, Plaintiffs have also failed to offer reliable expert testimony as to specific causation. Specifically, they provide no reliable opinions regarding whether the chemicals at issue caused each Plaintiff's kidney cancer because the experts' differential etiology analyses are fundamentally flawed. They each ignored idiopathic cause and background cancer risks, and when they attempted to address idiopathy and background risks in their rebuttal reports, they relied on the presence of a risk factor to exclude idiopathy and sporadic cancer formation. As discussed in the concurrently filed motion to exclude, doing so was inadequate and unreliable under Federal Rule of Evidence 702. *See* SOMF ¶ 27. Accordingly, Plaintiffs' only expert testimony on the issue of specific causation is therefore unreliable and should be excluded.

**IV.   Plaintiff Mousser Failed to Disclose Expert Testimony to Support That Certain Conditions Are Secondary to His Kidney Cancer, Treatment, and Chronic Kidney Disease.**

At his deposition, Plaintiff Mousser stated that his kidney cancer, treatment, and resulting chronic kidney disease ("CKD") caused additional medical conditions, including: severe obstructive sleep apnea, nocturia, chronic insomnia, and chronic fatigue. Ex.\_, Jan. 19, 2024 Deposition Transcript of Frank Mousser ("Mousser Dep. Tr.") at 167:13-168:2. Plaintiff has not offered expert testimony to support his claim that these secondary diseases were caused by his kidney cancer and treatment. *See* SOMF ¶ 24. Such evidence is necessary for the medically complex issue such as this one, where a Plaintiff alleges that his Camp Lejeune-related disease caused another, secondary disease. *See In re Lipitor*, 892 F.3d at 646–47. Absent expert medical testimony on this issue, there is a "complete failure of proof on the critical element of causation, necessitat[ing] a grant of summary judgment in favor of the defendant." *Zellers*, 533 F. App'x at

10

199–200. Accordingly, the Court should grant partial summary judgment in favor of the United States on the claim that Plaintiff Mousser's severe obstructive sleep apnea, nocturia, chronic insomnia, and chronic fatigue are related to his kidney cancer diagnosis and treatment.

## CONCLUSION

Expert testimony is required to prove causation in toxic tort cases such as this. The United States has filed three concurrent Motions to Exclude the opinion testimony of Plaintiffs' general causation experts related to PCE, VC, and benzene; their specific causation experts related to the cause of their kidney cancers; and all general causation experts to the extent they apply the legal standard "at least as likely as not." Absent the testimony of these experts, Plaintiffs have offered no expert testimony on the medically complex issue of general causation as it relates to PCE, VC, and benzene and specific causation. Accordingly, there is no genuine dispute of material fact as to specific causation and general causation regarding the above chemicals, and the Court should grant the United States' Motion for Summary Judgment.

Dated: September 10, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief
Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Acting Assistant Directors
Camp Lejeune Justice Act Section

ADAM BAIN
Special Litigation Counsel

Nathan J. Bu
Joshua G. Carpenito
Carson M. Garand
Erick M. Marquina
Kailey M. Silverstein
Sharon V. Sprayregen
Lucas R. White
Trial Attorneys

*/s/ Carson M. Garand*
CARSON M. GARAND
La. Bar No. 38229
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Act Section
1100 L Street NW
Washington, DC 20005
202-616-8361
Carson.M.Garand@usdoj.gov

*Attorneys for Defendant,*
*United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, I electronically filed the foregoing using the Court's Case Management/Electronic Case Files system, which will send notice to all counsel of record.

                                                    */s/ Carson M. Garand*
                                                  CARSON M. GARAND