IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| CAMP LEJEUNE WATER LITIGATION | ) |
| | ) |
| This Pleading Relates to: | ) |
| ALL CASES | ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' LEADERSHIP GROUP'S MOTION TO SEAL MEMORANDA OF LAW FILED IN SUPPORT OF THE UNITED STATES' MOTIONS TO EXCLUDE DR. ROGER MOORE AND DR. HARESH THARWANI

## INTRODUCTION

The Plaintiffs' Leadership Group ("PLG") moves to seal the Memoranda of Law in Support of Defendant United States of America's ("Defendant") Motions to Exclude Dr. Roger Moore (D.E. 572) and Dr. Haresh Tharwani (D.E. 595), including all exhibits (D.E. 572.1-572.21 and D.E. 595.1-595.4, respectively), to those said memoranda (collectively, the "Memoranda"). Dr. Roger Moore ("Dr. Moore") is PLG's psychology expert for Track 1 Trial Plaintiff Frank Mousser ("Plaintiff Mousser"), and Dr. Tharwani is PLG's psychiatric expert for Track 1 Trial Plaintiffs Jefferson Criswell ("Plaintiff Criswell") and Terry Dyer ("Plaintiff Dyer"). Sealing is warranted because the Memoranda, including exhibits thereto, contain highly confidential and sensitive mental health records concerning Plaintiffs Mousser, Dyer and Criswell (collectively, "Plaintiffs").

In addition, the Memoranda references deposition testimony that discusses in detail the above-referenced Plaintiffs' medical history, personal history, diagnoses, and treatment, including mental health care. Certain personal medical information cited in the Memoranda is drawn from depositions and documents previously filed provisionally under seal in the parties' Sealed Joint

Appendix (D.E. 511), submitted pursuant to this Court's Order (D.E. 456), for which PLG has a pending motion to seal (D.E. 512).

Public disclosure of this information would unnecessarily reveal private and highly sensitive information, which Plaintiffs are entitled to keep confidential. Accordingly, good cause exists to permit the sealing of the Memoranda and the supporting exhibits to safeguard Plaintiffs' privacy interests without impeding the Court's consideration of the issue presented. [1]

## LEGAL STANDARD

Local Civil Rule 26.1(a)(1) provides medical records "shall not be open to inspection or copying by any persons except the parties and their attorneys," and any such filings must be accompanied by a motion to seal under Local Rule 79.2. Local Civil Rule 79.2 further requires that any request to file documents under seal be made by motion, with the docket reflecting sufficient notice to the public while the documents remain provisionally sealed pending the Court's ruling. Together, these rules establish both the substantive and procedural framework under which parties may protect medical and psychiatric records from public disclosure.

"[P]rior to sealing judicial records, a district court must first determine the source of the public's right to access the judicial records: the common law or the First Amendment." *Johnson v. City of Fayetteville*, 2014 U.S. Dist. LEXIS 172229, *21 (E.D.N.C. 2014) (*quoting Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). "If the common law right of access to judicial records applies, there is a presumption of public access to judicial records, which can only be rebutted if countervailing interests outweigh the public's interest in

---

[1] For the same reasons detailed here, good cause also exists to seal the Memorandum of Law in support of the PLG's Motion to Exclude Defense Expert Harold J. Bursztajn (D.E. 613), which discusses private medical information of these same Plaintiffs. *See* D.E. 614 (motion to seal).

2

access." *Johnson v. City of Fayetteville*, 2014 U.S. Dist. LEXIS 172229, *21 (E.D.N.C. 2014) (*quoting Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

"Where the First Amendment guarantees access to judicial records, such access may be denied only on the basis of a compelling governmental interest or other higher value, and only if the denial is narrowly tailored to serve that interest or value." *Johnson v. City of Fayetteville*, 2014 U.S. Dist. LEXIS 172229, *21 (E.D.N.C. 2014). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 570 (4th Cir. 2004).

"Congress and the State of North Carolina have recognized the significance of an individual's interest in keeping medical information private," *see* 42 U.S.C. § 1320d-6(a); N.C. Gen. Stat. § 58-2-105(a), and the Fourth Circuit has held that such information "should receive scrupulously confidential treatment" when it concerns subject matter that faces public stigma. *Kadel v. Folwell*, 620 F. Supp. 3d 339, 390 (M.D.N.C 2022) (*citing Watson v. Lowcountry Red Cross*, 974 F.2d 482, 487 (4th Cir. 1992)). Accordingly, requests to seal judicial filings that contain medical or psychiatric information fall squarely within the well-established framework that balances the public's right of access against the compelling interest in protecting individual privacy.

## ARGUMENT

Good cause exists to seal the Memoranda because they contain confidential medical and psychiatric information of individual Plaintiffs that is entitled to protection under this Court's rules and precedent. Courts have long recognized that medical records implicate unique privacy interests

3

that outweigh the public's qualified right of access, particularly where disclosure would subject individuals to stigma or embarrassment. *Id*.

"A court may seal documents 'if the public's right of access is outweighed by competing interests.'" *Swindell v. CACI NSS, Inc.*, 2020 U.S. Dist. LEXIS 24056, *24 (E.D.N.C. 2020) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The information at issue here includes not only confidential medical information but also references, among other things, childhood traumas, family history, and ancillary medical issues, which are associated to the diagnoses of the competing mental health experts. The information at issue here includes diagnoses, treatment histories, and details of mental health care that fall squarely within the category of records that Local Civil Rule 26.1(a)(1) and applicable case law are designed to protect from public disclosure.

Disclosure of these materials would unnecessarily compromise Plaintiffs' privacy while adding little, if anything, to the public's understanding of the issues in this case. Sealing is both warranted and consistent with the principles that guide this Court's balancing of access and confidentiality.

