| From: | Mike Dowling |
|---|---|
| To: | Mirsky, Sara J. (CIV); Halfon, Avery S.; Adams, Jennifer E (CIV); Lipscomb, Bridget (CIV); Bain, Adam (CIV) |
| Cc: | "Zina Bash"; Cabraser, Elizabeth J.; "cl-plg@kellerpostman.com"; "Eric Flynn"; Matthew Quinn |
| Subject: | [EXTERNAL] RE: [EXT] RE: Camp Lejeune: De-designating Expert Billing Records |
| Date: | Wednesday, September 10, 2025 8:59:56 AM |

Sara:

Hope you are doing well, and thanks for your response.

We believe that whether the documents are confidential pursuant to the protective order and whether they should be shielded from public view when filed with the court are two separate issues. On that latter issue—which is the operative one—PLG does believe non-privileged judicial records and information about how much the DOJ has paid its testifying experts is something that can legally be shielded from public access under the relevant Supreme Court and Fourth Circuit legal standards.

As you are aware, "[t]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Vamsi Nallapati & IGM Surfaces, LLC v. Justh Holdings, LLC*, 637 F. Supp. 3d 357, 361–62 (E.D.N.C. 2022) (Jones, J.) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). And as the party seeking to shield these records from public view, the burden is on the United States to prove that sealing is authorized under the common law right of access and the First Amendment guarantee to judicial records. *Id.*, 637 F. Supp. 3d 357, 362 (E.D.N.C. 2022) ("The party seeking to deny access bears the burden."). Under the governing standards, there is a strong presumption in favor of access to judicial records that DOJ will be required to overcome after following the procedures set forth in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984). We disagree that DOJ can meet its burden with respect to non-privileged documents and information regarding how much it has paid its testifying experts, and therefore we will not join in or consent to a motion to seal these particular records.

In accordance with the Local Rules of practice, specifically the EDNC Electronic Case Filing Administrative Policies and Procedures Manual (V)(G)(1)(e), PLG intends to provisionally file these materials under seal. As allowed by Local Rules of practice, DOJ may file a motion if you believe sealing is legally justified. We will review your motion and respond in due course. However, at this time, based on the governing law and DOJ's position as previously articulated, we intend to respond in opposition.

Please let me know if you would like to discuss.

Thanks,

Mike

# Dowling PLLC

W. Michael Dowling
3801 Lake Boone Trail
Suite 260
Raleigh, North Carolina 27607

919.529.3351
mike@dowlingfirm.com

Confidentiality Notice:
The information contained in this e-mail is privileged and confidential and intended for the addressee only. If you are neither the recipient nor the agent responsible for delivering this email to the intended recipient, any disclosure of this information or taking of any action in reliance on this information is strictly prohibited. If you have received this email in error, please notify the sender immediately.

**From:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>
**Sent:** Tuesday, September 9, 2025 1:31 PM
**To:** Halfon, Avery S. <ahalfon@lchb.com>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>
**Cc:** 'Zina Bash' <zina.bash@kellerpostman.com>; Mike Dowling <mike@dowlingfirm.com>; Cabraser, Elizabeth J. <ECABRASER@lchb.com>; 'cl-plg@kellerpostman.com' <cl-plg@kellerpostman.com>; 'Eric Flynn' <EFlynn@belllegalgroup.com>
**Subject:** RE: [EXT] RE: Camp Lejeune: De-designating Expert Billing Records

Avery,

The United States asserts that these materials are confidential under, *inter alia*, Section 1(b)(i)(1), which defines "confidential information" as documents that are "not in the public domain" and are "commercial information as such term[ is] used in Federal Rule of Civil Procedure 26(c)(1)(G)."

Furthermore, Section 4, titled "Challenging Confidential Designations," dictates that challenges "to a designation as Confidential Information must be made within a reasonable time after production of such information." At least some of these invoices were produced more than 90 days ago, and any objection now would not be reasonable.

Thanks,
Sara

**From:** Halfon, Avery S. <ahalfon@lchb.com>
**Sent:** Tuesday, September 9, 2025 11:57 AM
**To:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam

(CIV) <Adam.Bain@usdoj.gov>
**Cc:** 'Zina Bash' <zina.bash@kellerpostman.com>; William Dowling <mike@dowlingfirm.com>; Cabraser, Elizabeth J. <ECABRASER@lchb.com>; 'cl-plg@kellerpostman.com' <cl-plg@kellerpostman.com>; 'Eric Flynn' <EFlynn@belllegalgroup.com>
**Subject:** [EXTERNAL] RE: [EXT] RE: Camp Lejeune: De-designating Expert Billing Records

Sara, would you mind sharing the government's asserted basis for designating expert invoices confidential? D.E. 266 (CMO 15) defined confidential information as information belonging to a limited set of categories, none of which seems clearly applicable to these invoices.

Thank you,
Avery

---

**From:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>
**Sent:** Tuesday, September 9, 2025 11:50 AM
**To:** Halfon, Avery S. <ahalfon@lchb.com>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>
**Cc:** 'Zina Bash' <zina.bash@kellerpostman.com>; William Dowling <mike@dowlingfirm.com>; Cabraser, Elizabeth J. <ECABRASER@lchb.com>; 'cl-plg@kellerpostman.com' <cl-plg@kellerpostman.com>
**Subject:** [EXT] RE: Camp Lejeune: De-designating Expert Billing Records

Avery,

The United States is maintaining its confidentiality designations over these documents. Please file them under seal.

Thank you,
Sara

---

**From:** Halfon, Avery S. <ahalfon@lchb.com>
**Sent:** Monday, September 8, 2025 12:01 PM
**To:** Mirsky, Sara J. (CIV) <Sara.J.Mirsky@usdoj.gov>; Adams, Jennifer E (CIV) <Jennifer.E.Adams@usdoj.gov>; Lipscomb, Bridget (CIV) <Bridget.Lipscomb@usdoj.gov>; Bain, Adam (CIV) <Adam.Bain@usdoj.gov>
**Cc:** 'Zina Bash' <zina.bash@kellerpostman.com>; William Dowling <mike@dowlingfirm.com>; Cabraser, Elizabeth J. <ECABRASER@lchb.com>; 'cl-plg@kellerpostman.com' <cl-plg@kellerpostman.com>
**Subject:** [EXTERNAL] Camp Lejeune: De-designating Expert Billing Records

Counsel, for Wednesday's briefing, Plaintiffs' Leadership Group is trying to avoid filing under seal when possible, to save resources of the parties and the Court. We intend to attach as exhibits billing records of government experts Dr. Bailey, Dr. Goodman, Dr. Stadler, and Dr. Bursztajn. The government designated these documents confidential. Would you consider de-designating them?

If we seek to attach to Wednesday's filings other documents that the government designated as confidential, we will let you know.

Thank you,
Avery

**Avery S. Halfon**
ahalfon@lchb.com
t 212.355.9500 ext. 6614
f 212.355.9592
Pronouns: he/him/his
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com