IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | **JOINT STATUS REPORT** |
| ) | |
| This Document Relates To: ) | |
| ALL CASES ) | |
| ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to September 19, 2025, 3,637 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. 144 cases have been dismissed; 130 of those were voluntary dismissals and the 14 others were pro se cases. The cases are divided as follows: Judge Dever – 917 cases; Judge Myers – 905 cases; Judge Boyle – 893 cases; and Judge Flanagan – 922 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

Of 409,910 de-duplicated claims, approximately 167,754 claims contain at least one supporting document. Approximately 64,041 of those claims allege an injury type that may be considered for settlement under the Elective Option (EO) framework. The time between filing a claim and settlement is dependent upon timely receipt of relevant supporting documents. Per the

1

statutory burden of proof, law firms and claimants must provide evidence of a medical diagnosis and presence at Camp Lejeune before a settlement determination can be made. Filers are encouraged to submit substantiating documentation expeditiously so that the Camp Lejeune Claims Unit can confirm substantiation of those alleged EO injuries and the DOJ can approve settlement offers to as many claimants who qualify for the EO as possible

> **(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties have nothing further to report on this item and refer to prior Joint Status Reports. *E.g.*, [D.E. 458 at 2; D.E. 449 at 2-3].

> **(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties have nothing further to report on this item and refer to prior Joint Status Reports. *E.g.*, [D.E. 458 at 3; D.E. 449 at 3].

> **(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues.

<u>Expert Depositions and Motions</u>

All expert witnesses for Phase I (Water Contamination) have been both disclosed and deposed by the Parties, and the deadline for Phase I motions has expired. The Parties have completed the depositions of all expert witnesses for Phase II (General Causation). All expert witness depositions for Phase III (Specific Causation and Residual Experts), except those

2

witnesses who fall within the separate track for expert discovery related to damages and offsets, have been completed.

On September 10, 2025, the Parties filed all motions related to Phases II and III, with exception of motions related to damages and offset experts. [D.E. 630] The PLG filed a total of nine (9) motions to exclude the government's experts under Fed. R. Evid. 702. Notwithstanding this Court's repeated admonition that "the Parties [will] conduct discovery efficiently," [D.E. 23, CMO-2 at § XI], the government filed thirty-one (31) motions related to Phases II and III.

Discovery Pertaining to Damages and Offsets

On September 17, 2025, the Court entered an Order amending the deadlines for expert disclosures, depositions and motions related to damages, offset, and other economic experts. [D.E. 630] Consistent with this Order, the United States presented its last witness in support of the data and explanation in support of its alleged offsets on September 18, 2025. Pursuant to the Court's Order, the PLG will designate Phase III economic residual experts on October 29, 2025, the government will designate economic residual experts on December 15, 2025, the PLG will designate rebuttal experts on January 19, 2026, and expert discovery on these experts will close on March 5, 2026. [D.E. 630 at 2] Following expert disclosures, the parties will meet and confer regarding a briefing schedule, if any is necessary. [*Id.*]

The parties are working to try to resolve an issue regarding the government's refusal to produce available information pertaining to any plaintiff payments—specifically including policy premiums, co-pays, deductibles, co-insurance payments, payments from HSAs/FSAs or similar accounts, HRAs, or any expenses not covered that were billed to the plaintiff. PLG has requested that such data be produced. The government contends it is not required to produce such information, even if it is available from the agencies who have provided the government with the

data it is relying upon to claim offsets. The parties will likely have another meet and confer this week regarding the issue and can report further to the Court at the status conference.

**United States' Position:**

The United States has completed substantially all of its general discovery responses. The United States will continue to produce on a rolling basis any Track 1 Trial Plaintiff-related documents that are received from third parties or supplemented by government agencies.

Fact Depositions

The United States confirms that all previously scheduled fact depositions have been taken at this point. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Recent Developments in Track 1 Trial Plaintiffs' Cases

PLG previously agreed to provide quarterly updates via spreadsheet to the Discovery Plaintiff Pool Forms. PLG also agreed to produce medical records as soon as they received them. PLG's latest spreadsheet was produced on July 10, 2025. PLG has indicated it would be producing medical records for certain Track 1 Trial Plaintiffs, and the United States is tracking the production of said documents. PLG's next spreadsheet is due on October 10, 2025.

