**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**
**NO. 7:23-CV-00897**

IN RE:

**CAMP LEJEUNE WATER LITIGATION**

**This Document Relates To:**

*Amsler v. United States*, 7:23-cv-284
*Cagiano v. United States*, 7:23-cv-569
*Carter v. United States*, 7:23-cv-1565
*Connard v. United States*, 7:23-cv-1557
*Criswell v. United States*, 7:23-cv-1482
*Davis v. United States*, 7:23-cv-43
*Downs v. United States*, 7:23-cv-1145
*Dyer v. United States*, 7:23-cv-357
*Fancher v. United States*, 7:23-cv-275          **UNITED STATES' MOTION TO STAY**
*Fiolek v. United States*, 4:23-cv-62          **LITIGATION DEADLINES DUE TO**
*Gleesing v. United States*, 7:23-cv-1486          **LAPSE IN APPROPRIATIONS**
*Hill v. United States*, 7:23-cv-28
*Howard v. United States*, 7:23-cv-490
*Keller v. United States*, 7:23-cv-1501
*Kidd v. United States*, 7:23-cv-1489
*Laramore v. United States*, 7:23-cv-594
*McElhiney v. United States*, 7:23-cv-1368
*Mousser v. United States*, 7:23-cv-667
*Peterson v. United States*, 7:23-cv-1576
*Raymond v. United States*, 7:23-cv-546
*Rothchild v. United States*, 7:23-cv-858
*Tukes v. United States*, 7:23-cv-1553
*Sparks v. United States*, 7:23-cv-682
*Vidana v. United States*, 7:23-cv-1575
*Welch v. United States*, 7:23-cv-1503

Due to a lapse in appropriations resulting in the mandatory furlough of undersigned counsel

for non-excepted cases, the United States of America respectfully moves the Court to stay all

deadlines in the above-captioned cases for the length of the lapse in appropriations plus 14 days

after funding is restored. This stay will account for the period of time during which counsel for the

United States is prohibited by law from working (even on a voluntary basis) on this case and will allow for an orderly resumption of litigation once funding has been restored by Congress. In support of this motion, the United States submits the following:

1.      At the end of the day on September 30, 2025, the appropriations act that funds the Department of Justice and other Executive Branch agencies expired. The Department of Justice does not know when funding will be restored by Congress.

2.      Absent an appropriation, Department of Justice employees are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Therefore, the lapse in appropriations requires a reduction in the workforce of the Department of Justice—as well as in the agencies it represents or relies on during litigation—particularly with respect to defense of civil cases.

3.      As a result of the lapse in appropriations, the Trial Attorneys in these civil matters have been furloughed for non-excepted cases, and are prohibited from working, even on a volunteer basis, on such cases.

4.      The United States regrets any disruption caused to the Court and the parties in these matters. This motion to stay is necessary given the lapse in appropriated funding and the concomitant reduction in Department of Justice workforce.

5.      Accordingly, the United States respectfully requests that the Court stay all deadlines in the above-captioned cases for the length of the lapse in appropriations plus 14 days after funding is restored, so as to account for the period of time during which counsel for the United States is prohibited by law from working (even on a voluntary basis) on these cases and to allow for an orderly resumption of litigation once funding has been restored by Congress.

6.     Alternatively, and for the same reasons, the United States respectfully moves the Court to extend all deadlines in the above-captioned cases for 30 days.

7.     Opposing counsel has been contacted, and they object to this motion.

Therefore, the United States respectfully requests that the Court stay all deadlines in the above-captioned cases for the length of the lapse in appropriations plus 14 days after funding is restored.  A proposed order is being submitted herewith.

Dated: October 1, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General,
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Acting Assistant Directors

*/s/ Adam Bain*
ADAM BAIN
IN Bar No. 11134-49
Special Litigation Counsel
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Act Section
1100 L Street, NW
Washington, DC 20005
(202) 616-4209
adam.bain@usdoj.gov

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

*Attorneys for Defendant,*
*United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2025, I directed the electronic filing of the foregoing using the Court's Electronic Case Filing system, which will send notice to all counsel of record.

*/s/ Adam Bain*
ADAM BAIN