IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

IN RE:                                      )
CAMP LEJEUNE WATER LITIGATION    )
                                            )
This Pleading Relates to:                   )
ALL CASES                                   )

## PLAINTIFFS' LEADERSHIP GROUP'S RESPONSE IN OPPOSITION TO UNITED STATES' MOTION TO STAY LITIGATION DEADLINES DUE TO LAPSE IN APPROPRIATIONS

Plaintiffs' Leadership Group ("PLG") submits this response to Defendant United States' Motion to Stay Litigation Deadlines Due to Lapse in Appropriations (D.E. 642) ("Motion to Stay").

## INTRODUCTION

This Court already has acknowledged "the need for timely resolution [of CLJA claims] given the large and aging claimant population." (D.E. 333, p. 4). This need is even more critical now. The filing deadline for claims under the Camp Lejeune Justice Act ("CLJA") has long passed, and the health conditions of the plaintiffs only continue to worsen. A stay of this litigation would be unduly detrimental to the plaintiffs and the CLJA litigation as a whole. The government's motion should be denied.

## ARGUMENT

As of the last status report, 3,647 complaints have been filed in this district under the CLJA and hundreds of thousands of additional administrative claims are pending with the Department of Navy. As this Court is aware, the CLJA applies to individuals who resided, worked or were otherwise exposed to water at Camp Lejeune during the period beginning August 1, 1953 and ending December 31, 1987. Pub. L. No. 117-168, § 804(b), 136 Stat. 1759, 1802-04. Given the timeframe at issue in the CLJA, those with claims under the Act are necessarily primarily an older

population.  Further, due to the nature of the claims (*i.e.*, toxic water exposure), claimants also are largely an ailing population suffering from serious and debilitating illnesses.  Many CLJA claimants already have failed to survive long enough to see their claims through.  Further delay will only serve to compound this growing problem.

In recognition of the need to efficiently and expeditiously litigate CLJA proceedings, the Court established a bellwether trial process and carefully structured the Track 1 bellwether cases into phases with deadlines which were intended to move the cases forward.  (D.E. 333, p. 4)  At present, Phase I of the Track 1 bellwether cases is complete and Phase I motions are ripe for determination.  (D.E. 414).  Phase II and Phase III motions have been filed and briefing is underway.  Phase II and III motions are scheduled to be ready for determination by December 12, 2025, when all reply briefs are due.  (*Id.*)  Thus, under the current scheduling order (D.E. 414 as amended by D.E. 630), the only portion of the Track 1 cases that will not be finalized by the end of this year is the economic residual expert phase of discovery, which is scheduled for expert close by March 5, 2026.  (D.E. 630).  However, the economic residual phase need not be completed before Phase I, II and III motions are decided.  Accordingly, as currently scheduled, Phase I motions can be decided now, Phase II and III motions can be decided after December 12, 2025, and the Track 1 bellwether cases are positioned to be ready for trial in the late Spring or early Summer of 2026.

The United States' Motion to Stay upsets all of the Court's careful scheduling.  It also significantly compromises the needs of the hundreds of thousands of claimants waiting, while their health continues to decline, for their claims to be resolved under the CLJA.  The circumstances attendant to this litigation, including the number of claimants and types of claims that are pending,

warrant a determination that the CLJA proceedings be deemed an excepted case that require protection.

According to the U.S. Department of Justice FY 2026 Contingency Plan, dated September 29, 2025, if a court denies a request that a civil case be postponed until funding is available, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *See* U.S. Department of Justice FY 2026 Contingency Plan, dated September 29, 2025, p. 3, attached hereto as Exhibit A. Given the number of claimants impacted by the need for continued progress in the CLJA litigation, and the time that already has passed since the plaintiffs were exposed to the toxic water at Camp Lejeune, the undue burden and delay demonstrate that a stay of this matter cannot be justified. The case should be excepted from the impact of the lapse in appropriations and the Motion to Stay denied.

## CONCLUSION

For the foregoing reasons, the PLG respectfully requests that this Court deny the Motion to Stay in order to constitute express legal authorization for the activity on this case to continue.

[SIGNATURE PAGE TO FOLLOW]

3

This the 3rd day of October, 2025.

| | |
|---|---|
| /s/   J. Edward Bell, III | /s/   Zina Bash |
| J. Edward Bell, III (admitted *pro hac vice*) | Zina Bash (admitted *pro hac vice*) |
| Bell Legal Group, LLC | Keller Postman LLC |
| 219 Ridge St. | 111 Congress Avenue, Suite 500 |
| Georgetown, SC 29440 | Austin, TX 78701 |
| Telephone: (843) 546-2408 | Telephone: 956-345-9462 |
| jeb@belllegalgroup.com | zina.bash@kellerpostman.com |
| *Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs and Government Liaison Counsel* |
| | |
| /s/   Elizabeth J. Cabraser | /s/   W. Michael Dowling |
| Elizabeth J. Cabraser (admitted *pro hac vice*) | W. Michael Dowling (NC Bar No. 42790) |
| Lieff Cabraser Heimann & Bernstein, LLP | The Dowling Firm PLLC |
| 275 Battery Street, 29th Floor | Post Office Box 27843 |
| San Francisco, CA 94111 | Raleigh, North Carolina 27611 |
| Telephone: (415) 956-1000 | Telephone: (919) 529-3351 |
| ecabraser@lchb.com | mike@dowlingfirm.com |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |
| | |
| /s/   Robin L. Greenwald | /s/   James A. Roberts, III |
| Robin L. Greenwald (admitted *pro hac vice*) | James A. Roberts, III |
| Weitz & Luxenberg, P.C. | Lewis & Roberts, PLLC |
| 700 Broadway | 3700 Glenwood Ave., Ste. 410 |
| New York, NY 10003 | Raleigh, NC 27612 |
| Telephone: 212-558-5802 | Telephone: (919) 981-0191 |
| rgreenwald@weitzlux.com | jar@lewis-roberts.com |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |

_/s/    Mona Lisa Wallace_

Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com
_Co-Lead Counsel for Plaintiffs_

## CERTIFICATE OF SERVICE

I, J. Edward Bell, III, hereby certify that the foregoing document was electronically filed on the Court's CM/ECF system on this date, and that all counsel of record will be served with notice of the said filing via the CM/ECF system.

This the 3rd day of October, 2025.

/s/ J. Edward Bell, III
J. Edward Bell, III