IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | **ORDER** |
| ) | |
| This document applies to: ) | |
| ALL CASES ) | |

This case comes before the court in connection with the questionnaire process for seeking resolution of the claims under the Camp Lejeune Justice Act before this court, along with such claims in the Navy's administrative forum. *See* Settle. Master Update [D.E. 647] (8 Oct. 2025). As the court has repeatedly emphasized, its goal is to reach a broad settlement framework for these claims by the end of this year. Pursuit of this year-end goal is warranted by the unique circumstances of the claims—including the long period which has passed since the underlying events at Camp Lejeune asserted by the claimants occurred and the extended time needed for litigating the large number of claims brought—and is in the interest of both the claimants[1] and the government.

The questionnaire process is a critical part of the path toward settlement. It will allow the Plaintiffs' Leadership Group ("PLG"), the government (through the Department of Justice ("DOJ")), and the Settlement Masters to more fully understand the wide scope of claims that would need to be resolved in a global settlement framework. Completion of the questionnaire process on the timetable established by the court and the Settlement Masters is therefore essential to timely pursuit of settlement. This order is entered to incorporate the deadlines for the questionnaire process, as already communicated by the Settlement Masters to the claimants and the government, and to address issues

---

[1] "Claimants" as used in this order includes both plaintiffs in the litigation before the court as well as persons with claims in the Navy's administrative forum.

that, without the court's guidance, might otherwise delay the process.

IT IS THEREFORE ORDERED as follows:

1. The court has authorized the Settlement Masters, including those working at their direction, to oversee the questionnaire process, including taking such steps as are necessary to communicate with all claimants (including those in the administrative process) who are part of the 2,500 claimants randomly selected to complete the questionnaire and to provide non-legal guidance to pro se plaintiffs who have been selected. As referenced above, the purpose of the questionnaire process is to provide the PLG, DOJ, and the Settlement Masters sufficient information about the scope of Camp Lejeune Justice Act claims, in both this court and the administrative forum, to permit negotiation of a broad settlement framework. Information received via the questionnaire process shall be used for that purpose and no other.

2. Each claimant in the group of 2,500 selected for inclusion in the questionnaire process shall complete his or her questionnaire and submit it with the supporting records by November 24, 2025. Participation in the questionnaire process does not subject claims currently before the Navy to the jurisdiction of this court, but the refusal to participate and/or use reasonable diligence in completing the questionnaire will materially harm the settlement process and, the court understands, could result in adverse treatment or decision, at the Navy's discretion, in the administrative process.

3. Each firm representing five or more claimants among those selected shall provide the Settlement Masters, in the form the Settlement Masters prescribe, a status report on the completion of questionnaires for such firm's clients and collection of the supporting records by the following dates: November 3, November 10, and November 24, 2025. Each such report shall provide the status of completion of the questionnaire and collection of the

supporting records as of no earlier than three days prior to submission of the report (*i.e.*, October 31, November 7, and November 21, 2025, respectively).

4. Given the factors already mentioned mandating expeditious pursuit of a substantial portion of the claims by year's end, as well as the extended period over which there was notice of the questionnaire requirement and the lengthy period allowed for completion of questionnaires and collection of the supporting records, among other considerations, requests for extension of any of the deadlines specified in this order are strongly disfavored and will be allowed solely under truly exceptional circumstances precluding compliance with the deadlines at issue despite the exercise of robust diligence. If an extension is allowed, it will be strictly limited to as short a period as necessary and subject to such conditions as are warranted to preclude any further extension. Any request for extension shall be made in the first instance to the Settlement Masters, but shall be subject to de novo review by the court.

5. The court finds as a matter of fact that timely completion of the questionnaire process presupposes the government endeavoring to produce as promptly as it is reasonably able records sought by claimants in the group of 2,500 in connection with their completion of the questionnaire and, in any event, along a timetable that does not unduly impair a claimant's ability to complete the questionnaire. The court strongly encourages the government to notify a claimant if it believes production of all records requested by the claimant will take more than two weeks from receipt of the request and include in the notice a best estimation of the additional time that will be needed to complete the production. The PLG is directed to keep the Settlement Masters and, through them, the undersigned Magistrate Judge serving as Settlement Liaison apprised of the pace of production by the government.

6. For the avoidance of doubt, the questionnaire that is the subject of the questionnaire process discussed in this order and that is itself referred to expressly in this order is the questionnaire in the form negotiated and agreed to by the PLG and DOJ, including all portions thereof. Further, completion of the questionnaire, including using the PLG's Rubris platform for such purpose, shall not require any claimant to sign a participation agreement with the PLG, nor shall it have any impact on whether common benefit is owed by an individual claimant or claimant's counsel. In addition, to the extent that there are disputes among counsel concerning representation of individual plaintiffs (*i.e.*, dual representation issues), such disputes shall not be resolved as part of the questionnaire process. Moreover, the PLG shall not use any information provided to Rubris as part of the questionnaire process to seek to resolve any dual representation issue or to pursue representation of plaintiffs currently represented by others.

7. The deadlines and other provisions of this order will be strictly enforced by the court, including by the imposition of sanctions when warranted.

SO ORDERED, this 23rd day of October 2025.

James E. Gates
United States Magistrate Judge