IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAMP LEJEUNE WATER LITIGATION ) | |
| ) | **ORDER** |
| ) | |
| This Documents Relates to: ) | |
| ALL CASES ) | |
| ) | |

This matter comes before the court on Plaintiffs' Leadership Group's ("PLG") motion to expand the court's July 22, 2025 Order, [DE-444], ("444 Order") to apply to Defendant ("Motion"). [DE-515]. Defendant United States opposes the Motion. [DE-627]. For the reasons stated below, the Motion is denied.

I. Background

This motion is related to expert discovery under the Camp Lejeune Justice Act ("CLJA"), Pub. L. No. 117-168, § 804, 135 Stat. 1759, 1802–04. The CLJA authorizes individuals exposed to contaminated water at Marine Corps Base Camp Lejeune between August 1, 1953, and December 31, 1987, to seek appropriate relief. *Id*. § 804(b).

To promote efficient resolution of this consolidated litigation, the court entered multiple scheduling orders governing phased expert discovery. *See* [DE-270]; [DE-305]; [DE-312]; [DE-414]; [DE-630] ("scheduling orders"). Expert discovery proceeds in three phases: Phase I (water contamination), Phase II (general causation), and Phase III (specific causation, damages, and residual issues). *Id*. PLG's Phase II expert disclosures were due December 9, 2024. On February 7, 2025, PLG served their Phase III expert reports. Defendant moved under Federal Rules of Civil Procedure 16(f) and 37 to exclude portions of PLG's Phase III expert reports for improperly including new general causation opinions that should have been disclosed in Phase II. [DE-409]. PLG opposed the motion but did not make their own motion to exclude portions of Defendant's expert reports. *See* [DE-437]. The court issued the 444 Order that addressed proper and improper conduct under the court's scheduling orders. [DE-444]. Plaintiffs now

move to expand the 444 Order to apply to Defendant based on Federal Rules of Civil Procedure 16(a), 16(c)(2), 60(a), and 60(b) as well as the court's inherent power and equity. [DE-515] 7. Defendant argues that PLG brought the wrong motion. [DE-627]. The court agrees with Defendant.

II. Legal Standard

Federal Rule of Civil Procedure 16(a) provides that a court may order the attorneys to appear for one or more pretrial conferences to expedite disposition of the action and discourage wasteful pretrial activities. *Id.* (listing other pretrial conference purposes). Federal Rule of Civil Procedure 16(c)(2) provides that "at any pretrial conference, the court may consider and take appropriate action on . . . limiting the use of testimony under Federal Rule of Evidence 702 . . . adopting special procedures for managing potentially difficult or protracted actions . . . facilitating in other ways the just, speedy, and inexpensive disposition of the action."

Federal Rule of Civil Procedure 60(a) permits the court, on motion or its own, "to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a[n] [] order." Federal Rule of Civil Procedure 60(b) enables the court, on motion and just terms, to relieve a party from a final order for "any [] reason that justifies relief." *Id.* (listing other reasons for relief). Rule 60(b) provides grounds for a court to relieve a party from a final order. Fed. R. Civ. P. 60(b); *see Polidi v. Boente*, No. 5:22-CV-00519-M, 2024 WL 3843055, at *1 (E.D.N.C. Apr. 15, 2024). Rule 60(b) functions as a procedural device used to challenge final orders, not interlocutory orders. *See Polidi*, 2024 WL 3843055, at *1. A discovery order is an interlocutory order—not a final order. *Id.* (citation omitted).

District courts have the inherent power to manage their dockets with an eye toward speedy and efficient resolutions. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 196 (4th Cir. 2022) (citing *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)). If exercising such inherent powers, "the court must reasonably respond to 'the problems and needs confronting the court's fair administration of justice.'" *In re Camp Lejeune Water Litig.*, No. 7:23-CV-897, 2023 WL 6053054, at *3 (E.D.N.C. Sept. 15, 2023) (citing *Dietz*, 579 U.S. at 45).

