UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 7:23-cv-00897

IN RE:                                          )
CAMP LEJEUNE WATER LITIGATION  )
                                                )
This Pleading Relates to:                )
ALL CASES                                   )

**PLAINTIFFS' LEADERSHIP GROUP'S STATEMENT OF MATERIAL FACTS IN RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DCE)**

1. Plaintiffs allege that volatile organic compounds ("VOC") contaminated the Camp Lejeune water supply. (Master Compl., D.E. 25, ¶ 29.)

    **PLG RESPONSE TO ¶1:** Undisputed.

2. One of these VOCs is dichloroethylene ("DCE"). (*Id.*)

    **PLG RESPONSE TO ¶2:** Disputed. The Camp Lejeune water was contaminated with *trans* 1,2-dichloroethylene. There is no chemical simply termed dichloroethylene. Instead, there are three degradation products of TCE: *trans* 1,2-dichloroethylene, *cis* 1,2-dichloroethylene, and 1,1-Dichloroethylene (often termed Vinylidene Chloride ).

3. Plaintiffs allege that they were exposed to water at Camp Lejeune contaminated in part with DCE, and that they have suffered serious harm or death. (*See id.* ¶¶ 209–10).

    **PLG RESPONSE TO ¶3:** Undisputed.

4. The Court has created "tracks" of diseases or illnesses to structure this litigation. (*See* D.E. 23(XI).)

    **PLG RESPONSE TO ¶4:** Undisputed.

5. The Track 1 diseases are kidney cancer, bladder cancer, leukemia, non-Hodgkin's lymphoma, and Parkinson's disease. (*See* D.E. 23(XI)(A)(i).)

**PLG RESPONSE TO ¶5:** Undisputed.

6. The Court divided expert discovery in this litigation for Track 1 diseases into three phases: water contamination; general causation; and residual issues, such as specific causation and damages. (*See* D.E. 270; D.E. 332.)

**PLG RESPONSE TO ¶6:** Undisputed.

7. On December 9, 2024, PLG disclosed fifteen (15) general causation experts and twenty-three (23) general causation reports. (PLG Phase II Exp. Discl. (JA Ex. 63, D.E. 463-2).)

**PLG RESPONSE TO ¶7:** Undisputed.

8. However, Steven B. Bird, M.D. ("Dr. Bird") is the only expert who discusses DCE; aside from passing references, PLG's other general causation experts do not.[1]

**PLG RESPONSE TO ¶8:** Disputed. Many of the PLG experts reference total volatile organic compounds (TVOCs) in Camp Lejeune water, and/or DCE—a component of the TVOCs in Camp Lejeune water—including the following: For kidney cancer, Freeman Rep. (Kidney) at 62-64, Hatten GC Rep. (Kidney) at 12-16, and Mallon GC Rep. (Kidney) at 10-11 and 13-16; for bladder cancer Hatten GC Rep (Bladder) at 12 and Dr. Hatten's specific causation reports (Dyer/Laramore/Raymond/Criswell/Cagiano) at 2-3 (same passage for all plaintiffs appearing on either page 2 or page 3); for Hematopoietic cancers/leukemia and non-Hodgkins lymphoma, Felsher GC Rep. at 44; and for Parkinson's Disease, Boehme Rep. at 12, Cannon Rep. at 16, Costa Rep. at 12, and Freeman Rep. at 30.

---

[1] *See generally* Bird GC Rep. (Kidney) (JA Ex. 83, D.E. 464-4); Freeman Rep. (Kidney) (JA Ex. 86, D.E. 464-7); Hatten GC Rep. (Kidney) (JA Ex. 90, D.E. 464-11); Mallon GC Rep. (Kidney) (JA Ex. 92, D.E. 464-13); Bird GC Rep. (Bladder) (JA Ex. 67, D.E. 463-6); Culp Rep. (JA Ex. 70, D.E. 463-9); Gilbert Rep. (Bladder) (JA Ex. 73, D.E. 463-12); Hatten GC Rep. (Bladder) (JA Ex. 76, D.E. 463-15); Plunkett Rep. (JA Ex. 81, D.E. 464-2); Bird GC Rep. (NHL-Leuk) (JA Ex. 103, D.E. 465-8); Felsher GC Rep. (NHL-Leuk) (JA Ex. 107, D.E. 466-1); Gilbert Rep. (NHL-Leuk) (JA Ex. 108, D.E. 466-2); Gondek GC Rep. (JA Ex. 96, D.E. 465-1); Mallon GC Rep. (Leukemia) (JA Ex. 98, D.E. 465-3); Hu GC Rep. (JA Ex. 111, D.E. 466-5); Bird GC Rep. (PD) (JA Ex. 118, D.E. 467-1); Boehme Rep. (JA Ex. 121, D.E. 467-4); Cannon Rep. (JA Ex. 123, D.E. 467-6); Costa Rep. (JA Ex. 127, D.E. 467-10); De Miranda Rep. (JA Ex. 129, D.E. 467-12); Freeman Rep. (PD) (JA Ex. 131, D.E. 467-14); Miller GC Rep. (JA Ex. 132, D.E. 467-15).

9. Specifically, in the kidney cancer, Parkinson's disease, and bladder cancer reports disclosed by Dr. Bird, he states the following concerning DCE:

> While very little data exists on how dichloroethylene affects humans and most regulatory bodies have not evaluated its carcinogenicity "due to a lack of information," [ATSDR DEC ToxFAQ 2023, at 2], the National Toxicology Program classifies DCE as "reasonably anticipated to be a human carcinogen due to studies in experimental animals. [National Toxicology Program 15th Report on Carcinogens, 2021.] This is consistent with PCE's other daughter products: TCE and vinyl chloride. [IARC Monograph 106, 2014 at 189] ("There is sufficient evidence in humans for the carcinogenicity of [TCE]"); [IARC Monograph 97, 2008 at 425] ("There is sufficient evidence in humans for the carcinogenicity of vinyl chloride."). PCE itself is classified as "probably carcinogenic to human." [sic] [IARC Monograph 106, 2014 at 329].

**PLG RESPONSE TO ¶9:** Undisputed that this is an accurate excerpt of Dr. Bird expert report but disputed insofar as it is the opinion he holds. Dr. Bird communicated to Plaintiffs' counsel that his reference was based on a mistaken review of the National Toxicology Program's reference to chemical 1,2-dichloroethane, and that he does not intend on offering testimony that trans 1,2 dichloroethylene is classified as "reasonably anticipated to be a human carcinogen" at trial, but that trans 1,2 dichloroethylene is properly understood as a degradation product of PCE, and PCE's other daughter chemicals, TCE and vinyl chloride, which are both well-accepted carcinogens and that he may testify to this independent fact at trial. *See* App'x, Ex. A. at 212.

10. As seen above, Dr. Bird states that the National Toxicology Program has classified DCE as "reasonably anticipated to be a human carcinogen," citing the 15th Report on Carcinogens published in 2021 (the "NTP 2021 Report").

**PLG RESPONSE TO ¶10:** Undisputed that this is an accurate excerpt of Dr. Bird expert report. Disputed insofar as Dr. Bird has communicated to Plaintiffs' counsel that his reference was based on a mistaken review of the National Toxicology Program's reference to chemical, 1,2-dichloroethane and he does not intend on offering testimony that trans 1,2 dichloroethylene is classified as "reasonably anticipated to be a human carcinogen" at trial. *See Hadnot Point: Chapter A Factsheet*, Public Health (Nov. 12, 2024), https://www.atsdr.cdc.gov/camp-lejeune/php/data-researchhadnot-point-a/hadnot-point-chapter-a-factsheet.html

11. The NTP 2021 Report, however, does not contain a classification for the chemical dichloro*ethylene*. (App'x, **Exhibit 1**, NTP 2021 Report, Substances Listed.)

**PLG RESPONSE TO ¶11:** Undisputed that the chemical dichloroethylene is not classified by NTP. Disputed insofar as noting that dichloroethylene is not a proper name of any chemical and "dichloroethylene" was not present at Camp Lejeune. Trans 1,2 dichloroethylene, which was present at Camp Lejeune, is not classified by the National Toxicology Program and "EPA designated trans-1,2- dichloroethylene as a high priority chemical in December 2019 and the chemical is currently undergoing risk evaluation." *Id.*; *Risk Evaluation for Trans-1,2- Dichloroethylene*, EPA (Aug. 4, 2025), https://www.epa.gov/assessing-and-managing-chemicals-under-tsca/risk-evaluation-trans-12-dichloroethylene.

12. The NTP 2021 Report, instead, classifies a different chemical, 1,2-dichloro*ethane*, as "reasonably anticipated to be a human carcinogen" based on animal studies. (*See id.* at 4; App'x, **Exhibit 2**, NTP 2021 Report, dichloroethane.)

**PLG RESPONSE TO ¶12:** Undisputed that NTP classifies a different chemical, 1,2-dichloroethane, as "reasonably anticipated to be a human carcinogen" but otherwise disputed.

13. Moreover, Dr. Bird does not opine that DCE can cause the Track 1 diseases. (*See generally* D.E. 464-4; D.E. 463-6; D.E. 467-1; D.E. 465-8. (Reps. Steven B. Bird).)

**PLG RESPONSE TO ¶13:** Disputed. Plaintiffs' experts, including Dr. Bird, opine that TVOCs can cause Track 1 diseases, and DCE was a component of TVOCs in the Camp Lejeune contaminated water to which Plaintiffs were exposed. *See, e.g.*, Bove 2024 Cancer Incidence Study (JA Ex. 191, D.E. 472-12).

14. Dr. Laura Plunkett, Ph.D, quotes a case-control study of male breast cancer and Camp Lejeune. (D.E. 464-2, at 36 (noting the results of the study "suggested possible associations between male breast cancer and being stationed at Camp Lejeune and cumulative exposure to . . . DCE")).

**PLG RESPONSE TO ¶14:** Undisputed.

15. Dr. Plunkett admitted at her deposition that she did not try to "do a general causation overall assessment."

**PLG RESPONSE TO ¶15:** Undisputed.

16. Dr. Plunkett also admitted that she was not asked to opine on DCE. (*Id.* at

100:4-18.)

**PLG RESPONSE TO ¶16:** Undisputed.

17. None of PLG's general causation experts offered anything more than passing references to DCE. (*See generally supra* n. 1 (collecting citations).)

**PLG RESPONSE TO ¶17:** Disputed. The PLG incorporates its response to ¶8 as its response to ¶17.

18. None of PLG's general causation experts (including Dr. Bird and Dr. Plunkett) opine that DCE can cause any of the Track 1 diseases. (*See generally id.*)

**PLG RESPONSE TO ¶18:** Disputed. Plaintiffs' experts opine that TVOCs can cause Track 1 diseases. It is undisputed that DCE was a component of TVOCs in the Camp Lejeune contaminated water to which Plaintiffs were exposed. *See, e.g.,* Bove 2024 Cancer Incidence Study (JA Ex. 191, D.E. 472-12).

*[Signatures appear on the following page.]*

DATED this 10th day of November 2025.

/s/  J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com

*Lead Counsel for Plaintiff*

/s/  Elizabeth J. Cabraser
Elizabeth J. Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com

*Co-Lead Counsel for Plaintiffs*

/s/  Robin L. Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

/s/  Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*

/s/  Zina Bash
Zina Bash (admitted *pro hac vice*)
Keller Postman LLC
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: 956-345-9462
zina.bash@kellerpostman.com

*Co-Lead Counsel for Plaintiffs and Government Liaison Counsel*

/s/  W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com

*Co-Lead Counsel for Plaintiffs*

/s/  James A. Roberts, III
James A. Roberts, III
Lewis & Roberts, PLLC
3700 Glenwood Ave., Ste. 410
Raleigh, NC 27612
Telephone: (919) 981-0191
jar@lewis-roberts.com

*Co-Lead Counsel for Plaintiffs*