IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | |
|---|---|
| IN RE: )<br>)<br>CAMP LEJEUNE WATER LITIGATION )<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>ALL CASES ) | **ORDER** |

On July 15, 2025, Magistrate Judge Jones issued a comprehensive Memorandum and Recommendation ("M&R") recommending that the court grant in part defendant's motion in limine to exclude evidence related to vapor intrusion [D.E. 439]. On July 29, 2025, plaintiffs objected to the M&R [D.E. 447]. On August 11, 2025, the United States of America ("United States" or "defendant") responded to plaintiffs' objections [D.E. 453]. As explained below, the court overrules the objections and grants in part defendant's motion in limine.

I.

The M&R recommended that the court grant in part defendant's motion in limine and bar plaintiffs from introducing evidence or testimony on vapor intrusion to meet the causation burden in subsection 804(c) of the Camp Lejeune Justice Act ("CLJA"). See [D.E. 439] 19; CLJA § 804(c). In August 2022, Congress enacted and President Biden signed the CLJA. See Pub. L. No. 117-168, § 804, 136 Stat. 1759, 1802–04. On August 10, 2022, the CLJA became effective. The CLJA reads in relevant part:

> (b) IN GENERAL.—An individual, including a veteran . . . or the legal representative of such an individual, who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North

> Carolina, that was supplied by, or on behalf of, the United States may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune.
>
> (c) BURDENS AND STANDARD OF PROOF.—
>
> (1) IN GENERAL.—The burden of proof shall be on the party filing the action to show one or more relationships between the water at Camp Lejeune and the harm.
>
> (2) STANDARDS.—To meet the burden of proof described in paragraph (1), a party shall produce evidence showing that the relationship between exposure to the water at Camp Lejeune and the harm is—
>
> (A) sufficient to conclude that a causal relationship exists; or
>
> (B) sufficient to conclude that a causal relationship is at least as likely as not.

CLJA § 804(b)–(c).

Magistrate Judge Jones determined that the plain language of subsection 804(c), "the water at Camp Lejeune," carries the textual limitations of the phrase as first used in subsection 804(b): "the water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States." CLJA 804(b); see [D.E. 439] 16. Thus, Magistrate Judge Jones held that evidence and testimony on vapor intrusion falls outside the statute's language and is irrelevant to proving causation under subsection 804(c). See [D.E. 439] 18; CLJA § 804(c); Fed. R. Evid. 401. Accordingly, Magistrate Judge Jones concluded that "excluding irrelevant [vapor intrusion] evidence from an individual Plaintiff's causation analysis now as opposed to later will save time and narrow the issues for trial." [D.E. 439] 18; see Fed. R. Evid. 401–03; United States v. Jones, No. 5:15-CR-324, 2016 WL 5818534, at *1 (E.D.N.C. Oct. 4, 2016) (unpublished) ("The purpose of a motion in limine is to avoid injecting into trial matters which are irrelevant, inadmissible, or unfairly prejudicial." (cleaned up)).

2

II.

The court may refer nondispositive pretrial disputes to a United States magistrate judge for resolution. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Civ. R. 72.3(b). A party may object to the magistrate judge's order within 14 days after being served with a copy. See Fed. R. Civ. P. 72(a); Local Civ. R. 72.4(a). "The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). The "court is entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the magistrate judge." Hesed El v. Bryson, No. 1:21-CV-305, 2024 WL 3240666, at *3 (W.D.N.C. June 27, 2024) (unpublished) (citation omitted); cf. Scott v. United States, 328 F.3d 132, 137 (4th Cir. 2003).

The court shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A factual finding is clearly erroneous when the court is "left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citation omitted); see United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); TFWS, Inc. v. Franchot, 572 F.3d 186, 196 (4th Cir. 2009); Walton v. Johnson, 440 F.3d 160, 173–74 (4th Cir. 2006) (en banc); In re Subpoena of Am. Nurses Ass'n, No. 8-CV-378, 2013 WL 5741242, at *1 (D. Md. Aug. 8, 2013) (unpublished) ("[T]he reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence." (cleaned up)). A magistrate judge's order is contrary to law when "the magistrate judge has misinterpreted or misapplied applicable law." Cape Fear Pub. Util. Auth. v. Chemours Co. FC, LLC, No. 7:17-CV-195, 2025 WL 899327, at *3 (E.D.N.C. Mar. 24, 2025) (unpublished) (citation

3

omitted); see Trudell Med. Int'l v. D R Burton Healthcare, LLC, No. 4:18-CV-9, 2021 WL 684200, at *3 (E.D.N.C. Feb. 22, 2021) (unpublished); Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (cleaned up).

The court has reviewed the M&R, the record, and plaintiffs' objections. As for those portions of the M&R to which plaintiffs made no objection, the court is satisfied that there is no clear error on the face of the record. See id. As for those portions of the M&R to which plaintiffs did object, the court has reviewed the M&R de novo.

First, plaintiffs object that Magistrate Judge Jones relied on an argument that the United States did not raise, namely, that use of the definite article "the" in subsection 804(c)'s "the water at Camp Lejune" makes the phrase a defined term that "takes its meaning from the meaning of [its] antecedent" in subsection 804(b). [D.E. 447] 2–3; CLJA § 804(b)–(c) (emphasis added); see [D.E. 439] 11–12. The United States argued this point in its opening brief, stating that "[l]ater sections of the CLJA refer back to Section 804(b)'s plain language by referring to 'the water at Camp Lejeune.'" [D.E. 366] 10. Plaintiffs contend, however, that under Grayson O Co. v. Agadir International LLC, 856 F.3d 307 (4th Cir. 2017), and Herrerra v. Finan, 709 F. App'x 741 (4th Cir. 2017) (per curiam) (unpublished), the United States waived the argument by taking a mere "passing shot at the issue" with "a single sentence" that cited no caselaw. [D.E. 447] 3.

The court rejects plaintiffs' waiver argument, which mistakenly relies on Grayson and Herrera—two appellate cases applying Federal Rule of Appellate Procedure 28. See Fed. R. App. P. 28; Grayson O Co., 856 F.3d at 316; Herrerra, 709 F. App'x at 746–47. Federal Rule of Civil Procedure 72 governs this dispute, and "the reviewing court is entitled to affirm on any ground

4

appearing in the record, including theories not relied upon or rejected by the magistrate judge." Hesed El, 2024 WL 3240666, at *3; see Fed. R. Civ. P. 72(a). Moreover, the United States did not assert its statutory reading "without argument or explanation." Grayson, 856 F.3d at 316 (finding waiver where the party made a threadbare assertion that "there are genuine issues of material fact"). In its opening brief, the United States argued its statutory reading with citation to various subsections of the CLJA, this court's specific causation order [D.E. 227], and plaintiffs' briefing on specific causation [D.E. 152]. See [D.E. 366] 10–11. The United States also developed this argument in its reply brief, citing Nielsen v. Preap, 586 U.S. 392, 407 (2019) (plurality opinion), and Monsalvo Velazquez v. Bondi, 145 S. Ct. 1232, 1242 (2025). See [D.E. 420] 4.

Second, plaintiffs object to Magistrate Judge Jones's statutory interpretation, arguing that he relied on inapplicable authority in interpreting "the water at Camp Lejeune" to mean "water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States." CLJA § 804(b)–(c); see [D.E. 447] 4–6. Plaintiffs argue that the two phrases in subsections 804(b) and 804(c) are "materially different," and that if Congress intended one as a shorthand, Congress would have made its intent clear with a definitions section or a hereinafter provision. See [D.E. 447] 5. Plaintiffs argue that Magistrate Judge Jones "g[ot] around this straightforward result" by relying on a dissent footnote and an out-of-circuit case. Id. at 4; see [D.E. 439] 11–12 (citing Palisades Collections LLC v. Shorts, 552 F.3d 327, 339 n.1 (4th Cir. 2008) (Niemeyer, J., dissenting) ("[T]he definite article 'the' particularizes the subject which it precedes." (cleaned up)), and ABS Glob., Inc. v. Cytonome/St. LLC, 84 F.4th 1034, 1040 (Fed. Cir. 2023) ("The use of the definite article . . . means that the phrase . . . refers back to earlier language as an antecedent.")).

The court agrees with Magistrate Judge Jones's conclusion that the burden of proof language ("the water at Camp Lejune") in subsection 804(c) is a shorthand for the substantively

5

identical cause of action language ("water at Camp Lejeune supplied by, or on behalf of, the United States") in subsection 804(b). CLJA § 804(b)–(c); cf. Mont v. United States, 587 U.S. 514, 524 (2019) ("[T]he whole-text canon requires consideration of the entire text, in view of its structure and logical relation of its many parts." (cleaned up)); Nielsen, 586 U.S. at 408 ("'[T]he' is a function word indicating that a following noun or noun equivalent is definite or has been previously specified by context . . . . For these reasons, we hold that the scope of 'the alien' is fixed by the predicate offenses identified in subparagraphs (A)–(D)." (cleaned up)); United States v. Blankenship, 846 F.3d 663, 678 (4th Cir. 2017) ("In construing a statute, the definite article 'the' particularizes the subject which it precedes and is a word of limitation." (citation omitted)); S.C. Dep't of Health & Hum. Servs. v. Glenmede Tr. Co., NA, No. 4:22-CV-1677, 2025 WL 2656543, at *9 (D.S.C. May 21, 2025) (unpublished) ("Perhaps no interpretive fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text." (cleaned up)); Panduit Corp. v. Corning Inc., No. 5:18-CV-229, 2021 WL 5412273, at *3 (E.D.N.C. Sept. 27, 2021) (unpublished) ("[I]t is a rule of law well established that the definite article 'the' particularizes the subject which it proceeds. It is a word of limitation." (citation omitted)).

Text must be interpreted in context. See Bondi, 145 S. Ct. at 1242 ("After all, identical words and phrases within the same statute should normally be given the same meaning." (cleaned up)); Biden v. Nebraska, 600 U.S. 477, 511 (2023) (Barrett, J., concurring) ("To strip a word from its context is to strip that word of its meaning."). Plaintiffs fail to explain why Congress would define in subsection 804(b) those who may bring a CLJA action as those exposed to "water at Camp Lajeune that was supplied by, or on behalf of, the United States," but then allow those same claimants to meet their burden of proof with evidence of water at Camp Lejeune not supplied by,

6

or on behalf of, the United States. CLJA § 804(b); see id. § 804(c). The court rejects plaintiffs' reading of "the water at Camp Lejune" as bereft of the statutory context. Id. § 804(c). Plaintiffs' objections are overruled.

Third, plaintiffs object that Magistrate Judge Jones overlooked other admissible uses of vapor intrusion evidence. See [D.E. 447] 6–7. Plaintiffs argue that a court should grant a motion in limine only when the evidence is inadmissible for any purpose, but that vapor intrusion evidence may be relevant, for example, as "one part of the overall science and study of the[] chemicals" experts discuss at trial. See id. at 7.

The court rejects plaintiffs' argument, which mischaracterizes what the M&R recommends. Magistrate Judge Jones "cautioned against a blanket pretrial ruling against all evidence or testimony" on vapor intrusion. [D.E. 439] 18. The M&R instead recommends that this court grant in part the motion in limine to bar plaintiffs from introducing vapor intrusion evidence or testimony in order to meet their causation burden. See id. at 19. The court agrees. Vapors or emissions emanating from groundwater through soil into the buildings or environment at Camp Lejeune, by definition, do not originate from "water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States." CLJA § 804(b); see [D.E. 439] 17 (finding that gaseous vapor intrusion is sourced by "untreated groundwater and soil," and "cannot [itself] have been [water] 'supplied by' the United States"). Because the CLJA does not permit vapor intrusion claims, evidence on vapor intrusion and emissions at Camp Lejeune is irrelevant to a claimant's causation analysis under the CLJA.[1]  See Jones, 2016 WL 5818534, at *1 ("The purpose of a motion in

---

[1] The United States does not challenge presentation of evidence or testimony on exposure to water vapors from activities like showering or cooking involving finished, drinking "water at Camp Lejeune that was supplied by, or on behalf of, the United States." CLJA § 804(b); see [D.E. 453] 7 n.3; [D.E. 366] 10–11 n.1

7

limine is to avoid injecting into trial matters which are irrelevant, inadmissible, or unfairly prejudicial." (cleaned up)). Thus, the court affirms Magistrate Judge Jones's conclusions.

III.

In sum, the court ADOPTS the M&R [D.E. 439]. Defendant's motion in limine is GRANTED in part and DISMISSED in part [D.E. 361].

SO ORDERED. This 1 day of December, 2025.

RICHARD E. MYERS II
Chief United States District Judge

TERRENCE W. BOYLE
United States District Judge

LOUISE W. FLANAGAN
United States District Judge

JAMES C. DEVER III
United States District Judge