# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
### No. 7:23-cv-897

IN RE:                      )

CAMP LEJEUNE WATER LITIGATION   )

This Document Relates to:         )
ALL CASES                    )

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS AND SECOND REQUEST FOR ADMISSION FOR TRACK ONE DISCOVERY PLAINTIFFS**

Defendant United States of America serves these responses and objections to Plaintiffs' Sixth Request for Production of Documents and Second Request for Admission for Track One Discovery Plaintiffs ("Requests").

## INTRODUCTION

The following responses are based upon a reasonable inquiry of information known or readily obtainable by the United States.

## GENERAL OBJECTIONS

1.     **Privilege:** The United States objects to any Requests that seek materials protected by the attorney-client privilege, the attorney work-product privilege, the deliberative process privilege, the investigative files/law enforcement privilege, or any other privilege or protection. The Requests also seek materials containing confidential business information and personally identifiable information, which can only be protected with certain safeguards. In responding to the Requests, the United States will withhold privileged or protected documents and will identify such documents in a privilege log in

1

conformity with Fed. R. Civ. P. 26(b)(5) or Paragraph 6 of the Stipulated Order Establishing Protocol for Document Collection and Production ("ESI Protocol"). Nothing contained in these responses or in the production of documents is intended as, nor in any way shall be deemed, a waiver of any of these privileges, or any other applicable privilege.

2. **Locations to Be Searched:** In responding to the Requests, the United States will search for responsive materials in locations that the United States determines are reasonably likely to have responsive material and are proportionate to the needs of the case.

3. **Public Documents:** The United States objects to any Requests that seek materials that are publicly available. Such materials are equally accessible to all the parties, and can be obtained from more convenient, less burdensome, or less expensive publicly available sources.

4. **Definitions and Instructions:** The United States will comply with the Federal Rules of Civil Procedure in responding to the Requests.

5. **Incorporation:** Each of these General Objections is incorporated into each Response provided, as if fully set forth therein. The inclusion of a specific objection to a specific demand is neither intended as, nor should be construed as, a limitation or waiver of a General Objection or any other specific objection made in these responses.

<u>RESPONSES AND OBJECTIONS TO PLAINTIFFS' SIXTH REQUEST FOR<br>PRODUCTION OF DOCUMENTS</u>

1. For each person below, please produce all documents, files and materials (not previously produced) including any hard copy documents, as well as saved computer native documents, data and files, related to any of the following individuals personal hard-copies or computer files maintained on either a shared network or a non-shared computer (laptop or desktop, office or home computer) which was not previously swept/searched/captured and produced in this litigation, related to any

issue concerning contamination of water at Camp Lejeune and dated between January 1, 2008 and

the present:

Frank Bove
Morris Maslia
Mark Johnson
Christopher Reh
Angela Ragin‑Wilson
Jason Sautner
Dan Waddill
Terry Walters
Patricia Hastings
Scott Williams

**RESPONSE:** **The United States will not respond to this Request because Plaintiffs have confirmed that Plaintiffs' Seventh Request for Production of Documents, served on June 18, 2024, following a meet-and-confer between counsel on June 11, 2024, supersedes this Request. Thus, the United States considers this Request withdrawn and no further response is required.**

2. Please produce all documents, files and materials (not previously produced) including saved computer native files, related to all software versions and associated data for the MARINE CORPS INSTALLATIONS EAST-MARINE CORPS BASE CAMP LEJEUNE ORDER 11100.5X (MCIEAST-MCB CAMLEJO 11100.5X) where "X" represents the version. According to the order "This Order establishes geographic areas aboard MCB CAMLEJ, identifies an Area Commander for each, describes the functions, responsibilities, and authorities of each." If there are similar base Orders published prior to Order 11100.5 that provide the same information as Order 11100.5 but have a different Order # then include them in the response.

**RESPONSE:** **Objection. The United States objects to this Request for Production as overbroad, vague and ambiguous, and not proportional to the needs of the case. Furthermore, the United**

States objects to this Request for Production as unduly burdensome to the extent it seeks information that can be obtained from some other source that is more convenient, less burdensome, or less expensive, such as publicly available sources located online. *See*, *e.g.*, https://www.mcieast.marines.mil/Portals/33/Documents/Adjutant/Orders/11000/MCIEAST-MCB%20CAMLEJO%2011100.5.pdf.

Subject to and without waiving the foregoing objections, the United States will produce documents responsive to this Request pursuant to the ESI protocol by the end of July 2024.

3. Please produce all documents, files and materials (not previously produced) including saved computer native files, related to the database, including its data and the software program known as "MCB Camp Lejeune BPL" and/or entitled "BLPMAIN.DBF" which contains approximately 6,439 records and relates to Camp Lejeune building a facilities among other referenced uses and data.

**RESPONSE:** **Objection. The United States objects to this Request as overbroad, vague and ambiguous, and not proportional to the needs of the case. The United States further objects to this Request as incoherent as written.**

**Subject to and without waiving the foregoing objections, the United States requests that Plaintiffs "describe with reasonable particularity" the documents and information they are requesting, Fed. R. Civ. P. 34(b)(1)(A), at which time the United States will further respond as appropriate. Based on the description provided, the United States is unable to locate responsive documents.**

4. Please produce all documents, files and materials (not previously produced and saved computer native documents, data and files) including but not limited to any and all documents, spreadsheets, lists, database information and any other material that lists all Reporting Unit Codes (RUCs) or Unit ID Codes (UID) and the associated name of the unit for each and every year for the period of 1945 to 1987 for Camp Lejeune. If not available for every year from 1945 to 1987 provide for all years available and whenever there was a change to the RUC and/or UIC listing.

**RESPONSE:** **Objection. The United States objects to this Request for Production as overbroad, vague and ambiguous, and not proportional to the needs of the case. Additionally, the United States objects to this Request for Production as it seeks information that is not relevant to any party's claims or defenses in this litigation in asking for "all documents, files, and materials" including a time period that extends prior to 1953, which is the earliest relevant date under the statute.**

**Subject to and without waiving the foregoing objections, the United States requests that Plaintiffs "describe with reasonable particularity" the documents and information they are requesting, Fed. R. Civ. P. 34(b)(1)(A), at which time the United States will further respond as appropriate. Based on the description provided, the United States is unable to locate responsive documents.**

5. Please produce all documents, files and materials (not previously produced and saved computer native documents, data and files) related to any documents, spreadsheets, lists, database information and any other material, related to Camp Lejeune building numbers and corresponding unit, organization, service or entity assigned to the building for the period of 1945 to 2000.

5

**RESPONSE:** Objection. The United States objects to this Request for Production as overbroad, vague, and ambiguous, and not proportional to the needs of this case. Specifically, this Request for Production is overbroad, vague, and ambiguous with respect to the use of the words and phrases "all documents," "files," "materials," "saved computer native documents, data and files," "any documents," "spreadsheets," "lists," "database information," "any other material," "building," "unit," "organization," "service," and "entity" without any definition. Additionally, this Request seeks documents outside the relevant timeframe and geographical scope at issue in this case, as the Camp Lejeune Justice Act of 2022 permits recovery by individuals who were exposed to water at Camp Lejeune only between August 1, 1953 and December 31, 1987, and this Request seeks documents for numerous buildings at Camp Lejeune that were not serviced by any of the water sources where contaminants were found. The United States also objects to the extent that any possibly responsive documents, files, or materials have already been produced. *See, e.g.*, CLJA_USMCGEN_0000000778-1429.

Subject to and without waiving the foregoing objections, the United States requests that Plaintiffs narrow this request and "describe with reasonable particularity" the documents and information they are requesting, Fed. R. Civ. P. 34(b)(1)(A), at which time the United States will further respond as appropriate. Based on the description provided, the United States is unable to locate responsive documents.

6. Please produce all documents, files and materials (not previously produced and saved computer native documents, data and files) related to the document "Plant Account Facilities Inventory Listing of Buildings & Structures". See "Plant Account Facilities Inventory Listing of Buildings & Structures 30 June 1990.pdf" for an example of what the request is asking for. If there are similar

documents that provide the same information, "Facilities Inventory Listing of Buildings & Structures" then include them in the response.

**RESPONSE:** **Objection. The United States objects to this Request for Production as overbroad, vague, ambiguous, and not proportional to the needs of this case. Specifically, this Request for Production is overbroad, vague, and ambiguous with respect to the use of the words and phrases "all documents," "files," "materials," "saved computer native documents, data and files," "related to the document," "Plant Account Facilities Inventory Listing of Buildings & Structures 30 June 1990.pdf," "similar documents," and "the same information" without any definition. The United States further objects to the extent that any possibly responsive documents have already been produced.** ***See, e.g.***, **CLJA_USMCGEN_256444-257229; CLJA_LANTDIV-44616-446787.**

**Subject to and without waiving the foregoing objections, the United States responds that Plaintiffs should "describe with reasonable particularity" the documents and information they are requesting, Fed. R. Civ. P. 34(b)(1)(A), at which time the United States will further respond as appropriate. Based on the description provided, the United States is unable to locate responsive documents.**

7. Please produce all Camp Lejeune Telephone Directories from 1953 to 1987.

**RESPONSE:** **Objection. The United States objects to this Request for Production as overbroad, vague and ambiguous, and not proportional to the needs of the case, particularly as to the phrase "all Camp Lejeune Telephone Directories," which is used without definition.**

**Subject to and without waiving the foregoing objections, the United States responds that it is not aware of any responsive documents for that time period in its custody, possession, or control, but will supplement this response as needed if any responsive documents are later found.**

7

8. Please provide all maps from 1953 to 1987 that include building numbers and/or addresses for the following areas:

      i. Hadnot Point
      ii. Holcomb Blvd
           1. Berkeley Manor
           2. Midway Park
           3. Paradise Point
           4. Watkins Village
     iii. French Creek
     iv. Tarawa Terrace
      v. Know Trailer Park
     vi. Camp Geiger
    vii. Camp Johnson
   viii. Courthouse Bay
     ix. Rifle Range

**RESPONSE: Objection. The United States objects to this Request because it is overbroad and not proportional to the needs of this case. Specifically, the Request seeks documents outside the relevant geographical scope at issue in this case, as "all maps from 1953 to 1987" include multiple areas of Camp Lejeune that were not serviced by any of the water sources where contaminants were found. The United States further objects to the extent that responsive documents have already been produced. *See, e.g.*, CLJA_HOUSING_0000237867 – 0000238049; CLJA_LANTDIV_0000000914 – 0000001679; CLJA_WATERMODELING_01-0000323621 – 0000324204; CLJA_HOUSING_0000237867 – 0000238049.**

      **Subject to and without waiving the foregoing objections, the United States is not aware of any other responsive documents or information within its custody, possession, or control that have not been produced and that are responsive to this Request.**

9. Please produce all documents, spreadsheets, invoices, contracts, communications and computer files (not previously produced and saved computer native documents, data and files) related to all activities and costs associated with the Project NAVY CLEAN.

**RESPONSE: Objection. The United States objects to this Request because it is vague, ambiguous, and does not define the meaning of the phrase "Project NAVY CLEAN." To the extent that this Request is referring to the Department of the Navy's ("DON") Comprehensive Long-Term Environmental Action Navy ("CLEAN") program, which provides program management and technical environmental services in support of the DON's environmental restoration program, munitions response program, and other similar programs throughout Naval Facilities Engineering Systems Command ("NAVFAC") Atlantic, this Request is overbroad, irrelevant to the claims at issue, and not proportional to the needs of the case. The CLEAN program encompasses clean-up operations across multiple states and installations along the Atlantic Coast of the United States. Any marginal relevance that the material may have is disproportionate to the needs of the case because the CLEAN program's broad nature implicates many possible sources of documents, and it would be unduly burdensome to search for information that is unlikely to be relevant to causation, especially given the minimal time remaining in fact discovery.**

**Subject to and without waiving the foregoing objections, the United States anticipates producing the task orders and modifications to Contract No. N62470-11-D-8012 that are related to Marine Corps Base Camp Lejeune by the end of July 2024. These documents will be produced according to the ESI protocol as the documents are collected and processed.**

9

10. Please produce all documents, spreadsheets, invoices, contracts, communications, and computer files (not previously produced and saved computer native documents, data and files) whether on individual NAVY or MARINE shared files or personal computers related to all costs associated with the MUSTER ROLL Digitization Project contracted to CH2M Hill and its subcontractors Mountain States Imaging and/or the Scanning Company, as conducted as part of the NAVY CLEAN and Contract No. N62470-11-D-8012 CTO 0003, "Community Involvement/Risk Communication Plan Development and Support, MCB Camp LeJeune".

**RESPONSE: Objection. The United States objects to this Request as vague and ambiguous with respect to the use of the words and phrases "all documents, spreadsheets, invoices, contracts, communications, and computer files," "saved computer native documents, data and files," "shared files," "personal computers," "all costs," "associated with," and "NAVY CLEAN" without any definition. To the extent this Request refers to the Department of the Navy's ("DON") Comprehensive Long-Term Environmental Action Navy ("CLEAN") program, which provides program management and technical environmental services in support of the DON's environmental restoration program, munitions response program, and other similar programs throughout Naval Facilities Engineering Systems Command ("NAVFAC") Atlantic, this Request is overbroad, irrelevant to the claims at issue, and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections, the United States refers Plaintiffs to the documents previously produced on June 13, 2024, bearing Bates numbers CLJA_NAVY_0000000001 to CLJA_NAVY_0000000203. The United States further responds that it anticipates producing by the end of July 2024 additional documents responsive to this Request according to the ESI protocol as the documents are collected and processed.**

10

11. Please produce all documents, spreadsheets, invoices, contracts, communications, and computer files (not previously produced and saved computer native documents, data and files) whether on individual ATSDR employee or network shared files or computers, related to costs and expenses paid by the NAVY to ATSDR for its work, research and studies from January 2000, to the present concerning Camp Lejeune.

**RESPONSE:** **Objection. The United States objects to this Request for Production as overbroad, vague and ambiguous, and not proportional to the needs of the case. Specifically, the United States objects to the following vague and ambiguous terms used without definition: "computer files," "saved computer native documents," "data and files," "individual ATSDR employee or network shared files or computers," "related to costs and expenses," "paid by the NAVY to ATSDR for its work, research and studies," and "concerning Camp Lejeune."**

**Taking these terms at face value would require searching the many information systems within ATSDR for any materials spanning over two decades of work, as well as numerous document repositories and potential file locations. Given the minimal time left to complete fact discovery, the extensive discovery already produced in this matter, and the extraordinarily broad scope of these terms, requesting the United States to perform such searches at this time is disproportionate to the needs of this case. The searches: (1) would require significant amounts of agency and DOJ resources to complete, distracting from both the merits of this litigation and important agency missions; (2) would be unlikely to return information that is more than tangentially relevant to the causation issues in dispute in this litigation; and (3) would necessarily capture a vast swath of potentially privileged or protected information that would necessitate a burdensome review process. The information already produced in this litigation, much of which was prioritized because of its closer relevance to the issues in the litigation, demonstrates that**

these efforts will result largely in information of minimal importance to resolving the litigation.

Further, the United States objects to this Request for Production as unduly burdensome. This Request unquestionably seeks ESI and thus would require a significant amount of time and resources to conduct reasonable and defensible searches, collections, followed by a resource-intensive review and production process, which would necessarily extend months beyond the time currently allocated for fact discovery. Plaintiffs have failed to articulate with any particularity why this Request is likely to produce relevant information related to either general or specific causation.

In addition, and as detailed in the United States' May 24, 2024, letter to Plaintiffs, the United States objects to any further requests for ESI or any other documents from ATSDR. Following Plaintiffs' January 8, 2024 letter, the United States agreed to produce the entirety of the ATSDR water modeling and health effects studies project files (with the exception of privileged and/or confidential materials), as well as certain hard copy documents that Plaintiffs had chosen following inspection to satisfy Request No. 8 from Plaintiffs' First Requests for Production, and the entirety of Plaintiffs' Second Requests for Production.

Subject to and without waiving these objections, the United States is conducting a reasonable search for potentially responsive documents. The United States will supplement this response as needed upon the completion of that investigation.

12. Please produce any documents or information reflecting the presence of any or all of the Track One Plaintiffs on the Camp Lejeune base for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987.

**RESPONSE:** Objection. The United States objects to this Request as overbroad, vague, and ambiguous in failing to define the phrase "any documents or information reflecting the presence of any or all of the Track One Plaintiffs." The United States further objects to this Request as overbroad and unduly burdensome to the extent that it purports to seek any ESI materials from the United States.

Subject to and without waiving the foregoing objections, the United States has already produced voluminous records and other documents "reflecting" the presence of the Track One Plaintiffs on Camp Lejeune between August 1, 1953, and December 31, 1987. The United States is not aware of any other documents or information within its custody, possession, or control that have not already been produced and that are responsive to this Request.

13. Please produce all documents or information reflecting the identification of any and all Marines serving and having the same Reporting Unit Codes (RUCs) or Unit ID Codes (UID) as any of the Track One Plaintiffs during their time on board Camp Lejeune, including information and documents showing the unit description, unit number, the names of individuals who served in same unit as any of the Track One Plaintiffs at any time they were stationed at Camp Lejeune during the relevant period of this litigation.

**RESPONSE:** Objection. The United States objects to this Request as overbroad, vague and ambiguous, and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, the United States is not aware of any responsive documents that "reflect" all Marines serving and having the same Reporting Unit Codes (RUCs) or Unit ID codes (UID) as any of the Track One Plaintiffs during the time period relevant to this litigation, but will produce any responsive documents (if any) pursuant to the ESI protocol by the end of July 2024.

13

14. Please produce all documents or information related to any of the Track One Plaintiffs contained within the database known as the DMDC [see information on DMDC at https://dwp.dmdc.osd.mil/dwp/app/main] including all archival information.

**RESPONSE: Objection. The United States objects to this Request as vague and ambiguous in failing to define the phrases "database known as DMDC" and "archival information." To the extent that this Request for Production is referring to data maintained by the Department of the Defense's Defense Manpower Data Center ("DMDC"), it is overbroad, and any marginal relevance the material may have is disproportionate to the needs of the case given the short fact discovery timeline remaining.**

**Subject to and without waiving the foregoing objections, the United States refers Plaintiffs to the many documents previously produced that are responsive to this Request. *See*, *e.g.*, CLJA_ATSDRSUPP-0000000105-110.**

15. Please produce all documents or information related to any of the Track One Plaintiffs contained within the U.S. National Archives and Records Administration (NARA) records including all archival information, not previously produced.

**RESPONSE: Objection. The United States objects to this Request as overbroad, vague, and ambiguous in seeking "all [NARA] documents or information related to any of the Track One Plaintiffs." The United States further objects to this Request to the extent that it is duplicative of Plaintiffs' First Request for Production, Request No. 19.**

**Subject to and without waiving the foregoing objections, the United States refers Plaintiffs to the NARA documents the United States has already produced in the individual Track One cases (comprising over 36,000 pages of records). Additionally, the United States objects to this Request**

14

to the extent that it requests information that is publicly available. The United States Marine Corps' ("USMC") muster rolls from 1959 to 1970 are on microfilm and available to the public at the National Archives at College Park, Maryland. USMC's muster rolls from approximately 1970 to 1980 are also on microfilm at National Archives at College Park, Maryland, but contain personally identifiable information. At Plaintiffs' request and in accordance with the stipulated protective order, Case Management Order No. 6, the parties can work together to establish a process for Plaintiffs to access the post-1970 muster rolls at the National Archives in College, Park, Maryland. The United States further directs Plaintiffs to the link Muster Rolls and Personnel Diaries, January 1941–December 1980 and within the series https://catalog.archives.gov/search-within/602065 provided to Plaintiffs by letter dated December 21, 2023, along with bulk download links for the images in PDF, Word, and Excel format provided to Plaintiffs on that same date.

16. Please produce all muster roll and service records whether in hard copy, electronic or in a database pertaining to any of the Track One Plaintiffs, not previously produced.

**RESPONSE:** Objection. The United States objects to this Request as overbroad, vague, and ambiguous in failing to define the meaning of numerous words and phrases, including "service records" and "in a database." The United States further objects to this Request to the extent it is, in whole or in part, duplicative of Plaintiffs' First Request for Production, Request Nos. 2, 3, and 19. Additionally, the United States objects to the extent that this Request seeks information that is publicly available. As mentioned above, the USMC's muster rolls from 1959 to 1970 are on microfilm and available to the public at the National Archives at College Park, Maryland.

Subject to and without waiving the foregoing objections, the United States has produced all digitized muster rolls pertaining to the Track One Plaintiffs that exist, as the United States has

informed Plaintiffs previously. The non-digitized muster rolls pertaining to Track One Plaintiffs are on microfilm and microfiche. As previously offered, these muster rolls can be made available for inspection at Plaintiffs' request. Moreover, as the United States has informed Plaintiffs previously, there is an ongoing digitization project (unrelated to this litigation) of muster rolls and similar records; upon completion of that project, the United States will make digitized muster rolls from the project available to Plaintiffs. Finally, the United States has produced voluminous "service records" pertaining to the Track One Plaintiffs during this litigation. The United States is not aware of any other "service records" pertaining to the Track One Plaintiffs within its custody, possession, or control that have not been produced or are not publicly available and that are responsive to this Request.

**RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION**

1. Admit that all Track One Plaintiffs were on the Camp Lejeune base in compliance with the statute for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987.

**RESPONSE: Objection. The United States objects to this Request as vague, ambiguous, and susceptible to multiple different interpretations because it fails to define the meaning of the phrase, "on the Camp Lejeune base." Subject to and without waiving the foregoing objections, the United States denies that all twenty-five (25) Track One Plaintiffs selected for trial (*see* D.E. 238, 242) have produced evidence that they were on the Camp Lejeune base for not less than thirty (30) days between August 1, 1953, and December 31, 1987. The United States will not respond to this Request as to the remaining seventy-five (75) Track One Plaintiffs not selected for trial, but will supplement this response as necessary.**

2. Admit that Defendant has no information to refute the claim that all Track One Plaintiffs were on the Camp Lejeune base in compliance with the statute for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987.

**RESPONSE: Objection. The United States objects to this Request as vague, ambiguous, and susceptible to multiple different interpretations in failing to define the meaning of the phrases "no information" and "on the Camp Lejeune base." Subject to and without waiving the foregoing objections, the United States admits that it does not possess information indicating that any one of the twenty-five (25) Track One Plaintiffs selected for trial (*see* D.E. 238, 242) were on the Camp Lejeune base for less than thirty (30) days between August 1, 1953, and December 31, 1987, as it**

is the Track One Plaintiffs'—not the United States'—burden to prove such element of their case, including that each Plaintiff was on Camp Lejeune for at least 30 days during the statutory period. The United States will not respond to this Request as to the remaining seventy-five (75) Track One Plaintiffs not selected for trial, but will supplement this response as necessary.

3. Admit that Defendant had a responsibility to generate and maintain military service and personnel records reflecting the identities of Track One Plaintiff Marines, their time periods in the service, their units and stations to which they were assigned, and reflecting their assignment to units at Camp Lejeune including between August 1, 1953 and December 31, 1987.

**RESPONSE:** **Objection. The United States objects to this Request as vague, ambiguous, and susceptible to multiple different interpretations in failing to define numerous words and phrases, including "a responsibility," "to generate and maintain," and "military service and personnel records reflecting the identities of Track One Plaintiff Marines." Subject to and without waiving the foregoing objections, the United States admits that the U.S. Marines Corps was subject to applicable laws and regulations concerning certain record-keeping requirements between August 1, 1953 and December 31, 1987, the contents of which are public records available to Plaintiffs. The United States otherwise denies any characterizations or statements in this Request.**

18

Respectfully submitted this 24th day of June, 2024.

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Special Litigation Counsel

*/s/ David R. Ortiz*
JENNIFER E. ADAMS
MICHAEL W. CROMWELL
CINDY M. HURT
SARA J. MIRSKY
DAVID R. ORTIZ
PATRICK J. RYAN
JOSEPH B. TURNER
Trial Attorneys
Civil Division, Torts Branch
U.S. Department of Justice
P. O. Box 340, Ben Franklin Station
Washington, D.C. 20044

19

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 24, 2024, I served a copy of the foregoing document upon counsel for the Plaintiffs by electronic mail at the following electronic mail addresses:

Edward Bell, III
jeb@belllegalgroup.com

Zina Bash
zina.bash@kellerpostman.com

Elizabeth J. Cabraser
ecabraser@lchb.com

W. Michael Dowling
mike@dowlingfirm.com

Robin L. Greenwald
rgreenwald@weitzlux.com

James A. Roberts, III
jar@lewis-roberts.com

Mona Lisa Wallace
mwallace@wallacegraham.com

*/s/ David R. Ortiz*
Attorney for the United States
