IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:23-CV-897

IN RE:

CAMP LEJEUNE WATER LITIGATION

This Document Relates To:

*Gary Layne McElhiney, Sr.
and Simmone McElhiney v.
United States of America,*
Case No. 7:23-cv-1368

UNITED STATES' REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS OR MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING SIMMONE MCELHINEY'S LOSS OF CONSORTIUM CLAIM

## INTRODUCTION

Rather than addressing the United States' legal arguments that Mrs. McElhiney lacks statutory standing under the Camp Lejeune Justice Act ("CLJA") to bring a loss of consortium claim "directly related to Gary's injury and exposure to the water at Camp Lejeune," McElhiney Compl., D.E. 1 (No. 7:23-cv-1368), ¶ 74, Plaintiffs attempt to create a factual dispute regarding whether Mrs. McElhiney can bring her own claim under the CLJA for her own exposure. Specifically, Plaintiffs submit Mrs. McElhiney's sworn declaration that she "believe[s] [she] had significant and direct exposure to Camp Lejeune water," Pls.' Ex. A, D.E. 719-1, at ¶ 8, and assert that she "could readily file an amended pleading alleging that she was exposed to the water at Camp Lejeune." Pls.' Opp'n, D.E. 719, at 5, 9.

Plaintiffs' argument is a misdirection from the simple statutory argument that the United States' motion raises and that Plaintiffs fail to address. As this Court has clearly held, "'exposure' is tethered to the 'individual' claimant," and "individual exposure is essential to the CLJA's causation requirement." *In re Camp Lejeune Water Litig.*, 736 F. Supp. 3d 311, 321-22 (E.D.N.C. 2024) (cleaned up) (quoting CLJA 804(b), (d)). Even if Mrs. McElhiney could demonstrate that

1

she was "'otherwise exposed' to the water" at Camp Lejeune for thirty days, *id.* at 318-19, she cannot demonstrate that *her* exposure caused a loss of consortium related to the injury alleged by her husband as a result of *his* claimed exposure, *id.* at 322 (observing that "[e]xpos[ure]" is tethered to the "individual" claimant"). As the United States argued in its opening brief, the CLJA simply does not permit an individual to file a derivative claim based on another individual's exposure, as Mrs. McElhiney attempts to do. *See* U.S. Mem., D.E. 526, at 5-6 ("Indeed, the purpose of the CLJA was to provide a cause of action for individuals, including former servicemembers like Mr. McElhiney, for *injuries stemming from exposure* to Camp Lejeune water that was not available against the United States under the Federal Tort Claims Act." (emphasis added)). As Mrs. McElhiney plainly alleged at the beginning of this litigation (without yet knowing how this Court would interpret the CLJA), her "loss of consortium claim [is] a derivative claim to [Mr. McElhiney's] exposure." Compl., D.E. 1 (No. 7:23-cv-1368), ¶ 7. As a matter of law, this is not a proper CLJA claim.

Plaintiffs' remaining arguments, that this Court should not consider the United States' legal arguments because (1) the United States' motion is untimely; and (2) Mrs. McElhiney "has never had an opportunity to build her case," Pls.' Opp'n, D.E. 719, at 1, 9, should also be rejected. No amount of discovery would change the legal argument that Mrs. McElhiney cannot bring a derivative claim under the CLJA based on her husband's alleged injuries. For the reasons below and as stated in the United States' opening brief, D.E. 526, this Court should award judgment to the United States as a matter of law and dismiss Mrs. McElhiney's derivative claim.

# ARGUMENT

I. **The Court May Consider the United States' Legal Arguments Before Fact Discovery.**

As Plaintiffs point out, when a motion to dismiss under Federal Rule of Civil Procedure 12 is filed after an Answer, the Court may construe the motion under Rule 12(c), a motion for judgment on the pleadings. *See* Pls.' Opp'n, D.E. 719, at 6. Rule 12(c) allows a court to consider such a motion "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).[1] Rule 12(d) goes on to say that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).[2]

There is no requirement under Rule 12 that fact discovery must occur before the Court can dismiss a case as a matter of law. Indeed, courts have cautioned that waiting to file such a motion until substantial discovery has occurred would "defeat [the] core purpose" of Rule 12(c), which is "to avoid costly discovery." *Lone Star State Bank of W. Tex. v. Rabo Agrifinance, LLC (In re Waggoner Cattle, LLC)*, Nos. 18-20126-RLJ-11, 18-02007, 2:19-cv-00098-Z, 2022 WL 5264707, at *2 (Bankr. N.D. Tex. Apr. 28, 2022) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007); *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 46 (1st Cir. 2012)). The United States' motion to dismiss (or for summary judgment on) Mrs. McElhiney's derivative claim is not only

---

[1] "Pleadings close when the defendant files an answer." *Mian v. Loancare Servicing Co.*, No. DKC 21-2419, 2023 WL 3645534, at *1 (D. Md. May 25, 2023) (indirectly citing *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002)) (rejecting plaintiff's argument that a Rule 12(c) motion was "premature because it was filed 'before discovery started'" where the motion was filed "after Defendants filed their answer and long before any trial would have occurred").

[2] The United States alternatively moved for partial summary judgment as a matter of law. *See* D.E. 525, 526.

timely, but efficient and proper. There is no reason for the Parties to expend substantial resources in litigating the factual bases of a claim that can (and should) be disposed of as a matter of law.[3]

## II. Mrs. McElhiney Expressly Chose Not to Pursue Her Claim as Part of Her Husband's Lawsuit.

Plaintiffs also argue that consideration of the United States' legal arguments is improper, as Mrs. McElhiney "is not herself a Track 1 Plaintiff" and, because her derivative claim is stayed, she has had no "opportunity to amend [her] pleadings." Pls.' Opp'n, D.E. 719, at 3. This argument is unavailing. As Plaintiffs recognize, Mrs. McElhiney is a co-Plaintiff in the same lawsuit before this Court, and her husband included her loss of consortium claim on his own Short Form Complaint. *Id.* at 2 n.1. Generally, in ordinary tort actions, an "action for loss of consortium must be joined with the injured spouse's claim," due to the implications of "litigation efficiency and overlapping damage awards." RESTATEMENT OF THE LAW (THIRD) OF TORTS: Miscellaneous Provisions TD 1 § 48A cmts. (h)-(i); *see also Nicholson v. Hugh Chatham Mem'l Hosp., Inc.*, 266 S.E.2d 818, 823 (N.C. 1980) (holding that, where "a spouse may maintain a cause of action for loss of consortium due to the negligent actions of third parties," such action must be "joined with any suit the other spouse may have instituted to recover for his or her personal injuries").

As Plaintiffs acknowledge, Mrs. McElhiney could have filed her own Short Form Complaint, either "'within 45 days'" of this Court's entry of Case Management Order No. 2 ("CMO 2"), or "'with permission from Plaintiffs' Leadership or leave of Court for good cause

---

[3] This Court can also "determine common questions of fact and law for CLJA actions filed in this Court" under "Federal Rule of Civil Procedure 42(a)," Case Management Order No. 2 ("CMO 2"), D.E. 23, § 4 (quoting Fed. R. Civ. P. 42(a)), which expressly authorizes the Court to "issue any other orders to avoid unnecessary cost or delay," Fed. R. Civ. P. 42(a). Whether a plaintiff may assert a derivative claim for loss of consortium based upon another individual's exposure to water at Camp Lejeune is a "common question[] of . . . law" that is currently asserted in hundreds of "CLJA actions filed in this Court." CMO 2, D.E. 23, § 4.

shown.'" Pls.' Opp'n, D.E. 719, at 2 (quoting CMO 2, D.E. 23, § VII). Mrs. McElhiney was deposed on May 8, 2024, and less than one month later, on June 5, 2024, this Court issued its Order requiring a plaintiff to allege her "[i]ndividual exposure," which "is essential to the CLJA's causation requirement." *In re Camp Lejeune*, 736 F. Supp. 3d at 321. Therefore, as of June 5, 2024, Mrs. McElhiney had "the benefit of the Court's rulings and interpretations of the [CLJA]," Pls.' Opp'n, D.E. 719, at 9, yet she has not since opted to take any action whatsoever to attempt to assert a claim related to her own alleged exposure.

### III. Mrs. McElhiney's Claim is Necessarily Based Upon Her Husband's Exposure, Not Her Own.

Plaintiffs' arguments in opposition to the United States' motion are entirely factual. Nowhere in their opposition do they respond to the United States' legal argument that "Mrs. McElhiney is not within the class of plaintiffs authorized by Congress to sue under the CLJA" and thus lacks statutory standing because "the harm that she alleges is based solely on her spouse's exposure, not her own." U.S. Mem., D.E. 526, at 1; *see id.* at 5 (seeking dismissal because "Mrs. McElhiney's claim for loss of consortium . . . depends on her spouse's, not her own, exposure to the water at Camp Lejeune"). By failing to address the United States' legal arguments, Plaintiffs essentially concede the validity of such arguments. *See, e.g., Bartels v. Saber Healthcare Grp., LLC*, No. 5:16-CV-283-BO, 2022 WL 263564, at *2 (E.D.N.C. Jan. 27, 2022) (Boyle, J.) ("If the moving party files a motion for summary judgment based on a legal theory . . . and the opposing party fails 'to address arguments made in favor of summary judgment, the opposing party concede[s] that summary judgment is appropriate.'" (quoting *Kettle v. Leonard*, No. 7:11-CVS-189, 2012 WL 4086595, *5 (E.D.N.C. Sept. 17, 2012)); *see also Nealy v. White*, No. 5:23-CT-3215-M-RJ, 2025 WL 2785770, at *3 (E.D.N.C. Sept. 30, 2025) (Myers, C.J.) (holding "defendants are entitled to summary judgment" because the "plaintiff did not address all

5

defendants' arguments in his response" (citing *Alvarez v. Lynch*, 828 F.3d 288, 295 (4th Cir. 2016)).

Based upon the evidence before this Court, including the McElhineys' own pleadings, their deposition testimony, and even Mrs. McElhiney's sworn declaration, it cannot be disputed that Mrs. McElhiney's is bringing a loss of consortium claim based upon Mr. McElhiney's Parkinson's Disease, which allegedly arose from *his* exposure to Camp Lejeune water, not hers. The McElhineys' Complaint plainly alleged: "Plaintiff Gary McElhiney meets [the] substantive criteria [of CLJA § 804(b)]; Plaintiff Simmone McElhiney brings a loss of consortium claim as a derivative claim to Gary's exposure." Compl., D.E. 1 (No. 7:23-cv-1368), ¶ 7. Under the clear language of the CLJA, a plaintiff like Mrs. McElhiney cannot recover for a claim that is derivative of the alleged effects of exposure on someone else. To this, Plaintiffs have no response.

## CONCLUSION

For the reasons stated above and in its opening brief, the United States respectfully asks this Court to grant its motion to dismiss Mrs. Simmone McElhiney's derivative claim for loss of consortium and issue judgment as a matter of law in favor of the United States.

Dated: December 12, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General,
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section

ADAM BAIN
Special Litigation Counsel

SARA J. MIRSKY
HAROON ANWAR
Acting Assistant Directors

*/s/ Jennifer E. Adams*
JENNIFER E. ADAMS
Virginia Bar No. 80149
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Act Section
1100 L Street, NW
Washington, DC 20005
(202) 702-4998
jennifer.e.adams@usdoj.gov

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

*Counsel for Defendant,*
*United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2025, I electronically filed the foregoing using the Court's Electronic Case Filing system, which will send notice to all counsel of record.

*/s/ Jennifer E. Adams*
JENNIFER E. ADAMS