IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to January 2, 2026 3,711 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. One hundred and forty-eight (148) cases have been dismissed; one hundred and thirty-four (134) of those were voluntary dismissals and the fourteen (14) others were pro se cases. The cases are divided as follows: Judge Dever – 930 cases; Judge Myers – 931 cases; Judge Boyle – 909 cases; and Judge Flanagan – 941 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

Of 408,963 de-duplicated claims, approximately 182,713 claims contain at least one supporting document. Approximately 40,058 of those claims allege an injury type that may be considered for settlement under the Elective Option (EO) framework. The time between filing a claim and settlement is dependent upon timely receipt of relevant supporting documents. Per the

1

statutory burden of proof, law firms and claimants must provide evidence of a medical diagnosis and presence at Camp Lejeune before a settlement determination can be made. Filers are encouraged to submit substantiating documentation expeditiously so that the Camp Lejeune Claims Unit ("CLCU") can confirm substantiation of those alleged EO injuries and the DOJ can approve settlement offers to as many claimants who qualify for the EO as possible.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties continue to work toward areas in which agreement might be reached, including potential stipulations which would help streamline trials and resolution.

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties continue to work toward areas in which agreement might be reached, including potential stipulations which would help streamline trials and resolution.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues.

Expert Depositions and Motions

All expert witnesses for Phase I (Water Contamination) have been both disclosed and deposed by the Parties, and all deadlines with respect to Phase I motions have expired. The Parties have completed the depositions of all expert witnesses for Phase II (General Causation). All expert witness depositions for Phase III (Specific Causation and Residual Experts), except those

2

witnesses who fall within the separate track for expert discovery related to damages and offsets, have been completed.

On September 10, 2025, the Parties filed all motions related to Phases II and III, with exception of motions related to damages and offsets. [D.E. 630] The PLG filed a total of nine (9) motions to exclude the government's experts under Fed. R. Evid. 702. The government filed thirty-one (31) motions related to Phases II and III. On November 10, 2025, the Parties filed responses to the said motions related to Phases II and III. The Parties' replies to Phase II and III motions were filed on December 12, 2025. With exception of motions related to damages and offsets, briefing on Phase II and III motions has closed.

Discovery Pertaining to Damages and Offsets

On October 29, 2025, in accordance with the Court's September 17, 2025 Order [D.E. 630], the PLG designated its economic residual experts and produced expert reports. The United States has not contacted Plaintiffs' counsel regarding any alleged deficiencies. The government's economic residual expert designations and reports were served on December 15, 2025 and materials considered were served on December 22, 2025. The PLG's rebuttal expert reports and designations are due on January 19, 2026. Expert discovery on these experts will close by March 5, 2026.

The United States indicates in its section of this report that it is still "in the process of updating certain previously gathered offset information." The PLG is concerned about the government's apparent failure to comply with the September 18, 2025 deadline for fact discovery on these issues and the potential impact of the government's ongoing supplementation of information on the Plaintiffs' presentation of damages. The government states that it is open to proposals from PLG for final dates for supplementation of damages. The PLG notes that there also

3

is a need for discussion and agreement regarding final dates for supplementation of Defendant's alleged offsets.

<u>Motions Pertaining to Damages and Offsets</u>

Pursuant to the Court's September 17, 2025 Order [D.E. 630], the Parties are to confer about the need for motions practice related to damages and offsets. The Parties are scheduling a meet and confer to discuss this issue. Previous Case Management Orders set a deadline for *Daubert* and/or summary judgment motions at approximately 45 days from the close of discovery, with approximately 36 days for responses and about 29 days for replies. Based upon these timelines, the following schedule is being contemplated as a proposal for *Daubert* and/or summary judgment motions concerning damages and offsets:

· Initial Motions/Briefs: April 20, 2026,

· Responses: May 26, 2026, and

· Replies: June 24, 2026.

Notwithstanding the foregoing, the PLG reiterates the arguments and positions set forth in Plaintiffs' Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials ("Motion to Expedite") [D.E. 721] and states that trials of Track 1 cases can begin before the commencement of briefing on damages and offsets and such briefing should not alter or delay the trial schedule proposals set forth in the PLG's Motion to Expedite. The Parties will be discussing these issues, and the PLG hopes that the Parties will be able to submit a joint motion proposing a schedule for motions practice on damages and offsets.

<u>Production of Digitized Muster Rolls</u>

On December 2, 2025, the PLG filed a Motion to Compel Production of Digitized Muster Rolls [D.E. 730]. The Parties subsequently engaged in productive discussions about this discovery

4

dispute, and on December 18, 2025, the government filed consent Motion to Hold in Abeyance the PLG's Motion to Compel Production of Digitized Muster Rolls [D.E. 788]. The Court granted the Motion to Hold in Abeyance on December 19, 2026 and directed that the Parties provide an update about this discovery dispute during the Status Conference scheduled for January 9, 2026.

As directed by the Court, the PLG will be prepared to provide further updates at the next Status Conference. In the interim, the PLG can report that the Parties have agreed to a process for the PLG to review the digitized muster rolls and determine how best to use them in the present litigation. As part of that process, the Parties have agreed to propose to the Court an interim protective order that would facilitate this review and allow the PLG to access the digitized muster rolls on an interim basis. The Parties filed the proposed protective order on January 2, 2026 [D.E. 796].

PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials ("Motion to Expedite") [D.E. 721]

The PLG filed its Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials ("Motion to Expedite") on November 12, 2025. [D.E. 721] The United States responded on December 3, 2025 [D.E. 733] and Plaintiffs filed their Reply on December 19, 2025. [D.E. 789] The PLG disagrees with the positions and proposals of the Defendant and continues to request that Track 1 bellwether trials be expedited. The PLG refers the Court to the pleadings on file, which are ripe for disposition.

PLG's Motion to Strike Dr. Julie Goodman's Untimely and Improper Supplemental Expert Reports

On November 19, 2025, the PLG filed its Motion to Strike Dr. Julie Goodman's Untimely and Improper Supplemental Expert Reports [D.E. 724] on the basis that "supplemental materials" recently provided by this defense expert, which make approximately 300 changes to her expert

submission and were provided long after the due date for expert reports, after the PLG took her deposition, and after the PLG moved to exclude her testimony, are a flagrant violation of the applicable rules and an inappropriate attempt to render new conclusions and analysis. [*See* Plaintiffs' Memorandum in Support at D.E. 725]. The United States responded to this Motion on December 10, 2025 and the PLG filed its Reply on December 30, 2025. The PLG refers the Court to the pleadings on file.

Settlement Discussions

On December 17, 2025, the Parties held an in-person meeting with the Settlement Masters about resolution issues. The meeting was productive, and the PLG hopes that the Parties' discussions will continue.

Identifiers in Rubris

On December 21, 2023, the Court entered an Order that each plaintiff who has filed a Short Form Complaint is required to provide their date of birth and Social Security Number to the government. In general, this information was previously provided by plaintiffs to Rubris, however, there are some plaintiffs who provided incomplete information. The Parties have communicated about these issues, and the PLG has made material progress with providing all missing information.

**United States' Position:**

Fact Depositions

The United States confirms that all previously scheduled fact depositions have been taken at this point. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

6

<u>Expert Depositions</u>

All expert depositions have been completed, with the exception of depositions related to economic damages issues.

<u>United States' Supplemental Offset Data Discovery</u>

On June 25, 2025, the Court entered an Order modifying previous scheduling orders to, in part, allow the Parties to engage in limited fact discovery related to the Parties' offset information and corresponding damages information. [D.E. 414]. Since then, the Parties have engaged in and conducted this limited fact discovery.

Separately, the United States is in the process of updating certain previously gathered offset information, including certain information that was inadvertently not gathered for a least one Track 1 Trial Plaintiff enrolled in Medicare after the United States originally gathered the list of Medicare beneficiaries. The United States already produced certain updated TRICARE information that was inadvertently not gathered for a least one Track 1 Trial Plaintiff. As noted in the prior Joint Status Report [D.E. 728] and at the Status Hearing of December 3, 2025, the United States anticipates that it will need to periodically supplement offsets information from the various agencies pursuant to Federal Rule of Civil Procedure 26(e) prior to trial and remains open to proposals from PLG for final dates for supplementation of damages-related issues.

<u>Damages Expert Discovery Disclosures</u>

Under the Court's September 17, 2025, Order requiring the Parties to complete fact discovery related to the Parties' offset information by September 18, 2025, [D.E. 630], PLG disclosed its expert damages reports by October 29, 2025; the United States disclosed its expert reports relating to damages and offsets on December 15, 2025; PLG will disclose its rebuttal reports no later than 35 days after the United States' disclosure, i.e., January 19, 2026; and the Parties will complete expert discovery of damages and offsets, life care planning, and home

7

renovation reports within 45 days of PLG's rebuttal disclosures. The United States has received Plaintiffs' expert damages reports and amended damages assessment forms. The United States is reviewing these materials and will contact Plaintiffs' counsel regarding any identified deficiencies, if necessary.

Lastly, consistent with D.E. 630, the United States has offered proposed dates for a briefing schedule "related to experts opining on 'damages and offsets,' 'life care planning,' and 'home renovation.'" Based upon the proposal, following the completion of expert discovery relating to these issues, the Parties will have 45 days to serve motions to exclude any experts ("*Daubert* motions") and the motions for summary judgment relating to these issues (April 20, 2026). The Parties will have 36 days to file oppositions to the motions (May 26, 2026) and 29 days to file replies to the oppositions (June 24, 2026). As discussed below, the United States has opposed Plaintiffs' Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials ("Motion to Expedite") [D.E. 721], and does not believe that Bellwether Trials for individual plaintiffs should begin before briefing on damages issues is completed. However, the United States would support an evidentiary hearing on Phase I occurring before the completion of briefing on damages issues. As of the date of this filing, the Parties intend to hold a meet-and-confer next week to discuss this proposed briefing schedule.

PLG's Motion to Reserve Admissibility Determinations

PLG filed a Motion to Reserve Admissibility Determinations and Expediate Track 1 Bellwether Trials on November 12, 2025. [D.E. 721]. It is the United States' position that resolution of threshold issues and motions is in line with this Court's prior case management orders and will assist with the ultimate global resolution of this litigation and the Navy claims.

In the Court's June 28, 2024, Order, the Court stated that "[b]efore Track 1 trials commence, the court will resolve two threshold issues: (1) toxic chemical exposure from the water

at Camp Lejeune and (2) general causation for the Track 1 illnesses." [D.E. 247 at 1]. Resolution of the Phases I and II threshold issues of "toxic chemical exposure from the water at Camp Lejeune" and "general causation for the Track 1 illnesses," along with resolution of Daubert motions regarding Phase III specific causation experts and related motions for summary judgment, will likely obviate the need for some of the individual Track 1 trials and assist in global resolution of the entire litigation and Navy claims. For these reasons, the United States would welcome a schedule for resolution of the threshold issues with the goal of conducting any necessary individual Plaintiff trials before the conclusion of 2026. The United States filed its response to PLG's motion on December 3, 2025. [D.E. 727]. On December 19, 2025, PLG filed its reply in support of the motion. [D.E. 789]. The motion is fully briefed and ripe for the Court to decide.

<u>PLG's Motion to Strike Dr. Goodman's Corrected Summary Tables</u>

Julie Goodman, Ph.D., DABT, FACE, ATS, is the United States' general causation expert for each of the five Track 1 illnesses. Appended to each of her five reports were summary tables, which provided information to the Court on the hundreds of studies that Dr. Goodman considered in rendering her opinions. PLG pointed out several errors in Dr. Goodman's summary tables at her deposition and in their motion to exclude her under Rule 702, which Dr. Goodman corrected as required by Rule 26(e). The United States offered to make Dr. Goodman available for a deposition to address the corrections, but PLG has not responded to that offer. PLG wrongly contends that Dr. Goodman's corrections constitute new and untimely opinions and moved to strike the corrections. *See generally* D.E. 724. Dr. Goodman's corrected tables do not constitute new opinions, and striking them is unwarranted under Fed. R. Civ. P. 37 and the *Akeva* factors. The Court granted the United States' unopposed motion for an extension of time and of pages to respond. [D.E. 727.] The United States' response arguing, among other issues, that PLG's motion is legally unfounded and seeks the extreme and disproportionate sanction was filed on December

10, 2025.

On December 22, 2025, PLG filed a motion for leave to file a reply to its Motion to Strike, which the United States opposed. The Court granted PLG's motion on December 23, 2025. PLG filed its reply brief on December 30, 2025.

Final Deadline for Expert Supplementation for Track 1

The United States also plans to raise, and is willing to work with PLG on, a proposal to establish a final deadline for expert report supplementation. The proposal would create a firm supplementation deadline for expert opinions. The opening *Daubert* and summary judgment motions filed on September 10, 2025, underscore the importance of this proposal, as it will ensure that the Parties' briefing and any evidentiary hearings proceed on a stable record of expert opinions.

Settlement Discussions

The United States agrees that the Parties held an in-person meeting with the Settlement Masters on December 17, 2025, regarding resolution issues. The United States continues to participate in the global settlement process.

Missing Plaintiff Identifiers in Rubris

Pursuant to the Court's December 21, 2023, Order [D.E. 91], each plaintiff who has filed a Short Form Complaint is required to provide their complete date of birth and full Social Security Number to the United States. This information has previously been collected in Rubris, and the United States recently identified over 700 entries where this information appears incomplete or missing. PLG was notified. As of December 23, 2025, it is the United States understanding that 711 out of 793 of deficiencies have been resolved in Rubris, with 82 deficiencies remaining.

United States Marine Corps Digitization Project Update

Plaintiffs recently sought an update on the United States Marine Corps' ("USMC")

ongoing efforts to digitize certain microfilm, microfiche, and paper military records (the "Current Digitization Project"). In the United States' Second Supplemental Responses to Plaintiffs' First Set of Requests for Production, Request No. 3, the United States noted that it had produced certain muster roll documents from the National Archives and Record Administration totaling approximately 2 TB of native records on March 29, 2024. The United States also produced documents bearing Bates stamp CLJA_MUSTERROLLS01-0000000001-0000676209 from the USMC's 2013-2015 record digitization effort. The United States further responded, "hard copy muster rolls [are] available for inspection in Alexandria, Virginia, as offered to Plaintiffs by letter on November 4, 2023, and multiple times thereafter. The United States further reiterates that documents responsive to this request are being scanned as a part of a larger, ongoing digitization project with the United States Marine Corps."

The Current Digitization Project includes, but is not limited to, unit diaries, muster rolls, and individual service records *service-wide*, meaning most of the records are likely not specific to Camp Lejeune. USMC is currently scanning physical records and converting them to PDFs and sorting them into two overarching categories: "bulk records," which consist of unit diaries, muster rolls, and other organizational records; and "personnel records," which include individual service member records and other individualized records.

USMC has scanned approximately 13.7 TB of records out of an estimated 30 TB. Each individual PDF undergoes Optical Character Recognition as it is created. Of the 13.7 TB of records scanned thus far, USMC estimates that a substantial amount of the records are "bulk records" that would include muster rolls. Each file is saved with many muster rolls from across the Marine Corps based on their date of entry, and each PDF is named with the date of entry.

PLG filed a motion to compel scanned documents on December 2, 2025 (D.E. 730). In an

effort to resolve the issue, the United States offered the following compromise to PLG:

- Once a revised Protective Order has been entered by the Court to cover these records, PLG will have access to standard-quality records that have been scanned to date and may download the entirety of the standard-quality records currently in the repository for an estimated cost of $403.

- PLG may have access to the entire repository of standard-quality records again after the scanning project has been completed and the remaining records have been uploaded.

    o It will be difficult to distinguish between what is in the repository now and what will have been added since PLG's initial download. PLG therefore will likely need to download the entire repository again. The price of that download is unknown at this time.

- PLG will be required to produce any records it downloads to the United States at its expense, pursuant to the ESI Protocol.

The Parties jointly filed a Proposed Third Amended Stipulated Protective Order to cover these records on January 2, 2026. During the interim records review process, PLG has represented and agreed that any records downloaded by the PLG will be stored in a PLG-only database environment and will not be shared outside that environment unless and until the Parties reach further agreement, including additional Protective Order Provisions governing the records use and disclosure. Upon entry of the Proposed Third Amended Protective Order, the United States will provide PLG with access to the standard-quality records that have been scanned to date.

<u>Proposal for Track 2 Discovery</u>

The United States has conferred with PLG on the most efficient procedure for discovery on Track 2. The United States believes that resolving general causation issues for Track 2 diseases before conducting individual plaintiff discovery would be most efficient. [D.E. 156]. PLG has indicated that it will review the United States' proposal and confer regarding a discovery plan for Track 2. The United States is prepared to discuss this further whenever PLG is ready.

12

**(5) Any other issues that the parties wish to raise with the Court:**

The Parties have agreed to file separate summaries of the motions that are pending before the Court. The Parties' respective summaries appear below:

**The PLG's Summary:**

At present, a number of motions have been filed and are undecided. The full list and organization are set forth below:

I. **Phases II and III Motions On Application of Statutory Burden of Proof**
   Motions are Applicable to All Diseases and to Future Tracks

   a. United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539]

      i. PLG's Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Leask Likely As Not" Standard [D.E. 690]

      ii. United States' Reply to Response to Motion regarding Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 767]

   b. Plaintiffs' Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 567]
      i. United States' Response in Opposition to PLG's Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 664]

      ii. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 762]

II. **Phases II and III Expert/Illness Specific Motions**
    Motions are Applicable to Specific Illnesses as Categorized Below

    a. **Motions Not Limited to a Particular Illness**

       i. United States' Motion for Partial Summary Judgment concerning Dichloroethylene (all cases) [D.E. 520]

          1. PLG's Response in Opposition to Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E.715]

2. United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 742]

**b.** **Motions to Exclude General Causation Experts Who Opined as to Every Track 1 Case**

    i. Plaintiffs' Motion to Exclude Expert Dr. Michael J. McCabe, Jr. (all cases except Parkinson's) [D.E. 597]
        1. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 666]
        2. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 784]

    ii. Plaintiffs' Motion to Exclude Defense Expert Dr. Julie Goodman (all cases) [D.E. 621]
        1. United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.686]
        2. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.785]

    iii. Plaintiffs' Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 624]
        1. United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 670]
        2. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Lisa Bailey [D.E. 776]

**c.** **Motions with Common Legal Arguments**[1]

    i. United States' "Literature Review Motions" (all cases) [D.E. 584, 574, 541, 559, and part of 543]

    ii. United States' "Differential Etiology Motions" (all cases) [D.E. 586, 569, 557, 530, 533, 537, 553, and part of 543]

    iii. United States' "Threshold Association Motions" (all cases) [D.E. 547, 554, 582, 609]

    iv. United States' Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (bladder cancer and NHL/Leukemia) [D.E. 601]

---

[1] These motions also are listed more specifically under the individual disease categories below but the motions share common legal arguments and, therefore, may need to be decided jointly. The PLG's responses to motions are identified below in the specific disease categories.

14

**d. <u>Bladder Cancer Motions</u> (Hon. Richard E. Myers II)**

    **i. United States' Motions**

        1. Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Threshold Association Motion") [D.E. 582]

            a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.689]

            b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.752]

        2. Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Literature Review Motion") [D.E. 584]

            a. PLG's Response in Opposition to Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion") [D.E. 700]

            b. United States' Reply to Response to Motion regarding Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp [D.E. 751]

        3. Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Bladder Cancer Differential Etiology Motion") [D.E. 586]

            a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts from Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 691]

            b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for

Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 755]

4. Motion to Exclude Plaintiffs' Psychiatry Expert Dr. Haresh Tharwani [D.E. 594]

    a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychiatry Expert Dr. Haresh Tharwani [695]

5. Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 590] [predicated upon determinations in D.E. 582, 584, 586]

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Admissible Expert Testimony Fed. R. Civ. P. 56; L. Civ R. 56.1(a)(1) [D.E. 678]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 756]

6. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

    b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

7. United States' Motion to Seal Proposed Seal of Reply to Motion to Exclude Plaintiffs' Psychiatry Expert Dr. Haresh Tharwani [D.E. 754]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Max Kates filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 588]

    a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Max Kates [D.E. 673]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Max Kates [D.E. 783]

16

2. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612] (also applies to one kidney plaintiff)

   a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

3. Multi-Illness Motions at D.E. 597, 621, 624.

   a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively


e. **Kidney Cancer Motions** (Hon. Terrence W. Boyle)

   i. **United States' Motions**
      1. Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 524]

         a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 674]

         b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 757]


      2. Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases ("Kidney Cancer Differential Etiology Motion")[D.E. 569]

         a. PLG's Response in Opposition to Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 697]

         b. United States' Reply to Response to Motion regarding Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 759]

      3. Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 571]

         a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 671]

17

4. Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review Motion") [D.E. 574]

   a. PLG's Response in Opposition to Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 707]

   b. United States' Rely to Response to Motion regarding Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 768]

5. Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 609]

   a. PLG's Response in Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 687]

   b. United States' Reply to Response to Motion regarding Motion Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 761]

6. Motion for Summary Judgment (Kidney Cancer) [D.E. 611] (predicated upon determinations in D.E. 539, 569, 609)

   a. PLG's Response in Opposition to Motion for Summary Judgment (Kidney Cancer) [D.E. 677]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment (Kidney Cancer) [D.E. 766]

7. Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 605]

   a. PLG's Response in Opposition to Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 714]

   b. United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 758]

8. United States' Motion to Seal Proposed Seal of Reply to Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 765]

18

    ii. **Plaintiffs' Leadership Group's Motions**

        1. Motion to Exclude Defense Expert Dr. Walter Stadler [D.E. 599]

            a. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Walter Stadler [D.E. 665]

            b. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Walter Stadler [D.E. 779]

        2. Motion to Exclude Defense Expert Dr. Gail H. Vance, M.D. [D.E. 619]

            a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 663]

            b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 778]

        3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612] (also applies to two bladder cancer plaintiffs)

            a. PLG's Response in Opposition to 3.    Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

        4. Multi-Illness Motions at D.E. 597, 621, 624.

            a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

  f. **Parkinson's Disease Motions** (Hon. Louise W. Flanagan)

    i. **United States' Motions**

        1. Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman ("Parkinson's Literature Review Motion") [D.E. 541]

            a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 694]

            b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Parkinson's Disease Experts

19

Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 744]

2. Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska ("Parkinson's Literature Review and Differential Etiology Motion")[D.E. 543]

   a. PLG's Response in Opposition to Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 688]

   b. United States' Reply to Response to Motion regarding Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 747]

3. Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz and Richard Barbano ("Parkinson's PCE Daubert Motion") [D.E. 545]

   a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 693]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 745]

4. Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano ("Parkinson's Threshold Association Motion") [D.E. 547]

   a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa, and Richard Barbano [D.E. 682]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano [D.E. 746]

5. Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 549] (predicated upon determinations in D.E. 539, 541, 543, 545, 547).

   a. PLG's Response in Opposition to Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 701]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 748]

6. Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

   a. PLG's Response in Opposition to Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium Claim [D.E. 719]

   b. United States Reply to Response to Motion regarding Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 749]

ii. **Plaintiffs' Leadership Group's Motions**

1. Multi-Illness Motions at D.E. 597, 621, 624.

   a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

g. **Leukemia and Non-Hodgkins Lymphoma Motions** (Hon. James C. Dever III)

i. **United States' Motions**

1. Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek ("Leukemia Differential Etiology Motion – Gondek") [D.E. 530]

21

a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek (Leukemia) [D.E. 683]

b. United States' Reply to Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek [D.E. 750]

2. Motion to Exclude the Opinions of Damian Laber, M.D., FACP ("Leukemia Differential Etiology Motion – Laber") [D.E. 533]

   a. PLG's Response in Opposition to Motion to Exclude the Opinions of Damian Laber, M.D. [D.E. 692]

   b. United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Damian Laber, M.D., FACP [D.E. 743]

3. Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 537]

   a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 684]

   b. United States' Reply in Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher (Leukemia) [D.E. 771]

4. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology ("Leukemia Threshold Association Motion")[D.E. 553]

   a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 708]

   b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 770]

5. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(c) ("Leukemia/NHL Motion on Disease Synergy") [D.E. 555]

    a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.699]

    b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.772]

6. Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Federal Rule of Evidence 702(d) for Failing to Reliably Employ a Differential Etiology ("Leukemia/NHL Differential Etiology Motion") [D.E. 557]

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 696]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 773]

7. Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu ("Leukemia/NHL Literature Review Motion") [D.E. 559]

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 703]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 769]

8. Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 576] (predicated upon determinations in D.E. 530, 533, 535, 537, 539, 553, 555, 557, 559)

23

a. PLG's Response in Opposition to Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 675]

b. United States' Reply to Response to Motion regarding Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 760]

9. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]

a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Certain Opinions of Dr. Harry P. Erba filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 580]

a. United States' Response in Opposition to PLG's Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 667]

b. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 782]

2. Multi-Illness Motions at D.E. 597, 621, 624.

a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

## III. Other Pending Motions

a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156]

b. PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 721]

i. United States' Response in Opposition to PLG's Motion to Expedite Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 733]

24

      ii.  PLG's Reply to Response to Motion regarding Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 789]

   c.  PLG's Motion to Strike Dr. Julie Goodman's Untimely and Improper Supplemental Expert Reports [D.E. 724]

      i.  United States' Response in Opposition to Motion to Strike Dr. Julie Goodman's Untimely and Improper Supplemental Expert Reports [D.E. 740]

      ii.  PLG's Reply to Response to Motion regarding Motion to Strike Dr. Julie Goodman's Untimely and Improper Supplemental Expert Reports [D.E. 792]

   d.  PLG's Motion to Compel Defendant United States of America to Produce Digitized Muster Rolls [D.E. 730]

   e.  PLG's Motion to Strike Plaintiffs Leadership Group's Motion to Strike Dr. Bailey's Untimely General Causation Opinions [D.E. 787]

      i.  United States' Response in Opposition regarding Motion to Strike Plaintiffs Leadership Group's Motion to Strike Dr. Bailey's Untimely General Causation Opinions [D.E. 790]

   f.  Joint Motion for Entry of Third Amended Stipulated Protective Order [D.E. 796]

The PLG continues to believe the Court has many available mechanisms to resolve these motions efficiently. On November 12, 2025, the PLG set forth such a proposal in a Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials. [D.E. 721].

**United States' Summary:**

As discussed elsewhere, the United States believes that rulings on the threshold scientific issues of the levels of water contamination and general causation will promote further resolution of issues, not only for Track 1, but for future Tracks. The United States has also raised significant issues regarding specific causation and interpretation of the CLJA in its September 10, 2025, filings. Decisions on those issues will also promote global resolution. Only after the Court has ruled on these motions should the Parties proceed to trial of individual cases, if necessary. As articulated in the United States' response to PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials that was filed on December 3, 2025, this

25

is the most efficient path forward because it will likely save court resources for bench trials of individual cases that may be rendered unnecessary. Furthermore, the United States disagrees with PLG's prioritization, grouping, and in certain instances, characterizations of the pending motions.

*[Signatures follow on next page]*

DATED this 2nd day of January, 2026.

Respectfully submitted,

| | |
|---|---|
| */s/ J. Edward Bell, III* | BRETT A. SHUMATE |
| J. Edward Bell, III (admitted *pro hac vice*) | Assistant Attorney General |
| Bell Legal Group, LLC | Civil Division |
| 219 Ridge St. | |
| Georgetown, SC 29440 | JONATHAN GUYNN |
| Telephone: (843) 546-2408 | Deputy Assistant Attorney General |
| jeb@belllegalgroup.com | Torts Branch |
| *Lead Counsel for Plaintiffs* | |
| | BRIDGET BAILEY LIPSCOMB |
| */s/ Robin Greenwald* | Chief, Camp Lejeune Justice Act Section |
| Robin L. Greenwald (admitted *pro hac vice*) | |
| Weitz & Luxenberg, P.C. | HAROON ANWAR |
| 700 Broadway | SARA J. MIRSKY |
| New York, NY 10003 | Acting Assistant Directors |
| Telephone: 212-558-5802 | |
| rgreenwald@weitzlux.com | */s/ Adam Bain* |
| *Co-Lead Counsel for Plaintiffs* | ADAM BAIN |
| | Special Litigation Counsel |
| */s/ Elizabeth Cabraser* | Camp Lejeune Justice Act Section |
| Elizabeth Cabraser (admitted *pro hac vice*) | U.S. Department of Justice |
| LIEFF CABRASER HEIMANN & | P.O. Box 340, Ben Franklin Station |
| BERNSTEIN, LLP | Washington, D.C. 20044 |
| 275 Battery Street, Suite 2900 | E-mail: adam.bain@usdoj.gov |
| San Francisco, CA 94111 | Telephone: (202) 616-4209 |
| Phone (415) 956-1000 | |
| ecabraser@lchb.com | *Counsel for Defendant* |
| *Co-Lead Counsel for Plaintiffs* | *United States of America* |

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410

P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*