IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

IN RE:                                              )          **PLAINTIFFS' MEMORANDUM OF**
CAMP LEJEUNE WATER LITIGATION        )          **LAW IN SUPPORT OF**
                                                    )          **PLAINTIFFS' MOTION *IN LIMINE***
This Pleading Relates to:                      )          **TO PRECLUDE INAPPROPRIATE**
                                                    )          **OFFSET EVIDENCE**
ALL CASES                                       )

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. RELIEF SOUGHT ............................................................................................... 2

III. LEGAL STANDARDS ........................................................................................ 4

IV. BACKGROUND .................................................................................................. 4

V. ARGUMENT ....................................................................................................... 5

    A. Evidence of an award, payment, or benefit that has not already been provided to the Plaintiff as of the date of the Plaintiff's CLJA award is irrelevant. ................................................................................................... 6

    B. Evidence in support of an offset for an award, payment, or benefit not provided under the programs listed in the CLJA's Offset Provision, such as benefits paid by TRICARE or any other program administered by the Department of Defense, is irrelevant. .................................................. 9

    C. This Court should preclude Defendant from offering evidence in support of an offset for an award, payment, or benefit unless a Plaintiff seeks damages in the equivalent category of that award, payment, or benefit, and only up to the amount of claimed damages in that equivalent category, because otherwise there is no potential for double recovery. ............................. 10

        1. *Where a Plaintiff has not claimed damages in the same category as an award, payment, or benefit, no offset is warranted, because the Plaintiff does not stand to receive a double recovery.* ............................ 11

        2. *No offset for an award, payment, or benefit is warranted beyond the amount of damages Plaintiff claimed in that same category of compensation, because the Plaintiff does not stand to receive a double recovery beyond that claimed amount.* ......................................... 13

    D. Evidence of offsets for past medical expenses paid by the VA, Medicare, or Medicaid zero out corresponding damages and are thus irrelevant. ................ 15

VI. CONCLUSION ..................................................................................................... 17

i

# TABLE OF AUTHORITIES

**Cases**

*Brooks v. United States*,
337 U.S. 49 (1949)..................................................................................................10

*Brown v. United States*,
No. 3:17-cv-551, 2020 WL 6811121 (S.D. Miss. May 13, 2020)...........................8

*In re Camp Lejeune Water Litig.*,
719 F. Supp. 3d 486 (2024) ....................................................................................6

*In re Camp Lejeune Water Litig.*,
No. 7:23-cv-897, 2025 WL 3452434 (E.D.N.C. Dec. 1. 2025)...............................1

*Cawthorn v. Amalfi*,
35 F.4th 245 (4th Cir. 2022) ...................................................................................6

*Christopher v. United States*,
237 F. Supp. 787 (E.D. Pa. 1965) .........................................................................11

*Feeley v. United States*,
337 F.2d 924 (3d Cir. 1964)...............................................................................8, 11

*Feindt v. United States*,
No. 1:22-cv-00397, 2025 WL 1348465 (D. Haw. Aug. 7, 2025).......................7, 8

*G.T. v. Bd. of Educ. of the Cnty. of Kanawha*,
117 F.4th 193 (4th Cir. 2024)
(Wynn, J., concurring in part and dissenting in part)............................................6, 7

*Goodyear Atomic Corp. v. Miller*,
486 U.S. 174 (1988) ...............................................................................................13

*Jackson v. Home Depot U.S.A., Inc.*,
880 F.3d 165 (4th Cir. 2018) .................................................................................13

*Lawson v. United States*,
454 F. Supp. 2d 373 (D. Md. 2006) .........................................................................7

*Lawson v. United States*,
No. RWT 03-CV-884, 2007 WL 9782519 (D. Md. Mar. 30, 2007)........................4

*Molzof v. United States*,
502 U.S. 301 (1992)..................................................................................................8

i

*Pike v. United States*,
    652 F.2d 31 (9th Cir. 1981) ..................................................................................11

*Reyes-Gaona v. N.C. Growers Ass'n*,
    250 F.3d 861 (4th Cir. 2001) ..................................................................................9

*Simms v. United States*,
    No. 3:11-0932, 2017 WL 3317417 (S.D. W.V. Aug. 3, 2017)...................................8

*Sloas v. CSX Transp. Inc.*,
    616 F.3d 380 (4th Cir. 2010) ......................................................................4, 10, 13

*Ulrich v. Veterans Admin. Hosp.*,
    853 F.2d 1078 (2d Cir. 1988)...............................................................................8, 11

*United States v. Drake*,
    64 F.4th 220 (4th Cir. 2023) ..................................................................................6

*United States v. Perkins*,
    67 F.4th 583 (4th Cir. 2023) ..................................................................................13

*Vanhoy v. United States*,
    Civ. A. No. 03-1090, 2006 WL 3093646 (E.D. La. Oct. 30, 2006) ...........................4

**Statutes**

5 U.S.C. § 5570(c) ......................................................................................................12

5 U.S.C. § 8102a(c) ....................................................................................................12

5 U.S.C. § 8116(d)(2) .................................................................................................12

22 U.S.C. § 3304(a)(15)(A) ........................................................................................12

34 U.S.C. § 20102 (e) .................................................................................................12

38 U.S.C. § 1151(b)(1) ...............................................................................................12

38 U.S.C. § 1155 ........................................................................................................11

42 U.S.C. § 247d-6d(e)(7)(A) .....................................................................................12

42 U.S.C. § 2000e-5(g)(1) ..........................................................................................12

Camp Lejeune Justice Act ................................................................................. *passim*

Federal Tort Claims Act..............................................................................................11

Individuals with Disabilities Education Act ..................................................................7

**Court Rules**

Fed. R. Evid. 401 ................................................................................................ *passim*

Fed. R. Evid. 402 .....................................................................................4, 9, 10

Fed. R. Evid. 403 .....................................................................................4, 9, 10

**Other Authorities**

Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* (2012) ...................................................................................................9

TRICARE, *About Us*, https://tricare.mil/About (last updated Nov. 6, 2025)...........................1, 10

TRICARE, *Eligibility*, https://tricare.mil/Plans/Eligibility (last updated Feb. 28, 2025)...................................................................................................10

*Veterans Affairs and TRICARE*, https://www.apta.org/your-practice/payment/va-and-tricare (last visited Jan. 24, 2026) ......................................................................................10

**Regulations**

28 C.F.R. § 104.47(a)...........................................................................................12

## I. __INTRODUCTION__

The Camp Lejeune Justice Act (the "CLJA") contains a provision that offsets an award made to an individual or his legal representative under the CLJA in certain circumstances (the CLJA's "Offset Provision"). *See* Pub. L. No. 117-168, § 804(e)(2), 136 Stat. 1759, 1802–04 § 804(e)(2). The text of the CLJA's Offset Provision is limited and specific. Congress limited CLJA offsets to three categories of compensation a Plaintiff already received from particularized government programs in connection with health care or a disability relating to exposure to the water at Camp Lejeune.

Plaintiffs do not deny that these offsets apply. Indeed, in large part, Plaintiffs chose not to pursue damages that would be subject to such offsets because of their application. But Defendant seeks to rewrite the CLJA to apply the Offset Provision beyond its terms, including to speculative future benefits, to unenumerated programs like TRICARE, and to damages for which there is no risk of double recovery. These inappropriate offsets are not permitted under the CLJA and would leave Plaintiffs under-compensated for their injuries. Plaintiffs seek for the CLJA's text to be applied as written, to prevent double recovery.

Plaintiffs sought stipulations on these issues, but Defendant would not agree. *See* Ex. A (Tr. of Dec. 3, 2025 Status Conference) at 9:19-23, 25:10-14. The Court permitted Plaintiffs to file this motion *in limine* now to save the parties and the Court time and expense with respect to the damages phase of the case and at trial. *See id.* at 25:3-5, 26:15-17. Resolving these issues now will avoid the parties and the Court spending significant resources on what Plaintiffs believe to be unnecessary disputes in upcoming expert depositions, ongoing resolution discussions, continued motions practice, and at trial. Thus, in order to "avoid injecting into trial matters which are irrelevant, inadmissible, or unfairly prejudicial," *In re Camp Lejeune Water Litig.*, No. 7:23-cv-897, 2025 WL 3452434, at *1 (E.D.N.C. Dec. 1. 2025) (citation omitted), Plaintiffs

respectfully request that the Court rule on Plaintiffs' motion *in limine* to preclude the introduction of such evidence with respect to the disputed offset issues below.

Plaintiffs' present motion is based on the text of the CLJA, and does not rely on, or ask the Court to decide, any arguments concerning the reliability or admissibility of evidence on other grounds including, without limitation, the rules governing the admissibility of expert testimony, which are not yet ripe while expert discovery on damages remains open.[1] Plaintiffs expressly reserve all rights to seek exclusion of evidence on other grounds at a later stage, including through a motion for partial summary judgment supported by a full factual record and expert testimony. Such arguments and evidence are not presented here but will be in the event the Court declines to grant the present motion *in limine* in whole or in part.

## II.  RELIEF SOUGHT

Based on the discovery that has occurred with respect to offsets and damages to date, it is clear Defendant intends to introduce irrelevant evidence in support of purported offsets to which it is not entitled under the terms of the CLJA in an attempt to defray liability. Continued argument, introduction, and use of this irrelevant evidence will waste considerable time and resources of both the Court and the parties, and cause undue prejudice to the Plaintiffs. Plaintiffs respectfully request that the Court preclude Defendant from offering the following four categories of evidence on the grounds that evidence of offsets on these bases is irrelevant to this litigation and prejudicial to the Plaintiffs under the text of the CLJA's Offset Provision.

---

[1] *Daubert* and summary judgment briefing on damages and offsets will occur after the period for expert depositions concludes on March 5, 2026. D.E. 630. Should this motion *in limine* be denied or remain pending at that time, both parties will spend considerable time on *Daubert* and summary judgment motions substantively addressing the irrelevant evidence that is the subject of this motion. Deciding the evidentiary issues raised herein before those motions are due will avoid much of that time and expense and prevent unnecessary motions practice before the Court.

**First**, this Court should preclude Defendant from offering evidence of any award, payment, or benefit that has not already been provided to the Plaintiff at the time an award is made. Specifically, this would preclude evidence of any award, payment, or benefit the Defendant contends the Plaintiff will receive in the future.

**Second**, this Court should preclude Defendant from offering evidence in order to prove an offset for any award, payment, or benefit which was not provided to a Plaintiff under the three programs listed in the CLJA's Offset Provision: "(i) any program under the laws administered by the Secretary of Veterans Affairs ["VA"]; (ii) the Medicare program under title XVIII of the Social Security Act (42 U.S.C. 1395 *et seq.*); or (iii) the Medicaid program under title XIX of the Social Security Act (42 U.S.C. 1396 *et seq.*)." CLJA § (e)(2)(A). For example, Defendant should be precluded from offering evidence in support of an offset for an award, payment, or benefit provided by or through TRICARE, which is administered by the Department of Defense.

**Third**, this Court should preclude Defendant from offering evidence supporting an offset to be applied against anything other than the equivalent category of claimed damages, or in an amount beyond the amount of equivalent claimed damages. These are the only damages for which there is any potential for double recovery. Thus, for example, VA disability benefits should not be offset against damages for pain and suffering. As this Court has noted, "VA benefits and potential tort damages differ in kind, not degree." [D.E. 227] at 18.

**Fourth** and finally, this Court should preclude both parties from offering evidence of a Plaintiff's past medical expenses that were paid by the government programs listed in the CLJA's Offset Provision (programs administered by the VA, Medicare, and Medicaid). Such damages and corresponding offsets will always match and zero out. Because any recovery for past medical expenses paid by the programs listed in the CLJA Offset Provision will be offset in

full, the exact amount of such past medical expenses is irrelevant, and any disputes about such amounts will waste the time and resources of the parties and the Court. Precluding such irrelevant evidence will avoid such unnecessary time, expense, and disputes.

## III.  LEGAL STANDARDS

Evidence is relevant if it (a) "has any tendency to make a fact more or less probable than it would be without the evidence;" and (b) "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Furthermore, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of, *inter alia*, confusing the issues, undue delay, or wasting time. Fed. R. Evid. 403.

A claim of an offset to a damages award is an affirmative defense to liability for the damages award, and Defendant bears the burden of proving the existence, amount, and applicability of any offset. *See, e.g.*, *Vanhoy v. United States*, Civ. A. No. 03-1090, 2006 WL 3093646, at *8 (E.D. La. Oct. 30, 2006) ("The issue of whether the Government is entitled to an offset is an affirmative defense on which the Government bears the burden of proof."). Defendant must "demonstrat[e] that the denial of an offset would provide [the plaintiff] with double payment" for damages awarded on the same basis. *Sloas v. CSX Transp. Inc.*, 616 F.3d 380, 389 (4th Cir. 2010). "[J]ust as a plaintiff is required to prove damages with reasonable certainty, no less should be required of a defendant seeking an offset." *Lawson v. United States*, No. RWT 03-CV-884, 2007 WL 9782519, at *3 (D. Md. Mar. 30, 2007).

## IV.  BACKGROUND

The CLJA states:

HEALTH AND DISABILITY BENEFITS RELATING TO WATER EXPOSURE.—Any award made to an individual, or legal representative of an individual, under this section shall be offset by the amount of any disability award, payment, or benefit provided to the individual, or legal representative—
    (A) under—

4

> (i) any program under the laws administered by the Secretary of Veterans Affairs;
>
> (ii) the Medicare program under title XVIII of the Social Security Act (42 U.S.C. 1395 et seq.); or
>
> (iii) the Medicaid program under title XIX of the Social Security Act (42 U.S.C. 1396 et seq.); and
>
> (B) in connection with health care or a disability relating to exposure to the water at Camp Lejeune.

CLJA § (e)(2) (the "Offset Provision").

In line with relevant caselaw cited below, Plaintiffs understand the Offset Provision in the CLJA as intended to prevent double recovery, *i.e.* if a Plaintiff has already received an award, payment, or benefit for a particular type of damage (*e.g.*, VA-funded medical care), then that Plaintiff's claimed damages for that same category of award, payment, or benefit should be offset by the amounts already received. Defendant interprets the provision as going much further—as providing offsets against a Plaintiff's total award even without the risk of double recovery, such as for damages Plaintiffs do not seek, or for damages where Plaintiffs have not even received a corresponding benefit. Substantial time and expense have already been incurred addressing these claimed offsets through discovery, and additional time and expense will continue to be spent unless this Court rules to preclude this irrelevant evidence of inapplicable offsets.[2]

## V.    **ARGUMENT**

This Court should preclude Defendant from offering evidence of any payment, award, or benefit that is irrelevant under the text of the CLJA's Offset Provision, as specified below.

---

[2] As previously indicated, Plaintiffs have attempted for almost a year now to resolve these issues through stipulations and continued discussions. However, the Defendant has held firm that it is unable to stipulate to such matters. The Court therefore allowed, and encouraged, this motion to address these claims. *See* Ex. A (Tr. of Dec. 3, 2025 Status Conference) at 9, 26.

## A. **Evidence of an award, payment, or benefit that has not already been provided to the Plaintiff as of the date of the Plaintiff's CLJA award is irrelevant.**

The CLJA's Offset Provision applies to "the amount of any disability award, payment, or benefit *provided*" under specified government programs. CLJA § (e)(2) (emphasis added). Because the CLJA does not define "provided," the Court's initial inquiry should begin with the text and the plain meaning of "provided." *In re Camp Lejeune Water Litig.*, 719 F. Supp. 3d 486, 491 (2024). It is a "straightforward principle of grammar" and an "elementary rule of conjugation" that "[t]he past tense is backward-looking; it refers to things that have already happened, not those yet to come." *Cawthorn v. Amalfi*, 35 F.4th 245, 258 (4th Cir. 2022) (citation omitted) (holding that the 1872 Amnesty Act, which removed penalties "imposed" on rebels and insurrectionists, applied only to those who were penalized before the passage of the act); *see also United States v. Drake*, 64 F.4th 220, 227 (4th Cir. 2023) (concluding that use of the past tense "was" limits the Hyde Amendment to contemplation of the government's position regarding available evidence at the time of prosecution). Defendant now asserts offsets for amounts it contends will be paid to certain Plaintiffs in the future, even though Defendant acknowledged previously that it is entitled to offsets only for amounts already paid. In Defendant's fifth affirmative defense in its Answer to the Master Complaint, Defendant stated: "The United States' liability, if any, is subject to appropriate offsets for services or care which the government *has already paid*." [D.E. 50] at 50 (emphasis added).

The Fourth Circuit has confirmed that this principle of interpreting the past tense as backward-looking applies even if there is a "substantial risk" that the condition at issue will occur in the future. *See G.T. v. Bd. of Educ. of the Cnty. of Kanawha*, 117 F.4th 193, 213 (4th Cir. 2024) (Wynn, J., concurring in part and dissenting in part) (discussing the "majority opinion's view that students cannot proactively seek injunctive relief" under statute). In

*Kanawha*, the court considered alleged violations of the Individuals with Disabilities Education Act (IDEA), which instructs courts to ask whether the violations "caused" a deprivation to or "impeded" a child's education. *Id.* at 207 n.9. Because IDEA "operates in the past tense," the court rejected the dissent's contention that IDEA allows relief for "a substantial risk" of depriving a child of appropriate education. *Id.*

Likewise, the CLJA Offset Provision applies only to an award, payment, or benefit that was "provided" to Plaintiffs—not benefits that the Plaintiffs may receive (or even have a substantial chance of receiving) in the future based on their current eligibility. Because the text of the CLJA's Offset Provision is limited to awards, payments, or benefits "provided" to Plaintiffs in the past tense, and the plain meaning of an award, payment, or benefit "provided" is one already provided in the past, the Court may end its analysis there and exclude evidence of potential future benefits.

Congress could have chosen to require offsets for future benefits that Plaintiffs were eligible for at the time of an award, but did not. Congress's intentional omission of offsets for speculative future benefits is logical, fair, and in line with court precedent. The possibility of a future award, payment, or benefit, including the possibility that Plaintiffs may use medical care at the VA in the future, is too speculative to fairly offset compensatory damages. "An offset based on speculative benefits would be an injustice." *Lawson v. United States,* 454 F. Supp. 2d 373, 415 (D. Md. 2006) (finding future TRICARE coverage too speculative to offset tort damages even though plaintiff stated an express intent to remain with the military until retirement age). Thus, even when courts recognize a "risk of a double recovery" from future benefits, courts have refused to offset based on such potential future benefits because they remain uncertain. Among other reasons, benefits programs may change. *See, e.g.*, *Feindt v.*

*United States*, No. 1:22-cv-00397, 2025 WL 1348465, at *54 (D. Haw. Aug. 7, 2025) (declining to reduce damages award due to potential TRICARE coverage because such coverage "is too speculative because the TRICARE program may be subject to change in the future"); *Brown v. United States*, No. 3:17-cv-551, 2020 WL 6811121, at *11 (S.D. Miss. May 13, 2020) (concluding future TRICARE benefits "are too speculative to provide the basis for any reduction of or offset" against awards such as future medical expenses because "there is no guarantee that the program will continue to exist, or that will continue to exist in its current form, for the remainder of [the plaintiff's] life expectancy"); *Simms v. United States*, No. 3:11-0932, 2017 WL 3317417, at *5 (S.D. W.V. Aug. 3, 2017) (rejecting the government's argument that the plaintiff's damages award should be offset for future Medicaid benefits plaintiff was likely to receive "to a reasonable degree of certainty" because of possibility that Medicaid coverage could change in the future).

Courts have also recognized that veterans may not seek future medical care from government providers. *Ulrich v. Veterans Admin. Hosp.*, 853 F.2d 1078, 1084 (2d Cir. 1988) (a veteran "is not obligated to seek medical care from the party whose negligence created his need for such care simply because that party offers it without charge," but rather retains the "right to select a doctor or private hospital of his own choice for future medical needs"); *see also Feeley v. United States*, 337 F.2d 924, 934–35 (3d Cir. 1964); *Feindt*, 2025 WL 1348465, at *54. This is true even where the plaintiff has used VA services in the past and is "satisfied" with them. *Molzof v. United States*, 502 U.S. 301, 303, 312 (1992).

For these reasons and more, offsets based on speculative future benefits are imprecise and unjust. This Court should honor Congress's decision to limit offsets under the CLJA to awards, payments, or benefits already "provided" and preclude Defendant from offering evidence of

potential future awards, payments, or benefits as irrelevant and prejudicial under Federal Rules of Evidence 401, 402, and 403.[3]

**B.** **Evidence in support of an offset for an award, payment, or benefit not provided under the programs listed in the CLJA's Offset Provision, such as benefits paid by TRICARE or any other program administered by the Department of Defense, is irrelevant.**

The Offset Provision specifies that awards made under the CLJA may be "offset by the amount of any disability award, payment, or benefit" provided under "any program under the laws administered by the Secretary of Veterans Affairs," "the Medicare Program," or "the Medicaid Program." CLJA § (e)(2). Where, as here, Congress delineates a specific list, courts should not read additional items into the statute's specified list. "[T]he doctrine of *expressio unis est exclusio alterius* instructs that where a law expressly describes a particular situation to which it shall apply, what was omitted or excluded was intended to be omitted or excluded." *Reyes-Gaona v. N.C. Growers Ass'n*, 250 F.3d 861, 865 (4th Cir. 2001); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* at 107 (2012) ("The expression of one thing implies the exclusion of others."). Thus, evidence of awards, payments, or benefits under programs not listed in the Offset Provision is outside the scope of the CLJA and irrelevant to an award of CLJA damages.

Certain Plaintiffs received benefits under TRICARE.[4] TRICARE is a form of government-sponsored health insurance, available to active duty service members (and temporarily to those recently separated from active duty), eligible reservists, military retirees, and their family

---

[3] As previously noted, should the statutory arguments set forth herein be rejected, Plaintiffs expressly reserve all rights to seek exclusion of the evidence addressed herein on other grounds at a later stage, including through a motion for partial summary judgment supported by a full factual record and expert testimony once expert discovery is closed. This applies to all categories of evidence discussed in this motion.
[4] CHAMPUS, a previously existing analogous program, evolved into TRICARE in 1994.

members.[5] TRICARE is administered by the Secretary of Defense, not by the Secretary of Veterans Affairs.[6] It is a separate program from Medicare and Medicaid. Congress did not list TRICARE in the CLJA's Offset Provision, and therefore TRICARE is not a basis for offsets under the CLJA. Accordingly, any evidence of an alleged offset for amounts paid under TRICARE or other government programs not listed in the Offset Provision are not "of consequence in determining" the amount or applicability of any offset available under the CLJA, and the introduction of such evidence for offset purposes should be precluded as irrelevant and prejudicial. Fed. R. Evid. 401, 402, 403.

C. **This Court should preclude Defendant from offering evidence in support of an offset for an award, payment, or benefit unless a Plaintiff seeks damages in the equivalent category of that award, payment, or benefit, and only up to the amount of claimed damages in that equivalent category, because otherwise there is no potential for double recovery.**

This Court should preclude Defendant from offering evidence of offsets for the irrelevant purpose of offsetting anything other than the equivalent category and amount of claimed damages. The purpose of an offset is to prevent double recovery for the same damages. *See Brooks v. United States*, 337 U.S. 49, 54 (1949). Therefore, courts apply offsets only to and against the equivalent category of claimed damages, up to the amount of claimed damages in that equivalent category. *See, e.g.*, *Sloas*, 616 F.3d at 388–89 (explaining that the defendant seeking the offset bears the burden of "demonstrating that the denial of an offset would provide [the plaintiff] with double payment for his past lost wages").

---

[5] TRICARE, *Eligibility*, https://tricare.mil/Plans/Eligibility (last updated Feb. 28, 2025).
[6] TRICARE, *About Us*, https://tricare.mil/About (last updated Nov. 6, 2025) ("TRICARE is managed by the Defense Health Agency under leadership of the Assistant Secretary of Defense (Health Affairs)."); Am. Physical Therapy Ass'n, *Veterans Affairs and TRICARE*, https://www.apta.org/your-practice/payment/va-and-tricare (last visited Jan. 24, 2026) ("The Department of Veterans Affairs oversees the Veterans Health Administration" while "TRICARE is a civilian network administered by the U.S. Department of Defense[.]").

1. ***Where a Plaintiff has not claimed damages in the same category as an award, payment, or benefit, no offset is warranted, because the Plaintiff does not stand to receive a double recovery.***

In the context of the Federal Tort Claims Act ("FTCA"), courts limit offsets (sometimes referred to as "setoffs") "only [to] those elements for which the veterans benefits were intended to compensate." *Pike v. United States*, 652 F.2d 31, 34 (9th Cir. 1981). In *Pike*, the court held that no setoff was appropriate where a decedent's children received veterans' benefits covering dependency and indemnity but the award they received was for other damages, such as loss of companionship and mental anguish. *Id.*; *see also Feeley*, 337 F.2d at 934 (explaining that "the value of Veterans' Administration hospital care cannot be offset against other items of damages such as pain and suffering"); *Ulrich*, 853 F.2d at 1082–83 (refusing to set off VA benefits against pain and suffering award because VA benefits are not the "equivalent" of pain and suffering damages).

There is no basis to apply the CLJA's Offset Provision differently. As this Court has already noted, "VA benefits and potential tort damages differ in kind, not degree." [D.E. 227] at 18. Thus, in order to serve their purpose of preventing double recovery, any offsets may be applied only to the equivalent category as the damages claimed by the Plaintiffs (if claimed at all), otherwise the risk of double recovery does not exist.

For example, VA disability compensation is based upon "average impairments of earning capacity" across veterans. 38 U.S.C. § 1155. Thus, VA disability benefits provided to Plaintiffs may offset only damages for lost earning capacity, and not other damages categories such as pain and suffering. Multiple courts have recognized this principle. *See Ulrich*, 853 F.2d at 1083 (declining to offset plaintiff's pain and suffering damages with VA disability benefits because VA benefits "are intended to compensate a veteran for his loss of earning capacity, not for pain and suffering"); *Christopher v. United States*, 237 F. Supp. 787, 799 (E.D. Pa. 1965) ("Certainly

pain and suffering has no bearing on what disability rating a Veteran will receive and could not be construed to be a duplication of benefits."). By the same reasoning, it would be inappropriate here to apply the amount of VA disability benefits as an offset against other categories of damages, such as out-of-pocket medical expenses previously incurred by a Plaintiff or any other category of damages that would not constitute double compensation for the same harm compensated by the VA disability benefits.

This principle follows from the text of the CLJA's Offset Provision. The term "offset" is a legal term of art given meaning by a substantial body of statutory and common law. Had Congress intended to differentiate CLJA offsets from the common law meaning of the term of art it chose, it would have done so, as it has in other statutes. For example, regarding injuries connected to medical malpractice under VA care, Congress provided:

> Where an individual is . . . awarded a judgment against the United States in a civil action brought pursuant to section 1346(b) of title 28 or . . . enters into a settlement or compromise under section 2672 or 2677 of title 28 by reason of a disability or death treated pursuant to this section as if it were service-connected, then . . . no benefits shall be paid to such individual for any month beginning after the date such judgment, settlement, or compromise on account of such disability or death becomes final until the *aggregate amount of benefits* which would be paid but for this subsection equals the *total amount included in such judgment, settlement, or compromise*.

38 U.S.C. § 1151(b)(1) (emphasis added). There are numerous examples of Congress authorizing broader reductions like this.[7] Importantly, such statutes do not use the terms "offset" or "setoff" to describe this flat reduction. Instead, the statutes explicitly articulate an intention to go beyond avoiding double recovery and instead provide for a flat reduction to benefits in light of an award,

---

[7] *See also* 34 U.S.C. § 20102 (e); 42 U.S.C. § 2000e-5(g)(1); 42 U.S.C. § 247d-6d(e)(7)(A); 5 U.S.C. § 8116(d)(2); 5 U.S.C. § 8102a(c); 5 U.S.C. § 5570(c); 22 U.S.C. § 3304(a)(15)(A); 28 C.F.R. § 104.47(a).

or vice versa, effectively negating part or all of an award at trial. Those statutes explicitly limit a plaintiff's recovery below what would ordinarily be recoverable under tort law.

Congress could have used similar language in the CLJA, but did not. "As a matter of statutory construction, federal courts 'presume that Congress is knowledgeable about existing law pertinent to the legislation it enacts.'" *United States v. Perkins*, 67 F.4th 583, 611 (4th Cir. 2023) (quoting *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184–85 (1988), and citing other cases); *see also Jackson v. Home Depot U.S.A., Inc.*, 880 F.3d 165, 171 (4th Cir. 2018) ("When Congress uses a term with a well-established meaning, we presume—absent evidence otherwise—that Congress intends to adopt that meaning, because Congress is presumed to be aware of judicial interpretations."). Because Congress chose to reference offsets in the CLJA without the language it has used elsewhere to override the common category-specific application of offsets to avoid double recovery, Congress intended to adopt the category-specific meaning of "offset" used in FTCA and other cases. Therefore, evidence about awards, payments, or benefits that are not proven to create a risk of double recovery based on the damages a Plaintiff might recover under the CLJA are not "of consequence in determining" appropriate offsets under the CLJA, running afoul of Fed. R. Evid. 401. Any such evidence is irrelevant, prejudicial, and should be excluded.

> ### 2. *No offset for an award, payment, or benefit is warranted beyond the amount of damages Plaintiff claimed in that same category of compensation, because the Plaintiff does not stand to receive a double recovery beyond that claimed amount.*

In order for an offset to apply, Defendant must "demonstrate[e] that the denial of an offset would provide [the plaintiff] with double payment" for damages awarded on the same basis. *Sloas*, 616 F.3d at 389 (4th Cir. 2010). To show that a Plaintiff would receive a double payment absent an offset, Defendant must prove not only that the Plaintiff already received an award, payment, or benefit for the same category of compensation as part of Plaintiff's claimed

damages, but also the *amount* of that award, payment, or benefit. A double recovery could be possible *only up to the amount* of damages a Plaintiff has claimed in a certain category for which that Plaintiff already received an award, payment, or benefit from one of the programs listed in the CLJA's Offset Provision. Evidence of any *further* payments made by the government on behalf of a Plaintiff beyond the Plaintiff's corresponding damages do not prove any double recovery, and is thus irrelevant and should be excluded. Defendant may not offer evidence of purported offset amounts beyond a Plaintiff's equivalent claimed damages in order to offset *other* categories of damages, as Defendant cannot prove any double compensation in that scenario.

Excluding this evidence would apply the CLJA's Offset Provision fairly and as Congress intended. For example, consider a Plaintiff who (i) received medical care paid for by Medicare, (ii) also received medical care paid for by private insurance, and (iii) incurred out-of-pocket costs for medical care not covered by Medicare or private insurance. By the CLJA's terms, any Medicare costs that Plaintiff sought as damages would be offset by the amount Medicare paid, to avoid double compensation for that care. However, if that Plaintiff did not seek to recover damages based on medical care paid by Medicare, then there would be no risk of double recovery, and evidence in support of an offset based on the Medicare-paid medical expenses would be irrelevant. Moreover, even if that Plaintiff did seek damages based on medical care paid by Medicare, and Defendant presented evidence of a greater *amount* of Medicare offsets than that Plaintiff's claimed Medicare damages, that additional offset amount asserted by Defendant could not offset any *amount* greater than the corresponding *amount* of Medicare damages sought by the Plaintiff. (As discussed in § V.C.1 above, it also could not be applied to offset *other* category of damages at all.) A Medicare offset may be applied only against

Medicare-based damages, as the extent to which evidence of Medicare payments may prove a double recovery is inherently limited to the *amount* of Medicare-paid expenses the Plaintiff seeks to recover, and such an offset should not apply against costs covered by a private insurer or expenses paid by the Plaintiff himself. To apply the statute otherwise would leave that Plaintiff under-compensated for the non-Medicare medical expenses incurred and provide Defendant with a credit against an amount it has not already paid.

In accordance with the CLJA's text, caselaw, logic, and fairness, the Court should preclude Defendant from presenting evidence of an award, payment, or benefit in support of an alleged offset unless both the category *and amount* of that particular award, payment, or benefit would be duplicated in Plaintiff's damages absent the offset. Allowing Defendant to present evidence of benefits received without this limitation would not serve the CLJA's purpose of preventing double recovery and inappropriately offset damages beyond what the statute allows.

### D. Evidence of offsets for past medical expenses paid by the VA, Medicare, or Medicaid zero out corresponding damages and are thus irrelevant.[8]

There is no dispute that the CLJA allows for offsets for past medical expenses paid by the VA, Medicare, or Medicaid relating to Track 1 illnesses. Plaintiffs do not argue that they may receive damages for past medical expenses covered by the programs identified in the CLJA's Offset Provision. Rather, pursuant to the Offset Provision, those past medical expense damages should be offset dollar for dollar, thereby zeroing out those damages, regardless of the amount. For this reason, the exact amount of past medical expenses provided by the VA, Medicare, or Medicaid relating to Track 1 illnesses should not impact a Track 1 Plaintiff's damages award one

---

[8] This section does not address VA disability benefits. Plaintiffs expressly reserve all rights to seek exclusion of evidence—including evidence of past medical expenses and VA disability benefits—at a later stage, including through a motion for partial summary judgment supported by a full factual record and expert testimony once expert discovery is closed.

way or the other. Evidence of such expenses is therefore irrelevant and both parties should be precluded from offering those amounts at trial either as damages or as offsets because they zero one another out. *See* Fed. R. Evid. 401 (facts are not relevant if they are not "of consequence in determining the action").

Excluding evidence of medical expenses that the parties do not dispute must be offset under the CLJA will save the parties and the Court time and expense at expert depositions and trial. For example, the parties need not waste resources disputing the exact amount of medical expenses incurred on behalf of a Plaintiff but paid by Medicare because the value of the damages incurred by a Plaintiff and the value of the offset credited to Defendant for those expenses will be equal, canceling each other out and resulting in a net-zero change to Plaintiff's overall damages award. Rather than the parties deposing each other's experts or engaging in other discovery to probe this irrelevant difference, or presenting competing evidence of differing amounts of VA, Medicare, or Medicaid payments at trial, this evidence should be excluded altogether as irrelevant to a Plaintiff's ultimate damages award.

Evidence regarding past medical expenses subject to the CLJA Offset Provision should also be excluded to avoid any prejudice to the Plaintiff. Offsets for such past medical expenses should not offset claims for any other types of damages. As explained above, *supra* § IV.C, offset evidence is relevant only to the equivalent category of claimed damages, and only to the extent necessary in order in order to serve the purpose of avoiding double recovery for the same damages. In some cases, because Plaintiffs recognized that claims for past medical expenses paid for by the VA, Medicare, or Medicaid would be entirely offset under the CLJA, Plaintiffs did not assert claims for such damages. Yet Defendant asserts offsets for such expenses even when Plaintiffs have not claimed such damages. But if Defendant were to successfully prove that it had

paid such expenses on a Plaintiff's behalf, Defendant's evidence in support of these offsets would also inherently prove, and serve as an admission, that Plaintiff suffered damages in the same amount, and zero out. Such evidence thus cannot impact Plaintiffs' ultimate damage award, and should be excluded. Likewise, even if Defendant presents evidence of medical expenses paid by the VA, Medicare, or Medicaid that purportedly exceed Plaintiffs' calculation of or claim for the same expenses, Defendant's evidence may not serve to offset *other* categories of Plaintiffs' damages—or even other past medical expenses not paid by the VA, Medicare, or Medicaid— because Defendant's proof of these offsets would be self-negating by proving dollar-for-dollar Plaintiffs' corresponding damages. After all, if Defendant's calculation of a Plaintiff's medical expenses paid by the VA, Medicare, or Medicaid is correct, then that Plaintiff in fact incurred that amount of damages (whether claimed in this case or not), and those damages necessarily balance out any offsets alleged by Defendant on this basis.

## VI.    <u>CONCLUSION</u>

In order to save the parties and the Court time and expense and to avoid prejudice, Plaintiffs respectfully request that the Court grant this motion *in limine* and preclude Defendant from offering evidence of any award, payment, or benefit immaterial to and/or outside of the scope of the CLJA Offset Provision. Specifically, Plaintiffs request that this Court preclude Defendant from offering evidence in support of offsets based on: (A) speculative future awards, payments, or benefits not already provided to the Plaintiff; (B) awards, payments, or benefits that were not provided under the programs listed in the CLJA's Offset Provision, such as TRICARE; and (C) the irrelevant purpose of offsetting any damages with no potential for double recovery, either (1) because the Plaintiff has not claimed any damages corresponding to the category of award, payment, or benefit for which the offset is asserted, or (2) because the amount of damages the Plaintiff seeks to recover are not duplicative of the specific award, payment, or benefit upon

which the offset is asserted. Plaintiffs also request (D) that this Court preclude both parties from offering evidence of past medical expenses paid by the VA, Medicare, or Medicaid in recognition that the effect of the CLJA Offset Provision is that those damages and the corresponding offsets necessarily zero out and are thus irrelevant to Plaintiffs' ultimate total damages awards.

Dated: January 27, 2026.

 /s/    J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com

*Lead Counsel for Plaintiffs*

 /s/    W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843 Raleigh, North
Carolina 27611 Telephone: (919) 529-3351
mike@dowlingfirm.com

*Co-Lead Counsel for Plaintiffs*

 /s/    James A. Roberts, III
James A. Roberts, III
Lewis & Roberts, PLLC
3700 Glenwood Ave., Ste. 410
Raleigh, NC 27612
Telephone: (919) 981-0191
jar@lewis-roberts.com

*Co-Lead Counsel for Plaintiffs*

 /s/    Elizabeth J. Cabraser
Elizabeth J. Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com

*Co-Lead Counsel for Plaintiffs*

 /s/    Robin L. Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

 /s/    Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina
28144 Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*

18