# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

_____

IN RE:                                    Case Number 7:23-CV-897

CAMP LEJEUNE WATER LITIGATION

_____


DECEMBER 3, 2025
STATUS CONFERENCE
BEFORE THE HONORABLE ROBERT B. JONES, JR.
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:


<u>On Behalf of the Plaintiffs</u>:

J. Edward Bell, III, Esquire
Jenna Butler, Esquire
A. Charles Ellis, Esquire
Mona Lisa Wallace, Esquire (Via Telephone)
Hugh Overholt, Esquire (Via Telephone)
Michael Dowling, Esquire (Via Telephone)
Jim Roberts, Esquire (Via Telephone)
Robin Greenwald, Esquire (Via Telephone)


<u>On Behalf of the Defendant</u>:

J. Adam Bain, Esquire
Michael Cromwell, Esquire
Joshua Carpenito, Esquire
Bridget Bailey Lipscomb, Esquire (Via Telephone)
Sara Mirsky, Esquire (Via Telephone)


Bobbie J. Shanfelder, RDR, CRR
Official Court Reporter
Bobbie_Shanfelder@nced.uscourts.gov

11:14:37AM 1 say they learned that offset information was inadvertently

11:14:40AM 2 not obtained.

11:14:42AM 3 　　　　　We just had a whole period of reopened

11:14:44AM 4 discovery. So that's the part that I don't know how much was

11:14:47AM 5 inadvertently not already produced to us. And I guess we

11:14:52AM 6 won't know until --

11:14:53AM 7 　　　　　THE COURT: And that's what's coming?

11:14:54AM 8 　　　　　MS. BUTLER: On the 15th. But then also they

11:14:58AM 9 want -- they say, additional supplementation. This is the

11:15:02AM 10 last sentence of that paragraph. "Additional supplementation

11:15:06AM 11 will eventually be required up to and through the point of

11:15:08AM 12 any potential trial damages awards." So they want to be able

11:15:14AM 13 to exceed the damages.

11:15:17AM 14 　　　　　So if we have to stop our Medicare claims 30

11:15:22AM 15 days before trial, they want to be able to continue to get an

11:15:26AM 16 offset beyond the amounts we are claiming. And it should be

11:15:33AM 17 tit for tat. It's to prevent a double recovery, not to allow

11:15:37AM 18 the Government to get a windfall.

11:15:39AM 19 　　　　　THE COURT: Why can't you stipulate to this?

11:15:41AM 20 　　　　　MS. BUTLER: We have tried. We have tried. We

11:15:45AM 21 have tried twice. We have sent multiple stipulations to the

11:15:48AM 22 Government, and that point has been declined for a

11:15:55AM 23 stipulation thus far.

11:15:56AM 24 　　　　　THE COURT: It sounds like information is

11:15:57AM 25 forthcoming. This is to the Government. Do you all foresee

| | |
|---|---|
| 11:37:13AM | 1 |
| 11:37:30AM | 2 |
| 11:37:35AM | 3 |
| 11:37:40AM | 4 |
| 11:37:46AM | 5 |

brewing discovery dispute on documents, I guess, at the VA.
But then there's another dispute on well are these categories
appropriately recoverable.  Sounds like you need relief from
the bench on that.  That's maybe a threshold issue.  So you
may want to file a motion to get some clarification.

6  　　　　　MS. BUTLER:  There are a number of threshold
7  issues that --

8  　　　　　THE COURT:  If you can't stipulate to them.
9  Again --

10 　　　　　MS. BUTLER:  That's where the dispute is on
11 these threshold issues, and a lot of them are statutory
12 interpretation.

13 　　　　　MR. CROMWELL:  Which is something we can't
14 stipulate to.

15 　　　　　MR. BELL:  The medical care provided, it would
16 take away 50 percent of the problems.  So we are working on
17 that one.  I think it's something that, I mean, I know they
18 have asked us to show how that would work.

19 　　　　　I think we tried to explain how it worked.  That
20 if you all are claiming an offset, we ought to be able to
21 claim that same amount of medical coverage you are assuming
22 it's valued at as a damage on our side.

23 　　　　　So we are at a very big disadvantage that they
24 have the ability to go in and say your treatment at the VA
25 for this year was worth $100,000.  We can't go to the VA and

| | |
|---|---|
| 11:38:51AM | 1 | ask for a bill to prove that the value of the services was |
| 11:38:58AM | 2 | 100 because they control that. And that's why we think it's |
| 11:39:02AM | 3 | a wash. Whatever they think it's worth, we ought to be able |
| 11:39:05AM | 4 | to put it over and that would save us a lot, a lot, a lot of |
| 11:39:10AM | 5 | time. |
| 11:39:11AM | 6 | Now the issue, for example, of future medical |
| 11:39:17AM | 7 | expenses, that's something that could be decided without an |
| 11:39:19AM | 8 | example. Tee it up pretty quickly. Lost wages. That's |
| 11:39:23AM | 9 | something to be teed up pretty quickly as well. |
| 11:39:27AM | 10 | I don't know. I'll check. I think your point |
| 11:39:30AM | 11 | about the issue of out-of-pocket, I don't know the numbers |
| 11:39:35AM | 12 | right now, but I will find that out. If there's something |
| 11:39:38AM | 13 | that's not that big, we will work that out. In the scheme of |
| 11:39:42AM | 14 | things, we don't want something like that. |
| 11:39:45AM | 15 | THE COURT: You may want to file, if you need |
| 11:39:46AM | 16 | some direction from the Court, file a motion on those. |
| 11:39:51AM | 17 | MR. BELL: We will do that. |
| 11:39:54AM | 18 | THE COURT: We kind of got off track. What |
| 11:39:56AM | 19 | else? |
| 11:39:56AM | 20 | MR. BELL: The last thing, Your Honor, we would |
| 11:39:58AM | 21 | encourage the Court to invite the Department of Navy to come |
| 11:40:02AM | 22 | to the Court and give us kind of an update on what the |
| 11:40:07AM | 23 | Department of Navy is doing. I noticed in the status report |
| 11:40:14AM | 24 | there is a significant number of people that have not given |
| 11:40:19AM | 25 | the minimum information to the Department of Navy. |