IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | Case No. 7:23-cv-897 |
| | ) | |
| | ) | PLAINTIFF'S MOTION FOR LEAVE |
| This Document Relates To: ALL CASES | ) | TO FILE RESPONSE TO |
| | ) | DEFENDANT'S NOTICE OF |
| | | DISCLOSURE [D.E. 815] REGARDING |
| | | PLG'S MOTION TO STRIKE DR. |
| | | BAILEY'S UNTIMELY GENERAL |
| | | CAUSATION TESTIMONY [D.E. 787] |

The Plaintiffs' Leadership Group ("PLG") respectfully moves the Court for leave to file a response of approximately two pages, attached as Exhibit 1, to Defendant's Notice of Disclosure [D.E. 815] filed on February 19, 2026 regarding the PLG's motion to strike Dr. Lisa Bailey's untimely general causation testimony (the "Motion") [D.E. 787]. In support, PLG states:

1. On December 15, 2025, the PLG filed the Motion [D.E. 787]. On December 22, 2025, Defendant filed an opposition brief [D.E. 790]. On January 5, 2025, the PLG filed a reply brief [D.E. 800].

2. On February 13, 2026, Magistrate Judge Jones held a hearing on the Motion and heard argument from the PLG and Defendant. At the hearing, the Court asked counsel for Defendant whether "ATSDR and EPA studies on which Dr. Bailey relied on [were] disclosed in Defendants' Phase II disclosure? If so, where are they in the record?" Feb. 13, 2026, Hr'g Tr. at 74:13-15. The Court also asked: "Did any Phase II expert discuss points of departure or toxicity criteria in Phase II? If so, who and what's the report?" *Id.* at 73:18-20. Counsel for Defendant replied: "To your first question, some of the studies are disclosed in Phase II. And I will get that information for the Court exactly where they are in the record." *Id.* at 73:22-24. The exchange continued: "The Court: Do you know which studies they were? [Counsel for Defendant]: Do I

1

have the names of those studies? I do not, Your Honor. To your second question, none of the United States Phase II experts disclosed these toxicity criteria." *Id.* at 73:25-74:4.

3. On February 19, 2026, Defendant filed a "Notice of Disclosure," containing one page of text and two pages of tables [D.E. 815]. Defendant's Notice of Disclosure asserted that two of Defendant's Phase II experts, Dr. John Lipscomb and Dr. Julie Goodman, each cited parts of the EPA and ATSDR reports that Dr. Bailey also relied on, and provided tables listing the pages where those experts cited those agency reports.

4. Good cause exists to grant the PLG leave to file the attached response of approximately two pages to Defendant's Notice of Disclosure.

   a. First, the Court did not explicitly permit Defendant to file additional material in opposition to the PLG's motion. The Court asked counsel for Defendant a question and counsel volunteered to "get that information for the Court." Feb. 13, 2026, Hr'g Tr. at 73:23-24. Counsel did not request or receive permission at the hearing to file anything, Defendant did not move for leave to file a surreply, and the Local Rules do not provide for a surreply without leave.

   b. Second, none of the dozens of page citations in Defendant's new tables were included in Defendant's opposition brief or otherwise presented by Defendant in response to the Motion before Defendant's Notice of Disclosure. Defendant's opposition did not discuss Dr. Lipscomb's report at all. The PLG thus has had no opportunity to respond to Defendant's citations, including in its reply brief or at the February 13 hearing.

   c. Without the further context provided by the PLG's proposed response, Defendant's Notice of Disclosure may suggest that Defendant's Phase II

experts disclosed the general causation testimony relied on by Dr. Bailey when they did not. As explained in the proposed response, Dr. Lipscomb and Dr. Goodman referenced other parts of the lengthy EPA and ATSDR reports for completely different purposes than Dr. Bailey. Neither of them (nor any other of Defendant's Phase II experts) disclosed anything similar to Dr. Bailey's analyses or calculations supporting the toxicity criteria and points of departure used by Dr. Bailey in risk assessments and margin of exposure analyses. In fact, rather than providing general causation testimony that might support Dr. Bailey's specific causation reports, Dr. Lipscomb opined that the type of risk assessment Dr. Bailey did, and the type of reference values Dr. Bailey used, are inappropriate for assessing causation. Defendant's Notice of Disclosure provides none of this important context, and thus risks misleading the Court without the PLG's response.

5. For these reasons, the PLG respectfully requests that the Court permit the PLG to file the proposed response of approximately two pages, attached as Exhibit 1.

*[Signatures on following page]*

DATED this 20th day of February, 2026.

/s/   J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com

*Lead Counsel for Plaintiffs*

/s/   Elizabeth J. Cabraser
Elizabeth J. Cabraser (admitted *pro hac vice*) Lieff Cabraser Heimann & Bernstein, LLP 275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com

*Co-Lead Counsel for Plaintiffs*

/s/   W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790) The Dowling Firm PLLC
Post Office Box 27843 Raleigh,
North Carolina 27611 Telephone: (919) 529-3351
mike@dowlingfirm.com

*Co-Lead Counsel for Plaintiffs*

/s/   Robin L. Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

/s/   James A. Roberts, III
James A. Roberts, III
Lewis & Roberts, PLLC
3700 Glenwood Ave., Ste. 410
Raleigh, NC 27612
Telephone: (919) 981-0191
jar@lewis-roberts.com

*Co-Lead Counsel for Plaintiffs*

/s/   Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*