# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-897

| | | |
|---|---|---|
| IN RE: | ) | **PLG'S RESPONSE TO** |
| CAMP LEJEUNE WATER LITIGATION | ) | **DEFENDANT'S NOTICE OF** |
| | ) | **DISCLOSURE [D.E. 815]** |
| This Pleading Relates to: | ) | **REGARDING PLG'S MOTION TO** |
| | ) | **STRIKE DR. BAILEY'S UNTIMELY** |
| ALL CASES | ) | **GENERAL CAUSATION** |
| | ) | **TESTIMONY [D.E. 787]** |
| | ) | |

Despite conceding that "none of the United States Phase II experts disclosed these toxicity criteria" that Dr. Bailey employed in her expert reports, Feb. 13, 2026, Hr'g Tr. at 74:3-4, Defendant has submitted a table [D.E. 815] listing two Phase II experts' citations to EPA and ATSDR reports that Dr. Bailey relied on in Phase III. These citations were not in Defendant's opposition brief [D.E. 790], so the PLG has had no opportunity to address them. Plaintiffs respectfully submit this response to clarify that these Phase II experts referenced other parts of these lengthy agency reports for completely different purposes than Dr. Bailey. None disclosed the toxicity criteria or points of departure at issue in the PLG's motion, or Dr. Bailey's related analyses and calculations in Section 5.2 and Appendix E of her Phase III reports. *See* Feb. 13, 2026, Hr'g Tr. at 66:12-67:23; *see also* [D.E. 800] at 1-3.

First, Defendant asserts that its Phase II expert Dr. John Lipscomb referenced the EPA and ATSDR reports on which Dr. Bailey relied. Dr. Lipscomb's report referenced these agency reports to opine that risk assessment (the methodology for which Dr. Bailey drew on agency numbers) is <u>inappropriate</u> for specific causation.[1] Dr. Lipscomb <u>rejected</u> using the type of EPA

---

[1] *See* Lipscomb Rep. at 11 (JA Ex. 146, D.E. 468-12) ("primary backdrop for this report" is EPA's "caution[] against reliance on numerical values . . . as risk assessments . . . based on a comparison of an exposure to a risk

or ATSDR reference values Dr. Bailey considered for causation assessments.[2] Dr. Lipscomb did "not opin[e] on causation at all," and thus provided no general causation testimony on which Dr. Bailey could rely. Lipscomb Dep. Tr. at 171:23-24; *see also id.* at 131:21-22. Dr. Lipscomb never presented the numbers, analyses, or calculations Dr. Bailey used. Dr. Bailey never cited Dr. Lipscomb in her reports or at deposition, and Defendant did not mention Dr. Lipscomb in its opposition brief. Simply put, Dr. Lipscomb did not disclose the general causation analyses or metrics Dr. Bailey used (if anything, he suggested Defendant would not present risk analyses in Phase III at all).

Second, Defendant's table lists instances when Phase II expert Dr. Goodman cited the EPA and ATSDR studies on which Dr. Bailey based her reference values.[3] Dr. Goodman's reports assessed whether dozens of mostly epidemiological studies support a causal connection between the relevant toxins and diseases. But Dr. Goodman never cited the EPA or ATSDR reports for anything to do with risk assessment, or the agency reference values Dr. Bailey drew on for her risk assessments.[4] Dr. Goodman did not discuss toxicity criteria or points of departure.

---

value," like Dr. Bailey does); *see also* Lipscomb Dep. Tr. at 131:15-17 (JA Ex. 174, D.E. 471-3) (listing "some of the many things that preclude using risk assessment approaches to evaluate individual risk").

[2] *See, e.g.*, Lipscomb Rep. at 11, 13, 25, 27, 60 (repeating "Reference values are not predictive risk values, they provide no information about risks at higher exposure levels"); Lipscomb Dep. Tr. at 171:24-172:3 ("the EPA has been very clear that these reference values cannot be used as estimators of risk or causation"); *id.* at 173:4-7 ("I've been very clear . . . that reference values have no place in the estimation of causation.").

[3] Defendant's table cites the wrong EPA report on TCE. Dr. Lipscomb and Dr. Goodman cited the EPA's thousand-plus-page 2011 TCE study (which Dr. Bailey cited as "US EPA. 2011a," and which is in the record as "EPA 2011 TCE," JA Ex. 196, D.E. 473-4). *See* Lipscomb Rep. at 88; Goodman Rep. (Bladder) at 121. The length of this EPA report, which like most of those in Defendant's table is hundreds of pages or more, further shows how Phase II experts' references to unrelated parts of these reports provide no evidence that Dr. Bailey's toxicity criteria or points of departure were disclosed in Phase II. As Defendant conceded, they were not.

[4] For example, on the pages cited in the first row of Defendant's new table, Dr. Goodman's bladder cancer report relied on the EPA 2011 TCE report for propositions that TCE is "rapidly absorbed into the bloodstream" and "excreted via exhalation" and "in the urine" (page 19); that evidence is insufficient to determine TCE-leukemia causation (page 36); and that the mode of action by which TCE might cause bladder and other cancers is unclear (page 57). Goodman Rep. (Bladder) at 19, 36, 57 (JA Ex. 75, D.E. 463-14). On a page not cited in Defendant's table, Dr. Goodman summarized the overall conclusion of the EPA 2011 TCE report and that report's review of 25 epidemiology studies on TCE and bladder cancer. *Id.* at 60. None of these provide the general causation testimony on which Dr. Bailey based her risk assessments or margins of exposure analyses.

Plaintiffs do not argue that Dr. Bailey's reliance on Dr. Goodman's epidemiological analysis is untimely, but rather challenge Dr. Bailey's reliance on the metrics and analyses that Dr. Goodman never disclosed (and nor did any other Phase II expert). *See* Feb. 13, 2026, Hr'g Tr. at 64:5-19, 69:23-70:9.

For these reasons, Defendant's new table does not show that Dr. Bailey's general causation testimony had been disclosed in Phase II.

Dated: February 20, 2026.

 /s/    J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com

*Lead Counsel for Plaintiffs*

 /s/    W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843 Raleigh, North Carolina 27611 Telephone: (919) 529-3351
mike@dowlingfirm.com

*Co-Lead Counsel for Plaintiffs*

 /s/    James A. Roberts, III
James A. Roberts, III
Lewis & Roberts, PLLC
3700 Glenwood Ave., Ste. 410
Raleigh, NC 27612
Telephone: (919) 981-0191
jar@lewis-roberts.com

*Co-Lead Counsel for Plaintiffs*

 /s/    Elizabeth J. Cabraser
Elizabeth J. Cabraser (admitted *pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ecabraser@lchb.com

*Co-Lead Counsel for Plaintiffs*

 /s/    Robin L. Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

 /s/    Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144 Tel: 704-633-5244
mwallace@wallacegraham.com

*Co-Lead Counsel for Plaintiffs*