IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:23-CV-897

IN RE:

CAMP LEJEUNE WATER LITIGATION

This Document Relates To:

*Jefferson Criswell v. USA*, 7:23-CV-1482-M
*Terry F. Dyer v. USA*, 7:23-CV-357-M
*Mark A. Cagiano v. USA,* 7:23-CV-569-M
*Jimmy Laramore v. USA*, 7:23-CV-594-M
*Bruce W. Hill v. USA*, 7:23-CV-28-D
*Karen Amsler v. USA*, 7:23-CV-284-D
*Frances Carter v. USA*, 7:23-CV-1565-D
*Robert Kidd v. USA*, 7:23-CV-1489-D
*Scott Keller v. USA*, 7:23-CV-1501-D

MEMORANDUM IN SUPPORT OF
DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO RECONSIDER
FEBRUARY 27, 2026 ORDER [D.E. 818] AS
TO MOTION FOR SUMMARY
JUDGMENT FOR LACK OF EXPERT
TESTIMONY ON BUT-FOR CAUSATION
[D.E. 601]

(Fed. R. Civ. P. 54(b) & 60(a))

# INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 54(b) and 60(a), the United States respectfully asks the Court to reconsider its February 27, 2026 Order [D.E. 818] on PLG's Motion to Reserve Admissibility Determinations and Expedite Track Bellwether Trials [D.E. 721] ("Motion to Reserve Admissibility Motion") as to the Court's decision to hold in abeyance the United States' Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 601] ("But-For Causation Motion"). The United States further requests that the Court rule on its But-For Causation Motion before Track 1 bellwether trials commence. The United States' But-For Causation Motion is neither a Rule 702 motion nor a summary judgment motion dependent upon Rule 702 determinations; it is a summary judgment motion brought on the independent ground that Plaintiffs' claims in the above-captioned Track 1 bladder cancer, leukemia, and non-Hodgkin's lymphoma cases fail as a matter of law because the opinions of Plaintiffs' specific causation experts (even if admissible) fall short of the CLJA's specific causation requirement. The United States' But-For Causation Motion raises a critical question of statutory interpretation about whether the "contributing factor" or "substantial contributing factor" opinions of Plaintiffs' specific causation experts can satisfy the CLJA's but-for standard for specific causation. The United States welcomes Track 1 bellwether trials and is preparing for them expeditiously, but the United States' But-For Causation Motion should be decided before trials are set, because the decision will necessarily inform what cases and evidence are appropriate for trial.

# FACTUAL BACKGROUND

In their Motion to Reserve Admissibility Determinations, PLG asked the Court to "provisionally admit all expert testimony/reserve admissibility determinations" related to the *Daubert* challenges made to Phase II and III experts. D.E. 721 at 8; *see also id*. at 12 ("The Court could reserve decision on all remaining Phase II and III motions relating to the admissibility of

1

expert testimony."). PLG did not ask the Court to reserve decision on motions like the United States' But-For Causation Motion that do not hinge on the admissibility of expert testimony. *Id.* at *passim*.

On February 27, 2026, the Court granted in part PLG's Motion to Reserve Admissibility Determinations, deciding to hold in abeyance "Rule 702 motions and summary judgment motions dependent upon Rule 702 determinations." D.E. 818 at 20. The United States' But-For Causation Motion was among the motions held in abeyance by the Court's February 27, 2026 Order. *Id*. However, the United States' But-For Causation Motion is neither a Rule 702 motion nor a summary judgment motion dependent upon Rule 702 determinations; it is a summary judgment motion brought on the independent ground that Plaintiffs' claims in the above-captioned cases fail as a matter of law because the opinions of Plaintiffs' specific causation experts (even if admissible) fall short of the CLJA's specific causation requirement. *See* Mot. & Br., D.E. 601, 602, 603, 604; Opp.'n, D.E. 710, 711, 712; Reply, D.E. 775.

Thus, the United States now moves the Court to reconsider only that part of the Court's February 27, 2026 Order that holds in abeyance the United States' But-For Causation Motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) governs "any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). Under Rule 54(b), an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id*.; *see also Fayetteville Inv. v. Com. Builders, Inc.*, 936 F.2d 1462 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."). "Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before

2

final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). However, "the discretion Rule 54(b) provides is not limitless." *Id*. "[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Id*. (internal citation omitted).

Furthermore, "Federal Rule of Civil Procedure 60(a) authorizes a district court to 'correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.'" *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014) (quoting Fed. R. Civ. P. 60(a)). "Rule 60(a) applies when 'the court intended one thing but by merely clerical mistake or oversight did another.'" *Rhodes v. Hardford Fire Ins. Co.*, 548 F. App'x 857, 859 (4th Cir. 2013) (citation omitted).

**ARGUMENT**

The Court should reconsider its February 27, 2026 Order to hold in abeyance the United States' But-For Causation Motion and rule on it before Track 1 bellwether trials commence. PLG did not ask the Court to hold the United States' But-For Causation Motion in abeyance, nor does the But-For Causation Motion constitute a Rule 702 motion or a summary judgment motion dependent upon Rule 702 determinations within the scope of the Court's February 27, 2026 Order. D.E. 721 at *passim*; D.E. 818 at 20. The United States' But-For Causation Motion seeks summary judgment on the independent ground that Plaintiffs' claims in the above-captioned cases fail as a matter of law because the opinions of Plaintiffs' specific causation experts (even if admissible) fall short of the CLJA's specific causation requirement—an essential element of their claims.

Notably, the United States' But-For Causation Motion raises a critical statutory interpretation question about whether the "contributing factor" or "substantial contributing factor"

3

opinions of Plaintiffs' specific causation experts can satisfy the CLJA's but-for standard for specific causation. *In re Camp Lejeune Water Litig.*, 736 F. Supp. 3d 311, 321 (E.D.N.C. 2024) (holding that "causal relationship" under the CLJA requires establishing a "factual cause" via "but-for analysis"). Multiple federal courts addressing this issue in toxic tort or personal injury cases around the country have recognized that but-for causation presents a higher standard than a "substantial contributing factor" standard. *See, e.g.*, *June v. Union Carbide Corp.*, No. 04-CV-00123, 2007 WL 4224228, at *1–2, 5 (D. Colo. Nov. 27, 2007) (holding that the opinions of plaintiffs' specific causation experts "were insufficient to establish causation under Colorado law, because they offered no opinion that, 'but for' the exposure to radiation at Uravan, the Plaintiffs would not have become ill. Their opinions fell short in that they only opined that exposure to radiation was a substantial factor contributing to the Group 1 Plaintiffs' injuries."); *In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, No. 2:13-CV-170, 2016 WL 659112, at *64 (S.D. Ohio Feb. 17, 2016) ("Because a 'but-for' test presents a higher standard than does a substantial factor analysis, any concern DuPont has regarding the Court's alleged lowering or weakening the proximate cause standard is alleviated."); *In re Bendectin Litig.*, 857 F.2d 290, 311 (6th Cir. 1988) ("We conclude therefore that even if the cited Ohio cases were applied to the present case, plaintiffs would still have to prove 'but for' causation rather than some weaker 'substantial factor' standard."); *Wilcox v. Homestake Mining Co.*, 619 F.3d 1165, 1167–69 (10th Cir. 2010) ("In our view, New Mexico cases using the phrase 'substantial factor,' like the Colorado cases we discussed in *June,* do not create an alternative ground to but-for causation.").

The United States' But-For Causation Motion should be decided before Track 1 bellwether trials are set because the decision will necessarily inform what cases and evidence are appropriate for trial. Notably, this Court has recognized that "the plain language of Rule 56(c) mandates the

4

Case 7:23-cv-00897-RJ    Document 823    Filed 03/06/26    Page 5 of 8

entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Jones v. United States*, No. 5:21-CT-03158-M, 2024 WL 4280921, at *27 (E.D.N.C. Sep. 23, 2024) (Myers, C.J.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). *See also Sewell to Use of Md. Cas. Ins. Co. v. Wrap-On Co., Inc.*, 985 F.2d 553, *5 (4th Cir. 1993) ("A district court shall award summary judgment if the evidence before the court, consisting of the pleadings, depositions, answers to interrogatories and admissions of record, establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.") (unpublished) (citing *Celotex Corp.*, 477 U.S. at 322).

## CONCLUSION

For the foregoing reasons, the Court should reconsider its February 27, 2026 Order on PLG's Motion to Reserve Admissibility Motion as to the Court's decision to hold in abeyance the United States' But-For Causation Motion and rule on it before Track 1 bellwether trials commence.

Dated: March 6, 2026                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General,
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section

ADAM BAIN
Special Litigation Counsel,

SARA J. MIRKSY
Assistant Director

*/s/ Haroon Anwar*
HAROON ANWAR
Assistant Director
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Action Section
1100 L Street, NW
Washington, DC 20005
(202) 598-3946
haroon.anwar@usdoj.gov

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

*Attorneys for Defendant*
*United States of America*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2026, I electronically filed the foregoing using the Court's Electronic Case Filing system, which will send notice to all counsel of record.

                                            */s/ Haroon Anwar*
                                            HAROON ANWAR