# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### NO. 7:23-CV-897

IN RE:

CAMP LEJEUNE WATER LITIGATION

This Document Relates To:

ALL CASES

**MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION FOR FINAL
SUPPLEMENTATION DEADLINE**

(Fed. R. Civ. P. 6(b), 16(b)(4); L. Civ. R. 7)

**TABLE OF CONTENTS**

Pages

TABLE OF CONTENTS...................................................................................................I

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 1

LEGAL STANDARD............................................................................................. 4

ARGUMENT.......................................................................................................... 4

CONCLUSION........................................................................................................ 7

CERTIFICATE OF SERVICE ............................................................................... 9

i

## INTRODUCTION

The United States respectfully requests that the Court grant this Motion and amend the Pretrial Scheduling Orders as follows: (i) a date certain on or before which fact discovery must be supplemented, subject to a good cause exception under Rule 16(b)(4); (ii) any supplemental expert reports limited to addressing supplemental materials disclosed after the expert's last report must be disclosed within 30 days of the deadline for supplementation of fact discovery; and (iii) any supplemental depositions of experts limited to supplemental opinions and supplemental materials considered must be completed within 30 days of the deadline for supplemental opinions.[1] A proposed order is attached to the Motion.[2]

## BACKGROUND

On February 2, 2024, this Court entered a "Track 1 Order establishing deadlines and procedures for the Track 1 Discovery Pool." Feb. 2, 2024 Order, D.E. 130 at 3. The Track 1 Order lifted the stay on cases in the Track 1 Discovery Pool and set deadlines for both fact and expert discovery. *See id.* at 3-4. The Parties conducted fact discovery concerning the original 100 Track

---

[1] This proposal would not supersede the Parties' separate agreement that Plaintiffs' Leadership Group ("PLG") will submit an updated, verified and final DPPF for each bellwether plaintiff 120 days before trial or fifteen days after a trial date is set, whichever is later. *See* Mar. 31, 2025 JSR, D.E. 345, at 5 (stating this agreement). The United States leaves the specific date certain to the Court's discretion, but would propose a date certain in May or June 2026 so that the Parties can proceed to trial for the Track 1 bellwethers by the end of 2026 in accordance with each District Judge's schedule. Finally, to be clear, the United States does not intend to reopen expert discovery or for this proposal to permit supplemental expert reports on issues unrelated to any fact discovery materials timely supplemented under this proposal. This Motion also does not affect the Joint Motion that the Parties filed on March 16, 2026, concerning motions practice and briefing for the damages experts (D.E. 826).

[2] PLG appears to object to the relief requested in this Motion on the grounds that it is premature without specific Track 1 bellwether trial dates. *See* JSR, D.E. 817, at 4-8. Although the Local Civil Rules only require a proposed order for non-dispositive motions that are consented to or not opposed, the United States files a proposed order in support of this Motion for the Court's convenience. *See* L. Civ. R. 7.1(b)(3).

1

1 Discovery Pool cases and selected twenty-five (25) Track 1 Trial Plaintiffs. *See* July 9, 2024 Order, D.E. 250 at 2-4. Fact discovery closed on August 11, 2024. *See* Aug. 7, 2024 Order, D.E. 270 at 1, ¶ 1. The Parties have periodically supplemented fact discovery since that time as required under Federal Rules of Civil Procedure 26 and 34.

On August 7, 2024, this Court entered a pretrial schedule "to govern expert discovery as well as *Daubert* and dispositive motion briefing in the Track 1 Trial Plaintiff cases." *Id.* at 1. The Court has amended that Order on three occasions. *See* Mar. 11, 2025 Order, D.E. 332 (extending certain deadlines in the Parkinson's Disease Track 1 cases); June 25, 2025 Order, D.E. 414 (extending deadlines in Track 1 cases limited to offset and potentially corresponding damages information); Sept. 17, 2025 Order, D.E. 630 (similar). Expert discovery closed on March 5, 2026. *See* Order, D.E. 630 at ¶¶ 5, 8.[3] During Track 1 discovery, the Parties produced millions of pages of documents; engaged in voluminous written discovery; and deposed hundreds of witnesses.

The various Orders governing fact and expert discovery did not set a final deadline for discovery supplementation, ordering only that nothing "shall be construed to limit the Parties' duty to supplement their disclosures of experts." Nov. 22, 2024 Order, D.E. 305 at 4, ¶ 7 (citing Fed. R. Civ. P. 26(a)(2)(E), (e)). Thus, under the current pretrial scheduling orders and the Federal Rules, supplementation of fact discovery could occur any time before trial, and expert discovery could be supplemented up until "the time the party's pretrial disclosures under Rule 26(a)(3) are due," Fed. R. Civ. P. 26(e)(2), which, absent court order, is "30 days before trial," Fed. R. Civ. P. 26(a)(3)(B). As the most recent Joint Status Report ("JSR") (D.E. 817) reflects, the Parties have

---

[3] As discussed at the Status Hearing on March 5, 2026, the Parties have agreed that a limited number of damages experts will be deposed after the close of expert discovery, due to scheduling and health-related issues. On March 16, 2026, the Parties also filed a Joint Motion to Amend concerning motions practice and briefing concerning damages experts (D.E. 826).

both raised concerns as to ongoing discovery supplementation for some time. *See* Feb. 26, 2026 JSR, D.E. 817 at 10-13. Indeed, the United States has raised concerns as to determining an end date for supplementation of discovery for over a year. *See* Mar. 10, 2025 JSR, D.E. 331 at 9-11 (discussing concerns as to supplementation of developments in Track 1 cases); Mar. 31, 2025 JSR, D.E. 345 at 10 (stating the "United States intends to propose a schedule under which the Parties may make any necessary future Phase III-related expert disclosure supplementations, including a deadline after which no further expert supplementation will be allowed."); Apr. 21, 2025 JSR, D.E. 354 at 5 (setting out PLG's positions), 10 (setting out the United States' position); *see also* Tr. at 10:21-24,Sept. 15, 2025, D.E. 631 ("THE COURT: All right. Now this is a subject I think that has been under discussion for some time. That is a final deadline for supplementation of Track 1 trial Plaintiffs."); Tr. at 7:23-9:20, Feb. 13, 2026, D.E. 812 (discussing the issue); Tr. at 10:22-15:9, Mar. 5, 2026, D.E. 824 (same).

On February 27, 2026, the Court granted in part and denied in part PLG's motion to reserve admissibility determinations and expedite Track 1 bellwether trials. *See generally* Feb. 27, 2026 Order, D.E. 818. The Court declined to set Track 1 trial dates because certain issues of statutory interpretation remain for the Court to address jointly. *See id.* at 19. The Court stated that, after such issues are resolved, "[a]t the appropriate time, the court will schedule Track 1 bellwether trial dates in a manner consistent with the court's prior Case Management Orders and according to each judge's schedule." *Id.* Thus, the United States anticipates that the Court will in the coming months resolve the referenced motions and that the individual District Judges will thereafter schedule trial dates in their Track 1 cases. The United States files this Motion now to ensure that the Parties can most efficiently position the Track 1 cases for trial in 2026.

**LEGAL STANDARD**

Rule 26(e) governs the supplementation of discovery, including expert discovery and party responses to interrogatories, requests for production, and requests for admission. Fed. R. Civ. P. 26(e). "The duty to supplement discovery responses under Rule 26(e)(1) does not end at the close of discovery; rather, parties are required to supplement their responses as new, responsive material is created." *Weare v. Bennett Bros. Yachts, Inc.*, No. 7:17-CV-155-FL, 2019 WL 12267845, at *3 (E.D.N.C. June 12, 2019) (Jones, M.J.) (citation omitted). Such supplementation must be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," or "as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A), (B). Expert supplementation "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due," Fed. R. Civ. P. 26(e)(2), which, absent court order, is "30 days before trial," Fed. R. Civ. P. 26(a)(3)(B).

Federal Rule 16(b) permits the Court to control the timing of supplementation, *see* Fed. R. Civ. P. 16(b)(3)(b)(i), and the Court may modify an existing pre-trial schedule "for good cause," *see* Fed. R. Civ. P. 16(b)(4). This Court has broad discretion under Rules 1 and 16 of the Federal Rules of Civil Procedure to set such discovery deadlines. *See* Fed. R. Civ. P. 1, 16(c)(2).

**ARGUMENT**

The Court should grant this Motion and establish these deadlines for final supplementation of fact and expert discovery. Doing so advances efficiency, encourages the Parties to take whatever steps are necessary for supplementation now, is fair to both Parties alike, and ensures that all Parties will be well-positioned to hold Track 1 bellwether trials in 2026.

First, there is no doubt that this litigation is vast and complex. For such cases, the Manual for Complex Litigation has long recommended that courts "set a schedule for … supplementation

4

[under Rule 26(e) of the Federal Rules of Civil Procedure] and qualify or clarify the scope of the obligation to supplement in order to fit the particular litigation." Manual for Complex Litigation (4th ed.) (2004) § 11.13 at 35; *see also id.* § 11.481 at 99 (recommending that for expert reports, courts "set a final cutoff date by which all additions and revisions must be disclosed in order to be admissible at trial"). Even for the remaining twenty-two (22) Track 1 bellwether cases alone, there are many potential trial witnesses. Those include dozens of experts in numerous scientific disciplines, such as epidemiology, toxicology, and various medical disciplines.

Finalizing the record for trial in each Track 1 bellwether case would aid trial preparations by allowing the Parties to know the disputed issues in each individual case. Under Rule 26(a)(3), by default, supplemental expert opinions are due no later than 30 days before trial. Fed. R. Civ. P. 26(a)(3)(B), (e)(2). Absent a single, final date for supplementation of discovery across all of the Track 1 bellwether cases, the Parties risk significant disruption of trial preparations if, for example, fact discovery materials were supplemented shortly before trial. A date certain for supplementation of fact discovery, followed by 30 days for supplemental expert opinions and 30 days for supplemental expert depositions, if necessary, is an appropriate and logical sequencing in litigation as large and complex as this litigation. This schedule will enable the Parties to proceed efficiently to trial in 2026.[4] Finalizing the record also will facilitate ongoing global resolution and settlement negotiations because the issues in dispute for trial and the supporting factual and expert record will be fully known to the Parties.

---

[4] Indeed, Judge Flanagan has long included such a deadline in civil cases. *See, e.g.*, *Pacific Ag Grp. v. H. Ghesquiere Farms, Inc.*, No. 5:05-CV-809-FL(1), 2006 WL 8422439, at *1 (E.D.N.C. Mar. 30, 2006) (ordering that supplemental disclosures shall be served on or before forty (40) days before the close of all discovery), *amended in part*, 2007 WL 7615426, at *3 (E.D.N.C. Jan. 19, 2007).

5

Moreover, setting final deadlines for final supplementation of discovery would encourage both Parties to supplement in a timely fashion. For example, as the Court knows, the United States requested that PLG supplement its productions of individual medical records in the Track 1 cases in January 2026. *See* JSR, D.E. 817 at 13. Specific deadlines would concentrate these efforts and minimize the risk that supplementation falls behind, ultimately depriving the Court of the most up-to-date information at trial. As PLG has highlighted, obtaining medical records from third-party providers can often take significant time. *See* Feb. 6, 2026 JSR, D.E. 810 at 10 ("The PLG is not in control of the length of time it might take for a records request to be fulfilled by the provider but the PLG is doing its best to stay on top of any significant medical developments and to make timely requests for relevant medical records."). Similarly, the United States will need to survey multiple agencies to coordinate a final supplementation of records that are responsive to PLG's Requests for Productions. All records collected by the Parties for production must be produced in accordance with the Stipulated Electronically Stored Information Protocol. *See* CMO 8, D.E. 52. Deadlines facilitate all such efforts. Indeed, to quote PLG, "nothing sharpens the mind and resolves disputes like a deadline[.]" Tr. at 47:11-12, Mar. 25, 2025, D.E. 343; *see also id.* at 47:25-48:16 (discussing generally whether there are any deadlines the Parties might request).

Finally, the United States' requested relief is fair to both Parties. To be clear, the United States' proposed deadlines for final supplementation of fact and expert discovery would apply to *both* Parties. Thus, the United States' supplemental productions of offsets-related information, for example, would be due on the same date as PLG's damages-related information. In this respect, the United States wishes to clarify that this proposal is not intended to, and does not, prejudice Plaintiffs' abilities to gather evidence and present their cases at trial. Plaintiffs benefit equally from the efficiencies generated by clear pre-trial deadlines for discovery supplementation. Indeed, PLG

6

has argued there is a "need for discussion and agreement regarding final dates for supplementation of Defendant's alleged offsets once trial dates are known." Feb. 26, 2026 JSR, D.E. 817 at 5.

Furthermore, these deadlines would be subject to Rule 16(b)(4)'s good cause exception. *See* Fed. R. Civ. P. 16(b)(4). For example, if a significant medical development occurred shortly before trial, PLG could seek to supplement, provided that there was good cause to do so. Moreover, each District Judge would remain free to make that determination (as in any other civil case).

## CONCLUSION

For these reasons, the United States respectfully requests that the Court grant this Motion and modify the Scheduling Orders as follows: (i) a date certain on or before which fact discovery must be supplemented, subject to a good cause exception under Rule 16(b)(4); (ii) any supplemental expert reports limited to addressing any supplemental materials disclosed after the expert's last report must be disclosed within 30 days of the deadline for supplementation of fact discovery; and (iii) any supplemental depositions of experts limited to supplemental opinions and supplemental materials considered must be completed within 30 days of the deadline for supplemental opinions.[5] A proposed order is attached to the Motion.

---

[5] As noted above, *see supra* at 1 n.1, the United States does not intend to reopen expert discovery or for this proposal to permit supplemental expert reports on issues unrelated to any fact discovery materials timely supplemented under this proposal.

Dated: March 18, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General,
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section

ADAM BAIN
Chief Litigation Counsel

HAROON ANWAR
SARA J. MIRSKY
Assistant Directors

JENNIFER E. ADAMS
DAVID R. ORTIZ
Trial Attorneys

*/s/ David R. Ortiz*
David R. Ortiz
N.C. State Bar No. 55891
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Act Section
310 New Bern Ave., Third Floor
Raleigh, NC 27601
202-451-7756
David.R.Ortiz@usdoj.gov

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

*Attorneys for Defendant,*
*United States of America*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2026, I electronically filed the foregoing using the Court's Electronic Case Filing system, which will send notice to all counsel of record.

<span style="margin-left:40%">*/s/ David R. Ortiz*<br>David R. Ortiz</span>

9