# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### NO. 7:23-CV-897

IN RE:

**CAMP LEJEUNE WATER LITIGATION**

**This Document Relates To:**

*Jefferson Criswell v. USA*, **7:23-CV-1482-M**
*Terry F. Dyer v. USA*, **7:23-CV-357-M**
*Mark A. Cagiano v. USA,* **7:23-CV-569-M**
*Jimmy Laramore v. USA*, **7:23-CV-594-M**
*Bruce W. Hill v. USA*, **7:23-CV-28-D**
*Karen Amsler v. USA*, **7:23-CV-284-D**
*Frances Carter v. USA*, **7:23-CV-1565-D**
*Robert Kidd v. USA*, **7:23-CV-1489-D**
*Scott Keller v. USA*, **7:23-CV-1501-D**

**REPLY IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION TO RECONSIDER FEBRUARY 27, 2026 ORDER [D.E. 818] AS TO MOTION FOR SUMMARY JUDGMENT FOR LACK OF EXPERT TESTIMONY ON BUT-FOR CAUSATION [D.E. 601]**

(Fed. R. Civ. P. 54(b) & 60(a))

Plaintiffs' Leadership Group ("PLG") asked this Court to reserve decision only on motions related to admissibility of expert opinions. Based on PLG's request, the Court's February 27, 2026 Order holds in abeyance "Rule 702 motions and summary judgment motions dependent upon Rule 702 determinations." D.E. 818 at 20. PLG does not claim that they asked the Court to reserve decision on motions like the United States' But-For Causation Motion that do not hinge on the admissibility of expert testimony. Nor can they provide any basis in the Court's February 27, 2026 Order reflecting such broad intent. The United States rejects PLG's accusations that its request for reconsideration was made for the purpose of delaying bellwether trials. To the contrary, holding trials without a determination of whether "contributing factor" or "substantial contributing factor" opinions are sufficient to meet the CLJA's but-for causation standard prejudices the Parties' ability to prepare for bellwether trials that will be necessary to achieve global resolution. Accordingly, reconsideration is warranted under both Federal Rules of Civil Procedure 60(a) and 54(b).

**I.     The Court Should Reconsider Its February 27, 2026 Order to Hold in Abeyance the United States' But-For Causation Motion and Rule on This Motion Before Track 1 Bellwether Trials Commence.**

A.  <u>Reconsideration under Rule 60(a) Is Warranted.</u>

Rule 60(a) permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014) (quoting Fed. R. Civ. P. 60(a)). "Rule 60(a) applies when 'the court intended one thing but by merely clerical mistake or oversight did another.'" *Rhodes v. Hardford Fire Ins. Co.*, 548 F. App'x 857, 859 (4th Cir. 2013) (citation omitted).

PLG offers *ex post facto* reasons to explain why "[t]he Court's February 27, 2026 Order was not the product of an omission, oversight, or clerical error." D.E. 834 at 3. None of PLG's offered explanations argue that the United States' But-For Causation Motion hinges on the admissibility of expert testimony. First, PLG argues that holding in abeyance the United States' But-For Causation Motion reflects a "deliberate case-management decision grounded in the Court's broad discretion to manage complex litigation and its judgment that bellwether trials provide the most efficient and fair path to global resolution." D.E. 834 at 3. According to PLG, "the thrust of the Court's [February 27, 2026] Order is to defer consideration of motions that require careful expert-by-expert analysis in individual cases, which is exactly what deciding the But-For Causation Motion would require… ." D.E. 834 at 4. However, ruling on the United States' But-For Causation Motion would not require the type of Rule 702 analysis of the motions addressed in the Court's February 27, 2026 Order. Instead, it would only require determining whether the clear and obvious admissions of Plaintiffs' specific causation experts about their "contributing factor" or "substantial contributing factor" opinions can satisfy the CLJA's but-for

causation standard for specific causation. Regardless, PLG did not ask the Court to defer consideration of motions beyond those that were dependent on admissibility determinations under Rule 702. For example, PLG did not request the Court to defer ruling on the United States' Motion for Partial Summary Judgment Concerning DCE, even though this motion will require the Court to consider individual expert testimony on whether DCE can cause any of the Track 1 diseases. *See* D.E. 818 at 20; D.E. 520. The Court's February 27, 2026 Order did not defer the motion on DCE. *See* D.E. 818 at 20. Thus, it is unlikely that the Court intended to defer the United States' But-For Causation Motion, which similarly does not require application of Rule 702.

Second, PLG disingenuously points to a statement in the United States' opposition brief to PLG's Motion to Reserve Expert Admissibility Determinations, in which the United States identified the But-For Causation Motion as a universal motion that the *en banc* Court should decide before trial to avoid the possibility of inconsistent decisions. D.E. 834 at 3; *see also* D.E. 733 at 14. PLG reasons that "[s]ince Defendant's original briefing raised the exact same argument it asks this Court to reconsider, there is no basis to conclude the Court's ruling overlooked the But-For Causation Motion." D.E. 834 at 3. However, PLG fails to acknowledge that in reply to the United States' opposition brief, they stated that "the parties largely agree on which motions the Court should prioritize… , " and that "PLG agrees with Defendant that it is most efficient for the *en banc* Court to decide the universally applicable motions, before any judge holds individual trials." D.E. 789 at 3.

Third, PLG mischaracterizes the United States' But-For Causation Motion as a Rule 702 motion, arguing that "Defendant's But-For Causation Motion challenges the relevance of the experts' testimony" and "testimony that does not help the Court assess the case under the correct legal standard is irrelevant." D.E. 834 at 3-4. This is wrong. The United States' But-For Causation

Motion does not seek to exclude expert testimony at all. To the contrary, it argues that even if admissible, the "substantial contributing factor" opinions of Plaintiffs' specific causation experts are insufficient to meet the CLJA's but-for causation standard as a matter of law.

Lastly, PLG ignores that the Court recognized a need to avoid contradictory rulings on matters of statutory interpretation by arguing that "[i] is undisputed…that Defendant's But-For Causation Motion related to only seven plaintiffs before two judges" and that "[i]t makes no sense to ask four judges to rule now on a Motion that is only properly before two on them." D.E. 834 at 4-5. However, PLG does not take the same position with respect to other summary judgment motions involving issues of statutory interpretation pending before less than the full Court in a subset of Track 1 Trial cases. *See, e.g.,* D.E. 525 (MSJ on loss of consortium claim pending in one case before Judge Flanagan); D.E. 605 (MSJ on claims accruing after August 10, 2022, pending in one case before Judge Boyle). Moreover, there are currently nine cases subject to the United States' But-For Causation Motion, not seven, which represents approximately 40% of the remaining 22 Track 1 Trial cases. As discussed further below, ruling on the United States' But-For Causation Motion will assist global resolution efforts by informing the Parties about litigation risk on a critical statutory interpretation issue.

B. Reconsideration under Rule 54(b) Is Warranted.

Federal Rule of Civil Procedure 54(b) permits the Court to revise an interlocutory order "at any time before the entry of a [final] judgment…" when "clear error caus[es] manifest injustice." Fed. R. Civ. P. 54(b); *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Circ. 2017). Here, reconsideration under Rule 54(b) is warranted, and the manifest injustice standard is satisfied for multiple reasons.

As an initial matter, granting PLG relief that they did not request violates the principle of party presentation. *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (reversing the granting of relief that the party had not requested and stating "In our adversarial system of adjudication, we follow the principle of party presentation.") (citation omitted). Moreover, fairness and the need to adequately prepare for trial necessitate that the Parties know how the CLJA's but-for causation standard will be interpreted and applied at trial. If the Court agrees with the United States' interpretation of the CLJA's but-for causation standard, then Rule 56(c) mandates the entry of summary judgment. *See Jones v. United States*, No. 5:21-CT-03158-M, 2024 WL 4280921, at *27 (E.D.N.C. Sept. 23, 2024) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (Myers, C.J.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the Court disagrees with the United States' interpretation of the CLJA's but-for causation standard, then the Court should address the issue before trial so the Parties will know what evidentiary burden PLG will need to meet to satisfy the CLJA's but-for causation standard.

## II. The United States Welcomes Track 1 Bellwether Trials and Anticipates that Bellwether Trials Will Be Necessary to Achieve Global Resolution.

PLG once again accuses the United States of attempting to delay bellwether trials. D.E. 834 at 1 (characterizing the United States' Motion for Reconsideration as "another attempt to delay bellwether trials."); *see also* D.E. 721 at 8; D.E. 789 at 3. Nothing could be further from the truth. The United States welcomes Track 1 bellwether trials. The United States is preparing for Track 1 bellwether trials to commence in 2026, although the United States agrees that remaining issues

related to the CLJA's statutory interpretation should be addressed before the bellwether trials begin, including ruling on the United States' But-For Causation Motion. *See* D.E. 818 at 19.

The United States has never attempted to delay Track 1 bellwether trials through pre-trial motions practice. Rather, the United States filed the number of pre-trial motions necessary to address PLG's many duplicative expert reports that contained unreliable, deficient, and results-driven opinions. The United States looks forward to addressing those issues at trial. Indeed, it is Plaintiffs' burden to establish exposure, general causation, and specific causation in order to prove a CLJA claim. *See* D.E. 227 at 1 ("[I]ndividuals pursuing actions under the Camp Lejeune Justice Act of 2022 ("CLJA") bear the burden of demonstrating their harm was caused by exposure, necessitating they establish both general and specific causation.").

The United States also anticipates that bellwether trials will be necessary to achieve global resolution in the CLJA litigation. There are currently over 400,000 administrative CLJA claims with a combined face value exceeding $335 trillion. Under PLG's view of the litigation, the CLJA's "at least as likely as not" standard lowers the standards for expert admissibility, in addition to the ultimate burden of proof, providing a path to compensation for all claimants, irrespective of the merits of a claim or the benefits received to offset the value of a claim. However, the "Take Care" Clause of the United States Constitution mandates that the Executive Branch, including the Department of Justice, "shall take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3, cl. 5. Accordingly, the Department of Justice may not discard statutory requirements to resolve cases and must ensure that taxpayer funds are used to resolve meritorious cases based on litigation risk and the best interests of the United States. With these principles in mind, the Department of

Justice has made every effort to resolve CLJA claims in a manner that is fair to the CLJA claimants, faithful to the statute, and accountable to the taxpayers.[1]

However, significant disagreements remain among the Parties about the valuation of cases, the admissibility of Plaintiffs' expert testimony, and issues related to the CLJA's statutory interpretation. Thus, bellwether trials will be necessary to achieve global resolution. The United States asks the Court to rule on its But-For Causation Motion before the Parties proceed to bellwether trials because PLG did not ask the Court to reserve decision on the United States' But-For Causation Motion, and the Parties need to know what evidentiary burden PLG must meet to satisfy the CLJA's but-for causation standard.

---

[1] The United States continues to resolve CLJA administrative claims through the Elective Option Program that it created to serve as an off-ramp to litigation. Moreover, the United States engaged in bellwether mediations last summer, which resulted in the resolution of three Track 1 cases that were subject to the United States' But-For Causation Motion: Edward Raymond, 7:23-CV-546-M; Robert Fiolek, 7:23-CV-00062-D, and Jose Vidana, 7:23-cv-01575-M. *See* D.E. 602 at 5-8, 12-13. These settled Track 1 bellwether cases may be representative of the larger pool of cases and claims and were likely settled because PLG did not want to have court findings based on them. *See*, *e.g.*, Nov. 14, 2015, Status Conf. Tr., 13:12-16 ("MR. BELL: Your Honor. You know, a lot of the folks are not – we're learning now through our process of this questionnaire, there might be a significant number of people that don't have valid claims."). Even so, presumably the Track 1 Trial cases are among PLG's strongest cases because they were selected from PLG's hand-picked case pool (*i.e.*, cases that were affirmatively removed from the Navy's administrative claims process, brought into the litigation, and kept in the Track 1 Discovery Pool). As will become apparent at trial, even these cases lack scientific merit.

Dated: April 10, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General,
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General,
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section

ADAM BAIN
Chief Litigation Counsel

SARA J. MIRKSY
Assistant Director

*/s/ Haroon Anwar*
HAROON ANWAR
Assistant Director
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Action Section
1100 L Street, NW
Washington, DC 20005
(202) 598-3946
haroon.anwar@usdoj.gov

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

*Attorneys for Defendant*
*United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2026, I electronically filed the foregoing using the Court's

Electronic Case Filing system, which will send notice to all counsel of record.


/s/ *Haroon Anwar*
HAROON ANWAR