IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to April 10, 2026, 3,733 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. 159 cases have been dismissed; 140 of those were voluntary dismissals and the 19 others were pro se cases. The cases are divided as follows: Judge Dever – 936 cases; Judge Myers – 938 cases; Judge Boyle – 916 cases; and Judge Flanagan – 948 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

Of 407,000 de-duplicated claims, approximately 185,000 claims contain at least one supporting document. Approximately 13,000 claims contain at least three supporting documents and allege an injury type that may be considered for settlement under the EO. The time between filing a claim and settlement is dependent upon timely receipt of relevant supporting documents.

1

Per the statutory burden of proof, law firms and claimants must provide evidence of a medical diagnosis and presence at Camp Lejeune before a settlement determination can be made. Filers are encouraged to submit substantiating documentation expeditiously so that the Navy's Camp Lejeune Claims Unit can confirm substantiation of those alleged EO injuries and the DOJ can approve settlement offers to as many claimants who qualify for the EO as possible.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties continue to work toward areas in which agreement might be reached, including potential stipulations which would help streamline trials and resolution.

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties continue to work toward areas in which agreement might be reached, including potential stipulations which would help streamline trials and resolution.

**(5)    A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues.

Discovery and Motions – Phases I, II and IIIa

All expert witnesses for Phase I (Water Contamination) and Phase II (General Causation) have been both disclosed and deposed by the Parties, and all deadlines with respect to Phase I and Phase II motions have expired. All expert witness depositions for Phase III (Specific Causation and Residual Experts), except those witnesses who fall within the separate track for expert

2

discovery related to damages and offsets, have been completed ("Phase IIIa"). Similarly, the deadlines with respect to Phase IIIa motions have expired.

Discovery and Motions Pertaining to Damages and Offsets – Phase IIIb

The Court established a separate track for discovery and motions related to damages and offsets pursuant to an Order entered on September 17, 2025 [D.E. 630]. On March 26, 2026, the Court set a deadline of March 20, 2026 to complete expert discovery on "damages and offsets," "life care planning," and "home renovation" (collectively, "Phase IIIb"). [D.E. 831]. The Parties have now completed all Phase IIIb discovery and depositions. On April 7-8, 2026, the Parties filed a "Joint Appendix, Phase IIIb" consisting of exhibits that can be cited during the briefing on Phase IIIb motions. [D.E. 837-845]. Pursuant to the Court's Order of March 26, 2026 [D.E. 831], motions on Phase IIIb are due on April 27, 2026, opposition briefs are due on June 2, 2026, and reply briefs are due on July 1, 2026, with the caveat that the deadlines for opposition and reply briefs will be different if any motion(s) is filed before the April 27, 2026 deadline.

The PLG's Motion in Limine to Preclude Inappropriate Offset Evidence Is Ripe for Ruling

On January 27, 2026, the PLG filed a Motion in Limine to Preclude Inappropriate Offset Evidence. [D.E. 805]. The government's opposition memorandum was filed on February 17, 2026 [D.E. 813], and the PLG's reply was filed on March 3, 2026 [D.E. 819]. Accordingly, the PLG's motion is ripe for decision. As discussed in the motion and reply, the PLG is asking the Court to exclude irrelevant evidence of (1) supposed future offsets, (2) supposed offsets that do not counterbalance claimed damages, and (3) evidence of medical expenses paid by the VA, Medicare, and Medicaid unless being offered to resolve a payment source dispute.

Production of Digitized Muster Rolls

The Parties have worked constructively on their disagreements concerning the production

3

of digitized muster rolls. On April 9, 2026, the government provided an email setting forth its proposed plan for production of the digitized muster rolls, and the PLG is evaluating that proposal.

The Government's Premature Requests to Establish Pretrial Deadlines

On March 18, 2026, the government filed a Motion for Final Supplemental Deadline. [D.E. 827]. The PLG's response in opposition was filed on April 8, 2026. [D.E. 848]. Because the government's motion is a discovery motion, the government is not entitled to file a reply. *See* Local Civil Rule 7.1(g)(2); *see also* United States' Motion for Final Supplemental Deadline, D.E. 827 at 4 (discussing that the "Legal Standard" controlling the motion is set forth in "Rule 26(e)"). Therefore, the government's Motion for Final Supplemental Deadline is ripe for decision.

As discussed in the PLG's response in opposition, the government's motion should be denied. The relief sought by the government is unnecessary, as supplementation deadlines are already controlled by Rule 26 of the Federal Rules of Civil Procedure and the pretrial procedures set forth in Local Civil Rule 16.1. Further, the government's motion, if granted, would create complexities and expensive litigation by establishing a deadline for yet further expert reports, depositions and motions. But perhaps most importantly, the government's motion would deprive many Plaintiffs of presenting evidence relating to their current medical circumstances by setting an ad hoc discovery cutoff date.

Below, the government makes new arguments that were not included in its initial Memorandum in Support of Motion for Final Deadline for Supplementation. [D.E. 827]. The PLG perceives the government's below arguments to be an impermissible Reply in further support of its Motion. As noted by both Parties, the Motion is ripe for decision and because it is a discovery motion, no Reply is allowed. The PLG does not believe this Joint Status Report is an appropriate vehicle for further argument on a pending motion and asks that the section of the DOJ's report

4

below which serves as further briefing and a Reply to the PLG's Opposition be stricken. In any event, the government has not explained why the procedures set forth in Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 16.1 are inadequate in the present litigation.

Identifiers in Rubris

On December 21, 2023, the Court entered an Order that each plaintiff who has filed a Short Form Complaint is required to provide their date of birth and Social Security Number to the government. In general, this information was previously provided by plaintiffs to Rubris, however, there are some plaintiffs who provided incomplete information. The Parties are presently working together and attempting to resolve the issue of certain plaintiffs whose information remains incomplete.

Plaintiffs' Request for a Procedure for Authentication of Evidence to Avoid Substantial Time and Expense by Disposing of Need for Affidavits or Certifications from Records Custodians

In meet and confers occurring on March 2, 2026 and March 6, 2026, the PLG proposed that the Parties enter into a stipulation regarding the authentication of evidence in order to save the Parties and the Court considerable time and expense in preparing for and presenting evidence at trial. At the United States' request, the PLG sent to the United States a proposed written stipulation for review. The intent of the proposed stipulation is to alleviate time and expense by disposing with the need for affidavits or certifications from records custodians. The United States rejected the Plaintiffs' proposed stipulation.

After the United States' rejection of the PLG's proposed stipulation, the PLG proposed that the Parties at least agree to a procedure for the authentication of documents that would allow the Parties to start ascertaining now whether the authenticity of any material is at issue so appropriate measures can be taken to authenticate only those documents at issue. The procedure the PLG

5

proposed is as follows:

> If either party seeks to alleviate the need for affidavits or certifications from records custodians, the proposing party may send to the opposing party a list of exhibits the party seeks to be self-authenticating, genuine business records of the entity or provider named for the purposes of admissibility so that such records may be admitted into evidence without further authentication, identification, or foundational testimony. The opposing party shall have thirty (30) days to object to the authenticity or admissibility of such exhibits and set forth the specific grounds for objection. If no objection is made, the exhibits shall be deemed authentic and may be admitted into evidence without further identification or proof. Such records may still be objected to on the basis of truth, completeness, reliability, or accuracy of the records, and pursuant to other application of the Federal Rules of Civil Procedure including relevance or Federal Rule of Evidence 403.

As with the proposed stipulation, the purpose of this procedure is to alleviate the need for affidavits or certifications from records custodians at trial consistent with Local Civil Rule 16.1 and Case Management Order No. 2 ("CMO 2"), Paragraph X [D.E. 23 at 7-8]. Unfortunately, the United States has rejected this proposal as well. Normally, the PLG would serve requests for admissions to address this issue in advance of trial but with discovery closed pursuant to the Court's Case Management Orders, the PLG seeks the Court's direction.

**United States' Position:**

Fact Depositions

The United States confirms that all previously scheduled fact depositions have been taken. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Expert Depositions

All expert depositions have been completed, with the exception of those that may be

6

required due to any supplementation, subject to agreement of the Parties or Order of the Court.

Damages Expert Discovery Disclosures

The Court's September 17, 2025, Order, which required the Parties to complete fact discovery related to the Parties' offset information by September 18, 2025, also set forth a schedule for disclosure of expert opinions related to damages [D.E. 630]. Pursuant to that Order, PLG disclosed its expert damages reports on October 29, 2025; the United States disclosed its expert reports relating to damages and offsets on December 15, 2025; and PLG disclosed its rebuttal reports relating to damages and offsets on January 20, 2026. Also under that Order, expert discovery on these experts was to close by March 5, 2026. However, due to scheduling issues, the Parties agreed to schedule a few experts for depositions during the following two weeks, so that all expert depositions will be completed by March 20, 2026.

Lastly, consistent with D.E. 630, the Parties proposed dates for a briefing schedule "related to experts opining on 'damages and offsets,' 'life care planning,' and 'home renovation,'" but the Parties disagreed as to what motions would be permitted under the proposed briefing schedule. The Court's March 26, 2026, Order set forth a briefing schedule that gives the Parties until April 27, 2026, to file any motions to exclude any Phase IIIB expert opinions ("*Daubert* motions") and motions for summary judgment relating to this discovery. [D.E. 831] The Parties will then have 36 days to file oppositions to the motions and 29 days to file replies to the oppositions. *Id.*

PLG's Requests Regarding Authentication of Categories of Documents

On March 23, 2026, PLG sent the United States a letter asking that the Parties enter into a stipulation regarding the authentication of certain evidence—specifically regarding various categories of government, medical, and billing records. The United States informed PLG that Case Management Order No. 2 [D.E. 23] already covers the majority of PLG's proposal but that PLG's

proposal also sought to unilaterally alter and expand the categories of documents that would be considered self-authenticated without a sponsoring witness, including, by way of example, websites and medical provider communications. The United States informed PLG that it was unwilling to stipulate to the authenticity of certain categories of documents and that the stipulation was inconsistent with what the Court had already ordered with respect to the authenticity of documents.

The United States also informed PLG, however, that the United States has no intent to object to the authenticity of any particular category of documents or to all documents within the categories of documents PLG identified, without a good faith basis for doing so. Additionally, the United States informed PLG the Federal Rules of Civil Procedure already provide a procedure for raising objections, including authenticity objections, in response to exhibit lists. Fed. R. Civ. P. 26(a)(3)(A)(iii) & (B). If a Party fails to raise an objection at that time, the objection is waived, absent good cause. *Id.* The United States informed PLG that this procedure is sufficient to cover any documents that are not already addressed by the Court's CMO 2.

<u>The United States' Motion for Final Deadline for Discovery Supplementation</u>

The United States has long urged the Court, in its discretion, to establish deadlines for the supplementation of discovery under Rule 26(e)—as recommended by the Manual for Complex Litigation. *See* Mem. Supp. Mot., D.E. 828, at 4-5 (citing §§ 11.13 and 11.481 of the Manual for Complex Litigation (4th ed.) (2004)), Mar. 18, 2026. At the last Status Hearing on March 5, 2026, the Court authorized the United States to request such relief. On March 18, 2026, the United States moved under Rules 6(b)(1) and 16(b)(4) and filed a Memorandum of Law in Support as well as a Proposed Order (D.E. 827, 827-1, 828). PLG opposed the Motion (D.E. 848). The United States agrees that the Motion is ripe for decision.

8

PLG's speculative arguments in its Opposition notwithstanding, the United States' aim in the Motion is to position the twenty-two (22) Track 1 bellwethers for trial in 2026 according to the Court's schedule and preference. Given the scale, complexity, and number of remaining Track 1 bellwethers, the United States respectfully submits that its relief requested in the Motion would be a logical and orderly sequencing for supplementation. For example, as the Court knows, the United States asked PLG to supplement Plaintiff-specific medical records on January 16, 2026. Since then, PLG has made numerous supplemental productions in response, which the United States continues to review. Separately, the United States also has discovered that several other Plaintiffs likely have additional Plaintiff-specific medical records that it will ask PLG to supplement, as part of its ongoing duty to timely supplement discovery under Fed. R. Civ. P. 26(e). Experts from both Parties will need to review all of these records to decide whether it is necessary to supplement their reports and materials considered lists. A single date certain and timeframe for all necessary supplementation is an appropriate exercise of this Court's discretion to manage discovery. Moreover, any date certain would remain subject to modification for good cause, in the Court's discretion. By contrast, PLG's Opposition maximizes the risk that discovery may be supplemented soon, before, or even at trial—causing potential confusion and disruption that would distract from trial on the merits.

<u>United States' Proposal Regarding Agreement on Produced Records</u>

On April 3, 2026, the United States wrote to PLG regarding the Parties' previously produced records and the Parties' written discovery responses. Specifically, the United States proposed that the Parties agree to a "universe" of documents produced in the litigation, subject to further supplementation as agreed to by the Parties or ordered by the Court. In exchange, the Parties would agree to require no further supplements to the written Responses to Requests for Production

9

identifying responsive documents by bates ranges. In addition, Responses to Interrogatories would not need to be supplemented to include additional bates ranges not listed in prior supplementations. If agreed, the United States will prepare for PLG's review and comment a list of all productions sent to, and received from, PLG over the course of this litigation. The United States has not yet received a response from PLG.

Missing Plaintiff Identifiers in Rubris

Pursuant to the Court's December 21, 2023, Order [D.E. 91], each plaintiff who has filed a Short Form Complaint is required to provide their complete date of birth and full Social Security Number to the United States. This information has previously been collected in Rubris. The United States identified over 700 entries where this information appeared incomplete or missing. PLG has narrowed the number of missing entries, and previously stated that the outstanding information originated from three firms and a handful of pro se plaintiffs. PLG requested that the United States draft a letter to the outstanding firms to assist PLG in its obligations.

Relying on PLG's representation that only three firms remained outstanding, the United States indicated it would consider drafting a letter to the firms to ensure compliance with the Court's Order, contingent on PLG confirming the identity of the outstanding firms and providing their contact information. However, despite multiple follow-ups, PLG has not confirmed the identity or number of firms at issue. PLG provided a spreadsheet that contains multiple tabs listing different firms, which suggests there may be more than the three firms previously represented. If there are more than three firms involved, the United States withdraws its agreement to assist PLG in its obligation to comply with the Court Order.

United States Marine Corps Digitization Project Update

Plaintiffs have sought the production of records that have been scanned through the United

10

States Marine Corps' ("USMC") ongoing efforts to digitize certain microfilm, microfiche, and paper military records (the "Current Digitization Project"). The United States objected on, *inter alia*, burden and relevancy grounds. PLG filed a motion to compel [D.E. 730], but withdrew it at the March 5, 2026 status hearing based on the Parties' agreement to a production of the "standard-quality" records being scanned. [D.E. 824 at 3:11-4:7].

To that end, the United States has offered multiple potential solutions for production, and believes the Parties have reached an agreement on a path forward. The United States believes the records will be uploaded to the USMC document repository by the end of April 2026. USMC estimates that the total size of the "standard-quality" records will be approximately 5TB of data. The only metadata available for these records is the filename and scanning date. The Department of Justice ("DOJ") proposed the following processing and production plan to PLG on April 9, 2026:

- DOJ is proposing to use custom automated scripting for this production.

- The produced PDF files will contain bates stamping endorsed on each page.

- The original OCR will be attached to each PDF.

- The original filename will be attached to each PDF.

- A .csv file linking the filename with the appropriate bates ranges (which would permit PLG to overlay the filename and bates information into its review database) will accompany each production.

- Given the size of the productions, DOJ will need to produce these records via hard drives on a rolling basis.

- This process would take an estimated five weeks for completion, with the first hard drive being produced approximately three weeks after processing begins.

11

- These productions will be made, pursuant to the Parties' prior agreement, "to an interim framework under which PLG will be permitted limited access to the USMC Digitization Records solely for the purpose of assessing the nature and utility of the data." [D.E. 796] These productions will be accessible only to appointed members of PLG and PLG committee members who sign Exhibit A to the Third Amended Protective Order [D.E. 802] and return the signed page to DOJ.

- Once PLG has reviewed the productions, the Parties will discuss any proposed further use of these records in the context of the litigation and/or administrative process.

The Parties will be discussing this proposal on April 15, 2026.

<u>Proposal for Track 2 Discovery</u>

The United States has conferred with PLG on the most efficient procedure for discovery on Track 2. The United States believes that resolving general causation issues for Track 2 diseases before conducting individual plaintiff discovery would be most efficient. [D.E. 156]. PLG has indicated that it will review the United States' proposal and confer regarding a discovery plan for Track 2. The United States is prepared to discuss this further whenever PLG is ready.

**(5) Any other issues that the parties wish to raise with the Court:**

The Parties have agreed to file separate summaries of the motions that are pending before the Court. The Parties' respective summaries appear below:

**The PLG's Summary:**

A full, organized list of pending motions appears below. On February 27, 2026, the Court entered an Order [D.E. 818] granting in part the PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 721]. Pursuant to that Order, the Court held in abeyance a number of Rule 702 motions and summary judgment motions dependent

12

upon Rule 702 determinations. Those motions that the Court held in abeyance are still listed below, but each of those motions is proceeded with an asterisk (*i.e.*, an \*) to designate that the motion has been held in abeyance.

I.   **Phases II and III Motions On Application of Statutory Burden of Proof**
     Motions are Applicable to All Diseases and to Future Tracks

   a.  United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539]

       i.  PLG's Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least Likely As Not" Standard [D.E. 690]

       ii. United States' Reply to Response to Motion regarding Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 767]

   b.  Plaintiffs' Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 567]
       i.  United States' Response in Opposition to PLG's Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 664]

       ii. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 762]

II.  **Phases II and III Expert/Illness Specific Motions**
     Motions are Applicable to Specific Illnesses as Categorized Below

   a.  **Motions Not Limited to a Particular Illness**

       i.  United States' Motion for Partial Summary Judgment concerning Dichloroethylene (all cases) [D.E. 520]

           1.  PLG's Response in Opposition to Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E.715]

           2.  United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 742]

   b.  **Motions to Exclude General Causation Experts Who Opined as to Every Track 1 Case**

     i.   Plaintiffs' Motion to Exclude Expert Dr. Michael J. McCabe, Jr. (all cases except Parkinson's) [D.E. 597]*

       1.  United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 666]
       2.  PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 784]

     ii.  Plaintiffs' Motion to Exclude Defense Expert Dr. Julie Goodman (all cases) [D.E. 621]*

       1.  United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.686]
       2.  PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.785]

     iii.  Plaintiffs' Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 624]*

       1.  United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 670]
       2.  PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Lisa Bailey [D.E. 776]
       3.  United States' Notice Regarding February 13, 2026 Hearing [D.E. 815]

c.  **Motions with Common Legal Arguments**[1]

     i.  United States' "Literature Review Motions" (all cases) [D.E. 584*, 574*, 541*, 559*, and part of 543*]

     ii.  United States' "Differential Etiology Motions" (all cases) [D.E. 586*, 569*, 557*, 530*, 533*, 537*, 553*, and part of 543*]

     iii.  United States' "Threshold Association Motions" (all cases) [D.E. 547*, 554, 582*, 609*]

     iv.  United States' Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (bladder cancer and NHL/Leukemia) [D.E. 601]*

---

[1] These motions also are listed more specifically under the individual disease categories below but the motions share common legal arguments and, therefore, may need to be decided jointly. The PLG's responses to motions are identified below in the specific disease categories.

d.  **<u>Bladder Cancer Motions</u>** (Hon. Richard E. Myers II)

    i.  **United States' Motions**

        1.  Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Threshold Association Motion") [D.E. 582]*

            a.  PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.689]

            b.  United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.752]

        2.  Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Literature Review Motion") [D.E. 584]*

            a.  PLG's Response in Opposition to Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion") [D.E. 700]

            b.  United States' Reply to Response to Motion regarding Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp [D.E. 751]

        3.  Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Bladder Cancer Differential Etiology Motion") [D.E. 586]*

            a.  PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts from Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 691]

15

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 755]

4. Motion to Exclude Plaintiffs' Psychiatry Expert Dr. Haresh Tharwani [D.E. 594]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychiatry Expert Dr. Haresh Tharwani [695]

5. Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 590]* [predicated upon determinations in D.E. 582*, 584*, 586*]

   a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Admissible Expert Testimony Fed. R. Civ. P. 56; L. Civ R. 56.1(a)(1) [D.E. 678]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 756]

6. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

   a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

   b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

**ii. Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Max Kates filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 588]*

   a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Max Kates [D.E. 673]

16

b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Max Kates [D.E. 783]

2. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to one kidney plaintiff)

a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

3. Multi-Illness Motions at D.E. 597*, 621*, 624*.

a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

e. **Kidney Cancer Motions** (Hon. Terrence W. Boyle)

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 524]*

a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 674]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 757]

2. Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases ("Kidney Cancer Differential Etiology Motion")[D.E. 569]*

a. PLG's Response in Opposition to Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 697]

b. United States' Reply to Response to Motion regarding Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 759]

17

3. Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 571]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 671]

4. Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review Motion") [D.E. 574]*

   a. PLG's Response in Opposition to Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 707]

   b. United States' Rely to Response to Motion regarding Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 768]

5. Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 609]*

   a. PLG's Response in Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 687]

   b. United States' Reply to Response to Motion regarding Motion Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 761]

6. Motion for Summary Judgment (Kidney Cancer) [D.E. 611]* (predicated upon determinations in D.E. 539, 569*, 609*)

   a. PLG's Response in Opposition to Motion for Summary Judgment (Kidney Cancer) [D.E. 677]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment (Kidney Cancer) [D.E. 766]

7. Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 605]

18

a. PLG's Response in Opposition to Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 714]

b. United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 758]

8. Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgement for Lack of Expert Testimony on But-For Causation [D.E. 822]

a. United States' Memorandum in Support regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 823]

b. PLG's Response in Opposition regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 834]

c. United States' Reply to Response to Motion regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, As to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 850]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Walter Stadler [D.E. 599]*

a. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Walter Stadler [D.E. 665]

b. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Walter Stadler [D.E. 779]

2. Motion to Exclude Defense Expert Dr. Gail H. Vance, M.D. [D.E. 619]*

19

a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 663]

b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 778]

3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to two bladder cancer plaintiffs)

a. PLG's Response in Opposition to 3.    Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

4. Multi-Illness Motions at D.E. 597*, 621*, 624*.

a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

f. **Parkinson's Disease Motions** (Hon. Louise W. Flanagan)

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman ("Parkinson's Literature Review Motion") [D.E. 541]*

a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 694]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 744]

2. Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska ("Parkinson's Literature Review and Differential Etiology Motion")[D.E. 543]*

a. PLG's Response in Opposition to Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 688]

20

b.  United States' Reply to Response to Motion regarding Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 747]

3.  Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz and Richard Barbano ("Parkinson's PCE Daubert Motion") [D.E. 545]*

    a.  PLG's Response in Opposition to Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 693]

    b.  United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 745]

4.  Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano ("Parkinson's Threshold Association Motion") [D.E. 547]*

    a.  PLG's Response in Opposition to Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa, and Richard Barbano [D.E. 682]
    b.  United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano [D.E. 746]

5.  Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 549]* (predicated upon determinations in D.E. 539, 541*, 543*, 545*, 547*)

    a.  PLG's Response in Opposition to Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 701]

21

b. United States' Reply to Response to Motion regarding Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 748]

6. Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

   a. PLG's Response in Opposition to Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium Claim [D.E. 719]

   b. United States Reply to Response to Motion regarding Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 749]

ii. **Plaintiffs' Leadership Group's Motions**

1. Multi-Illness Motions at D.E. 597*, 621*, 624*

   a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

g. **Leukemia and Non-Hodgkins Lymphoma Motions** (Hon. James C. Dever III)

   i. **United States' Motions**

1. Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek ("Leukemia Differential Etiology Motion – Gondek") [D.E. 530]*

   a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek (Leukemia) [D.E. 683]

22

b. United States' Reply to Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek [D.E. 750]

2. Motion to Exclude the Opinions of Damian Laber, M.D., FACP ("Leukemia Differential Etiology Motion – Laber") [D.E. 533]*
   a. PLG's Response in Opposition to Motion to Exclude the Opinions of Damian Laber, M.D. [D.E. 692]

   b. United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Damian Laber, M.D., FACP [D.E. 743]

3. Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 537]*

   a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 684]

   b. United States' Reply in Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher (Leukemia) [D.E. 771]

4. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology ("Leukemia Threshold Association Motion")[D.E. 553]*

   a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 708]
   b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 770]

5. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(c) ("Leukemia/NHL Motion on Disease Synergy") [D.E. 555]*

    a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.699]

    b.

    c. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.772]

6. Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Federal Rule of Evidence 702(d) for Failing to Reliably Employ a Differential Etiology ("Leukemia/NHL Differential Etiology Motion") [D.E. 557]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 696]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 773]

7. Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu ("Leukemia/NHL Literature Review Motion") [D.E. 559]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 703]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 769]

8. Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 576]* (predicated upon determinations in D.E. 530*, 533*, 535*, 537*, 539, 553*, 555*, 557*, 559*)

24

a. PLG's Response in Opposition to Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 675]

b. United States' Reply to Response to Motion regarding Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 760]

9. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

**ii. Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Certain Opinions of Dr. Harry P. Erba filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 580]*

a. United States' Response in Opposition to PLG's Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 667]

b. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 782]

2. Multi-Illness Motions at D.E. 597*, 621*, 624*

a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

**h.    Damages and Offsets**

**i.** The PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 805]

1. United States' Response in Opposition to PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 813]

2. PLG's Reply to Response in Opposition to Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 819]

### III. Other Pending Motions

a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156]

b. United States' Motion to Amend/Correct [D.E. 630] Order on Motion to Amend/Correct to Include Discovery Supplementation Deadlines [D.E. 827]

   i. United States' Memorandum in Support regarding [D.E. 827] Motion to Amend/Correct to Include Discovery Supplementation Deadlines [D.E. 828]

   ii. PLG's Response in Opposition regarding [D.E. 827] Motion to Amend/Correct [D.E. 630] Order on Motion to Amend/Correct to Include Discovery Supplementation Deadlines [D.E. 848]

c. United States' Appeal of US Magistrate Judge Decision regarding [D.E. 821] Order on Motion to Strike, Order on Motion for Leave to File [D.E. 829]

   i. PLG's Response regarding [D.E. 829] Appeal of Magistrate Judge Decision to District Court [D.E. 836]

d. PLG's Motion to Seal [D.E. 845] Proposed Sealed Document [D.E. 846]

   i. PLG's Memorandum in Support regarding [D.E. 846] Motion to Seal [D.E. 845] Proposed Sealed Document

e. United States' Motion for Leave to File Reply in Further Support of United States' Statement of Appeal Regarding D.E. 821 [D.E. 849]

**United States' Summary:**

The following motions, which were not deferred by the Court's Order on PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 818], are ripe for ruling and will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution:

1. United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539]

2. Plaintiffs' Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 567]

3. United States' Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 520]

4. United States' Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 [D.E. 605]

5. United States' Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

6. The PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 805]

The Court's Order deferred ruling on the United States Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 601]. However, the United States has filed a Motion for Reconsideration [D.E. 822] of the deferral of that motion under D.E. 818, because, unlike the other deferred motions, that motion does not turn on the admission of expert testimony. Pre-trial resolution of that motion will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution. The Motion for Reconsideration is fully briefed.

Additionally, the United States believes that pre-trial rulings by individual judges on the admissibility of (1) expert opinions on the appropriate use of the ATSDR's water model, (2) expert opinions on general causation, and (3) expert opinions on specific causation will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution.

Finally, the United States disagrees with PLG's prioritization, grouping, and in certain instances, characterizations of the pending motions.

DATED this 13th day of April, 2026.

Respectfully submitted,

| | |
|---|---|
| /s/ J. Edward Bell, III | BRETT A. SHUMATE |
| J. Edward Bell, III (admitted *pro hac vice*) | Assistant Attorney General |
| Bell Legal Group, LLC | Civil Division |
| 219 Ridge St. | |
| Georgetown, SC 29440 | JONATHAN GUYNN |
| Telephone: (843) 546-2408 | Deputy Assistant Attorney General |
| jeb@belllegalgroup.com | Torts Branch |
| *Lead Counsel for Plaintiffs* | |

/s/ *Robin Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ *Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Assistant Directors

/s/ *Adam Bain*
ADAM BAIN
Chief Litigation Counsel
Camp Lejeune Justice Act Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

*Counsel for Defendant*
*United States of America*

/s/ *W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ *James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529

28

Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*