# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
### NO. 7:23-CV-897

IN RE:

CAMP LEJEUNE WATER LITIGATION

This Document Relates To:

ALL CASES

UNITED STATES' REQUEST FOR PRELIMINARY OR WORKING PRETRIAL CONFERENCES

(Fed. R. Civ. P. 1, 16; L. Civ. R. 16.1(a))

Pursuant to Local Civil Rule 16.1(a), the United States respectfully requests preliminary or "working" pretrial conferences with the Court, at the Court's convenience. In support, the United States shows the following:

1. Local Civil Rule 16.1(a) provides the following: "In the court's discretion and upon request of any party or on the court's own initiative, a preliminary or 'working' pretrial conference may be scheduled." L. Civ. R. 16.1(a).

2. On April 20, 2026, Magistrate Judge Jones held a Status Hearing in this litigation. During the Hearing, Judge Jones raised as a possibility the Parties requesting a pretrial conference with the District Judges assigned to bellwether trial cases in the individual Track 1 diseases to resolve various pre-trial matters and deadlines before Track 1 bellwether trials commence. *See* Tr. 5:23-6:13, D.E. 855 (Apr. 20, 2026).

3. The United States respectfully submits that there are important matters that each of the individual District Judges could resolve at a "working" pretrial conference, even before trial dates are scheduled. *See* Local Civil Rule 16.1(a). For example, each individual District Judge could address whether there should be trial time limits; whether trials will involve single- or multiple-plaintiffs; whether any deferred *Daubert* motions will be decided pre-trial; whether any

matters could be resolved via stipulations; whether any modifications to or deviations from the Federal Rules of Civil Procedure or the Local Civil Rules would advance judicial efficiency; and similar matters.

4. Resolving such matters even without trial dates facilitates efficient preparations for trial by enabling the Parties to understand each individual District Judge's anticipated procedures for the Track 1 bellwether trials. The Parties can then take those procedures into account as trial preparations intensify during the coming months.

5. To minimize the burden on the Court and the impact on other pending matters, and because certain issues are disease-specific, the United States proposes that each individual District Judge schedule a "working" pretrial conference at his or her discretion and according to his or her schedule for the Track 1 disease(s) assigned to that District Judge.

6. Alternatively, if the Court in its discretion determines that an *en banc* proceeding would be more efficient, the United States welcomes the opportunity to hold a "working" pretrial conference *en banc*. Additionally, an *en banc* pretrial conference may be useful for the Court to discuss the need to coordinate schedules given that the Parties have retained witnesses who may be needed to appear in multiple trials.

7. Plaintiffs have previously requested a pretrial conference to address trial matters [D.E. 117]. And at the April 20, 2026, Status Conference, the Associate Attorney General of the United States appeared to request a working pretrial conference, which he would attend, and the setting of trial dates. [April 20, 2026 Conf. at 16-17]. The United States is prepared to expeditiously bring these cases to trial once the Court resolves any global legal issues the Court deems necessary for the efficient resolution of the litigation.

2

8.      The United States requested that Plaintiffs state whether they consent to or would join in this request. Plaintiffs stated that they do not join in the request and asked that the following statement be included: "PLG does not join in this request. PLG understands that each individual trial judge will schedule necessary pretrial conferences as and when each respective judge deems it appropriate to do so."

9.      Thus, the United States respectfully requests "working" pretrial conferences before each District Judge, or *en banc*, according to the Court's discretion and convenience to discuss trial matters specific to the Track 1 bellwethers assigned to the individual District Judges. The United States' attorneys who are assigned to each Track 1 disease stand ready to meet with the Court based on the preferences and schedules of the District Judges.

[<em>signature page follows</em>]

Dated: April 30, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Assistant Directors

ADAM BAIN
Chief Litigation Counsel

ALLISON O'LEARY
ELIZABETH PLATT
TRACI MCKEEVER
MICHAEL CROMWELL
Senior Trial Counsel

JENNIFER ADAMS
DAVID ORTIZ
Trial Attorneys

*/s/ David R. Ortiz*
David R. Ortiz
N.C. State Bar No. 55891
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Camp Lejeune Justice Act Section
310 New Bern Avenue, Third Floor
Raleigh, NC 27601
202-451-7756
david.r.ortiz@usdoj.gov

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426
*Attorneys for Defendant,*
*United States of America*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I electronically filed the foregoing using the Court's

Electronic Case Filing system, which will send notice to all counsel of record.


/s/ David R. Ortiz
David R. Ortiz

5