# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to May 8, 2026, 3,744 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. 162 cases have been dismissed; 142 of those were voluntary dismissals consisting of 19 pro se cases and 1 represented case. The cases are divided as follows: Judge Dever – 936 cases; Judge Myers – 939 cases; Judge Boyle – 916 cases; and Judge Flanagan – 953 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

Of 407,000 de-duplicated claims, approximately 13,000 claims contain at least three supporting documents and allege an injury type that may be considered for settlement under the Elective Option (EO). Of those EO claims with this bare minimum documentation for claim review, more than 88% have insufficient evidence to support the claim and less than 2% have

1

sufficient documentary substantiation to meet the EO requirements for the Navy's Camp Lejeune

Claims Unit (CLCU) to send the claim to DOJ for settlement approval. Per the statutory burden

of proof, law firms and claimants must provide evidence of a medical diagnosis and presence at

Camp Lejeune before a settlement determination can be made. Filers are encouraged to submit

substantiating documentation expeditiously so that the CLCU can confirm substantiation of those

alleged EO injuries and the DOJ can approve settlement offers to as many claimants who qualify

for the EO as possible. The time between filing a claim and settlement is dependent upon timely

receipt of relevant supporting documents.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties continue to work toward areas in which agreement might be reached, including

potential stipulations which would help streamline trials and resolution.

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties continue to work toward areas in which agreement might be reached, including

potential stipulations which would help streamline trials and resolution.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the

last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in

this matter. Below, the PLG sets forth a description of certain ongoing discovery issues.

<u>Identifiers in Rubris</u>

Repeatedly, the government has used Joint Status Reports and Status Conferences as an

2

opportunity to criticize the PLG regarding outstanding deficiencies with social security numbers and/or dates of birth without fully acknowledging either the substantial progress achieved by the PLG or the significant resources dedicated to these remediation efforts.

For example, during the April 20, 2026 Status Conference, the government identified Bell Legal Group, by name, as one of several firms with outstanding deficiencies without explaining that Bell Legal Group had only a single unresolved deficiency case and had already been actively working with the Social Security Administration to obtain the requested information. The government had previously been advised of those ongoing efforts concerning Ms. Jerone Wilson's Social Security information. Nevertheless, the issue was raised during the Status Conference without the additional context that Bell Legal Group's outstanding deficiency involved only a single plaintiff of which it has been diligently working to resolve. Accordingly, the PLG provides the following update:

Ms. Jerone Laws Wilson was born on February 25, 1942. She passed away on November 18, 1974. These dates were provided in Ms. Wilson's short form complaint. Her husband, Isaiah Wilson age 77, was appointed as administrator of her estate to pursue her Camp Lejeune case and is the named plaintiff.

Ms. Wilson's case has been stayed since the early days of this litigation. Nevertheless, Bell Legal Group worked to obtain Ms. Wilson's social security number. However, Mr. Wilson struggled to remember Ms. Wilson's social security number and due to the passage of time does not have any such records. Nevertheless, Bell Legal Group requested Ms. Wilson's social security number from one branch of the federal government, the Social Security Administration, to give to another branch of the federal government, the DOJ, but were advised that there is no record of a number being issued to Ms. Wilson. Thus, Bell Legal Group's sole remaining deficiency – out of

hundreds of short form complaints filed by Bell Legal Group without issue - involved an anomalous circumstance in which the requested Social Security information does not appear to exist, rather than a failure by counsel or the plaintiff to provide available information.

Since the government made the PLG aware of its concerns regarding the Short Form Complaint ("SFC") for stayed cases, the PLG has made tremendous progress to reduce the number of cases missing information by 93%. These efforts have only been achieved through the mobilization of substantial resources.

Specifically, the lists of missing information were divided among several law firms, with at least one PLG law firm handling pro se plaintiffs and another PLG law firm handling plaintiffs represented by counsel. Multiple attorneys and support personnel at these firms, together with common benefit resources including Rubris, have devoted substantial and ongoing efforts toward resolving these deficiencies.

The government's complaints also omit the technical and other difficulties. For example, SFC plaintiffs are frequently pro se and nonresponsive to repeated outreach. Even where plaintiffs have representation by counsel, frequently that counsel is not part of the PLG and thus outside the PLG's control. Firms vary in their responsiveness to the PLG's and Rubris's requests to cure deficiencies within Rubris. A further example involves SFC Plaintiffs who were formerly represented by counsel but then become pro se, thereby making these outreach efforts yet more challenging. Numerous additional examples of unique and practical difficulties could be identified. Nevertheless, the PLG has continued working constantly through these obstacles to reduce and resolve deficiencies.

As of May 8, 2026, the PLG believes that deficiencies remain for: (a) 12 total pro se SFC Plaintiffs, and (b) 34 SFC Plaintiffs with representation by counsel. However, there are important

4

clarifications about each of these figures. As to the pro se category, one pro se SFC Plaintiff is deceased, and despite repeated outreach efforts to next-of-kin, the missing information has not been obtained. Further, 3 of the pro se SFC Plaintiffs are now represented by counsel. In addition, 7 of the pro se SFC Plaintiffs were identified by Rubris as having missing information as recently as May 7, 2026, underscoring the ongoing and evolving nature of the Rubris reconciliation process. The PLG is continuing to reach out to the remaining 12 pro se SFC Plaintiffs with incomplete identifier information on a weekly basis. As to the SFC Plaintiffs with counsel, the PLG's most recent update provided to DOJ reflects 39 outstanding deficiencies involving represented plaintiffs. Importantly, however, of those 39 cases, 2 have been dismissed in the EDNC and 3 involve plaintiffs who do not appear to have assigned Social Security Numbers. Accordingly, only 34 deficiencies presently appear capable of resolution.

During the April 20, 2026 Status Conference, counsel for the Government stated that there were 26 pro se SFC Plaintiffs whose information was missing from Rubris. *See* Apr. 20, 2026 Hr'g Tr. at 10:2-3. Subsequent review demonstrated that figure was inaccurate. In correspondence dated April 22, 2026, the government explained that the figure was based upon its own "internal data analysis." That explanation itself underscores the inherent complexities associated with the Rubris project and further demonstrates why independent verification and cross-checking of deficiency data has been necessary throughout this process.

The PLG will continue to dedicate substantial resources toward curing all deficiencies relating to Social Security Numbers and dates of birth for filed plaintiffs' SFCs, consistent with this Court's December 21, 2023 Order. [D.E. 91].

Finally, the government's below section about missing identifiers in Rubris states that the "the United States will move to dismiss any unresolved deficient entries." As described above, the

PLG has made tremendous progress on rectifying deficient entries and continues to dedicate substantial attorney time and other resources to the matter. Additionally, some deficiencies cannot be resolved (*e.g.*, where a SFC Plaintiff does not have a social security number), and other deficiencies came to light as recently as May 7, 2026. Accordingly, the government's position is drastic and unnecessary.

Discovery and Motions – Phases I, II and IIIa

All expert witnesses for Phase I (Water Contamination) and Phase II (General Causation) have been both disclosed and deposed by the Parties, and all deadlines with respect to Phase I and Phase II motions have expired. All expert witness depositions for Phase III (Specific Causation and Residual Experts), except those witnesses who fall within the separate track for expert discovery related to damages and offsets, have been completed ("Phase IIIa"). Similarly, the deadlines with respect to Phase IIIa motions have expired.

Discovery and Motions Pertaining to Damages and Offsets – Phase IIIb

The Court established a separate track for discovery and motions related to damages and offsets pursuant to an Order entered on September 17, 2025 [D.E. 630]. On March 26, 2026, the Court set a deadline of March 20, 2026 to complete expert discovery on "damages and offsets," "life care planning," and "home renovation" (collectively, "Phase IIIb"). [D.E. 831]. The Parties have now completed all Phase IIIb discovery and depositions. On April 7-8, 2026, the Parties filed a "Joint Appendix, Phase IIIb" consisting of exhibits that can be cited during the briefing on Phase IIIb motions. [D.E. 837-845].

On April 27, 2026, the government filed two *Daubert* motions related to Phase IIIb. [D.E. 856 & 858]. On the same date, the PLG filed one *Daubert* motion and one motion for partial summary judgment related to Phase IIIb. [D.E. 860 & 864]. Opposition briefs on Phase IIIb are

due on June 2, 2026, and reply briefs are due on July 1, 2026, with the caveat that the deadline for reply briefs will be different if any opposition is filed before the June 2, 2026 deadline.

The PLG's Motion in Limine to Preclude Inappropriate Offset Evidence Is Ripe for Ruling

On January 27, 2026, the PLG filed a Motion in Limine to Preclude Inappropriate Offset Evidence. [D.E. 805]. The government's opposition memorandum was filed on February 17, 2026 [D.E. 813], and the PLG's reply was filed on March 3, 2026 [D.E. 819]. Accordingly, the PLG's motion is ripe for decision, and that motion is not subject to the separate Phase IIIb briefing schedule described above.

As discussed in the PLG's motion and reply, the PLG is asking the Court to exclude irrelevant evidence of (1) supposed future offsets, (2) supposed offsets that do not counterbalance claimed damages, and (3) evidence of medical expenses paid by the VA, Medicare, and Medicaid unless being offered to resolve a payment source dispute.

Production of Digitized Muster Rolls

The Parties have worked constructively on their disagreements concerning the production of digitized muster rolls. As a result of these discussions, the Parties reached an agreement "to an interim framework under which the PLG will be permitted limited access to the USMC Digitization Records solely for the purpose of assessing the nature and utility of the data." On April 16, 2026, the government indicated that "this production will take five weeks to complete, with the first hard drive being produced approximately three weeks after processing begins." On May 11, 2026, the government provided an update that there was "an initial issue in downloading the records from the AWS repository," and as such, "there may be a slight delay in the initial production of these records," but the government believes that it "will still be able to complete the productions by the end of June."

7

<u>The Government's Premature Requests to Establish Pretrial Deadlines</u>

On March 18, 2026, the government filed a Motion for Final Supplemental Deadline. [D.E. 827]. The PLG's response in opposition was filed on April 8, 2026. [D.E. 848]. Because the government's motion is a discovery motion, the government was not entitled to file a reply. *See* Local Civil Rule 7.1(g)(2). Therefore, the government's Motion for Final Supplemental Deadline is ripe for decision.

As discussed in the PLG's response in opposition, the government's motion should be denied. The relief sought by the government is unnecessary, as supplementation deadlines are already controlled by Rule 26 of the Federal Rules of Civil Procedure and the pretrial procedures set forth in Local Civil Rule 16.1. Further, the government's motion, if granted, would create complexities and expensive litigation by establishing a deadline for yet further expert reports, depositions and motions. But perhaps most importantly, the government's motion would deprive many Plaintiffs of presenting evidence relating to their current medical circumstances by setting an ad hoc discovery cutoff date.

The Parties have engaged in discussions to resolve the government's Motion for Final Supplemental Deadline but no agreement has been achieved. During the previous Status Conference on April 20, 2026, Magistrate Judge Jones noted that pretrial deadlines and trial dates will be specific to each of the four District Court Judges. Despite this admonition, on April 27, 2026, the government proposed to the PLG that supplementation deadlines be uniform for each District Court Judge. For instance, the government proposed that "all fact discovery must be supplemented on or before ninety (90) days before the trial date set by each District Judge," unless good cause is shown to supplement after that uniform deadline.

The PLG believes that the government's proposal is inconsistent with Magistrate Judge Jones' direction at the prior Status Conference because it would purport to impose upon each District Court Judge a supplementation deadline. Moreover, the government's proposal ignores – and is more onerous than – the supplementation procedures of Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 16.1.

As such, the PLG responded to the government's proposal on May 6, 2026 and indicated its position that these supplementation issues are best left to the discretion of the District Court Judges to schedule and discuss at the time that he or she deems appropriate.

<u>Plaintiffs' Request for a Procedure for Authentication of Evidence to Avoid Substantial Time and Expense by Disposing of Need for Affidavits or Certifications from Records Custodians</u>

The government's above-referenced proposal of April 27, 2026 concerning supplementation deadlines also included a complex procedure involving further time-consuming and expensive discovery requests for purposes of authenticating documents. As set forth in the PLG's section of the previous Joint Status Report of April 13, 2026 [D.E. 851 at 5-6], the PLG has advocated for a proposed stipulation that would authenticate documents in a manner that saves the Parties and the Court time and expense in preparing for the presentation of evidence at trial. To the contrary, the government's proposal would add further delay and expense to the authentication of documents and may also result in further discovery disputes. In light of Magistrate Judge Jones' comments during the prior Status Conference, the PLG's preference is to leave these authentication issues to the discretion of the individual District Court Judges.

<u>The United States' Proposal to Establish a Regular Obligation to Produce Expert Invoices and Materials Consider Lists ("MCL")</u>

As set forth above, the government has made several proposals involving time-consuming and expensive procedures that are not required by the Federal Rules of Civil Procedure or the Local

9

Civil Rules. In addition to the examples described above, on April 16, 2026, the government sent a letter proposing that "the Parties agree to exchange supplemental expert invoices and MCLs on May 29, 2026 and afterwards on the same schedule as the DPPF updates [*i.e.*, quarterly] between now and the bellwether trials, with the next update being due July 10, 2026."

Such a procedure is not required by the Federal or Local Rules. Furthermore, this quarterly obligation to supplement invoices and MCLs would create a tremendous expense in both expert fees and attorney time and take up substantial resources that are best dedicated to other pursuits that actually advance this litigation and settlement negotiations. Federal Rule of Civil Procedure 26(e) and the applicable pretrial procedures set forth in the Local Civil Rules address the Parties' ongoing and pretrial responsibilities to supplement, and the government's proposal is therefore both unnecessary and burdensome.

In response to the government's proposal, the PLG indicated that it is agreeable to a production on May 29, 2026 of any expert invoices that the Parties have received from their respective experts in all phases of the litigation since that date of their deposition and which were not already previously produced. Such invoices should already be in each Party's custody and control and should not require extensive time or resources to produce.

<u>The United States' Proposal Regarding Agreement on Produced Records</u>

The PLG has carefully considered the United States' request that the PLG review a list of all records both of the Parties have produced at any time in this case and "confirm whether or not you agree that our list matches your understanding of the documents that are available for use at trials." That request is not contemplated by the Federal Rules of Civil Procedure or the Local Civil Rules. Further, the government's proposed confirmation exercise would be very costly to the PLG, time-consuming, and not proportional to the needs of this litigation. It is also unnecessary. The

10

PLG believes that the concerns the government has raised (unfair surprise and prejudice) will be addressed in the ordinary course in connection with the parties' formulation of the pretrial orders in each action pursuant to the Federal and Local Civil Rules. The United States' proposal adds an additional step to that process that will consume substantial PLG resources and distract from the important work of engaging in global settlement discussions and preparing for trials.

<u>The United States' Request for Preliminary or Working Pretrial Conferences</u>

On April 30, 2026, the United States filed a Request for Preliminary or Working Pretrial Conferences. [D.E. 866]. The PLG's position, as stated in that motion, is that the "PLG does not join in this request" because the "PLG understands that each individual trial judge will schedule necessary pretrial conferences as and when each respective judge deems it appropriate to do so." [D.E. 866 at 3].

**United States' Position:**

<u>Fact Depositions</u>

The United States confirms that all previously scheduled fact depositions have been taken. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

<u>Expert Depositions</u>

All expert depositions have been completed, with the exception of those that may be required due to any supplementation, subject to agreement of the Parties or Order of the Court.

<u>Damages Expert Discovery Disclosures</u>

The Court's September 17, 2025, Order, which required the Parties to complete fact discovery related to the Parties' offset information by September 18, 2025, also set forth a schedule

11

for disclosure of expert opinions related to damages [D.E. 630]. Pursuant to that Order, PLG disclosed its expert damages reports on October 29, 2025; the United States disclosed its expert reports relating to damages and offsets on December 15, 2025; and PLG disclosed its rebuttal reports relating to damages and offsets on January 20, 2026. Also under that Order, expert discovery on these experts was to close by March 5, 2026. However, due to scheduling issues, the Parties agreed to schedule a few experts for depositions during the following two weeks, so that all expert depositions will be completed by March 20, 2026. That discovery has now been completed.

Lastly, consistent with D.E. 630, the Parties proposed dates for a briefing schedule "related to experts opining on 'damages and offsets,' 'life care planning,' and 'home renovation,'" but the Parties disagreed as to what motions would be permitted under the proposed briefing schedule. The Court's March 26, 2026, Order set forth a briefing schedule that gives the Parties until April 27, 2026, to file any motions to exclude any Phase IIIB expert opinions ("*Daubert* motions") and motions for summary judgment relating to this discovery. [D.E. 831] The Parties will then have 36 days to file oppositions to the motions and 29 days to file replies to the oppositions. *Id.* On April 27, 2026, the Parties filed their respective motions and are in the process of preparing responses.

Supplementing Expert Invoices

The Parties have agreed to exchange supplemental expert invoices for all experts in all phases of the litigation by May 29, 2026. The United States proposed that the Parties exchange invoices on a quarterly basis, along with Plaintiffs' quarterly DPPF updates, which PLG declined. On May 4, 2026, the United States requested an alternate proposal for exchanging invoices, but to date, PLG has not responded.

Attempts to Work with PLG on Pre-Trial Issues.

The United States has attempted to coordinate with PLG to develop practical solutions to various procedural issues to enable the Parties to prepare efficiently for trials. These include the United States' proposals on: (1) a final deadline for discovery supplementation, (2) supplementing materials considered lists and expert reports, (3) an agreement on produced records, and (4) a request for "working" pre-trial conferences with the individual District Judges. PLG has rejected each proposal. The United States believes coordination is necessary to ensure orderly trial preparation and to minimize unnecessary disputes as the Track 1 bellwether trials approach. Each is discussed below.

Final Deadline for Discovery Supplementation & Authentication

On March 18, 2026, the United States moved under Rules 6(b)(1) and 16(b)(4) to amend the Pretrial Scheduling Orders to include deadlines for supplementation of discovery (D.E. 827). PLG responded in opposition (D.E. 848). The Motion is ripe.

Before the Status Hearing on April 20, 2026, the Parties met-and-conferred productively concerning a possible compromise that would resolve the United States' Motion and PLG's request to modify the default procedures concerning authentication objections. Specifically, the proposed compromise contemplated that final deadlines for supplementation of fact discovery would be set at some interval before trial dates (e.g., 90 days before trial), with brief periods for follow-up expert supplementation if necessary. The proposed compromise also contemplated that supplementation would remain subject to Rule 26(e)'s general timeliness requirements. In return, the compromise contemplated that either party, at any time before trial, could serve a request for admission pursuant to Rule 36—despite the close of discovery—concerning the authenticity of any document, whether produced in this litigation or not. This was essentially, the procedure that PLG proposed, so their complaint that this is a "complex" procedure proposed by the government is puzzling and

13

incorrect. Indeed, the United States proposed this compromise to PLG because it provided both Parties with the modifications they sought, without burdening the Court.

On April 27, 2026, the United States sent a draft proposed order that reflected this proposed compromise to PLG. On May 6, 2026, PLG rejected the proposed compromise, stating its "view [that] these are matters that are better left for the individual trial judges to discuss with the parties so each judge can set pretrial procedures and deadlines according to his or her preferences and schedules." Thus, the United States asks that the Motion no longer be held in abeyance. The United States is prepared to address any questions that the Court may have concerning this Motion at the Status Hearing.

Supplementing Materials Considered Lists and Expert Reports

The United States wrote to PLG on April 16 and 30, 2026, regarding over a dozen plaintiffs whose records require supplementation, and requested that PLG confirm it is continuing to produce updated medical records for all bellwether plaintiffs in a timely manner. On May 6, 2026, PLG confirmed that it is continuing to request records for plaintiffs. In that letter, PLG acknowledged that it has the burden to produce these records but offered to provide updated releases so the United States can also request certain records. The United States has requested that such releases be provided, but agrees with PLG that it is their burden to produce records that are responsive to the United States' Requests for Production related to the bellwether plaintiffs.

In light of these ongoing productions, the United States (and presumably PLG) is continuing to provide these updated records to their experts. These productions will require supplementation of experts' materials considered lists—and potentially the expert reports. The United States attempted to work with PLG to establish an agreed deadline for updated materials considered lists and expert reports, but PLG declined, stating its position that supplementation

14

need only be timely pursuant to Rule 26(e). The United States intends to produce supplemental materials considered lists shortly, and will continue to supplement as the Parties continue to prepare for trial.

As for expert reports, the United States notes that because each bellwether plaintiff is the party with the ultimate burden of proof on causation and damages, PLG is responsible for supplementing affirmative expert reports to reflect updated medical records. The United States would then be in the position to supplement any rebuttal reports, as necessary. However, PLG has not indicated whether it intends to supplement any of its expert reports at this time. The United States therefore continues to monitor additional productions and will timely supplement any expert opinions, if necessary, in advance of trial.

<u>United States' Proposal Regarding Agreement on Produced Records</u>

Periodically throughout the litigation, and as required by the Federal Rules of Civil Procedure, the United States has served upon PLG supplemental written discovery responses to include subsequently produced Bates-labeled documents that correspond to each Request for Production or Interrogatory.

As described in the Parties' previous Joint Status Report, the United States had proposed that the Parties agree to a "universe" of all documents produced in the litigation, which would serve as a substitute for formal supplementation of the Parties' written discovery responses that refer to Bates-labeled documents. Although the United States offered to compile the production lists for PLG's review, PLG declined the United States' proposal, stating that reviewing the lists would be "very costly to PLG, time-consuming, and not proportional to the needs of the cases. It is also unnecessary."

The United States plans to proceed with sending PLG the spreadsheet it has created of the

"universe" of documents produced in the litigation, which, along with relevant expert disclosures, will serve as notice of documents that the United States may include in its pre-trial exhibit lists.

<u>United States' Proposal for a Working Pre-Trial Conference</u>

At the Status Hearing on April 20, 2026, the Court asked the Parties whether they would move for pretrial conferences with the individual District Judges to obtain a better understanding of trial procedures and logistics, including supplementation issues. PLG responded: "I think we would very much welcome having a pretrial conference with the individual Judges." Tr. at 6:1-6 (Apr. 20, 2026). Local Civil Rule 16.1(a) states: "In the court's discretion and upon request of any party or on the court's own initiative, a preliminary or 'working' pretrial conference may be scheduled." L. Civ. R. 16.1(a). On April 28, 2026, the United States sent to PLG a draft Motion requesting preliminary or "working" pretrial conferences with the individual District Judges under Local Civil Rule 16.1(a) and asked if PLG would join in the Motion. On April 30, 2026, PLG stated, "we cannot join or consent to this because we think that the timing and scope of any pretrial hearing is a matter that the individual judges will take up when they are ready and that the Court's orders make that clear." The United States filed the Motion on April 30, 2026 (D.E. 866).

The United States agrees that whether and when to hold a preliminary or "working" pretrial conference rests in the discretion of the individual District Judges. The United States believes that holding such conferences would enable the Parties to discuss with the individual District Judges important procedural and logistical issues, some of which are disease-specific. For example, Judge Dever is assigned to eight leukemia and non-Hodgkin's lymphoma cases. A preliminary pretrial conference with Judge Dever could involve discussion of whether Judge Dever intends to try all of those cases together, separately, or in some logical grouping. Knowing this information sooner would maximize efficient trial preparations. In addition, on the one hand, PLG rejected the United

States' proposed compromise concerning authentication and supplementation issues because, in PLG's view, such matters should be deferred for discussion with the individual District Judges. On the other hand, PLG opposed the United States' Motion requesting to have a working pre-trial conference with the individual District Judges to discuss these and other issues. These positions are inconsistent and do not advance this litigation.

PLG's Requests Regarding Authentication of Categories of Documents

On March 23, 2026, PLG sent the United States a letter asking that the Parties enter into a second stipulation regarding the authentication of certain evidence—specifically regarding various categories of government, medical, and billing records. The United States informed PLG that Case Management Order No. 2 [D.E. 23] already covers the majority of PLG's proposal but that PLG's proposal also sought to unilaterally alter and expand the categories of documents that would be considered self-authenticated without a sponsoring witness, including, for example, websites and medical provider communications. The United States also informed PLG, however, that the United States has no intent to object to authenticity without a good faith basis. Additionally, the United States directed PLG to the Federal Rules of Civil Procedure and Local Civil Rules providing a procedure for raising objections, including authenticity objections, in response to pre-trial exhibit lists. *See* Fed. R. Civ. P. 26(a)(3)(A)(iii) & (B). If a Party fails to raise an objection at that time, the objection is waived, absent good cause. *Id.* The United States informed PLG that this procedure is sufficient to cover any documents that are not already addressed by the Court's CMO 2.

As discussed above, the United States attempted to resolve this issue in a compromise that would have provided both Parties with their proposed modifications to the default procedures of the Local Civil Rules and Federal Rules of Civil Procedure. PLG rejected that compromise.

Hadnot Point Water Treatment Plant

17

The United States recently learned that, as part of system updates unrelated to the CLJA litigation, the Hadnot Point Water Treatment Plant at Camp Lejeune is currently scheduled for demolition beginning in June 2026, contingent on operational conditions. Completion of the demolition is anticipated by mid-August 2026. The United States has notified PLG of this anticipated demolition schedule and the parties have a meet and confer scheduled for May 12, 2026, to discuss this development.

<u>Missing Plaintiff Identifiers in Rubris</u>

Pursuant to the Court's December 21, 2023, Order [D.E. 91], each plaintiff who has filed a Short Form Complaint is required to provide their complete date of birth and full Social Security Number to the United States. This information has previously been collected in Rubris. The United States identified over 700 entries where this information appeared incomplete or missing. PLG has narrowed the number of missing entries, and previously stated that the outstanding information originated from three firms and a handful of pro se plaintiffs. PLG also requested that the United States consider drafting a letter to the outstanding firms to assist PLG in satisfying its obligations under the Court's Order.

In an attempt to determine whether sending such letters would be appropriate, beginning on March 8, 2026, the United States repeatedly requested that PLG confirm: (1) the law firms with outstanding deficient entries, (2) the number of deficient entries for represented individuals, and (3) the number of deficient pro se entries. On May 8, 2026, PLG represented that 12 deficient pro se entries and 34 deficient entries associated with represented individuals remain outstanding. However, PLG still has not confirmed the identity of the outstanding law firms that it previously requested the United States contact.

This highlights an ongoing issue. The United States should not be expected to analyze this

18

data, which is housed in a database owned and controlled by PLG, in order to assist PLG in satisfying its own obligations under a Court Order. As a result, the United States intends to raise with PLG a proposal to resolve the remaining deficient entries by an agreed-upon date, after which the United States will move to dismiss any unresolved deficient entries. As PLG admits, a significant number of plaintiffs have failed to comply with the Court's December 21, 2023, Order [D.E. 91] that a plaintiff's date of birth and social security number be disclosed to the United States upon the filing of a Short Form Complaint or within 20 days of the Order. Given the significant time that has elapsed since the Court's Order without compliance, these complaints should be subject to dismissal.  Fed. R. Civ. P. 37(b)(2)(A)(v).

<u>United States Marine Corps Digitization Project Update</u>

Plaintiffs have sought the production of records that have been scanned through the United States Marine Corps' ("USMC") ongoing efforts to digitize certain microfilm, microfiche, and paper military records (the "Current Digitization Project"). The United States objected on, *inter alia*, burden and relevancy grounds. PLG filed a motion to compel [D.E. 730], but withdrew it at the March 5, 2026 status hearing based on the Parties' agreement to a production of the "standard-quality" records being scanned. [D.E. 824 at 3:11-4:7].

To that end, the United States has offered multiple potential solutions for production, and believes the Parties have reached an agreement on a path forward. On April 9, 2026, the United States proposed the following processing and production plan to PLG, to which PLG agreed:

- DOJ is proposing to use custom automated scripting for this production.

- The produced PDF files will contain bates stamping endorsed on each page.

- The original OCR will be attached to each PDF.

- The original filename will be attached to each PDF.

19

- A .csv file linking the filename with the appropriate bates ranges (which would permit PLG to overlay the filename and bates information into its review database) will accompany each production.

- Given the size of the productions, DOJ will need to produce these records via hard drives on a rolling basis.

- This process would take an estimated five weeks for completion, with the first hard drive being produced approximately three weeks after processing begins.

- These productions will be made, pursuant to the Parties' prior agreement, "to an interim framework under which PLG will be permitted limited access to the USMC Digitization Records solely for the purpose of assessing the nature and utility of the data." [D.E. 796] These productions will be accessible only to appointed members of PLG and PLG committee members who sign Exhibit A to the Third Amended Protective Order [D.E. 802] and return the signed page to DOJ.

- Once PLG has reviewed the productions, the Parties will discuss any proposed further use of these records in the context of the litigation and/or administrative process.

The USMC has completed the upload of the digitized records to the dedicated repository. The United States encountered an initial technical issue related to downloading the records, but a workaround has been identified. As a result, there may be a slight delay with respect to the initial production, although the United States currently believes production can still be completed by the end of June 2026. The United States will provide an estimate for the initial production as soon as possible.

Notice Reminder – Amending Complaints

The United States has noted that several Plaintiffs in stayed CLJA cases have unilaterally

amended Short-Form Complaints without seeking the United States' consent prior or complying with the Federal Rules of Civil Procedure or Local Civil Rules concerning such amendments. The United States wishes to provide notice that proposed amendments should seek the United States' position and should comply with all applicable rules.

<u>Proposal for Track 2 Discovery</u>

The United States has conferred with PLG on the most efficient procedure for discovery on Track 2. The United States believes that resolving general causation issues for Track 2 diseases before conducting individual plaintiff discovery would be most efficient. [D.E. 156]. PLG has indicated that it will review the United States' proposal and confer regarding a discovery plan for Track 2. The United States is prepared to discuss this further whenever PLG is ready.

**(5) Any other issues that the parties wish to raise with the Court:**

The Parties have agreed to file separate summaries of the motions that are pending before the Court. The Parties' respective summaries appear below:

**The PLG's Summary:**

A full, organized list of pending motions appears below. On February 27, 2026, the Court entered an Order [D.E. 818] granting in part the PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 721]. Pursuant to that Order, the Court held in abeyance a number of Rule 702 motions and summary judgment motions dependent upon Rule 702 determinations. Those motions that the Court held in abeyance are still listed below, but each of those motions is proceeded with an asterisk (*i.e.*, an \*) to designate that the motion has been held in abeyance.

I.    **<u>Phases II and IIIa Motions On Application of Statutory Burden of Proof</u>**
Motions are Applicable to All Diseases and to Future Tracks

a. United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539]

    i. PLG's Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least Likely As Not" Standard [D.E. 690]

    ii. United States' Reply to Response to Motion regarding Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 767]

b. Plaintiffs' Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 567]

    i. United States' Response in Opposition to PLG's Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 664]

    ii. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 762]

II. **Phases II and IIIa Expert/Illness Specific Motions**
Motions are Applicable to Specific Illnesses as Categorized Below

a. **Motions Not Limited to a Particular Illness**

    i. United States' Motion for Partial Summary Judgment concerning Dichloroethylene (all cases) [D.E. 520]

        1. PLG's Response in Opposition to Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E.715]

        2. United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 742]

b. **Motions to Exclude General Causation Experts Who Opined as to Every Track 1 Case**

    i. Plaintiffs' Motion to Exclude Expert Dr. Michael J. McCabe, Jr. (all cases except Parkinson's) [D.E. 597]*

        1. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 666]
        2. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 784]

22

ii. Plaintiffs' Motion to Exclude Defense Expert Dr. Julie Goodman (all cases) [D.E. 621]*

    1. United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.686]

    2. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.785]

iii. Plaintiffs' Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 624]*

    1. United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 670]

    2. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Lisa Bailey [D.E. 776]

    3. United States' Notice Regarding February 13, 2026 Hearing [D.E. 815]

c. **Motions with Common Legal Arguments**[1]

    i. United States' "Literature Review Motions" (all cases) [D.E. 584*, 574*, 541*, 559*, and part of 543*]

    ii. United States' "Differential Etiology Motions" (all cases) [D.E. 586*, 569*, 557*, 530*, 533*, 537*, 553*, and part of 543*]

    iii. United States' "Threshold Association Motions" (all cases) [D.E. 547*, 554, 582*, 609*]

    iv. United States' Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (bladder cancer and NHL/Leukemia) [D.E. 601]*

d. **Bladder Cancer Motions** (Hon. Richard E. Myers II)

    i. **United States' Motions**

        1. Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Threshold Association Motion") [D.E. 582]*

---

[1] These motions also are listed more specifically under the individual disease categories below but the motions share common legal arguments and, therefore, may need to be decided jointly. The PLG's responses to motions are identified below in the specific disease categories.

a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.689]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.752]

2. Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Literature Review Motion") [D.E. 584]*

a. PLG's Response in Opposition to Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion") [D.E. 700]

b. United States' Reply to Response to Motion regarding Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp [D.E. 751]

3. Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Bladder Cancer Differential Etiology Motion") [D.E. 586]*

a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts from Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 691]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 755]

4. Motion to Exclude Plaintiffs' Psychiatry Expert Dr. Haresh Tharwani [D.E. 594]*

24

a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychiatry Expert Dr. Haresh Tharwani [695]

5. Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 590]* [predicated upon determinations in D.E. 582*, 584*, 586*]

   a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Admissible Expert Testimony Fed. R. Civ. P. 56; L. Civ R. 56.1(a)(1) [D.E. 678]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 756]

6. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

   a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

   b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Max Kates filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 588]*

   a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Max Kates [D.E. 673]

   b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Max Kates [D.E. 783]

2. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to one kidney plaintiff)

   a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

3. Multi-Illness Motions at D.E. 597*, 621*, 624*.

25

a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

e. **<u>Kidney Cancer Motions</u>** (Hon. Terrence W. Boyle)

   i. **United States' Motions**

     1. Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 524]*

       a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 674]

       b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 757]

     2. Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases ("Kidney Cancer Differential Etiology Motion")[D.E. 569]*

       a. PLG's Response in Opposition to Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 697]

       b. United States' Reply to Response to Motion regarding Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 759]

     3. Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 571]*

       a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 671]

     4. Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review Motion") [D.E. 574]*

       a. PLG's Response in Opposition to Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 707]

26

b. United States' Rely to Response to Motion regarding Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 768]

5. Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 609]*

   a. PLG's Response in Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 687]

   b. United States' Reply to Response to Motion regarding Motion Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 761]

6. Motion for Summary Judgment (Kidney Cancer) [D.E. 611]* (predicated upon determinations in D.E. 539, 569*, 609*)

   a. PLG's Response in Opposition to Motion for Summary Judgment (Kidney Cancer) [D.E. 677]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment (Kidney Cancer) [D.E. 766]

7. Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 605]

   a. PLG's Response in Opposition to Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 714]

   b. United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 758]

8. Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgement for Lack of Expert Testimony on But-For Causation [D.E. 822]

27

a. PLG's Response in Opposition regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 834]

b. United States' Reply to Response to Motion regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, As to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 850]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Walter Stadler [D.E. 599]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Walter Stadler [D.E. 665]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Walter Stadler [D.E. 779]

2. Motion to Exclude Defense Expert Dr. Gail H. Vance, M.D. [D.E. 619]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 663]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 778]

3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to two bladder cancer plaintiffs)

    a. PLG's Response in Opposition to 3.   Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

4. Multi-Illness Motions at D.E. 597*, 621*, 624*.

    a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

f. **<u>Parkinson's Disease Motions</u> (Hon. Louise W. Flanagan)**

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman ("Parkinson's Literature Review Motion") [D.E. 541]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 694]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 744]

2. Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska ("Parkinson's Literature Review and Differential Etiology Motion")[D.E. 543]*

   a. PLG's Response in Opposition to Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 688]

   b. United States' Reply to Response to Motion regarding Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 747]

3. Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz and Richard Barbano ("Parkinson's PCE Daubert Motion") [D.E. 545]*

   a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 693]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De

29

Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 745]

4. Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano ("Parkinson's Threshold Association Motion") [D.E. 547]*

   a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa, and Richard Barbano [D.E. 682]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano [D.E. 746]

5. Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 549]* (predicated upon determinations in D.E. 539, 541*, 543*, 545*, 547*)

   a. PLG's Response in Opposition to Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 701]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 748]

6. Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

   a. PLG's Response in Opposition to Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium Claim [D.E. 719]

   b. United States Reply to Response to Motion regarding Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 749]

30

ii. **Plaintiffs' Leadership Group's Motions**

    1. Multi-Illness Motions at D.E. 597\*, 621\*, 624\*

        a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

**g. <u>Leukemia and Non-Hodgkins Lymphoma Motions</u> (Hon. James C. Dever III)**

    i. **United States' Motions**

        1. Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek ("Leukemia Differential Etiology Motion – Gondek") [D.E. 530]\*

            a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek (Leukemia) [D.E. 683]

            b. United States' Reply to Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek [D.E. 750]

        2. Motion to Exclude the Opinions of Damian Laber, M.D., FACP ("Leukemia Differential Etiology Motion – Laber") [D.E. 533]\*

            a. PLG's Response in Opposition to Motion to Exclude the Opinions of Damian Laber, M.D. [D.E. 692]

            b. United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Damian Laber, M.D., FACP [D.E. 743]

        3. Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 537]\*

            a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 684]

            b. United States' Reply in Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher (Leukemia) [D.E. 771]

4. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology ("Leukemia Threshold Association Motion")[D.E. 553]*

    a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 708]

    b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 770]

5. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(c) ("Leukemia/NHL Motion on Disease Synergy") [D.E. 555]*

    a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.699]

    b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.772]

6. Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Federal Rule of Evidence 702(d) for Failing to Reliably Employ a Differential Etiology ("Leukemia/NHL Differential Etiology Motion") [D.E. 557]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 696]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 773]

7. Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon,

32

and Howard Hu ("Leukemia/NHL Literature Review Motion") [D.E. 559]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 703]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 769]

8. Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 576]* (predicated upon determinations in D.E. 530*, 533*, 535*, 537*, 539, 553*, 555*, 557*, 559*)

    a. PLG's Response in Opposition to Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 675]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 760]

9. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

    b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Certain Opinions of Dr. Harry P. Erba filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 580]*

a. United States' Response in Opposition to PLG's Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 667]

b. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 782]

2. Multi-Illness Motions at D.E. 597*, 621*, 624*

a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

## III.   Motions related to Phase IIIb on Damages and Offsets

a. The PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 805][2]

   i. United States' Response in Opposition to PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 813]

   ii. PLG's Reply to Response in Opposition to Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 819]

b. United States' Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 856]

c. United States' Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 858]

d. PLG's Motion for Partial Summary Judgment regarding Future Offsets [D.E. 860]

e. PLG's Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 864]

## IV.   Other Pending Motions

a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156]

b. United States' Motion to Amend/Correct [D.E. 630] Order on Motion to Amend/Correct to Include Discovery Supplementation Deadlines [D.E. 827]

   i. PLG's Response in Opposition regarding [D.E. 827] Motion to Amend/Correct [D.E. 630] Order on Motion to Amend/Correct to Include Discovery Supplementation Deadlines [D.E. 848]

---

[2] Technically this motion was filed outside the Phase IIIb procedure set forth in the Court's Order of March 26, 2026 [D.E. 831], and this motion is ripe for decision. However, since this motion relates to offset issues, it is listed with the other damages and offset motions.

    c.    United States' Appeal of US Magistrate Judge Decision regarding [D.E. 821] Order on Motion to Strike, Order on Motion for Leave to File [D.E. 829]

        i.  PLG's Response regarding [D.E. 829] Appeal of Magistrate Judge Decision to District Court [D.E. 836]

    d.    PLG's Motion to Seal [D.E. 845] Proposed Sealed Document [D.E. 846]

    e.    United States' Motion for Leave to File Reply in Further Support of United States' Statement of Appeal Regarding D.E. 821 [D.E. 849]

    f.    United States' Motion for Preliminary or Working Pretrial Conferences under Local Civil Rule 16.1(a) [D.E. 866]

**United States' Summary:**

The following motions, which were not deferred by the Court's Order on PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 818], are ripe for ruling and will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution:

1. United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539]

2. Plaintiffs' Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Act's Burden of Proof for Causation [D.E. 567]

3. United States' Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 520]

4. United States' Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 [D.E. 605]

5. United States' Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

6. The PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 805]

35

The Court's Order deferred ruling on the United States Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 601]. However, the United States has filed a Motion for Reconsideration [D.E. 822] of the deferral of that motion under D.E. 818, because, unlike the other deferred motions, that motion does not turn on the admission of expert testimony. Pre-trial resolution of that motion will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution. The Motion for Reconsideration is fully briefed.

Additionally, the United States believes that pre-trial rulings by individual judges on the admissibility of (1) expert opinions on the appropriate use of the ATSDR's water model, (2) expert opinions on general causation, and (3) expert opinions on specific causation will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution. Finally, the United States disagrees with PLG's prioritization, grouping, and in certain instances, characterizations of the pending motions.

DATED this 11th day of May, 2026.

Respectfully submitted,

*/s/ J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ *Robin Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Assistant Directors

*/s/ Adam Bain*
ADAM BAIN
IN Bar. No. 11134-49
Chief Litigation Counsel
Camp Lejeune Justice Act Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail:  adam.bain@usdoj.gov
Telephone: (202) 616-4209

*Counsel for Defendant*
*United States of America*

37

3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*