IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CAMP LEJEUNE WATER LITIGATION | ) **ORDER REGARDING REAPPOINTMENT OF** |
| | ) **PLAINTIFFS' LEADERSHIP GROUP** |
| | ) |
| This Documents Relates to: | ) |
| ALL CASES | ) |

This matter is before the court *sua sponte* regarding the fourth reappointment of the Plaintiffs' Leadership Group (collectively. "PLG").[1] *See* [D.E. 1]: [D.E. 10] ("CMO 1").

In CMO 1, entered July 19, 2023, the court appointed certain individuals to roles in the PLG for this litigation ("Litigation"). [D.E. 10] 1-2, 6. The court made "all appointments . . . for a one-year period . . . expir[ing] July 31, 2024." *Id.* at 9. In July 2024, the court reappointed the PLG for another year, from August 1, 2024, to July 31, 2025. [D.E. 260] 1-2. In July 2025, the court reappointed the PLG for an additional six months, from August 1, 2025, to February 1, 2026. [D.E. 442] 2-3. In January 2026, the court reappointed the PLG for an additional five months, from February 2, 2026 to June 30, 2026. [D.E. 808] 1-2.

Based on the current PLG members' previously documented qualifications and the progress of this Litigation.[2] the court hereby reappoints the current membership of the PLG from July 1, 2026, to October 30, 2026, as follows:

Lead Counsel:                                    J. Edward Bell III, Bell Legal Group

---

[1] The court has previously discussed its inherent powers and those under the Federal Rules of Civil Procedure to appoint a plaintiff leadership group. *See* [D.E. 22] 6-8.

[2] These considerations, as well as the promotion of efficiency in the conduct of this Litigation and the modest length of the reappointment provided for herein, obviate a reappointment process like that used with the initial two reappointments. *See* [D.E. 196]; [D.E. 386].

| | |
|---|---|
| Co-Lead Counsel: | Elizabeth Cabraser, Lieff Cabraser Heimann & Bernstein, LLP<br>Michael Dowling, The Dowling Firm PLLC<br>Robin Greenwald, Weitz & Luxenberg, PC<br>James A. Roberts III, Lewis & Roberts, PLLC<br>Mona Lisa Wallace, Wallace & Graham, PA |
| Liaison Counsel: | Charles Ellis, Ward & Smith, PA<br>Hugh R. Overholt, Ward & Smith, PA |
| Resolution Committee Member: | Joseph F. Rice, Motley Rice LLC |

After October 30, 2026, the court will evaluate whether there is a need for a new PLG, as well as other action relating to either the PLG or the Department of Justice ("DOJ"). This evaluation will include consideration of whether a global settlement is achieved by that date.

More specifically, in light of the time already devoted to settlement negotiations and the unique value of a global settlement as a means of resolving this Litigation (by, *e.g.*, significantly reducing the time it would otherwise take for claimants entitled to compensation to receive it and eliminating the expenditure of resources that would otherwise be required), the court expects the PLG and DOJ to use their best efforts to achieve a global settlement by October 30, 2026. Such efforts should include streamlining by the PLG and DOJ of their approaches to settlement, as necessary, to maximize the possibility of a global settlement by October 30, 2026. Further, it is particularly important to achieving a global settlement by October 30, 2026, that the Parties be fully and timely responsive to the Settlement Masters. The court therefore expects such responsiveness by the PLG and DOJ as part of their efforts to achieve the goal of a global settlement by October 30, 2026.

To help ensure that the settlement discussions proceed at an adequate pace, appropriate counsel from the PLG and the DOJ shall participate in weekly meetings with the Settlement Masters either in person or by videoconference on dates and at times specified by the Settlement Masters after consultation with the PLG and DOJ in the period from entry of this Order to October 30, 2026. There shall be no exception to the meeting requirement for any week absent a written request to the Settlement Masters for such exception and written approval by the Settlement Masters of the

2

exception.

All members of the PLG shall provide written notice to the court within one week after entry of this Order stating whether he or she accepts reappointment. The written notice shall either be mailed or hand-delivered to the Clerk's office in Raleigh, provided that it is received by the deadline specified. The notices shall be public and available at the Clerk's office in Raleigh. *See* [May 7, 2024 Text Ord.]. If in his or her notice a person declines reappointment, the reappointment provided for herein shall be of no force and effect as to that person and the person's term on the PLG shall be deemed to have ended on June 30, 2026. The PLG remains subject to the procedures and responsibilities outlined in CMO 1. [D.E. 10] 9.

SO ORDERED. This 30th day of June, 2026.

RICHARD E. MYERS II
Chief United States District Judge

TERRENCE W. BOYLE
United States District Judge

LOUISE W. FLANAGAN
United States District Judge

JAMES C. DEVER III
United States District Judge

3