IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

IN RE:                                          )
                                                )
CAMP LEJEUNE WATER LITIGATION                   )        **ORDER REGARDING**
                                                )   **REAPPOINTMENT OF SETTLEMENT**
                                                )            **MASTERS**
This Document Relates to:                        )
ALL CASES                                       )

This matter is before the court for the second reappointment of Settlement Masters Thomas

J. Perrelli and Christopher G. Oprison. The court's Case Management Order No. 14 ("CMO 14")

provides that "[t]he Settlement Masters' appointment is for an initial term of one year, but may be

extended by agreement of the Parties and further order of the Court." [D.E. 251] 6, § VI.3 (July 9,

2024). This provision does not, of course, purport to specify the only circumstances under which

the court may extend the terms of the Settlement Masters (*e.g.*, "only" does not appear before "by

agreement of the Parties"). Nor do any other provisions the court included in CMO 14 preclude

extension of the Settlement Masters' terms under other circumstances. Federal Rule of Civil

Procedure 53, which provides for the appointment of special masters, the capacity in which the

Settlement Masters serve (*see* CMO 14 [D.E. 251] 1), does not otherwise restrict the authority of

the court to extend the terms of the Settlement Masters. *See* Fed. R. Civ. P. 53.

On July 9, 2024, the court entered an order appointing Mr. Perrelli and Mr. Oprison as

Settlement Masters in this litigation for a term of one year, from July 9, 2024, to July 8, 2025. On

July 3, 2025, the court reappointed the Settlement Masters for an additional year, from July 9,

2025, to July 8, 2026. [D.E. 418] (July 3, 2025).

The Settlement Liaison, Magistrate Judge James E. Gates, has conferred with the parties regarding extension of the current terms of Mr. Perrelli and Mr. Oprison as Settlement Masters for an additional year.[1] The Settlement Masters have advised the Settlement Liaison that they are willing to serve this additional term. After careful consideration of the progress made in settlement discussions to date, the unique value of a global settlement as a means of resolving this litigation, and other relevant circumstances, the court concludes that reappointment of the Settlement Masters for an additional year is in the best interests of efficient resolution of this litigation.

It is therefore ORDERED that the terms of Mr. Perrelli and Mr. Oprison as Settlement Masters are EXTENDED for an additional year from July 9, 2026, to July 8, 2027.[2] The Settlement Liaison shall continue to conduct weekly conferences with the Settlement Masters to facilitate continued monitoring of settlement proceedings, including the actions of the Settlement Masters, subject, of course, to continued rigorous protection of the confidentiality of settlement discussions. *See* CMO 14 [D.E. 251] 3-4 § III; 5 § V.

SO ORDERED this __1st__ day of July, 2026.

RICHARD E. MYERS II
Chief United States District Judge

---

[1] In the interest of protecting the confidentiality of settlement proceedings *(see* CMO 14 [D.E. 251] 3-4 § III), the court has determined that the best practice is not to expressly disclose the contents of such conferrals. Similarly, the court has explicated herein its authority to extend the terms of the Settlement Masters, in part, to help prevent inferences being drawn about the parties' positions on extension of the Settlement Masters' terms from the court's action on extension.

[2] The extension of the Settlement Masters' terms to July 8, 2027, is not inconsistent with the court's establishment by other order [D.E. 893 at 2 (June 30, 2026)] of the objective of reaching a global settlement by October 30, 2026. Issues could conceivably arise subsequent to the reaching of a settlement by October 30, 2026, that the Settlement Masters could help resolve, such as issues regarding settlement administration.

2