IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023, to July 10, 2026, 3,756 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. 166 cases have been dismissed; 143 of those were voluntary dismissals. The other 23 were involuntary dismissals, consisting of 22 *pro se* cases and 1 represented case. The cases are divided as follows: Judge Dever – 942 cases; Judge Myers – 944 cases; Judge Boyle – 923 cases; and Judge Flanagan – 956 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

Of 408,500 de-duplicated claims, approximately 11,250 claims contain at least three supporting documents and allege an injury type that may be considered for settlement under the Elective Option (EO). Of those EO claims with this bare minimum documentation for claim review, more than 88% of claims reviewed do not have sufficient documentary evidence to support

1

the claim for the Navy's Camp Lejeune Claims Unit (CLCU) to send the claim to DOJ for settlement approval. Per the statutory burden of proof, law firms and claimants must provide evidence of a medical diagnosis and presence at Camp Lejeune before a settlement determination can be made. Filers are encouraged to submit substantiating documentation expeditiously so that the CLCU can confirm substantiation of those alleged EO injuries and the DOJ can approve settlement offers to as many claimants who qualify for the EO as possible.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties continue to work toward areas in which agreement might be reached, including potential stipulations which would help streamline trials and resolution.

**(4) An update on stipulations entered into between the Parties since the last status conference**

The Parties continue to work toward areas in which agreement might be reached, including potential stipulations which would help streamline trials and resolution.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues.

<u>Identifiers in Rubris</u>

Repeatedly, the government has used Joint Status Reports and Status Conferences as an opportunity to criticize the PLG regarding outstanding deficiencies with social security numbers and/or dates of birth without fully acknowledging either the substantial progress achieved by the

2

PLG or the significant resources dedicated to these remediation efforts. While consuming judicial and PLG resources on stayed cases is of questionable utility, we continue to work with counsel and pro se litigants to reduce the number of deficiencies, and the PLG is committed to working diligently to address all deficiencies consistent with the Court's December 21, 2023 Order. [D.E. 91]. Below, the PLG provides an update about its progress on Rubris identifier issues.

As a result of the PLG continuing to aggressively follow up with pro se plaintiffs who have yet to comply with the Court's Order requiring the submission of identifier information. There are now only five (5) pro se plaintiffs, down from fourteen (14) at the last Joint Status Report, who have yet to comply. With respect to those five (5) individuals, follow up letters were sent again last week, one of which resulted in a telephone call and a discussion. The PLG is doing all it can to use its resources to follow up with pro se plaintiffs and will continue to do so.

As of June 12, 2026, the PLG believes that deficiencies remain for seven (7) SFC Plaintiffs with representation by counsel. All seven SFC Plaintiffs represented by counsel have been contacted by the PLG. Four of the seven are placing their data into the correct Rubris field or investigating further. Three of the seven are waiting on FOIA responses from the Social Security Administration.

The government has repeatedly indicated that "the United States intends to move to dismiss those cases" with deficient Rubris identifiers. [D.E. 887 at 12]. As described in several previous Joint Status Reports, *e.g.*, [D.E. 868 at 2-6], the PLG has made tremendous progress on rectifying deficient entries and continues to dedicate substantial attorney time and other resources to the matter. Additionally, some deficiencies cannot be resolved (*e.g.*, where a plaintiff does not have a social security number). Accordingly, the government's position is drastic and unnecessary, particularly given that these deficiencies involve stayed cases.

3

<u>Discovery and Motions – Phases I, II, IIIa, and IIIb</u>

All expert witnesses for Phase I (Water Contamination), Phase II (General Causation), Phase IIIa (Specific Causation) and Phase IIIb (Damages and Offsets) have been both disclosed and deposed by the Parties, and with the possible exception of one issue addressed in the following section, all *Daubert* and summary judgment briefing has closed on these phases.

<u>The Government's Request for Further Briefing [D.E. 900]</u>

On June 5, 2026, Judges Myers, Boyle and Dever entered an Order [D.E. 886] denying without prejudice the government's Motion to Exclude Certain Plaintiffs' Generation Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539] and the PLG's Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Act's Burden of Proof for Causation [D.E. 567]. The Court further directed that the "parties shall file within 21 days a joint proposed order that identifies expert opinions to which this Order applies." [D.E. 886 at 1].

The Court's Order did not request that the Parties' proposed orders present further argument about the grounds for excluding expert opinions – instead, the Order simply requested that the Parties identify opinions to which the Order applied. Hence, the PLG filed a simple proposed order with a list of expert opinions and without argumentation. [D.E. 891-1]. The government, on the other hand, filed what amounts to a brief – replete with argument and out-of-context quotations – under the guise of a proposed order. [D.E. 890-3]. Accordingly, the PLG, on the same day, filed an exhibit setting forth context for the government's arguments and quotations. [D.E. 891-2].

The deadline for motions on Phases II (General Causation) and IIIa (Specific Causation) was September 10, 2025, and briefing on these issues closed on December 12, 2025. [D.E. 630].

4

The government fully availed itself of the right to present arguments about general and specific causation by filing thirty-one (31) motions related to Phases II and III, including multiple motions about the burden of proof and the Bradford Hill methodology. *E.g.*, [D.E. 539, 547, 554, 583, 610].

Despite having ample opportunity to present arguments about these issues, on July 1, 2026, the government filed a Motion for Leave to File a Response to the PLG's Proposed Order. [D.E. 900]. The PLG filed a response in opposition the next day. [D.E. 902]. The PLG's position is that if the government's argumentative proposed order [D.E. 890-3] is disregarded as non-compliant with the Court's request for the Parties to "identif[y] expert opinions to which this Order applies," then no briefing is necessary. [D.E. 866 at 1]. Given the ample right already afforded to the Parties to present these arguments – a right of which the government took full advantage – the Court should decline to consider the government's proposed Order and deny the government's request for yet further briefing. Instead the Parties should, and the PLG intends to, concentrate resources on resolution as directed by the Court. [D.E. 893].

Production of Digitized Muster Rolls

The Parties have worked constructively on their disagreements concerning the production of digitized muster rolls. As a result of these discussions, the Parties reached an agreement "to an interim framework under which the PLG will be permitted limited access to the USMC Digitization Records solely for the purpose of assessing the nature and utility of the data." On April 16, 2026, the government indicated that "this production will take five weeks to complete, with the first hard drive being produced approximately three weeks after processing begins." On May 11, 2026, the government provided an update that there was "an initial issue in downloading the records from the AWS repository," and as such, "there may be a slight delay in the initial production of these records," but the government believes that it "will still be able to complete the

5

productions by the end of June."

On May 29, 2026, the government produced the first hard drive containing records digitized by the United States Marine Corps. On June 8, 2026, the government produced a second hard drive containing digitized records. In the Joint Status Report of June 15, 2026, the government stated that it "anticipate[d] that the third and final hard drive will be delivered by the end of June 2026." [D.E. 887 at 12]. The PLG has not received that hard drive yet. In any event, the authorized PLG representatives are in the process of reviewing the first and second hard drives.

<u>The United States' Proposal to Establish a Regular Obligation to Produce Expert Invoices and Materials Consider Lists ("MCL")</u>

As set forth in prior joint status reports, the government has made several proposals involving time-consuming and expensive procedures, including arbitrary pretrial deadlines, that are not in accord with the Federal Rules of Civil Procedure or the Local Civil Rules. The Court ruled on some of these issues in its Order [D.E. 875] denying Defendant's Motion for Final Supplementation Deadline [D.E. 827].

On April 16, 2026, the government sent a letter proposing that "the Parties agree to exchange supplemental expert invoices and MCLs on May 29, 2026 and afterwards on the same schedule as the DPPF updates [*i.e.*, quarterly] between now and the bellwether trials, with the next update being due July 10, 2026." Such a procedure is not required by the Federal or Local Rules. Furthermore, a quarterly obligation to supplement invoices and MCLs would create a tremendous expense in both expert fees and attorney time and take up substantial resources that are best dedicated to other pursuits that actually advance this litigation and settlement negotiations. Federal Rule of Civil Procedure 26(e) and the applicable pretrial procedures set forth in the Local Civil Rules address the Parties' ongoing and pretrial responsibilities to supplement, and the government's proposal is therefore both unnecessary and burdensome. In addition, it makes

6

practical sense that Materials Considered Lists will likely be updated again closer to trial when experts are actively being prepared for their trial testimony and additional materials are included in that preparation.

In response to the government's proposal, the PLG indicated it was not agreeable to a required quarterly MCL production but that it was agreeable to a production on May 29, 2026 of any expert invoices that the Parties had already received from their respective experts since the date of their deposition and which were not already previously produced since such invoices should already be in each Party's custody and control and would not require extensive time or resources to produce. In accordance with that agreement, both parties produced supplemental expert invoices on May 29, 2026, however, the government produced additional supplemental expert invoices on June 1 and June 8, 2026.

The government also produced, on May 19, 2026, supplemental Materials Considered Lists for a number of defense experts, including experts in Phases I, II, IIIa and IIIb of the litigation. The PLG is reviewing those productions and continues to maintain that existing rules and CMOs reasonably govern the Parties' supplementation duties until trial dates are set and that any pretrial deadlines are better left to the discretion of the individual trial judges to discuss with the parties at so each judge can set pretrial procedures and deadlines according to his or her preferences and schedules.

<u>The United States' Proposal Regarding Agreement on Produced Records</u>

The PLG has carefully considered the United States' request that the PLG review a list of all records both of the Parties have produced at any time in this case and "confirm whether or not you agree that our list matches your understanding of the documents that are available for use at trials." That request is not contemplated by the Federal Rules of Civil Procedure or the Local Civil

Rules. Further, the government's proposed confirmation exercise would be very costly to the PLG, time-consuming, and not proportional to the needs of this litigation. It is also unnecessary. The PLG believes that the concerns the government has raised (unfair surprise and prejudice) will be addressed in the ordinary course in connection with the parties' formulation of the pretrial orders in each action pursuant to the Federal and Local Civil Rules. The United States' proposal adds an additional step to that process that will consume substantial PLG resources and distract from the important work of engaging in global settlement discussions and preparing for trials.

The United States' Request for Preliminary or Working Pretrial Conferences

On April 30, 2026, the United States filed a Request for Preliminary or Working Pretrial Conferences. [D.E. 866]. The PLG's position, as stated in that motion, is that the "PLG does not join in this request" because the "PLG understands that each individual trial judge will schedule necessary pretrial conferences as and when each respective judge deems it appropriate to do so." [D.E. 866 at 3].

**United States' Position:**

Fact Depositions

The United States confirms that all previously scheduled fact depositions have been taken. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Expert Depositions

All expert depositions have been completed, with the exception of those that may be required due to any supplementation, subject to agreement of the Parties or Order of the Court.

<u>The Court's Order Regarding the "At Least As Likely As Not" Burden of Proof (D.E. 886)</u>

The United States moved to exclude PLG expert opinions for their reliance on the "at least as likely as not" burden of proof to relax their scientific methodologies for determining causation. (D.E. 539, 540). At the same time, PLG moved to exclude the United States' experts who did not incorporate the "at least as likely as not" burden. (D.E. 567). On June 5, 2026, Chief Judge Myers, Judge Boyle, and Judge Dever entered an Order regarding the Parties' competing motions concerning PLG's experts' use of that burden of proof. (D.E. 886). The Court denied PLG's motion, and denied the United States' motion without prejudice, ordering the Parties to file, within 21 days (i.e., on or before June 26, 2026), a joint proposed order identifying the expert opinions to which the Order applies. The Parties met and conferred, but ultimately did not agree concerning the joint proposed order and therefore filed competing submissions. (D.E. 890, 891). On July 1, 2026, the United States moved for leave to file a response to PLG's submission (D.E. 900), which PLG opposed. (D.E. 902). The United States stands ready to provide further briefing if the Court deems it appropriate.

<u>Damages Expert Briefing</u>

Consistent with D.E. 630, the Parties proposed dates for a briefing schedule "related to experts opining on 'damages and offsets,' 'life care planning,' and 'home renovation,'" but the Parties disagreed as to what motions would be permitted under the proposed briefing schedule. The Court's March 26, 2026, Order set forth a briefing schedule that gave the Parties until April 27, 2026, to file any motions to exclude any Phase IIIB expert opinions ("Daubert motions") and motions for summary judgment relating to this discovery. (D.E. 831) The Parties had 36 days to file oppositions to the motions and 29 days to file replies to the oppositions. Id. On April 27, 2026,

the Parties filed their respective motions. Responses were filed on June 2, 2026, and replies were filed on July 1, 2026.

Supplementing Expert Invoices

The Parties agreed to exchange supplemental expert invoices for all experts in all phases of the litigation by May 29, 2026. Those productions are now complete. The United States proposed that the Parties exchange invoices on a quarterly basis, along with Plaintiffs' quarterly DPPF updates, which PLG declined. On May 4, 2026, the United States requested an alternate proposal for exchanging invoices, but to date, PLG has not responded.

Supplementing Materials Considered Lists and Expert Reports

The United States wrote to PLG on April 16 and 30, 2026, regarding over a dozen plaintiffs whose records require supplementation, and requested that PLG confirm that it is continuing to produce updated medical records for all bellwether plaintiffs in a timely manner. On May 6, 2026, PLG confirmed that it is continuing to request records for plaintiffs. In that letter, PLG also acknowledged that it has the burden to produce records that are responsive to the United States' Requests for Production related to the bellwether plaintiffs.

In light of these ongoing productions, the United States (and presumably PLG) is continuing to provide these updated records to their experts. These productions will require supplementation of experts' Materials Considered Lists—and potentially the expert reports. The United States attempted to work with PLG to establish an agreed deadline for updated Materials Considered Lists and expert reports, but PLG declined. The United States produced supplemental Materials Considered Lists on May 19, 2026, and will continue to supplement as the Parties continue to prepare for trial.

As for expert reports, the United States notes that because each bellwether plaintiff is the party with the ultimate burden of proof on causation and damages, PLG is responsible

10

for supplementing affirmative expert reports to reflect updated medical records. The United States would then be in the position to supplement any rebuttal reports, as necessary. However, PLG has not indicated whether it intends to supplement any of its expert reports at this time. The United States therefore continues to monitor additional productions and will timely supplement any expert opinions, if necessary, in advance of trial.

<u>United States' Proposal Regarding Agreement on Produced Records</u>

Periodically throughout the litigation, and as required by the Federal Rules of Civil Procedure, the United States has served upon PLG supplemental written discovery responses to include subsequently produced Bates-labeled documents that correspond to each Request for Production or Interrogatory. To date, PLG has not supplemented its written discovery responses to identify the Bates-labeled documents that correspond to each of the United States' Requests for Production or Interrogatories.

As described in the Parties' previous Joint Status Reports, the United States had proposed a compromise, whereby the Parties would agree to a "universe" of all documents produced in the litigation, which would serve as a substitute for formal supplementation of the Parties' written discovery responses that refer to Bates-labeled documents. Although the United States offered to compile the production lists for PLG's review, PLG declined the United States' proposal, stating that reviewing the lists would be "very costly to PLG, time-consuming, and not proportional to the needs of the cases. It is also unnecessary." Accordingly, the United States intends to supplement its written discovery responses in accordance with the Federal Rules of Civil Procedure and will not reference this proposal in future status reports.

<u>United States' Local Civil Rule 16.1(a) Proposal for a Working Pre-Trial Conference</u>

On April 30, 2026, the United States filed a Motion requesting preliminary or "working" pretrial conferences with the individual District Judges under Local Civil Rule 16.1(a) (D.E. 866).

11

The United States believes that such conferences would enable the Parties to discuss important procedural and logistical issues, some of which are disease-specific, with the individual District Judges. The United States welcomes the opportunity to meet with the District Judges, whether en banc or individually as they see fit, to discuss any trial preparation or other issues. The Associate Attorney General of the United States appeared at the April Status Conference to request a working pretrial conference, which he would attend, and the setting of trial dates. (April 20, 2026 Conf. at 16-17). The United States is prepared to expeditiously bring these cases to trial once the Court resolves any global legal issues that the Court deems necessary for the efficient resolution of the litigation.

<u>Missing Plaintiff Identifiers in Rubris</u>

Pursuant to the Court's December 21, 2023, Order (D.E. 91), Plaintiffs who had already filed a Short Form Complaint were required to provide their complete date of birth and full Social Security Number to the United States within 20 days of the Order, and all future Plaintiffs were required to provide that information upon filing a Short Form Complaint. See D.E. 91 at 6. This information has previously been collected in Rubris. In late 2025, the United States identified over 700 entries where this information appeared incomplete or missing. Since then, PLG has reduced the number of noncompliant cases, but a number of cases still remain non-compliant with the Court's Order.

To resolve the remaining deficiencies without motion practice, the United States proposed a cure process on June 11, 2026. Consistent with that proposal, the United States requested that PLG identify the remaining non-compliant cases by June 26, 2026. PLG subsequently provided updated lists of represented and pro se Plaintiffs on July 1 and July 7, 2026. The United States then requested that PLG confirm the remaining non-compliant cases by July 16, 2026. The United

States intends to file motions to dismiss in individual cases that remain non-compliant after that date. On July 6, 2026, the United States also proposed a process for addressing future non-compliance under which the Parties would periodically identify newly non-compliant cases, afford those Plaintiffs 20 days to cure any deficiencies, and, if non-compliance persists, the United States would move to dismiss those individual cases.

The United States proposed these procedures to minimize Court involvement by resolving these issues through the Parties whenever possible. The United States has pursued that approach since it first raised this issue with PLG on October 30, 2025.

### United States Marine Corps Digitization Project Update

Plaintiffs have sought the production of records that have been scanned through the United States Marine Corps' ("USMC") ongoing efforts to digitize certain microfilm, microfiche, and paper military records (the "Current Digitization Project"). The United States objected on, *inter alia*, burden and relevancy grounds. PLG filed a motion to compel (D.E. 730), but withdrew it at the March 5, 2026, status hearing based on the Parties' agreement to a production of the "standard-quality" records being scanned. (D.E. 824 at 3:11-4:7).

Pursuant to the Parties' agreement, which was detailed in prior Joint Status Reports, the United States has begun producing the digitized records. The first two hard drives were delivered to PLG on May 29, 2026, and June 8, 2026, respectively. In light of technical issues with the third hard drive, and additional records requiring a fourth hard drive, the United States anticipates that both the third and fourth hard drives will be delivered by July 20, 2026.

### Notice Reminder – Amending Complaints

The United States has noted that several Plaintiffs in stayed CLJA cases have unilaterally amended Short Form Complaints without first seeking the United States' consent or complying with the Federal Rules of Civil Procedure or Local Civil Rules concerning such amendments. The

United States reminds Plaintiffs that proposed amendments should seek the United States' position and should comply with all applicable rules.

Proposal for Track 2 Discovery

The United States has conferred with PLG on the most efficient procedure for discovery on Track 2. The United States believes that resolving general causation issues for Track 2 diseases before conducting individual Plaintiff discovery would be most efficient. [D.E. 156]. PLG has indicated that it will review the United States' proposal and confer regarding a discovery plan for Track 2. The United States is prepared to discuss this further whenever PLG is ready.

**(6) Any other issues that the parties wish to raise with the Court:**

The Parties have agreed to file separate summaries of the motions that are pending before the Court. The Parties' respective summaries appear below:

**The PLG's Summary:**

A full, organized list of pending motions appears below. On February 27, 2026, the Court entered an Order [D.E. 818] granting in part the PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 721]. Pursuant to that Order, the Court held in abeyance a number of Rule 702 motions and summary judgment motions dependent upon Rule 702 determinations. Those motions that the Court held in abeyance are still listed below, but each of those motions is proceeded with an asterisk (*i.e.*, an *) to designate that the motion has been held in abeyance.

I.     **Phases II and IIIa Expert/Illness Specific Motions**
          Motions are Applicable to Specific Illnesses as Categorized Below

    a.   **Motions Not Limited to a Particular Illness**

           i.   United States' Motion for Partial Summary Judgment concerning Dichloroethylene (all cases) [D.E. 520]

14

1. PLG's Response in Opposition to Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E.715]

2. United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 742]

b. **Motions to Exclude General Causation Experts Who Opined as to Every Track 1 Case**

   i. Plaintiffs' Motion to Exclude Expert Dr. Michael J. McCabe, Jr. (all cases except Parkinson's) [D.E. 597]*

      1. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 666]
      2. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 784]

   ii. Plaintiffs' Motion to Exclude Defense Expert Dr. Julie Goodman (all cases) [D.E. 621]*

      1. United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.686]
      2. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.785]

   iii. Plaintiffs' Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 624]*

      1. United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 670]
      2. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Lisa Bailey [D.E. 776]
      3. United States' Notice Regarding February 13, 2026 Hearing [D.E. 815]

c. **Motions with Common Legal Arguments**[1]

   i. United States' "Literature Review Motions" (all cases) [D.E. 584*, 574*, 541*, 559*, and part of 543*]

   ii. United States' "Differential Etiology Motions" (all cases) [D.E. 586*, 569*, 557*, 530*, 533*, 537*, 553*, and part of 543*]

---

[1] These motions also are listed more specifically under the individual disease categories below but the motions share common legal arguments and, therefore, may need to be decided jointly. The PLG's responses to motions are identified below in the specific disease categories.

iii. United States' "Threshold Association Motions" (all cases) [D.E. 547*, 554, 582*, 609*]

iv. United States' Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (bladder cancer and NHL/Leukemia) [D.E. 601]*

d. **Bladder Cancer Motions (Hon. Richard E. Myers II)**

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Threshold Association Motion") [D.E. 582]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.689]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.752]

2. Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Literature Review Motion") [D.E. 584]*

   a. PLG's Response in Opposition to Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion") [D.E. 700]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp [D.E. 751]

16

3. Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Bladder Cancer Differential Etiology Motion") [D.E. 586]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts from Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 691]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 755]

4. Motion to Exclude Plaintiffs' Psychiatry Expert Dr. Haresh Tharwani [D.E. 594]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychiatry Expert Dr. Haresh Tharwani [695]

5. Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 590]* [predicated upon determinations in D.E. 582*, 584*, 586*]

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Admissible Expert Testimony Fed. R. Civ. P. 56; L. Civ R. 56.1(a)(1) [D.E. 678]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 756]

6. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

    b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Max Kates filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 588]*

   a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Max Kates [D.E. 673]

   b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Max Kates [D.E. 783]

2. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to one kidney plaintiff)

   a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

3. Multi-Illness Motions at D.E. 597*, 621*, 624*.

   a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

e. **<u>Kidney Cancer Motions</u>** (Hon. Terrence W. Boyle)

   i. **United States' Motions**

   1. Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 524]*

      a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 674]

      b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 757]

   2. Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases ("Kidney Cancer Differential Etiology Motion")[D.E. 569]*

      a. PLG's Response in Opposition to Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 697]

18

b. United States' Reply to Response to Motion regarding Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 759]

3. Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 571]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 671]

4. Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review Motion") [D.E. 574]*

   a. PLG's Response in Opposition to Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 707]

   b. United States' Rely to Response to Motion regarding Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 768]

5. Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 609]*

   a. PLG's Response in Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 687]

   b. United States' Reply to Response to Motion regarding Motion Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 761]

6. Motion for Summary Judgment (Kidney Cancer) [D.E. 611]* (predicated upon determinations in D.E. 539, 569*, 609*)

   a. PLG's Response in Opposition to Motion for Summary Judgment (Kidney Cancer) [D.E. 677]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment (Kidney Cancer) [D.E. 766]

19

7. Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 605]

    a. PLG's Response in Opposition to Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 714]

    b. United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 ("Accrual Motion") [D.E. 758]

8. Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgement for Lack of Expert Testimony on But-For Causation [D.E. 822]

    a. PLG's Response in Opposition regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 834]

    b. United States' Reply to Response to Motion regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, As to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 850]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Walter Stadler [D.E. 599]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Walter Stadler [D.E. 665]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Walter Stadler [D.E. 779]

2. Motion to Exclude Defense Expert Dr. Gail H. Vance, M.D. [D.E. 619]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 663]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 778]

20

3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to two bladder cancer plaintiffs)

    a. PLG's Response in Opposition to 3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

4. Multi-Illness Motions at D.E. 597*, 621*, 624*.

    a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

f. **<u>Parkinson's Disease Motions</u>** (Hon. Louise W. Flanagan)

  i. **United States' Motions**

    1. Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman ("Parkinson's Literature Review Motion") [D.E. 541]*

      a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 694]

      b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 744]

    2. Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska ("Parkinson's Literature Review and Differential Etiology Motion")[D.E. 543]*

      a. PLG's Response in Opposition to Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 688]

      b. United States' Reply to Response to Motion regarding Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 747]

21

3. Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz and Richard Barbano ("Parkinson's PCE Daubert Motion") [D.E. 545]*

    a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 693]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 745]

4. Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano ("Parkinson's Threshold Association Motion") [D.E. 547]*

    a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa, and Richard Barbano [D.E. 682]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano [D.E. 746]

5. Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 549]* (predicated upon determinations in D.E. 539, 541*, 543*, 545*, 547*)

    a. PLG's Response in Opposition to Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 701]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 748]

22

6. Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

   a. PLG's Response in Opposition to Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium Claim [D.E. 719]

   b. United States Reply to Response to Motion regarding Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 749]

ii. **Plaintiffs' Leadership Group's Motions**

1. Multi-Illness Motions at D.E. 597*, 621*, 624*

   a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

g. **Leukemia and Non-Hodgkins Lymphoma Motions** (Hon. James C. Dever III)

   i. **United States' Motions**

1. Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek ("Leukemia Differential Etiology Motion – Gondek") [D.E. 530]*

   a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek (Leukemia) [D.E. 683]

   b. United States' Reply to Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek [D.E. 750]

2. Motion to Exclude the Opinions of Damian Laber, M.D., FACP ("Leukemia Differential Etiology Motion – Laber") [D.E. 533]*

   a. PLG's Response in Opposition to Motion to Exclude the Opinions of Damian Laber, M.D. [D.E. 692]

23

      b.   United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Damian Laber, M.D., FACP [D.E. 743]

3.   Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 537]*

      a.   PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 684]

      b.   United States' Reply in Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher (Leukemia) [D.E. 771]

4.   Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology ("Leukemia Threshold Association Motion")[D.E. 553]*

      a.   PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 708]

      b.   United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 770]

5.   Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(c) ("Leukemia/NHL Motion on Disease Synergy") [D.E. 555]*

      a.   PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.699]

      b.   United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.772]

24

6. Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Federal Rule of Evidence 702(d) for Failing to Reliably Employ a Differential Etiology ("Leukemia/NHL Differential Etiology Motion") [D.E. 557]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 696]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 773]

7. Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu ("Leukemia/NHL Literature Review Motion") [D.E. 559]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 703]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 769]

8. Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 576]* (predicated upon determinations in D.E. 530*, 533*, 535*, 537*, 539, 553*, 555*, 557*, 559*)

   a. PLG's Response in Opposition to Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 675]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 760]

25

9. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

    b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Certain Opinions of Dr. Harry P. Erba filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 580]*
    a. United States' Response in Opposition to PLG's Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 667]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 782]

2. Multi-Illness Motions at D.E. 597*, 621*, 624*

    a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

## II. <u>Motions related to Phase IIIb on Damages and Offsets</u>

a. United States' Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 856]

  i. PLG's Response in Opposition regarding Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 883]

  ii. United States' Reply to Response to Motion regarding Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 898]

b. United States' Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 858]

  i. PLG's Response in Opposition regarding Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 882]

  ii. United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 899]

c. PLG's Motion for Partial Summary Judgment regarding Future Offsets [D.E. 860]

i. United States' Response in Opposition regarding Motion for Partial Summary Judgment regarding Future Offsets [D.E. 878]

ii. PLG's Reply to Response to Motion regarding Motion for Partial Summary Judgment regarding Future Offsets [D.E. 895]

iii. PLG's Reply to Response to Motion regarding Motion for Partial Summary Judgment regarding Future Offsets Corrected by Reply to Motion for Partial Summary Judgment re Future Offsets [D.E. 896]

d. PLG's Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 864]

i. United States' Response in Opposition regarding Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 881]

ii. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 897]

**III. Motions Pending Before Judge Flanagan[2]**

a. United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539]

i. PLG's Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 690]

ii. United States' Reply to Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 767]

b. Plaintiffs' Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 567]

i. United States' Response in Opposition to PLG's Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 664]

ii. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 762]

---

[2] Judge Myers, Judge Boyle, and Judge Dever have resolved these motions at D.E. 885 and D.E. 886. The said Orders indicated that Judge Flanagan would resolve these motions separately in her cases.

c. The PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 805]

    i. United States' Response in Opposition to PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 813]

    ii. PLG's Reply to Response in Opposition to Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 819]

## IV. Other Pending Motions

a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156]

b. PLG's Motion to Seal [D.E. 845] Proposed Sealed Document [D.E. 846]

c. United States' Motion for Preliminary or Working Pretrial Conferences under Local Civil Rule 16.1(a) [D.E. 866]

d. United States' Motion for Leave to File a Response to Plaintiffs Leadership Groups Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 900]

    i. PLG's Response in Opposition regarding Motion for Leave to File a Response to Plaintiffs Leadership Groups Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 902]

**United States' Summary:**

The following motions, which were not deferred by the Court's Order on PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 818], are ripe for ruling and will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution:

1. United States's Notice of Filing of Proposed Order in Response to D.E. 886 [D.E. 890]

2. Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 [D.E. 891]

    i. United States' Motion for Leave to File a Response to Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 900]

    ii. Plaintiff Leadership Group's Opposition to United States' Motion for Leave to File a Response to Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 [D.E. 902]

28

3. Plaintiffs' Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Act's Burden of Proof for Causation [D.E. 567]

3. United States' Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 520]

4. United States' Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 [D.E. 605]

5. United States' Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

6. The PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 805] [3]

The Court's Order deferred ruling on the United States Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 601]. However, the United States has filed a Motion for Reconsideration [D.E. 822] of the deferral of that motion under D.E. 818, because, unlike the other deferred motions, that motion does not turn on the admission of expert testimony. Pre-trial resolution of that motion will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution. The Motion for Reconsideration is fully briefed.

Additionally, the United States believes that pre-trial rulings by individual judges on the admissibility of (1) expert opinions on the appropriate use of the ATSDR's water model, (2) expert opinions on general causation, and (3) expert opinions on specific causation will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global

---

[3] The motions at D.E. 539, 567, and 805 remain pending for consideration by Judge Flanagan.

resolution. Finally, the United States disagrees with PLG's prioritization, grouping, and in certain instances, characterizations of the pending motions.

DATED this 13th day of July, 2026.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ Robin Greenwald
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410

STANLEY E. WOODWARD, JR.
Associate Attorney General

JOHN K. ADAMS
Deputy Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Assistant Directors

/s/ Adam Bain
ADAM BAIN
IN Bar. No. 11134-49
Chief Litigation Counsel
Camp Lejeune Justice Act Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail:  adam.bain@usdoj.gov
Telephone: (202) 616-4209

*Counsel for Defendant*
*United States of America*

31

P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

32