IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE:<br><br>CAMP LEJEUNE WATER LITIGATION<br><br>This Document Relates To:<br>ALL CASES | )<br>)<br>)<br>)<br>)<br>)<br>) | **JOINT STATUS REPORT** |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023 to September 11, 2026, 3,784 Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. 168 cases have been dismissed; 146 of those were voluntary dismissals and the 22 others were pro se cases. The cases are divided as follows: Judge Dever – 947 cases; Judge Myers – 948 cases; Judge Boyle – 933 cases; and Judge Flanagan – 956 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

The Navy's Camp Lejeune Claims Unit (CLCU) continues processing 408,500 de-duplicated claims. More than 90% of claims reviewed do not have sufficient documentary evidence to support Elective Option (EO) settlement approval. Per the statutory burden of proof, law firms and claimants must provide evidence of a medical diagnosis and presence on Camp

Lejeune during the statutory period before a settlement determination can be made. The EO has been open for over two years; as a courtesy to claimants who have demonstrated an effort to substantiate potentially EO-eligible claims, the CLCU issued notices identifying diagnosis, exposure, and/or estate deficiencies, to help claimants remedy the existing evidentiary shortfall, if possible. Until a claim is denied, it will continue to be subject to administrative consideration by the Department of the Navy.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties continue to work toward areas in which agreement might be reached, including potential stipulations which would help streamline trials and resolution.

**(4) An update on stipulations entered into between the Parties since the last status conference**

As the Court is aware, Judge Boyle scheduled Pretrial Conferences in the four Track 1 kidney cancer actions involving David Downs (No. 7:23-cv-01145), David Fancher (No. 7:23-cv-00275), Frank Mousser (No. 7:23-cv-00667) and Jacqueline Tukes (No. 7:23-cv-01553). The Pretrial Conferences were held on September 9, 2026. Thus, the Parties engaged in substantial efforts to prepare proposed Pretrial Orders in advance of the Pretrial Conferences, including the negotiation of stipulations. As reflected in these proposed Pretrial Orders, the Parties agreed to basic stipulations about jurisdiction, joinder, and capacity of the named plaintiffs; certain basic plaintiff-specific stipulations about diagnoses dates and medical treatment; and finally, certain stipulations about the history of Camp Lejeune and the development and use of the ATSDR's Camp Lejeune water models.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues, as well as certain pretrial issues arising in the four Track 1 kidney cancer actions.

Pretrial Developments in the Kidney Cancer Actions

On August 24, 2026, Judge Boyle scheduled Pretrial Conferences in the four Track 1 kidney cancer actions, namely David Downs (No. 7:23-cv-01145), David Fancher (No. 7:23-cv-00275), Frank Mousser (No. 7:23-cv-00667) and Jacqueline Tukes (No. 7:23-cv-01553). The Parties promptly held a meeting on August 26 to discussion the exchange of exhibit lists, witness lists, and other pretrial issues. While not agreeing on all issues, the PLG believes that the Parties have worked cooperatively and constructively on these pretrial matters. During that initial meeting on August 26, the Parties agreed to a procedure pursuant to which they exchanged exhibit and witness lists on September 1, and exchanged objections to exhibit and witness lists September 4. The Parties agreed that it was important to make good faith efforts to file proposed Pretrial Orders before the first Pretrial Conference on September 9, 2026, and the Parties in fact filed proposed Pretrial Orders in the four kidney cancer actions shortly after midnight on September 9.

The proposed Pretrial Orders contained stipulations; the Parties' respective contentions, exhibit lists, and witness lists; trial time estimates; and other information required by Local Civil Rule 16.1. Given the timeline for preparation of the Pretrial Orders, the Parties agreed to make supplemental filing at a later date concerning the designation of pleadings and discovery materials as described in Local Civil Rule 16.1(c)(4).

The Pretrial Conferences were held on September 9, 2026. During the Pretrial Conferences, the PLG noted that its witness and exhibit lists in the proposed Pretrial Orders were over inclusive and represented an effort to ensure that the government was given full notice of potential trial exhibits. The PLG also noted during the Pretrial Order that the actual witnesses and exhibits to be used at trial will be only a fraction of those listed on the proposed Pretrial Orders.

On September 10, 2026, Judge Boyle set the Frank Mousser action (No. 7:23-cv-00667) for trial on November 9, 2026 and the David Fancher action (No. 7:23-cv-00275) for trial on November 16, 2026. Further, Judge Boyle directed the Parties to file new proposed Pretrial Orders in these two actions on October 30, 2026. The PLG's exhibit and witness lists will be substantially pared down in these filings and will reflect its estimate of 2-3 days for the trial of each action.

The Parties have agreed to hold a meet and confer on September 16, 2026 to discuss several pretrial matters, including but not limited to supplementations in the kidney cancer actions.

<u>Supplementation of Experts' Materials Considered Lists ("MCLs")</u>

As set forth in prior joint status reports, the government has made several proposals involving time-consuming and expensive procedures, including arbitrary pretrial deadlines, that are not in accord with the Federal Rules of Civil Procedure or the Local Civil Rules. The Court ruled on some of these issues in its Order [D.E. 875] denying Defendant's Motion for Final Supplementation Deadline [D.E. 827].

On April 16, 2026, the government sent a letter proposing that "the Parties agree to exchange supplemental expert invoices and MCLs on May 29, 2026 and afterwards on the same schedule as the DPPF updates [*i.e.*, quarterly] between now and the bellwether trials…." Such a procedure is not required by the Federal or Local Rules. Furthermore, a quarterly obligation to supplement invoices and MCLs would create a tremendous expense in both expert fees and

attorney time and take up substantial resources that are best dedicated to other pursuits that actually advance this litigation and settlement negotiations. Federal Rule of Civil Procedure 26(e) and the applicable pretrial procedures set forth in the Local Civil Rules address the Parties' ongoing and pretrial responsibilities to supplement, and the government's proposal is therefore both unnecessary and burdensome.

In response to the government's proposal, the PLG indicated it was not agreeable to a required quarterly MCL production but that it was agreeable to a production on May 29, 2026 of any expert invoices that the Parties had already received from their respective experts since the date of their deposition and which were not already previously produced since such invoices should already be in each Party's custody and control and would not require extensive time or resources to produce. In accordance with that agreement, both parties produced supplemental expert invoices on May 29, 2026, however, the government produced additional supplemental expert invoices on June 1 and June 8, 2026.

The government also produced, on May 19, 2026, supplemental Materials Considered Lists for a number of defense experts, including experts in Phases I, II, IIIa and IIIb of the litigation.

Now that rials have been set in two of the Track 1 kidney cancer actions, the Parties are holding a meet and confer on Wednesday, September 16, 2026, to discuss supplementation issues concerning the upcoming Track 1 kidney cancer trials.

Update on Discovery Pool Profile Forms ("DPPFs")

As set forth in the March 31, 2025 Joint Status Report, the parties previously agreed that all Track 1 DPPFs would be updated fifteen (15) days after a trial date is set unless the trial date is more than 120 days from the date it is set, in which case the final DPPF would be due 120 days before trial. [D.E. 848] at 7 and [D.E. 848-1]. On September 4, 2026, the PLG produced an

updated, verified and final DPPF for the four (4) Track 1 kidney cancer trial plaintiffs, which was much sooner than required by the parties' agreement. It remains PLG's position that DPPFs for the other Track 1 disease bellwether plaintiffs do not need to be updated until 120 days before trial or fifteen days after a trial date is set, whichever is later pursuant to the parties' agreement. [D.E. 848-1].

The PLG also continues to provide agreed upon DPPF supplements to the Defendant every three months, which it has done since April 10, 2025, and will continue to do so through each Track 1 disease that is set for trial, with the next DPPF update due October 10, 2026. The PLG also agreed to and is still requesting and producing medical records reflecting new medical conditions/providers relevant to the case and notifying the Defendant of any significant medical updates when significant health diagnoses/events occur.

<u>Short Form Complaints</u>

On September 4, 2026, PLG requested the U.S. Government's consent to amend the Short Form Complaints for the 4 kidney cancer trial cases to conform them to the evidence, providing the Government with redlined versions of the proposed amended Short Form Complaints. In its below section on Short Form Complaints, the government indicated that it may not consent to certain proposed amendments. The PLG was unaware of the government's position until receiving the government's writeup for this Joint Status Report, and the PLG does not know which proposed amendments to which the government will object. Hence, the PLG and the government will need to discuss these issues. If the U.S. Government does not consent, PLG will have to file a motion for leave, adding briefing, a response from the Government, and potentially a court hearing or ruling deciding whether the amendments are permitted. It is PLG's position that there is no substantive prejudice to the Government with these proposed amendments as the amendments are

consistent with information the Government was already provided in discovery and that the Government is simply delaying the process knowing that time is of the essence.

Production of Digitized Muster Rolls

On August 24, 2026, PLG advised the DOJ by letter of the results of its review of DOJ's production of the Marine Corps Documents Project (hereinafter MCDP) which included the production of five hard drives composing 3,313,211 files which have a total page count of 99,758,108 pages. The PLG's review of these documents reflected that they can be divided into three groups: Muster Roll & Unit Diaries, Bi-weekly, monthly, and quarterly USMC Marine Locator Reports; and Other Document Types. As a result of their review, the PLG has determined that these documents are extremely useful, reasonably accessible, and helpful for the documentation of the veterans' time and location on base. Accordingly, the PLG has requested that DOJ agree to allow all claimants to have access to this government data for both litigation and administration purposes. The PLG has further assured the DOJ that the use and sharing of this data will comply with the protective order and address any DOJ confidentiality concerns.

On September 3, 2026 the PLG received additional written inquiries from the DOJ responding to the PLG's August 24, 2026 detailed response letter described above. DOJ inquired with additional questions and comments. PLG intends to respond to this most recent DOJ request no later than September 16, 2026 and will in its response propose a meet-and-confer with the DOJ for the week of September 21st. It is anticipated that if the parties cannot resolve this issue, then the PLG will have no option but to file a Motion with the Court as was addressed at the September 9th Status Conference before Judge Jones.

The United States' Proposal Regarding Agreement on Produced Records

The PLG has carefully considered the United States' request that the PLG review a list of all records both of the Parties have produced at any time in this case and "confirm whether or not you agree that our list matches your understanding of the documents that are available for use at trials." That request is not contemplated by the Federal Rules of Civil Procedure or the Local Civil Rules. Further, the government's proposed confirmation exercise would be very costly to the PLG, time-consuming, and not proportional to the needs of this litigation. It is also unnecessary. The PLG believes that the concerns the government has raised (unfair surprise and prejudice) will be addressed in the ordinary course in connection with the parties' formulation of the pretrial orders in each action pursuant to the Federal and Local Civil Rules, and of course, the Parties exchanged lists of potential trial exhibits as part of their preparation of proposed Pretrial Orders in the four Track 1 kidney cancer actions set for trial. The United States' proposal adds an additional step to that process that will consume substantial PLG resources and distract from the important work of engaging in global settlement discussions and preparing for trials.

**United States' Position:**

Fact Depositions

The United States confirms that all previously scheduled fact depositions have been taken. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Expert Depositions

All expert depositions have been completed, with the exception of those that may be required due to any supplementation, subject to agreement of the Parties or Order of the Court.

Pretrial Issues Regarding Kidney Cancer Trials

On August 24, 2026, Judge Boyle scheduled pretrial conferences to commence on September 9 and 10, 2026 for the four Track 1 bellwether kidney cancer cases: David Downs (No. 7:23-cv-01145); David Fancher (No. 7:23-cv-00275); Frank Mousser (No. 7:23-cv-00667); and Jacqueline Tukes (No. 7:23-cv-01553). By agreement, the Parties exchanged witness and exhibit lists on September 1, 2026, and exchanged objections to such lists on September 4, 2026. The PLG's lists for each trial included approximately 40 witnesses and more than 350 exhibits, which were included in the joint proposed pretrial orders filed on September 9, 2026. At the pretrial conferences held later that day, the PLG admitted that its witness and exhibit lists were "over expansive" and indicated that it would "narrow and streamline" the witness and exhibit lists prior to trial.

On September 10, 2026, Judge Boyle set trial dates for the Frank Mousser case (November 9, 2026) and the David Fancher case (November 16, 2026) and instructed the Parties to file amended pretrial orders by October 30, 2026—ten days before commencement of the Mousser trial. PLG indicates above that its "exhibit and witness lists will be substantially pared down *in these filings*." (emphasis added).

The Parties have scheduled a meet and confer for September 16, 2026, to discuss various pretrial issues. Disclosure of PLG's revised witness and exhibit lists as soon as possible is critical to the United States' trial preparations and its ability to respond to PLG's "substantially pared down" lists of witnesses and exhibits. Accordingly, the United States requests that PLG provide its amended witness and exhibit lists to the United States by October 1, 2026.

DPPFs and SFCs

The United States agrees that the Parties' March 2025 agreement provides for periodic Discovery Pool Profile Form ("DPPF") updates and final updated DPPFs under the agreed

schedule. But the agreement did not permit PLG to use DPPF updates to materially expand a bellwether plaintiff's claims through those updates. Indeed, PLG stated on multiple occasions that it was not adding claims for plaintiffs via the DPPF updates, but merely "err[ing] on the side of caution in providing that information."

On September 4, 2026, PLG provided revised DPPFs for the four kidney-cancer bellwether plaintiffs and proposed amended Short Form Complaints ("SFC"). The United States met and conferred with PLG that day and thereafter reviewed PLG's proposed redlines. PLG represented that the proposed amended SFCs would align with its exposure expert's exposure estimates and with the DPPFs.

The United States does not consent to proposed amendments that go beyond accurately clarifying existing SFC allegations, but instead add new alleged injuries or conditions; assert exposure allegations in ways inconsistent with PLG's exposure expert's estimates; alter disease onset dates; assert open-ended or undefined categories of damages or injuries; or add derivative claims. Those amendments would materially expand the claims on the eve of trial, more than two years after the close of fact discovery, and would prejudice the United States by potentially requiring additional fact and expert discovery. The United States does not want to delay the trials. However, the United States objects to PLG adding additional injuries and claims to the DPPFs and/or SFCs shortly before trial.

The United States has identified non-prejudicial amendments to which it will consent. The United States remains available to meet and confer concerning narrowly tailored amendments that do not change the claims or require additional discovery.

The Court's Order Regarding the "At Least As Likely As Not" Burden of Proof (D.E. 886)

The United States moved to exclude PLG expert opinions for their reliance on the "at least as likely as not" burden of proof to relax their scientific methodologies for determining causation. (D.E. 539, 540). At the same time, PLG moved to exclude the United States' experts who did not incorporate the "at least as likely as not" burden. (D.E. 567). On June 5, 2026, Chief Judge Myers, Judge Boyle, and Judge Dever entered an Order regarding the Parties' competing motions concerning PLG's experts' use of that burden of proof. (D.E. 886). The Court denied PLG's motion, and denied the United States' motion without prejudice, ordering the Parties to file, within 21 days (i.e., on or before June 26, 2026), a joint proposed order identifying the expert opinions to which the Order applies. The Parties met and conferred, but ultimately did not agree concerning the joint proposed order and therefore filed competing submissions. (D.E. 890, 891). On July 1, 2026, the United States moved for leave to file a response to PLG's submission (D.E. 900), which PLG opposed. (D.E. 902). The United States stands ready to provide further briefing if the Court deems it appropriate.

The United States believes that resolution of this motion before trials is necessary to clarify which experts, if any, may testify at trial. This will advance judicial efficiency, conserve the Parties' time and resources, and could even resolve certain cases entirely if a determination is made that PLG's experts improperly relied upon the relaxed "at least as likely as not" burden of proof in their methodologies.

Supplementing Expert Invoices

The Parties agreed to exchange supplemental expert invoices for all experts in all phases of the litigation by May 29, 2026. Those productions are now complete. The United States proposed that the Parties exchange invoices on a quarterly basis, along with Plaintiffs' quarterly

DPPF updates, which PLG declined. On May 4, 2026, the United States requested an alternate proposal for exchanging invoices, but to date, PLG has not responded. Now that trial dates have been set, the United States believes the Parties should meet and confer on a proper timeline for supplementing expert invoices in the kidney cancer cases.

Supplementing Materials Considered Lists and Expert Reports

The United States wrote to PLG on April 16 and 30, 2026, regarding over a dozen plaintiffs whose records require supplementation, and requested that PLG confirm that it is continuing to produce updated medical records for all bellwether plaintiffs in a timely manner. On May 6, 2026, PLG confirmed that it is continuing to request records for plaintiffs. In that letter, PLG also acknowledged that it has the burden to produce records that are responsive to the United States' Requests for Production related to the bellwether plaintiffs. Based on PLG's statements during recent meet-and-confers, the United States understands that PLG has not provided these updated records to their experts as a matter of course.

The United States attempted to work with PLG to establish an agreed deadline for updated Materials Considered Lists and expert reports, but PLG declined. The United States produced supplemental Materials Considered Lists on May 19, 2026, and will continue to supplement as the Parties continue to prepare for trial. Now that trial dates have been set in two of the kidney cancer cases, the United States believes the Parties should meet and confer on a proper timeline for supplementing Materials Considered Lists in the kidney cancer cases.

As for expert reports, the United States notes that, because each bellwether plaintiff is the party with the ultimate burden of proof on causation and damages, PLG is responsible for supplementing affirmative expert reports to reflect updated medical records. The United States

would then be in the position to supplement any rebuttal reports, as necessary. However, PLG has not indicated whether it intends to supplement any of its expert reports at this time.

United States' Local Civil Rule 16.1(a) Proposal for a Working Pre-Trial Conference

On April 30, 2026, the United States filed a Motion requesting preliminary or "working" pretrial conferences with the individual District Judges under Local Civil Rule 16.1(a) (D.E. 866). The United States believes that such conferences would enable the Parties to discuss important procedural and logistical issues, some of which are disease-specific, with the individual District Judges. Judge Boyle has now conducted pretrial conferences for the kidney cancer cases. The United States welcomes the opportunity to conduct pretrial conferences with the other district judges.

Missing Plaintiff Identifiers in Rubris

Pursuant to the Court's December 21, 2023, Order (D.E. 91), Plaintiffs who had already filed a Short Form Complaint were required to provide their complete date of birth and full Social Security Number to the United States within 20 days of the Order, and all future Plaintiffs were required to provide that information upon filing a Short Form Complaint. See D.E. 91 at 6. The United States first raised widespread non-compliance with this requirement with PLG on October 30, 2025, after identifying more than 700 deficient entries in Rubris. Over the ensuing nine months, the United States worked with PLG to reduce the number of non-compliant cases and ultimately proposed a cure process designed to resolve the remaining cases without motion practice.

After the proposed cure period expired, the United States moved to dismiss four cases on July 22, 2026, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). Judges Dever and Flanagan have ruled on their respective motions. The motion before Judge Boyle remains pending, and the Court has sent the *pro se* Plaintiff a letter regarding the motion response deadline.

The United States has also proposed a process for addressing future non-compliance as additional Short Form Complaints are filed. Under that proposal, the Parties would periodically identify newly non-compliant cases, provide those Plaintiffs 20 days to cure, and, if non-compliance persists, the United States would move to dismiss the individual cases. PLG has not responded to the proposal.

The United States is still of the opinion that a defined process for addressing future deficiencies is necessary to avoid recurrence of this issue and to minimize the need for future Court and Party involvement.

United States Marine Corps Digitization Project Update

PLG sought the production of records that have been scanned through the United States Marine Corps' ("USMC") ongoing efforts to digitize certain microfilm, microfiche, and paper military records (the "Current Digitization Project"). The United States objected on, *inter alia*, burden and relevancy grounds. PLG filed a motion to compel (D.E. 730), but withdrew it at the March 5, 2026, status hearing based on the Parties' agreement to a production of the "standard-quality" records being scanned. (D.E. 824 at 3:11-4:7).

Pursuant to the Parties' agreement, which was detailed in prior Joint Status Reports, the United States has produced the digitized records to PLG, with the exception of a single damaged document. Five hard drives were delivered to PLG on May 29, 2026, June 8, 2026, July 17, 2026, and August 7, 2026. These productions totaled nearly 100 million pages of records.

The United States received an email from PLG's counsel on Friday, August 7, 2026, requesting a meet and confer regarding PLG's review of the digitized files, which the Parties held following the Status Conference on August 17, 2026. On August 24, 2026, PLG sent a letter providing additional information regarding its review of the digitized files. According to PLG, its "Technical Group" has developed tools to search and manipulate the data contained in the digitized

files. On September 3, 2026, the United States sent a letter to PLG requesting additional and specific information regarding the tools and processes developed by PLG's Technical Group, including, among other things, how the data is being processed and manipulated; whether the tools and processes use Artificial Intelligence (AI) and, if so, whether the data is maintained in a "closed universe;" how the vast amount of personally identifiable information (PII) is being protected against violations of the Privacy Act; and how PLG anticipates making this information available to other claimants and litigants.

The United States has refrained from making any decision regarding use of the digitized files until it receives the requested information from PLG. The United States also maintains that this Court does not have jurisdiction over the administrative claims process, including decisions regarding what records the United States determines may be used in substantiating administrative claims. This has been reiterated multiple times, including in the Stipulated Third Amended Protective Order, which governs these digitized files. The Protective Order states that "[n]othing in this Protective Order expands the Eastern District of North Carolina's jurisdiction over the Department of the Navy's Camp Lejeune Justice Act administrative claim process ('Administrative Claim Process'), including, but not limited to the EO process for the Navy's Camp Lejeune Justice Act Administrative Claims." (D.E. 802 ¶ 2(l), at 8).

<u>Foster Law, LLC's Motion for Hearing Regarding the Department of Justice's Administration of Elective Option Determinations (D.E. 913)</u>

On September 10, 2026, Mr. James Foster of Foster Law, LLC, filed a motion on the Court's Master Docket[1] requesting a hearing "Regarding the Department of Justice's Administration of Elective Option Determinations." D.E. 913. Mr. Foster complains that six of his

[1] Foster Law, LLC is not part of the PLG and, thus, was not "permitted to file in the Master Docket." *See* CMO 2, D.E. 23, at 3 ("Only Plaintiffs' Leadership and the United States are permitted to file in the Master Docket.").

clients were either denied an offer under the CLJA's Elective Option (EO) program or were eligible for higher amounts than those offered by the United States. The United States is preparing a response to this motion, but maintains that, among other issues with the Motion, this Court lacks jurisdiction over disputes related to the EO process.

**(6) Any other issues that the parties wish to raise with the Court:**

The Parties have agreed to file separate summaries of the motions that are pending before the Court. The Parties' respective summaries appear below:

**The PLG's Summary:**

A full, organized list of pending motions appears below. On February 27, 2026, the Court entered an Order [D.E. 818] granting in part the PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 721]. Pursuant to that Order, the Court held in abeyance a number of Rule 702 motions and summary judgment motions dependent upon Rule 702 determinations. Those motions that the Court held in abeyance are still listed below, but each of those motions is proceeded with an asterisk (*i.e.*, an *) to designate that the motion has been held in abeyance.

**I. <u>Phases II and IIIa Expert/Illness Specific Motions</u>**
Motions are Applicable to Specific Illnesses as Categorized Below

a. **<u>Motions Not Limited to a Particular Illness</u>**

i. United States' Motion for Partial Summary Judgment concerning Dichloroethylene (all cases) [D.E. 520]

1. PLG's Response in Opposition to Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E.715]

2. United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 742]

b. **Motions to Exclude General Causation Experts Who Opined as to Every Track 1 Case**

i. Plaintiffs' Motion to Exclude Expert Dr. Michael J. McCabe, Jr. (all cases except Parkinson's) [D.E. 597]*

1. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 666]
2. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 784]

ii. Plaintiffs' Motion to Exclude Defense Expert Dr. Julie Goodman (all cases) [D.E. 621]*

1. United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.686]
2. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.785]

iii. Plaintiffs' Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 624]*

1. United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 670]
2. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Lisa Bailey [D.E. 776]
3. United States' Notice Regarding February 13, 2026 Hearing [D.E. 815]

c. **Motions with Common Legal Arguments**[2]

i. United States' "Literature Review Motions" (all cases) [D.E. 584*, 574*, 541*, 559*, and part of 543*]

ii. United States' "Differential Etiology Motions" (all cases) [D.E. 586*, 569*, 557*, 530*, 533*, 537*, 553*, and part of 543*]

iii. United States' "Threshold Association Motions" (all cases) [D.E. 547*, 554, 582*, 609*]

iv. United States' Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (bladder cancer and NHL/Leukemia) [D.E. 601]*

---

[2] These motions also are listed more specifically under the individual disease categories below but the motions share common legal arguments and, therefore, may need to be decided jointly. The PLG's responses to motions are identified below in the specific disease categories.

d. **<u>Bladder Cancer Motions</u> (Hon. Richard E. Myers II)**

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Threshold Association Motion") [D.E. 582]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.689]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.752]

2. Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Literature Review Motion") [D.E. 584]*

   a. PLG's Response in Opposition to Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion") [D.E. 700]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp [D.E. 751]

3. Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Bladder Cancer Differential Etiology Motion") [D.E. 586]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts from Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 691]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 755]

4. Motion to Exclude Plaintiffs' Psychiatry Expert Dr. Haresh Tharwani [D.E. 594]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychiatry Expert Dr. Haresh Tharwani [695]

5. Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 590]* [predicated upon determinations in D.E. 582*, 584*, 586*]

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Admissible Expert Testimony Fed. R. Civ. P. 56; L. Civ R. 56.1(a)(1) [D.E. 678]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 756]

6. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

    b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Max Kates filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 588]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Max Kates [D.E. 673]

b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Max Kates [D.E. 783]

2. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to one kidney plaintiff)

   a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

3. Multi-Illness Motions at D.E. 597*, 621*, 624*.

   a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

e. **<u>Kidney Cancer Motions</u> (Hon. Terrence W. Boyle)**

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 524]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 674]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 757]

2. Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases ("Kidney Cancer Differential Etiology Motion")[D.E. 569]*

   a. PLG's Response in Opposition to Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 697]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 759]

3. Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 571]*

a. PLG’s Response in Opposition to Motion to Exclude Plaintiff’s Psychology Expert Dr. Roger Moore [D.E. 671]

4. Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon (“Kidney Cancer Literature Review Motion”) [D.E. 574]*

   a. PLG’s Response in Opposition to Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon (“Kidney Cancer Literature Review”) [D.E. 707]

   b. United States’ Rely to Response to Motion regarding Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon (“Kidney Cancer Literature Review”) [D.E. 768]

5. Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 609]*

   a. PLG’s Response in Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 687]

   b. United States’ Reply to Response to Motion regarding Motion Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 761]

6. Motion for Summary Judgment (Kidney Cancer) [D.E. 611]* (predicated upon determinations in D.E. 539, 569*, 609*)

   a. PLG’s Response in Opposition to Motion for Summary Judgment (Kidney Cancer) [D.E. 677]

   b. United States’ Reply to Response to Motion regarding Motion for Summary Judgment (Kidney Cancer) [D.E. 766]

7. Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgement for Lack of Expert Testimony on But-For Causation [D.E. 822]

   a. PLG’s Response in Opposition regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for

Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 834]

b. United States' Reply to Response to Motion regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, As to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 850]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Walter Stadler [D.E. 599]*

   a. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Walter Stadler [D.E. 665]

   b. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Walter Stadler [D.E. 779]

2. Motion to Exclude Defense Expert Dr. Gail H. Vance, M.D. [D.E. 619]*

   a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 663]

   b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 778]

3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to two bladder cancer plaintiffs)

   a. PLG's Response in Opposition to 3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

4. Multi-Illness Motions at D.E. 597*, 621*, 624*.

   a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

f. **<u>Parkinson's Disease Motions</u> (Hon. Louise W. Flanagan)**

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De

Miranda, Lucio Costa, and Michael Freeman ("Parkinson's Literature Review Motion") [D.E. 541]*

   a. PLG’s Response in Opposition to Motion to Exclude Plaintiffs’ Parkinson’s Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 694]

   b. United States’ Reply to Response to Motion regarding Motion to Exclude Plaintiffs’ Parkinson’s Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 744]

2. Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska ("Parkinson's Literature Review and Differential Etiology Motion")[D.E. 543]*

   a. PLG’s Response in Opposition to Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 688]

   b. United States’ Reply to Response to Motion regarding Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 747]

3. Motion to Exclude Certain Opinions of Plaintiffs’ Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz and Richard Barbano ("Parkinson's PCE Daubert Motion") [D.E. 545]*

   a. PLG’s Response in Opposition to Motion to Exclude Certain Opinions of Plaintiffs’ Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 693]

   b. United States’ Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Plaintiffs’ Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 745]

4. Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano ("Parkinson's Threshold Association Motion") [D.E. 547]*

    a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa, and Richard Barbano [D.E. 682]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano [D.E. 746]

5. Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 549]* (predicated upon determinations in D.E. 539, 541*, 543*, 545*, 547*)

    a. PLG's Response in Opposition to Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 701]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 748]

6. Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

    a. PLG's Response in Opposition to Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium Claim [D.E. 719]

    b. United States Reply to Response to Motion regarding Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 749]

ii. **Plaintiffs' Leadership Group's Motions**

1. Multi-Illness Motions at D.E. 597*, 621*, 624*

    a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

g. **Leukemia and Non-Hodgkins Lymphoma Motions** **(Hon. James C. Dever III)**

i. **United States' Motions**

1. Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek ("Leukemia Differential Etiology Motion – Gondek") [D.E. 530]*

    a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek (Leukemia) [D.E. 683]

    b. United States' Reply to Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek [D.E. 750]

2. Motion to Exclude the Opinions of Damian Laber, M.D., FACP ("Leukemia Differential Etiology Motion – Laber") [D.E. 533]*

    a. PLG's Response in Opposition to Motion to Exclude the Opinions of Damian Laber, M.D. [D.E. 692]

    b. United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Damian Laber, M.D., FACP [D.E. 743]

3. Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 537]*

    a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 684]

    b. United States' Reply in Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher (Leukemia) [D.E. 771]

4. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(b)

and (d) for Misapplying the Bradford Hill Methodology ("Leukemia Threshold Association Motion")[D.E. 553]*

a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 708]

b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 770]

5. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(c) ("Leukemia/NHL Motion on Disease Synergy") [D.E. 555]*

a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.699]

b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.772]

6. Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Federal Rule of Evidence 702(d) for Failing to Reliably Employ a Differential Etiology ("Leukemia/NHL Differential Etiology Motion") [D.E. 557]*

a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 696]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 773]

7. Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu ("Leukemia/NHL Literature Review Motion") [D.E. 559]*

a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 703]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 769]

8. Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 576]* (predicated upon determinations in D.E. 530*, 533*, 535*, 537*, 539, 553*, 555*, 557*, 559*)

   a. PLG's Response in Opposition to Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 675]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 760]

9. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

   a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

   b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Certain Opinions of Dr. Harry P. Erba filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 580]*

   a. United States' Response in Opposition to PLG's Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 667]

b. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 782]

2. Multi-Illness Motions at D.E. 597*, 621*, 624*

a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

## II. <u>**Motions related to Phase IIIb on Damages and Offsets**</u>

a. United States' Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 856]

i. PLG's Response in Opposition regarding Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 883]

ii. United States' Reply to Response to Motion regarding Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 898]

b. United States' Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 858]

i. PLG's Response in Opposition regarding Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 882]

ii. United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 899]

c. PLG's Motion for Partial Summary Judgment regarding Future Offsets [D.E. 860]

i. United States' Response in Opposition regarding Motion for Partial Summary Judgment regarding Future Offsets [D.E. 878]

ii. PLG's Reply to Response to Motion regarding Motion for Partial Summary Judgment regarding Future Offsets [D.E. 895]

iii. PLG's Reply to Response to Motion regarding Motion for Partial Summary Judgment regarding Future Offsets Corrected by Reply to Motion for Partial Summary Judgment re Future Offsets [D.E. 896]

d. PLG's Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 864]

i. United States' Response in Opposition regarding Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 881]

ii. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 897]

## III. Motions Pending Before Judge Flanagan[3]

a. United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539]

i. PLG's Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 690]

ii. United States' Reply to Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 767]

b. Plaintiffs' Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 567]

i. United States' Response in Opposition to PLG's Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 664]

ii. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 762]

c. The PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 805]

i. United States' Response in Opposition to PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 813]

ii. PLG's Reply to Response in Opposition to Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 819]

## IV. Other Pending Motions

a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156]

b. PLG's Motion to Seal [D.E. 845] Proposed Sealed Document [D.E. 846]

[3] Judge Myers, Judge Boyle, and Judge Dever have resolved these motions at D.E. 885 and D.E. 886. The said Orders indicated that Judge Flanagan would resolve these motions separately in her cases.

c. United States' Motion for Preliminary or Working Pretrial Conferences under Local Civil Rule 16.1(a) [D.E. 866]

d. United States' Motion for Leave to File a Response to Plaintiffs Leadership Groups Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 900]

   i. PLG's Response in Opposition regarding Motion for Leave to File a Response to Plaintiffs Leadership Groups Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 902]

e. Motion for Hearing Regarding the Department of Justice's Administration of Elective Option Determinations, filed by counsel for Plaintiffs in the Metcalfe, Abrams, Griffin, Kopp, Coon and Janovitch actions [D.E. 913]

**United States' Summary:**

The following motions, which were not deferred by the Court's Order on PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 818], are ripe for ruling and will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution:

1. United States's Notice of Filing of Proposed Order in Response to D.E. 886 [D.E. 890]

2. Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 [D.E. 891]

   i. United States' Motion for Leave to File a Response to Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 900]

   ii. Plaintiff Leadership Group's Opposition to United States' Motion for Leave to File a Response to Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 [D.E. 902]

3. United States' Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 520]

4. United States' Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 [D.E. 605]

5. United States' Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

The Court's Order deferred ruling on the United States Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 601]. However, the United States has filed a Motion for Reconsideration [D.E. 822] of the deferral of that motion under D.E. 818, because, unlike the other deferred motions, that motion does not turn on the admission of expert testimony. Pre-trial resolution of that motion will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution. The Motion for Reconsideration is fully briefed.

Additionally, the United States is of the opinion that pre-trial rulings by individual judges on the admissibility of (1) expert opinions on the appropriate use of the ATSDR's water model, (2) expert opinions on general causation, and (3) expert opinions on specific causation will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution.[4] Finally, the United States disagrees with PLG's prioritization, grouping, and in certain instances, characterizations of the pending motions.

DATED this 14th day of September, 2026.

Respectfully submitted,

_/s/ J. Edward Bell, III_
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com

STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

[4] The pretrial motions at D.E. 539, 567, and 805, decided by Chief Judge Myers, Judge Dever, and Judge Boyle, remain pending for consideration by Judge Flanagan.

*Lead Counsel for Plaintiffs*

/s/ *Robin Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street

JONATHAN GUYNN
Deputy Assistant Attorney General
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief
Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Assistant Directors

*/s/ Adam Bain*
ADAM BAIN
IN Bar. No. 11134-49
Chief Litigation Counsel
Camp Lejeune Justice Act Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

*Counsel for Defendant*
*United States of America*

Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*