IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

**No. 7:23-CV-897**

IN RE:

CAMP LEJEUNE WATER LITIGATION

This Document Relates to:
Charles Metcalfe, No. 7:24-cv-00976
Larry Abrams, No. 7:24-cv-00982
Tony Griffin, No. 7:24-cv-00973
Estate of Mark Kopp, No. 7:24-cv-00969
Estate of Timothy Coon, No. 7:24-cv-00978
Steven Janovitch, No. 7:24-cv-00919

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR INTERIM RELIEF STAYING SEPTEMBER 27, 2026 DEADLINE TO RESPOND TO ELECTIVE OPTION OFFERS**

Movants Charles Metcalfe, Larry Abrams, Tony Griffin, the Estate of Mark Kopp, the Estate of Timothy Coon, and Steven Janovitch (collectively, "Movants") submit this Memorandum of Law, pursuant to Local Civil Rules 7.1(e) and 7.2, in support of their Emergency Motion for Interim Relief (the "Motion").[1] Because the offers at issue expire on Sunday, September 27, 2026, Movants have kept this Memorandum brief. The underlying arguments have been fully briefed on the individual dockets; that briefing is attached as Exhibits 2 through 4 and incorporated by reference.

[1] Movants file on the Master Docket for four reasons. First, the issues raised by the Motion for Hearing bear on other similarly situated plaintiffs, and the United States' position that the Court lacks jurisdiction over the EO process would foreclose review for all of them. Second, Movants first filed the Motion for Hearing here [D.E. 913, 914]; when the United States objected that undersigned counsel is not a member of the Plaintiffs' Leadership Group ("PLG"), [D.E. 916] at 15 n.1, Movants re-filed it on their individual dockets, and the United States then invoked the stay on those dockets, leaving no other forum. Third, the PLG has advised the Court that it does not oppose the Motion for Hearing. Fourth, filing here gives Magistrate Judge Jones, who has indicated he will take up the Motion for Hearing at the October 9, 2026 status conference, notice of these developments should he address this Motion. This Motion supersedes Movants' Motion to Expedite and Notice of Supplemental Facts on the individual dockets. To the extent leave is required, Movants request leave of Court for good cause shown or, alternatively, a limited lift of the stay in their individual actions for purposes of this Motion. *See* CMO 2 [D.E. 23]. Good cause exists because the individual dockets are stayed, the offers expire September 27, 2026, the Motion for Hearing is set to be addressed October 9, and the issues reach beyond these six Movants.

## INTRODUCTION

Movants are six plaintiffs whose actions are pending before this Court. Through its Elective Option ("EO") program, the Department of Justice ("DOJ") extends settlement offers to eligible claimants based on determinations that include the length of time each claimant spent on base. Movants contend that DOJ administered that program differently for them than for other claimants and have moved for a hearing on that question. [D.E. 913, 914] (the "Motion for Hearing"). This Motion seeks only to keep that question alive until the Court can hear it.

## STATEMENT OF FACTS

### A. The EO offers and the Motion for Hearing.

On August 28, 2026, DOJ issued Tier 1 EO offer letters to Movants Metcalfe, Abrams, Griffin, and the Estate of Kopp. The letters give thirty days to respond and provide that an offer not accepted "is considered declined and another EO offer will not be made." The deadline is Sunday, September 27, 2026. DOJ found the remaining two Movants ineligible.

Movants filed the Motion for Hearing on the Master Docket on September 10, 2026. [D.E. 913, 914]. Under Local Civil Rule 7.1(f)(1), the United States' response is due on or about October 1, 2026.

### B. The prior briefing on the individual dockets.

After the United States objected to the Master Docket filing, [D.E. 916] at 15 n.1, Movants re-filed the Motion for Hearing on their individual dockets together with a Motion to Expedite Consideration of Motion for Hearing and for Interim Relief. Exhibit 2 ("Mot. to Expedite"), *Janovitch*, No. 7:24-cv-00919, [D.E. 7]. That motion asked the Court to shorten the United States' time to respond, to hear the Motion for Hearing before September 27, and, in the interim, to order that no Movant be deemed to have declined an EO offer. It explained that DOJ priced all four

offers in the 30-to-364-day exposure band although the four Marines' certified Records of Service show 510, 641, 737, and 1,156 days at Camp Lejeune; that DOJ refused to review its own records when the error was raised; and that, one hour and forty minutes after the Motion for Hearing was filed, DOJ issued an EO offer in *Hughes v. United States*, No. 7:24-cv-00252, based entirely on the government's own files, placing a claimant with roughly 386 days in the one-to-five-year band. *Id.* §§ I–IV.

The United States opposed. Exhibit 3 ("Resp."), *Janovitch*, No. 7:24-cv-00919, [D.E. 10]. It argued that the individual dockets are stayed under CMO 2; that the EO is a "voluntary framework" that is "beyond this Court's authority to enforce"; that DOJ "is not required to explain or justify its internal decision-making process"; and that expedition "would be futile." Resp. at 1–2, 4. It did not dispute the day counts, identify the records DOJ relied on, or contest any fact concerning *Hughes*. It specifically opposed the request that the offers remain open pending a ruling. *Id.* at 4 n.5.

Movants replied. Exhibit 4 ("Reply"), *Janovitch*, No. 7:24-cv-00919, [D.E. 11]. The Reply explained that the United States cannot insist that Movants file on the individual dockets and then invoke the stay on those dockets, Reply § I; that Movants seek no compelled settlement, only an inquiry and preservation of the status quo, *id.* § II; that the Guidance's disclaimers do not address uneven administration among plaintiffs before this Court, *id.* § III; that the United States does not deny what happened in *Hughes*, *id.* § IV; and that "futility" is a reason to deny the Motion for Hearing after hearing it, not to let the relief expire first, *id.* § V. Briefing closed on September 17,

2026.[2] Movants incorporate the Motion to Expedite and the Reply by reference and do not restate those arguments here.

**C. The September 21 status conference and the United States' refusal to hold the offers open.**

The Motion for Hearing was raised at the September 21, 2026 status conference before Magistrate Judge Jones. The United States indicated that it intends to respond but that its response is not yet due, and Judge Jones indicated that he would take the matter up at the next status conference, on October 9, 2026.[3] When asked, the PLG advised the Court that it did not oppose Movants' filing of the Motion for Hearing.

That evening, undersigned counsel asked counsel for the United States whether DOJ would keep the four EO offers open until the Court rules. The following morning, the United States responded: "No. DOJ is not willing to extend the deadline for accepting the offers." Exhibit 1 (Sept. 22, 2026 email from M. Gaddy, U.S. Department of Justice).[4]

## ARGUMENT

**I. A short stay is necessary to preserve the Court's ability to grant effective relief, and it imposes no prejudice on the United States.**

Neither the United States' response to the Motion for Hearing nor the next status conference will occur before the offers expire. Unless the Court acts before Sunday, four of the six

---

[2] The Motion to Expedite sought the same interim relief requested here—that the acceptance period be held in abeyance and that no Movant be deemed to have declined an EO offer. Ex. 2. The United States opposed that relief specifically, Ex. 3 at 4 n.5, and Movants replied. Ex. 4. Because the United States has already stated its position on the relief Movants seek, this Motion is ripe for ruling, and the Court need not await a further response under Local Civil Rule 7.1(f)(1), which sets a response period "unless otherwise ordered by the court." *See also* Local Civil Rule 1.1. (authorizing the Court to alter or suspend any of these rules in a particular case upon a showing of good cause).

[3] Undersigned counsel did not attend the September 21, 2026 status conference. The account of that conference in this Memorandum is based on information provided by members of the PLG who were present.

[4] Undersigned counsel understands from members of the PLG that, when a pending motion has implicated a deadline in this litigation, the parties have customarily agreed to hold that deadline in abeyance until the Court rules. The United States has declined to do so here.

Movants will face precisely the choice the Motion for Hearing seeks to avoid: accept an offer they contend rests on erroneous determinations, or let it lapse and await a global resolution on an uncertain timetable. The offer letters foreclose a second chance: "another EO offer will not be made."

Movants ask only that the deadline be stayed long enough for the Motion for Hearing to be taken up at the next status conference in the ordinary course, as Judge Jones has already indicated he will do.[5] They do not ask the Court to shorten the United States' response time or to decide anything on a truncated record. The stay would last less than two weeks beyond the current deadline.

The United States controls the deadline and could hold the offers open with a one-line letter. It has declined. Reply at 4. A stay costs it nothing: it requires no new offer and changes no term of the existing ones. It simply prevents the offers from lapsing before the Court can consider whether they were properly determined. Nor would a stay of this length disturb the Court's expectation that the parties work toward a global settlement by October 30, 2026. [D.E. 893] at 2.

### II. The Court has authority to preserve the status quo.

Movants addressed the Court's authority in the Motion to Expedite, § III, and the Reply, §§ II–III, and incorporate those arguments here. In brief: Movants' cases are pending before this Court under the CLJA, which vests it with exclusive jurisdiction, and the United States concedes the determinations at issue were made by DOJ because Movants' "cases are now in litigation." Resp. at 4 n.3. Whether relief is warranted is a question of remedy, not jurisdiction. *Steel Co. v.*

---

[5] The Motion to Expedite asked the Court to shorten the United States' time to respond to the Motion for Hearing to seven days and to hear it before September 27, 2026. Ex. 2. With the offers now set to expire in a matter of days, that schedule is no longer realistic. Movants have therefore narrowed the relief they seek to the one step the Court can practically take in the time remaining: a stay of the acceptance deadline, which will keep the Motion for Hearing ripe for review. For that stay to have any effect, the Court must rule before the offers expire on Sunday, September 27, 2026—that is, this week.

*Citizens for a Better Env't*, 523 U.S. 83, 90 (1998). Within that jurisdiction, the Court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)), including "inherent power to supervise and aid the implementation of settlement agreements in pending litigation." *Wood v. Va. Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975); *see Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002).

The United States' authorities hold only that a court may not compel a party to settle or make an offer. Resp. at 3. Movants seek neither. They ask the Court to preserve the status quo while it considers a pending motion—routine relief that falls well within this Court's power and discretion.

### III. The question the Motion for Hearing presents is serious and undisputed.

The United States has now stated its position twice, in [D.E. 916] and in its Response, and has not disputed a single fact on which the Motion for Hearing rests: not the day counts, not the exposure band, not the *Hughes* offer. Its position is that it "is not required to explain or justify" those determinations. Resp. at 4. Whether that is so is the question the Motion for Hearing presents. It should be heard before the offers it concerns expire. *See* Reply §§ IV–V.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court rule on the Motion before the offers expire on September 27, 2026, and:

1. Stay the September 27, 2026 deadline to respond to the EO offers extended to Movants Metcalfe, Abrams, Griffin, and the Estate of Kopp in the August 28, 2026 offer letters, and hold the acceptance period in abeyance, until after the Motion for Hearing is addressed at the next status conference;

2. Order that, while the stay remains in effect, no Movant shall be deemed to have declined an EO offer; and

3. Grant such other and further relief as the Court deems warranted.

Respectfully submitted, this the 23rd day of September, 2026.

/s/ *James Z. Foster*
James Z. Foster
NC Bar No. 60197
FOSTER LAW LLC
1201 West Peachtree Street, NW, Suite 2300
Atlanta, GA 30309
Telephone: (404) 800-0050
Facsimile: (404) 493-2322
James@Foster-Law.com

*Counsel for Plaintiffs Metcalfe, Abrams, Griffin, Kopp, Coon, and Janovitch*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 23rd day of September, 2026, I electronically filed the foregoing Memorandum of Law in Support of Emergency Motion for Interim Relief, together with Exhibits 1 through 4 thereto with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including Lead Counsel, Co-Lead Counsel, and Liaison Counsel for the Plaintiffs' Leadership Group and counsel for the United States.

/s/ *James Z. Foster*
James Z. Foster
NC Bar No. 60197

*Counsel for Plaintiffs Metcalfe, Abrams, Griffin, Kopp, Coon, and Janovitch*