IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-897

| | |
|---|---|
| IN RE:<br><br>CAMP LEJEUNE WATER LITIGATION<br><br>This Document Relates to:<br><br>*Charles Metcalfe v. United States*, 7:24-cv-00976<br>*Larry Abrams v. United States*, 7:24-cv-00982<br>*Tony Griffin v. United States*, 7:24-cv-00973<br>*Estate of Mark Kopp v. United States*, 7:24-cv-00969<br>*Estate of Timothy Coon v. United States*, 7:24-cv-00978<br>*Steven Janovitch v. United States*, 7:24-cv-00919 | ORDER |

On September 10, 2026, Charles Metcalfe, Larry Abrams, Tony Griffin, the Estate of Mark Kopp, the Estate of Timothy Coon, and Steven Janovitch (collectively "Movants"), moved for a hearing regarding how the Department of Justice ("DOJ") has administered Elective Option ("EO") determinations for each movant ("EO Motion"). [DE-913]. On September 23, 2026, Movants moved for an emergency order regarding the response deadlines for the Movants' pending EO offers ("Emergency Motion") [DE-919]. As explained below, the EO Motion [DE-913] and Emergency Motion [DE-919] are denied without prejudice.

On September 10, Movants requested the court to hold a hearing or refer the Movants and the DOJ to the Settlement Masters with a direction to report to the court and order the Settlement Masters to place the Movants' dispute on the agenda for the next weekly meeting. EO Motion [DE-913] 3. Movants also move the court to order the United States to provide written

explanations of each Movants' EO determination and order the United States to hold each EO offer open until thirty days after the United States provides the written explanations. *Id.* at 3. On September 15, Movants filed their motion for hearing in their individual cases. *See, e.g. Metcalfe v. United States*, No. 7:24-cv-00976, [DE-6]. The same day, Movants then filed motions to expedite the individual motions for hearing. *See, e.g. Metcalfe v. United States*, No. 7:24-cv-00976, [DE-8]. On September 17, the United States responded to Movants' motion to expedite in each individual docket. *See, e.g. Janovitch v. United States*, No. 7:24-cv-00919, [DE-10]. Movants filed a reply the same day. *See, e.g. Janovitch v. United States*, No. 7:24-cv-00919, [DE-11]. On September 23, Movants filed an emergency motion to order the United States to extend the deadline to respond to the EO offers to Movants Metcalfe, Abrams, Griffin, and the Estate of Kopp; order the United States to hold the acceptance period in abeyance until the EO Motion is addressed; and order that while the court's order remains in effect, no Movant shall be deemed to have declined an EO offer. [DE-919]. Movants' Emergency Motion "supersedes Movants' Motion to Expedite and Notice of Supplemental Facts on the individual dockets." [DE-920] 1 n.1. The United States has filed a response. *See* [DE-922].

The court's Case Management Order ("CMO") No. 2 provides that only the Plaintiffs' Leadership Group ("PLG") and the United States are permitted to file in the Master Docket. [DE-23] 3. "All orders, pleadings, motions, notices, and other documents will, when filed and docketed in the Master Docket case file, be deemed filed and docketed in each individual CLJA action that is on file when applicable." *Id.* No Plaintiff, including pro se Plaintiffs, are permitted to file motions in any CLJA action, except with permission from the PLG or leave of court for good cause shown. *Id.* at 6. Provided leave of court or PLG permission is obtained, non-repetitive positions

that uniquely affect an individual Plaintiff shall not be filed in the Master Docket but shall instead be filed in the Plaintiff's individual CLJA action. *Id.*

Movants improperly seek leave of court to file either motion, *compare* [DE-913, -919] (requesting leave in footnote) *with* [DE-428] (moving for leave and attaching motion as an exhibit), [DE-816] (moving for leave and attaching response as an exhibit). The court does not find good cause for Movants' to file their motions regarding settlement offers in stayed cases. *See In re A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 382 (S.D.N.Y. 2011) ("[A] court cannot force a party to settle," citing *Kothe v. Smith,* 771 F.2d 667, 669 (2d Cir.1985)); *c.f.* Loc. Civ. R. 101(a) (explaining the court's local "rules are not intended to force settlement upon any party"). At the September 21 Status Conference, the PLG informed the court that the PLG did not oppose Movants' EO Motion.[1] The PLG's lack of opposition is not "permission," CMO No. 2 [DE-23] 6. Movants do not represent that the PLG provided permission to file the Emergency Motion. *See generally* [DE-919, -920]. Neither exception applies and Movants violated CMO No. 2 [DE-23]. Thus, the court denies without prejudice Movants' EO Motion [DE-913] and Emergency Motion [DE-919].

SO ORDERED this 24 day of September 2026.

Robert B. Jones Jr.
United States Magistrate Judge

[1] Movants believe the court set, or indicated, the EO Motion for the next status conference based on accounts from members of the PLG who were present. *See* [DE-919] 2, [DE-920] 1 n.1, 4. Both Movants and, to the extent applicable, members of the PLG are mistaken.