IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:23-CV-897

| | | |
|---|---|---|
| IN RE:<br><br>CAMP LEJEUNE WATER LITIGATION<br><br>This Documents Relates to:<br>ALL CASES | )<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER REGARDING REAPPOINTMENT OF PLAINTIFFS' LEADERSHIP GROUP** |

This matter is before the court *sua sponte* regarding reappointment of the Plaintiffs' Leadership Group (collectively, "PLG").[1] *See* [D.E. 1]; [D.E. 10] ("CMO 1").

In its last reappointment order, the court reappointed the PLG for a period of four months, from July 1, 2026 to October 30, 2026. [D.E. 893] 1. A central purpose of the short reappointment period and other provisions of the order was to compel progress toward a global settlement. *See id.* at 2-3.

The court finds that its order has had the desired effect on the parties and that progress toward a global settlement is being made. At the same time, additional work is needed to complete the settlement discussions and implement any global settlement achieved. Under these circumstances, changing membership of the PLG appears unnecessary. In fact, changes could actually be disruptive of the ongoing progress being made toward a global settlement.[2]

The court therefore reappoints the current membership of the PLG[3] from November 1, 2026, to October 30, 2027, as follows:

[1] The court has previously discussed its inherent powers and those under the Federal Rules of Civil Procedure to appoint a plaintiff leadership group. *See* [D.E. 22] 6-8.

[2] These considerations, the previously documented qualifications of the current PLG members, and the extended experience of the current PLG membership obviate the reappointment process used with the initial two reappointments. *See* [D.E. 196]; [D.E. 386].

[3] Joseph B. Rice of Motley Rice, LLC, who had served on the PLG, died on September 3, 2026.

| | |
|---|---|
| Lead Counsel: | J. Edward Bell III, Bell Legal Group |
| Co-Lead Counsel: | Elizabeth Cabraser, Lieff Cabraser Heimann & Bernstein, LLP<br>Michael Dowling, The Dowling Firm PLLC<br>Robin Greenwald, Weitz & Luxenberg, PC<br>James A. Roberts III, Lewis & Roberts, PLLC<br>Mona Lisa Wallace, Wallace & Graham, PA |
| Liaison Counsel: | Charles Ellis, Ward & Smith, PA<br>Hugh R. Overholt, Ward & Smith, PA |

The progress being made in settlement discussions speaks to the efforts of the PLG and the leadership of the Department of Justice ("DOJ") in those discussions. The court expects the PLG and DOJ leadership to continue to use their best efforts to achieve a global settlement by October 30, 2026. Such efforts should include continued streamlining by the PLG and DOJ leadership of their approaches to settlement, as necessary, to help maintain the progress toward a prompt global settlement. They should also continue their robust responsiveness to the Settlement Masters.

To help ensure continued progress in the settlement discussions, appropriate counsel from the PLG and the DOJ shall continue to participate in weekly meetings with the Settlement Masters either in person or by videoconference on dates and at times specified by the Settlement Masters after consultation with the PLG and DOJ unless and until otherwise ordered by the court. As before, there shall be no exception to the meeting requirement for any week absent a written request to the Settlement Masters for such exception and written approval by the Settlement Masters of the exception.[4]

All members of the PLG shall provide written notice to the court within one week after entry of this Order stating whether he or she accepts reappointment. The written notice shall either be mailed or hand-delivered to the Clerk's office in Raleigh, provided that it is received by the

[4] Plaintiffs' counsel not on the PLG ("non-PLG counsel") are reminded that the court has charged the PLG with pursuing settlement on behalf of all plaintiffs. *See, e.g.*, [D.E. 10] 1, 3 ¶ 10, 8 ¶ 7, 8-9. Actions by non-PLG counsel and actions by others at the direction of non-PLG counsel that impede, undermine, or otherwise have a deleterious effect on the settlement efforts of the PLG are not permitted and shall subject such counsel to sanctions.

deadline specified. The notices shall be public and available at the Clerk's office in Raleigh. *See* [May 7, 2024 Text Ord.]. If in his or her notice a person declines reappointment, the reappointment provided for herein shall be of no force and effect as to that person and the person's term on the PLG shall be deemed to end on October 30. 2026. The PLG remains subject to the procedures and responsibilities outlined in CMO 1. [D.E. 10] 9.

SO ORDERED. This 29th day of September, 2026.

RICHARD E. MYERS II
Chief United States District Judge

TERRENCE W. BOYLE
United States District Judge

LOUISE W. FLANAGAN
United States District Judge

JAMES C. DEVER III
United States District Judge