IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAMP LEJEUNE WATER LITIGATION | ) | **JOINT STATUS REPORT** |
| | ) | |
| This Document Relates To: | ) | |
| ALL CASES | ) | |
| | ) | |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023, to October 2, 2026, three thousand, seven hundred and ninety-six (3,796) Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. One hundred and eighty-one (181) cases have been dismissed; one hundred and fifty-seven (157) of those were voluntary dismissals and the other twenty-four (24) were involuntary dismissals. The cases are divided as follows: Judge Dever – 950 cases; Judge Myers – 952 cases; Judge Boyle – 936 cases; and Judge Flanagan – 958 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

The Navy's Camp Lejeune Claims Unit (CLCU) continues processing 408,500 de-duplicated claims. More than 75% of claims reviewed do not have sufficient documentary evidence to support Elective Option (EO) settlement approval. Per the statutory burden of proof,

law firms and claimants must provide evidence of a medical diagnosis and presence on Camp Lejeune during the statutory period before a settlement determination can be made. The EO has been open for over two years; as a courtesy to claimants who have demonstrated an effort to substantiate potentially EO-eligible claims, the CLCU issued notices identifying diagnosis, exposure, and/or estate deficiencies, to help claimants remedy the existing evidentiary shortfall, if possible. Until a claim is denied, it will continue to be subject to administrative consideration by the Department of the Navy.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties continue to work toward areas in which agreement might be reached, including potential stipulations which would help streamline trials and resolution.

**(4) An update on stipulations entered into between the Parties since the last status conference**

As the Court is aware, Judge Boyle scheduled Pretrial Conferences in the four Track 1 kidney cancer actions involving David Downs (No. 7:23-cv-01145), David Fancher (No. 7:23-cv-00275), Frank Mousser (No. 7:23-cv-00667) and Jacqueline Tukes (No. 7:23-cv-01553). The Pretrial Conferences were held on September 9, 2026. The Parties continue to work on the various stipulations and have no further updates since our last status report.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues, as well as certain pretrial issues arising in the four Track 1 kidney cancer actions.

Pretrial Developments in the Kidney Cancer Actions

On August 24, 2026, Judge Boyle scheduled Pretrial Conferences in the four Track 1 kidney cancer actions, namely David Downs (No. 7:23-cv-01145), David Fancher (No. 7:23-cv-00275), Frank Mousser (No. 7:23-cv-00667) and Jacqueline Tukes (No. 7:23-cv-01553). The Parties continue to meet and confer to discuss several pretrial matters, including but not limited to supplementations in the kidney cancer actions.

Supplementation of Experts' Materials Considered Lists ("MCLs")

Now that trials have been set in two Track 1 kidney cancer actions, the Parties continue to meet and as necessary to discuss supplementation issues concerning the upcoming Track 1 kidney cancer trials.

Update on Discovery Pool Profile Forms ("DPPFs")

The PLG is still requesting and producing medical records reflecting new medical conditions/providers relevant to the case and notifying the Defendant of any significant medical updates when significant health diagnoses/events occur.

Short Form Complaints

On September 4, 2026, PLG requested the U.S. Government's consent to amend the Short Form Complaints for the 4 kidney cancer trial cases to conform them to the evidence, providing the Government with redlined versions of the proposed amended Short Form Complaints. To date, PLG has not heard back from the U.S. Government regarding the requested consent to file these amendments. If the U.S. Government does not consent, PLG will have to file a motion for leave,

adding briefing, a response from the Government, and potentially a court hearing or ruling deciding whether the amendments are permitted. It is PLG's position that there is no substantive prejudice to the Government with these proposed amendments as the amendments are consistent with information the Government was already provided in discovery and that the Government is simply delaying the process knowing that time is of the essence.

The parties have met and conferred in good faith and reached agreement on as many of the proposed amendments to the SFC as possible. The remaining proposed amendments could not be resolved by agreement and will require Court approval.

Production of Digitized Muster Rolls

The parties remain in meet-and-confer discussions with regard to the use of muster roll data and Marine Corps Project Data (MCPD) for purposes including litigation and resolution proceedings. The DOJ's last meet-and-confer letter on this topic was dated September 29, 2026 and the PLG intend to respond to the letter this coming week. If the parties are not able to resolve the issue, then PLG intends to promptly file a motion in this regard due to the importance of the documents and data for litigation and resolution purposes.

**United States' Position:**

Fact Depositions

The United States confirms that all previously scheduled fact depositions have been taken. The United States recognizes that additional depositions related to certain Track 1 Trial Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Expert Depositions

All expert depositions have been completed, with the exception of those that may be required due to any supplementation, subject to agreement of the Parties or Order of the Court.

Pretrial Issues Regarding Kidney Cancer Trials

On August 24, 2026, Judge Boyle scheduled pretrial conferences to commence on September 9 and 10, 2026 for the four Track 1 bellwether kidney cancer cases: David Downs (No. 7:23-cv-01145); David Fancher (No. 7:23-cv-00275); Frank Mousser (No. 7:23-cv-00667); and Jacqueline Tukes (No. 7:23-cv-01553). By agreement, the Parties exchanged witness and exhibit lists on September 1, 2026, and exchanged objections to such lists on September 4, 2026. The PLG's lists for each trial included approximately 40 witnesses and more than 350 exhibits, which were included in the joint proposed pretrial orders filed on September 9, 2026. At the pretrial conferences held later that day, the PLG admitted that its witness and exhibit lists were "over expansive" and indicated that it would "narrow and streamline" the witness and exhibit lists prior to trial.

On September 10, 2026, Judge Boyle set trial dates for the Frank Mousser case (November 9, 2026) and the David Fancher case (November 16, 2026) and instructed the Parties to file amended pretrial orders by October 30, 2026—ten days before commencement of the Mousser trial. On September 16, 2026, Judge Boyle reset the trial dates for the Frank Mousser case (October 26, 2026) and the David Fancher case (November 9, 2026). The amended pretrial orders are now due on October 16, 2026 (Mousser) and October 30, 2026 (Fancher). PLG previously indicated that its "exhibit and witness lists will be substantially pared down *in these filings*." (emphasis added).

The Parties have held multiple meet and confers to discuss various pretrial issues. The Parties have agreed to exchange witness and exhibit lists and deposition/pleading/discovery

designations on October 5, 2026 in the *Mousser* action, with other exchanges to follow soon thereafter in both actions.

DPPFs and SFCs

The United States agrees that the Parties' March 2025 agreement provides for periodic Discovery Pool Profile Form ("DPPF") updates and final updated DPPFs under the agreed schedule. But the agreement did not permit PLG to use DPPF updates to materially expand a bellwether plaintiff's claims through those updates. Indeed, PLG stated on multiple occasions that it was not adding claims for plaintiffs via the DPPF updates, but merely "err[ing] on the side of caution in providing that information."

On September 4, 2026, PLG provided revised DPPFs for the four kidney-cancer bellwether plaintiffs and proposed amended Short Form Complaints ("SFC"). The United States met and conferred with PLG that day and thereafter reviewed PLG's proposed redlines. PLG represented that the proposed amended SFCs would align with its exposure expert's exposure estimates and with the DPPFs.

The United States disagrees with PLG's characterization of both the procedural history and the potential prejudice resulting from the proposed amendments. First, PLG misstates the history of the Parties' discussions. After the Parties' exchanged correspondence on September 15, 16, and 18, the Parties held a meet and confer on September 23 regarding the proposed amendments. In an email on September 23, PLG expressly acknowledged the discussion, stating, "[t]hank you for engaging in the meet and confer this morning." On September 24, following a subsequent meet and confer, the United States advised PLG which amendments it would consent to and which it opposed. In that correspondence the United States asked PLG to provide redlined versions of the

proposed amended Short Form Complaints reflecting the Parties' understood agreement before filing. PLG has not responded to that request.

Second, fact and expert discovery have long since closed, and trial is imminent. The information underlying many of the proposed amendments has been known to Plaintiffs for years. Moreover, the United States reminded PLG that, when PLG previously added conditions to their DPPFs, PLG expressly represented that those DPPF additions were not intended to assert additional claims, but were included out of an abundance of caution because the PLG did not know what information ultimately would or would not be relevant. The United States therefore had no reason to understand those DPPF updates as notice that Plaintiffs intended to pursue additional claims. Permitting Plaintiffs to amend their SFCs to add or materially alter claims so close to trial would prejudice the United States.

Furthermore, to the extent PLG intends to continue producing records in the *Mousser* and *Fancher* cases, the United States has reserved its right to object to such productions as untimely under Federal Rules of Civil Procedure 26 and 37. The United States sought to work out a supplementation schedule with PLG many times over the last year, and PLG refused, stating only that it would engage in such discussions after trial dates were set. Given the very short time period between when the *Mousser* and *Fancher* trials were set and are scheduled to begin, the United States believes that the time for any such supplementation has passed. For cases that have not been set for trial, the United States remains open to setting a supplementation schedule with deadlines to ensure similar issues are avoided in the future.

<u>Supplementing Expert Invoices</u>

The Parties have agreed to exchange supplemental expert invoices for all experts in all phases of the *Mousser* and *Fancher* litigation by October 13, 2026.

Supplementing Materials Considered Lists and Expert Reports

The United States wrote to PLG on April 16 and 30, 2026, regarding over a dozen plaintiffs whose records require supplementation, and requested that PLG confirm that it is continuing to produce updated medical records for all bellwether plaintiffs in a timely manner. On May 6, 2026, PLG confirmed that it is continuing to request records for plaintiffs. In that letter, PLG also acknowledged that it has the burden to produce records that are responsive to the United States' Requests for Production related to the bellwether plaintiffs. Based on PLG's statements during recent meet-and-confers, the United States understands that PLG has not provided these updated records to their experts as a matter of course.

The United States produced supplemental Materials Considered Lists on May 19, 2026. The United States has received several updated Materials Considered Lists from PLG in the last couple of weeks. The Parties have agreed to produce supplemental Materials Considered Lists in the *Mousser* and *Fancher* kidney cancer cases on October 13, 2026. Most, if not all, of the materials included on these recently updated Materials Considered Lists were available to PLG for months, if not longer. As with PLG's potential ongoing supplementation of records in the *Mousser* and *Fancher* cases, the United States reserves its right to object to any supplemental expert opinions PLG provides at this time, pursuant to Federal Rules of Civil Procedure 26 and 37.

United States' Local Civil Rule 16.1(a) Proposal for a Working Pre-Trial Conference

On April 30, 2026, the United States filed a Motion requesting preliminary or "working" pretrial conferences with the individual District Judges under Local Civil Rule 16.1(a) (D.E. 866). The United States believes that such conferences would enable the Parties to discuss important procedural and logistical issues, some of which are disease-specific, with the individual District Judges. Judge Boyle has now conducted pretrial conferences for the kidney cancer cases. The

United States welcomes the opportunity to conduct pretrial conferences with the other district judges.

United States Marine Corps Digitization Project Update

PLG sought the production of records that have been scanned through the United States Marine Corps' ("USMC") ongoing efforts to digitize certain microfilm, microfiche, and paper military records (the "Current Digitization Project"). The United States objected on, *inter alia*, burden and relevancy grounds. PLG filed a motion to compel (D.E. 730), but withdrew it at the March 5, 2026, status hearing based on the Parties' agreement to a production of the "standard-quality" records being scanned. (D.E. 824 at 3:11-4:7).

Pursuant to the Parties' agreement, which was detailed in prior Joint Status Reports, the United States has produced the digitized records to PLG, with the exception of a single damaged document. Five hard drives were delivered to PLG on May 29, 2026, June 8, 2026, July 17, 2026, and August 7, 2026. These productions totaled nearly 100 million pages of records.

The United States received an email from PLG's counsel on Friday, August 7, 2026, requesting a meet and confer regarding PLG's review of the digitized files, which the Parties held following the Status Conference on August 17, 2026. On August 24, 2026, PLG sent a letter providing additional information regarding its review of the digitized files. According to PLG, its "Technical Group" has developed tools to search and manipulate the data contained in the digitized files. On September 3, 2026, the United States sent a letter to PLG requesting additional and specific information regarding the tools and processes developed by PLG's Technical Group.

On September 24, 2026, PLG proposed amendments to the Stipulated Third Amended Protective Order, which would permit the use of the digitized files in litigation, as well as in the administrative claims process and global resolution. The Parties met and conferred on September

25, 2026, during which the United States advised PLG that it was only authorized to negotiate the use of the digitized files in litigation. On September 29, 2026, the United States sent a letter to PLG reasserting its position on the use of the digitized files and requesting additional information regarding PLG's proposed amendments to the Stipulated Third Amended Protective Order. PLG has not yet responded to the United States' inquiries.

The United States maintains that this Court does not have jurisdiction over the administrative claims process, including decisions regarding which records the United States determines may be used in substantiating administrative claims. This has been reiterated multiple times, including in the Stipulated Third Amended Protective Order, which governs these digitized files. The Protective Order states that "[n]othing in this Protective Order expands the Eastern District of North Carolina's jurisdiction over the Department of the Navy's Camp Lejeune Justice Act administrative claim process ('Administrative Claim Process'), including, but not limited to the EO process for the Navy's Camp Lejeune Justice Act Administrative Claims." (D.E. 802 ¶ 2(l), at 8). Chief Judge Myers recently reiterated this restriction on the Court's jurisdiction in his October 1, 2026, Order in the individual CLJA action *Metcalfe v. United States*, No. 7:24-cv-00976. *See* D.E. 20 at 3-4.

Foster Law, LLC's Motion for Hearing Regarding the Department of Justice's Administration of Elective Option Determinations (D.E. 913)

On September 10, 2026, Mr. James Foster of Foster Law, LLC, filed a motion on the Court's Master Docket[1] requesting a hearing "Regarding the Department of Justice's Administration of Elective Option Determinations." D.E. 913. Mr. Foster complains that six of his clients were either denied an offer under the CLJA's Elective Option (EO) program or were

[1] Foster Law, LLC is not part of the PLG and, thus, was not "permitted to file in the Master Docket." *See* CMO 2, D.E. 23, at 3 ("Only Plaintiffs' Leadership and the United States are permitted to file in the Master Docket.").

eligible for higher amounts than those offered by the United States. The United States responded to Mr. Foster's motion, which this Court denied on September 24, 2026, on both procedural and substantive grounds. Mr. Foster also filed the same motions in the six individual actions. Those motions are fully briefed, despite the fact that all six actions are stayed. Chief Judge Myers denied one of the six motions on October 1, 2026, *see Metcalfe v. United States*, No. 7:24-cv-00976, D.E. 20. The remaining five motions await rulings.

**(6) Any other issues that the parties wish to raise with the Court:**

The Parties have agreed to file separate summaries of the motions that are pending before the Court. The Parties' respective summaries appear below:

**The PLG's Summary:**

A full, organized list of pending motions appears below. On February 27, 2026, the Court entered an Order [D.E. 818] granting in part the PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 721]. Pursuant to that Order, the Court held in abeyance a number of Rule 702 motions and summary judgment motions dependent upon Rule 702 determinations. Those motions that the Court held in abeyance are still listed below, but each of those motions is proceeded with an asterisk (*i.e.*, an *) to designate that the motion has been held in abeyance.

**I. <u>Phases II and IIIa Expert/Illness Specific Motions</u>**
Motions are Applicable to Specific Illnesses as Categorized Below

a. **<u>Motions Not Limited to a Particular Illness</u>**

i. United States' Motion for Partial Summary Judgment concerning Dichloroethylene (all cases) [D.E. 520]

1. PLG's Response in Opposition to Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E.715]

2. United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 742]

b. **Motions to Exclude General Causation Experts Who Opined as to Every Track 1 Case**

i. Plaintiffs' Motion to Exclude Expert Dr. Michael J. McCabe, Jr. (all cases except Parkinson's) [D.E. 597]*

1. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 666]
2. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 784]

ii. Plaintiffs' Motion to Exclude Defense Expert Dr. Julie Goodman (all cases) [D.E. 621]*

1. United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.686]
2. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.785]

iii. Plaintiffs' Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 624]*

1. United States' Response in Opposition to Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 670]
2. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Lisa Bailey [D.E. 776]
3. United States' Notice Regarding February 13, 2026 Hearing [D.E. 815]

c. **Motions with Common Legal Arguments**[2]

i. United States' "Literature Review Motions" (all cases) [D.E. 584*, 574*, 541*, 559*, and part of 543*]

ii. United States' "Differential Etiology Motions" (all cases) [D.E. 586*, 569*, 557*, 530*, 533*, 537*, 553*, and part of 543*]

iii. United States' "Threshold Association Motions" (all cases) [D.E. 547*, 554, 582*, 609*]

---

[2] These motions also are listed more specifically under the individual disease categories below but the motions share common legal arguments and, therefore, may need to be decided jointly. The PLG's responses to motions are identified below in the specific disease categories.

iv. United States' Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (bladder cancer and NHL/Leukemia) [D.E. 601]*

d. **Bladder Cancer Motions (Hon. Richard E. Myers II)**

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Threshold Association Motion") [D.E. 582]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.689]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.752]

2. Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Literature Review Motion") [D.E. 584]*

    a. PLG's Response in Opposition to Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion") [D.E. 700]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp [D.E. 751]

3. Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Bladder Cancer Differential Etiology Motion") [D.E. 586]*

a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts from Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 691]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 755]

4. Motion to Exclude Plaintiffs' Psychiatry Expert Dr. Haresh Tharwani [D.E. 594]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychiatry Expert Dr. Haresh Tharwani [695]

5. Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 590]* [predicated upon determinations in D.E. 582*, 584*, 586*]

   a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Admissible Expert Testimony Fed. R. Civ. P. 56; L. Civ R. 56.1(a)(1) [D.E. 678]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 756]

6. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

   a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

   b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Max Kates filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 588]*

a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Max Kates [D.E. 673]

b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Max Kates [D.E. 783]

2. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to one kidney plaintiff)

a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

3. Multi-Illness Motions at D.E. 597*, 621*, 624*.

a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

e. **<u>Kidney Cancer Motions</u> (Hon. Terrence W. Boyle)**

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 524]*

a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 674]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 757]

2. Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases ("Kidney Cancer Differential Etiology Motion")[D.E. 569]*

a. PLG's Response in Opposition to Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 697]

b. United States' Reply to Response to Motion regarding Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 759]

3. Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 571]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 671]

4. Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review Motion") [D.E. 574]*

    a. PLG's Response in Opposition to Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 707]

    b. United States' Rely to Response to Motion regarding Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review") [D.E. 768]

5. Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 609]*

    a. PLG's Response in Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 687]

    b. United States' Reply to Response to Motion regarding Motion Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 761]

6. Motion for Summary Judgment (Kidney Cancer) [D.E. 611]* (predicated upon determinations in D.E. 539, 569*, 609*)

    a. PLG's Response in Opposition to Motion for Summary Judgment (Kidney Cancer) [D.E. 677]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment (Kidney Cancer) [D.E. 766]

7. Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgement for Lack of Expert Testimony on But-For Causation [D.E. 822]

a. PLG's Response in Opposition regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 834]

b. United States' Reply to Response to Motion regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, As to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 850]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Walter Stadler [D.E. 599]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Walter Stadler [D.E. 665]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Walter Stadler [D.E. 779]

2. Motion to Exclude Defense Expert Dr. Gail H. Vance, M.D. [D.E. 619]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 663]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 778]

3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to two bladder cancer plaintiffs)

    a. PLG's Response in Opposition to 3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

4. Multi-Illness Motions at D.E. 597*, 621*, 624*.

    a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

f. **<u>Parkinson's Disease Motions</u> (Hon. Louise W. Flanagan)**

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman ("Parkinson's Literature Review Motion") [D.E. 541]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 694]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 744]

2. Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska ("Parkinson's Literature Review and Differential Etiology Motion")[D.E. 543]*

    a. PLG's Response in Opposition to Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 688]

    b. United States' Reply to Response to Motion regarding Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 747]

3. Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz and Richard Barbano ("Parkinson's PCE Daubert Motion") [D.E. 545]*

    a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 693]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme,

Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 745]

4. Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano ("Parkinson's Threshold Association Motion") [D.E. 547]*

    a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa, and Richard Barbano [D.E. 682]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano [D.E. 746]

5. Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 549]* (predicated upon determinations in D.E. 539, 541*, 543*, 545*, 547*)

    a. PLG's Response in Opposition to Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 701]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 748]

6. Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

    a. PLG's Response in Opposition to Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium Claim [D.E. 719]

    b. United States Reply to Response to Motion regarding Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative

Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 749]

ii. **Plaintiffs' Leadership Group's Motions**

1. Multi-Illness Motions at D.E. 597*, 621*, 624*

   a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

g. **<u>Leukemia and Non-Hodgkins Lymphoma Motions</u> (Hon. James C. Dever III)**

i. **United States' Motions**

1. Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek ("Leukemia Differential Etiology Motion – Gondek") [D.E. 530]*

   a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek (Leukemia) [D.E. 683]

   b. United States' Reply to Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek [D.E. 750]

2. Motion to Exclude the Opinions of Damian Laber, M.D., FACP ("Leukemia Differential Etiology Motion – Laber") [D.E. 533]*

   a. PLG's Response in Opposition to Motion to Exclude the Opinions of Damian Laber, M.D. [D.E. 692]

   b. United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Damian Laber, M.D., FACP [D.E. 743]

3. Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 537]*

   a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 684]

b. United States' Reply in Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher (Leukemia) [D.E. 771]

4. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology ("Leukemia Threshold Association Motion")[D.E. 553]*

   a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 708]

   b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 770]

5. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(c) ("Leukemia/NHL Motion on Disease Synergy") [D.E. 555]*

   a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.699]

   b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.772]

6. Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Federal Rule of Evidence 702(d) for Failing to Reliably Employ a Differential Etiology ("Leukemia/NHL Differential Etiology Motion") [D.E. 557]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 696]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Specific Causation Experts in

NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 773]

7. Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu ("Leukemia/NHL Literature Review Motion") [D.E. 559]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 703]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 769]

8. Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 576]* (predicated upon determinations in D.E. 530*, 533*, 535*, 537*, 539, 553*, 555*, 557*, 559*)

    a. PLG's Response in Opposition to Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 675]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 760]

9. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

    b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Certain Opinions of Dr. Harry P. Erba filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 580]*
    a. United States' Response in Opposition to PLG's Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 667]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 782]

2. Multi-Illness Motions at D.E. 597*, 621*, 624*

    a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

## II. <u>**Motions related to Phase IIIb on Damages and Offsets**</u>

a. United States' Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 856]

    i. PLG's Response in Opposition regarding Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 883]

    ii. United States' Reply to Response to Motion regarding Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 898]

b. United States' Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 858]

    i. PLG's Response in Opposition regarding Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 882]

    ii. United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 899]

c. PLG's Motion for Partial Summary Judgment regarding Future Offsets [D.E. 860]

    i. United States' Response in Opposition regarding Motion for Partial Summary Judgment regarding Future Offsets [D.E. 878]

    ii. PLG's Reply to Response to Motion regarding Motion for Partial Summary Judgment regarding Future Offsets [D.E. 895]

    iii. PLG's Reply to Response to Motion regarding Motion for Partial Summary Judgment regarding Future Offsets Corrected by Reply to Motion for Partial Summary Judgment re Future Offsets [D.E. 896]

d. PLG's Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 864]

i. United States' Response in Opposition regarding Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 881]

ii. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 897]

## III. Motions Pending Before Judge Flanagan[3]

a. United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539]

i. PLG's Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 690]

ii. United States' Reply to Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 767]

b. Plaintiffs' Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 567]

i. United States' Response in Opposition to PLG's Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 664]

ii. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 762]

c. The PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 805]

i. United States' Response in Opposition to PLG's Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 813]

ii. PLG's Reply to Response in Opposition to Motion in Limine to Preclude Inappropriate Offset Evidence [D.E. 819]

## IV. Other Pending Motions

[3] Judge Myers, Judge Boyle, and Judge Dever have resolved these motions at D.E. 885 and D.E. 886. The said Orders indicated that Judge Flanagan would resolve these motions separately in her cases.

a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156]

b. PLG's Motion to Seal [D.E. 845] Proposed Sealed Document [D.E. 846]

c. United States' Motion for Preliminary or Working Pretrial Conferences under Local Civil Rule 16.1(a) [D.E. 866]

d. United States' Motion for Leave to File a Response to Plaintiffs Leadership Groups Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 900]

   i. PLG's Response in Opposition regarding Motion for Leave to File a Response to Plaintiffs Leadership Groups Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 902]

e. Motion for Hearing Regarding the Department of Justice's Administration of Elective Option Determinations, filed by counsel for Plaintiffs in the Metcalfe, Abrams, Griffin, Kopp, Coon and Janovitch actions [D.E. 913]

**United States' Summary:**

The following motions, which were not deferred by the Court's Order on PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 818], are ripe for ruling and will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution:

1. United States's Notice of Filing of Proposed Order in Response to D.E. 886 [D.E. 890]

2. Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 [D.E. 891]

   i. United States' Motion for Leave to File a Response to Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 900]

   ii. Plaintiff Leadership Group's Opposition to United States' Motion for Leave to File a Response to Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 [D.E. 902]

3. United States' Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 520]

4. United States' Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 [D.E. 605]
5. United States' Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

The Court's Order deferred ruling on the United States Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 601]. However, the United States has filed a Motion for Reconsideration [D.E. 822] of the deferral of that motion under D.E. 818, because, unlike the other deferred motions, that motion does not turn on the admission of expert testimony. Pre-trial resolution of that motion will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution. The Motion for Reconsideration is fully briefed.

Additionally, the United States is of the opinion that pre-trial rulings by individual judges on the admissibility of (1) expert opinions on the appropriate use of the ATSDR's water model, (2) expert opinions on general causation, and (3) expert opinions on specific causation will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution.[4] Finally, the United States disagrees with PLG's prioritization, grouping, and in certain instances, characterizations of the pending motions.

DATED this ~~10th day of August~~2nd day of October, 2026.

Respectfully submitted,

*/s/ J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC

STANLEY E. WOODWARD, JR.
Associate Attorney General

[4] The pretrial motions at D.E. 539, 567, and 805, decided by Chief Judge Myers, Judge Dever, and Judge Boyle, remain pending for consideration by Judge Flanagan.

219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ *Robin Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

*/s/ Elizabeth Cabraser*
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

*/s/ W. Michael Dowling*
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

*/s/ James A. Roberts, III*
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com

~~JOHN K. ADAMS~~
~~Deputy Associate Attorney General~~

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief, Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Assistant Directors

*/s/ Adam Bain*
ADAM BAIN
IN Bar. No. 11134-49
Chief Litigation Counsel
Camp Lejeune Justice Act Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

*Counsel for Defendant*
*United States of America*

*Co-Lead Counsel for Plaintiffs*

*/s/ Mona Lisa Wallace*
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*