# Exhibit 1

**U.S. Department of Justice**

Civil Division, Torts Branch
Environmental Torts

*Joseph Turner, Trial Attorney*
*Email: Joseph.B.Turner@usdoj.gov*

**VIA EMAIL**

November 27, 2023

Lead Counsel for Plaintiffs
& Co-Lead Counsel for Plaintiffs

**Re:** ***Camp Lejeune Water Litigation – United States' Production of Documents***

Counsel:

This letter is to update Plaintiffs on the United States' good faith efforts to respond to Plaintiffs' Corrected First Request for Production of Documents (the "Requests").[1] The United States is strenuously working with various Departments and Agencies to produce responsive documents in an efficient, ongoing manner. Given the breadth of the requests, the number of Departments and Agencies involved, and the quantity of potentially responsive documents being reviewed prior to production,[2] the United States will continue to produce documents on a rolling basis through the end of the discovery period. To keep discovery moving, the United States is writing to provide an update on those efforts, and to confirm that the Parties are in agreement on the status of various Requests.

## Plaintiffs' Corrected First Request for Productions

As of this letter, the United States has produced more than 8,000 documents consisting of more than 37,000 pages in response to Plaintiffs' Corrected Request for Productions. In addition to the documents already produced, the United States continues its efforts to collect and produce responsive documents and information as outlined below.

**Request No. 1**: **Datasets held by ATSDR.** The United States has asked the ATSDR to produce the datasets included in Request No. 1, and the United States is working with the ATSDR to make those productions as quickly as possible. To expedite production of the datasets, on November 17, 2023, the United States produced four of the six datasets to you in native format. The remaining two data sets were produced, in native format, on November 22, 2023.

[1] This letter reiterates and incorporates the United States' representations as laid out in the United States' Responses to Plaintiffs' Corrected First Request for Productions, as well as representations made during our meet and confers on November 1 and November 2, 2023, and in our November 4 and November 8, 2023 letters.

[2] As previously noted, the United States is working with Departments and Agencies to determine whether certain privileges may be waived at this time in an effort to more efficiently produce documents to Plaintiffs. Any remaining privileges will be set forth on a privilege log.

As Haroon Anwar noted in his November 17 email, we produced "the datasets to you as is natively, while our vendor works to process them and add the appropriate bates-labeling and confidentiality designations." The United States anticipates being able to re-produce the processed datasets on a rolling basis in the coming weeks, subject to the Protective Order for Confidential Information.

The United States has also asked ATSDR to search for existing hardcopy documents in response to this Request that have not already been produced. ATSDR is currently searching for any such documents, and the United States will produce responsive documents from this collection as soon as possible.

At this time, it is the United States' understanding that the only open issue related to this Request is any electronically stored information ("ESI") that Plaintiffs are apparently seeking – such as emails, memorandums, and other documents – related to the requested datasets. As the United States has previously stated, such information is subject to the jointly proposed Stipulated Order Establishing Protocol for Document Collection and Production ("ESI Protocol"). The parties have agreed to meet on December 4, 2023, to begin discussions on custodians and search terms for collection and production of the information.

**Request No. 2: Muster rolls from 1940 to 1958.** NARA is working with ancestry.com to collect the documents responsive to this request and the United States will produce these documents as soon as they are available. The United States also previously produced a link to publicly available documents that are responsive to this Request.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 3: Muster rolls from the 1950s to 1971.** The United States is continuing to work with the United States Marine Corps to determine whether the Marine Corps can access the historic legacy system that contains previously digitized muster rolls that may be responsive to this Request. Separate and apart from any prior digitization, the United States has recently confirmed that the United States Marine Corps is currently digitizing records that are responsive to this Request. This current digitization effort began before the Camp Lejeune Justice Act was enacted. In other words, the United States Marine Corps is working on two fronts to make digitized copies of these records available to Plaintiffs as soon as possible. The United States will produce whichever digitized set is ready first as soon as it is available.

Additionally, the United States has agreed to permit Plaintiffs to inspect hard copy documents responsive to this Request at a mutually agreeable time. During the November 13, 2023, meet and confer meeting and in email exchanges on November 14, 2023, the parties discussed an inspection to occur in December. The United States is working with the United States Marine Corps to facilitate this inspection and will provide an update to Plaintiffs once this is confirmed.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 4: MDL Production.** The United States has produced all requested documents in response to this Request, which asked for documents "previously produced by Defendant in the matter styled as *In re Camp Lejeune, North Carolina Water Contamination Litigation*, MDL No. 2218." The United States produced responsive documents, including the relevant privilege log, as produced in the MDL litigation. As we have previously noted, ATSDR and the United States Marine Corps are reviewing the prior privilege log to determine whether they still intend to assert the deliberative process privilege over certain entries on the log.

In addition to the MDL documents, and in an ongoing effort to provide Plaintiffs with as much documentation as possible, the United States recently produced records from the EPA (approximately 16,000 pages) and ATSDR (approximately 600 pages) that were previously produced in prior Camp Lejeune litigations.

To the extent Plaintiffs still have concerns over the previously drafted privilege logs – which, to reiterate, were produced here as they were produced in the prior litigation – that can be a topic of discussion during our December 4 meeting.

As such, at this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 5: Deposition Transcripts.** The United States has produced the requested deposition transcripts from all prior civil actions involving allegations of injury due to exposure to trichloroethylene ("TCE"), tetrachloroethylene ("PCE"), and/or benzene, at Camp Lejeune.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 6: Written/Recorded Statements.** The United States has produced expert reports and declarations produced by the United States from all prior civil actions involving allegations of injury due to exposure to TCE, PCE, and/or benzene, at Camp Lejeune.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 7: CLW Database.** The United States has produced documents responsive to this Request, along with corresponding privilege logs. To the extent Plaintiffs still have concerns over the previously drafted privilege logs – which, to reiterate, were produced here as they were produced in the prior litigation – that can be a topic of discussion during our December 4 meeting.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 8:** The United States has asked the ATSDR to search for any relevant, responsive hardcopy documents related to this Request. The United States will provide an update to Plaintiffs once it has more information about the existence and timing for production of any additional hardcopy documents.

At this time, it is the United States' understanding that the only outstanding issue related to this Request is the requested collection of ESI from ATSDR. The parties have agreed to meet on December 4, 2023, to begin discussions on custodians and search terms for collection and production of the information.

**Request No. 9: Housing records.** The United States has produced records, as of November 22, 2023, contained within the Camp Lejeune Family Housing Card Database for the following locations: Berkley Manor, Courthouse Bay, Hospital Point, Knox Trailer Park, Midway Park, NRAS, Paradise Point, Rifle Range, Tarawa Terrace, and Watkins Village.

These documents are being produced as quickly as possible, and as such, may not be produced as OCR-ed PDFs. In an effort to produce documents to Plaintiffs as expeditiously as possible, the United States has produced these natively and will supplement with OCR-ed documents where necessary at a later date. Any additional relevant, responsive documents will be produced in response to this Request as soon as possible.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 10: Underground Storage Tank (UST) program records.** The United States has consulted with the Marine Corps about this request. Relevant, responsive hardcopy and ESI documents will be produced as soon as possible.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 11: Veteran Affairs (VA) records, files, guidelines, and decisions.** In their November 3, 2023 letter, Plaintiffs clarified that this request does not include "information or decisions about specific VA benefits claimants," and agreed to limit the scope of this request to, "all documents and ESI which set forth the guidelines, criteria, standards, or processes applied by the United States Department of Veterans Affairs ('VA') when awarding disability benefits claims related to Camp Lejeune and arising during the period of August 1, 1953 to December 31, 1987." The United States will continue to work with the VA to obtain records responsive to this Request and will produce responsive documents as soon as possible.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 12: Freedom of Information Act requests.** Plaintiffs agreed to withdraw this request in their letter dated November 3, 2023.

**Request No. 13: National Research Council (NRC) publications, reports or studies.** The United States has consulted with NAS/NRC counsel, who confirmed that NRC is an independent non-governmental entity and that a requesting agency does not have any right to NAS internal documentation aside from the final report. The United States is determining whether any

government agencies have responsive documents the United States may obtain for production. The United States will provide an update on these efforts as soon as possible.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 14: Government Accountability Office (GAO) reports or studies:** The United States is continuing to work with GAO to determine whether the agency has non-privileged responsive records that have not already been produced.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 15: Environmental Protection Agency (EPA) publications, reports, or studies:** The United States is continuing to work with EPA to investigate responsive records that have not already been produced. The United States will make an initial production of relevant, responsive documents from the EPA as soon as possible. The parties have agreed to meet on December 4, 2023, to begin discussions on custodians and search terms for collection and production of ESI that may be responsive to this request.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 16: Department of the Navy (DON) third party vendors.** As previously noted, there are publicly available documents that are part of the DON's environmental restoration program, which the United States included in its Response to Plaintiffs' Corrected First Request for Production.

The United States is working with the DON to obtain any relevant, responsive documents in response to this Request. The parties have agreed to meet on December 4, 2023, to begin discussions on custodians and search terms for collection and production of ESI that may be responsive to this request.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 17: LANTDIV's (Atlantic Division Naval Facilities Engineering Command) Camp Lejeune documents.** The United States agreed to permit the Plaintiffs to inspect and copy documents responsive to this request at a mutually agreeable time. The United States will be receiving an initial set of LANTDIV's responsive documents in the near future. The United States will produce these materials as soon as possible.

At this time, it is the United States' understanding that there are no other open issues related to this Request.

**Request No. 18 - 20.** The Plaintiffs in their letter dated November 3, 2023 agreed to hold these requests in abeyance at the present time given the timeline set in the Court's Case Management Order No. 2.

Should you have any questions or further comments regarding the foregoing, please do not hesitate to contact the undersigned.

Best Regards,

*/s/ Joseph Turner*
JOSEPH TURNER
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch

cc: Counsel of Record in *Camp Lejeune Water Litigation*