# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:23-CV-897

**IN RE:**

**CAMP LEJEUNE WATER LITIGATION**

**This Document Relates To:**

**ALL CASES**

**[PROPOSED] SCREENING ORDER REQUIRING CLJA PLAINTIFFS TO SUBSTANTIATE EXPOSURE, ALLEGED HARMS, AND CAUSATION**

**(CASE MANAGEMENT ORDER NO. __)**

Pursuant to this Court's inherent powers to manage these judicial proceedings and the Federal Rules of Civil Procedure 1, 16(b)(3), 16(c)(2)(L), and 42(a)(3), the Court hereby enters the following Screening Order Requiring CLJA Plaintiffs to Substantiate Exposure, Alleged Harms, and Causation (Case Management Order No. __). The Court finds it appropriate at this time to exercise its discretion to enter this Order to fairly, effectively, and efficiently manage lawsuits against the United States under the Camp Lejeune Justice Act ("CLJA"), Pub. L. No. 117-168, § 804, 136 Stat. 1759, 1802–04.

This Order applies to all individuals or plaintiffs who have filed CLJA lawsuits against the United States. Plaintiffs in CLJA lawsuits who represent themselves *pro se* shall be bound by the requirements of this Order and shall fully comply with all obligations required of Counsel by this Order.

Given the unprecedented size and complexity of this litigation, the Court will require strict adherence to all aspects of this Order. Failure to strictly comply with this Order will result in a dismissal with prejudice pursuant to the provisions below.

## SUBSTANTIATION REQUIREMENTS AND COMPLIANCE

The required documents and information shall be submitted via the electronic portal established by BrownGreer PLC. BrownGreer has posted the applicable forms and attachments on MDL Centrality for the Camp Lejeune Water Litigation portal, which can be accessed at camplejeunewaterlitigation.com. To obtain access to the MDL Centrality Camp Lejeune Water Litigation portal, plaintiff or plaintiff's counsel shall contact BrownGreer by emailing support@camplejeunewaterlitigation.com. Once on the portal, plaintiff or plaintiff's counsel should download the official forms, complete the forms, and then upload them and other required documents in the MDL Centrality Camp Lejeune Water Litigation portal no later than the applicable deadline, following the instructions provided there. They should use the forms and Excel templates that are on the MDL Centrality Camp Lejeune Water Litigation portal.

### 1. Timing to Provide Substantiation

a. Existing CLJA Lawsuits and Plaintiffs

This Order requires all plaintiffs with existing or pending CLJA lawsuits as of entry of this Order to provide the United States with the documentation and Federal Rule of Civil Procedure 26(a)(2) expert reports set forth below in Paragraphs 2 and 3 to substantiate their claims within one hundred eighty (180) days.

b. New CLJA Lawsuits and Plaintiffs

This Order requires all plaintiffs who file new CLJA lawsuits after the entry of this Order to provide the United States with the documentation and Federal Rule of Civil Procedure 26(a)(2) expert reports set forth in Paragraphs 2 and 3 below to substantiate their claims. This documentation and Federal Rule of Civil Procedure 26(a)(2) expert reports must be provided to the United States at the time of the CLJA lawsuit's filing.

## 2. Substantiation Requirements Related to Exposure, Alleged Harms, and Causation

a. Exposure

This Order requires all plaintiffs with existing and new CLJA lawsuits to provide the United States with specific documentation substantiating that each plaintiff (1) lived, worked, or was otherwise present at Camp Lejeune for at least 30 days during the CLJA's statutory period between August 1, 1953, and December 31, 1987; and (2) was exposed to water from one of the three Camp Lejeune water distribution systems at issue in this litigation: Tarawa Terrace, Hadnot Point, or Holcomb Boulevard. Examples of acceptable documentation to substantiate exposure may include, but are not limited to, military records (e.g., DD-214), employment records, school records, court records, and housing records. Each plaintiff must produce only the specific documents or bates ranges that demonstrate plaintiff's exposure. "Document dumps" of records or bates ranges will be considered to be deficient.

b. Alleged Harms

This Order requires all plaintiffs with existing and new CLJA lawsuits to provide the United States with a set of medical records that sufficiently documents the medical diagnosis, management, and treatment for all harms or illnesses allegedly caused by exposure to contaminated water at Camp Lejune. Examples of acceptable medical documentation may include, but are not limited to, medical records, treatment notes, test results, billing records, death certificates, or a letter from a medical doctor. Medical documentation must be signed or certified by a medical doctor. Medical documentation must be originals, or certified copies of the originals, unless it is impossible to obtain an original or certified copy of the original. If it is impossible for a plaintiff to provide an original or certified copy of an original, the plaintiff must provide a written statement under oath with the uncertified copy setting forth the reason why it is impossible to provide an original or a certified copy of an original.

c. Causation

This Order requires all plaintiffs with existing and new CLJA lawsuits to provide the United States with Federal Rule of Civil Procedure 26(a)(2) expert reports that comply with Federal Rule of Evidence 702 to substantiate general and specific causation for any and all alleged harms other than the following ten illnesses:

1. Bladder Cancer
2. Cardiac Birth Defects
3. Kidney Cancer
4. Leukemia
5. Liver Cancer
6. Multiple Myeloma
7. Non-Cancer Kidney Disease
8. Non-Hodgkin's Lymphoma
9. Parkinson's Disease
10. Systemic Sclerosis/Scleroderma

d. Preservation of Evidence

This Order requires all plaintiffs filing CLJA lawsuits to take reasonable steps to preserve all evidence or materials, both hard copy and electronic, within the scope of discovery and relevant to a plaintiff's CLJA claim, as defined by Federal Rule of Civil Procedure 26. Reasonable steps include, but are not limited to, preservation of all medical records, preservation of estate materials, and issuance of litigation holds where necessary. Due to the unique nature of this litigation and the passage of time, it is imperative that records are preserved and available if necessary.

### 3. Compliance with Existing Case Management Orders

This Order requires all plaintiffs with existing and new CLJA lawsuits to comply with requirements in the existing Case Management Orders (CMO) to the extent not already in compliance, including the following requirements as modified below:

a. All plaintiffs in CLJA lawsuits who provide the United States with Federal Rule of Civil Procedure 26(a)(2) expert reports pursuant to Paragraph 2.c. above shall simultaneously submit with their expert reports the reliance materials required by CMO 17 [D.E. 305].

b. All plaintiffs who file CLJA lawsuits after the entry of this Order shall initiate the lawsuit by filing a Short Form Complaint and complying with the requirements set forth in CMO 2 [D.E. 23] and CMO 10 [D.E. 146] related to the filing of Short Form Complaints. Within fourteen (14) days of filing a Short Form Complaint, all plaintiffs shall submit to the United States his or her full name, date of birth, and social security number via the MDL Centrality Camp Lejeune Water Litigation portal. *See* Dec. 12, 2023, Order, D.E. 91 at 6. This personally identifying information shall *not* be filed on the public docket.

c. All plaintiffs with existing and new CLJA lawsuits, including all existing and new plaintiffs beyond Track 1 Discovery Plaintiffs, shall comply with, and are subject to, the Court's Order Regarding Discovery Pool Profile Form ("DPPF") [D.E. 62] to the extent not already in compliance, to provide a completed DPPF and executed military and medical record authorizations (SF-180, VA Form 10-5345, HIPAA authorization) within the timelines set forth in Paragraph 1. The completed DPPF and executed authorizations and related documentation shall be submitted to the United States via the MDL Centrality Camp Lejeune Water Litigation portal.

i. VA Form 10-5345 ("Request for and Authorization to Release Health Information") must be signed by the patient.

ii. This signature can be electronic (i.e., "/s/patient name") so long as it is accompanied by an attorney affidavit by the plaintiff's counsel verifying the veracity of the signature on the VA Form 10-5345.

iii. The attorney affidavit must state as follows: "I certify that the information and signature in the authorization to release health information made on behalf of the patient is true and accurate to the best of my knowledge, and I declare under penalty of perjury that the information and signature made on behalf of the patient is permitted, true and correct."

iv. If the plaintiff is deceased, the representative of the plaintiff's estate may sign the VA Form 10-5345. An estate representative must also provide accompanying documentation, including to show proof of representation.

d. All information, materials, and documents disclosed (including medical records) produced therewith or pursuant to an executed authorization shall be marked Confidential and treated as "Confidential Information" pursuant to the terms of the Amended Stipulated Protective Order, CMO 13 [D.E. 245].

This Order has no effect on the progress of pending Track 1 litigation and bellwether cases. The remaining portions of the Court's prior Case Management Orders shall remain in effect.

## AUTOMATIC LIMITED STAY

All actions subject to this Order will be automatically stayed, with the exception of the requirements in this Order and the following:

a. Counsel for the United States is required to file a Notice of Appearance in each individual CLJA action in which they are served with a Notice of Service pursuant to Standing Order 23-SO-1. *See* Sept. 27, 2023, Order, D.E. 24 at 1.

b. Each plaintiff's counsel is required to file a Notice of Appearance or Notice of Special Appearance in each individual CLJA action in which counsel represents a plaintiff, as required by Local Civil Rule 5.2(a) and D.E. 24. Each plaintiff's counsel who is not admitted to practice before this Court is required to follow the process set forth in the Court's April 24, 2023 Order, including filing the pro hac vice motion attached to that Order, in each individual CLJA action in which counsel represents a Plaintiff. *See* Sept. 27, 2023, Order, D.E. 24 at 1.

## ENFORCEMENT

Any failure to comply with the terms of this Order shall warrant entry of an order of dismissal with prejudice upon motion by the United States.

a. Before moving to dismiss, the United States shall send a deficiency letter to any CLJA plaintiff who fails to comply with this Order, outlining the deficiencies and allowing 30 days from the date that the letter is sent to correct the deficiencies and comply with this Order.

b. Any plaintiff and/or counsel for that plaintiff who submits false or misleading information, or otherwise attempts to satisfy the documentation requirements of this Order through deception, dishonesty, or fraud, may be subject to appropriate sanctions,

including but not limited to monetary sanctions and costs, and case dismissal with prejudice pursuant to Federal Rule of Civil Procedure 37, as well as any applicable statutory penalties, including but not limited to penalties under 31 U.S.C. § 3729 and 18 U.S.C. §§ 287 & 1001.

c. The Court retains discretion to impose additional sanctions in the interests of justice.

SO ORDERED. This ___ day of _______, 202_.

______________________________
Judge Richard E. Myers II
Chief United States District Judge

______________________________
Terrence W. Boyle
United States District Judge

______________________________
Louise W. Flanagan
United States District Judge

______________________________
James C. Dever III
United States District Judge