IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-897

| | | |
|---|---|---|
| IN RE:<br><br>CAMP LEJEUNE WATER LITIGATION<br><br>This Document Relates To:<br>ALL CASES | )<br>)<br>)<br>)<br>)<br>)<br>) | **JOINT STATUS REPORT** |

The Plaintiffs' Leadership Group (the "PLG"), together with the Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties"), jointly file this Joint Status Report. The matters required to be addressed in a Joint Status Report pursuant to Case Management Order No. 2 ("CMO-2") (D.E. 23) and the Court's Order of August 8, 2024 (D.E. 271) are set forth below.

**(1) An update on the number and status of CLJA actions filed in the Eastern District of North Carolina**

From February 11, 2023, to November 6, 2026, three thousand, eight hundred and two (3,802) Camp Lejeune Justice Act ("CLJA") complaints have been filed in this district. One hundred and ninety-six (196) cases have been dismissed; one hundred seventy (170) of those were voluntary dismissals and the other twenty-six (26) were involuntary dismissals. The cases are divided as follows: Judge Dever – 951 cases; Judge Myers – 953 cases; Judge Boyle – 936 cases; and Judge Flanagan – 962 cases.

**(2) An update on the number and status of administrative claims with the Department of Navy**

The Navy's Camp Lejeune Claims Unit (CLCU) continues processing administrative claims. More than 95% of claims reviewed do not have sufficient documentary evidence to support Elective Option (EO) settlement approval. Per the statutory burden of proof, law firms and

claimants had to provide evidence of a medical diagnosis and presence on Camp Lejeune during the statutory period before a settlement determination could be made. The EO has been open for over two years; as a courtesy to claimants who have demonstrated an effort to substantiate potentially EO-eligible claims, the CLCU issued notices identifying diagnosis, exposure, and/or estate deficiencies, to help claimants remedy the existing evidentiary shortfall, if possible. Until a claim is denied, it will continue to be subject to administrative consideration by the Department of the Navy.

**(3) An update regarding agreements reached between the Parties concerning the elements of a CLJA claim and the general framework for trial**

The Parties continue to work toward areas in which agreement might be reached, including potential stipulations which would help streamline trials and resolution.

**(4) An update on stipulations entered into between the Parties since the last status conference**

As the Court is aware, Judge Boyle held a trial for Frank Mousser (No. 7:23-cv-00667) on October 26, 2026 and will hold a trial for David Fancher (No. 7:23-cv-00275) on November 9, 2026.

Additionally, as the Court is aware, Judge Myers scheduled Pretrial Conferences in the four Track 1 bladder cancer actions: Cagiano (No. 7:23-cv-00569-M-RN), Dyer (No. 7:23-cv-00357-M-RJ), Criswell (No. 7:23-cv-01482-M-BM) and Laramore (No. 7:23-cv-00594-M-BM). The Preliminary Pretrial Conferences are scheduled for January 21, 2027. The Parties continue to work on the various stipulations and have no further updates since our last status report.

**(5) A summary of the discovery conducted since the last status conference:**

The Parties have agreed to file separate summaries of the discovery conducted since the last status conference. The Parties' respective summaries appear below:

**The PLG's Position:**

The PLG continues to dedicate significant time and resources to conducting discovery in this matter. Below, the PLG sets forth a description of certain ongoing discovery issues, as well as certain pretrial issues arising in the four Track 1 kidney cancer actions.

<u>Pretrial Developments in the Kidney and Bladder Cancer Actions</u>

The Parties continue to meet and confer to discuss several pretrial matters, including but not limited to supplementations in the kidney and bladder cancer actions.

<u>Update on Discovery Pool Profile Forms ("DPPFs")</u>

The PLG is still requesting and producing medical records reflecting new medical conditions/providers relevant to the case and notifying the Defendant of any significant medical updates when significant health diagnoses/events occur. The next DPPF update is January 10, 2027.

<u>Production of Digitized Muster Rolls</u>

The parties remain in meet-and-confer discussions with regard to the use of muster roll data and Marine Corps Project Data (MCPD) for purposes including litigation, administrative claims and resolution proceedings. The parties are planning to meet and confer on proposed protective orders and submit their respective versions to the Court as directed by November 9, 2026 and in advance of the hearing scheduled for November 16, 2026.

**United States' Position:**

<u>Fact Depositions</u>

The United States confirms that all previously scheduled fact depositions have been taken. The United States recognizes that additional depositions related to certain Track 1 Trial

Plaintiffs may be necessary based on changing conditions between now and trial, subject to agreement of the Parties or Order of the Court.

Expert Depositions

All expert depositions have been completed, with the exception of those that may be required due to any supplementation, subject to agreement of the Parties or Order of the Court.

DPPFs and SFCs

The United States agrees that the Parties' March 2025 agreement provides for periodic Discovery Pool Profile Form ("DPPF") updates and final updated DPPFs under the agreed schedule. The United States maintains that updating DPPFs alone does not constitute notice of a Plaintiff's alleged claims. If Plaintiffs wish to amend their claims, they must provide proper notice through amendment of their Short Form Complaints. Failure to do so with sufficient time prior to trial will result in prejudice to the United States.

United States' Local Civil Rule 16.1(a) Proposal for a Working Pre-Trial Conference

On April 30, 2026, the United States filed a Motion requesting preliminary or "working" pretrial conferences with the individual District Judges under Local Civil Rule 16.1(a) (D.E. 866). The United States believes that such conferences would enable the Parties to discuss important procedural and logistical issues, some of which are disease-specific, with the individual District Judges. Judge Boyle has now conducted pretrial conferences for the Track 1 cases before him. Chief Judge Myers scheduled a Preliminary Pretrial Conference for the Bladder Cancer Bellwether Cases on January 21, 2027. The United States welcomes the opportunity to conduct pretrial conferences with the other district judges.

United States Marine Corps Digitization Project Update

Through Requests for Production, PLG sought records that have been scanned through the United States Marine Corps' ("USMC") ongoing efforts to digitize certain microfilm,

microfiche, and paper military records (the "Current Digitization Project"). The United States objected on, *inter alia*, burden and relevancy grounds. PLG filed a motion to compel (D.E. 730), but withdrew it at the March 5, 2026, status hearing based on the Parties' agreement to a production of the "standard-quality" records being scanned. (D.E. 824 at 3:11–4:7).

Pursuant to the Parties' agreement, which was detailed in prior Joint Status Reports, the United States has produced the digitized records to PLG, with the exception of a single damaged document. Five hard drives were delivered to PLG on May 29, 2026, June 8, 2026, July 17, 2026, and August 7, 2026. These productions totaled nearly 100 million pages of records.

The United States received an email from PLG's counsel on Friday, August 7, 2026, requesting a meet and confer regarding PLG's review of the digitized files, which the Parties held following the Status Conference on August 17, 2026. On August 24, 2026, PLG sent a letter providing additional information regarding its review of the digitized files. According to PLG, its "Technical Group" has developed tools to search and manipulate the data contained in the digitized files. On September 3, 2026, the United States sent a letter to PLG requesting additional and specific information regarding the tools and processes developed by PLG's Technical Group.

On September 24, 2026, PLG proposed amendments to the Third Amended Stipulated Protective Order, which would permit the use of the digitized files in litigation, as well as in the administrative claims process and global resolution. The Parties met and conferred on September 25, 2026, during which the United States advised PLG that it was only authorized to negotiate the use of the digitized files in litigation. On September 29, 2026, the United States sent a letter to PLG reasserting its position on the use of the digitized files and requesting additional information regarding PLG's proposed amendments to the Stipulated Third Amended Protective Order.

On October 13, 2026, PLG filed a Motion to Compel, seeking an order to allow "reasonable use" of the digitized documents, which PLG refers to as the Marine Corps Digitization Project ("MCDP") data, in litigation, as well as in the administrative claims process and for global resolution purposes. D.E. 930. The motion has been fully briefed and the Parties will file their respective proposals for a Fourth Amended Stipulated Protective Order, as directed by the Court in its October 23, 2026, Order. D.E. 934. On October 29, 2026, the United States sent proposed revisions to the Third Amended Stipulated Protective Order, along with additional requests for information regarding PLG's intended use and production of the records within the litigation. The Parties continue to meet and confer on an agreed use of the MCDP data, but the United States has not received a response to its October 29, 2026 letter as of today. The United States will be prepared to present its proposal to the Court on November 9, 2026, and provide argument at the Status Conference on November 16, 2026.

The Parties' Case Management Motions in Furtherance of Global Resolution

On October 23, 2026, the United States filed a Motion for Entry of a *Lone Pine* Order, which would require certain new and existing CLJA plaintiffs to provide basic threshold documentation and expert evidence to support their CLJA claims. D.E. 935. Later that same day, PLG filed an "Administrative Motion for an Order Requiring a Census of Plaintiffs' Cases in Aid of Resolution," which "asks the Court to order attorneys with CLJA cases, whether filed in this Court or in the administrative process, to submit census data" to its Rubris platform. D.E. 937.

PLG filed its opposition to the United States' *Lone Pine* motion on October 28, 2026. The United States is preparing its reply, which is due to be filed on November 12, 2026. The United

States is also preparing its response to PLG's census motion, which is due to be filed on November 13, 2026.

**(6) Any other issues that the parties wish to raise with the Court:**

The Parties have agreed to file separate summaries of the motions that are pending before the Court. The Parties' respective summaries appear below:

**The PLG's Summary:**

A full, organized list of pending motions appears below. On February 27, 2026, the Court entered an Order [D.E. 818] granting in part the PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 721]. Pursuant to that Order, the Court held in abeyance a number of Rule 702 motions and summary judgment motions dependent upon Rule 702 determinations. Those motions that the Court held in abeyance are still listed below, but each of those motions is proceeded with an asterisk (*i.e.*, an *) to designate that the motion has been held in abeyance.

I. **Phases II and IIIa Expert/Illness Specific Motions**
Motions are Applicable to Specific Illnesses as Categorized Below

a. **Motions Not Limited to a Particular Illness**

i. United States' Motion for Partial Summary Judgment concerning Dichloroethylene (all cases) [D.E. 520]

1. PLG's Response in Opposition to Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E.715]

2. United States' Reply to Response to Motion regarding Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 742]

b. **Motions to Exclude General Causation Experts Who Opined as to Every Track 1 Case**

i. Plaintiffs' Motion to Exclude Expert Dr. Michael J. McCabe, Jr. (all cases except Parkinson's) [D.E. 597]*

1. United States’ Response in Opposition to PLG’s Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 666]
2. PLG’s Reply to Response to Motion regarding Motion to Exclude Expert Dr. Michael J. McCabe, Jr. [D.E. 784]

ii. Plaintiffs' Motion to Exclude Defense Expert Dr. Julie Goodman (all cases) [D.E. 621]*

1. United States’ Response in Opposition to Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.686]
2. PLG’s Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Julie Goodman [D.E.785]

iii. Plaintiffs' Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 624]*

1. United States’ Response in Opposition to Motion to Exclude Defense Expert Dr. Lisa Bailey (all cases) [D.E. 670]
2. PLG’s Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Lisa Bailey [D.E. 776]
3. United States’ Notice Regarding February 13, 2026 Hearing [D.E. 815]

c. **Motions with Common Legal Arguments**[1]

i. United States' "Literature Review Motions" (all cases) [D.E. 584*, 574*, 541*, 559*, and part of 543*]

ii. United States' "Differential Etiology Motions" (all cases) [D.E. 586*, 569*, 557*, 530*, 533*, 537*, 553*, and part of 543*]

iii. United States' "Threshold Association Motions" (all cases) [D.E. 547*, 554, 582*, 609*]

iv. United States' Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (bladder cancer and NHL/Leukemia) [D.E. 601]*

d. **Bladder Cancer Motions (Hon. Richard E. Myers II)**

i. **United States' Motions**

[1] These motions also are listed more specifically under the individual disease categories below but the motions share common legal arguments and, therefore, may need to be decided jointly. The PLG’s responses to motions are identified below in the specific disease categories.

1. Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Threshold Association Motion") [D.E. 582]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.689]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("No Predicate Association Motion" Bladder Cancer) [D.E.752]

2. Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp ("Bladder Cancer Literature Review Motion") [D.E. 584]*

    a. PLG's Response in Opposition to Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Benjamin Hatten, Kathleen Gilbert, and Stephen Culp ("Literature Review Motion") [D.E. 700]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Opinions of Plaintiffs' Phase II Bladder Cancer Experts Laura Plunkett, Steven Bird, Bejamin Hatten, Kathleen Gilbert, and Stephen Culp [D.E. 751]

3. Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Bladder Cancer Differential Etiology Motion") [D.E. 586]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts from Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 691]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase III Bladder Cancer Experts for Performing Improper Differential Etiologies ("Improper Differential Motion") [D.E. 755]

4. Motion to Exclude Plaintiffs' Psychiatry Expert Dr. Haresh Tharwani [D.E. 594]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychiatry Expert Dr. Haresh Tharwani [695]

5. Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 590]* [predicated upon determinations in D.E. 582*, 584*, 586*]

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Admissible Expert Testimony Fed. R. Civ. P. 56; L. Civ R. 56.1(a)(1) [D.E. 678]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment for Lack of Admissible Expert Testimony Federal Rule of Civil Procedure 56; L. Civ. R. 56.1(a)(1) [D.E. 756]

6. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

    b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Max Kates filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 588]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Max Kates [D.E. 673]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Dr. Max Kates [D.E. 783]

2. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to one kidney plaintiff)

a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

3. Multi-Illness Motions at D.E. 597*, 621*, 624*.

   a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

e. **<u>Kidney Cancer Motions</u> (Hon. Terrence W. Boyle)**

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 524]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 674]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Expert Dr. Irving Allen's Opinions Regarding Hereditability and Causation [D.E. 757]

2. Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases ("Kidney Cancer Differential Etiology Motion")[D.E. 569]*

   a. PLG's Response in Opposition to Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 697]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Improper Differential Diagnosis Opinions of Plaintiffs' Specific Causation Experts in Kidney Cancer Bellwether Cases [D.E. 759]

3. Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 571]*

   a. PLG's Response in Opposition to Motion to Exclude Plaintiff's Psychology Expert Dr. Roger Moore [D.E. 671]

4. Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon ("Kidney Cancer Literature Review Motion") [D.E. 574]*

a. PLG’s Response in Opposition to Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon (“Kidney Cancer Literature Review”) [D.E. 707]

b. United States’ Rely to Response to Motion regarding Motion to Exclude Phase 2 Opinions of Dr. Bird, Dr. Hatten, and Dr. Mallon (“Kidney Cancer Literature Review”) [D.E. 768]

5. Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 609]*

   a. PLG’s Response in Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 687]

   b. United States’ Reply to Response to Motion regarding Motion Opposition to Motion to Exclude Opinions of Drs. Bird, Freeman, Hatten, and Mallon Related to PCE, Benzene, and Vinyl Chloride ("Kidney Cancer Threshold Association Motion") [D.E. 761]

6. Motion for Summary Judgment (Kidney Cancer) [D.E. 611]* (predicated upon determinations in D.E. 539, 569*, 609*)

   a. PLG’s Response in Opposition to Motion for Summary Judgment (Kidney Cancer) [D.E. 677]

   b. United States’ Reply to Response to Motion regarding Motion for Summary Judgment (Kidney Cancer) [D.E. 766]

7. Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgement for Lack of Expert Testimony on But-For Causation [D.E. 822]

   a. PLG’s Response in Opposition regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order on Motion to Strike, Order on Motion to Expedite, as to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 834]

   b. United States’ Reply to Response to Motion regarding [D.E. 822] Motion for Reconsideration regarding [D.E. 818] Order

on Motion to Strike, Order on Motion to Expedite, As to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 850]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Defense Expert Dr. Walter Stadler [D.E. 599]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Expert Dr. Walter Stadler [D.E. 665]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Dr. Walter Stadler [D.E. 779]

2. Motion to Exclude Defense Expert Dr. Gail H. Vance, M.D. [D.E. 619]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 663]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Defense Expert Gail H. Vance, M.D. [D.E. 778]

3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 612]* (also applies to two bladder cancer plaintiffs)

    a. PLG's Response in Opposition to 3. Motion to Exclude Defense Expert Dr. Harold J. Bursztajn [D.E. 668]

4. Multi-Illness Motions at D.E. 597*, 621*, 624*.

    a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

f. **<u>Parkinson's Disease Motions</u> (Hon. Louise W. Flanagan)**

i. **United States' Motions**

1. Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman ("Parkinson's Literature Review Motion") [D.E. 541]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird,

Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 694]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Parkinson's Disease Experts Drs. Steven Bird, Jason Cannon, Amelia Boehme, Gary Miller, Briana De Miranda, Lucio Costa, and Michael Freeman [D.E. 744]

2. Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska ("Parkinson's Literature Review and Differential Etiology Motion")[D.E. 543]*

   a. PLG's Response in Opposition to Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 688]

   b. United States' Reply to Response to Motion regarding Motion to Exclude the General and Specific Causation Opinions of Drs. Richard Barbano, Heidi Schwarz, and Kristin Andruska [D.E. 747]

3. Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz and Richard Barbano ("Parkinson's PCE Daubert Motion") [D.E. 545]*

   a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 693]

   b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Plaintiffs' Parkinsons Disease Experts Drs. Jason Cannon, Amelia Boehme, Michael Freeman, Lucio Costa, Steven Bird, Briana De Miranda, Gary Miller, Kristin Andruska, Heidi Schwarz, and Richard Barbano [D.E. 745]

4. Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano ("Parkinson's Threshold Association Motion") [D.E. 547]*

a. PLG's Response in Opposition to Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa, and Richard Barbano [D.E. 682]

b. United States' Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Gary Miller, Lucio Costa and Richard Barbano [D.E. 746]

5. Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 549]* (predicated upon determinations in D.E. 539, 541*, 543*, 545*, 547*)

   a. PLG's Response in Opposition to Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 701]

   b. United States' Reply to Response to Motion regarding Motion for Summary Judgment, and In the Alternative, Partial Summary Judgment on the Causal Link Between Perchloroethylene (PCE) and Parkinson's Disease [D.E. 748]

6. Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

   a. PLG's Response in Opposition to Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium Claim [D.E. 719]

   b. United States Reply to Response to Motion regarding Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 749]

ii. **Plaintiffs' Leadership Group's Motions**

1. Multi-Illness Motions at D.E. 597*, 621*, 624*

   a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

g. **<u>Leukemia and Non-Hodgkins Lymphoma Motions</u> (Hon. James C. Dever III)**

i. **United States' Motions**

1. Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek ("Leukemia Differential Etiology Motion – Gondek") [D.E. 530]*

    a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek (Leukemia) [D.E. 683]

    b. United States' Reply to Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Lukasz Gondek [D.E. 750]

2. Motion to Exclude the Opinions of Damian Laber, M.D., FACP ("Leukemia Differential Etiology Motion – Laber") [D.E. 533]*

    a. PLG's Response in Opposition to Motion to Exclude the Opinions of Damian Laber, M.D. [D.E. 692]

    b. United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Damian Laber, M.D., FACP [D.E. 743]

3. Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 537]*

    a. PLG's Response in Opposition to Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher ("Leukemia Differential Etiology Motion – Felsher") [D.E. 684]

    b. United States' Reply in Response to Motion regarding Motion to Exclude the Specific Causation Opinions of Dr. Dean Felsher (Leukemia) [D.E. 771]

4. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology ("Leukemia Threshold Association Motion")[D.E. 553]*

    a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL

Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 708]

b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rule of Evidence 702(b) and (d) for Misapplying the Bradford Hill Methodology [D.E. 770]

5. Motion to Exclude General Causation Opinions of Plaintiffs Leukemia and NHL Experts under Federal Rule of Evidence 702(c) ("Leukemia/NHL Motion on Disease Synergy") [D.E. 555]*

    a. PLG's Response in Opposition to Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.699]

    b. United States' Reply to Response to Motion regarding Motion to Exclude General Causation Opinions of Plaintiffs' Leukemia and NHL Experts Under Federal Rules of Evidence 702(c) [D.E.772]

6. Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Federal Rule of Evidence 702(d) for Failing to Reliably Employ a Differential Etiology ("Leukemia/NHL Differential Etiology Motion") [D.E. 557]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 696]

    b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Specific Causation Experts in NHL Trial Cases Under Fed. R. Evid. 702(d) For Failing to Reliably Employ a Differential Etiology [D.E. 773]

7. Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu ("Leukemia/NHL Literature Review Motion") [D.E. 559]*

    a. PLG's Response in Opposition to Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 703]

b. United States' Reply to Response to Motion regarding Motion to Exclude Plaintiffs' Phase II Leukemia and NHL Experts Steven Bird, Lukasz Gondek, Kathleen Gilbert, Timothy Mallon, and Howard Hu (Literature Review Motion) [D.E. 769]

8. Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 576]* (predicated upon determinations in D.E. 530*, 533*, 535*, 537*, 539, 553*, 555*, 557*, 559*)

    a. PLG's Response in Opposition to Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 675]

    b. United States' Reply to Response to Motion regarding Motion for Summary Judgment Based on Plaintiffs Failure to Proffer Expert Testimony Admissible under Daubert (Leukemia and NHL) [D.E. 760]

9. Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 601]*

    a. PLG's Response in Opposition to Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation (Bladder Cancer and NHL/Leukemia) [D.E. 710]

    b. United States' Reply in Response to Motion regarding Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 775]

ii. **Plaintiffs' Leadership Group's Motions**

1. Motion to Exclude Certain Opinions of Dr. Harry P. Erba filed by Camp Lejeune Water Litigation, Plaintiff [D.E. 580]*

    a. United States' Response in Opposition to PLG's Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 667]

    b. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Dr. Harry P. Erba [D.E. 782]

2. Multi-Illness Motions at D.E. 597*, 621*, 624*

a. United States' Responses in Opposition are listed at D.E. 666, D.E. 686, and D.E. 670, respectively

## II. Motions related to Phase IIIb on Damages and Offsets

a. United States' Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 856]

i. PLG's Response in Opposition regarding Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 883]

ii. United States' Reply to Response to Motion regarding Motion to Exclude Damages Expert Marjorie Hackett-Wallace [D.E. 898]

b. United States' Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 858]

i. PLG's Response in Opposition regarding Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 882]

ii. United States' Reply to Response to Motion regarding Motion to Exclude the Opinions of Mr. Peter Rybolt [D.E. 899]

c. PLG's Motion for Partial Summary Judgment regarding Future Offsets [D.E. 860]

i. United States' Response in Opposition regarding Motion for Partial Summary Judgment regarding Future Offsets [D.E. 878]

ii. PLG's Reply to Response to Motion regarding Motion for Partial Summary Judgment regarding Future Offsets [D.E. 895]

iii. PLG's Reply to Response to Motion regarding Motion for Partial Summary Judgment regarding Future Offsets Corrected by Reply to Motion for Partial Summary Judgment re Future Offsets [D.E. 896]

d. PLG's Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 864]

i. United States' Response in Opposition regarding Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 881]

ii. PLG's Reply to Response to Motion regarding Motion to Exclude Certain Opinions of Defendant's Phase III Economic Experts Dubravka Tosic, Tricia Yount, and Andrew Brod [D.E. 897]

## III. Motions Pending Before Judge Flanagan[2]

a. United States' Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 539]

   i. PLG's Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 690]

   ii. United States' Reply to Response in Opposition to Motion to Exclude Certain Plaintiffs' General Causation Experts' Testimony Utilizing the "At Least As Likely As Not" Standard [D.E. 767]

b. Plaintiffs' Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 567]

   i. United States' Response in Opposition to PLG's Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 664]

   ii. PLG's Reply to Response to Motion regarding Motion to Exclude Expert Opinions that Fail to Apply the Camp Lejeune Justice Acts Burden of Proof for Causation [D.E. 762]

## IV. Other Pending Motions

a. The Parties' respective proposed discovery plans for Track 2 illnesses [D.E. 155 & 156]

b. PLG's Motion to Seal [D.E. 845] Proposed Sealed Document [D.E. 846]

c. United States' Motion for Preliminary or Working Pretrial Conferences under Local Civil Rule 16.1(a) [D.E. 866]

d. United States' Motion for Leave to File a Response to Plaintiffs Leadership Groups Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 900]

   i. PLG's Response in Opposition regarding Motion for Leave to File a Response to Plaintiffs Leadership Groups Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 902]

e. Defendant United States of America's Motion for Entry of a Lone Pine Order [D.E. 935]

---

[2] Judge Myers, Judge Boyle, and Judge Dever have resolved these motions at D.E. 885 and D.E. 886. The said Orders indicated that Judge Flanagan would resolve these motions separately in her cases.

f. Plaintiff Leadership Group's Administrative Motion for An Order Requiring a Census [D.E. 937]

**United States' Summary:**

The following motions, which were not deferred by the Court's Order on PLG's Motion to Reserve Admissibility Determinations and Expedite Track 1 Bellwether Trials [D.E. 818], are ripe for ruling and will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution:

1. United States's Notice of Filing of Proposed Order in Response to D.E. 886 [D.E. 890]
2. Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 [D.E. 891]
   i. United States' Motion for Leave to File a Response to Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 and Accompanying Exhibits [D.E. 900]
   ii. Plaintiff Leadership Group's Opposition to United States' Motion for Leave to File a Response to Plaintiffs' Leadership Group's Notice of Proposed Order Re: Order 886 [D.E. 902]
3. United States' Motion for Partial Summary Judgment Concerning Dichloroethylene [D.E. 520]
4. United States' Motion for Partial Summary Judgment on Claims Accruing after August 10, 2022 [D.E. 605]
5. United States' Motion to Dismiss for Failure to State a Claim Regarding Simmone McElhiney's Loss of Consortium Claim or, in the Alternative Motion for Partial Summary Judgment Regarding Simmone McElhiney's Loss of Consortium [D.E. 525]

The Court's Order deferred ruling on the United States Motion for Summary Judgment for Lack of Expert Testimony on But-For Causation [D.E. 601]. However, the United States has filed a Motion for Reconsideration [D.E. 822] of the deferral of that motion under D.E. 818, because, unlike the other deferred motions, that motion does not turn on the admission of expert testimony. Pre-trial resolution of that motion will promote resolution of issues, not only for Track 1 diseases,

but potentially for other tracks and global resolution. The Motion for Reconsideration is fully briefed.

Additionally, the United States is of the opinion that pre-trial rulings by individual judges on the admissibility of (1) expert opinions on the appropriate use of the ATSDR's water model, (2) expert opinions on general causation, and (3) expert opinions on specific causation will promote resolution of issues, not only for Track 1 diseases, but potentially for other tracks and global resolution.[3] Finally, the United States disagrees with PLG's prioritization, grouping, and in certain instances, characterizations of the pending motions.

DATED this 9th day of November, 2026.

Respectfully submitted,

*/s/ J. Edward Bell, III*
J. Edward Bell, III (admitted *pro hac vice*)
Bell Legal Group, LLC
219 Ridge St.
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
*Lead Counsel for Plaintiffs*

/s/ *Robin Greenwald*
Robin L. Greenwald (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
*Co-Lead Counsel for Plaintiffs*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN GUYNN
Deputy Assistant Attorney General
Torts Branch

BRIDGET BAILEY LIPSCOMB
Chief
Camp Lejeune Justice Act Section

HAROON ANWAR
SARA J. MIRSKY
Assistant Directors

*/s/ Adam Bain*
ADAM BAIN
IN Bar. No. 11134-49
Chief Litigation Counsel
Camp Lejeune Justice Act Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station

[3] The pretrial motions at D.E. 539 and 567, decided by Chief Judge Myers, Judge Dever, and Judge Boyle, remain pending for consideration by Judge Flanagan.

/s/ Elizabeth Cabraser
Elizabeth Cabraser (admitted *pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone (415) 956-1000
ecabraser@lchb.com
*Co-Lead Counsel for Plaintiffs*

/s/ W. Michael Dowling
W. Michael Dowling (NC Bar No. 42790)
The Dowling Firm PLLC
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
mike@dowlingfirm.com
*Co-Lead Counsel for Plaintiffs*

/s/ James A. Roberts, III
James A. Roberts, III (N.C. Bar No.: 10495)
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
P. O. Box 17529
Raleigh, NC 27619-7529
Telephone: (919) 981-0191
Fax: (919) 981-0199
jar@lewis-roberts.com
*Co-Lead Counsel for Plaintiffs*

/s/ Mona Lisa Wallace
Mona Lisa Wallace (N.C. Bar No.: 009021)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Tel: 704-633-5244
*Co-Lead Counsel for Plaintiffs*

Washington, D.C. 20044
E-mail: adam.bain@usdoj.gov
Telephone: (202) 616-4209

*Counsel for Defendant*
*United States of America*