**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**
**No. 7:23-CV-897**

| | |
|---|---|
| **IN RE:** | |
| **CAMP LEJEUNE WATER LITIGATION** | **~~THIRD~~ FOURTH AMENDED STIPULATED PROTECTIVE ORDER** |
| This Document Relates To: ALL CASES | |

Certain electronically stored information (ESI) and documents subject to disclosure in this litigation may contain sensitive, non-classified confidential information, and/or confidential personally identifiable information. These documents shall be disclosed and used by representatives of the parties upon the following terms and conditions:

1. **Definitions.** For purposes of this Stipulated Protective Order (hereinafter "Protective Order"), the following definitions apply:

   a. "Action" means the case captioned *In re: Camp Lejeune Water Litigation*, Case No. 7:23-CV-897 (E.D.N.C.), or any individual case filed under the Camp Lejeune Justice Act of 2022 (CLJA), Section 804 of the PACT Act, Pub. L. No. 117-168, 136 Stat. 1759 (2022).

   b. "Confidential Information" means information that, at the time of its production in discovery in the Action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information:

      i. Is not in the public domain, or if in the public domain, is improperly in the public domain; and

1. is a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);
2. is personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;
3. is exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)(3), (4), (6), and (7);
4. is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a;
5. is Protected Health Information within the meaning of the Health Insurance Portability and Accountability Act ("HIPAA") of 1996. *See* 45 C.F.R. § 160.103 (defining protected health information);
6. is specific medical information or records as defined in 38 U.S.C. § 7332;
7. is "Department of Defense Critical Infrastructure Security Information," which is information as defined in 10 U.S.C. § 130e(f), whether such information has been exempted upon a written determination as set forth in 10 U.S.C. § 130e(a) or has been determined to presumptively meet the definition in 10 U.S.C § 130e(f) pending a written determination as set forth in 10 U.S.C § 130e(a);
8. is information protected under regulations on the Protection of

Human Subjects under 45 C.F.R. § 46;

9. is information protected under § 308(d) of the Public Health Service Act, codified at 42 U.S.C.§ 242m;

10. is information subject to an obligation of confidentiality under third-party agreements;

11. is Defense Manpower Data Center ("DMDC") data (i.e., CLJA_ATSDRSUPP-0000000105, CLJA_ATSDRSUPP-0000000106, CLJA_ATSDRSUPP-0000000107, CLJA_ATSDRSUPP-0000000108, and CLJA_ATSDRSUPP-0000000110);

12. is U.S. Marine Corps' ("USMC") Camp Lejeune Family Housing Card Database (i.e., CLJA_Housing-000000001 through CLJA_Housing-0000237866); or

12.13. is U.S. Marine Corps' Data Project ("MCDP") data (i.e., CLJA_USMC_DIGITIZED_0000000001 through CLJA_USMC_DIGITIZED_0101112262); or

13.14. is any other data or information that is confidential pursuant to applicable federal and state laws, regulations, or requirements as further stipulated by the Parties or ordered by the Court as set forth in Section 2(k) herein.; or

14.15. is any data or document contained within the USMC Amazon Web Services space hosting the contents of the ongoing digitization efforts of certain USMC paper, microfilm, and

microfiche records ("USMC Digitization Records").

c. "Disclose" (or forms thereof) means to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

d. "Document" means a collection of pages or files produced manually or by a software application, constituting a logical single communication of information, but consisting of more than a single stand-alone record. Examples include a fax cover, the faxed letter, and an attachment to the letter, the fax cover being the "Parent," and the letter and attachment being a "Child." Documents include ESI, paper documents, imaged hard copy documents, and tangible things.

e. "Challenging Party" means any party who challenges the designation of information as Confidential Information under this Protective Order.

f. "Designating Party" shall mean the party or other person producing information in the Action that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

g. "Parties" includes any party to a case filed under the Camp Lejeune Justice Act of 2022 (CLJA), Section 804 of the PACT Act, Pub. L. No. 117-168, 136 Stat. 1759 (2022).

h. "Producing Party" means a Party that produces documents.

i. "Receiving Party" shall mean any party who receives information that has been

designated as Confidential Information.

j. "Elective Option" ("EO") means the elective settlement options for certain Camp Lejeune Justice Act Claims established by the Department of Justice ("DOJ") and the Navy ("DON"), and any implementing guidance or subsequent amendments thereto.

**2. Purpose, Scope, and Limitations of Protective Order**.

a. This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a Party or a person or entity who is not a party to this action (a "non-party"). This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

b. This Protective Order is intended to constitute a qualifying protective order under HIPAA, which permits documents to be disclosed pursuant to a court order of competent jurisdiction. *See* 45 C.F.R. § 164.512(e)(1)(i); 45 C.F.R. § 160.103 (defining protected health information). The parties agree that documents covered by this order will not be used or disclosed "for any purpose other than the litigation . . . for which such information was requested," and will be returned or destroyed "at the end of the litigation." 45 C.F.R. §§ 164.512(e)(iv)(B) & (e)(v). Moreover, this Protective Order finds that good cause exists for, and expressly permits, the disclosure of medical records relating to drug abuse, alcoholism or alcohol abuse, infection with human immunodeficiency virus, or sickle cell anemia pursuant to 38 U.S.C. § 7332(b)(2)(D) because any potential injury to the patient, physician-patient relationship, and/or the applicable treatment is mitigated

by the appropriate safeguards and protections contained within this Order. *See* 38 C.F.R. §1.490.

c. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

d. This Protective Order shall not prejudice in any way any Party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

e. Nothing in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any state or federal agencies or departments, or any division or office of any such agency or department, information or materials provided in this action, including those designated as Confidential Information under this Order, that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any information provided in this action, including Confidential Information, by an agency in any lawfully permitted proceeding relating to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Disclosure of information or materials provided in this

action, including those designated as Confidential Information under this Protective Order, is permitted within the meaning of this paragraph, provided that the agency shall be advised of the terms of this Protective Order and maintain the confidentiality of the Confidential Information in a manner consistent with the terms of this Order.

f. This Protective Order does not govern the Parties' use of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

g. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

h. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

i. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

j. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

k. Except as otherwise provided in this Protective Order, its terms may be amended

only by written stipulation of the Parties approved by the Court, or by order of the Court, on noticed motion.

l. Nothing in this Protective Order expands the Eastern District of North Carolina's jurisdiction over the Department of the Navy's Camp Lejeune Justice Act administrative claim process ("Administrative Claim Process"), including, but not limited to the EO process for the Navy's Camp Lejeune Justice Act Administrative Claims.

3. **Method for Designating Confidential Information**.

a. Designations of Confidential Information may be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

b. Documents produced in this Action may be designated as containing Confidential Information. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation should appear by the inclusion of the marking of "CONTAINS INFORMATION SUBJECT TO PROTECTIVE ORDER: DO NOT DISCLOSE TO UNAUTHORIZED PERSONS," on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, to the extent technically feasible, the file name(s) should begin with "CONFIDENTIAL." The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also should be and remain plainly labeled with "CONTAINS INFORMATION SUBJECT TO PROTECTIVE ORDER: DO NOT DISCLOSE

TO UNAUTHORIZED PERSONS" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto. The absence of such identification on a document or media, however, shall not mean that any Confidential Information in the document or on the media is not subject to the provisions of this Protective Order.

i. The Parties agree that documents in the following categories presumptively contain significant quantities of Confidential Information, and may be marked in their entirety in accordance with Paragraph 3(c) herein:

1. Plaintiff Record Request Compilations as defined and described in the Stipulated Order Establishing Protocol for Document Collection and Production; and
2. Plaintiff Census Data as defined and described in the Stipulated Order Establishing Protocol for Document Collection and Production.

c. To protect against unauthorized disclosure of Confidential Information, a Producing Party may redact certain Confidential Information, as defined herein, from produced documents or materials.

d. For interrogatory answers and responses to requests for admissions, designation of Confidential Information may be made by placing within each interrogatory

answer or response to requests for admission asserted to contain Confidential Information the following: "CONTAINS INFORMATION SUBJECT TO PROTECTIVE ORDER: DO NOT DISCLOSE TO UNAUTHORIZED PERSONS." The absence of such identification on a response to an interrogatory or request for admission, however, shall not mean that any Confidential Information in the response is not subject to the provisions of this Protective Order.

e. For depositions, designation of Confidential Information shall be made during the deposition on the record or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). All such designations of Confidential Information in a deposition shall include the reason(s) for the assertion and shall list the specific pages and lines of the transcript and/or any exhibits that constitute Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to the terms of this Protective Order. After designation of Confidential Information is made, the following may be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "CONTAINS INFORMATION SUBJECT TO PROTECTIVE ORDER: DO NOT DISCLOSE TO UNAUTHORIZED

PERSONS." If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled CONTAINS INFORMATION SUBJECT TO PROTECTIVE ORDER: DO NOT DISCLOSE TO UNAUTHORIZED PERSONS." The absence of such identification on a deposition transcript or recording, however, shall not mean that any Confidential Information in the deposition is not subject to the provisions of this Protective Order.

f. For any other Document or item produced in discovery in this Action not falling within Paragraphs 3(c), 3(d), and 3(e) above, designation of Confidential Information may be made by labeling the item or the item's container with "CONTAINS INFORMATION SUBJECT TO PROTECTIVE ORDER: DO NOT DISCLOSE TO UNAUTHORIZED PERSONS." If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated. The absence of such identification on a document, item, or container, however, shall not mean that any Confidential Information in the document, item, or container is not subject to the provisions of this Protective Order.

g. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

**4. Challenging Confidential Designations.**

a. Any challenge to a designation as Confidential Information must be made within a reasonable time after production of such information. Challenges made within 90 days of production are presumptively reasonable, and the parties agree to meet and confer on the reasonableness of any challenges made after such time. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

b. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either maintain, withdraw, or modify the designation. The Designating Party must communicate its decision(s) to the Receiving Party within fourteen (14) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

c. If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

d. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Paragraph 4(b) above, or as otherwise agreed, either Party may file a motion seeking a determination from the Court.

e. Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

f. After a designation as Confidential Information is removed or withdrawn by the Designating Party or by the Court, the Designating Party must provide to the Receiving Party replacement documents, files, or information that are free from any markings or designations as Confidential Information. The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties. The Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

**5. Disclosure, Use, and Handling of Confidential Information**.

a. Subject only to the exceptions in Paragraphs 5(e) and 5(f) herein, a Receiving Party may use Confidential Information only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order. Parties or counsel shall not, under any circumstances, disclose Confidential Information to members of the general public, the press, or persons who are not Qualified Persons as set forth in this Protective Order.

b. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

c. Confidential Information shall only be disclosed, summarized, described, Characterized, or otherwise communicated or made available in whole or in part to the following persons ("Qualified Persons"):

   i. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as legal assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   ii. Current employees of the Parties who are assisting with respect to this Action;

   iii. Any person with prior authorized access to the Confidential Information;

   iv. Current employees of the Producing Party;

   v. Witnesses, potential witnesses, and deponents, including their counsel;

   vi. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

   vii. Photocopying, data processing, and other support services that are reasonably necessary in this Action;

   viii. Retained expert witnesses and consultants;

   ix. Mediators or arbitrators; and

x. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

d. Disclosure to the persons referenced in Paragraphs 5(c)(i) – (ix) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

e. DMDC data, as defined in Paragraph 1(i)(11) herein, and USMC Camp Lejeune Family Housing Card Database data, as defined in Paragraph 1(i)(12) herein, and relating to a particular claimant, may be disclosed to:

i. Any duly licensed attorney for that claimant in the Department of the Navy's ("DON") Camp Lejeune Justice Act administrative claim process, including associated personnel necessary to assist counsel in the administrative claim process, such as legal assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel who have:

1. Obtained the claimant's consent for release of the DMDC and USMC data;

2. Received a copy of this Protective Order and signed a declaration in the form attached hereto as "Exhibit A";

3. Agreed to use the DMDC and USMC Camp Lejeune Family Housing Card Database data solely for purposes of the administrative claim process and this Action;

4. Signed the Camp Lejeune Water Litigation Common Benefit Attorney Participation Agreement (D.E. 31-3); and

5. Agreed to access the DMDC and USMC Camp Lejeune Family Housing Card Database data only through the Rubris Crosslink platform, whose security features allow only authorized individuals to access a particular claimant's DMDC and USMC data. Specifically, the Rubris Crosslink platform prevents users from accessing DMDC and USMC Camp Lejeune Family Housing Card Database data until such users first certify that they meet the requirements in this Order. And such user certification is tracked in the Rubris Crosslink platform.

ii. Current employees of the United States who are assisting with respect to the administrative claim process; and

iii. Any person with prior authorized access to the DMDC and USMC Camp Lejeune Family Housing Card Database data.

iv. Qualified Persons, as defined in Section 5(c), *supra*.

f. MCDP data, as defined in Paragraph 1(i)(13) herein, relating to a particular claimant in this Action, may only be disclosed to:

i. Qualified Persons, as defined in Section 5(c), *supra*, who have:

1. Obtained the claimant's consent for release of the MCDP data;

2. Received a copy of this Protective Order and signed a declaration in the form attached hereto as "Exhibit A";

3. Agreed to use the MCDP data solely for purposes of this Action; and

4. Agreed to access the MCDP data only through PLG's electronic platform, whose security features allow only authorized individuals to access a particular claimant's MCDP data. Specifically, PLG's electronic platform prevents users from accessing MCDP data until such users first certify that they meet the requirements in this Order. Any such user certification is tracked in PLG's electronic platform.

~~f.~~g. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it except in conformance with this Protective Order.

~~g.~~h. Any submission to the Court that quotes or paraphrases any Personally Identifiable Information, including exhibits that contain Personally Identifiable Information, or briefs and motions, shall be filed under seal and shall remain under seal, pending further order of the Court. Each such submission shall be labeled with the designation "CONTAINS INFORMATION SUBJECT TO PROTECTIVE ORDER: DO NOT DISCLOSE TO UNAUTHORIZED PERSONS," or with substantially similar language, beneath the caption on the first page of the submission. The clerk shall accept for filing under seal any submission so marked by the parties pursuant to this paragraph.

~~h.~~i. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person that either (a) the Designating Party does not object to the production of the Confidential Information or (b) that that the Designating Party will seek appropriate relief or protection from the proper court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party or subpoenaed person to disobey a lawful directive from this or another court.

6. **Filing Confidential Information with The Court Pursuant to Local Rules & Practice**.

   a. Before filing any information that has been designated Confidential Information with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. The parties shall work in good faith to determine whether materials may be filed with appropriate redactions so as to avoid wholesale sealing where possible. If the party that produced the information so designated desires that the materials be filed under seal, and there is no reasonable alternative, then the filing party shall file the materials in accordance with Local Civil Rule 79.2 and Section V.G of the Eastern District of North

Carolina Electronic Case Filing Administrative Policies and Procedures Manual.

b. The filing of the materials under seal shall not be binding on the Court however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

c. Where the Court seals records designated by a party as confidential mental health records, access to those mental health records shall be restricted to Plaintiffs' Leadership Group and counsel for the United States of America only. Such confidential mental health records include the filings at D.E. 511, 572, 595, 613, 668, 671, 695, 753, 764, and 780.

7. **Inadvertent Production of Confidential Information**.

a. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.

b. Within fifteen (15) business days of a written notification by the Producing Party that a produced document or part thereof is or contains Confidential Information,

the Receiving Party must return, sequester, or destroy, at the discretion of the Producing Party, the specified document(s) and any copies the Receiving Party has. The Receiving Party may not use or disclose the information until the confidentiality claim has been resolved.

c. The Receiving Party shall have five (5) business days from receipt of a written confidentiality notification to determine in good faith whether to contest such claim and to notify the Producing Party in writing of an objection to the claim of confidentiality and the grounds of that objection.

d. To the extent that the information contained in a document(s) subject to a confidentiality claim has already been used in or described in other document(s) generated or maintained by the Receiving Party, then the Receiving Party will sequester such document(s) until the claim has been resolved. If the Receiving Party disclosed the specified document(s) before being notified of its production, the Receiving Party must take reasonable steps to retrieve it. The Producing Party shall preserve the specified document(s) until the claim is resolved.

e. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

    i. promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

ii. promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and

iii. promptly after discovery of the unauthorized disclosure, notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the unauthorized disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

8. **Disposition of Documents Containing Confidential Information**.

a. Except as provided in this Protective Order, for Documents produced solely for an individual case filed under the Camp Lejeune Justice Act of 2022 (CLJA), Section 804 of the PACT Act, Pub. L. No. 117-168, 136 Stat. 1759 (2022), within 90 days of final termination of that case, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be

immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access to back-up tapes, systems, or similar storage to the persons necessary to conduct routine IT and cybersecurity functions. The Receiving Party will also take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

b. Except as provided in this Protective Order, for Documents produced in *In re: Camp Lejeune Water Litigation*, Case No. 7:23-CV-897 (E.D.N.C.), that are generally applicable to the Action, within 90 days of termination of the Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access to back-up tapes, systems, or similar storage to the persons necessary to conduct routine IT and

cybersecurity functions. The Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

c. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

d. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; work product , including consultant and expert work product; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

e. Notwithstanding any other provision herein to the contrary, any counsel for a Party shall be entitled to retain any Confidential Information through the

conclusion of the Action in which they represent a Party.

f. In particular, attorneys for the United States may maintain copies of any documents designated as Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq*., and 5 U.S.C. § 552, *et seq*.

SO ORDERED this ____ day of _______, 202_.

| | |
|---|---|
| RICHARD E. MYERS II<br>Chief United States District Judge | TERRENCE W. BOYLE<br>United States District Judge |
| LOUISE W. FLANAGAN<br>United States District Judge | JAMES C. DEVER III<br>United States District Judge |

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**
**No. 7:23-CV-897**

| | |
|---|---|
| **IN RE:** | ) |
| | ) |
| **CAMP LEJEUNE WATER LITIGATION** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| ________________________________________ | ) |

CERTIFICATION

1. My name is____________________________________________________________

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of ______________ by ____________________________________
(Print Name)

Signed______________________________

SO ORDERED this _____ day of _____________, 2026.

RICHARD E. MYERS II
Chief United States District Judge

TERRENCE W. BOYLE
United States District Judge

LOUISE W. FLANAGAN
United States District Judge

JAMES C. DEVER III
United States District Judge