I. **Countervailing Interests Outweigh the Public Interest in Access to the Plaintiff's Confidential and Sensitive Medical Information.**

"In reviewing motions to seal, the Court must determine the source of the public right of access, if any, that applies to each document at issue and then 'weigh the competing interests at stake.'" *Alston v. Jones*, 2022 U.S. Dist. LEXIS 91596, *3 (M.D.N.C 2022) (*quoting Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already

4

had access to the information contained in the records.'" *Johnson v. City of Fayetteville*, 2014 U.S. Dist. LEXIS 172229, *21 (E.D.N.C. 2014) (*quoting Va. Dep't of State Police*, 386 F.3d at 575).

In this case, none of these considerations support public access to Plaintiffs' private health information. Going through the weight of the common law factors set forth in *Johnson*, the Memoranda at issue contain confidential medical and psychiatric records, including treatment history and testimony concerning Plaintiffs' mental health, which serve no purpose other than to support arguments on the United States' evidentiary motions concerning what amounts to a very narrow issue in the overall Camp Lejeune Justice Act litigation: namely, the mental health of three Plaintiffs. Public disclosure of these details would not advance public understanding of the legal or factual issues before the Court, because the information concerns deeply personal medical and psychiatric matters that do not bear on the broader public interest. The public have never had access to the Plaintiffs' medical and psychiatric records, so the seal of these Memoranda would not rescind any information that was previously available.

Instead, release of this information would intrude upon Plaintiffs' privacy and risk unnecessary stigma, embarrassment, and harm which is precisely the type of countervailing interest that justifies sealing. The balance, therefore, weighs strongly in favor of sealing the Memoranda and the exhibits that reveal or discuss Plaintiffs' confidential medical and mental health information.

## II. The "Higher Value" of Protecting Plaintiff's Medical and Mental Health Privacy Justifies Denying Public Access.

"The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Jennings v. Univ. of N.C.*, 340 F. Supp. 2d 679, 680 (M.D.N.C. 2004). The same considerations apply here. The Memoranda contain detailed medical and psychiatric information,

the disclosure of which would expose Plaintiffs' medical and psychiatric records without contributing to the public's understanding of the legal or factual issues before the Court.

The Memorandum of Law in Support of the United States' Motion to Exclude Dr. Roger Moore cites to fifteen (15) medical records and also includes the deposition transcript of Plaintiff Frank Mousser as exhibits. Additionally, the United States notes a number of private medical conditions and personal hardships Plaintiff Mousser has endured in their initial description of him in the background section. Given the higher value of protecting the privacy of medical and mental health records of Platiniff Mousser, public access to this Memorandum and its exhibits is not justified, and sealing is necessary to safeguard his confidential health information.

The Memorandum of Law in Support of the United States' Motion to Exclude Dr. Haresh Tharwani includes quotations from Dr. Tharwani's deposition which discuss the psychiatric evaluation and treatments of Plaintiffs Criswell and Dyer. Similar to the above-mentioned Memorandum of Law, the Defendant references Plaintiffs Criswell and Dyer's personal misfortunes and ancillary medical conditions in support of their position. Due to the sensitive nature of these medical and psychiatric records and the light they are presented in, the sealing of the Memoranda and its accompanying exhibits is essential to uphold the higher value of safeguarding Plaintiffs Criswell and Dyer's private health information.

The purpose of PLG's motion to seal is not to hinder the public from access to information in this matter but rather to narrowly tailor a solution to protect the interest of the Plaintiffs. Here, PLG's request seeks to seal the Memoranda because they are permeated with confidential medical and psychiatric information, such that redaction is neither practical nor sufficient to protect confidentiality. The PLG does not seek to seal the Motions that the Memoranda support, allowing the public to know the summary of the motions at issue, while protecting Plaintiffs' privacy

6

interests. This approach remains consistent with the balancing framework recognized by this Court, which permits sealing where higher values are at stake. Courts have held "that individuals have an interest in keeping sensitive medical information private." *Alston v. OM of Raleigh, Inc.*, 2023 U.S. Dist. LEXIS 148743, *10 (E.D.N.C 2023) (*quoting Watson v. Lowcountry Red Cross*, 974 F.2d 482, 487 (4th Cir. 1992)). Protecting the privacy of Plaintiffs' medical and psychiatric records constitutes such a higher value, as disclosure would risk unnecessary stigma and harm without advancing the public's understanding of matter presented to the court.

In sum, the sealing of the Memoranda protects Plaintiffs' "significant interest in shielding private medical information[,] [which] outweighs the interest in public access, . . . overcom[ing] the presumption of openness and access to judicial records. . . ." *Alston v. OM of Raleigh, Inc.*, 2023 U.S. Dist. LEXIS 148743, *11 (E.D.N.C 2023). Accordingly, sealing these records is necessary to protect the higher value of Plaintiffs' privacy, and the relief requested to seal these Memoranda is narrowly tailored to that purpose under this Court's established rules and precedent.

## CONCLUSION

For the foregoing reasons, the PLG respectfully requests that this Court seal the Memoranda.

This the 17th day of September, 2025.

[*SIGNATURES TO FOLLOW ON NEXT PAGE*]

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com
*Co-Lead Counsel for Plaintiffs and Government Liaison Counsel*

/s/ Elizabeth J. Cabraser
Elizabeth J. Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ Robin L. Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III
Lewis & Roberts, PLLC
3700 Glenwood Ave., Ste. 410
Raleigh, NC 27612
Telephone: (919) 981-0191
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com
*Co-Lead Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that the foregoing document was electronically filed on the Court's CM/ECF system on this date, and that all counsel of record will be served with notice of the said filing via the CM/ECF system.

This the 17th day of September, 2025.

*/s/ J. Edward Bell, III*
J. Edward Bell, III