Phase I Motions

The Phase I *Daubert* motions are now fully briefed with the exception of two outstanding issues. The United States filed a motion to strike, or in the alternative motion to file a sur-reply brief, related to arguments seeking to exclude opinions of the United States' expert, Dr. Remy Hennet, that were raised for the first time in PLG's reply brief. Additionally, PLG has filed a motion to file a sur-reply brief on the United States' motion to exclude the water modeling opinions

of PLG's Phase I experts. The United States has opposed that motion.

In addition, in his July 15, 2025 Memorandum and Recommendation [D.E. 439], Judge Jones recommended that the district court grant in part the United States' Motion *in Limine* to Exclude Vapor Intrusion Evidence and Testimony. On July 29, 2025, PLG filed Objections to the Memorandum and Recommendation. The United States filed its response to PLG's Objections on August 12, 2025.

On August 19, 2025, the United States also filed a Suggestion of Subsequently Decided Controlling Authority Related to the United States' Water Modeling Motion, to notify the Court of a recent opinion published by the Fourth Circuit Court of Appeals. [D.E. 457].

The full list of pending Phase I motions is included in Section 6 below.

Expert Depositions and Motions

All Phase II and Phase III expert depositions have been completed, with the exception of depositions related to economic damages issues. Notwithstanding this Court's repeated admonition that "the Parties [will] conduct discovery efficiently," [D.E. 23, CMO-2 at § XI], the PLG disclosed 32 separate experts on general and specific causation (excluding PLG's exposure expert), who issued a total of 62 expert reports. The reports from several experts were often duplicative, using similar language and citing the same studies to the exclusion of many others. Because the opinions of those experts failed to meet the requirements of Fed. R. Evid. 702, the United States needed to challenge the experts' opinions to narrow the issues for the Court's fact-finding, which will result in efficient resolution of this litigation. The United States combined the challenges to the 32 experts and opinions in 62 expert reports into twenty-two Fed. R. Evid. 702 motions to exclude. The remaining nine motions that the United States filed were motions for summary judgment that will promote efficient resolution of the litigation.

Remaining Phase III General Causation Expert Discovery Issue

On June 3, 2025, the United States served a subpoena on PLG's Phase III Parkinson's disease expert, Dr. Richard Barbano. The subpoena included a request for a deposition and a request for production that sought, in part, communications related to topics covered in Dr. Barbano's expert reports. PLG asserted its objections to the subpoena on June 24, 2025, and stated that there were no responsive documents. Yet, at his deposition, Dr. Barbano testified that he in fact had responsive communications. The United States subsequently reiterated its request that PLG produce all responsive communications, but, to date, PLG has not produced any communications. The United States and PLG have exchanged correspondence and had a meet and confer on this issue previously, and will be having an additional meet and confer on Wednesday, September 24, 2025. The United States hopes this issue can be resolved without further Court intervention.

Plaintiffs' Motion to Apply the Court's July 22 Order to All Experts [D.E. 515]

On September 2, 2025, PLG filed a motion [D.E. 515] seeking to expand the scope of the Court's July 22, 2025, Order [D.E. 444] to apply to all experts. The United States' response [D.E. 627] was filed on September 12, 2025. This issue is now fully briefed.

Phase II and III Motions Filed Under Seal

On September 10, 2025, in accordance with Local Rule 79.2 and Section V.G of the Eastern District of North Carolina Electronic Case Filing Administrative Polices and Procedure Manual, the Parties provisionally filed certain materials under seal that had been previously designated as "confidential" pursuant to the Second Amended Stipulated Protective Order (Case Management Order No. 15) [D.E. 266]. Motions to seal and supporting memoranda of law, specifying the interests that would be served by restricting public access, were due by Monday, September 22,

2025.

On Monday, September 22, 2025, PLG filed a "consent" motion regarding its request to have certain motions and exhibits related to Plaintiffs' mental health issues accessible only to counsel for the United States and PLG. [D.E. 632] The United States does not object to PLG's request, but the motion was not sent to the United States for review, which is the typical practice for consent motions.

United States' Supplemental Offset Data

On June 25, 2025, the Court entered an Order modifying previous scheduling orders to, in part, allow the Parties to engage in limited fact discovery related to the Parties' offset information and corresponding damages information. [D.E. 414]. Over the past three months, the United States has produced underlying offset information from the VA (including VHA and IVC), TriWest, TRICARE, and the Centers for Medicare & Medicaid Services (CMS). This information is in addition to the previously provided offset information and data produced by the United States in conjunction with its Phase III expert disclosures in April and May 2025. Furthermore, the Parties have taken all depositions of fact witnesses related to the United States' offset data. Given deposition scheduling constraints, including witness and counsel availability, these depositions concluded on September 18, 2025—the date the Court recently ordered fact discovery limited to the Parties' offset information and potentially corresponding damages information was to be completed, *see* D.E. 630.

Additionally, PLG has requested via letter that the United States search for, collect and produce information relating to any plaintiff payments—specifically including policy premiums, co-pays, deductibles, coinsurance payments, payments from HSAs/FSAs or similar accounts, HRAs, or any expenses not covered that were billed to Plaintiffs. The United States responded to

7

PLG's letter, informing PLG, in part, that such out-of-pocket payment information for Plaintiffs is outside the scope and purpose the additional damages discovery, which was specifically limited to fact discovery on the United States's provided "offset information and potentially corresponding damages information." The United States also reminded PLG that the requested information is in the possession and control of their clients, and Plaintiffs would be in the best position to obtain the information from their clients. The Parties are still corresponding and will likely meet and confer again on this topic.

<u>Expert Discovery Disclosures</u>

Under the Court's September 17, 2025 Order requiring the Parties to complete fact discovery related to the Parties' offset information by September 18, 2025, [D.E. 630], PLG is currently scheduled to disclose their expert damages reports by October 29, 2025; the United States will disclose its expert reports relating to damages and offsets by no later than 45 days after PLG's initial disclosure; PLG will disclose their rebuttal reports no later than 35 days after the United States' disclosure; and the Parties will complete expert discovery of damages and offsets, life care planning, and home renovation reports within 45 days of PLG's rebuttal disclosures.

<u>Preparations for Hearings and Trials on Track 1 and Discovery on Track 2</u>

As stated during the August 29, 2025, and September 15, 2025 Status Conferences, it is the United States' position that resolution of *Daubert* motions and summary judgment motions related to Phase II (general causation) and Phase III (specific causation)—which were filed by September 10, 2025—will help narrow the issues in the litigation and will assist with the ultimate global resolution of this litigation and the Navy claims. In the Court's June 28, 2024, Order, the Court stated that "[b]efore Track 1 trials commence, the court will resolve two threshold issues: (1) toxic chemical exposure from the water at Camp Lejeune and (2) general causation for the

8

Case 7:23-cv-00897-RJ    Document 638    Filed 09/22/25    Page 8 of 18

Track 1 illnesses." [D.E. 247 at 1]. The United States is prepared to work with the PLG and the Court to resolve these threshold issues expeditiously, and proceed, if necessary, to try Track 1 cases in 2026. The United States has begun conferring with PLG on submitting a motion to the Court to set hearing and trial dates for Track 1. The United States notes that both Parties have several experts who address multiple diseases. As such, if disease-specific general causation issues are heard before different judges, some schedule coordination will be required. As with resolution of the Parties' Daubert motions and summary judgment motions, resolution of the threshold issues of water contamination and general causation, along with any necessary Track 1 trials in 2026, will assist with global resolution of the litigation and Navy claims.

The United States has also conferred with PLG on the most efficient procedure for discovery on Track 2. The United States believes that resolving general causation issues for Track 2 diseases before individual plaintiff discovery would be most efficient. [D.E. 156] The PLG is considering this proposal.

The United States also plans to raise, and is willing to work with PLG on, a proposal to establish a final deadline for expert report supplementation. The proposal would create a firm supplementation deadline for expert opinions. The opening *Daubert* and summary judgment motions filed on September 10, 2025, underscore the importance of this proposal, as it will ensure that the Parties' briefing and any evidentiary hearings proceed against a stable record of expert opinions. The United States will reach out to PLG on this issue and, if necessary, seek the Court's guidance.

**(6) Any other issues that the parties wish to raise with the Court:**

The Parties have agreed to file separate summaries of the motions that are pending before the Court. The Parties' respective summaries appear below:

9

**The PLG's Summary:**

At present, the following motions have been filed and are undecided. The PLG has attempted to outline the motions by Phase and category in an attempt to assist the Court in its understanding of the nature of the pending motions given the volume:

I. **Phase I Motions** (All Briefing Is Complete)

   a. **Water Modeling \*\*\***

      i. The United States' Motion in Limine to Exclude Plaintiffs' Phase I Expert Testimony in Support of Using ATSDR's Water Models to Determine Exposure Levels for Individual Plaintiffs [D.E. 367]

      ii. PLG's Motion for Leave to File Surreply to Defendant United States Reply in Support of Motion to Exclude PLG's Phase I Expert Testimony in Support of Using ATSDR's Water Models to Determine Exposure Levels for Individual Plaintiffs [D.E. 428]

   b. **Other**

      i. The United States' Motion to Exclude the Opinion Testimony of Mr. R. Jeffrey Davis and Dr. Norman L. Jones [D.E. 356]

      ii. The United States' Motion to Exclude Unreliable and Irrelevant Expert Opinions of Mustafa Aral [D.E. 358]

      iii. The United States' Motion to Exclude the Testimony of Dr. Rodney Kyle Longley [D.E. 360]

      iv. Plaintiffs' Motion in Limine to Exclude Certain Opinions of Remy J.-C. Hennet, Ph.D. [D.E. 373]

        1. The United States' Motion to Strike PLG's Late Supplemental *Daubert* Motion, or Alternatively, for Leave to File a Sur-Reply [D.E. 434] [Relates to D.E. 373; D.E. 423]

    v. Plaintiffs' Motion in Limine to Exclude Certain Opinions of Alexandros Spiliotopoulos, Ph.D. [D.E. 376]

II. **Phases II and III Motions Regarding Application of Statutory Burden of Proof**

\*\*\* (Briefing Is In Process)

  a. United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539]

  b. PLG's Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 567]

III. **Phases II and III Expert Specific Motions** (Briefing Is In Process)

  a. **United States' Motions to Exclude**

    i. Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 524]

    ii. Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek (Leukemia) [D.E. 530]

    iii. Motion to Exclude the Opinions of Damian Laber, M.D., FACP [D.E. 533]

    iv. Motion to Exclude the Expert Opinions of Paul J. Michaels, M.D. [D.E. 535]

    v. Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher (Leukemia) [D.E. 537]

   vi. Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 541]

  vii. Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 543]

 viii. Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz and Richard Barbano [D.E. 545]

   ix. Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano [D.E. 547]

    x. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 553]

   xi. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(c) [D.E. 555]

  xii. Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Federal Rule of Evidence 702(d) for Failing to Reliably Employ a Differential Etiology [D.E. 557]

xiii. Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 559]

xiv. Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 569]

xv. Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 571]

xvi. Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 574]

xvii. Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E. 582]

xviii. Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion") [D.E. 584]

xix. Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 586]

xx. Motion to Exclude Plaintiffs' Psychiatry Expert Dr. Haresh Tharwani [D.E. 594]

xxi. Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride [D.E. 609]

13

b. **Plaintiffs' Leadership Group's Motions to Exclude**

   i. Motion to Exclude Certain Opinions of Dr. Harry P. Erba filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 580]

   ii. Motion to Exclude Defense Expert Dr. Max Kates filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 588]

   iii. Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 597]

   iv. Motion to Exclude Defense Expert Dr. Walter Stadler [D.E. 599]

   v. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]

   vi. Motion to Exclude Defense Expert Dr. Gail H. Vance, M.D. [D.E. 619]

   vii. Motion to Exclude Defense Expert Dr. Julie Goodman [D.E. 621]

   viii. Motion to Exclude Defense Expert Dr. Lisa Bailey [D.E. 624]

c. **United States' Motions Predicated on Rulings On Other United States' Motions**

   i. Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 549]

   ii. Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 576]

   iii. Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 590]

   iv. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 601]

v. Motion for Summary Judgment (Kidney Cancer) [D.E. 611]

d. **Other Phase II and III Motions**

   i. PLG's Motion to Apply the Court's July 22, 2025 Order to All Experts [D.E. 515]

      1. The United States' Response in Opposition to Plaintiffs' Motion to Apply the Court's July 22, 2025 Order to All Experts [D.E. 627]

   ii. United States' Motion for Partial Summary Judgment concerning Dichloroethylene [D.E. 520]

   iii. United States' Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElniney's Loss of Consortium [D.E. 525]

   iv. United States' Motion for Partial Summary Judgment Concerning Multiple Myeloma [D.E. 561]

   v. United States' Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 605]

IV. **Other Pending Motions**

   a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156]

   b. The PLG's Objection to Memorandum and Recommendations on Vapor Intrusion [D.E. 447]

      i. The United States' Response regarding D.E 447 Objection to Memorandum and Recommendations [D.E. 453]

   c. The PLG's Motion to Seal 511 [D.E. 512]

   d. The PLG's Motion to Seal 613 [D.E. 614]


\*\*\* The Plaintiffs' Leadership Group suggests that rulings on the motions marked with \*\*\* are particularly likely to promote further discussion regarding resolution and that rulings on these motions also are necessary to inform further proceedings in Track 1 and before the parties move forward with Tracks 2 or 3. The United States suggests that ruling on the scientific issues of the levels of water contamination, general and specific causation, and the CLJA statutory issues raised in the United States' filings of September 10, 2025, will promote further resolution of issues, not only for Track 1, but for all future Tracks.

**V.**    **Track 2 Litigation Process**

   The parties continue to discuss how to improve the Track 2 litigation process.


*[Signatures follow on next page]*

DATED this 22nd day of September, 2025.

Respectfully submitted,

| | |
|---|---|
| */s/ J. Edward Bell, III* | BRETT A. SHUMATE |
| J. Edward Bell, III (admitted *pro hac vice*) | Assistant Attorney General |
| Bell Legal Group, LLC | Civil Division |
| 219 Ridge St. | |
| Georgetown, SC 29440 | JONATHAN GUYNN |
| Telephone: (843) 546-2408 | Deputy Assistant Attorney General |
| jeb@belllegalgroup.com | Torts Branch |
| *Lead Counsel for Plaintiffs* | |
| | BRIDGET BAILEY LIPSCOMB |
| */s/ Zina Bash* | Chief, Camp Lejeune Justice Act Section |
| Zina Bash (admitted *pro hac vice*) | |
| Keller Postman LLC | HAROON ANWAR |
| 111 Congress Avenue, Ste. 500 | SARA J. MIRSKY |
| Austin, TX 78701 | Acting Assistant Directors |
| Telephone: 956-345-9462 | |
| zina.bash@kellerpostman.com | */s/ Adam Bain* |
| *Co-Lead Counsel for Plaintiffs* | ADAM BAIN |
| *and Government Liaison* | Special Litigation Counsel |
| | Camp Lejeune Justice Act Section |
| */s/ Robin Greenwald* | U.S. Department of Justice |
| Robin L. Greenwald (admitted *pro hac vice*) | P.O. Box 340, Ben Franklin Station |
| Weitz & Luxenberg, P.C. | Washington, D.C. 20044 |
| 700 Broadway | E-mail: adam.bain@usdoj.gov |
| New York, NY 10003 | Telephone: (202) 616-4209 |
| Telephone: 212-558-5802 | |
| rgreenwald@weitzlux.com | NATHAN J. BU |
| *Co-Lead Counsel for Plaintiffs* | Trial Attorney |
| | |
| */s/ Elizabeth Cabraser* | *Counsel for Defendant* |
| Elizabeth Cabraser (admitted *pro hac vice*) | *United States of America* |
| LIEFF CABRASER HEIMANN & | |
|   BERNSTEIN, LLP | |
| 275 Battery Street, Suite 2900 | |
| San Francisco, CA 94111 | |
| Phone (415) 956-1000 | |
| ecabraser@lchb.com | |
| *Co-Lead Counsel for Plaintiffs* | |

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC

17

Case 7:23-cv-00897-RJ    Document 638    Filed 09/22/25    Page 17 of 18

Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*


ND:4910-0544-4715, v. 1