III. Discussion

   A. Federal Rule of Civil Procedure 16(a) and 16(c)(2)

In their motion, PLG cites Federal Rule of Civil Procedure 16(a) and 16(c)(2) to support the proposition that the court has the inherent power to "take action aimed at 'expediting disposition of the action,' 'discouraging wasteful pretrial activities,' 'limiting the use of testimony under Federal Rule of Evidence 702,' 'adopting special procedures for managing potentially difficult or protracted actions,' and 'facilitating in other ways the just, speedy, and inexpensive disposition of the action.'" [DE-515] 7. However, Rule 16(a) merely states that "the court may order the attorneys . . . to appear for one or more pretrial conferences" for several purposes that include purposes PLG outlines. Fed. R. Civ. P. 16(a). By its plain text, Rule 16(a) does not authorize the court to revisit its prior sanctions order.

Rule 16(c)(2) does not help PLG either. Rule 16(c)(2) states that "at any pretrial conference, the court may consider and take appropriate action on [several matters]." Fed. R. Civ. P. 16(c)(2) (listing "limiting the use of testimony under Federal Rule of Evidence 702," "adopting special procedures for managing potentially difficult or protracted actions," "facilitating in other ways the just, speedy, and inexpensive disposition of the action"). But these provisions, as Defendant notes, are for managing pretrial conferences and do not authorize the court to expand an interlocutory order or decide a discovery dispute. *See* Fed. R. Civ. P. 16(c)(2).

   B. Federal Rule of Civil Procedure Rule 60

As an alternative, PLG requests the court to construe this request as a motion under Rule 60. [DE-515] 7. Under Federal Rule of Civil Procedure 60(a), a court may correct a mistake whenever one is found in an order or other part of the record. The court may correct an order on motion or on its own. *Id*. The court did not contemplate issuing the 444 Order to Defendant because the only issue before the court was Defendant's motion for sanctions against PLG. *See* [DE-409]; [DE-410]; [DE-444]. In response to Defendant's motion, PLG did not move the court to exclude Defendant's expert opinions. *See* [DE-437]; [DE-444]. Instead, PLG only alleged that Defendant was engaged in similar conduct. *See generally* [DE-437]. No mistake or oversight was made when directing the 444 Order to PLG alone.

3

Rule 60(b) only applies to a final order. Fed. R. Civ. P. 60(b); *see Polidi*, 2024 WL 3843055, at *1. The 444 Order was an order for sanctions under Rule 16(f) about a "discovery dispute" on conduct alleged to violate the court's scheduling orders. [DE-444] 2. The 444 Order is an interlocutory order because it was a discovery order. *See Polidi*, 2024 WL 3843055, at *1; *Henderson v. Clinton & Clinton*, No. 5:13-CV-635-FL, 2014 WL 4055824, at *6 (E.D.N.C. Aug. 15, 2014). Therefore, Rule 60(b) does not offer the relief PLG requests.

### C. Inherent Powers and Equity

Finally, PLG relies on the court's inherent powers and equity. [DE-515] 7, 8 (citing *MedCom Carolinas, Inc.*, 42 F.4th at 196 (affirming a trial court's decision to dismiss an original complaint with prejudice without dismissing the complaint without prejudice first); *Thompson v. U.S. Dep't of Housing & Urban Dev.*, 404 F.3d 821, 830 (4th Cir. 2005) (affirming a district court's order to modify a consent decree). The court declines to use its inherent power or equity to expand a sanctions order against PLG to include Defendant when PLG did not move to exclude portions of Defendant's expert testimony or reports as a sanction under Rules 16(f) or 37.

The 444 Order explained permissible and sanctionable conduct under the court's scheduling orders. *See* [DE-444] III.A. In the 444 Order, PLG was ordered to not engage in conduct that violated the court's scheduling orders, and it was explained to PLG what conduct was permitted. Effectively, the court ordered PLG to follow the scheduling orders to which both parties are bound. PLG did not use the appropriate procedural vehicle and move to exclude portions of Defendant's expert testimony as a sanction under Rules 16(f) or 37.

4

IV. Conclusion

For the reasons discussed, the Motion is denied.

SO ORDERED. This 10 day of November, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge